UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.* <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT**

Dozens of record companies and music publishers brought this case against Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") to hold them accountable for the massive copyright infringement they contributed to and profited from on their network. This case is closely related to *BMG Rights Management LLC, et al., v. Cox Communications, Inc., et al.*, Case No. 1:14-cv-01611-LO-JFA "*BMG Case*"). The Defendants in both cases are the same and the claims and issues are virtually identical, including the time period at issue. Dkt No. 1. As the Court is well aware, the *BMG Case* has already been tried once and involves voluminous documents. Cox has already collected, reviewed and produced all of those documents in that case. Plaintiffs have had no access to Cox's documents or even the publicly-used exhibits from the prior trial.

Defendants now move the Court for an extension of time to respond to the Complaint on the grounds that they have an upcoming trial in the *BMG Case*. The timing of this new case, however, is entirely of Defendants' doing. Plaintiffs only filed suit after pre-litigation efforts to resolve it failed and Defendants refused to extend an existing tolling agreement. Mindful of the

rapid pace of litigation practice in this Court, Plaintiffs indicated to Defendants that they would consent to even a lengthy extension of 60 days to answer the Complaint, if Defendants would provide a copy of their document productions in the *BMG Case*, or even just the exhibits used at the 2015 public trial in that matter.  Ex. 1 to Declaration of Michael Elkin (Dkt. No. 9-2).  This would allow Plaintiffs to use the extension period productively.[1]

Certainly there can be no prejudice to Defendants by producing here documents already deemed relevant to and produced regarding virtually identical claims.  Nor can there be any prejudice to Defendants by producing the already-public (yet unfortunately not publicly-available) trial exhibits.  Defendants nevertheless declined Plaintiffs' proposal and filed their motion instead.

Accordingly, if the proposed extension period cannot be used productively, Plaintiffs respectfully oppose granting it.

Dated:  August 16, 2018                              Respectfully submitted,

/s/ *Scott A. Zebrak*
Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (38729)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel:  202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

---

[1] Contrary to Defendants' assertion, Plaintiffs did not propose that Cox produce *BMG*'s documents, only *Cox*'s.

2