**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DECLARATION OF LINDA J. TRICKEY IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

I, Linda J. Trickey, hereby declare:

1. I am presently employed by Cox Communications, Inc. ("Cox") as the Assistant General Counsel, Privacy and Security. I make this declaration in support of Defendants' Motion to Transfer Venue. Except where otherwise indicated, I have personal knowledge of the facts stated in this Declaration, and if called as a witness, could testify competently to the matters contained herein.

2. I have been employed by Cox since 2002 and have always worked in Cox's headquarters in Atlanta, Georgia.

3. I assisted with Cox's defense in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc. and CoxCom, LLC* ("*BMG v. Cox*") and have personal knowledge of the Cox employees who were deposed in that action on behalf of Cox and in their personal capacities, and the 30(b)(6) topics on which they were designated.

4. The following Cox employees who were deposed in *BMG v. Cox* currently work (or in the case of the former employees worked) from Cox's headquarters in Atlanta, Georgia and reside in the Northern District of Georgia:

   a. Brent Beck, Cox Software Engineer II and Cox's 30(b)(6) designee on Cox's system of tracking IP addresses and Cox's system of responding to DMCA notifications;

   b. Randy Cadenhead, Cox's former Privacy Counsel and Cox's 30(b)(6) designee on a number of topics, including Cox's repeat infringer policy, CAS, and Cox's employee training on infringement notices;

   c. Matthew Carothers, Cox's Principal Security Architect and Cox's 30(b)(6) designee on Cox's policies for reviewing infringement notices and taking action against customers;

   d. Sanford Mencher, Cox's VP of Finance and Accounting, and Cox's 30(b)(6) designee on Cox's revenues per user and the cost to Cox of terminating customers;

   e. Sidd Negretti, Executive Director of Product Marketing Strategy and Cox's 30(b)(6) designee on Cox's metrics on customer internet use, Cox's marketing, and the effects of terminating customers;

   f. Joseph Sikes, former Cox Senior Lead Abuse Engineer; and

   g. Jason Zabek, former Cox Manager of Customer Abuse Operations.

5. In addition, I served as Cox's 30(b)(6) designee on the number of Cox's customers, Cox's network management and monitoring, network traffic management policies, and BitTorrent volume in *BMG v. Cox*. I reside in the Northern District of Georgia.

6. A former Cox security technician who was deposed in *BMG v. Cox*, Roger Vredenburg, presently resides in Virginia Beach but he retired from Cox more than two years ago. A Cox Network Security employee who was deposed in *BMG v. Cox* but did not testify, Andrea Dameri, presently resides in Virginia Beach, Virginia.

7. Cox Communications, Inc. runs the ISP backbone for Cox's internet services and performs capacity planning from Atlanta, Georgia. CoxCom, LLC runs the local Cox systems around the country, including in Roanoke, Hampton Roads, and Northern Virginia. The Cox credit and collections Center of Excellence, which provides those services to all Cox systems, is located in Virginia. A combination of Cox Communications, Inc. and CoxCom, LLC employees maintain the local network and provide cable internet services in Virginia.

8. In 2013 and 2014, copyright notices were handled by a team of Cox employees in Atlanta, Georgia using the Cox Abuse Tracking System ("CATS") which was designed, located, and maintained in Atlanta, Georgia. This team is part of Cox's larger Customer Safety Team, which is responsible for all customer safety-related issues, including copyright infringement notices. The Customer Safety Team has been located at Cox's headquarters in Atlanta, Georgia since at least February 2013.

9. In 2013 and 2014, Cox's customer care employees and contractors that responded to calls from residential subscribers (including about copyright issues) were located in Cox and third party call centers across the country. Certain steps of Cox's procedure in handling copyright infringement notices, including account termination, were handled by Cox employees located in

in Omaha, Nebraska and Hampton Roads, Virginia. These teams have been managed by Cox employees located at Cox's headquarters in Atlanta, Georgia since at least February 2013.

10.     Cox's employees that respond to calls from business subscribers complaints are part of the National Support Center ("NSC") team located in Las Vegas, Nevada. The NSC team is managed by Cox employees located at Cox's headquarters in Atlanta, Georgia.

11.     I understand that Plaintiffs have alleged in Paragraph 95 of the Complaint that certain Cox subscribers were identified in multiple infringement notices sent to Cox. None of the IP addresses referenced in Paragraph 95 were assigned to customers located in Virginia.

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of September, 2018 at Atlanta, Georgia.

_____
Linda J. Trickey