# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

      Plaintiffs,

v.

    Case No. 1:18-cv-00950-LO-JFA

COX COMMUNICATIONS, INC., *et al.*,

      Defendants

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ....................................................................................................... 2

    I.    Plaintiffs' Complaint ............................................................................... 2

    II.    Cox's counterclaims are based on the same conduct and present the same legal questions as Plaintiffs' claims and Cox's defenses ................................ 2

    III.    Cox's counterclaims include factual assertions that this Court twice rejected as irrelevant in *BMG v. Cox*. ........................................................ 4

ARGUMENT .......................................................................................................... 5

    I.    Cox's counterclaims should be dismissed because they are redundant to both Plaintiffs' claims and Cox's own defenses, serve no useful purpose and attempt to undermine this Court's prior rulings. ........................... 5

        a.    Cox's counterclaims are redundant to Plaintiffs' claims. .............. 5

        b.    Cox's counterclaims are redundant to its defenses. ...................... 10

        c.    Cox's description of the counterclaims in a meet-and-confer contradicts its own pleading and fails, in any event, for a lack of controversy. ................. 11

    II.    The Court should dismiss Cox's redundant counterclaims under Rule 12. .......... 12

    III.    Cox is not entitled to declaratory relief absent an actual case or controversy. ...... 14

CONCLUSION ....................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Cases**

*Arista Records LLC v. Usenet.com., Inc.*,
    No. 07 CIV. 8822 (HB), 2008 WL 4974823 (S.D.N.Y. Nov. 24, 2008) ................................ 7

*Atlantic Recording Corp. v. Serrano*,
    No. 07-CV-1824WJMA, 2007 WL 4612921 (S.D. Cal. Dec. 28, 2007) ............................ 6, 7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 12, 16

*BMG Rights Management (US) LLC, et al., v. Cox Communications, Inc., et al.*,
    Civ. No. 1:14-cv-01611-LO-JFA (E.D. Va. filed Nov. 26, 2014) ........................... 1, 5, 10, 14

*Boden v. St. Elizabeth Medical Center, Inc.*,
    No. CV 16-49-DLB-CJS, 2018 WL 1629866 (E.D. Ky. Apr. 4, 2018) ................................ 13

*Continental Casualty Co. v. Fuscardo*,
    35 F.3d 963 (4th Cir. 1994) ................................................................................................. 6, 9

*Daily v. Federal Insurance Co.*,
    No. C 04-3791 PJH, 2005 WL 14734 (N.D. Cal. Jan. 3, 2005) ...................................... 10, 14

*Dow Jones & Co. v. Harrods, Ltd.*,
    237 F. Supp. 2d 394 (S.D.N.Y. 2002) .................................................................................. 15

*Friends of DeReef Park v. National Park Service*,
    No. 2:13-CV-03453-DCN, 2015 WL 12807800 (D.S.C. May 27, 2015) ............................ 14

*Hogs & Heroes Foundation Inc. v. Heroes, Inc.*,
    202 F. Supp. 3d 490 (D. Md. 2016) ..................................................................................... 14

*Interscope Records v. Duty*,
    No. 05CV3744-PHX-FJM, 2006 WL 988086 (D. Ariz. Apr. 14, 2006) ................................ 7

*Interscope Records v. Kimmel*,
    No. 307-CV-0108, 2007 WL 1756383 (N.D.N.Y. June 18, 2007) ......................................... 7

*Levi v. Twentieth Century Fox Film Corp.*,
    No. 3:16CV129, 2018 WL 1542239 (E.D. Va. Mar. 29, 2018) ........................................... 16

*Malibu Media, LLC v. Ricupero*,
    705 F. App'x 402 (6th Cir. 2017) .................................................................................. 13, 14

*MedImmune, Inc. v. Genentech, Inc.*,
    549 U.S. 118 (2007) ............................................................................................................... 6

*Metra Industries, Inc. v. Rivanna Water & Sewer Authority*,
  3:12CV00049, 2014 WL 652253 (W.D.Va. Feb. 19, 2014)..................................................... 13

*Microstrategy Inc. v. Convisser*,
  No. CIV.A. 00-453-A, 2000 WL 554264 (E.D. Va. May 2, 2000) ........................................ 15

*New Wellington Financial Corp. v. Flagship Resort Development Corp.*,
  416 F.3d 290 (4th Cir. 2005) ............................................................................................... 6

*Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*,
  No. 05 C 6656, 2006 WL 3782916 (N.D. Ill. Dec. 20, 2006) ............................................... 14

*Ostergren v. Cuccinelli*,
  615 F.3d 263 (4th Cir. 2010) .......................................................................................... 14, 15

*Penn Mutual Life Insurance Co. v. Berck*,
  No. DKC 09-0878, 2010 WL 3294305 (D. Md. Aug. 20, 2010)............................................ 9

