# Exhibit A

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
---------------------------------:
                                 :
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
          Plaintiffs,            :
                                 : Case No. 1:14-cv-1611
     vs.                         :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
          Defendants.            :
---------------------------------:
```

VOLUME 1 (a.m. portion)

TRIAL TRANSCRIPT

December 2, 2015

Before: Liam O'Grady, USDC Judge

And a Jury

Norman B. Linnell /Julie A. Goodwin OCR-USDC/EDVA (703)549-4626

Case 1:18-cv-00950-PTG-JFA Document 34-2 Filed 10/15/18 Page 3 of 5 PageID# 450
Case 1:14-cv-01611-LO-JFA Document 715 Filed 12/04/15 Page 96 of 98 PageID# 19028

619

1  appreciate BMG working to get the witnesses here.  Mr. Allan, I
2  had a nice cell in the back of the courthouse ready for you.
3              MR. ALLAN:  I am glad I didn't get to see it.
4              THE COURT:  I knew Mr. Warin would designate you as
5  the person to take responsibility.
6              MR. BUCKLEY:  Your Honor, I hate to do this as you
7  were about to escape, there is one more issue.
8              THE COURT:  All right.
9              MR. BUCKLEY:  So I just learned that we did get
10 notice that the plaintiffs would like us to have Roger
11 Vredenburg here on Monday.  He does not fly or drive, so we are
12 going to have somebody drive him from Virginia Beach up here on
13 Sunday night, and I just want to make sure that we should do
14 that and he is going to go on Monday.
15             THE COURT:  He is subject to the subpoena power.  He
16 is a witness who, you know, BMG has the right to call live if
17 they so choose.  And I didn't find any technical issues that
18 would rise to a level to quash it, so yes.
19             MR. BUCKLEY:  Okay.  He will be available Monday.
20 Oh, and you did indicate that there should be a proffer of what
21 the evidence was going to be through Mr. Vredenburg.
22             THE COURT:  Why he was necessary.  I mean, I think I
23 know the answer based on listening to some of the deposition
24 testimony that was actually used in Sikes, but tell me why
25 Vredenburg isn't repetitive and unnecessary and counter-

620

1 balances the inconvenience.
2     MR. ALLAN: Sure. Your Honor, there are a number of
3 documents he is on. He is -- we intend to talk to him about
4 essentially the right and ability to control subscribers.
5 That's what he does. He terminates and he suspends people.
6     And, you know, we are dealing with having to play --
7 to put Cox witnesses in through discovery depositions. We
8 should be entitled to examine a witness at trial and present
9 this evidence this way.
10     Frankly, we don't think that the right and ability to
11 control issue should really be an issue, but it still is, so we
12 need to be able to present this testimony. He is the only Cox
13 witness that is within the subpoena power.
14     THE COURT: All right. His testimony is going to be
15 different than Sikes who was the overall supervisor and was --
16 well, some of his e-mails were control type issues, right?
17     MR. ALLAN: That's right, Your Honor. But he also --
18 I promise you he will not be very lengthy.
19     THE COURT: Okay. All right. Well, for the reasons
20 I have said, I think it's appropriate to bring him up here.
21 And hopefully it won't be too inconvenient for him. How old is
22 he?
23     MR. BUCKLEY: 66.
24     THE COURT: Oh, he's a youngster.
25     MR. BUCKLEY: A baby, Your Honor.

Case 1:18-cv-00950-PTG-JFA Document 34-2 Filed 10/15/18 Page 5 of 5 PageID# 452
Case 1:14-cv-01611-LO-JFA Document 733 Filed 12/14/15 Page 107 of 135 PageID# 20633
S. Mencher - Cross

1805

1  dollars, which they never disclosed to us.  I mean, they --
2           THE COURT:  This is so far off the beaten path that
3  the objection is sustained.  Your exception is noted.
4           The whole focus has been on -- of this case is on
5  what people in Atlanta were doing with the BitTorrent
6  infringements.  And this is another universe, and it's not
7  relevant, and it is prejudicial.  So your exception is noticed.
8           MR. WAKEFIELD:  Thank you, Your Honor.
9           THE COURT:  Thank you.
10          NOTE:  The side-bar discussion is concluded;
11 whereupon the case continues before the jury as follows:
12 BEFORE THE JURY
13 BY MR. WAKEFIELD: (Continuing)
14 Q.  I have one more question, Mr. Mencher.  In your 20 years
15 at Cox, have you ever heard of or expressed any concern about
16 terminating an infringing customer because of a concern about
17 revenue?
18 A.  Absolutely not.
19          MR. WAKEFIELD:  Thank you very much.
20          Pass the witness.
21          THE COURT:  Cross-examination, Mr. Theodore.
22     CROSS-EXAMINATION
23 BY MR. THEODORE:
24 Q.  Sir, if we could -- I am sorry.  Good morning, Mr.
25 Mencher, my name is Jeffrey Theodore.  I'm an attorney with