# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

## CONSENT MOTION FOR ISSUANCE OF A PRETRIAL ORDER AND LIMITED ENLARGEMENT OF THE DISCOVERY PERIOD

Pursuant to Federal Civil Rule 16(b)(3), Local Civil Rule 16(B), the Court's inherent power to control its docket, and for good cause shown, the parties jointly move for issuance of a pretrial order setting dates for an initial pretrial conference, a limited enlargement of the discovery period, and a final pretrial conference.

The Court has not yet issued a pretrial order setting discovery and pretrial conference dates.  Based on the Court's standard procedures and other recently issued pretrial orders, the parties anticipate that the Court may do so any day and would likely set the close of discovery for mid-April 2019.  The parties seek a 60-day enlargement of the anticipated discovery period based upon their mutual recognition of the complexity of factual and legal issues in this copyright infringement case, including the 59 parties-in-suit, over 10,000 copyrights allegedly infringed, and substantial damages at stake.  The need for this brief expansion became apparent during the parties' scheduling conference and based on Defendants' experience litigating *BMG Rights Mgmt. (US) LLC, et al., v. Cox Commc'ns, Inc., et al.*, Civ. No. 1:14-cv-01611-LO-JFA (E.D. Va. filed Nov. 26, 2014) ("*BMG v. Cox*").  The parties therefore respectfully request that the Court issue a pretrial order setting the discovery deadline and pretrial conference date for June 14, 2019 and

June 21, 2019, respectfully, and setting a Fed. R. Civ. P. 16(b) pretrial conference for December 5, 2018. The grounds and reasons for granting this relief are stated below.

1.      This case involves unique and extraordinary discovery issues, involving hundreds of thousands of copyright infringement notices under the Digital Millennium Copyright Act (DMCA), 59 parties and over 10,000 allegedly infringed copyrights. If the Court grants a limited 60-day discovery expansion, the trial would still be held just 12-13 months after the Complaint was filed (assuming the trial is scheduled to start within 4-8 weeks after the final pretrial conference).

2.      Plaintiffs Sony Music Entertainment et al., sued Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox") for contributory and vicarious copyright infringement of over 10,000 sound recordings and musical compositions. The parties assume the Court's familiarity with the nature of the case and Plaintiffs' allegations, given its resolution of Cox's motion to transfer (ECF. Nos. 22, 46) and its handling of the *BMG v. Cox* case. Plaintiffs submit that this case is unique in terms of discovery due to the technical means by which massive online infringement was allegedly detected through the Cox network and electronic infringement notices were provided to Cox.

3.      The parties agree that discovery in this case will be voluminous and highly technical. Plaintiffs seek discovery from Cox concerning, among other things, Cox's actions or responses in reaction to the hundreds of thousands of notices of copyright infringement alleged in the complaint; its policies and procedures for dealing with the same; and the technical and other means Cox had available to address the infringement alleged on its network. Plaintiffs also intend to seek discovery regarding Cox's handling of infringement notices from other rights-holders and any financial benefits Cox received from the infringing activity, including Cox's revenues and

profits.  Furthermore, it is Plaintiffs' position that obtaining and reviewing the entirety of the *BMG v. Cox* proceeding—including trial exhibits and deposition transcripts—is a significant undertaking and critical for Plaintiffs to assess the consistency of Cox's positions in these cases.  Cox opposes production of the entire BMG file, which involved different copyrights and different issues, and will brief the issue at the appropriate time.[1]

4.      Cox agrees that discovery in this case will be voluminous and technical.  For example, Cox intends to take discovery regarding chain of title and validity of the 10,000 plus alleged copyrights in suit; the technical processes by which Plaintiffs and their agents allegedly identified infringing uses of those works on peer-to-peer networks; the reliability of those methods; the hundreds of thousands of notices of alleged infringement that Plaintiffs claim they will rely on in this action; Plaintiffs' participation in and knowledge of industry agreements regarding the processing of infringement notices; and practices of others in the industry in response to similar notices. Cox's view on discovery needs are also informed by its experience in *BMG v. Cox*. As the Court is aware, discovery in that case was extensive.  Collectively, the parties produced tens of thousands of documents and more than 250,000 pages, in addition to very extensive third party discovery.  Discovery here will be comparable or greater.

5.      In addition, this case will be heavily expert-dependent.  Though the precise number and nature of experts in this case is undetermined, the parties agree there will be multiple experts offered by each side.  For context, in the *BMG v. Cox* case, which involved approximately 1,400 copyrights, eight experts testified at trial and an additional three experts produced reports and were deposed in discovery.  The parties submit that expert disclosures and depositions should be sequenced to occur after fact discovery has been substantially completed.  Such sequencing

---

[1] Neither party concedes the relevance or propriety of discovery any other party describes herein, and all objections thereto are expressly preserved.

will enable experts to fully analyze the factual data, and then allow for the prompt and complete disclosure of expert reports, to be quickly followed by expert depositions.  Given the expected volume and highly technical nature of the document discovery, and the need for fact-witness depositions, the proposed discovery schedule is necessary to allow sufficient time for substantial completion of fact discovery prior to expert discovery.

6.      After meeting and conferring on iterations of a discovery plan, the inability of the parties to reasonably complete discovery within a four-month period became apparent.  The parties therefore respectfully request a modest enlargement of the discovery period that will still bring the case to trial in a reasonable time frame, while permitting a more reasonable phasing of discovery and efficient trial-preparation process.

## **CONCLUSION**

For the good cause set forth above, the parties respectfully request that the Court enter a Pretrial Order providing that discovery shall be completed by June 14, 2019, setting the final pretrial conference for June 21, 2019, and setting the initial pretrial conference for December 5, 2018.  A proposed Order is submitted with this motion.

Dated:  November 15, 2018                    Respectfully submitted,

                                                    *Scott A. Zebrak*_____
                                                    Matthew J. Oppenheim (*pro hac vice*)
                                                    Scott A. Zebrak (VSB No. 38729)
                                                    Jeffrey M. Gould (*pro hac vice*)
                                                    OPPENHEIM + ZEBRAK, LLP
                                                    5225 Wisconsin Avenue, NW, Suite 503
                                                    Washington, DC 20015
                                                    Tel: 202-480-2999

                                                    *Attorneys for Plaintiffs*

                                                    AND

_Thomas M. Buchanan_
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787

*Attorney for Defendants*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
Email:  jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750
Email:  dhleiden@winston.com

-5-

**CERTIFICATE OF SERVICE**

I certify that on November 15, 2018, a copy of the foregoing CONSENT MOTION TO ISSUE PRETRIAL ORDER AND FOR ENLARGEMENT OF DISCOVERY PERIOD was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

       *Scott A. Zebrak*
Scott A. Zebrak (VSB No. 38729)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com

*Attorney for Plaintiffs*