IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, ET AL., | ) |
| *Plaintiffs*, | ) |
| v. | ) Case No. 1:18-cv-950 |
| COX COMMUNICATIONS, INC., ET AL., | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion to Change Venue Pursuant to 29 U.S.C. § 1404. Dkt. No. 22. For the following reasons, the Court denies the motion.

### I. Background

Plaintiffs, fifty-seven entertainment companies, have filed a Complaint alleging that Defendants, internet service providers, have contributorily and vicariously infringed upon Plaintiffs' copyrights. This alleged contributory and vicarious infringement stems from instances in which Defendants' customers illegally downloaded songs to which Plaintiffs own the copyrights.

Defendants seek to transfer this case to the Northern District of Georgia. None of the Plaintiffs are domiciled in the Eastern District of Virginia. Neither are the Defendants. Seven of ten witnesses the Defendants have identified as critical to their case – as well as Defendants themselves – are at home in the Northern District of Georgia.

The instant case is not the first in which Defendants have come before this Court. In November 2014 different plaintiffs filed a complaint alleging contributory and vicarious

1

infringement of copyrights. *BMG Rights Mgmt. et al. v. Cox Comms., Inc. et al.*, 1:14-cv-1611. In the course of that litigation, which lasted over a year, and culminated in a jury finding Defendants liable, this court issued dozens of orders, including a forty-five page summary judgment opinion. At no point did Defendants move to transfer venue. The Fourth Circuit reviewed this Court's summary judgment opinion, upholding this Court's ruling precluding Defendants from asserting a safe harbor defense under the DMCA, but remanding the case for a new trial based on an error in the jury instructions given. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 314 (4th Cir. 2018).

## II. Legal Standard

A district court may transfer a civil action to any other district where the action could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The decision whether to transfer an action under the statute is committed to the sound discretion of the district court." *Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010) (citation omitted). District courts determining whether to grant a motion to transfer under § 1404(a) usually consider the following factors: "(1) plaintiff's choice of forum; (2) convenience of the parties; (3) witness convenience and access; and (4) the interest of justice." *Id.* The movant bears the burden of showing that the circumstances of the case weigh strongly in favor of transfer. *Id.* Because the statute gives no guidance regarding the weight to give each factor it is a fact intensive inquiry and depends on the circumstances in each case. *Samsung Elecs. Co. v. Rambus, Inc.*, 386 F. Supp 2d 708, 716 (E.D. Va. 2005).

## III. Analysis

In considering the factors relevant to a venue transfer this Court finds the first factor, plaintiff's choice of forum, weighs slightly in favor of Plaintiffs. The second factor, convenience

2

of the parties and witnesses, weighs slightly in favor of Defendants. The third factor, the interest of justice, weighs heavily in favor of Plaintiffs.

*A. Plaintiff's Choice of Forum*

Typically, plaintiff's choice of forum is entitled to substantial weight. *Id.* A plaintiff's choice of forum will not be entitled to substantial weight if plaintiff has chosen a foreign forum and the cause of action bears little or no relation to that forum. *Id.* "But, even then, the plaintiff's choice of forum is certainly a relevant consideration so long as there is a connection between the forum and the plaintiff's claim that reasonably and logically supports the plaintiff's decision to bring the case in the chosen forum." *Id.*

Use of an infringing product in the chosen forum alone is not necessarily enough to tip this factor in a plaintiff's favor. *See Advanced Mktg. Sys., LLC v. Delhaize Am., LLC*, No. 2:15CV74, 2015 WL 12806533, at *3 (E.D. Va. July 31, 2015); *Lycos, Inc. v. Tivo, Inc.*, 499 F. Supp. 2d 685, 696 (E.D. Va. 2007). In those cases it is important to look to (1) whether the infringing use in the chosen forum was unique as compared to the infringing use in other forums, and (2) whether those who exercised control over the infringing products or devices were located in the chosen forum. *See Advanced Mktg. Sys., LLC*, 2015 WL 12806533, at *3; *Lycos, Inc.*, 499 F. Supp. 2d at 696 ("The acts relevant to this lawsuit ... are those of the defendants, not their customers and subscribers. The design and manufacture of the allegedly infringing products, as well as the design and development of the purportedly infringing online services, occurred outside of Virginia.").

Here, none of the Plaintiffs are at home in the Eastern District of Virginia. Therefore, this factor will only be given substantial weight if a significant portion of the cause of action occurred in this forum.

3

Plaintiffs argue that a significant portion of the cause of action occurred in this forum because Defendants' employees tasked with terminating the accounts of repeat infringers worked in this forum. Defendants contend that these Virginia-based employees reported to supervisors in Atlanta and therefore were not actually in control of terminating repeat infringers' accounts. Defendants further argue that because the decisionmakers were not located in the forum, and because Plaintiffs have not alleged any infringement in the forum was unique, Plaintiffs' choice of forum should not be given weight.

