**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**PROPOSED JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f)**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Rule 26 of the Local Rules of the United States District Court for the Eastern District of Virginia, and the Court's December 3, 2018 Pretrial Order (ECF No. 52), Plaintiffs Sony Music Entertainment, *et al.* (collectively, "Plaintiffs") and Cox Communications, Inc. and CoxCom, LLC (collectively, "Defendants") submit this Proposed Joint Discovery Plan. The initial pretrial conference is set for December 19, 2018 at 11 am pursuant to the Court's Pretrial Order.

**I. MEETING**

On November 19, 2018, the parties conferred to consider the nature and basis of their claims and defenses, the possibility of a prompt settlement or resolution of the case, and trial before a magistrate judge; to arrange for the disclosures required by Rule 26(a)(1); and to develop this discovery plan.

**II. INITIAL DISCLOSURES**

The parties have agreed to serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before December 12, 2018.

**III. DISCOVERY PLAN**

The parties jointly propose the following discovery plan:

### A. *Subjects*:

The scope of discovery will be governed by Federal Rule of Civil Procedure 26(b) and this Court's December 3, 2018 Order. (ECF No. 52.)

### B. *Parties' Discovery*:

1. The Party with the burden of proof on an issue will serve opening expert report(s), as required by Fed. R. Civ. P. 26, no later than April 10, 2019.

2. Any party intending to file expert reports responding to the opening expert reports will serve the responsive reports, in accordance with Fed. R. Civ. P. 26, no later than May 8, 2019.

3. Any party intending to file reply expert reports will serve them no later than May 30, 2019.

4. All expert depositions must be completed by June 14, 2019.

5. Fact discovery and fact depositions must be completed by June 14, 2019.

### C. *Pre-Trial Conference*

In accordance with this Court's Order dated December 3, 2018, the final pre-trial conference will be held on June 21, 2019, at 10:00 a.m. (ECF No 52.)

### D. *Motions for Summary Judgment*

Motions for summary judgment, if any, will be filed by July 26, 2019.

## IV. STIPULATIONS

### A. *Electronically Stored Information*

The parties have agreed to preserve electronically stored information ("ESI") that may be relevant to this matter and will cooperatively attempt to agree on specific terms for the production of ESI.

*1. Production format*

The parties agree that documents will be produced in single-page Group IV TIFF format with 300 dpi resolution. Each image will have a unique filename, beginning with a standard prefix selected by the producing party (for example, COX_SONY_*). Data may be de-duplicated across custodians. Each page of an imaged document must be Bates-stamped.

A document production will include an Opticon (.OPT) load file to indicate the location and unitization of TIFF files. Documents will be produced with a .dat file with Concordance delimiters (i.e., a load file) to indicate the beginning and ending production numbers; the production volume ID; and the number of pages for each document produced. Extracted text files will be produced for all images, but if extracted text is not available, images shall be OCR'ed and searchable whenever practicable. OCR text shall not be provided as a part of the .dat file. Parent-child relationships (association between an attachment and its parent document) must be preserved except where the attachment is otherwise not relevant to this litigation, but if an attachment is omitted then the producing party must describe the nature of the omitted attachment(s), in a manner that will enable other parties to assess the claim.

*2. Metadata*

The following metadata fields will be provided for each produced record to the extent such fields exist or are available for that record and to the extent practically possible:

- Begin Bates
- Begin Attach Bates
- End Attach Bates
- End Bates
- Author
- Date and Time Created
- Date and Time Last Modified
- Date and Time Received
- Date and Time Sent
- Document Extension
- Email CC
- Email From

- Email Subject
- Email To
- Email BCC
- File Name
- File Size
- File Type
- Last Accessed Date/Time

- MD5 Hash
- Message Header
- Message ID
- Native File (Path to Native in Production)
- Text (Path to Text in Production)

### 3. *Native files*

Any document that cannot be converted to TIFF, and any document that would become illegible or unusable when converted to TIFF, must be produced in native format. The parties agree that the following documents will be provided in native form: spreadsheets (for example, .XLS, .XLSX); media files (for example, .MP4, .WAV, .MPG, .AVI, .MOV, .WMV, .MPEG etc.). Documents produced in native format shall be produced with TIFF placeholders, branded with the document's Bates number and any confidentiality designation, displaying text stating that "This File Was Produced in Native Format Only." Documents produced in native format will be renamed to reflect the production number and any confidentiality designation under the Protective Order to be entered in this action, in the following format: ProdBegBates_ConfidentialityDesignation. To the extent the protocols in paragraphs IV.A.1-3 are impractical or commercially unreasonable for large volumes of native media files, they are excused so long as such files are produced in native format and are reasonably identifiable.

### B. *Documents Received from Non-Parties*

Any Party that receives documents from a non-party pursuant to a subpoena shall make those documents available to any other Party, at the other Party's cost.

### C. Service

For all motions and other Court filings, the parties agree to rely on automated service through ECF. For service of documents not filed through ECF, the parties agree to serve, and accept service, by e-mail. The parties agree to exchange Word copies of all discovery requests on the date the discovery is served.

### D. Protective Order

The parties shall confer on the terms of an appropriate protective order that may be deemed necessary to protect confidential, proprietary information that may be exchanged during the course of discovery. The parties will file an appropriate motion for entry of a protective order on or before December 14, 2018.

### E. Amendments to Pleadings

Any motion to join parties or amend the narrative complaint or claims or other pleadings shall be filed on or before April 8, 2019. Notwithstanding the foregoing, Plaintiffs may, with leave of Court, or by stipulation, file amended versions of Exhibit A (list of sound recordings at issue) and/or Exhibit B (list of compositions at issue) to the Complaint by May 8, 2019 to conform those Exhibits to information learned in discovery.

### F. Settlement Negotiations

The parties will discuss settlement opportunities and consider the possibility of a settlement conference as the case progresses.

### G. Trial

A jury trial has been demanded. The parties expect the trial of this matter to last three weeks. The parties have not consented to trial before a Magistrate Judge.

## V. DISPUTED ISSUES

### A. *BMG Trial Exhibits*

Plaintiffs propose setting a deadline of December 12, 2018 for Cox to provide Plaintiffs with copies of the public trial exhibits from *BMG Rights Management (US) LLC, et al. v. Cox Enterprises, Inc., et al.* (Case 1:14-cv-01611-LO-JFA) ("*BMG v. Cox*"). The reason Plaintiffs are raising this issue here is because this is not something Plaintiffs should have to deal with in discovery. The public trial transcript in *BMG v. Cox* includes references to admitted exhibits. The bulk of those public documents are directly related to Defendants' conduct in handling copyright infringement notices (even if some others concern BMG). Plaintiffs sought to get the exhibits from the Clerk of the Court but were instructed to get them from the parties. For months, Defendants have refused to provide them. Having the *BMG* exhibits will facilitate Plaintiffs' discovery efforts. Defendants' refusal to provide them is contrary to the public policy of public trial proceedings being available to the public. Promptly granting access to them could also avoid hours of unnecessary work, increase the likelihood of prompt resolution of the case, and avoid wasteful in-court disputes that would otherwise occur if Plaintiffs are required to seek the exhibits through discovery.

Defendants object to informally producing these trial exhibits as Plaintiffs request.

As a threshold matter, Defendants objected to including this discovery dispute in this discovery plan because this is not the vehicle by which to air discovery disputes, nor the time. Because Plaintiffs insisted on including the language above, Defendants have felt compelled to respond. We apologize for having to introduce this dispute in this document, particularly considering it may well get resolved, at least in part, in the normal course.

Defendants object to producing the *BMG v. Cox* trial exhibits in total and on the expedited time frame requested by Plaintiffs, primarily because it is outside of the formal discovery

process, and also because many of the requested documents have no relevance to this proceeding. As the Court is aware, the *BMG v. Cox* litigation involved an entirely different set of Plaintiffs and different copyrighted works. We understand there were dozens of boxes of copyright works of BMG introduced at the BMG trial. Clearly those documents have no bearing on the issues in this case. Moreover, it is Cox's understanding that Plaintiffs in the instant litigation used a different agent to send copyright notices to Cox, a company called Mark Monitor, and did not use Rightscorp, the agent used by plaintiffs in the *BMG* litigation. Cox did not block copyright notices from Mark Monitor. Under the Fourth Circuit's standard for contributory liability, this case will involve issues of Cox's knowledge of specific alleged infringement of *Plaintiffs'* works by Cox subscribers and whether Cox materially contributed to such infringement. *BMG Rights Mgt. (US) LLC v. Cox Comms., Inc.,* 881 F.3d 293, 311-12 (4th Cir. 2018) ("contributory infringement requires knowledge of, or willful blindness to, *specific instances* of infringement") (emphasis in original). Plaintiffs also served formal document demands for the *BMG v. Cox* trial exhibits on November 19, 2018. While Cox has agreed to produce deposition transcripts for any witness it identifies in its initial disclosures in the *Sony* case, which will include many of the requested *BMG* trial exhibits, to date Plaintiffs have failed to explain why the entire set of exhibits from the *BMG v. Cox* trial would be relevant to this case simply because both cases involve claims of copyright infringement.

Dated: December 12, 2018                                      Respectfully submitted,

                                                               */s/ Scott A. Zebrak*
                                                              Matthew J. Oppenheim (*pro hac vice*)
                                                              Scott A. Zebrak (VSB No. 38729)
                                                              Jeffrey M. Gould (*pro hac vice*)
                                                              OPPENHEIM + ZEBRAK, LLP
                                                              5225 Wisconsin Avenue, NW, Suite 503

Washington, DC 20015
Tel: 202-480-2999

*Attorneys for Plaintiffs*

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787

*Attorney for Defendants*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400
Email:  jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750
Email:  dhleiden@winston.com