# Exhibit H

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

*Plaintiffs*,

v.

COX COMMUNICATIONS, INC., *et al.*,

*Defendants*.

Case No. 1:18-cv-00950-LO-JFA

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404**

## **TABLE OF CONTENTS**

|   |   |   | Page |
|---|---|---|------|
| I. | Introduction | | 1 |
| II. | The Court Should Transfer this Case to the Northern District of Georgia. | | 1 |
| | A. | This Case Could Have Been Brought in the Northern District of Georgia. | 2 |
| | B. | Plaintiffs' Choice to File in the Eastern District of Virginia Should Be Afforded No Deference Because the Parties and Claims Have No Unique or Meaningful Connection to Virginia. | 2 |
| | C. | Litigating in the Northern District of Georgia is More Convenient for the Parties and the Witnesses. | 6 |
| | | 1. Convenience of the Parties | 7 |
| | | 2. Convenience of the Witnesses | 8 |
| | D. | The Interests of Justice Favor Transfer. | 11 |
| III. | Conclusion | | 13 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Marketing Systems, LLC v. Delhaize America, LLC*,
  2015 WL 12806533 (E.D. Va. July 31, 2015) ............................................................. 5, 10, 12

*Bear Creek Technologies, Inc. v. Cox Communications, Inc.*,
  Case No. 1:11-cv-00879-CMH-IDD (E.D. Va. 2011) ............................................................ 10

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
  Civil No. 1:14-cv-1611 ................................................................................................ 1, 5, 9

*Board of Trustees v. Sullivant Ave. Properties, LLC*,
  508 F. Supp. 2d 473 (E.D. Va. 2007) ................................................................................... 8

*Byerson v. Equifax Info. Servs., LLC*,
  467 F. Supp. 2d 627 (E.D. Va. 2006) ..................................................................... 10, 11, 12

*Chicopee Mfg. Corp. v. Kendall Co.*,
  154 F. Supp. 248 (W.D.S.C. 1957) ........................................................................................ 6

*CIVIX–DDI, LLC v. Loopnet, Inc.*,
  2012 WL 3776688 (E.D. Va. Aug. 30, 2012) ................................................................. 4, 12

*Clayton v. Warlick*,
  232 F.2d 699 (4th Cir. 1956) .................................................................................................. 6

*Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.*,
  83 F. Supp. 2d 689 (E.D. Va. 2000) ................................................................................ 6, 11

*Coors Brewing Co. v. Oak Beverage, Inc.*,
  549 F. Supp. 2d 764 (E.D. Va. 2008) ........................................................................ 2, 3, 12

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) .............................................................................................................. 2

*Global Touch Solutions, LLC v. Toshiba Corp.*,
  109 F. Supp. 3d 882 (E.D. Va. 2015) ...................................................................... 3, 7, 10, 11

*GTE Wireless, Inc. v. Qualcomm, Inc.*,
  71 F. Supp. 2d 517 (E.D. Va. 1999) .................................................................................. 3, 12

*Hengle v. Curry*,
  2018 WL 3016289 (E.D. Va. June 15, 2018) .................................................................. 2, 12

*Innovative Communications Techs., Inc. v. Vivox, Inc.*,
 2012 WL 4738979 (E.D. Va. Oct. 3, 2012) ................................................................................3

*Ion Beam Applications S.A. v. Titan Corp.*,
 156 F. Supp. 2d 552 (E.D. Va. 2000) .......................................................................................5

*Lugus IP LLC v. Volvo Car Corp.*,
 2012 WL 1715983 (E.D. Va. May 15, 2012) ................................................................ *passim*

*Lycos, Inc. v. TiVo, Inc.*,
 499 F. Supp. 2d 685 (E.D. Va. 2007) .....................................................................................11

*Macronix Int'l Co. v. Spansion Inc.*,
 2014 WL 934521 (E.D. Va. Mar. 10, 2014) .....................................................................11, 12

*Merrick Bank Corp. v. Savvis, Inc.*,
 2008 WL 5146660 (E.D. Mo. Dec. 8, 2008) ............................................................................6

*Nader v. McAuliffe*,
 549 F. Supp. 2d 760 (E.D. Va. 2008) ................................................................................3, 12

*Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*,
 387 F. Supp. 2d 564 (E.D. Va. 2005) ..........................................................................5, 11, 12

*Piper Aircraft Co. v. Reyno*,
 454 U.S. 235 (1981) .................................................................................................................6

*Samsung Elecs. Co., Ltd. v. Rambus, Inc.*,
 386 F. Supp. 2d 708 (E.D. Va. 2005) ...........................................................................2, 7, 11

*Telepharmacy Solutions, Inc. v. Pickpoint Corp.*,
 238 F. Supp. 2d 741 (E.D. Va. 2003) .......................................................................................6

*Van Dusen v. Barrack*,
 376 U.S. 612 (1964) .................................................................................................................2

*White v. JBG/Tysons Hotel, LLC*,
 2013 WL 2241864 (E.D. Va. May 21, 2013) ....................................................................3, 12

**Statutes**

28 U.S.C. § 1400(a) ........................................................................................................................2

28 U.S.C. § 1404 ................................................................................................................ *passim*

**Other Authorities**

Wright & Miller, Federal Practice & Procedure § 3848 ............................................................2, 6

Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox" or "Defendants") hereby submit this memorandum of law in support of their motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Granting this motion would serve not only the convenience of the parties and witnesses, but also the interests of justice.

## I. Introduction

Defendants respectfully request that the Court transfer this action to the Northern District of Georgia, Atlanta Division. All relevant factors weigh in favor of venue in that forum.

Plaintiffs are a group of 57 record companies and music publishers, the majority of which are based in New York or Los Angeles, and none of which have alleged any ties to Virginia. The Complaint alleges that Cox is secondarily liable for infringing over 10,000 of Plaintiffs' copyrights in various sound recordings and musical compositions, predicated on the alleged direct infringement of unnamed subscribers of Cox's internet services. Lacking any meaningful connection to this District, Plaintiffs appear to have selected this forum solely because this Court previously presided over a copyright infringement case against Cox brought by different plaintiffs. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, Civil No. 1:14-cv-1611 ("*BMG v. Cox*"). But Plaintiffs' choice of forum is entitled to no deference because neither they, nor the claims they assert, have any unique or meaningful connection to this forum. The case could have been brought in the transferee forum, the Northern District of Georgia, where Cox is headquartered and where the majority of the relevant witnesses and evidence is located. Furthermore, the out-of-state Plaintiffs cannot show that they would be inconvenienced by litigating this action in Georgia rather than Virginia. The relevant factors, therefore, compel a transfer.

## II. The Court Should Transfer this Case to the Northern District of Georgia.

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

28 U.S.C. § 1404(a). "[T]he purpose of [§ 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quotations omitted). The factors that guide this inquiry are: (1) the plaintiff's choice of venue; (2) the convenience of the parties and witnesses; and (3) the interests of justice. *Coors Brewing Co. v. Oak Beverage, Inc*., 549 F. Supp. 2d 764, 769 (E.D. Va. 2008). Here, these factors weigh decidedly in favor of a transfer to the Northern District of Georgia.

### A. This Case Could Have Been Brought in the Northern District of Georgia.

Because both venue and jurisdiction are proper in the Northern District of Georgia, this action "might have been brought" there. *See* 28 U.S.C. § 1404(a). Both Cox Communications, Inc. and CoxCom, LLC have their principal places of business in Atlanta, *see* Compl. ¶¶ 82-83, and thus are subject to personal jurisdiction in the Northern District of Georgia. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). Further, venue in that district is proper under the copyright venue statute, which provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights … may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Thus, this case could have been brought in the Northern District of Georgia.

### B. Plaintiffs' Choice to File in the Eastern District of Virginia Should Be Afforded No Deference Because the Parties and Claims Have No Unique or Meaningful Connection to Virginia.

Although a plaintiff's choice of venue is often entitled to consideration, "[t]hat choice is afforded less weight … if the chosen venue is not the plaintiff's home forum, or if 'the nucleus of operative facts' is not in that forum." *Hengle v. Curry*, 2018 WL 3016289, at *9 (E.D. Va. June 15, 2018) (quoting *Samsung Elecs. Co., Ltd. v. Rambus, Inc*., 386 F. Supp. 2d 708, 716 (E.D. Va. 2005)); Wright & Miller, Federal Practice & Procedure § 3848 ("If the plaintiff is not a resident of

-2-

the forum, the plaintiff's forum choice may be entitled to relatively little deference."). As one Court in this district put it, the "weight given the plaintiff's choice varies in proportion to the connection between the forum and the cause of action." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 519 (E.D. Va. 1999). Applying this principle, moreover, courts in this District have routinely transferred cases where the plaintiff chooses to file away from its home forum and the events giving rise to the action occurred elsewhere. *See, e.g.*, *Coors Brewing Co.*, 549 F. Supp. 2d at 772 (transferring case to New York where neither party was located in Virginia and the claims were not connected to Virginia); *White v. JBG/Tysons Hotel, LLC*, 2013 WL 2241864, at *2 (E.D. Va. May 21, 2013) (granting motion to transfer after discounting the plaintiff's choice of forum because the plaintiff was a Pennsylvania citizen and the events giving rise to the action occurred in another division); *Nader v. McAuliffe*, 549 F. Supp. 2d 760, 763 (E.D. Va. 2008) (declining to defer to the plaintiff's choice of forum given "the absence here of any substantial nexus between this District and the plaintiff's underlying action").

Here, *none* of the Plaintiffs are headquartered, or have their principal place of business, in Virginia. *See* Compl. ¶¶ 20-37, 39-78. Nor have Plaintiffs alleged any other connection to Virginia or this District. And even if any of the Plaintiffs had a sufficient connection to the Eastern District of Virginia to be subject to its personal jurisdiction, courts have consistently held that this fact alone is entitled to "little or no weight" and is insufficient to defeat a transfer motion. *Innovative Communications Techs., Inc. v. Vivox, Inc.*, 2012 WL 4738979, at *4 (E.D. Va. Oct. 3, 2012) (giving "little or no weight" to the plaintiff's chosen forum based on plaintiff's "negligible" presence in the district and noting that although the plaintiff asserted that its home office was in Arlington, Virginia, the plaintiff did not appear to have any permanent employees there); *Global Touch Solutions, LLC v. Toshiba Corp.*, 109 F. Supp. 3d 882, 897 (E.D. Va. 2015) (finding that

-3-

even if the Eastern District of Virginia were technically the plaintiff's home forum, as a non-practicing entity with no manufacturing, operations, or employees—save the president—in the District, "Plaintiff's ties to this forum [were] tenuous at best. . . . [T]his forum appears to have no special status vis-à-vis the nationwide infringement alleged in the five cases pending before this Court."); *CIVIX–DDI, LLC v. Loopnet, Inc.*, 2012 WL 3776688, at *3–4 (E.D. Va. Aug. 30, 2012) (declining to defer to the plaintiff's choice of forum because, even assuming that Virginia was technically the plaintiff's "principal place of business," it did not challenge its status as a "non-practicing" patent holding entity that lacked any significant operations in this District).

Plaintiffs allege that venue is proper in this District because Cox is subject to personal jurisdiction here and "a substantial part of the acts of infringement" allegedly occurred here. Compl. ¶¶ 13, 18. According to Plaintiffs, they "have identified hundreds of Cox subscribers suspected of residing in Virginia, who have repeatedly infringed one or more of Plaintiffs' copyrighted works," yet they point to only three Cox subscribers allegedly using IP addresses within the District who were allegedly identified in multiple infringement notices sent to Cox. *Id.* ¶ 17.

Moreover, the connection between the alleged infringement and the Eastern District of Virginia—that some alleged infringers may reside in Virginia—would be shared with many other districts given the broad scope of Plaintiffs' infringement allegations. *See* Compl. ¶¶ 88, 91-92, 95 (alleging that Cox received "hundreds of thousands of notices" that identified 20,000 alleged infringers). Plaintiffs do not allege that a disproportionate number of alleged repeat infringers reside in Virginia as opposed to other states. Indeed, *none* of the IP addresses that Plaintiffs allege were "engaged in blatant and repeated infringement" (*see* Compl. ¶ 95) are located in Virginia. Declaration of Linda J. Trickey ("Trickey Decl."), ¶ 11.

-4-

Courts in this District consistently grant motions to transfer where the claims lack a unique connection to the plaintiff's chosen venue. *Lugus IP LLC v. Volvo Car Corp.*, 2012 WL 1715983, at *5 (E.D. Va. May 15, 2012) (affording plaintiff's forum choice no deference where the sole connection to the dispute was that the defendants sold the allegedly infringing product there, noting that "[u]nder this criterion, the instant lawsuit could have been filed in any state … as this sales activity is not unique to Virginia, the facts suggest little other than forum shopping by Lugus."); *Advanced Marketing Systems, LLC v. Delhaize America, LLC*, 2015 WL 12806533, at *3 (E.D. Va. July 31, 2015) ("Plaintiff's choice of forum [was] not entitled to substantial weight" where "Virginia residents' use of the allegedly infringing systems does not appear to be any different from the use by residents in the fourteen other states, including North Carolina, in which Defendant's grocery stores operate."); *see also Original Creatine Patent Co., Ltd. v. Met-Rx USA, Inc.*, 387 F. Supp. 2d 564, 568 (E.D. Va. 2005) ("[w]here the plaintiff has selected a forum where neither the plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of action accrued, 'that plaintiff's choice loses its place status in the court's consideration.'") (quoting *Ion Beam Applications S.A. v. Titan Corp.*, 156 F. Supp. 2d 552, 563 (E.D. Va. 2000)).

Plaintiffs assert that "[e]ach of the Cox defendants has in the past been (or is presently) a party, as a plaintiff or a defendant, in this Court, including in the related case [*BMG v. Cox*]" (Compl. ¶ 14), and they extensively quote from orders of this Court and the Fourth Circuit from that case. *See, e.g., id.* ¶¶ 6-7, 98. But the fact that Cox was a *defendant* in another case in this District involving secondary copyright infringement allegations does not make this case "related" to that case. Moreover, the fact that Cox litigated another case in this District does not preclude it from asserting that the forum is not convenient and transfer is appropriate here. Indeed, Cox's

judgment about the convenience of the forum is informed by its experience in that case, and transfer analysis turns on the connection between the forum, the parties, and their particular claims. That is why courts do not generally allow plaintiffs to forum shop, or accord weight to an out-of-state plaintiff's preference for an otherwise inconvenient forum. *See, e.g.*, *Clayton v. Warlick*, 232 F.2d 699, 700-01 (4th Cir. 1956) (approving the district court's order to transfer pursuant to § 1404(a) where the plaintiff freely admitted that he brought the suit in the Western District of North Carolina solely to take advantage of favorable Fourth Circuit precedent); *Lugus IP*, 2012 WL 1715983, at *4-5 ("...the facts suggest little other than forum shopping by Lugus" given that the action could have been filed in any state); *Merrick Bank Corp. v. Savvis, Inc.*, 2008 WL 5146660, at *5 (E.D. Mo. Dec. 8, 2008) (refusing to defer to plaintiff's choice of forum where it was admittedly based on forum shopping). Indeed, 28 U.S.C. § 1404 descends from the *forum non conveniens* doctrine, *Chicopee Mfg. Corp. v. Kendall Co.*, 154 F. Supp. 248, 250 (W.D.S.C. 1957), which was designed for a situation in which "a plaintiff chooses a particular forum, not because it is convenient, but solely in order to harass the defendant or take advantage of favorable law." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 n.15 (1981).

Plaintiffs are not Virginia residents, and any connection between this forum and their claims against Cox is at best attenuated. Accordingly, their choice of this forum should be accorded no deference. *E.g.*, *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F. Supp. 2d 741, 744 (E.D. Va. 2003) *Cognitronics Imaging Sys., Inc. v. Recognition Research Inc.,* 83 F. Supp. 2d 689, 699 (E.D. Va. 2000).

  **C.**   **Litigating in the Northern District of Georgia is More Convenient for the Parties and the Witnesses.**

The convenience of parties and witnesses is a critical factor in § 1404(a) analysis. Further, "[t]ransfer to a corporate defendant's place of business appears particularly likely in patent and

-6-

copyright infringement cases" due to the ease of access to witnesses and proof. Wright & Miller, Federal Practice & Procedure § 3849. Here, this factor weighs heavily in favor of transferring this case to Cox's home district.

### 1. Convenience of the Parties

When evaluating the convenience of the parties, "[t]he logical starting point is a consideration of the[ir] residence." *Lugus IP*, 2012 WL 1715983, at *6 (citations omitted). Here, as noted above, Cox is headquartered and has its principal place of business in Atlanta, Georgia. Cox Communications, Inc. runs the ISP backbone for Cox's internet services and performs capacity planning from the Cox headquarters in Atlanta. Trickey Decl., ¶ 7. CoxCom, LLC runs the local Cox systems around the country, including in Roanoke, Hampton Roads, and Northern Virginia, and a combination of Cox Communications, Inc. and CoxCom, LLC employees maintain the local network to provide cable internet services in Virginia. *Id*. There is also a Cox credit and collections Center of Excellence, which provides those services to Cox systems, located in Virginia. *Id*. Thus, while Cox does have employees in Virginia that oversee the provision of cable internet to local subscribers and maintain the local Cox network in Virginia, the backbone of Cox's network is run from Cox's headquarters in Atlanta, where nearly all of the anticipated relevant witnesses work, as discussed in the next section. It would be far more convenient for Cox to litigate this case where its headquarters are located in Atlanta.

Moreover, 28 of the 57 Plaintiffs—including Sony Music Entertainment, Sony/ATV, and EMI—are headquartered in New York, while 22—including Warner Bros. and Universal Music Group—are headquartered in California. The remaining seven are allegedly headquartered in Florida, Tennessee, or abroad. Compl. ¶¶ 20-37, 39-78. The number located in Virginia? Zero.

Given that Plaintiffs are located in foreign districts and have already chosen a forum far from their homes, litigating in the Northern District of Georgia would be not be any less inconvenient for Plaintiffs than litigating in the Eastern District of Virginia. Therefore, Plaintiffs' convenience would not be affected by litigating in Defendants' home state of Georgia, while Defendants' convenience would be considerably increased by litigating in its home forum.

### 2. Convenience of the Witnesses

"The convenience of the witnesses is of considerable importance in determining whether a transfer of venue is appropriate under Section 1404(a)." *Global Touch Solutions*, 109 F. Supp. 3d at 899 (quoting *Samsung Electronics Co.*, 386 F. Supp. 2d at 718)). In fact, "[w]itness convenience is often the most important factor in balancing for a potential § 1404(a) transfer." *Board of Trustees v. Sullivant Ave. Properties, LLC*, 508 F. Supp. 2d 473, 477 (E.D. Va. 2007).

Plaintiffs' allegations demonstrate that discovery in this case will focus largely on Cox's provision of internet services to its customers and its internal systems, policies, and procedures relevant to processing copyright notices. *See* Compl. ¶¶ 85-88, 93, 96-97 (alleging that Cox's internet speeds enable illegal downloads by its subscribers and that Cox "engaged in network management practices to suit its own purposes," such as failing to take action against purported repeat infringers). While Plaintiffs imply that some of the relevant witnesses and evidence would be located in Virginia, this allegation is rebutted by the Declaration of Linda J. Trickey, which confirms that, during the relevant period, copyright notices were handled by a team of Cox employees in Atlanta, Georgia using the Cox Abuse Tracking System ("CATS") which was designed, located, and maintained in Atlanta. Trickey Decl., ¶ 8. This team is part of Cox's larger Customer Safety Team, responsible for all customer safety-related issues, which has been located at Cox's headquarters in Atlanta, Georgia since at least February 2013. *Id.* Moreover, Cox's customer care employees and contractors that responded to calls from residential subscribers regarding DMCA

complaints are (and were, during the relevant time period) located at third party call centers across the country, but managed by Cox employees in Atlanta, Georgia. *Id.*, ¶ 9. Certain steps of Cox's procedure in handling copyright infringement notices were handled by Cox employees located in Omaha Nebraska and Hampton Roads, Virginia, but at all relevant times were also managed by Cox employees located at Cox's headquarters in Atlanta, Georgia. *Id.* And Cox's employees that respond to calls from business subscribers complaints are part of the National Support Center ("NSC") team located in Las Vegas, Nevada and managed by Cox employees located at Cox's headquarters in Atlanta, Georgia. *Id.*, ¶ 10. *Cf.* Compl. ¶ 15 ("Cox has engaged in substantial activities purposefully directed at Virginia from which Plaintiffs' claims arise, including, for instance, establishing significant network management operations in this district, employing individuals within Virginia who have responsibility for managing its network, enforcing subscriber use policies against violators, and/or responding to notices of infringement.").

Furthermore, nearly all (eight of the ten) Cox witnesses relevant to Cox's relevant systems, policies, and procedures who were deposed in *BMG v. Cox* currently work (or in the case of the former employees worked) from Cox's headquarters in Atlanta, Georgia and reside in the Northern District of Georgia, including:

- Brent Beck, Cox Software Engineer II and Cox's 30(b)(6) designee on Cox's system of tracking IP addresses and Cox's system of responding to DMCA notifications;

- Randy Cadenhead, Cox's former Privacy Counsel and Cox's 30(b)(6) designee on a number of topics, including Cox's repeat infringer policy, CAS, and Cox's employee training on infringement notices;

- Matthew Carothers, Cox's Principal Security Architect and Cox's 30(b)(6) designee on Cox's policies for reviewing infringement notices and taking action against customers;

- Sanford Mencher, Cox's VP of Finance and Accounting, and Cox's 30(b)(6) designee on Cox's revenues per user and the cost to Cox of terminating customers;

- Sidd Negretti, Executive Director of Product Marketing Strategy and Cox's 30(b)(6) designee on Cox's metrics on customer internet use, Cox's marketing, and the effects of terminating customers;

- Joseph Sikes, former Cox Senior Lead Abuse Engineer;

- Linda Trickey, Cox's Assistant General Counsel, product and privacy and 30(b)(6) designee on the number of Cox's customers, Cox's network management and monitoring, network traffic management policies, and BitTorrent volume; and

- Jason Zabek, former Cox Manager of Customer Abuse Operations.

Trickey Decl. ¶¶ 4-5. One Cox Network Security employee who was deposed in *BMG v. Cox* but did not testify, Andrea Dameri, presently resides in Virginia Beach, Virginia. *Id*., ¶ 6. The other Cox witness, Roger Vredenburg, a Cox network security technician, also resides in Virginia Beach, he retired from Cox more than two years ago. *Id*. Because Plaintiffs in this case say up front in their Complaint that they will rely heavily upon the facts and time frame developed in *BMG v. Cox*, nearly all of the Cox witnesses who are likely to be relevant in this litigation are located in Atlanta. Litigating this case in Atlanta, rather than Alexandria, would be far more convenient for these witnesses.

Courts in this District consistently grant transfer motions where the majority of the witnesses and evidence are located in the transferee district. *See Lugus IP*, 2012 WL 1715983, at *6 (granting motion to transfer where the defendants "provided incontrovertible proof that substantially more witnesses and documents are located in the District of New Jersey than in this district"); *Global Touch Solutions*, 109 F. Supp. 3d at 903 (concluding that the Northern District of California would be more convenient where, in contrast to the centralized evidence on the West Coast, there was no evidence suggesting a single relevant business document or witness, other than plaintiff's president, was located in the Eastern District of Virginia); *Advanced Marketing Systems*, 2015 WL 12806533, at *4 (factor "weigh[ed] strongly in favor of transfer" where the parties did not reside in Virginia and "the majority of witnesses and documents" were located in North Carolina).

Indeed, in 2011, Cox Communications, Inc. successfully moved to transfer venue from this District to the Northern District of Georgia in a patent infringement case on the grounds that the case lacked a meaningful connection to Virginia, making it more convenient for Cox to litigate in its home forum—particularly given that the relevant Cox engineers who designed and operated the system at issue resided in Atlanta, Georgia. *Bear Creek Technologies, Inc. v. Cox Communications, Inc.*, Case No. 1:11-cv-00879-CMH-IDD (E.D. Va. 2011), ECF Nos. 11 (Sept. 19, 2011 Motion) and 27 (Oct. 28, 2011 Order).

In sum, this factor weighs heavily in favor of transfer.

### D. The Interests of Justice Favor Transfer.

Transfer is also warranted under the "interests of justice" factor, which "encompasses public interest factors aimed at 'systemic integrity and fairness.'" *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (quoting *Samsung Elecs. Co.*, 386 F. Supp. 2d at 721). "Fairness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.* (citing *Samsung*, 386 F. Supp. 2d at 721 n.16). "Systemic integrity also accounts for a party's 'attempt to game the federal courts through forum manipulation.'" *Macronix Int'l Co. v. Spansion Inc.*, 2014 WL 934521, at *7 (E.D. Va. Mar. 10, 2014) (quoting *Samsung Elecs. Co.*, 386 F. Supp. 2d at 721).

Because this case was brought by out-of-state Plaintiffs against out-of-state Defendants regarding primarily out-of-state conduct, there is "little local interest in having the matter decided in Virginia." *Creatine*, 387 F. Supp. 2d at 571 (citing *Cognitronics*, 83 F. Supp. 2d at 696). The court in *Global Touch Solutions*, for example, transferred a case in which it found a similar lack of local interest—notwithstanding that Virginia residents purchased and used the allegedly infringing products and that some of the defendants had stores or dedicated salespeople in this district.

-11-

109 F. Supp. 3d 882, 898 (quoting *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 692 (E.D. Va. 2007)). As the court there recognized, neither fact was unique to Virginia, as Defendants "likely ha[d] this same contact with every other state in this nation." *Id*.

The controversy here is in no sense local. As detailed above, none of the parties has any unique connection to the Eastern District of Virginia, and the conduct that allegedly occurred in the District likewise is not alleged to have been focused here. Further, because the copyright laws at issue are federal, any federal court can be presumed to have as much knowledge of the applicable law. *Creatine*, 387 F. Supp. 2d at 571. Finally, while the case would proceed somewhat more quickly here than in the Northern District of Georgia in light of this Court's pacing, there is not a lack of expediency in the Northern District of Georgia, and that factor has not deterred this Court from transferring cases in the past.[1]

The median time from filing to disposition in the Northern District of Georgia is just 6.6 months—only 1.4 months longer than in the Eastern District of Virginia; and the median time from filing to trial in civil cases in Eastern District of Virginia is 12.8 months compared to 24.8 months in the Northern District of Georgia. *See* Request for Judicial Notice, Ex. 1 (Judicial Caseload Profile). But the fact that the case may proceed to trial more quickly in this District does not overcome the strength of the factors in favor of transfer. *See Lugus IP*, 2012 WL 1715983, at *7 ("[b]ecause [the first two] factors weigh strongly in favor of transferring the action, they are not overborne by any consideration for the interest of justice and Lugus's argument that this case may reach trial earlier in this district than in the transferee forum."); *Advanced Marketing System*, 2015

---

[1] *Coors Brewing Co.*, 549 F. Supp. 2d at 769; *Hengle*, 2018 WL 3016289, at *9; *GTE Wireless*, 71 F. Supp. 2d at 519; *White*, 2013 WL 2241864, at *2; *Nader*, 549 F. Supp. 2d at 763; *CIVIX–DDI*, 2012 WL 3776688, at *6-7; *Lugus IP*, 2012 WL 1715983, at *7; *Advanced Marketing Systems*, 2015 WL 12806533, at *3*; Original Creatine Patent Co.*, 387 F. Supp. 2d at 568; *Byerson, LLC*, 467 F. Supp. 2d at 635; *Macronix*, 2014 WL 934521, at *7.

WL 12806533, at *5 ("[w]hen a plaintiff with no significant ties to the Eastern District of Virginia chooses to litigate in the district primarily because it is known as the 'rocket docket,' the interest of justice is not served.") (citations omitted).

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court transfer this action to the Northern District of Georgia pursuant to 28 U.S.C. § 1404.

-13-

Case 1:18-cv-00950-LO-JFA Document 23-8 Filed 09/24/18 Page 18 of 19 PageID# 337

Dated: September 24, 2018          Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice* application pending)
Thomas Patrick Lane (*pro hac vice* application pending)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice* application pending)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice* application forthcoming)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

-15-

## CERTIFICATE OF SERVICE

I certify that on September 24, 2018, a copy of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404 was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*