UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DECLARATION OF JENNIFER A. GOLINVEAUX IN SUPPORT OF
COX'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

I, Jennifer A. Golinveaux, hereby declare:

1. I am a partner with the firm of Winston & Strawn LLP, attorneys of record for Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox"). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. On December 12, 2018, I met and conferred on the phone with Plaintiffs' counsel for more than an hour about discovery issues that the parties had raised. On December 14, 2018, we met and conferred again for more than two hours. Both sides agreed to continue the meet and confer efforts, including by meeting again to discuss appropriate key words and custodians for identifying relevant documents.

3. Over these two meet and confer sessions, I informed Plaintiffs' counsel that, as Cox had stated in its written responses, Cox agreed to produce deposition transcripts from the BMG litigation for all of Cox's former or current employees identified in Cox's Rule 26(a) disclosures. Cox timely served its Rule 26(a) disclosures on December 12, shortly after the first meet and confer session. I also told Plaintiffs' counsel that if Plaintiffs thought any other witnesses were relevant,

Cox would consider producing their deposition transcripts and exhibits from the BMG litigation. Plaintiffs' counsel did not identify any other witnesses in response to this offer before filing their Motion to Compel.

4. During the meet and confer process, I explained that, as Cox had already stated in its objections, production of all of the BMG trial exhibits is vastly overbroad and seeks documents not remotely relevant to this case, documents related to BMG and its copyrights, and many exhibits related to Rightscorp.

5. Plaintiffs do not claim that Rightscorp is at issue in this case. Plaintiffs have represented to Cox that all of the copyright infringement notices for works at issue in this case were submitted by the RIAA on Plaintiffs' behalf.

6. Plaintiffs' counsel has acknowledged that they have the entire trial transcript from the BMG trial.

7. During the meet and confer process, I explained that if Plaintiffs would specify what BMG trial exhibits it considered to be relevant to this case, Cox would consider producing them. Plaintiffs' counsel never responded to this offer, and did not identify any particular trial exhibits or categories of trial exhibits they considered to be relevant.

8. During the meet and confer process, Plaintiffs did not explain why Cox's interrogatory responses from the BMG litigation were categorically relevant here. Plaintiffs also did not specify what specific information Plaintiffs sought from Cox's interrogatory responses in the BMG litigation. Plaintiffs simply stated, without further explanation, that they were entitle to any and all of Cox's "prior sworn statements."

9.      I have reviewed BMG's interrogatories and Cox's responses from the BMG litigation. BMG's interrogatories encompass requests for information about irrelevant subjects, including a potential "advice of counsel" defense (which Cox never raised in the BMG litigation, and does not raise here); multiple requests for detailed information about works owned by BMG and its co-plaintiff Round Hill Music; multiple requests for information relating to Rightscorp's notices, as well as Cox's attempts to access information from Rightscorp.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 19th day of December, 2018 at San Francisco, California.

 /s/ /Jennifer A. Golinveaux/ 
Jennifer A. Golinveaux