UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## DECLARATION OF JEFFREY M. GOULD

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am Senior Counsel Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case.

2. I submit this declaration in support of Plaintiffs' Motion to Compel and Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel. I have knowledge of the facts stated herein based on personal knowledge or information learned in the course of my involvement in this case. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. On December 19, 2018, Defendant produced seven deposition transcripts and associated deposition exhibits. The transcripts are limited to witnesses Cox identified in its Rule 26(a)(1) disclosures in this case, upon whom Cox intends to rely. Cox did not produce the transcripts for all the witnesses it identified as relevant to its failed motion to transfer.

4. Plaintiffs have produced to Cox a total of 286,394 documents and 301,369 pages, with more to come on a rolling basis.

5. On December 12 and 14, 2018, I conferred with counsel for Defendants, along with other counsel for both parties, for several hours on issues including those raised by Plaintiffs' Motion.

6. During the meet and confer, Plaintiffs' counsel asked Cox's counsel to identify the witnesses deposed in BMG whose deposition transcripts Cox was withholding. Cox's counsel refused to provide that information and referred Plaintiffs' counsel to Cox's yet-to-be served Rule 26(a)(1) disclosure for witnesses whose deposition transcripts Cox would agree to produce.

7. In Plaintiffs' discovery objections, Plaintiffs repeatedly stated that they "reserve the right to rely on any copyright infringement notices Cox received." During the parties' meet and confers, and in Plaintiffs' written discovery responses served on December 19, Plaintiffs informed Cox that, at a minimum, Plaintiffs are relying upon RIAA/MarkMonitor notices. In each instance, Plaintiffs expressly told Cox that they reserve the right to rely on any copyright infringement notices that Cox received.

8. Cox's counsel indicated in the parties' meet-and-confer that Cox has a database with information about notices, though was unaware of the details.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on Dec. 20, 2018 in Washington, District of Columbia.

_____
Jeffrey M. Gould

2