## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    *Plaintiffs*,

    v.

COX COMMUNICATIONS, INC., *et al.*,

    *Defendants*.

Case No. 1:18-cv-00950-LO-JFA

## DECLARATION OF JENNIFER A. GOLINVEAUX IN SUPPORT OF
## COX'S MOTION TO COMPEL

I, Jennifer A. Golinveaux, hereby declare:

1.    I am a partner with the firm of Winston & Strawn LLP, attorneys of record for Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox"). I submit this declaration in support of Cox's Motion to Compel and Defendants' Memorandum of Law in Support of their Motion to Compel (the "Motion"). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.    I initiated calls with Plaintiffs' counsel on December 12 and 14, 2018 and January 7, 2019, in order to discuss Cox's outstanding discovery requests and Plaintiffs' objections and responses. Each of these calls lasted several hours and were attended by other counsel for both parties as well.

3.    Despite Cox's best efforts, the parties were unable to resolve their disputes over Cox's requests without the need for Court intervention.

4.    Attached hereto as **Exhibit 1** is a true and correct copy of Cox's First Set of Requests for Production of Documents ("RFPs"), served on November 19, 2018.

5.    Attached hereto as **Exhibit 2** is a true and correct copy of Cox Communications,

Inc.'s First Set of Interrogatories, served on November 19, 2018.

6.      Attached hereto as **Exhibit 3** is a true and correct copy of Plaintiffs' Objections and Responses to Cox's First Set of RFPs, served on December 19, 2018.

7.      Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiffs' Objections and Responses to Cox Communications, Inc.'s First Set of Interrogatories, served on December 19, 2018.

8.      Attached hereto as **Exhibit 5** is a true and correct copy of a December 7, 2018 letter from Cox to Plaintiffs regarding Cox's discovery requests.

9.      Attached hereto as **Exhibit 6** is a true and correct copy of a December 10, 2018 letter from Plaintiffs to Cox regarding the parties' discovery requests.

10.     On December 19, 2018, Plaintiffs produced approximately 9,000 documents, which appear to be related to validity and ownership.  Based on Winston & Strawn's review of these documents to date, it appears that nearly half of the documents are printouts from the Copyright Officer's website that show the works' registration number, its title, the artist(s), and the copyright claimant.

11.     Based on Winston & Strawn's review of Plaintiff's documents produced with the bates pre-fix "SME," representing documents for the "Sony Music Entertainment" plaintiff group, which comprises eight individual plaintiffs, it appears that the vast majority of the works have been registered as works-for-hire but only a small number of what appear to be chain-of-title documents have been produced and they appear to deal with only a small number of the relevant artists.

12.     Attached hereto as **Exhibit 7** is a true and correct copy of a December 26, 2018 letter from Cox to Plaintiffs regarding the parties' discovery requests.

13.     Attached hereto as **Exhibit 8** is a true and correct copy of a December 28, 2018 letter from Plaintiffs to Cox regarding the parties' discovery requests.

14.     Attached hereto as **Exhibit 9** is a true and correct copy of the transcript of a June 26, 2015 hearing before this Court in *BMG Rights Management (US)LLC et al v. Cox Enterprises, Inc. et al.*, No. 1:14-cv-01611-LO-JFA.

15.     Attached hereto as **Exhibit 10** is a true and correct copy of a subpoena to MarkMonitor, Inc. that was served on January 7, 2019 by Cox that seeks the production of documents.

16.     Attached hereto as **Exhibit 11** is a true and correct copy of Plaintiffs' Rule 26(a)(1) Disclosures, served on December 12, 2018.

17.     The following three exhibits (Exhibits 12-14) are articles that were published by the Center for Copyright Information and relate to the Copyright Alert System ("CAS"), the CAS Agreement, and related issues.

18.     Based upon information and belief, the CAS and the CAS Agreement were terminated in or around January 27, 2017.

19.     While Cox was never a signatory of the CAS Agreement, based upon information and belief, a number of the Plaintiffs were, including Sony Music Entertainment and UMG Recordings, Inc.  In addition, upon information and belief, all of the other Plaintiffs were either affiliates, subsidiaries, or successors of signatories to the CAS Agreement.  I also understand that the Recording Industry Association of America ("RIAA") was a signatory of the CAS Agreement and many of the Plaintiffs are members of the RIAA.

20.     Attached hereto as **Exhibit 12** is a true and correct copy of a document from the Center for Copyright Information titled, "The Copyright Alert System: Phase One and Beyond,"

published on May 28, 2014. The document was available at http://www.copyrightinformation.org/wp-content/uploads/2014/05/Phase-One-And_Beyond.pdf. While this website is no longer active, it was obtained with the use of the The Wayback Machine (*see* https://archive.org/web/).

21.      Attached hereto as **Exhibit 13** is a true and correct copy of a document from the Center for Copyright Information titled, "Memorandum of Understanding," published on July 6, 2011. The document was available at http://www.copyrightinformation.org/wp-content/uploads/2013/02/Memorandum-of-Understanding.pdf. While this website is no longer active, it was obtained with the use of the The Wayback Machine (*see* https://archive.org/web/).

22.      Attached hereto as **Exhibit 14** is a true and correct copy of a press release by the Center for Copyright Information titled "Statement on the Copyright Alert System," published on January 27, 2017. The document was available at http://www.copyrightinformation.org/statement/statement-on-the-copyright-alert-system/. While this website is no longer active, it was obtained with the use of the The Wayback Machine (*see* https://archive.org/web/).

23.      Attached hereto as **Exhibit 15** is a true and correct copy of Plaintiffs' First Set of Requests for Production of Documents to Cox, served on November 19, 2018.

24.      Attached hereto as **Exhibit 16** is a true and correct copy of Plaintiffs' First Set of Interrogatories to Cox, served on November 19, 2018.

25.      Attached hereto as **Exhibit 17** is true and correct copy of a January 4, 2019 letter from Cox to Plaintiffs regarding the parties' discovery requests.

26.      Attached hereto as **Exhibit 18** is a true and correct copy of a January 11, 2019 letter from Cox to Plaintiffs regarding the parties' discovery requests.

27.     Attached hereto as **Exhibit 19** is a true and correct copy of Plaintiffs' Objections and Supplemental Responses to Cox's RFPs, served on January 11, 2019.

28.     Attached hereto as **Exhibit 20** is a true and correct copy of a January 15, 2019 letter from Cox regarding Plaintiffs' Supplemental Responses and other discovery issues.

29.     Attached hereto as **Exhibit 21** is a true and correct copy of an e-mail that I received on January 17, 2019 from Jeffrey M. Gould, Esq., counsel for Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of January, 2019 in San Francisco, California.


/s/ Jennifer A. Golinveaux
Jennifer A. Golinveaux