# Exhibit 1

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DEFENDANTS COX COMMUNICATIONS, INC.'S AND COXCOM, LLC'S**
**FIRST SET OF REQUESTS FOR PRODUCTION**

**PROPOUNDING PARTY:**   Defendants Cox Communications, Inc. and CoxCom, LLC

**RESPONDING PARTY:**   Plaintiffs

**SET NUMBER**:   One (Nos. 1-175)

Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") hereby requests that Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc.,

1

Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc. (collectively, "Plaintiffs") each produce the documents set forth below for inspection and copying at the offices of Winston & Strawn LLP, 200 Park Avenue, New York, NY 10166, or at such other location as mutually agreed to by the parties, within thirty (30) days after the service of these Requests for Production ("Requests"), pursuant to Fed. R. Civ. P. 34.  Any objections must be served within fifteen (15) days after the service of these Requests, pursuant to E.D. Va. L.R. 26(C).

## GENERAL DEFINITIONS AND RULES OF CONSTRUCTION

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.     "Plaintiff," "Plaintiffs," "You," or "Your" shall mean any or all of Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music,

Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc., and/or any of its or their representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing entities.

2.      "Cox" shall refer to Defendants Cox Communications, Inc. and/or CoxCom, LLC.

3.      "CAS" shall refer to the Copyright Alert System.

4.      "Cloud Storage Account" shall mean any account, application, data repository, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, email accounts, cloud-based storage accounts (*e.g.*, Dropbox, Box.com, iCloud, Google Drive, etc.), cloud-based servers (*e.g.*, Digital Ocean, Rackspace, Amazon S3, Google Cloud, Microsoft Azure,

etc.), cloud-based data repositories (*e.g.*, Github, Gitlab, Bitbucket, etc.) and email accounts (*e.g.*, Outlook, Gmail, Yahoo, etc.).

5.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, including but not limited to written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and telegraphic, facsimile, telex or computer-assisted electronic messages (including but not limited to e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social media platforms or blogs).

6.      "Complaint" shall refer to Plaintiffs' complaint filed on or about July 31, 2018, in the above-captioned matter.

7.       "Copyright Works" shall refer to those works You claim were infringed and for which You seek relief in this litigation.

8.      "Document" or "documents" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded, or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-

ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any Electronic Storage Device or in any Cloud Storage Account, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.  A draft or non-identical copy is a separate document within the meaning of this term.

9.      "Electronic Storage Device" shall mean remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

10.     "Harbor Labs" shall refer to Harbor Labs and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on Harbor Labs's behalf.

11.     "ISP" shall refer to Internet Service Provider.

12.     "MarkMonitor" shall refer to MarkMonitor, Inc. and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on MarkMonitor's behalf.

13.     The term "peer-to-peer file sharing sites" shall include websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs

or programming, code, computer-based products, and/or any similar or related thing, including those utilizing the BitTorrent technology or protocol.

14.    "Person" shall mean any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, former employees, representatives and agents.

15.    The term "Personally Identifiable Information" shall mean information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information.

16.    The term "Plaintiffs' Claim Period" shall refer to the time period from February 2013 to November 2014.

17.    "RIAA" shall refer to the Recording Industry Association of America and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on the RIAA's behalf.

18.    "Rightscorp" shall refer to Rightscorp, Inc. and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on Rightscorp's behalf.

19.    "Stroz Friedberg" shall refer to Stroz Friedberg, an Aon Company, and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on Stroz Friedberg's behalf.

20.     As used herein, the terms "this lawsuit," "this litigation," and "this case" refer to *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.,* Case No. 1:18-cv-00950-LO-JFA, pending in the United States District Court for the Eastern District of Virginia.

21.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa.

22.     "Any" and "all" shall mean one or more.

23.     The term "date" means the exact day, month and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations or matters.

24.     The terms "reflecting," "referring," "relating to," "concerning" or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

25.     "Including" shall mean without limitation.

26.     The term "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

27.     Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender;

references to the past including the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

## **INSTRUCTIONS**

1.      Each requested document shall be produced in its entirety, including all attachments and enclosures.  If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the document.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2.      Pursuant to Federal Rule of Civil Procedure Rule 34, all documents produced in response to these Requests for Production shall be produced in such a way as to identify the request that they are responsive to or in the same order as they are kept in the ordinary course of business and, where attached, shall not be separated or disassembled.  If the documents responsive to any request are normally kept in a file or folder, also produce that file or folder with any labels attached thereto, and indicate the company, division, department, and/or individual from whose files the document is being produced.  If responsive documents are segregated or separated from other documents, whether by inclusion in binders, files, sub-files, or by use of dividers, tabs or any other method, produce such documents in that form.

3.      Furnish all available documents in Your possession, custody, or control.  You must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if the requested materials might plausibly exist there.

4.      Respond to each request by affirmatively stating in writing the full extent to which You will produce materials.  Promptly after production, confirm in writing that You have produced

all materials that You could locate after a diligent search of all locations that might plausibly have such materials.  You may not respond that You have produced or will produce "responsive" materials.

5.      If You do not possess information to answer any request for documents, You are under a duty to make a reasonable effort to obtain such information.

6.      Produce electronic records and computerized information in an intelligible format, together with a description of the system from which they came, sufficient to permit rendering the records and information intelligible.

7.      Select and number the documents with sufficient information to ensure identification of the source and sequence of each document.  If documents are being produced on behalf of more than one Plaintiff, state as much.

8.      If, in responding these document requests, You assert a privilege to any particular request, You must identify the nature of the privilege (including attorney work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked.  In addition, You must sufficiently describe and identify the privilege to permit Cox and the Court to make an informed decision as to whether the matter is indeed privileged.

9.      The definitions and instructions set forth in Fed. R. Civ. P. 26(b)(5) are incorporated herein by reference.

10.     If You seek to withhold any information based on some limitation of discovery (including, but not limited to, a claim of privilege) applicable to any document, provide all parts of the document within the scope of the requests that are not subject to privilege.  For each item of information contained in a document to which You claim privilege, provide at least the following:

a)      the privilege You are asserting and the factual basis;

b)      the names and positions of the author of the document and all other persons participating in the preparation of the document;

c)      the name and position of each individual or other person who received the information in the document;

d)      the date of the document;

e)      a description of any accompanying material transmitted with or attached to such document;

f)      the number of pages in the document;

g)      the particular request to which the document is responsive;

h)      whether the document has any discussion of business or non-legal matters; and

i)      the steps You took to ensure the confidentiality of the document.

For email or message threads that contain multiple emails/messages, provide the above information for each email/message.

11.    If Your response to a particular request is a statement that You lack the ability to furnish documents in that request, You must specify whether the inability to comply is because the particular item of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer in Your possession, custody, or control, in which case identify the name and address of any person or entity You know or believe to have possession, custody, or control of that information.

12.    If a document once existed and has later been lost, destroyed, or otherwise missing, please identify the document and state the details concerning the disposition of the document.

13.     If, in responding to these document requests, You claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but You shall set forth as part of Your response to the request the language deemed to be ambiguous and the interpretation You choose to use in responding to the request.

14.     If You have a good-faith objection to any request or any part of any request, state the specific nature of the objection and whether it applies to the entire request or to specific parts of a request.  If the objection relates to only a part or parts of a request, identify the objectionable part or parts and identify or produce any and all documents responsive to the remaining parts.

15.     Each request is continuing in nature.  If, after responding to these requests, You obtain or become aware of further documents, such documents shall be produced promptly in accordance with Rule 26(e) of the Federal Rules of Civil Procedure and the definitions and instructions herein.

## REQUESTS FOR PRODUCTION

**Request No. 1:**

Documents sufficient to identify all works in which You own, claim, and/or control a copyright that You allege that subscribers, account holders, or customers of Cox have infringed and for which You claim Cox is responsible or liable in this litigation.

**Request No. 2:**

Documents sufficient to identify the Copyright Works that You claim that subscribers, account holders, or customers of Cox have infringed and for which You claim Cox is responsible or liable in this litigation.

**Request No. 3:**

Full digital copies of all Copyright Works.

**Request No. 4:**

Samples of all Copyright Works.

**Request No. 5:**

All of the versions of the Copyright Works that You claim have been infringed.

**Request No. 6:**

All certifications of copyright registration for the Copyright Works.

**Request No. 7:**

Copies of the deposit copies of the Copyright Works submitted to the United States Copyright Office of the Library of Congress (the "Copyright Office").

**Request No. 8:**

All documents concerning communications between You and the Copyright Office regarding the Copyright Works, including, but not limited to, all applications to register the Copyright Works.

**Request No. 9:**

All documents issued by the Copyright Office concerning the Copyright Works, including, without limitation, certificates of copyright registrations, supplemental registrations, renewals of registrations, recorded assignments, recorded transfers, and/or terminations of transfer.

**Request No. 10:**

All documents concerning the validity of the copyright registrations of the Copyright Works.

**Request No. 11:**

All documents concerning any communications between You and any governmental agency concerning the Copyright Works.

**Request No. 12:**

Documents sufficient to demonstrate the first publication date of each of the Copyright Works.

**Request No. 13:**

Documents sufficient to demonstrate whether any of the Copyright Works were created as a work for hire.

**Request No. 14:**

All documents concerning whether any of the Copyright Works is a work for hire.

**Request No. 15:**

All documents evidencing, referring, or relating to the chain of title for the Copyright Works.

**Request No. 16:**

All documents concerning ownership of or claims of right in the Copyright Works.

**Request No. 17:**

All documents relating to Your allegation in paragraph 81 of Your complaint that "Plaintiffs own and/or control in whole or in part the copyrights and/or exclusive rights in … the sound recordings listed on Exhibit A and musical compositions listed on Exhibit B."

**Request No. 18:**

All documents concerning disputes related to ownership at any time of the Copyright Works, including documents between You and any person concerning any question, uncertainty,

13

litigation, or disputes over Your ownership, co-ownership, administration, control of, or other rights to, the Copyright Works.

**Request No. 19:**

Documents, including without limitation organizational charts, sufficient to identify Your organizational structure since January 1, 2013, including without limitation Your departments, divisions, corporate officers, executives, and managers, including their names, titles, direct reports, and duties and responsibilities.

**Request No. 20:**

Documents, including without limitation corporate organizational charts, sufficient to identify Your corporate family structure since January 1, 2013, including without limitation Your parents, subsidiaries, affiliates, successors, and predecessors.

**Request No. 21:**

All documents concerning all forms of assignments of the copyrights that You claim cover the Copyright Works for each of last ten (10) years.

**Request No. 22:**

All documents concerning all forms of licenses of the copyrights that You claim cover the Copyright Works and that were in effect at any time during the last ten (10) years.

**Request No. 23:**

All master agreements with entities to which You license the Copyright Works, such as, for example, the Apple Store, Google Play, Spotify, YouTube, Pandora, etc. and that were in effect at any time during the last ten (10) years.

**Request No. 24:**

Any analysis of a royalty agreement or other form of agreement between You and an ISP regarding the Copyright Works.

**Request No. 25:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the revenue you generated from all forms of assignments organized by each Copyright Work and for each of the last ten (10) years.

**Request No. 26:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the revenue you generated from all forms of licenses organized by each Copyright Work and for each of the last ten (10) years.

**Request No. 27:**

Your detailed and itemized profit and loss statements or reports, provided in a readable and useable format (*e.g.*, Microsoft Excel or Access) organized by each of the Copyright Works for each of the last ten (10) years.

**Request No. 28:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the claimed lost sales or licenses due to the infringement of the Copyright Works by Cox's subscribers, account holders, or customers, as alleged in Your Complaint and for which you seek relief in this litigation, organized by each of the Copyright Works.

**Request No. 29:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the claimed lost sales or licenses due to infringement of the

for the Copyright Works on peer-to-peer file sharing sites, organized by each Copyright Work and for each of the last ten (10) years.

**Request No. 30:**

All documents that evidence, refer to, or discuss any damages or harm, including, without limitation, monetary damage, You claim to have suffered, or believe are likely to suffer, due to the infringements of each of the Copyright Works by Cox's subscribers, account holders, or customers, as alleged in Your Complaint.

**Request No. 31:**

All documents concerning Your efforts to mitigate any damages or harm, including without limitation, monetary damage, You claim to have suffered, or believe are likely to suffer, due to the infringements of the Copyright Works by Cox's subscribers, account holders, or customers, as alleged in Your Complaint.

**Request No. 32:**

All documents concerning valuation of the copyrights and the Copyright Works, including appraisals, You assert in this litigation at the time You acquired them or were considering the acquisition of them.

**Request No. 33:**

All documents reflecting negotiations concerning, and all agreements covering, the sale of the Copyright Works.

**Request No. 34:**

All documents concerning Your efforts to market and promote the digital downloading or streaming of the Copyright Works.

**Request No. 35:**

All documents concerning the change in value of the copyrights or the Copyright Works You assert in this litigation since the time that You acquired them to present.

**Request No. 36:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through streaming of the Copyright Works that You are asserting in this litigation.

**Request No. 37:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through digital downloads of the Copyright Works that You are asserting in this litigation.

**Request No. 38:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through physical media of the Copyright Works that You are asserting in this litigation.

**Request No. 39:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through any form of media not covered in Requests Nos. 36-38, including but not limited to movie/film, television, and advertisements, of the Copyright Works that You are asserting in this litigation.

**Request No. 40:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual revenue for each of the last ten (10) years.

**Request No. 41:**

17

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual revenue from each Copyright Work by medium and for each of the last ten (10) years, including Your revenue less expenses from payments to the artists who created the Copyright Works as well as all other documented costs and expenses.

**Request No. 42:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual profit for each of the last ten (10) years.

**Request No. 43:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual profit from each Copyright Work by medium and for each of the last ten (10) years.

**Request No. 44:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual expenses from each Copyright Work by medium and for each of the last ten (10) years.

**Request No. 45:**

All documents concerning Your decision whether to pursue statutory damages in this litigation, including the documents or information upon which You relied in forming this decision.

**Request No. 46:**

All documents concerning Your decision whether to pursue actual damages in this litigation, including the documents or information upon which You relied in forming this decision.

**Request No. 47:**

All documents concerning any relief, including but not limited to damages, You expect to recover, gain, or receive as a result of a finding of liability against Cox in this litigation.

**Request No. 48:**

All documents concerning any relief, including but not limited to damages, any person other than a Plaintiff or Plaintiffs expect(s) to recover, gain, or receive as a result of a finding of liability against Cox in this litigation.

**Request No. 49:**

All documents concerning the relief, including but not limited to damages, any person, including You or any other Plaintiff(s), expect(s) to recover, gain, or receive in this litigation, regardless of a finding of liability against Cox.

**Request No. 50:**

All documents concerning the effect from copyright infringement over peer-to-peer file sharing sites on Your actual total revenue and/or profits generated during Plaintiffs' Claim Period.

**Request No. 51:**

All documents concerning the effect from copyright infringement over peer-to-peer file sharing sites on Your total projected and/or expected revenue and profits from the Copyright Works during Plaintiffs' Claim Period.

**Request No. 52:**

All documents that reference BitTorrent or other types of peer-to-peer file sharing sites as it relates to copyright infringement, whether actual or potential, of the Copyright Works.

**Request No. 53:**

All documents that reference BitTorrent or other types of peer-to-peer file sharing sites as it relates to sampling musical works, whether actual, perceived, or potential, of the Copyright Works.

**Request No. 54:**

All documents that reference BitTorrent or other types of peer-to-peer file sharing sites as it relates to permitted or authorized uses, whether actual, perceived, or potential, of the Copyright Works.

**Request No. 55:**

All documents concerning the diminished or diminishing use of BitTorrent or other peer-to-peer file sharing sites, whether actual, perceived, or potential, of the Copyright Works

**Request No. 56:**

All documents concerning the benefit to any Plaintiff due to that Plaintiff's Copyright Work being made available, whether for download or otherwise, over peer-to-peer file sharing sites during Plaintiffs' Claim Period.

**Request No. 57:**

All documents concerning Your use of peer-to-peer file sharing sites or technology including but not limited to BitTorrent.

**Request No. 58:**

All documents concerning Your use of peer-to-peer file sharing sites or technology to promote, market, or otherwise benefit You, any of the Copyright Works, and/or any of the artists who created the Copyright Works.

**Request No. 59:**

Documents sufficient to demonstrate the amount of "money, time, effort and talent in creating, advertising, promoting, selling, and licensing sound recordings embodying the performances of [each Plaintiff's] exclusive recording artists and their unique and valuable sound recordings," as alleged in paragraph 38 of Your Complaint, for each Copyright Work, for each of the last ten (10) years.

**Request No. 60:**

Documents sufficient to demonstrate the amount of "money, time, effort, and talent [expended] to acquire, administer, publish, license, and otherwise exploit [the Copyright Works], on [each Plaintiff's] own behalf and on behalf of songwriters and other music publishers who have assigned exclusive copyright interests to the Music Publisher Plaintiffs," as alleged in Paragraph 80 of Your Complaint, for each Copyright Work, for each of the last ten (10) years.

**Request No. 61:**

All documents that You claim support the allegation in paragraph 103 of Your Complaint that "[w]hen Cox's subscribers use Cox's network to obtain infringing copies of Plaintiff's copyrighted works illegally, that activity undercuts the legitimate music market, depriving Plaintiffs and those recording artists and songwriters who works they sell and license of the compensation to which they are entitled."

**Request No. 62:**

All documents that You claim support the allegation in paragraph 103 of Your Complaint that "[w]ithout such compensation, Plaintiffs, and their recording artists and songwriters, have fewer resources available to invest in further creation and distribution of high-quality music."

**Request No. 63:**

Documents sufficient to demonstrate the monies You have delivered to the "recording artists and songwriters" referred to in paragraph 103 of Your complaint for each Copyright Work and for each of the last ten (10) years.

**Request No. 64:**

All documents that mention, refer to, or relate to Cox that were created, received, or sent from 2013 to present.

**Request No. 65:**

All documents concerning communications with Cox regarding copyright infringement.

**Request No. 66:**

All documents that mention, refer to, or relate to this litigation that were created, received, or sent from 2013 to present.

**Request No. 67:**

All documents that You claim constitute evidence of infringement by a Cox subscriber, account holder, or customer of a Copyright Work and for which you seek relief in this litigation.

**Request No. 68:**

For each instance that You claim constitutes an act of infringement by a Cox subscriber, account holder, or customer of a Copyright Work, documents sufficient to also identify (a) the individual You claim engaged in the infringement, (b) the Copyright Work at issue, (c) the specific actions of that individual that You claim constitutes infringement of the Copyright Work, and (d) all other facts that You claim support Your determination that the identified individual or act constitutes infringement by a Cox subscriber, account holder, or customer of a Copyright Work.

**Request No. 69:**

Documents sufficient to demonstrate the number of Cox subscribers, account holders, or customers You claim to be a "repeat infringer," as that term is used in Your Complaint.

**Request No. 70:**

For each subscriber, account holder, or customer of Cox's that You determined or stated was a "repeat infringer," as that term is used in Your Complaint, all documents that You reviewed, considered, relied upon, or dismissed in connection with reaching a determination that an alleged infringer was a "repeat infringer."

**Request No. 71:**

For each instance where You determined or stated that a subscriber, account holder, or customer of Cox infringed the Copyright Works, all documents that concern whether the Cox subscriber, account holder, or customer in question is the person who actually engaged in the allegedly infringing conduct, including documents that either tend to support or undermine such a determination.

**Request No. 72:**

All non-privileged documents concerning opinions, legal or otherwise, including the opinions, You have rendered, obtained, received, considered, dismissed, or relied upon regarding infringement by Cox, or by Cox's subscribers, account holders, or customers of the Copyright Works.

**Request No. 73:**

All non-privileged documents concerning opinions, legal or otherwise, including the opinions, You have rendered, obtained, received, considered, dismissed, or relied upon regarding a determination that any subscriber, account holder, or customers of Cox is a repeat infringer of the Copyright Works based on the alleged infringement of the Copyright Works.

**Request No. 74:**

Documents sufficient to demonstrate that the Cox subscribers alleged to have infringed a Copyright Work downloaded the entirety of the data comprising the Copyright Work while connected to the Internet through Cox's network.

**Request No. 75:**

Documents sufficient to demonstrate that the Cox subscribers alleged to have infringed a Copyright Work downloaded the entirety of the data comprising the Copyright Work while connected to the Internet through Cox's network exclusively from another Cox subscriber who was also connected to the Internet through Cox's network.

**Request No. 76:**

All copyright infringement notices sent to Cox by, or on behalf of, You, including those referenced in paragraphs 88 and 91 of Your Complaint.

**Request No. 77:**

All copyright infringement notices sent to Cox by, or on behalf of, You for the Copyright Works, including those referenced in paragraphs 88, 91, and 95 of Your Complaint.

**Request No. 78:**

All copyright infringement notices that You will rely on in this litigation not otherwise produced in response to Request Nos. 77 & 78.

**Request No. 79:**

All documents that You claim demonstrate Cox's receipt of any of the copyright infringement notices that You will rely on this litigation, including those referenced in paragraphs 88, 91, and 95 of Your Complaint.

**Request No. 80:**

All documents that You claim demonstrate Cox's knowledge of any of the copyright infringement notices upon which You will rely in this litigation, including those referenced in paragraphs 88, 91, and 95 of Your Complaint.

**Request No. 81:**

All documents that You claim demonstrate Cox's knowledge of any of the copyright infringement alleged by You in this litigation.

**Request No. 82:**

All documents that support Your claim that You or someone on Your behalf prepared copyright notices to be sent to Cox beyond the 200,000 referenced in paragraph 92 of Your Complaint.

**Request No. 83:**

All documents that support Your claim that You or someone on Your behalf sent copyright notices to Cox beyond the 200,000 referenced in paragraph 92 of Your Complaint.

**Request No. 84:**

Documents sufficient to identify who prepared for and/or sent to Cox the copyright notices beyond the 200,000 referenced in paragraph 92 of Your Complaint.

**Request No. 85:**

Documents sufficient to identify who prepared and/or sent the copyright notices that You will rely on in this litigation.

**Request No. 86:**

Documents that identify, in any respect, including by IP address, the Cox subscribers, account holders, or customers who You claim have infringed the Copyright Works for which you seek relief in this litigation.

**Request No. 87:**

All documents concerning efforts, whether by You or by third parties, to identify individuals (including efforts to obtain names, IP addresses, email addresses, or other Personally Identifiable Information) whom You believe infringed or attempted to infringe the Copyright Works online.

**Request No. 88:**

All documents concerning efforts to identify individuals (including efforts to obtain names, IP addresses, email addresses, or other Personally Identifiable Information) who participated in or used online file-sharing services, including but not limited to peer-to-peer file sharing sites.

**Request No. 89:**

All documents concerning communications with, or attempts to contact, individuals or entities You believe infringed or attempted to infringe the Copyright Works online, including but not limited to infringement or attempted infringement by means of peer-to-peer file sharing sites.

**Request No. 90:**

Documents that You claim demonstrate that the Copyright Works were infringed, including all documents that You claim demonstrate that "Cox's subscribers, using Internet access and services provided by Cox, have unlawfully reproduced and distributed via BitTorrent or other P2P networks thousands of sound recordings and musical compositions[,]" as alleged in paragraph 106 of Your Complaint

**Request No. 91:**

All documents concerning the actual knowledge of Cox of any particular infringement of the Copyright Works at a time that Cox could prevent that infringement.

**Request No. 92:**

All documents that support Your claim that Cox had reason to know of any particular infringement of the Copyright Works at a time that Cox could prevent that infringement.

**Request No. 93:**

All documents that support Your claim that Cox knew that "its subscribers routinely used its networks for illegal downloading and uploading of copyrighted works, especially music[,]" as alleged in paragraph 88 of Your Complaint.

**Request No. 94:**

All documents that support Your claim that Cox had "knowledge that its network was being used for copyright infringement on a massive scale," as alleged in paragraph 107 of Your Complaint.

**Request No. 95:**

All documents that support Your claim that Cox "knew of specific subscribers engaged in such repeated and flagrant infringement," as alleged in paragraph 107 of Your Complaint.

**Request No. 96:**

All documents that support Your claim that Cox "facilitated" the infringement of the Copyright Works by "continuing to provide its network and the facilities necessary for its subscribers to commit repeated infringements," as alleged in paragraph 107 of Your Complaint.

**Request No. 97:**

All documents that support Your claim that Cox "encouraged" the infringement of the Copyright Works by "continuing to provide its network and the facilities necessary for its subscribers to commit repeated infringements," as alleged in paragraph 107 of Your Complaint.

**Request No. 98:**

All documents that support Your claim that Cox "materially contributed" to the infringement of the Copyright Works by "continuing to provide its network and the facilities necessary for its subscribers to commit repeated infringements," as alleged in paragraph 107 of Your Complaint.

**Request No. 99:**

All documents that support Your claim that Cox "purposefully ignor[ed] and turn[ed] a blind eye to [] flagrant and repeated infringement by its subscribers," as You allege in paragraph 108 of Your Complaint.

**Request No. 100:**

All documents that support Your claim that any acts by Cox alleged in paragraphs 105-109 of Your complaint were "willful, intentional, and purposeful, and in disregard of Plaintiffs' rights," as alleged in paragraph 110 of Your Complaint.

**Request No. 101:**

All documents that support the allegation in paragraph 88 of Your Complaint that "Cox condoned [] illegal activity because it was popular with subscribers and acted as a draw in attracting and retaining subscribers."

**Request No. 102:**

All documents that support the allegation in paragraph 88 of Your Complaint that Cox "recognized that if it prevented its repeat infringer subscribers from using its service, or made it

less attractive for such use, Cox would enroll fewer new subscribers, lose existing subscribers, and lose revenue."

**Request No. 103:**

All documents that support Your allegation that Cox made its "service," as that term is used in paragraph 88 of Your Complaint, "attractive" for copyright infringement.

**Request No. 104:**

All documents that support the allegation in paragraph 88 of Your Complaint that "[i]n return" for Cox's alleged actions, its "customers purchased more bandwidth … ."

**Request No. 105:**

All documents that support the allegation in paragraph 88 of Your Complaint that Cox "obliged" its "subscribers who wanted to download files illegally at faster speeds[.]"

**Request No. 106:**

All documents that support the allegation in paragraph 88 of Your Complaint that Cox charged "higher rates" to allow its "subscribers" who "download[ed] files illegally[.]"

**Request No. 107:**

All documents that support Your claim that Cox was incentivized, financially or otherwise, to permit its subscribers, account holders, or customers to engage in copyright infringement on its network.

**Request No. 108:**

All documents that support Your claim that Cox had or has a direct financial interest in the infringement of the Copyright Works.

**Request No. 109:**

All documents that support the allegation in paragraph 3 of Your Complaint that "Cox's profits increased dramatically as a result of the massive infringement that it facilitated … ."

**Request No. 110:**

All documents that demonstrate any correlation, connection, or cause and effect relationship between Cox's act of terminating its subscriber's, account holder's, or customer's Internet service due to alleged or complained of copyright infringement and the subsequent status of that subscriber's, account holder's or customer's telephone or video services, such as the subscriber's, account holder's, or customer's decision to maintain or terminate those services.

**Request No. 111:**

All documents that support the allegation in paragraph 96 of Your Complaint that Cox possessed the "legal right … to prevent or limit the infringements occurring on its network."

**Request No. 112:**

All documents that support the allegation in paragraph 96 of Your Complaint that Cox possessed the "obligation … to prevent or limit the infringements occurring on its network."

**Request No. 113:**

All documents that support the allegation in paragraph 96 of Your Complaint that Cox possessed the "technical ability … to prevent or limit the infringements occurring on its network."

**Request No. 114:**

All documents concerning any analysis regarding Cox's "technical ability … to prevent or limit the infringements occurring on its network."

**Request No. 115:**

All documents that support the allegation in paragraph 96 of Your Complaint that "Cox is the gatekeeper of the network over which data—including infringing works—is transferred."

**Request No. 116:**

All documents concerning the ability of Cox to avoid, limit, or restrict particular infringements of the Copyright Works.

**Request No. 117:**

All documents concerning actions You or any other Plaintiff believes Cox could have taken, other than monitoring its service or terminating service to subscribers, account holders, or customers, in order to avoid, limit, or restrict particular infringements of the Copyright Works.

**Request No. 118:**

All documents concerning an ISP's response to receiving an infringement notice from any entity, including the "representatives" identified in paragraph 2 of Your Complaint.

**Request No. 119:**

All documents concerning the Record Company Plaintiffs' "multi-year effort to enforce their copyrights against individuals using P2P systems directly to infringe copyrighted musical or other works[,]" as alleged in paragraph 90 of Your Complaint.

**Request No. 120:**

All documents concerning efforts that You have taken to enforce Your copyrights, whether related to the Copyright Works or not.

**Request No. 121:**

All documents concerning any subpoenas You have issued as related to the enforcement of Your copyrights.

**Request No. 122:**

All documents concerning the enforcement of the copyrights covering the Copyright Works other than as related to this litigation.

**Request No. 123:**

All documents concerning Your decision to initiate or not initiate enforcement efforts against Cox or any other ISP as it relates to alleged copyright infringement through the use of peer-to-peer file sharing sites.

**Request No. 124:**

All documents concerning efforts that You have taken to prevent the infringement of the Copyright Works through the use of peer-to-peer file sharing sites.

**Request No. 125:**

All documents concerning Your communications or negotiations with Cox regarding the number of infringement notices it would accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

**Request No. 126:**

All documents concerning Your communications or negotiations with ISPs other than Cox regarding the number of infringement notices that any of those other ISPs would accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

**Request No. 127:**

All documents concerning the policies or practices of online service providers (including without limitation ISPs and Internet access providers) concerning the termination or suspension of their subscribers or account holders due to allegations of copyright infringement.

**Request No. 128:**

All documents that reference or concern Cox's Cox Abuse Tracking System (the "CATS").

**Request No. 129:**

All documents concerning the technical abilities of the CATS, including its ability to process notices.

**Request No. 130:**

All documents concerning communications between You and any ISP other than Cox regarding Your request or demand for the ISP to transmit information to the ISP's subscriber, account holder, or customer.

**Request No. 131:**

All documents concerning Your communications with anyone not employed or otherwise affiliated with an ISP concerning the number of infringement notices that any ISP would or would not accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

**Request No. 132:**

All documents concerning settlements or agreements that You, or anyone acting on Your behalf, have reached, proposed, or internally approved with any of Cox's subscribers, account holders, or customers.

**Request No. 133:**

All documents concerning settlements or agreements that You, or anyone acting on Your behalf, have reached, proposed, or internally approved with any subscribers, account holders, or customers of ISPs other than Cox.

**Request No. 134:**

All documents concerning communications with, or attempts to contact, Cox subscribers concerning allegations of copyright infringement.

**Request No. 135:**

All documents concerning any communications, including the communications, with people who received copyright infringement notices sent by You, on Your behalf, or upon which You will rely in this litigation.

**Request No. 136:**

All documents concerning any of the copyright infringement notices upon which You will rely in this litigation or that were sent to Cox by You or on Your behalf.

**Request No. 137:**

All documents that You claim demonstrate a relationship between Cox and any of its subscribers, account holders, or customers that justifies or creates *respondeat superior* liability of Cox as related to this litigation.

**Request No. 138:**

All documents that You claim demonstrates a relationship between Cox and any of its subscribers, account, holders, or customers that justifies or creates common-law vicarious liability of Cox as related to this litigation.

**Request No. 139:**

All documents concerning, and communications with, any entity, including the "representatives" identified in paragraph 2 of Your Complaint, that prepared and/or sent copyright infringement notices relating to the Copyright Works.

**Request No. 140:**

All documents concerning and communications with Rightscorp.

**Request No. 141:**

All documents concerning and communications with MarkMonitor.

**Request No. 142:**

All documents constituting agreements between You and any entity, including the "representatives" identified in paragraph 2 of Your Complaint, that offered to and/or ultimately did send copyright infringement notices on behalf of You or any other Plaintiff for the Copyright Works, including the drafts and unexecuted or proposed versions thereof.

**Request No. 143:**

All documents constituting agreements between You and any entity, including the "representatives" identified in paragraph 2 of Your Complaint, that prepared copyright infringement notices upon which You will rely in this litigation, including the drafts and unexecuted or proposed versions thereof.

**Request No. 144:**

Copies of business plans, prospectuses, marketing materials, investor materials, white papers, websites, or any other materials concerning the processes and procedures for monitoring peer-to-peer file sharing sites in order to identify potential copyright infringement from 2013 to the present maintained by You, any other Plaintiff, or someone working on behalf of You and/or any other Plaintiff.

**Request No. 145:**

All documents concerning joint litigation agreements or common interest agreements that relate to this litigation, the Copyright Works, or the copyright infringement notices upon which you are relying in this litigation.

**Request No. 146:**

All documents concerning communications regarding access to, or control by You, of documents in the possession or custody of any non-party concerning Cox, this lawsuit, the facts

giving rise to this litigation and the underlying dispute, or the documents that Cox has otherwise sought in this litigation.

**Request No. 147:**

All documents concerning any computer code, computer program, software, hardware, system, process, or device through which copyright infringement was monitored and/or detected and related copyright infringement notices were prepared and sent by You or on Your behalf to Cox for the Copyright Works.

**Request No. 148:**

All documents concerning any computer code, computer program, software, hardware, system, process, or device utilized to monitor or detect copyright infringement through BitTorrent or peer-to-peer file sharing sites that resulted in the copyright infringement notices upon which You are relying in this litigation.

**Request No. 149:**

All documents constituting, comprising, or evidencing Your policies for document management, preservation, storage, indexing, and disposal.

**Request No. 150:**

Copies of any document preservation notices that You distributed in connection with the Copyright Works, this lawsuit, the underlying dispute, or that otherwise concerns any of the facts alleged in Your Complaint.

**Request No. 151:**

All documents that reference the lawsuit *BMG Rights Mgmt. (US) LLC et al. v. Cox Commc'ns, Inc. et al.* (E.D. Va.) and any appeals and remands thereof.

**Request No. 152:**

36

All documents that reference the lawsuit styled as *UMG Recordings, et al. v. Grande Commc'ns et al*, (W.D. Tex.).

**Request No. 153:**

All documents concerning the RIAA and either this lawsuit, Cox, and/or the Copyright Works.

**Request No. 154:**

All communications between You or any other Plaintiff and the RIAA concerning either Cox, this lawsuit, the Copyright Works, and/or MarkMonitor.

**Request No. 155:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between You and/or any other Plaintiff and the RIAA.

**Request No. 156:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between You and/or any other Plaintiff and MarkMonitor.

**Request No. 157:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between You and/or any other Plaintiff and Rightscorp.

**Request No. 158:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between the RIAA and any other person as it relates to either Cox, this lawsuit, and/or the Copyright Works.

**Request No. 159:**

All documents concerning any technical or qualitative analysis of any computer code, computer program, software, hardware, system, process, or device utilized to produce the copyright notices upon which You will rely in this litigation, including any documents drafted by either Stroz Friedberg or Harbor Labs.

**Request No. 160:**

All documents concerning Your efforts, or efforts made on Your behalf, to detect and/or monitor the infringement of Your copyrights through BitTorrent or peer-to-peer file sharing sites.

**Request No. 161:**

Correspondence concerning the reliability, efficacy, and results of Your efforts, or efforts made on Your behalf, to detect and/or monitor the infringement of Your copyrights through BitTorrent or peer-to-peer file sharing sites.

**Request No. 162:**

Correspondence with anyone who sent copyright infringement notices to Cox on Your behalf.

**Request No. 163:**

Correspondence with anyone who sent copyright infringement notices to Cox upon which You are relying in this litigation.

**Request No. 164:**

All documents concerning Stroz Friedberg's relationship with and/or engagement by the RIAA between 2004 and 2009.

**Request No. 165:**

All documents concerning CAS.

**Request No. 166:**

All documents concerning negotiations related to CAS.

**Request No. 167:**

All documents concerning any Memorandum of Understanding concerning CAS, including without limitation the July 6, 2011 Memorandum of Understanding (the "7/6/2011 MOU") to which the RIAA was a signatory (singly or collectively, a "CAS MOU").

**Request No. 168:**

All documents concerning any agreement You entered into pursuant to any CAS MOU or any related agreement, including without limitation any Implementation Agreement You entered into pursuant to the 7/6/2011 MOU.

**Request No. 169:**

All documents concerning Your status as a signatory of a CAS MOU.

**Request No. 170:**

All documents concerning Cox's compliance or non-compliance with policies or procedures reflected in CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

**Request No. 171:**

All documents concerning any technological system used to detect, monitor, or generate or send notifications concerning, copyright infringement in connection with CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

**Request No. 172:**

All reviews, assessments, evaluations, reports, or the like, concerning CAS, including without limitation any technological system utilized in connection with CAS.

**Request No. 173:**

All documents concerning any reviews, assessments, evaluations, reports, or the like, concerning CAS or a CAS MOU, including without limitation drafts.

**Request No. 174:**

All documents concerning notifications sent pursuant to CAS, any CAS MOU, or any Implementation Agreement, concerning allegations of copyright infringement of any Copyright Work.

**Request No. 175:**

All documents sent to, or received from, anyone You may designate as an expert witness or consultant in this litigation or regarding the issues in this litigation.

Dated:  November 19, 2018

*s/ Michael S. Elkin*
Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com

Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP

200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## <u>CERTIFICATE OF ELECTRONIC SERVICE</u>

I hereby certify that on November 19, 2018, I served via electronic mail the foregoing **DEFENDANTS COX COMMUNICATIONS, INC.'S AND COXCOM, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION** upon the following:

Jeffrey M. Gould
Oppenheim & Zebrak LLP
5225 Wisconsin Ave NW, Suite 503
Washington, DC 20015
Tel.: 202-851-4526
Fax: 866-766-1678
Email: jeff@oandzlaw.com
*Attorneys for Plaintiffs*

*s/ Sean R. Anderson*
Sean R. Anderson
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com

*Attorneys for Defendants Cox Communications, Inc.
and CoxCom, LLC*