# Exhibit 2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

## DEFENDANT COX COMMUNICATIONS, INC.'S
## FIRST SET OF INTERROGATORIES

**PROPOUNDING PARTY:**       Defendant Cox Communications, Inc.

**RESPONDING PARTY:**        Plaintiffs

**SET NUMBER:**              One (Nos. 1-12)

Defendant Cox Communications, Inc., through its undersigned counsel and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds its First Set of Interrogatories upon Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M.

Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc., (collectively, "Plaintiffs"), to be fully answered in writing under oath, by each Plaintiff, within thirty (30) days of service of these Interrogatories. Any objections must be served within fifteen (15) days after the service of these Interrogatories, pursuant to E.D. Va. L.R. 26(C).

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "Plaintiff," "Plaintiffs," "You," or "Your" shall mean any or all of Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music,

2

Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc., and/or any of its or their representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing entities.

    2.    "Cox" shall mean Cox Communications, Inc. and/or CoxCom, LLC.

    3.    "CAS" shall refer to the Copyright Alert System.

    4.    "Cloud Storage Account" shall mean any account, application, data repository, or virtual mailbox capable of sending, receiving, and/or storing messages or information electronically using a computer or other electronic device, and includes, without limitation, email accounts, cloud-based storage accounts (*e.g.*, Dropbox, Box.com, iCloud, Google Drive, etc.), cloud-based servers (*e.g.*, Digital Ocean, Rackspace, Amazon S3, Google Cloud, Microsoft Azure,

etc.), cloud-based data repositories (*e.g.*, Github, Gitlab, Bitbucket, etc.) and email accounts (*e.g.*, Outlook, Gmail, Yahoo, etc.).

5. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, including but not limited to written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and telegraphic, facsimile, telex or computer-assisted electronic messages (including but not limited to e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social media platforms or blogs).

6. "Complaint" shall mean Plaintiffs' Complaint filed on or about July 31, 2018, in the above-captioned matter.

7. "Copyright Works" shall refer to those works You claim were infringed and for which You seek relief in this litigation.

8. "Document" or "documents" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded, or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-

ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any Electronic Storage Device or in any Cloud Storage Account, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.  A draft or non-identical copy is a separate document within the meaning of this term.

9. "Electronic Storage Device" shall mean remote storage systems; servers (including but not limited to virtual servers); hosted servers (including but not limited to virtual hosted servers); computers; CPUs; hard drives; disk drives; flash drives; virtual file systems; cellular telephones; smart phones; SIM cards; CDs; DVDs; USB drives; any devices that contain any hard drive, disk drive, flash drive, flash memory and/or SIM card; and any other device or medium that can be used to store data or information in any electronic format or that can be used to view, convert, process, or manipulate data or information in any way.

10. "ISP" shall refer to Internet Service Provider.

11. "Person" shall mean and include a natural person, individual, partnership, firm, corporation, limited liability company, or any kind of business or legal entity, including its agents or employees.

12. "Identify" shall mean, when used in reference to:

(a) a Person that is a natural person, his or her: (i) full name; and (ii) present or last known job position, business affiliation, and job description; (iii) and present or last known home and business addresses.

(b) a Person that is a partnership, firm, corporation or any kind of business or legal entity, its: (i) legal name and any d/b/a; (ii) and its business address(es).

5

   (c) a Document, its: (i) author; (ii) subject matter, title and date, and the total number of pages thereof; (iii) the date on which it was first reviewed, obtained by, furnished to or prepared by You; (iv) each and every addressee; (v) each and every person to whom copies were sent and/or by whom copies were received; and (vi) its present location(s) and custodian(s), or its disposition if no location(s) or custodian(s) is specified in response to subject (vi) thereof.

   (d) a Communication, (i) the date of the Communication, (ii) all Persons present for the Communication, (iii) the approximate duration of the Communication, (iv) the subject matter of the Communication, (v) the method of communication (*e.g.*, in person, by telephone, by email, by chat application, etc.), and (vi) a detailed description of the contents of the Communication.

   (e) a "copyright" or a "Copyright Work" identify the work, the author, the artist; the current owner, any current exclusive licensee, the U.S. copyright registration number, and the date of the registration.

   (f) a "copyright infringement" or "infringement" identify the copyright infringed, each person or entity believed by You to have infringed it (including any facts You will rely upon to prove the infringement), the exclusive right of the copyright owner that has been infringed, and the date(s) of each alleged infringement.

  13. Whenever used herein, the singular shall be deemed to include the plural, and the plural shall be deemed to include the singular; the masculine shall be deemed to include the feminine, and the feminine shall be deemed to include the masculine; the disjunctive ("or") shall be deemed to include the conjunctive ("and"), and the conjunctive ("and") shall be deemed to include the disjunctive ("or"); and each of the functional words "each," "every," "and," and "all" shall be deemed to include each of the other functional words.

14. The terms "relating," "referring," "reflecting," "concerning," and their variants shall be construed to bring within the scope of the interrogatory any document or information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of the subject matter of the interrogatory, including, without limitation, all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports or otherwise evidences the existence of the subject matter of the interrogatory.

15. As used herein, the terms "this lawsuit," "this litigation," and "this case" refer to *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.,* Case No. 1:18-cv-00950-LO-JFA, pending in the United States District Court for the Eastern District of Virginia.

## INSTRUCTIONS

1. Each interrogatory listed below seeks all information that is within Your knowledge, possession, custody or control, as well as all of the information that is within the knowledge, possession, custody or control of Your attorneys or agents, and any other person acting on Your behalf.

2. If You are unable to answer fully any interrogatory due to a lack of knowledge or information, You must answer the interrogatory to the fullest extent possible and state the reason or reasons why You are unable to completely answer the interrogatory.

3. If, in answering any of these interrogatories, You are not aware of exact dates, amounts, or other figures or facts, but You have information permitting You to make an approximate or estimated answer, You must state each answer and indicate that it is an approximation or estimate because more precise information is not known or available to You.

4. In lieu of describing a Document, You may attach to Your answers a true and correct copy of a Document or Documents, provided that each Document is appropriately marked

to identify the interrogatory to which the Document is responsive. If the Document or Documents You attach is only a part of the information requested, You must provide the remaining information in writing in response to the applicable interrogatory. If any Document identified is no longer in Your possession, custody, or control, or is no longer in existence, state whether it is: (a) lost or missing; (b) destroyed; (c) transferred voluntarily or involuntarily to others and, if so, to whom; or (d) otherwise disposed. In each instance, explain the circumstances surrounding and the authorization for each disposition, and state the approximate date thereof.

   5. If a Document or response is being provided on behalf of more than one Plaintiff, such Document or response must state as much.

   6. If You claim that a Communication or Document is protected from production by the attorney-client privilege, the work product doctrine, or any other privilege or protection, You must supply at the time of responding to these interrogatories a schedule that specifically identifies: (a) each such Document or Communication by date; (b) author(s); (c) the person(s) to whom the Document or Communication was directed; (d) the nature of the Document or Communication (*e.g.*, letter memorandum); (e) subject matter, title and number of pages; and (f) the basis for withholding the Document or Communication.

   7. If You learn that any of Your responses to these interrogatories were incomplete or incorrect, You must promptly amend or supplement the incomplete/incorrect responses.

   8. All interrogatories herein are continuing in nature, and any subsequently discovered or additional information responsive to these interrogatories shall be supplied to Cox immediately upon Your learning such information.

   9. Cox reserves the right to serve supplemental and/or additional interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all copyrighted works that You claim that Cox's subscribers, account holders, or customers have infringed and for which You seek relief in this litigation.

**INTERROGATORY NO. 2:**

For each work identified in response to Interrogatory No. 1, state on an annual basis for each of the past ten (10) years Your gross and net revenue generated by each work organized by medium and how such gross and net revenue was calculated.

**INTERROGATORY NO. 3:**

For each work identified in response to Interrogatory No. 1, state on an annual basis for each of the past ten (10) years Your gross profit, operating profit, and pre-tax profit generated by each work organized by medium and how such gross profit, operating profit, and pre-tax profit was calculated.

**INTERROGATORY NO. 4:**

Identify the entities that have sent copyright infringement notices to Cox regarding the Copyright Works upon which You will rely in this litigation, including the "representatives" referenced in paragraph 2 of Your Complaint.

**INTERROGATORY NO. 5:**

Identify the entities that have prepared copyright infringement notices regarding the Copyright Works upon which You will rely in this litigation, including the "representatives" referenced in paragraph 2 of Your Complaint.

**INTERROGATORY NO. 6:**

Identify all of the entities that have sent copyright infringement notices to Cox regarding the Copyright Works upon which You will not rely in this litigation.

**INTERROGATORY NO. 7:**

Identify all of the entities that have performed a technical or qualitative analysis of any entity, procedure, or system utilized to generate the copyright infringement notices upon which You will rely in this litigation, including those generated by the "representatives" referenced in paragraph 2 of Your Complaint.

**INTERROGATORY NO. 8:**

Identify all of the ISPs with which You, either directly or indirectly, have communicated regarding the CAS, any agreements related to the CAS, and the processing of copyright infringement notices by ISPs.

**INTERROGATORY NO. 9:**

Identify all persons with knowledge of the facts You have alleged in Your pleadings or on which You base this litigation.

**INTERROGATORY NO. 10:**

State the amount of damages You believe that You are entitled to recover in this litigation.

**INTERROGATORY NO. 11:**

For the damages that You identify in response to Interrogatory No. 10, identify the facts and methodology upon which You rely to calculate the stated amount.

**INTERROGATORY NO. 12:**

Identify all persons, including but not limited to Your employees, who have responsibility for managing Your relationship with any artist on whose behalf You are asserting a copyright.

Dated:  November 19, 2018                    *s/ Michael S. Elkin*
                                             Michael S. Elkin (*pro hac vice*)
                                             WINSTON & STRAWN LLP
                                             200 Park Avenue
                                             New York, NY 10166-4193
                                             Tel: (212) 294-6700

        Fax: (212) 294-4700
        Email: melkin@winston.com

        Thomas M. Buchanan (VSB No. 21530)
        WINSTON & STRAWN LLP
        1700 K Street, NW
        Washington, DC 20006-3817
        Tel: (202) 282-5787
        Fax: (202) 282-5100
        Email: tbuchana@winston.com

        *Attorneys for Defendants Cox Communications, Inc.*
        *and CoxCom, LLC*

*Of Counsel for Defendants*

Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## **CERTIFICATE OF ELECTRONIC SERVICE**

I hereby certify that on November 19, 2018, I served via electronic mail the foregoing **DEFENDANT COX COMMUNICATIONS, INC.'S FIRST SET OF INTERROGATORIES** upon the following:

Jeffrey M. Gould
Oppenheim & Zebrak LLP
5225 Wisconsin Ave NW, Suite 503
Washington, DC 20015
Tel.: 202-851-4526
Fax: 866-766-1678
Email: jeff@oandzlaw.com

*Attorneys for Plaintiffs*

*s/ Sean R. Anderson*
Sean R. Anderson
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com

*Attorneys for Defendants Cox Communications, Inc. and CoxCom, LLC*