# Exhibit 3

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 1:18-cv-00950-LO-JFA |
| COX COMMUNICATIONS, INC., *et al.*, | |
| Defendants. | |

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS COX, INC. AND
COXCOM, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION**

**PROPOUNDING PARTY:**     Defendants Cox Communications, Inc. and CoxCom, LLC

**RESPONDING PARTY:**     Plaintiffs

**SET NUMBER**:     One (Nos. 1-175)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Eastern District of Virginia's Local Rules, Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc.,

Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc. (collectively, "Plaintiffs"), by and through their attorneys, hereby submit their objections and responses to the First Set of Requests for Production ("Requests") propounded by Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox"). As Plaintiffs' investigation into this matter is ongoing, Plaintiffs reserve the right to supplement or amend their objections and responses to the extent allowed by the Federal Rules of Civil Procedures, the Local Rules, and orders of this Court. Plaintiffs will produce relevant, non-privileged documents as indicated in the responses below beginning on December 19, 2018 and continuing on a rolling basis until such production is complete.

## **GENERAL OBJECTIONS**

1.      Plaintiffs object to Cox's definitions, instructions, rules of construction, and requests for production to the extent they seek to impose obligations other than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Virginia, and any applicable order of this Court. Plaintiffs will interpret and respond to the requests for production in the manner prescribed by the same.

2.     Plaintiffs object to the requests for production as unduly burdensome to the extent they seek information, documents, or things that are equally available to Cox or not in Plaintiffs' possession, custody, or control, as those terms are defined in Federal Rule of Civil Procedure 34(a).

3.     Plaintiffs object to the requests for production to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common-interest privilege, or by any other privilege or immunity under federal or state law.   The inadvertent production of information that is privileged, was prepared in anticipation of litigation or for trial, or that is otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection, or of the right of Plaintiffs to object to the use of such information during subsequent proceedings. Plaintiffs offer to meet and confer with Cox regarding the appropriate parameters for a log of responsive documents being withheld on the basis of privilege or immunity, subject to Plaintiffs' asserted objections below and the condition that work product and attorney-client privileged documents generated after Plaintiffs' January 29, 2016 demand letters need not be identified.

4.     Plaintiffs object to the requests for production to the extent they seek confidential or proprietary information pertaining to Plaintiffs' businesses, technology, or economic relationships. Plaintiffs will only provide such responsive information or documents once a stipulated protective order is in place, and the parties agree that such information shall be disclosed only as permitted by Local Rules of the District Court for the Eastern District of Virginia, and upon receipt of permission from third parties, if necessary.

5.     Plaintiffs object to the requests for production as overly broad and unduly burdensome to the extent they require Plaintiffs to produce documents or information beyond what is available to Plaintiffs following a reasonable search of documents in their possession, custody, or control and a reasonable inquiry of their current employees.  Of Cox's 175 document requests,

3

130 seek "all documents" regarding their respective subject matter. Plaintiffs object to Cox's failure to propound requests proportionately tailored to the relevance of particular issues and the needs of the case.

6.     Plaintiffs' responses to the requests for production are made without waiver of, and with the intentional preservation of:

a.   All questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity and admissibility as evidence in any aspect of this or any other legal proceeding;

b.   The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

c.   The right to object at any time to further responses to requests for production on any ground; and

d.   The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time.

7.     Identification or production of documents or information responsive to any discovery request should not be construed as:

a.   An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

b.   A waiver by Plaintiffs of their General Objections or of the specific objections asserted in response to a specific request for production; or

c.   An agreement that requests for similar information will be treated in a similar manner.

8.     Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge,

possession, custody, or control.  Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case.  By including "all past and present… employees" of every corporate affiliate, parent, and predecessor of Plaintiffs, Cox is requesting that Plaintiffs search for information relating to tens of thousands of persons.  Read literally, Cox's definition would encompass former human resources and facilities management employees who have not worked for any Plaintiff in decades.

9.     Plaintiffs object to the definition of "Communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case.  For example, the definition includes "telex" messages, which refers to messages sent on a public switched network of teleprinters that businesses used prior to the adoption of fax machines in the 1980s. Plaintiffs also object to the inclusion of "posts on social media platforms or blogs" to the extent publicly available and/or equally available or accessible to Cox.  And any limited or tangential relevance of such information would be outweighed by the burden of searching an undefined number of social media and blog sites for, potentially, tens of thousands of current and former employees.

10.     Plaintiffs object to the definition of "Document" or "documents" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "blue-prints [sic]," even though engineering designs and architectural plans have no possible relevance to a case concerning digital copyright infringement.  Plaintiffs further object to inclusion of "any information stored or available on the Internet," as such information is generally publicly available and equally accessible to Cox.

11.     Plaintiffs object to the definition of "Electronic Storage Device" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "SIM cards," which are small integrated circuits designed to authenticate subscribers on cellphone networks.  There is no reason to believe that SIM cards contain unique information that

would justify the burden of locating and extracting data from, potentially, tens of thousands of cards.

12.     Plaintiffs incorporate by reference the General Objections set forth above in the specific objections set forth below.  Plaintiffs may repeat a General Objection for emphasis or other reason.  The failure to repeat any General Objection does not waive any General Objection to the request for production.  Plaintiffs reserve their right to amend the General Objections or any specific objection.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST NO. 1:

Documents sufficient to identify all works in which You own, claim, and/or control a copyright that You allege that subscribers, account holders, or customers of Cox have infringed and for which You claim Cox is responsible or liable in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as premature because it seeks identification of "all works" and the full scope of Cox's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery and Plaintiffs reserve the right to rely upon or assert claims regarding Cox's infringement of any of their copyrighted works.  Plaintiffs further object to the terms "subscribers," "account holders," and "customers," as vague and ambiguous. Cox's use of three terms implies distinct definitions for each—definitions which Cox has not provided.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs direct Cox to Exhibits A and B of the Complaint, Dkt. 1, and copyright registration certificates and documents that have been or will be produced shortly.  Exhibit A is a representative, non-exhaustive list of sound recordings (identified by title, artist, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation.  The sound recordings in Exhibit A represent works infringed by Cox's subscribers, account holders, or customers after those particular subscribers were identified to Cox in multiple infringement notices.  Exhibit B is a representative, non-exhaustive list of musical compositions (identified by title, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation. The musical compositions in Exhibit B represent works infringed by Cox's subscribers, account holders, or customers after those particular subscribers were identified to Cox in multiple infringement notices.  Plaintiffs reserve their right to amend Exhibits A and B during the litigation.

## REQUEST NO. 2:

Documents sufficient to identify the Copyright Works that You claim that subscribers, account holders, or customers of Cox have infringed and for which You claim Cox is responsible or liable in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as premature because the full scope of Cox's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery and Plaintiffs reserve the right to rely upon or assert claims regarding Cox's infringement of any of their copyrighted works.  Plaintiffs further object to the terms "subscribers,"

"account holders," and "customers," as vague and ambiguous.  Cox's use of three terms implies distinct definitions for each—definitions which Cox has not provided.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs direct Cox to Exhibits A and B of the Complaint, Dkt. 1, and copyright registration certificates and documents that have been or will be produced shortly.  Exhibit A is a representative, non-exhaustive list of sound recordings (identified by title, artist, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation.  The sound recordings in Exhibit A represent works infringed by Cox's subscribers, account holders, or customers after those particular subscribers were identified to Cox in multiple infringement notices.  Exhibit B is a representative, non-exhaustive list of musical compositions (identified by title, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation. The musical compositions in Exhibit B represent works infringed by Cox's subscribers, account holders, or customers after those particular subscribers were identified to Cox in multiple infringement notices.  Plaintiffs reserve their right to amend Exhibits A and B during the litigation.

**REQUEST NO. 3:**

Full digital copies of all Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as premature because it seeks digital copies of "all Copyright Works" and Plaintiffs do not know the full scope of Cox's infringement of Plaintiffs' copyrighted works.  A more complete picture of Cox's infringement will be determined during discovery.  Accordingly, Plaintiffs reserve their right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Cox.

Plaintiffs also object to this request because it is vague and ambiguous, including in that it is unclear whether Cox is requesting that Plaintiffs produce authorized, non-infringing copies of the relevant copyrighted works or the unauthorized, infringing copies.

Additionally, Plaintiffs object because the request is not proportional to the needs of the case. Whether in full digital form or otherwise, Plaintiffs are aware of no legitimate need Cox could have for authorized, non-infringing copies of all copyrighted works in suit. As such, the burden and expense of the proposed discovery outweighs any likely benefit. To the extent a legitimate need exists, the copyrighted works in suit are commercially available to the public. To force Plaintiffs to bear the expense associated with the proposed discovery would impose an undue burden on Plaintiffs.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will continue to meet and confer with Cox regarding its request for production of digital copies of the copyrighted works in suit.

**REQUEST NO. 4:**

Samples of all Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request because, as Plaintiffs read it, the request is unreasonably cumulative or duplicative of Request No. 3. Additionally, it is unclear what "samples" refers to. Plaintiffs direct Cox to their objections to Request No. 3.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will continue to meet and confer with Cox regarding its request for production of digital copies of the copyrighted works in suit.

**REQUEST NO. 5:**

All of the versions of the Copyright Works that You claim have been infringed.

**OBJECTIONS:**

Plaintiffs object to this request as premature because Plaintiffs do not know the full scope of Cox's infringement of Plaintiffs' copyrighted works. A more complete picture of Cox's infringement will be determined during discovery. Accordingly, Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Cox.

Plaintiffs also object to this request because it is unclear what "all versions of the Copyright Works" refers to. Whatever meaning is intended, Plaintiffs are aware of no legitimate need Cox could have for all versions of the copyrighted works in suit. As such, Plaintiffs object because the proposed discovery is overly broad and unduly burdensome, seeks information not relevant to or important in resolving the issues in the action, and is not appropriately tailored to the needs of the case.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will continue to meet and confer with Cox regarding its request for production of digital copies of the copyrighted works in suit.

**REQUEST NO. 6:**

All certifications of copyright registration for the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to the term "certifications" in the request as unclear. Plaintiffs interpret it to mean "certificates."

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website.

Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.

**REQUEST NO. 7:**

Copies of the deposit copies of the Copyright Works submitted to the United States Copyright Office of the Library of Congress (the "Copyright Office").

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad and unduly burdensome, seeks information not relevant to or important in resolving the issues in the action, and is not proportionate to the needs of the case. There is no legitimate need Cox could have for deposit copies of all copyrighted works in suit. Plaintiffs further object to the extent this request seeks documents in the possession of third parties rather than document in Plaintiffs' possession, custody or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs respond that, for the most part, Plaintiffs do not maintain copies of "deposit copies." To the extent that some copies of the deposit copies submitted to the Copyright Office may exist in Plaintiffs' custody, possession, or control, the significant burden associated with identifying those copyrighted works for which such copies exist outweighs any possible benefit of producing them. Plaintiffs respond further that in conjunction with an application for copyright registration, Plaintiffs submitted to the Copyright Office a commercially available copy of the relevant work for which registration was sought. Therefore, Plaintiffs direct Cox to the commercially available copies of the works identified on Exhibits A and B.

**REQUEST NO. 8:**

All documents concerning communications between You and the Copyright Office regarding the Copyright Works, including, but not limited to, all applications to register the Copyright Works.

**OBJECTIONS:**

This request is not proportional to the needs of the case because the proposed discovery has only marginal relevance to the claims and defenses of any party.  The burden and/or expense of the proposed discovery outweighs any likely benefit.

In addition, Plaintiffs object to the request as overly broad and irrelevant because it seeks "all documents concerning communications [with] the Copyright Office." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.

**REQUEST NO. 9:**

All documents issued by the Copyright Office concerning the Copyright Works, including, without limitation, certificates of copyright registrations, supplemental registrations, renewals of registrations, recorded assignments, recorded transfers, and/or terminations of transfer.

**OBJECTIONS:**

This request is unreasonably cumulative or duplicative, for example to Request No. 6. The request is also overly broad, unduly burdensome, and irrelevant, including in that it seeks information as to all copyrighted works in suit, rather than only those copyrighted works for which such information is necessary or relevant to the issues in the case.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration. In addition, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable search.

**REQUEST NO. 10:**

All documents concerning the validity of the copyright registrations of the Copyright Works.

**OBJECTIONS:**

This request is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning the validity" of Plaintiffs' copyright registrations. In addition to the breadth of the request, Plaintiffs object to the term "validity" as vague and ambiguous. This request improperly asks Plaintiffs to make a legal conclusion and

produce "all documents" rather than adequately identifying a specific category of documents for which Plaintiffs should search records kept in the ordinary course of their businesses.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.

**REQUEST NO. 11:**

All documents concerning any communications between You and any governmental agency concerning the Copyright Works.

**OBJECTIONS:**

This request is overly broad, unduly burdensome, and disproportionate to the needs of the case. There is no apparent relevance to this request as it duplicates Request Nos. 8 and 9, which seek documents from and communications with the Copyright Office.

Moreover, this request seeks documents about communications with "any governmental agency" and therefore encompasses any agency within any number of federal, state, or foreign government. Plaintiffs are large, international companies who may interact with governmental agencies for reasons entirely unrelated to any matter bearing on this case.

Additionally, the proposed discovery includes "all documents concerning any communications." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

14

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.

## REQUEST NO. 12:

Documents sufficient to demonstrate the first publication date of each of the Copyright Works.

**OBJECTIONS:**

This request is overly broad and unduly burdensome, including in that it seeks information as to all copyrighted works in suit, rather than only those copyrighted works, if any, for which such information is necessary or relevant to the issues in the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

Plaintiffs also object to this request as unreasonably cumulative or duplicative, for example of Request No. 6.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.

**REQUEST NO. 13:**

Documents sufficient to demonstrate whether any of the Copyright Works were created as a work for hire.

**OBJECTIONS:**

This request is overly broad, unduly burdensome, and irrelevant, including in that it seeks information as to all copyrighted works in suit, rather than only those copyrighted works, if any, for which such information is necessary or relevant to the issues in the case.  Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

Plaintiffs also object to this request as unreasonably cumulative or duplicative, for example of Request No. 6.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.

**REQUEST NO. 14:**

All documents concerning whether any of the Copyright Works is a work for hire.

**OBJECTIONS:**

Plaintiffs object to this request as unreasonably cumulative or duplicative of the previous request.  Like the previous request, this request is overly broad, unduly burdensome, and irrelevant, including in that it seeks information as to all copyrighted works in suit, rather than only those copyrighted works, if any, for which such information is necessary or relevant to the issues in the

case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit.

Additionally, the request for "all documents" is overly broad and unduly burdensome, particularly given the vague subject matter, i.e., "concerning whether any of the [works in suit] are works for hire."

Plaintiffs also object to this request as unreasonably cumulative or duplicative, for example of Request No. 6.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.

**REQUEST NO. 15:**

All documents evidencing, referring, or relating to the chain of title for the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome and not proportional to the needs of the case, including in that it seeks "[a]ll documents evidencing, referring, or relating to" chain of title. Plaintiffs similarly object because the request also seeks information as to all copyrighted works in suit, rather than only those copyrighted works, if any, for which such information may be necessary or relevant to the issues in the case.

Additionally, Plaintiffs object to the term "chain of title" as vague and ambiguous to the extent it calls for a legal conclusion.  Plaintiffs interpret this request to seek documents sufficient to demonstrate that Plaintiffs own or control the copyrighted works in suit.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable search.

**REQUEST NO. 16:**

All documents concerning ownership of or claims of right in the Copyright Works.

**OBJECTIONS:**

This request's call for "all documents" is overly broad, unduly burdensome and not proportional to the needs of the case.  Moreover, the request's call for documents "concerning ownership of or claims of right" in the copyrighted works is vague and ambiguous.  This request improperly asks Plaintiffs to make a legal conclusion and produce all supporting documents rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs interpret the request to seek documents and/or materials sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective works in suit.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website.

Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.  In addition, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable search.

**REQUEST NO. 17:**

All documents relating to Your allegation in paragraph 81 of Your complaint that "Plaintiffs own and/or control in whole or in part the copyrights and/or exclusive rights in … the sound recordings listed on Exhibit A and musical compositions listed on Exhibit B."

**OBJECTIONS:**

Plaintiffs object to this request as unreasonably cumulative or duplicative, for example of Request Nos. 15-16.  In addition, this request's call for "all documents relating to" an allegation in the Complaint is overly broad, unduly burdensome and not proportionally tailored to the needs of the case.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce for each of the copyrighted works in suit either a certificate of copyright registration or, if a certificate is not readily accessible, a look-up page evidencing registration printed from the U.S. Copyright Office's website. Alternatively, for some older copyrighted works, Plaintiffs will produce a copy of the Copyright Office's card-catalogue entry evidencing registration.  In addition, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under

copyright to their respective copyrighted works in suit, to the extent such documents can be located following a reasonable search.

**REQUEST NO. 18:**

All documents concerning disputes related to ownership at any time of the Copyright Works, including documents between You and any person concerning any question, uncertainty, litigation, or disputes over Your ownership, co-ownership, administration, control of, or other rights to, the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as unreasonably cumulative or duplicative, for example of Request Nos. 15-17.  Plaintiffs also object to this request's call for "all documents" during "any time" frame as overly broad, unduly burdensome, and not proportional to the needs of the case.

Additionally, the request for, among other things, documents concerning "disputes related to ownership" is vague and ambiguous.  Plaintiffs therefore interpret this request to seek documents concerning a litigation or demand letter challenging ownership of a copyrighted work in suit.  Plaintiffs further object to this request as irrelevant in seeking "all documents concerning disputes related to ownership" regardless of the nature or outcome of such disputes.  Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other privilege or immunity recognized by law.  Such information shall not be produced in response to any of Cox's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.  Notwithstanding, Plaintiffs are willing to meet and

confer with Cox if and when Cox identifies a good faith basis for disputing the ownership of a particular copyrighted work or works in suit.

**REQUEST NO. 19:**

Documents, including without limitation organizational charts, sufficient to identify Your organizational structure since January 1, 2013, including without limitation Your departments, divisions, corporate officers, executives, and managers, including their names, titles, direct reports, and duties and responsibilities.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad and unduly burdensome and because it seeks information not relevant to or important in resolving the issues in the action.  It is not remotely proportional to the needs of the case.  Plaintiffs are aware of no legitimate need Cox could have for documents identifying all of Plaintiffs' respective "departments, divisions, corporate officers, executives, and managers, including their names, titles, direct reports, and duties and responsibilities." Plaintiffs are large, international companies with thousands of employees, with evolving roles and responsibilities, across thousands of functions, departments, and divisions, most of whom/which have no relevance to this case.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce a representative organizational chart identifying employees in Plaintiffs' respective copyright and anti-piracy departments, to the extent such organizational charts exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 20:**

Documents, including without limitation corporate organizational charts, sufficient to identify Your corporate family structure since January 1, 2013, including without limitation Your parents, subsidiaries, affiliates, successors, and predecessors.

**OBJECTIONS:**

Plaintiffs object to this request in that it is unreasonably cumulative and duplicative of Request No. 19.  Plaintiffs object on the basis that the proposed discovery is overly broad and unduly burdensome, seeks information not relevant to or important in resolving the issues in the action, and is not proportional to the needs of the case.  Plaintiffs are aware of no legitimate need Cox could have for documents identifying all of Plaintiffs' respective "parents, subsidiaries, affiliates, successors, and predecessors." Plaintiffs also object to the request for Plaintiffs to identify their "successors" as it does not make sense in this context and/or is a typographical error.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce a representative organizational chart illustrating the respective corporate structures of Plaintiffs' U.S.-based corporate affiliates, to the extent such organizational charts exist and can be found in Plaintiffs' possession, custody, or control after a reasonable search.

**REQUEST NO. 21:**

All documents concerning all forms of assignments of the copyrights that You claim cover the Copyright Works for each of last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request's call for "all documents concerning all forms of assignments" as overly broad, not proportional to the needs of the case, and therefore unduly

burdensome.  The request for "all documents" is in and of itself overly broad and not proportional to the needs of the case.  In addition, the request seeks documents concerning any and all assignments of the copyrighted works in suit, without regard to whether such assignments have any bearing on issues in this case and Plaintiffs therefore object on relevance grounds.

Moreover, "all forms of" assignments is vague and ambiguous.  The language "for each of the last ten (10) years" is also vague and ambiguous when compared to the language used in Request No. 22, i.e., "in effect at any time during the last ten (10) years." Based on the quoted language, it is unclear whether and how the information sought in the two requests is different.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit to the extent such documents can be located following a reasonable search.

**REQUEST NO. 22:**

All documents concerning all forms of licenses of the copyrights that You claim cover the Copyright Works and that were in effect at any time during the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request's call for "all documents concerning all forms of licenses" as overly broad, not proportional to the needs of the case, and therefore unduly burdensome.  The request for "all documents" is in and of itself overly broad and not proportional to the needs of the case.  In addition, the request seeks documents concerning any and all assignments of the copyrighted works in suit, without regard to whether such assignments have any bearing on issues in this case and Plaintiffs therefore object on relevance grounds.

Moreover, "all forms of" assignments is vague and ambiguous.  The language "for each of the last ten (10) years" is also vague and ambiguous when compared to the language used in Request No. 22, i.e., "in effect at any time during the last ten (10) years." Based on the quoted language, it is unclear whether and how the information sought in the two requests is different.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit to the extent such documents can be located following a reasonable search.

**REQUEST NO. 23:**

All master agreements with entities to which You license the Copyright Works, such as, for example, the Apple Store, Google Play, Spotify, YouTube, Pandora, etc. and that were in effect at any time during the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request as unreasonably cumulative or duplicative of Request No. 22.  Plaintiffs also object to this request as irrelevant.  Cox has no legitimate need for copies of all master agreements relating to licenses of the copyrighted works.  Plaintiffs' master agreements contain extremely sensitive and confidential business and proprietary information.  The very high potential for prejudice to Plaintiffs and non-parties significantly outweighs the marginal, if any, relevance master agreements could have to this case.

Additionally, Plaintiffs object to this request's call for "all master agreements" as overly broad, not proportional to the needs of the case, and therefore unduly burdensome.  The request seeks any and all master agreements relating to the copyrighted works in suit without any apparent relevance to a disputed fact or issue in the case.

Plaintiffs further object to the language "in effect at any time during the last ten (10) years" as vague and ambiguous when compared to the language used in Request No. 21, i.e., "for each of the last ten (10) years." Based on the quoted language, it is unclear whether and how the information sought in the two requests is different.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 24:**

Any analysis of a royalty agreement or other form of agreement between You and an ISP regarding the Copyright Works.

**OBJECTIONS:**

Plaintiffs object that the request seeks irrelevant information that relates to agreements between any Plaintiff and any ISP, without any limitation as to time. The request is overly broad, not appropriately tailored to the needs of the case, and is therefore unduly burdensome. The request for "any analysis" is vague and ambiguous, as is "other form of agreement," such that the entire request is overly broad and unclear. As such, the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to determine a reasonable scope for this request tailored to seek information relevant to resolving the issues in the case.

**REQUEST NO. 25:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the revenue you generated from all forms of assignments organized by each Copyright Work and for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because "revenue you generated from all forms of assignments" is vague and confusing. Plaintiffs also object because Plaintiffs' revenues from assignment are not relevant to liability or damages.

Plaintiffs also object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.

In particular, Plaintiffs object to the request for revenue generated "from all forms of assignments organized by each Copyright Work and for each of the last ten (10) years" as overly broad, unduly burdensome and disproportionate to the needs of the case as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information.

Additionally, Plaintiffs object on the basis that the request for annual revenue over the last ten years from every assignment of every copyrighted work in suit is overly broad and not

proportional to the needs of the case.  Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit or potential relevance.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 26:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the revenue you generated from all forms of licenses organized by each Copyright Work and for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because "revenue you generated from all forms of licenses" is vague and confusing.  Plaintiffs also object because Plaintiffs' revenues from licenses are not relevant to liability or damages.

Plaintiffs also object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.

In particular, Plaintiffs object to the request for revenue generated "from all forms of licenses organized by each Copyright Work and for each of the last ten (10) years" as overly broad, unduly burdensome and disproportionate to the needs of the case as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence.  To the extent

Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to extent inconsistent with applicable law concerning the production of electronically stored information.

Additionally, Plaintiffs object on the basis that the request for annual revenue over the last ten years from every license of every copyrighted work in suit is overly broad and not proportional to the needs of the case. Therefore, the burden and/or expense of the proposed discovery outweighs any likely benefit or relevance.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 27:**

Your detailed and itemized profit and loss statements or reports, provided in a readable and useable format (*e.g.*, Microsoft Excel or Access) organized by each of the Copyright Works for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.

In particular, Plaintiffs object to the request for profit and lost statements "organized by each of the Copyright Works for each of the last ten (10) years" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs respond that they do not maintain "detailed and itemized profit and loss statements or reports . . . organized by each of the Copyright Works" or organized on a track-by-track basis. Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 28:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the claimed lost sales or licenses due to the infringement of the Copyright Works by Cox's subscribers, account holders, or customers, as alleged in Your Complaint and for which you seek relief in this litigation, organized by each of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information not relevant to resolving issues in the action and the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request as premature because Plaintiffs do not know the full scope of Cox's infringement of Plaintiffs' copyrighted works.  A more complete picture of Cox's infringement will be determined during discovery.  Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Cox.  Moreover, Plaintiffs object to this request because much of the information sought by this request is within Cox's possession, custody, or control, and which Plaintiffs seek from Cox in this case.  For example, Cox's documents showing that it continued to provide services to subscribers repeatedly infringing the copyrighted works in suit will demonstrate "lost sales or licenses due to the infringement ... by Cox's subscribers, account holders, or customers."

Additionally, Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.  In particular, Plaintiffs object to the request for information "organized by each of the Copyright Works" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create (and format) information not already in existence.  To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs.  Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or

Access)" as inconsistent with applicable law concerning the production of electronically stored information.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs respond that they do not have in their possession, custody, or control documents "sufficient to demonstrate the claimed lost sales or licenses due to the infringement of the Copyright Works by Cox's subscribers, account holders, or customers."  Furthermore, Plaintiffs seek statutory damages in this case.  Notwithstanding the above, Plaintiffs refer Cox to the notices of infringement sent on behalf of Plaintiffs to Cox regarding the copyrighted works identified on Exhibits A and B.  In addition, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014 and will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 29:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate the claimed lost sales or licenses due to infringement of the for the Copyright Works on peer-to-peer file sharing sites, organized by each Copyright Work and for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information not relevant to resolving issues in the action and the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.  It is also cumulative and duplicative of Request No. 28.

Plaintiffs also object to this request as premature because Plaintiffs do not know the full scope of Cox's infringement of Plaintiffs' copyrighted works.  A more complete picture of Cox's

infringement will be determined during discovery. Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Cox. Moreover, Plaintiffs object to this request because much of the information sought by this request is within Cox's possession, custody, or control, which Plaintiffs seek from Cox in this case. For example, Cox's documents showing that it continued to provide services to subscribers repeatedly infringing the copyrighted works in suit via peer-to-peer file sharing sites will demonstrate "lost sales or licenses due to [such] infringement ... by Cox's subscribers, account holders, or customers."

Plaintiffs also object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia. In particular, Plaintiffs object to the request for information "organized by each Copyright Work" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" as inconsistent with applicable law concerning the production of electronically stored information.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs respond that they do not have in their possession, custody, or control documents "sufficient to demonstrate the claimed lost sales or licenses due to infringement of the [sic] Copyright Works on peer-to-peer file sharing sites." Furthermore, Plaintiffs seek statutory damages in this case. Notwithstanding the above, Plaintiffs

refer Cox to the notices of infringement sent on behalf of Plaintiffs to Cox regarding the copyrighted works identified on Exhibits A and B.  In addition, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014 and will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 30:**

All documents that evidence, refer to, or discuss any damages or harm, including, without limitation, monetary damage, You claim to have suffered, or believe are likely to suffer, due to the infringements of each of the Copyright Works by Cox's subscribers, account holders, or customers, as alleged in Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as premature because Plaintiffs do not know the full scope of Cox's infringement of Plaintiffs' copyrighted works.  A more complete picture of Cox's infringement will be determined during discovery.  Plaintiffs reserve the right to rely upon and/or assert in this litigation any of their copyrighted works infringed by Cox.  Moreover, Plaintiffs object to this request because much of the information sought by this request is within Cox's possession, custody, or control, which Plaintiffs seek from Cox in this case.  For example, Cox's documents showing that it continued to provide services to subscribers repeatedly infringing the copyrighted works in suit will demonstrate "damages or harm, including ... monetary damage" Plaintiffs suffered due to infringement of the copyrighted works in suit by Cox's subscribers, account holders, or customers.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest

privilege, as trial preparation materials, or other privilege or immunity recognized by law.  Such information shall not be produced in response to any of Cox's requests, and any inadvertent production shall not be deemed to waive any privilege with respect to such information.

In addition, Plaintiffs object to this request's call for "all documents that evidence, refer to, or discuss any damages or harm" as overly broad, not proportional to the needs of the case, and therefore unduly burdensome.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**<u>REQUEST NO. 31:</u>**

All documents concerning Your efforts to mitigate any damages or harm, including without limitation, monetary damage, You claim to have suffered, or believe are likely to suffer, due to the infringements of the Copyright Works by Cox's subscribers, account holders, or customers, as alleged in Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter.  Moreover, the request for Plaintiffs' "efforts to mitigate damages or harm" caused by infringement by Cox's subscribers, account holders, or customers encompasses vast amount of information such that the burden and/or expense of the proposed discovery outweighs the likely benefit.

Plaintiffs also object to this request to the extent it seeks information within Cox's possession, custody, or control.  For example, Plaintiffs direct Cox to the tens of thousands of notices of infringement sent on behalf of Plaintiffs to Cox during the relevant time period regarding the copyrighted works in suit.  Plaintiffs further object to this request as irrelevant to the extent it purports to impose on Plaintiffs any legal obligation to mitigate damages caused by Cox's unlawful conduct.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs.

**REQUEST NO. 32:**

All documents concerning valuation of the copyrights and the Copyright Works, including appraisals, You assert in this litigation at the time You acquired them or were considering the acquisition of them.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" valuation of the copyrighted works.   Moreover, the request for valuation "at the time You acquired" the copyrighted works or "were considering the acquisition of them" is vague and confusing.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate 1) that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in

suit to the extent such documents can be located following a reasonable search, and 2) Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 33:**

All documents reflecting negotiations concerning, and all agreements covering, the sale of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents reflecting negotiations." "All documents" in and of itself is overly broad and unduly burdensome. Moreover, negotiations could involve any number of contract terms that have no bearing on or relevance to this case.

Plaintiffs also object because the term "sale of the Copyright Works" is vague and ambiguous. For example, it is unclear whether Cox is referring to the sale of ownership of a copyrighted work or sale of an authorized copy of a copyrighted work. In addition, the failure to narrow this request to a specific time frame renders it overly broad, unduly burdensome and not proportional to the needs of the case.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit to the extent such documents can be located following a reasonable search. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 34:**

All documents concerning Your efforts to market and promote the digital downloading or streaming of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter.  In addition, "efforts to market and promote the digital downloading or streaming" of the copyrighted works is so overly broad that the request encompasses work performed by hundreds, if not thousands, of employees.  In fact, the information sought by the request is not relevant to resolving issues in the action.

Additionally, Plaintiffs object that the request is vague and ambiguous.  For example, it is unclear whether Cox is seeking information relating to downloading or streaming the copyrighted works in suit specifically or relating to downloading and streaming generally.  As such, the burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 35:**

All documents concerning the change in value of the copyrights or the Copyright Works You assert in this litigation since the time that You acquired them to present.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter.  Moreover, the request for documents concerning the "change in value" of the copyrighted

works in suit is vague, ambiguous, overly broad and seeks information not relevant to or important in resolving the issues in the action.  The burden and/or expense of the proposed discovery outweighs any likely benefit.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate 1) that Plaintiffs are the legal and/or beneficial owners of an exclusive right under copyright to their respective copyrighted works in suit to the extent such documents can be located following a reasonable search, and 2) Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 36:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through streaming of the Copyright Works that You are asserting in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter.  The information sought is not relevant to resolving any issues in the action and the burden and/or expense of the proposed discovery outweighs any likely benefit or potential relevance.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 37:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through digital downloads of the Copyright Works that You are asserting in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter. The information sought is not relevant to resolving any issues in the action and the burden and/or expense of the proposed discovery outweighs any likely benefit or potential relevance.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 38:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through physical media of the Copyright Works that You are asserting in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter. The information sought is not relevant to resolving any issues in the action and the burden and/or expense of the proposed discovery outweighs any likely benefit or potential relevance.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 39:**

All documents concerning trends, forecasts, projections, or any other financial plans related to royalties, sales, revenue, or profits generated through any form of media not covered in Requests Nos. 36-38, including but not limited to movie/film, television, and advertisements, of the Copyright Works that You are asserting in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad

subject matter.  The information sought is not relevant to resolving any issues in the action and the burden and/or expense of the proposed discovery outweighs any likely benefit or potential relevance.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 40:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual revenue for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because Plaintiffs' revenues are not relevant to liability or damages.  Plaintiffs also object to this request to the extent it seeks to impose duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.  Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information. To the extent Cox seeks to alter or re-format information Plaintiffs are obliged to produce, Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their

possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014.

**REQUEST NO. 41:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual revenue from each Copyright Work by medium and for each of the last ten (10) years, including Your revenue less expenses from payments to the artists who created the Copyright Works as well as all other documented costs and expenses.

**OBJECTIONS:**

Plaintiffs object to this request because Plaintiffs' revenues are not relevant to liability or damages. Plaintiffs also object to the request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. For example, Plaintiffs commercialize their works in many different ways. The term "medium" could encompass a wide range of physical products such as vinyl records, cassette tapes, CDs, super audio CDs, DVD audio discs, and Blu-ray audio discs, as well as digital products, including downloads, live streams, and on-demand streams.

In addition, Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia. In particular, Plaintiffs object to the request for "total annual revenue from each Copyright Work by medium and for each of the last ten (10) years [less costs and expenses]" as unduly burdensome as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence. To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar

requirements onto Plaintiffs.  Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 42:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual profit for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because Plaintiffs' profits are not relevant to liability or damages.  Plaintiffs also object to this request to the extent it seeks to impose duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.  Plaintiffs further object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information. To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014.

**REQUEST NO. 43:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual profit from each Copyright Work by medium and for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because Plaintiffs' profits are not relevant to liability or damages.  Plaintiffs also object to the request because it is overly broad, unduly burdensome, and not proportional to the needs of the case.  For example, Plaintiffs commercialize their works in many different ways.  The term "medium" could encompass a wide range of physical products such as vinyl records, cassette tapes, CDs, super audio CDs, DVD audio discs, and Blu-ray audio discs, as well as digital products, including downloads, live streams, and on-demand streams.

In addition, Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.  In particular, Plaintiffs object to the request for "total annual profit from each Copyright Work by medium and for each of the last ten (10) years" as unduly burdensome as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence.  To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object

because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs also object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" to the extent inconsistent with applicable law concerning the production of electronically stored information.

Further, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 41.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 44:**

Documents that contain information in a readable and useable format (*e.g.*, Microsoft Excel or Access) sufficient to demonstrate Your total annual expenses from each Copyright Work by medium and for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because Plaintiffs' expenses are not relevant to liability or damages. Plaintiffs also object to the request because it is overly broad, unduly burdensome, and not proportional to the needs of the case. For example, Plaintiffs commercialize their works in many different ways. The term "medium" could encompass a wide range of physical products such as vinyl records, cassette tapes, CDs, super audio CDs, DVD audio discs, and Blu-ray audio discs, as well as digital products, including downloads, live streams, and on-demand streams. The term "expenses" is also vague and ambiguous.

In addition, Plaintiffs object to this request to the extent it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control, or imposes duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.  In particular, Plaintiffs object to the request for "total annual expenses from each Copyright Work by medium and for each of the last ten (10) years" as unduly burdensome as it appears to impose on Plaintiffs an obligation to create (and format) information not already in existence.  To the extent Cox seeks to alter or re-format information kept in the ordinary course of business, Plaintiffs object because Cox may not shift the burden and cost of its peculiar requirements onto Plaintiffs. Plaintiffs also object to the request's directive for information "in a readable and useable format (e.g., Microsoft Excel or Access)" as inconsistent with applicable law concerning the production of electronically stored information.

Further, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 41 and 43.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014.

**REQUEST NO. 45:**

All documents concerning Your decision whether to pursue statutory damages in this litigation, including the documents or information upon which You relied in forming this decision.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Moreover, Plaintiffs' "decision whether to pursue statutory damages" is not relevant to or important in resolving any issues in this case.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.  Plaintiffs also object to this request as premature.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 46:**

All documents concerning Your decision whether to pursue actual damages in this litigation, including the documents or information upon which You relied in forming this decision.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Moreover, Plaintiffs' "decision whether to pursue actual damages" is not relevant

to or important in resolving any issues in this case.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of Request No. 45.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 47:**

All documents concerning any relief, including but not limited to damages, You expect to recover, gain, or receive as a result of a finding of liability against Cox in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.  Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

In addition, Plaintiffs object because the term "relief" in the request is vague and ambiguous.  Cox's infringement hurts the entire market and industry for copyrighted sound

recordings and musical compositions.  In filing suit against Cox, Plaintiffs seek to protect their rights, that marketplace, and the industry.  Accordingly, Plaintiffs identified the relief they seek in the Complaint and are not aware of any other "relief" to which this request might be referring.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 30, 45 and 46.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs refer Cox to the Complaint's Prayer for Relief.

**REQUEST NO. 48:**

All documents concerning any relief, including but not limited to damages, any person other than a Plaintiff or Plaintiffs expect(s) to recover, gain, or receive as a result of a finding of liability against Cox in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request to the extent it is duplicative of Request No. 47.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Plaintiffs object to this request to the extent it seeks documents and information outside of Plaintiffs' possession, custody, or control.

Additionally, Plaintiffs object because the term "relief" in the request is vague and ambiguous. The request is also overly broad, vague, and ambiguous because it fails to identify with any specificity who "any person other than a Plaintiff or Plaintiffs" refers to. Plaintiffs are the owners and exclusive licensees of the works for which they are asserting copyright infringement. Cox's infringement hurts the entire market and industry for copyrighted sound recordings and musical compositions. In filing suit against Cox, Plaintiffs seek to protect their rights, that marketplace, and the industry. Accordingly, Plaintiffs identified the relief they seek in the Complaint and are not aware of any other "relief" to which this request might be referring.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 49:**

All documents concerning the relief, including but not limited to damages, any person, including You or any other Plaintiff(s), expect(s) to recover, gain, or receive in this litigation, regardless of a finding of liability against Cox.

**OBJECTIONS:**

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 30 and 45-48.

Plaintiffs object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law. Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client

privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Plaintiffs object to this request to the extent it seeks documents and information outside of Plaintiffs' possession, custody, or control.

Additionally, Plaintiffs object because the term "relief" in the request is vague and ambiguous.  The request is also overly broad, vague, and ambiguous because it fails to identify with any specificity who "any person other than a Plaintiff or Plaintiffs" refers to.  Plaintiffs are the owners and exclusive licensees of the works for which they are asserting copyright infringement.  Cox's infringement hurts the entire market and industry for copyrighted sound recordings and musical compositions.  In filing suit against Cox, Plaintiffs seek to protect their rights, that marketplace, and the industry.  Accordingly, Plaintiffs identified the relief they seek in the Complaint and are not aware of any other "relief" to which this request might be referring.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs refer Cox to the Complaint's Prayer for Relief.

**REQUEST NO. 50:**

All documents concerning the effect from copyright infringement over peer-to-peer file sharing sites on Your actual total revenue and/or profits generated during Plaintiffs' Claim Period.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad

subject matter.  Plaintiffs also object because the term "effect from copyright infringement" is vague and ambiguous.  The effect of copyright infringement via BitTorrent or other types of peer-to-peer file sharing sites has been felt far and wide in the music industry in numerous ways since the late 1990's.  It has impacted all employees and all areas of the music business and been the subject of many litigations.  The burden and/or expense of the proposed discovery as drafted outweighs any likely benefit or possible relevance.  Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 51:**

All documents concerning the effect from copyright infringement over peer-to-peer file sharing sites on Your total projected and/or expected revenue and profits from the Copyright Works during Plaintiffs' Claim Period.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter.  Plaintiffs also object because the term "effect from copyright infringement" is vague and ambiguous.  The effect of copyright infringement via BitTorrent or other types of peer-

to-peer file sharing sites has been felt far and wide in the music industry in numerous ways since the late 1990's.  It has impacted all employees and all areas of the music business and been the subject of many litigations.  The burden and/or expense of the proposed discovery as drafted outweighs any likely benefit or possible relevance.  Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 52:**

All documents that reference BitTorrent or other types of peer-to-peer file sharing sites as it relates to copyright infringement, whether actual or potential, of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents that reference" broad subject matter, particularly without any reference to the relevant time period.  Plaintiffs also object because the request is vague and ambiguous.  The effect of actual or potential infringement via BitTorrent or other types of peer-to-peer file sharing sites has been felt far and wide in the music industry in numerable ways since the late 1990's.  It has impacted all employees and all

areas of the music business and been the subject of many litigations.  The burden and/or expense of the proposed discovery as drafted outweighs any likely benefit.

In addition, Plaintiffs object to this request insofar as it seeks the disclosure of publicly available information or information equally available to Cox from documents or other sources within its own possession, custody, or control.  Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 53:**

All documents that reference BitTorrent or other types of peer-to-peer file sharing sites as it relates to sampling musical works, whether actual, perceived, or potential, of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents that reference" broad subject matter without any reference to the relevant time period.  The effect of actual or potential infringement via BitTorrent or other types of peer-to-peer file sharing sites has been felt

far and wide in the music industry in numerable ways since the late 1990's.  It has impacted all employees and all areas of the music business and been the subject of many litigations.

Plaintiffs object that the phrase "sampling musical works, whether actual, perceived, or potential, of the Copyright Works" as vague and ambiguous because it does not have clear meaning.  As drafted, the request does not appear to seek information relevant or important to resolving the issues in the action.

The burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 54:**

All documents that reference BitTorrent or other types of peer-to-peer file sharing sites as it relates to permitted or authorized uses, whether actual, perceived, or potential, of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents that reference" broad subject matter, particularly without any reference to the relevant time period.  Plaintiffs also object that the phrase "permitted or authorized uses, whether actual, perceived, or potential" is

vague and ambiguous.  The burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

In addition, Plaintiffs object that the request is unreasonably cumulative and duplicative of Request No. 52.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 55:**

All documents concerning the diminished or diminishing use of BitTorrent or other peer-to-peer file sharing sites, whether actual, perceived, or potential, of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter without any reference to the relevant time period.  Plaintiffs also object that the phrase "the diminished or diminishing use of BitTorrent or other peer-to-peer file sharing sites, whether actual, perceived, or potential, of the Copyright Works" as vague and ambiguous because it does not have clear meaning.  The burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

In addition, Plaintiffs object to this request insofar as it seeks the disclosure of publicly available information, information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 56:**

All documents concerning the benefit to any Plaintiff due to that Plaintiff's Copyright Work being made available, whether for download or otherwise, over peer-to-peer file sharing sites during Plaintiffs' Claim Period.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter without any reference to the relevant time period.  In addition, term "benefit" is vague and ambiguous such that much of the information encompassed by the request is not relevant or important to resolving the issues in the action.  The burden and/or expense of the proposed discovery as drafted outweighs any likely benefit or possible relevance.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 57:**

All documents concerning Your use of peer-to-peer file sharing sites or technology including but not limited to BitTorrent.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous and interpret it to seek documents concerning Plaintiffs' "use of peer-to-peer file sharing sites" unrelated to copyright enforcement. Plaintiffs also object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter without any reference to the relevant time period.  In addition, the term "use" is vague and ambiguous such that much of the information encompassed by the request is not relevant or important to resolving the issues in the action.

The burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 58:**

All documents concerning Your use of peer-to-peer file sharing sites or technology to promote, market, or otherwise benefit You, any of the Copyright Works, and/or any of the artists who created the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "[a]ll documents concerning" broad subject matter without any reference to the relevant time period.  Plaintiffs also object that the term

"use" and the phrase "promote, market or otherwise benefit" are overly broad, vague and ambiguous such that much of the information encompassed by the request is not relevant or important to resolving the issues in the action.  The burden and/or expense of the proposed discovery outweighs any likely benefit.

In addition, Plaintiffs object that the request is unreasonably cumulative or duplicative of Request Nos. 56 and 57.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 59:**

Documents sufficient to demonstrate the amount of "money, time, effort and talent in creating, advertising, promoting, selling, and licensing sound recordings embodying the performances of [each Plaintiff's] exclusive recording artists and their unique and valuable sound recordings," as alleged in paragraph 38 of Your Complaint, for each Copyright Work, for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, vague and ambiguous, and not proportional to the needs of the case.

Plaintiffs also object to this request insofar as it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control and a reasonable inquiry of their current employees.  Additionally, Plaintiffs object to the request's call for information "for each Copyright Work, for each of the last ten (10) years" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create documents or materials not already in existence.

In addition, Plaintiffs object to the request to the extent it seeks information that can be sought through less burdensome means, including through other methods of discovery.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014.

**REQUEST NO. 60:**

Documents sufficient to demonstrate the amount of "money, time, effort, and talent [expended] to acquire, administer, publish, license, and otherwise exploit [the Copyright Works], on [each Plaintiff's] own behalf and on behalf of songwriters and other music publishers who have assigned exclusive copyright interests to the Music Publisher Plaintiffs," as alleged in Paragraph 80 of Your Complaint, for each Copyright Work, for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, vague and ambiguous, and not proportional to the needs of the case.

Plaintiffs also object to this request insofar as it seeks information beyond what is available to Plaintiffs at present from a reasonable search of documents in their possession, custody, or control and a reasonable inquiry of their current employees.  Additionally, Plaintiffs object to the request's call for information "for each Copyright Work, for each of the last ten (10) years" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create documents or materials not already in existence.

In addition, Plaintiffs also object to the request to the extent it seeks information that can be sought through less burdensome means, including through other methods of discovery.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014.

**REQUEST NO. 61:**

All documents that You claim support the allegation in paragraph 103 of Your Complaint that "[w]hen Cox's subscribers use Cox's network to obtain infringing copies of Plaintiff's copyrighted works illegally, that activity undercuts the legitimate music market, depriving Plaintiffs and those recording artists and songwriters who works they sell and license of the compensation to which they are entitled."

**OBJECTIONS:**

Plaintiffs object to this request because the quoted assertion from paragraph 103 of the Complaint is a self-evident proposition that illegal infringement of Plaintiffs' works undercuts the legitimate market for those works.  Plaintiffs further object because this request is premature. Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

Plaintiffs also object to this request insofar as it seeks the disclosure of publicly available information, information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

Additionally, Plaintiffs object to this request to the extent it seeks information that can be sought through less burdensome means, including through other methods of discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs respond that it is self-evident that infringement of Plaintiffs' copyrighted works undercuts the legitimate market for such works by displacing authorized sales, among other things, and that Plaintiffs, artists, and songwriters earn less thereby.  Accordingly, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 62:**

All documents that You claim support the allegation in paragraph 103 of Your Complaint that "[w]ithout such compensation, Plaintiffs, and their recording artists and songwriters, have fewer resources available to invest in further creation and distribution of high-quality music."

**OBJECTIONS:**

Plaintiffs object to this request because the quoted assertion from paragraph 103 of the Complaint is a self-evident proposition that absent compensation for lawful distribution of their copyrighted works, Plaintiffs and their recording artists and songwriters have fewer resources to invest in further creation and distribution of music.  Plaintiffs further object because this request is premature.  Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

Plaintiffs also object to this request insofar as it seeks the disclosure of publicly available information, information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

Additionally, Plaintiffs object to this request to the extent it seeks information that can be sought through less burdensome means, including through other methods of discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs respond that it is self-evident that Plaintiffs, artists, and songwriters have fewer resources available to invest in creating new musical works when they lose sales as a result of infringement. Accordingly, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 63:**

Documents sufficient to demonstrate the monies You have delivered to the "recording artists and songwriters" referred to in paragraph 103 of Your complaint for each Copyright Work and for each of the last ten (10) years.

**OBJECTIONS:**

Plaintiffs object on the basis that the request is unduly burdensome, not proportional to the needs of the case, and seeks information not relevant or important to resolving issues in the action. Plaintiffs also object to the request's call for information "for each Copyright Work, for each of the last ten (10) years" as unduly burdensome to the extent it seeks to impose on Plaintiffs an obligation to create documents or materials not already in existence.  Plaintiffs also object because the phrase "monies You have delivered" is vague and ambiguous.  It is not clear whether this means royalties or something else.  Plaintiffs further object because their payments to recording artists and songwriters are not relevant to any issues in this case.

**RESPONSE:**

Subject to the foregoing objections and the parties' correspondence and discussions during the meet-and-confer process, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to demonstrate Plaintiffs' total annualized U.S. revenues, expenses, and profits for the years 2010 through 2014. In addition, Plaintiffs will continue to meet and confer with Cox regarding a potential proffer of financial information related to this request.

**REQUEST NO. 64:**

All documents that mention, refer to, or relate to Cox that were created, received, or sent from 2013 to present.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" having anything to do with Cox, regardless of subject matter.  Cox is a very large company and could be referenced in any number of ways in the ordinary course of Plaintiffs' businesses including, for example, newsfeeds, industry or analyst reports, or Plaintiffs' telecom needs.  Thus, the request seeks information far beyond what is relevant or important to resolving the issues in the action.  The burden and/or expense of the proposed discovery outweighs any likely benefit or relevance.

Plaintiffs also object to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 65:**

All documents concerning communications with Cox regarding copyright infringement.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case because it fails to include a relevant time period.  In addition, the request is overly broad because it seeks "all documents concerning communications with Cox." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

Plaintiffs also object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

In addition, Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, by the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs to the extent they are located following a reasonable search. In addition, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 66:**

All documents that mention, refer to, or relate to this litigation that were created, received, or sent from 2013 to present.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or other privilege or immunity recognized by law.  Plaintiffs are aware of no documents of any potential relevance that could be responsive to this request and fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 67:**

All documents that You claim constitute evidence of infringement by a Cox subscriber, account holder, or customer of a Copyright Work and for which you seek relief in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as premature because the full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.  Plaintiffs also object to this request as vague and ambiguous.  Plaintiffs also object to this request as premature because Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

In addition, Plaintiffs object to this request insofar as it calls for Plaintiffs to make a legal conclusion and/or seeks information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent located following a reasonable search.

**REQUEST NO. 68:**

For each instance that You claim constitutes an act of infringement by a Cox subscriber, account holder, or customer of a Copyright Work, documents sufficient to also identify (a) the individual You claim engaged in the infringement, (b) the Copyright Work at issue, (c) the specific actions of that individual that You claim constitutes infringement of the Copyright Work, and (d) all other facts that You claim support Your determination that the identified individual or act constitutes infringement by a Cox subscriber, account holder, or customer of a Copyright Work.

**OBJECTIONS:**

Plaintiffs object to this request as premature because the full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.  Similarly, Plaintiffs cannot identify "all other facts" that "constitute[ ] infringement" absent full discovery and such request is overbroad and unduly burdensome in any event.  Plaintiffs also object because much of the information sought by this request is within Cox's possession,

custody, or control, and has been requested by Plaintiffs from Cox in this case.  For example, documents identifying "the individual [Plaintiffs] claim engaged in the infringement" is solely within Cox's own possession, custody, or control.  This request is also duplicative of Request No. 67.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent located following a reasonable search.

**REQUEST NO. 69:**

Documents sufficient to demonstrate the number of Cox subscribers, account holders, or customers You claim to be a "repeat infringer," as that term is used in Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as premature because the full scope of Cox's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs also object because much of the information sought by this request is within Cox's own possession, custody, or control, and has been requested by Plaintiffs from Cox in this case.  For example, documents sufficient to identify the number of Cox subscribers, account holders, or customers who are repeat infringers necessarily includes documents within Cox's own

possession, custody, or control.  Such documents also include notices of infringement Cox received from or on behalf of copyright holders other than Plaintiffs.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent located following a reasonable search.

**REQUEST NO. 70:**

For each subscriber, account holder, or customer of Cox's that You determined or stated was a "repeat infringer," as that term is used in Your Complaint, all documents that You reviewed, considered, relied upon, or dismissed in connection with reaching a determination that an alleged infringer was a "repeat infringer."

**OBJECTIONS:**

Plaintiffs object to this request as premature because the full scope of Cox's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

In addition, Plaintiffs object to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent located following a reasonable search.

**REQUEST NO. 71:**

For each instance where You determined or stated that a subscriber, account holder, or customer of Cox infringed the Copyright Works, all documents that concern whether the Cox subscriber, account holder, or customer in question is the person who actually engaged in the allegedly infringing conduct, including documents that either tend to support or undermine such a determination.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.

Plaintiffs object because much of the information apparently sought by this request is within Cox's possession, custody, or control, and has been requested by Plaintiffs from Cox in this case.  For example, documents sufficient to identify the Cox subscribers, account holders, or customers who infringed Plaintiffs' copyrighted works necessarily includes documents within Cox's own possession, custody, or control.

Plaintiffs object to this request as premature because the full scope of Cox's or its subscribers', account holders', or customers' infringement of Plaintiffs' copyrighted works is not

known at this time. A more complete picture of the infringement will be determined during discovery.

In addition, Plaintiffs object to this request to the extent it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent located following a reasonable search.

**REQUEST NO. 72:**

All non-privileged documents concerning opinions, legal or otherwise, including the opinions, You have rendered, obtained, received, considered, dismissed, or relied upon regarding infringement by Cox, or by Cox's subscribers, account holders, or customers of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request is confusing and what documents Cox seeks is entirely unclear.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 65, 67, and 68.

In addition, Plaintiffs object to this request insofar as it seeks the disclosure of publicly available information, information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.  For example, Plaintiffs direct Cox to the docket in *BMG Rights Mgmt. (US) LLC v. Cox*, 1:14-cv-01611 (LO/JFA) (the "BMG Litigation") and documents produced in, and the ensuing appeal of, the BMG Litigation.  Apart from such documents, Plaintiffs are aware of no documents of any potential relevance that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 73:**

All non-privileged documents concerning opinions, legal or otherwise, including the opinions, You have rendered, obtained, received, considered, dismissed, or relied upon regarding a determination that any subscriber, account holder, or customers of Cox is a repeat infringer of the Copyright Works based on the alleged infringement of the Copyright Works.

**OBJECTIONS:**

The request is overly broad, unduly burdensome, and not proportional to the needs of the case.  The request is confusing and what documents Cox seeks is entirely unclear.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 65, 67, and 68.

In addition, Plaintiffs object to this request insofar as it seeks the disclosure of publicly available information, information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.  For example, Plaintiffs direct Cox to the docket in *BMG Rights Mgmt. (US) LLC v. Cox*, 1:14-cv-01611 (LO/JFA) (the "BMG Litigation") and documents produced in, and the ensuing appeal of, the BMG Litigation.  Apart from such documents, Plaintiffs are aware of no documents of any potential relevance that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 74:**

Documents sufficient to demonstrate that the Cox subscribers alleged to have infringed a Copyright Work downloaded the entirety of the data comprising the Copyright Work while connected to the Internet through Cox's network.

**OBJECTIONS:**

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.  Plaintiffs also object to the request insofar as it seeks information within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

In addition, the request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information not relevant or important to resolving issues in the action.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent located following a reasonable search.

**REQUEST NO. 75:**

Documents sufficient to demonstrate that the Cox subscribers alleged to have infringed a Copyright Work downloaded the entirety of the data comprising the Copyright Work while connected to the Internet through Cox's network exclusively from another Cox subscriber who was also connected to the Internet through Cox's network.

**OBJECTIONS:**

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery. Plaintiffs also object to the request insofar as it seeks information within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

In addition, the request is overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information not relevant or important to resolving issues in the action. Plaintiffs also object to the request as irrelevant to the extent it seeks documents

regarding whether Cox's infringing subscribers downloaded Plaintiffs' copyrighted works from other Cox subscribers.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent located following a reasonable search.

**REQUEST NO. 76:**

All copyright infringement notices sent to Cox by, or on behalf of, You, including those referenced in paragraphs 88 and 91 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control and fails to specify a relevant time period.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of Request Nos. 64-65.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 77:**

All copyright infringement notices sent to Cox by, or on behalf of, You for the Copyright Works, including those referenced in paragraphs 88, 91, and 95 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control and fails to specify a relevant time period.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of Request Nos. 64-65 and 76.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 78:**

All copyright infringement notices that You will rely on in this litigation not otherwise produced in response to Request Nos. 77 & 78.

**OBJECTIONS:**

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.  Plaintiffs cannot know "all copyright infringement notices" which they "will rely on in this litigation" absent full discovery.  Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs also object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 64-65 and 76-77.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs.

**REQUEST NO. 79:**

All documents that You claim demonstrate Cox's receipt of any of the copyright infringement notices that You will rely on this litigation, including those referenced in paragraphs 88, 91, and 95 of Your Complaint, to the extent located following a reasonable search.

**OBJECTIONS:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.  Plaintiffs cannot know all copyright infringement notices which they "will rely on in this litigation" absent full discovery.  Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of Request Nos. 64-65 and 76-78.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search. In addition, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 80:**

All documents that You claim demonstrate Cox's knowledge of any of the copyright infringement notices upon which You will rely in this litigation, including those referenced in paragraphs 88, 91, and 95 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.  Plaintiffs cannot know all copyright infringement notices which they "will rely on in this litigation" absent full discovery.  Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 64-65 and 76-79.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search. In addition, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 81:**

All documents that You claim demonstrate Cox's knowledge of any of the copyright infringement alleged by You in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.  Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 64-65 and 76-80.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent

located following a reasonable search. In addition, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents that is proportional to the needs of and the issues in the case.

**REQUEST NO. 82:**

All documents that support Your claim that You or someone on Your behalf prepared copyright notices to be sent to Cox beyond the 200,000 referenced in paragraph 92 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

The request is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.  Plaintiffs object to this request as premature.  The full scope of infringement notices sent to Cox is not known at this time.  A more complete picture of Cox's and its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works, and consequently the related notices, will be determined during discovery.  Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 83:**

All documents that support Your claim that You or someone on Your behalf sent copyright notices to Cox beyond the 200,000 referenced in paragraph 92 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

The request is overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.  Plaintiffs object to this request as premature.  The full scope of Cox's and its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works, and consequently the related notices, will be determined during discovery.  Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 82.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 84:**

Documents sufficient to identify who prepared for [sic] and/or sent to Cox the copyright notices beyond the 200,000 referenced in paragraph 92 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

Plaintiffs object to this request as premature. The full scope of Cox's and its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works, and consequently the related notices, will be determined during discovery. Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 82-83.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 85:**

Documents sufficient to identify who prepared and/or sent the copyright notices that You will rely on in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control.

Plaintiffs object to this request as premature. The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be determined during discovery. Plaintiffs

cannot know all copyright infringement notices which they "will rely on in this litigation" absent full discovery.  Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 64-65 and 76-78.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 86:**

Documents that identify, in any respect, including by IP address, the Cox subscribers, account holders, or customers who You claim have infringed the Copyright Works for which you seek relief in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and vague and ambiguous because it seeks documents that identify Cox's subscribers "in any respect." Plaintiffs also object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.  Plaintiffs cannot know all the Cox subscribers who have infringed Plaintiffs' works absent full discovery. Plaintiffs reserve the right to rely on any copyright infringement notices Cox received.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 67-68.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 87:**

All documents concerning efforts, whether by You or by third parties, to identify individuals (including efforts to obtain names, IP addresses, email addresses, or other Personally Identifiable Information) whom You believe infringed or attempted to infringe the Copyright Works online.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for "[a]ll documents concerning" broad subject matter not limited in time is in and of itself overly broad and unduly burdensome.  Moreover, the request for such documents concerning anyone's efforts to identify individuals who have "attempted to infringe" Plaintiffs' copyrighted works seeks, almost entirely, information that is irrelevant to resolving the issues in the action.  By its plain terms, this request would require Plaintiffs to produce all documents concerning any effort to identify an attempted infringer of any of the nearly 11,000 works in suit for all time.  Accordingly, the burden and/or expense of the proposed discovery is far outweighed by any possible benefit.  Plaintiffs further object because this request, on its face, seeks documents concerning "efforts … by third parties," not just Plaintiffs and therefore seeks documents outside of Plaintiffs' possession, custody or control.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent they can be located following a reasonable search.

**REQUEST NO. 88:**

All documents concerning efforts to identify individuals (including efforts to obtain names, IP addresses, email addresses, or other Personally Identifiable Information) who participated in or used online file-sharing services, including but not limited to peer-to-peer file sharing sites.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for "[a]ll documents concerning" broad subject matter, not limited in time nor to the copyrighted works in suit, is in and of itself overly broad and unduly burdensome. Moreover, the request encompasses vast amounts of information not relevant to this action. In particular, the request for "all documents concerning" anyone's efforts to identify, for any reason, individuals who have "participated in or used online file-sharing services [or] peer-to-peer file sharing sites" is so overly broad and disproportionate to the needs of this case as to be harassing. Plaintiffs also object because this request is not even limited to Plaintiffs' efforts to identify file-sharing users implicated by *this* action or related to the works in suit. Accordingly, the burden and/or expense of the proposed discovery is far outweighed by any possible benefit.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent they can be located following a reasonable search.

**REQUEST NO. 89:**

All documents concerning communications with, or attempts to contact, individuals or entities You believe infringed or attempted to infringe the Copyright Works online, including but not limited to infringement or attempted infringement by means of peer-to-peer file sharing sites.

**OBJECTIONS:**

Plaintiffs object to this request insofar as its purpose is to obtain evidence of non-parties' infringement in order to excuse Cox's own infringing conduct.

Plaintiffs also object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request for "[a]ll documents concerning" broad subject matter, not limited in time, is in and of itself overly broad and unduly burdensome. Moreover, the request for communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore presents an undue burden. The request for such documents concerning efforts to contact anyone that has "infringed or attempted to infringe the Copyright Works online" is so overly broad, and without any apparent relevance, as to be harassing.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 90:**

Documents that You claim demonstrate that the Copyright Works were infringed, including all documents that You claim demonstrate that "Cox's subscribers, using Internet access and services provided by Cox, have unlawfully reproduced and distributed via BitTorrent or other P2P networks thousands of sound recordings and musical compositions[,]" as alleged in paragraph 106 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object because the request for documents demonstrating "that the Copyright Works were infringed" is vague and ambiguous.

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

Plaintiffs object to this request as premature. The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 67-68 and 86.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce 1) notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent

to Cox by or on behalf of Plaintiffs, 2) exemplars of the unauthorized, infringing copies of the copyrighted works, and 3) responsive, non-privileged documents sufficient to show information concerning infringement of the copyrighted works in suit by Cox's subscribers or customers to the extent they can be located following a reasonable search.

**REQUEST NO. 91:**

All documents concerning the actual knowledge of Cox of any particular infringement of the Copyright Works at a time that Cox could prevent that infringement.

**OBJECTIONS:**

Plaintiffs object to the request insofar as it calls for Plaintiffs to make a legal conclusion.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter.

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 65, 76, 80, and 81.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 92:**

All documents that support Your claim that Cox had reason to know of any particular infringement of the Copyright Works at a time that Cox could prevent that infringement.

**OBJECTIONS:**

Plaintiffs object to the request insofar as it calls for Plaintiffs to make a legal conclusion.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.

Plaintiffs object to this request insofar as it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek from Cox in this case.

Plaintiffs object to this request as premature. The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 65, 76, 80, 81, and 91.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 93:**

All documents that support Your claim that Cox knew that "its subscribers routinely used its networks for illegal downloading and uploading of copyrighted works, especially music[,]" as alleged in paragraph 88 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, 91, and 92.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 94:**

All documents that support Your claim that Cox had "knowledge that its network was being used for copyright infringement on a massive scale," as alleged in paragraph 107 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, and 91-93.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 95:**

All documents that support Your claim that Cox "knew of specific subscribers engaged in such repeated and flagrant infringement," as alleged in paragraph 107 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, and 91-94.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 96:**

All documents that support Your claim that Cox "facilitated" the infringement of the Copyright Works by "continuing to provide its network and the facilities necessary for its subscribers to commit repeated infringements," as alleged in paragraph 107 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to the request as vague and ambiguous and to the extent it calls for Plaintiffs to make a legal conclusion.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, and 91-95.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 97:**

All documents that support Your claim that Cox "encouraged" the infringement of the Copyright Works by "continuing to provide its network and the facilities necessary for its subscribers to commit repeated infringements," as alleged in paragraph 107 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to the request as vague and ambiguous and to the extent it calls for Plaintiffs to make a legal conclusion.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.

Plaintiffs also object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, and 91-96.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 98:**

All documents that support Your claim that Cox "materially contributed" to the infringement of the Copyright Works by "continuing to provide its network and the facilities necessary for its subscribers to commit repeated infringements," as alleged in paragraph 107 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents supporting a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs also object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For

example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, and 91-97.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 99:**

All documents that support Your claim that Cox "purposefully ignor[ed] and turn[ed] a blind eye to [] flagrant and repeated infringement by its subscribers," as You allege in paragraph 108 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents supporting a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For

example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, and 91-98.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 100:**

All documents that support Your claim that any acts by Cox alleged in paragraphs 105-109 of Your complaint were "willful, intentional, and purposeful, and in disregard of Plaintiffs' rights," as alleged in paragraph 110 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents supporting a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For

example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, and 91-99.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 101:**

All documents that support the allegation in paragraph 88 of Your Complaint that "Cox condoned [] illegal activity because it was popular with subscribers and acted as a draw in attracting and retaining subscribers."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third

party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 102:**

All documents that support the allegation in paragraph 88 of Your Complaint that Cox "recognized that if it prevented its repeat infringer subscribers from using its service, or made it less attractive for such use, Cox would enroll fewer new subscribers, lose existing subscribers, and lose revenue."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.  Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third

party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 103:**

All documents that support Your allegation that Cox made its "service," as that term is used in paragraph 88 of Your Complaint, "attractive" for copyright infringement.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For

example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature. The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 65, 76, 80, 81, 91-99 and 102.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 104:**

All documents that support the allegation in paragraph 88 of Your Complaint that "[i]n return" for Cox's alleged actions, its "customers purchased more bandwidth … ."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs also object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case. For

example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 105:**

All documents that support the allegation in paragraph 88 of Your Complaint that Cox "obliged" its "subscribers who wanted to download files illegally at faster speeds[.]"

**OBJECTIONS:**

 Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search. Other than such notices of infringement, Plaintiffs are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 106:**

All documents that support the allegation in paragraph 88 of Your Complaint that Cox charged "higher rates" to allow its "subscribers" who "download[ed] files illegally[.]"

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as vague and ambiguous because it is unclear on its face.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 107:**

All documents that support Your claim that Cox was incentivized, financially or otherwise, to permit its subscribers, account holders, or customers to engage in copyright infringement on its network.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents that support a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 108:**

All documents that support Your claim that Cox had or has a direct financial interest in the infringement of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter.  Moreover, the request improperly seeks all documents that support a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request No 107.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 109:**

All documents that support the allegation in paragraph 3 of Your Complaint that "Cox's profits increased dramatically as a result of the massive infringement that it facilitated . . . ."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly identifies an allegation in the Complaint and asks Plaintiffs to produce all supporting documents, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs also object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 110:**

All documents that demonstrate any correlation, connection, or cause and effect relationship between Cox's act of terminating its subscriber's, account holder's, or customer's Internet service due to alleged or complained of copyright infringement and the subsequent status of that subscriber's, account holder's or customer's telephone or video services, such as the subscriber's, account holder's, or customer's decision to maintain or terminate those services.

**OBJECTIONS:**

Plaintiffs object to this request because it is vague and ambiguous.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that demonstrate" broad subject matter.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

In addition to the foregoing objections, Plaintiffs respond that they do not understand this request and therefore are not aware of documents in their possession, custody, or control responsive to this request.

**REQUEST NO. 111:**

All documents that support the allegation in paragraph 96 of Your Complaint that Cox possessed the "legal right … to prevent or limit the infringements occurring on its network."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents supporting a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 112:**

All documents that support the allegation in paragraph 96 of Your Complaint that Cox possessed the "obligation … to prevent or limit the infringements occurring on its network."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents supporting a legal conclusion, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.   For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature.   The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.   A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 113:**

All documents that support the allegation in paragraph 96 of Your Complaint that Cox possessed the "technical ability … to prevent or limit the infringements occurring on its network."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents supporting an allegation in the Complaint, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case. For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature. The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 114:**

All documents concerning any analysis regarding Cox's "technical ability … to prevent or limit the infringements occurring on its network."

**OBJECTIONS:**

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter. Moreover, the request improperly seeks all documents supporting an allegation in the Complaint, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case. For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal.

Plaintiffs object to this request as premature. The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time. A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 115:**

All documents that support the allegation in paragraph 96 of Your Complaint that "Cox is the gatekeeper of the network over which data—including infringing works—is transferred."

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents that support" broad subject matter. Moreover, the request improperly seeks all documents supporting an allegation in the Complaint,

rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal, as well as to Cox's own terms of use, infringement policies, and/or other service agreements between Cox and its customers.

Plaintiffs object to this request premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 116:**

All documents concerning the ability of Cox to avoid, limit, or restrict particular infringements of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter.  Moreover, the request improperly seeks all documents supporting a legal conclusion, rather than

adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal, as well as to Cox's own terms of use, infringement policies, and/or other service agreements between Cox and its customers.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 111-115.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 117:**

All documents concerning actions You or any other Plaintiff believes Cox could have taken, other than monitoring its service or terminating service to subscribers, account holders, or customers, in order to avoid, limit, or restrict particular infringements of the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter.

Plaintiffs object to the request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's or a third party's possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal, as well as to Cox's own terms of use, infringement policies, and/or other service agreements between Cox and its customers.

Plaintiffs object to this request as premature.  The full scope of Cox's, or its subscribers', account holders', or customers', infringement of Plaintiffs' copyrighted works is not known at this time.  A more complete picture of the infringement will be determined during discovery.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 111-116.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 118:**

All documents concerning an ISP's response to receiving an infringement notice from any entity, including the "representatives" identified in paragraph 2 of Your Complaint.

**OBJECTION TO REQUEST NO. 118:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for "[a]ll documents concerning" broad subject matter is itself overly broad and unduly burdensome.  In addition to the request's general breadth, Plaintiffs object because the request is not limited to Cox, the relevant time period, nor to the copyrighted

works in suit and is therefore irrelevant.  The request for documents concerning any ISP's response to any infringement notice sent by anyone at any time has no apparent relevance and is so overly broad and disproportionate to the needs of this case as to be harassing.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to identify parameters pursuant to which Plaintiffs can conduct a reasonable search for documents in their respective possession, custody, or control concerning Cox's response to receiving an infringement notice sent by or on behalf of Plaintiffs.

**REQUEST NO. 119:**

All documents concerning the Record Company Plaintiffs' "multi-year effort to enforce their copyrights against individuals using P2P systems directly to infringe copyrighted musical or other works[,]" as alleged in paragraph 90 of Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The request encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts, brought by the Record Company Plaintiffs over an undefined period of time.  Moreover, the request calls for "all documents concerning" such efforts.  Accordingly, the request seeks information not relevant or important to resolving the issues in this action and the burden and/or expense of responding to it far outweighs the likely benefit or possible relevance.

Plaintiffs object that the request improperly seeks all documents concerning an allegation in the Complaint, rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to the request because it seeks the disclosure of information publicly available information or information equally available and/or accessible to Cox.

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Other than publicly available documents, Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Moreover, Plaintiffs' privileged communications about unrelated enforcement efforts is not remotely relevant to resolving any issues in this case.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 120:**

All documents concerning efforts that You have taken to enforce Your copyrights, whether related to the Copyright Works or not.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request relating to "efforts that [Plaintiffs] have taken to enforce their copyrights" encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts, which are unrelated to Cox or even an appropriate time period. Moreover, the request calls for "all documents concerning" such efforts. The request is so overly broad and disproportionate to the needs of this case as to be harassing.

Plaintiffs also object to the request because it seeks the disclosure of information publicly available information or information equally available and/or accessible to Cox.

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. Other than publicly available documents, the vast majority of documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Moreover, Plaintiffs' privileged communications about unrelated enforcement efforts is not remotely relevant to resolving any issues in this case. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 119.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 121:**

All documents concerning any subpoenas You have issued as related to the enforcement of Your copyrights.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for "all documents concerning any subpoenas" issued in Plaintiffs' copyright enforcement efforts encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts, which are unrelated to Cox or even an appropriate time period.  The request is so overly broad and disproportionate to the needs of this case as to be harassing.

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Other than publicly available documents, the vast majority of documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Moreover, Plaintiffs' privileged communications about unrelated enforcement efforts is not remotely relevant to resolving any issues in this case.  Plaintiffs therefore further object on the basis that the request appears intended

to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 119-120.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 122:**

All documents concerning the enforcement of the copyrights covering the Copyright Works other than as related to this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for documents relating to "enforcement" of the copyrighted works encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts, which are unrelated to Cox or even an appropriate time period.  Moreover, the request calls for "all documents concerning" such enforcement.  The request is so overly broad and disproportionate to the needs of this case as to be harassing.

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Other than publicly available documents, the vast majority of documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation

materials under the Federal Rules of Civil Procedure.   Moreover, Plaintiffs' privileged communications about unrelated enforcement efforts is not remotely relevant to resolving any issues in this case.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 119-121.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 123:**

All documents concerning Your decision to initiate or not initiate enforcement efforts against Cox or any other ISP as it relates to alleged copyright infringement through the use of peer-to-peer file sharing sites.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Plaintiffs are aware of no documents that could be responsive to this request that fall outside of the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of

Civil Procedure.  Moreover, Plaintiffs' privileged communications about "whether to initiate or not initiate enforcement efforts against Cox or any other ISP" is not remotely relevant to resolving any issues in this case.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

## REQUEST NO. 124:

All documents concerning efforts that You have taken to prevent the infringement of the Copyright Works through the use of peer-to-peer file sharing sites.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for documents relating to "efforts" that Plaintiffs "have taken to prevent infringement" on peer-to-peer file sharing sites encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts, which are unrelated to Cox or even an appropriate time period.  Moreover, the request calls for "all documents concerning" such efforts.  The request is so overly broad and disproportionate to the needs of this case as to be harassing.

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege,

as trial preparation materials, or under other privilege or immunity recognized by law.  Other than publicly available documents, the vast majority of documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.   Moreover, Plaintiffs' privileged communications about unrelated enforcement efforts is not remotely relevant to resolving any issues in this case.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 119-122.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that are related to the copyrighted works in suit and were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search.

**REQUEST NO. 125:**

All documents concerning Your communications or negotiations with Cox regarding the number of infringement notices it would accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's possession, custody, or control.

In addition, Plaintiffs object to the request as overly broad because it seeks "all documents concerning . . . communications or negotiations." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

Plaintiffs also object to the extent this request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 64-65 and 80-81.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 126:**

All documents concerning Your communications or negotiations with ISPs other than Cox regarding the number of infringement notices that any of those other ISPs would accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

**OBJECTIONS:**

Plaintiffs object to this request insofar as its purpose is to obtain evidence of non-parties' conduct in order to excuse Cox's own malfeasance.

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for documents concerning "any other party" (i.e., not

Plaintiffs) "attempting to enforce a copyright" vis a vis ISPs other than Cox seeks information not remotely relevant to resolving the issues in the action.  The request is also overly broad because it is not limited to any time period.  The burden and/or expense of the proposed discovery far outweighs any likely benefit or possible relevance.

In addition, Plaintiffs object to the request as overly broad because it seeks "all documents concerning . . . communications or negotiations." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

Plaintiffs also object to the extent this request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 127:**

All documents concerning the policies or practices of online service providers (including without limitation ISPs and Internet access providers) concerning the termination or suspension of their subscribers or account holders due to allegations of copyright infringement.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's possession, custody, or control, and which Plaintiffs seek in discovery in this case.

Plaintiffs object to this request because it seeks information concerning unrelated, non-parties and therefore has no relevance to resolving issues in the action.  Further, Plaintiffs object

to this request insofar as its purpose is to obtain evidence of such non-parties' conduct in order to excuse Cox's own malfeasance.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" broad subject matter and is not limited by the relevant time period.  The burden and/or expense of the proposed discovery outweighs any likely benefit or possible relevance.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 128:**

All documents that reference or concern Cox's Cox Abuse Tracking System (the "CATS").

**OBJECTIONS:**

Plaintiffs object to this request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek in discovery in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning" CATS and is not limited to the relevant time period, nor to the copyrighted works in suit.

**RESPONSE:**

 Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs and Cox can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 129:**

All documents concerning the technical abilities of the CATS, including its ability to process notices.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks the disclosure of information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek in discovery in this case.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning the technical abilities of CATS" and is not limited to the relevant time period, nor to the copyrighted works in suit.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 128.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs and Cox can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 130:**

All documents concerning communications between You and any ISP other than Cox regarding Your request or demand for the ISP to transmit information to the ISP's subscriber, account holder, or customer.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information concerning unrelated, non-parties and therefore has no apparent relevance to resolving issues in the action. Further, Plaintiffs object to this request insofar as its purpose is to obtain evidence of such non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "all documents concerning communications." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden.

The burden and/or expense of the proposed discovery outweighs the likely benefit, if any.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 131:**

All documents concerning Your communications with anyone not employed or otherwise affiliated with an ISP concerning the number of infringement notices that any ISP would or would not accept from You, any other Plaintiff, or any other party attempting to enforce a copyright.

**OBJECTIONS:**

Plaintiffs object to the request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request for "all documents concerning communications" is itself overly broad. Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the case and therefore present an undue burden. Moreover, the request for documents concerning any

126

infringement notice relating to any work sent by anyone to any ISP at any time is so overly broad and disproportionate to the needs of this case as to be harassing.

Plaintiffs also object to this request insofar as its purpose is to obtain evidence of non-parties' conduct in order to excuse Cox's own malfeasance.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 132:**

All documents concerning settlements or agreements that You, or anyone acting on Your behalf, have reached, proposed, or internally approved with any of Cox's subscribers, account holders, or customers.

**OBJECTIONS:**

Plaintiffs object to this request because it seeks information concerning unrelated, non-parties and therefore has no apparent relevance to resolving the issues in the action.  Further, Plaintiffs object to this request insofar as its purpose is to obtain evidence of such non-parties' conduct in order to excuse Cox's own malfeasance.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "documents concerning settlements or agreements" regarding any subject matter.  Moreover, in this context the request requires Plaintiffs to identify whether a particular individual is a Cox subscriber, information that is most accessible to Cox and within Cox's own possession, custody, and control.

Plaintiffs also object to this request as overly broad and unduly burdensome, including in that it is not limited to the relevant time period, nor to the copyrighted works in suit.

Additionally, Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 133:**

All documents concerning settlements or agreements that You, or anyone acting on Your behalf, have reached, proposed, or internally approved with any subscribers, account holders, or customers of ISPs other than Cox.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "documents concerning settlements or agreements" with subscribers of ISPs other than Cox regarding any subject matter.  The request seeks vast amounts of information concerning unrelated, non-parties and therefore has no apparent relevance to resolving the issues in the action.  Plaintiffs also object to this request as overly broad and unduly burdensome, including in that it is not limited to the relevant time period, nor to the copyrighted works in suit.

Plaintiffs object to this request insofar as its purpose is to obtain evidence of non-parties' conduct in order to excuse Cox's own malfeasance.

Additionally, Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-

interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 134:**

All documents concerning communications with, or attempts to contact, Cox subscribers concerning allegations of copyright infringement.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning communications." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the action and therefore present an undue burden. Moreover, in this context the request requires Plaintiffs to identify whether a particular individual is a Cox subscriber, information that is most accessible to Cox and within Cox's own possession, custody, and control.

Plaintiffs also object to this request as overly broad and unduly burdensome, including in that it is not limited to the relevant time period, nor to the copyrighted works in suit.

Additionally, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including

appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 135:**

All documents concerning any communications, including the communications, with people who received copyright infringement notices sent by You, on Your behalf, or upon which You will rely in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning any communications." Communications, or other documents, about communications go far beyond the scope of information relevant to resolving the issues in the action and therefore present an undue burden. The request also apparently seeks information concerning communications with unrelated, non-parties irrespective of Cox, the copyrighted works in suit, or the relevant time period. The request has no apparent relevance to resolving the issues in the action. Therefore, the burden and/or expense of the proposed discovery far outweighs any likely benefit or possible relevance.

Plaintiffs also object to this request because it is premature. Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

Additionally, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. In addition, Plaintiffs object to this request as unreasonably cumulative and duplicative, for example of Request Nos. 76-78.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 136:**

All documents concerning any of the copyright infringement notices upon which You will rely in this litigation or that were sent to Cox by You or on Your behalf.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents" concerning broad subject matter.

In addition, Plaintiffs object to this request because it is premature.  Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce notices of infringement in their possession, custody, or control that were sent to Cox by or on behalf of Plaintiffs, to the extent located following a reasonable search. In addition, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs and Cox can conduct a

reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 137:**

All documents that You claim demonstrate a relationship between Cox and any of its subscribers, account holders, or customers that justifies or creates *respondeat superior* liability of Cox as related to this litigation.

**OBJECTIONS:**

Plaintiffs object to this request's call for "all documents" as vague, ambiguous, overly broad and not proportional to the needs of the case.  Moreover, the request improperly identifies a legal conclusion and asks Plaintiffs to produce all supporting documents rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs also object to this request because it is premature.  Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

Additionally, Plaintiffs object to this request because it seeks information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal, as well as to Cox's own terms of use, infringement policies, and/or other service agreements between Cox and its customers.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 138:**

All documents that You claim demonstrates a relationship between Cox and any of its subscribers, account, holders, or customers that justifies or creates common-law vicarious liability of Cox as related to this litigation.

**OBJECTIONS:**

Plaintiffs object to this request's call for "all documents" as vague, ambiguous, overly broad and not proportional to the needs of the case.  Moreover, this request improperly identifies a legal conclusion and asks Plaintiffs to produce all supporting documents rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs also object to this request because it is premature.  Plaintiffs have not yet determined "all documents" on which they intend to rely in this litigation and cannot do so absent full discovery.

Additionally, Plaintiffs object to this request because it seeks information equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek in discovery in this case.  For example, Plaintiffs direct Cox to the pleadings and discovery produced in the BMG Litigation and the ensuing appeal, as well as to Cox's own terms of use, infringement policies, and/or other service agreements between Cox and its customers.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 139:**

All documents concerning, and communications with, any entity, including the "representatives" identified in paragraph 2 of Your Complaint, that prepared and/or sent copyright infringement notices relating to the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter and documents about communications. Moreover, in this context the request seeks information concerning communications with non-parties irrespective of Cox, subject matter, the copyrighted works in suit, or the relevant time period. The request seeks information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs any likely benefit.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 140:**

All documents concerning and communications with Rightscorp.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter and documents about communications. Moreover, in this context the request seeks information

concerning communications with unrelated, non-parties irrespective of Cox, the copyrighted works in suit, or the relevant time period.  The request has no apparent relevance to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs any possible benefit.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 141:**

All documents concerning and communications with MarkMonitor.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter and documents about communications.  Moreover, in this context the request seeks information concerning communications with non-parties irrespective of Cox, the copyrighted works in suit, or the relevant time period.  The request seeks information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs any likely benefit.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce relevant agreements with MarkMonitor relating to notices of infringement sent to Cox on behalf of Plaintiffs that are in Plaintiffs' possession, custody, or control, to the extent located following a reasonable search.

**REQUEST NO. 142:**

All documents constituting agreements between You and any entity, including the "representatives" identified in paragraph 2 of Your Complaint, that offered to and/or ultimately

did send copyright infringement notices on behalf of You or any other Plaintiff for the Copyright Works, including the drafts and unexecuted or proposed versions thereof.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks all agreements, and drafts thereof, with non-parties irrespective of Cox, the subject matter of the agreements, the copyrighted works in suit, or the relevant time period.  The request seeks information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Additionally, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce relevant agreements with MarkMonitor relating to notices of infringement sent to Cox on behalf of Plaintiffs that are in Plaintiffs' possession, custody, or control, to the extent located following a reasonable search.

**REQUEST NO. 143:**

All documents constituting agreements between You and any entity, including the "representatives" identified in paragraph 2 of Your Complaint, that prepared copyright infringement notices upon which You will rely in this litigation, including the drafts and unexecuted or proposed versions thereof.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks all agreements, and drafts thereof, with non-

parties irrespective of Cox, the subject matter of the agreements, the copyrighted works in suit, or the relevant time period.  The request seeks information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Additionally, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce relevant agreements with MarkMonitor relating to notices of infringement sent to Cox on behalf of Plaintiffs that are in Plaintiffs' possession, custody, or control, to the extent located following a reasonable search.

**REQUEST NO. 144:**

Copies of business plans, prospectuses, marketing materials, investor materials, white papers, websites, or any other materials concerning the processes and procedures for monitoring peer-to-peer file sharing sites in order to identify potential copyright infringement from 2013 to the present maintained by You, any other Plaintiff, or someone working on behalf of You and/or any other Plaintiff.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks broad information relating to "monitoring peer-to-peer file sharing sites" irrespective of Cox or the copyrighted works in suit.  The request is also overly broad, vague, and ambiguous insofar as it seeks such information maintained by "someone working on behalf of [a Plaintiff]." The burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Additionally, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, the joint defense or common-interest privilege, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce relevant agreements with MarkMonitor relating to notices of infringement sent to Cox on behalf of Plaintiffs that are in Plaintiffs' possession, custody, or control, to the extent located following a reasonable search.

**REQUEST NO. 145:**

All documents concerning joint litigation agreements or common interest agreements that relate to this litigation, the Copyright Works, or the copyright infringement notices upon which you are relying in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter. Plaintiffs also object to this request because it seeks information not relevant or important to resolving the issues in the action, and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 146:**

All documents concerning communications regarding access to, or control by You, of documents in the possession or custody of any non-party concerning Cox, this lawsuit, the facts giving rise to this litigation and the underlying dispute, or the documents that Cox has otherwise sought in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents concerning communications" about broad subject matter of no relevance. Requests for documents about communications go far beyond the scope of information relevant to resolving the issues in the action and therefore present an undue burden.

In addition, this request improperly identifies a legal conclusion and asks Plaintiffs to produce "all documents" related thereto rather than adequately identifying a specific category of documents for which Plaintiffs should search the records kept in the ordinary course of their businesses.

Plaintiffs object to this request because it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law. The vast majority of documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure. Moreover, Plaintiffs' privileged communications about unrelated enforcement efforts is not remotely relevant to resolving any issues in this case. Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs. As such, this

request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 147:**

All documents concerning any computer code, computer program, software, hardware, system, process, or device through which copyright infringement was monitored and/or detected and related copyright infringement notices were prepared and sent by You or on Your behalf to Cox for the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs also object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents," irrespective of time period, concerning broad subject matter, including hardware and software systems, computer code, and any "process" or "device." The request encompasses vast amounts of information not remotely related to this action including, for example, operating manuals and sales receipts for every computer that was used to monitor or detect infringement.

The burden and/or expense of the proposed discovery far outweighs any possible benefit or relevance.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 148:**

All documents concerning any computer code, computer program, software, hardware, system, process, or device utilized to monitor or detect copyright infringement through BitTorrent or peer-to-peer file sharing sites that resulted in the copyright infringement notices upon which You are relying in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs also object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents," irrespective of time period, concerning broad subject matter, including hardware and software systems, computer code, and any "process" or "device." The request encompasses vast amounts of information not remotely related to this action including, for example, operating manuals and sales receipts for every computer that was used to monitor or detect infringement.

The burden and/or expense of the proposed discovery far outweighs any possible benefit or relevance.

In addition, Plaintiffs object to this request because it is unreasonably cumulative and duplicative of Request No. 147.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 149:**

All documents constituting, comprising, or evidencing Your policies for document management, preservation, storage, indexing, and disposal.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks information not relevant to the action.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents in their possession, custody, or control sufficient to represent Plaintiffs' current document retention policies, to the extent located following a reasonable search.

**REQUEST NO. 150:**

Copies of any document preservation notices that You distributed in connection with the Copyright Works, this lawsuit, the underlying dispute, or that otherwise concerns any of the facts alleged in Your Complaint.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks information not relevant to the action.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Plaintiffs have no response further to the foregoing objections.

**REQUEST NO. 151:**

All documents that reference the lawsuit *BMG Rights Mgmt. (US) LLC et al. v. Cox Commc'ns, Inc. et al.* (E.D. Va.) and any appeals and remands thereof.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including to the extent it seeks information not relevant or important to resolving issues in the action.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  The vast majority of non-public documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Additionally, Plaintiffs object to this request because it seeks information that is publicly available or equally available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek in discovery in this case.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 152:**

All documents that reference the lawsuit styled as *UMG Recordings, et al. v. Grande Commc'ns et al*, (W.D. Tex.).

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks information not relevant or important to resolving issues in the action.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Many of the Plaintiffs in this case are also plaintiffs in *UMG Recordings, et al. v. Grande Commc'ns et al.*  The vast majority of non-public documents that could be responsive to this request fall under the attorney-client privilege or the protection afforded to trial preparation materials under the Federal Rules of Civil Procedure.  Plaintiffs therefore further object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.  As such, this request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

Additionally, Plaintiffs object to this request because it seeks information that is publicly available or equally available and/or accessible to Cox.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 153:**

All documents concerning the RIAA and either this lawsuit, Cox, and/or the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter. Moreover, in this context the request seeks information concerning non-parties irrespective of Cox or the relevant time period.  As such, the request seeks information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs any likely benefit.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case.

**REQUEST NO. 154:**

All communications between You or any other Plaintiff and the RIAA concerning either Cox, this lawsuit, the Copyright Works, and/or MarkMonitor.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all communications" concerning broad subject matter.  Moreover, in this context the request seeks communications with non-parties irrespective of Cox, the copyrighted works in suit, or the relevant time period.  As such, the request seeks

145

information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 153.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case.

**REQUEST NO. 155:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between You and/or any other Plaintiff and the RIAA.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter.   Moreover, in this context the request seeks documents about communications with or relating to non-parties irrespective of Cox, the copyrighted works in suit, the relevant time period, or subject matter.  The request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 153-154.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case.

**REQUEST NO. 156:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between You and/or any other Plaintiff and MarkMonitor.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter.   Moreover, in this context the request seeks documents about communications with or relating to non-parties irrespective of Cox, the copyrighted works in suit, the relevant time period, or subject matter.  The request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-

interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 141.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 157:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between You and/or any other Plaintiff and Rightscorp.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter.  Moreover, in this context the request seeks documents about communications with or relating to non-parties irrespective of Cox, the copyrighted works in suit, the relevant time period, or subject matter.  The request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-

interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request No. 140.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 158:**

All documents concerning the relationship, agreement, and/or communications, including the communications, between the RIAA and any other person as it relates to either Cox, this lawsuit, and/or the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it appears to seek "all documents" concerning broad subject matter. Moreover, in this context the request appears to seek documents, including documents about communications, relating to non-parties irrespective of Cox, the copyrighted works in suit, or the relevant time period. As such, the request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 153-154.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 159:**

All documents concerning any technical or qualitative analysis of any computer code, computer program, software, hardware, system, process, or device utilized to produce the copyright notices upon which You will rely in this litigation, including any documents drafted by either Stroz Friedberg or Harbor Labs.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request seeks "all documents," irrespective of time period, concerning broad subject matter, including analyses of hardware and software systems, computer code, and any "process" or "device." The burden and/or expense of the proposed discovery far outweighs any possible benefit or relevance.

Plaintiffs also object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs object to this request as premature to the extent it seeks to obtain expert opinions prior to the period for expert discovery.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Additionally, Plaintiffs object to this request as unreasonably cumulative and duplicative of Request Nos. 147-148.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case.

**REQUEST NO. 160:**

All documents concerning Your efforts, or efforts made on Your behalf, to detect and/or monitor the infringement of Your copyrights through BitTorrent or peer-to-peer file sharing sites.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for "[a]ll documents concerning" broad subject matter is in and of itself overly broad and unduly burdensome.  Moreover, the request for such documents concerning efforts to monitor copyright infringement via peer-to-peer file sharing sites irrespective of Cox, the copyrighted works in suit, or the relevant time period has no apparent relevance to resolving issues in the action.  The burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs also object to the request because it is unreasonably cumulative and duplicative, for example of Request Nos. 87-89.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 161:**

Correspondence concerning the reliability, efficacy, and results of Your efforts, or efforts made on Your behalf, to detect and/or monitor the infringement of Your copyrights through BitTorrent or peer-to-peer file sharing sites.

**OBJECTIONS:**

Plaintiffs object to the request as overly broad, unduly burdensome, and not proportional to the needs of the case.  The request seeks documents concerning efforts to monitor copyright infringement via peer-to-peer file sharing sites irrespective of Cox, the copyrighted works in suit, or the relevant time period and therefore has no apparent relevance to resolving issues in the action. The burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request because it seeks information available and/or accessible to Cox or from documents or other sources within Cox's own possession, custody, or control, and which Plaintiffs seek in discovery in this case.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.  Additionally, Plaintiffs object to the request because it is unreasonably cumulative and duplicative, for example of Request Nos. 87-89 and 160.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to narrow this request to a reasonable scope and to identify parameters, including appropriate custodians and search terms, pursuant to which Plaintiffs can conduct a reasonable search for relevant, non-privileged documents in their respective possession, custody, or control that is proportional to the needs of and the issues in the case.

**REQUEST NO. 162:**

Correspondence with anyone who sent copyright infringement notices to Cox on Your behalf.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks communications with non-parties irrespective of Cox, the copyrighted works in suit, the relevant time period, or subject matter.  Much of the information the request seeks is not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit.

Plaintiffs also object to the request because it is unreasonably cumulative and duplicative of other requests.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case.

**REQUEST NO. 163:**

Correspondence with anyone who sent copyright infringement notices to Cox upon which You are relying in this litigation.

**OBJECTIONS:**

Plaintiffs object this request as vague and ambiguous.  It is unclear whether the phrase "upon which You are relying in this litigation" modifies "correspondence" or "copyright infringement notices to Cox."

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks communications with non-parties irrespective of Cox, the copyrighted works in suit, the relevant time period, or subject matter.  Much of the information the request seeks is not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit.

Plaintiffs also object to this request because it is premature.  Plaintiffs have not yet determined all documents on which they intend to rely in this litigation and cannot do so absent full discovery.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative, for example of Request Nos. 141-143 and 162.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs are willing to meet and confer in good faith with Cox to determine a reasonable scope for this request tailored to seek non-privileged information relevant to resolving the issues in the case.

**REQUEST NO. 164:**

All documents concerning Stroz Friedberg's relationship with and/or engagement by the RIAA between 2004 and 2009.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning the relationship

between two non-parties irrespective of Cox, the copyrighted works in suit, or the relevant time period.  The request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 165:**

All documents concerning CAS.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, the Copyright Alert System, which Cox did not take part in.  Moreover, the request seeks documents irrespective of Cox, the copyrighted works in suit, or the relevant time period. The request seeks vast amounts of information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-

interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 166:**

All documents concerning negotiations related to CAS.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, the Copyright Alert System, which Cox did not take part in.  Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period.  The request seeks vast amounts of information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request No. 165.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

## REQUEST NO. 167:

All documents concerning any Memorandum of Understanding concerning CAS, including without limitation the July 6, 2011 Memorandum of Understanding (the "7/6/2011 MOU") to which the RIAA was a signatory (singly or collectively, a "CAS MOU").

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Cox refused to participate. It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning, broad subject matter, the Copyright Alert System, which Cox did not take part in. Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period. As such, the request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 165-166.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 168:**

All documents concerning any agreement You entered into pursuant to any CAS MOU or any related agreement, including without limitation any Implementation Agreement You entered into pursuant to the 7/6/2011 MOU.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, the Copyright Alert System, which Cox did not take part in.  Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period.  As such, the request seeks information not remotely relevant to resolving the issues in the

action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 165-167.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 169:**

All documents concerning Your status as a signatory of a CAS MOU.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning the signatory status of the Copyright Alert System, which Cox did not take part in.  Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period.  As such, the request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 165-168.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 170:**

All documents concerning Cox's compliance or non-compliance with policies or procedures reflected in CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Cox refused to participate. It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request because it does not make sense. Cox refused to participate in CAS, yet the request seeks documents concerning Cox's compliance or non-compliance with CAS. Plaintiffs further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning Cox's compliance or non-compliance with CAS. Moreover, the request seeks such documents irrespective of the copyrighted works in suit or the relevant time period. As such, the request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 165-169.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 171:**

All documents concerning any technological system used to detect, monitor, or generate or send notifications concerning, copyright infringement in connection with CAS, a CAS MOU, or any Implementation Agreement concerning a CAS MOU.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, the Copyright Alert System, which Cox did not take part in.  Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period.  The request seeks vast amounts of information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.  In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 165-170.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 172:**

All reviews, assessments, evaluations, reports, or the like, concerning CAS, including without limitation any technological system utilized in connection with CAS.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, the Copyright Alert System, which Cox did not take part in.  Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period.  The request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos.  165-171.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 173:**

All documents concerning any reviews, assessments, evaluations, reports, or the like, concerning CAS or a CAS MOU, including without limitation drafts.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Cox refused to participate. It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, the Copyright Alert System, which Cox did not take part in. Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period. The request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 165-172.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 174:**

All documents concerning notifications sent pursuant to CAS, any CAS MOU, or any Implementation Agreement, concerning allegations of copyright infringement of any Copyright Work.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant. CAS was a private agreement in which Cox refused to participate. It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter, the Copyright Alert System, which Cox did not take part in. Moreover, the request seeks such documents irrespective of Cox, the copyrighted works in suit, or the relevant time period. The request seeks information not remotely relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to the request because it is unreasonably cumulative and duplicative of Request Nos. 165-173.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 175:**

All documents sent to, or received from, anyone You may designate as an expert witness or consultant in this litigation or regarding the issues in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request as premature because it seeks to obtain expert opinions or communications prior to the period for expert discovery.  Plaintiffs also object to this request to the extent it seeks to impose duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.

Additionally, Plaintiffs object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents consistent with their obligations relating to expert discovery under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia.

Dated: December 19, 2018          */s/ Jeffrey M. Gould*
                                 _____

                                 Scott A. Zebrak (38729)
                                 Matthew J. Oppenheim (*pro hac vice*)
                                 Jeffrey M. Gould (*pro hac vice*)
                                 OPPENHEIM + ZEBRAK, LLP
                                 4530 Wisconsin Avenue, NW, 5th floor
                                 Washington, DC 20016
                                 Tel:  202-480-2999
                                 scott@oandzlaw.com
                                 matt@oandzlaw.com
                                 jeff@oandzlaw.com

                                 *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December I caused a true and correct copy of the

foregoing document to be served via email on counsel of record as follows:

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
Email: jgolinveaux@winston.com

Dated: December 19, 2018                    */s/ Jeffrey M. Gould*
                                             _____