# Exhibit 4

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

     Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

     Defendants.

Case No. 1:18-cv-00950-LO-JFA

### PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT COX COMMUNICATIONS, INC.'S FIRST SET OF INTERROGATORIES

**PROPOUNDING PARTY:**     Defendant Cox Communications, Inc.

**RESPONDING PARTY:**     Plaintiffs

**SET NUMBER**:     One (Nos. 1-12)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rule 26 of the Eastern District of Virginia's Local Rules, Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records

LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc.,
Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-
Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc.,
Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc.,
Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal
Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited,
Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island
Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram
International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram
International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp.,
Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc.,
(collectively, "Plaintiffs"), by and through their attorneys, hereby submit their objections and
responses to the First Set of Interrogatories propounded by Defendant Cox Communications, Inc.
("Cox"). As Plaintiffs' investigation into this matter is ongoing, Plaintiffs reserve the right to
supplement or amend their objections and responses to the extent allowed by the Federal Rules of
Civil Procedures, the Local Rules, and orders of this Court. Notwithstanding these objections and
our conferrals to date, Plaintiffs remain willing to meet and confer with Cox in good faith regarding
these interrogatories in an effort to define a reasonable scope of non-objectionable discovery that
can be provided without undue or disproportionate burden.

## **GENERAL OBJECTIONS**

1.      Plaintiffs object to the Cox's definitions, instructions, and interrogatories to the
extent they seek to impose obligations other than those imposed or authorized by the Federal Rules
of Civil Procedure, the Local Rules of the Eastern District of Virginia, and any applicable order of

this Court.  Plaintiffs will interpret and respond to these interrogatories in the manner prescribed by the same.

2.    Plaintiffs object to the interrogatories as unduly burdensome to the extent they seek information, documents, or things that are equally available to Cox or not in Plaintiffs' possession, custody, or control, as those terms are defined in Federal Rule of Civil Procedure 34(a).

3.    Plaintiffs object to the interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the joint defense or common-interest privilege, or by any other privilege or immunity under federal or state law.  The inadvertent production of information that is privileged, was prepared in anticipation of litigation or for trial, or that is otherwise protected from discovery, shall not constitute a waiver of any privilege or any ground for objection, or of the right of Plaintiffs to object to the use of such information during subsequent proceedings.  Plaintiffs remain willing to meet and confer with Cox in good faith to discuss a joint approach to addressing privilege, subject to Plaintiffs' asserted objections below and the condition that work product and attorney-client privileged documents generated after Plaintiffs' January 29, 2016 demand letters need not be identified.

4.    Plaintiffs object to the interrogatories to the extent they seek confidential or proprietary information pertaining to the Plaintiffs' businesses, technology, or economic relationships.  Plaintiffs will only provide such responsive information or documents pursuant to the Stipulated Protective Order entered by the Court, and the parties' agreement that such information shall be disclosed only as permitted by Local Rules of the District Court for the Eastern District of Virginia, and upon receipt of permission from third parties, if necessary.

3

5.      Plaintiffs object to the interrogatories as overly broad and unduly burdensome to the extent they require Plaintiffs to provide any information beyond what Plaintiffs are able to locate from a reasonable search of their files.

6.      Plaintiffs' response to the interrogatories will be made without waiver of, and with the intentional preservation of:

a.  All questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity and admissibility as evidence in any aspect of this or any other legal proceeding;

b.  The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

c.  The right to object at any time to further responses to interrogatories on any ground; and

d.  The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time.

7.      Identification or production of documents or information responsive to any discovery request should not be construed as:

a.  An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

b.  A waiver by Plaintiffs of their General Objections or of the specific objections asserted in response to a specific interrogatory; or

c.  An agreement that requests for similar information will be treated in a similar manner.

4

8.     Plaintiffs object to the definition of "Plaintiff," "Plaintiffs," "You," or "Your," to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control.  Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case.  By including "all past and present… employees" of every corporate affiliate, parent, and predecessor of the Plaintiffs, Cox is requesting that Plaintiffs search for information relating to tens of thousands of persons.  Read literally, Cox's definition would encompass former human resources and facilities management employees who have not worked for any Plaintiff in decades.

9.     Plaintiffs object to the definition of "Communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case.  For example, the definition includes "telex" messages, which refers to messages sent on a public switched network of teleprinters that businesses used prior to the adoption of fax machines in the 1980s.  Cox cannot justify the burden of searching for and reviewing telex messages since this case concerns Cox's infringement of Plaintiffs' copyrights from 2013-2014.  It is also unlikely that "posts on social media platforms or blogs," would contain relevant information not already publicly available to Cox.  And any limited or tangential relevance of such information would be outweighed by the burden of searching an undefined number of social media and blog sites for, potentially, tens of thousands of current and former employees.

10.     Plaintiffs object to the definition of "Document" or "documents" as overbroad, unduly burdensome, and disproportionate to the needs of the case.  For example, the definition includes "blue-prints [sic]," even though engineering designs and architectural plans have no possible relevance to a case concerning digital copyright infringement.  Plaintiffs further object to

5

inclusion of "any information stored or available on the Internet," as such information is generally publicly available and equally accessible to Cox.

11.     Plaintiffs object to the definition of "Electronic Storage Device" as overbroad, unduly burdensome, and disproportionate to the needs of the case.   For example, the definition includes "SIM cards," which are small integrated circuits designed to authenticate subscribers on cellphone networks.  There is no reason to believe that SIM cards contain unique information that would justify the burden of locating and extracting data from, potentially, tens of thousands of cards.

12.     Plaintiffs object to the definition and sub-definitions of "Identify" as overbroad, unduly burdensome, and disproportionate to the needs of this case as set forth below:

    a.  Plaintiffs object to the sub-definition of "Document."  The definition requires identification of documents with extensive information from the underlying documents.  For example, if Cox wants to know the "author," "subject matter," "title," "date," and "total number of pages," of particular documents, it should request those documents and review them itself.  Plaintiffs need not do Cox's discovery review for them.

    b.  Plaintiffs object to the sub-definition of "Communication."  The definition requires identification of communications with extensive information in records of the underlying communications.  For example, if Cox wants a "detailed description of the contents of the Communication," it should request records of the communications and review them itself.  Plaintiffs need not do Cox's discovery review for them.

c.   Plaintiffs object to the sub definition of "copyright" or a "Copyright Work."   The

definition requires identification of "any current exclusive licensee," including non-

parties that are exclusive licensees of rights not at issue in this suit, e.g., public

performance rights.   The only information that is relevant is whether the named

Plaintiff for a particular work is an owner or licensee of an exclusive right for that

work.

13.   Plaintiffs incorporate by reference the General Objections set forth above in the

specific objections set forth below.   Plaintiffs may repeat a General Objection for emphasis or other

reason.   The failure to repeat any General Objection does not waive any General Objection to the

topic and/or interrogatory.   Plaintiffs reserve their right to amend the General Objections or any

specific objection.

## OBJECTIONS TO SPECIFIC INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all copyrighted works that You claim that Cox's subscribers, account holders, or

customers have infringed and for which You seek relief in this litigation.

**OBJECTIONS:**

1.   Plaintiffs object to the interrogatory as premature because it seeks identification of "all

copyrighted works."   The full scope of Cox's infringement is not yet known and will

be more fully determined during discovery.   Plaintiffs reserve the right to rely upon or

assert claims regarding Cox's infringement of any of their copyrighted works.

2.   Plaintiffs object to the terms "subscribers," "account holders," and "customers," as

vague and ambiguous.   Cox's use of three terms implies distinct definitions for each—

definitions which Cox has not provided.  Plaintiffs interpret these terms as coterminous, meaning Cox subscribers.

3.  Plaintiffs object to the interrogatory to the extent it seeks to obtain expert opinions prior to the period for expert discovery or improperly seeks anything other than Plaintiffs' present contentions.

**RESPONSE:**

Subject to and without waiving their objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs direct Cox to Exhibits A and B of the Complaint, Dkt. 1, copyright registration certificates, and documents showing copyright registration information, which have been or will be produced shortly.  Exhibit A is a representative, non-exhaustive list of sound recordings (identified by title, artist, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation.  The sound recordings in Exhibit A represent works infringed by Cox's subscribers, account holders, or customers after those particular subscribers were identified to Cox in multiple infringement notices.  Exhibit B is a representative, non-exhaustive list of musical compositions (identified by title, copyright registration number, and current copyright owner or exclusive licensee) for which Plaintiffs seek relief in this litigation.  The musical compositions in Exhibit B represent works infringed by Cox's subscribers, account holders, or customers after those particular subscribers were identified to Cox in multiple infringement notices.  Plaintiffs reserve their right to amend Exhibits A and B during the litigation.  Plaintiffs also have produced or will produce copyright registration certificates or documents showing copyright registration information, including date of registration.

**INTERROGATORY NO. 2:**

For each work identified in response to Interrogatory No. 1, state on an annual basis for each of the past ten (10) years Your gross and net revenue generated by each work organized by medium and how such gross and net revenue was calculated.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as premature because it incorporates Interrogatory No. 1, which seeks identification of "all copyrighted works." The full scope of Cox's infringement is not yet known and will be more fully determined during discovery. Plaintiffs reserve the right to rely upon or assert claims regarding Cox's infringement of any of their copyrighted works.

2. Plaintiffs object to the interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. The term "medium" could encompass a wide range of physical products such as vinyl records, cassette tapes, CDs, super audio CDs, DVD audio discs, and Blu-ray audio discs, as well as digital products such as downloads, live streams, and on-demand streams, most of which are irrelevant to this case involving digital downloads. The ten-year time period is also overbroad because it seeks irrelevant information for a number of years prior to and following the infringement period at issue in this case. Plaintiffs understand, pursuant to Cox's discovery letter dated December 10, 2018 from Thomas Patrick Lane and telephonic meet-and-confers with Cox's counsel on December 12 and 14, 2018, that Cox agrees to narrow the time frame for this interrogatory to 2010-2015, but even this is overbroad.

3. Plaintiffs object to the interrogatory because Plaintiffs' revenues are not relevant to any claim or defense in suit, particularly on a track-by-track basis. Cox's contention in

conferral that track-by-track revenue provides a "benchmark" for actual damages fails to satisfy the threshold showing of relevance.  Plaintiffs have elected statutory damages, not actual.  And even if actual damages were at issue, revenue generated by actual sales has no bearing on lost profits caused by Cox's infringement, particularly where the scope of infringement is unknown, as here.

4. Plaintiffs object to the interrogatory to the extent it seeks revenue information that Plaintiffs do not maintain, or information organized or calculated in a manner that is different than Plaintiffs maintain, organize or calculate such information in the ordinary course of business.

5. Plaintiffs object to the interrogatory to the extent it seeks to obtain expert opinions prior to the period for expert discovery or improperly seeks anything other than Plaintiffs' present contentions.

6. Plaintiffs object to the interrogatory because it contains four distinct topics that should be separately numbered interrogatories: (1) gross revenue; (2) net revenue; (3) the method of calculating gross revenue; and (4) the method of calculating net revenue.

**RESPONSE:**

Subject to and without waiving their objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will produce documents sufficient to show Plaintiffs' total annualized U.S. revenues, expenses and profits for the years 2010 through 2014.  Plaintiffs are also engaged in ongoing conferrals with Cox regarding a potential proffer of financial information related to this interrogatory.

**INTERROGATORY NO. 3:**

For each work identified in response to Interrogatory No. 1, state on an annual basis for each of the past ten (10) years Your gross profit, operating profit, and pre-tax profit generated by each work organized by medium and how such gross profit, operating profit, and pre-tax profit was calculated.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as premature because it incorporates Interrogatory No. 1, which seeks identification of "all copyrighted works." The full scope of Cox's infringement is not yet known and will be more fully determined during discovery. Plaintiffs reserve the right to rely upon or assert claims regarding Cox's infringement of any of their copyrighted works.

2. Plaintiffs object to the interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. The term "medium" could encompass a wide range of physical products such as vinyl records, cassette tapes, CDs, super audio CDs, DVD audio discs, and Blu-ray audio discs, as well as digital products such as downloads, live streams, and on-demand streams, most of which are irrelevant to this case involving digital downloads. The ten-year time period is also overbroad because it seeks irrelevant information for a number of years prior to and following the infringement period at issue in this case. Plaintiffs understand, pursuant to Cox's discovery letter dated December 10, 2018 from Thomas Patrick Lane and telephonic meet-and-confers with Cox's counsel on December 12 and 14, 2018, that Cox agrees to narrow the time frame for this interrogatory to 2010-2015, but even this is overbroad.

3. Plaintiffs object to the interrogatory because Plaintiffs' profits are not relevant to any claim or defense in suit, particularly on a track-by-track basis.  Cox's contention in conferral that track-by-track profit provides a "benchmark" for actual damages fails to satisfy the threshold showing of relevance.  Plaintiffs have elected statutory damages, not actual.  But even if actual damages were at issue, profit generated by actual sales has no bearing on lost profits caused by Cox's infringement, particularly where the scope of infringement is unknown, as here.

4. Plaintiffs object to the interrogatory to the extent it seeks profit information that Plaintiffs do not maintain or information organized or calculated in a manner that is different than Plaintiffs maintain, organize or calculate such information in the ordinary course of business.

5. Plaintiffs object to the interrogatory to the extent it seeks to obtain expert opinions prior to the period for expert discovery or improperly seeks anything other than Plaintiffs' present contentions.

6. Plaintiffs object to the interrogatory because it contains six distinct topics that should be separately numbered interrogatories: (1) gross profit; (2) operating profit; (3) pre-tax profit; (4) the method of calculating gross profit; (5) the method of calculating operating profit; and (6) the method of calculating pre-tax profit.

**RESPONSE:**

Subject to and without waiving their objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs will produce documents sufficient to show Plaintiffs' total annualized U.S. revenues, expenses and profits for the years 2010 through 2014.  Plaintiffs are also engaged in ongoing

conferrals with Cox regarding a potential proffer of financial information related to this interrogatory.

**INTERROGATORY NO. 4:**

Identify the entities that have sent copyright infringement notices to Cox regarding the Copyright Works upon which You will rely in this litigation, including the "representatives" referenced in paragraph 2 of Your Complaint.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as vague and ambiguous.  It is not clear what the term "rely" means since Plaintiffs may make use of infringement notices in a variety of ways.

2. Plaintiffs object to the interrogatory as premature because it seeks information regarding "copyright infringement notices to Cox."  However, the full extent of the copyright infringement notices sent to Cox is not yet known.  Many are within Cox's possession, custody, or control, and Plaintiffs seek them in discovery.  Plaintiffs reserve the right to use, rely upon, or assert claims regarding any copyright infringement notices sent to Cox, regardless of the entity that sent them.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that The Recording Industry Association of America ("RIAA"), through MarkMonitor, sent copyright infringement notices to Cox regarding Plaintiffs' works upon which Plaintiffs will rely in this litigation.  Plaintiffs further state that they have requested in discovery infringement notices Cox received from other copyright holders from 2010 through 2014 and may rely upon some or all of those notices as well.

**INTERROGATORY NO. 5:**

Identify the entities that have prepared copyright infringement notices regarding the Copyright Works upon which You will rely in this litigation, including the "representatives" referenced in paragraph 2 of Your Complaint.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as vague and ambiguous.  It is not clear what the term "rely" means since Plaintiffs may make use of infringement notices in a variety of ways.  Likewise, the term "prepared" is unclear since it could mean preparing specific individual notices, drafting general template language, or something else.

2. Plaintiffs object to the interrogatory as premature because it seeks information regarding "copyright infringement notices."  However, the full extent of the copyright infringement notices sent to Cox is not yet known.  Many are within Cox's possession, custody, or control, and Plaintiffs seek them in discovery.  Plaintiffs reserve the right to use, rely upon, or assert claims regarding any copyright infringement notices sent to Cox, regardless of the entity that prepared them.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that The Recording Industry Association of America ("RIAA"), through MarkMonitor, sent copyright infringement notices to Cox regarding Plaintiffs' works upon which Plaintiffs will rely in this litigation.  Plaintiffs further state that they have requested in discovery infringement notices Cox received from other copyright holders from 2010 through 2014 and may rely upon some or all of those notices as well.

14

**INTERROGATORY NO. 6:**

Identify all of the entities that have sent copyright infringement notices to Cox regarding the Copyright Works upon which You will not rely in this litigation.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as vague and ambiguous.  It is not clear what the phrase "not rely" means since Plaintiffs may or may not make use of infringement notices in a variety of ways.

2. Plaintiffs object to the interrogatory as premature because it seeks information regarding "copyright infringement notices to Cox."  However, the full extent of the copyright infringement notices sent to Cox is not yet known.  Many are within Cox's possession, custody, or control, and Plaintiffs seek them in discovery.  Plaintiffs reserve the right to use, rely upon, or assert claims regarding any copyright infringement notices sent to Cox, regardless of the entity that sent them.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that they do not know the identities of all entities that have sent copyright infringement notices to Cox and they reserve the right to use, rely upon, or assert claims regarding any copyright infringement notices sent to Cox, regardless of the entity that sent them.  At this time, it is not apparent that there are any entities that have sent copyright infringement notices to Cox regarding the Copyright Works upon which Plaintiffs will not rely in this litigation.

**INTERROGATORY NO. 7:**

Identify all of the entities that have performed a technical or qualitative analysis of any entity, procedure, or system utilized to generate the copyright infringement notices upon which

You will rely in this litigation, including those generated by the "representatives" referenced in paragraph 2 of Your Complaint.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.  It is not clear what the term "rely" means since Plaintiffs may make use of infringement notices in a variety of ways.  Likewise, the phrase "technical or qualitative analysis of any entity, procedure, or system utilized to generate the copyright infringement notices," is vague and confusing and encompasses significant irrelevant information.  For example, a "qualitative analysis" of an "entity. . . utilized to generate the copyright infringement notices," would include human resources reports, tax plans, and other similarly irrelevant reports.  Plaintiffs interpret this interrogatory to seek the identify of unaffiliated third-party entities who have conducted an analysis of and/or report on MarkMonitor or the system MarkMonitor used to generate copyright notices on which Plaintiffs will rely in this case.

2. Plaintiffs object to the interrogatory as premature because it seeks information regarding "copyright infringement notices."  The full extent of the copyright infringement notices sent to Cox is not yet known.  Many are within Cox's possession, custody, or control, and Plaintiffs seek them in discovery.  Plaintiffs reserve the right to use, rely upon, or assert claims regarding any copyright infringement notices sent to Cox.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that they will rely on copyright infringement notices generated by MarkMonitor and sent to Cox.  Plaintiffs have requested in discovery infringement notices Cox received from other copyright holders from 2010 through 2014 and may rely upon some or all of those notices as well.  With respect to MarkMonitor, Cox indicated in its dismissed counterclaims that Stroz Friedberg and Harbor Labs conducted assessments of MarkMonitor in connection with the Copyright Alert System.  Plaintiffs are not aware of any entity performing a technical or qualitative analysis of the MarkMonitor system used to generate copyright infringement notices upon which Plaintiffs will rely in this litigation.

**INTERROGATORY NO. 8:**

Identify all of the ISPs with which You, either directly or indirectly, have communicated regarding the CAS, any agreements related to the CAS, and the processing of copyright infringement notices by ISPs.

**OBJECTIONS:**

1.  Plaintiffs object to the interrogatory because CAS and Plaintiffs' communications with other ISPs about it are irrelevant.  CAS was a private agreement in which Cox refused to participate.  CAS has no bearing on the claims or defenses in suit.  Any communications by Plaintiffs with ISPs other than Cox also have no bearing on Cox's continued provision of internet service to subscribers it knew repeatedly infringed Plaintiffs' copyrights.  The identities of the parties to the CAS agreement, including ISPs, are well known publicly, including to Cox.  It is inappropriate for Cox to pry into the details of the activities of other ISPs with whom it competes in the marketplace.

17

Cox did not participate in the CAS but instead recklessly disregarded the rights of copyright holders for the sake of furthering its corporate profits.

2. Plaintiffs object to the interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.   The phrase "indirectly . . . communicated" has multiple definitions and could encompass, for example, a public report posted on the internet read by an employee of any ISP, including those outside of the United States.  Plaintiffs have no way of knowing the scope of all such "indirect" communications.   Likewise, the phrase "any agreements related to the CAS," has multiple definitions and could be read expansively.  It could even include something as tangential as an agreement to split costs for the catering of a meeting during the negotiations over CAS.

3. Plaintiffs object to the interrogatory because it contains two distinct topics that should be separately numbered interrogatories: (1) CAS; and (2) the processing of copyright infringement notices by ISPs.

**INTERROGATORY NO. 9:**

Identify all persons with knowledge of the facts You have alleged in Your pleadings or on which You base this litigation.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.  The phrase "knowledge of the facts. . . alleged," is subject to multiple and expansive interpretations. The facts alleged could include the location of a particular Plaintiff's principal place of business, the name of any of the thousands of works listed in Exhibits A or B to the Complaint,

18

a Plaintiff's finances generally, or anything to do with the creation, production, or sale of Plaintiffs' music.  Plaintiffs are 57 companies employing tens of thousands of persons worldwide, the majority of whom would have knowledge regarding at least some facts in the Complaint.  For that reason, Plaintiffs object to the extent it seeks identity of persons on irrelevant topics.  Accordingly, the burden of responding outweighs the relevance of the names that would be listed in response.

**RESPONSE:**

Notwithstanding their objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs direct Cox to their Fed. R. Civ. P. 26(a)(1) disclosures, served December 4, 2018.

**<u>INTERROGATORY NO. 10:</u>**

State the amount of damages You believe that You are entitled to recover in this litigation.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as premature.  A significant amount of information and documents bearing on the subject of damages—including, but not limited to, the extent of Cox's infringement, financial benefits received in connection therewith, and Cox's financial documents—are in the possession, custody or control of Cox and have yet to be produced in discovery.

2. Plaintiffs object to the interrogatory to the extent it seeks legal conclusions or information before the time specified and agreed to by the parties for such disclosure or established by the Court for such disclosure.

**RESPONSE:**

Subject to and without waiving their objections, Plaintiffs state that they have elected to receive statutory damages and, subject to a jury's determination, may be entitled to obtain damages

to the fullest extent of the statutory law applicable to any violation of their rights.  *See* 17 U.S.C. § 504(c).

**INTERROGATORY NO. 11:**

For the damages that You identify in response to Interrogatory No. 10, identify the facts and methodology upon which You rely to calculate the stated amount.

**OBJECTIONS:**

1.  Plaintiffs object to the interrogatory as premature.  A significant amount of information and documents bearing on the subject of damages—including, but not limited to, the extent of Cox's infringement, financial benefits received in connection therewith, and Cox's financial documents—are in the possession, custody or control of Cox and have yet to be produced in discovery.

2.  Plaintiffs object to the interrogatory to the extent it seeks legal conclusions or information before the time specified and agreed to by the parties for such disclosure or established by the Court for such disclosure.

3.  Plaintiffs object to the interrogatory to the extent it seeks to obtain expert opinions prior to the period for expert discovery or improperly seeks anything other than Plaintiffs' present contentions.

**RESPONSE:**

Subject to and without waiving their objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiffs direct Cox to the Complaint for a non-exhaustive, illustrative recitation of factual allegations upon which Plaintiffs may rely to support their request for damages.  As to methodology, 17 U.S.C. § 504(c) authorizes a range for statutory damages per work infringed.

20

Case law concerning the interpretation and application of 17 U.S.C. § 504(c) describes the purposes of statutory damages and considerations for a jury.

**INTERROGATORY NO. 12:**

Identify all persons, including but not limited to Your employees, who have responsibility for managing Your relationship with any artist on whose behalf You are asserting a copyright.

**OBJECTIONS:**

1. Plaintiffs object to the interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case. The phrase "managing Your relationship with any artist," is subject to multiple expansive interpretations. It could include, for example, any number of the myriad ways in which Plaintiffs' employees support their artists. Plaintiffs are 57 companies employing tens of thousands of persons, including large teams that handle operations, production, marketing, sales, finance, logistics, legal, and other issues. Every member of those teams could be said to "manage" a relationship with an artist. Accordingly, the burden of responding far outweighs the relevance of the names that would be listed in response.

2. Plaintiffs object to the interrogatory as irrelevant. A list of all persons who manage relationships with artists is unlikely to yield or lead to the discovery of admissible information as this case is about Cox's infringement of Plaintiffs' copyrights, not Plaintiffs' management of artists. For example, someone who arranges transportation for an artist could be said to "manage" the relationship with that artist but is unlikely to have any knowledge relevant to the case. Moreover, the list that would result in responding to this interrogatory would likely encompass hundreds or thousands of persons and the burden of preparing is disproportionate to any conceivable relevance.

21

3. Plaintiffs also object to the interrogatory as vague and ambiguous because of the phrase "on whose behalf You are asserting a copyright." Plaintiffs are the owners and exclusive licensees of the works for which they are asserting copyright infringement. However, Cox's infringement hurts the entire market and industry for copyrighted sound recordings and musical compositions. In filing suit against Cox, Plaintiffs seek to protect their rights, that marketplace, and the industry generally.

Dated December 19, 2018

*/s/ Jeffrey M. Gould*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

## **VERIFICATION**

On behalf of Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., I, Michael Abitbol, hereby certify that I have read the foregoing Plaintiffs' Responses to Defendant Cox Communications, Inc.'s First Set of Interrogatories; that I reserve the right to make any changes in the answers if it appears that more accurate information is available; and that subject to the limitations contained herein, the said answers are accurate to the best of my knowledge or in accordance with the business records/information of the company.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct on this 18th day of December 2018.

Name: Michael Abitbol

Title:  SVP, Business & Legal Affairs, Digital, Sony/ATV Music Publishing LLC

## VERIFICATION

On behalf of Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, I, Wade Leak, hereby certify that I have read the foregoing Plaintiffs' Responses to Defendant Cox Communications, Inc.'s First Set of Interrogatories; that I reserve the right to make any changes in the answers if it appears that more accurate information is available; and that subject to the limitations contained herein, the said answers are accurate to the best of my knowledge or in accordance with the business records/information of the company.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct on this 19th day of December 2018.

Name: _Wade Leak_

Title: _Sr. VP, Deputy GC_

23

## VERIFICATION

On behalf of Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB

Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion

Music, Inc., and Intersong U.S.A., Inc., I, Jeremy Blietz, hereby certify that I have

read the foregoing Plaintiffs' Responses to Defendant Cox Communications, Inc.'s First Set of

Interrogatories; that I reserve the right to make any changes in the answers if it appears that more

accurate information is available; and that subject to the limitations contained herein, the said

answers are accurate to the best of my knowledge or in accordance with the business

records/information of the company.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing

statements are true and correct on this _18_ day of December 2018.


Name: Jeremy Blietz

Title: Vice President, Administer

23

**VERIFICATION**

On behalf of **UMG Recordings, Inc., Capitol Records LLC**, and **the Universal Music Publishing Group-related entities** (the "**Universal Companies**"), I, Alasdair McMullan, hereby certify that I have read the foregoing Plaintiffs' Responses to Defendant Cox Communications, Inc.'s First Set of Interrogatories; that I reserve the right to make any changes in the answers if it appears that more accurate information is available; and that subject to the limitations contained herein, the said answers are accurate to the best of my knowledge or in accordance with the business records/information of the Universal Companies.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct on this __18__ day of December 2018.

Name:

Title:

# **VERIFICATION**

On behalf of <u>Warner Music Record Cos.</u> I, ___<u>Matthew Flott</u>___, hereby certify that I have
                      [Entity]                      [Name]

read the foregoing Plaintiffs' Responses to Defendant Cox Communications, Inc.'s First Set of

Interrogatories; that I reserve the right to make any changes in the answers if it appears that more

accurate information is available; and that subject to the limitations contained herein, the said

answers are accurate to the best of my knowledge or in accordance with the business

records/information of the company.

I declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the foregoing

statements are true and correct on this <u>19</u> day of December 2018.

Name: Matthew Flott

Title: CFO Recorded Music

**CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing was served via Electronic

Mail on the 19th day of December 2018, upon counsel of record.

Dated: December 19, 2018

*/s/ Jeffrey M. Gould*