# Exhibit 11

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00950-LO-JFA |

### PLAINTIFFS' RULE 26(a)(1) DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal

Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc., (collectively, "Plaintiffs"), make the following disclosures to Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox" or "Defendants").

## INTRODUCTION

1. These Disclosures are made upon information presently known by Plaintiffs and without prejudice to Plaintiffs' right to produce during discovery or trial, or right to use before or during trial, additional data, information or documents that are: (i) subsequently discovered; (ii) subsequently determined to be relevant to the parties' claims and defenses; or (iii) subsequently determined to have been omitted from this or any supplemental or amended disclosure statement.

2. Plaintiffs also expressly reserve all objections to the use of these Disclosures or any of the information or documents found or referenced herein for any purpose in this case or any other proceeding. By referring to individuals and documents in the initial disclosure process, Plaintiffs make no representations regarding the relevance of any particular information they may possess. In addition, by identifying individuals and documents as part of the initial disclosure process, Plaintiffs do not waive their right to object to any future discovery requests in this case on any basis.

3. Plaintiffs reserve the right to supplement or amend these Disclosures at any time pursuant to Federal Rule of Civil Procedure 26, and this Court's Local Rules and any applicable standing orders or practices.

## DISCLOSURES

### A. Disclosures Pursuant to Rule 26(a)(1)(A)(i)

*The name and, if known, the address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.*

| NAME(S) | ADDRESS | SUBJECT(S) |
| --- | --- | --- |
| Dennis Kooker, President, Global Digital Business & US Sales, Sony Music Entertainment | May be reached through counsel for Plaintiffs | The music recording industry, including the creation, production, licensing, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Jeff Walker, Executive Vice President and Head, Business & Legal Affairs, Global Digital Business, Sony Music Entertainment | May be reached through counsel for Plaintiffs | The creation, production, licensing, distribution, and exploitation Plaintiffs' copyrighted works and the harm caused by infringement. |
| Wade Leak, Senior Vice President, Deputy General Counsel and Chief Compliance, Ethics and Privacy Officer, Sony Music Entertainment | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works; the need and efforts to deter illegal downloading of music. |
| Neil Carfora, Executive Vice President, Finance and Operations, Sony Music Entertainment | May be reached through counsel for Plaintiffs | The financial harm caused by infringement of Plaintiffs' copyrighted works. |

| NAME(S) | ADDRESS | SUBJECT(S) |
|---|---|---|
| Jon Glass, Senior Vice President, Digital Legal Affairs, Warner Music Group | May be reached through counsel for Plaintiffs | The creation, production, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Steven Poltorak, Vice President, Recorded Music Rights Administration, Warner Music Group | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |
| Matt Flott, Chief Financial Officer, Global Finance Analysis & Operations, Warner Music Group | May be reached through counsel for Plaintiffs | The financial harm caused by infringement of Plaintiffs' copyrighted works. |
| Alasdair McMullan, Senior Vice President, Head of Litigation, Business and Legal Affairs, Universal Music Group | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Jason Gallien, Chief Financial Officer – North America, Universal Music Group | May be reached through counsel for Plaintiffs | The financial harm caused by infringement of Plaintiffs' copyrighted works. |
| Michael Abitbol, Senior Vice President, Business & Legal Affairs, Digital, Sony/ATV Music Publishing | May be reached through counsel for Plaintiffs | The creation, licensing, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Audrey Ashby, Vice President, Business Affairs at Sony/ATV Music Publishing | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |
| Paul Kahn, Executive Vice President, Chief Financial Officer, Warner/Chappell Music | May be reached through counsel for Plaintiffs | The music publishing industry, including the creation, licensing, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |

| NAME(S) | ADDRESS | SUBJECT(S) |
|---|---|---|
| Jeremy Blietz, Vice President, Administration, Warner/Chappell Music | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |
| David Kokakis, Chief Counsel, UMPG | May be reached through counsel for Plaintiffs | The music publishing industry, including the creation, licensing, distribution, and exploitation of Plaintiffs' copyrighted works; the harm caused by infringement; the need and efforts to deter illegal downloading of music. |
| Andy Swan, Vice President, Business & Legal Affairs, Contract Administration, UMPG | May be reached through counsel for Plaintiffs | Ownership and registration of Plaintiffs' copyrighted works. |
| MarkMonitor | May be reached through counsel for Plaintiffs | MarkMonitor's observation of infringements by Cox subscribers; infringement of Plaintiffs' copyrighted works by Cox subscribers; notices of copyright infringement sent to Cox. |
| Recording Industry Association of America | May be reached through counsel for Plaintiffs | Management of the MarkMonitor notice program. |

The chart at Appendix 1 identifies which Plaintiffs correlate to which Record Company Plaintiff group or Music Publisher Plaintiff group. The witness disclosures above apply to all individual Plaintiffs within each respective group. For example, the witnesses disclosed above for Sony Music Entertainment apply to the eight (8) individual record company plaintiffs associated with Sony Music Entertainment in Appendix 1.

Plaintiffs reserve the right to rely on any persons or entities identified in Defendants' Initial Disclosures (and any supplements thereto); any persons or entities identified in any party's

5

discovery responses; and any person or entity deposed in this action. Plaintiffs reserve the right to supplement this identification of persons or entities based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

### B. Disclosures Pursuant to Rule 26(a)(1)(A)(ii)

*A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment*

The following categories of documents may be used by Plaintiffs to support their claims or defenses:

- Copyright registrations of Plaintiffs' works and/or other documents showing ownership or control of those works

- Documents concerning the infringement of Plaintiffs' copyrighted works

- Documents concerning Cox's knowledge of infringement of Plaintiffs' copyrighted works

- Documents to be produced by Cox concerning Cox's copyright abuse policies and procedures and Defendants' financials

Plaintiffs reserve the right to supplement this list of categories of documents based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

### C. Disclosures Pursuant to Rule 26(a)(1)(A)(iii)

*A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered*

Plaintiffs are entitled to obtain damages to the fullest extent of the statutory law applicable to any violation of their rights. A more detailed computation of the amount of such

6

damages is premature at this point because a significant amount of information bearing on the subject of damages—specifically including, but not limited to, the extent of Defendants' infringement and financial benefits received in connection therewith, including Defendants' financial documents—is in the possession, custody or control of Defendants. The Advisory Committee that drafted the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(C) acknowledged that initial disclosures regarding damages may not be feasible in certain cases such as this. *See* Fed. R. Civ. P. 26 Advisory Committee's Notes, 1993 Amendments ("Likewise, a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person."). Plaintiffs reserve the right to supplement these damages disclosures based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

### D. Disclosures Pursuant to Rule 26(a)(1)(A)(iv)

*For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.*

Plaintiffs are unaware of any such agreement(s) at this time.

Dated:  December 12, 2018

Respectfully submitted,

*/s/ Jeffrey M. Gould*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

# APPENDIX 1

| Record Company Plaintiffs | Individual Plaintiffs |
|---|---|
| Sony Music Entertainment | 1. Arista Music<br>2. Arista Records LLC<br>3. LaFace Records LLC<br>4. Provident Label Group, LLC<br>5. Sony Music Entertainment<br>6. Sony Music Entertainment US Latin<br>7. Volcano Entertainment III, LLC<br>8. Zomba Recordings LLC |
| Universal Music Group | 1. UMG Recordings, Inc.<br>2. Capitol Records, LLC |
| Warner Music Group | 1. Atlantic Recording Corporation<br>2. Bad Boy Records LLC<br>3. Elektra Entertainment Group Inc.<br>4. Fueled by Ramen LLC<br>5. Nonesuch Records Inc.<br>6. Roadrunner Records, Inc.<br>7. Warner Bros. Records Inc. |

| Music Publisher Plaintiffs | Individual Plaintiffs |
|---|---|
| Sony/ATV and EMI | 1. Sony/ATV Music Publishing LLC<br>2. EMI Al Gallico Music Corp.<br>3. EMI Algee Music Corp.<br>4. EMI April Music Inc.<br>5. EMI Blackwood Inc.<br>6. Colgems-EMI Music, Inc.<br>7. EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music<br>8. EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music<br>9. EMI Feist Catalog Inc.<br>10. EMI Miller Catalog Inc.<br>11. EMI Mills Music, Inc.<br>12. EMI Unart Catalog Inc.<br>13. EMI U Catalog Inc.<br>14. Jobete Music Co. Inc.<br>15. Stone Agate Music (a division of Jobete Music Co., Inc.)<br>16. Screen Gems-EMI Music Inc.<br>17. Stone Diamond Music Corp. |

| Music Publisher Plaintiffs (cont') | Individual Plaintiffs |
|---|---|
| Universal Music Publishing Group | 1. Universal Music Corp.<br>2. Universal Music – MGB NA LLC<br>3. Universal Music Publishing Inc.<br>4. Universal Music Publishing AB<br>5. Universal Music Publishing limited<br>6. Universal Music Publishing MGB Limited<br>7. Universal Music – Z Tunes LLC<br>8. Universal/Island Music Limited<br>9. Universal/MCA Music Publishing Pty. Limited<br>10. Universal – Polygram International Tunes, Inc.<br>11. Universal – Songs of Polygram International, Inc.<br>12. Universal Polygram International Publishing, Inc.<br>13. Music Corporation of America, Inc. d/b/a Universal Music Corp.<br>14. Polygram Publishing, Inc.<br>15. Rondor Music International, Inc.<br>16. Songs of Universal, Inc. |
| Warner/Chappell Music | 1. Warner/Chappell Music, Inc.<br>2. Warner-Tamerlane Publishing Corp.<br>3. WB Music Corp.<br>4. W.B.M. Music Corp.<br>5. Unichappell Music Inc.<br>6. Rightsong Music Inc.<br>7. Cotillion Music, Inc.<br>8. Intersong U.S.A., Inc. |

## CERTIFICATE OF SERVICE

I certify that on December 12, 2018, a copy of the foregoing was served via Electronic Mail upon counsel of record.

*/s/ Jeffrey M. Gould*
Jeffrey M. Gould (38729)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com


*Attorney for Plaintiffs*