# Exhibit 20



101 California Street
San Francisco, CA 94111
T +1 415 591 1000
F +1 415 591 1400

**JENNIFER A. GOLINVEAUX**
Partner
(415) 591-1506
jgolinveaux@winston.com

January 15, 2019

Jeffrey M. Gould
Oppenheim & Zebrak LLP
5225 Wisconsin Ave. NW, Ste. 503
Washington, DC 20015
Tel.: (202) 851-4526
Email: jeff@oandzlaw.com

    Re: *Sony Music Entm't v. Cox Commc'ns, Inc.*, **1:18-cv-00650-LO-JFA**

Dear Jeff:

  I write in reference to Plaintiffs' Supplemental Responses, served on Friday evening.

  Cox served its requests on November 19, 2018—nearly two months ago. Since that time, the parties have held multiple, multi-hour meet and confer calls regarding Plaintiffs' objections and responses. After all of that, and now with Plaintiffs' Supplemental Responses, it appears that Plaintiffs are refusing to produce documents that they had previously agreed to. Plaintiffs' Supplemental Responses also ignore much of what the parties had discussed during these calls. Worse yet, during our call last week, it also appeared as though Plaintiffs had not even begun to search for ESI responsive to any of Cox's requests, including those requests on which it appears the parties were in agreement.

  In light of Plaintiffs' Supplemental Responses, and in an effort to avoid unnecessary disputes, I have further clarified certain of Cox's requests and Plaintiffs' current positions. This letter is not intended as a comprehensive recap of our prior discussions. Where noted, we request a confirmation from Plaintiffs by **12:00 pm EST on Thursday, January 17, 2019**.

- **Documents concerning the effect of copyright infringement on peer-to-peer file sharing sites (RFP Nos. 50-55)**

    - RFP No. 50: Plaintiffs have limited their response to the effect(s) to Plaintiffs' revenue from the works-in-suit. Cox has requested documents concerning the effect to Plaintiffs' revenue *and* profit. Cox's request is also not limited to the effects to the revenue or profit from the works-in-suit. Plaintiffs' proposed limitation is not appropriate because documents concerning the effect of infringement on peer-to-peer file sharing sites, whether it is positive or negative, is relevant irrespective of whether the effect is specific to the works-in-suit. We understand that Plaintiffs are refusing to search for and produce the requested information beyond that which is stated in Plaintiffs' Supplemental Response.

Jeffrey Gould<br>
Oppenheim & Zebrak LLP<br>
January 15, 2019

- RFP No. 51: Plaintiffs' Supplemental Response to this request is non-responsive. We understand that Plaintiffs are refusing to produce documents that concern "total projected and/or expected revenue and profits from the Copyright Works during Plaintiffs' Claim Period."

- RFP No. 52: With this request, Cox is seeking Plaintiffs' documents and communications (both internal and external) that reference infringement (actual or potential) on peer-to-peer file sharing sites of the works-in-suit. Plaintiffs' Supplemental Response to this request is limited to documents from 2012 to 2014 that concern MarkMonitor's system and Cox's response to receiving an infringement notice. Please confirm by 12:00 pm EST on January 17, 2019 whether Plaintiffs are producing documents responsive this request, as explained above. Otherwise, we understand Plaintiffs' are only producing those categories of documents stated in Plaintiffs' Supplemental Response.

- RFP No. 53: With this request, Cox is seeking information concerning the sampling of the works-in-suit on peer-to-peer file sharing sites. We understand Plaintiffs' are only producing those categories of documents stated in Plaintiffs' Supplemental Response.

- RFP Nos. 54-55: Plaintiffs have limited their response to these requests to the years 2012 to 2014. Cox did not place a time limitation on these requests. We understand that Plaintiffs are refusing to search for and produce the requested information beyond that which is stated in Plaintiffs' Supplemental Responses.

- **Documents concerning Cox (RFP Nos. 64-65, 128-129, 134-136)**

  - RFP No. 64: Plaintiffs objected to this request because it could implicate certain irrelevant documents, such as Plaintiffs' "telecom needs." During a subsequent meet and confer call, and in a letter sent thereafter, I explained that we were not seeking monthly invoices for Cox's services.

    In their Supplemental Responses, Plaintiffs have limited their response to documents "for the period 2012-2014 … relating to Cox's response to receiving an infringement notice sent by or on behalf of Plaintiffs, and [] documents concerning the number of infringement notices Cox would accept from Plaintiffs or on behalf of Plaintiffs." This is an unacceptable limitation.

    We understand that Plaintiffs' are refusing to produce documents responsive to this request beyond those stated in their Supplemental Responses.

  - RFP No. 65: With this request, Cox is seeking documents concerning communications with Cox regarding copyright infringement. We also did not limit our request to 2012 to 2014 but have separately agreed that Plaintiffs need

2

not log responsive privileged documents strictly between the parties-in-suit and their outside litigation counsel of record in this case created after January 29, 2016. We understand that Plaintiffs are refusing to produce documents in response to this request beyond those stated in Plaintiffs' Supplemental Response.

- RFP Nos. 128-129: Cox has requested Plaintiffs' documents concerning CATS. Plaintiffs have provided the same response outlined above. We understand that Plaintiffs are refusing to specifically search for documents concerning CATS and will only produce documents responsive to these requests to the extent they fall within one of the categories of documents stated in Plaintiffs' Supplemental Responses.

- RFP Nos. 134-135: Cox has requested documents concerning Plaintiffs' attempts to contact Cox subscribers concerning allegations of copyright infringement. Plaintiffs have limited their response to these requests to the years 2012 to 2014. Cox does not agree to this limitation, as documents created outside of this date range may be relevant. We understand that Plaintiffs are refusing to produce documents in response to these requests beyond those stated in Plaintiffs' Supplemental Responses.

- **Cox's response to receiving a copyright infringement notice (RFP No. 118)**

  - RFP No. 118: We understand that Plaintiffs are refusing to produce any documents concerning other ISPs' responses to receiving a copyright infringement notice. However, Plaintiffs have agreed to produce documents in response to this request specific to Cox and for the time period 2012 to 2014.

    Again, Cox is not willing to limit its request to the years 2012 to 2014, as documents created after that time period may be relevant to this case. As noted above, we have separately agreed that Plaintiffs need not log responsive privileged documents strictly between the parties-in-suit and their outside litigation counsel of record in this case created after January 29, 2016. We understand that Plaintiffs are limiting their response as stated in their Supplemental Response.

- **Communications with and documents concerning MarkMonitor (RFP Nos. 139, 141, 144, 156, 162-163)**

  - RFP Nos. 139, 141, 156, 162-163: Cox has requested both communications with and documents concerning MarkMonitor. In our January 11 letter, and during our meet and confer calls, we explained that we are amenable to carving out irrelevant categories of documents, such as MarkMonitor's trademark watching service. But we also explained that any correspondence with or documents concerning

3

Jeffrey Gould<br>
Oppenheim & Zebrak LLP<br>
January 15, 2019

MarkMonitor relating in any manner to copyright policing or monitoring services, Cox, or this litigation must be produced.

In response, Plaintiffs appear to be agreeing to produce only "for the time period 2012-2014, documents concerning analysis of the reliability of the MarkMonitor system used to produce the copyright notices sent to Cox upon which Plaintiffs will rely in this litigation" and documents concerning Cox's response to receiving copyright infringement notices. These are unacceptable limitations.

We understand that Plaintiffs are refusing to produce any communications with MarkMonitor or documents concerning MarkMonitor other than those captured by the categories of documents stated in Plaintiffs' Supplemental Responses.

- RFP No. 144: Plaintiffs have responded that they will produce their agreements with MarkMonitor as it relates to the copyright infringement notices at issue in this case in addition to the categories of documents outlined above concerning analyses between 2012 and 2014 and Cox's receipt of copyright infringement notices. However, we understand that Plaintiffs are refusing to search for documents specifically responsive to this request, which seeks any "business plans, prospectuses, marketing materials, investor materials, white papers, websites, or any other materials concerning the processes and procedures for monitoring peer-to-peer file sharing sites in order to identify potential copyright infringement from 2013 to the present … ."

- RFP No. 159: As noted above, Plaintiffs have only agreed to produce documents "for the time period 2012-2014, … concerning analysis of the reliability of the MarkMonitor system used to produce the copyright notices sent to Cox upon which Plaintiffs will rely in this litigation." This limitation is inappropriate as documents relating to the MarkMonitor system, whenever created, are relevant and there can be no burden in searching for and producing these documents.

Please confirm by 12:00 pm EST on January 17, 2019 whether Plaintiffs will produce all documents responsive to Cox's request. Otherwise, we understand that Plaintiffs' are refusing to produce documents other than those stated in their Supplemental Responses.

- **Communications with and documents concerning the RIAA (RFP Nos. 153-155, 162)**

  - RFP Nos. 153-154: As outlined in our January 11 letter, Cox is seeking communications with and documents concerning the RIAA *and* either this lawsuit, the Copyright Works, Cox, and/or MarkMonitor. It was our understanding from our discussions that Plaintiffs only objected to searching for and producing documents concerning the works-in-suit, because you believed that

4

Jeffrey Gould<br>
Oppenheim & Zebrak LLP<br>
January 15, 2019

such a search would be unduly burdensome to perform but that Plaintiffs would produce documents concerning the other topics.

It now appears that Plaintiffs refuse to produce any documents in response to these requests except "for the period 2012-2014, documents concerning analysis of the reliability of the MarkMonitor system used to produce the copyright notices sent to Cox upon which Plaintiffs will rely in this litigation, (5) for the period 2012-2014, documents relating to Cox's response to receiving an infringement notice sent by or on behalf of Plaintiffs, and (6) documents concerning the number of infringement notices Cox would accept from Plaintiffs or on behalf of Plaintiffs."

Cox's requests are not so limited. As outlined in a separate section above, Cox objects to the limitation placed on documents concerning the MarkMonitor system. In addition, Plaintiffs' Supplement Response does not appear to cover documents relating to this lawsuit, the validity of Plaintiffs' copyrights or their ownership of them, Plaintiffs' (or the RIAA's) efforts to police Plaintiffs' copyrights, or documents concerning MarkMonitor beyond those that may pertain to analyses of the reliability of its system. We understand that Plaintiffs are refusing to produce documents responsive to Cox's requests other than those stated in their Supplemental Responses.

- RFP No. 155: Cox requested "[a]ll documents concerning the relationship, agreement, and/or communications, including the communications, between You and/or any other Plaintiff and the RIAA." Cox is willing to narrow this request to relationships, agreements, and communications that pertain to this lawsuit, the works-in-suit, Cox, or MarkMonitor and/or any other system used to monitor and or police copyrights. And to the extent the relationship, agreement, and communication refers to the works-in-suit, Cox is only seeking such documents that relate to the validity, ownership, BitTorrent, peer-to-peer file sharing sites, or copyright infringement. Please confirm by 12:00 pm EST on January 17, 2019 whether Plaintiffs will produce documents in response to Cox's narrowed request. Otherwise, we understand that Plaintiffs are limiting their response as stated in their Supplemental Response.

- RFP No. 162: We understand that the RIAA managed MarkMonitor's copyright infringement notice program and that the RIAA may be considered the sender of the notices at issue in this case. Accordingly, with RFP No. 162, Cox has requested all correspondence with the RIAA or any other agent who sent notices on behalf of Plaintiffs in this litigation. Cox will narrow this request to seek any correspondence with anyone who sent copyright infringement notices to Cox on a plaintiffs' behalf that concerns, in any way, copyright infringement (whether actual or potential).

5

Jeffrey Gould<br>
Oppenheim & Zebrak LLP<br>
January 15, 2019

Please confirm by 12:00 pm EST on January 17, 2019 whether you will produce documents in response to this narrowed request.  Otherwise, we understand that Plaintiffs intend to limit their production as stated in their Supplemental Responses.

- **Plaintiffs' enforcement efforts (RFP Nos. 119-120, 122, 124, 160-161)**

    - <u>RFP Nos. 119-120, 122, 124</u>: Cox seeks documents concerning Plaintiffs' efforts to enforce their copyrights, including those at issue and as against individuals using peer-to-peer file sharing sites.  Responsive documents could include non-privileged communications concerning proposed enforcement efforts, the success or impact of enforcement efforts taken, Plaintiffs' consideration of other rights holders' enforcement efforts, and any analysis regarding potential recoveries from such efforts.

        We understand that Plaintiffs are refusing to search for and produce documents in response to this request, and concerning these topics, unless it relates to one of the categories of documents stated in Plaintiffs' Supplemental Responses.

    - <u>RFP Nos. 160-161</u>: Cox seeks documents concerning Plaintiffs' efforts to monitor for the infringement of their works on peer-to-peer file sharing sites.  In addition to those documents that would be responsive to the requests concerning MarkMonitor, these documents could also include internal or external correspondence/documents about the ways in which copyright infringement may be detected on line, any issues/difficulties with monitoring for infringement, the flaws or deficiencies related to such a system, other right holders' experiences doing so, the level of detected infringement and whether it impacts Plaintiffs' decision to monitor for infringement, and communications with other ISPs related to these topics.

        We understand that Plaintiffs are refusing to produce documents in response to these requests other than those stated in their Supplemental Responses.

- **Copies of the works-in-suit (RFP No. 3)**

    - Plaintiffs state that they will produce "digital copies of a sample of the copyright works."  That is insufficient.  As we have discussed during our calls, we require digital copies of each work-in-suit.

- **Analyses with royalty agreements with ISPs (RFP No. 24)**

    - We did not agree to limit our request to the years 2012 to 2014.  That notwithstanding, Plaintiffs represent that they are not aware of any analysis concerning a royalty agreement with an ISP between 2012 and 2014.  Please clarify

Jeffrey Gould  
Oppenheim & Zebrak LLP  
January 15, 2019

by 12:00 pm EST January 17, 2019 whether Plaintiffs are stating that they are not aware of any analysis of a royalty agreement with an ISP that was in effect from 2012 to 2014 or whether Plaintiffs are stating that they are not aware of any analysis that itself was created during that time period. Cox would be interested in any analysis of a royalty agreement in effect between 2012 and 2014, regardless of when it was performed.

Sincerely,

Jennifer Golinveaux  
Winston & Strawn LLP