**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

### PLAINTIFFS' MOTION FOR TEMPORARY SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under temporary seal a portion of their Memorandum in Support of Plaintiffs' Motion to Compel (ECF No. 71), and two accompanying exhibits (PX 1610 and PX 5003). Plaintiffs' memorandum contains documents and information that Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox") designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. ECF No. 58.

Plaintiffs do not believe the documents or information that are the subject of this motion should be subject to *any* confidentiality protection because they were used in open court and admitted into evidence during the public trial in *BMG Rights Management v. Cox Communications, Inc. et al.*, 1:14-cv-1611 (the "BMG Litigation"). Plaintiffs have been forced to so move nevertheless because Cox insists on maintaining improper designations over publicly disclosed trial exhibits and testimony. Plaintiffs have informed Cox that they dispute these and all such designations. The process for resolving those disputes is set forth by the Stipulated Protective Order (ECF No. 58) and that process is under way. Plaintiffs therefore request temporary sealing

to comply with the Court's Stipulated Protective Order in this action and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

1. Plaintiffs cite two trial exhibits from the BMG litigation in support of their Motion to Compel: PX 1610 and PX 5003. PX 1610 is a copy of Cox's First Supplemental Responses to Plaintiffs' First Set of Interrogatories in the BMG case, with objections and certain interrogatories redacted. PX 1610 was admitted into evidence with no steps taken to limit its public disclosure. BMG Tr. at 1147, attached hereto as Ex. A.

2. PX 5003 is a written transcript of the video designation testimony of Cox's Manager of Customer Safety and Abuse Operations, Jason Zabek. The video was played in open court but the testimony was not transcribed in the trial transcript. BMG. Tr. at 1130. Instead, PX 5003 was admitted without objection. BMG Tr. at 1130, 1149.

3. Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

   a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

   b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

   c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

   d. A proposed order.

        Respectfully submitted,

Dated January 18, 2019        /s/ Scott. A Zebrak
        Scott A. Zebrak (38729)
        Matthew J. Oppenheim (*pro hac vice*)
        Jeffrey M. Gould (*pro hac vice*)
        OPPENHEIM + ZEBRAK, LLP
        4530 Wisconsin Avenue, NW, 5th Floor
        Washington, DC 20015
        Tel:  202-480-2999
        scott@oandzlaw.com
        matt@oandzlaw.com
        jeff@oandzlaw.com

        *Attorneys for Plaintiffs*