1

```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division




---------------------------------:
                                 :
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
            Plaintiffs,           :
                                 : Case No. 1:14-cv-1611
     vs.                         :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
            Defendants.           :
---------------------------------:




                         VOLUME 1 (a.m. portion)




                         TRIAL TRANSCRIPT

                         December 2, 2015

                  Before:  Liam O'Grady, USDC Judge

                         And a Jury
```

1      THE COURT: All right. And so they didn't turn your
2 service off? They just told you if it happened again, you
3 would lose your service?
4      MR. EDDY: No, when I tried to access -- if I recall
5 correctly. This was some time ago. When I tried to access the
6 internet --
7      THE COURT: Yes.
8      MR. EDDY: -- it said, you can't -- you cannot access
9 the internet because we believe this work is copyrighted or
10 something to that effect.
11      THE COURT: Right.
12      MR. EDDY: And then I had to -- I had to take some
13 action. I can't remember if it was click a button or it was
14 removed from my local system, and then the access was restored.
15      THE COURT: Okay. Did you have to talk to somebody
16 at Cox?
17      MR. EDDY: I don't believe I had to talk to a person.
18      THE COURT: All right. And that happened just the
19 one time during the ten years?
20      MR. EDDY: Yes, sir.
21      THE COURT: Do you remember how long ago?
22      MR. EDDY: Four years, maybe.
23      THE COURT: And anything about that experience which
24 would make it difficult for you to be fair and impartial in
25 this case?

1       MR. EDDY: I don't know. I can see where this case
2  could go. Just given the content, it would make me very
3  uncomfortable.
4       THE COURT: You're right in the middle of what the
5  case is about. And so one of my questions to the panel is have
6  you ever downloaded music? And if so, have you ever been
7  accused of downloading infringing or copyrighted music and been
8  contacted about that. And so, you are certainly in the middle
9  of that. The case is about customers downloading copyrighted
10 music without permission. And the graduated process that Cox
11 goes through to identify those and deal with those customers is
12 part of the case as well.
13      So how uncomfortable would that make you to be part
14 of the jury?
15      MR. EDDY: Quite.
16      THE COURT: Okay. All right.
17      All right. Any other questions by anyone?
18      MR. WARIN: Have you ever heard of BitTorrent?
19      MR. EDDY: Yes, sir.
20      THE COURT: Okay. And have you used BitTorrent
21 yourself?
22      MR. EDDY: Yes, sir.
23      THE COURT: Okay. All right. Thank you, Mr. Eddy.
24      MR. EDDY: Thank you all.
25      THE COURT: He was older than I thought the

1130

```
 1                THE COURT:  All right, please be seated.
 2                Who has got the --
 3                MR. WARIN:  Your Honor, we call as our next witness
 4   by videotape, Jason Zabek.
 5                THE COURT:  All right.  Thank you, sir.  And this
 6   will include the designations and the counter-designations by
 7   Cox, is that correct, sir?
 8                MR. WARIN:  That's correct.  And I think we have no
 9   disagreement at this point with respect to any of that.
10                THE COURT:  All right.  Good, then let's hit the
11   dial.
12                NOTE:  Portions of the JASON ZABEK videotape
13   testimony are played; at the conclusion of which the case
14   continues as follows:
15                MR. WARIN:  Your Honor, I believe that there are four
16   exhibits that were identified in the deposition that were not
17   previously admitted.  And I believe those are PX 1371, PX 1387,
18   PX 1393, and PX 1394.  I believe by agreement with Mr. Buckley,
19   and consistent with earlier rulings of the Court, those should
20   be admitted now.
21                THE COURT:  All right.  Mr. Buckley.
22                MR. BUCKLEY:  No objection, Your Honor.
23                THE COURT:  All right.  They are all received.
24                MR. WARIN:  Thank you.
25                THE COURT:  Mr. Warin, that's the end of -- with the
```

1147

```
 1              NOTE:  The December 9, 2015 portion of the case
 2   begins in the absence of the jury as follows:
 3   JURY OUT
 4              THE COURT:  All right.  Good morning to all counsel.
 5   We had a preliminary matter.  Is that --
 6              MR. PECAU:  Just one.
 7              THE COURT:  Sure.
 8              MR. THEODORE:  Yes, Your Honor.  So I think we have
 9   an agreement on the -- on the rogs where we're going to move in
10   PX 1610, PX 1620, PX 1622, and PX 1614, which are versions of
11   the rogs that we have redacted the objections and we've
12   redacted a couple of different interrogatories that we both
13   agreed were not necessary under the circumstances.
14              THE COURT:  All right.  Is that right, Mr. Reilly?
15              MR. REILLY:  That's correct, Your Honor, and we
16   appreciate the plaintiff's cooperation with us on that.
17              THE COURT:  All right.
18              MR. REILLY:  Our only concern that remains is, again,
19   that these were answered at the time when the DMCA safe harbor
20   defense was still in the case, so there are a lot of references
21   to section 512 of the DMCA, and it may be appropriate for the
22   Court's consideration when giving some sort of instruction
23   about that issue.
24              THE COURT:  Versus redacting that portion out or --
25              MR. REILLY:  I think it would probably disrupt the
```

1   MR. CARACAPPA: Your Honor, one other issue. We just
2   want to make sure that the Zabek video transcript has
3   officially been moved into evidence. It was played yesterday.
4   We believe it was, but we just wanted to confirm that with the
5   Court.
6   THE COURT: Yeah, there was no objection to that,
7   right?
8   MR. CARACAPPA: No, Your Honor, there wasn't.
9   THE COURT: No, it's in.
10  MR. CARACAPPA: Okay. Thank you, Your Honor.
11  MS. JOBSON: Good morning, Your Honor. One other --
12  excuse me. One other note --
13  THE COURT: Good morning, Ms. Jobson.
14  MS. JOBSON: I believe we received your notes on the
15  video objections of Christopher Sabec, and there was one where
16  you had noted, I believe, that you'd like to hear from us.
17  THE COURT: And I just didn't -- on 166 through 171,
18  I guess, without having the exhibits, I just wasn't sure what
19  was -- the purpose of putting those pages in.
20  MS. JOBSON: This was for the purpose of showing --
21  it goes to the reliability of the software that generates the
22  notices in terms of sending notices to businesses, social
23  clubs, and that kind of thing. And the document associated
24  with that testimony. I have a copy here if you would like to
25  take a look.