UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**DECLARATION OF JEREMY BLIETZ ON BEHALF OF THE WARNER/CHAPPELL PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

I, Jeremy Blietz, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am currently employed as Vice President, Administration at Warner/Chappell Music, Inc. I have worked in the music industry for 25 years. I have held my current position or a similar position at all times relevant to this declaration. I have personal knowledge of the facts set forth below and/or have learned of these facts as a result of my position and responsibilities at Warner/Chappell Music and could and would testify competently thereto if called as a witness.

2. Plaintiffs Warner/Chappell Music and its affiliates Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., and Intersong U.S.A., Inc., (collectively, "Warner/Chappell") are full-service music publishing companies that collectively exploit a diverse catalog of over one million songs, including numerous pop hits, American standards, folk songs and motion picture and theatrical compositions.

3. I am generally familiar with Warner/Chappell's practices and procedures for acquiring, administering, publishing, licensing, and otherwise exploiting its catalogue of songs. I

am also familiar with the books and records of Warner/Chappell, including documents such as copyright certificates and agreements pursuant to which Warner/Chappell possesses rights in the musical compositions at issue in this litigation.

4. I understand that this declaration is to be submitted to the Court in connection with requests for discovery and a motion to compel filed by Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Defendants" or "Cox").

5. Musical compositions are the foundation of Warner/Chappell's business. In the course of regular operations, Warner/Chappell's routine practice is to obtain copyright ownership of its songs through registrations with the U.S. Copyright Office or other transactions.

6. There are eight Warner/Chappell music publishing companies included as Plaintiffs in this case. Warner/Chappell owns more than 1.4 million compositions worldwide, of which approximately 500,000 have been registered for copyright protection in the U.S.

7. Warner/Chappell is producing documents that demonstrate its ownership of its works in this case. Production of every document that may have been generated in the course of acquiring a copyright would be extremely burdensome. That is because the process for obtaining the rights to a composition is extensive. A publishing company typically obtains rights to a composition either by directly entering into an agreement with a songwriter or indirectly by acquiring catalogs from other companies, or by acquiring other companies (who themselves have entered into the direct agreements with songwriters). The acquisition of any single composition may involve agreements and communications between many people, correspondence with copyright owners and their representatives, drafts and negotiations of agreements and licenses, input from lawyers or musicologists, and the like. The files containing these various materials, including the agreements and the licenses themselves, are not kept in a central location. Rather,

they are located in the files of the various publisher entities and others who may be involved in any individual licensing situation.

8. The same is true for documents concerning any questions, challenges, uncertainties or disputes regarding the validity or ownership of Warner/Chappell's copyrights in musical compositions. Searching for documents regarding any challenges or disputes regarding the validity or ownership of Warner/Chappell's copyrights could involve many employees, including attorneys. Warner/Chappell would not include works in its repertoire if a challenge to its ownership or validity of its copyrights was successful and, likewise, would not have included such works in this lawsuit.

9. An effort to locate, collect and review all of the documentation associated with Warner/Chappell's ownership of copyrights in musical compositions—including the validity, ownership, chain of title, artist agreements, challenges or disputes, and all forms of assignments and licenses for a decade—would be an enormous undertaking. I estimate that additional tens of thousands of documents would need to be located, collected and reviewed in such an effort. This process would require thousands of hours of employee time in addition to the substantial time and expense required by in-house and outside attorneys to manage this process. I would estimate that the expense of such an undertaking could easily cost hundreds of thousands of dollars or more.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

                                                     _Jeremy Blietz_
                                                                Jeremy Blietz

Executed this 23rd day of January, 2019.