UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**DECLARATION OF JEFFREY M. GOULD ON BEHALF OF PLAINTIFFS IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

I, Jeffrey M. Gould, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.  I am Senior Counsel with the law firm, Oppenheim + Zebrak, LLP ("O+Z"), attorneys of record for Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music

Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc. (collectively, "Plaintiffs").  I submit this declaration on behalf of Plaintiffs and in opposition to the Motion to Compel (the "Motion") filed by Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Defendants" or "Cox").  I have personal knowledge of the facts stated herein and, if called upon to do so, I can and will testify competently thereto.

2. I have participated in teleconferences with Defendants' counsel on multiple occasions, including on December 12 and 14, 2018 and January 7, 2019, to discuss, among other things, the overly broad scope of Defendants' 175 Requests for Production and 12 Interrogatories. I have also corresponded with Defendants' counsel by letter and email for the same purpose.  In our meet-and-confer calls with Defendants' counsel, Plaintiffs have asked Cox repeatedly to narrow their discovery requests to a reasonable scope tailored to the legitimate needs of this case. In all but a few instances, Cox has refused to narrow the scope of its requests and, instead, demanded that Plaintiffs specifically identify to Cox all the potential non-relevant categories and documents encompassed by its broad requests.  With respect to Cox's requests for all documents concerning Cox, after much prodding, Cox made the narrow concession that it was not interested

in receiving documents containing "monthly invoices for Cox's services" or emails that simply use a .cox domain. Cox has demanded documents after 2014. This is unreasonably broad and burdensome. The relevant time period at issue in this case is cabined by the stipulation between the parties that the relevant time period is 2012 to 2014, and Cox has so limited its own discovery responses.

3. Plaintiffs already have produced nearly 300,000 documents in this matter, and are continuing to produce documents on a rolling basis. To date, Plaintiffs' production includes copyright registration records, chain of title documents, infringement evidence including infringement notices, financial information, corporate reports, and organizational charts. In particular, Plaintiffs have already produced records demonstrating that each of the works in suit is protected by a copyright registration. In addition, Plaintiffs have produced, and are in the process of completing their production of, various "chain of title" documents that link each named Plaintiff to the claimant listed on the copyright registrations to the extent it is not a Plaintiff.

4. Plaintiffs' counsel asked Cox on multiple occasions to engage in a reciprocal dialogue about appropriate search terms with which the parties could search for and cull responsive electronically stored information (ESI). I first raised the issue in my December 10, 2018 letter to Cox (attached as Exhibit 6 to the Declaration of Jennifer Golinveaux ("Golinveaux Declaration")) (ECF No. 75-7), where we made clear that Plaintiffs expected that the parties would exchange and discuss appropriate search terms. Plaintiffs again raised the issue during our teleconference with Cox's counsel on January 7, 2019. Cox's counsel asked Plaintiffs to provide their proposal in writing, which my colleague, Kerry Mustico, did by email on January 8, 2019. Thereafter, Cox refused to engage in a discussion about the parties' mutual exchange of proposed search terms and custodians for ESI discovery. When my colleague asked Cox's counsel whether they were

refusing to disclose the search terms Cox apparently has unilaterally chosen and determined to be adequate for its own ESI, and an explanation for such, Cox's counsel ignored Ms. Mustico's email. Attached hereto as Exhibit A is a true and correct copy of an email exchange between Plaintiffs' counsel and Defendants' counsel ending on January 11, 2019.

5. Given Cox's refusal to engage with Plaintiffs about appropriate ESI search terms and custodians, Plaintiffs are in the process of collecting, searching, and reviewing potentially responsive ESI on their own. In particular, Plaintiffs are conducting searches of their relevant custodians' ESI using appropriate search terms. Plaintiffs' searches target, among other categories, non-privileged documents concerning: Cox and copyright infringement; MarkMonitor and various topics, including BitTorrent, P2P, copyright infringement, Cox, piracy, and illegal or unauthorized downloading; RIAA and Cox; and the effect of piracy via BitTorrent and P2P on Plaintiffs' revenues or profits.

6. On January 9, 2019, I also requested that the parties meet and confer again in an attempt to resolve many of the open discovery issues. Cox ignored that request. Attached hereto as Exhibit B is a true and correct copy of my January 9, 2019 letter to Cox's counsel.

7. Attached hereto as Exhibit C is a true and correct copy of *Capitol Records Inc. v. MP3Tunes*, No. 07 Civ. 9931 (WHP), ECF No. 168 (S.D.N.Y. Apr. 12, 2010).

8. Attached hereto as Exhibit D is a true and correct copy of *BMG Rights Management (US) LLC, et al. v. Cox Enterprises, Inc., et al.*, No. 1:14-cv-01611-LO-JFA, Excerpted Hearing Transcript (E.D. Va. June 26, 2015).

9. Attached hereto as Exhibit E is a true and correct copy of *BMG v. Cox*, No. 1:14-cv-01611-LO-JFA, Excerpted Trial Transcript (E.D. Va. Dec. 11, 2015) (pp 1686-97, 1691-95 1713-19).

10. Attached hereto as Exhibit F is a true and correct copy of the International Federation of the Phonographic Industry (IFPI) 2014 Digital Music Report, *available at:* https://www.ifpi.org/downloads/Digital-Music-Report-2014.pdf (last visited Jan. 23, 2018).

11. Attached hereto as Exhibit G is a true and correct copy of *Warner Bros. Records Inc. v. Seeqpod, Inc.*, No. CV 08-335 (VBF) (PLA), ECF No. 31, at 12 (C.D. Cal. Mar. 31, 2008).

12. Attached hereto as Exhibit H is a true and correct copy of *Disney Enterprises, Inc. et al. v. Hotfile Corp. et al.*, No 11-cv-20427-KMW, ECF No. 138 (S.D. Fla. Sept. 1, 2011).

13. Attached hereto as Exhibit I is a true and correct copy of *UMG Recordings, Inc. v. Lindor*, No. 05-cv-1095-DGT-RML, ECF No. 240 (E.D.N.Y. May 16, 2008).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

                                                               */s/ Jeffrey M. Gould*

Executed this 23rd day of January, 2019 in Washington, D.C.