# Gould Exhibit A

| | |
|---|---|
| **Subject:** | Re: Sony v. Cox - Exchange of Search Parameters |
| **Date:** | Friday, January 11, 2019 at 2:26:04 PM Eastern Standard Time |
| **From:** | Kerry Mustico |
| **To:** | Golinveaux, Jennifer A. |
| **CC:** | Kearney, Thomas, Jeff Gould, Buchanan, Tom, Scott Zebrak |
| **Attachments:** | image001.jpg |

Jennifer,

The parties have discussed in numerous letters and calls the prospect of each party proposing search terms to identify potentially responsive documents.  Your email below thus comes as a surprise.  Are you refusing to provide the search terms Cox is using to identify potentially responsive documents?  If so, please explain the basis for your refusal and Cox's unilateral approach to discovery. *See, e.g., Burd v. Ford Motor Co.,* 2015 WL 4137915, at *8 (S.D. W. Va. July 8, 2015) ("The obligation on the parties to meet and confer early in the case includes a discussion that can and should include cooperative planning, rather than unilateral decision-making, about matters such as the . . . number and identities of custodians whose data will be preserved and collected . . . and search terms and methodologies to be employed to identify responsive data.") (internal quotations and citations omitted).

As for Plaintiffs' responses to Cox's document requests, you miss the point and have mischaracterized the process.  Your letter sent today to Jeff Gould continues that mischaracterization and we will respond to the letter in due course.  Cox served 175 document requests that are massively objectionable in scope, breadth, and relevance.  We have tried at length — in numerous letters explaining our objections and hours of calls trying to understand what Cox actually seeks — to determine a reasonable scope of discovery tailored to actual issues in the case.  In most cases, you and your colleagues have been unable to justify the requests or demonstrate any willingness to narrow them.  Worse still, you try to distract from Cox's shortcomings by criticizing the rate of Plaintiffs' document production despite Plaintiffs' diligence in reviewing and producing documents.  As you know, Plaintiffs have produced nearly 300,000 documents and Cox has produced only depositions and some (but not all) compelled trial exhibits from a prior case.  Regardless, in an effort to move these issues forward, we will be serving supplemental responses to Cox's First RFPs later today, which should resolve many of the issues we've been discussing and correct many of the mischaracterizations in your letter of earlier today.

Regards,

Kerry M. Mustico
**Oppenheim + Zebrak, LLP**
202.480.2174 (direct)
kerry@oandzlaw.com

_____

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

---

**From:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Date:** Thursday, January 10, 2019 at 7:59 PM
**To:** Kerry Mustico <Kerry@oandzlaw.com>

**Cc:** "Kearney, Thomas" <TKearney@winston.com>, Jeff Gould <Jeff@oandzlaw.com>, "Buchanan, Tom" <TBuchana@winston.com>
**Subject:** RE: Sony v. Cox - Exchange of Search Parameters

Hi Kerry,

Thank you for your email. As I indicated during our call this past Monday, the parties have never agreed to broad exchanges of search terms and custodians across RFPs involving ESI. While you said on the phone that the FRCP mandates such an exchange, we are unaware of such a provision and you have identified none. Instead, Plaintiffs offered to identify search terms and custodians--after the appropriate diligence with their clients of course--as a way to address the parties' disputes regarding certain of Cox's document requests to which Plaintiffs have initially objected. Although we initially discussed these requests more than three weeks ago, Plaintiffs have yet to provide any more detail on their proposal or to provide the proposed search terms. Even more troubling, during our call this past Monday, you and your colleagues seemed to indicate that Plaintiffs had not yet even begun to search for responsive ESI, despite Cox having served its discovery requests almost two months ago now. This is entirely unacceptable in light of the case schedule. Please confirm when Plaintiffs expect to complete their production.

Jennifer

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802

winston.com

WINSTON &STRAWN LLP

---

**From:** Kerry Mustico <Kerry@oandzlaw.com>
**Sent:** Tuesday, January 8, 2019 4:47 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Cc:** Kearney, Thomas <TKearney@winston.com>; Jeff Gould <Jeff@oandzlaw.com>
**Subject:** Sony v. Cox - Exchange of Search Parameters

Dear Jennifer,

Following up on our meet and confer yesterday, we write to detail our proposal for the parties to exchange and attempt to agree on the ESI search parameters each party will use.  Accordingly, we propose the following:

- By Friday, Jan. 11 at 5 pm PST, the parties send the opposing party a list of the search terms, custodians, and time period it/they propose to use to search for responsive ESI.  The parties should also include a list of the RFPs that all of the search parameters (together) are intended to address.
- By Monday, Jan. 14 at 5 pm PST, the parties provide any additional terms/parameters they propose the other party include in their searches.
- On Wednesday, Jan. 16, the parties meet and confer, to the extent necessary.

Please let us know if you are amenable to this proposal.

Regards,

Kerry M. Mustico
**Oppenheim + Zebrak, LLP**
5225 Wisconsin Avenue, NW | Suite 503
Washington, DC 20015
202.480.2174 (direct) | 202.480.2999 (main)
kerry@oandzlaw.com | www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:  https://twitter.com/OandZLaw
_____

This e-mail and any attachments may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you are not the intended recipient, please delete it from your system without copying, reviewing or distributing any portion and notify sender by reply e-mail.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.