UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
THE NUMBER OF SUBSCRIBERS COX TERMINATED FOR VIOLATING ITS
ACCEPTABLE USE POLICY AND PAYMENT TERMS**

Plaintiffs move to compel the number of subscribers Cox terminated, broken down over a reasonable period of time by category of termination. Cox concedes that it has the information. It does not assert that providing it creates an undue burden. Cox hangs its hat on arguing the information is irrelevant, but it is wrong. The information is highly probative and Cox should be ordered to provide it.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The information sought is squarely relevant to liability. One "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (internal citations omitted). The *Usenet* and *MP3Board* cases discussed in Plaintiffs' Motion are examples where courts have expressly found that a defendant's actions to restrict users from violations of terms or policies other than copyright infringement (e.g., regarding spam, pornography, or other

prohibited acts) are relevant to the defendant's right and ability to control or supervise its users' infringing activities.[1]

Despite the obvious relevance, Cox tries to distinguish the *Usenet* and *MP3Board* cases based on meritless semantics. (Opp. at 2-7.) It argues that the Fourth Circuit standard for vicarious liability requires the right and ability to "supervise," while the Southern District of New York standard applied in *Usenet* and *MP3Board* considered the right and ability to "control." Both *Usenet* and *MP3Board* discuss the right to supervise. Relying on hallmark cases in this area, the *MP3Board* decision articulates the standard as follows: "[a] company may be found vicariously liable for copyright infringement if it has the right and ability to supervise infringing activity and also has a direct financial interest in that activity." *Arista Records, Inc. v. MP3Board, Inc.*, No. 00 CIV. 4660 (SHS), 2002 WL 1997918, at *10 (S.D.N.Y. Aug. 29, 2002). The *Usenet* decision, which post-dates *Grokster*, discusses "right and ability to control" and "right and ability to supervise" interchangeably. *Arista Records, Inc. v. Usenet*, 633 F. Supp. 2d 124, 156-157 (S.D.N.Y. 2009) (explaining that the ability to block infringers' access to a particular environment for any reason whatsoever is evidence of the "right and ability to supervise" and noting it is exercised by restricting a user from uploading or downloading content).

Cox also erroneously conflates relevance with sufficiency, contending "more is required" to prove liability than just the information sought. Opp. at 4, 5. Cox has no idea what weight a jury may attribute to this information and attorney speculation is not the standard for relevance. "[I]t is universally recognized that evidence, to be relevant to an inquiry, need not conclusively prove the ultimate fact in issue, but only have "any tendency to make the existence of any fact that

---

[1] Citing the *Usenet* case, this Court explained that "[u]nlike contributory infringement, vicarious liability is not based on the knowledge or intent of the defendant. It is entirely dependent on the existence of a financial benefit and the defendant's relationship to the infringement." *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns. Inc.*, 149 F.Supp 3d 634, 674 (E.D.V.A. 2015).

is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *New Jersey v. T.L.O.,* 469 U.S. 325, 345 (1985) (quoting FRE 401); *see also United States v. Madera,* 574 F.2d 1320, 1322 (5th Cir.1978) ("Evidence need not be conclusive of a material issue in order to be admitted."). How Cox acts with respect to uses of its network that it finds objectionable directly bears on whether Cox could take similar action with respect to limiting infringement, though declined to do so. The same is true for non-payment violations.

Cox asserts that it can withhold the information sought on the basis that it is "unreasonably cumulative and duplicative of discovery they [plaintiffs] have already obtained." Opp. at 6–7. This is perplexing. Cox has not produced any of the information sought by this motion. Nor does Cox explain why this Court's summary judgment decision in the *BMG v. Cox* case, which mentions Cox's termination policy, or a statement from Plaintiffs in a brief in this action, purportedly render the discovery duplicative. Opp. at 6–7. Neither impacts Cox's obligation to produce the relevant information requested, nor substitutes for actual evidence that a jury can consider.

The requested information is relevant for additional purposes as well, including willfulness. Statutory damages are "not fixed or readily calculable from a fixed formula." *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 352–53 (1998) (citation omitted). Willfulness in the context of statutory damages for copyright infringement includes a defendant acting in reckless disregard for a plaintiff's copyrights. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 312–13 (4th Cir. 2018). When a jury considers the question of willfulness and the

amount of an award, it is entitled to consider the degree to which Cox acted to protect Cox's interests but declined to take similar action to stop infringement.[2]

Finally, Cox argues that, even if the information is relevant for the period of the specific claims in this case, it should not also have to provide the information with respect to the three-year period that precedes that claims period. Cox is wrong. Cox's exercise of control during the years just prior to the claim period certainly speaks to its right and ability to do the same during the claim period. A jury is also entitled to this context as it assesses damages, willfulness, and the need for deterrence. Cox no doubt has a history of acting to restrict subscriber activity Cox deems against its interests (including failure to pay for service or other policy violations), while declining to act to limit infringing activity, including by specific infringers repeatedly brought to Cox's attention. The information exists in Cox's possession, it is relevant, and it can be produced without any burden. Cox should be ordered to do so.

Dated January 24, 2019

Respectfully Submitted,

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

---

[2] Cox twice states that willfulness turns on a defendant's knowledge of copyright infringement (Opp. at 2, 8). As Cox acknowledges elsewhere, however, the test for willfulness is not just knowledge. Willfulness can be shown through reckless disregard or willful blindness. *Cox Commc'ns*, 881 F.3d at 312–13.