UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

## COX'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FILE UNDER SEAL

On January 18, 2019, Plaintiffs filed a motion to compel referencing two trial exhibits from *BMG Rights Management v. Cox Communications, Inc. et al.*, Case No. 1:14-cv-1611 (the "BMG Litigation"). Pursuant to Rule 26 of the Federal Rules of Civil Procedure and E.D. Va. Local Civil Rule 5(C), Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") respectfully submit this Memorandum in support of Plaintiffs' motion to seal. *See* ECF No. 74 (Notice of Sealing); ECF No. 76 (Plaintiffs' Motion for Temporary Sealing).

Exhibit D to Plaintiffs' Motion to Compel, trial exhibit PX 5003, is a written transcript of a portion of the videotaped deposition testimony of Jason Zabek. Cox does not take the position that the specific excerpts of PX 5003 referenced by Plaintiffs in their Motion to Compel (pages 208:11-209:05) should be sealed, without prejudice to Cox's position that there are other excerpts of this deposition transcript that *do* qualify as Confidential or Highly Confidential material pursuant to the Stipulated Protective Order and/or meet the requirements for sealing. However, rather than providing the Court with only the excerpts referenced in the Motion to Compel, Plaintiffs apparently submitted to the Court the entire exhibit.[1] Therefore, Cox respectfully requests that the

---

[1] When Cox's counsel asked Plaintiffs' counsel to provide them with unredacted copies of the Motion to Compel and exhibits, Plaintiffs' counsel sent the unredacted motion and PX 1610 and

Court seal the entire exhibit, or, in the alternative, order Plaintiffs to re-submit only those portions of the exhibit that they reference in the Motion to Compel.[2]

Exhibit C to Plaintiffs' Motion to Compel, trial exhibit PX 1610, is a copy of Cox's First Supplemental Responses to Plaintiffs' First Set of Interrogatories from the BMG Litigation. Cox respectfully requests that PX 1610 remain under seal in its entirety.

Pursuant to Local Civil Rule 5(C), Cox must provide the Court with:

a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."

As is clear from the first page of this exhibit, this entire document was designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order entered in the BMG Litigation. The portion of the exhibit referenced by Plaintiffs in their Motion to Compel, pages 24 through 27, is a table showing the number of subscribers that Cox warned, suspended, and terminated for copyright infringement each month from January 2010 through February 2015. Because this information is not shared with Cox's competitors, Cox's subscribers, or the public, this information was filed under seal with the Court's approval twice in the BMG Litigation. *See* BMG Litigation, ECF Nos. 401 and 578. In connection with Cox's filing of this information under seal in the BMG Litigation, Cox submitted the Declaration of Marcus Delgado, Cox's Assistant

---

PX 5003 in their entirety.

[2] Plaintiffs claim in their Motion to Seal that "[t]he video was played in open court but the testimony was not transcribed in the trial transcript," and therefore that the exhibit was "publicly disclosed." ECF No. 71 at 6 n.2. But the trial transcript does not reflect whether anyone other than the judge, jury, and trial counsel were present in the courtroom when the video was played. *See* BMG Trial Tr. at 1130, 1149. Furthermore, the trial transcript contains a number of references to off-the-record agreements to keep certain exhibits off of the large "gallery" screens and/or or show such exhibits on the screens only if there were no third parties present. The lack of a reference to trial counsel limiting the disclosure of PX 5003 does not mean that it was publicly disclosed.

General Counsel, establishing that the information was drawn from Cox's proprietary CATS system that Cox maintains in confidence, and that disclosure of this material would cause Cox competitive injury because it reveals Cox's competitive customer service protocols that would inform Cox's competitors in shaping their competing service protocols.  *See* BMG Litigation, ECF No. 403, ¶ 12.[3]

Plaintiffs dispute the confidentiality of PX 1610 on the grounds of its purported "public use in the public BMG trial."  *See* ECF No. 71, Mem. in Supp. of Plaintiffs' Motion to Compel, at 3 n.1; *see also* ECF No. 76, Plaintiffs' Motion for Temporary Sealing, at 2 ("PX 1610 was admitted into evidence with no steps taken to limit its public disclosure.").  But the portion of the trial transcript cited and attached by Plaintiffs (Page 1147) reflects only that Plaintiffs' counsel entered this and other exhibits into the record by stating "we're going to move in PX 1610, PX 1620, PX 1622, and PX 1614, which are versions of the rogs that we have redacted the objections and we've redacted a couple of different interrogatories that we both agreed were not necessary under the circumstances."  *See* ECF No. 80-1.  It does not show that this exhibit was shown on the gallery screens in the courtroom or otherwise made available to spectators of the trial.  Plaintiffs have not shown, therefore, that this exhibit was "publicly disclosed" such that it could lose its confidentiality designation.

    b.  "References to the governing case law, an analysis of the appropriate standard to be

---

[3] Again, Plaintiffs apparently submitted the entire exhibit to the Court, rather than only the pages referenced in the Motion to Compel. The rest of PX 1610 also contains confidential and competitively sensitive information.  For example, Pages 10 through 13 set forth Cox's system and procedures for handling complaints of copyright abuse.  Pages 30 and 31 refer to Cox's policies and procedures for responding to and handling complaints of copyright abuse and imposing penalties on customer accounts that receive multiple complaints of copyright abuse.  Cox does not disclose this information to its competitors or its account holders.  If disclosed, an account holder could circumvent Cox's processes for addressing complaints of copyright infringement.  *See* BMG Litigation, ECF No. 403 (Delgado Decl.), ¶¶ 2, 7-9.  Therefore, Cox respectfully requests that the Court seal the entire exhibit.

applied for that specific filing, and a description of how that standard has been satisfied."

Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Cox's memorandum in support of Plaintiffs' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, Plaintiffs' sealing motion and this response were publicly docketed, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. This requirement is met because Cox requests the sealing of this exhibit only, but not the entire filing. There are no significant portions of PX 1610 that are not confidential such that redaction would be appropriate.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, the interrogatory responses at issue were designated as Highly Confidential pursuant to the parties' protective order in the BMG Litigation. It was also designated as Highly Confidential when Cox provided this trial

exhibit to Plaintiffs pursuant to the parties' protective order in this case. Cox also meets the third requirement because the interrogatory responses contain confidential proprietary and competitively sensitive information.

    c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."

Cox seeks permanent sealing of this document on the grounds that there is no date in the future in which the disclosure of this information would not be competitively harmful to Cox.

    d. A proposed order, which is attached hereto.

Dated: January 25, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan /*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on January 25, 2019, a copy of the foregoing COX'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FILE UNDER SEAL was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*