IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COX COMMUNICATIONS, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. 1:18cv0950 (LO/JFA) |

## **ORDER**

This matter is before the court on plaintiffs' motion for temporary sealing. (Docket no. 76). Plaintiffs filed this motion pursuant to Local Civil Rule 5(C) indicating that the motion was being filed because the defendants had designated certain material as confidential. (*Id.*). As required by Local Civil Rule 5(C), defendants filed a memorandum in support of the motion to file under seal on January 25, 2019. (Docket no. 90). The motion to seal involves a portion of plaintiffs' memorandum in support of their motion to compel and exhibits C and D. The defendants do not oppose having an unredacted version of the memorandum filed in the public record, but they do oppose unsealing exhibits C and D. The defendants argue that exhibits C and D contain information that is unrelated to the plaintiffs' motion to compel and that even though those documents were admitted into evidence in the BMG trial without any restrictions, they do contain confidential and commercially sensitive information.

At this stage of the proceedings and given that this motion involves a non-dispositive issue, the less stringent common law access set forth in *Virginia Department of State Police v. The Washington Post.*, 386 F.3d 567, 575 (4th Cir. 2004) applies. The purpose behind providing the public with access to judicial records is to provide the public with the information that the

court has used in making its determinations on the issues before it. In this case, the purpose of providing the public with full access to the material relevant to the court's determination is satisfied by having an unredacted version of the memorandum filed in the public record. Exhibits C and D contain extraneous information that was not used in the briefing on motion to compel or in argument. The fact that the defendants did provide information concerning the number of customers terminated for copyright infringement in the BMG trial is not disputed and no useful purpose is served by having the specific numbers contained in Exhibit C disclosed in a filing at this time. The same is true for the testimony of Jason Zabek. The portions of Mr. Zabek's testimony that were relied upon by the plaintiffs is contained in the memorandum and will be made a part of the public record. Upon consideration of the motion and defendants' memorandum in support, and taking into consideration the applicable standards established by the Fourth Circuit, it is hereby

ORDERED that the motion for temporary sealing is granted in part and denied in part. The motion is denied as to the redactions appearing in plaintiffs' memorandum in support of its motion to compel. Accordingly, plaintiffs shall file an unredacted version of that memorandum in the public record. The motion is granted as to Exhibits C and D. This ruling is limited to the facts presented and the issue of whether documents and testimony presented in the BMG trial may be the subject of sealing when necessarily used in either a dispositive or non-dispositive motion remains for another time.

Entered this 31st day of January, 2019.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia