# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

SONY MUSIC ENTERTAINMENT, *et al.*,

     Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

     Defendants.

Case No. 1:18-cv-00950-LO-JFA

**COX'S FIRST SUPPLEMENTAL RESPONSES**

**TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

**OF DOCUMENTS AND THINGS TO DEFENDANTS**

PROPOUNDING PARTIES: PLAINTIFFS

RESPONDING PARTIES: Defendants Cox Communications, Inc. and CoxCom LLC

SET NUMBER: ONE (NOS. 1-66)

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and Civil Local Rule 26(b) and (c), Defendants Cox Communications, Inc. and CoxCom LLC (collectively, "Cox") supplement their responses to Plaintiffs' First Set of Requests for Production of Documents and Things as follows. Cox's supplemental responses are made solely for the purposes of this litigation. Cox's supplemental responses are based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Cox's employees and/or representatives who could reasonably be expected to possess responsive information. Cox's

investigation into the facts of this case is ongoing and not yet completed, and Cox reserves the right to further supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

## COX'S GENERAL OBJECTIONS

1. Cox objects to the requests to the extent that they call for extensive electronic production as overly broad, unduly burdensome, and oppressive. Where appropriate, Cox reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

2. Cox objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, and to the extent they purport to require Cox to object, respond, or produce documents before the time provided by the Federal Rules of Civil Procedure, the Local Rules, and the applicable rules of this Court. Given the breadth and scope of the requests, Cox will produce non-objectionable responsive documents on a rolling basis, beginning within 30 days of service of the requests.

3. Cox objects to the definition of the term "MarkMonitor" as overbroad and unduly burdensome, and as vague and ambiguous, because Cox lacks knowledge of the "parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person or entity currently or previously acting or purporting to act on [the] behalf" of the identified entities.

4. Cox objects to the definition of the term "Infringement Notice" as vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Cox to speculate as to the existence and ownership of unidentified copyrights, and as to whether a

particular notification was made "pursuant to" the DMCA.

5.      Cox objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Cox to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

6.      Cox objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7.      Cox objects to Plaintiffs' attempt to define the default "relevant time frame" of these requests as spanning the period from January 1, 2010 through December 31, 2014. Plaintiffs have expressly limited the time period of their claims in this litigation to the period between February 2013 and November 2014 ("Plaintiffs' Claim Period").

## COX'S FIRST SUPPLEMENTAL RESPONSES
## TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET ONE)

**REQUEST NO. 1**

All documents produced by Defendants in the BMG Litigation, bearing the bates numbers and/or exhibit numbers used in the BMG Litigation.

**RESPONSE TO REQUEST NO. 1**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because the request seeks information on issues that are irrelevant to this case, including but not limited to notices regarding works asserted by BMG Rights Management (US) LLC ("BMG") and Round Hill Music LP ("Round Hill")

(collectively, the "*BMG* Plaintiffs") and responses thereto; the DMCA; affirmative defenses not

at issue here; works not at issue here; entities that are not parties to this litigation; and documents

concerning information outside Plaintiffs' Claim Period. Cox further objects to this request to the

extent it purports to require Cox to disclose trade secrets or other confidential or proprietary

information before a protective order is entered, and to the extent it improperly seeks information

protected from disclosure by the attorney-client privilege or other applicable privilege or

doctrine. Cox further objects that, to the extent this request seeks documents relevant to this

litigation, it unnecessarily duplicates Plaintiffs' other requests, including Plaintiffs' requests for

production nos. 6 through 66, and Plaintiffs' interrogatories nos. 1 through 12.

## REQUEST NO. 2

All exhibits used, referenced or introduced during the 2015 trial in the BMG Litigation,

bearing the bates numbers and/or exhibit numbers used in the BMG Litigation, regardless of

whether such exhibits were admitted into evidence.  This request specifically includes

demonstrative exhibits presented at the trial by any party.

## RESPONSE TO REQUEST NO. 2

Cox objects that this request is overbroad, unduly burdensome, and seeks information

that is outside the scope of permissible discovery because the request seeks information on issues

that are irrelevant to this case, including but not limited to the DMCA; affirmative defenses not

at issue here; works not at issue here; entities that are not parties to this litigation; and documents

concerning information outside Plaintiffs' Claim Period. Cox further objects to this request to the

extent it seeks documents that are protected by and subject to a protective order entered in the

*BMG* Litigation. Cox further objects to the request to the extent that it calls for production of

exhibits that were not admitted into evidence in the *BMG* Litigation. Cox further objects to this

request because, to the extent this request seeks documents relevant to this litigation, it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 1, 3, and 6 through 66, and Plaintiffs' interrogatories nos. 1 through 12.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 2**

Subject to and without waiving the foregoing general and specific objections, pursuant to the Court's order, ECF No. 67, Cox has provided and/or will provide responsive documents to Plaintiffs consistent with the protective order that the Court entered in the *BMG* Litigation, to the extent Cox found such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 3**

All documents with the Bates prefix "COX_BMG" (or otherwise originating from Defendants' files) identified on any parties' exhibit list in the BMG Litigation, including but not limited to documents identified on the exhibit lists filed at docket entry numbers 283, 284, 285, 303, and 689. The documents should be produced with the bates numbers and/or exhibit numbers used in the BMG Litigation.

**RESPONSE TO REQUEST NO. 3**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or

defense, including but not limited to notices regarding works asserted by the *BMG* Plaintiffs and responses thereto; the DMCA; affirmative defenses not at issue here; works not at issue here; entities that are not parties to this litigation; documents concerning information outside Plaintiffs' Claim Period; and documents that the Court in the *BMG* Litigation held could not be used as exhibits at trial, in the Court's December 4, 2015 Order filed at docket entry 689. Cox further objects to this request because, to the extent this request seeks documents relevant to this litigation, it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 1, 2, 4, 5, and 6 through 66, and Plaintiffs' interrogatories nos. 1 through 12.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

**REQUEST NO. 4**

Transcripts of all depositions taken in the BMG Litigation, including any exhibits used during those depositions.

**RESPONSE TO REQUEST NO. 4**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including but not limited to ownership and notices regarding copyrighted works asserted by the *BMG* Plaintiffs; the DMCA, DMCA notices, and responses thereto; affirmative defenses not at issue here; works not at issue here; entities that are not parties to this litigation; and documents concerning information outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information

belonging to third parties before a protective order is entered, or documents and information subject to the protective order that was entered by this Court in the *BMG* Litigation. Cox further objects to this request because, to the extent this request seeks documents relevant to this litigation, it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 1, 2, 3, 5, and 6 through 66, and Plaintiffs' interrogatories nos. 1 through 12.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive deposition transcripts of Cox's officers, employees, or former employees identified in Cox's initial disclosures in this case.

**REQUEST NO. 5**

All of Defendants' responses and objections to interrogatories, document requests, requests for admission, and deposition notices and topics in the BMG Litigation.

**RESPONSE TO REQUEST NO. 5**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including notices regarding works asserted by the *BMG* Plaintiffs and responses thereto; the DMCA; affirmative defenses not at issue here; works not at issue here; entities that are not parties to this litigation; and information outside Plaintiffs' Claim Period. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation. Cox further objects to this request because, to the extent this request seeks documents relevant to this litigation, it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 1, 2, 3, 4, and 6 through 66, and Plaintiffs' interrogatories nos. 1

through 12.

## REQUEST NO. 6

All documents involving, mentioning or related to MarkMonitor or DtecNet Inc., including but not limited to communications with or concerning MarkMonitor or DtecNet Inc. and assessments or analyses of MarkMonitor or DtecNet Inc.

## RESPONSE TO REQUEST NO. 6

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it purports to require Cox to search for, review, or produce documents concerning works not at issue in this case, and entities not party to this litigation. Cox further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning Plaintiffs, Plaintiffs' works in suit, or Plaintiffs notices during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 6

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox further responds that in addition to

providing documents concerning Plaintiffs, Plaintiffs' works in suit, or Plaintiffs' notices during Plaintiffs' Claim Period, which Cox has already agreed to do, Cox will also agree to produce other types of responsive, non-privileged documents, exclusive of notices of claimed infringement submitted on behalf of third parties or outside Plaintiffs' Claim Period, concerning communications with MarkMonitor or DtecNet Inc., to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search, and that Cox will also produce responsive, non-privileged assessments or analyses of MarkMonitor or DtecNet Inc., to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 7**

All documents concerning CATS, including but not limited to technical documents describing CATS, diagrams of CATS, the internal "wiki" that describes CATS and its technical implementation, and all versions of the CATS Abuse Automation System Implementation Plan.

**RESPONSE TO REQUEST NO. 7**

Cox objects that this request is overbroad and unduly burdensome, including in seeking "all documents," and because the request is overbroad and unduly burdensome in seeking documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it purports to require Cox to disclose trade secrets or other confidential or proprietary information before a protective order is entered. Cox further objects to this request to the extent that it is duplicative of Plaintiffs' request for production no. 8.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged technical documents, sufficient to show the technical implementation or implementations of versions of

CATS that were in use by Cox during Plaintiffs' Claim Period, and all versions of the CATS

Abuse Automation System Implementation Plan concerning versions of CATS that were in use

by Cox during Plaintiffs' Claim Period, to the extent Cox finds such documents within its

possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 8

All computer source code implementing CATS.

## RESPONSE TO REQUEST NO. 8

Cox objects that this request is overbroad, unduly burdensome, and not proportional to

the needs of the case, including in seeking "all" computer source code and in seeking documents

outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it purports to

require Cox to disclose trade secrets or other confidential or proprietary information confidential

or proprietary information before a protective order is entered. Cox further objects to this request

to the extent that it is duplicative of Plaintiffs' request for production no. 7.

Subject to and without waiving the foregoing general and specific objections, upon entry

of an appropriate Protective Order Cox will make available for inspection responsive source

code for versions of CATS that were in use by Cox during Plaintiffs' Claim Period, to the extent

Cox finds such documents within its possession, custody, or control after undertaking a

reasonable and diligent search.

## REQUEST NO. 9

All documents concerning Defendants' "walled garden."

## RESPONSE TO REQUEST NO. 9

Cox objects to this request as vague and ambiguous, overbroad, unduly burdensome, and

as seeking documents outside Plaintiffs' Claim Period. Cox further objects to this request to the

extent it seeks information protected from disclosure by the attorney-client privilege, work

product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Cox

responds that it is willing to meet and confer in good faith with Plaintiffs to determine a

reasonably tailored scope for this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 9

Subject to and without waiving the foregoing general and specific objections, and as

agreed during the parties' meet and confer sessions, Cox will produce responsive, non-privileged

written policies concerning Cox's "walled garden," to the extent Cox finds such documents

within its possession, custody, or control after undertaking a reasonable and diligent search, and

screenshots sufficient to show what a "walled garden" looks like.

## REQUEST NO. 10

All documents concerning alleged copyright infringement by your Subscribers or Users

or through your internet service.

## RESPONSE TO REQUEST NO. 10

Cox objects that this request is overbroad, unduly burdensome, and seeks information

that is outside the scope of permissible discovery because it is not relevant to any party's claim or

defense, including by seeking documents that do not concern Plaintiffs' alleged works, and to the

extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to

the extent it improperly seeks information protected from disclosure by the attorney-client

privilege, work product doctrine, common interest privilege, or other applicable privilege or

doctrine. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including without limitation 11, 16, 18-30, 33-35, 38-43, and 45.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning alleged infringement of Plaintiffs' works in suit, during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 11

All Infringement Notices received by Defendants from any rights holder.

## RESPONSE TO REQUEST NO. 11

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information about works and parties that are irrelevant to this case, because it seeks information about notices of claimed infringement submitted by or on behalf of non-parties, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as the terms "rights holder" and "Infringement Notice," since Cox lacks information about whether any individual or entity holds any rights. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' requests for production nos. 10, 16, 18-30, 33-35, 38-43, and 45, and Plaintiffs' interrogatory no. 2. Cox further objects to this request to the extent it seeks information that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Cox will produce responsive, non-privileged documents constituting notices of claimed infringement of Plaintiffs' works that were sent on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 12

Reports, studies, memoranda and/or analyses pertaining to Internet usage on Cox's network by its subscribers, including the volume of BitTorrent and/or Peer-to-Peer Internet traffic on Cox's network and how it compares to other usage categories.

## RESPONSE TO REQUEST NO. 12

Cox objects to this request as overbroad and unduly burdensome, including to the extent it seeks documents outside Plaintiffs' Claim Period, and because it seeks documents "pertaining to Internet usage on Cox's network." Cox further objects that this request is vague and ambiguous, including in its use of the undefined terms "pertaining," "Internet usage," "BitTorrent … Internet traffic," "Peer-to-Peer Internet traffic," "memoranda" and "analyses." Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including request for production no. 13.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged reports, studies, memoranda, or analyses concerning the volume of BitTorrent traffic and the volume of traffic

attributable to other peer-to-peer file sharing systems on Cox's network, including representative documents comparing such traffic to other types of traffic on Cox's network, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 13

All documents concerning BitTorrent or other Peer-to-Peer file sharing, including but not limited to documents concerning the use of BitTorrent or other Peer-to-Peer file sharing by your Subscribers or Users; the prevalence of copyright infringement occurring through BitTorrent or other Peer-to-Peer file sharing systems; communications, memos, and studies discussing BitTorrent or Peer-to-Peer Internet traffic whether or not on the Cox network.

## RESPONSE TO REQUEST NO. 13

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and further objects that this request is overbroad and unduly burdensome, including in its demand for "all documents" concerning general subjects and its use of the undefined term "other Peer-to-Peer file sharing," such that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including request for production no. 12.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents,

concerning the use of BitTorrent or other peer-to-peer file sharing systems by Cox subscribers; the prevalence of copyright infringement occurring through BitTorrent or other peer-to-peer file sharing systems; and communications, memos, and studies discussing Internet traffic attributable to BitTorrent or other peer-to-peer file sharing systems, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 14

Documents sufficient to show your corporate structure for the business of providing internet services, including the relationship between any parent corporations, subsidiaries, or any affiliates engaged in your business of providing internet services.

## RESPONSE TO REQUEST NO. 14

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox further objects that this request is overbroad and unduly burdensome to the extent it seeks documents outside Plaintiffs' Claim Period.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show Cox's corporate structure for the business of providing internet services during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 15

Documents sufficient to show your organizational charts and structure, and executive titles and job occupants, for addressing copyright complaints, user terms of service, acceptable

use policies, privacy policies, and finances, from January 1, 2008 through December 31, 2014.

**RESPONSE TO REQUEST NO. 15**

Cox objects that this request is vague, ambiguous, overbroad, and unduly burdensome, confusing, and ungrammatical, and fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox will interpret the term "organizational charts and structure" to mean "organizational structure." Cox further objects that the request is vague, ambiguous, overbroad, and unduly burdensome, to the extent it generally seeks documents or information concerning "finances." Cox further objects that the request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox will not commit to search for or produce documents from before January 1, 2010. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including Interrogatory No. 1.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce representative responsive, non-privileged organizational charts, sufficient to show the requested information for the period from January 1, 2010 through November 30, 2014, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 16**

All documents concerning any copyright or infringement policy, including but not limited to any draft or final versions of such policies; the effects of such policies; documents sufficient to identify the employees or agents with responsibility for developing, conceiving, drafting and/or

implementing such policies; documents sufficient to show when you first adopted such policies and the date of any changes to such policies; and documents sufficient to show how and when such policies were communicated to third parties including but not limited to Subscribers or Users.  This request includes but is not limited to any DMCA Policy, Repeat Infringer Policy, and/or Acceptable Use Policy.

## RESPONSE TO REQUEST NO. 16

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox further objects that this request is vague and ambiguous, compound, and confusing, including because it seeks "all documents" that are "sufficient" to show or identify broad topics. Cox will interpret this request as seeking documents sufficient to show or identify the requested information. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning Cox's policies relating to copyright infringement that were in effect during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will also respond to Plaintiffs' concurrently-served Interrogatory No. 1 as set forth in Cox's response thereto.

## REQUEST NO. 17

All documents concerning your communications to Subscribers or Users of any DMCA Policy (or other policy concerning copyright or infringement).  This request includes but is not

limited to documents sufficient to show when, how and what you communicated to Subscribers or Users concerning such policies.

## RESPONSE TO REQUEST NO. 17

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox will respond with respect to its policies concerning copyright infringement. Cox further objects that this request is overbroad and unduly burdensome to the extent it seeks documents outside Plaintiffs' Claim Period.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show when and how Cox communicated its policies concerning copyright infringement to subscribers of Cox's residential ISP service, and what Cox communicated to them, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 17

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox will produce responsive, non-privileged documents, exclusive of notices of claimed infringement submitted on behalf of third parties or outside Plaintiffs' Claim Period, sufficient to show when and how Cox communicated its policies concerning copyright infringement to subscribers to Cox's Internet service, and what Cox communicated to them, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 18

All documents concerning any Infringement Notice, including but not limited to any notices of alleged copyright infringement received by Defendant, whether sent on behalf of Plaintiffs or any other rights holders and regardless of whether or not Defendants processed or retained or acted on such notices.

## RESPONSE TO REQUEST NO. 18

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it seeks information that is in Plaintiffs' possession, custody, or control or that is equally available to Plaintiffs. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning notices of claimed infringement of Plaintiffs' works that were sent on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 19

All documents that describe and/or identify Infringement Notices that Cox received but rejected (and/or did not process or retain), including but not limited to Infringement Notices from Rightscorp.

## RESPONSE TO REQUEST NO. 19

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it seeks information that is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning notices of claimed infringement of Plaintiffs' works that were sent on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 20**

Documents sufficient to identify Defendants' employees or agents involved any manner [*sic*] in receiving, assessing, addressing, and/or implementing any Infringement Notice, including documents sufficient to identify each person's role.

**RESPONSE TO REQUEST NO. 20**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period, and to the extent it seeks information about individuals who are "involved in any manner" in a wide variety of undefined tasks. Cox further objects to this request Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including request for production no. 15.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents as set forth in its response to Plaintiffs' request for production no. 15.

**REQUEST NO. 21**

Documents sufficient to show how and when Defendants communicated any Infringement Notice to third parties, including but not limited to Subscribers or Users.  This request includes Defendants' policies for forwarding to or otherwise informing Subscribers or User of copyright infringement allegations and any notices or communications to Subscribers or Users.

## RESPONSE TO REQUEST NO. 21

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information about works and parties that are irrelevant to this case, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show Cox's policies for forwarding notices of claimed infringement to subscribers that were in effect during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will also produce representative responsive, non-privileged documents that are sufficient to show how and when Cox communicated to third parties any notice of claimed infringement submitted on Plaintiffs' behalf during Plaintiffs' Claim Period, concerning Plaintiffs' works in suit, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 21

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox will produce responsive, non-privileged documents sufficient to show Cox's policies for forwarding notices of claimed infringement to subscribers, to the extent Cox finds such documents within its possession, custody, or control

after undertaking a reasonable and diligent search. Cox will also produce responsive, non-privileged documents sufficient to show how and when Cox communicated to third parties notices of claimed infringement submitted on Plaintiffs' behalf during Plaintiffs' Claim Period, concerning Plaintiffs' works in suit, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 22**

Documents sufficient to show the following information concerning Infringement Notices received by Defendant:  the number and dates of Infringement Notices, the allegedly infringed content, the IP addresses and subscribers associated with Infringement Notices, and the rights holder on whose behalf the Infringement Notices were sent.

**RESPONSE TO REQUEST NO. 22**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including Plaintiffs' interrogatory no. 2. Cox further objects to this request to the extent it seeks information that is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, Cox will

produce responsive, non-privileged documents sufficient to show the following information, except for personally identifiable information, concerning notices of claimed infringement of Plaintiffs' works that were sent on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information. Cox is willing to meet and confer in good faith with Plaintiffs to determine a reasonable procedure and scope for responding to this request.

## REQUEST NO. 23

All communications with your Subscribers or Users concerning copyright or alleged infringement, including but not limited to communications concerning Infringement Notices and documents sufficient to show the number, nature, date and content of such communications.

## RESPONSE TO REQUEST NO. 23

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including requests for production nos. 21 and 22. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents comprising Cox's communications with its customers concerning notices of claimed infringement concerning Plaintiffs' works in suit that were submitted on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will also produce documents as set forth in its responses to requests for production nos. 21 and 22.

**REQUEST NO. 24**

All documents concerning any limits, restrictions, caps or quotas Defendant placed on the number of Infringement Notices it would receive, process, forward to Subscribers or otherwise act upon for the period of January 1, 2008 through December 31, 2014, irrespective of whether they concern Plaintiffs or other rights holders.  This request includes Defendants' internal and external communications about any such limits, restrictions, caps or quotes.

**RESPONSE TO REQUEST NO. 24**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents

sufficient to show Cox's policy in effect during Plaintiffs' Claim Period concerning numerical

restrictions Cox placed on notices of claimed infringement, to the extent such documents are

found by Cox within its possession, custody, or control after undertaking a reasonable and

diligent search. Cox will also produce documents concerning numerical limits or restrictions it

placed on notices of claimed infringement submitted on behalf of Plaintiffs during Plaintiffs'

Claim Period, to the extent such documents are found by Cox within its possession, custody, or

control after undertaking a reasonable and diligent search.

**REQUEST NO. 25**

All documents concerning communications with the Recording Industry Association of

America, the National Music Publishers' Association, and/or the Motion Picture Association of

American concerning copyright infringement from January 1, 2008 through December 31, 2014.

**RESPONSE TO REQUEST NO. 25**

Cox objects that this request is overbroad, unduly burdensome, and seeks information

that is outside the scope of permissible discovery because it is not relevant to any party's claim or

defense, including because it seeks documents concerning works and parties not at issue in this

litigation, because it seeks documents concerning "copyright infringement" generally, and to the

extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is

vague and ambiguous, in particular as the meaning of the phrase "concerning copyright

infringement," and to the extent it requires Cox to speculate as to the potential relationships

between individual communicants and the named entities. Cox further objects to this request to

the extent it improperly seeks information protected from disclosure by the attorney-client

privilege, work product doctrine, common interest privilege, or other applicable privilege or

doctrine. Cox further objects to this request to the extent it seeks information that is in Plaintiffs'

possession, custody, or control, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning communications, exclusive of notices of claimed infringement, between Cox and the Recording Industry Association of America ("RIAA") or the National Music Publishers' Association ("NMPA"), during the period January 1, 2010 through December 31, 2014, concerning the following subjects: Plaintiffs; Plaintiffs' works in suit; allegations of copyright infringement occurring on Cox's network; or the submission of notices of claimed infringement to Cox by the RIAA the NMPA, or their agents, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 25

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it will produce responsive, non-privileged documents concerning communications, exclusive of notices of claimed infringement submitted on behalf of third parties or outside Plaintiffs' Claim Period, between Cox and the RIAA or NMPA, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 26

All documents concerning analyzing, assessing, investigating or responding to an Infringement Notice, including but not limited to actions considered or taken in response to any Infringement Notice.  To the extent such actions have changed over time, this Request calls for documents sufficient to show any such change and the time such change occurred.

## RESPONSE TO REQUEST NO. 26

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show Cox's policies for responding to notices of claimed infringement that were in effect during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will also produce responsive, non-privileged documents concerning actions Cox took in response to notices of claimed infringement that were sent on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge

the disclosure of such information. Cox is willing to meet and confer in good faith with Plaintiffs

to determine a reasonable procedure and scope for responding to this request.

## REQUEST NO. 27

All documents concerning communications to or from Subscribers or Users regarding

Infringement Notices (or any other notices of copyright infringement claims).

## RESPONSE TO REQUEST NO. 27

Cox objects that this request is overbroad, unduly burdensome, and seeks information

that is outside the scope of permissible discovery because it is not relevant to any party's claim or

defense, including because it seeks documents concerning works and parties not at issue in this

litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further

objects that this request is vague and ambiguous, in particular as to the undefined term "any

other notices of copyright infringement claims." Cox further objects that, to the extent this

request seeks documents relevant to this litigation, it unnecessarily duplicates Plaintiffs' other

requests, including Plaintiffs' request for production no. 23. Cox further objects to this request to

the extent it improperly seeks information protected from disclosure by the attorney-client

privilege, work product doctrine, common interest privilege, or other applicable privilege or

doctrine. Cox further objects to this request to the extent it purports to require Cox to disclose

information that infringes on any individual's right of privacy, whether protected under the

United States or any state constitution, or federal or state statute, regulation, or common law, or

otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry

of an appropriate Protective Order Cox will produce responsive, non-privileged documents

concerning communications between Cox and Cox subscribers concerning notices of claimed

infringement of Plaintiffs' works in suit that were sent on Plaintiffs' behalf during Plaintiffs'

Claim Period, to the extent Cox finds such documents within its possession, custody, or control

after undertaking a reasonable and diligent search. Cox will not produce personally identifiable

information, other than the IP address, for any person absent a subpoena, Court order, or other

form of due process that affords any affected individual notice and an opportunity to challenge

the disclosure of such information.

## REQUEST NO. 28

All documents reflecting or comprising press releases or other public statements you

made concerning your policies for responding to Infringement Notices from January 1, 2008

through December 31, 2014.

## RESPONSE TO REQUEST NO. 28

Cox objects that this request is vague and ambiguous, and overbroad and unduly

burdensome, and seeks information that is outside the scope of permissible discovery because it

is not relevant to any party's claim or defense, and to the extent it seeks documents outside

Plaintiffs' Claim Period, and in seeking "all documents" that "reflect[]" "public statements," and

fails to describe with reasonable particularity the items or categories of items to be produced for

inspection. Cox further objects to this request to the extent it seeks information that is publicly

available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Cox will

produce responsive, non-privileged documents constituting press releases concerning Cox's

policies for responding to Infringement Notices between January 1, 2010 and November 30,

2014, to the extent Cox finds such documents within its possession, custody, or control after

undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 28

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox further responds that it will produce responsive, non-privileged documents, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 29

All documents concerning any policy, practice or capability that Defendant considered, formulated, or adopted for taking adverse action (including without limitation, suspending or terminating internet service) against Subscribers or Users for alleged copyright infringement.

## RESPONSE TO REQUEST NO. 29

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, overbroad, and unduly burdensome as to the meaning of the undefined terms "practice or capability," "adverse action," and in seeking information concerning what Cox "considered," and that the request fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning policies that Defendant adopted between January 1, 2010 and November 30, 2014 for taking adverse actions against subscribers for alleged copyright infringement, to the extent Cox

finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 29**

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it will also produce responsive, non-privileged documents sufficient to show policies that it considered between January 1, 2010 and November 30, 2014, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 30**

All documents concerning communications with any third party that sent you a notice of alleged copyright infringement, including all documents comprising such notices and internal and external communications about such notices.

**RESPONSE TO REQUEST NO. 30**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded. Cox further objects to this request to the extent it seeks information that is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning communications with any third party concerning notices of claimed infringement sent on Plaintiffs' behalf concerning Plaintiffs' works, during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 31

All documents concerning Subscribers' or Users' awareness of any Defendant DMCA Policy or other copyright or infringement policies.

## RESPONSE TO REQUEST NO. 31

Cox objects to this request as vague and ambiguous, and as overbroad and unduly burdensome, in seeking "all documents" concerning the "awareness" of third parties. Cox further objects to the request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request because it unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including requests seeking information about Cox's policies, public statements, and handling of notices of claimed infringement. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 31**

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it will produce responsive, non-privileged documents, exclusive of notices of claimed infringement submitted on behalf of third parties or outside Plaintiffs' Claim Period, sufficient to show its subscribers' awareness of Cox's DMCA and copyright infringement policies, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will also produce responsive, non-privileged documents sufficient to show how and when Cox communicated to its subscribers notices of claimed infringement submitted on Plaintiffs' behalf during Plaintiffs' Claim Period, concerning Plaintiffs' works in suit, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 32**

All documents concerning Defendants' policies or approach to assigning or reassigning IP addresses to Subscribers, the length of time of such assignments, and the geographic scope of specific IP addresses.

**RESPONSE TO REQUEST NO. 32**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it purports to require Cox to disclose trade secrets or other confidential or proprietary

information confidential or proprietary information before a protective order is entered, or such information belonging to third parties. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it seeks information that is not in Cox's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show Cox's policies and practices for assigning IP addresses to its subscribers during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 33

All documents concerning tracking or determining the identity of Subscribers or Users associated with an IP address identified in an Infringement Notice.

## RESPONSE TO REQUEST NO. 33

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, overbroad, and unduly burdensome, including in seeking "all documents" and as to the terms "tracking" and "associated with an IP address." Cox further objects to this request to the extent it purports to require Cox to disclose trade secrets or other confidential or proprietary information before a protective order is entered. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client

privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox will not produce such privileged or protected documents or information. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show its policies and practices during Plaintiffs' Claim Period for determining the identity of a subscriber associated with an IP address a notice of claimed infringement, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Cox will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information.

## REQUEST NO. 34

Documents sufficient to identify the Subscribers associated with the IP addresses identified in any Infringement Notice Defendant received from January 1, 2013 through December 31, 2014.

## RESPONSE TO REQUEST NO. 34

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including by seeking documents that do not concern Plaintiffs' alleged works, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to

the extent that it is duplicative of other discovery requests that Plaintiffs have propounded,

including without limitation Plaintiffs' requests for production nos. 11, 18, and 22, and

interrogatory no. 3. Cox further objects to this request to the extent it purports to require Cox to

disclose confidential or proprietary information before a protective order is entered, or

confidential information of third parties. Cox further objects to this request to the extent it

purports to require Cox to disclose information that infringes on any individual's right of

privacy, whether protected under the United States or any state constitution, or federal or state

statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry

of an appropriate Protective Order Cox will produce documents as set forth in its response to

Plaintiffs' requests for production nos. 11, 18, and 22. Cox will not produce personally

identifiable information, other than the IP address, for any person absent a subpoena, Court

order, or other form of due process that affords any affected individual with notice and an

opportunity to challenge the disclosure of such information. Cox is willing to meet and confer in

good faith with Plaintiffs to determine a reasonable procedure and scope for responding to this

request.

## REQUEST NO. 35

All DHCP logs linking Subscribers to the IP addresses identified in any Infringement

Notice Defendant received from January 1, 2013 through December 31, 2014.

## RESPONSE TO REQUEST NO. 35

Cox objects that this request is overbroad, unduly burdensome, and seeks information

that is outside the scope of permissible discovery because it is not relevant to any party's claim or

defense, because it seeks documents concerning works and parties not at issue in this litigation,

and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it seeks information not in Cox's possession, custody, or control. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Cox will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information. Cox is willing to meet and confer in good faith with Plaintiffs to determine a reasonable procedure and scope for responding to this request.

## REQUEST NO. 36

All advertising or marketing concerning use of your internet service to download or obtain music.

## RESPONSE TO REQUEST NO. 36

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, and fails to describe with reasonable particularity the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it purports to require Cox to produce electronically stored information in more than one form, contrary to the provisions of Fed. R. Civ. P. 34(b)(2)(E)(ii) and (iii). Cox further objects to this request to the extent it seeks information that is not in Cox's possession, custody, or control, that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged advertising or marketing materials that Cox used to advertise its residential ISP service during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 36

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox will produce responsive, non-privileged advertising or marketing materials that Cox used to advertise its Internet service during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 37

Marketing reports, plans, studies and consumer research related to how Cox's customers use the internet, what benefits and attributes Cox's customers wish to receive from the Internet, and the types of customers that use the Internet.  This request specifically includes but is not limited to reports, analysis or surveys concerning use of your internet service to download or obtain music.

## RESPONSE TO REQUEST NO. 37

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is overbroad, unduly burdensome, vague and ambiguous, and fails to describe with reasonable particularity the items or categories of items to be produced for inspection, including in

requesting information concerning "benefits and attributes," "types of customers," and use of the Internet generally.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 37

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox further responds that it will produce responsive, non-privileged documents that were produced in the *BMG* Litigation, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 38

All documents concerning any investigation by Defendants into any allegation of copyright infringement by Subscribers or Users, including but not limited to documents concerning Defendants' identification of Subscribers or Users alleged to have infringed one or more copyrights, and efforts to determine if any Subscribers or Users infringed copyrights using Defendants' internet service.

## RESPONSE TO REQUEST NO. 38

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks documents concerning works and parties not at issue in this litigation, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this

request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning its investigations into allegations of copyright infringement of Plaintiffs' works that were sent on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search. Notwithstanding the foregoing, Cox will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information. Cox is willing to meet and confer in good faith with Plaintiffs to determine a reasonable procedure and scope for responding to this request.

## REQUEST NO. 39

All documents concerning the suspension or termination of internet service to any Subscriber or User relating to copyright infringement or violation of any provision of any DMCA Policy, Acceptable Use Policy, Repeat Infringer Policy, or any other policy related to copyright infringement.

## RESPONSE TO REQUEST NO. 39

Cox objects to this request as vague and ambiguous, overbroad, and unduly burdensome,

and to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox further objects to this request to the extent that it seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request because, to the extent this request seeks documents relevant to this litigation, it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' request for production no. 43. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce documents as set forth in its response to Plaintiffs' request for production no. 43. Cox also will produce responsive, non-privileged documents concerning its suspension or termination of Cox subscribers for whom Cox received notices of claimed infringement of Plaintiffs' works that were submitted on Plaintiffs' behalf during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

Notwithstanding the foregoing, Cox will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information. Cox is willing to meet and confer in good faith with Plaintiffs to determine a reasonable procedure and scope for this request.

**REQUEST NO. 40**

All documents concerning monitoring, review or inspection of your internet services for uses that violate your Acceptable Use Policy.

**RESPONSE TO REQUEST NO. 40**

Cox objects to this request as vague and ambiguous, overbroad, and unduly burdensome, and to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because Cox's Acceptable Use Policy applies to conduct that lacks relevance to the claims or defenses of any party, and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous as to the compound phrase "monitoring, review or inspection of your internet services." Cox will interpret this phrase to refer to monitoring of Cox's ISP system. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it seeks information not in Cox's possession, custody, or control, information that is publicly available, or information that is equally available to Plaintiffs or that is exclusively in the control of Plaintiffs or third parties.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning Cox's monitoring of its ISP system for copyright infringement during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 41

All documents concerning any technological barriers or other means or mechanisms you considered or implemented to address, limit or prevent use of your internet services in violation of your Acceptable Use Policy, including but not limited to preventing copyright infringement by Subscribers or Users through the use of BitTorrent or Peer-to-Peer file sharing systems.

## RESPONSE TO REQUEST NO. 41

Cox objects to this request as vague and ambiguous, overbroad, and unduly burdensome, and to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because Cox's Acceptable Use Policy applies to conduct that lacks relevance to the claims or defenses of any party, and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including Plaintiffs' interrogatory no. 9. Cox further objects that this request is vague and ambiguous, in particular as the meaning of the terms "technological barriers" and "other means or mechanisms," and fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it purports to require Cox to disclose trade secrets or other confidential or proprietary information before a protective order is entered, of such information owned by third parties. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged document

sufficient to identify technological barriers that Cox implemented during Plaintiffs' Claim Period to limit or prevent copyright infringement by Cox's subscribers through the use of BitTorrent or peer-to-peer file sharing systems, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 41.**

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox further responds that it will also produce responsive, non-privileged documents sufficient to identify technological barriers that Cox considered to limit or prevent copyright infringement by Cox's subscribers through the use of BitTorrent or peer-to-peer file sharing systems, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 42**

All documents concerning the potential impact on your financial interests, including but not limited to lost fees or revenues, in the event you terminated internet service to Subscribers or Users accused of copyright infringement.

**RESPONSE TO REQUEST NO. 42**

Cox objects to this request as vague and ambiguous, over-broad, and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including Plaintiffs' interrogatory no. 8. Cox further objects that this request is vague and ambiguous, in particular as the meaning of the term "potential impact" and "financial interests," and fails to describe with

reasonable particularity the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request as premature as it purports to require Cox to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2), the Local Rules of this Court, and rules and orders of this Court.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning potential lost fees or revenues if it terminated internet service to subscribers accused of copyright infringement during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 43

Documents sufficient to show the number of Subscribers per month against whom you have taken any action or implemented any measures in response to an Infringement Notice, including but not limited to suspension or termination.

## RESPONSE TO REQUEST NO. 43

Cox objects to this request as vague and ambiguous, over-broad, and unduly burdensome, and as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including in its use of the undefined terms "action" and "measure," and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox objects that this request calls for information that would be more properly requested through a

standard interrogatory, and further objects to this request because it impermissibly seeks to circumvent the discovery limitations set by Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show the number of suspensions or terminations of Cox subscribers in response to notices of claimed infringement of Plaintiffs works in suit, sent on behalf of Plaintiffs during Plaintiffs' Claim Period, by month, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 44

Documents sufficient to show all terms of use and terms of service provided to Subscribers.

## RESPONSE TO REQUEST NO. 44

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the request seeks documents outside Plaintiffs' Claim Period, and to the extent particular terms of use or terms of service do not concern copyright infringement and lack relevance to this case. Cox further objects to this request to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Cox will produce responsive, non-privileged documents sufficient to show Cox's terms of use or terms of service for its residential ISP service that were in effect during Plaintiffs' Claim Period.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 44.**

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox further responds that it will produce responsive, non-privileged documents, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 45**

All documents concerning any changes to Defendants' terms of use or terms of service relating to copyright infringement or allegations of copyright infringement.

**RESPONSE TO REQUEST NO. 45**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs. Cox further objects that this request is overbroad and unduly burdensome, in particular in seeking "all documents" concerning "any changes." Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, Cox will produce responsive, non-privileged documents sufficient to show changes during Plaintiffs' Claim Period to Cox's terms of use or terms of service for its residential ISP service.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 45.**

Subject to and without waiving the foregoing general and specific objections, and as

agreed during the parties' meet and confer sessions, Cox further responds that it will produce responsive, non-privileged documents sufficient to show changes to Cox's terms of use or terms of service, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 46

All documents supporting, refuting, or otherwise concerning your affirmative defenses or other defenses in this case.

## RESPONSE TO REQUEST NO. 46

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and as overbroad, unduly burdensome, and vague and ambiguous in seeking "all documents" "concerning" Cox's affirmative defenses. Cox further objects that this request fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it seeks information that is not in Cox's possession, custody, or control, that is publicly available, or that is in Plaintiffs' possession, custody, or control or otherwise equally available to Plaintiffs. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents that it intends to rely on to support its affirmative defenses.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 46

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox further responds that it will produce responsive, non-privileged documents supporting or refuting Cox's affirmative defenses, to the extent that such documents do not concern legal conclusions, and to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 47

All communications concerning the DMCA.

## RESPONSE TO REQUEST NO. 47

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the request seeks documents outside Plaintiffs' Claim Period, and because the DMCA is not at issue in this case. Cox further objects that this request is overbroad and unduly burdensome, including in seeking "all communications" and in seeking information about "the DMCA" without identifying any particular provision or subsection of 17 U.S.C. § 512, such that the request fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it seeks information not in Cox's possession, custody, or control, and to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Cox

responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 47

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it will produce responsive, non-privileged documents sufficient to show Cox's written DMCA policies, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 48

All documents concerning Plaintiffs.

## RESPONSE TO REQUEST NO. 48

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period, and to the extent it seeks information unrelated to this case or Plaintiffs' works in suit, and fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents concerning infringement of Plaintiffs' works in suit during Plaintiffs' Claim Period that Cox

finds within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 48

Subject to and without waiving the foregoing general and specific objections, Cox further responds that in addition to providing documents concerning notices of claimed infringement of Plaintiffs' works in suit during Plaintiffs' Claim Period, which Cox has already agreed to do, Cox will also agree to produce other types of responsive, non-privileged documents, exclusive of notices of claimed infringement submitted on behalf of third parties or outside Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 49

Documents sufficient to show your total and average revenues and profits, by year and quarter, from January 1, 2010 to present.

## RESPONSE TO REQUEST NO. 49

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period, and because Cox's revenues unrelated to its ISP service lack relevance to this litigation. Cox further objects that this request is overbroad and unduly burdensome and seeks information outside the scope of permissible discovery because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information before a protective order is entered. Cox further objects to this request to

the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including requests for production no. 50 and 51.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 49

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it has produced responsive, non-privileged documents reflecting Cox's calculations of revenues and costs for its residential telephony, television, and internet divisions for 2011-2014.

## REQUEST NO. 50

Documents sufficient to show your total and average revenue and profits generated through provision of internet service, by year and quarter from January 1, 2010 to present, including a breakdown based on the different types of internet service provided.

## RESPONSE TO REQUEST NO. 50

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period, and to the extent the different types of internet service that Cox provides lack relevance to this litigation. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information before a protective order is entered. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including requests for

production no. 49 and 51.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 50

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it has produced responsive, non-privileged documents reflecting Cox's calculations of revenues and costs for its residential telephony, television, and internet divisions for 2011-2014.

## REQUEST NO. 51

Documents sufficient to show your total and average revenue and profits generated through provision of television and telephone service, by year and quarter from January 1, 2010 to present, broken down by type of service provided.

## RESPONSE TO REQUEST NO. 51

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because Cox's television and telephone service is not at issue in this case and is not relevant to any claim or defense of any party, and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as the meaning of the undefined term "generated," and fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or

proprietary information before a protective order is entered.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 51

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it has produced responsive, non-privileged documents reflecting Cox's calculations of revenues and costs for its residential telephony, television, and internet divisions for 2011-2014.

## REQUEST NO. 52

Documents sufficient to show the number of Subscribers who also subscribe to your television and/or telephone service.

## RESPONSE TO REQUEST NO. 52

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because Cox's television and telephone service is not at issue in this case and is not relevant to any claim or defense of any party, and to the extent the request seeks documents outside Plaintiffs' Claim Period.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show the number of Cox internet subscribers who were the subject of a notice of claimed infringement submitted on Plaintiffs' behalf for Plaintiffs' works in suit during Plaintiffs' Claim Period, and who also subscribed to Cox's television or voice service, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search .

## REQUEST NO. 53

Documents sufficient to show the average cost to you of obtaining a Subscriber and the costs associated with terminating a Subscriber's internet service.

## RESPONSE TO REQUEST NO. 53

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information before a protective order is entered.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show the requested information concerning subscribers to Cox's residential Internet service during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 54

Documents sufficient to show your total and average revenue and profit from Subscribers for each level of internet service that you offer, by year and quarter from January 1, 2010 to present.

## RESPONSE TO REQUEST NO. 54

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the

extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this

request fails to describe, with reasonable particularity, the items or categories of items to be

produced for inspection. Cox further objects to this request to the extent it purports to require

Cox to disclose confidential or proprietary information before a protective order is entered.

Subject to and without waiving the foregoing general and specific objections, Cox

responds that it is willing to meet and confer in good faith with Plaintiffs to determine a

reasonably tailored scope for this request.

### FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 54

Subject to and without waiving the foregoing general and specific objections, Cox further

responds that it has produced responsive, non-privileged documents reflecting Cox's calculations

of revenues and costs for its residential telephony, television, and internet divisions for 2011-

2014.

### REQUEST NO. 55

Documents sufficient to show your total and average revenue and profit per Subscriber

for the life of the account, from January 1, 2010 to present.

### RESPONSE TO REQUEST NO. 55

Cox objects to this request to the extent it seeks information that is outside the scope of

permissible discovery because it is not relevant to any party's claim or defense, including to the

extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this

request is vague and ambiguous, in particular as to the undefined term "the life of the account,"

and phrases containing that term. Cox further objects that this request fails to describe, with

reasonable particularity, the items or categories of items to be produced for inspection. Cox

further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information before a protective order is entered. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it is willing to meet and confer in good faith with Plaintiffs to determine a reasonably tailored scope for this request.

### FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 55

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it has produced responsive, non-privileged documents reflecting Cox's calculations of revenues and costs for its residential telephony, television, and internet divisions for 2011-2014.

### REQUEST NO. 56

Documents sufficient to show the average length of time you retain Subscribers.

### RESPONSE TO REQUEST NO. 56

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as to the undefined term "the life of the account," and phrases containing that term. Cox further objects that this request fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it purports to impose on Cox an obligation to create documents not otherwise in its possession, custody, or control. Cox further objects to this request

to the extent it purports to require Cox to disclose confidential or proprietary information before a protective order is entered. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including Plaintiffs' request for production nos. 53, 54, and 55.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show the requested information during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 57**

Documents sufficient to show your total and average revenue and profit attributable to Subscribers about whom you received an Infringement Notice, including the per Subscriber revenue and profit by quarter and year, from January 1, 2010 to present.

**RESPONSE TO REQUEST NO. 57**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as to the undefined term "the life of the account," and phrases containing that term. Cox further objects that this request fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request to the extent it purports to impose on Cox an obligation to create documents not otherwise in its possession, custody, or control. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information before

a protective order is entered. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including Plaintiffs' interrogatory no. 10.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show the total and average revenue and profit during Plaintiffs' Claim Period that was attributable to subscribers who were the subject of a notice of claimed infringement submitted on Plaintiffs' behalf for Plaintiffs' works in suit during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 57

Subject to and without waiving the foregoing general and specific objections, Cox further responds that it has produced responsive, non-privileged documents reflecting Cox's calculations of revenues and costs for its residential telephony, television, and internet divisions for 2011-2014.

## REQUEST NO. 58

Documents sufficient to show your total number of Subscribers in the United States by type of service (i.e., internet, television, telephone).

## RESPONSE TO REQUEST NO. 58

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the request seeks information about subscribers not alleged to have infringed Plaintiffs'

copyrights, because Cox's television and telephone service is not at issue in this case and is not relevant to any claim or defense of any party, because the total number of Cox's subscribers lacks relevance to Plaintiffs' claims or Plaintiffs' works in suit, and to the extent the request seeks documents outside Plaintiffs' Claim Period.

**REQUEST NO. 59**

Documents sufficient to show the number of homes passed by your network (i.e., the number of households with potential to receive your services, including internet services).

**RESPONSE TO REQUEST NO. 59**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the request seeks information about subscribers not alleged to have infringed Plaintiffs' copyrights, because Cox's television and telephone service is not at issue in this case and is not relevant to any claim or defense of any party, because the total number of Cox's subscribers lacks relevance to Plaintiffs' claims or Plaintiffs' works in suit, and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as the meaning of the term "potential to receive your services," and to the extent it purports to require Cox to speculate concerning the "potential" of third parties. Cox further objects to this request to the extent it seeks information Cox does not know and cannot readily obtain after a reasonable inquiry, or that is not in Cox's possession, custody, or control, or that is equally in Plaintiffs' possession, custody, or control.

**REQUEST NO. 60**

Documents sufficient to show your penetration rates (i.e., the number of Subscribers divided by the numbers of households with the potential to receive your services) by type of

service (i.e., internet, television, telephone).

## RESPONSE TO REQUEST NO. 60

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the request seeks information about subscribers not alleged to have infringed Plaintiffs' copyrights, because Cox's television and telephone service is not at issue in this case and is not relevant to any claim or defense of any party, and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as the meaning of the term "potential to receive your services," and to the extent it purports to require Cox to speculate concerning the "potential" of third parties. Cox further objects to this request to the extent it seeks information Cox does not know and cannot readily obtain after a reasonable inquiry, or that is not in Cox's possession, custody, or control, or that is equally in Plaintiffs' possession, custody, or control. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including Plaintiffs' request for production no. 59.

## REQUEST NO. 61

Documents sufficient to show on a quarterly and annual basis your Subscriber churn rate (i.e., the number of Subscribers whose service is discontinued for any reason, including cancellation of termination).

## RESPONSE TO REQUEST NO. 61

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the request seeks information about subscribers not alleged to have infringed Plaintiffs'

copyrights, because the request fails to define the term "service" and Cox's television and telephone service is not at issue in this case lacks relevance, and to the extent the request seeks documents outside Plaintiffs' Claim Period.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show the requested information for subscribers to Cox's residential ISP service during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 61**

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox will produce responsive, non-privileged documents sufficient to show the requested information during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

**REQUEST NO. 62**

Documents sufficient to show your pricing for each of the different levels of internet services you offer Subscribers.

**RESPONSE TO REQUEST NO. 62**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the request seeks information about subscribers not alleged to have infringed Plaintiffs' copyrights, because the request fails to define the term "service" and Cox's television and

telephone service is not at issue in this case lacks relevance, and to the extent the request seeks documents outside Plaintiffs' Claim Period.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order Cox will produce responsive, non-privileged documents sufficient to show the requested information for Cox's residential ISP service during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST NO. 62

Subject to and without waiving the foregoing general and specific objections, and as agreed during the parties' meet and confer sessions, Cox further responds that it will produce responsive, non-privileged documents sufficient to show the requested information during Plaintiffs' Claim Period, to the extent Cox finds such documents within its possession, custody, or control after undertaking a reasonable and diligent search.

## REQUEST NO. 63

Documents sufficient to identify any expert witnesses you may call as a witness at any trial or hearing in this lawsuit or that may submit an expert report in this case, including the expert witnesses' curriculum vitae, contact information, employment history, testifying experience, publications, and the topics on which that the witnesses will testify or opine.

## RESPONSE TO REQUEST NO. 63

Cox objects that this request fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request as premature as it purports to require expert disclosures before they are required, and to the extent it purports

to require Cox to disclose individuals, documents, or things inconsistent with the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 26(a)(2), the Local Rules of this Court, and rules and orders of this Court. Cox will produce documents to the extent and on the schedule provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and applicable rules and orders of this Court.

Subject to and without waiving the foregoing general and specific objections, Cox will produce responsive, non-privileged documents, if any, to the extent and on the schedule provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and applicable rules and orders of this Court.

## REQUEST NO. 64

All documents that you may use as exhibits in the trial or any hearing in this lawsuit.

## RESPONSE TO REQUEST NO. 64

Cox objects that this request fails to describe, with reasonable particularity, the items or categories of items to be produced for inspection. Cox further objects to this request as premature, and to the extent it purports to require Cox to disclose documents outside the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, and rules and orders of this Court. Cox further objects to this request to the extent it seeks information not in Cox's possession, custody, or control, including information that is in Plaintiffs' possession, custody, or control; or is publicly available; or is equally available to Plaintiffs; or is in the possession, custody, or control of third parties. Cox will not produce documents that are in Plaintiffs' possession, custody, or control, or that have otherwise been obtained by or produced to Plaintiffs.

Subject to and without waiving the foregoing general and specific objections, Cox will

produce responsive, non-privileged documents, if any, to the extent and on the schedule provided by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, and applicable rules and orders of this Court.

## REQUEST NO. 65

All documents concerning any subpoena you issue in this lawsuit, including all communications with the third-party concerning the subpoena and all documents you receive in response to a subpoena.

## RESPONSE TO REQUEST NO. 65

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox further objects that this request is premature, vague and ambiguous, because it seeks documents that do not currently exist and whose characteristics are unknown. To the extent Cox is required to produce documents in response to this request, Cox reserves the right to supplement its objections in light of the then-existing circumstances. Cox further objects to this request to the extent it purports to require Cox to disclose trade secrets or other confidential or proprietary information before a protective order is entered, or such information of third parties. Cox further objects to this request to the extent it may improperly seek information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox will not produce such privileged or protected documents or information.

Subject to and without waiving the foregoing general and specific objections, upon entry of an appropriate Protective Order and subject to its terms, Cox will produce documents produced in response to third party subpoenas it issues in this litigation.

**REQUEST NO. 66**

All documents you identify or rely on in responding to Plaintiffs' Interrogatories.

**RESPONSE TO REQUEST NO. 66**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox further objects that this request is premature, vague and ambiguous, because it seeks documents that do not currently exist and whose characteristics are unknown. To the extent Cox is required to produce documents in response to this request, Cox reserves the right to supplement its objections in light of then-existing circumstances. Cox further objects to this request to the extent it purports to require Cox to disclose trade secrets or other confidential or proprietary information before a protective order is entered, and to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it seeks information that is publicly available, or that is equally available to Plaintiffs. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

Subject to and without waiving the foregoing general and specific objections, Cox will produce responsive, non-privileged documents, if any, to the extent and on the schedule provided by Federal Rule of Civil Procedure 33(d), the Local Rules, and applicable rules and orders of this Court.

Dated: January 17, 2019

*s/ Michael S. Elkin*
Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com

Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc.
and CoxCom, LLC*

*Of Counsel for Defendants*

Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840. On January 17, 2019, I served the following document:

**COX'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

pursuant to the written agreement of the parties to be served by electronic means, by email to Plaintiffs' counsel as follows:

> Jeffrey M. Gould, Oppenheim + Zebrak, LLP
> Email: jeff@oandzlaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed:_____
            Thomas J. Kearney

Dated:   January 17, 2019