# Exhibit D

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

PROPOUNDING PARTIES: PLAINTIFFS

RESPONDING PARTIES: Defendants Cox Communications, Inc. and CoxCom LLC

SET NUMBER: TWO (NOS. 1-10 [67-76])

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and Civil Local Rule 26(b) and (c), Defendants Cox Communications, Inc. and CoxCom LLC (collectively, "Cox") respond to Plaintiffs' Second Set of Requests for Production of Documents and Things as follows. Cox's responses are made solely for the purposes of this litigation. Cox's responses are based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Cox's employees and/or representatives who could reasonably be expected to possess responsive information. Cox's investigation into the facts of this case is ongoing and not yet completed, and Cox reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

## COX'S GENERAL OBJECTIONS

1. Cox objects to the requests to the extent that they call for extensive electronic production as overly broad, unduly burdensome, and oppressive. Where appropriate, Cox reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

2. Cox objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, and to the extent they purport to require Cox to object, respond, or produce documents before the time provided by the Federal Rules of Civil Procedure, the Local Rules, and the applicable rules of this Court. Given the breadth and scope of the requests, Cox will produce non-objectionable responsive documents on a rolling basis, beginning within 30 days of service of the requests.

3. Cox objects to the definition of the term "MarkMonitor" as overbroad and unduly burdensome, and as vague and ambiguous, because Cox lacks knowledge of the "parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any other person or entity currently or previously acting or purporting to act on [the] behalf" of the identified entities.

4. Cox objects to the definition of the term "Infringement Notice" as vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Cox to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

5. Cox objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require

Cox to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

6. Cox objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

7. Cox objects to Plaintiffs' attempt to define the default "relevant time frame" of these requests as spanning the period from January 1, 2010 through December 31, 2014. Plaintiffs have expressly limited the time period of their claims in this litigation to the period between February 2013 and November 2014 ("Plaintiffs' Claim Period").

## COX'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION (SET TWO)

### REQUEST NO. 1 [67]

Documents sufficient to show all Infringement Notices (from any rights holder) that identify or reference an IP address listed in any Infringement Notice from or on behalf of Plaintiffs. Such documents should include at least the following infringement details:

- Date infringement detected
- Date notice sent
- Details of infringing work (i.e. title, artist, author, etc)
- Filename of infringing work
- Filesize of infringing work
- Hash value of infringing work
- IP address
- IP port
- Network used
- Protocol used

**RESPONSE TO REQUEST NO. 1 [67]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information about works and parties that are irrelevant to this case, because it seeks information about notices of claimed infringement submitted by or on behalf of non-parties, and to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, including because an "IP address" does not reliably identify an individual, entity, or account holder. Cox further objects to this request as improperly calling for a legal conclusion because Cox cannot determine whether a notice that is submitted to Cox identifies or refers to an instance of copyright infringement. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' requests for production nos. 10, 11, 16, 18-30, 33-35, 38-43, and 45, and Plaintiffs' interrogatory no. 2. Cox further objects to this request to the extent it seeks information that is not in Cox's possession, custody, or control.

**REQUEST NO. 2 [68]**

All sworn written statements by any Cox employee, agent or other person speaking on Cox's behalf, concerning Cox's policies and/or practices concerning copyright infringement on its network by its subscribers.

**RESPONSE TO REQUEST NO. 2 [68]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including statements concerning issues, parties, and works not relevant to this case, and information that is not relevant to Cox's policies that were in effect during Plaintiffs' Claim

Period. Cox further objects that the request fails to describer with reasonable particularity the discovery Plaintiffs seek. Cox further objects to the request to the extent it seeks discovery that can be obtained from some other source that is less burdensome, including to the extent it seeks documents that are publicly available or that are equally available to Plaintiffs, and to the extent Plaintiffs have already obtained the documents or information they purport to seek in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative, including because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 4, 16, and 28.

### REQUEST NO. 3 [69]

Defendants' response to Interrogatory No. 3 in the BMG Litigation (including documents referenced therein and/or produced pursuant to Fed. R. Civ. P. 33(d)), which states: "Describe in detail, any policies and/or procedures concerning, referring, or relating to, Your process and protocol for reviewing, receiving and handling DMCA Notices between January 1, 2005 and the present, identify the periods of time during which the policies and procedures were in place, and identify the person(s) most knowledgeable about or responsible for these policies and/or procedures."

### RESPONSE TO REQUEST NO. 3 [69]

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning issues, parties, and works not relevant to this case, and because it seeks information that is not relevant to Cox's policies and procedures that were in effect during Plaintiffs' Claim Period, and because the fact that Cox

5

responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already obtained in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 4, 5, 15, 16, 17, 20, 21, 23, 24, 26, 27, 28, and 33.

**REQUEST NO. 4 [70]**

Defendants' response to Interrogatory No. 4 in the BMG Litigation, (including documents referenced therein and/or produced pursuant to Fed. R. Civ. P. 33(d)), which states: "Describe in detail Your policies and/or procedures since 2005 for notifying Your Customers or Users of any claim contained in a DMCA Notice, and identify the person(s) responsible for such notifications and the person(s) most knowledgeable about or responsible for these policies and/or procedures."

**RESPONSE TO REQUEST NO. 4 [70]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning issues, parties, and works not

6

relevant to this case, and because it seeks information that is not relevant to Cox's policies and procedures that were in effect during Plaintiffs' Claim Period, and because the fact that Cox responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already obtained in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 4, 15, 20, 21, 23, 26, 27, and 31.

**REQUEST NO. 5 [71]**

Defendants' response to Interrogatory No. 6 in the BMG Litigation, (including documents referenced therein and/or produced pursuant to Fed. R. Civ. P. 33(d)), which states: "State the number of notices or communications You sent to Your Customers or Users notifying them of any claim contained in a DMCA Notice each month from January 1, 2010 to the present and identify the person(s) most knowledgeable about such notices or communications.

**RESPONSE TO REQUEST NO. 5 [71]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or

defense, including because it seeks information concerning issues, parties, and works not relevant to this case, and because it seeks information that is not relevant to Cox's policies and procedures that were in effect during Plaintiffs' Claim Period, and because the fact that Cox responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already obtained in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 23 and 43, and interrogatory no. 4.

**REQUEST NO. 6 [72]**

Defendants' response to Interrogatory No. 7 in the BMG Litigation, (including documents referenced therein and/or produced pursuant to Fed. R. Civ. P. 33(d)), which states: "Describe with particularity the types of penalties, including without limitation, termination, limitation, or suspension of Internet service, You have taken against Customers or Users who have been the subject of DMCA Notices, and identify the person(s) most knowledgeable about or responsible for such actions."

**RESPONSE TO REQUEST NO. 6 [72]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning issues, parties, and works not relevant to this case, and because it seeks information that is not relevant to Cox's policies and procedures that were in effect during Plaintiffs' Claim Period, and because the fact that Cox responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already obtained in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 4, 9, 15, 16, 29, and 41, and interrogatories nos. 1, 5, and 9.

**REQUEST NO. 7 [73]**

Defendants' response to Interrogatory No. 8 in the BMG Litigation, (including documents referenced therein and/or produced pursuant to Fed. R. Civ. P. 33(d)), which states: "State the number of Customers or Users whose Internet service You terminated, temporarily suspended, or otherwise adversely affected, on a per penalty basis, in response to a DMCA

9

Notice(s) for each month from January 1, 2010 to the present, and identify the person(s) most knowledgeable about such penalties and the person(s) responsible for the implementation of such penalties."

**RESPONSE TO REQUEST NO. 7 [73]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning issues, parties, and works not relevant to this case, and because it seeks information that is not relevant to Cox's policies and procedures that were in effect during Plaintiffs' Claim Period, and because the fact that Cox responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already obtained in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 16, 20, 39, and 43, and interrogatories nos. 5 and 6.

**REQUEST NO. 8 [74]**

Defendants' response to Interrogatory No. 10 in the BMG Litigation, (including documents referenced therein and/or produced pursuant to Fed. R. Civ. P. 33(d)), which states: "Identify any inquiry or effort by You to study, determine, or implement (a) possible technological barriers or other means or mechanisms for addressing, limiting or preventing copyright infringement by Your Customers or Users, including but not limited to slowing, suspending or terminating Your Internet service to Your Customers or Users or engaging in anti-piracy advertising or communications to Your Customers or Users and/or (b) the effects of such efforts on Your business, Your Customers or copyright infringement by Your Customers or Users."

**RESPONSE TO REQUEST NO. 8 [74]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning issues, parties, and works not relevant to this case, and because it seeks information that is not relevant to Plaintiffs' Claim Period, and because the fact that Cox responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already obtained in documents that Cox has provided, including trial exhibits,

11

deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 4 and 41, and Plaintiffs' interrogatories nos. 8 and 9.

**REQUEST NO. 9 [75]**

All documents referenced in Defendants' response to Interrogatory No. 15 in the BMG Litigation. This request specifically includes "technical documents describing CATS, including documents bearing the production bates numbers COX_BMG00003173 – COX_BMG00003343 and COX_BMG00001698 – COX_BMG00001708" and non-privileged portions of the "internal 'wiki' that describes CATS and its technical implementation."

**RESPONSE TO REQUEST NO. 9 [75]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning issues, parties, and works not relevant to this case, and because it seeks information that is not relevant to Cox's policies and procedures that were in effect during Plaintiffs' Claim Period, and because the fact that Cox responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already

obtained in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox further objects that the discovery sought is unreasonably cumulative or duplicative because it unnecessarily duplicates discovery that Plaintiffs have already propounded, including Plaintiffs' requests for production nos. 4, 7, 8 and 24.

Subject to and without waiving the foregoing general and specific objections, Cox responds that it will produce documents as set forth in its response to Plaintiffs' request for production no. 7, including responsive, non-privileged technical documents sufficient to show the technical implementation or implementations of versions of CATS that were in use by Cox during Plaintiffs' Claim Period, and versions of the CATS Abuse Automation System Implementation Plan concerning versions of CATS that were in use by Cox during Plaintiffs' Claim Period. Cox further responds that it will make available for inspection responsive source code for versions of CATS that were in use by Cox during Plaintiffs' Claim Period as set forth in Cox's response to Plaintiffs' request for production no. 8.

**REQUEST NO. 10 [76]**

The document Defendants produced in response to Interrogatory No. 16 in the BMG Litigation that "identif[ies] copyright holders and/or copyright enforcement agencies that have developed and submitted communications compatible with Cox Communications' automated procedures for handling complaints of copyright abuse."

**RESPONSE TO REQUEST NO. 10 [76]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information concerning notices, parties, and works not

13

relevant to this case, and because it seeks information that is not relevant to Cox's policies and procedures that were in effect during Plaintiffs' Claim Period, and because the fact that Cox responded to interrogatories served by plaintiffs in the BMG Litigation is irrelevant to this litigation. Cox further objects to the request as an improper attempt by Plaintiffs to avoid the limitations that the Federal Rules place on the number of interrogatories permitted in Federal litigation, and because the request ignores the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68. Cox further objects to the request to the extent it seeks documents or information Plaintiffs have already obtained in documents that Cox has provided, including trial exhibits, deposition transcripts, and associated exhibits from the BMG Litigation. Cox will respond as appropriate to an interrogatory request by Plaintiffs that seeks information relevant to this case. Cox further objects that the discovery sought is unreasonably cumulative or duplicative.

Dated: January 22, 2019

*s/ Michael S. Elkin*
Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com

Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840. On January 22, 2019, I served the following documents:

**COX'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

**COX'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANTS (NOS. 1-4 [NOS. 13-16])**

pursuant to the written agreement of the parties to be served by electronic means, by email to Plaintiffs' counsel as follows:

> Jeffrey M. Gould, Oppenheim + Zebrak, LLP
> Email: jeff@oandzlaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed:_____
        Thomas J. Kearney

Dated:   January 22, 2019