Case 1:18-cv-00950-PTG-JFA   Document 95-17   Filed 02/01/19   Page 1 of 6 PageID# 2371

# Exhibit Q

| | |
|---|---|
| **Subject:** | Re: Sony v. Cox |
| **Date:** | Tuesday, January 29, 2019 at 12:57:31 PM Eastern Standard Time |
| **From:** | Jeff Gould |
| **To:** | Scott Zebrak, Golinveaux, Jennifer A., Kearney, Thomas, Anderson, Sean R. |
| **CC:** | Matt Oppenheim, Kerry Mustico, Buchanan, Tom |
| **Attachments:** | image001.jpg |

Jennifer – Further to Scott's email, below I've provided additional information clarifying the issues raised in #3 of my email from yesterday.

3. **Scope of Cox's Response to Certain Requests**:

RFPs 10, 23, 38 and 39 (note 39 was inadvertently omitted from my email yesterday) seek documents concerning Cox's handling of and/or and response to receiving infringement notices.  In each instance, Cox improperly limits its response to Plaintiffs' works, notices from Plaintiffs', and Plaintiffs' claim period.  We have discussed this now several times and still Cox refuses to expand beyond these improper limitations.  In the BMG case, Judge O'Grady rejected these precise limitations.  (See BMG ECF No. 1018)   There the Court held that Cox's emails prior to the claim period, concerning works not in suit, and notices from other copyright holders were highly probative of how Cox handled infringement notices from plaintiffs during the claim period.  The BMG trial record includes powerful examples of documents that should be produced here, but which your restrictive responses would exclude.  You have articulated no basis for your unduly restrictive response.

For RFP 47 (re DMCA), you confirmed in your January 11, 2019 letter that you would run search terms if Plaintiffs proposed them, but your supplemental response omits such agreement and is limited to producing policies only.  For RFP 48 (re Plaintiffs), you provided a supplemental response apparently agreeing to produce documents regarding Plaintiffs, but it is unclear from that response what limitations you are applying in terms of responsiveness and how you will identify such documents.  As we've discussed many times now, the parties should work collaboratively and engage in a bilateral exchange of search parameters.  Proposing search terms on single requests in a vacuum is not efficient and ignores the interrelatedness of issues in the case.  Nevertheless, while reserving all rights regarding Cox's refusal to provide search terms, Cox's searches for these requests should span 2010-2014 and include appropriate custodians and keywords designed to identify responsive documents concerning Cox's policies and procedures for addressing DMCA-related infringement notices (47), and documents concerning Plaintiffs and copyright infringement (48).

RFP 54 seeks the total and average revenue and profits from subscribers for each level of internet service.  We can agree to limit RFP 54 to 2010-2014.  This is relevant to Plaintiffs' contention that Cox accommodated subscribers who wanted to infringe faster and more by providing higher download speeds in exchange for higher service fees.  You have articulated no basis for withholding the information.  The information listed in your supplemental response is non-responsive because it does not distinguish between each level of internet service.

RFP 55 seeks the total and average revenue and profit generated over the life of an internet subscriber's account.  We can agree to limit RFP 55 to 2010-2014, and also agree to limit it to the average revenue and profit (rather than total and average revenue and profit).  Cox has already agreed to produce documents sufficient to show the average length of time it retains Subscribers during

Plaintiffs' claim period (56), and you have articulated no basis for refusing to produce the information requested by RFP 55, particularly as narrowed.  The information listed in your supplemental response is non-responsive because it does not include average revenue or profit generated over the life of an internet subscriber's account.

Regards,
Jeff


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** Scott Zebrak <Scott@oandzlaw.com>
**Date:** Tuesday, January 29, 2019 at 12:25 PM
**To:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, Jeff Gould <Jeff@oandzlaw.com>, "Kearney, Thomas" <TKearney@winston.com>, "Anderson, Sean R." <SRanderson@winston.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>, Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Re: Sony v. Cox

Jennifer –  That does not work.  We need to know where we stand on these important issues, many of which we've already gone round and round on.  You know that we've been trying to have a meet and confer.  Most recently, when you declined our request to talk after the hearing last Friday, you did not tell us your schedule this week.  We could have accommodated your conflicts by scheduling the meet and confer for yesterday.  To avoid unnecessary delays, I suggest that your team responds via email to the issues below.  Jeff will send a separate email shortly that fleshes out item # 3.  The substantive response that we receive will streamline any meet and confer.  In terms of timing, we can talk via phone after your settlement conference today, before or after your flight tomorrow, or, alternatively, before or after your deposition on Thursday.  Or, if one of other lawyers on your team can handle the meet and confer, we don't need to be restricted to those particular times.  Please advise.  Thanks.

- SZ

On 1/29/19, 11:25 AM, "Golinveaux, Jennifer A." <JGolinveaux@winston.com> wrote:

Jeff,

I have a settlement conference today, flying to the east coast tomorrow, and in deposition on Thursday. We can do a call on Friday at 11 or 12 Pacific.

Jennifer

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802
winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Monday, January 28, 2019 2:02 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Kearney, Thomas <TKearney@winston.com>; Anderson, Sean R. <SRanderson@winston.com>
**Cc:** Matt Oppenheim <Matt@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>; Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Sony v. Cox

Jennifer – We write to follow-up on numerous open issues regarding Cox's responses to Plaintiffs' discovery requests.  We'd like to confer on these issues Tuesday, January 29 and are available between 2-6 pm ET.  Please confirm a time in that period that works for you.

1. **Cox's Unexplained Approach to ESI Searches**:

As we've discussed on numerous occasions, we are ready and willing to engage in a bilateral exchange of ESI search parameters.  We believe that a collaborative, transparent approach to ESI discovery is appropriate and could have avoided a number of the disputes raised in Cox's recent motion.  <u>During our call tomorrow, please be prepared to confirm that Cox will agree to a mutual exchange of search parameters later this week, or whether Cox still refuses to do so</u>.  ESI searches are appropriate and warranted for at least the following requests:  RFP Nos. 6, 9, 10, 13, 16, 23, 25, 26, 27, 38, 47, 48 (note that several of these are also discussed in section 3 below).  This list reflects the information from our prior exchanged letters, discussions with the Court, and your recently served supplemental responses.

2. **Identifying Cox Subscribers Who Were the Subjects of Plaintiffs' Notices, All Notices (from Plaintiffs or Others) Involving those Subscribers, and Related Financial Information**:

A number of Plaintiffs' discovery requests seek information regarding subscribers who were the subject of infringement notices from Plaintiffs (or notices from others that involve the same subscribers referenced by Plaintiffs' notices). See First RFPs 33, 34, 35, 57; First Interrogatories No. 3; Second RFPs No. 1 [76].  The information sought by these requests is relevant.  It enables us to go beyond IP address to match up infringement notices for a subscriber and revenues associated with infringing subscribers.  Though we have discussed these issues several times, Cox still has not clarified what it agrees to produce and what it refuses to produce.  We need immediate clarification on several issues:

- Please confirm in tomorrow's call whether you agree with our Jan. 9, 2019 proposal for handling personally identifiable information about Cox subscribers, by providing at least an account number (and any other designator for the subscriber besides name), along with the city and state associated with such subscriber and associated notice information (date, IP address, etc).

- With respect to Second RFPs No. 1 [76], we understand Cox refuses to produce any documents.  This is notwithstanding the Court's guidance on December 21.  We do not understand your refusal to be based on your vagueness objection to the term "IP address," but we nevertheless clarify that "IP address" as used in Second RFPs No. 1 [76] means a Cox subscriber associated with the IP address identified in an infringement notice.

- With respect to RFP No. 57 and First Interrogatory No. 10, you have not responded to my January 9, 2019 request for clarification of your position, though you stated that you would do so by January 18. Ten days have passed since your promised response and still you have not responded. We need immediate confirmation of what Cox will and won't produce, including the time frame. We have previously explained why information beyond 2014 is relevant. Please be prepared on tomorrow's call to state clearly and unambiguously what Cox agrees to provide and what it refuses to provide, including whether you will provide the information for each subscriber, as requested.

3. **Scope of Cox's Response to Certain Requests**:

For several requests, your positions are still unclear, despite numerous efforts on our part to understand your positions. On tomorrow's call, we need clear and unambiguous statements from you on the scope of what Cox is planning to produce versus withhold in response to RFP Nos. 10, 23, 38, 47, 48, 54, 55.

4. **Plaintiffs' Second Discovery Requests**:

Cox refuses to provide documents in response to RFPs 3 [69], 4 [70], 6 [72], which are within Plaintiffs 2nd Set of RFPs and pertain to interrogatory responses in the BMG case. This is notwithstanding the Court's guidance on December 21. Tomorrow, please be prepared to discuss this and let us know whether Cox will produce the responsive documents as requested.

For Interrogatory Nos. 1 [13], 3 [15], 4 [16], we understand you refuse to answer based on your objections. I have already addressed your vagueness objection in responding to Interrogatory No. 1 [13] in my letter of January 9, 2019. Tomorrow, please be prepared to discuss this and let us know whether Cox will provide answers to the interrogatories.

5. **Clarifications**:

For several requests, we need clarification on your positions given the several back-and-forth communications and your recent supplemental RFP responses. Please be prepared to provide such clarification on our call tomorrow.

- RFP 16: please confirm your agreement to produce "documents concerning Cox's policies relating to copyright infringement…" includes (i) documents concerning the implementation of such policies and (ii) documents concerning any unwritten semi-policies relating to copyright infringement. See BMG Exhibit PX 1378.

- RFP 24: though you agreed to expand the responsive period to 2008-2014 for this request, you did not supplement Cox's response to RFP 24. Please confirm (i) Cox will respond to RFP 24 for 2008-2014, and (ii) Cox will produce documents concerning such caps beyond just those applied to Plaintiffs.

- RFP 28: your supplemental response refers generically to meet-and-confer discussions but is unclear on scope. Please confirm that, in addition to press releases, you agree to search for and produce other public statements regarding Cox's policies and procedures for responding to

copyright infringement notices, including but not limited to testimony; statements or presentations to legislators, aides, or on the Hill generally; and statements or presentations at industry events.

- RFP 46: In your supplemental response to RFP 46, you agree to produce documents "to the extent that such documents do not concern legal conclusions."  It is unclear what this means.  Please clarify whether Cox is withholding documents on this basis for reasons other than privilege or work product?  If so, please explain what you mean.

Regards,
Jeff


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue, NW | Suite 500
Washington, DC 20016
202.851.4526 direct | 202.480.2999 main
jeff@oandzlaw.com |www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:  https://twitter.com/OandZLaw

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.