UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## PLAINTIFFS' MOTION FOR TEMPORARY SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under temporary seal a portion of their Memorandum in Support of Plaintiffs' Motion to Compel (ECF No. 96), and nine exhibits to the supporting Declaration of Jeffrey M. Gould (Exs. G–O). Plaintiffs' memorandum and exhibits contain documents and information that Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox") designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. ECF No. 58.

Plaintiffs do not believe the documents or information that are the subject of this motion should be subject to *any* confidentiality protection because they were used in open court and admitted into evidence during the public trial in *BMG Rights Management v. Cox Communications, Inc. et al.*, 1:14-cv-1611 (the "BMG Litigation"). They were also discussed and quoted in a public filing in that case, which has been available to the public for many months. *BMG v. Cox*, ECF No. 974. Plaintiffs have been forced to so move nevertheless because Cox insists on maintaining improper designations over publicly disclosed trial exhibits. Plaintiffs have informed Cox that they dispute these and all such designations. The process for resolving those disputes is set forth

1

by the Stipulated Protective Order (ECF No. 58) and that process is under way. Plaintiffs therefore request temporary sealing to comply with the Court's Stipulated Protective Order in this action and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

1. PX-1340, PX-1354, PX-1378, PX-1381, PX-1446, PX-1453, PX-1984 and PX-2068 are internal email exchanges between Cox employees. These documents were used publicly in the BMG trial, admitted into evidence, and no apparent steps were taken to limit their public disclosure.

2. PX-1358 is a transcript of an internal chatroom conversation between Cox employees. This document was used publicly in the BMG trial, admitted into evidence, and no apparent steps were taken to limit its public disclosure.

3. Each of these nine exhibits was also discussed and quoted in a public filing in the BMG case. *BMG v. Cox*, Case No. 1:14-cv-1611, ECF No. 974.

4. Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

   a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

   b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

  c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

  d. A proposed order.


Dated February 1, 2019              Respectfully submitted,

                         /s/ Scott. A Zebrak
                         Scott A. Zebrak (38729)
                         Matthew J. Oppenheim (*pro hac vice*)
                         Jeffrey M. Gould (*pro hac vice*)
                         OPPENHEIM + ZEBRAK, LLP
                         4530 Wisconsin Avenue, NW, 5th Floor
                         Washington, DC 20015
                         Tel:  202-480-2999
                         scott@oandzlaw.com
                         matt@oandzlaw.com
                         jeff@oandzlaw.com

                         *Attorneys for Plaintiffs*