**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al*., <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al*., <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
**MOTION TO FILE UNDER SEAL**

On February 1, 2019, Plaintiffs filed a Motion to Compel (ECF Nos. 94, 96) referencing a number of highly confidential trial exhibits from *BMG Rights Management v. Cox Communications, Inc. et al.*, Case No. 1:14-cv-1611 (the "BMG Litigation"). Pursuant to Rule 26 of the Federal Rules of Civil Procedure and E.D. Va. Local Civil Rule 5(C), Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") respectfully submit this Memorandum in support of Plaintiffs' motion to seal. *See* ECF No. 98 (Notice of Sealing); ECF No. 99 (Plaintiffs' Motion for Temporary Sealing).

Exhibits G, H, I, J, K, L, M, N, and O to Plaintiffs' February 1, 2019 Motion to Compel are trial exhibits constituting highly confidential internal Cox communications. Plaintiffs cite these exhibits as "examples of the types of responsive documents" they seek to compel from Cox in response to certain document requests. *See* ECF No. 96 (Mem. In Support of Plaintiffs' Mot. to Compel) at 6. While Plaintiffs cite only short quotations from these trial exhibits in their Motion to Compel, they attached the exhibits in their entirety. *See* ECF Nos. 95-7 through 95-15.

For the reasons set forth below, Cox respectfully requests that these exhibits remain under seal in their entirety. However, Cox does not oppose Plaintiffs filing an unredacted version of

their Motion to Compel, which quotes the same short phrases from these exhibits that were previously quoted in a document filed publicly in the BMG Litigation.

Pursuant to Local Civil Rule 5(C), Cox must provide the Court with:

a.   "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."

These exhibits were designated Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order entered in the BMG Litigation, and were also designated with that level of confidentiality in this case.  *See* ECF No. 99 at 1.  In connection with Cox's filing of these and similar exhibits under seal in the BMG Litigation, Cox submitted the Declaration of Marcus Delgado, Cox's Assistant General Counsel, establishing their sensitive and confidential nature. *See* BMG Litigation, ECF No. 403.  These exhibits include:

(1)   Screenshots and excerpts of information drawn from Cox's proprietary Cox Abuse Tracking System (CATS), a specialized system Cox maintains in confidence and does not share with its competitors, subscribers, or the public.  *See* Ex. G (PX1340), Ex. K (PX1381).  Disclosure of this material would cause Cox competitive injury because it reveals Cox's competitive service protocols that would inform its competitors in shaping competing protocols.  *See* BMG Litigation, ECF No. 403, ¶ 4.

(2)   Discussion of Cox's process for addressing complaints of copyright infringement with its account holders.  *See* Ex. H (PX1354); Ex. I (PX1358); Ex. J (PX1378); Ex. K (PX1381); Ex. L (PX1446); Ex. M (PX1453); Ex. N (PX1984); and Ex. O (PX2068).  Cox does not disclose the documents or the detailed information in them to its competitors or its account holders.  If disclosed, an account holder could circumvent Cox's processes for addressing complaints of copyright infringement.  *See* BMG Litigation, ECF No. 403, ¶ 7.

Notably, these exhibits contain information that is unrelated to Plaintiffs' Motion to Compel. Indeed, the only reason that Plaintiffs attached the exhibits was to use short quotes to illustrate to the Court the "types of responsive documents" that they seek to compel Cox to produce. As the Court found when Plaintiffs previously attached full exhibits to a Motion to Compel that contained information not used in the briefing, "the purpose of providing the public with full access to the material relevant to the court's determination is satisfied by having an unredacted version of the memorandum filed in the public record." *See* ECF No. 91. No useful purpose is served by having lengthy internal Cox communications relating to the numbers of copyright notices sent by various copyright claimants and Cox's internal procedures for addressing copyright infringement notifications disclosed in the public record at this time—particularly because the vast majority of the exhibits are irrelevant to Plaintiffs' Motion to Compel. *See id.* (granting Plaintiffs' motion to seal because "no useful purpose is served by having the specific numbers contained in Exhibit C disclosed in a filing at this time").

Plaintiffs state that they "do not believe the documents or information that are the subject of this motion should be subject to *any* confidentiality protection because they were used in open court and admitted into evidence during the public trial in *BMG Rights Management v. Cox Communications, Inc. et al.*, 1:14-cv-1611 (the 'BMG Litigation')." ECF No. 99 at 1. However, Plaintiffs do not quote or point to any portion of the trial transcript in the BMG Litigation supporting this statement. In fact, the trial transcript does not show that any of these exhibits were shown on the gallery screens in the courtroom or otherwise made available to spectators of the trial as opposed to only the judge, jury, and counsel. Plaintiffs have not shown, therefore, that this exhibit was "publicly disclosed" such that it could lose its confidentiality designation.

Plaintiffs also claim that the exhibits "were also discussed and quoted in a public filing in

that case, which has been available to the public for many months." ECF No. 99 at 1.  While it is true that these exhibits were referenced in a motion *in limine* filed by BMG in the BMG Litigation, that motion did not attach any of the exhibits to the filing, but rather only used the same limited quotes from the exhibits that Plaintiffs use in their Motion to Compel.  *See* BMG Litigation, ECF Nos. 974, 975.  Therefore, Plaintiffs have not shown that any of the exhibits that are the subject of Plaintiffs' sealing motion have been filed in the public record.  However, because the specific quotes used by Plaintiffs in their motion to compel were also included in the BMG Litigation public filing, Cox does not oppose Plaintiffs filing an unredacted version of the Motion to Compel.

    b.   "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."

Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  Each procedural requirement has been met here by Cox's memorandum in support of Plaintiffs' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*.  In accordance with Local Civil Rule 5 procedure, Plaintiffs' sealing motion and this response

were publicly docketed prior to the hearing on Plaintiffs' Motion to Compel, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. This requirement is met because Cox requests the sealing of the exhibits only, but do not oppose Plaintiffs filing an unredacted version of their Motion to Compel that uses limited quotes from the exhibits that were already in the public record from the BMG Litigation.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, the emails at issue were designated as Highly Confidential pursuant to the parties' protective order in the BMG Litigation and were designated Highly Confidential when Cox provided these trial exhibits to Plaintiffs pursuant to the parties' protective order in this case. Cox also meets the third requirement because the emails contain confidential proprietary and competitively sensitive information, as established above and in reference to the Delgado Declaration.

  c.  "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."

Cox seeks permanent sealing of this document on the grounds that there is no date in the future in which the disclosure of this information would not be competitively harmful to Cox.

  d.  A proposed order, which is attached hereto.

///

///

///

Dated: February 8, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan /*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## **CERTIFICATE OF SERVICE**

I certify that on February 8, 2019, a copy of the foregoing COX'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FILE UNDER SEAL was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*