UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

### PLAINTIFFS' MOTION FOR TEMPORARY SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under temporary seal a portion of their Reply Memorandum in Support of Plaintiffs' Motion to Compel (ECF No. 105), and two exhibits to the supporting Declaration of Jeffrey M. Gould (PX-1330, PX-1456). Plaintiffs' memorandum and exhibits contain documents and information that Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox") designated as "Highly Confidential—Attorneys' Eyes Only" under the stipulated protective order. ECF No. 58.

Plaintiffs do not believe the documents or information that are the subject of this motion should be subject to *any* confidentiality protection because they were used in open court and admitted into evidence during the public trial in *BMG Rights Management v. Cox Communications, Inc. et al.*, No. 1:14-cv-1611 (the "BMG Litigation"). Plaintiffs have been forced to so move nevertheless because Cox insists on maintaining improper designations over publicly disclosed trial exhibits. Plaintiffs have informed Cox that they dispute these and all such designations. The process for resolving those disputes is set forth by the Stipulated Protective Order (ECF No. 58) and that process is under way. Plaintiffs therefore request temporary sealing to comply with the

Court's Stipulated Protective Order in this action and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

1. PX-1330 is an excerpt of a document titled Customer Safety and Abuse Operations: Residential Abuse Ticket Handling Procedures. This document was used publicly in the BMG trial and admitted into evidence, and no apparent steps were taken to limit its public disclosure.

2. PX-1456 is a document displaying information concerning copyright and other complaints regarding a Cox subscriber identified by an internal reference number. This document was used publicly in the BMG trial and admitted into evidence, and no apparent steps were taken to limit its public disclosure. It was discussed at length in open court during the testimony of Roger Vredenburg, a former Cox employee. (BMG Trial Tr. at 855-861, attached as Ex. A)

3. Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

   a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

   b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

   c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

   d. A proposed order.

Dated February 8, 2019

Respectfully submitted,

/s/ Scott. A Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*