UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S MEMORANDUM IN SUPPORT OF PLAINTIFFS'**
<u>**MOTION TO FILE UNDER SEAL**</u>

On February 8, 2019, Plaintiffs filed a reply in support of their Motion to Compel (ECF No. 105) referencing two highly confidential trial exhibits from *BMG Rights Management v. Cox Communications, Inc. et al.*, Case No. 1:14-cv-1611 (the "BMG Litigation"). Pursuant to Rule 26 of the Federal Rules of Civil Procedure and E.D. Va. Local Civil Rule 5(C), Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") respectfully submit this Memorandum in support of Plaintiffs' motion to seal. *See* ECF No. 107 (Notice of Sealing); ECF No. 106 (Plaintiffs' Motion for Temporary Sealing). Cox also provides further support herein for its Memorandum in support of Plaintiffs' motion to seal certain internal Cox emails attached to the Gould Declaration in support of Plaintiffs' opening brief on its motion to compel (ECF No. 104).

Exhibits B and C to the Declaration of Jeffrey M. Gould filed in support of Plaintiffs' reply brief constitute highly confidential internal Cox documents, PX 1330 (Cox's Residential Abuse Ticket Handling Procedures) and PX 1456 (a CATS abuse ticket). Plaintiffs reference these exhibits in arguing that it would not be burdensome for Cox to produce information on third-party notices involving the Cox subscribers in Plaintiffs' notices. *See* ECF No. 105 (Mem. In Support of Plaintiffs' Mot. to Compel) at 13. Once again, while Plaintiffs cite only small portions from these exhibits in their Motion to Compel reply brief, they attached the exhibits in their entirety.

*See* ECF Nos. 105-3 and 105-4.

For the reasons set forth below, Cox respectfully requests that these exhibits remain under seal in their entirety, in addition to the small portion of Plaintiffs' reply brief that reproduces an image from one of the confidential exhibits.

Pursuant to Local Civil Rule 5(C), Cox must provide the Court with:

a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."

Exhibits B and C to the Gould Declaration were designated Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order entered in the BMG Litigation, and were also designated with that level of confidentiality in this case. *See* ECF No. 106 at 1. In connection with Cox's filing of similar exhibits under seal in the BMG Litigation, Cox submitted the Declaration of Marcus Delgado, Cox's Assistant General Counsel, establishing their sensitive and confidential nature. *See* BMG Litigation, ECF No. 403 (attached hereto as **Exhibit 1**). These exhibits are:

(1) PX 1330, Cox's "Residential Abuse Ticket Handling Procedures," a 13-page document setting forth Cox's procedures for responding to notifications of abuse on its network. Notably, this document is not limited to Cox's procedures for responding to notifications of copyright infringement, but also includes detailed information about how Cox responds to threats such as fraud, hacking, malware, and phishing. Indeed, the section relating to alleged copyright infringement is only four pages long. *See* ECF No. 105-3 at 9-13. Cox does not disclose these documents or the detailed information within them to its competitors or its account holders. If disclosed, an account holder could circumvent Cox's processes for addressing not only complaints of copyright infringement, but Cox's processes for addressing serious security threats to its network and its

customers. *See* BMG Litigation, ECF No. 403 (Exhibit 1 hereto), ¶ 7. Furthermore, this document contains excerpts of information drawn from Cox's proprietary Cox Abuse Tracking System (CATS), a specialized system Cox maintains in confidence and does not share with its competitors, subscribers, or the public. Disclosure of this material would cause Cox competitive injury because it reveals Cox's competitive service protocols that would inform its competitors in shaping competing protocols. *See id.*, ¶ 4.

(2) PX 1456, a CATS abuse ticket showing a list of actions taken by Cox in response to notifications of alleged copyright infringement (*i.e.*, "Sent Warning 'DMCA'") as well as other issues such as bandwidth usage. This document, if disclosed to Cox's competitors, subscribers, or the public, would cause Cox competitive injury and could circumvent Cox's processes for addressing complaints of copyright infringement for the reasons set forth above and in the Delgado Declaration. *See* BMG Litigation, ECF No. 403 (Exhibit 1 hereto).[1]

Notably, these exhibits contain information that is unrelated to Plaintiffs' Motion to Compel. Indeed, the only reason that Plaintiffs attached the exhibits was to make the point that CATS abuse tickets include certain information about notifications of copyright infringement and to note that the abuse type "Copy Other" "is an umbrella category for 'the steps in responding to Copyright Infringement Take-down Notices.'" ECF No. 105 at 13. As the Court found when Plaintiffs previously attached full exhibits to a prior Motion to Compel that contained information not used in the briefing, "the purpose of providing the public with full access to the material relevant to the court's determination is satisfied by having an unredacted version of the memorandum filed in the public record." *See* ECF No. 91. No useful purpose is served by having Cox's internal procedures

---

[1] Additionally, BMG filed this exhibit under seal in the BMG Litigation, acknowledging that it should be sealed because it referred to Cox's "internal business practices, abuse procedures, and high speed internet subscribers that Defendants have designated as confidential and/or highly confidential and subject to the protective order." BMG Litigation, ECF No. 307.

for addressing copyright infringement notifications and abuses such as hacking, spamming, and phishing, disclosed in the public record at this time—particularly because the majority of the exhibits are irrelevant to Plaintiffs' Motion to Compel. *See id.* (granting Plaintiffs' motion to seal because "no useful purpose is served by having the specific numbers contained in Exhibit C disclosed in a filing at this time"). Notably, the Court previously granted Plaintiffs' motion to seal Jason Zabek's testimony discussing many of the exhibits at issue here (and the emails at issue in Plaintiffs' last motion to seal) on the grounds that the testimony was not material to Plaintiffs' Motion to Compel, even though such testimony was played at trial. *Id.*

Plaintiffs state that they "do not believe the documents or information that are the subject of this motion should be subject to *any* confidentiality protection because they were used in open court and admitted into evidence during the public trial in *BMG Rights Management v. Cox Communications, Inc. et al.*, 1:14-cv-1611 (the 'BMG Litigation')." ECF No. 106 at 1. However, Plaintiffs do not quote or point to any portion of the trial transcript in the BMG Litigation supporting this statement. While the trial transcript indicates that these exhibits may have been shown on the gallery screens in the courtroom, there is no evidence that they were made available to spectators of the trial as opposed to only the judge, jury, and counsel. The same is equally true for the internal Cox emails that are the subject of Plaintiffs' previous sealing motion.

Plaintiffs have not shown, therefore, that any of these exhibits were "publicly disclosed" such that it could lose its confidentiality designation. And, while some of the exhibits are dated, their disclosure would still be harmful to Cox today. PX1330 and PX1456, Cox's "Residential Abuse Ticket Handling Procedures" and the CATS abuse ticket, reveal Cox's procedures for responding not only to notifications of alleged copyright infringement but also to other threats to Cox's network, such as spamming, hacking, and phishing. Even if Cox's procedures have evolved

over the years, even similar procedures would not be potentially helpful to a subscriber attempting to circumvent Cox's processes.

The same is true for the internal Cox emails that were the subject of Plaintiffs' previous sealing motion. Those emails reference, for example, talking points to cover with subscribers who are the subject of notifications of alleged copyright infringement (such as ensuring the subscriber does not have an open router) that could help subscribers today circumvent Cox's procedures. *See* PX1354 and PX1446.

Moreover, courts have held that the mere fact that an exhibit was admitted at a trial does not necessarily warrant the public's access to it at a later date. *See, e.g.*, *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 6001818, at *1 (M.D.N.C. Dec. 4, 2017) (granting in part motion to seal admitted trial exhibits following trial); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 683 (3d Cir. 1988) (holding that admitted trial exhibits were no longer part of the "public record" where, following a trial, the parties settled and the exhibits were returned to the producing party).

Finally, the Protective Order entered in the BMG Litigation—under which these exhibits were designated by Cox—specifically provides:

> Before disclosing Protected Information in an open courtroom at trial or other court hearings in this case, a Party must provide notice to the Producing Party so that the Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Protected Information in the open courtroom. The Producing Party bears the burden of showing that the Court should prevent or limit disclosure of the Protected Information in the open courtroom; otherwise, the Protected Information may be used in an open court-room at trial or other court hearings in this case without regard to the other provisions in this Order. **The Parties agree that the use of Protected Information at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Protected Information.**

BMG Litigation, ECF No. 58, § 8.9.

    b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."

Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  Each procedural requirement has been met here by Cox's memorandum in support of Plaintiffs' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*.  In accordance with Local Civil Rule 5 procedure, Plaintiffs' sealing motion was publicly docketed prior to the hearing on Plaintiffs' Motion to Compel, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. This requirement is met because Cox requests the sealing of the two exhibits only and the redaction of a small portion of Plaintiffs' reply brief.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard.  As set forth above, the documents at

issue were designated as Highly Confidential pursuant to the parties' protective order in the BMG Litigation and were designated Highly Confidential when Cox provided these trial exhibits to Plaintiffs pursuant to the parties' protective order in this case. Cox also meets the third requirement because the documents contain confidential proprietary and competitively sensitive information, as established above and in reference to the Delgado Declaration.

    c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."

Cox seeks permanent sealing of this document on the grounds that there is no date in the future in which the disclosure of this information would not be competitively harmful to Cox.

    d. A proposed order, which is attached hereto.

Dated: February 15, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan /*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## **CERTIFICATE OF SERVICE**

I certify that on February 15, 2019, a copy of the foregoing COX'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO FILE UNDER SEAL was filed electronically with the Clerk of Court using the ECF system which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
Winston & Strawn LLP
1700 K Street, N.W.
Washington, D.C. 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*