# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP,  ) ) )                          Plaintiff,  ) )          v.  ) ) COX ENTERPRISES, INC., COX ) COMMUNICATIONS, INC., and ) COXCOM, LLC,  ) ) )                          Defendants.  ) ) | Case No. 1:14-cv-1611 (LOG/JFA) |

## DECLARATION OF MARCUS DELGADO IN SUPPORT OF
## DEFENDANTS' MOTION TO FILE UNDER SEAL

I, Marcus Delgado, submit this declaration pursuant to 28 U.S.C. § 1746.

1.     I am Assistant General Counsel at Cox Communications.  I received my law degree from the University of California, Los Angeles and am an active member of the State Bar of California.  I have practiced law since 1993 and have worked in the Cox legal department since 2003.

2.     Exhibit 1 to Jason Zabek's Declaration is Cox's current Residential Abuse Ticket Handling Procedures.  Exhibit 3 to Jason Zabek's Declaration is an earlier version of Cox's Residential Abuse Ticket Handling Procedures.  Both of these documents contain confidential business information describing Cox's process for addressing complaints of copyright infringement with its account holders.  Cox does not disclose the documents or the detailed information in them to its competitors or its account holders.  If disclosed, an account holder could circumvent Cox's processes for addressing complaints of copyright infringement.

3.     Paragraphs 9-12, 19-21, 23, and footnote 2 of Jason Zabek's Declaration contain confidential business information concerning Cox's process for addressing complaints of copyright

infringement with its account holders, including detailed descriptions of Exhibit 1 and Exhibit 3.

4.      Exhibit 2 to Jason Zabek's Declaration is an email chain between Jason Zabek and Cox employee Jason Barnhardt.  Exhibit 5 to Jason Zabek's Declaration is an email chain between Jason Zabek, members of his team, and a Cox Technical Operation Center Analyst.  Both Exhibit 2 and Exhibit 5 to Jason Zabek's declaration contain screenshots or excerpts of information drawn from Cox's proprietary Cox Abuse Tracking System (CATS), a specialized system that Cox maintains in confidence.  This information is not shared with Cox's competitors, Cox's subscribers, or the public.  Only a limited number of Cox employees have access to CATS and the information it contains.  Disclosure of this material would cause Cox competitive injury because it reveals our competitive customer service protocols that would inform our competitors in shaping their competing service protocols.

5.      Exhibit 14 to Jason Zabek's Declaration is an email chain between Jason Zabek, members of his team and employees of a third-party Internet service provider.  Note that this document also contains material that does not put a Cox employee in good light, however, we discussed that portion of the email in our Motion for Summary Judgment and in our Opposition to Plaintiffs' Motion for Partial Summary Judgment and that is not the reason we seek to seal Exhibit 14 to Jason Zabek's Declaration.  The reason for sealing this document is that it contains a discussion of how Cox processes the volume of complaints of copyright infringement it receives from rights holders and their agents.  Cox does not disclose this kind of information to all of its competitors and does not disclose it publicly because to do so would enable someone to flood Cox's system with complaints and disrupt its system for processing complaints.

6.      Paragraphs 27, 28, 29, 30, and footnote 6 in Jason Zabek's declaration contain confidential business information describing in detail how Cox processes the volume of complaints of copyright infringement it receives from rights holders and their agents, as well as confidential business information regarding Cox's dealings and agreements with certain rights holders and agents.

7.      Exhibit 1 to Joseph Sikes' Declaration is Cox's current Residential Abuse Ticket

2

Handling Procedures. Exhibits 2-4, 6-8, 10 & 11 contain internal discussions of those procedures. All of these documents contain confidential business information describing Cox's process for addressing complaints of copyright infringement with its account holders. Cox does not disclose the documents or the detailed information in them to its competitors or its account holders. If disclosed, an account holder could circumvent Cox's processes for addressing complaints of copyright infringement.

8.       Paragraph 9 and footnote 2 to Joseph Sikes' Declaration contain confidential business information describing in detail how Cox processes the volume of complaints of copyright infringement it receives from rights holders and their agents. If disclosed, an account holder or complainant could circumvent Cox's processes for addressing complaints of copyright infringement.

9.       Portions of paragraph 11-14 describe Cox's process for addressing complaints of copyright infringement with its account holders. Cox does not disclose the documents or the detailed information in them to its competitors or its account holders. If disclosed, an account holder could circumvent Cox's processes for addressing complaints of copyright infringement.

10.      Exhibit 1 to Brent Beck's Declaration is the CATS Abuse Automation System Implementation Plan. It contains confidential business information describing in detail the operation and functionality of Cox's confidential and proprietary CATS system including how Cox uses it to processes and handle abuse communications and what actions it takes in response. Paragraphs 10, 16, 29 and portions of paragraphs 3, 5, 8, 9, 11-13 and 22 discuss CATS and how Cox uses CATS to process and handle communications pertaining to allegations of copyright infringement from copyright holders or their agents. Only a limited number of Cox employees have access to CATS and the information it contains. Cox does not disclose the documents or the detailed information in them to its competitors. Disclosure of this material would cause Cox competitive injury because it reveals our complaint processing and handling protocols that would inform our competitors in shaping their competing service protocols and would enable someone to flood Cox's system with complaints and disrupt its system for processing complaints.

11.     Exhibit 7 to Brent Beck's Declaration is an email chain between Brent Beck, members of his team and employees of a third-party Internet service provider.  This document contains a discussion of how Cox processes the volume of complaints of copyright infringement it receives from rights holders and their agents.  Cox does not disclose this kind of information to all of its competitors and does not disclose it publicly because to do so would enable someone to flood CATS with complaints and disrupt its system for processing complaints.

12.     Exhibit 8 to Brent Beck's Declaration shows terminations that Cox issued by month from January 2010 through February 2015.  This information is not shared with Cox's competitors, Cox's subscribers or the public.  It is drawn from the proprietary CATS system that Cox maintains in confidence.  Disclosure of this material would cause Cox competitive injury because it reveals our competitive customer service protocols that would inform our competitors in shaping their competing service protocols.

13.     Paragraphs 52-56, 60-66, 109-111 and portions of paragraphs 21, 25, 42, 50, 59, 75, 80-84, 86, 87, 92, 94, 105-108, 112, 113, 115, 118, 120 of William Rosenblatt's Declaration discuss confidential business information describing Cox's process for addressing complaints of copyright infringement with its account holders, and how Cox uses CATS to process and handle communications pertaining to allegations of copyright infringement from copyright holders or their agents.  Table 1 and Figure 1 contain analysis of these processes.  Cox does not disclose the documents or the detailed information in them to its competitors or its account holders.  If disclosed, an account holder could circumvent Cox's processes for addressing complaints of copyright infringement.  Disclosure of this material would cause Cox competitive injury because it reveals our competitive customer service protocols that would inform our competitors in shaping their competing service protocols.

14.     Paragraphs 5, 16, 17 of Randall Cadenhead's Declaration discuss confidential business information regarding how Cox processes and handles communications pertaining to allegations of copyright infringement from copyright holders or their agents.  Disclosure of this material would cause Cox competitive injury because it reveals our competitive customer service

protocols that would inform our competitors in shaping their competing protocols.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2015.

Marcus Delgado

## CERTIFICATE OF SERVICE

I hereby certify that on October 14 2015, the foregoing was filed and served electronically

by the Court's CM/ECF system upon all registered users.


                         */s/ Craig C. Reilly*
                         Craig C. Reilly (VSB No. 20942)
                         111 Oronoco Street
                         Alexandria, VA  22314
                         Tel:  (703) 549-5354
                         Fax:  (703) 549-5355
                         Email:  craig.reilly.@ccreillylaw.com

                         *Counsel for Defendants*