IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COX COMMUNICATIONS, INC., *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 1:18cv0950 (LO/JFA) |

## ORDER

This matter is before the court on two motions for temporary sealing filed by the plaintiffs. (Docket nos. 99, 106). Plaintiffs filed these motions pursuant to Local Civil Rule 5(C) indicating that the motions were being filed because the defendants had designated certain material as confidential. (*Id.*). As required by Local Civil Rule 5(C), defendants filed memoranda in support of the motions to file under seal. (Docket nos. 104, 111). The first motion to seal involves a portion of plaintiffs' memorandum in support of their motion to compel and exhibits G through O. (Docket no. 99). The second motion to seal involves a portion of plaintiffs' reply memorandum in support of their motion to compel and exhibits B and C to the declaration of Jeffrey M. Gould. (Docket no. 106). In response to the first motion to seal, the defendants do not oppose having an unredacted version of the memorandum filed in the public record, but they do oppose unsealing exhibits G through O. (Docket no. 104). In response to the second motion to seal, the defendants oppose unsealing the portion of the reply brief that was filed under seal and unsealing exhibits B and C to the Gould declaration. (Docket no. 111).

In these motions to seal the plaintiffs state that they do not believe that any of the material being filed under seal should remain under seal because the documents and information

were used in open court and admitted into evidence during the public trial in *BMG Rights Management v. Cox Communications, Inc.*, 1:14cv1611 ("the BMG litigation") without any steps taken to limit their public disclosure. The defendants argue that the various exhibits contain "highly confidential internal Cox" documents and communications, that portions of the information contained in those materials are unrelated to the plaintiffs' motion to compel, and that even though those documents were admitted into evidence in the BMG litigation without any restrictions, they do contain confidential and commercially sensitive information.

As an initial matter, it is important to recognize that the party designating material as confidential and seeking to have that material filed under seal bears the burden of proof. In addition, in contrast to the earlier motion to file documents under seal in which the court did not consider the materials being filed under seal (Docket no. 91), the materials that are the subject of these two motions were considered by the court in deciding the motion to compel.

There is no dispute the exhibits that are the subject of these motions to seal were admitted into evidence during the BMG litigation without any restriction to their disclosure or use. The defendants state that while the trial transcript indicates that at least some of these exhibits may have been shown on the gallery screens in the courtroom, there is no evidence that they were "made available to spectators of the trial as opposed to only the judge, jury, and counsel." (Docket no. 111 at 4). Defendants ignore the fact that these exhibits were not only admitted into evidence during the public trial in the BMG litigation without any restrictions, but significant portions of these exhibits were cited by the District Judge and the Court of the Appeals for the Fourth Circuit in their public opinions in this case. For example, in the memorandum opinion issued by the District Judge on December 1, 2015 (149 F.Supp. 3d 634) many of the emails being sought to be filed under seal were quoted in large part and the Cox Abuse Tracking System

...

...

("CATS") was discussed in detail. The memorandum opinion issued by the District Judge on August 8, 2016, also discusses in detail CATS and cites many of the exhibits defendants now wish to be filed under seal, including PX 1340 containing the "f the dmca!!!" reference. (199 F.Supp. 3d 958, 966-67). The published opinion from the Court of Appeals for the Fourth Circuit in BMG litigation (881 F.3d 293) also contains a description of CATS and defendants' thirteen-strike policy and discusses the Zabek emails which defendants now seek to file under seal.

Given that these documents were used in public proceedings both at the trial and appellate level without any restriction on their disclosure or use, that the District Judge and the Court of Appeals for the Fourth Circuit considered those documents in making dispositive rulings, and that significant portions of these materials are discussed in published opinions, it is clear that the defendants have failed to establish the existence of a "compelling governmental interest" for having these materials filed under seal in the case as required by *Virginia Department of State Police v. The Washington Post.*, 386 F.3d 567, 575 (4th Cir. 2004). Accordingly, it is hereby

ORDERED that the motions for temporary sealing are denied. Unless the defendants seek a reconsideration of this order within fourteen days, the plaintiffs shall file unredacted versions of the memorandum and reply along with the exhibits in the public record within 21 days.

Entered this 27th day of February, 2019.

/s/
John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia