UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**MEMORANDUM IN SUPPORT OF COX'S OBJECTIONS TO
MAGISTRATE JUDGE'S NON-DISPOSITIVE RULING**

Pursuant to Local Civil Rule 72, Federal Rule of Civil Procedure 72(a), and 28 U.S.C.A. § 636, Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") hereby object to portions of Magistrate John F. Anderson's February 27, 2019 Order ("Order") (ECF No. 113) denying two motions to seal certain exhibits to Plaintiffs' discovery motions that constituted Cox's confidential and commercially-sensitive information designated as Highly Confidential—Attorneys' Eyes Only.

**I.  INTRODUCTION**

In connection with discovery motions filed with Magistrate Judge Anderson, Plaintiffs submitted a number of trial exhibits from *BMG Rights Management v. Cox Communications, Inc.*, Case No. 1:14cv1611 ("the *BMG* litigation") that had been designated by Cox as "Highly Confidential—Attorneys' Eyes Only" under the Stipulated Protective Order when they were produced in the *BMG* litigation and when they were provided to Plaintiffs in this case. Because these exhibits contained Cox's highly confidential and commercially-sensitive information, Cox filed memoranda supporting Plaintiffs' Motion for Temporary Sealing in accordance with Federal Rule 26 and Local Civil Rule 5(C). *See* ECF Nos. 76, 99 and 106 (Plaintiffs' Motions for

Temporary Sealing); ECF Nos. 90, 104 and 111 (Cox's memoranda in support). In all three instances, Plaintiffs argued that the documents were not confidential because they had been used as exhibits in the public *BMG* trial but did not otherwise dispute that the exhibits contained Cox's confidential information. *See* ECF Nos. 76, 99, and 106.

In an order dated January 31, 2019, Judge Anderson granted the first motion to seal two exhibits at issue, a discovery response showing the number of subscribers that Cox warned, suspended, and terminated for copyright infringement over a six-year period and a written transcript of a portion of the videotaped deposition testimony of one of Cox's witnesses, notwithstanding the fact that both exhibits were admitted into evidence in the *BMG* trial. *See* ECF No. 91. Because Plaintiffs had submitted these exhibits in connection with a non-dispositive discovery motion, Judge Anderson properly applied the standard relating to "the less stringent common law access set forth in *Virginia Department of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004)" in sealing the exhibits, crediting Cox's submission that the exhibits "contain confidential and commercially sensitive information" and noting that the exhibits "contain extraneous information that was not used in the briefing on motion to compel or in argument." *Id.*[1]

On February 8 and 15, 2019, Cox filed memoranda in support of Plaintiffs' Motions for Temporary Sealing of a number of other *BMG* trial exhibits that contained Cox's confidential and proprietary information regarding its CATS system, internal Cox communications relating to its procedures for responding to notices of alleged copyright infringement, and internal Cox

---

[1] As set forth in more detail below, *Virginia Dep't of State Police* distinguished between a "common law" right of access, in which the public's right to inspect judicial records is weighed against the party's interest in confidentiality, and the First Amendment right of access, in which "a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" 386 F.3d at 575.

documents and manuals discussing how Cox addresses copyright notices in addition to other serious Internet threats, such as spamming and hacking. *See* ECF Nos. 104 and 111. On February 27, 2019, Judge Anderson denied Plaintiffs' Motions with respect to these exhibits on the grounds that they were admitted into evidence in the *BMG* trial, cited by district court and appellate orders in the *BMG* litigation, and that the exhibits "were considered by the court in deciding [Plaintiffs'] motion to compel." *See* ECF No. 113 (herein after, "Order") (citations omitted).

Cox is not objecting to Judge Anderson's Order in its entirety, but rather specifically seeks to keep two internal Cox procedures documents and a portion of one internal Cox email under seal on the grounds that the documents (or the portions thereof specifically referenced in these objections) were not quoted in any *BMG* orders, contain Cox's commercially-sensitive information that could assist users in circumventing Cox's procedures in responding to notices of copyright infringement and Internet security threats, and therefore satisfy the relevant standard for sealing documents in connection with a non-dispositive motion. For the reasons set forth below, Cox respectfully objects to Judge Anderson's Order and requests that the Court seal certain of the documents at issue in the manner outlined below.

## II. LEGAL STANDARD

Pursuant to Local Rule 72, Federal Rule 72(a), and 28 U.S.C. § 636(b)(1)(A), a district court can modify or set aside any portion of a magistrate judge's final orders on non-dispositive pretrial matters that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) (same); *see also Bruce v. Hartford,* 21 F. Supp. 3d 590, 594 (E.D. Va. 2014) (factual portions of a Magistrate Judge's order should be reviewed under the clearly erroneous standard and legal conclusions should be reviewed to determine if they are contrary to law). This district has found that sealing orders are non-dispositive within the meaning of Federal Rule 72(a).

*See White v. Chapman*, No. 1:14CV848 JCC/IDD, 2015 WL 4360329, at *2 (E.D. Va. July 14, 2015).

In applying the "clearly erroneous" standard, "a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985) (citations omitted). A mistake is present if upon review the Court finds the factual finding "so improbable as to belie belief, or is incredible on the admitted facts, or is inconceivable, or is internally inconsistent." *Fed. Election Comm'n v. Christian Coal.*, 178 F.R.D. 456, 460 (E.D. Va. 1998) (citing Moore's Federal Practice 3d at § 206.03[2]). Furthermore, an order is "contrary to law" if it misapplies the "relevant statutes, case law, or rules of procedure." *Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10CV121 AJT/TRJ, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010). Legal conclusions are reviewed by the district judge *de novo* under Rule 72(a). *Stradtman v. Republic Servs., Inc.*, No. 1:14CV1289 JCC/JFA, 2015 WL 2451850, at *2 (E.D. Va. May 21, 2015) (citing *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010)) (clarifying that for questions of law "there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and [a] de novo standard"); *see also Attard*, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010).

### III. COX'S OBJECTIONS

#### A. Judge Anderson Erred in Denying the Motion to Seal on the Grounds that All of the Exhibits Had Been Publicly Disclosed in the *BMG* Litigation

Judge Anderson denied Plaintiffs' Motions for Temporary Sealing in part on the grounds that "significant portions of these exhibits were cited by the District Judge and the Court of the [sic] Appeals for the Fourth Circuit in their public opinions in this case." Order at 2.[2] Judge

---

[2] Based on the sentences immediately following this holding, it is clear that the "public opinions" referenced are opinions from the *BMG* litigation, not opinions "in this case."

Anderson went on to conclude that "many" of the emails and exhibits at issue were either quoted or discussed by the Court in three opinions from the *BMG* litigation. *Id*. at 3.

However, two of the exhibits Cox seeks to seal, PX 1330 (Cox's Residential Abuse Ticket Handling Procedures) and PX 1456 (a CATS abuse ticket), were not quoted at all in any public opinion in the *BMG* litigation. While Cox's procedures for responding to notices of alleged copyright infringement are generally described in certain of these orders,[3] the Court did not quote from them or describe any portion of them. Cox established in its memoranda supporting sealing that these exhibits are confidential because PX 1330 contains proprietary business information, undisclosed to its subscribers, describing how Cox responds to copyright infringement complaints and security threats such as hacking; and PX 1456 discloses proprietary CATS information. *See* ECF No. 111; *id*. at Ex. 1. Both of these exhibits contain information concerning Cox's internal processes which could be circumvented by Cox's account-holders if released.

PX 1330 is a 73-page internal Cox manual that lays out in detail Cox's procedures for responding to notices of alleged copyright infringement, serious security threats including fraud, hacking, malware, phishing, and "denial of service" attacks. Only a few pages of this manual relate to copyright infringement[4], and the portions relating to these security threats are not relevant at all to the issues in Plaintiffs' discovery motions. ECF No. 111 at 2. And PX 1456 is a CATS

---

[3] One page of Exhibit PX 1330, laying out Cox's graduated response procedures, was summarized in the BMG orders. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 640 (E.D. Va. 2015), aff'd in part, rev'd in part, 881 F.3d 293 (4th Cir. 2018) (generally describing Cox's CATS system and the steps of the graduated response); *see also BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 965 (E.D. Va. 2016), aff'd in part, rev'd in part, 881 F.3d 293 (4th Cir. 2018) (briefly describing Cox's Abuse Group, the graduated response, and the requisites for accepting a notification). Exhibit PX 1456 was neither quoted nor referenced in any of the public *BMG* opinions.

[4] Specifically, all or part of Pages 9-13 in the "COPYOTHER" section relate to "Copyright Infringement Take-down Notices."

abuse ticket that shows a detailed history of Cox's responses to various types of issues arising from a particular IP address, including specific action on specific dates that Cox took in response to notifications of alleged copyright infringement (as well as relating to bandwidth usage notifications). The portions unrelated to copyright infringement are irrelevant to the issues that were raised in Plaintiffs' discovery motions. And, as Cox explained, even though its procedures relating to copyright and other security threats have evolved with time, the present procedures still incorporate those described in PX 1330 and thus revealing the exhibit could help a subscriber circumvent Cox's current processes. ECF No. 111 at 4-5; ECF No. 111-1 (Declaration of Cox's Assistant General Counsel Marcus Delgado, hereinafter "Delgado Decl."). While Plaintiffs referenced only small portions of these exhibits in their discovery motions, they filed each exhibit in its entirety. *See* ECF No. 111 at 1.

Furthermore, one of the internal Cox emails at issue contains confidential information that (1) was not quoted or referenced in any *BMG* order, and (2) was not relied on by Plaintiffs or Judge Anderson in connection with Plaintiffs' discovery motions:

Specifically, PX 1340 contains screenshots and excerpts of information drawn from Cox's proprietary CATS system, maintained in confidence and undisclosed to its competitors, subscribers, and the public. While the *BMG* order quotes a single phrase written by a Cox customer safety manager,[5] other portions of the exhibit[6] discuss Cox's procedures regarding the number of copyright notices accepted from certain complainants, reflect Cox's communications with a third party about such limitations, and show a screenshot from CATS. These portions were not quoted or referenced in any *BMG* order and are not relevant to the issues raised in Plaintiffs' discovery

---

[5] *See BMG Rights Mgmt.,* 199 F. Supp. 3d 958, 967 (E.D. Va. 2016).
[6] Specifically, the bottom of Page 2 and Page 3 of the exhibit, Bates COX_BMG00207510-11.

motions. The referenced portion of this email reveals Cox's methods and procedures for responding to notifications of alleged copyright infringement. If disclosed, account holders could use the information to circumvent Cox's processes for addressing complaints of copyright infringement. *See* ECF No. 104 at 2; Delgado Decl. at 2.

Finally, Judge Anderson erred by finding that Cox "ignore[d] the fact that these exhibits were …admitted into evidence during the public trial in the BMG litigation." Order at 2. As set forth in Cox's sealing memoranda, there is no evidence that anyone other than the judge, jury, and counsel saw these exhibits during the *BMG* trial. *See* ECF No. 104 and 111. Moreover, an exhibit does not lose confidentiality just because it was used at trial—a point explicitly referenced in the parties' Stipulated Protective Order in the *BMG* litigation.[7] *See, e.g.*, *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 6001818, at *1 (M.D.N.C. Dec. 4, 2017) (granting in part motion to seal admitted trial exhibits following trial); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 683 (3d Cir. 1988) (holding that admitted trial exhibits were no longer part of the "public record" where, following a trial, the parties settled and the exhibits were returned to the producing party). In any event, Judge Anderson did not find this fact dispositive in denying Cox's requests to seal the *BMG* trial exhibits at issue in this motion. *See* Order at 2-3. Indeed, Judge Anderson granted Plaintiffs' motion to seal two *other* documents despite the fact that they both were utilized as exhibits in the *BMG* trial. *See* ECF No. 91 at 2. Therefore, the fact that these documents were used at trial in the *BMG* litigation does not provide an independent basis to deny Plaintiffs' Motions

---

[7] The Protective Order entered in the *BMG* litigation, under which these exhibits were designated by Cox, provides:
> The Parties agree that the use of Protected Information at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Protected Information.

*See BMG* litigation, ECF No. 46, § 8.9.

for Temporary Sealing.

For these reasons, Cox respectfully submits that Judge Anderson erred in denying Cox's requests to seal all of the documents at issue with a blanket ruling that all of the documents were revealed in public opinions in the *BMG* litigation. The exhibits, or portions thereof, discussed above that contain confidential proprietary Cox information that were not quoted in public *BMG* opinions should remain under seal.

### B. Judge Anderson's Order Was Contrary to Law

Cox further objects to the Order on the grounds that it misapplied Fourth Circuit law. As Judge Anderson recognized in ruling on Plaintiffs' first Motion for Temporary Sealing, where a motion "involves a non-dispositive issue," the right of the public to inspect judicial records and documents can be "rebutted if countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988)). *See* ECF No. 91 at 1-2. On the other hand, a moving party must establish the existence of a "compelling governmental interest" in having materials filed under seal in the context of a dispositive motion, such as a motion for summary judgment, which implicates the public's First Amendment rights to inspect judicial records. *Virginia Dep't of State Police*, 386 F.3d at 575.

Judge Anderson's January 31, 2019 Order correctly recognizes this distinction and the fact that Plaintiffs' discovery motions are non-dispositive. ECF No. 91. However, the February 27 Order erroneously held Cox to the higher "compelling governmental interest" standard. Order at 3 ("it is clear that the defendants have failed to establish the existence of a 'compelling governmental interest' for having these materials filed under seal … ."). Judge Anderson's apparent reasoning for applying this standard was that the district court and the Fourth Circuit in

the *BMG* litigation "considered those documents in making dispositive rulings." *Id*.

The application of the more stringent standard was contrary to law. Plaintiffs sought to file the exhibits in connection with discovery motions, which are non-dispositive. *See* ECF No. 91 at 1; *Wash. Post*, 386 F.3d at 580 ("we have never held that the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion or to the transcript of such a hearing"). Therefore, with respect to the portions of those documents that were not quoted in prior *BMG* rulings, Cox should only have had to articulate particular reasons why its countervailing interests outweigh the less stringent presumption of public access. *Id.* at 575. Cox did so by submitting detailed memoranda, supported by evidence, that the exhibits at issue contained Cox's confidential and commercially-sensitive competitive information.

## CONCLUSION

For all of the reasons set forth herein, Cox respectfully objects to Judge Anderson's Order and requests that the Court seal exhibits and portions of exhibits as set forth below and in the concurrently-filed Proposed Order:

- PX 1330 in its entirety;
- PX 1456 in its entirety; and
- The bottom of Page 2 and Page 3 of PX 1340 (highlighted version with proposed redactions will be separately submitted to the Court for review).

Dated: March 13, 2019

                                      Respectfully submitted,

                                      /s/ Thomas M. Buchanan
                                      Thomas M. Buchanan (VSB No. 21530)
                                      WINSTON & STRAWN LLP
                                      1700 K Street, NW

        Washington, DC 20006-3817
        Tel: (202) 282-5787
        Fax: (202) 282-5100
        Email: tbuchana@winston.com

        *Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*