**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

SONY MUSIC ENTERTAINMENT, *et al.*,

Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COX'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTIONS TO SEAL**

Plaintiffs submit this memorandum of law in opposition to Defendants Cox Communications, Inc. and CoxCom, LLC's (collectively, "Cox") Objections to Magistrate Judge John F. Anderson's February 27, 2019 Order (ECF No. 113) denying two motions for temporary sealing (ECF Nos. 99, 106).

## I. INTRODUCTION

Prior to the December 2015 *BMG v. Cox* trial, this Court warned Cox to "count on virtually nothing being kept confidential. If you use a document and then want to seal it for a period of time, or have it redacted before it's put in the public domain, then we can talk about that." *BMG Rights Management v. Cox Communications, Inc.,* 1:14-cv-1611 ("*BMG*"), Dec. 1, 2015 Motions Hearing Tr. at 41:5-11 (relevant pages attached as Exhibit A). More than three years have passed since that trial and, until now, Cox has done nothing to seal trial exhibits admitted in that public judicial record.

Cox now seeks to unwind history and seal three of those exhibits. But Cox waived any confidentiality over the trial exhibits publicly admitted in *BMG*—including those at issue here—by failing to follow basic procedural requirements to restrict their admission or use. Despite the

Court's warning that "virtually nothing" would be kept confidential once admitted (including "confidential business information") and governing legal standards, Cox stood by silently as dozens of its documents were admitted as exhibits. Cox cannot now retroactively seal documents already in the public domain, as Judge Anderson correctly determined.

Cox nevertheless urges the Court to reverse the public right of access to public judicial records based on its alleged "countervailing interests" in protecting proprietary business information. Contrary to Cox's assertion, however, the motions to seal are subject to the higher First Amendment standard requiring a "compelling governmental interest" in sealing trial exhibits that are in the public record—not the lower common law standard governing sealing on non-dispositive civil issues. Cox does not and cannot claim that there are any compelling governmental interests involved here. But even if the lower "countervailing interest" standard applies (which it does not), Cox doomed its alleged interest in sealing these records by failing to object to their admission in a public trial or taking steps to protect that information for years thereafter. For these reasons, Judge Anderson's Order should be affirmed.

## II. LEGAL STANDARD

The alteration of a magistrate judge's order is "extremely difficult to justify." *White v. Chapman*, No. 1:14-cv-CV-848 (JCC/IDD), 2015 WL 4360329, at *2 (E.D. Va. July 14, 2015), quoting *Bruce v. Hartford*, 21 F. Supp. 3d 590, 593 (E.D. Va. 2014); 12 Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 3069 (2d ed. 1997). Accordingly, a district court may modify a magistrate judge's order only upon a finding that it is "clearly erroneous or contrary to law." *Id.*, quoting Fed. R. Civ. P. 72(a).

In reviewing a magistrate judge's order, questions of fact are reviewed under the "clearly erroneous" standard. The Supreme Court and the Fourth Circuit have held that this standard is deferential, and that findings of fact should be affirmed unless the district court is left with the

"definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001); *Harman v. Levin*, 772 F.2d 1150, 1153 (4th Cir. 1985); *see also White v. Chapman*, 2015 WL 436039, at *2; *Fed. Elec. Comm'n v. The Christian Coal.,* 178 F.R.D. 456, 459–60 (E.D. Va. 1998). A district court may not reverse the magistrate judge's findings "simply because [the district court] would have decided the case differently." *White v. Chapman*, 2015 WL 436039, at *2, quoting *Easley*, 532 U.S. at 242.

Questions of law are reviewed according to the "contrary to law" standard, under which the court must find that the magistrate judge's order "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10-cv-121 (AJT/TRJ), 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010). Questions of law are reviewed *de novo* under this standard, but "the decisions of a magistrate judge concerning discovery disputes and scheduling should be afforded 'great deference.'" *Malibu Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 629 (E.D. Va. 2012), quoting *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

## III. ARGUMENT

### a. Cox Waived its Right to Seal Trial Exhibits Entered Into the Public Record Without Restriction.

Cox waived its right to claim that the exhibits in question should be sealed for confidentiality by making "no effort … to prevent dissemination of confidential information at trial." *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 760–61 (E.D. Va. 2018). Cox acknowledges that the exhibits were admitted into evidence during the public trial in the *BMG* case, and does not claim to have moved to seal any exhibits. *See* ECF No. 117 at 4–6. Cox also does not deny that all three exhibits in question (PX 1330, PX 1340, and PX 1456) were presented and discussed at trial, as reflected in the publicly available trial transcript. *See BMG* Trial Tr. (relevant pages attached as Exhibit B), at 836:10–855:5, 855:6–861:12, and 1536:25–1538:4.

Regardless, Cox contends that Judge Anderson should have granted the motions to seal because the exhibits were not "shown on the gallery screens in the courtroom or otherwise made available to spectators of the trial," or cited in dispositive rulings. ECF No. 104 at 3; ECF No. 111 at 4; ECF No. 117 at 7. That is not the standard.

When trial exhibits are entered into the record, they become, "simply by virtue of that event, subject to the public right of access guaranteed by the First Amendment." *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 589 (E.D. Va. 2009) (denying motion to seal trial exhibits); *Benedict*, 323 F. Supp. 3d at 760 (same, noting that "it is clear that trial transcripts and trial exhibits admitted into evidence constitute judicial records"). There is no additional requirement that the exhibits must have been seen by "spectators" or cited in a dispositive judicial ruling; the public right of access "sprang into existence upon their being offered into evidence for the jury's consideration at trial[.]" *Level 3 Commc'ns*, 611 F. Supp. 2d at 588. Cox cannot reasonably claim that the admitted trial exhibits were not subject to the public right of access, particularly where they were individually discussed at trial. *See Benedict*, 323 F. Supp. 3d at 760 & n.14 (noting that principles of waiver counsel against sealing even *unused* exhibits); *In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2019 WL 186644, at *3 (D. Ariz. Jan. 14, 2019) (holding that all admitted trial exhibits, whether or not displayed or discussed in court, are subject to the public right of access), citing *Level 3 Commc'ns*, 611 F. Supp. 2d at 589.

The issue of waiver is then determined by whether Cox made a sufficient effort to restrict the use of trial exhibits, in accordance with the basic procedural process to seal the documents. Cox made no such effort, and does not claim otherwise. Local Rule 5(H) states that "[t]rial exhibits, including documents previously filed under seal … will not be filed under seal except upon a showing of necessity demonstrated to the trial judge." This Rule "clearly anticipate[s] that

a separate motion to seal will be filed for trial materials, *even if they were previously protected*" by a protective order or previous motion to seal. *Benedict*, 323 F. Supp. 3d at 766 (emphasis added). Cox's sealing request, made more than three years later in response to a discovery motion in a separate case, cannot reasonably satisfy Rule 5(H)'s requirement on these exhibits.

Cox's reliance on the *BMG* Protective Order to deny waiver is also misplaced. The Local Rules require that a party must make a *separate* showing as to whether trial exhibits, as opposed to ordinary discovery materials, should be sealed. It is not sufficient that Cox unilaterally designated the documents as Highly Confidential under the Protective Order, without any showing of confidentiality to the Court. *See Level 3 Commc'ns,* 611 F. Supp. 2d at 589 (holding that trial exhibits' "previous public use effectively stripped the documents of any protection under the protective order"); *Littlejohn v. Bic Corp*., 851 F.2d 673, 680 (3d Cir. 1988) (failure to object to admission of documents into evidence constitutes "a waiver of whatever confidentiality interests might have been preserved under the PO"). Nor does it matter that BMG and Cox may have agreed that no waiver of confidentiality would apply to public judicial materials. Local Rule 5(C) states that an "[a]greement of the parties that a document or other material should be filed under seal or the designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal."

This Court addressed this precise scenario in advance of the *BMG* trial, and Cox was well-aware it would need to take prompt steps to seal any documents used at trial. The Court specifically directed the parties that they must make a separate showing to seal any trial exhibit containing confidential business information:

> But, you know, what you do in getting ready for trial and identifying confidential information is one thing. What happens once we get into the courtroom is entirely different.

> So count on virtually nothing being kept confidential. If you use a document and then want to seal it for a period of time, or have it redacted before it's put in the public domain, then we can talk about that.

Ex. A at 41:5-11. Cox did nothing to protect the confidentiality of these trial exhibits, and made no effort to limit their admission into the public trial record or their use at trial. More than three years have passed since that trial and the exhibits at issue have been part of the public judicial record since. Cox identifies no facts confirming its speculation that the materials may not have been viewed by anyone outside of the judge, the jury and counsel. ECF No. 117 at 7. The Court made clear that it was "not closing the courtroom in a case like this," Ex. A at 40:24-25, and Cox has failed to demonstrate that courtroom was cleared at any point at all, let alone during discussion or admission of the three exhibits at issue. Without any proof that Cox took steps to limit disclosure of the exhibits before they were admitted at trial, or any steps thereafter to seal them, Cox has no basis to argue that the exhibits should now be sealed.

Alternatively, Cox argues that the Court should seal specific portions of the exhibits that were not "quoted in any *BMG* orders." ECF No. 117 at 3. As explained above, however, the extent to which an admitted exhibit was used has no bearing on whether an exhibit is entered into the public judicial record. The exhibits in question were publicly admitted in their entirety at trial with no claimed objection from Cox, and therefore are subject to the public right of access with no limitation. Cox has no basis to request removal of specific portions from the public record, based on Cox's own view of what is or is not relevant to Plaintiffs' claims. Further, even if certain portions of the exhibits have "minimal relevance" to the case (which Plaintiffs do not concede), they are still part of the public record, since the entire exhibits were presented to the jury to review and to consider "all information contained in the exhibits including information not displayed or discussed in the courtroom."[1] *In re Bard*, 2019 WL 186644, at *3, citing *Baugh v. Cuprum S.A.*

[1] Cox mistakenly claims that Plaintiffs attached lengthy trial exhibits to their motions "in their entirety" despite lack of relevance, including PX 1330, a 73-page policy document describing Cox's abuse handling procedures. ECF No.

*de C.V.*, 730 F.3d 701, 708 (7th Cir. 2013). *See* Ex. B at 2136:4-8 (instructing the jury that evidence in this case includes "all exhibits received in evidence"). Judge Anderson's findings based on these facts are far from "clearly erroneous," and therefore should be affirmed.

**b. The Challenged Exhibits Are Public Judicial Records That Trigger A First Amendment Right of Access, and Cox Failed to Show a "Compelling Governmental Interest" To Seal Them**

Judge Anderson correctly required Cox to show a "compelling government interest" to seal public judicial records that were admitted at trial, despite having waived its right to seal them in the first place. That is because trial exhibits admitted into evidence constitute public judicial records, and "the proper way to analyze these materials is under the First Amendment test" requiring a compelling governmental interest in sealing them. *Benedict*, 323 F. Supp. 3d at 760; *Level 3 Commc'ns*, 611 F. Supp. 2d at 590. This standard of analysis does not change because the exhibits were later attached to a non-dispositive motion. Cox is therefore wrong that the exhibits should be analyzed under a lower level of review, i.e. the common-law "significant countervailing interests" standard that applies to exhibits to non-dispositive motions. ECF No. 117 at 8.

Cox does not and cannot argue that there is any governmental interest—let alone a compelling one—in sealing the exhibits, which were already made available to the public. *Benedict*, 323 F. Supp. 3d at 766 (holding that protecting proprietary business information is "not compelling where the information has already been released publicly by the party that wishes to restrict access"). Cox implicitly concedes that the motions to seal should be decided based on their use (or alleged non-use) in trial and dispositive motions in the *BMG* litigation, by basing its own substantive argument on that issue. ECF No. 117 at 4–8. Cox cannot suddenly change course to

117 at 5-6; ECF No. 104 at 2-3. Cox is wrong. Plaintiffs submitted only a 13-page excerpt of PX 1330, showing the document title, table of contents, and through page 13, which details Cox's graduated responses to copyright infringement notices. Plaintiffs submitted under seal to the Court, and emailed to Cox on the day of the filing, the 13-page excerpt that was directly relevant to Plaintiffs' motion. A few intervening pages between the table of contents and copyright section discuss auto-closure of abuse tickets and excessive bandwidth and blacklist issues, all of which were part of the admitted trial exhibits.

argue that, solely for purposes of setting a lower standard of review, the analysis should instead focus on the exhibits' being attached to Plaintiffs' discovery motions. ECF No. 117 at 9.

Even assuming that the common-law "significant countervailing interests" analysis does apply (which it does not), Cox fails to overcome the public right of access under this standard. "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual circumstances.'" *Benedict*, 323 F. Supp. 3d at 754, quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Under the common law standard, the Court must determine whether the countervailing interests "outweigh the public interest in openness" regarding information that is already publicly accessible. *Id.* at 765. Cox's alleged interests do not meet this standard.

"As the Fourth Circuit has explained, in performing the common law balancing analysis: [A] court may consider the following factors: [1] whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; [2] whether release would enhance the public's understanding of an important historical event; and [3] whether the public has already had access to the information contained in the records." *Id.* at 754, quoting *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 293 (4th Cir. 2013) (citations omitted). There is no suggestion that the records are sought for any improper purpose. The second factor, if at all relevant, favors disclosure as it would enhance the public's understanding of the *BMG* jury's determination that Cox improperly handled copyright infringement notices.

The third factor is critical, as the documents were "revealed publicly at a trial without restriction or objection[.]" *Id.* at 754. Given this, the presumption in favor of open access cannot be outweighed by Cox's belated claim of speculative competitive harm. *Id.* Cox's declaration alleging competitive risk is entirely conclusory and fails to establish credibly the risk it identifies.

Furthermore, Cox doomed its alleged interest by failing to object to admission of allegedly confidential documents as public exhibits in a public trial, or taking steps to protect that information for years thereafter. *Level 3 Commc'ns*, 611 F. Supp. 2d at 587 (noting that public release of allegedly confidential documents "effectively moot[ed] any argument that the documents retained any protected status"), quoting *Rambus, Inc. v. Infineon Techs. AG*, No. Civ. A. 3:00-cv-524, 2005 WL 1081337, at *2 (E.D. Va. May 6, 2005). As Cox does not present any other countervailing interests, it fails to overcome the right of access to public judicial records under any standard.[2]

## IV. CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request the Court affirm Judge Anderson's Order denying the motions for temporary sealing filed under ECF Nos. 99 and 106.

Dated: March 27, 2019

Respectfully submitted,

*/s/ Scott A. Zebrak*

Matthew J. Oppenheim (*pro hac vice*)
Scott A. Zebrak (38729)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW
Washington, DC 20016
Tel: 202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

[2] Cox's reliance on Judge Anderson's prior orders granting requests to seal other BMG trial exhibits is misplaced. As an initial matter, those Orders are not before the Court for review at this time. More importantly, and for the reasons explained herein, Plaintiffs respectfully submit that because the higher First Amendment right of access applies and Cox failed to show a compelling government interest in sealing trial exhibits that are part of the public judicial record, the result in those earlier orders should not apply here.