# EXHIBIT A

40

1    go into an elongated discussion of how plaintiff is going to be

2    to prove its case or how defendant intends to defend itself.

3    That is your duty on opening statements.

4            If people want to use demonstratives in opening

5    statements, like the statute or things that are

6    noncontroversial, that's fine, however you want to do that.

7            The old adage in this court is that there is a reason

8    why TV shows only last a half an hour, and that's because

9    that's as long as people can pay attention anymore, they have

10   been trained.  If you look at my children, that's reduced down

11   to about two-and-a-half minutes I think because of their cell

12   phones and iPads.

13           But how long do you want in opening statements?

14           MR. PECAU:  Your Honor, we would like an hour.

15           THE COURT:  All right.  I figured an hour was going

16   to be it.

17           Mr. Bridges.

18           MR. BRIDGES:  Your Honor, we will try to come in at

19   just under an hour.

20           THE COURT:  All right.  In a case like this, I think

21   it's important to give the jury more information than less.

22           So you will each have an hour for opening statements.

23           And confidential business information, you know, if

24   you want to use something in the public -- I'm not closing the

25   courtroom in a case like this.  If you use an exhibit that you

41

1   think contains confidential information, to the extent you use

2   pages 2, 3, and 4, those are going into evidence.  If you want

3   to redact certain information after it has been disclosed to

4   the jury, then I will consider that.

5             But, you know, what you do in getting ready for trial

6   and identifying confidential information is one thing.  What

7   happens once we get into the courtroom is entirely different.

8             So count on virtually nothing being kept

9   confidential.  If you use a document and then want to seal it

10  for a period of time, or have it redacted before it's put in

11  the public domain, then we can talk about that.

12            Mr. Buckley.

13            MR. BUCKLEY:  Your Honor, just one specific issue on

14  that.  I believe the plaintiffs intend to use some of Cox's

15  confidential financial information in their opening statement,

16  and we're not sure exactly what they intend to use.  It is

17  probably not necessary to get that granular in an opening.

18            But we may, we may have an issue to deal with that

19  tomorrow.

20            THE COURT:  Okay.  Is that correct?  And if so, let's

21  get this out on the --

22            MR. ALLAN:  Your Honor, Michael Allan of Steptoe.

23            I believe the opening just mentions their annual

24  profit numbers.  I think it is one line on a slide.

25            THE COURT:  And that's all subject to an SEC filing