# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS

Cox has not complied with this Court's February 15, 2019 order to produce financial information. This information is necessary for Plaintiffs' financial expert to conduct his analysis. Plaintiffs' financial expert report is due on April 10 and a Rule 30(b)(6) deposition on Cox's finances and revenues is scheduled for April 5 in Atlanta. Without the financial information Plaintiffs have long sought and this Court long ago compelled, neither the deposition nor expert report can be completed. Despite countless efforts to address this issue cooperatively with Cox, including several proposals to mitigate the prejudice caused by Cox's production delay, Cox has refused any accommodation or scheduling adjustment. Absent immediate redress from the Court, Cox will be rewarded for flouting the Court's order and Plaintiffs will be prejudiced.

Plaintiffs have been pressing Cox since November 2018 for revenue information associated with the Cox subscribers identified in Plaintiffs' infringement notices. In December 2018, Cox agreed to produce it, then months later claimed the information did not exist, forcing Plaintiffs to seek relief from the Court on February 1, 2019. The Court granted that motion, in part, on February 15, and ordered Cox to produce certain billing information for subscribers identified in Plaintiffs' infringement notices. It was understood at the hearing that this information is needed for Plaintiffs' experts.

Though the local rules require compliance with discovery orders within 11 days, *42 days* have now passed, and Cox has neither produced the ordered information nor committed to a date certain for producing it. Plaintiffs have been pressing Cox for the compelled discovery since March 4 to no avail. They have asked repeatedly for Cox's consent to extend their financial expert deadline to remedy the prejudice caused by Cox's delay. Cox has rejected those overtures with little discourse. Plaintiffs are now scheduled to depose Cox's Rule 30(b)(6) witness on revenue and financial information Friday, April 5. The billing information is a critical component of that deposition, and Plaintiffs' financial expert needs both the documents and deposition information

for his analysis and report. Even if Cox produced the compelled information today, Plaintiffs would, at best, be left scrambling to prepare for the deposition and expert report. Since the delay is entirely of Cox's doing, Plaintiffs should not be prejudiced by it.

Absent immediate relief on the April 10 expert report deadline, and the associated relief requested herein, Plaintiffs will be unduly prejudiced in their ability to incorporate critical information and analysis into their financial expert report. Plaintiffs therefore request that the Court grant the motion and issue an order: (1) finding that Cox has failed to comply with this Court's February 15, 2019 order to produce billing information attributable to each Cox subscriber who was the subject of a copyright infringement notice sent on Plaintiffs' behalf; (2) ordering Cox to produce the compelled billing information within three days of an Order, or show cause why it cannot do so, (3) extending Plaintiffs deadline to serve a financial expert report to April 24, 2019; (4) requiring Cox to provide a Rule 30(b)(6) deposition testimony on financial issues no earlier than four business days after it produces the discovery at issue here; (5) paying Plaintiffs' reasonable costs and expenses caused by Cox's failure to comply with the Court's order; and (6) such other relief as the Court deems appropriate.

## BACKGROUND

On November 19, 2018, Plaintiffs requested revenue information associated with the Cox subscribers identified in Plaintiffs' infringement notices. ECF No. 96. On December 4, 2018, Cox agreed to produce it, then months later claimed the information did not exist, forcing Plaintiffs to seek relief from the Court on February 1, 2019. *Id.* On February 1, 2019, Plaintiffs moved to compel documents sufficient to identify, on a subscriber-by-subscriber basis, revenue attributable to the specific Cox subscribers who were the subject of Plaintiffs' copyright infringement notices. *Id.*

The Court granted Plaintiffs' motion on February 15, ordering Cox to produce certain billing information and specifically recognized that Plaintiffs' financial expert needed the information for his analysis and report:

> So I am going to require that revenue information attributable -- well, that billing information, yes, attributable to each subscriber for the time period from 2012 through 2016. That gives you one year early during the period, a five-year period. I think that gives you at least a point for your experts to look at to see, to generate, you know – I assume your experts are going to also then, you know, not only try to do what they have gotten to date, but what will be going in the future. And this is -- that's enough information for them to deal with.

(Ex. A, February 15, 2019 Hr'g. Tr. at 26.)[1]  Plaintiffs' opening expert reports are due April 10, 2019.  ECF Nos. 53, 60.

On February 19, Cox informed Plaintiffs during a telephonic meet-and-confer that it would substantially complete its document production by March 1. (Ex. B, Feb. 20, 2019 J. Gould letter to J. Golinveaux confirming meet-and-confer issues.)

As of March 4, 2019, Cox had not yet produced the billing information and Plaintiffs asked Cox when it would produce it. (Ex. C, March 4, 2019 J. Gould email to S. Anderson.)  On March 6, Plaintiffs again asked when Cox would produce the information. (Ex. D, March 6, 2019 J. Gould email to S. Anderson.)

On March 7, Cox said it "anticipates that the financial report the Court ordered will be completed in the next two weeks." (Ex. D. March 7, 2019 S. Anderson email to J. Gould.)

Plaintiffs replied as follows on March 11:

> You state below that the financial report the Court ordered "will be completed in the next two weeks." We understand this to mean that Cox will produce it by March 21, 2019. If that is not correct, please let us know immediately. Plaintiffs requested revenue information from infringing subscribers on November 19, 2018. On December 4, Cox said it would produce it, then months later claimed it did not exist, forcing Plaintiffs to seek relief from the Court on February 1. Nearly a month has now passed since the Court's February 15, 2019 order to produce the ordered billing information and your anticipated production date is still 10 days

---

[1] All exhibits are attached to the Declaration of Jeffrey M. Gould, filed contemporaneously with this memorandum.

4

away. Given the April 10 deadline to serve opening expert reports, we reserve all rights with respect to the timeliness of such production.

(Ex. D, March 11, 2019 J. Gould email to S. Anderson.)

By March 15, Cox still had not replied and Plaintiffs inquired again about the timing of Cox's production, among others. (Ex. D, March 15, 2019 J. Gould email to S. Anderson.) By March 20, Cox still had not replied and Plaintiffs inquired again, this time requesting Cox's consent to extend Plaintiffs' financial expert report deadline:

> On March 11, we reiterated Plaintiffs' concern about the timeliness of revenue/billing information the Court compelled on February 15. Our financial expert needs that information for his April 10 report and Cox's continued delay prejudices Plaintiffs as to the due date. It is now March 20 and still Cox has not produced it. Please let us know whether Cox agrees [to] extend by one week to April 17, Plaintiffs date to submit a financial expert report.

(Ex. E, March 20, 2019 J. Gould letter to J. Golinveaux.) On the same day, and still with no response or greater clarity but unable to wait any longer, Plaintiffs served Cox with a Rule 30(b)(6) deposition notice on March 20. The notice includes several topics related to Cox's financials, including the revenue/billing information the Court ordered Cox to produce on February 15. In Plaintiffs' cover email transmitting the deposition notice, they identified a number of topics, including those concerning the compelled revenue/billing information, that they wanted to prioritize in advance of Plaintiffs' April 10 expert report deadline. (Ex. F, March 20, 2019 J. Gould email to J. Golinveaux.) Plaintiffs also explained that they "would have served this notice sooner had [they] received Cox's documents sooner, and also note that critical documents still have not been produced (i.e. revenue/billing records). (Ex. F, March 20, 2019 J. Gould email to J. Golinveaux.)

In response on Friday evening, March 22, Cox said that all but one of its six expected Rule 30(b)(6) witnesses would be away on vacation for the week that Plaintiffs' noticed the deposition. (Ex. F, March 22, 2019 J. Golinveaux email to J. Gould.)

5

On Monday, March 25, Plaintiffs asked Cox to identify which witness and topics could be addressed the week of April 1 pursuant to Plaintiffs' notice and in advance of the April 10 expert report deadline. (Ex. F, March 25, 2019 J. Gould email to J. Golinveaux.) Plaintiffs also proposed extending Plaintiffs' deadline for opening expert reports given the timing of Cox's production:

> Third, as I mentioned in my email below, Plaintiffs served this deposition notice when they did because of Cox's delay in producing documents. Had Cox produced documents sooner, Plaintiffs would have sought to take Cox's deposition sooner. Even as of today, critical documents needed for expert reports and Plaintiffs' Rule 30(b)(6) deposition of Cox have not yet been produced. This includes at least the billing/revenue information for the subscribers identified in Plaintiffs' notices, which the Court ordered Cox to produce on February 15 and which Cox represented on March 7 would "be completed in the next two weeks," or by March 21. Cox has not yet produced that information. Cox's delay in producing documents and now its unavailability of witnesses for prompt depositions the week of April 1 unduly prejudices Plaintiffs' ability to prepare expert reports by April 10. We reiterate our request that the other Rule 30(b)(6) witnesses be made available the week of April 1 and, if that is not possible, that Cox consents to extending Plaintiffs' expert report deadline to 10 days following completion of the Rule 30(b)(6) deposition.

*Id.*

On March 26, Cox identified a single witness available for deposition: "Sandy Mencher, Vice President Finance & Accounting at Cox, is available for deposition next Friday, April 5. He will testify on the finance and revenue related topics in your notice, subject to Cox's objections thereto, which we will send under separate cover." Cox did not respond to Plaintiffs' request to extend their expert report deadline or identify dates or witnesses for the remaining topics. (Ex. F, March 26, 2019 J. Golinveaux email to J. Gould.)

On March 27, Plaintiffs asked Cox to identify with specificity the topics on which Mr. Mencher would testify and further explained that "we still need the billing/revenue information the Court ordered Cox to produce on February 15. That is obviously critical for Mr. Mencher's deposition and Plaintiffs' reserve all rights with respect to the untimeliness of that production." Plaintiffs also asked again whether Cox would consent to adjust the expert schedule in light of the

timing of Cox's document productions and unavailability of its witnesses. (Ex. F, March 27, 2019 J. Gould email to J. Golinveaux.)

Late on the evening of March 27, Cox replied stating that it was "working diligently towards getting you the billing report in advance of Mr. Mencher's deposition next week" and declining Plaintiffs' request to adjust the schedule, claiming that "this is an issue entirely of Plaintiffs' own making." (Ex. F, March 27, 2019 J. Golinveaux email to J. Gould.)

On March 28, Plaintiffs attempted to discuss this matter by telephone with three of Cox's attorneys, to no avail. (Ex. G, March 28, 2019 emails between M. Oppenheim, J. Golinveaux and T. Lane.) Plaintiffs then attempted to resolve the issue by email, asking again when Cox would produce the billing/revenue information. Plaintiffs further explained that, absent a commitment to produce the compelled information by today, Plaintiffs would be forced to seek relief from the Court.

Cox replied on March 29, stating only that "the client is working diligently to get you this report well in advance of Mr. Mencher's deposition next week. Things have progressed slower than anticipated in light of the age of the data. I have another status check with the client tomorrow and will give you an update." (*Id.* at March 29, 2019 exchange.)

Plaintiffs replied early morning on March 29, reiterating their request for more concrete information in hopes of avoiding this filing. They proposed again that if Cox would agree to extend Plaintiffs' financial expert report deadline, and commit to providing the billing/revenue information sufficiently in advance of Mr. Mencher's deposition, Plaintiffs could forego this motion. As of the time of this filing, Cox had not replied to Plaintiffs' reasonable proposal.

## ARGUMENT

Federal Rule of Civil Procedure 37(b) authorizes a court to issue sanctions for failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2)(A). District courts can exercise "nearly

unfettered discretion to control the timing and scope of discovery and impose sanctions for failure to comply with its discovery orders. *Brooks Sports, Inc. v. Anta (China) Co.*, No. 117CV1458LOTCB, 2018 WL 7488924, at *10 (E.D. Va. Nov. 30, 2018), quoting *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416 (4th Cir. 1996).

In determining whether discovery sanctions are appropriate, courts apply a three-step analysis, considering: "(1) whether a party violated a discovery order or Federal Rule of Civil Procedure; (2) whether the violation was 'harmless' or 'substantially justified;' and (3) which sanction is appropriate for the violation." *Id.*, citing *Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766, 779 (E.D. Va. 2017).

In the Fourth Circuit, a four-part test is used to determine what sanctions should be imposed. *Id.*, citing *Anderson v. Found., for Advancement, Educ., and Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir.1998). Under this test, "[t]he Court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of noncompliance, and (4) whether less drastic sanctions would have been effective." *Id*. The range of appropriation sanctions in any given case may vary from directing facts or matters be deemed established, to prohibiting the disobedient party from opposing certain claims or introducing certain materials, to dismissing an action entirely or rending a default judgment against the disobedient party. *Wu v. Tseng*, 2008 WL 4360990, at *3 (E.D. Va. 2008), citing Fed. R. Civ. P. 37(b)(2). Appropriate sanctions in any given case are left to the sound discretion of the Court. But in all cases, the court "must" order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses caused by the failure to comply. *Id.* In addition, sanctions may be imposed, as here, where a party fails to disclose information or supplement an earlier response, including: ordering payment of

8

reasonable expenses, informing the jury of the party's failure; or any other sanctioned listed in Rule 37(b)(2). *Id.*, citing Fed. R. Civ. P. 37(c)(1).

Against this backdrop, there can be no doubt that sanctions are warranted. As set forth above, the Court ordered Cox to produce billing information. Cox has not sought relief from the Order, nor has it complied. It is now 42 days since the Court order and time is running out on Plaintiffs' right to submit an opening expert report. Cox's failure to comply with the Order, or work with Plaintiffs to mitigate the prejudice caused thereby, has impeded the orderly progress of discovery and expert reports. Cox's non-compliance is neither harmless nor justified, and it has offered to reason for refusing to consent to a brief extension or for its failure to seek relief from the Order from the Court. Revenue from infringing subscribers is key data on important issues. The financial deposition of Cox should go forward only after Cox produced this critical information. And Cox should not be rewarded for its discovery gamesmanship and stonewalling in the face of this Court's Order.

While Plaintiffs understand that the billing information may be difficult to compile, that is no excuse for Cox's handling of its non-compliance or refusal to cooperate with Plaintiffs to mitigate the harm. Sanctions here would deter Cox from continuing or additional discovery abuse and the sanctions requested are reasonably tailored to the non-compliance and harm caused thereby.

For the reasons discussed herein, Plaintiffs respectfully request that the Court grant the motion and issue an order: (1) finding that Cox has failed to comply with this Court's February 15, 2019 order to produce billing information attributable to each Cox subscriber who was the subject of a copyright infringement notice sent on Plaintiffs' behalf; (2) ordering Cox to produce the compelled billing information within three days of an Order or show cause why it cannot do so, (3) extending Plaintiffs deadline to serve a financial expert report to April 24, 2019; (4)

requiring Cox to provide a Rule 30(b)(6) deposition testimony on financial issues no earlier than four business days after it produces the discovery at issue here; (5) paying Plaintiffs' reasonable costs and expenses caused by Cox's failure to comply with the Court's order; and (6) such other relief as the Court deems appropriate.

Dated March 29, 2019

Respectfully Submitted,

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*