# Exhibit B



Kerry M. Mustico
4530 Wisconsin Avenue NW | 5th Floor
Washington, DC 20016
T: (202) 480-2174 | F: (866) 766-1678
kerry@oandzlaw.com | www.oandzlaw.com

February 20, 2019

<u>Via Email</u>

Jennifer Golinveaux, Esq.
Winston & Strawn LLP
101 California Street, 35th Floor
San Francisco, CA 94111
JGolinveaux@winston.com

  Re: *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, No. 18-cv-650-LO-JFA

Dear Jennifer:

  Following yesterday's meet-and-confer, we write to confirm Cox's agreement to produce the categories of documents outlined in Plaintiffs' February 14, 2019 letter. We also write to address your February 19, 2019 letter providing a partial list of search terms that Cox applied in the BMG case and Cox's failure to comply fully with the Court's order on February 15, 2019 on Plaintiffs' motion to compel.

### Cox's Outstanding Production of Documents and Information

  During the meet-and-confer we discussed Cox's outstanding production of documents responsive to the categories outlined in Plaintiffs' February 14 letter. You said that Cox will produce documents responsive to the 30 categories outlined in our February 14 letter beginning this week, with substantial completion of its production by the end of next week (March 1, 2019). This production will include Cox's responsive documents relating to termination of subscribers for non-payment and/or AUP violations, as the Court ordered on January 25. You also said that Cox is producing documents responsive to Plaintiffs' requests independent of Cox's production of BMG trial or deposition exhibits. Stated another way, Cox is not relying on BMG trial or deposition exhibits or other documents produced in the BMG case to withhold documents responsive to Plaintiffs' discovery requests in this case.

### Cox's Compliance with the Court's February 15 Order on Plaintiffs' Motion to Compel Emails Regarding Cox's Response to and Handling of Infringement Notices

  The Court ordered Cox to provide by yesterday morning the search parameters Cox actually used in the BMG case to produce documents concerning how Cox handled infringement,

Jennifer Golinveaux, Esq.<br>
February 20, 2019<br>
Page 2 of 3

including documents regarding Cox's formal and informal policies.  As the Court made clear, the purpose of providing the actual search parameters is for Plaintiffs, and if necessary the Court, to determine whether Cox's BMG production adequately responds to Plaintiffs' requests in this case.  As we stated during the meet-and-confer, the limited information Cox provided yesterday afternoon regarding its search in the BMG case does not allow Plaintiffs to assess what Cox proposes to produce from the BMG production, or whether such production is adequate for purposes of this case.  At the very least, Cox should immediately produce the set of documents referenced in your February 19 letter.  To be clear, Plaintiffs do not know based on the information provided whether the offered production will be sufficient to resolve this issue.  However, we agree that, as described, the referenced documents are responsive to Plaintiffs' discovery requests at issue and the very least of what the Court has indicated it will order Cox to produce.  Cox should make the production without further delay.

In your February 19 letter, you provided "representative search terms," rather than the full set of Cox's search terms.  You also generically referenced Cox's proximity searches but did not disclose the actual search parameters used.  Representative or sample search terms do not comply with the Court's order to disclose "what was actually done in the search in the BMG case."  Cox also has failed to identify the custodians whose documents were searched or the time period used to search those custodians' documents.

Further confusing matters, Cox proposes to produce documents in this case based on issue codes—which you refuse to fully disclose—that Cox's prior counsel applied to documents reviewed in the BMG case. Cox's reliance on undefined issue codes does not comply with the Court's order to identify "what was actually done in the search in the BMG case [or w]hat documents were actually produced in the BMG case."  It certainly is not sufficient for Plaintiffs to assess Cox's proposed production in this case.  In our experience, issue codes are generally used to organize the producing party's own case; they are not an adequate proxy for identifying all documents produced and/or responsive to a particular issue.  Significantly, during our call you were unable or unwilling to represent that all documents produced in the BMG case were even tagged with an issue code, or whether and under what circumstances issue codes were reviewed or changed in the course of a multi-tiered document review.  You also could not (or would not) state whether all of the representative emails cited in Plaintiffs' motion to compel were assigned issue codes or whether they would be produced under your proposal.  And though you identified a few RFPs in the BMG case that you contend are implicated by Plaintiffs' motion, you omitted other relevant requests—i.e., BMG RFP No. 33 ("All documents concerning any investigation since January 1, 2010 by You into any claims contained in a DMCA Notice.").  *See also* BMG RFP Nos. 6, 9, 10, 12, 21, 35, and 36, among others. There is simply no way for Plaintiffs to test the reliability of the relevant issue codes vis-à-vis the universe of documents actually produced in the BMG case and Plaintiffs' requests in this case.

Given the above, Cox should identify by noon EST tomorrow, February 21, the actual search terms it used in the BMG case that it contends should govern its production of documents here to resolve Plaintiffs' motion. Cox should also identify the custodians whose documents were searched using those terms, and the time period for which documents were searched.  Plaintiffs would like to resolve this issue without having to go back to the Court.  But, as Judge Anderson advised at the hearing, this issue must be resolved quickly, whether by the parties or the Court.

Jennifer Golinveaux, Esq.<br>
February 20, 2019<br>
Page 3 of 3

  Absent receipt of the actual search terms, Plaintiffs will assume that the "representative" terms were the only terms employed as pertinent here. Given that the representative set of terms does not include terms that would undoubtedly capture responsive documents—including, just by way of example: (illegal, unlawful, or unauthorized w/10 download*), repeat w/10 infring*, policy w/10 infring*, infring* w/10 notice, "safe harbor," MarkMonitor, piracy, pirated, strike, reactiv*, and/or reinstat*—Plaintiffs will assume that Cox's BMG's representative terms are inadequate for purposes of this case. Similarly, absent disclosure of the relevant custodians and time frame searched, Plaintiffs must assume that what you have offered to date does not sufficiently resolve Plaintiffs' motion and will ask the Court to rule on its pending motion to compel.

  Sincerely,

  */s/ Kerry M. Mustico*