# Exhibit D

| | |
|---|---|
| **Subject:** | Re: Sony v. Cox |
| **Date:** | Friday, March 15, 2019 at 8:08:42 PM Eastern Daylight Time |
| **From:** | Jeff Gould |
| **To:** | Anderson, Sean R., Golinveaux, Jennifer A., Kearney, Thomas |
| **CC:** | Kerry Mustico |
| **Attachments:** | image001.jpg, image002.jpg |

Sean – We have not heard from you on the issue raised in my March 11 email below about Cox's production. Please let us know.

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Date:** Monday, March 11, 2019 at 4:36 PM
**To:** "Anderson, Sean R." <SRanderson@winston.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, "Kearney, Thomas" <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Re: Sony v. Cox

Sean – I write in response to your March 7 email below.

**Plaintiffs' Production**

Plaintiffs have been transparent throughout this process. We have explained numerous times what Plaintiffs are and are not producing. I provide two clarifications from your email below.

Regarding searches concerning MarkMonitor, consistent with Plaintiffs' brief in opposition to Cox's January 18, 2019 motion, the January 25, 2019 hearing on that issue, and my February 14, 2019 letter on this point, in addition to the categories listed in Plaintiffs' supplemental RFP responses, Plaintiffs are producing responsive, non-privileged documents in their possession, custody, or control, for the period 2012-2014, "concerning MarkMonitor and BitTorrent, P2P, copyright, Cox, piracy, infringement and illegal/unlawful conduct concerning the RIAA notice program at issue in this case," to the extent such documents can be located following a reasonable and diligent search.

Regarding Cox's RFPs 52-58, consistent with Plaintiffs' supplemental responses and objections, the parties' briefing on Cox's January 18, 2019 motion to compel, and the January 25, 2019 hearing and order on that motion, Plaintiffs are producing responsive, non-privileged documents in their possession, custody, or control, for the period 2011-2014, relating to (1) permitted or authorized uses of BitTorrent or other peer-to-peer file sharing sites, (2) the diminished or diminishing use of BitTorrent or other peer-to-peer file sharing sites, and (3) the effect of copyright infringement via BitTorrent or other peer-to-peer file sharing sites on Plaintiffs' revenue or profits, to the extent such documents can be located following a reasonable and diligent search.

**Cox's Production**

1. Thank you for clarifying that COX_SONY_00515532 references a document produced in the BMG litigation (PX 1514). PX 1514 is a pdf of a spreadsheet. Please produce a copy of the native file in this case.

2. COX_SONY_00515540 (riaa_subjects_to_accounts.txt) is limited to infringement notices from Plaintiffs from February 2013 to November 2014, rather than for all notices Cox received from Plaintiffs, as requested. The Court has repeatedly overruled Cox's objection to providing documents and information beyond the claim period (including on notice data and associated ICOMS IDs, revenue data, and emails), and your restrictive date objection is no more valid or justifiable here. In addition, Cox agreed in Jennifer's January 31, 2019 letter that it would also include the date and IP address associated with each notice. Please supplement COX_SONY_00515540 immediately to include all notices from Plaintiffs from 2012-2014, as well as the date and IP address associated with each notice.

3. You state below that the financial report the Court ordered "will be completed in the next two weeks." We understand this to mean that Cox will produce it by March 21, 2019. If that is not correct, please let us know immediately. Plaintiffs requested revenue information from infringing subscribers on November 19, 2018. On December 4, Cox said it would produce it, then months later claimed it did not exist, forcing Plaintiffs to seek relief from the Court on February 1. Nearly a month has now passed since the Court's February 15, 2019 order to produce the ordered billing information and your anticipated production date is still 10 days away. Given the April 10 deadline to serve opening expert reports, we reserve all rights with respect to the timeliness of such production.

4. Thank you for confirming that Cox has produced emails from the BMG case that were assigned the two issue codes we've discussed. By how to handle PX 1340, we refer to the obvious deficiency in Cox's proposed plan to produce only documents that Cox's prior counsel assigned two specific issue codes. PX 1340 was not coded for either issue and would not be produced under your proposal. We must therefore assume that there are other documents that have been improperly omitted from production based on the limitation of those two issue codes.

    To address that deficiency, we have repeatedly requested that Cox run search terms against the documents in the BMG production that were not assigned the two issue codes and produce the results (or review and produce the responsive results). You refuse to do so and have proposed no alternative method for addressing this obvious deficiency. Failing that (which we believe is a necessary and appropriate approach), Cox should identify for Plaintiffs the other issue codes assigned to documents produced in BMG, including any issue codes assigned to PX 1340, so we can assess the categories of documents that Cox is withholding but refusing to describe or identify.

    Cox also has repeatedly represented that it is not relying on its production of BMG trial exhibits to relieve its duty to produce documents from its files in this case. Yet Cox does exactly that by referring to PX 1340. Notwithstanding the need for a broader resolution of these issues, Cox should immediately produce PX 1340 from its files with metadata to avoid any potential issues regarding its authenticity or provenance.

5. You have not responded to my February 28, 2019 email to Jennifer regarding documents on which BMG experts relied. To reiterate, for the four experts Plaintiffs have retained who testified in the BMG case (Frederiksen-Cross, McGarty, Lehr, Nowlis), please promptly provide us with the documents they referenced or relied on in their BMG reports that were produced from Cox's files.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Anderson, Sean R." <SRanderson@winston.com>
**Date:** Thursday, March 7, 2019 at 4:30 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>
**Cc:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, Kerry Mustico <Kerry@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, "Kearney, Thomas" <TKearney@winston.com>
**Subject:** RE: Sony v. Cox

Jeff,

Thank you for confirming that Plaintiffs will substantially complete their production of all outstanding documents and information by next week. *If I have misunderstood your email below, please let us know immediately.*

You chide us for again asking for confirmation that you will also provide the information ordered by the Court by next week. I only do so because we are trying to get clarity on this issue given the nature of your prior responses. Specifically, the Court ordered Plaintiffs to be "transparent" in what they are producing "as far as the results of the search terms" and what it is they "are and aren't producing as a result of those search terms." To be clear, we understand that you are representing that, of the categories listed below, Plaintiffs are **only** withholding documents responsive to these categories that are either privileged or "solely concern[] CAS or unrelated MarkMonitor services such as domain name services." Plaintiffs intend to produce all other responsive documents including communications. *If that is not the case, please let us know immediately.*

- The Record-Company Plaintiffs' per-work-in-suit, per-channel (i.e., physical sales, digital downloads, streaming, and licensing) revenue from 2011-2014.

- For the period 2012-2014, documents concerning Cox and "copyright infringement."

- For the period 2012-2014, "documents relating to Cox's response to receiving an infringement notice sent by or on behalf of Plaintiffs."

- Documents concerning the number of infringement notices Cox would accept from Plaintiffs or on behalf of Plaintiffs.

- Documents concerning any analysis "regarding the reliability of the MarkMonitor system used to

produce the copyright notices sent to Cox upon which Plaintiffs will rely in this litigation." This is not limited to a formal analysis but includes informal analyses, reviews, or assessments.

- Documents responsive to the search terms Plaintiffs represented they are running, which include MarkMonitor in relation to "BitTorrent," "P2P," "copyright," "Cox," "piracy," "infringement," "illegal," or "unlawful."

- For the period 2012-2014, non-privileged documents concerning the RIAA and Cox.

- For the period 2011-2014, documents responsive to Cox's RFP Nos. 52-53, 54-55, 57-58, and for the period 2013-2014, documents responsive to Cox's RFP No. 56.

Cox's Production

Our responses to your numerous piecemeal emails of this week asking for additional information to help you navigate Cox's production are below. I set forth your question and our response.

1. COX_SONY_00515532 has a native slipsheet but no native.

   COX_SONY_00515532 references a document produced in the BMG litigation, which Cox has already produced in this case. *See* PX1514. Are you requesting a copy of the native file? If so, we can re-produce this as a native file.

   2. What does COX_SONY_00515533 (5. subscriber churn) purport to show?

   COX_SONY_00515533 is a document responsive to Plaintiffs' Document Request No. 61 for residential subscribers, limited to Plaintiffs' Claim Period pursuant to Cox's written responses.

   3. What is COX_SONY_00515540 (riaa_subjects_to_accounts.txt)?

   COX_SONY_00515540 is responsive to our agreement to provide information identifying the Cox subscribers associated with infringement notices Cox received from Plaintiffs' agent during Plaintiffs' Claim Period. The extracted text file in the production volume is identical to the "native" text file, and is located here in the production volume: . \TEXT\TEXT002\COX_SONY_00515540.txt. Please let us know if you are unable to locate this file.

   4. When will Cox produce revenue data ordered by the Court on February 15, 2019?

   Cox currently anticipates that the financial report the Court ordered will be completed in the next two weeks. As we explained in detail, and as the Court was aware when it ordered Cox to provide the information, such a report requires several weeks to complete. *See* ECF No. 103-2.

   5. Has Cox produced AUP violation information as ordered on January 25, 2019? If so, what is the bates number?

   Cox will be supplementing its interrogatory responses to provide this information this week.

   6. Has Cox produced the emails from the 2 BMG issue codes we've discussed? If not, when will you produce them.

   Yes.

As to the additional questions you have posed, it is not clear what you mean by asking "how Cox intends to handle PX 1340." Cox produced a copy of that email more than two months ago. Finally, as to your question about "how Cox intends to handle the other emails in the *BMG* production that were not assigned those two issue codes," as we informed you earlier, Cox agreed to review emails produced in the *BMG* litigation that were not assigned an issue code, and produce those that were responsive to the categories the Court mentioned at the hearing. To be clear, Cox has done so.

Regards,
Sean

**Sean R. Anderson**
**Associate Attorney**
Winston & Strawn LLP
D: +1 212-294-5388
F: +1 212-294-4700

VCard | Email | winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Wednesday, March 6, 2019 7:33 PM
**To:** Anderson, Sean R. <SRanderson@winston.com>
**Cc:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Kerry Mustico <Kerry@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Subject:** Re: Sony v. Cox

Sean,

As I explained in my February 26 letter to Jennifer, Plaintiffs agree to produce the Stroz Friedberg and Harbor Labs reports as a compromise to resolve the parties' dispute over Cox's requests for irrelevant and overbroad materials.  This compromise is consistent with the Court's prior order regarding other CAS documents, in which the Court required production of only the final, operative agreements.  As I also said in the February 26 letter, Plaintiffs maintain their objections to documents relating to Harbor Labs and Stroz Friedberg, e.g., on relevance grounds and to their admission at trial.  Against this backdrop, Plaintiffs maintain their objection to producing "any communications or documents related to these analyses."  Be that as it may, we are not aware of similar analyses done by other third parties.

Your email next refers to "many outstanding categories of documents" that you contend Plaintiffs have not produced.  Obviously, we disagree with your characterization and find its vagueness unhelpful to say the least.  Putting that aside, Plaintiffs are working diligently to produce remaining track-level revenue data, additional responsive and non-privileged emails, and a small number of additional chain of title documents.  As to the latter two categories, Plaintiffs currently anticipate substantially completing their production next week.  To the extent Plaintiffs identify additional responsive, non-privileged documents thereafter based on their continuing privilege review, they will produce them promptly.

As for the Plaintiffs' track-level revenue, the music-publisher Plaintiffs produced that information last week, as we advised you they would in our February 26 letter.  The record companies' track-level revenue is a different matter and significantly more complicated to pull, as we have repeatedly

explained.  Each record-company group has teams of people distracted from their day-to-day responsibilities and focused on compiling this data, which requires pulling different information from different systems for different channels.  With that in mind, and barring additional challenges that may arise, the record-company Plaintiffs currently anticipate producing available track-level revenue by the end of next week.  We will produce it sooner if able and let you know if this estimate changes.

As to categories of documents that Plaintiffs are withholding (if any), as I said in the February 26 letter, we refer you to our February 14 letter.  In that letter, we explained that, apart from privileged documents, Plaintiffs are not producing documents solely concerning CAS or unrelated MarkMonitor services such as domain name services.  This is now the third, and hopefully last, time we respond to this particular query.

Turning to Cox's production, you previously represented that Cox would substantially complete its production by last week.  Nonetheless, there appear to be documents still missing from Cox's production, including at least AUP violations and revenue from infringing subscribers.  Cox still has not stated: (1) when it will produce AUP violations the Court ordered produced on January 25, (2) when Cox will produce 2012-2014 revenue from the subscribers identified in Plaintiffs' notices that the Court ordered produced on February 15, (3) whether Cox has produced (or when it will produce) the documents assigned the two issues codes in the BMG case that relate to Plaintiffs' February 1 motion to compel, (4) how Cox intends to handle PX 1340, which would not be produced under Cox's compromise proposal for handling email production, (5) and how Cox intends to handle the other emails in the BMG production that were not assigned those two issue codes – we have repeatedly requested that Cox run the BMG search terms against those documents but you have refused.  Please clarify each of these issues by close of business Thursday so we know whether to raise these issues with the Court this week.

Regards,
Jeff


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Anderson, Sean R." <SRanderson@winston.com>
**Date:** Monday, March 4, 2019 at 6:40 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>
**Cc:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, Kerry Mustico <Kerry@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>
**Subject:** RE: Sony v. Cox

Jeff,

Thank you. We look forward to receiving the reports today. You didn't respond to my other two questions. Please respond so that we can determine whether these issues are resolved.

Separately, we have repeatedly requested meaningful information about when Plaintiffs intend to produce the many outstanding categories of documents and information that the Court has ordered and that they have agreed to produce given the ongoing delay.  In response you will only say that Plaintiffs intend to do so "in the coming weeks." This vague statement is not meaningful.  As you know, on January 25, 2019 the Court ordered that Plaintiffs produce documents responsive to a number of requests and to disclose to Cox in writing what categories of documents they are withholding from production. Under the Local Rules, those documents and that information should have been provided weeks ago. Please provide us with a better sense of when Plaintiffs intend to substantially complete their production and otherwise comply with the Court's order no later than 5pm this Wednesday, so that we may take this issue up with the Court, if needed. While we would prefer to work this out without the need for Court intervention, we cannot allow Cox to be prejudiced by Plaintiffs' continued delay and need a more meaningful estimation of when the outstanding discovery will be produced.

Thanks,
Sean

**Sean R. Anderson**
**Associate Attorney**
Winston & Strawn LLP
D: +1 212-294-5388
F: +1 212-294-4700

VCard | Email | winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Friday, March 1, 2019 11:09 PM
**To:** Anderson, Sean R. <SRanderson@winston.com>
**Cc:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Kerry Mustico <Kerry@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Subject:** Re: Sony v. Cox

Sean - The vendor has some maintenance this weekend so I think Monday.

On Mar 1, 2019, at 4:27 PM, Anderson, Sean R. <SRanderson@winston.com> wrote:

> Jeff,
>
> Thank you for your email. When will Plaintiffs produce these documents? Will this include any similar analysis of MarkMonitor's system done by any third parties? Are Plaintiffs (and RIAA) also agreeing to produce any communications and documents related to these analyses?
>
> Regards,
> Sean
>
> **Sean R. Anderson**
> **Associate Attorney**
> Winston & Strawn LLP
> D: +1 212-294-5388

F: +1 212-294-4700
VCard | Email | winston.com
<image001.jpg>

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Friday, March 1, 2019 4:04 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Cc:** Anderson, Sean R. <SRanderson@winston.com>; Kerry Mustico <Kerry@oandzlaw.com>; Matt Oppenheim <Matt@oandzlaw.com>
**Subject:** Sony v. Cox

Jennifer – Following up on our prior discussions, we have resolved the confidentiality issues involving the Stroz Friedberg and Harbor Labs reports.  In an effort to resolve our disputes on a number of discovery issues, and in light of the Court's order regarding the Copyright Alert System Memorandum of Understanding and Implementation Agreement, RIAA has located what it believes to be final copies of the Stroz Friedberg and Harbor Labs reports and will produce them.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue, NW | Suite 500
Washington, DC 20016
202.851.4526 direct | 202.480.2999 main
jeff@oandzlaw.com |www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:   https://twitter.com/OandZLaw

_____

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.