UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX COMMUNICATIONS, INC. AND COXCOM LLC'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS**

**I.   INTRODUCTION**

Plaintiffs complain disingenuously and inaccurately that Cox is "flouting" the Court's order to create and produce a customer billing report. But Cox informed the Court and Plaintiffs that generating such a report would likely take a minimum of three to four weeks to complete, since Cox would have to engage an outside vendor to write, test, and run specialized software in order to retrieve historical data that Cox maintained in an inaccessible format. *See* Declaration of Paul Jarchow in Support of Cox's Opposition to Plaintiffs' February 1, 2019 Motion to Compel, ECF 103-2 (February 6, 2019 Jarchow Decl.) at ¶6. Cox informed Plaintiffs before they filed this motion that the report was taking longer than expected because unexpectedly a portion of the data had to be retrieved from backup tapes, but that Cox expected to produce the report this week. Cox did just that and produced the report earlier today.

Plaintiffs will thus have received the billing report in advance of their 30(b)(6) deposition of Cox's witness designated to testify on financial issues, and a full week before their expert reports

1

are due. Cox acted diligently in good faith, and Plaintiffs have suffered no prejudice. Their unnecessary motion for sanctions should be denied

## II. BACKGROUND

In response to an earlier motion to compel, the Court ordered Cox to provide "billing information… attributable to each subscriber for the time period from 2012 through 2016… on a monthly basis." *See* Golinveaux Decl., Ex. A. The Court did not require production by a date certain. And the Court was aware that Cox estimated that it would take at least three to four weeks to create such a report. Only after Cox had worked with its vendor to create software and begin running the report did it discover that some of the data had to be retrieved from backup tapes and that, therefore, the report was taking longer to run than initially anticipated. Cox explained this to Plaintiffs last week before they filed this motion. Declaration of Jennifer A. Golinveaux in Support of Cox's Opposition to Plaintiffs' Motion for Sanctions (Golinveaux Decl.), Ex. B. Cox will produce the report on April 3, 2019.

As Cox explained in detail in response to Plaintiffs' February 1, 2019 Motion to Compel, Cox's historical billing information is not maintained in the form Plaintiffs demanded it, and would be extremely burdensome to produce. Cox's Opposition to Plaintiffs' February 1, 2019 Motion to Compel, ECF 103 at 4. Cox explained that producing the requested historical information from its ICOMS system by means of an automated query is a complex process that involves bringing in an outside vendor to develop a script to gather the appropriate information from the ICOMS system for the approximately 58,000 Accused Subscribers. *Id.* Such a script requires development, testing, and quality control steps before it can be run. *Id.* Cox's best estimate was that this process would take approximately 3 to 4 weeks to complete. *Id.* This estimate was based on the experience of Cox's Technical Director Paul Jarchow with other types of programming and reporting work that

the same vendor had performed for Cox in the past. *See* February 6, 2019 Jarchow Decl. at ¶6. However, Cox had never before attempted to create precisely this kind of report.

Once the Court entered its February 15, 2019 Order, Cox promptly worked with its outside vendor to write a script to query Cox's ICOMS system for the requested information. April 3, 2019 Declaration of Paul Jarchow (April 3, 2019 Jarchow Decl.) at ¶ 4. After writing the script, the vendor tested it by running it on a limited set of ICOMS data. *Id.* at ¶ 6. Cox worked with the vendor to check and quality control the ICOMS script based on that test. *Id.* Once this initial testing and quality control process was complete, the vendor ran the script on the full set of ICOMS data that was available online. *Id.*

Cox again worked with the vendor to check and quality control the result of that operation. *Id.* at ¶ 7. During the quality control process, Cox discovered that certain data appeared to be missing from the report. *Id.* On investigating, Cox discovered that certain historical data had been archived to backup tapes and was no longer available online. *Id.* Consequently, the script had been unable to retrieve or process that data when it ran. *Id.*

Cox identified the missing data, and promptly took steps to restore it from backup tapes so that the vendor could run the script on the full set of ICOMS data. *Id.* at ¶ 8. Backup tapes store a large amount of data, but store it sequentially. *Id.* Because of the nature of backup tapes, restoring data from tape is a time-consuming process. *Id.* First, the relevant backup tape must be located and retrieved from storage. *Id.* Second, the relevant data must be located on the tape, which requires reading the data on the tape in sequence, disregarding any irrelevant information that may be stored at the beginning of the backup tape. *Id.* Third, the relevant data must be copied from the tape to an online medium. *Id.*

There was no practical way to predict or avoid this delay. Because the ICOMS data for the dates at issue would ordinarily have been stored in an accessible online format, it was reasonable to assume that this particular data would be available online. February 6, 2019 Jarchow Decl. at ¶6. And there was no reasonable way to check, before running the report for the first time, that all of the historical ICOMS data for all 58,000 subscribers at issue was still online. *Id.* at ¶3-5. To do so, Cox would have had to review historical data from Cox's ICOMS system for each of the nearly 58,000 subscribers at issue, which is an extremely time-consuming process. *Id.* at ¶5. Exacerbating the problem, because the subscriber accounts at issue are located in multiple different markets, the historical data for those accounts is stored in multiple different locations. *Id.* at ¶ 7. It would have taken hundreds, perhaps thousands, of person-hours to check that the data to be retrieved was all still available online—precisely the problem that the automated report was designed to solve. *Id.* at ¶ 5. The full reports ordered by the court were produced to Plaintiffs on April 3, 2019.

Plaintiffs served their Rule 30(b)(6) notice on Cox late the evening of Wednesday, March 20, noticing 49 detailed topics for deposition. They did so without any advance notice to Cox whatsoever, and noticed the deposition to commence seven business days later on April 1 in Washington D.C. As counsel advised plaintiffs, April 1 was also the week of the spring break holiday for much of the country, and all but one of Cox's anticipated Rule 30(b)(6) designees were traveling that week, several out of the country. *See* Golinveaux Decl., Ex. C.

### III.  ARGUMENT

A party may be sanctioned for not obeying a discovery order. Fed. R. Civ. P. 37(b)(2)(A) ("If a party … fails to obey an order to provide or permit discovery… the court where the action is pending may issue … just orders."). Plaintiffs' request for sanctions should be denied because Cox has produced the customer billing report ordered by the Court, Cox acted diligently and in

good faith in creating and producing it, and Plaintiffs have suffered no prejudice by any delay in receiving the report.

Last Thursday, March 28, Plaintiffs contacted Cox's counsel and demanded to receive the customer billing report by Friday, March 29. Cox's counsel explained that the report was taking longer than expected because certain data had to be retrieved from backup tapes, but that Cox expected to be able to produce it this week in advance of Plaintiffs' Rule 30(b)(6) deposition of Cox's designated witness on financial issues. Plaintiffs then threatened to file a motion for sanctions unless Cox would agree to extend Plaintiffs deadline to file their expert report on damages by one week. Cox's counsel asked why that was necessary, if Plaintiffs would have the customer billing report at least several days in advance of the deposition, and a week before Plaintiffs' deadline to file expert reports. Golinveaux Decl., at ¶ 3. Plaintiffs responded by filing this motion. Plaintiffs now have the customer billing report. Their argument that they have been prejudiced by any delay in receiving the customer billing report is overstated as they have ample time for their expert to review the report.

## IV. CONCLUSION

Plaintiffs have the customer billing report ordered by the Court, Cox acted diligently and in good faith in creating and producing it, and Plaintiffs have suffered no prejudice by any delay in receiving the report. Plaintiffs motion should be denied in its entirety.

Dated: April 3, 2019

s/ *Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ /*Thomas M. Buchanan*/
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*
