UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

### DECLARATION OF PAUL JARCHOW IN SUPPORT OF COX'S OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS

I, PAUL JARCHOW, declare as follows:

1. I am a Director of Technology for Business Systems working at Cox Communications. I have worked for Cox since March of 1996. I submit this declaration in support of Cox's opposition to Plaintiffs' March 29, 2019 motion for sanctions against Cox. I have personal knowledge of the facts stated in this Declaration, and if called as a witness, could testify competently to the matters contained herein.

2. My current job duties focus on technical support of the business systems that Cox Communications uses to provide its services. The primary system I am responsible for is ICOMS, the "Integrated Customer Operations Management System" customer subscriber management system.

3. I previously submitted a declaration in support of Cox's opposition to Plaintiffs' motion to compel discovery from Cox's ICOMS system.

1

4. I understand that on February 15, 2019, the Court ordered Cox to provide certain billing and related information from Cox's ICOMS database, by creating an automated process or report. The report was to cover the time period 2012-2016, by month, for roughly 58,000 specific Cox customers. Since then, Cox has been working diligently to create such a report.

5. As I explained in my previous declaration, this entailed working with an outside vendor to write a script in ICOMS that would gather the appropriate information from the ICOMS system ledgers for the approximately 58,000 customers at issue. The vendor then had to run the program and quality control the outcomes. My estimate that the report could take 3-4 weeks to complete was based on my experience with other types of programming and reporting work that the vendor has performed for me. To my knowledge, Cox had never before asked the vendor to create this kind of report, particularly with respect to such dated billing data.

6. After the vendor worked with my team to create an appropriate script to gather the data from ICOMS, it first tested the script by running it on a limited set of ICOMS data. Cox worked with the vendor to check and quality control the script based on that test. Once that testing and quality control process was complete, the vendor began to run the script on the full set of ICOMS data that was available online.

7. Cox again worked with the vendor to check and quality control the result of that operation. Last week during this process, Cox discovered that certain data was missing from the report. Upon investigating, Cox discovered that certain historical data had been archived to backup tapes and was no longer available online. Consequently, the script had been unable to retrieve that data.

8. My team under my direction immediately took steps to restore the missing data from the backup tape so that the vendor could run the script on that data. The backup tapes store

a large amount of data, only a portion of which is relevant to the report. Because of the nature of backup tapes, which store extremely large amounts of data sequentially, restoring data from tape is a time-consuming process. First, the relevant backup tape must be located and retrieved from storage. Second, the relevant data must be located on the tape, which requires reading through any irrelevant information that may be stored at the beginning of the backup tape. Third, the relevant data must be copied from the tape to an online medium. On an urgent basis, we successfully restored the data, completed the report and provided it to our litigation counsel the evening of April 2, 2019.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at San Diego, California.

Date: April 3, 2019

_____
Paul Jarchow