# Exhibit A

```
                                                                    1
                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF VIRGINIA
                           Alexandria Division




---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
          Plaintiffs,            :
                                 :
     -vs-                        :    Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
          Defendants.            :
                                 :
---------------------------------:




                           HEARING ON MOTIONS

                           February 15, 2019

            Before:  John F. Anderson, U.S. Mag. Judge
```

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, and Jeffrey M. Gould,
Counsel for the Plaintiffs

Thomas M. Buchanan and Jennifer A. Golinveaux,
Counsel for the Defendants

1      I do think -- you know, I can appreciate the
2 defendants' argument that they don't agree this information is
3 relevant.  And whether it makes its way into the trial of this
4 case will be something for Judge O'Grady to decide.  But I do
5 think at this point in time it is discoverable information.
6      And it is discoverable information that is available
7 to Cox.  The method that they maintain it, if it makes it
8 difficult for them to gather that information, that still
9 doesn't make it not relevant information.
10     And the idea that it's going to cost $15,000 doesn't
11 overwhelm me, to be honest with you.  Given the nature of this
12 case and the amount that is being spent to litigate this case,
13 that doesn't really impact me on the proportionality argument.
14 That, you know, that kind of investment to get relevant
15 information to produce in this case doesn't tip the scales.
16     So I am going to require that revenue information
17 attributable -- well, that billing information, yes,
18 attributable to each subscriber for the time period from 2012
19 through 2016.  That gives you one year early during the period,
20 a five-year period.  I think that gives you at least a point
21 for your experts to look at to see, to generate, you know -- I
22 assume your experts are going to also then, you know, not only
23 try to do what they have gotten to date, but what will be going
24 in the future.  And this is -- that's enough information for
25 them to deal with.

1            It needs to be done on a monthly basis.  So that
2   needs to be generated on a monthly basis.  So it will be from
3   -- a monthly basis from 2012 to 2016.
4            I also want you to investigate and find out whether
5   there is available information concerning the realization rates
6   on billing information for that time period from 2012 through
7   2016.
8            So that, you know, we don't get into this, you know,
9   that was only what was billed, it wasn't really what was
10  received.  That there can be some general correlation as to
11  billing and actual receipts from the company since you've
12  indicated or represented to the Court that the revenue
13  information is much more difficult to obtain.  Okay.
14           All right, issue 2.  You need to help me understand
15  what it is really is you're asking for on this.  Because, you
16  know, if we're talking about every communication dealing with
17  every infringement, that's not going to win any argument.
18           MR. ZEBRAK:  Yes, sir.
19           THE COURT:  And so, I mean, it's a little unclear to
20  me -- and, you know, it's difficult to order something that's
21  unclear because I don't want to put the other side in a
22  position of coming back and not knowing what it is I'm
23  requiring them to do.  So that you come back and say, they
24  didn't do what you told them to do, and we have to come back in
25  and say, I interpreted it as this, I interpreted it as that.