1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division




---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
             Plaintiffs,         :
                                 :
      -vs-                       :   Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
             Defendants.         :
                                 :
---------------------------------:




                         HEARING ON MOTIONS

                          April 5, 2019

           Before:  John F. Anderson, U.S. Mag. Judge
```

APPEARANCES:

Scott A. Zebrak and Jia Ryu, Counsel for the Plaintiffs

Thomas M. Buchanan, Counsel for the Defendants

1        NOTE:  The case is called to be heard at 10:37 a.m.
2   as follows:
3        THE CLERK:  Sony Music Entertainment, et al. versus
4   Cox Communications, Inc., et al., civil action number
5   18-cv-950.
6        MR. ZEBRAK:  Good morning, Your Honor.  Scott Zebrak
7   for the plaintiffs.  And with me is my colleague Jia Ryu,
8   R-y-u.
9        THE COURT:  Good morning.
10       MR. BUCHANAN:  Good morning, Your Honor.  Thomas
11  Buchanan on behalf of the defendant Cox Communications.
12       THE COURT:  All right.  Well, I've looked at all the
13  pleadings that have been filed.  I'm honestly unimpressed by
14  the explanations provided by Cox as to why they didn't produce
15  the information.
16       You know, if in fact -- I mean, the idea that things
17  came up at some point -- and there is no description, nothing
18  that is in the record here today that says when they asked the
19  vendor to come in, what instructions they gave the vendor, what
20  deadlines they gave the vendor, the time commitment that was
21  taken to do these things within the three to four weeks in
22  which the Court was told that they would need to have to do
23  this -- you know, it certainly doesn't support a finding of
24  diligence in trying to be responsive.
25       You know, and the idea that on March 7, three weeks

1   out, inquiries are made and told it was going to be in the next
2   two weeks, and then two weeks come and go and, you know, it's
3   still problematic.  But it is what it is.  47 days later they
4   produced information that should have been produced within
5   three or four weeks.
6            I am not going to make the mistake of not setting a
7   firm date going forward.  So we'll make sure I don't make that
8   same mistake twice in this case.
9            But all that said, what -- are you doing the
10  deposition today or are you not doing the deposition today?
11           MR. ZEBRAK:  We are doing the deposition today, Your
12  Honor.  However, we will not be able to address the data sets
13  that they produced late Wednesday afternoon.  And in fact, the
14  designee for that deposition is an individual by the name of
15  Sanford Mencher.  He is a very senior person at Cox on the
16  financial side.  Cox has said that he will not be able to speak
17  to the information they produced late Wednesday.
18           Instead, they want to have an individual by the name
19  of Paul Jarchow come in and deal with this.  And Cox has
20  indicated to us late last night that they'll make him available
21  next Wednesday.
22           THE COURT:  Wednesday?
23           MR. ZEBRAK:  Which is the date for the current expert
24  report deadline --
25           THE COURT:  That I can move.  So this person -- how

4

1   do you pronounce his name again?  The second one.  Not the one
2   that you're doing today.  You're doing one today and then
3   you're doing another one on Wednesday; is that right?
4           MR. ZEBRAK:  Yes, Your Honor.  I believe you
5   pronounce it Jarchow.
6           THE COURT:  Jarchow?
7           MR. ZEBRAK:  J-a-r-c-h-o-w.
8           THE COURT:  So if I order Mr. Jarchow to be deposed
9   no later than Wednesday of next week, and give you until the
10  following Friday, that is April 19, to do your expert reports,
11  render your damages expert report, is that sufficient?
12          I'll give you a week -- that gives you eight days,
13  nine days after the deposition of Jarchow to get that
14  information to your expert and have him or her assimilate that
15  into a report that you need to serve by Friday April 19.
16          MR. ZEBRAK:  Yes, Your Honor.  Two -- two things on
17  that, if I could respond with.
18          One is with respect to the deposition.  Cox indicated
19  that we could depose Mr. Jarchow in a three-hour window on
20  April 10, which is the expert report deadline, in Atlanta.
21  Which we indicated would be problematic for us.
22          They, I believe, are --
23          THE COURT:  Why?
24          MR. ZEBRAK:  Well --
25          THE COURT:  Getting to Atlanta is not that hard.

1              MR. ZEBRAK:  Well, I will speak to that, but I would
2    just like to append to it, Your Honor.  But I believe walking
3    in today, Cox has indicated that they might make him available
4    to us in Washington, D.C., instead.  I don't want to speak for
5    Cox, Mr. Buchanan can.
6              The issue on our end, Your Honor, is that, you know,
7    there are several expert reports all due the same day.  And the
8    individual who would be taking Mr. Jarchow's deposition is tied
9    up on -- on several of them.
10             And so, we would -- we would certain -- and he's
11   flying in from California anyway.  So our view is, if he's
12   flying in from California, there is no difference in flying to
13   D.C. than to Atlanta.  Cox's attorneys aren't in Atlanta
14   anyway.
15             And with respect to the timing.  You know, there is
16   no magic about the exact two-week request we had.  What I would
17   ask is rather than that Friday, that we do it on the Monday
18   afterward.
19             And if I could just say something about the reason
20   for that extra few day period, Your Honor.  Is that right now
21   we have the data sets, but they're not -- you know, they don't
22   come with a User Guide.  They are complicated.  There is
23   millions of data records.  There is no field for an ICOMS ID.
24             Late last night we were told that if we combine
25   certain fields, we can transform into that into an ICOMS ID.

1  But we need to work with this data, and then we need to,

2  importantly, reconcile it against hundreds of thousands of

3  notices and other material that Your Honor compelled them to

4  produce back in February with regard to infringement notices

5  about our subscribers -- their subscribers that were

6  infringing.

7       So it really is a complicated analysis.  And my

8  concern is that they'll be the first ones to attack whether our

9  expert understood the data, was careful, was thorough, was

10 accurate.

11      So I would ask just that we push it to that Monday.

12 And to the extent that their expert has two to three weeks

13 rather than four for his rebuttal report, for a whole host of

14 reasons this is a problem of Cox's own making.  And to the

15 extent anyone should be prejudiced from it, it should be them,

16 not us.

17      THE COURT:  Okay.  Mr. Buchanan, what do you have to

18 say?

19      MR. BUCHANAN:  Well, Your Honor, we have been having

20 discussions about the production of this information for weeks.

21 And we did project three to four weeks at the hearing on

22 February 15.  And then we had problems producing it.

23      The Court doesn't find that we were specific enough

24 with regard to those problems, but it is a lengthy document

25 that we had to create.  We did get a vendor.  We did get it to

1   them.  We told them we would get it to them.

2           They are -- they just noticed a 30(b)(6) doc --
3   depositions on 49 different topics on March 20 and scheduled
4   them for April 1.  So they wanted us to produce six or seven
5   corporate 30(b)(6) witnesses on April -- the week of April 1.

6           So we've given them the names of all the witnesses.
7   We've given them the topics as to the Vice-President of
8   Finance, that's Mencher.  And so, he's going to be deposed
9   today.

10          And then we said Jarchow could testify today by video
11  conference.  You have the document -- remember, this is just a
12  document, as the Court ordered.  It is -- it has a lot of data
13  points, but it's all just records of individual accounts and
14  revenue.

15          I mean, so it's not like they're going to go through
16  an expert and say, let's go through line 1, who is this?  How
17  much money is this?  The Vice-President of Finance today is
18  going to testify about profits and losses and different
19  accounts and all of that information.  He testified in the last
20  case, they have that deposition, and they have his trial
21  testimony.

22          So we proposed that.  So then we said, okay, let's
23  try to do it next week in Atlanta.  So that's what we would
24  like to stick to.

25          And if the Court says that doesn't work, then we'll

1  make an accommodation.  But I don't know why the witness
2  couldn't testify from California by video conference on this
3  one single document, just explain what it is and what their
4  columns are.
5           In terms of the ICOMS number, we told them it's the
6  first two columns.  It says, Account Number and Item Number,
7  and you just add the numbers.  And that's the ICOMS number.
8  It's not that complicated.
9           And I just don't see them going through with a
10 witness over all of this information.  They're going to ask
11 him, what's this chart?  Can you tell us what these columns
12 mean.  Although I think they are -- they self-identify
13 themselves.
14          So we had proposed that we do the deposition in
15 Atlanta, and that Your Honor's proposal of that Friday would be
16 a fair extension.  And we actually offered them a week
17 extension.  And even in the most recent e-mail from Mr.
18 Oppenheim he says, give us a week, even though their motion
19 says two weeks.
20           So we think what the Court initially proposed is fair
21 and that they can do the deposition in Atlanta.  If the Court
22 wants to do something else, we will obviously do what the Court
23 tells us.
24          But if you push it off to that Monday, I think we
25 should get some time.  We did not act in bad faith.  I mean, we

1  worked at this.  You know, I think that we worked as quickly as
2  we could.  Remember, we're producing a lot of other
3  information, you know, an extensive amount of financial
4  information.  And that is going to be part of the deposition
5  today.
6          So that's what we request, Your Honor.  Thank you.
7          THE COURT:  Okay.  All right.  Well, Mr. Zebrak.
8          MR. ZEBRAK:  Your Honor, both with respect to the
9  specific issue of the scheduling of the expert deadlines and
10 our motion more broadly, you know, I just need to respond
11 because those -- I mean, Your Honor has heard, you know,
12 thousands or tens of thousands or hundreds of thousands of
13 disputes like these, but, you know, those are simply --
14         THE COURT:  Not hundreds of thousands, thankfully.
15         MR. ZEBRAK:  Well --
16         THE COURT:  Many, I will just put it as many.
17         MR. ZEBRAK:  Probably more than Your Honor cares to
18 count.
19         Your Honor knows when -- when a party is simply
20 bringing forward broad platitudes rather than specific facts.
21 And time and again in response to these motions that's what
22 happens.  It's a playbook where they string everything out.
23 We're the ones who suffer prejudice.
24         You know, this data is not self-defining.  If it was
25 self-defining, we would have known how to cobble it together,

1    the ICOMS ID.  These are complicated fields, but suddenly Cox's
2    lawyers are experts on what's self-defining or not to financial
3    experts, and it's just not true.
4         And if this data were so easy to explain, they
5    wouldn't need to fly a witness in across the country rather
6    than have their deponent handle it today in Atlanta.
7         And it absolutely is not true that they were having
8    discussions with us about this data and its production.  We
9    have been chasing after them.  Your Honor see the
10   correspondence chain.
11        The day before we filed our sanctions motion they
12   finally said there was an issue with backup tapes.  But as Your
13   Honor has seized upon, they put declarations in to the Court
14   that are so general and conclusory that they're
15   counterproductive.  We pointed that out on the motion to compel
16   when they put in similar such declarations after they had said,
17   we have it, we'll produce it, but then months later they said
18   they didn't.
19        And here, they are slow-rolling this.  They don't
20   want to -- and, you know, we're the ones suffering prejudice.
21        So we'd ask that we not suffer prejudice on our reply
22   report by having less time by dint of extending their rebuttal
23   report, but that we keep all deadlines the same except for
24   moving it to the -- to the Monday we suggested, Your Honor.
25        Thank you.

11

1        THE COURT:  Well, I am go ahead and order that
2   Jarchow be deposed on Wednesday -- no later than Wednesday
3   April 10, and no time limit.  I am not going to set a time
4   limit of three hours.  I think whatever it takes to get the
5   information, the limited information that you need from
6   Jarchow.  Whether it's in Atlanta or D.C., you all can work
7   out, but it has to be done by Wednesday April 10.
8        I am going to extend the deadline for the plaintiff
9   to provide their damages expert report based on the delay in
10  getting the information to them to Friday April 19.
11       That is not going to impact the defendants'
12  requirement to serve their expert report by -- their opposing
13  expert report by May 8.  So the time period is going to be
14  reduced.  But I suspect under the circumstances that's maybe
15  the best way to handle this.
16       You will have until the 19th.  That's more than a
17  week after the deposition gets taken.  You have had the
18  information now for several days.  So you would have had at
19  least the beginning parts of that information two weeks before
20  that expert report.
21       Okay?  Anything else in this case?
22       MR. BUCHANAN:  No, Your Honor.  Thank you.
23       THE COURT:  Okay.  Mr. Zebrak.
24       MR. ZEBRAK:  Yes, Your Honor.  I am not revisiting
25  the issues that we just covered, but on February 15 Your Honor

12

1 ordered them to explain something about their realization rates
2 with respect to billings. It was --
3       THE COURT: Well, that isn't a part of this motion.
4 I'm not sure I can really deal with it. Is it?
5       MR. ZEBRAK: Well, I mean, it is, Your Honor, in the
6 sense that, you know, we only obtained this data by dint of
7 filing the motion for sanctions. And we had understood that
8 when they provided the data, they would explain to us the
9 realization rates as Your Honor ordered them to do.
10       So as we filed the motion, we -- you know, we didn't
11 know that we would receive the data at all. And what we
12 understand is that they have no intention of giving us the
13 information. And said -- instead they said, we can depose one
14 of their witnesses who will be prepared to speak to the
15 questions at deposition.
16       And what our fear is, Your Honor, is that we end up
17 with murky testimony, ridden with objections from counsel,
18 rather than a clear explanation as the Court ordered. Which
19 was the predicate to allow them to produce billing information,
20 not -- not the actual revenue data. And the idea was, come at
21 trial, Your Honor didn't want them to play cute and say, well,
22 we didn't collect that, it's just billings.
23       And, you know, again, we just have no answer. And
24 they're taking liberties and not doing as the Court ordered.
25 And that's part and parcel of this.

1         THE COURT:  Well, we'll see what you get out of the
2    deposition and then deal with this.  If it's not adequate, then
3    we'll deal with that issue on another day when the record is
4    something that I can look at to make a decision.
5         MR. ZEBRAK:  Yes, Your Honor.
6         THE COURT:  I ordered certain things to be done.  I
7    didn't set the timing of it -- it's what, typically it would be
8    11 days from the date the order gets entered is the normal
9    rule.
10        But the one having to do with the financial
11   information, I just know all -- that it couldn't be done in the
12   time indicated.  Your motion didn't really, honestly,
13   specifically identify a particular document request that I
14   ordered them to provide information that they didn't provide
15   information.
16        So if the issue is the person being deposed today or
17   next week is going to be providing you with that kind of
18   information, and it's going to be him relying on that to be
19   compliant with my order to produce the realization rates and
20   those kinds of things -- you know, if they don't do that, then
21   you come back and ask for further relief.
22        But, you know, I need to have a record.  I need to
23   know what it is that you're asking me to do specifically.
24   That's the best way to deal with this case.  Okay?
25        MR. ZEBRAK:  Understood.  Thank you, Your Honor.

1  THE COURT: Thank you. Court will be adjourned.

2  NOTE: The hearing concluded at 10:53 a.m.

3  ----------------------------------------------------

4

5

6

7  C E R T I F I C A T E of T R A N S C R I P T I O N

8

9  I hereby certify that the foregoing is a true and
10 accurate transcript that was typed by me from the recording
11 provided by the court. Any errors or omissions are due to the
12 inability of the undersigned to hear or understand said
13 recording.

14

15 Further, that I am neither counsel for, related to,
16 nor employed by any of the parties to the above-styled action,
17 and that I am not financially or otherwise interested in the
18 outcome of the above-styled action.

19

20

21

22  /s/ Norman B. Linnell
    Norman B. Linnell
23  Court Reporter - USDC/EDVA

24

25