## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

     Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

     Defendants.

Case No. 1:18-cv-00950-LO-JFA

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO AMEND THE COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited,

Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc., (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of their Motion to Amend Complaint.

A proposed First Amended Complaint is attached hereto as Exhibit 1 with amended exhibits thereto. This amendment does not add any new parties, works or claims. The motion is timely under the Court's scheduling orders and, under the applicable legal standard for motions to amend, good cause exists to amend the Complaint.

## **BACKGROUND**

Plaintiffs filed this action on July 31, 2018 seeking to hold Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") contributorily and vicariously liable for infringement of their copyrights from February 2013 through November 2014. Complaint, ECF No. 1. Plaintiffs allege that Cox knew its subscribers were uploading and downloading Plaintiffs' copyrighted works without authorization and allowed them to continue doing so unfettered. *Id.*, ¶ 88. Plaintiffs further allege that Cox knew of the infringement because Plaintiffs sent thousands of infringement notices identifying specific infringements by specific subscribers. *Id.*, ¶¶ 2, 91. Yet, Cox arbitrarily capped the number of infringement notices it would receive and failed to implement procedures to address known infringements and infringers. *Id.*, ¶¶ 92, 96-103.

Count I of the Complaint alleges contributory liability because Cox knew of and materially contributed to specific infringements. Complaint, ¶¶ 104-10. Count II alleges vicarious liability because Cox had the right and ability to control the infringing activity occurring through its

network and derived a direct financial benefit from the infringement.  *Id.*, ¶¶ 113-19.  Exhibits A and B to the original Complaint identify 7,203 sound recordings and 3,526 musical compositions, respectively, that Plaintiffs allege Cox infringed secondarily.   As explained in the original Complaint, the sound recordings listed on Exhibit A and musical compositions listed on Exhibit B are both illustrative and non-exhaustive.

The proposed amendments include updating certain copyright registration numbers and work titles, updating the Plaintiffs that own or control certain works in suit (primarily due to corporate transactions), and amending out works on which Plaintiffs are no longer pursuing claims. The First Amended Complaint also includes minor edits to the narrative complaint to clarify the claim period and to conform the named Plaintiffs to the amended work lists.  These amendments will benefit the parties and the Court by advancing allegations based upon the most currently available information.[1]   This amendment does not add any new parties, works or claims.

## ARGUMENT

Rule 15(a) provides that the "Court should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that, in the absence of any apparent or declared reason, leave to amend should be freely given as the rules require); *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004).  A lack of prejudice to the nonmoving party, alone, ordinarily warrants granting leave to amend. *Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).  The reasons to amend the complaint in this case are more than adequate under this liberal standard.

The original Complaint includes claims by 58 Plaintiffs involving 10,729 works in suit. Since that time, Plaintiffs have identified minor adjustments to the list of works in suit.  The

---

[1] As with the original Complaint, the revised Exhibits A and B are representative lists of Plaintiffs' sound recordings and musical compositions that Cox is known to have infringed and not intended to be an exhaustive list of Cox's infringement of Plaintiffs' copyrights.

amendments to the narrative Complaint are minor and seek to clarify information, rather than materially edit or amend substantive matters.  For example, whereas the original Complaint sought "relief for claims of infringement that accrued from February 2013 through November 2014," Complaint, ¶ 10, the First Amended Complaint clarifies the claim period as "February 1, 2013 through November 26, 2014."  Proposed Amended Complaint, ¶ 10.  In sum, the First Amended Complaint includes claims by 53 Plaintiffs involving 10,520 works in suit.

The *Foman* Court explained that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend "should, as the rules require, be 'freely given.'"  371 U.S. at 182.  Plaintiffs' motion is timely in the overall procedural context of the case.  The Court's Scheduling Order expressly permits motion to amend the Complaint on or before April 8, 2019.  ECF No. 53 (Proposed Joint Discovery Plan); ECF No. 60 (Rule 16(b) Scheduling Order adopting the parties' proposed stipulated schedule).  More than two months remain before the close of discovery on June 14, 2019.  ECF. No. 60 at ¶ 1.  Cox has not yet taken any depositions of Plaintiffs witnesses and therefore has adequate opportunity for discovery on the First Amended Complaint.  There has been no undue delay on Plaintiffs' part and Cox will not be prejudiced by the amendment.

Furthermore, there is good cause for the amendment in that narrowing and clarifying the work lists and certain factual allegations will assist the determination of Plaintiffs' claims on the merits.  Moreover, there can be no issue of futility, as the conduct and substantive claims alleged have not changed.  This amendment does not add any new parties, works or claims.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion

for Leave to Amend the Complaint.

Dated April 8, 2019                           Respectfully Submitted,

                                              /s/ *Scott A. Zebrak*
                                              Scott A. Zebrak (38729)
                                              Matthew J. Oppenheim (*pro hac vice*)
                                              Jeffrey M. Gould (*pro hac vice*)
                                              OPPENHEIM + ZEBRAK, LLP
                                              4530 Wisconsin Avenue, NW, 5th Floor
                                              Washington, DC 20015
                                              Tel:  202-480-2999
                                              scott@oandzlaw.com
                                              matt@oandzlaw.com
                                              jeff@oandzlaw.com

                                              *Attorneys for Plaintiffs*