# Exhibit 6

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Thursday, May 2, 2019 8:12 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Cc:** Buchanan, Tom <TBuchana@winston.com>; Kerry Mustico <Kerry@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Sony v. Cox - third-party depositions

Dear Jennifer,

I write in response to your email regarding third-party depositions.

First, on April 16, 2019, Cox served a Rule 30(b)(6) deposition subpoena on RIAA and a separate

individual deposition subpoena on Ms. Sheckler. It is clear from your email below, and from the individual subpoena to Ms. Sheckler, that Cox wants to depose her in her individual capacity. Cox may not avoid the Court's limit on third-party depositions by dictating which individual(s) RIAA may designate as its Rule 30(b)(6) witness. As you know, RIAA has designated Steve Marks on all topics noticed, subject to RIAA's objections. If you still wish to depose Ms. Sheckler in her individual capacity, within the Court's limit on third-party depositions, we can discuss a mutually agreeable time and location to do so.

Second, we disagree with your contention that the two separate depositions Cox took of former Harbor Labs' employees should count as one deposition. Nor is there any reason that Cox "had to" take those two depositions, as you contend below. If either (or both of) Mr. Monson and Mr. Nielsen still worked at Harbor Labs, there is no doubt Harbor Labs would have designated one Rule 30(b)(6) witness (not two) to

testify about Harbor Labs' work and report in connection with CAS. Cox chose to subpoena two witnesses and took two depositions.

Third, there is no basis for your contention regarding Audible Magic, nor do you explain why (even if your assertions were correct) that would justify Cox's request to take 8 third-party depositions instead of the 5 permitted by the Court, or the 6 to which Plaintiffs are willing to stipulate.

RIAA served its deposition subpoena response yesterday so that issue is moot.

I have copied Scott in the event you still want discuss this by phone tomorrow, as I am unavailable tomorrow.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)

jeff@oandzlaw.com

On Apr 30, 2019, at 12:50 PM, Golinveaux, Jennifer A. <JGolinveaux@winston.com> wrote:

> Jeff,
>
> Thank you for your email. It may be helpful for you and I to have a call today or tomorrow to discuss dates for the remaining Cox witnesses.
>
> Regarding the third party depositions, you proposed stipulating to six per side. We are open to such a stipulation with two caveats. First, as you know, Vicky Sheckler of the RIAA had all of the relevant correspondence with Cox. She is the proper 30b6 witness on those topics and it should not count as an additional deposition for Cox to depose Ms. Sheckler. If we have to raise this issue with the Court, we will but would prefer to work this out with you if possible. Second, as you know we had to take two half day depositions of the former Harbor Labs engineers who co-wrote the report on the MarkMonitor technology at which you also took testimony. Again, we don't think this should properly count as two separate depositions for purposes of the limit. We are prepared to raise these issues, as well as the failure to identify Audible Magic as a relevant witness with the court if necessary, but propose the following in an effort to resolve the issue. The parties will stipulate to six third party depositions per side, and will agree to count the two Harbor Labs half day depositions as one, and RIAA will agree to make Ms. Sheckler available as

jeff@oandzlaw.com

a Rule 30b6 witness on her correspondence with Cox. I understand you have also requested an extension of time for RIAA to respond to Cox's deposition subpoena, which we can include in the stipulation. Please let me know your thoughts or call me to discuss.

Regards,
Jennifer

**Jennifer Golinveaux**

Winston & Strawn LLP

D: +1 415-591-1506

M: +1 415-699-1802

winston.com

<image008.jpg>

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Monday, April 29, 2019 6:04 AM
**To:** Leiden, Diana Hughes <DHLeiden@winston.com>; Kerry Mustico <Kerry@oandzlaw.com>
**Cc:** Anderson, Sean R. <SRanderson@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Subject:** Re: Sony v. Cox - third-party depositions

Diana – the RIAA is available for a deposition on Wednesday, May 29 in Washington, D.C. Though the RIAA has no obligation under the rules to identify the witness, as a courtesy I can inform you that Steve Marks will be the witness.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Leiden, Diana Hughes" <DHLeiden@winston.com>
**Date:** Sunday, April 28, 2019 at 3:59 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, Kerry Mustico <Kerry@oandzlaw.com>
**Cc:** "Anderson, Sean R." <sranderson@winston.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Subject:** RE: Sony v. Cox - third-party depositions

Jeff,

I haven't heard from you since April 22 about the RIAA deposition. You said that you would have information last week about the deponents and dates. Please provide no later than tomorrow.

Diana

**Diana Hughes Leiden**
Winston & Strawn LLP
D: +1 213-615-1924
winston.com