UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DECLARATION OF DIANA HUGHES LEIDEN IN SUPPORT OF
COX'S MOTION TO TAKE ADDITIONAL THIRD-PARTY DEPOSITIONS**

I, Diana Hughes Leiden, hereby declare:

1. I am a partner with the firm of Winston & Strawn LLP, attorneys of record for Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox"). I submit this declaration in support of Cox's Motion for Leave to Take Additional Third-Party Depositions (the "Motion"). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. On March 1, 2019, Cox served a document and deposition subpoena on Harbor Labs seeking testimony relating to, among other topics, a 2013-2014 report undertaken for the Center for Copyright Information ("CCI") titled "Evaluation of the MarkMonitor AntiPiracy System" ("Report"). Attached hereto as **Exhibit 1** is a true and correct copy of the subpoena.

3. Over the course of several phone conversations in February and March 2019, Ann Rubin, General Counsel for Harbor Labs, informed me that the President and Founder of Harbor Labs, Dr. Aviel Rubin, had no knowledge of the Report or its contents, and that Harbor Labs would be unable to designate a knowledgeable witness about the topics in the subpoena.

4. Ms. Rubin initially refused to disclose the identities of the individuals who were

1

involved with the Report.  After I conducted independent research, Ms. Rubin eventually confirmed that it was prepared by Dr. Christopher Monson and Dr. Seth Nielson.  Attached hereto as **Exhibit 2** is a true and correct copy of email correspondence between Ms. Rubin and me, dated February 13, 2019 through March 8, 2019.

5. On April 2, 2019 Cox served document and deposition subpoenas on Dr. Monson and Dr. Nielson.

6. Dr. Monson and Dr. Nielson both confirmed prior to the deposition that they were involved with the Report.

7. Prior to the depositions, Drs. Monson and. Nielson did not produce any substantive documents or communications relating to the Report.

8. Prior to the depositions, Harbor Labs did not provide any information that would help Cox determine whether Dr. Monson or Dr. Nielson would be able to better testify about the Report and the other noticed topics.

9. On April 16, 2019, Cox conducted two half-day depositions, one of Dr. Monson and another of Dr. Nielson, in both of which the Plaintiffs asked questions.

10. REDACTED

11. REDACTED

REDACTED

12. On April 17, 2019 I received an email from Plaintiffs' counsel stating that "Cox ha[d] already taken two [depositions] (Monson and Nielsen [sic]), and has served deposition subpoenas for six more (Stroz, Lesser, MarkMonitor, Audible Magic, RIAA, Vicky Sheckler). Even apart from the Court's limitation, scheduling these additional depositions would complicate an already challenging schedule.  Please let us know promptly which 3 of the remaining non-party, non-expert depositions Cox intends to take so we can plan accordingly."  On April 18, 2019, I emailed Plaintiffs' counsel requesting that Plaintiffs stipulate to one additional non-party, non-expert deposition. I also asked Plaintiffs' counsel to confirm who the RIAA would designate in response to Plaintiffs' Rule 30(b)(6) notice, so that the parties could efficiently plan remaining third-party depositions. Plaintiffs' counsel insisted that the half-day depositions of Drs. Monson and Nielsen should be considered two separate depositions despite the fact that Cox would have taken one Rule 30(b)(6) deposition if they had still been employed by Harbor Labs. Nonetheless, Plaintiffs would only stipulate to each side taking six third-party depositions.  Attached hereto as **Exhibit 5** is a true and correct copy of the emails.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of May, 2019 in Los Angeles, California.

/s/ Diana Hughes Leiden
 Diana Hughes Leiden
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: dhleiden@winston.com

3