# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY ENTERTAINMENT, *et al.*,<br><br>    *Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

### NOTICE OF DEPOSITION SUBPOENA

**TO:** Scott A. Zebrak
Matthew J. Oppenheim
Jeffrey M. Gould
Oppenheim + Zebrak, LLP
4530 Wisconsin Ave., NW, 5th Fl.
Washington, DC 20015

*Attorneys for Plaintiffs*

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Defendants Cox Communications, Inc. and CoxCom, LLC intend to serve a Deposition Subpoena, in the form attached hereto, on MarkMonitor Inc., on April 10, 2019, or as soon thereafter as service may be effectuated.

Dated: April 10, 2019

By: *s/ Diana Hughes Leiden*
Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817

1

Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2019, I served via email the foregoing **NOTICE OF DEPOSITION SUBPOENA** upon the following:

Scott A. Zebrak
Matthew J. Oppenheim
Jeffrey M. Gould
Oppenheim + Zebrak, LLP 4530
Wisconsin Ave., NW, 5th Fl.
Washington, DC 20015

*Attorneys for Plaintiffs*

                                             *s/ Diana Hughes Leiden*
                                             Diana Hughes Leiden (*pro hac vice*)
                                             WINSTON & STRAWN LLP
                                             333 S. Grand Avenue, Suite 3800
                                             Los Angeles, CA 90071
                                             Tel: (213) 615-1700
                                             Fax: (213) 615-1750
                                             Email: dhleiden@winston.com

                                             *Attorneys for Cox Communications, Inc. and CoxCom, LLC*

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | |
|---|---|
| Sony Music Entertainment, et al. <br> *Plaintiff* <br> v. <br> Cox Communications, Inc. and CoxCom LLC <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 1:18-cv-00950-LO-JFA <br> ) <br> ) <br> ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: MarkMonitor Inc., c/o Andrew D. Castricone, Gordon Rees Scully & Mansukhani LLP, 275 Battery Street, Suite 2000, San Francisco, CA 94111

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Winston & Strawn LLP <br> 101 California St., 35th Fl. <br> San Francisco, CA 94111 | Date and Time: <br> 04/19/2019 9:30 am |
|---|---|

The deposition will be recorded by this method: Court reporter and video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/10/2019

| *CLERK OF COURT* | OR | s/ Diana Hughes Leiden |
|---|---|---|
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Cox Communications, Inc. and CoxCom LLC , who issues or requests this subpoena, are:

Diana Hughes Leiden, Winston & Strawn LLP, 333 S. Grand Ave., Fl. 38, Los Angeles, CA, (213) 615-1700

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:18-cv-00950-LO-JFA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**ATTACHMENT A TO THE DEPOSITION SUBPOENA TO MARKMONITOR, INC.**

## **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Topics is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. "You," or "Your" shall mean MarkMonitor, Inc., and/or any of its representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing entities, including but not limited to DtecNet Software and Clarivate Analytics.

2. "Cox" shall refer to Defendants Cox Communications, Inc. and/or CoxCom, LLC.

3. "CCI" shall refer to the Center for Copyright Information and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on the CCI's behalf.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, including but not limited to written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and telegraphic, facsimile, telex or computer-assisted electronic messages (including but not limited to e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social media platforms or blogs).

5. "Complaint" shall refer to Plaintiffs' complaint filed on or about July 31, 2018, in the above-captioned matter.

6. "Configuration" shall refer to the arrangements, constructions, alignments, options, and/or structures of Your System that customers could select from when purchasing Your services and the values of any parameters or options that affect the behavior or efficacy of Your System.

7. "Document" or "Documents" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded, or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, trouble tickets, source version control history, including all source code comments and associated comments, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any Electronic Storage Device or in any Cloud Storage Account, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.  A draft or non-identical copy is a separate document within the meaning of this term.

8. "ISP" shall refer to Internet Service Provider.

9. "CAS" shall refer to the Copyright Alert System, or this system prior to the adoption of such nomenclature.

10. "RIAA" shall refer to the Recording Industry Association of America and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on the RIAA's behalf.

11. "Residential ISP Customer" shall refer to any customer of an ISP that is, for example, an individual or residence, and otherwise not a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited to any type of customer that would be targeted by a university-specific or corporate Peer-to-Peer Notice Program or a university-specific or corporate peer-to-peer litigation program.

12. "Non-Residential ISP Customer" shall refer to any customer of an ISP that is, for example, a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited to any type of customer that would be targeted by a university-specific or corporate Peer-to-Peer Notice Program or a university-specific or corporate peer-to-peer litigation program.

13. The term "Peer-to-Peer File Sharing Sites" shall include websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing, including but not limited to those utilizing the BitTorrent technology or protocol.

14. The term "Peer-to-Peer Notice Program" shall refer to any program through which any entity monitored for alleged instances of infringement of copyrighted works and either compiled data or information related to the same and/or prepared and/or sent copyright infringement notices based on the allegedly observed instances of infringement.

15. The term "Residential ISP Notice Program" shall refer to any Peer-to-Peer Notice Program that targets, at least in part, Residential ISP Customers.

16. The term "Non-Residential ISP Notice Program" shall refer to any Peer-to-Peer Notice Program that targets, at least in part, Non-Residential ISP Customers.

17. "Person" shall mean any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, former employees, representatives and agents.

18. "Plaintiff(s)" shall mean any or all of Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island

Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc., and/or any of its or their representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing entities.

19. "Stroz Friedberg" shall refer to Stroz Friedberg, an Aon company, and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting, or purporting to act, on Stroz Friedberg's behalf.

20. "Your System(s)" shall refer to Your system(s) for monitoring and/or detecting alleged copyright infringement, generating copyright infringement notices, and sending copyright infringement notices in connection with any Peer-to-Peer Notice Program.

21. "Harbor Labs" shall refer to Harbor Labs and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting, or purporting to act, on Harbor Labs' behalf.

22. As used herein, the terms "this lawsuit," "this litigation," and "this case" refer to *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.,* Case No. 1:18-cv-00950-LO-JFA, pending in the United States District Court for the Eastern District of Virginia.

23. "Plaintiffs' Claim Period" shall refer to the time period from February 2013 through November 2014.

24. "Copyright Works" shall refer to those works Plaintiffs claim were infringed and for which Plaintiffs seek relief in this litigation, as set forth in Exhibit A hereto.

25. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the topic all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa.

26. "Any" and "all" shall mean one or more.

27. The term "date" means the exact day, month and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations or matters.

28. The terms "reflecting," "referring," "relating to," "concerning" or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

29. "Including" shall mean without limitation.

30. The term "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

31. Unless the topic specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past including the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

## DEPOSITION TOPICS

1. Your process for searching for, reviewing, and producing Documents in response to Cox's Subpoena *Duces Tecum* served on January 9, 2019 (the "Document Subpoena").

2. Your Objections and Responses to the Document Subpoena.

3. Your retention policies as they relate to Documents, Your Systems, and any associated source code or technical materials.

4. Your preservation of Documents and other materials responsive to the Document Subpoena, including the manner and extent to which Your System(s), revision history, and associated source code has been maintained and preserved from 2010 to the present.

5. Your software revision policies, including any policies that explain how revisions are made to software, where prior versions are stored, and how revisions are to be documented.

6. Any and all changes made to Your System(s) and the associated source code from 2010 to the present, including but not limited to changes to Your System's design and changes to the implementation of Your System.

7. Your System's available Configurations during Plaintiffs' Claim Period.

8. Your strategy for competing in the market for online copyright infringement monitoring or enforcement services, including without limitation how You have proposed to differentiate Your services and revenue model from other providers in that market.

9. Your anti-piracy services for the RIAA and/or any Plaintiff between 2010 and present, including without limitation the services that resulted in notices being sent to Cox, and including the specific Configurations utilized by the RIAA as related to any Peer-to-Peer Notice Program.

10. The RIAA's management of and communications with You as related to any Peer-to-Peer Notice Program.

11. The RIAA's payments to You in connection with any Peer-to-Peer Notice Program.

12. Presentations, solicitations, or proposals to the RIAA and/or Plaintiffs regarding Your System.

13. Your services for CCI or in connection with the CAS.

14. The differences, if any, between Your System(s) utilized in connection with the CAS and to send infringement notices to Cox.

15. The differences, if any, between Your Systems used to target Residential ISP Customers and Non-Residential ISP Customers.

16. Your observations of alleged infringement of the Copyright Works by Cox customers, including the identification of IP addresses and how those IP addresses were linked to Cox customers, which includes but is not limited to the "evidence packages" You produced in this litigation as Bates No. MM000306.

17. The source, content, and method of preparation of Documents that were generated and/or produced by You and/or Plaintiffs that purport to show evidence of the alleged infringement of the Copyright Works in this litigation.

18. The processes and methods by which Your System generated and/or sent notices of claimed infringement to Cox or any of Cox's subscribers, account holders, or customers in connection with alleged infringement of the Copyright Works.

19. Your procedures and methods for downloading or causing to be downloaded the Copyright Works or any portion thereof from a Cox customer.

20. Analyses, reviews, assessments, criticisms, or critiques of Your System(s), including but not limited to and Your responses thereto.

21. Documents and/or information that You provided to Stroz Friedberg and Harbor Labs in connection with their analysis of Your System, including but not limited to Documents produced by You with Bates Nos. MM000189-230.

22. The technical features, abilities, limitations, or other operability and efficacy issues of Your System(s).

23. Any trouble ticket or other system that You used to track problems, issues, or bugs in Your System(s) during Plaintiffs' Claim Period, or to any version of Your System that was in effect during Plaintiffs' Claim Period.

24. The advantages and disadvantages of the software methods, and procedures, You use to identify alleged infringers of copyrighted material as compared to software methods, or procedures, used by others to identify alleged infringers of copyrighted material.