**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

SONY MUSIC ENTERTAINMENT, *et al.*,

     Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

     Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO FILE AMENDED VERSIONS OF THE
EXHIBITS TO THE FIRST AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc.,

Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., and Songs of Universal, Inc., (collectively, "Plaintiffs"), respectfully submit this memorandum of law in support of their Motion to File Amended Versions of the Exhibits to the First Amended Complaint (the "Motion").

The proposed Amended Versions of Exhibits A and B to the First Amended Complaint ("Amended Exhibits") are attached to the Motion.  The Amended Exhibits do not add any new parties, works, or claims.  The changes are technical in nature and include removing some works from suit.  The motion is timely under the Court's scheduling orders and, under the applicable legal standard for motions to amend, good cause exists for the proposed amendments.

## BACKGROUND

Plaintiffs filed this action on July 31, 2018 seeking to hold Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") contributorily and vicariously liable for infringement of their copyrights from February 2013 through November 2014.  Complaint, ECF No. 1.  Exhibits A and B to the original Complaint identify 7,203 sound recordings and 3,526 musical compositions, respectively, that Plaintiffs allege Cox secondarily infringed.  Plaintiffs filed a First Amended Complaint to update certain copyright registration numbers, work titles, and named Plaintiffs (the latter primarily due to corporate transactions).  The First Amended Complaint also eliminated certain works from the suit, clarified the claim period, and conformed the named Plaintiffs to the amended work lists.

The Court's Scheduling Order and Modified Scheduling Order, to which the parties stipulated in relevant part, contemplate that Plaintiffs may, with leave of Court, or by stipulation, file amended versions of the lists of sound recordings and compositions at issue in Exhibits A and

B, respectively.  *See* ECF No. 60 (Rule 16(b) Scheduling Order approving the Joint Discovery Plan at ECF 53); ECF No. 138 (Modified Rule 16(b) Scheduling Order).  The deadline for amending Exhibits A and B is May 15, 2019.

## ARGUMENT

Rule 15(a) provides that the "Court should freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that, in the absence of any apparent or declared reason, leave to amend should be freely given as the rules require); *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004).  A lack of prejudice to the nonmoving party, alone, ordinarily warrants granting leave to amend. *Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987).  The *Foman* Court explained that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend "should, as the rules require, be 'freely given.'"  371 U.S. at 182.  The reasons to file Amended Exhibits A and B more than adequate under this liberal standard.

The Amended Exhibits A and B further update certain copyright registration numbers, make minor edits to work titles, and eliminate some additional works from suit.  These amendments will benefit the parties and the Court by conforming the exhibits to information learned in discovery and allowing for a more orderly adjudication of the case.  There is good cause for the amendments in that narrowing and clarifying the work lists and certain factual allegations will help the ultimate decision on Plaintiffs' claims on the merits.  Moreover, there can be no issue of futility, as the substantive claims alleged have not changed.  Amending Exhibits A and B as proposed will not add any new parties, works, or claims to the suit.  Plaintiffs also do not propose

any changes to the narrative complaint.

Plaintiffs' Motion is timely.  The Court's Scheduling Orders specifically contemplate that Plaintiffs will amend the lists of works in suit in Exhibits A and Exhibit B on or before May 15, 2019.  ECF No. 53 (Proposed Joint Discovery Plan); ECF No. 60 (Rule 16(b) Scheduling Order adopting the parties' proposed stipulated schedule); ECF No. 138 (Order modifying Rule 16(B) Joint Discovery Plan).  The Amended Exhibits will not require any additional discovery. Nearly seven weeks remain before the close of discovery on July 2, 2019.  ECF. No. 138.  Accordingly, there has been no undue delay on Plaintiffs' part and Cox will not be prejudiced by the amendment.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant the Motion to File Amended Versions of the Exhibits to the First Amended Complaint.

Dated: May 15, 2019

Respectfully Submitted,

*/s/ Scott A. Zebrak*

Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*