UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

## DEFENDANTS' MOTION TO SEAL

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under seal a portion of Defendants' Reply Memorandum in Support of their Motion for Leave to take Additional Third-Party Depositions (ECF No. 153) ("Reply"), Exhibit 3 to the supporting Supplemental Declaration of Diana Hughes Leiden (ECF No. 153-2), and those portions of the Declaration that quote from the exhibit (ECF No. 153-1). The Reply and the exhibit contain information that has been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Defendants as Highly Confidential – Attorneys' Eyes Only.

Cox moves the Court to enter an order allowing Cox to file under seal Exhibit 3 to the Supplemental Declaration of Diana Hughes Leiden and those portions of the Reply which cite the exhibit, which was designated by Defendants as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order. As explained below, the procedural prerequisites for sealing have been met.

1. Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D). Thereafter, the Court will determine whether the sealing is proper. Cox follows that practice in this motion.

2. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Cox's sealing motion.

3. To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing, satisfying the first requirement.

4. To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Cox used limited sealing measures—viz., sealing an exhibit and redacting a portion of the memorandum but not the entire filing.

5. To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Cox meets the third requirement

-3-

because the exhibit contains expert opinions based on confidential proprietary information concerning Plaintiffs' and related third parties' technical data/information, commercially sensitive competitive information, and source code.

Based on the foregoing, the motion to seal should be granted. A proposed order is submitted herewith.

Dated: May 16, 2019

        Respectfully submitted,

        /s/ Thomas M. Buchanan
        Thomas M. Buchanan (VSB No. 21530)
        WINSTON & STRAWN LLP
        1700 K Street, NW
        Washington, DC 20006-3817
        Tel: (202) 282-5787
        Fax: (202) 282-5100
        Email: tbuchana@winston.com

        *Attorney for Cox Communications, Inc.*
        *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

-5-

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

<u>/s/ Thomas M. Buchanan</u>
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*