IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SONY MUSIC ENTERTAINMENT, et al.,

    Plaintiffs,

v.                                                                                          Case No.  1:18cv950-LO-JFA

COX COMMUNICATIONS, INC.,

    Defendant.

**JOHN DOE'S (1) OBJECTION TO DEFENDANT DISCLOSING ITS SUBSCRIBER INFORMATION TO PLAINTIFFS PURSUANT TO COURT'S MAY 6, 2019 ORDER AND (2) MOTION FOR LEAVE TO FILE UNDER SEAL AN UNREDACTED VERSION OF SUPPORTING DECLARATION**

    John Doe, by counsel and pursuant to Fed. R. Civ. P. 26, objects to the proposed disclosure by Defendant Cox Communications, Inc. ("Cox") to Plaintiffs of John Doe's confidential subscriber information pursuant to this Court's Order Granting Stipulation to Produce Identifying Information Concerning Certain Cox Business Subscribers [Doc. No. 140]. In addition, pursuant to Fed. R. Civ. P. 5.2(d) and Local Rule 5, John Doe moves the Court for leave to file under seal, for in camera review, an unredacted version of the attached supporting declaration, to the extent the Court deems it necessary to review the unredacted version in order to rule on this objection.  As supported by the attached declaration, John Doe states as follows for its objection:

    1.    John Doe is a non-profit corporation that provides hospital and medical care services at its health care facilities in a municipality located in a distant state outside of Virginia.  (See attached declaration ["Decl."] ¶ 2).

2. As a medical care provider, John Doe has a secured computer network, connected to the internet, and accessible only by approved employees, staff, and providers who are granted password-protected access privileges. (Decl. ¶ 3). Cox is <u>NOT</u> the internet service provider for any of John Doe's secured networks. (*Id*.).

3. Like other medical care providers, John Doe provides an unsecured, public wireless ("<u>Public WiFi</u>") network that can be accessed by patients and other visitors who agree to abide by John Doe's terms of use for the Public WiFi network. (Decl. ¶ 4). Cox is the internet service provider for this Public WiFi network. (*Id*.).

4. During the period from 2011 to 2014, before a visitor was granted access to John Doe's Public WiFi network, the visitor was required to check a box affirming that he or she would adhere to the terms of use in a written access agreement. (Decl. ¶¶ 5-6). The terms of use prohibited illegal downloading. (Decl., attachment p. 2 ("Prohibited Conduct")).

5. Periodically, John Doe would receive a notice from Cox advising that someone on the Public WiFi network had used Bit Torrent to download allegedly copyrighted material from the internet via a file sharing service. (Decl. ¶ 7). In the notice, Cox would specify a prior date (several days earlier), IP address, and port ID associated with the activity. (*Id*.).

6. The information provided by Cox did not enable John Doe to identify the specific device used by a visitor to engage in the download activity cited in Cox's notice; and, during the time period at issue, John Doe did not track the MAC address of any device that accessed its Public WiFi network. (Decl. ¶¶ 8-9)

7. In the absence of such information, John Doe will be unable to identify, for the time period at issue, the MAC address for any visitor's device that used its Public WiFi network

on the dates mentioned in any of the notices received from Cox.  Moreover, even the MAC address will not enable the litigants to determine the identity of the device user.

8.Thus, disclosure of John Doe's subscriber information will not lead to the discovery of the individual(s) who are alleged by Plaintiffs to have engaged in copyright infringement through the misuse of John Doe's network in violation of the access agreement.

9.All disclosure will accomplish is a breach of John Doe's privacy rights under the Cable Communications Privacy Act, 47 USC § 551, and the imposition of time and expense burdens on John Doe, all without furthering any claim or defense in this case.

WHEREFORE, John Doe moves the Court for an Order sustaining this objection and barring Cox from disclosing John Doe's subscriber information to Plaintiffs.  Further, if necessary for the Court to rule on this objection, John Doe moves for leave to file under seal, for in camera review by the Court, an unredacted version of the supporting declaration.

Dated:  May 20, 2019

**JOHN DOE**

By:   /s/ Timothy S. Baird

Timothy S. Baird (VA 36315)
**KUTAK ROCK LLP**
Riverfront Plaza, West Tower
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219-4071
Telephone: (804) 644-1700
Facsimile: (804) 783-6192
tim.baird@kutakrock.com

*Counsel for John Doe*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 20th day of May, 2019, I caused a copy of the foregoing objection to be sent via the Court's ECF system to all parties receiving ECF notices in this case.

      /s/ Timothy S. Baird