IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SONY MUSIC ENTERTAINMENT, et al.,

    Plaintiffs,

v.                                        Case No. 1:18cv950-LO-JFA

COX COMMUNICATIONS, INC.,

    Defendant.

## DECLARATION OF ███████

Under penalty of perjury, I declare the following facts to be true and correct:

1. I am over the age of 18, of sound mind, and have personal knowledge of the facts in this declaration.

2. I am Executive Director for ███████, which provides, among other things, network and internet access services, to ███████ (hereafter, "John Doe"), a non-profit ███ corporation that provides hospital and medical care services at its health care facilities ███. Among other duties, I am responsible for supervising the administration of those internet-connected computer networks discussed in this declaration.

3. As a medical care provider, John Doe has a secured computer network, connected to the Internet, and accessible only by approved employees, staff, and providers who are granted password-protected access privileges. Cox Communications, Inc. ("Cox") is <u>NOT</u> the internet service provider for any of John Doe's secured networks.

1

4. John Doe also provides an unsecured, public wireless ("Public WiFi") network that can be accessed by patients and any other visitors who agree to abide by John Doe's terms of use for the Public WiFi network. Cox is the internet service provider for this Public WiFi network.

5. Attached is a copy of an access agreement for the Public WiFi network for at least part of the 2011-2014 time period at issue. The access agreement describes prohibited conduct on the network, including, among other things, copyright infringement.

6. During that time period, before a visitor was granted access to John Doe's Public WiFi network, the visitor was required to check a box affirming that he or she would adhere to the current terms and conditions stated in the access agreement.

7. Periodically, John Doe would receive a notice from Cox advising that someone on the Public WiFi network had used Bit Torrent to download allegedly copyrighted material from the internet via a file sharing service. In the notice, Cox would specify a prior date (several days earlier), IP address, and port ID associated with the activity.

8. The information provided by Cox did not enable John Doe to identify the specific device used by a visitor to engage in the download activity cited in Cox's notice.

9. During the time period at issue, John Doe did not track, by MAC address, the devices accessing its Public WiFi.

This ends the Declaration.

Signed under penalty of perjury

