IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SONY MUSIC ENTERTAINMENT, et al.,

                Plaintiffs,

v.                                         Case No. 1:18cv950-LO-JFA

COX COMMUNICATIONS, INC.,
                Defendant.

**JOHN DOE'S (1) OBJECTION TO DEFENDANT DISCLOSING ITS SUBSCRIBER INFORMATION TO PLAINTIFFS PURSUANT TO COURT'S MAY 6, 2019 ORDER AND (2) MOTION FOR LEAVE TO FILE UNDER SEAL AN UNREDACTED VERSION OF SUPPORTING DECLARATION**

      John Doe, by counsel and pursuant to Fed. R. Civ. P. 26, objects to the proposed disclosure by Defendant Cox Communications, Inc. ("Cox") to Plaintiffs of its confidential subscriber information pursuant to this Court's Order Granting Stipulation to Produce Identifying Information Concerning Certain Cox Business Subscribers [Doc. No. 140]. In addition, pursuant to Fed. R. Civ. P. 5.2(d) and Local Rule 5, John Doe moves the Court for leave to file under seal, for in camera review, an unredacted version of the attached supporting declaration, to the extent the Court deems it necessary to review the unredacted version in order to rule on this objection. As supported by the attached declaration, John Doe states as follows for its objection:

      1.     John Doe is a branch of a hotel services provider located in a distant state outside of Virginia. (See attached declaration Decl. ¶ 2).

2. As a hotel services provider, John Doe has a secured computer network, connected to the internet, and accessible only by registered guests and staff. (Decl. ¶ 3). Cox is the internet service provider for this secured network. (*Id.*).

3. Like other hotel services providers, John Doe provides an unsecured, public wireless ("Public WiFi") network that can be accessed by guests and other visitors who agree to abide by John Doe's terms of use for the Public WiFi network. (Decl. ¶ 4). Cox is the internet service provider for this Public WiFi network. (*Id.*).

4. Before a guest or visitor is granted access to John Doe's Public WiFi network they are required to affirm that they will adhere to the terms of use in a written access agreement. (Decl. ¶ 5-6). The terms of use prohibited illegal downloading. (*Id.*).

5. Guests and visitors at John Doe's establishment stay only for a fixed period of time before departing. If and when John Doe would receive a notice from Cox advising that someone on the Public network had illegally downloaded copyrighted material from the internet, it had little recourse to identify a specific device or user. (Decl. ¶ 7).

6. In the absence of more information, John Doe will still be unable to identify, for the time period at issue, the specific PC address associated with the downloads in question.. Moreover, even the PC address will not enable the litigants to determine the identity of the device user.

8. Thus, disclosure of John Doe's subscriber information will not lead to the discovery of the individual(s) who are alleged by Plaintiffs to have engaged in copyright infringement through the misuse of John Doe's network in violation of the access agreement.

9. All disclosure will accomplish is a breach of John Doe's privacy rights under the Cable Communications Privacy Act, 47 USC § 551, and the imposition of time and expense burdens on John Doe, all without furthering any claim or defense in this case.

WHEREFORE, John Doe moves the Court for an Order sustaining this objection and barring Cox from disclosing John Doe's subscriber information to Plaintiffs. Further, if necessary for the Court to rule on this objection, John Doe moves for leave to file under seal, for in camera review by the Court, an unredacted version of the supporting declaration.

Dated: May 21, 2019

**JOHN DOE**

BY: /s/ Paul Jolis
Paul O. Jolis #24465
LEWIS BRISBOIS BISGAAARD & SMITH LLP
650 Town Center Drive, Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 668-5542
Facsimile: (714) 850-1030
Paul.Jolis@lewisbrisbois.com

## DECLARATION

I REDACTED, upon my oath, do hereby declare:

1. I am over the age of 18 and competent to testify to the matters herein.

2. I am an employee at REDACTED. I have the authority to represent REDACTED REDACTED located in REDACTED Kansas, regarding the request for information received by Cox Communications, Inc. ("Cox"), pursuant to a Court order from the District Court for the Eastern District of Virginia..

3. REDACTED has a secured computer network, connected to the internet, and accessible only by registered guests and staff. Cox is the internet service provider for this secured network.

4. REDACTED also provides an unsecured, public wireless network that can be accessed by guests and other visitors who agree to abide by our terms of use for the public network. Cox is the internet service provider for this public network.

5. Before a guest or visitor is granted access to our public network they are required to affirm that they will adhere to the terms of use in a written access agreement.

6. REDACTED prohibits illegal content downloading in its terms of use provided in the written access agreement.

7. From time to time, Cox sends REDACTED notices regarding its guests' illegal use of the networks. The notices the hotel receives from Cox do not provide sufficient information to identify the offending device or user.

**I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing statements are true and correct to the best of my knowledge.**

Executed on this 20th day of May, 2019.                REDACTED

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2019, I caused a copy of the foregoing objection to be sent via the Court's ECF system to all parties receiving ECF notices in this case.

/s/ Paul O. Jolis