UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## DECLARATION OF JEFFREY M. GOULD

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am Senior Counsel Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case.

2. I submit this declaration in support of Plaintiffs' Motion to Compel filed contemporaneously herewith. I have knowledge of the facts stated herein based on personal knowledge or information learned in the course of my involvement in this case. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. I have participated in teleconferences with Defendants' counsel on multiple occasions, over the course of many hours, including on December 12 and 14, 2018, January 7 and February 1, 2019, including on the issues raised by Plaintiffs' Motion.

4. I have also exchanged letters and emails with Defendants' counsel on multiple occasions, regarding discovery issues including those raised by Plaintiffs' Motion, several of which are attached as exhibits hereto and described below in Paragraph 5.

5. During a teleconference with Defendants' counsel on February 1, 2019, Plaintiffs made clear that if Cox does not track profits by subscriber, Plaintiffs could agree to narrow the request to revenue information only. During that meet and confer, Cox appeared not to object on the basis of relevance any longer and articulated no meaningful burden. Rather, Cox's current position is that it does not maintain and cannot track revenue per subscriber. Counsel for Cox also confirmed during this call that Cox maintains records of what services it provides to each customer, as well as billing records.

6. My colleagues and I have asked Cox's counsel multiple times, in letters, emails and by phone, to articulate a basis for its relevance objection to producing documents beyond Plaintiffs' notices and works, during Plaintiffs claim period. Plaintiffs have also asked Cox's counsel on numerous occasions to engage in a bilateral exchange of search terms, but Cox refuses to do so.

7. The parties exchanged letters on January 9, 11, 28 and 31, 2019 regarding Plaintiffs' request for Cox to produce infringement notice information from other copyright holders that relates to subscribers listed in infringement notices from Plaintiffs. The parties discussed this issue further by telephone on February 1, 2019. Notwithstanding prior relevance objections, in the February 1 teleconference, Cox did not stand on its relevance objection. Rather, its current position appears to be that the request poses too significant of a burden. Cox proposed the notion of providing a sample of the requested information, but it could not articulate what such sample would look like, when it could provide an example, or for how many subscribers it would provide the information.

8. True and correct copies of the following exhibits are attached to Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Compel:

   A. Cox's Objections to Plaintiffs' First Set of Requests for Production of Documents and Things, served December 4, 2019.

B. Cox's Responses to Plaintiffs' First Set of Interrogatories, served December 19, 2018.

C. Cox's First Supplemental Responses to Plaintiffs' First Set of Requests for Production of Documents and Things, served January 17, 2019.

D. Cox's Objections to Plaintiffs' Second Set of Requests for Production of Documents and Things, served January 22, 2019.

E. Excerpts of Transcript of Hearing on Motions, held December 21, 2018.

F. *BMG Rights Mgmt. (US) LLC V. Cox Commc'ns, Inc.*, Case No. 1:14-cv-1611 ("*BMG v. Cox*"), ECF No. 1018 (Order denying motion to exclude relevant emails)

G. *BMG v. Cox*, PX-1340 (redacted, subject to motion to seal)

H. *BMG v. Cox*, PX-1354 (redacted, subject to motion to seal)

I. *BMG v. Cox*, PX-1358 (redacted, subject to motion to seal)

J. *BMG v. Cox*, PX-1378 (redacted, subject to motion to seal)

K. *BMG v. Cox*, PX-1381 (redacted, subject to motion to seal)

L. *BMG v. Cox*, PX-1446 (redacted, subject to motion to seal)

M. *BMG v. Cox*, PX-1453 (redacted, subject to motion to seal)

N. *BMG v. Cox*, PX-1984 (redacted, subject to motion to seal)

O. *BMG v. Cox*, PX-2068 (redacted, subject to motion to seal)

P. January 9, 2019 Letter from J. Gould to J. Golinveaux.

Q. January 28–29, 2019 Email from J. Gould to J. Golinveaux.

R. January 31, 2019 Letter from J. Golinveaux to J. Gould.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 1, 2019 in Washington, District of Columbia.

                                                            */s/ Jeffrey M. Gould*