UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

　Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

　Defendants.

Case No. 1:18-cv-00950-LO-JFA

**COX'S RESPONSES TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES (NOS. 1-12) TO DEFENDANTS**

　　In accordance with Federal Rules of Civil Procedure 26 and 33 and Civil Local Rule 26(b) and (c), Defendants Cox Communications, Inc. and CoxCom LLC (collectively, "Cox") respond to Plaintiffs' First Set of Interrogatories as follows. This response is made solely for the purposes of this litigation. Cox's investigation into the facts of this case is ongoing and is not yet completed, and Cox therefore reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. The responses are based solely on the information that is presently available and specifically known to Cox.

**OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS**

　　Cox objects as follows to Plaintiffs' Definitions and Instructions. To the extent the Definitions or Instructions are incorporated into the requests in Plaintiffs' First Set of Interrogatories, Cox incorporates these Objections as if set forth fully in response to each such request.

1

1. Cox objects to each Definition and Instruction to the extent it purports to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

2. Cox objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague and ambiguous, and as calling for the production of information outside of Cox's possession, custody, or control, in particular to the extent that it purports to require Cox to obtain or provide information from or concerning a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise." Cox will respond consistent with and in compliance with its obligations under the Federal Rules of Civil Procedure.

3. Cox objects to the definition of the term "describe" as massively overbroad and unduly burdensome to the extent it purports to require Cox to identify "all persons, communications, or documents that … evidence your answer," which would render each of Plaintiffs' interrogatories compound, such that each of them would contain at least three discrete subparts: one seeking information; one seeking identification of persons; and one seeking identification of communications or documents. Cox will give the term "describe" its ordinary meaning.

4. Cox objects to the definition of the term "identify" as it applies to documents, to the extent it purports to impose on Cox any obligation outside the scope of the Federal Rules of Civil Procedure or the applicable rules and orders of this Court. When identifying a document or documents, Cox will specify the records in sufficient detail to enable Plaintiffs to locate and identify them as readily as Cox could, including, where appropriate, by identifying the Bates number or range of documents produced in discovery in this lawsuit.

5. Cox objects to Plaintiffs' instruction concerning information, documents, or

communications that are protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, to the extent that instruction purports to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court. Cox will respond consistent with and in compliance with its obligations under the Federal Rules of Civil Procedure.

6. Cox objects to Plaintiffs' definition of the "relevant time frame" as overbroad and unduly burdensome, since Plaintiffs have expressly limited the time period of their claims in this litigation to the period between February 2013 and November 2014 ("Plaintiffs' Claim Period").

<b>COX'S RESPONSES TO PLAINTIFFS'</b>

<b><u>INTERROGATORIES (SET ONE, NOS. 1-12)</u></b>

**INTERROGATORY NO. 1**

Identify all Persons, including current and former employees, with responsibility for designing, developing, or implementing your policies and protocols for addressing alleged copyright violations through Cox's network at any time during the period of January 1, 2008 through December 31, 2014, including by identifying the roles and dates such Persons had such responsibility.

**RESPONSE TO INTERROGATORY NO. 1**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks information outside the relevant time period in this litigation. Cox will not commit to inquire for or provide information from before January 1, 2010. Cox further objects to this request as overbroad, unduly burdensome, vague and ambiguous, in seeking the identification of "all persons" and in its use of the undefined term

"responsibility." Cox further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including Plaintiffs' request for production of documents no. 15. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its general and specific objections, Cox identifies the following current or former employees with responsibility for designing, developing, or implementing Cox's policies and protocols for addressing allegations of copyright infringement through Cox's network:

- Brent Beck (Software Engineer II from approximately 2007 through at least November 30, 2014)
- Randall Cadenhead (Privacy Counsel from approximately 2003 through approximately December, 2013)
- Matthew Carothers (head of Cox's abuse department from 2001-2007; security engineer beginning in 2007; currently Principal Security Architect)
- Andrea Dameri (Network Security engineer from approximately 2007 through at least November 30, 2014)
- Martin Matthews (Network Security engineer from approximately 2007 through at least November 30, 2014)
- Joseph Sikes (Network Security engineer from approximately 2010 through at least November 30, 2014)
- Andrew Thompson (Network Security engineer from approximately 2005 through at least November 30, 2014)
- Roger Vredenburg (Network Security engineer from approximately 2008 through at least November 30, 2014)
- Jason Zabek (Manager, Customer Safety and Abuse Operations from approximately 2009 through at least November 30, 2014)

**INTERROGATORY NO. 2**

Identify each Infringement Notice You received alleging infringement of one or more copyrights owned or controlled by a record company or music publisher. Your response should include the date of the Infringement Notice, the content allegedly infringed, the IP address of the

4

Subscriber identified in the notice, and the rights holder on whose behalf the notice was sent.

### RESPONSE TO INTERROGATORY NO. 2

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks information about works and parties not at issue in this case, and to the extent it seeks information outside Plaintiffs' Claim Period. Cox further objects to this request as overbroad, unduly burdensome, and vague and ambiguous, in requesting information concerning "copyrights owned or controlled by a record company or music publisher," because Cox lacks knowledge and cannot reasonably obtain knowledge concerning whether copyrights are "owned or controlled" by particular entities, or whether a particular entity is a record company or music publisher. Cox further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' requests for production of documents nos. 11, 19, and 22. Cox further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Cox reserves the right to shift the cost of accessing such information to Plaintiffs. Cox further objects to this request to the extent relevant information cannot be reasonably identified with information Cox possesses. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its general and specific objections, pursuant to Fed. R. Civ. P. 33(d) Cox will specify business records that will enable Plaintiffs to determine the requested information with respect to notices of claimed infringement of Plaintiffs' works that were submitted to Cox on behalf of Plaintiffs during Plaintiffs' Claim Period, to the extent Cox finds such information in its possession, custody, or control after a reasonably diligent search.

**INTERROGATORY NO. 3**

Identify each Subscriber about whom You received an Infringement Notice alleging infringement of one or more copyrights owned or controlled by a record company or music publisher. Your response should include the Subscriber's name, address, account number, bandwidth speed associated with each account, associated IP address(es), and the number of Infringement Notices you received about the Subscriber.

**RESPONSE TO INTERROGATORY NO. 3**

Cox objects that this request contains at least three discrete subparts. Cox further objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, because it seeks information concerning works and parties not at issue in this litigation, because it demands irrelevant information concerning a subscriber's "bandwidth speed," and to the extent it seeks information outside Plaintiffs' Claim Period. Cox further objects to this request as overbroad, unduly burdensome, and vague and ambiguous, in requesting information concerning "copyrights owned or controlled by a record company or music publisher," because Cox lacks knowledge and cannot reasonably obtain knowledge concerning whether copyrights are "owned or controlled" by particular entities, or whether a particular entity is a record company or music publisher. Cox further objects to this request as vague and ambiguous with respect to the term "received." Cox will not provide information concerning notices of claimed infringement that Cox obtained only through discovery in litigation, including the BMG Litigation. Cox further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' request for production of documents no. 34. Cox further objects to this request to the extent it

6

seeks information that is in Plaintiffs' possession, custody, or control, or that is equally available to Plaintiffs. Cox further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Cox reserves the right to shift the cost of accessing such information to Plaintiffs. Cox further objects to this request on the grounds that it improperly attempts to evade the requirements and procedures of 17 U.S.C. § 512(h), relating to subpoenas for the purpose of identifying alleged infringers, and to the extent it purports to require Cox to disclose information, including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its general and specific objections, pursuant to Fed. R. Civ. P. 33(d) Cox will specify business records that will enable Plaintiffs to determine the IP address of Cox subscribers for whom Cox received notices of claimed infringement of Plaintiffs' works that were submitted to Cox on behalf of Plaintiffs during Plaintiffs' Claim Period, to the extent Cox finds such information in its possession, custody, or control after a reasonably diligent search. Cox will not produce personally identifiable information, other than the IP address, for any person absent a subpoena, Court order, or other form of due process that affords any affected person notice and an opportunity to challenge the disclosure of such information. Cox is willing to confer in good faith with Plaintiffs to determine a reasonable procedure and scope for this request.

**INTERROGATORY NO. 4**

Identify each infringement notice or communication You sent to a Subscriber notifying

them of an allegation contained in an Infringement Notice.

### RESPONSE TO INTERROGATORY NO. 4

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks information about notices of claimed infringement submitted by or on behalf of third parties, and to the extent it seeks information outside Plaintiffs' Claim Period. Plaintiffs' Claim Period. Cox further objects that this request is overbroad and unduly burdensome and seeks information that is outside the scope of permissible discovery because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the parties' relative access to relevant information, the parties' resources, the amount in controversy, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Cox further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including without limitation Plaintiffs' request for production of documents no. 23. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information, including confidential or proprietary information belonging to third parties. Cox further objects to this request to the extent it purports to require Cox to disclose information, including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise. Cox further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Cox reserves the right to shift the cost of accessing such information to Plaintiffs. Cox further objects to this

request to the extent relevant information cannot be reasonably identified with information Cox possesses. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its general and specific objections, pursuant to Fed. R. Civ. P. 33(d) Cox will specify business records that will enable Plaintiffs to determine the requested information with respect to notices of claimed infringement of Plaintiffs' works that were submitted to Cox on behalf of Plaintiffs during Plaintiffs' Claim Period, to the extent Cox finds such information in its possession, custody, or control after a reasonably diligent search.

**INTERROGATORY NO. 5**

Identify each Subscriber whose Internet service You terminated, suspended, or otherwise limited in response to an Infringement Notice, including by identifying the action taken by You on the Subscriber's Internet service.

**RESPONSE TO INTERROGATORY NO. 5**

Cox objects that this request contains at least two discrete subparts. Cox further objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, to the extent it seeks information about notices of claimed infringement submitted by or on behalf of third parties, and to the extent it seeks information outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request on the grounds that it improperly attempts to evade the requirements and procedures of 17 U.S.C. § 512(h), relating to subpoenas for the purpose of identifying alleged infringers, and to the extent it purports to require Cox to disclose information,

including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise. Cox further objects to this request to the extent it seeks information that is not reasonably accessible because of undue burden or cost, and Cox reserves the right to shift the cost of accessing such information to Plaintiffs. Cox further objects to this request to the extent relevant information cannot be reasonably identified with information Cox possesses. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 6**

Identify the number of Subscribers You terminated for violation of your Acceptable Use Policy, broken out by the provision of the Acceptable Use Policy violated. For Subscribers terminated for violating more than one provision of the Acceptable Use Policy, organize Your response by grouping the provisions violated (i.e., X number of Subscribers terminated violating provisions A and B; Y number of Subscribers terminated violating provisions C and D).

**RESPONSE TO INTERROGATORY NO. 6**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, to the extent that Cox's Acceptable Use Policy applies to conduct that is not relevant to this case, to the extent it seeks information about activity unrelated to alleged infringement of Plaintiffs' works-in-suit, and to the extent it seeks information outside Plaintiffs' Claim Period. Cox further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including Plaintiffs' request for production no. 39. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ.

P. 33(d).

**INTERROGATORY NO. 7**

Describe your IP address assignment protocol, including but not limited to the manner in which You assign IP addresses to Subscribers and the circumstances under and frequency with which a Subscriber's IP address is changed.

**RESPONSE TO INTERROGATORY NO. 7**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense to the extent it seeks information outside Plaintiffs Claim Period. Cox further objects to this request to the extent it purports to require Cox to disclose confidential or proprietary information. Cox further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including Plaintiffs' request for production no. 32. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

Subject to and without waiving its general and specific objections, Cox responds as follows: an organization called the American Registry of Internet Numbers (ARIN), which is the governing body for IP address assignment in the United States, assigns certain IP addresses to Cox for its use. While Cox assigns some (but not all) business subscribers a static, or fixed, IP address, Cox does not assign residential subscribers a static IP address. Typically, IP addresses are assigned dynamically, using an industry-standard protocol called Dynamic Host Configuration Protocol, or DHCP. Under the DHCP protocol, a Cox subscriber connects to Cox's ISP network and requests an IP address from Cox's DHCP server. In response, Cox's system automatically assigns an available IP address to the subscriber's connecting device in accordance with the DHCP protocol. This assignment, which is referred to as a "DHCP lease," is

temporary, with a pre-defined time limit that is set by Cox's DHCP servers. To the best of Cox's knowledge, after a reasonably diligent inquiry and based on the information available to it at this time, the duration of DHCP leases on Cox's system during Plaintiffs' Claim Period was 24 hours, which is a typical duration for such leases. A device that is assigned an IP address using the DHCP protocol will typically attempt to renegotiate a new lease before the existing DHCP lease expires. After the renegotiation, the device may be reassigned the same IP address, or it may be assigned a new IP address. An expired IP address immediately becomes available for assignment to another connected device. Cox stores the list of assigned IP addresses, with information about the corresponding modem or connected device, in a database. When the DHCP lease expires, the database will reflect the ending time as well. Pursuant to Fed. R. Civ. P. 33(d), Cox further reserves the right to specify business records or documents that will enable Plaintiffs to determine the requested information.

**INTERROGATORY NO. 8**

Describe in detail the effect that terminating accounts of Subscribers accused of copyright infringement has, or you believe could have, on your financial interests or the attractiveness of your internet service.

**RESPONSE TO INTERROGATORY NO. 8**

Cox objects that this request contains at least two discrete subparts. Cox further objects that this request is vague and ambiguous, and to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving its general and specific objections, Cox responds as follows: When Cox terminates an Internet subscriber's account, Cox no longer provides Internet

service to the terminated subscriber, and no longer receives payment from the subscriber for the terminated service. Pursuant to Fed. R. Civ. P. 33(d) Cox will specify business records, if any, that will enable Plaintiffs to determine the requested information, to the extent Cox finds such information in its possession, custody, or control after a reasonably diligent search.

**INTERROGATORY NO. 9**

Describe in detail all technological barriers or other means or mechanisms you implemented to deter or remedy use of your internet services in violation of your Acceptable Use Policy on grounds other than copyright infringement.

**RESPONSE TO INTERROGATORY NO. 9**

Cox objects to this request as vague and ambiguous, overbroad, and unduly burdensome, and to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because Cox's Acceptable Use Policy applies to conduct that lacks relevance to the claims or defenses of any party, and to the extent the request seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as the meaning of the phrase "other means or mechanisms," and fails to describe with reasonable particularity the information sought. Cox further objects to this request because it is unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including request for production no. 41. Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 10**

Identify the revenues and profits attributable to Subscribers about whom you received Infringement Notices, including the overall revenue and profit, and the per Subscriber revenue and profit by quarter and year.

**RESPONSE TO INTERROGATORY NO. 10**

Cox objects to this request to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks information outside Plaintiffs' Claim Period, and including to the extent it seeks information concerning notices of claimed infringement submitted by or on behalf of third parties. Cox further objects that this request is vague and ambiguous, and unduly burdensome and unnecessarily duplicates other discovery requests that Plaintiffs have propounded, including Plaintiffs' request for production of documents no. 57. Cox further objects to this request to the extent it improperly seeks expert discovery outside the scope, and before the time, set by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. Cox reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 11**

State the number of Subscribers, per quarter and year from January 1, 2008 through December 31, 2014, whose internet service you terminated for failing to pay amounts owing on the Subscriber's account.

**RESPONSE TO INTERROGATORY NO. 11**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, and to the extent this request seeks information outside Plaintiffs' Claim Period. Cox

reserves its right to respond to this interrogatory pursuant to Fed. R. Civ. P. 33(d).

**INTERROGATORY NO. 12**

Describe with particularity the factual bases for Your affirmative defense that Plaintiffs' claims are barred by the doctrine of copyright misuse.

**RESPONSE TO INTERROGATORY NO. 12**

Cox objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox will not provide such privileged or protected information. Cox further objects to this request to the extent it calls for a legal conclusion, and to the extent it improperly seeks expert discovery outside the scope, and before the time, set by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court. Cox further objects to this request to the extent it seeks information not in Cox's possession, custody, or control; information that is exclusively in Plaintiffs' possession, custody, or control; or information that is publicly available, or that is equally available to Plaintiffs.

Subject to and without waiving its general and specific objections, Cox responds as follows: based on Cox's investigation, it appears that the specific IP addresses that Plaintiffs identify in their Complaint as "flagrant and serial infringers" identified in hundreds of infringement notices were assigned to corporate entities or institutions during the relevant times. As Plaintiffs are aware, entities such as these are likely to serve a large number of individual users. However, to an observer on the Internet, the online activity of all those individual users will appear to be emanating from a single IP address. Based on Cox's review of the information available to it, Cox believes that Plaintiffs knowingly and intentionally targeted hundreds of notices of claimed infringement to such entities, intending to artificially inflate the number of

15

purported infringements they had supposedly "detected" from a single IP address. Plaintiffs intended thereby to create the misleading appearance that a few individuals were committing many acts of infringement, as part of an improper attempt to expand the scope of their alleged copyrights. Cox further responds that additional discovery may reveal additional factual bases for this affirmative defense and expressly reserves the right to supplement this response. Cox further responds that additional information and evidence responsive to this request is largely or exclusively in Plaintiffs' possession, custody, or control. Cox will supplement its response as discovery progresses, pursuant to and in compliance with the Federal Rules of Civil Procedure, the Local Rules, and rules and orders of this Court.

Dated: December 19, 2018

/s/ */Michael S. Elkin/*
Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com

Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193

Tel: (212) 294-6700
Fax: (212) 294-4700
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## VERIFICATION

I. Marcus Delgado, declare:

I am Chief IP Counsel for Cox Communications, Inc. and CoxCom LLC, Defendants in the above-titled action, and I am duly authorized to make this Verification on their behalf. I have reviewed the factual, non-legal aspects of the responses by Defendants to Interrogatories Nos. 1-12 of the foregoing

### COX'S RESPONSES TO PLAINTIFFS' FIRST SET OF

### INTERROGATORIES (NOS. 1-12) TO DEFENDANTS,

and know the contents thereof. I either have personal knowledge that the matters stated in the response are true, or I am informed and believe that such matters are true. On that basis I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on _12-19-18_, in _Atlanta, GA_.

MARCUS DELGADO

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840. On December 19, 2018, I served the following documents:

**COX'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-12) TO DEFENDANTS**

pursuant to the written agreement of the parties to be served by electronic means, by email to Plaintiffs' counsel as follows:

> Jeffrey M. Gould, Oppenheim + Zebrak, LLP
> Email: jeff@oandzlaw.com

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: December 19, 2018

Signed:  /s/
              Thomas J. Kearney