UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>　　Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>　　Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF COX'S
MOTION TO FILE UNDER SEAL**

Plaintiffs submit this memorandum in support of Cox's motion to seal (ECF No. 152), submitted with its May 16, 2019 Reply Memorandum in Support of Their Motion for Leave to take Additional Third-Party Depositions (ECF No. 153) (the "Reply") and supporting Declaration of Diana Hughes Leiden (the "Leiden Declaration") (ECF No. 153-1). Cox's motion requests that the Court seal Exhibit 3 to the Leiden Declaration, as well as the portions of the Reply and the Leiden Declaration that cite to Exhibit 3. The sealed Exhibit and references thereto contain information that has been designated as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by the Parties and third parties.

Exhibit 3 and the sealed references thereto contain expert opinions based on confidential proprietary information, concerning Plaintiffs' and third parties' technical data and information, commercially sensitive competitive information, and source code. In particular, Exhibit 3 and the sealed references discuss the MarkMonitor source code – which MarkMonitor made available for Cox's inspection reluctantly, and with the highest protective designation afforded under the

Stipulated Protective Order – i.e., "Highly Confidential – Source Code." MarkMonitor has represented that if information regarding its source code is compromised, it could allow competitors to unfairly compete with MarkMonitor or enable use of related trade secrets and proprietary information for illegal or unlawful purposes. *Cox Communications, Inc. et al. v. MarkMonitor, Inc.*, 3:19-mc-80050 (N.D. Cal.), ECF No. 12. Recognizing the highly proprietary nature of that source code and associated functions, Plaintiffs have likewise designated certain information regarding MarkMonitor's technical data or information as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. The proposed sealed information impugns the functioning of confidential, proprietary systems of non-parties in ways that Plaintiffs dispute and intend to challenge. Public filing of the proposed sealed exhibit could cause unnecessary competitive harm to those non-parties.

Based on the foregoing, Plaintiffs request that the Court grant Cox's motion to seal.

Dated: May 22, 2019                         Respectfully submitted,

                                            */s/ Scott A. Zebrak*

                                            Scott A. Zebrak (38729)
                                            Matthew J. Oppenheim (*pro hac vice*)
                                            Jeffrey M. Gould (*pro hac vice*)
                                            OPPENHEIM + ZEBRAK, LLP
                                            4530 Wisconsin Avenue, NW, 5th Floor
                                            Washington, DC 20015
                                            Tel: 202-480-2999
                                            scott@oandzlaw.com
                                            matt@oandzlaw.com
                                            jeff@oandzlaw.com

                                            *Attorneys for Plaintiffs*