## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

*Plaintiffs*,

v.

COX COMMUNICATIONS, INC., *et al.*,

*Defendants*.

Case No. 1:18-cv-00950-LO-JFA

## DECLARATION OF JENNIFER A. GOLINVEAUX IN SUPPORT OF
## COX'S MOTION TO TAKE ADDITIONAL THIRD-PARTY DEPOSITIONS

I, Jennifer A. Golinveaux, hereby declare:

1.      I am a partner with the firm of Winston & Strawn LLP, attorneys of record for Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox").  I submit this declaration in support of Cox's Motion for Leave to Seek Additional Non-party, Non-Expert, Depositions (the "Motion").  I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2.      I have read Plaintiffs' Complaint in which it states that "Plaintiffs' representatives (as well as others) sent hundreds of thousands of statutory infringement notices to Cox" and that "[t]hrough Plaintiffs' infringement notices and other means, Cox had knowledge that its network was being used for copyright infringement on a massive scale, and also knew of specific subscribers engaged in such repeated and flagrant infringement."  Attached hereto as **Exhibit 1** are relevant excerpts from the First Amended Complaint.

3.      Cox identified Jill Lesser, Dr. Christopher Monson and Dr. Seth Nielsen, Stroz Friedberg LLC (Stroz Friedberg), MarkMonitor, Inc ("MarkMonitor"), Audible Magic Corporation ("Audible Magic"), Victoria Sheckler, Deputy General Counsel of the Recording

Industry of America ("RIAA"), and the RIAA as third-parties with relevant information and knowledge regarding Plaintiffs' system of providing Defendants notice of alleged infringement.

4.     Cox first learned that the RIAA retained Audible Magic in 2012 to use its audio fingerprinting technology as the means to match allegedly infringing files to original content through its review of documents produced by MarkMonitor, Stroz Friedberg and the RIAA. Although Cox served its subpoenas on these parties back in January and February, Cox had to engage in extensive meet and confers with Stroz Friedberg and MarkMonitor, and motion practice with MarkMonitor, to obtain these documents.  Audible Magic was not disclosed in Plaintiffs' initial disclosures and Defendants only learned about their relevance as a third-party by reviewing documents produced by other third-parties (MarkMonitor, Stroz Friedberg, and the RIAA). Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' initial disclosures.  Plaintiffs' own expert, Barbara Fredrickson-Cross, however, was provided access to Erling Wold, Chief Scientist of Audible Magic, for an interview about their relevant technology, which she cites in her report and relies on in her opinions.  Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from Ms. Fredrickson-Cross's expert report.

5.     On March 12, 2018 this Court issued a Scheduling Order stating that "a party may not exceed five (5) non-party, non-expert witness depositions." Attached hereto as **Exhibit 4** is a true and correct copy of the Scheduling Order.

6.     Jill Lesser is the former Executive Director for the CCI, the organization that ran the now terminated Copyright Alert System ("CAS"), an inter-industry agreement concerning standards for addressing online copyright infringement through Internet Service Providers ("ISPs"), to which many of the Plaintiffs were signatories.  The CAS system included copyright holders sending notices to participating Internet Service Providers ("ISPs") of alleged infringement

on their networks.  CAS used MarkMonitor to detect instances of alleged infringement and to send notices.

7.     On March 26, 2019 Cox served a deposition subpoena on Jill Lesser but has not yet taken her deposition.

8.     On March 1, 2019, Cox served a deposition subpoena on Harbor Labs regarding the technical analysis of and report regarding the MarkMonitor system that it conducted in 2013.

9.     On April 2, 2019 Cox served a deposition subpoena on the two former Harbor Labs employees who authored the Harbor Labs report, Drs. Monson and Nielsen and on April 16, 2019 Defendants conducted half-day depositions of them.

10.    Audible Magic is a technology company whose proprietary audio fingerprinting technology is used by companies like MarkMonitor to identify content on allegedly infringing files and match it with a database.

11.    On or around April 16, 2019 Cox served a deposition subpoena on Audible Magic and on May 6, 2019 Cox deposed Audible Magic.

12.    Stroz Friedberg is a technology consulting company that was engaged by the CCI to analyze the MarkMonitor system and created a report in 2013 assessing it.

13.    On April 30, 2019 Cox served a deposition subpoena on Stroz Friedberg and on May 6, 2019 Cox conducted a deposition of Stroz Friedberg.

14.    MarkMonitor is the company hired by the RIAA to locate the alleged infringement by Cox's subscribers, and to generate the infringement notices to Cox that are at issue in this litigation.

15.    On April 12, 2019 Cox served a deposition subpoena on MarkMonitor.

16.    MarkMonitor moved to quash the subpoena in light of its identified corporate

designees being located around the country and in foreign countries and its claimed overbreadth of the subpoena. On May 9, 2019, the Northern District of California granted the motion to quash Cox's deposition subpoena, providing guidance on the appropriate parameters of a new deposition subpoena given the witnesses and technology at issue. Cox will serve a new deposition subpoena on MarkMonitor in compliance with the Court's rulings.

17.     On April 16, 2019 Cox served deposition subpoenas on the RIAA. The deposition subpoena on the RIAA was served on Plaintiffs' counsel who also represents the RIAA. On April 17, 2019 Plaintiffs counsel accepted service for Victoria Sheckler, Deputy General Counsel of the RIAA, individually.

18.     Despite Ms. Sheckler having had all of the relevant correspondence with Cox regarding the processing of Plaintiffs' notices, the RIAA designated only one witness in response to Cox's 30(b)(6) deposition notice, Steven Marks, Chief, Digital Business & General Counsel of the RIAA.   Attached hereto as **Exhibit 5** is a true and correct example of representative correspondence between Ms. Sheckler and Cox negotiating parameters around the notices the RIAA was sending to Cox on behalf of Plaintiffs.

19.     On April 30, 2019 I sent Plaintiffs' counsel an email requesting that the stipulation for an additional deposition each would be premised on the understanding that the two half-day depositions of Dr. Monson and Dr. Nielsen should be considered one deposition and that the RIAA would designate Ms. Sheckler, the proper 30(b)(6) witness. On May 2, 2019 Mr. Gould's reply indicated that Plaintiffs did not want to stipulate to Defendants' premise regarding the additional deposition.   Attached hereto as **Exhibit 6** is a true and correct copy of the emails.

20.     The parties further met and conferred on May 7 and May 10, 2019. Plaintiffs declined to stipulate to Cox taking the identified eight non-party, non-expert witness depositions.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of May, 2019 in San Francisco, California.

/s/ Jennifer A. Golinveaux
　Jennifer A. Golinveaux
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com