# Exhibit 3

| | |
|---|---|
| **Subject:** | RE: Sony v. Cox - discovery |
| **Date:** | Thursday, April 18, 2019 at 5:58:28 PM Eastern Daylight Time |
| **From:** | Kearney, Thomas |
| **To:** | Jeff Gould, Anderson, Sean R., Golinveaux, Jennifer A. |
| **CC:** | Kerry Mustico, Scott Zebrak |
| **Attachments:** | image001.jpg |

Dear Jeff:

I write in response to your April 15, 2019 email.

1. On your first point, we disagree with your characterizations of the documents you identified in your previous email and letters, and despite our requests, you have failed to provide any authority to support their purported relevance or responsiveness. Your April 2 email also misrepresents the Court's order, as well as the scope of Plaintiffs' discovery requests and Cox's agreement to produce responsive documents. Notwithstanding, in the interest of avoiding further pointless discovery disputes, and reserving all rights, Cox has reviewed the documents you identified in your letter. Although Cox disagrees that, and will supplement its production with additional documents as set forth below.

With respect to the documents you identified as having been relied on by Plaintiffs' experts, a number of those have already been produced, and others are plainly non-responsive to any of Plaintiffs' requests. As we have explained, it is simply not the case that all documents purportedly relied on by experts in a different case, involving different plaintiffs, different works, different legal theories, and a different time period, are *per se* relevant to this case. We asked you to provide any authority you have that is to the contrary, but you have provided none. We remind you that the Court previously rejected the notion that Plaintiffs are entitled to every email concerning Cox's handling of any copyright infringement complaint. *See* Feb. 15, 2019 hearing Tr. at 28:5-7 ("You know, responses to infringement notices, if you read that literally, that would mean every response relating to every notice, infringement notice that they got.") Indeed, Plaintiffs themselves acknowledged that such an interpretation was patently overbroad. *Id.* at 31:11-12 ("clearly we don't need every communication they have ever had about the DMCA.") Notwithstanding, in order to avoid further pointless disputes, and reserving all of its rights, Cox will produce copies of the Bates numbered documents you identified in your March 20 letter at pp. 2-3, to the extent they fall within the 2010-2014 time period to which Plaintiffs have limited their requests in this case, and Cox has not already produced them. In light of the fact that the Court previously denied Plaintiffs' request for all of Cox's responses to *all* of Plaintiffs' interrogatories—and that Cox has already produced its responses to a number of interrogatories from the *BMG* case—absent identification of any specific BMG interrogatory, Cox will not provide additional interrogatory responses from the *BMG* case.

With respect to Plaintiffs' RFP 37, this issue was resolved months ago, when you informed us that Plaintiffs were seeking the same documents produced in the BMG case: "Request 37 is identical to what Cox agreed to produce in the BMG case. See BMG ECF No. 66. There is no basis to object here and Cox should produce the same documents on this topic that it produced in the BMG case." Plaintiffs' Dec. 10, 2018 Discovery Letter. Notwithstanding this, Cox has reviewed the documents you identified and will produce copies in native form, including associated underlying data if any, to the extent it has not already done so.

As to your request for the ICOMS ID numbers of subscribers who were *not* the subject of any of Plaintiffs' copyright notices during the claim period—that is, subscribers identified *only* in notices sent by RIAA outside of Plaintiffs' Claim Period—that information plainly lacks relevance to this case, and your email fails to explain why you believe they are relevant. To the extent any subscribers who were accused during 2012 were also accused during the relevant time period, Cox has provided information about all COPY OTHER tickets from 2012 that concern these subscribers, including their ICOMS ID numbers. Please explain why you believe that information about subscribers who were *not* the subject of any allegation during the relevant time period is relevant here.

With respect to your questions about COX_SONY_00515540 and COX_SONY_00515539, you have posed questions concerning both of these documents in your 30(b)(6) deposition notice, and Cox has designated a witness to testify concerning them.

2. With respect to your questions about Cox's financial statements, we are still discussing this issue with our client and will respond under separate cover.

3. We have responded in a separate email to your proposal for a means of identifying Cox Business subscribers. The parties did not enter into a formal stipulation in the *BMG* case. The *BMG* plaintiffs identified a representative set of 250 IP addresses for which their agent had purportedly sent notices of claimed infringement to Cox. To the extent that Cox was able to identify particular subscribers based on the information Plaintiffs provided, Cox had 21 days to notify the subscribers that their information was being sought in connection with the litigation, and give them an opportunity to object or seek a protective order. If the subscribers failed to do so within that time, Cox would provide certain subscriber information to the plaintiffs. *BMG* May 18, 2015 Hearing Tr. (ECF 80). Here, given the large number of subscribers that will need to be notified, Cox proposes that Cox have 10 days to notify the subscribers and 14 days for subscribers to have the opportunity to object. In the event that Cox cannot find current contact information for certain subscribers, it would reserve its rights to seek additional time to notify such subscribers. Please send a proposed stipulation for consideration as soon as possible.

4. Cox has already voluntarily provided full transcripts of witness depositions taken in the BMG case. To the extent, if any, that those depositions are relevant here (which Cox does not concede), Plaintiffs have all such relevant information. The underlying video footage is, at a minimum, plainly cumulative and duplicative, and also lacks relevance for the same reasons as the transcripts. If you are aware of any authority to the contrary, please provide it, and explain its applicability here.

5. Concerning your request for information about "documents collected and produced from Mr. Stifel's files," Cox has performed a reasonably diligent search for documents responsive to Plaintiffs' requests 12 and 13, as set forth in Cox's objections and responses to those requests.

6. The following Cox witnesses will respond to Plaintiffs' 30(b)(6) topics you identify below: Topic 7: Sidd Negretti; Topics 11, 42, and 47: Matt Carothers.

We believe that this email addresses the issues you have raised. If you think there are additional issues that remain unaddressed, please let us know promptly.

Best,
-Tom

**Thomas J. Kearney**

Winston & Strawn LLP

D: +1 415-591-6894

winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Wednesday, April 17, 2019 5:52 PM
**To:** Kearney, Thomas <TKearney@winston.com>; Anderson, Sean R. <SRanderson@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Sony v. Cox - discovery

Jennifer – Let's please confer on the below issues tomorrow.  Depending how long our 11 am ET call with Matt and Michael lasts, we can start right in after that call.  I'm then tied up at noon ET but could find some additional time early afternoon ET.  The Stifel document issue is fleshed out in more detail in my April 2 email.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com


**From:** Jeff Gould <Jeff@oandzlaw.com>
**Date:** Monday, April 15, 2019 at 2:59 PM
**To:** "Kearney, Thomas" <tkearney@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Sony v. Cox - discovery

Sean/Tom/Jennifer – I write to follow-up on several discovery issues.  Many of these issues have been outstanding for too long.  We'd prefer to avoid raising them with the Court but will do so if they are not resolved soon.

1. We have not heard back from you in response to my April 2 email (regarding my March 20 and your March 22 letter).  This includes documents BMG experts relied on, documents responsive to Requests 37 and 13, and documents referenced in Cox's productions, among other things.  There is also no basis to withhold the ICOMS IDs beyond the claim period and we request again that you provide those. We are also still awaiting a response regarding the missing data in COX_SONY_00515540 and COX_SONY_00515539.  Productions or answers to these issues are long overdue.

2. Plaintiffs have been asking for Cox Communications' overall financials for months.  You agreed

on March 27-28 to look into producing, at a minimum, financial information for Cox's commercial business internet accounts for 2011-2014.  I explained on March 29 that was insufficient given Plaintiffs' requests and the issues in the case, and that Plaintiffs need Cox Communications' full financials.  Mr. Mencher confirmed at his deposition that Cox has audited financials for each of those years, that he reviewed the 2012-2014 audited financials in preparation for his deposition, and he asked to review them in answering questions at his deposition.  I requested on the record during Mr. Mencher's deposition that Cox produce the 2011-2014 audited financials and Michael took the request under advisement.  I understand Matt Oppenheim asked Michael about the audited financials again this morning and Michael said he would check on that.  Please produce them promptly.

3. Plaintiffs also requested on March 26 the identities of Cox Business customers that were subjects of their notices.  You said Cox would consider the request but have not responded.  Too much time has passed and the proposal for notice and objection period to those subscribers may no longer be workable.  Please produce information sufficient to identify all Cox Business customers that were the subject of Plaintiffs' infringement notices (specifically, which Cox Business customers correlate to which ICOMS IDs).  In addition, pursuant to Request Nos. 17, 44, 45, Plaintiffs request copies of Cox's contracts with those Cox Business customers that were in effect from 2012-2014.

4. On March 26, Plaintiffs requested copies of video transcripts for the BMG depositions Cox previously produced.  Cox has not identified any basis to withhold those.

5. Jennifer recently acknowledged the need to schedule a deposition of Brian Stifel, but Cox has not responded to questions regarding the status of documents collected and produced from Mr. Stifel's files.

6. Cox has not identified witnesses for Plaintiffs' 30(b)(6) topics 7, 11, 42 and 47.

We look forward to your prompt responses.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue, NW | Suite 500
Washington, DC 20016
202.851.4526 direct | 202.480.2999 main
jeff@oandzlaw.com | www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:  https://twitter.com/OandZLaw

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.