# Exhibit 4

| | |
|---|---|
| **Subject:** | Re: Sony v. Cox - discovery |
| **Date:** | Tuesday, April 30, 2019 at 7:02:22 PM Eastern Daylight Time |
| **From:** | Jeff Gould |
| **To:** | Golinveaux, Jennifer A. |
| **Attachments:** | image003.jpg, image004.jpg, image005.jpg |

Jennifer - please let me know where we stand on this and when Cox will produce the complete audited financials and CB P&Ls discussed below? Thanks.

On Apr 26, 2019, at 1:41 PM, Golinveaux, Jennifer A. <JGolinveaux@winston.com> wrote:

> Jeff,
>
> I have confirmed that the P&Ls for Cox Business are not product specific and are also not audited. Nonetheless, we will agree to produce what Mr. Mencher described in his deposition excerpt below. The central repository search I reference below did include the years 2013-2014.
>
> Jennifer
>
> **Jennifer Golinveaux**
> Winston & Strawn LLP
> D: +1 415-591-1506
> M: +1 415-699-1802
> winston.com
>
> **WINSTON & STRAWN LLP**
>
> **From:** Jeff Gould <Jeff@oandzlaw.com>
> **Sent:** Friday, April 26, 2019 7:17 AM
> **To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>
> **Subject:** Re: Sony v. Cox - discovery
>
> Jennifer – Thanks, we look forward to your confirmations.  On the financials, if there are no product specific P&Ls for Cox Business, please confirm Cox will produce what Sandy Mencher described in the BMG deposition excerpt below.  Also, please confirm that Cox will produce the complete audited financial statements, including narrative notes and other information included in the audited financial statement that are necessary context for reviewing and understanding the actual financials.  Thanks.
>
> Jeffrey M. Gould
> **Oppenheim + Zebrak, LLP**
> 202.851.4526 (direct)
> jeff@oandzlaw.com
>
> **From:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
> **Date:** Friday, April 26, 2019 at 10:10 AM

**To:** Jeff Gould <Jeff@oandzlaw.com>
**Subject:** RE: Sony v. Cox - discovery

Jeff,

We are agreeing to search Stifel's emails. To my knowledge, they were not separately searched before. I believe the central repository search would have included 2013-2014 and will confirm.

My understanding is that there are not product specific P&Ls for Cox Business. I will again confirm.

Jennifer

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802

winston.com

**WINSTON & STRAWN LLP**

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Thursday, April 25, 2019 8:05 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Subject:** Re: Sony v. Cox - discovery

Jennifer – Thanks for your note.

Regarding Stifel, I still can't tell from the statements below if Cox searched Stifel's emails, so please confirm whether it did. As for the central repository documents described below, you say below that Cox has searched for and produced documents for 2015, but it should also search at least 2013-14. Please confirm it will do so. Assuming yes to these two questions, we'll take a look at the production and reserve our rights in the meantime.

Regarding financials, Cox should produce its complete audited annual financial statements for 2011-2014 and product P&Ls for Cox Business for 2011-2014. What you've proposed below does not appear to be that, but rather pieces of the audited financials. Please confirm Friday morning that Cox will produce the complete audited annual financial statements and Cox Business product P&Ls for data, phone and video for 2011-2014. If Cox refuses to do so, please (1) confirm that what you're agreeing to produce below includes at least Cox Communications' overall P&L, as well as P&L information for Cox Business, and (2) state what portions of Cox's audited financials Cox is withholding.

For your convenience, I'm pasting below Sandy Mencher's BMG deposition testimony on the Cox Business P&Ls from pages 61-62, which shows they exist and can be readily and quickly produced:

Q Does Cox create or does Cox maintain
another profit and loss statement for business
accounts?

MR. BRIDGES: Objection. Lacks foundation, vague and ambiguous.
THE WITNESS: Yes.
BY MS. ROBERTS:
Q And who maintains that report?
A When you say maintains the report, will you clarify that.
Q Who's in charge of printing out that report if it's needed?
MR. BRIDGES: Objection. Lacks foundation, vague and ambiguous.
Page 62
THE WITNESS: The report exists in
2 I'll say electronic form, and anybody who
3 has security access to our reporting
4 environment could print the report.

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Date:** Thursday, April 25, 2019 at 7:25 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>
**Subject:** FW: Sony v. Cox - discovery

Hi Jeff,

As I said in an email earlier this week, for Stifel, while reserving all rights, we will update Cox's production with documents including emails responsive to the requests you have identified subject to Cox's objections. We will do so by next week and will also include Wendy Rosen as you request. In response to your question, Cox had already searched for and collected marketing reports, plans, and studies, that would be responsive to your Request 37 during the 2015 time period from the central repository for the Consumer Insights team, which we have produced.

We will also produce the audited financials for Cox Communications that Sandy Mencher mentioned reviewing for his deposition, namely the following for 2012-2014: Balance Sheet, Income Statement/Statement of Operations, Statement of Cash Flows.

I trust this addresses your concerns.

Jennifer

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802

winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Wednesday, April 24, 2019 5:02 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Subject:** Sony v. Cox - discovery

Jennifer,

I write regarding two outstanding discovery issues.  We'd prefer to resolve these without motions practice.  If we cannot resolve them tomorrow, we intend to raise them with the Court this week.

**Stifel**:  We have asked numerous times for Cox to confirm it has or will search Mr. Stifel's documents and those of the Consumer Insights team.  Each time, Cox has replied with vague responses that it has conducted a reasonable or diligent search but would not confirm that it has or would search Mr. Stifel's files or those of the Consumer Insights team.  Last night you offered a vague statement that Cox would produce something by next week, but we do not understand what that is or whether it is sufficient.  We need to know what Cox is doing for this search, what custodians or sources are being searched, and how those searches are being conducted.  For example, are you running searches of Mr. Stifel's email for 2011-2014?  Does that email search include terms that at least include: BitTorrent or bit torrent or BT or torrent or peer-to-peer or P2P or peer2peer or DPI or deep packet or music or audio or pirate or piracy?  Is Cox searching for responsive documents within the reports, presentations and other documents that the Consumer Insight team sent and received more generally?  Absent a resolution to this by close of business Thursday, Plaintiffs intend to move to compel this Friday.

**Financials**: We have been asking for months for Cox's overall financials and Cox Business financials but have yet to receive a substantive response. Absent agreement by close of business Thursday that Cox will produce by April 30 Cox Communications, Inc.'s audited financials for 2011-2014 and Product P&Ls for Cox Business for data, phone and video, Plaintiffs intend to move to compel this Friday.

We're available to discuss these issues anytime tomorrow.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue, NW | Suite 500
Washington, DC 20016
202.851.4526 direct | 202.480.2999 main
jeff@oandzlaw.com |www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:   https://twitter.com/OandZLaw

**Page 4 of 5**

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

**Page 5 of 5**