# Exhibit 7

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>       Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>       Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## COX'S OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

PROPOUNDING PARTIES: PLAINTIFFS

RESPONDING PARTIES: Defendants Cox Communications, Inc. and CoxCom LLC

SET NUMBER: THREE (NOS. 1 [No. 77] - 8 [No. 84])

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and Civil Local Rule 26(b) and (c), Defendants Cox Communications, Inc. and CoxCom LLC (collectively, "Cox") respond to Plaintiffs' Third Set of Requests for Production of Documents and Things as follows. Cox's responses are made solely for the purposes of this litigation. Cox's responses are based upon a reasonable search, given the time allotted to respond to the requests, of facilities and files that could reasonably be expected to contain responsive information, and inquiries of Cox's employees and/or representatives who could reasonably be expected to possess responsive information. Cox's investigation into the facts of this case is ongoing and not yet completed, and Cox reserves the right to supplement or amend its responses and objections to the extent allowed by the Federal Rules of Civil Procedure, the Local Rules, and the orders of this Court.

1

## COX'S GENERAL OBJECTIONS

1. Cox objects to the requests to the extent that they call for extensive electronic production as overly broad, unduly burdensome, and oppressive. Where appropriate, Cox reserves the right to seek cost-shifting for costs associated with electronic production of data stored in inaccessible or difficult or costly to access formats, and where otherwise appropriate.

2. Cox objects to Plaintiffs' Definitions and Instructions to the extent they purport to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, and to the extent they purport to require Cox to object, respond, or produce documents before the time provided by the Federal Rules of Civil Procedure, the Local Rules, and the applicable rules of this Court.

3. To the extent that the requests, or Plaintiffs' Definitions or Instructions, purport to refer to or incorporate requests, definitions, or instructions from any of Plaintiffs' previous discovery requests, Cox incorporates its objections to such previous requests, definitions, or instructions.

4. Cox objects to the definition of the terms "you," "your," "Cox," "Defendant," or "Defendants" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Cox to collect or produce documents from undefined "parents, subsidiaries, affiliates, officers, directors, agents, employees, and/or any other person or entity currently or previously acting or purporting to act on behalf of" Cox.

5. Cox objects to the definition of the term "Customer Comments" as vague and ambiguous, overbroad, and unduly burdensome.

6.  Cox objects to the definition of the term "COPYOTHER" as vague and ambiguous, overbroad, and unduly burdensome, in particular because Cox does not use the term "COPYOTHER" to refer to "allegations of copyright infringement."

7.  Cox objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague, and ambiguous, in particular to the extent that it purports to require Cox to collect or produce documents from a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

8.  Cox objects to Plaintiffs' instruction concerning privileged information, documents, or communications, to the extent that instruction purports to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court.

9.  Cox objects to Plaintiffs' attempt to define the default "relevant time frame" of these requests as spanning the period from January 1, 2010 through December 31, 2014. Plaintiffs have expressly limited the time period of their claims in this litigation to the period between February 1, 2013 and November 26, 2014 ("Plaintiffs' Claim Period").

## COX'S OBJECTIONS TO PLAINTIFFS' REQUESTS FOR PRODUCTION (THIRD SET)

**REQUEST NO. 1 [No. 77]**

Cox Communications, Inc.'s complete audited financial statements for 2011-2014. This request includes the full auditor reports, notes, letters, opinions and narrative discussions and explanations concerning the financial statements from which COX_SONY_00974168 through COX_SONY_00974176 are excerpted.

3

**OBJECTIONS TO REQUEST NO. 1 [NO. 77]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks documents outside Plaintiffs' Claim Period. Cox further objects that this request is vague and ambiguous, in particular as to the undefined term "audited financial statements," and the string of undefined terms "full auditor reports," "notes," "letters," "opinions," and "narrative discussions and explanations." Cox further objects to this request to the extent it improperly seeks information protected from disclosure by the attorney-client privilege or other applicable privilege or doctrine. Cox further objects to this request to the extent that it is duplicative of other discovery requests that Plaintiffs have propounded.

**REQUEST NO. 2 [No. 78]**

Documents sufficient to show Cox's policies and procedures for charging customers reactivation fees after disconnecting or terminating high-speed internet service based on allegations of copyright infringement, from 2010 through 2014.

**OBJECTIONS TO REQUEST NO. 2 [No. 78]**

Cox objects that this request is vague and ambiguous, overbroad, and unduly burdensome, and seeks information that is outside the scope of permissible discovery, including because the request seeks information on issues that are irrelevant to this case, and because the request seeks documents concerning information outside Plaintiffs' Claim Period.

**REQUEST NO. 3 [No. 79]**

Weekly or monthly abuse reports generated by abuse category (i.e., showing how many tickets concern DMCA/copyright infringement vs. phishing vs. spam, etc), described by Jason

4

Zabek and Joseph Sikes in their depositions in the BMG Litigation.

**OBJECTIONS TO REQUEST NO. 3 [No. 79]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including but not limited to information about issues that are unrelated to copyright infringement, not at issue in the litigation, and not relevant to this case; and because it seeks documents concerning information outside Plaintiffs' Claim Period. Cox further objects to this request as overbroad and unduly burdensome because it is not reasonably limited in time. Cox further objects that this request is vague and ambiguous, in particular as to the undefined, ambiguous terms "Weekly or monthly abuse reports," "abuse reports generated by abuse category," the use of the inherently vague and ambiguous term "etc[.]", and a general reference to "depositions [of Jason Zabek and Joseph Sikes] in the BMG litigation," each of which is hundreds of pages long.

**REQUEST NO. 4 [No. 80]**

Documents sufficient to show all Customer Comments, from 2012 through 2014, concerning allegations of copyright infringement or COPYOTHER abuse complaints for the Cox Business customers identified in the ICOMS billing reports produced at COX_SONY_00973760 through COX_SONY_00973767, including the date and ICOMS ID associated with those Customer Comments.

**OBJECTIONS TO REQUEST NO. 4 [No. 80]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including but not limited to information about issues that are unrelated to copyright

5

infringement, not at issue in the litigation, and not relevant to this case; and because it seeks documents concerning information outside Plaintiffs' Claim Period. Cox further objects to this request as overbroad and unduly burdensome because it is not reasonably limited in time. Cox further objects that this request is vague and ambiguous, in particular as to the ambiguous terms "Customer Comments, "allegations of copyright infringement," and "COPYOTHER abuse complaints." The term "COPYOTHER" does not refer to a type of "abuse complaint[.]" Cox further objects to this request to the extent it purports to impose any requirement or discovery obligation on Cox other than those set forth in the Federal Rules of Civil Procedure and the applicable rules of this Court, including to the extent they purport to require Cox to create documents not otherwise in its possession, custody, or control, and/or to produce the same electronically stored information in more than one form. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise.

**REQUEST NO. 5 [No. 81]**

The expert reports of William Rosenblatt in the BMG Litigation, served on behalf o [*sic*] Cox.

**OBJECTIONS TO REQUEST NO. 5 [No. 81]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including but not limited to the Digital Millennium Copyright Act; legal issues and affirmative defenses not at issue here; works not at issue here; entities that are not parties to this litigation; and information outside Plaintiffs' Claim Period. Cox further objects to this request to

6

the extent it purports to require Cox to disclose confidential, proprietary, or protected information belonging to third parties. If Plaintiffs wish to take advantage of Mr. Rosenblatt's expertise, they can and should hire him for that purpose. Cox further objects to the request as an improper attempt to evade the Court's admonition that Plaintiffs "have to plow [their] own road in this case." *See* ECF No. 68.

**REQUEST NO. 6 [No. 82]**

All Documents concerning the circumstances under which Jason Zabek's, Joseph Sikes', Randall Cadenhead's and Roger Vredenburg's employment with Cox concluded, including but not limited to documents sufficient to show the date each's employment with Cox ended.

**OBJECTIONS TO REQUEST NO. 6 [No. 82]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it purports to require Cox to disclose confidential, proprietary, or protected information concerning third parties. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise. Cox further objects to this request as redundant and duplicative because Plaintiffs have taken or will take the depositions of Messrs. Zabek, Sikes, and Cadenhead; because Cox has already provided copies of previous relevant testimony of Mr. Cadenhead; and because this request is duplicative of Plaintiffs' requests no. 7 [83] and no. 8 [84].

**REQUEST NO. 7 [No. 83]**

All Documents concerning the conclusion of Jason Zabek's, Joseph Sikes', Randall Cadenhead's and Roger Vredenburg's employment with Cox, including but not limited to any agreements, notices of termination, resignation, severance, or payments.

**OBJECTIONS TO REQUEST NO. 7 [No. 83]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information outside Plaintiffs' Claim Period. Cox further objects to this request to the extent it purports to require Cox to disclose confidential, proprietary, or protected information concerning third parties. Cox further objects to the request as overbroad, unduly burdensome, and vague and ambiguous, in particular as to the meaning of the vague and ambiguous phrase "concerning the conclusion of … employment," and the undefined terms "agreements" or "payments," and fails to describe with reasonable particularity each item or category of items to be inspected. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise. Cox further objects to this request as redundant and duplicative because Plaintiffs have taken or will take the depositions of Messrs. Zabek, Sikes, and Cadenhead; because Cox has already provided copies of previous relevant testimony of Mr. Cadenhead; and because this request is duplicative of Plaintiffs' requests no. 6 [82] and no. 8 [84].

**REQUEST NO. 8 [No. 84]**

Performance reviews for Joseph Sikes, Jason Zabek, and Roger Vredenburg from 2010-2016.

**OBJECTIONS TO REQUEST NO. 8 [No. 84]**

Cox objects that this request is overbroad, unduly burdensome, and seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information far outside Plaintiffs' Claim Period. Cox further objects that the request is vague and ambiguous, overbroad, and unduly burdensome, in particular with respect to the undefined term "performance review[.]". Cox further objects to this request to the extent it purports to require Cox to disclose confidential, proprietary, or protected information concerning third parties. Cox further objects to this request to the extent it purports to require Cox to disclose information that infringes on any individual's right of privacy, whether protected under the United States or any state constitution, or federal or state statute, regulation, or common law, or otherwise. Cox further objects to this request as redundant and duplicative because Plaintiffs have taken or will take the depositions of Messrs. Zabek, Sikes, and Cadenhead; because Cox has already provided copies of previous relevant testimony of Mr. Cadenhead; and because this request is duplicative of Plaintiffs' requests no. 6 [82] and no. 7 [83].

Dated: June 10, 2019                    /s/ Michael S. Elkin
                                        Michael S. Elkin (*pro hac vice*)
                                        WINSTON & STRAWN LLP
                                        200 Park Avenue
                                        New York, NY 10166-4193
                                        Tel: (212) 294-6700
                                        Fax: (212) 294-4700

Email: melkin@winston.com

Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 101 California Street, San Francisco, CA 94111-5840. On June 10, 2019, I served the following documents:

**COX'S OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS**

pursuant to the written agreement of the parties to be served by electronic means, by email to Plaintiffs' counsel as follows:

> Jeffrey M. Gould, Oppenheim + Zebrak, LLP
> Email: jeff@oandzlaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: /s/ /*Thomas J. Kearney*/
Thomas J. Kearney

Dated: June 10, 2019