# Exhibit 17

**Subject:** Re: Sony v. Cox - discovery
**Date:** Monday, June 17, 2019 at 5:27:17 PM Eastern Daylight Time
**From:** Jeff Gould
**To:** Golinveaux, Jennifer A., Buchanan, Tom, Kearney, Thomas
**CC:** Kerry Mustico, Anderson, Sean R., Scott Zebrak
**Attachments:** image001.jpg, image002.jpg, image003.jpg, image004.jpg, image005.jpg

Let's stick with 9:30ET, thanks

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Date:** Monday, June 17, 2019 at 5:24 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, "Buchanan, Tom" <TBuchana@winston.com>, "Kearney, Thomas" <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Anderson, Sean R." <sranderson@winston.com>, Scott Zebrak <Scott@oandzlaw.com>
**Subject:** RE: Sony v. Cox - discovery

Thank you. I'm not trying to be difficult here but by the time you proposed times this morning I was already on calls/meetings during those windows and I have an 8:10 PT flight out of SFO in the morning. I land into Newark at 4:45 ET if later in the day is better for you.

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802

winston.com

WINSTON
&STRAWN
LLP

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Monday, June 17, 2019 2:18 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Buchanan, Tom <TBuchana@winston.com>; Kearney, Thomas <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>; Anderson, Sean R. <SRanderson@winston.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Sony v. Cox - discovery

Jennifer - I can try.  I have a commitment at 9 and will do my best to wrap it up by 9:30.  I'll open the line as close to 9:30 as I can.

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**

202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Date:** Monday, June 17, 2019 at 5:14 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, "Buchanan, Tom" <TBuchana@winston.com>, "Kearney, Thomas" <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Anderson, Sean R." <sranderson@winston.com>, Scott Zebrak <Scott@oandzlaw.com>
**Subject:** RE: Sony v. Cox - discovery

Can we do 9:30 ET tomorrow. I will be arriving at the airport shortly after 10 ET and it will be more challenging.

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802
winston.com

WINSTON
& STRAWN
LLP

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Monday, June 17, 2019 2:10 PM
**To:** Buchanan, Tom <TBuchana@winston.com>; Kearney, Thomas <TKearney@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>; Anderson, Sean R. <SRanderson@winston.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Sony v. Cox - discovery

We can use the conference line I included below in case others plan to join.  Thanks.

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Buchanan, Tom" <TBuchana@winston.com>
**Date:** Monday, June 17, 2019 at 5:09 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, "Kearney, Thomas" <TKearney@winston.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Anderson, Sean R." <sranderson@winston.com>, Scott Zebrak <Scott@oandzlaw.com>
**Subject:** RE: Sony v. Cox - discovery

OK, thanks. What is a good number to reach you then?

**Thomas M. Buchanan**

Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006-3817
D: +1 202-282-5787
M: +1 202-468-5787
F: +1 202-282-5100
Bio | VCard | Email | winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Monday, June 17, 2019 5:06 PM
**To:** Buchanan, Tom <TBuchana@winston.com>; Kearney, Thomas <TKearney@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>; Anderson, Sean R. <SRanderson@winston.com>; Scott Zebrak <Scott@oandzlaw.com>
**Subject:** Re: Sony v. Cox - discovery

Tom – Last Monday, June 10 I asked to confer on June 11 or 12.  No one on your team replied that request.  When you and I spoke on Wednesday, June 12, you proposed pushing the call back to Monday, June 17 (today).  Though not my preference, I agreed to that.  I then proposed specific times today and even offered to extend my availability beyond those times for a call today.  It now sounds like your team is unavailable or unwilling to confer at all today.  Obviously, this is a bit frustrating, particularly given the limited time that remains in discovery.  In any event, I can speak at 10 am ET tomorrow.

We can use this dial-in:

Conference Line 2:       (469) 941-0741
Conference Code:        160-331-8070


Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com


**From:** "Buchanan, Tom" <TBuchana@winston.com>
**Date:** Monday, June 17, 2019 at 4:40 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>, "Kearney, Thomas" <TKearney@winston.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Anderson, Sean R." <sranderson@winston.com>
**Subject:** RE: Sony v. Cox - discovery

How about 9:30 am tomorrow EST?

**Thomas M. Buchanan**

Winston & Strawn LLP
1700 K Street, N.W.
Washington, DC 20006-3817

D: +1 202-282-5787

M: +1 202-468-5787

F: +1 202-282-5100

Bio | VCard | Email | winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Monday, June 17, 2019 1:24 PM
**To:** Kearney, Thomas <TKearney@winston.com>; Golinveaux, Jennifer A. <JGolinveaux@winston.com>;
Buchanan, Tom <TBuchana@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>; Anderson, Sean R. <SRanderson@winston.com>
**Subject:** Re: Sony v. Cox - discovery

Tom B. - Following up on our call last week, you agreed to confer today on the issues in my June 11
email below.  I'm available between 2-4 ET.  Let me know what works, thanks.

In addition, we also want to discuss the following topics.  None of these topics are new and therefore
Cox should be prepared to discuss them today, as well.

1. Plaintiffs' request that Cox produce video transcripts of the BMG depositions it has produced.
   We've discussed this for months and, to date, Cox has refused to produce them.  Tom Kearney's
   May 21 email says Cox is considering this request but we have not heard back.  We need a clear
   answer please.
2. Plaintiffs' request for the data underlying the "extensive analysis" Randy Cadenhead referenced
   in Cox_Sony_00527474.  Cox agreed in the attached email to produce this but has not yet done
   so.
3. Plaintiffs also request the data underlying the last two slides of Plaintiffs' Exhibit 167 (attached),
   which Mr. Cadenhead and Mr. Beck referenced in their depositions.  These documents are
   responsive to at least Plaintiffs' RFPs 16 (re effect of copyright or infringement policies), 26 and
   38.
4. Cox's deficient privilege log.

Lastly, we also want to confer about Cox's objections to Plaintiffs' RFAs concerning ownership-related
issues.  At a minimum, we want to know if Cox plans to admit or deny the RFAs, or whether it is
standing on its burden (or other) objections without answering.

Please let me know what time you can speak.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**

202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Date:** Tuesday, June 11, 2019 at 3:41 PM
**To:** "Kearney, Thomas" <TKearney@winston.com>, "Golinveaux, Jennifer A."
<JGolinveaux@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Anderson, Sean R." <sranderson@winston.com>
**Subject:** Re: Sony v. Cox - discovery

Tom/Jennifer – I write regarding Cox's objections to Plaintiffs' Third RFPs.  As I noted last night, we would like to confer on these promptly.  I am available today or until 1:30 pm ET tomorrow (Wednesday).  Please let me know a time that works.

**Request 1:**  Cox has already produced excerpts from its 2012-2014 audited financials statements.  The narrative notes and discussions Cox is withholding are critical to understanding those financials and providing context.  You have articulated no burden and no basis for withholding them.  Your vagueness objections are misplaced.  The documents requested are clear.  It is the full packet of pages from which COX_SONY_974168 – 974176 were excerpted.  The pages already produced are labeled pages 24, 26, etc.  We want the full documents from which those excerpts were pulled (i.e. pages 1 through the end).

**Request 2:** If Cox was, in fact, charging reactivation fees and collecting such payments after disconnecting or terminating high-speed internet services based on allegations of infringement, that is a direct financial benefit from infringement occurring on its network.  It is highly relevant to Plaintiffs' vicarious liability claim.

**Request 3:** Weekly or monthly abuse reports comparing the number of DMCA notices versus other abuse types are relevant to the scope of the infringement problem on Cox's network, Cox's knowledge of the problem, and how it handled it compared to how it handled other forms of abuse on its network.  Regarding time limits, Plaintiffs will agree to a time frame of 2012-2014 for this request.  Your vagueness objection is misplaced and overstated but to clarify in any event, Mr. Zabek and Mr. Sikes described the reports Plaintiffs seek in their respective BMG depositions as follows:

> Sikes at 90:
> ```
>  5 Q Efficiency is a good thing. So all I'm
>  6 saying is, is there any kind of metric or tracking
>  7 or reporting that your group does to know for
>  8 example if 80 percent of your complaints are DMCA
>  9 complaints and 15 percent of the complaints are
> 10 spam complaints?
> 11 Obviously I'm making those numbers up. But
> 12 do you do any tracking to have an understanding of
> 13 what the breakdown is?
> 14 A We have a weekly and monthly report of
> 15 the numbers of abuse tickets by abuse type.
> ```

> Zabek at 81-82:
> ```
> You testified earlier that you
> receive reports or you review reports that
> show the volume of abuse tickets; is that right?
> MR. BRIDGES: Objection. I think
> ```

```
that misstates testimony.
THE WITNESS: Yes.
BY MR. ENGLE:
Do those reports break out the
number of complaints by category?
MR. BRIDGES: Objection. Vague and
ambiguous.
THE WITNESS: Yes.
Q What are those categories?
Let me ask it a different way and
maybe make it simpler: Are DMCA complaints a
category in the reports that you review in the
volume of abuse tickets?
MR. BRIDGES: Continuing objection
as to "DMCA complaints."
THE WITNESS: Yes.
BY MR. ENGLE:
4 Are they identified as DMCA
complaints, or are they identified by some other
language?
A No other language.
```

**Request 4**:  Abuse team notes entered into the Customer Comment field or "work log" notes regarding Cox's response to copyright abuse complaints are relevant to what Cox knew, said and did in handling copyright abuse complaints.  Contrary to Cox's objection, the request is limited to comments concerning copyright infringement or the COPY OTHER abuse type only, not other types of abuse.  Regarding time limits, Plaintiffs will agree to a time frame of 2012-2014 for this request, which is the same period of time that the Court ordered Cox to produce the ticket-action data produced at Cox_Sony_515539. Mr. Beck testified that such work log notes are stored in CATS and he could do some "validation exploration" to see if that information could be extracted into either a text file, and could also explore way to produce it in an excel-type format.

**Request 5**:  We understand that Mr. Rosenblatt discussed MarkMonitor in his report.  Cox has made clear throughout this case that it intends to attack the reliability and accuracy of MarkMonitor and the MarkMonitor systems.  Plaintiffs are entitled to know what Cox and its experts have previously stated about MarkMonitor and any opinions previously formed thereto.  If Cox previously put forth an expert who opined on the reliability of MarkMonitor, Cox cannot now hide that.

**Requests 6-9**:  A deposition of Mssrs. Sikes, Zabek, and Cadenhead is no substitute for production of Cox's internal documents concerning the circumstances under which those gentlemen's (and Mr. Vredenburg's) employment with Cox ended, or performance reviews for Mssrs. Sikes, Zabek and Vredenburg.  Plaintiffs are entitle to know what Cox's internal documents say about these issues, rather than relying solely on testimony of the individuals whose employment ended. Regarding confidentiality, there is a protective order in place.  To the extent you contend some law prohibits disclosure of the requested information, please identify it.  Performance reviews are relevant to understanding Cox's internal views on key individuals that ran the abuse department during the relevant time frame, all of whom swiftly left Cox's employ following the BMG case.  Mr. Sikes testified that he understood he might be terminated or fired and he claims he resigned instead.  He said he does not know if he could have continued his employment with Cox.  Only Cox's internal documents can shed light on that issue.  It appears the same may apply to Mr. Zabek and Mr. Vredenburg.

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)

jeff@oandzlaw.com

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Date:** Monday, June 10, 2019 at 10:58 PM
**To:** "Kearney, Thomas" <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, "Anderson, Sean R." <sranderson@winston.com>
**Subject:** Re: Sony v. Cox - discovery

Tom/Jennifer – We would like to confer about Cox's objections to Plaintiffs' Third RFPs.  I am available Tuesday afternoon ET or Wednesday until approximately 2 pm ET.  Please let me know a time in those windows that works for you.

Thanks,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Kearney, Thomas" <TKearney@winston.com>
**Date:** Monday, June 10, 2019 at 10:21 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, "Anderson, Sean R." <sranderson@winston.com>
**Subject:** RE: Sony v. Cox - discovery

Dear Jeff:

Please see the attached.

Best,
-Tom

**Thomas J. Kearney**
**Of Counsel**
Winston & Strawn LLP
T: +1 415-591-1000
D: +1 415-591-6894
winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Friday, May 24, 2019 9:00 PM

**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Anderson, Sean R. <SRanderson@winston.com>; Kearney, Thomas <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Sony v. Cox - discovery

Jennifer et al. – please see attached.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue, NW | Suite 500
Washington, DC 20016
202.851.4526 direct | 202.480.2999 main
jeff@oandzlaw.com |www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:   https://twitter.com/OandZLaw

---

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.