# Exhibit 21

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT ) <br> (US) LLC, and ROUND HILL ) <br> MUSIC LP ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COX ENTERPRISES, INC., ) <br> COX COMMUNICATIONS, INC., ) <br> COXCOM, LLC ) <br> Defendants. ) <br> ) | Case No. 1:14-cv-1611(LOG/JFA) |

### BMG RIGHTS MANAGEMENT (US) LLC AND ROUND HILL MUSIC LP'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL ADDITIONAL TIME TO DEPOSE WILLIAM ROSENBLATT

Plaintiffs BMG Rights Management (US) LLC, and Round Hill Music LP ("Copyright Holders") respectfully request that this Court compel Defendants Cox Communications, Inc., Cox Enterprises, Inc., and CoxCom, LLC's (collectively "Cox") to produce their expert witness Mr. William Rosenblatt for an additional four hours of deposition testimony, pursuant to Federal Rules of Civil Procedure 26(b)(2)(A), 30(d)(1) and 37(a)(1) and Local Rule 37(F). Federal Rule of Civil Procedure 30(d) specifically provides that the Court shall allow additional deposition time "if needed to fairly examine the deponent." As explained below, an additional four hours of deposition time is reasonable and warranted given the breadth and scope of Mr. Rosenblatt's proffered technical and non-technical opinions.

I.  **Introduction and Background**

Mr. Rosenblatt has submitted 178 pages of expert testimony in this case, including an opening report, a report rebutting two of Copyright Holders' experts (Barbara Frederiksen-Cross

1

and Terrence McGarty), and a reply report.[1] Mr. Rosenblatt has proffered testimony on at least eleven separate topics, ranging from the functionality of Rightscorp's computer code to the reasonableness of Cox's policies and procedures for handling infringement notices to the Digital Millennium Copyright Act's safe harbor provision.

Given the volume and breadth of Mr. Rosenblatt's offered opinions, on July 31, Copyright Holders asked Cox for two days of deposition testimony with Mr. Rosenblatt.[2] Cox refused and told Copyright Holders that they would be limited to seven hours with Mr. Rosenblatt. Though objecting to Cox's refusal to allow additional time, Copyright Holders prepared for and took Mr. Rosenblatt's deposition on August 5. While the deposition was occurring, other attorneys for the parties met and conferred on a variety of discovery issues, including the request for an additional day for deposition of Mr. Rosenblatt. At the meet and confer, Cox again told Copyright Holders that it would not agree to an additional day of deposition for Mr. Rosenblatt, but that Cox would further discuss the issue after Mr. Rosenblatt's deposition concluded.[3]

---

[1] Mr. Rosenblatt's reports are attached as Exhibits 1, 2 and 3.
[2] *See* July 31, 2015 email from Copyright Holders' counsel and Cox's counsel August 3, 2015 response, attached as Ex. 4.
[3] Despite diligently conducting the August 5 deposition of Mr. Rosenblatt, Copyright Holders were unable to fairly examine him due to the volume and scope of his opinions. At the conclusion of the seven-hour deposition, at almost 7:00 p.m., Cox's attorney, Mr. Bridges, told Copyright Holders' attorney, Mr. Allan, that Cox would allow it to "roll for a while" longer if Copyright Holders would not seek any additional time, but he would not commit to a specific amount of time. *See* Ex. 5 at Rough Transcript pg. 337. Mr. Allan told Mr. Bridges that he needed three to four additional hours, and again suggested that the deposition resume on another day. Mr. Bridges told Mr. Allan that Cox would not allow another three to four hours of testimony, and Mr. Allen responded that Copyright Holders would need to seek the Court's assistance.

II. <u>Standard</u>

Pursuant to FRCP 30(d) the "court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent." The Advisory Committee Notes to the 2000 Amendment to Rule 30(d) specifically contemplate such an extension for expert witnesses: "With regard to expert witnesses, there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the witness relies." *See* Advisory Committee Notes 2000 Amendment to Rule 30(d); *see also Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, No. 1:13-CV-01316-JMS, 2015 WL 4458903, at *4 (S.D. Ind. July 21, 2015) (finding that good cause existed for additional deposition time to "fairly examine" an expert witness whose testimony is important to a number of claims).

III. <u>Argument</u>

An additional four hours of deposition time is necessary for Copyright Holders to fairly examine Mr. Rosenblatt. Mr. Rosenblatt is Cox's all-purpose expert witness, and purports to be an expert on multiple subject matters. He submitted an opening and reply report and a report rebutting at least two of Copyright Holders' experts. He has personally attended multiple depositions, including the depositions of Rightscorp and several of Copyright Holders' experts. His voluminous opinions cover more than eleven distinct topics, which concern nearly every issue in this case. The following are examples of his asserted opinions and offered testimony:

- Mr. Rosenblatt purports to provide a "Technical Tutorial" of internet service, ISP architecture, Wi-Fi, BitTorrent, and email. *See e.g.*, Ex. 1, ¶¶ 20-36; Ex. 2, ¶¶ 19-62.

- Despite not being a lawyer, Mr. Rosenblatt opines that "Cox satisfies all the criteria for the safe harbor under § 512(a)." *See e.g.*, Ex. 1, ¶¶ 37-123.

- Mr. Rosenblatt describes and opines about the way that Cox's automated computer system (CATS) handles copyright infringement notices. *See e.g.*, Ex. 1, ¶¶ 49-73; Ex. 2, ¶ 4; Ex. 3, ¶¶ 30-38.

- Mr. Rosenblatt opines that Cox has adopted and reasonably implemented a repeat infringer termination policy. *See e.g.*, Ex. 1, ¶¶ 45-73.

- Mr. Rosenblatt opines that Cox's processes effectively curb copyright infringement, presenting graphs and statistical assessments, despite admitting that he has no statistical expertise. *See e.g.*, Ex. 1, ¶¶ 74-110; Ex. 2, ¶ 111; Ex. 3, ¶¶ 3, 45-58, 92-93.

- Mr. Rosenblatt compares Cox's infringement policies with the Copyright Alert System (an agreement between a handful of ISPs and content providers) and purports to describe the Copyright Alert System and AT&T's, Time Warner Cable's, Verizon's, and Cablevision's procedures under that agreement. *See e.g.*, Ex. 1, ¶¶ 75-98; Ex. 2, ¶ 97; Ex. 3, ¶¶ 51-53, 83-93.

- Mr. Rosenblatt opines that Cox notifies its subscribers of its termination policy in a reasonable fashion. *See e.g.*, Ex. 1, ¶ 111-19.

- Mr. Rosenblatt purports to describe the Rightscorp computer code for detecting infringement and compares Rightscorp identification process with that of MarkMonitor, which he also describes. *See e.g.*, Ex. 1, ¶¶ 79-80; Ex. 2, ¶¶ 36-47; Ex. 3, ¶ 85.

4

- Mr. Rosenblatt opines that Rightscorp's process for identifying infringing material is unreliable. *See e.g.*, Ex. 2, ¶¶ 62-74.

- Mr. Rosenblatt opines that Cox does not interfere with technical measures used to identify or protect copyrighted works. *See e.g.*, Ex. 1, ¶¶ 120-123.

- Mr. Rosenblatt opines that Cox cannot supervise and control its subscribers infringing behaviors. *See e.g.*, Ex. 2, ¶¶ 121-130.

Commensurate with the scope of Mr. Rosenblatt's opinions, his purported expertise is sweeping. For example, Mr. Rosenblatt claims to be an expert in internet services, computer code, BitTorrent, the DMCA, policies and procedures for handling copyright infringement notices, and Wi-Fi technology, among others.

To fairly examine Mr. Rosenblatt on his far-reaching opinions and multiple areas of purported expertise, Copyright Holders need additional deposition time with Mr. Rosenblatt.[4] Despite diligent and efficient questioning during Mr. Rosenblatt's August 5 deposition,[5] Copyright Holders were unable to sufficiently depose Mr. Rosenblatt on a number of topics including:

- Mr. Rosenblatt's experience and education that would allow him to opine on such varied subjects as computer code, Wi-Fi technology, internet services, internet

---

[4] Copyright Holders respectfully believe that another day of deposition testimony would be reasonable, but move here for only another four hours of testimony.

[5] Mr. Bridge's objections during Mr. Rosenblatt's deposition significantly impaired the efficiency of the deposition. He objected to nearly every question with a lengthy list of boilerplate objections and on many times coached the witness with speaking objections. *See* Ex. 5, Rough Transcript at pgs. 24; 33; 39; 44; 60; 71; 73; 75; 79; 96; 105; 173; 175; 176; 187-88; 197; 199; 202; 234; 245; 252; 254-55; 259; 264; 270-71; 274-77; 286; 288; 314; and 317-320; *see also Indianapolis Airport Auth.*, No. 1:13-CV-01316-JMS, 2015 WL 4458903, at *4 (finding that "the repeated use of meritless objections bordered on inappropriate and frustrated the efficient use of the allocated deposition time. Such an impediment to the examination of [the deponent] requires the Court to provide" additional deposition time).

> architecture, policies and procedures for addressing infringement notices, the DMCA, BitTorrent, and the Copyright Alert system.

- The substance of Mr. Rosenblatt's opinions on Wi-Fi technology, internet services, internet architecture and BitTorrent.

- Mr. Rosenblatt's analysis and opinions relating to the Rightscorp source code for identifying copyright infringement.

- Mr. Rosenblatt's analysis and opinions relating to CATS source code for addressing copyright infringement notices.

- Mr. Rosenblatt's opinion that Cox could not supervise or control its subscribers' infringement.

- The details of the multiple conversations that Mr. Rosenblatt claims to have had with various Cox employees.

Copyright holders need the additional deposition testimony to appropriately address Mr. Rosenblatt's opinions, including moving to exclude portions of his testimony pursuant to *Daubert*. Copyright Holders would be significantly prejudiced in their ability to do so without the extra time.

### IV. Conclusion

Plaintiffs respectfully request that this Court enter an order that allows Plaintiffs to take an additional four hours of deposition testimony of Mr. Rosenblatt and to compel Defendants to produce Mr. Rosenblatt to appear at that deposition.

Respectfully submitted,

/s/ Jeremy D. Engle

6

Walter D. Kelley, Jr. (VSB No. 21622)
HAUSFELD, LLP
1700 K Street, NW
Washington, DC 20006
Tel: (202) 540-7157
Fax: (202) 540-7201

Paul Gennari (VSB No. 46890)
pgennari@steptoe.com
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

*Of Counsel*
Michael J. Allan (admitted *pro hac vice*)
William G. Pecau (admitted *pro hac vice*)
John M. Caracappa (admitted *pro hac vice*)
Stephanie L. Roberts (admitted *pro hac vice*)
Elizabeth McKenzie (admitted *pro hac vice*)
STEPTOE & JOHNSON, LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902

Michael O. Crain
Crain Law Group, LLC
The Bottleworks
297 Prince Avenue, Suite 24
Athens, Georgia 30601
Tel. (706) 548-0970
Fax: (706) 369-8869

*Counsel for Plaintiffs*

7

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2015, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which then sent a notification of such filing (NEF) to all counsel of record:

Craig C. Reilly (VSB No. 20942)
craig.reilly@ccreillylaw.com

/s/ Jeremy D. Engle
Jeremy D. Engle (VSB No. 72919)
jengle@steptoe.com
STEPTOE & JOHNSON, LLP
1330 Connecticut Ave, NW
Washington, DC 20036
Tel.: (202) 429-3000
Fax: (202) 429-3902