# Exhibit 22

| | |
|---|---|
| **Subject:** | Re: Sony v. Cox - discovery |
| **Date:** | Thursday, March 28, 2019 at 3:41:36 PM Eastern Daylight Time |
| **From:** | Jeff Gould |
| **To:** | Kearney, Thomas, Golinveaux, Jennifer A., Anderson, Sean R. |
| **CC:** | Kerry Mustico, Buchanan, Tom, Lane, Thomas Patrick, Matt Oppenheim |
| **Attachments:** | image001.jpg, image002.jpg |

Tom – Thanks for the update. To clarify the first point below, the request is not limited to just commercial business internet accounts, but to total revenue and profits for the company. If Cox wants to break that down by type of service as it has done with the residential financials, or to break out commercial business internet accounts, that's fine.

Regarding videotapes of the BMG depositions, the video transcripts are encompassed by Plaintiffs' request for deposition transcripts and should be produced. Beyond that, it may impact the nature and number of depositions Plaintiffs need to take in this case. Please let us know.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
[jeff@oandzlaw.com](mailto:jeff@oandzlaw.com)

---

**From:** "Kearney, Thomas" <TKearney@winston.com>
**Date:** Thursday, March 28, 2019 at 2:45 PM
**To:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, Jeff Gould <Jeff@oandzlaw.com>, "Anderson, Sean R." <SRanderson@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>, "Buchanan, Tom" <TBuchana@winston.com>, "Lane, Thomas Patrick" <TLane@winston.com>
**Subject:** RE: Sony v. Cox - discovery

Jeff:

I'm writing to follow up on Jennifer's earlier email to you, below.

As to the first question you raised, we are investigating whether Cox has additional responsive, non-privileged documents showing such financial information for Cox's commercial business internet accounts for 2011-2014, and will get back to you promptly. In addition, as you know, Cox will shortly be producing a billing report, pursuant to the Court's order, which will cover the accounts identified, including both residential and business accounts.

Regarding your second question, about identifying commercial business subscribers who were the subject of Plaintiffs' notices during the claim period, we have relayed your proposal to our client and will get back to you promptly.

Finally, concerning your recent demand for times for Ms. Frederiksen-Cross to again inspect the CATS source code, we will get back to you shortly with a proposed time and location for the inspection.

Best,
-Tom

**Thomas J. Kearney**
**Of Counsel**
Winston & Strawn LLP
T: +1 415-591-1000
D: +1 415-591-6894
winston.com



**From:** Golinveaux, Jennifer A.
**Sent:** Wednesday, March 27, 2019 9:30 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>; Kearney, Thomas <TKearney@winston.com>; Anderson, Sean R. <SRanderson@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>; Buchanan, Tom <TBuchana@winston.com>; Lane, Thomas Patrick <TLane@winston.com>
**Subject:** RE: Sony v. Cox - discovery

Jeff,

We are looking into your first two issues below and will get back to you promptly. On issue three, what is the bases for your demand for videotapes of depositions from the BMG case?

Regards,
Jennifer

**Jennifer Golinveaux**
Winston & Strawn LLP
D: +1 415-591-1506
M: +1 415-699-1802
winston.com

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Tuesday, March 26, 2019 2:05 PM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Kearney, Thomas <TKearney@winston.com>; Anderson, Sean R. <SRanderson@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Sony v. Cox - discovery

Sean – I write regarding three issues.

First, Plaintiffs' Request No. 49 sought "Documents sufficient to show your total and average revenues

and profits, by year and quarter, from January 1, 2010 to present." In response, Cox has agreed to produce only "documents reflecting Cox's calculations of revenues and costs for its residential telephony, television, and internet divisions for 2011-2014." Request No. 49 is not limited to residential service and there is no basis for Cox to limit its response accordingly, particularly given Cox's assertion that many of the subscribers implicated by Plaintiffs' infringement notices are commercial business subscribers. Please confirm Cox will promptly produce total revenues and profits by year for at least 2011-2014, including for commercial business accounts. If Cox refuses to do so, please let us know by noon ET on Thursday.

Second, given Cox's position with respect to commercial business accounts and certain information Cox has provided, we need to know the identities of the commercial business subscribers associated with Plaintiffs' infringement notices. This information is squarely called for by Request No. 22. Cox initially responded by stating that it would not provide personally identifying information absent some form of due process that affords any affected individual notice and an opportunity to challenge the disclosure of such information. We subsequently agreed to receive ICOMS ID numbers as a proxy for personally identifying information, though never waived our right to ask for more detailed information. Having reviewed the information Cox has provided, Plaintiffs now need more – specifically the identity of customers associated with commercial business accounts. We believe that, based on Cox's terms of service, no further process or notice to your subscribers is required before you provide that information – particularly pursuant to the Protective Order. In the event Cox insists on some additional due process, you previously expressed Cox's willingness to follow a procedure similar to that employed in BMG, whereby Cox would provide the relevant subscribers notice of intent to disclose their identifies and a limited objection period to challenge the disclosure. If necessary, and in hopes of avoiding unnecessary motion practice, we propose the same process could be used here with a 7-day objection period. To that end, please confirm by noon ET Thursday whether Cox will either (1) produce the information immediately or, (2) alternatively, agree to the above described notice procedure and provide such notice to the commercial business customers identified in Plaintiffs' notices immediately. If Cox refuses to do either, please let us know by noon ET on Thursday.

Third, please provide us with the deposition videos for the 10 Cox witnesses whose BMG deposition transcripts Cox has produced in the Sony v. Cox case. If any of those depositions were not video-taped, please let us know.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue, NW | Suite 500
Washington, DC 20016
202.851.4526 direct | 202.480.2999 main
jeff@oandzlaw.com | www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:  https://twitter.com/OandZLaw

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under

applicable tax laws and regulations.