# Exhibit 25

| | |
|---|---|
| **Subject:** | RE: Sony v. Cox - discovery |
| **Date:** | Tuesday, May 21, 2019 at 12:09:03 PM Eastern Daylight Time |
| **From:** | Kearney, Thomas |
| **To:** | Jeff Gould, Golinveaux, Jennifer A., Anderson, Sean R. |
| **CC:** | Kerry Mustico |
| **Attachments:** | image001.jpg |

Jeff:

I write in response to your May 16, 2019 email.

As to your request for copies of additional declarations from the *BMG* litigation, most or all of the documents you have identified either (a) lack relevance, including because they relate to third parties and issues not relevant in this case; (b) are redacted or sealed to protect third-party confidential information which Cox is not permitted to disclose pursuant to the BMG protective order (and most or all of which is irrelevant in any event); (c) were filed publicly and are already available to Plaintiffs; or (d) have already been provided to Plaintiffs. The Court has repeatedly held that such blanket demands for material from the *BMG* litigation are overbroad, unduly burdensome, and improper. Accordingly, please specifically identify any particular documents you believe Plaintiffs are entitled to and explain their purported relevance to this case, and we will take your request under advisement.

As to the other issues you raised:

1. Weekly and/or monthly abuse reports generated by abuse category.

These documents are not responsive to the discovery requests you identified.  Plaintiffs' RFP 40 sought documents "concerning monitoring, review or inspection of your internet services for uses that violate your Acceptable Use Policy"; Cox agreed to produce documents concerning Cox's monitoring of its ISP system for copyright infringement, during Plaintiffs' Claim Period. The reports you have described are not responsive. Plaintiffs' RFP 22 sought documents "sufficient to show … the number and dates of Infringement Notices, the allegedly infringed content, the IP addresses and subscribers associated with Infringement Notices, and the rights holder on whose behalf the Infringement Notices were sent." Cox has already provided responsive information, subject to its objections and pursuant to the parties' agreement concerning production of PII.

2. Stifel, Rosen, Consumer Insights documents.

As Jennifer informed you nearly a month ago, we agreed to update Cox's production with documents including emails from Stifel and Rosen responsive to the requests you identified, subject to Cox's objections, and have already done so. Cox had already searched for and collected marketing reports, plans, and studies that would be responsive to your Request 37 from the central repository for the Consumer Insights team, which we have produced.

3. Unredacted Beck, Cadenhead, Sikes, Zabek summary judgment declarations from BMG.  See my email of 5/10.

    As you acknowledged, we have already provided unredacted copies of the identified declarations.

4. Cox has refused to produce the narrative discussion, notes and other information in its 2012-2014 audited financial statements, other than the Balance Sheet, Income Statement/Statement of Operations, and Statement of Cash Flows. See my email of 4/26.

   Cox stands on its production.

5. Cox's privilege log is deficient in numerous ways, including at least because it does not identify attorneys and includes email distribution for which Cox does not know the recipients. Cox has promised on multiple occasions to supplement its log but has not done so.

   Cox is willing to supplement its privilege log to identify attorneys. Please confirm that Plaintiffs will supplement their privilege log to identify the Bates numbers of redacted documents, as Cox has already done. We propose this Friday, May 24, for the exchange of supplemental privilege logs.

6. Cox has not formally produced the Tregillis' documents with bates numbers or any additional expert-related documents, which Sean mentioned were forthcoming.

   We are working to produce the Tregillis documents, and anticipate doing so soon.

7. Cox has not yet identified a witness who will testify on Topics 7, 21, 42 or 47.

   Sidd Negretti will cover Topic 7; Brian Stifel will cover Topics 21, 42, and 47.

8. Cox has refused to produce videos of the fact depositions of Cox witnesses in the BMG case. There is no basis for this refusal, nor fairness in Cox being able to use and present these for any unavailable witnesses at the trial in this case while Plaintiffs cannot. See my emails of 3/26 and 4/17.

   We are considering this issue and will get back to you.

9. I had asked a couple times if we can move Stifel and Negretti from 5/23-24 to any of the days between 5/21-23. Please let me know if that's possible.

   I understand that Jennifer is following up with you separately on these dates.

Best,

-Tom


**Thomas J. Kearney**
Winston & Strawn LLP
D: +1 415-591-6894
winston.com



**From:** Jeff Gould <Jeff@oandzlaw.com>
**Sent:** Thursday, May 16, 2019 7:54 AM
**To:** Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Anderson, Sean R. <SRanderson@winston.com>; Kearney, Thomas <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Re: Sony v. Cox - discovery

Jennifer – we haven't heard back from you on the outstanding issues below (other than 3 and 9). Thank you for providing the declarations from 3 below. Please provide the other declarations I asked about in my May 13 email (attached).

Thanks,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** Jeff Gould <Jeff@oandzlaw.com>
**Date:** Friday, May 10, 2019 at 5:59 PM
**To:** "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, "Anderson, Sean R." <sranderson@winston.com>, "Kearney, Thomas" <TKearney@winston.com>
**Cc:** Kerry Mustico <Kerry@oandzlaw.com>
**Subject:** Sony v. Cox - discovery

Jennifer – We have a number of open discovery issues that we need to resolve.

1. Weekly and/or monthly abuse reports generated by abuse category. See my emails of 5/6-7.
2. Stifel, Rosen, Consumer Insights documents. See my email of 5/8.
3. Unredacted Beck, Cadenhead, Sikes, Zabek summary judgment declarations from BMG. See my email of 5/10.
4. Cox has refused to produce the narrative discussion, notes and other information in its 2012-2014 audited financial statements, other than the Balance Sheet, Income Statement/Statement of Operations, and Statement of Cash Flows. See my email of 4/26.
5. Cox's privilege log is deficient in numerous ways, including at least because it does not identify attorneys and includes email distribution for which Cox does not know the recipients. Cox has promised on multiple occasions to supplement its log but has not done so.
6. Cox has not formally produced the Tregillis' documents with bates numbers or any additional expert-related documents, which Sean mentioned were forthcoming.
7. Cox has not yet identified a witness who will testify on Topics 7, 21, 42 or 47.
8. Cox has refused to produce videos of the fact depositions of Cox witnesses in the BMG case. There is no basis for this refusal, nor fairness in Cox being able to use and present these for any unavailable witnesses at the trial in this case while Plaintiffs cannot. See my emails of 3/26 and

    4/17.
9. I had asked a couple times if we can move Stifel and Negretti from 5/23-24 to any of the days between 5/21-23.  Please let me know if that's possible.

Please let me know where we stand on these issues.  I'm available to confer early next week.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
4530 Wisconsin Avenue, NW | Suite 500
Washington, DC 20016
202.851.4526 direct | 202.480.2999 main
jeff@oandzlaw.com | www.oandzlaw.com

Follow Oppenheim + Zebrak on Twitter:  https://twitter.com/OandZLaw

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.