UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## PLAINTIFFS' MOTION FOR SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under seal certain exhibits to their Memorandum in Support of Plaintiffs' Motion to Compel (ECF No. 177). Plaintiffs' exhibits contain information that Plaintiffs have designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58).

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D). Thereafter, the Court will determine whether the sealing is proper.

Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

(2) consider less drastic alternatives to sealing the documents, and

(3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Plaintiffs' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled for June 28, 2019, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Plaintiffs provide the bases that warrant sealing each exhibit as follows:

**Exhibit 2**: Excerpt from the April 5, 2019 Deposition Transcript of Mr. Sanford Mencher

> This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 5**: Excerpts from Cox's 2012-2014 Financial Statements

> This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 10**: Presentation titled "Education"

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 11**: Excerpt from the April 25, 2019 Deposition Transcript of Mr. Matthew Carothers

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 12**: Excerpt from the Rebuttal Expert Report of Dr. Lynne J. Weber, Ph.D.

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 13**: Excerpt from the June 4, 2019 Deposition Transcript of Mr. Randall Cadenhead

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 14**: Excerpt from the June 5, 2019 Deposition Transcript of Mr. Brent Beck

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 15**: Document titled "Abuse Department CBS Ticket Handling Procedures" dated January 17, 2010

 This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.).  Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 16**: Email chain re: "Abuse Issue" dated October 28, 2011

 This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.).  Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 18**: Excerpt from spreadsheet containing CATS ticket data

 This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.).  Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 27**: Excerpt from Dr. Almeroth's Rebuttal Expert Report

 This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.).  Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 28**: Internal Cox e-mail dated May 6, 2014, attaching document titled "What is abuse?"

 This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.).  Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 29**: Document titled "Q&A for Cox DMCA Process"

 This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order.

(ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**Exhibit 30**: Excerpt from the May 15, 2019 Deposition Transcript of Mr. Joseph Sikes

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

For the reasons above, Plaintiffs respectfully request that the exhibits at issue be sealed.

Respectfully submitted,

Dated June 21, 2019

/s/ Scott. A Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*