# Exhibit C

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>     Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**MARCH 20, 2019 NOTICE OF 30(b)(6) DEPOSITION TO DEFENDANTS**
**COX COMMUNICATIONS, INC. AND COXCOM, LLC**

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendants Cox Communications, Inc. and CoxCom LLC (collectively, "Cox") object to the Notice of 30(b)(6) Deposition (the "Notice") and to the Definitions and Topics set forth in Attachment A to the Notice as set forth below:

**GENERAL OBJECTIONS**

1.     Cox objects to the Topics to the extent they seek information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine or right of privacy of Cox. Cox does not intend to provide any such information, and nothing contained in these objections is intended to be, or in any way shall be deemed, a waiver of an available privilege or immunity or the work product doctrine.

2.     Cox objects to the Topics to the extent they seek information already in the possession of or readily available to Plaintiffs or any party to the above-captioned matter.

1

3.     Cox objects to the Topics to the extent they seek testimony or information that is vague, overly broad, ambiguous, unduly burdensome, or indefinite.

4.     Cox objects to the definitions and instructions to the extent that they purport to enlarge, expand or alter in any way the plain meaning and scope of any specific Topics beyond the extent provided by the Federal Rules of Civil Procedure, the Local Rules, or orders of this Court, and on the ground that such alteration is ambiguous, unduly broad, uncertain and/or unauthorized.

5.     Cox objects to the Notice to the extent it attempts to impose obligations beyond those imposed by the Federal Rules of Civil Procedure.

6.     Cox objects to the Topics to the extent they seek information that is not proportional to the needs of the case.

7.     Cox objects to the Topics as overbroad and unduly burdensome because they are not reasonably limited as to time. Unless otherwise noted, Cox will interpret the Topics as limited to the period February 2013 through November 2014 ("Plaintiffs' Claim Period").

8.     Cox objects to the Topics to the extent they do not describe with reasonable particularity the matters on which examination is requested.

9.     Cox objects to the Topics to the extent they seek information that is in the possession, custody, or control of persons or entities other than Cox or its agents, information regarding third parties, or information that is uniquely within the Plaintiffs' control.

10.     To the extent any Topic seeks information contained in emails or other documents that are in Plaintiffs' possession, Cox objects to such Topic as overly broad and unduly burdensome.

11.     Cox's objections shall not be construed as an adoption by Cox of any statement, characterization, or contention of fact or law in the Notice or in the Topics and nothing herein shall be or be deemed a waiver of any of Cox's rights.

12.     In objecting to the Notice and/or Topics, Cox does not concede that any of the information sought is relevant or material to the subject matter of the contested matter or reasonably calculated to lead to the discovery of admissible evidence. Cox reserves the right to amend or supplement its objections and reserves all objections to the admissibility of any testimony.

## OBJECTIONS TO PLAINTIFFS' DEFINITIONS AND INSTRUCTIONS

1.     Cox objects to the definitions of the words "Cox," "you," "your," "Defendant," and "Defendants," to the extent Plaintiffs seek to expand the scope of those terms beyond the scope as set forth in the Federal Rules of Civil Procedure, the Local Rules, or orders of this Court. Cox objects to this definition as seeking to impose a burden not authorized by the Federal Rules of Civil Procedure. Cox further objects to this definition to the extent it purports to require the furnishing of information in the possession, custody, or control of persons or entities other than Cox.  Cox responds to the Notice solely on behalf of itself and no other person or entity.

2.     Cox objects to the definition of the terms "person" or "persons" as overbroad and unduly burdensome, vague and ambiguous, and as calling for the production of information outside of Cox's possession, custody, or control, in particular to the extent that it purports to require Cox to provide testimony concerning a "person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise."

3.     Cox objects to the definition of the term "MarkMonitor" as overbroad and unduly burdensome, and as vague and ambiguous, because Cox lacks knowledge of the "parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and

accountants, and/or any other person or entity currently or previously acting or purporting to act on [the] behalf" of the identified entities.

4.      Cox objects to the definition of the term "Infringement Notice" as vague and ambiguous, as argumentative, as improperly incorporating a legal conclusion, and as requiring Cox to speculate as to the existence and ownership of unidentified copyrights, and as to whether a particular notification was made "pursuant to" the DMCA.

5.      Cox objects to the definition of the term "subscriber" as overbroad and unduly burdensome, vague and ambiguous to the extent that it purports to require Cox to provide testimony not relevant to any party's claim or defense, including testimony about subscribers not alleged to have infringed Plaintiffs' copyrights.

6.      Cox objects to the definition of the term "Cox Graduated Response" and "Graduated Response" to the extent it purports to refer to any system for responding to violations of Cox's Acceptable Use Policy or terms of service that are unrelated to copyright infringement.

7.      Cox objects to the definition of the term "Acceptable Use Policy" or "AUP" as vague and ambiguous, overbroad, and unduly burdensome in referring to "any policy" concerning a broad range of subjects. Cox will interpret these terms consistent with Cox's ordinary usage.

8.      Cox will provide a witness or witnesses consistent with and in compliance with its obligations under the Federal Rules of Civil Procedure.

<u>**COX'S OBJECTIONS TO PLAINTIFFS' TOPICS**</u>

**TOPIC NO. 1.** Cox's revenues, expenses and profits. This topic includes revenues, expenses and profits from all of Cox's services and is not limited to financials solely from Cox's residential data, telephone and video service.

**RESPONSE TO TOPIC NO. 1.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and

documents based on each and every objection set forth above.

Cox objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent it seeks information outside Plaintiffs' Claim Period, and because Cox's revenues, expenses and profits unrelated to its ISP service lack relevance to this litigation. Cox further objects that this Topic is overbroad and unduly burdensome and seeks testimony outside the scope of permissible discovery because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness to testify as to Cox's revenues, expenses and profits for its Internet services and its residential telephone and video services during the period 2011-2014.

**TOPIC NO. 2.**  Cox's revenue from and billings to the Subscribers identified in Plaintiffs' infringement notices. This topic includes the financial information the Court ordered Cox to produce on February 15, 2019.

**RESPONSE TO TOPIC NO. 2.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as overbroad and unduly burdensome because it is not relevant to any party's claim or defense, including to the extent it seeks information outside the time period ordered by the Court; to the extent it seeks information concerning notices of claimed infringement submitted outside of Plaintiffs' Claim Period, or information concerning

subscribers not identified in any notice Plaintiffs or their agents submitted within Plaintiffs'

Claim Period; and to the extent it purports to seek testimony concerning revenues or billings for

services other than Cox's internet services. The other services Cox provides are not at issue in

this case and are not relevant to any party's claim or defense. Cox further objects to this Topic as

vague and ambiguous, including in referring to "Subscribers identified in Plaintiffs' infringement

notices," because Plaintiffs' infringement notices did not identify any such subscribers. Cox

further objects to this Topic as vague and ambiguous, and overbroad and unduly burdensome, in

particular as to the undefined terms "revenue from" and "billings to," and to the extent the Topic

purports to seek information concerning those undefined terms that exceeds the scope of

information the Court ordered Cox to produce in response to Plaintiffs' motion to compel.

Subject to and without waiving any of the foregoing objections, Cox will designate a

witness to testify as to the financial information the Court ordered Cox to produce on

February 15, 2019.

**TOPIC NO. 3.**  Cox's realization rates on revenues collected against billings.

**RESPONSE TO TOPIC NO. 3.** Cox hereby restates and incorporates the Objections to

Definitions and Instructions as set forth above and reserves all rights to withhold information and

documents based on each and every objection set forth above.

Cox objects to this Topic as overbroad and unduly burdensome because it is not relevant

to any party's claim or defense, including to the extent it seeks information outside Plaintiffs'

Claim Period, and to the extent it purports to seek testimony concerning revenues collected for

services other than Cox's internet services. The other services Cox provides are not at issue in

this case and are not relevant to any party's claim or defense. Cox further objects to this Topic as

vague and ambiguous, and overbroad and unduly burdensome, in particular as to the undefined

terms "realization rates" and "revenues collected against billings," and to the extent the Topic purports to seek information concerning those undefined terms that exceeds the scope of information the Court ordered Cox to produce in response to Plaintiffs' motion to compel.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness to testify as to the relationship between amounts Cox bills subscribers, and amounts Cox collects from subscribers.

**TOPIC NO. 4.**  The average length of time that Cox retains Subscribers.

**RESPONSE TO TOPIC NO. 4.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as seeking information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the Topic seeks information outside Plaintiffs' Claim Period or other relevant time period, and because it seeks testimony about subscribers not alleged to have infringed Plaintiffs' copyrights.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness to testify as to the average length of time that Cox retained subscribers between 2010 and 2014.

**TOPIC NO. 5.**  The various levels and tiers of internet services offered by Cox, data use limits associated with those tiers, the cost of such different levels or tiers of service, and Cox's efforts to move Subscribers into higher data use plans.

**RESPONSE TO TOPIC NO. 5.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period. Cox further objects that this topic is vague and ambiguous, in particular as to the undefined terms "data use limits," "levels" and "tiers." Cox also objects to the Topic as not proportional to the needs of the case because it seeks testimony concerning services not relevant to any party's claim or defense, and subscribers not alleged to have infringed Plaintiffs' copyrights.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 6.**  The effects or potential effects of Cox terminating Subscribers' internet service in connection with copyright infringement, including loss of revenue, reputational harm and/or ability to attract new customers and any research, reports, or analysis of any such costs.

**RESPONSE TO TOPIC NO. 6.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the Topic seeks information outside Plaintiffs' Claim Period and seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects to this Topic as overbroad and unduly burdensome because it calls for information within the exclusive possession or knowledge of third parties. Cox further objects that the Topic is vague and ambiguous as it relates to the meaning of "reputational harm." Cox further objects to this

Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 7.**  The number of Subscribers of Cox's high-speed internet service and the tiers or levels of service, including data plans.

**RESPONSE TO TOPIC NO. 7.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period and seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects to this Topic to the extent that it is duplicative of other Topics that Plaintiffs have propounded. Cox further objects to this Topic as vague and ambiguous, and overbroad and unduly burdensome, including as to the undefined terms "tiers or levels of service" and the undefined term "data plans."

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2010-2014.

**TOPIC NO. 8.**  Cox's CATS system, including its purpose, functionalities, capabilities, and ability to identify subscribers by IP address or other information.

**RESPONSE TO TOPIC NO. 8.** Cox hereby restates and incorporates the Objections to

Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period; because it seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights, or concerning allegations of infringement not sent by Plaintiffs or their agents, or unrelated to Plaintiffs' works at issue; and because it seeks information concerning subjects unrelated to and irrelevant to copyright infringement. Cox also objects to this Topic as vague and ambiguous in seeking testimony concerning the undefined string of terms "purpose, functionalities, capabilities," and the undefined term "other information."

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2010-2014.

**TOPIC NO. 9.**  Cox's Graduated Response program for responding to copyright infringement notices, including what each step in the process is, Cox's rationale for those steps, whether such steps are automated or manual, and implementation of the program.

**RESPONSE TO TOPIC NO. 9.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period; concerning notices of claimed infringement submitted by or on behalf of third

parties; and concerning subscribers not alleged to have infringed Plaintiffs' copyrights at issue in this case. Cox further objects that this topic is vague and ambiguous, and improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 10.** The application of CATS or the Graduated Response program to different categories of subscribers (i.e. residential vs. commercial business) and different abuse types.

**RESPONSE TO TOPIC NO. 10.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period Court; concerning notices of claimed infringement submitted by or on behalf of third parties; concerning subscribers not alleged to have infringed Plaintiffs' copyrights at issue in this case; and concerning undefined "different abuse types" that lack relevance to copyright infringement or any claim, defense, or legal issue in this case. Cox further objects that this Topic is vague and ambiguous, and that it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox also objects to this Topic as vague and ambiguous in seeking testimony concerning a generalized, undefined "Graduated Response program"

concerning unspecified "different abuse types."

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 11.**  The level of resources and staffing Cox dedicated to CATS and the Graduated Response program from 2010-2014 and the impact such levels had on Cox's ability to process copyright infringement notices.

**RESPONSE TO TOPIC NO. 11.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, in particular as to the vague and undefined terms "level of resources" and "level of … staffing"; and the undefined terms "dedicated." Cox further objects to this Topic as overbroad and unduly burdensome, as not proportional to the needs of the case, and as seeking testimony that is not relevant to any party's claim or defense, including because it seeks information outside Plaintiffs' Claim Period, and because it seeks information concerning parties and works not at issue in this case.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics.

**TOPIC NO. 12.**  Cox's network management and monitoring capabilities, including the mechanisms by which Cox monitors and/or controls its Customers' internet usage and/or access.

**RESPONSE TO TOPIC NO. 12.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because internet usage in general, and access to the Internet in general, lack relevance to the claims or defenses of any party, and to the extent the Topic seeks information outside Plaintiffs' Claim Period.  Cox further objects that this Topic is vague and ambiguous as to the terms "network management and monitoring capabilities"; "mechanisms"; "monitors and/or controls"; and "internet usage." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this Topic to the extent it seeks information not in Cox's possession, custody, or control, information that is publicly available, or information that is equally available to Plaintiffs or that is exclusively in the control of Plaintiffs or third parties.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 13.**  Cox's right and ability to terminate subscribers.

**RESPONSE TO TOPIC NO. 13.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information outside Plaintiffs' Claim Period, and because it seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects to

this Topic to the extent it improperly seeks information protected from disclosure by the

attorney-client privilege, work product doctrine, common interest privilege, or other applicable

privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a

witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 14.**  Cox's right and ability to limit subscribers access to BitTorrent or other

P2P file-sharing protocols, including the instances in which Cox has done so.

**RESPONSE TO TOPIC NO. 14.** Cox hereby restates and incorporates the Objections to

Definitions and Instructions as set forth above and reserves all rights to withhold information and

documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome,

and as seeking testimony outside the scope of permissible discovery because it is not relevant to

any party's claim or defense, including because the Topic seeks information outside Plaintiffs'

Claim Period and because it seeks testimony concerning subscribers not alleged to have

infringed Plaintiffs' copyrights. Cox further objects to this Topic to the extent it improperly

seeks information protected from disclosure by the attorney-client privilege, work product

doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a

witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 15.**  Cox's right and ability to limit subscriber access to particular domains

and IP addresses (e.g. the Pirate Bay), including the instances in which Cox has done so.

**RESPONSE TO TOPIC NO. 15.** Cox hereby restates and incorporates the Objections to

Definitions and Instructions as set forth above and reserves all rights to withhold information and

documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, and overbroad and unduly burdensome, in particular in referring to undefined terms "limit," "subscriber access," unidentified "particular domains" and "particular … IP addresses," and "the Pirate Bay," which is neither a domain nor an IP address Cox further objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period and seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 16.**  Cox's right and ability to throttle bandwidth for particular subscribers, activities or protocols, including the instances in which Cox has done so.

**RESPONSE TO TOPIC NO. 16.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, and overbroad and unduly burdensome, in particular as to the undefined term "throttle bandwidth" with respect to undefined "subscribers," "activities," or "protocols." Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including

because the Topic seeks information outside Plaintiffs' Claim Period and seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights, and "activities" or "protocols" that lack relevance to copyright infringement or any claim or defense in this case. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 17.**  Cox's relationship with Procera and the goods, services, reports (including Procera Network Activity reports), data or information provided by or to Procera.

**RESPONSE TO TOPIC NO. 17.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the Topic seeks information outside Plaintiffs' Claim Period. Cox further objects to this Topic as overbroad and unduly burdensome because it calls for testimony concerning information not within Cox's custody, possession, or control or within the exclusive possession or knowledge of third parties.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 18.**  Market research, studies, surveys, reports and/or analysis concerning how Cox subscribers' use the internet, Cox's internet service, and what attracts them to Cox's

16

service, including the identity of each third-party that provided such analysis or information. This topic includes the following documents: Cox High-Speed Internet Service, Residential Subscriber Tracking Surveys (e.g., COX_SONY_00527729) and Music Listening Habits of Current HSI Customers (COX_SONY_00002678).

**RESPONSE TO TOPIC NO. 18.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including to the extent the Topic seeks information outside Plaintiffs' Claim Period. Cox further objects to this Topic as overbroad and unduly burdensome because it calls for testimony concerning information not within Cox's custody, possession, or control or within the exclusive possession or knowledge of third parties. Cox further objects to this topic is vague and ambiguous to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 19.** Cox's relationships with inCode Telecom and Nielsen Consumer Insights, including the services, reports, data or information provided by or to inCode or Nielsen Consumer Insights. This topic includes the following documents: (a) Cox High Speed Internet Broadband Usage Product (Statement of Work) (COX_SONY_00000563); (b) Cox High Speed Internet Data Usage Assessment Mid-term Readout, April 2, 2011 (COX_SONY_00002827); and (c) Attitude and Usage Tracking, June 2015 (COX_SONY_00002316).

**RESPONSE TO TOPIC NO. 19.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information outside Plaintiffs' Claim Period. Cox further objects that this Topic is vague and ambiguous, in particular as the meaning of the term "relationship," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to this Topic as overbroad and unduly burdensome because it calls for testimony concerning information not within Cox's custody, possession, or control, or information that is within the exclusive possession or knowledge of third parties.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 20.** Cox's efforts to market, promote and/or advertise Cox's internet services, including faster download and upload speeds to subscribers (including for music).

**RESPONSE TO TOPIC NO. 20.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects that this Topic is overbroad, unduly burdensome, and not proportional to the needs of the case, including in seeking testimony concerning information that lacks relevance to Plaintiffs or Plaintiffs' alleged works, and information outside Plaintiffs' Claim Period. Cox objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox further objects that this

18

Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning

of the vague term "Cox's internet services," and the confusing phrase "including faster download

and upload speeds to subscribers (including for music)," and fails to describe with reasonable

particularity the topic or topics on which Plaintiffs seek testimony.

Subject to and without waiving any of the foregoing objections, Cox will designate a

witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 21.** Use of BitTorrent and other P2P file-sharing protocols by Cox

subscribers, including percentage of subscribers that use such protocols, the volume of such use,

bandwidth associated with such uses, as well as use of such protocols for the uploading and

downloading of music.

**RESPONSE TO TOPIC NO. 21.** Cox hereby restates and incorporates the Objections to

Definitions and Instructions as set forth above and reserves all rights to withhold information and

documents based on each and every objection set forth above.

Cox objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome,

in particular as the meaning of the term "other P2P file-sharing protocols." Cox further objects to

this Topic to the extent it seeks information that is outside the scope of permissible discovery

because it is not relevant to any party's claim or defense, including because the Topic seeks

information outside Plaintiffs' Claim Period and seeks testimony concerning subscribers not

alleged to have infringed Plaintiffs' copyrights. Cox further objects to this Topic to the extent it

improperly seeks information protected from disclosure by the attorney-client privilege, work

product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox

further objects to this Topic to the extent it seeks information Cox does not know and cannot

readily obtain after a reasonable inquiry, and to the extent it seeks information that is not in

Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it purports to require Cox to disclose information, including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 22.**  Communications, studies, investigations, memoranda, and reports concerning use of BitTorrent or other P2P file-sharing networks for illegal uploading and downloading, including of music.

**RESPONSE TO TOPIC NO. 22.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period. Cox further objects to this Topic as overbroad and unduly burdensome because it calls for testimony concerning information not within Cox's custody, possession, or control or within the exclusive possession or knowledge of third parties. Cox also objects that this Topic improperly calls for a legal conclusion concerning "illegal" uploading and downloading, and that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 23.**  Infringement notices Cox received from the RIAA on behalf of Plaintiffs, and Cox's responses to and handling of such notices.

**RESPONSE TO TOPIC NO. 23.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and because it seeks information that lacks relevance to Plaintiffs' alleged works. Cox further objects that this Topic is vague and ambiguous, in particular as the meaning of the term "Infringement notices Cox received … on behalf of Plaintiffs," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony, including because Cox did not receive any notices on Plaintiffs' behalf, and because Cox lacks knowledge of which notices (if any) were sent by third parties on Plaintiffs' behalf. Cox further objects to this Topic to the extent it seeks testimony concerning information Cox does not know and cannot readily obtain after a reasonable inquiry, or information not in Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this Topic to the extent it purports to require Cox to disclose information, including personally identifiable information, that infringes on any individual's

right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to notices Cox received from RIAA concerning Plaintiffs' works at issue during Plaintiffs' Claim Period.

**TOPIC NO. 24.**  Infringement notices Cox received from third parties concerning subscribers identified in infringement notices from the RIAA on behalf of Plaintiffs, and Cox's responses to and handling of such notices.

**RESPONSE TO TOPIC NO. 24.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period; because it seeks information concerning works not relevant to this case and non-parties to this litigation; and because the phrases "subscribers identified in infringement notices" and "infringement notices from the RIAA on behalf of Plaintiffs" are vague and ambiguous, since infringement notices do not "identify" subscribers, and Cox lacks knowledge of which notices (if any) were sent from the RIAA on behalf of Plaintiffs. Cox further objects that this Topic improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this Topic to the extent it purports to require Cox to disclose information,

including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to notices Cox received from RIAA concerning Plaintiffs' works at issue during Plaintiffs' Claim Period.

**TOPIC NO. 25.**  COX_SONY_00515539 (actions-history.csv), including the processes, systems, and persons involved in creating that document.

**RESPONSE TO TOPIC NO. 25.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects that this Topic is vague and ambiguous, and overbroad and unduly burdensome, including because it fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to the topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to this topic.

**TOPIC NO. 26.**  The origin, meaning, and formatting of each of the nine variables in COX_SONY_00515539 (actions-history.csv), including but not limited to:

> a. Whether each unique ticket corresponds to a copyright infringement notice;
>
> b. The time zone reflected in the data and whether daylight savings time was

implemented;

   c. Gaps in certain entries for ticket_id, src_port, action_date, action, and action_content_form variables;

   d. ICOMS IDs listed in COX_SONY_00515540 (riaa_subjects_to_accounts.txt) that do not appear in COX_SONY_00515539 (actions-history.csv);

   e. The meaning of the 10 different types of entries for the action variable; and

   f. The meaning of the 16 different types of entries for the action_content_form variable.

   **RESPONSE TO TOPIC NO. 26.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

   Cox objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of each of the string of terms "origin, meaning, and formatting," and the term "variable," the vague term "corresponds," and the vague and undefined term "certain entries." Cox further objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense. Cox further objects to the topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this Topic to the extent it seeks testimony concerning information Cox does not know and cannot readily obtain after a reasonable inquiry, and to the extent it seeks information not in Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it purports to require Cox to disclose information, including personally

identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to this topic.

**TOPIC NO. 27.**  COX_SONY_00515540 (riaa_subjects_to_accounts.txt), including the processes, systems, and persons involved in creating it.

**RESPONSE TO TOPIC NO. 27.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects that this Topic is vague and ambiguous, and overbroad and unduly burdensome, including because it fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to the topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to this topic.

**TOPIC NO. 28.**  Entries in COX_SONY_00515540 with no ICOMS ID and what Cox has done to try to identify those missing ICOMS IDs.

**RESPONSE TO TOPIC NO. 28.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects that this Topic is vague and ambiguous, and overbroad and unduly

burdensome, including because it fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to the topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to this topic.

**TOPIC NO. 29.**  Cox's process for assigning and/or re-assigning IP addresses to Subscribers and Cox's process for tracking the identity of the Subscriber associated with each IP address.

**RESPONSE TO TOPIC NO. 29.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "assigning and/or re-assigning" and the vague terms "tracking" and "identity," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a

witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 30.**  Cox's policies and/or procedures, and implementation of such policies or procedures, for responding to or handling copyright infringement notices, including notifying Subscribers of infringement notices.

**RESPONSE TO TOPIC NO. 30.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and because it seeks information concerning non-parties to this litigation and works not at issue in this case. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "policies and/or procedures," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 31.**  Actions that Cox has taken or considered taking against its Subscribers who have been the subject of infringement notices, the bases and requirements for taking any such actions, whether such actions have changed over time, and the frequency with which such actions are taken.

**RESPONSE TO TOPIC NO. 31.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period; concerning notices of claimed infringement submitted by or on behalf of third parties; concerning subscribers not alleged to have infringed Plaintiffs' copyrights; and concerning claims or defenses not at issue in this case. Cox further objects to this Topic as vague and ambiguous, overbroad and unduly burdensome, including as to the undefined term "actions" and the vague term "considered." Cox further objects to this Topic to the extent it calls for a legal conclusion concerning "the bases and requirements for taking … such action." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 32.**  Actions that Cox has taken or considered taking against its Subscribers who have been the subject of infringement notices sent by the RIAA, the basis and requirements for taking any such actions, whether such actions have changed over time, and the frequency with which such actions are taken.

**RESPONSE TO TOPIC NO. 32.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and

documents based on each and every objection set forth above.

Cox objects to this Topic as entirely redundant with Topic No. 31. Cox further objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period; concerning notices of claimed infringement submitted by or on behalf of third parties, or concerning works not at issue in this case; concerning subscribers not alleged to have infringed Plaintiffs' copyrights; and concerning claims or defenses not at issue in this case. Cox further objects to this Topic as vague and ambiguous, overbroad and unduly burdensome, including as to the undefined term "actions" and the vague term "considered." Cox further objects to this Topic to the extent it seeks information not in Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it calls for a legal conclusion concerning "the basis and requirements for taking … such action." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 33.** Cox's policies, procedures and actions for limiting or restricting infringement notices Cox accepted or processed from any rights holder (or agent of a rights holder), including

a. why and how Cox blacklisted rights holders (or agents of rights holders) by declining to accept or process infringement notices from them;

b. limits or caps on the number of infringement notices;

c. the individuals involved in creating such policies and procedures;

d. the rationale or basis for such policies and procedures; and

e. exceptions to such policies and procedures, whether to increase or decrease the number of infringement notices accepted, including the rationale or basis for such exception.

**RESPONSE TO TOPIC NO. 33.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, concerning notices of claimed infringement not related to the works at issue, and concerning third-party notices and/or non-parties to this litigation. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014. Cox will designate a witness or witnesses to testify as to such policies, procedures, and actions with respect to the RIAA during 2008-2014.

**TOPIC NO. 34.** Limits or caps on the number of infringement notices Cox would receive from the RIAA, including why Cox imposed such limits and how it handled notices in excess of such limits.

**RESPONSE TO TOPIC NO. 34.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and to the extent it seeks information concerning notices of claimed infringement not relevant to the works at issue or the Plaintiffs in this case. Cox further objects that this topic is vague and ambiguous, in particular as to the vague terms "receive" and "handled." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2008-2014.

**TOPIC NO. 35.**  Limits or caps on the number of infringement notices Cox imposed on copyright holders or agents other than the RIAA, including why Cox imposed such limits and how it handled notices in excess of such limits.

**RESPONSE TO TOPIC NO. 35.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs'

Claim Period, concerning notices of claimed infringement not specific to the works at issue, concerning third-party notices, and concerning non-parties to this litigation. Cox further objects that this topic is vague and ambiguous, in particular as to the undefined term "handled." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 36.**  COX_SONY_00003682 ("DMCA rules for reporting to Cox"), including the persons involved in creating it, the date it was created, any prior or subsequent versions, and the content of such prior or subsequent versions.

**RESPONSE TO TOPIC NO. 36.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and because the terms "any prior or subsequent versions" and "the content of such prior or subsequent versions" are vague and ambiguous and do not describe with reasonable particularity the matters on which examination is requested. Cox further objects to this Topic to the extent it seeks testimony concerning information Cox does not know and cannot readily obtain after a reasonable inquiry. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product

doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify concerning the identified document.

**TOPIC NO. 37.**  Cox's requirements for accepting copyright infringement notices and, for the years 2012-2014, the number of notices Cox rejected or ignored or took no action on based on those requirements.

**RESPONSE TO TOPIC NO. 37.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, concerning notices of claimed infringement not relevant to the works at issue, concerning third-party notices, and concerning non-parties to this litigation. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "requirements" and "those requirements," and the undefined term "action," such that the Topic fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to this Topic to the extent it seeks testimony concerning information Cox does not know and cannot readily obtain after a reasonable inquiry. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a

witness or witnesses to testify concerning notices it received concerning Plaintiffs' works during 2012-2014.

**TOPIC NO. 38.**  Cox's termination of subscribers for violations of its AUP, including the information in Cox's First Supplemental Response To Interrogatory No. 6.

**RESPONSE TO TOPIC NO. 38.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, to the extent it seeks information concerning notices of claimed infringement not relevant to the works at issue, and to the extent it seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "Cox's termination of subscribers," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects that this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2013-2014.

**TOPIC NO. 39.**  Cox's termination of subscribers for non-payment, including the information in Cox's First Supplemental Response To Interrogatory No. 11 and COX_SONY_00515534.

**RESPONSE TO TOPIC NO. 39.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, to the extent it seeks information concerning notices of claimed infringement not relevant to the works at issue, and to the extent it seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "Cox's termination of subscribers," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects that this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2013-2014.

**TOPIC NO. 40.** Cox's responses to and handling of subscribers' AUP violations other than copyright infringement.

**RESPONSE TO TOPIC NO. 40.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to

any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, because it seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights, and because it seeks information that is irrelevant to Plaintiffs' claims of copyright infringement in this case. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "handling" and "subscribers' AUP violations," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to this Topic to the extent it seeks testimony concerning information Cox does not know and cannot readily obtain after a reasonable inquiry. Cox further objects that this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 41.**  Cox's suspension and termination rates for copyright infringement violations of Cox's AUP compared to other violations.

**RESPONSE TO TOPIC NO. 41.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, because it seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights, and because it seeks information that is irrelevant to Plaintiffs' claims of

copyright infringement in this case. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "suspension … rates," "termination rates," and "other violations." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 42.**  Cox's knowledge of copyright infringement of music by its Subscribers using BitTorrent.

**RESPONSE TO TOPIC NO. 42.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, to the extent it seeks testimony concerning works not at issue in this case, and to the extent it seeks testimony concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects to this Topic as calling for a legal conclusion concerning "infringement of music." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this Topic to the extent it seeks testimony concerning information Cox does not know and cannot readily obtain after a reasonable inquiry, and to the extent it seeks information that is not in

37

Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it purports to require Cox to disclose information, including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 43.**  Cox's terms of use or service and AUP, including any differences between Cox's policies and procedures and/or actions taken in response to copyright infringement and other violations.

**RESPONSE TO TOPIC NO. 43.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and because it seeks information concerning non-parties to this litigation and works not at issue in this case. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "policies," "procedures," "other violations," and the confusing phrase "differences between Cox's policies and procedures and/or actions taken," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to this Topic as calling for a legal conclusion,

including as to the terms "copyright infringement" and "other violations." Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during Plaintiffs' Claim Period.

**TOPIC NO. 44.**  Counternotices or other objections that Cox received from Subscribers concerning copyright infringement notices from the RIAA from 2012-2014.

**RESPONSE TO TOPIC NO. 44.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and to the extent it seeks information concerning notices of claimed infringement not relevant to the works at issue, and concerning subscribers not alleged to have infringed Plaintiffs' copyrights. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, in particular as the meaning of the terms "counternotices" and "other objections," and fails to describe with reasonable particularity the topic or topics on which Plaintiffs seek testimony. Cox further objects to this Topic to the extent it seeks testimony concerning information Cox does not know and cannot readily obtain after a reasonable inquiry, or information that is not in Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it purports to

require Cox to disclose information, including personally identifiable information, that infringes on any individual's right of privacy, including without limitation any privacy right protected under the United States Constitution or applicable state constitution, federal or state statute, federal or state regulation, the common law, or otherwise. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics.

**TOPIC NO. 45.**  Communications between Cox and MarkMonitor concerning copyright infringement.

**RESPONSE TO TOPIC NO. 45.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and to the extent it seeks information concerning third party works not at issue in this case or non-parties to this litigation. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, and purports to call for a legal conclusion concerning "copyright infringement." Cox further objects to this Topic to the extent it seeks information that is not in Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product

doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 46.**  Communications between Cox and Plaintiffs or any Plaintiff concerning copyright infringement.

**RESPONSE TO TOPIC NO. 46.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic as vague and ambiguous, overbroad, and unduly burdensome, and as seeking testimony outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because the Topic seeks information outside Plaintiffs' Claim Period, and to the extent it seeks information concerning works not at issue in this case or non-parties to this litigation. Cox further objects that this Topic is vague and ambiguous, overbroad, and unduly burdensome, and purports to call for a legal conclusion concerning "copyright infringement." Cox further objects to this Topic to the extent it seeks information that is not in Cox's possession, custody, or control, or that is exclusively in the control of Plaintiffs or a third party. Cox further objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics during 2011-2014.

**TOPIC NO. 47.**  The factual basis for each affirmative defense that Cox has asserted in this litigation.

**RESPONSE TO TOPIC NO. 47.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects to this Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine. Cox further objects to this request to the extent it calls for a legal conclusion. Cox further objects to this request to the extent it seeks information not in Cox's possession, custody, or control, or information that is exclusively in the possession, custody, or control of Plaintiffs or a third party.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics.

**TOPIC NO. 48.**  The process by which Cox's documents were collected, reviewed and produced in response to Plaintiffs' document requests.

**RESPONSE TO TOPIC NO. 48.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects that this Topic is vague and ambiguous, and overbroad and unduly burdensome. Cox further objects to the Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify as to the enumerated topics.

**TOPIC NO. 49.**  Cox's responses to Plaintiffs' interrogatories and BMG's

interrogatories that Cox has produced in this case.

**RESPONSE TO TOPIC NO. 49.** Cox hereby restates and incorporates the Objections to Definitions and Instructions as set forth above and reserves all rights to withhold information and documents based on each and every objection set forth above.

Cox objects that this Topic is vague and ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, including in seeking testimony concerning information about notices of claimed infringement submitted by or on behalf of non-parties; information concerning non-parties; information that lacks relevance to Plaintiffs or Plaintiffs' alleged works; and information outside Plaintiffs' Claim Period. Cox further objects to this Topic to the extent it seeks information that is outside the scope of permissible discovery because it is not relevant to any party's claim or defense, including because it seeks information from the *BMG* litigation, which concerned different plaintiffs, different works at issue, different legal issues, and a different time period. Cox further objects to the Topic to the extent it improperly seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privilege or doctrine.

Subject to and without waiving any of the foregoing objections, Cox will designate a witness or witnesses to testify concerning the enumerated topics.

Dated: April 4, 2019

*s/ Michael S. Elkin*
Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com

Thomas M. Buchanan (VSB No. 21530)

43

WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc.
and CoxCom, LLC*

*Of Counsel for Defendants*

Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I am a resident of the State of New York, over the age of eighteen years, and not a party to the within action.  My business address is Winston & Strawn LLP, 200 Park Ave., New York, NY 10166-0188.  On April 4, 2019, I served the following documents:

**COX'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' MARCH 20, 2019 NOTICE OF 30(b)(6) DEPOSITION TO DEFENDANTS COX COMMUNICATIONS, INC. AND COXCOM, LLC**

Pursuant to the written agreement of the parties to be served by electronic means, by email to Plaintiffs' counsel as follows:

> Jeffrey M. Gould, Oppenheim + Zebrak, LLP
> Email: jeff@oandzlaw.com

I declare under penalty of perjury under the laws of the State of New York that the above is true and correct.

Signed: *s/ Cesie C. Alvarez*
         Cesie C. Alvarez

Dated:   April 4, 2019