**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:18-cv-00950-LO-JFA |
| COX COMMUNICATIONS, INC., *et al.*, | |
| *Defendants*. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR**
**<u>SECOND MOTION TO COMPEL</u>**

## I.      PRELIMINARY STATEMENT

With this motion, Cox seeks an order compelling Plaintiffs to produce information relating to the works-in-suit from ████████████████████████████████████████████████ ████████████████████████████████████ (a group of 17 individual plaintiffs that collectively assert 1,200 works and claim nearly $180 million in statutory damages) that includes ████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████ Cox also seeks an order that the other plaintiff groups inquire whether they maintain any similar information.

Cox has endeavored to avoid burdening this Court with unnecessary discovery disputes. Indeed, this is only Cox's second motion to compel (the first at the very commencement of discovery in January 2019).   Cox has attempted, but was unable, to resolve these issues with Plaintiffs without Court invention.

## II.     THE SONY/ATV AND EMI PLAINTIFF GROUP'S ██████████████ ████████████████████

The Sony/ATV and EMI plaintiff group, which is composed of 17 individual plaintiffs that collectively assert approximately 1,200 music compositions amounting to nearly $180,000,000 in statutory damages, has refused to produce a very recently disclosed database they maintain in the normal course of business in which ████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████ Sony/ATV and EMI also recently represented that they ██████████████████████ ████████████████████████████████████ They refuse to produce any of these as well.  This newly learned information directly contradicts Plaintiffs' representations throughout the entirety of discovery in this matter—namely, no such documents exist or, if they do, it would

be unduly burdensome to search for and produce them.  That representation has proved to be unfounded—demonstrating, at the very least, that Plaintiffs failed to perform a good-faith inquiry in response to Cox's requests. There is no basis for Plaintiffs' refusal to produce this information, as it is directly relevant to Plaintiffs' ownership of the works-in-suit and the fact-finder's determination of statutory damages.

### A.     The Relevant Discovery Requests

On November 19, 2018, Cox requested "[a]ll documents concerning disputes related to ownership at any time of the Copyright Works, including documents between You and any person concerning any question, uncertainty, litigation, or disputes over Your ownership, co-ownership, administration, control of, or other rights to, the Copyright Works" and "[a]ll documents concerning valuation of the copyrights and the Copyright Works, including appraisals, You assert in this litigation at the time You acquired them or were considering the acquisition of them."[1] Plaintiffs responded that they would produce "documents sufficient to demonstrate that Plaintiffs own or control the copyrighted works in suit."[2]  Plaintiffs also claimed that "no Plaintiff maintains or records" the valuation records Cox sought in its requests.

Cox moved to compel Plaintiffs on documents concerning chain-of-title, including documents specifically bearing on challenges or questions of ownership.  *See* ECF 75.  However, Cox decided not to move for documents concerning valuations based on Plaintiffs' representation that none existed.  In opposition to Cox's motion, Plaintiffs represented that "none of the Plaintiffs maintains centralized files cataloguing ownership or validity disputes that may have been raised concerning the thousands of works at issue here."  *See* ECF 75 at 14.  The Court agreed that

---

[1] Declaration of Thomas M. Buchanan in Support of Cox's Second Motion to Compel ("Buchanan Decl."), Ex. 1 (Cox's Initial RFPs, RFP Nos. 18 and 13).
[2] Buchanan Decl., Ex. 2 (Plaintiffs' Supplemental Responses to Cox's First Set of RFPs, Response to RFP No. 18).

Plaintiffs should therefore produce documents "sufficient" to demonstrate the validity of the copyrights and their ownership of them.[3]  The Court further ruled that it would handle specific issues related to ownership on a work-by-work basis.[4]

On June 19, 2019, the day after ████████████████████████████ ████████████████████  Cox's counsel requested that Plaintiffs immediately produce the information in the database relating to the works-in-suit, including any related valuations.[5]  Cox's counsel additionally requested that Plaintiffs' counsel inquire with the other plaintiff groups to determine whether any similar types of databases or information are maintained.[6]

On June 27, 2019, the parties conducted a meet-and-confer during which Cox's counsel asked Plaintiffs whether they had determined if any works-in-suit were included in the database and whether they would produce responsive information.[7]  Plaintiffs stated that it would be burdensome to do so, as it required manually searching the database for the works-in-suit.[8]  In order to obviate any claimed burden, Cox's counsel requested the entire database, offering to perform the manual review themselves.[9]  Plaintiffs' counsel refused, claiming issues of confidentiality despite the existence of the Stipulated Protective Order in this case.[10]  Cox's counsel also reiterated its request that Plaintiffs' counsel inquire with the other plaintiff groups about whether similar types of databases exist.[11]

---

[3] Buchanan Decl., Ex. 3 (Jan. 25, 2019 Hr'g Tr. at 39:24-40:3).
[4] *Id*.
[5] Buchanan Decl., Ex. 4, (June 19, 2019 email correspondence).
[6] *See id*.
[7] Buchanan Decl., ¶ 6.
[8] *Id*.
[9] *Id*.
[10] *Id*.
[11] *Id*.

Later in the day, Cox's counsel sent an email requesting Plaintiffs explain whether the database could be searched by registration number or song title, either of which would allow someone to easily query it based on the list of works-in-suit asserted by Sony/ATV and EMI. Cox's counsel also indicated that it intended to seek Court intervention if the matter could not be resolved by following day.[12]  Plaintiffs never responded.

**B.    The Subject Database and Related Valuations**



---

[12] Buchanan Decl., Ex. 4, (June 19, 2019 email correspondence).

[13] Mr. Patel was designated to testify concerning:
> Topic 2:  The validity of the copyright registrations, including the registration status, of the Copyright Works, and the registration of the Copyright Works that are sound recordings as compilations or collective works.
> Topic 3: The status of any of the Copyright Works as works for hire and Your work-for-hire agreements with any of the authors of the Copyright Works.
> Topic 4: Your ownership or ability to assert infringement of the Copyright Works in this litigation, including any challenges or threatened challenges to Your ownership of the Copyright Works.

[14] Termination notices pursuant to U.S.C. 17 §§ 203 and 304 significantly affect the rights of assignees and licensees of copyrighted works, such as Plaintiffs, by terminating a grant or license of the author's exclusive rights in the copyright.  For grants or licenses that were executed on or after January 1, 1978, Section 203 permits authors to terminate the grant during a five-year period after 35 years from the transfer of rights.  *See* U.S.C. 17 § 203.  Section 304(c) permits authors to terminate grants or licenses of pre-1978 copyrights during a five-year period beginning 56 years after the earlier date of registration or publication.  *See* U.S.C. 17 § 304(c) (section 304(d) also permits authors terminate pre-1978 grants under limited circumstances if the author or her heirs missed the five-year window).



Mr. Patel testified

### C.     Information Relating to Works-In-Suit from the Database Is Highly Relevant

Plaintiffs seek in excess of $1.6 billion in statutory damages based on their purported right to assert infringement of over 10,400 works-in-suit.  It is indisputably Plaintiffs' burden to prove both the validity of the copyrights in the works-in-suit and their ability to assert infringement in this case.[20]  While Plaintiffs have attempted to assure Cox (and the Court) that they will produce documents "sufficient" to demonstrate this, their production has been erratic and incomplete. Indeed, Plaintiffs produced three of chain-of-title-related documents as late as two hours before a

---

[15] Mr. Patel answered counsel's question, agreeing

[16] Buchanan Decl., Ex. 6 (Patel Dep. Tr. at 56:19-57:8).
[17] In a deposition held on June 28, 2019, Warner Music Group's designee testified

[18] *Id.* at 58:19-22.
[19] Sony/ATV's representative who was designated to testify with respect to the specific topic of the value of any Copyrighted Works (Topic 14) stated that

Buchanan Decl., Ex. 7 (Abitbol Dep. Tr. at 153:16-154:15).
[20] *See Keeler Brass Co. v. Cont'l Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988) (it is plaintiff's burden to establish that it owned a valid copyright at the time of the infringement); *see also Princeton Payment Sols., LLC v. ACI Worldwide, Inc.*, 2014 WL 4104170, at *4 (E.D. Va. Aug. 15, 2014) (plaintiff must own the copyrights at issue in order to have standing to sue).

Warner Music Group 30(b)(6) deposition on ownership of the works-in-suit.[21]   Plaintiffs also produced over 700 pages of chain-of-title-related documents the night before UMPG's 30(b)(6) deposition on ownership of the works-in-suit.  Moreover, Plaintiffs have removed approximately 307 works-in-suit, reducing their claim by approximately $45,050,000 in statutory damages.

The database of ███████████████ bears directly on Sony/ATV's and EMI's ability to assert infringement in this case.  The database indicates ████████████████████████████ ████████████████████████████████████████████.  If Sony/ATV and EMI received a termination notice concerning works-in-suit *after* they have completed their searches for chain-of-title documents, Cox is entitled to know that.  For example, works-in-suit could be subject to termination during the pendency this case, which would necessitate their removal before trial. With discovery ending on July 2, 2019, Cox has no other means to ensure it is aware of all pending or anticipated termination notices.  Moreover, the database indicates ████████████████████ ██████████████████████████████████████████████ Cox should be entitled to use this centrally maintained database to ensure that Plaintiffs have produced all corresponding agreements with artists representing the relevant scope of their rights, if any, to the works-in-suit.

Plaintiffs have claimed no legitimate burden in providing this information.  Mr. Patel readily testified that ████████████████████████████████████████████████████ ██████████████  But during a meet-and-confer call and subsequent email exchange, Plaintiffs' counsel refused to explain how the database could be searched.[22]  If the database can be searched by either work title or registration number, then Plaintiffs' claimed burden is unfounded.  Plaintiffs have produced Excel spreadsheets that include the title and registration number for each work-in-

---

[21] These documents were produced on June 28, 2019.
[22] Buchanan Decl., Ex. 5 (June 17, 2019 Email Correspondence).

suit and Sony/ATV and EMI can easily query the database for their works. Alternatively, Sony/ATV and EMI can simply produce the entire database and Cox will perform the manual search itself.

Moreover, any claimed burden is far outweighed by the relevance of this information. If it is determined that Sony/ATV and EMI cannot maintain even one work-in-suit, that removes up to $150,000 in damages in this case, an amount that far outweighs the cost of an administrative assistant or paralegal querying the database for the 1,200 works-in-suit. Termination notices received by Plaintiffs are critical evidence in determining whether Plaintiffs own or have rights in in the works-in-suit because the notices indicate whether the author had sought to reclaim her exclusive rights. Sony/ATV and EMI should therefore be compelled to produce information from this database relating to any of their works-in-suit. The other plaintiff groups should also be compelled to search for and produce any related documents or information for the works-in-suit.

### D.    Any Valuations of the Works-in-Suit Are Highly Relevant

Plaintiffs seek statutory damages in this case based on their claim that actual damages (if any) are incalculable.[23] To the extent Plaintiffs have placed a value on any of the works-in-suit (or combination of the works-in-suit), that value is directly relevant to the fact-finders' determination of statutory damages. *See Masterfile Corp. v. Dev. Partners, Inc.*, No. 1:10-CV-00134, 2010 WL 3603611, at *4 (E.D. Va. Aug. 16, 2010), *report and recommendation adopted*, No. 1:10-CV-00134-AJT, 2010 WL 3603598 (E.D. Va. Sept. 7, 2010) (holding that courts in their discretion may consider the value of the copyright when determining statutory damages) (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g*, 807 F.2d 1110, 1116 (2d Cir. 1986)); *see also Fitzgerald*, 807 F.2d at 1116 (holding that in determining statutory damages the value of the copyright is a

---

[23] Buchanan Decl., Ex. 7 (Michael Abitbol Dep. Tr. at 145:14-24).

7

relevant factor).[24]  Sony/ATV and EMI should therefore produce any valuations performed for the works-in-suit.  The other plaintiff groups should also be compelled to search for and produce any related documents or information for the works-in-suit.

## III.    CONCLUSION

Based on the foregoing, there is no basis for Plaintiffs to continue to refuse to produce these highly relevant documents.  Sony/ATV and EMI should be compelled to produce information relating to the works-in-suit from their termination database and any related valuations.  Plaintiffs should be further compelled to search for and produce any similar information maintained by the other plaintiff groups.

Dated: June 28, 2019                               Respectfully submitted,

                                                   /s/ Thomas M. Buchanan /
                                                   Thomas M. Buchanan (VSB No. 21530)
                                                   WINSTON & STRAWN LLP
                                                   1700 K Street, NW
                                                   Washington, DC 20006-3817
                                                   Tel: (202) 282-5787
                                                   Fax: (202) 282-5100
                                                   Email: tbuchana@winston.com

---

[24] *See also Diane Von Furstenberg Studio v. Snyder*, No. 1:06CV1356 (JCC), 2007 WL 3143690, at *4 (E.D. Va. Oct. 23, 2007), *aff'd*, 294 F. App'x 10 (4th Cir. 2008) (applying the copyright statutory damages factors in a trademark infringement case, including "the value of the copyright."); *Warner Bros. Home Entm't Inc. v. Karlishev*, No. CV1207749SJOAGRX, 2013 WL 12138713, at *4 (C.D. Cal. Jan. 30, 2013) (finding the plaintiff's demand for statutory damages excessive considering they "offer[ed] no evidence of Defendant's profits, Plaintiff's losses, or the value of the copyrights on the Warner Bros. Works."); *EMI Apr. Music Inc. v. 4MM Games, LLC*, No. 12 CIV. 2080 DLC JLC, 2014 WL 325933, at *5 (S.D.N.Y. Jan. 13, 2014), *report and recommendation adopted*, No. 12 CIV. 2080 DLC, 2014 WL 1383468 (S.D.N.Y. Apr. 7, 2014) (finding that because the defendant had provided evidence of license fees it had established the clear value of its copyrights and enhanced statutory damages); *Dallas Buyers Club, LLC v. Brennan*, No. 614CV1011ORL37GJK, 2015 WL 12778344, at *6 (M.D. Fla. May 26, 2015), *report and recommendation adopted*, No. 614CV1011ORL37GJK, 2015 WL 12672125 (M.D. Fla. June 18, 2015) (finding that a lack of evidence of the value of the copyright weighed "against a finding that Plaintiff is entitled to the maximum statutory damage award.")

*Attorney for Defendants Cox
Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on June 28, 2019, a copy of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO COMPEL was filed electronically with the Clerk of Court using the ECF system, which will send notifications to ECF participants.

<div style="margin-left:50%;">

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*

</div>