# Exhibit 3

1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division




---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
            Plaintiffs,          :
                                 :
      -vs-                       :   Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
            Defendants.          :
                                 :
---------------------------------:




                         HEARING ON MOTIONS

                         January 25, 2019

             Before:  John F. Anderson, U.S. Mag. Judge
```

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, Jeffrey M. Gould, and Kerry M. Mustico, Counsel for the Plaintiffs

Thomas M. Buchanan, Jennifer A. Golinveaux, and Sean R. Anderson, Counsel for the Defendants

Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626

39

1   want all of these documents.  They have no basis to believe

2   there are any issues.  They haven't even reviewed what we've

3   produced or allowed us to produce everything to them that they

4   have asked for already.

5         And yet they're here and they're asking the Court,

6   you know, because we don't think we're going to get necessarily

7   what we want, we want you to order it before we have even

8   looked at what they're going to produce.

9         And, by the way, in the -- they did ask for way more

10  in their motion than they are now asking for again, Your Honor.

11        THE COURT:  All right.  Well, again, I think I

12  understand this issue well enough.  You know --

13        MS. GOLINVEAUX:  Your Honor, may I have a brief point

14  in response?

15        THE COURT:  Okay.

16        MS. GOLINVEAUX:  Mr. Oppenheim referred to Judge

17  O'Grady's order.  We're not seeking chain of title going all

18  the way back to the original creator.  We are seeking the

19  assignments of licenses that put it in the name of the

20  plaintiffs.  We know that they don't -- they are employees.

21  These are not created by employees of the plaintiff.  So that's

22  what we're seeking, and that's the distinction with what Judge

23  O'Grady ruled.

24        THE COURT:  Okay.  Well I think what they have agreed

25  to produce to date is going to be sufficient.  If there is any

40

1   specific questions that you've got that relate to specific
2   issues for copyrighted works, then I'll consider dealing with
3   this issue on a copyrighted work-by-copyrighted work basis.  Of
4   if it's a many copyrighted works that are subject to a similar
5   work or a wire for hire or something like that.
6           But, you know, at this point in time the idea that
7   you know, for all 11,000 copyrighted works, you know, the three
8   areas that you've asked for or have now made clear in your
9   reply brief that you're asking for, I don't -- I don't see that
10  being appropriate under the circumstances of this case.
11          So I'm going to deny the motion to compel as to this
12  second category.
13          All right.  So now we're dealing with these narrowly
14  tailored requests that include a request such as:  All
15  documents that mention, refer to, or relate to Cox that were
16  created, received, or sent from 2013 to the present.
17          That was described in your motion as a narrowly
18  tailored request.
19          MS. GOLINVEAUX:  Your Honor, we think all documents
20  the plaintiffs have talking about Cox are relevant in this
21  case.  They have been targeting Cox for years.  They have been
22  tracking the BMG litigation.
23          We met and conferred with them and discussed this.
24  They said there are certain categories that would make that
25  burdensome.  And we asked them what those might be.  And they