UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
<u>PROTECTIVE ORDER</u>**

Plaintiffs respectfully submit this memorandum in support of their motion for a protective order to bar the late-noticed depositions of four of Plaintiffs' fact witnesses by Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox").

## INTRODUCTION

Seven months after the start of discovery and less than two weeks before its July 2 close, Cox served four deposition notices for the last four days of discovery—days on which seven depositions were already scheduled. The four witnesses (the "Fact Witnesses") who are the subject of the late noticed depositions had all been identified as potential witnesses in Plaintiffs' December 2018 Initial Disclosures. Cox has not offered any explanation for its unreasonable delay in requesting these depositions. Cox also has not explained how these depositions could occur alongside the seven other depositions scheduled for those four days. Three of the four Fact Witnesses are unavailable on such short notice. The fourth deposition was noticed to occur in New York, though the witness lives and works in Los Angeles, and Cox has already taken a Rule 30(b)(6) deposition on that witness's relevant topics. Beyond the geographical problems and duplication for that witness, there are already four other depositions scheduled July 2, including a video deposition of a Lithuanian witness scheduled to begin at 2 a.m. EST.

Plaintiffs met and conferred with Defendants on this issue. Despite Plaintiffs explaining the many problems with the notices and schedule, Defendants refuse to withdraw them. Defendants refuse to withdraw the Notices. Given Cox's unreasonable delay in noticing these depositions, its failure to provide reasonable notice, the witnesses' unavailability in the last days of discovery and the already overpacked deposition schedule in the last days of discovery, Plaintiffs respectfully request a protective order barring these depositions.

**FACTUAL BACKGROUND**

Discovery commenced on November 19, 2018, when both parties served initial document requests and interrogatories. Gould Dec. ¶ 3. On December 12, 2018, Plaintiffs served Cox with Rule 26(a)(1) disclosures, including a detailed list of individuals likely to have discoverable information. Gould Decl. ¶ 10; Ex. 1 at pp. 3–5 (Plaintiffs' 26(a)(1) Initial Disclosures). The disclosures identified the four Fact Witnesses—Dennis Kooker, Jeff Walker, Audrey Ashby, and Andy Swan—as well as the subjects on which each witness is likely to have discoverable information.

On December 17, 2018, the Court entered a scheduling order setting the close of discovery for June 14, 2019—roughly seven months from its start. ECF No. 60. After months of substantial document discovery, the parties exchanged Rule 30(b)(6) deposition notices in late March 2019 and began a cooperative and lengthy process of identifying designees, scheduling mutually agreeable deposition dates based on witness and counsel availability, and taking dozens of depositions. Gould Decl. ¶¶ 4, 11, 12; Ex. 2 (April 24, 2019 Email from Plaintiffs to Cox identifying 30(b)(6) designees); Ex. 3 (May 30, 2019 Email from Plaintiffs to Cox identifying additional 30(b)(6) designees).

On May 1, 2019, the Court granted the parties' consent scheduling motion and extended the discovery deadline to July 2, 2019. ECF No. 138. With the extension, the parties would have roughly seven-and-a-half months to conduct fact discovery, well beyond the norm in this district. In its order, the Court unequivocally stated (in hand-written text on the parties' proposed order) that "[g]iven the enlarged time provided for discovery initially and this additional enlargement, no further enlargements of the discovery period will be allow." *Id.*

To date, Cox has already deposed 25 witnesses with several more scheduled in the remaining day of discovery. Specifically, Cox has deposed 15 Plaintiff witnesses (with one more ahead this Tuesday); 7 third-party witnesses (with one more ahead this Tuesday); and 3 of Plaintiffs' experts (with one more ahead this Tuesday). Each of Plaintiffs' fact witnesses to date have been Rule 30(b)(6) designees, who have or will testify in response to Cox's six Rule 30(b)(6) deposition notices. Gould Decl. ¶ 5. Even counting each multi-witness Rule 30(b)(6) deposition as a single deposition, Cox will have taken 17 depositions by the end of discovery. *Id.* Permitting the Fact Witness depositions to occur would bring that total to 21 depositions.

Throughout the first seven months of discovery, Cox never once mentioned an intent to depose the Fact Witnesses. Then on June 19, 2019 at 11:45 p.m. EST, with no prior notice or communication, Cox served individual deposition notices for the four Fact Witnesses. Gould Decl. ¶¶ 6, 13; Ex. 4 (Deposition Notices to Fact Witnesses). Cox set the deposition dates for the last four days of the discovery period: Mr. Walker of Sony Music on June 27; Mr. Kooker of Sony Music on June 28, Ms. Ashby of Sony ATV/EMI on July 1, and Mr. Swan of UMPG on July 2. Cox unilaterally selected these dates, without any discussion with Plaintiffs regarding the witnesses' availability. *Id.* Notwithstanding the short notice and compressed time frame, Plaintiffs have checked the Fact Witnesses' availability and confirmed that Mr. Walker, Mr. Kooker and Ms. Ashby are unavailable to appear. Gould Decl. ¶ 7. The fourth witness, Mr. Swan, lives and works in Los Angeles but Cox noticed for a deposition in New York. *Id.*

Even beyond the short notice, the dates noticed by Cox are problematic because the parties have numerous other depositions scheduled throughout the country during these final days of discovery. On June 28, Plaintiffs defended a 30(b)(6) deposition in Los Angeles of a Warner Music witness, as well as a deposition of one of Plaintiffs' experts in Washington, D.C. Gould

4

Decl. ¶ 8. On July 1, Plaintiffs are taking a 30(b)(6) deposition of a Cox witness in Atlanta. *Id.* On July 2, Plaintiffs are taking a critical fact deposition in Atlanta of Cox's former employee, Jason Zabek; that same day, Plaintiffs are defending a 30(b)(6) deposition in New York of a Sony Music witness, as well as an expert deposition in Washington, D.C. *Id.* In addition, there is a third-party deposition on July 2—by video of a MarkMonitor witness in Lithuania, scheduled for 2 a.m. EST. *Id.*

On June 26, Plaintiffs objected to Cox's deposition notices, stating that Cox's delay is inexcusable given that the notices were served less than two weeks before the end of discovery, when Cox long had notices of those individuals, and with the parties already double- and triple-tracking depositions on the noticed dates. Gould Decl. ¶ 14; Ex. 5 (June 26, 2019 Email from Plaintiffs to Cox). Plaintiffs also reminded Cox that it initially objected to merely taking two depositions on July 2, but was now proposing that five depositions occur that day. *Id.* Plaintiffs informed Cox that the depositions could not go forward as noticed, requested a meet-and-confer with Cox to discuss the issue, and stated that they would hold off on filing a motion for a protective order pending that discussion. *Id.*

On June 27, 2019, counsel for the parties conferred by telephone on this and other issues. Plaintiffs questioned the timing of the notices given the case schedule, long discovery period, December 2018 initial disclosures, the looming close of discovery, and multiple depositions already on tap for the noticed days. Cox did not provide an explanation or agree to withdraw the notices. Cox asked Plaintiffs if they intended to call the Fact Witnesses at trial. Plaintiffs explained that they are still assessing trial decisions. Gould Decl. ¶ 9. Cox has not expressed an intention to move to compel the depositions of the Fact Witnesses. *Id.*

## ARGUMENT

By serving deposition notices at the very end of the extended discovery period, Cox has squandered the ample time that this Court afforded for discovery. Cox has no excuse for its unreasonable delay in noticing depositions of witnesses it has known about for seven months. Cox's unreasonable delay has created an impossible situation where witness availability, the need for adequate time to prepare, and an already overpacked deposition schedule ensure the Fact Witness depositions cannot occur.

### 1. Cox Failed to Provide Reasonable Notice

Rule 30(b)(1) of the Federal Rules requires that a "party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(b)(1). Cox failed to do this. Local Rule 30(H) generally requires at least 11 days' notice, noting that "this will vary according to the complexity of the contemplated testimony …"

For Mr. Walker and Mr. Kooker, Cox gave notice of 8 and 9 days, respectively. For Ms. Ashby and Mr. Swan, Cox gave just 12 and 13 days' notice, respectively (merely 8 and 9 business days). This does not constitute reasonable notice, especially given Cox's unexplained delay in serving the notices, the breadth and complexity of case issues, relating to the tens of thousands of copyrighted works, and complicated deposition schedule. L.R. 30(H); *see also Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 173 (4th Cir. 2014) (affirming district court's grant of protective order barring a deposition because 5 days' notice was not reasonable under Federal Rule 30(b)(1) and Local Rule 30(H)).

The burden and time involved in finding available dates, preparing witnesses, and producing them for depositions in this case cannot be overstated. Cox is represented by sophisticated counsel who are well aware of the burden, time and logistical difficulties involved

6

in this effort. Yet Cox squandered the time afforded by this Court, and inexcusably failed to do anything to depose the Fact Witnesses until it was too late. *See* Fed. R. Civ. P. 30(b)(1); Local Rule 30(H). *See also*, *e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D 320, 328 (N.D. Ill. 2005) (finding that belated notices giving 10 days of notice were not reasonable, where the deposing party was aware of the witnesses' identities but "waited months before taking any action" to depose them and "the case is exceedingly complex").

### 2. The Case Schedule Forecloses These Depositions

When Cox served the deposition notices on June 19, precious few days remained in discovery. Cox's notices for the last four days of discovery (on days when 7 other depositions are already scheduled) left no room for flexibility or negotiation over alternate dates. There simply are no more dates. June 28 had two depositions in Los Angeles and Washington, D.C. There is one deposition in Atlanta on July 1. And July 2 is packed with depositions scheduled in New York, Washington, D.C., Atlanta, and by video in Lithuania.

Three of the Fact Witnesses are unavailable on such short notice, and the fourth was noticed for a deposition on July 2 and approximately 3,000 miles from his home and work. Nor can the Fact Witness depositions be rescheduled as the Court has made clear (appropriately) that "[g]iven the enlarged time provided for discovery initially and this additional enlargement, no further enlargements of the discovery period will be allow." ECF No. 138; *see In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D at 327 (holding that 10 business days' notice was not reasonable where "the case is exceedingly complex" and "the schedules of the deponents and a number of lawyers would be unable to accommodate the belatedly filed notices").

### 3. **The Depositions Would Be Duplicative of Others Cox Has Taken**

The depositions would be duplicative of depositions Cox has already taken. Ms. Ashby and Mr. Swan were identified as witnesses with knowledge of "ownership and registration of Plaintiffs' copyrighted works" for the Sony ATV/EMI and UMPG Plaintiffs, respectively. Gould Decl. ¶ 10; Ex. 1 (Plaintiffs' Rule 26(a)(1) Initial Disclosures). Cox has already deposed Rule 30(b)(6) designees for Sony ATV/EMI and UMPG Plaintiffs on precisely those topics. Gould Decl. ¶ 15, Ex. 6 at p. 8 (Rule 30(b)(6) Notice to Sony ATV/EMI Plaintiffs, Topics 2-4); Gould Decl. ¶ 16, Ex. 7 at p. 9 (Rule 30(b)(6) Notice to UMPG Plaintiffs, Topics 2-4). Most of the subjects listed for Mr. Kooker and Mr. Walker have also been covered by Cox's Rule 30(b)(6) depositions of Sony Music. Gould Decl. ¶ 10, Ex. 1 (Plaintiffs' Rule 26(a)(1) Initial Disclosures); Gould Decl. ¶ 17, Ex. 8 (Rule 30(b)(6) Notices to Sony Music Entertainment).

## **CONCLUSION**

Given Cox's unreasonable delay in noticing depositions of the Fact Witnesses, Cox's failure to provide reasonable notice, the witnesses' unavailability, the improper geographic demands on Mr. Swan and the already overpacked deposition schedule in the last days of discovery, the motion should be granted. Plaintiffs therefore respectfully request that the Court enter a protective order barring Cox from taking depositions of Dennis Kooker, Jeff Walker, Audrey Ashby, and Andy Swan.

Dated June 30, 2019

Respectfully Submitted,

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*