UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

### DECLARATION OF JEFFREY M. GOULD

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am Senior Counsel at Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case.

2. I submit this declaration in support of Plaintiffs' Motion for Protective Order Barring Deposition of Fact Witnesses.

3. Discovery in this case commenced on November 19, 2018, when both parties served initial document requests and interrogatories.

4. After months of substantial document discovery, the parties exchanged Rule 30(b)(6) deposition notices in late March 2019 and began a cooperative and lengthy process of identifying designees, scheduling mutually agreeable deposition dates based on witness and counsel availability, and taking dozens of depositions.

1

5. To date, Cox has already deposed 25 witnesses with several more scheduled in the remaining day of discovery. Specifically, Cox has deposed 15 Plaintiff witnesses (with one more ahead this Tuesday); 7 third-party witnesses (with one more ahead this Tuesday); and 3 of Plaintiffs' experts (with one more ahead this Tuesday). Each of Plaintiffs' fact witnesses to date have been Rule 30(b)(6) designees, who have or will testify in response to Cox's six Rule 30(b)(6) deposition notices. Even counting each multi-witness Rule 30(b)(6) deposition as a single deposition, Cox will have taken 17 depositions by the end of discovery.

- Six Rule 30(b)(6) depositions—one for each respective Plaintiff group;
- Seven third-party depositions—MarkMonitor, RIAA, Audible Magic, Stroz Friedberg, Jill Lesser, Seth Neilsen, and Chris Monson; and
- Four of Plaintiffs' experts.

Permitting the Fact Witness depositions to occur would bring that total to 21 depositions.

6. Prior to serving the June 19, 2019 notices of deposition on the Fact Witnesses, Cox did not communicate to Plaintiffs in any form that they intended or wished to take depositions of individual fact witnesses.

7. Three of the four witnesses who were the subject of the July 19 deposition notices are unavailable on the days noticed or during the few days remaining in discovery. Plaintiffs have confirmed that Mr. Walker, Mr. Kooker and Ms. Ashby are unavailable to appear. The fourth witness, Mr. Swan, lives and works in Los Angeles but Cox noticed for a deposition in New York on July 2—the last day of discovery on which four other depositions are scheduled.

8. On the dates that Cox has designated noticed for the Fact Witnesses' depositions, the parties have numerous other depositions scheduled throughout the country and world, with multiple depositions taking place on the same day. On June 28, Plaintiffs defended a 30(b)(6)

deposition in Los Angeles of a Warner Music witness, as well as a deposition of one of Plaintiffs' experts in Washington, D.C.  On July 1, Plaintiffs are taking a 30(b)(6) deposition of a Cox witness in Atlanta.  On July 2, Plaintiffs are taking a critical fact deposition in Atlanta of Cox's former employee, Jason Zabek; also that day, Plaintiffs are defending a 30(b)(6) deposition in New York of a Sony Music witness, as well as an expert deposition in Washington, D.C.  In addition, there is a third-party deposition on July 2—by video of a MarkMonitor witness in Lithuania, scheduled for 2 a.m. EST.  .

9. On June 27, 2019, I conferred by telephone with Cox's counsel regarding, among other issues, the depositions for the Fact Witnesses.  Cox did not provide an explanation as to why they delayed seeking deposition of the Fact Witnesses until the very end of discovery.  Cox asked Plaintiffs if they intended to call the Fact Witnesses at trial, and Plaintiffs responded that they are still assessing trial decisions.

10. A true and correct copy of Plaintiffs' Rule 26(a)(1) disclosures is attached hereto as **Exhibit 1**.

11. A true and correct copy of an email chain titled "Sony v. Cox – 30(b)(6) deposition notices to Plaintiffs," dated March 28–April 24, 2019, is attached hereto as **Exhibit 2**.

12. A true and correct copy of an email titled "Sony v. Cox – Deposition Scheduling," dated May 30, 2019, is attached hereto as **Exhibit 3**.

13. True and correct copies of Cox's 30(b)(6) deposition notices to Mr. Walker, Mr. Kooker, Ms. Ashby, and Mr. Swan are attached hereto as **Exhibit 4**.

14. A true and correct copy of an email chain titled "Sony v. Cox – Notices of Deposition," dated from June 19, 2019 to June 26, 2019, is attached hereto as **Exhibit 5**.

15. True and correct copies of Cox's 30(b)(6) deposition notice to the Sony ATV/EMI Plaintiffs are attached hereto as **Exhibit 6**.

16. True and correct copies of Cox's 30(b)(6) deposition notice to the UMPG Plaintiffs are attached hereto as **Exhibit 7**.

17. True and correct copies of Cox's 30(b)(6) deposition notice to the Sony Music Entertainment Plaintiffs are attached hereto as **Exhibit 8**.

Executed on June 30, 2019 in Washington, District of Columbia.

*/s/ Jeffrey M. Gould*