# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DEFENDANTS COX COMMUNICATIONS, INC.'S AND COXCOM, LLC'S NOTICE OF DEPOSITION TO SONY/ATV MUSIC PUBLISHING LLC, EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI APRIL MUSIC INC., EMI BLACKWOOD INC., COLGEMS-EMI MUSIC, INC., EMI CONSORTIUM MUSIC PUBLISHING INC. D/B/A EMI FULL KEEL MUSIC, EMI CONSORTIUM SONGS, INC., INDIVIDUALLY AND D/B/A EMI LONGITUDE MUSIC, EMI FEIST CATALOG INC., EMI MILLER CATALOG INC., EMI MILLS MUSIC, INC., EMI UNART CATALOG INC., EMI U CATALOG INC., JOBETE MUSIC CO. INC., STONE AGATE MUSIC (A DIVISION OF JOBETE MUSIC CO., INC.), SCREEN GEMS-EMI MUSIC INC., AND STONE DIAMOND MUSIC CORP. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox") will take the deposition of Plaintiffs Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Inc., Colgems-EMI Music, Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music (a division of Jobete Music Co., Inc.), Screen Gems-EMI Music Inc., and Stone Diamond Music Corp. (the "Sony/ATV and EMI" plaintiff group, as referred to by Plaintiffs in their Rule 26(a)(1) Disclosures).

1

Pursuant to Rule 30(b)(6), Plaintiffs Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Inc., Colgems-EMI Music, Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music (a division of Jobete Music Co., Inc.), Screen Gems-EMI Music Inc., and Stone Diamond Music Corp. are directed to designate one or more of their officers, directors, managing agents, or other persons to testify on their behalf who have knowledge reasonable to it on the matters set forth in Exhibit A attached hereto.

The deposition will commence on April 10, 2019 at 9:00 AM at the office of Winston & Strawn, LLP, 200 Park Avenue, New York, New York, 10166, or at some other mutually agreeable time and location. The deposition will be taken before a notary public or other officer authorized by law to administer oaths, and will be recorded by both stenographic and/or videographic means. Provisions for real-time monitoring via LiveNote™ or similar facility may also be used. Said deposition shall continue from day to day, weekends and holidays excepted, until completed.

Dated: March 28, 2019

By: _s/ Thomas M. Buchanan_
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Cox Communications, Inc. and CoxCom, LLC*

**EXHIBIT A**

**DEFINITIONS**

1.      "You," or "Your" shall mean any or all of Sony/ATV Music Publishing LLC, EMI

Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Inc.,

Colgems-EMI Music, Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music,

EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog

Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog

Inc., Jobete Music Co. Inc., Stone Agate Music (a division of Jobete Music Co., Inc.), Screen

Gems-EMI Music Inc., and/or Stone Diamond Music Corp. (the "Sony/ATV and EMI" plaintiff

group, as referred to by Plaintiffs in their Rule 26(a)(1) Disclosures, served on December 12,

2018).

2.      "Cox" shall refer to Defendants Cox Communications, Inc. and/or CoxCom, LLC.

3.       "Communication" means the transmittal of information (in the form of facts, ideas,

inquiries, or otherwise), whether orally, in writing, or otherwise, including but not limited to

written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and

telegraphic, facsimile, telex or computer-assisted electronic messages (including but not limited to

e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social

media platforms or blogs).

4.      "Document" or "Documents" as used herein shall have the broadest possible

construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to,

all original written, recorded, or graphic materials of any nature whatsoever, all mechanical or

electronic sound or video recordings or transcripts thereof, and all copies thereof, including

without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders,

3

diaries, statistics, source code, trouble tickets, source version control history, including all source code comments and associated comments, statements, publications or articles, transcripts, manuscripts, summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any Electronic Storage Device or in any Cloud Storage Account, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.  A draft or non-identical copy is a separate document within the meaning of this term.

5.      "ISP" shall refer to Internet Service Provider.

6.      "CAS" shall refer to the Copyright Alert System, or this system prior to the adoption of such nomenclature.

7.      "CCI" shall refer to the Center for Copyright Information and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on the CCI's behalf.

8.      "MarkMonitor" shall refer to MarkMonitor, Inc. and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on MarkMonitor's behalf, including but not limited to DtecNet Software and Clarivate Analytics.

9.      "MarkMonitor System" shall refer to MarkMonitor's system for monitoring and/or detecting alleged copyright infringement, generating copyright infringement notices, and sending copyright infringement notices.

10.     "RIAA" shall refer to the Recording Industry Association of America and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person acting, or purporting to act, on the RIAA's behalf.

11.     The term "peer-to-peer file sharing sites" shall include websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing, including but not limited to those utilizing the BitTorrent technology or protocol.

12.     "Plaintiff(s)" shall mean any or all of Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc.,

Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc., and/or any of its or their representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing entities.

13.    "Stroz Friedberg" shall refer to Stroz Friedberg, an Aon company, and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting, or purporting to act, on Stroz Friedberg's behalf.

14.    "Harbor Labs" shall refer to Harbor Labs and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting, or purporting to act, on Harbor Labs' behalf.

15.    "Residential ISP Customer" shall refer to any customer of an ISP that is, for example, an individual or residence, and otherwise not a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited

to any type of customer that would be targeted by a university-specific or corporate Peer-to-Peer Notice Program or a university-specific or corporate peer-to-peer litigation program.

16. "Non-Residential ISP Customer" shall refer to any customer of an ISP that is, for example, a university, college, city, municipality, hospital, hotel, or any other type of institutional or corporate customer, including but not limited to any type of customer that would be targeted by a university-specific or corporate Peer-to-Peer Notice Program or a university-specific or corporate peer-to-peer litigation program

17. As used herein, the terms "this lawsuit," "this litigation," and "this case" refer to *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.,* Case No. 1:18-cv-00950-LO-JFA, pending in the United States District Court for the Eastern District of Virginia.

18. "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the topic all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa.

19. "Any" and "all" shall mean one or more.

20. The terms "reflecting," "referring," "relating to," "concerning" or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

21. "Including" shall mean without limitation.

22. Unless the topic specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender;

references to the past including the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

## <u>TOPICS FOR DEPOSITION</u>

1. Your corporate structure and relationship to Your respective Plaintiff group, as represented on Appendix 1 to Plaintiffs' Rule 26(a)(1) Disclosures, served on December 12, 2018, and/or any other Plaintiff in this litigation.

2. The validity of the copyright registrations, including the registration status, of the Copyright Works, and the registration of the Copyright Works that are sound recordings as compilations or collective works.

3. The status of any of the Copyright Works as works for hire and Your work-for-hire agreements with any of the authors of the Copyright Works.

4. Your ownership or ability to assert infringement of the Copyright Works in this litigation, including any challenges or threatened challenges to Your ownership of the Copyright Works.

5. Your efforts to search for, collect, and produce Documents in this litigation, whether in response to discovery requests from Cox or otherwise.

6. The custodians and/or authors of the Documents You produced in this litigation, including those Documents with the Bates prefix "Plaintiffs_".

7. Your Document retention policies.

8. Your written responses to Cox's discovery requests in this litigation.

9. Your efforts to exploit the Copyright Works, including through sales, royalties, licensing, assignments, and other means, including the channels through which You exploit the Copyright Works.

10. Your total revenue, expenses, and profit between 2011 and 2014, including how it is calculated. Documents relevant to this topic include but are not limited to SATV-EMI002387 and SATV-EMI002426.

11. Your fixed and incremental expenses between 2011 and 2014, including how it was calculated.

12. Your revenue per Copyright Work, per channel (i.e., physical sales, digital downloads, streaming, licensing royalties), including how the revenue data You produced was generated, organized, and calculated between 2011 and 2014. Documents relevant to this topic include but are not limited to SATV-EMI_00010116.

13. Any of Your revenue and/or profits that may have been lost or displaced due to the infringement claimed in this litigation.

14. The value of any of the Copyright Works, including any attempts to calculate a value of any of the Copyright Works.

15. The bases for the damages You claim in this litigation and Your efforts to mitigate or otherwise reduce any damages, lost revenue, and/or profits You claim in this litigation.

16. Your efforts to assert a claim for direct infringement against the Cox subscriber whose alleged action(s) gave rise to Your claim for secondary infringement against Cox in this litigation.

17. Your use of peer-to-peer file sharing sites, including those employing the BitTorrent protocol between 2010 and 2015.

18. Your understanding of the volume and trends of actual, perceived, or alleged copyright infringement on peer-to-peer file sharing sites between 2010 and present.

9

19.     Your or any other Plaintiff's response(s) to purported evidence of alleged copyright infringement on peer-to-peer file sharing sites.

20.     Your Communications with Cox or its subscribers regarding copyright infringement, whether actual, perceived, or alleged, on peer-to-peer file sharing sites.

21.     The number of copyright infringement notices that ISPs other than Cox would accept from or on behalf of You between 2010 and 2015, and the IPSs' responses to receiving copyright infringement notices, including your understanding of any policies relating to the termination of a subscriber that receives copyright infringement notices.

22.     Your understanding about whether Cox's response to copyright infringement by its subscribers, whether actual, perceived, or alleged, differed from those of other ISPs during the time period between 2010 and 2015.

23.     Your non-privileged Communications with the RIAA regarding copyright infringement, whether actual, perceived, or alleged, on peer-to-peer file sharing sites during the time period 2010 to present and Your or any Plaintiff's responses thereto.

24.     Your Communications with CCI, or any of its former signatories, members, officers, executives, employees, or representatives, regarding copyright infringement, whether actual, perceived, or alleged, on peer-to-peer file sharing sites during the time period 2010 to present and Your or any Plaintiff's responses thereto.

25.     The scope of Your relationship with the RIAA.

26.     Your understanding of the CAS, including its purpose, its effect on the volume and trends of copyright infringement on peer-to-peer file sharing sites, and its perception within Your company and within Your industry.

27.     Your participating in the CAS and understanding of the CAS Memorandum of Understanding, and any the terms of, and performance related to, any implementation agreement entered into in connection with the CAS or the CAS Memorandum of Understanding.  Documents relevant to this topic include but are not limited to Plaintiffs_00286174-Plaintiffs_00286279 and Plaintiffs_00286282-Plaintiffs_00286403.

28.     Your or any other Plaintiff's relationship with MarkMonitor, including the engagement of MarkMonitor to monitor for infringement and send the notices to Cox upon which You are relying in this litigation and in connection with the CAS.

29.     Your understanding of the Master Agreement between DtecNet, Inc. (now MarkMonitor) and the RIAA, dated December 20, 2011 and all related statements of work. Documents relevant to this topic include but are not limited to RIAA_00000001-RIAA_00000045.

30.     Your understanding of the MarkMonitor System, including its operation, any analyses regarding its efficacy, any known, perceived, or suspected flaws, and changes or improvements that have been made to the MarkMonitor System, and any analyses or reviews thereof.  Documents relevant to this topic include but are not limited to RIAA_00127758-RIAA_00127791 and RIAA_00127758-RIAA_00127791.

31.     Your Communications and Documents concerning Stroz Friedberg's and/or Harbor Labs' analyses of MarkMonitor or the MarkMonitor System, including Your Communications and Documents concerning the engagement of Stroz Friedberg and/or Harbor Labs, the scope of any analyses, the content of the analysis, comments and revisions to draft repots, and the impact, if any, of the analyses.

32.    The differences, if any, between the MarkMonitor System used to send notices to Cox upon which you rely in this litigation and any other MarkMonitor System(s) used to monitor for infringement on peer-to-peer file sharing sites of the Copyright Works.

33.    Your policies and practices regarding sending notices of alleged copyright infringement on the Internet to Residential ISP Customers and Non-Residential ISP Customers and how they differed in any way.

34.    The data and/or reports generated by MarkMonitor as it relates to the notices sent to Cox by You or on behalf of You.  Documents and information relevant to this topic include but are not limited to Plaintiffs_00286280/ Plaintiffs_00286430 and Plaintiffs_00286281/Plaintiffs_00286431 and the corresponding hard drive.

35.    Your evidence that Cox subscribers were engaged in the actions that You claim constitute direct infringement of the Copyright Works and for which You seek relief in this litigation.

36.    The factual bases for Your assertion that Cox contributed, materially or otherwise, to the direct infringement of the Copyright Works for which You are seeking to hold Cox secondarily liable in this litigation.

37.    The factual bases for Your assertion that Cox benefitted financially from the direct infringement of the Copyright Works for which You are seeking to hold Cox secondarily liable in this litigation.

38.    Your understanding or awareness of Cox's costs in providing Internet service, including costs as they relate to the provision of Internet services to subscribers who are alleged to have engaged in copyright infringement.

39.     Your understanding or awareness of any financial benefit to Cox associated with the provision of Internet services to subscribers who are alleged to engage in copyright infringement.

40.     Your understanding or awareness that would-be infringers selected Cox over other ISPs based on Cox's actions as they compare to other ISPs.

41.     The factual bases for Your assertion that Cox had the right and ability to supervise, detect, stop, or limit the conduct of its subscribers, including the infringement You allege in this litigation.

42.     The factual bases for Your assertion that Cox had actual or constructive knowledge of its subscribers' alleged infringement of the Copyright Works for which You are seeking to hold Cox secondarily liable in this litigation or of works other than the Copyright Works.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2019, I served via electronic mail the foregoing **DEFENDANTS COX COMMUNICATIONS, INC.'S AND COXCOM, LLC'S NOTICE OF DEPOSITION TO SONY/ATV MUSIC PUBLISHING LLC, EMI AL GALLICO MUSIC CORP., EMI ALGEE MUSIC CORP., EMI APRIL MUSIC INC., EMI BLACKWOOD INC., COLGEMS-EMI MUSIC, INC., EMI CONSORTIUM MUSIC PUBLISHING INC. D/B/A EMI FULL KEEL MUSIC, EMI CONSORTIUM SONGS, INC., INDIVIDUALLY AND D/B/A EMI LONGITUDE MUSIC, EMI FEIST CATALOG INC., EMI MILLER CATALOG INC., EMI MILLS MUSIC, INC., EMI UNART CATALOG INC., EMI U CATALOG INC., JOBETE MUSIC CO. INC., STONE AGATE MUSIC (A DIVISION OF JOBETE MUSIC CO., INC.), SCREEN GEMS-EMI MUSIC INC., AND STONE DIAMOND MUSIC CORP. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)** upon the following:

Jeffrey Gould
Oppenheim + Zebrak, LLP
4530 Wisconsin Ave., NW, 5th Fl.
Washington, DC 20015
Email: jeff@oandzlaw.com

*Attorneys for Plaintiffs Sony/ATV Music*
*Publishing LLC, EMI Al Gallico Music Corp.,*
*EMI Algee Music Corp., EMI April Music Inc.,*
*EMI Blackwood Inc., Colgems-EMI Music, Inc.,*
*EMI Consortium Music Publishing Inc. d/b/a*
*EMI Full Keel Music, EMI Consortium Songs,*
*Inc., individually and d/b/a EMI Longitude*
*Music, EMI Feist Catalog Inc., EMI Miller*
*Catalog Inc., EMI Mills Music, Inc., EMI Unart*
*Catalog Inc., EMI U Catalog Inc., Jobete Music*
*Co. Inc., Stone Agate Music (a division of Jobet*
*Music Co., Inc.), Screen Gems-EMI Music Inc.,*
*and Stone Diamond Music Corp.*

*s/ Sean R. Anderson*
Sean R. Anderson
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
SRAnderson@winston.com

*Attorneys for Cox Communications, Inc. and*
*CoxCom, LLC*

14