1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
         Plaintiffs,             :
                                 :
    -vs-                         :   Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
         Defendants.             :
                                 :
---------------------------------:

HEARING ON MOTIONS

January 25, 2019

Before:  John F. Anderson, U.S. Mag. Judge

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, Jeffrey M. Gould,
and Kerry M. Mustico, Counsel for the Plaintiffs

Thomas M. Buchanan, Jennifer A. Golinveaux, and
Sean R. Anderson, Counsel for the Defendants

Norman B. Linnell  OCR-USDC/EDVA  (703)549-4626

1   for the plaintiffs to produce those documents.

2            THE COURT:  All right.  Thank you.

3            Tell me what it is you're producing as far as
4   ownership and validity materials.

5            MR. OPPENHEIM:  So, Your Honor, we're producing all
6   the documents -- first of all, all the copyright registrations
7   or proof of registration.  And then to the extent that that
8   registration is in the name other than the plaintiff, we're
9   producing the chain of title to show the connection between the
10  plaintiff and the registrant.

11           And that's exactly what, Your Honor, Judge O'Grady
12  ruled on his summary judgment decision in the BMG case.  I know
13  we're plowing our own course here, but the law is the law.
14  There is no -- so what Judge O'Grady said is there is no basis
15  for Cox's argument that the chain of title must relate back to
16  the author instead of the original plaintiff.

17           We're producing that --

18           THE COURT:  That was on a summary judgment motion.
19  This is a discovery motion.

20           MR. OPPENHEIM:  Absolutely.  And we have said
21  repeatedly in the meet and confer process with the defendants,
22  if there is a work for which you have any basis whatsoever, any
23  colorable basis to say that there is an issue, tell us and
24  we'll go and look.

25           But what they're doing is just purely speculative, we

1  want all of these documents.  They have no basis to believe
2  there are any issues.  They haven't even reviewed what we've
3  produced or allowed us to produce everything to them that they
4  have asked for already.
5           And yet they're here and they're asking the Court,
6  you know, because we don't think we're going to get necessarily
7  what we want, we want you to order it before we have even
8  looked at what they're going to produce.
9           And, by the way, in the -- they did ask for way more
10 in their motion than they are now asking for again, Your Honor.
11          THE COURT:  All right.  Well, again, I think I
12 understand this issue well enough.  You know --
13          MS. GOLINVEAUX:  Your Honor, may I have a brief point
14 in response?
15          THE COURT:  Okay.
16          MS. GOLINVEAUX:  Mr. Oppenheim referred to Judge
17 O'Grady's order.  We're not seeking chain of title going all
18 the way back to the original creator.  We are seeking the
19 assignments of licenses that put it in the name of the
20 plaintiffs.  We know that they don't -- they are employees.
21 These are not created by employees of the plaintiff.  So that's
22 what we're seeking, and that's the distinction with what Judge
23 O'Grady ruled.
24          THE COURT:  Okay.  Well I think what they have agreed
25 to produce to date is going to be sufficient.  If there is any

1  specific questions that you've got that relate to specific

2  issues for copyrighted works, then I'll consider dealing with

3  this issue on a copyrighted work-by-copyrighted work basis.  Of

4  if it's a many copyrighted works that are subject to a similar

5  work or a wire for hire or something like that.

6          But, you know, at this point in time the idea that

7  you know, for all 11,000 copyrighted works, you know, the three

8  areas that you've asked for or have now made clear in your

9  reply brief that you're asking for, I don't -- I don't see that

10 being appropriate under the circumstances of this case.

11         So I'm going to deny the motion to compel as to this

12 second category.

13         All right.  So now we're dealing with these narrowly

14 tailored requests that include a request such as:  All

15 documents that mention, refer to, or relate to Cox that were

16 created, received, or sent from 2013 to the present.

17         That was described in your motion as a narrowly

18 tailored request.

19         MS. GOLINVEAUX:  Your Honor, we think all documents

20 the plaintiffs have talking about Cox are relevant in this

21 case.  They have been targeting Cox for years.  They have been

22 tracking the BMG litigation.

23         We met and conferred with them and discussed this.

24 They said there are certain categories that would make that

25 burdensome.  And we asked them what those might be.  And they