UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## PLAINTIFFS' MOTION FOR SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under seal portions of certain materials accompanying their Memorandum in Opposition to Defendants' Motion to Compel (the "Opposition," ECF No. 206). The proposed sealed materials contain information that Plaintiffs have designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58). Redacted versions of these materials have been publicly filed alongside Plaintiffs' Opposition.

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D). Thereafter, the Court will determine whether the sealing is proper.

Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

(2) consider less drastic alternatives to sealing the documents, and

(3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Plaintiffs' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled for July 12, 2019, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing only certain portions of documents rather than the entire filing, and redacting only portions of documents where feasible.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Plaintiffs provide the bases that warrant sealing each document as follows:

**(1) Declaration of Kerry M. Mustico on behalf of Plaintiffs in Opposition to Defendants' Motion to Compel**

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

2

**(2) Excerpt of the June 18, 2019 Deposition Transcript of Mr. Anish Patel (Mustico Ex. 2)**

This document contains information that is designated as "Highly Confidential— Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**(3) Declaration of Anish Patel on behalf of the SATV/EMI Plaintiffs in Opposition to Defendants' Motion to Compel**

This document contains information that is designated as "Highly Confidential— Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**(4) Declaration of David Jacoby on behalf of the Sony Music Plaintiffs in Opposition to Defendants' Motion to Compel**

This document contains information that is designated as "Highly Confidential— Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**(5) Declaration of Chiara Genovese on behalf of the UMG Plaintiffs in Opposition to Defendants' Motion to Compel**

This document contains information that is designated as "Highly Confidential— Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**(6) Declaration of Julie Chen-Burton on behalf of the UMPG Plaintiffs in Opposition to Defendants' Motion to Compel**

This document contains information that is designated as "Highly Confidential— Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or

business plans; competitive analysis; and other commercially sensitive competitive information

**(7) Declaration of Melissa Battino on behalf of the Warner Music Plaintiffs in Opposition to Defendants' Motion to Compel**

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

**(8) Declaration of Jeremy Blietz on behalf of the Warner/Chappell Plaintiffs in Opposition to Defendants' Motion to Compel**

This document contains information that is designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58.). Such information includes, but is not limited to: confidential or proprietary technical, sales, marketing, or financial information; strategic or business plans; competitive analysis; and other commercially sensitive competitive information.

For the reasons above, Plaintiffs respectfully request that the materials at issue, and citations thereto contained in the Opposition, be sealed.

Respectfully submitted,

Dated July 8, 2019

/s/ Scott. A Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*