UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**PLAINTIFFS' OBJECTIONS TO COX'S WITNESS LIST**

Pursuant to the Court's Order Modifying the Pretrial Schedule (ECF No. 223), Plaintiffs respectfully submit their objections to Defendants Cox Communications, Inc. and CoxCom, LLC's (collectively "Cox") Witness List / Rule 26(a)(3) Disclosures (ECF No. 221).

Plaintiffs reserve the right to object to any testimony depending on its use by Cox. Plaintiffs include objections based on contemplated Daubert motions and motions *in limine*, and reserve the right to supplement or amend their objections in light of the Court's orders on all pretrial motions or for any other permissible reason.

Plaintiffs object to Cox presenting testimony by deposition from **Brian Stifel**, **Clint Summers** and/or **Paul Jarchow** on hearsay grounds. Each is a current Cox employee whom Cox controls and could bring to trial in-person, and is therefore not an unavailable witness under Fed. R. Civ. Proc. 32(a)(4).

Plaintiffs object to Cox presenting testimony by deposition from **Jason Zabek** and/or **Joseph Sikes** on hearsay grounds. Each is a former Cox employee whom Cox controls and could bring to trial in-person, and is therefore not an unavailable witness under Fed. R. Civ. Proc. 32(a)(4).

Plaintiffs object to Cox presenting testimony in whole or in part from putative experts, **Christian Tregillis**, **Christopher Bakewell**, **Kevin Almeroth**, **Lynne Weber**, and **Nick Feamster**, pursuant to at least Federal Rules of Evidence 702, 402 and 403. Plaintiffs intend to file motions concerning these witnesses in accordance with the Court's Order Modifying the Pretrial Schedule (ECF No. 223).

Plaintiffs object to Cox presenting testimony from **Victoria Sheckler** as duplicative and cumulative. Cox has indicated that it expects to call as a trial witness Steven Marks, the Rule 30(b)(6) designee of the Recording Industry Association of America ("RIAA"). The Court previously denied Cox's motion to depose Ms. Sheckler because she has no personal knowledge outside of her work as a corporate representative of RIAA and RIAA has offered a corporate designee on all relevant topics.

Plaintiffs object to Cox presenting testimony from **Slawomir Paszkowski** by deposition on hearsay grounds and to the extent outside the scope of Cox's Rule 30(b)(6) deposition notice to MarkMonitor. Mr. Paszkowski's unsworn statements are hearsay and not properly presented as trial testimony.

Plaintiffs object to Cox presenting testimony from **Christopher Monson**, **Seth Nielson** and **Jill Lesser** under Federal Rules of Evidence 402 and 403. Plaintiffs further object to Cox presenting testimony by deposition from **Christopher Monson**, **Seth Nielson** and **Jill Lesser** on hearsay grounds. Each resides within the Court's subpoena reach and is not an unavailable witness under Fed. R. Civ. Proc. 32(a)(4).

Plaintiffs object to Cox presenting testimony from **Samuel Rubin** under Federal Rules of Evidence 402 and 403.

Plaintiffs object to Cox presenting testimony by deposition of Plaintiffs' experts **Barbara Frederiksen-Cross, George McCabe, Terrence McGarty,** and/or **William Lehr** on hearsay grounds. Plaintiffs intend to call each witness live at trial and Cox may question them in person.

Dated July 23, 2019

Respectfully Submitted,

/s/ *Scott A. Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*