## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

      Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

      Defendants.

Case No. 1:18-cv-00950-LO-JFA

## PLAINTIFFS' STATUS REPORT

Plaintiffs respectfully provide the following status update to Magistrate Judge Anderson in advance of Thursday's telephonic status conference and in the wake of Cox's unilateral, eleventh-hour cancelation of the long-scheduled settlement conference.

### I.      The Canceled Settlement Conference

At the June 21, 2019 final pre-trial conference, Judge O'Grady asked the parties if they were interested in exploring settlement and invited them to discuss that prospect with Your Honor. Cox had no obligation to agree to that course. Cox's counsel of record, Thomas Buchanan, informed the Court that Cox was interested in mediating before Your Honor. Judge O'Grady directed the parties to contact Your Honor's chambers promptly to schedule a settlement conference in advance of the looming summary judgment deadline.

Plaintiffs, through counsel, contacted Cox's counsel, Michael Elkin, shortly thereafter to discuss whether to engage in a private mediation or with Your Honor. Mr. Elkin again made clear that Cox wanted the settlement conference, wanted it to be in this Court, and wanted it to be with Your Honor. Plaintiffs consented and undertook the challenging task of coordinating schedules to find a date on which an authorized representative from each of the six Plaintiff groups could travel

to Virginia to participate.  The parties agreed on August 8, 2019 and requested that date with Your Honor.

On July 10, 2019, Your Honor agreed and scheduled the settlement conference for August 8, 2019 at 10 a.m. EST.  Your Honor also sent the parties a letter setting forth the detailed submissions the parties must submit by August 2, including a summary of facts, claims, defenses; major issues in dispute; summary of damages; description of related litigation; names of persons attending; the history of settlement discussions; counsel's candid evaluation of the party's strengths, weaknesses and likelihood of success; fees and costs to date; an estimate of fees and costs through trial to judgment; counsel's best estimate of the least favorable outcomes; and both counsel's and the clients' candid evaluation of reasonable and fair settlement terms.

Plaintiffs took the task and prospect of settlement seriously and in good faith.  Both clients and counsel thought long and hard about issues impacting settlement.  Counsel discussed details of the case at length with Plaintiffs.  Each client group attained settlement authority from its respective decisionmakers.  Plaintiffs drafted and submitted a substantive letter to Your Honor setting forth all required matters.  As the Court can see, the confidential submission and effort that went into it was substantial. Plaintiffs also prepared an opening statement for the settlement conference.  A representative from each Plaintiff group cleared his or her schedule and booked travel to Virginia—several from New York and two from Los Angeles.  The process was time-consuming and costly, distracting Plaintiffs from summary judgment and Daubert motions due August 30, 2019, as well as trial preparations and other upcoming submissions.

On Tuesday, August 6 at approximately 12:45 pm EST, Mr. Buchanan informed Plaintiffs' counsel by telephone that Cox was unilaterally canceling the settlement conference.  This was more than six weeks after Cox told Judge O'Grady it was interested in participating in a settlement conference with Your Honor, nearly four weeks after Your Honor scheduled the parties for the

entire day, and less than 48 hours before the conference. By this time, one of Plaintiffs' representatives was already in the air traveling to Virginia from Los Angeles. Others incurred non-refundable travel expenses. Plaintiffs incurred substantial attorneys' fees in connection with their analysis, drafting and preparations for the settlement conference.

Mr. Buchanan said Cox was refusing to participate in the settlement conference because Cox does not believe it would be productive. He said Cox believed the parties were too far apart in their views of a reasonable settlement to reach an agreement. He said Cox wanted or needed resolution of upcoming pretrial motions to inform its view on settlement. And he said Cox would not agree to pay Plaintiffs' fees and costs incurred in preparing for the canceled conference.

While Plaintiffs have neither the ability nor desire to force Cox to engage in a settlement dialogue, Cox's last-minute cancelation has unfairly prejudiced Plaintiffs. Its assertion that the parties' settlement views are too disparate for a productive dialogue is specious. The parties have not engaged in any recent settlement discussions. Between the final pretrial conference and Cox's unilateral cancelation yesterday, absolutely nothing had happened between the parties to justify Cox's about-face. If Cox held the view that the parties are too far apart in terms of valuing the case, it should not have represented to the Court and Plaintiffs that it was interested in a settlement conference; it should not have scheduled the settlement conference; and if it was going to cancel the settlement conference, it should have done so weeks earlier.

Had Cox taken this process seriously, it would have known long before yesterday that it thought settlement discussions would not be productive. Instead, Cox misled the Court and Plaintiffs for more than six weeks, forcing both to expend resources and distract from other important matters. Cox imposed on the Court to clear its schedule for an entire day and take time to review the parties' submissions. Cox distracted Plaintiffs' from important motions and trial preparations, requiring them instead to rack up fees preparing for a settlement conference. And

Cox caused Plaintiffs' representitives to needlessly clear their schedules, prepare for the conference, incur costs and, for one client, fly here from California.

Throughout the case, Cox has demonstrated a consistent pattern of obstruction, delay and gamesmanship. Plaintiffs thus have concern that Cox's approach to the settlement conference was just a ruse to distract Plaintiffs at a critical time. In discovery, Cox took absurd positions, objecting to basic discovery. Plaintiffs had to file four motions to compel basic discovery, each of which was granted in some measure. In several instances, Cox caved and agreed to provide discovery only *after* Plaintiffs moved (*i.e.*, ticket data, prior depositions, policies concerning reactivation fees), or only after Plaintiffs asked again and again for justified discovery, confirming that Cox's objections were never well-founded. After the Court ordered Cox to produce billing records over Cox's objection, Plaintiffs were still forced to seek relief from the Court on expert deadlines because Cox unreasonably delayed that production and refused to accommodate a reasonable courtesy extension to account for the delay. In other instances, Cox's gamesmanship has manifested in manufactured disputes and baseless threats. The instances of Cox's strategic gamesmanship go on and on and it is no stretch to believe that Cox's unilateral, eleventh-hour cancelation of the long-scheduled settlement conference is simply more of the same. And regardless of the motive, there can be no dispute that Plaintiffs' suffered unnecessary distractions and costs as a result of Cox's conduct.

The Court has broad discretion to enter sanctions pursuant to its inherent authority, including without the formality of a motion. This situation clearly calls for it. Plaintiffs are prepared to file a formal motion should the Court deem it necessary, though that would only further distract Plaintiffs at this critical juncture and increase the amount that Cox should have to compensate Plaintiffs.

## II.    <u>Case Status Update</u>

The parties attended a pre-trial conference on June 21, 2019 and discovery closed thereafter on July 2.  The case is currently set for a trial of approximately three weeks beginning on December 2, 2019.  Over the last few weeks, the parties filed trial witness lists and objections to same.  Exhibit lists are due next week, with additional pre-trial submissions due in the coming months, as set forth in the schedule below.

Summary judgment and Daubert motions are due August 30.  Plaintiffs intend to move for summary judgment on liability and Cox's affirmative defenses.  Plaintiffs also plan to file Daubert motions to exclude, in whole or in part, testimony and opinions from each of Cox's five putative experts.  Plaintiffs expect evidentiary and other motions *in limine* to be material.

On July 22, 2019 the Court entered the following pre-trial schedule (ECF No. 223), with the consent of the parties:

### A.    Pretrial Filings

| *EVENT* | *Date* |
|---|---|
| File Rule 26(a)(3)(A)(i) witness disclosures | July 16, 2019 |
| File objections to the other side's Rule 26(a)(3)(A)(i) witness disclosures | July 23, 2019 |
| File Rule 26(a)(3)(A)(iii) exhibit list disclosures | August 13, 2019 |
| Serve (but do not file) proposed written stipulations of uncontested facts | August 15, 2019 |
| File written stipulations of uncontested facts | August 22, 2019 |
| File objections to the other side's Rule 26(a)(3)(A)(iii) exhibit list disclosures | August 29, 2019 |
| File deposition designations under Rules 26(a)(3)(A)(ii), 32(a)(3) & (4), and Local Civil Rule 30(F) | September 18, 2019 |
| File objections to the other side's deposition designations and counter-designations | October 7, 2019 |

| File objections to the other side's counter-designations and any fairness designations | October 22, 2019 |
|---|---|

**B.      Summary Judgment and *Daubert* Motions**

| *EVENT* | *Date* |
|---|---|
| File Summary Judgment Motions and Briefs, and *Daubert* Motions and Briefs | August 30, 2019 |
| File Summary Judgment Oppositions and *Daubert* Oppositions | September 24, 2019 |
| File Summary Judgment Replies and *Daubert* Replies | October 11, 2015 |
| Summary Judgment and *Daubert* Hearing | October 18, 2019 |

**C.      Motions *In Limine***

| *EVENT* | *Date* |
|---|---|
| File Motions *in limine* and Briefs | October 21, 2019 |
| File Motions *in limine* Oppositions | November 4, 2019 |
| File Motions *in limine* Replies | November 11, 2019 |
| Motions *in limine* Hearing | November 15, 2019 |

Last week, Mr. Buchanan informed Plaintiffs' counsel of a personal commitment he neglected to consider when setting the date for argument on motions *in limine* and requested their consent to a revised schedule on those motions.   Though inconvenient given the already compressed schedule, as a courtesy, Plaintiffs agreed to the following schedule for motions *in limine*, subject to Judge O'Grady's entry of an order approving it:

| *EVENT* | *Date* |
|---|---|
| File Motions *in limine* and Briefs | October 19, 2019 |
| File Motions *in limine* Oppositions | October 30, 2019 |
| File Motions *in limine* Replies | November 5, 2019 |
| Motions *in limine* Hearing | November 11, 2019 |

Dated August 7, 2019                               Respectfully Submitted,

                                                   /s/ Scott A. Zebrak
                                                   Scott A. Zebrak (38729)
                                                   Matthew J. Oppenheim (*pro hac vice*)
                                                   Jeffrey M. Gould (*pro hac vice*)
                                                   Kerry M. Mustico (*pro hac vice*)
                                                   OPPENHEIM + ZEBRAK, LLP
                                                   4530 Wisconsin Avenue, NW, 5th Floor
                                                   Washington, DC 20015
                                                   Tel:  202-480-2999
                                                   scott@oandzlaw.com
                                                   matt@oandzlaw.com
                                                   jeff@oandzlaw.com
                                                   kerry@oandzlaw.com

                                                   *Attorneys for Plaintiffs*