UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA <br><br> **REDACTED** <br> **PUBLICLY FILED VERSION** |

### DECLARATION OF DIANA HUGHES LEIDEN IN SUPPORT OF DEFENDANTS' MOTION TO PRECLUDE PLAINTIFFS' USE OF CERTAIN EVIDENCE

I, Diana Hughes Leiden, hereby declare:

1. I am a partner with the firm of Winston & Strawn LLP, attorneys of record for Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox"). I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. On January 7, 2019, Cox subpoenaed MarkMonitor, Inc. ("MarkMonitor") for documents. A true and correct copy is attached hereto as **Exhibit A**.

3. On February 22, 2019, Plaintiffs produced a spreadsheet with Bates No. Plaintiffs_00286281 (the "'281 Spreadsheet") in response to Cox's document requests. The '281 Spreadsheet [REDACTED] A true and correct copy is attached hereto as **Exhibit B**.

4. Attached hereto as **Exhibit C** is a true and correct copy of the court's March 7, 2019 Order on Cox's Motion to Compel from *Cox Communications, Inc., et al v. MarkMonitor,*

*Inc.*, Case No. 3:19-mc-80050-SK (N.D. Cal.), located as ECF No. 14 on the docket of that case. The Court Ordered MarkMonitor to comply with Cox's document subpoena.

5. Following the Court's Order, MarkMonitor's counsel confirmed, via a letter dated March 19, 2019, that it was producing all non-privileged, responsive documents in its possession, custody, and control responsive to Cox's subpoena. A true and correct copy of the March 19, 2019 letter is attached hereto as **Exhibit D**.

6. On March 25, 2019 Plaintiffs produced a spreadsheet with Bates No. Plaintiffs_00286431 (the "'431 Spreadsheet") with metadata in the spreadsheet's "info" field. A true and correct copy of the '431 Spreadsheet is attached hereto as **Exhibit E**.

7. A screenshot of the '431 Spreadsheet's and '236 Spreadsheet's metadata is attached hereto as **Exhibit F**. The screenshot of the '431 Spreadsheet metadata was captured at my direction by opening a native version of the '431 Spreadsheet, navigating to the spreadsheet's "info" field, and capturing an image of the metadata in the "info" field using the Snipping Tool application. As evidenced in the screenshot, the '431 Spreadsheet was ███████████ ███████████████████ The screenshot of the '236 Spreadsheet metadata was captured at my direction by opening a native version of the '431 Spreadsheet, navigating to the spreadsheet's "info" field, and capturing an image of the metadata in the "info" field using the Snipping Tool application. As evidenced in the screenshot, the '431 Spreadsheet was ███████████ ███████████████████

8. **Exhibit G** is a true and correct copy of a screenshot of columns A-T of the '236 Spreadsheet and columns A-S of the '431 Spreadsheet. Comparing these two screenshots, ██ ███████████████████ The screenshot of the '236 Spreadsheet was captured at my direction by opening a native version

of the '236 Spreadsheet, reformatting the columns so they could be captured in a single image, and using the Snipping Tool application. The screenshot of the '431 Spreadsheet was captured at my direction by opening a native version of the '431 Spreadsheet, reformatting the columns so they could be captured in a single image, and using the Snipping Tool application.

9. On March 26, 2019, MarkMonitor, through its counsel Mr. Castricone, confirmed in an email to me and other counsel for Cox that MarkMonitor had "no further non-privileged documents in its possession, custody or control that are responsive to the subpoena." A true and correct copy of the March 26, 2019 email correspondence is attached hereto as **Exhibit H**.

10. On March 27, 2019, MarkMonitor produced a spreadsheet with Bates No. MM000236 (the "'236 Spreadsheet"). A true and correct copy of the '236 Spreadsheet is attached hereto as **Exhibit I**.

11. At his deposition on July 2, 2019, MarkMonitor's 30(b)(6) witness Slawomir Paszkowski ███████████████████████████████. Attached hereto as **Exhibit J** is a true and correct copy of excerpts from the deposition Slawomir Paszkowski, who was designated as Plaintiffs' 30(b)(6) witness on technical topics, including how MarkMonitor collected the evidence packages during the relevant time period.

12. Attached hereto as **Exhibit K** is a true and correct copy of the '236 Spreadsheet in its native Excel format sorted by ███████████████████████████████ ████████. I reviewed the sorted '236 Spreadsheet. I observed that ███████████ ███████████████████████████████████████████████████ ███████████████████████████ I also observed that ███████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████:

[REDACTED]

13.     Cox did not immediately serve Audible Magic with a subpoena because Plaintiffs did not disclose them as a relevant witness in their Rule 26 Initial Disclosures. A true and correct copy of Plaintiffs' Initial Disclosures, which they served on Cox on December 12, 2018 are attached hereto as **Exhibit L**.

14.     It was only after reviewing documents produced by Plaintiffs and MarkMonitor that Cox learned that Audible Magic had conducted all of the fingerprint matching on behalf of MarkMonitor. One such document, Bates No. MM000189, [REDACTED] A true and correct copy of the document bearing Bates No. MM000189 is attached hereto as **Exhibit M**.

15.     After learning of Audible Magic's relevance to the case, Cox served Audible Magic with a document subpoena on April 15, 2019. A true and correct copy is attached hereto as **Exhibit N**.

16.     On April 26, 2019, Audible Magic produced a spreadsheet with the Bates No. REV00003444 (the "Audible Magic Spreadsheet"). A true and correct copy of the Audible Magic Spreadsheet is attached hereto as **Exhibit O**. [REDACTED]

17. Attached hereto as **Exhibit P** is a true and correct copy of Plaintiffs' Deposition Exhibit 150, which contains representative excerpts from the Audible Magic Spreadsheet.

18. Audible Magic's 30(b)(6) deposition witness, Vance Ikezoye, ▮▮▮▮▮▮ Attached hereto as **Exhibit Q** is a true and correct copy of excerpts from the deposition of Audible Magic through its 30(b)(6) witness Vance Ikezoye, taken on May 6, 2019.

19. Attached hereto as **Exhibit R**, is a letter Cox received from MarkMonitor counsel, Andrew Castricone dated March 13, 2019.

20. Attached hereto as **Exhibit S** is a true and correct copy of excerpts from MarkMonitor's 30(b)(6) witness, Sam Bahun's deposition taken on June 13, 2019.

21. MarkMonitor entered into a Statement of Work, and other agreements, with the Recording Industry of America ("RIAA") ▮▮▮▮▮▮. Attached hereto as **Exhibit T** is a true and correct copy of one such agreement, the 2012 Statement of Work between the RIAA and MarkMonitor, produced by the RIAA in this action as Bates No. RIAA_00000017.

22. Attached hereto as **Exhibit U** is a true and correct copy of the 2011 Master Agreement between the RIAA and MarkMonitor, produced by the RIAA in this action as Bates No. RIAA_00000003. The Master Agreement also stated ▮▮▮▮▮▮

23. Cox's expert, Dr. Nick Feamster, relied on the Audible Magic Spreadsheet data for calculations in his report. A true and correct copy of Dr. Feamster's Rebuttal Report, dated May 15, 2019, is attached hereto as **Exhibit V**.

24. Plaintiffs experts, Barbara Frederiksen-Cross and George P. McCabe, relied on the '431 Spreadsheet and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

25. Attached hereto as **Exhibit W** is a true and correct copy of the Initial Report of Plaintiffs' expert Barbara Frederiksen-Cross, served on April 10, 2019.

26. Attached hereto as **Exhibit X** is a true and correct copy of the Reply Report of Plaintiffs' expert Ms. Frederiksen-Cross, served on June 13, 2019.

27. Attached hereto as **Exhibit Y** is a true and correct copy of excerpts from the deposition of Ms. Frederiksen-Cross, taken on June 28, 2019.

28. Attached hereto as **Exhibit Z** is a true and correct copy of the Initial Report of Plaintiffs' expert George P. McCabe, served on April 10, 2019.

29. On July 12, 2019, I emailed MarkMonitor's counsel, Mr. Castricone, requesting that MarkMonitor produce the transaction logs and various other documents responsive to Cox's document subpoena. A true and correct copy of the email is attached hereto as **Exhibit AA**. To date, Mr. Castricone has not responded to this email.

30. Attached here to as **Exhibit BB** is a true and correct copy of the Court's Order on Defendants' Motion for Evidentiary Sanctions Based on Spoliation of Rightscorp Source Code and Other Evidence, ECF No. 447 from the *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, Case No. 1:14-cv-01611-LO-JFA docket.

31. On July 30, 2019, I along with Cox's counsel Thomas Buchanan held a meet-and-confer call with Plaintiffs' counsel Scott Zebrak and Jeffrey Gould regarding the substance of this motion. We were unable to come to a resolution of the issues raised.

32. On August 14, 2019, I attempted to negotiate a briefing schedule with Plaintiffs by

which Plaintiffs' Opposition would be due at midnight on August 23, 2019, Cox's Reply would be due at noon on August 26, 2019, and oral arguments would be heard on August 29, 2019, subject to the Court's approval. Plaintiffs rejected the schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of August 2019 in Los Angeles, California.

 /s/ Diana Hughes Leiden
Diana Hughes Leiden
DHLeiden@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
dhleiden@winston.com