# Exhibit C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COX COMMUNICATIONS, INC., <br> Plaintiff, <br> v. <br> MARKMONITOR, INC., <br> Defendant. | Case No. 19-mc-80050-SK <br><br> **ORDER GRANTING MOTION TO COMPEL** <br><br> Regarding Docket Nos. 1, 12, 13 |

### I.     Background

Plaintiff Cox Communications, Inc. ("Plaintiff") filed this action to compel compliance with a third-party subpoena *duces tecum* that it served on Defendant MarkMonitor, Inc. ("Defendant") on January 9, 2019. (Dkt. 1.)  The subpoena seeks information relevant to a copyright infringement lawsuit currently pending against Plaintiff in the Eastern District of Virginia, *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.*, Case No. 1:18-cv-00950-LO-JFA.  The subpoena requests both documents and access to Defendants' proprietary software system, information regarding versions of that system, and associated source code.  (*Id.*)  As to the document requests, the parties do not dispute that the documents should be produced; they merely disagree as to whether a deadline for production is in place.  (Dkt. 1 at 10; Dkt. 12 at 2.)

In addition, the parties disagree about production of Defendant's software and source code. Defendant argues that the requested access is unduly burdensome, as it exposes proprietary information to the risk of disclosure and requires the difficult task of describing the versions of the system in place at the time of the events at issue.  (Dkt. 12 at 7-9.)  Defendant likewise contends that the information sought is available through alternative sources.  (*Id.*)  Plaintiff disagrees and argues that the burden of providing access to the system and associated version information and code is justified because the reliability and accuracy of Defendant's system in generating notices

of copyright infringement is critical to its defenses in the Eastern District of Virginia action. (Dkt. 1 at 6.) Plaintiff also offers to send its inspecting expert to San Francisco to review the system in a secured environment. (Dkt. 1 at 10.) A protective order that specifically protects source code as highly confidential is in place in the Eastern District of Virginia action, and Plaintiff's expert has signed that order. (Dkt. 1 at 11.) Plaintiff urges haste in the resolution of this matter, as opening reports by experts are due in the Eastern District of Virginia action on April 10, 2019. (Dkt. 1 at 10.) The parties dispute whether Defendant's failure to raise timely objections to the subpoena results in waiver of Defendant's objections or should be forgiven as a result of counsel's excusable neglect in reading the wrong version of the applicable rule. (Dkt. 1 at 14-16; Dkt. 12 at 6-7.)

## II. Excusable Neglect

### a. Standard

Ordinarily, "failure to object to discovery requests within the time required constitutes a waiver of any objection," a rule that applies equally to nonparties. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992); *Schoonmaker v. City of Eureka*, No. 17-CV-06749-VC (RMI), 2018 WL 5829851 (N.D. Cal. Nov. 7, 2018). However, courts will entertain untimely objections for good cause, including in instances where "the subpoenaed witness is a non-party acting in good faith." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). In considering whether good cause exists, courts balance "factors such as the length of the delay, the reason for the delay, bad faith, prejudice to the propounding party, the appropriateness of the requests, and whether waiver would result in an excessively harsh result." *Landon v. Ernst & Young LLP*, No. C08-02853 JF (HRL), 2009 WL 4723708, at *1 (N.D. Cal. Dec. 2, 2009) (citation omitted).

### b. Analysis

There is good cause to excuse Defendant's tardiness and consider the merits of its discovery objection. As Defendant admits, it served its objections to the subpoena three days late. (Dkt. 12 at 5.) Defendant explains that its tardiness resulted from mis-calendaring a deadline in reliance on an older version of the applicable rule. (Dkt. 12 at 5.) This appears to the Court to be an innocent, if neglectful, mistake. And the Court notes that Defendant is a nonparty to the main litigation. Defendant did serve objections within a short time after they were due, and Plaintiff

does not appear to be prejudiced by that short delay. Because of these facts, and because Defendant, a third party in the underlying litigation, raises a serious question about whether its source code should be subject to production, the Court does find good cause to excuse Defendant's untimeliness. Defendant's objections are not waived, and the Court considers them on the merits below.

### III. Motion to Compel

#### a. Standard

Federal Rule of Civil Procedure 45 authorizes the issuance of subpoenas to nonparties requiring testimony; the production of documents, electronic information, or tangible things within the party's control; or inspection of premises. F.R.C.P. 45(a)(i(A)(iii). Through this mechanism, parties may obtain access to any nonprivileged matter relevant to any party's claim or defense, unless (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive, (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. F.R.C.P. 26.

Sensitive source code may be responsive to a subpoena, and courts have compelled its production. *See, e.g.*, *Negotiated Data Sols. LLC v. Dell, Inc.*, No. C09-80012MISC JF (HR, 2009 WL 733876, at \*3 (N.D. Cal. Mar. 17, 2009); *In re Facebook PPC Advert. Litig.*, No. C09-03043 JF HRL, 2011 WL 1324516, at \*4 (N.D. Cal. Apr. 6, 2011). Where there is an appropriate protective order in place, "[r]eluctance to produce sensitive information" does not justify denial of discovery. *Negotiated Data*, 2009 WL 733876 at \*3. And when the party seeking production has shown that the information requested is relevant and necessary, discovery is "virtually always ordered." *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612, 617 (N.D. Cal. 2006).

#### b. Analysis

Plaintiff has established that the information sought in its subpoena, including Defendant's system versions, revision history, and source code, is relevant and necessary to the underlying litigation. In the underlying action in the Eastern District of Virginia, a group of plaintiffs, most

3

1 prominently entertainment company Sony ("Sony"), is suing Plaintiff for vicarious and
2 contributory copyright infringement, alleging that Plaintiff's internet subscribers, using Plaintiff's
3 internet services, illegally accessed copyrighted works. (Dkt. 1 at 6.) Sony seeks over $1.6 billion
4 dollars in damages. (*Id.*) Sony employs Defendant to monitor and give notice of alleged
5 infringement of its marks. (*Id.*) In establishing its claims for contributory infringement, Sony will
6 rely on Defendant's software and the data and notices it produced. (*Id.*) To posit its defense,
7 Plaintiff argues it is necessary to have access to Defendant's software and source code, because
8 the reliability and accuracy of the technology rests at the heart of the Sony's claims. (*Id.*) This
9 Court finds that the claims at issue in the Eastern District of Virginia action clearly hinge, at least
10 in part, on whether the evidence of copyright infringement that Defendant provided to Sony was
11 accurate and reliable. Plaintiff has amply made its case that access to such relevant, indeed
12 crucial, information is necessary to its defenses.

13 Defendant's contention that the information sought is available through other sources is
14 unavailing. Defendant offers unrelated reports it commissioned regarding "system flaws" as a
15 substitute for expert system and source code inspection. (Dkt. 10, Bahun Dec. at 4.) These
16 reports are in no way an adequate substitute for examination of the relevant materials by Plaintiff's
17 own expert as part of the trial proceeding. Analogously, Defendant's blank assertions that its
18 system is reliable are in no way an adequate substitute for such examination. (*Id.* at 5-6.)

19 Defendant's assertions of undue burden similarly fall flat. Allowing inspection by an
20 expert in a secure environment does not pose an undue burden to Defendant. Likewise, requiring
21 the production of revision information does not seem especially onerous given the amount at stake
22 in the Eastern District of Virginia action and the fact that Defendant is in the technology business.

23 The Court recognizes the value of Defendant's source code as a proprietary secret;
24 however, that secret is well guarded by the protective order in place in the underlying litigation,
25 which is tailored specifically for source code, and which Plaintiff's expert has signed. Source
26 code has frequently been ordered produced in discovery where an appropriate protective order is
27 in place, as one is here. Accordingly, the Court GRANTS Plaintiff's motion to compel.

**IV. Conclusion**

28 For the reasons stated above, the Court hereby ORDERS Defendant to comply with the

4

subpoena *duces tecum*. Defendant shall complete production of the relevant responsive documents and materials by March 25, 2019, and Defendant shall comply fully with subpoena Requests 12 and 13 by allowing Plaintiff's expert to inspect each version of its system in use during the claim period, all documents regarding the revision history, and associated source code by March 25, 2019.

**IT IS SO ORDERED**.

Dated: March 7, 2019

_____
SALLIE KIM
United States Magistrate Judge

5