# Exhibit D

ANDREW D. CASTRICONE
acastricone@grsm.com
Direct: (415) 875-3183



ATTORNEYS AT LAW
275 BATTERY STREET, SUITE 2000
SAN FRANCISCO, CA 94111
(415) 986-5900
WWW.GRSM.COM

March 19, 2019

**VIA E-MAIL ONLY (DHLeiden@winston.com)>**

Diana Hughes Leiden, Esq.
Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

    *Re:*    *Cox v. MarkMonitor*

Dear Diana:

    I am not sure why it took six days (your letter is dated March 18, but was transmitted on today's date) to respond to our letter, which requested contact upon receipt, without any real analysis or response to our concerns - other than a blanket rejection of our interpretation of scope and the notion of any cost-shifting (apparently absent a court order.) We disagree with your comments on cost-shifting, and our point, as supported by *Legal Voice v. Stormans Inc.* (9th Cir.2013) 738 F.3d 1178, 1184 is that it was mandatory for the Court to consider and address the significance of any claimed expense to comply - not only the burden - but that the Order failed to do so.

    Contrary to your assertion, we are not asking for "*post hoc* negotiations over the terms of a court order." Rather, we are trying to confirm (again) what information is actually being sought (and necessary) and ordered to be produced - the same thing I have been trying to ascertain since my initial contact with your office on January 27 to introduce myself as counsel and to "generally see (aside from the description of requests set forth in the subpoena) what is generally sought from/believed to be in the possessions, custody or control of our client."

    Prior to and after receipt of the motion, it was our understanding that Cox was seeking source code and revisions within a working environment, so that Mr. Feamster could essentially take a "test drive" of the MarkMonitor system. His reply declaration retracted from that scope, by expressly distinguishing that concept and testifying that the information he required for his analysis (the purportedly sole basis for your motion) was a "'static analysis' that does not involve executing the MarkMonitor software system." *See* Feamster Reply Decl., ¶6. Your letter dated March 18 seeks to undo and expand what your expert indicates, under penalty of perjury, is what is necessary.

    It is also puzzling that you ask if it would be useful to speak with Mr. Feamster. Not only would the call be useful, we specifically advised you it was necessary and requested to schedule such a call in our March 13 correspondence to address both the scope of anticipated production

March 19, 2019
Page 2

and the time and expense of compliance.  I am checking with MarkMonitor, but I have fairly good flexibility between now and Friday.  To the extent MarkMonitor and Mr. Feamster are flexible, I would prefer to have that dialogue as soon as possible.  Please let me know of any restrictions on your and Mr. Feamster's time so that we can plan accordingly and come up with a mutually convenient day and time for the call.

In the interim, we will move forward with processing the non-source code related requests for production.  I am presently unaware of any attorney-client or work product that will be withheld from our production, though we are obviously not producing any attorney client or work product communications related to our engagement.

Please contact me upon receipt to discuss the above.  I look forward to hearing from you.

Very truly yours,

Andrew D. Castricone