# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al*., | |
| *Plaintiffs*, | |
| v. | Case No. 1:18-cv-00950-LO-JFA |
| COX COMMUNICATIONS, INC., *et al*., | |
| *Defendants*. | |

## <u>DEFENDANTS' MOTION TO SEAL</u>

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under temporary seal a portion of Defendants' Memorandum of Law in Support of their Motion for Discovery Sanctions and to Preclude Plaintiffs' Use of MarkMonitor Evidence (ECF No. 239) ("Memorandum"), 18 exhibits to the supporting Declaration of Diana Hughes Leiden ("Leiden Declaration") (noted below), and those portions of the Declaration citing these exhibits (ECF Nos. 239-1 through 239-20).  The Memorandum and these exhibits contain documents and information that have been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Plaintiffs and/or third party witnesses as Highly Confidential – Attorneys' Eyes Only.

- Exhibits B, E, F, G, W, X, Y, and Z to the Leiden Declaration were designated by Plaintiffs as Highly Confidential – Attorneys' Eyes Only.

- Exhibits I, J, K, M, and S to the Leiden Declaration were designated by third party MarkMonitor as Highly Confidential – Attorneys' Eyes Only.

- Exhibits O, P, and Q to the Leiden Declaration were designated by third party Audible Magic as Highly Confidential – Attorneys' Eyes Only.

- Exhibits T and U to the Leiden Declaration were designated by the RIAA as Highly Confidential – Attorneys' Eyes Only.

Cox takes no position on whether the above-referenced documents and information that are the subject of this motion are confidential.  Rather, Cox files this Motion for the above-referenced documents based on Plaintiffs' designations.  Thus, Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

1.      "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."  L. Civ. R. 5(C)(2).

2.      "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."  L. Civ. R. 5(C)(3).

3.      "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."  L. Civ. R. 5(C)(4).

4.      A proposed order.

Separately, Cox moves the Court to enter an order allowing Cox to file under seal Exhibit V to the Leiden Declaration which was designated by Defendants as "Highly Confidential – Attorneys' Eyes Only" pursuant to the Protective Order and any portion of the Leiden Declaration and Motion to the extent they quote from or otherwise discloses the contents of the exhibit, because it constitutes or discusses confidential business information belonging to Defendants. As explained below, the procedural prerequisites for sealing have been met.

1.      Under the local rules, a party may file a motion to seal together with the sealed filings.  E.D. Vᴀ. Cɪᴠ. R. 5(D).  Thereafter, the Court will determine whether the sealing is proper. Cox follows that practice in this motion.

2.      Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Cox's sealing motion.

3.      To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.*  In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing, satisfying the first requirement.

4.      To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Cox used limited sealing measures—viz., sealing one exhibit and limited portions of the supporting documents, but not the entire filing.

5.      To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard.  Cox meets the third requirement

because the exhibits contain confidential proprietary information concerning Cox's business decisions and computer systems.

Based on the foregoing, the motion to seal should be granted. A proposed order is submitted herewith.

Dated: August 14, 2019

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*