UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RESET HEARING DATE AND SET A BRIEFING SCHEDULE ON DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS**

Plaintiffs' Motion is unfounded and misstates the facts. Defendants' Motion for Discovery Sanctions and to Preclude Plaintiffs' Use of MarkMonitor Evidence ("the Cox Preclusion Motion"), ECF No. 241, concerns the spoliation of evidence by Plaintiffs' agent, MarkMonitor. Cox is seeking sanctions for a discovery issue, and, as such, it is appropriate that it be set on a briefing and hearing schedule appropriate for a discovery motion. Indeed, if Cox had sought this relief as a motion *in limine*, Plaintiffs would likely have complained that it was a discovery issue that should have been brought before the magistrate judge. Simply put, the Court's local rules governing discovery motions seeking sanctions do not contemplate the expanded schedule Plaintiffs are now requesting. It is apparent that Plaintiffs are simply trying to delay a crucial, and unfavorable, discovery determination.

Because the Cox Preclusion Motion is a discovery motion, it should be briefed in the ordinary course. The Cox Preclusion Motion is not overly lengthy (Cox abided by the 20-page limit for discovery motions) nor does it require extra time to resolve. Plaintiffs argue that because the Cox Preclusion Motion is "baseless and confusing," they should be afforded substantially more

1

time to respond. However, the Cox Preclusion Motion is, at its core, a straightforward discovery issue arising from spoliation of crucial evidence—Plaintiffs' agent failed to retain critical evidence relating to the verification of the allegedly infringing files as Plaintiffs' works. And the discovery issue for which Cox seeks relief is no more complex than the numerous discovery motions that Plaintiffs have filed, which were briefed on an expedited briefing schedule without complaint from Cox. It is also misleading for Plaintiffs to argue that they are somehow more burdened by the dispositive motion schedule governing this case—both parties are laboring under the same ordered schedule and working towards identical pre-trial deadlines.

Furthermore, the suggestion that Cox has known about the discovery issue which is the subject of the Cox Preclusion Motion for "months" is unsupported in Plaintiffs' Motion to Reset the Hearing Date and is patently untrue. As explained in the Cox Preclusion Motion and supporting papers, Cox did not learn that MarkMonitor destroyed the documents at issue until a deposition taken on the last day of discovery last month. Cox required additional time to ask MarkMonitor to provide the missing documents, to meet and confer with Plaintiffs, and to prepare the motion. Cox briefed the issue within a reasonable time and did not strategically seek to delay its resolution.

Plaintiffs have offered no reason why they need a month to formulate a response to the Cox Preclusion Motion, and their proposed schedule would not only delay resolution of this important issue, but would also impact the upcoming summary judgment and Daubert motions given the centrality of the MarkMonitor evidence to Plaintiffs' claims. Cox respectfully requests that the Court deny Plaintiffs' Motion and maintain the following briefing schedule initially offered by Cox to Plaintiffs[1]:

---

[1] Cox would not oppose affording Plaintiffs eleven days to oppose the motion (until August 25) if the Court was inclined to set that schedule. However, Cox proposes a slightly shortened response date of August 23 and reply date

Plaintiffs' Opposition: Friday, August 23, 2019

Cox's Reply: Monday, August 26, 2019

Hearing: Friday, August 29, 2019

Dated: August 16, 2019            Respectfully submitted,

*/s/ Thomas M. Buchanan /*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*

---

of August 26 to allow the Court sufficient time to review all of the briefs prior to the hearing, which Cox understands must be set for Thursday, August 29 rather than the standard Friday hearing due to Court activities that week.

3

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on August 16, 2019, a copy of the foregoing DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO RESET HEARING DATE AND SET A BRIEFING SCHEDULE ON DEFENDANTS' MOTION FOR DISCOVERY SACTIONS was filed electronically with the Clerk of Court using the ECF system, which will send notifications to ECF participants.

/s/ *Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*