UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

# MEMORANDUM IN SUPPORT OF
# COX'S MOTION TO FILE UNDER SEAL

    Plaintiffs respectfully submit this memorandum in support of Cox's motion to seal (ECF No. 243) submitted with Cox's August 14, 2019 motion to preclude (ECF No. 241) (the "Motion"), the supporting memorandum (ECF No. 239, the "Memorandum"), and the supporting Declaration of Diana Hughes Leiden (ECF No. 239-1, the "Leiden Declaration").

    Cox's Motion requests that the Court seal Exhibits B, E, F, G, T, U, W, X, Y, and Z to the Leiden Declaration (ECF Nos. 239-3, 239-6, 239-7, 239-8, 239-21, 239-22, 239-24, 239-25, 239-26, 239-27) and portions of the Leiden Declaration and Memorandum that cite to Exhibits B, E, F, G, T, U, W, X, Y, and Z (collectively, the "Proposed Sealed Exhibits").  The Proposed Sealed Exhibits incorporate information that has been designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (ECF No. 60), the disclosure of which would create a substantial risk of harm to the producing party and other nonparties to this action.

    Exhibits B, E, F, and G incorporate data and/or reports generated in connection with infringement notices sent to Cox on Plaintiffs' Behalf.  Exhibit B is an Excel spreadsheet (Bates numbered Plaintiffs_00286281) containing highly confidential data compiled by non-party

MarkMonitor showing evidence of infringement. Exhibit E (Bates numbered Plaintiffs_00286431) is an Excel spreadsheet containing highly confidential data concerning non-party MarkMonitor's proprietary verification process including data from both MarkMonitor and non-party Audible Magic. Exhibit F is a screenshot showing metadata from Exhibit E (as well as metadata from a separate document produced by non-party MarkMonitor). Exhibit G is a screenshot of certain information in Exhibit E (as well as metadata from a separate document produced by non-party MarkMonitor). These exhibits constitute and discuss highly-confidential, commercially sensitive, and proprietary aspects of Plaintiffs infringement evidence, including data confidential data generated by third parties including the RIAA, MarkMonitor, and Audible Magic. These Proposed Sealed Exhibits contain details regarding the processes Plaintiffs and third parties use to detect, verify, collect evidence, and send notices regarding online piracy. If disclosed, others could use this highly-confidential information and related trade secrets for illegal or unlawful purposes, or competitors could use this information to unfairly compete with Plaintiffs, RIAA, MarkMonitor, or Audible Magic.

Exhibits T and U are documents produced by the RIAA in response to Cox's subpoena – both designated as "Highly-confidential – Attorneys' Eyes' Only" under the Protective Order.[1] Exhibit T is a 2012 Statement of Work between the RIAA and MarkMonitor. Exhibit U is a 2011 Master Agreement between the RIAA and MarkMonitor. These documents constitute and discuss highly sensitive business dealings relating to proprietary processes for addressing online piracy. If disclosed, this information would allow competitors to gain access to the confidential business

---

[1] Undersigned counsel for Plaintiffs represent RIAA in connection with its response to a January 2019 subpoena Cox served on it in this action.

decisions, analyses, and dealings of these two non-parties, and allow competitors to unfairly compete with them.

Exhibits W, X, Y, and Z, and the sealed references thereto, contain Plaintiffs' expert reports and testimony based on confidential, proprietary information concerning commercially sensitive data and information of Plaintiffs, Defendants, and third parties, including MarkMonitor and Audible Magic. This includes information that Cox itself has designated as Highly Confidential – Attorneys' Eyes Only under the Stipulated Protective Order. These parties have represented that the information contained in these exhibits, if public, would create a serious risk of unnecessary harm. Among other things, Exhibits W, X and Y contain information, opinions and data concerning third-party source code, anti-piracy processes and the data of third parties who have designated documents under the Protective Order. Exhibit Z relies upon, cites and discusses at length the sealed data discussed above at Exhibits B, E, F and G.

Based on the foregoing, Plaintiffs respectfully request that the Court grant Cox's motion to seal.

Dated:  August 21, 2019                              Respectfully submitted,

<u>*/s/ Scott A. Zebrak*</u>
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*