UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:18-cv-00950-LO-JFA ) |
| COX COMMUNICATIONS, INC., *et al.* | ) ) |
| Defendants. | ) ) |

**NONPARTY MARKMONITOR, INC.'S
RESPONSE TO DEFENDANTS' MOTION TO SEAL**

Nonparty MarkMonitor, Inc. ("MarkMonitor"), through counsel, and pursuant to L. R. Civ. 5(C), hereby submits its response to Defendants' Motion to Seal (ECF No. 243) requesting that MarkMonitor's information and materials remain under seal, and in support states as follows:

**I.    APPLICABLE STANDARD**

"When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order." L. R. Civ. 5(C). "The non-confidential memorandum shall include: …

> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

*Id.*

II.     ANALYSIS

Defendants' Motion requests that the Court seal Exhibits B, E, F, G, I, J, K, M, O, P, Q, S, T, U, W, X, Y, and Z to the Leiden Declaration (ECF Nos. 239-2, 239-3, 239-4, 239-5, 239-6, 239-7, 239-8, 239-9, 239-10, 239-11, 239-12, 239-13, 239-14, 239-15, 239-17, 239-18, 239-19, 239-20) and portions of the Leiden Declaration that cite to Exhibits B, E, F, G, I, J, K, M, O, P, Q, S, T, U, W, X, Y, and Z (collectively, the "Proposed Sealed Exhibits").  The Proposed Sealed Exhibits contain information that MarkMonitor and Plaintiff have designated Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order (ECF No. 60).

Defendants' publicly filed Memorandum of Law in Support of Their Motion for Discovery Sanctions and to Preclude Plaintiffs' Use of MarkMonitor Evidence ("Memorandum") (ECF No. 238) contains additional information that must be sealed.  Though Defendants redacted some of MarkMonitor's highly confidential, proprietary, and trade secret information in its Memorandum, Defendants failed to protect all of MarkMonitor's information that was marked Highly Confidential – Attorneys' Eyes Only by MarkMonitor as well as Plaintiffs and other non-parties.  For example, Defendants' Memorandum discloses narratives of MarkMonitor's proprietary, trade secret verification process and business relationships.  MarkMonitor will file a separate Motion to Seal additional portions of the Memorandum as soon as possible.

A.     **Non-Confidential Description of Material Filed Under Seal.**

Exhibit B (ECF No. 239-2), Exhibit I (ECF No. 239-6), and Exhibit K (ECF No. 239-8) are Excel spreadsheets containing highly confidential data showing evidence of infringement, which was compiled by MarkMonitor's proprietary verification process.

Exhibit E (ECF No. 239-3) is an Excel spreadsheet containing highly confidential data concerning MarkMonitor's proprietary verification process.

Exhibit F (ECF No. 239-4) contains screenshots showing metadata from Exhibit E.  The

metadata identifies elements of MarkMonitor's proprietary verification process, such as creation and modification dates.

Exhibit G (ECF No. 239-5) contains screenshots of data from Exhibit E, which identifies elements of MarkMonitor's proprietary verification process, such as file names.

Exhibit J (ECF No. 239-7) contains portions of the transcript from the deposition of Slawomir Paszkowski, a MarkMonitor employee, containing highly confidential testimony regarding MarkMonitor's proprietary source code, proprietary verification process for showing evidence of infringement, and the highly confidential Excel spreadsheet Bates stamped MM000236 (Exhibit I – ECF No. 239-6).

Exhibit M (ECF No. 239-9) is a highly confidential report MarkMonitor prepared for the Motion Picture Association of America and the Recording Industry Association of America that provides a detailed overview of MarkMonitor's proprietary processes for monitoring, verifying, and enforcing intellectual property infringements.

Exhibit O (ECF No. 239-10) is a spreadsheet that contains data related to MarkMonitor's proprietary verification process.

Exhibit P (ECF No. 239-11) is a spreadsheet that contains data related to MarkMonitor's proprietary verification process.

Exhibit Q (ECF No. 239-12) contains portions of the transcript from the 30(b)(6) deposition of Nonparty Audible Magic, containing elements of MarkMonitor's proprietary verification process.

Exhibit S (ECF No. 239-13) contains portions of the transcript from the deposition of Sam Bahun, a MarkMonitor employee, containing highly confidential testimony regarding MarkMonitor's data retention pursuant to confidential customer relationships.

Exhibit T (ECF No. 239-14) is a 2011 Scope of Work and Exhibit U (ECF No.239-15) is a 2011 Master Agreement between RIAA and DtecNet Inc., MarkMonitor's predecessor company. The Master Agreement sets forth MarkMonitor's proprietary processes for addressing RIAA's particular online piracy issues.

Exhibit W (ECF No. 239-17), Exhibit X (ECF No. 239-18), Exhibit Y (ECF No. 239-19) and Exhibit Z (ECF No 239-20) are expert reports and testimony that contain MarkMonitor's proprietary source code and proprietary verification process for showing evidence of infringement. They discuss at length data contained in Exhibits B, E, F, and G.

> **B.  Sealing the Proposed Sealed Exhibits is Necessary to Protect MarkMonitor's Confidential, Proprietary Source Code and Verification Processes Upon Which Its Business is Built and Maintains a Competitive Advantage.**

MarkMonitor is a technology company that develops software intended to protect intellectual property owners from infringement, counterfeiting, fraud, piracy, and cybersquatting. Relevant to this action, MarkMonitor was retained by plaintiff record labels and music publishers to detect, report, and facilitate notification for infringement in the form of unauthorized downloads of songs on peer-to-peer file sharing sites. MarkMonitor's agreements with its customers, such as Exhibit T, regarding the work MarkMonitor will perform are confidential and contain business competitive information because the agreement sets forth MarkMonitor's process. MarkMonitor's source code was developed to perform MarkMonitor's verification processes that MarkMonitor's customers, such as the Sony Plaintiffs, pay MarkMonitor to perform. MarkMonitor's source code and verification processes are proprietary and kept confidential to maintain its competitive advantage in intellectual property protection. Data generated from MarkMonitor's source code and verification process are also proprietary and confidential as it is the end product used by MarkMonitor's customers. The disclosure of the contents of the Proposed Exhibits would create

a substantial risk of harm to MarkMonitor. MarkMonitor requests that the Proposed Sealed Exhibits be permanently sealed.

### C. Sealing Confidential, Proprietary, and Competitive Information Outweighs the Public Interest in Disclosure.

Disclosure of "sources of business information that might harm a litigant's competitive standing" outweigh the common law right of public inspection. *See Nixon v. Warner Communications*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5-6, 48 N. W. 201, 202 (1891); *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J.)). *See also Woven Elecs. Corp. v. Advance Group, Inc.*, Nos. 89-1580, 89-1588, 1991 U.S. App. 6004, at *17 (4th Cir. Apr. 15, 1991); *East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information").

MarkMonitor's source code, verification processes, and resulting data from running the source code are the sources of information that establish MarkMonitor's competitive advantage as a technology resource for its customers and potential customers to protect their intellectual property. Disclosure of the Proposed Sealed Exhibits would have severe financial repercussions to MarkMonitor's business and ability to attract and maintain customers.

### D. MarkMonitor Requests Permanent Sealing of the Proposed Sealed Exhibits.

MarkMonitor seeks permanent sealing of the Proposed Sealed Exhibits.

## III. CONCLUSION

For the foregoing reasons, Nonparty MarkMonitor, Inc. respectfully requests that this Court grant Defendants' Motion to Seal.

Dated: August 23, 2019            Respectfully submitted,

                   */s/ Julia K. Whitelock*
Julia K. Whitelock, Esq. (VSB #79328)
Gordon Rees Scully Mansukhani, LLP
1101 King Street, Suite 520
Alexandria, VA 22314
202.399.1009
202.800.2999 (Facsimile)
jwhitelock@grsm.com

*Counsel for Nonparty MarkMonitor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Julia K. Whitelock*
Julia K. Whitelock, Esq. (VSB #79328)
Gordon Rees Scully Mansukhani, LLP
1101 King Street, Suite 520
Alexandria, VA 22314
202.399.1009
202.800.2999 (Facsimile)
jwhitelock@grsm.com

*Counsel for Nonparty MarkMonitor, Inc.*