UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**MEMORANDUM IN SUPPORT OF COX'S EMERGENCY MOTION
TO EXCEED PAGE LIMIT FOR ITS MEMORANDUM
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**Hearing Waived**

Cox files this Memorandum in Support of its Emergency Motion to Exceed the Page Limit for its Memorandum in Support of Motion for Summary Judgment ("Motion") set forth in Rule 7(F)(3) of the Local Rules of the U.S. District Court for the Eastern District of Virginia. For the reasons set forth below, this request is justified and reasonable, and Cox has demonstrated good cause for granting the Motion.

**I.     BACKGROUND**

This case arises out of allegations by 53 music industry Plaintiffs that between February 1, 2013 and November 26, 2014, subscribers to Cox's Internet service infringed the copyrights of nearly 10,500 works allegedly owned by Plaintiffs. ECF 136, 172-1, 172-2. Plaintiffs, seeking to hold Cox secondarily liable for its subscribers' alleged acts, argue that Cox is a contributory infringer, and that Cox should be held vicariously liable for its subscribers' acts during this 22-month period. Plaintiffs seek up to $1.6 billion in statutory damages for willful copyright infringement.

The parties have conducted substantial discovery, including fifteen depositions of representatives from the six Plaintiff groups; eleven current or former Cox employees; half a dozen third parties; and multiple expert witnesses on both sides. The parties have also engaged in extensive written discovery, exchanging hundreds of thousands of pages of documents in the ordinary course of discovery, and serving document subpoenas on a number of third parties.

During the Court's June 21, 2019 Status Conference, the parties indicated that each side would be moving for summary judgment on several issues. The Court directed the parties to file consolidated motions addressing all of the issues, but indicated that it would entertain a request to increase the page numbers for the memorandums in support of the motion. On August 23, Cox's attorneys contacted Plaintiffs' attorneys, seeking a stipulation to increase each side's page limit by ten pages to a total of 40 pages for their opening briefs. Plaintiffs declined to stipulate, and instead proposed that the parties stipulate to a 35-page limit. Because Cox has good cause for seeking ten additional pages for its opening brief, it files this motion. Cox does not object to Plaintiffs seeking an additional five pages for their own opening brief, if they have good cause to do so.

## II.  ARGUMENT

The parties will file cross-motions for summary judgment on Friday, August 30, at which time Cox will assert several legal grounds supporting its Motion. Pursuant to Local Rule 56(B), in support of its Motion for Summary Judgment, Cox must set forth, in its supporting brief, all of the undisputed facts on which its motion relies, together with citations to the record that support those facts.

The facts on which Cox intends to rely in its motion are undisputed, but they are of necessity complex. There are 53 Plaintiffs remaining in this case (comprising both record

companies and music publishers), who claim in the aggregate nearly 10,500 works (consisting of both sound recordings and musical compositions). Plaintiffs' claims rely on hundreds of thousands of copyright notices sent by their agent, the RIAA, on behalf of some, though not all, of the Plaintiffs. Plaintiffs' agent, in turn, relied on the services of multiple third-party vendors to detect and analyze putative infringements and send notices alleging copyright infringement to Cox. Those notices targeted tens of thousands of Cox subscribers, not all of whom were similarly situated. Accordingly, documents and testimony relevant to Cox's motion for summary judgment came from many different sources.

Cox requires more than 30-pages to properly set forth the undisputed facts necessary for its Motion for Summary Judgment. Cox believes that a page limit of no more than 40 pages is adequate to permit it to adequately set forth the undisputed facts, as well as the argument in support of its motion for summary judgment.

Accordingly, in the interest of justice, Cox respectfully requests that the Court grant its Emergency Motion to Exceed Page Limit for Cox's Motion for Summary Judgment, and permit it to file an opening brief no longer than forty (40) pages in length. Cox waives oral argument on this Motion.

Dated: August 25, 2019

                                            Respectfully submitted,

                                            */s/ Thomas M. Buchanan*
                                            Thomas M. Buchanan (VSB No. 21530)
                                            WINSTON & STRAWN LLP
                                            1700 K Street, NW
                                            Washington, DC 20006-3817
                                            Tel: (202) 282-5787
                                            Fax: (202) 282-5100
                                            Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 25, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*