UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' RESPONSE AND CROSS-MOTION TO COX'S EMERGENCY MOTION TO EXCEED PAGE LIMIT FOR ITS MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**Hearing Waived**

Plaintiffs hereby join in Cox's request for limited relief from the normal 30-page limit for their memorandum in support of summary judgment ("Plaintiffs' Motion"). As explained herein, good cause exists for granting Plaintiffs' request. Plaintiffs' waive oral argument on Cox's motion and Plaintiffs' cross-motion.

**ARGUMENT**

As Cox indicated in its motion, this is a large and complex litigation with many documents and witnesses. On August 23, 2019, Cox requested whether Plaintiffs would stipulate to increase each side's page limit on their respective memorandum in support of summary judgment by 10 pages. Plaintiffs responded that it would stipulate to 35 pages. On August 25, 2019, Cox then unilaterally sought leave from the Court for it to receive an extra 10-pages. (ECF No. 264.)

For their part, Plaintiffs intend to move for summary judgment on Cox's liability for contributory infringement and vicarious infringement, as well as on Cox's litany of affirmative

defenses. Plaintiffs require more than 30-pages to properly set forth the statement of undisputed facts and address the related legal issues.

Although the facts in support of Plaintiffs' Motion are undisputed, the record is vast. There are over ten thousand copyrighted works infringed. The evidence and argument concerning Cox's contributory infringement and vicarious infringement, along with the underlying direct infringement by Cox subscribers, is substantial. Moreover, Cox has refused to stipulate that Plaintiffs own or exclusively control any of the works in suit. Accordingly, ownership of the thousands of works infringed must also be addressed in Plaintiffs' Motion. Plaintiffs must also devote several pages to address the non-existent basis for each of Cox's affirmative defenses.

A limited expansion of the pages allowed for Plaintiffs' memorandum will facilitate the Court's review of their motion. Plaintiffs anticipate that at least 5 additional pages are necessary. Plaintiffs hope to keep their memorandum as succinct as possible. However, if the Court is inclined to allow Cox up to 40-pages in total, Plaintiffs too request that amount.

Dated August 26, 2019                                         Respectfully submitted,

/s/ Scott. A Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*