UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00950-LO-JFA |

### NONPARTY AUDIBLE MAGIC'S MEMORANDUM IN SUPPORT OF
### COX'S MOTION TO FILE UNDER SEAL

Nonparty Audible Magic Corporation ("Audible Magic"), through counsel, and pursuant to L.R. Civ. 5(C), submits this memorandum in support of Cox's Motion to Seal (ECF No. 243), submitted with Cox's August 14, 2019 Motion for Discovery Sanctions (ECF No. 237) (the "Motion"), the supporting memorandum (ECF No. 238) (the "Memorandum"), and the supporting Declaration of Diana Hughes Leiden (ECF No. 238-1, the "Leiden Declaration").

### I.     FACTUAL BACKGROUND

Audible Magic is not a party to this lawsuit. Its primary business is to automatically identify and match copyrighted content in music, film, television, and radio. Audible Magic was subpoenaed on April 12, 2019. (ECF No. 238-15). Pursuant to this subpoena, Audible Magic began producing documents and provided a witness for a deposition on May 6, 2019.

On August 21, 2019, Counsel for Audible Magic first learned of Cox's Motion to Seal, as detailed in Cox's Response to Non Party MarkMonitor's Motion to Extend Time to File its Response to Defendants' Motion to Seal and in Cox's Request to Extend Non Party Audible Magic's Time to File its Response to Cox's Motion to Seal ("Cox's Request"). (ECF Nos. 256, 260). The Court then

granted Cox's Request, extending Audible Magic's time to respond to August 28, 2019. (ECF No. 261).

Relevant to Audible Magic, Cox's Motion to Seal requests that the Court seal Exhibits O, P, and Q (ECF Nos. 238-16, 17, and 18) and portions of the Leiden Declaration and Memorandum that cite to Exhibits O, P, and Q (collectively, the "Proposed Sealed Exhibits").

## II. ARGUMENT

Prior to allowing documents to be filed under seal, the Court should "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). As presented in more detail below, filing unredacted copies of the Memorandum, the Leiden Declaration, and at least Exhibits O, P, and Q thereto under seal in this case is appropriate.

### A. Public Notice Is Provided

Pursuant to L.R. Civ. 5, Cox's Notice of Filing Sealing Motion (ECF No. 245) has notified members of the public of the fact that the Court will be considering the permissibility of sealing unredacted copies of the Memorandum, the Leiden Declaration, and various Exhibits thereto and will provide sufficient time for objection. *See In re Knight*, 743 F.2d at 235 (stating that the "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision"); *see also* L.R. Civ. 5. The hearing, if necessary, will occur after the filing of this pleading, and after the filing of Cox's Notice of Filing a Motion

to Seal, so that members of the public have sufficient time to note any objections that they might have to the motion.

### B. There Are No Less Drastic Alternatives

Audible Magic does not seek a blanket protective order that would seal all of the pleadings or documents filed in this case, nor does it seek to seal even the entirety of the Memorandum or the Leiden Declaration. A "less drastic" alternative is sought, namely that only unredacted copies of the Memorandum, the Leiden Declaration, and Exhibits O, P, and Q thereto be placed under seal while Cox publicly files redacted copies of the Memorandum, the Leiden Declaration, and Exhibits O, P, and Q thereto.

### C. Specific Reasons Why the Documents Should Be Filed under Seal

Portions of the Memorandum and Exhibits O, P, and Q thereto contain technically sensitive information relating to the business of Audible Magic. Such information should be kept confidential because its disclosure could provide competitors with an unfair advantage in their efforts to compete, and therefore would be harmful to the parties. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

Specifically, Exhibit O contains a voluminous and detailed technical record of communications and data exchanged between Audible Magic's servers and Mark Monitor's servers concerning Audible Magic's copyright identification software. Exhibit P contains excerpts of Exhibit O. Exhibit Q contains excerpts from the deposition transcript of Mr. Vance

Ikezoye, Chief Executive Office of Audible Magic. These exhibits, and portions of the Memorandum and Leiden Declaration that cite to them, discuss information that was designated as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 58).

The Proposed Sealed Exhibits contain information relating to Audible Magic's proprietary processes for receiving data from its customers, analyzing said data to determine if the data contains various types of copyrighted content, and then notifying the customer of the result of said analysis on said data. Exhibits O and P contain both the technical input to Audible Magic's proprietary analysis software as well as the technical output of the software. Exhibit Q provides a narrative description of this process. Such information has never been shared outside of Audible Magic except with its customers or otherwise pursuant to a non-disclosure agreement.

With this information, competitors could use Audible Magic's confidential, competitively sensitive, and proprietary information to unfairly compete with Audible Magic. Therefore, sealing is necessary because this information is particularly sensitive, and its disclosure would create a substantial risk of competitive harm to Audible Magic if compromised. *See* ECF No. 58 (Stipulated Protective Order).

### III. CONCLUSION

Based on the foregoing, Audible Magic requests that this Court grant Cox's Motion to Seal as to Exhibits O, P, and Q and the portions of the Memorandum and Leiden Declaration that reference the same.

Dated: August 28, 2019

Respectfully submitted,

*/s/ Michael H. Jacobs*

Michael H. Jacobs
Virginia Bar No. 41006
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:   (202) 624-2500
Facsimile:   (202) 628-5116
mjacobs@crowell.com

Gabriel M. Ramsey (*pro hac vice* pending)
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:   (415) 986-2800
Facsimile:   (415) 986-2827
gramsey@crowell.com

*Attorneys for Nonparty Audible Magic Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of August, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

 */s/ Michael H. Jacobs*
Michael H. Jacobs (Va. Bar No. 41006)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
(202) 628-5116 (fax)
mjacobs@crowell.com

*Attorney for Nonparty Audible Magic Corp.*