## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

     Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

     Defendants.

Case No. 1:18-cv-00950-LO-JFA

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
## REQUEST FOR JUDICIAL NOTICE

Pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiffs seek to have the Court take judicial notice of copyright registration information set forth in the United States Copyright Office's Public Copyright Database. Taking judicial notice of this information, as this Court did in the *BMG v. Cox* case, will conserve resources, foster resolution at summary judgment, and narrow issues for a clearer presentation at trial.

### Legal Standard

Federal Rule of Evidence 201 provides that, at any stage of a proceeding, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c), (d). A fact is subject to judicial notice if it is one not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Further, the court may take judicial notice of documents that are a matter of public record. *See Trans-Radial Sols., LLC v. Burlington Med., LLC,* No. 2:18-CV-

656, 2019 WL 3557879 at *2 (E.D. Va. Aug. 5, 2019) (citing *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004)).

**Argument**

The Court should take judicial notice of copyright registration information from the U.S. Copyright Office's Public Copyright Database.  Rule 201 instructs that judicial notice is mandatory when the requested information is "not subject to reasonable dispute" and its "accuracy cannot reasonably be questioned."  *See BMG v. Cox,* 149 F.Supp.3d 634, 646 n.5 (E.D. Va. 2015). Courts, including this one, have consistently found that the U.S. Copyright Office's Public Copyright Database records meet the requirements of Rule 201 and take judicial notice thereof. *See id.* (citing *Island Software & Comp. Serv., Inc. v. Microsoft* Corp., 413 F.3d 257, 261 (2d Cir.2005) ("The district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry.")); *see also Trans-radial*,  2019 WL 3557879, at *2 (stating that the court may take judicial notice of copyright registrations); *Zinner v. Olenych,* 108 F. Supp. 3d 369, 377 n.2 (E.D. Va. 2015) (same).

Plaintiffs have produced copies of registration certificates for most of the works at issue in this case.  For the remainder, they have produced copyright registration information excerpted from the U.S. Copyright Office's Public Copyright Database.  Plaintiffs are requesting judicial notice for this latter category of registrations.  In addition, as set forth in Rule 201(c)(2), Plaintiffs have provided or will provide the Court with the required information for taking judicial notice of these records.  Specifically, copies of the registrations that are the subject this Request have been supplied to the Court as exhibits to the declarations of Jeremy Blietz, David Kokakis, Wade Leak, Alasdair McMullan, Anish Patel, and Steven Poltorak, filed contemporaneously with this motion. These declarations set forth Plaintiffs' ownership or exclusive rights with respect to the works in

suit.  These declarations, combined with the registration information in the U.S. Copyright Office Copyright Database, along with the other exhibits to the declarations, enable the Court resolve issues as to registration and ownership ahead of trial.  *BMG v. Cox*, 149 F. Supp.3d at 646 (taking judicial notice of Copyright Database records on summary judgment).

Judicial notice is proper at this stage.  Rule 201(d) does not impose any notice requirements or time limits.  Cox has had ample notice and would not suffer any prejudice from granting this request.  Plaintiffs produced .pdf versions of almost all of this information at the outset of discovery and also informed Cox via letter on December 18, 2018 that they would rely on these entries as registration evidence.

For the foregoing reasons, the court should grant Plaintiffs' request.

Dated August 30, 2019

*/s/ Scott A. Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*