# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP,<br><br>   Plaintiffs,<br><br>  v.<br><br>COX COMMUNICATIONS, INC., and COXCOM, LLC,<br><br>   Defendants. | Civil No. 1:14-cv-1611<br><br>Hon. Liam O'Grady |

## ORDER

Before the Court are the parties' motions *in limine* and *Daubert* motions. The motions are fully briefed and ripe for consideration. The Court heard oral argument on November 20, 2015. Accordingly, it is hereby **ORDERED** that:

1. Cox's Motion to Exclude the Testimony of Putative Expert William Lehr, Ph.D. (Dkt. No. 460) is **GRANTED** in part. Dr. Lehr's testimony is limited to his profit calculations. He is not to opine on Cox's incentives to permit infringement or the economic benefit of infringement.

2. Cox's Motion to Exclude the Testimony of Putative Expert Terrence P. McGarty, Ph.D. (Dkt. No. 463) is **GRANTED** in part. Dr. McGarty's testimony may be relevant to rebut assertions regarding Cox's operations.

3. Cox's Motion to Exclude the Testimony of Putative Expert Ralph Oman (Dkt. No. 470) is **GRANTED**.

1

4. Cox's Motion to Exclude the Testimony of Putative Expert Robert A. Bardwell, Ph.D. (Dkt. No. 473) is **DENIED**.

5. Cox's Motion to Exclude the Testimony of Putative Expert Stephen M. Nowlis, Ph.D. (Dkt. No. 477) is **DENIED**.

6. Cox's Motion *in Limine* No. 1 to Preclude Plaintiffs from Using Rightscorp Notices as Proof of Infringement (Dkt. No. 532) is **DEFERRED**. It appears the notices may be business records or admissible with a limiting instruction, as the notices are relevant to several issues in Cox's case as well.

7. Cox's Motion *in Limine* No. 2 to Preclude Plaintiffs from Referring to Mere Use of BitTorrent or Amount of BitTorrent Infringing Activity as Proof of Infringement (Dkt. No. 534) is **DENIED**.

8. Cox's Motion *in Limine* No. 3 to Preclude Plaintiffs from Referring to Cox's Failure to Preserve DHCP Logs (Dkt. No. 536) is **DENIED**.

9. BMG's Motion to Exclude Portions of the Expert Report and Limit the Trial Testimony of Cox's Expert William Rosenblatt (Dkt. No. 449) is **GRANTED**.

10. BMG's Motion to Exclude the Expert Report, Opinion, and Trial Testimony of Cox's Expert Joseph Karaganis (Dkt. No. 453) is **GRANTED**.

11. BMG's Motion to Exclude Ryan Sullivan from Offering Opinions or Testimony Regarding the Economic Effects of Infringement Over the Cox Network (Dkt. No. 466) is **DENIED**.

12. BMG's Motion *in Limine* No. 1 to Exclude Introduction of Irrelevant Information About Rightscorp, Inc. (Dkt. No. 543) is **GRANTED**.

13. BMG's Motion *in Limine* No. 2 to Exclude Evidence Related to the 10% Bitfield Threshold (Dkt. No. 546) is **DENIED**. The 10% bitfield threshold may be relevant to Rightscorp's operation during the period of alleged infringement.

14. BMG's Motion *in Limine* No. 3 to Prohibit Cox from Referencing the Copyright Alert System or the DMCA Practices of Other Internet Service Providers (Dkt. No. 550) is **GRANTED**.

15. BMG's Motion *in Limine* No. 4 to Exclude Evidence or Argument Concerning the Communications Decency Act (Dkt. No. 553) is **GRANTED**.

16. BMG's Motion *in Limine* No. 5 to Preclude Defendants from Introducing Evidence or Argument that BMG's Corporate Parent Was Affiliated with Napster (Dkt. No. 556) is **MOOT**.

17. BMG's Motion *in Limine* No. 6 to Exclude Argument that Cox Is Not Liable for Infringement Over Its Network by Users Other Than Named Account Holders (Dkt. No. 559) is **GRANTED** in part. Evidence that users other than named account holders and authorized users undertook directly infringing activity may be used for purposes of cross-examination.

18. BMG's Motion *in Limine* No. 7 to Preclude Cox and Its Experts from Using Deceptive Notice and Warning Statistics to Argue that Its "Graduated Response" Is Highly Effective at Curbing Infringement (Dkt. No. 562) is **GRANTED**.

19. BMG's Motion *in Limine* No. 8 to Prohibit Cox's Designated Expert William Rosenblatt from Opining on the Testimony and Actions of Percipient Witnesses Based on Personal Conversations (Dkt. No. 565) is **GRANTED**.

20. BMG's Motion *in Limine* No. 9 to Exclude Evidence Concerning Other Internet Service Providers' Treatment of Rightscorp Inc.'s Notices and Other Infringement Notices Containing Settlement Offers (Dkt. No. 568) is **GRANTED**.

21. BMG's Motion *in Limine* No. 10 to Preclude Defendants from Introducing Evidence or Argument Relating to Purported "Advice of Counsel" (Dkt. No. 571) is **GRANTED**. There was no competent advice-of-counsel opinion. Additionally, there was a failure to timely produce all relevant documents and to timely notice an advice-of-counsel defense.

November 25, 2015
Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge

4