## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

      Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

      Defendants.

Case No. 1:18-cv-00950-LO-JFA

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PRECLUDE CERTAIN EXPERT TESTIMONY BY W. CHRISTOPHER BAKEWELL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ iii

INTRODUCTION ................................................................................................................1

BACKGROUND ................................................................................................................1

ARGUMENT .....................................................................................................................2

    I.      THE LEGAL STANDARD .........................................................................2

    II.     THE COURT SHOULD PRECLUDE BAKEWELL FROM USURPING THE
            JURY'S PROVINCE TO DETERMINE STATUTORY DAMAGES .........................3

CONCLUSION ...................................................................................................................5

# TABLE OF AUTHORITIES

<u>Cases</u>

*Buser v. Eckerd Corp.*, No. 5:12-CV-755-FL, 2015 WL 1438618 (E.D.N.C. Mar. 27, 2015) .......4

*Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194 (4th Cir. 2001) ...................................................2

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ..........................................................2

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952).........................................5

*Jackson v. United States*, 638 F. Supp. 2d 514 (W.D.N.C. 2009) ..................................................4

*Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993)..................................................................................3

*Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*, No. CV H-12-2293, 2013 WL 12140417
    (S.D. Tex. Dec. 18, 2013) ..........................................................................................................4

*Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488
    (4th Cir. 1996) ............................................................................................................................4

*United States v. Barile*, 286 F.3d 749 (4th Cir. 2002) ................................................................3, 4

*United States v. Chapman*, 209 F. App'x 253 (4th Cir. 2006) .......................................................4

*United States v. McIver*, 470 F.3d 550 (4th Cir. 2006)...................................................................3

*United States v. Offill*, 666 F.3d 168 (4th Cir. 2011)..................................................................2, 3

*United States v. Wilson*, 133 F.3d 251 (4th Cir. 1997) ...................................................................4

*Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ..................................................2

*Woods v. Lecureux*, 110 F.3d 1215 (6th Cir. 1997)........................................................................3


<u>Rules</u>

Fed. R. Evid. 702 ........................................................................................................................2, 3


<u>Treaties</u>

4. J. Weinstein & Berger, *Weinstein's Federal Evidence*, § 702.03[2][a] (J. McLaughlin ed., 2d
    2010). ......................................................................................................................................3, 5

## INTRODUCTION

Cox's trial strategy is to parade out a cadre of expert witnesses to distract, sow confusion, and offer opinions untethered to the facts.  Its objective is to hide behind experts with extensive resumes, who will tell the jury what to think and how to decide the case.  This motion addresses the improper testimony of Cox's proposed expert, W. Christopher Bakewell.  He is a financial consultant Cox hired to rebut Plaintiffs' expert, Dr. William H. Lehr.

Mr. Bakewell proposes to testify that a damages award based on Dr. Lehr's conclusions would result in a "windfall" for Plaintiffs.  This testimony should be precluded.  It usurps the jury's role to award statutory damages.  It also misleads the jury on the statutory damages considerations.  The jury alone decides what statutory damages to award based on the Court's instructions.  Mr. Bakewell's opinion on what damages the jury should award is completely irrelevant and unfairly prejudicial.

## BACKGROUND

W. Christian Bakewell is a Managing Director of a consulting firm specializing in financial advisory services, Duff & Phelps, LLPs.  Decl. of Jeffrey M. Gould in Supp. of Pls.' Mot. to Preclude Certain Expert Testimony By W. Christopher Bakewell ("Gould Decl.") Ex. 1, ¶ 1 (Rebuttal Expert Report of W. Christopher Bakewell Regarding Damages, May 15, 2019 ("Bakewell Rept.")).  He holds an M.B.A. and is an Accredited Senior Appraiser in Business Valuation.  *Id.* ¶ 3.  In his professional practice, he provides consulting services involving valuation and related issues in connection with technology-rich businesses and intellectual property.  *Id.* ¶ 1.  He is a professional expert witness who has testified nearly 100 times in the last four years.  *Id.* Attach. B.

Mr. Bakewell's report focuses on purporting to rebut Dr. Lehr's analysis of the profits Cox earned from its business as a service provider.  *Id.* ¶¶ 59-105.  Mr. Bakewell also takes issue

with Dr. Lehr's analysis showing the financial benefits Cox received from infringement and the incentives Cox had to tolerate infringement. *Id.* ¶¶ 106-123. While Mr. Bakewell's conclusions on those issues are flawed, they are not the subject of this motion. The focus of this motion is Mr. Bakewell's proposed testimony about what statutory damages the jury should award.

## ARGUMENT

### I.     THE LEGAL STANDARD

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Under Rule 702, scientific, technical, or other specialized knowledge may be presented to the jury by an expert witness if: (1) it is potentially helpful to the jury; (2) it is based on sufficient facts or data; (3) it is the product of reliable principles and methods; and (4) the testimony is applied to the facts of the case. Fed. R. Evid. 702. The "touchstone of the rule is whether the testimony will assist the jury." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011).

Trial courts act as gatekeepers to ensure that expert testimony is reliable and relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The Court must determine if the "reasoning or methodology underlying the expert's proffered opinion is reliable" and "whether the opinion is relevant to the facts at issue." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260-61 (4th Cir. 1999).

The burden is on the party proffering the expert to prove by a preponderance of the evidence that the expert's testimony is admissible and that the requirements of the Federal Rules of Evidence are satisfied. *See Cooper v. Smith & Nephew*, 259 F.3d 194, 199 (4th Cir. 2001); *Daubert*, 509 U.S. at 592 n.10.

### II.    THE COURT SHOULD PRECLUDE BAKEWELL FROM USURPING THE JURY'S PROVINCE TO DETERMINE STATUTORY DAMAGES

In his report, Mr. Bakewell exceeds the proper scope of expert opinion by purporting to tell the jury how it should award statutory damages. For example, he opines that, "from a

2

financial and economic perspective, a remedy based upon Cox's profits would be unrelated to, and significantly in excess of, the potential value (if any) relieved [sic] by Cox from the alleged infringement" and adds that "Dr. Lehr's calculations would result in a financial windfall to Plaintiffs."  Gould Decl. Ex. 1, ¶ 15 (Bakewell Rept.).

Mr. Bakewell should be precluded from offering any such testimony at trial.  The Fourth Circuit has made clear that "opinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible."  *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006).  The district court may also exclude expert testimony if it does not assist the finder of fact.  *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (citing *Kopf v. Skyrm*, 993 F.2d 374, 377–78 (4th Cir. 1993) (stating that while "[a]n opinion is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact, . . . such an opinion may be excluded if it is not helpful to the trier of fact under Rule 702") (internal quotation omitted)).  "The touchstone of the rule is whether the testimony will assist the jury."  *Offill*, 666 F.3d at 175 (4th Cir. 2011).  Legal conclusions or testimony that merely tells the jury what result to reach is not likely to assist the jury in its determination and should be excluded.  *Barile*, 286 F.3d at 760 (citing *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997)).  Such testimony does not assist the jury because it "supplies the jury with no information other than the witness's view of how the verdict should read."  *Offill*, 666 F.3d at 175 (4th Cir. 2011) (quoting *Weinstein's Federal Evidence* § 704.04[2][a] (2d ed. 2003).

Applying these principles, Bakewell's testimony on how to award statutory damages should be precluded.  Plaintiffs have elected statutory damages.  Awarding statutory damages is the jury's province alone.  Courts in this Circuit regularly exclude expert testimony where the

expert offers a legal conclusion or tells the jury how to decide an issue.[1]  Mr. Bakewell's opinion that awarding certain amounts of damages would represent a "windfall" improperly invades that province by instructing the jury how to award statutory damages.  *See Macro Niche Software, Inc. v. 4 Imaging Sols., L.L.C.*, No. CV H-12-2293, 2013 WL 12140417, at *4 (S.D. Tex. Dec. 18, 2013) (excluding expert testimony that recommended a statutory damages award to the jury). The Court should not permit Defendants' counsel to play the ventriloquist to provide specious closing argument through Mr. Bakewell.

Mr. Bakewell's damages exhortation should also be precluded because it misleads the jury about how to award statutory damages.  Mr. Bakewell's arguments about an appropriate remedy and that a certain level of damages would be a "windfall" are based solely on his analysis of Cox's profits.  But a defendant's profits are only one of the factors a jury considers when awarding statutory damages.  *See Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 496-97 (4th Cir. 1996) (affirming jury instruction to consider "any evidence that the defendants have a history of copyright infringement; any evidence that the defendants are apparently impervious to either deterrence or rehabilitation; the extent of the defendant's knowledge of the copyright laws; any misleading or false statements made by the defendants; . . . and any factor which the jury believes evidences the defendants knew, had

---

[1] *See, e.g.*, *United States v. Wilson*, 133 F.3d 251, 265–66 (4th Cir. 1997) (holding that the district court erred by allowing witnesses to "give opinions on what the law means or how it is interpreted"); *United States v. Barile*, 286 F.3d 749, 761 (4th Cir. 2002) (affirming exclusion in FDA fraud case of expert testimony that FDA submissions did not contain "materially misleading statements"); *United States v. Chapman*, 209 F. App'x 253, 269-70 (4th Cir. 2006) (affirming exclusion in financial fraud case of both expert testimony regarding the scope of Defendant's fiduciary duties and testimony more generally about the existence and scope of a fiduciary duty under various securities laws); *Jackson v. United States*, 638 F. Supp. 2d 514, 527 (W.D.N.C. 2009) (excluding attorney affidavits opining that Defendant received ineffective assistance of counsel and collecting cases); *Buser v. Eckerd Corp.*, No. 5:12-CV-755-FL, 2015 WL 1438618, at *7-*8 (E.D.N.C. Mar. 27, 2015) (excluding in ADA violation suit expert's opinion as to a job's "essential function" and "essential duty").

4

reason to know, or recklessly disregarded the fact that its conduct constituted copyright infringement").

A jury weighing these other factors can properly award statutory damages that are not directly linked to the defendant's profits from infringement. *Id.* (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 234 (1952)).  Such an award is not a "windfall" but a proper application of the statutory damages framework.  Mr. Bakewell's testimony suggesting otherwise will confuse the jury about what it can properly consider when awarding damages and it should therefore be precluded.  It is textbook law that "[p]roffered expert testimony should be excluded when it will not assist the finder of fact to any degree beyond the assistance that lawyers representing the parties could provide during their closing arguments." 4. J. Weinstein & Berger, *Weinstein's Federal Evidence*, § 702.03[2][a] (J. McLaughlin ed., 2d 2010).

## CONCLUSION

For the reasons set forth herein, Plaintiffs' respectfully request that the Court preclude Mr. Bakewell from testifying to how the jury should determine statutory damages.

Respectfully submitted,

Dated August 30, 2019

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*