*Penn Mutual Life Insurance Co. v. GreatBanc Trust Co.*,
  No. 09 C 6129, 2010 WL 2928054 (N.D. Ill. July 21, 2010) ............................................... 10

*Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*,
  55 F. Supp. 3d 1034 (N.D. Ill. 2014) .................................................................................... 6

*Scottsdale Insurance Co. v. B & G Fitness Center, Inc.*,
  No. 4:14-CV-187-F, 2015 WL 4641530 (E.D.N.C. Aug. 4, 2015) ........................................ 9

*South Carolina Department of Health & Environmental Control v. Commerce & Industry*
  *Insurance Co.*, 372 F.3d 245 (4th Cir. 2004).......................................................................... 6

*Tapia v. U.S. Bank, N.A.*,
  718 F.Supp.2d 689 (E.D. Va. 2010) ..................................................................................... 9

*Tenneco Inc. v. Saxony Bar & Tube, Inc.*,
  776 F.2d 1375 (7th Cir. 1985) ............................................................................................ 10

*UMG Recordings, Inc. v. DivX, Inc.*,
  No. CV0706835AHMAJWX, 2008 WL 11338802 (C.D. Cal. Aug. 22, 2008)................. 7, 10

*Voltage Pictures, LLC v. Blake*,
  No. 3:14-CV-1875-AC, 2015 WL 9272880 (D. Or. Dec. 17, 2015)....................................... 7

*XL Specialty Insurance Co. v. Truland*,
  No. 1:14CV1058 JCC/JFA, 2014 WL 7345200 (E.D. Va. Dec. 23, 2014)............................ 10

*Xtria, LLC v. Tracking Systems, Inc.*,
  No. 3:07–CV–0160–D,2007 WL 1791252 (N.D. Tex. June 21, 2007)................................. 13

**Statutes**

17 U.S.C. § 106 ................................................................................................................ 15

28 U.S.C. § 2201(a) ......................................................................................................... 14

**Rules**

Rule 12(b)(6) .............................................................................................................. 13, 14

Rule 12(f) ......................................................................................................................... 14

Plaintiffs submit this memorandum of law in support of their motion to dismiss the counterclaims of Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox").

## PRELIMINARY STATEMENT

Cox's declaratory judgment counterclaims are redundant, mirror images of Plaintiffs' claims and Cox's defenses, both of which will be decided in the underlying action. A declaration whether Cox secondarily infringed Plaintiffs' copyrights in 2013 and 2014 would provide no additional relief. And it would do nothing to resolve any uncertainty between the parties and their future conduct. Such redundant counterclaims serve no useful purpose and should be dismissed.

Cox knows its counterclaims seek no independent relief. It filed them with a different goal in mind. Like its transfer motion, Cox's counterclaims attempt to skirt prior rulings in hopes of achieving a different result. In the virtually identical case of *BMG Rights Mgmt. (US) LLC, et al., v. Cox Commc'ns, Inc., et al.*, Civ. No. 1:14-cv-01611-LO-JFA (E.D. Va. filed Nov. 26, 2014) ("*BMG v. Cox*"), this Court twice excluded as irrelevant, evidence and argument about the Copyright Alert System (CAS) and copyright abuse practices of third parties. To avoid the impact of those rulings, Cox has loaded its redundant counterclaims with factual allegations on both points to manufacture relevance here.

That is improper. First, it does nothing to alter the redundant relief sought by the counterclaims, which seek mirror-image declarations of non-infringement. Second, Cox may dispute the Court's prior rulings and hope the Court revisits them in discovery. But it cannot preempt that looming dispute by shoehorning factual allegations into an improper counterclaim. Nor should the Court countenance Cox's strategy so it can tell a jury it was so dismayed by Plaintiffs' claims that it independently sought legal relief of its own. While understandable that Cox wants to change the narrative and reach a different result, it may not do so by filing mirror-

1

image counterclaims larded with irrelevant factual allegations.

Courts routinely dismiss mirror-image declaratory judgment counterclaims for non-infringement—including in digital infringement cases like this one—because they serve no useful purpose.  In other words, when they do nothing.  Cox's counterclaims do worse than nothing:  they attempt to circumvent this Court's prior rulings to manufacture relevance on irrelevant facts.  The counterclaims should be dismissed.

## **BACKGROUND**

### I.      **Plaintiffs' Complaint**

Plaintiffs allege that Cox is contributorily and vicariously liable for infringement of their copyrights from February 2013 through November 2014.  Complaint, ECF No. 1 ¶¶ 104-21.  Cox knew its subscribers were uploading and downloading Plaintiffs' copyrighted works without authorization and allowed them to continue doing so unfettered.  *Id.*, ¶ 88.  Cox knew of the infringement because Plaintiffs sent thousands of infringement notices identifying specific infringements by specific subscribers.  *Id.*, ¶¶ 2, 91.  Yet, Cox arbitrarily capped the number of infringement notices it would receive and failed to implement procedures to address known infringements and infringers.  *Id.*, ¶¶ 92, 96-103.

Count I of the Complaint alleges contributory liability because Cox knew of and materially contributed to specific infringements.  Complaint, ¶¶ 104-10.  Count II alleges vicarious liability because Cox had the right and ability to control the infringing activity occurring through its network and derived a direct financial benefit from the infringement.  *Id.*, ¶¶ 113-19.

### II.     **Cox's counterclaims are based on the same conduct and present the same legal questions as Plaintiffs' claims and Cox's defenses.**

Cox responded to the Complaint by filing an Answer, Affirmative Defenses and two counterclaims.  ECF No. 21.  In Defenses 7 and 8, Cox asserts that contributory liability is barred

because it lacked knowledge of infringement and did not materially contribute to it.  Cox Answer, Affirmative and Other Defenses, ¶¶ 7-8.  In Defenses 10 and 11, Cox asserts that vicarious liability is barred because it did not obtain a direct financial benefit from, and did not have the right or ability to control, the primary infringement.  *Id.*, ¶¶ 10-11.

Cox's two counterclaims seek declarations that it is not contributorily or vicariously liable for infringement of Plaintiffs' works at issue.  Like Plaintiffs' claims, the counterclaims are based on Cox's receipt and handling of copyright infringement notices received from Plaintiffs from February 2013 through November 2014.  The chart below demonstrates the overlapping factual and legal allegations and relief sought by both parties' claims:

| Plaintiffs' Complaint (ECF No. 1) | Defendants' Counterclaims (ECF No. 21) |
|---|---|
| "Plaintiffs seek relief for claims of infringement that accrued from February 2013 through November 2014 . . . ."  Complaint, ¶ 10. | Cox's counterclaims define the "Relevant Time Period" as February 2013 through November 2014" and seek declarations of non-infringement of Plaintiffs' works.  Counterclaims, ¶ 27, Prayer For Relief (b)-(c). |
| In Count I of the Complaint, Plaintiffs allege Cox is liable to Plaintiffs for contributory infringement of Plaintiffs' works at issue.  Complaint, ¶¶ 106-08. | On Counterclaim I, Cox seeks "[a] declaratory judgment, holding that Defendants are not liable for contributory infringement of Plaintiffs' works at issue."  Counterclaims, Prayer For Relief (b). |
| "Cox had knowledge that its network was being used for copyright infringement on a massive scale, and also knew of specific subscribers engaged in such repeated and flagrant infringement."  Complaint, ¶ 106. | "Cox lacked knowledge of any acts of copyright infringement by others particularly claimed by Plaintiffs in this action."  Counterclaims, ¶ 95.<br><br>"Cox lacked knowledge of any acts of copyright infringement by others generally claimed by Plaintiffs in this action."  *Id.*, ¶ 96. |
| "Cox knowingly caused and materially contributed to the unlawful reproduction and distribution of Plaintiffs' copyrighted works . . . in violation of Plaintiffs' exclusive rights under the copyright laws of the United States."  Complaint, ¶ 108. | "Cox has not materially contributed to any third party's violation of Plaintiffs' exclusive right to reproduce works in copies under 17 U.S.C. §106(1)."  Counterclaims, ¶ 97.<br><br>"Cox has not materially contributed to any third party's violation of Plaintiffs' exclusive right to distribute copies of Plaintiffs' works to the public . . . under 17 U.S.C. §106(3)."  *Id.*, ¶ 99. |

| | |
|---|---|
| In Count II of the Complaint, Plaintiffs allege Cox is vicariously liable for its subscribers' direct infringement of Plaintiffs' works at issue. Complaint, ¶¶ 114-17. | On Counterclaim II, Cox seeks "[a] declaratory judgment, holding that Defendants are not vicariously liable for their subscribers' alleged infringement of Plaintiffs' works at issue." Counterclaims, Prayer For Relief (c). |
| "Cox has the legal and practical right and ability to supervise and control the infringing activities that occur through the use of its network . . . ." Complaint, ¶ 116. | "At all relevant times, Cox lacked the ability, including the practical ability, to supervise its subscribers." Counterclaims, ¶ 105.<br><br>"At all relevant times, Cox lacked the ability, including the practical ability, to control its subscribers." Counterclaims, ¶ 106. |
| "Cox . . . at all relevant times has had a financial interest in, and derived direct financial benefit from, the infringing use of its network.  Cox has derived an obvious and direct financial benefit from its customers' infringement.  The ability to use Cox's high-speed Internet facilities to illegally download Plaintiffs' copyrighted works has served to draw, maintain, and generate higher fees from paying subscribers to Cox's service." Complaint, ¶ 116. | "Cox did not, and does not, have a direct financial interest in infringement of Plaintiffs' works, if any, that occurred on Cox's systems or network." Counterclaims, ¶ 108.<br><br>"Cox did not, and does not, receive a direct financial interest in infringement of Plaintiffs' works, if any, that occurred on Cox's systems or network." Counterclaims, ¶ 109. |
| Plaintiffs' claims involve infringement notices sent to Cox by Plaintiffs' agents, detailing specific instances of Cox subscribers using its network to infringe copyrighted music. *E.g.*, Complaint, ¶¶ 91-95. | Cox's counterclaims involve infringement notices sent to Cox by Plaintiffs' agent and questions about the reliability of those notices. Counterclaims, ¶¶ 64-85. |
| Plaintiffs allege Cox arbitrarily capped the number of notices it would receive in willful blindness of infringement, *id.*, ¶ 92, and that Cox's copyright abuse handling and graduated response system were inadequate. *Eg., id.*, ¶¶ 96-103. | Cox's counterclaims describe Cox's cap on the number of infringement notices it would receive and purport to explain why those limits were reasonable.  Counterclaims, ¶¶ 33-46.  Cox describes and defends its copyright abuse handling and graduated responses system. *Id.*, ¶¶ 20-32 |

### III.   Cox's counterclaims include factual assertions that this Court twice rejected as irrelevant in *BMG v. Cox*.

Cox's counterclaims include factual assertions regarding an effort by numerous copyright owners, entertainment industry associations, and ISPs to establish alleged industry standards for handling copyright infringement notices.  Counterclaims, ¶¶ 47-63.  Cox purports to describe the

Copyright Alert System (CAS) and copyright abuse practices of third-party ISPs. *Id.* Cox, however, "was not a signatory to the CAS Agreement." *Id.*, ¶ 59.

In *BMG v. Cox*, this Court twice granted motions to exclude evidence, arguments and a purported expert on these precise topics—once before the 2015 trial and again before the scheduled 2018 retrial. *BMG* ECF Nos. 691 at 3; 998.[1] Specifically, the "Court granted BMG's motion to prohibit Cox from referencing the CAS or the practices of other ISPs . . . [because] a comparison of Cox's policies to the policies of other ISPs would be irrelevant, prejudicial, and likely to mislead the jury." *BMG* ECF No. 998 at 2. The Court later concluded, after the Fourth Circuit's clarification of the contributory liability knowledge standard, that the CAS and copyright abuse practices of third parties were still irrelevant "to allegations of willful blindness to avoid knowledge of infringement." *Id.*, at 2-3.

## ARGUMENT

The factual and legal questions in Cox's redundant counterclaims are part and parcel of the underlying action. Thus, the counterclaims serve no useful purpose and should be dismissed. Retaining them would be inconsistent with the forward-looking nature of declaratory relief and reward Cox's effort to expand the scope of relevance in contravention of this Court's prior rulings.

**I.     Cox's counterclaims should be dismissed because they are redundant to both Plaintiffs' claims and Cox's own defenses, serve no useful purpose and attempt to undermine this Court's prior rulings.**

**a.   Cox's counterclaims are redundant to Plaintiffs' claims.**

Cox's redundant counterclaims serve no useful purpose and attempt to undermine this Court's rulings in *BMG v. Cox*. The Court should therefore decline to exercise jurisdiction over

---

[1] "*BMG* ECF No." refers to docket entries in *BMG Rights Management (US) LLC, et al., v. Cox Communications, Inc., et al.*, Civ. No. 1:14-cv-01611-LO-JFA (E.D. Va. filed Nov. 26, 2014).

them.  Section 2201(a) of the Declaratory Judgment Act provides that in a case of actual controversy within its jurisdiction "a court *may* declare the rights and other legal relations of any interested party, not that it *must* do so."  *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 136 (2007) (internal citation omitted).  In this context, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,* 416 F.3d 290, 296 (4th Cir. 2005).

Thus, in the exercise of their "broad discretion," *S.C. Dept. of Health & Envtl. Control v. Commerce & Indus. Ins. Co.,* 372 F.3d 245, 260 (4th Cir. 2004), courts may decline to exercise jurisdiction over declaratory judgment claims unless the "relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (internal quotations omitted).  "Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action serves no useful purpose because the controversy has ripened and the uncertainty and anticipation of litigation are alleviated."  *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (internal citations and quotations omitted).

Consistent with this principle, "[n]umerous courts have dismissed declaratory relief counterclaims in electronic copyright infringement actions where the question of whether defendant infringed plaintiff's rights will be decided by plaintiff's claim."  *Atl. Recording Corp. v. Serrano*, No. 07-CV-1824WJMA, 2007 WL 4612921, at *4 (S.D. Cal. Dec. 28, 2007).  In *Serrano*, recording companies filed suit against Charles Serrano for copyright infringement, and he counterclaimed for a declaration of non-infringement.  *Id.* at *1.  The court dismissed the

counterclaim, finding it "redundant and unnecessary" because "[e]ven without Defendant's declaratory relief claim, the Court [would] decide the common copyright infringement issue." *Id.* at *4.

*Serrano* is no outlier.  District courts throughout the country routinely exercise discretion to dismiss redundant counterclaims similar to Cox's.  *See, e.g.*, *Arista Records LLC v. Usenet.com., Inc.*, No. 07 CIV. 8822 (HB), 2008 WL 4974823, at *5 (S.D.N.Y. Nov. 24, 2008) (dismissing declaratory judgment counterclaim that defendant's activities did "not constitute inducement of copyright infringement, contributory copyright infringement, or vicarious copyright infringement," because it was "a mirror image of Plaintiffs' copyright infringement claim"); *UMG Recordings, Inc. v. DivX, Inc.*, No. CV0706835AHMAJWX, 2008 WL 11338802, at *3-5 (C.D. Cal. Aug. 22, 2008) (dismissing declaratory judgment counterclaim that defendant's activities did not constitute contributory or vicarious copyright infringement because defendant did "not allege any issue in its counterclaims that will not already be litigated in UMG's case in chief or DivX's own affirmative defenses"); *Interscope Records v. Duty*, No. 05CV3744-PHX-FJM, 2006 WL 988086, at *3 (D. Ariz. Apr. 14, 2006) (dismissing declaratory relief counterclaim for non-infringement as "redundant and unnecessary" because "the issue of copyright infringement will be decided by this court regardless of the declaratory judgment claim …."); *Interscope Records v. Kimmel*, No. 307-CV-0108, 2007 WL 1756383, at *4 (N.D.N.Y. June 18, 2007) (dismissing declaratory relief counterclaim for non-infringement because it would be decided by the plaintiff's claim and "if Plaintiff's infringement claim is withdrawn, there is no continuing case or controversy" given that the case "does not involve claims of ongoing infringement"); *Voltage Pictures, LLC v. Blake*, No. 3:14-CV-1875-AC, 2015 WL 9272880, at *3–4 (D. Or. Dec. 17, 2015)

7

(dismissing declaratory relief counterclaim for non-infringement that "serves no useful purpose because it does not seek relief beyond the relief Plaintiffs seek in the complaint.").

As outlined in the chart in Background Section II, *supra*, Cox's counterclaims are redundant, mirror images of Plaintiffs' affirmative claims.  Count I of Plaintiffs' Complaint alleges contributory liability based on Cox's knowledge of and material contribution to its subscribers' direct infringements from February 2013 through November 2014.  Compl. ¶¶ 10, 104-112.  Cox knew of specific repeat infringers through notices from Plaintiffs and materially contributed to their infringement by failing to terminate their service.  *Id.*, ¶¶ 107-108.  Counterclaim I is a mirror-image of Plaintiffs' Count I.  Cox defines February 2013 through November 2014 as the "Relevant Time Period," and seeks a declaration "that Defendants are not liable for contributory infringement of Plaintiffs' works at issue" because it lacked knowledge of and did not materially contribute to its subscribers' infringement.  Counterclaims, ¶¶ 27, 95-102 and Prayer For Relief (b).

Count II alleges vicarious liability based on Cox's ability to supervise and control, and the direct financial benefit it received from, its subscribers' direct infringements of Plaintiffs' works from February 2013 through November 2014.  Compl. ¶¶ 10, 113-121.  As above, Counterclaim II is a mirror image.  Cox defines February 2013 through November 2014 as the "Relevant Time Period," and seeks a declaration that "Defendants are not vicariously liable for their subscribers' alleged infringement of Plaintiffs' works at issue," because it lacked the ability to supervise or control its subscribers, and lacked direct financial interest in infringement of Plaintiffs' works through Cox's network.  Counterclaims, ¶¶ 27, 105-09 and Prayer For Relief (c).

Plaintiffs' claims and Cox's counterclaims are both based on Cox's handling of copyright infringement notices received from Plaintiffs from February 2013 through November 2014.  Counterclaims, ¶ 27.  Whether Cox secondarily infringed Plaintiffs' copyrights during this period

will necessarily be decided in the underlying action.  Cox's declaratory judgment claims seek no relief beyond that and serve no useful purpose.  They would not assist in "clarifying and settling the legal relations in issue" or "terminate and afford relief" from the uncertainties leading to this dispute.  *Fuscardo,* 35 F.3d at 965 (quotations omitted).  Rather, their inclusion would defy judicial efficiency by forcing "the parties and the court to handle the same issues twice."  *Penn Mutual Life Ins. Co. v. Berck*, No. DKC 09-0878, 2010 WL 3294305, at *3 (D. Md. Aug. 20, 2010).  And they would confuse rather than clarify the issues in suit, including who bears the burden of proof and who presents their case first at trial.  Moreover, "[d]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation, and are untimely if the questionable conduct has already occurred or damages have already accrued," as here.  *Tapia v. U.S. Bank, N.A.,* 718 F.Supp.2d 689, 695 (E.D. Va. 2010) (internal quotations omitted).

Cox will no doubt point out that courts sometimes apply their discretion to hear, rather than dismiss, redundant counterclaims.  *See, e.g.*, *Scottsdale Ins. Co. v. B & G Fitness Ctr., Inc.*, No. 4:14-CV-187-F, 2015 WL 4641530, at *2 (E.D.N.C. Aug. 4, 2015).  That is unsurprising given the discretionary nature of the inquiry.  What distinguishes this case and mandates dismissal is the *negative* purpose—rather than simply the lack of *useful* purpose—that Cox's counterclaims would serve.  Cox's counterclaims attempt to manufacture relevance on issues this Court has twice found irrelevant in the virtually identical *BMG v. Cox* case.  That is the opposite of a useful purpose.

The counterclaims allege facts regarding CAS and the copyright abuse practices of third-party ISPs.  Counterclaims, ¶¶ 47-63.  Cox wants to argue these facts are relevant to a supposed industry standard for handling copyright infringement notices.  But this Court twice "prohibit[ed] Cox from referencing the CAS or the practices of other ISPs" at trial because "a comparison of Cox's policies to the policies of other ISPs would be irrelevant, prejudicial, and likely to mislead

the jury." *BMG* ECF Nos. 998 at 2; *see also id.* 691.  Cox cannot avoid the impact of those rulings and manufacture relevance here by pleading redundant counterclaims that seek no independent relief.  Nor does Cox's inclusion of additional facts render the relief sought or nature of the counterclaims any different than Plaintiffs' underlying claims.  *See Daily v. Fed. Ins. Co.*, No. C 04-3791 PJH, 2005 WL 14734, at *5-*6 (N.D. Cal. Jan. 3, 2005) (dismissing redundant declaratory judgment counterclaim notwithstanding that defendant added factual allegations to "plead its own side of the story," because the underlying claim and affirmative defenses would resolve all questions raised by counterclaim).  Cox's allegations regarding CAS and third-party ISPs are part of Cox's defense to Plaintiffs' claims and will be addressed accordingly.  If appropriate to revisit the Court's prior relevance rulings on these issues, the parties can do so in discovery.  But undermining those rulings by shoehorning facts into a redundant counterclaim is improper.

### b.  Cox's counterclaims are redundant to its defenses.

Cox's counterclaims should also be dismissed because they are duplicative of its affirmative defenses.  "[C]ounterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request" for relief.  *Penn Mut. Life Ins. Co. v. GreatBanc Tr. Co.*, No. 09 C 6129, 2010 WL 2928054, at *5 (N.D. Ill. July 21, 2010) (dismissing defendant's declaratory relief counterclaims that "mirror its affirmative defenses"); *see also, e.g., XL Specialty Ins. Co. v. Truland*, No. 1:14CV1058 JCC/JFA, 2014 WL 7345200, at *2 (E.D. Va. Dec. 23, 2014) (same); *UMG Recordings*, 2008 WL 11338802, at *3-4 (same).  "When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else."  *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) (Easterbrook, J.).

Here, Cox's counterclaims duplicate its defenses.  Cox contends in its defenses that "Plaintiffs' claims based on contributory liability are barred because Defendants did not have the

requisite knowledge of" and "did not materially contribute to the alleged primary infringement." Cox Answer, Affirmative and Other Defenses, ¶¶ 7-8.  Cox likewise contends that "Plaintiffs' claims based on vicarious liability are barred because Defendants did not obtain a direct financial benefit from" and "did not have the right or ability to control the alleged primary infringement." Id., ¶¶ 10-11.  Cox's counterclaims echo these defenses precisely.  *See supra* and Counterclaims, ¶¶ 95-102, 105-09, Prayer for Relief (b)-(c).  The counterclaims add nothing beyond these defenses, seek no greater or different relief, and will be resolved by the underlying claims and defenses.  They also attempt improperly to circumvent this Court's prior rulings.  *See supra*.

### c. Cox's description of the counterclaims in a meet-and-confer contradicts its own pleading and fails, in any event, for a lack of controversy.

Plaintiffs' claims are limited to February 2013 through November 2014.  Cox's counsel stated in a meet-and-confer on October 11 that the counterclaims are not mirror images because they seek broader declarations that Cox did not infringe Plaintiffs' works-in-suit *at any time*. Declaration of Jeffrey M. Gould ("Gould Decl."), ¶ 2.

The plain language and meaning of Cox's counterclaims, as pled, belie Cox's *post hoc* contention that they are not mirror images of Plaintiffs' claims.  Cox specifically defines the "Relevant Time Period" as February 2013 through November 2014.  Counterclaims, ¶ 27.  It then repeatedly references the Relevant Time Period, *id.* ¶¶ 29, 39-40, 52, 55-56, 58(a)-(s), 59, including noting that Plaintiffs seek relief for claims that accrued in that period.  *Id.*, ¶ 27.  By contrast, Cox does not identify a broader time period and does not seek declarations beyond the defined Relevant Time Period.  Cox's counsel are sophisticated litigators.  If they wanted to identify a broader period, they would have.

But even if Cox had identified a broader timeframe in its counterclaims, they still would fail for lack of a case or controversy.  *See* 28 U.S.C. § 2201(a).  Plaintiffs have never threatened

11

or filed any claims beyond February 2013 through November 2014, and Cox has not alleged threats beyond that period—just boilerplate assertions of threats that fail to satisfy *Bell Atl. Corp. v. Twombly.   See* 550 U.S. 544, 555 (2007); Counterclaims, ¶ 88.   Plaintiffs intentionally and carefully pled their claims within the period for which this Court already concluded that Cox is ineligible for the DMCA safe harbor.  To be clear, Plaintiffs take no position on the propriety of Cox's actions after November 2014; but Plaintiffs are also not trying to leave open the possibility of a second lawsuit for a later period.  In any event, to avoid doubt Plaintiffs expressly represent that, in this litigation or otherwise, they will not pursue claims against Cox for copyright infringement of Plaintiffs' works, arising from activities that took place through Cox's network between November 27, 2014 and the filing of the Complaint.  Gould Decl., ¶ 3.  That statement, which is binding and cannot be retracted, is more than enough to moot any argument that there exists a case or controversy on or after November 27, 2014.[2]

Furthermore, even if the Court concluded that Cox had sufficiently pled a time period beyond November 2014, and that Cox could demonstrate an actual case or controversy, the Court should nevertheless decline to exercise jurisdiction.  The character and complexity of this case would change dramatically if it expands beyond November 26, 2014.  Among other things, the Court and parties would have to litigate Cox's eligibility for the DMCA safe harbor after November 2014—a complex issue that need not be resolved to decide Plaintiffs' claims.

## II.     The Court should dismiss Cox's redundant counterclaims under Rule 12.

While some courts decline to exercise jurisdiction under the Declaratory Judgement Act, *see supra*, others, including those in this circuit, dismiss redundant declaratory judgment

---

[2]  November 26, 2014 is the date the *BMG v. Cox* Complaint was filed and the date through which the Court concluded Cox was ineligible for the DMCA safe harbor.  Plaintiffs' claims end on November 26, 2014 and there is no case or controversy thereafter.

counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  This provides another ground for dismissal.  *See e.g., Metra Indus., Inc. v. Rivanna Water & Sewer Auth*., 3:12CV00049, 2014 WL 652253, at *2 (W.D.Va. Feb. 19, 2014) (dismissing under Rule 12(b)(6) duplicative declaratory judgment claim that "seeks the resolution of legal issues that will, of necessity, be resolved in the course of the litigation of the other causes of action"); *Boden v. St. Elizabeth Med. Ctr., Inc.*, No. CV 16-49-DLB-CJS, 2018 WL 1629866, at *12 (E.D. Ky. Apr. 4, 2018) ("Counterclaim is a mirror-image of Plaintiffs' claim for declaratory relief, serves no useful purpose, and should be dismissed."); *Xtria, LLC v. Tracking Sys., Inc.*, No. 3:07–CV–0160–D, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (dismissing duplicative counterclaims under Rule 12(b)(6)).

The Sixth Circuit's decision is *Malibu Media, LLC v. Ricupero* is directly on point. 705 F. App'x 402, 404-407 (6th Cir. 2017).  Malibu Media alleged that Ricupero infringed its copyrights by downloading, copying, and distributing twenty-six of its movies without authorization.  *Id.* at 404.  Ricupero counterclaimed seeking a "declaratory judgment that he was not a copyright infringer."  *Id.*  On appeal, the Sixth Circuit concluded that because the trial court dismissed under Rule 12(b)(6), the trial court "had no need to assess its discretion to exercise jurisdiction over the declaratory judgment action."  *Id.* at 406.  Instead, the Sixth Circuit considered whether "resolution of Malibu Media's copyright infringement claim would dispose of all factual or legal issues necessary for deciding [Ricupero's] counterclaim."  *Id.*  The Court concluded that it would because Malibu Media alleged copyright infringement claims against Ricupero and the "heart of Ricupero's counterclaim [was] whether he infringed the copyrighted works."  *Id.*  The

court thus affirmed dismissal of the counterclaim under Rule 12(b)(6) as "redundant," or a "mirror image" of Malibu Media's infringement claim.  *Id.* at 406-07.[3]

Here too, resolution of the underlying claims will dispose of the factual and legal issues needed to decide the counterclaims.  In order to resolve Plaintiffs' claims, the Court or jury must decide whether Cox contributorily and vicariously infringed Plaintiffs' copyrights.  Cox's response to those claims is the same, whether in defense to Plaintiffs' claims or in pursuit of a declaration.  In both cases, resolution will require a determination whether Cox is liable on Plaintiffs' claims, and nothing more.  Retaining the counterclaims would also reward Cox's attempt to circumvent this Court's relevance rulings from *BMG v. Cox*.  *See supra*.

### III.    Cox is not entitled to declaratory relief absent an actual case or controversy.

To the extent Cox seeks declaratory relief concerning hypothetical questions, such claims must be dismissed because they are not based on an actual case or controversy.  *See* 28 U.S.C. § 2201(a).  Judicial power "may be exercised only where conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract."  *Ostergren v. Cuccinelli,* 615 F.3d 263, 287 (4th Cir. 2010) (internal quotations omitted); *Hogs & Heroes Found. Inc. v. Heroes, Inc.*, 202 F. Supp. 3d 490, 495-498 (D. Md. 2016) (dismissing trademark declaratory judgment action claiming non-infringement because the controversy was "too vague and unsubstantiated to support jurisdiction," and even if the court had jurisdiction, it would decline to exercise it).

---

[3]  Other courts "have exercised their discretion to dismiss declaratory judgment counterclaims pursuant to Rule 12(f) . . . when the declaratory relief sought is redundant in light of the claims raised in the complaint or as affirmative defenses."  *Friends of DeReef Park v. Nat'l Park Serv.*, No. 2:13-CV-03453-DCN, 2015 WL 12807800, at *9–10 (D.S.C. May 27, 2015) (internal quotations omitted); *see also Ortho–Tain, Inc. v. Rocky Mountain Orthodontics, Inc*., No. 05 C 6656, 2006 WL 3782916, at *3 (N.D. Ill. Dec. 20, 2006); *Daily,* 2005 WL 14734, at *6 (referring to a motion to strike and a motion to dismiss in the context of a duplicative counterclaim as "in this case ... the same thing").  This provides the Court with yet a third avenue to dismiss on the same ground.

In Counterclaim I, Cox alleges that it has not materially contributed to infringement of Plaintiffs' exclusive rights under copyright.  Counterclaims, ¶¶ 97-102.  In doing so, Cox mechanically lists each of the six exclusive rights granted by 17 U.S.C. § 106, including the rights to prepare derivative works or perform or display copyrighted works publicly.  Counterclaims, ¶¶ 98, 100-102 (citing 17 U.S.C. § 106(2), (4)-(6)).[4]  But neither party has asserted factual allegations relating to Plaintiffs' adaptation, public performance or public display rights.  They are simply not at issue.  This case relates only to Cox's secondary liability for its subscribers' unauthorized *reproduction* and *distribution* of Plaintiffs' copyrighted music.

Plaintiffs' reference to unrelated subsections of § 106 raises "abstract questions" that would result in the "gratuitous[ ] rendering [of] advisory opinions."  *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 406 (S.D.N.Y. 2002); *see also Ostergren,* 615 F.3d at 288 (finding no jurisdiction to consider whether injunction should extend to public records from states other than Virginia because there was "no evidence, no argument, and no underlying dispute" on the issue).  Such hypothetical questions "have not matured to a point sufficiently concrete to demand immediate adjudication and thus [] may never materialize as actual controversies."  *Dow Jones*, 237 F. Supp. 2d at 406; *Microstrategy Inc. v. Convisser*, No. CIV.A. 00-453-A, 2000 WL 554264, at *3 (E.D. Va. May 2, 2000) (dismissing employment law declaratory judgment claim for lack of jurisdiction where employee had not been terminated and there was no guarantee she would sue if she were.)  Thus, to the extent Cox seeks declaratory relief regarding infringement of derivative

---

[4]  Whereas Counterclaim I specifically references Plaintiffs' derivative works and performance and display rights, Counterclaim II does so only generically by incorporating "the allegations in Paragraphs 1 through 103."  *See* Counterclaims, ¶ 104.  It is thus unclear whether Cox actually alleges non-infringement of those rights in Counterclaim II.  Regardless, the arguments raised here apply to both counterclaims.

works, performance rights or display rights, those claims must be dismissed because they are not based on an actual case or controversy.[5]

## **CONCLUSION**

For the foregoing reasons, Cox's counterclaims should be dismissed.

Dated:  October 15, 2018                Respectfully submitted,

*/s/ Scott A. Zebrak*
Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (38729)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel:  202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

---

[5]   Even if Cox could demonstrate a case or controversy involving adaptation, public performance or public display rights, Cox pleads no facts implicating those rights and thus its conclusory assertion that it has not violated them fails to satisfy *Twombly*. *See* 550 U.S. at 555.  Complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" do not survive dismissal. *Id.*; *see also Levi v. Twentieth Century Fox Film Corp.*, No. 3:16CV129, 2018 WL 1542239, at *3 (E.D. Va. Mar. 29, 2018).

**CERTIFICATE OF SERVICE**

I certify that on October 15, 2018, a copy of the foregoing was filed electronically with

the Clerk of Court using the ECF system, which will send notifications to ECF participants.

*/s/ Scott A. Zebrak*
Scott A. Zebrak (38729)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com