However, even if those with the ultimate control over terminating repeat infringers' accounts were not located in this forum the factor does not weigh in favor of Defendants. Even if not unique, infringement did occur in the Eastern District of Virginia, which creates a connection with this forum. Even if the Court agreed completely with Defendants' argument, Plaintiffs' choice of forum should be given some weight, just not substantial weight.

For these reasons, this factor at the very least tips slightly against transfer.

*B. Convenience of the Witnesses and the Parties*

Defendant must demonstrate that the selected forum is inconvenient, not simply that the desired forum is more convenient. *Samsung Elecs. Co.*, 386 F. Supp. 2d at 718 n.4. To demonstrate this, Defendant "must proffer sufficient details regarding the witness and his or her testimony to allow the court to assess both the materiality of the evidence that the witness will offer and the inconvenience that will result from declining to transfer the action." *Lycos, Inc.*, 499 F. Supp. 2d at 693.

In considering the convenience of the witnesses the court should distinguish between party and non-party witnesses. *Samsung Elecs. Co.*, 386 F. Supp. 2d at 718. This is because party witnesses are presumed to be more willing to testify in a distant forum. *Id.* The court in *Samsung*

4

found it unpersuasive when the defendant claimed inconvenience for witnesses because many of the witnesses were former employees or lawyers of the defendant and the defendant did not explain why the witnesses would not be willing to travel to the forum if the defendant paid their way. *Id.* at 719.

Here Defendants have identified seven potential witnesses that live in the Northern District of Georgia. Six are current Cox employees and the remaining potential witness is former counsel. These are party witnesses. Defendants have not described what these witnesses will testify to so this Court cannot determine how material they are to Defendants' case. Defendants also have not described with any specificity what inconvenience will be caused to the witnesses if transfer is not granted. Because of this, Defendants have not included sufficient details to demonstrate the inconvenience for these party witnesses.

That said, Defendants and these identified witnesses are at home in the Northern District of Georgia and although Plaintiffs are not home in the Northern District of Georgia, neither are they home in the Eastern District of Virginia, making the Northern District of Georgia no more inconvenient to Plaintiffs than the Eastern District of Virginia. Further, many of the documents and discovery involved in the case are located at Defendants' headquarters in the Northern District of Georgia.

Taken as a whole, the facts cause this factor to lean slightly in favor of transfer.

C. *The Interest of Justice*

The interest of justice encompasses systemic integrity and fairness. *Id.* at 721. "Judicial economy and the avoidance of inconsistent judgments are prominent among the principal elements of systemic integrity." *Id.* "Where a party has previously litigated claims involving certain issues in one forum . . . 'a court in that district will likely be familiar with the facts of the

case. As a matter of judicial economy, such familiarity is highly desirable.'" *LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 815 (E.D. Va. 2001) (quoting *Wheeling-Pittsburgh Steel Corp. v. U.S. EPA*, 1999 WL 11459, *4 (E.D. Pa 1999)). Indeed, "[j]udicial economy and the interest of justice favor a venue which has already committed judicial resources to the contested issues and is familiar with the facts of the case." *Samsung Elecs. Co.*, 386 F. Supp. 2d at 723.

Although this case is distinguishable from *BMG Rights Management v. Cox Communications, Inc*, it involves the same Defendants and similar claims. Significantly, in the course of the *BMG* litigation this Court ruled that Defendants could not rely on the DMCA safe harbor provision. Although Defendants claim this Court's ruling on the DMCA's safe harbor provision will not be relevant to this case, this Court's prior ruling will at the very least touch on the issues presented here. The considerable judicial resources this Court expended on reaching this ruling on an issue of first impression – a ruling that was upheld by the Fourth Circuit – cannot be ignored. Defendants propose to transfer to the Northern District of Georgia, a court that has not had occasion to thoroughly examine this DMCA issue, and into the jurisdiction of the Eleventh Circuit, a Court of Appeals that likewise has not had the opportunity to examine this issue.

Apart from the DMCA safe harbor ruling, in the course of the *BMG* litigation this Court issued dozens of other rulings on discovery issues and other matters. Similar issues are likely to come up in the present case and judicial economy and the avoidance of inconsistent judgments require that this Court retain jurisdiction.

The interest of justice factor weighs heavily against transfer.

### IV. Conclusion

6

For the reasons stated above, the first factor, Plaintiff's choice of forum, weighs slightly against transfer. The second factor, the convenience of the witnesses and the parties, weighs slightly in favor of transfer. The third factor, the interest of justice, weighs heavily against transfer. Thus, taken as a whole, the factors weigh against transferring the case.

Defendant's Motion to Change Venue Pursuant to 29 U.S.C. § 1404, Dkt. No. 22, is denied. A separate Order has been issued.

November 19, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge