**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>COX COMMUNICATIONS, INC. and<br>COXCOM, LLC.<br><br>        Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE**
**THE TESTIMONY OF PUTATIVE EXPERT DR. TERRENCE P. McGARTY**

**REDACTED VERSION**

## <u>TABLE OF CONTENTS</u>

**Page**

I.     INTRODUCTION ................................................................................................ 1

II.    LEGAL STANDARD ........................................................................................ 3

III.   FACTUAL BACKGROUND ............................................................................. 4

IV.   ARGUMENT ..................................................................................................... 9

      A.    Dr. McGarty's opinion that Cox should have terminated more subscribers is irrelevant and otherwise inadmissible. ................................................. 9

      B.    Any testimony by Dr. McGarty about the effectiveness and reasonableness of Cox's infringement response lacks foundation and is otherwise inadmissible. ........................................................................... 11

      C.    Dr. McGarty's opinions regarding Cox's technical capabilities in responding to copyright notices are not relevant. .................................. 15

      D.    A significant number of Dr. McGarty's "opinions" are pure factual exposition and are not proper subjects of expert testimony. ................................. 17

      E.    Dr. McGarty should be precluded from opining that Cox could have, or should have, utilized deep-packet inspection (*e.g.*, Procera). .............................. 22

      F.    Dr. McGarty should be precluded from offering any analyses that utilize information purportedly generated by Rightscorp. ................................. 23

V.    CONCLUSION ............................................................................................... 24

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bay Country Consumer Fin., Inc. v. Fid. Sec. Life Ins. Co.*,
  311 F. App'x 580 (4th Cir. 2008) ...........................................................................18

*Daubert v. Merrell Dow Pharms, Inc.*,
  509 U.S. 579 (1993).....................................................................................................3, 4

*Eghnayem v. Bos. Sci. Corp.*,
  57 F. Supp. 3d 658 (S.D.W. Va. 2014) ...............................................13, 15, 18, 19

*ePlus, Inc. v. Lawson Software, Inc.*,
  764 F. Supp. 2d 807 (E.D. Va. 2011) .......................................................................3

*In re Fosamax Prod. Liab. Litig.*,
  645 F. Supp. 2d 164 (S.D.N.Y. 2009)....................................................................19

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997)......................................................................................................3

*Highland Capital Mgmt., L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008)....................................................................13

*James River Mgmt. Co. v. Kehoe*,
  No. 3:09-CV-00387, 2010 WL 431477 (E.D. Va. Feb. 5, 2010) .............................3

*Jesa Enterprises Ltd. v. Thermoflex Corp.*,
  268 F. Supp. 3d 968 (E.D. Mich. 2017)...............................................................17

*Keystone Transportation Sols., LLC v. Nw. Hardwoods, Inc.*,
  No. 5:18-CV-00039, 2019 WL 1756292 (W.D. Va. Apr. 19, 2019).........................13, 15, 18

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999)......................................................................................................3

*Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*,
  2015 WL 5459662 (S.D.N.Y. Sept. 16, 2015)...............................................13, 18

*In re M/V MSC FLAMINIA*,
  No. 12-CV-8892 (KBF), 2017 WL 3208598 (S.D.N.Y. July 28, 2017)...........................13, 18

*Scentsational Techs., LLC v. Pepsi, Inc.*,
  No. 13-CV-8645 (KBF), 2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018), *aff'd
  sub nom. ScentSational Techs. LLC v. PepsiCo, Inc.*, 773 F. App'x 607 (Fed.
  Cir. 2019) ...............................................................................................................13, 18

*Scott v. Sears, Roebuck & Co.*,
   789 F.2d 1052 (4th Cir. 1986) ...................................................................................3

*Slaby v. Holder*,
   No. 112CV1235AJTIDD, 2013 WL 12147698 (E.D. Va. July 24, 2013)...................13, 15, 17

*Small v. WellDyne, Inc.*,
   927 F.3d 169 (4th Cir. 2019) .....................................................................................3

*United States v. Dorsey*,
   45 F.3d 809 (4th Cir. 1995) ......................................................................................13

*United States v. Lester*,
   254 F. Supp. 2d 602 (E.D. Va. 2003) ......................................................................3, 4

*United States v. Portsmouth Paving Corp.*,
   694 F.2d 312 (4th Cir. 1982) ...................................................................................18

**Statutes**

17 U.S.C. § 512(i)(1)(A)...................................................................................................2

**Other Authorities**

Fed. R. Evid. 402 .......................................................................................................1, 18

Fed. R. Evid. 403 .......................................................................................................1, 18

Fed. R. Evid. 702 .................................................................................................1, 3, 17, 18

## I.    INTRODUCTION

Pursuant to Federal Rules of Evidence 702, 402, and 403, Cox respectfully requests that this Court exclude, in their entirety and for any purpose, the opinions and testimony of Plaintiffs' putative expert Dr. Terrence P. McGarty because his opinions are not relevant to any issue in this case and are not proper expert testimony and thus would be highly misleading and confusing to the jury.

In *BMG*, Dr. McGarty was primarily hired to opine about whether Cox appropriately terminated subscribers for purposes of obtaining the benefit of the DMCA safe harbor and, separately, whether it could have processed the blocked Rightscorp notices.  After the Court granted BMG's summary judgment motion with respect to Cox's DMCA safe-harbor defense, the Court questioned whether Dr. McGarty was any longer relevant, as his opinions were directed at that disposed issue.[1]  The Court ultimately excluded Dr. McGarty's proposed affirmative opinions, but it did permit him to attempt to rebut evidence that Cox's system was "effective" based on data that showed that 96% of Cox's subscribers stopped infringing after receiving only five notices.

In this case, Dr. McGarty was apparently hired for a different purpose: to "



"  Despite this different focus, he largely repackaged his report from *BMG*.  This approach is inexplicable, as Cox never asserted a DMCA safe harbor defense here.[2]

---

[1] Declaration of Thomas M. Buchanan in Support of Defendants' Motion to Exclude the Testimony of Putative Expert Dr. Terrence P. McGarty ("Buchanan Decl."), Ex. F (*BMG* Nov. 20, 2015 Hr'g Tr. 30:16-33:19, ECF 676).

[2] *See* ECF No. 21 (Cox's Answer, Affirmative Defenses, and Counterclaims to Complaint).  To be eligible for safe harbor protection under the DMCA, a service provider must have "a policy that provides for the termination in appropriate circumstances of subscribers and account holders of the service provider's system or network who are repeat infringers."  17 U.S.C. § 512(i)(1)(A).

Moreover, while Dr. McGarty also includes in his reports observations regarding ███████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████. But here, unlike in *BMG*, Plaintiffs seek to hold Cox liable for

infringement based on notices received by its subscribers after those subscribers received ██████

████████████████████████████████████████████████████

███████████████████████. In effect, Plaintiffs appear to have commissioned Dr. McGarty to

produce a report in support of an argument they do not make.

Additionally, while Dr. McGarty has worked on and off in the telecommunications industry

over the last several decades, he has no experience with how an ISP can respond to infringement

notices. Because information relevant to what Cox did and could have done is available directly

from fact witnesses and record documents, and because Dr. McGarty otherwise lacks relevant

expertise and first-hand knowledge of the underlying facts, any of his proposed ***factual*** expositions

would not be helpful to the jury and should therefore be excluded as well.

Accordingly, Dr. McGarty's opinions and testimony with respect to the following topics

must be excluded as irrelevant, improper, or otherwise inadmissible:



- ██████████████████████████████████████████████████████

██████████████████████████████████████.

## II.   LEGAL STANDARD

"[O]n the most basic level, to be admissible, [] expert testimony must be 'scientific, technical, or other specialized knowledge.'" *Small v. WellDyne, Inc.*, 927 F.3d 169, 177 (4th Cir. 2019) (quoting Fed. R. Evid. 702(a).  Moreover, expert testimony is only admissible if it "will help the trier of fact to understand the evidence or determine a fact in issue … ." Fed. R. Evid. 702(a).  But "Rule 702 makes *inadmissible* expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of not assistance." *Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) (emphasis added); *see also United States v. Lester*, 254 F. Supp. 2d 602, 607 (E.D. Va. 2003).

Rule 702 requires a trial court to play a "gatekeeping role" in evaluating whether proposed expert testimony should be admitted at trial.  *Daubert v. Merrell Dow Pharms, Inc.*, 509 U.S. 579, 596-97 (1993); *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connecting to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  Rather, the proffered testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Daubert*, 509 U.S. at 591.  The expert opinion must "fit" the facts of the case.  *See James River Mgmt. Co. v. Kehoe*, No. 3:09-CV-00387, 2010 WL 431477, at *4 (E.D. Va. Feb. 5, 2010); *accord ePlus, Inc. v. Lawson Software, Inc.*, 764 F. Supp. 2d 807, 812 (E.D. Va. 2011).  "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591 (citation omitted).

The Court's gatekeeping function is important to the integrity of the trial process because "expert testimony often carries a certain aura that might lead a jury to attach more significance to the testimony than is reasonably warranted." *See Lester*, 254 F. Supp. 2d at 607; *see also Daubert*, 509 U.S. at 595 ("Because of this risk, the judge weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.") (citations omitted).

As demonstrated below, Dr. McGarty's proposed opinions and testimony are not tailored to issues relevant to this case or are otherwise improper factual narration and are therefore inadmissible under the Federal Rules of Evidence.

## III.    FACTUAL BACKGROUND

Dr. McGarty issued his opening report on April 10, 2019. Buchanan Decl., Ex. A (Expert Report of Dr. Terrence P. McGarty, dated April 10, 2019 ("McGarty Rpt.")). On June 13, 2019, Dr. McGarty issued another report in which he responded to Cox's experts Dr. Kevin Almeroth and Dr. Lynne Weber. Buchanan Decl., Ex. B (Expert Supplemental and Reply Report of Dr. Terrence P. McGarty, dated June 13, 2019 ("McGarty Reply Rpt.")). Dr. McGarty was deposed on July 2, 2019. Buchanan Decl., Ex. C (July 2, 2019 Deposition Transcript of Dr. Terrence P. McGarty ("McGarty Dep. Tr.")).

Dr. McGarty is the Managing Partner of the Telmarc Group, an investment company. While Dr. McGarty has worked in the telecommunications industry on and off over the last several decades, his relevant experience remains as limited as it was during *BMG*—namely, he has no experience with how an ISP should deal with notices of alleged copyright infringement. Buchanan Decl., Ex. C (McGarty Dep. Tr. 53:5-21) ("█████████████████████████

██████████████████████████ "); *see also id.* 60:7-61:4, 21:6-20, 24:4-11, 26:6-27:7, 28:19-22.

Despite this, Dr. McGarty summarizes his opinions in this case as follows:



Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 13-14); *see also id.*, ¶¶ 28-49.

Dr. McGarty also makes several more specific factual observations regarding Cox's systems and policies regarding its response to infringement notices, namely:

- ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████;

- ██████████████████████████████████████████████;

---

[3] CATS is Cox's Abuse Tracking System, which is a system through which it processes notices alleging copyright infringement.

- ██████████████████████████████████████████████████
  ██████████████████████████████████████████████████
  █████;

- ██████████████████████████████████████████████████
  ████████████████████████████████;
  ██████████████████████████████████████████████████
  ██████████████████████████████████

- ██████████████████████████████████████████████████
  █████████████████████████; and

- ██████████████████████████████████████████████████
  ██████████████████████████████████████████████████
  ████████████████████████.

*Id.*, ¶¶ 29, 32-36, 40-44.

But at his deposition, when asked about these and other factual observations regarding Cox's policies and their effects, if any, on how infringement notices are processed, Dr. McGarty made clear that ██████████████████████████████████████████████████ ██████████████████████████████████████████████████ ██████████:

██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████

Buchanan Decl., Ex. C (McGarty Dep. Tr. 214:13-215:1).[4]  Dr. McGarty also made clear that 

.[6]  As outlined below, *see infra* § IV.A,

Dr. McGarty's focus on this point in time is irrelevant to the claims in this case.

In response to these opinions, Cox's experts Dr. Weber and Dr. Almeroth each served

reports rebutting Dr. McGarty's.[7]  *See* Buchanan Decl., Ex. D (Rebuttal Expert Report of Lynne

J. Weber, Ph.D., dated May 15, 2019 ("Weber Rpt.")) & Ex. E (Rebuttal Expert Report of Kevin

C. Almeroth, Ph.D., dated May 15, 2019 ("Almeroth Rpt.")).  Dr. Weber

---

[4] Buchanan Decl., Ex. C (McGarty Dep. Tr. 70:8-15) ("                                                                                        .").

[5] As we outline in further detail below, Dr. McGarty                                        , where the policy states that Cox "considers" termination at that point.  Thus, his analysis focusing on the number of notices a subscriber receives is counter-factual and flawed.

[6] *See* Buchanan Decl., Ex. C (McGarty Dep. Tr. 72:14-73:3) ("

"); *see also id.* 268:17-269:8 ("

").

[7] Dr. Weber also rebutted Professor McCabe and Dr. Lehr.  Cox's expert, Christopher Bakewell, also cited Dr. Weber's report in his rebuttal of Dr. Lehr.  And Dr. Almeroth cited Dr. Weber's report in rebuttal to Dr. McGarty.



. *See* Buchanan Decl., Ex. D

(Weber Rpt., App. C, Exs. C-2 & C-3).[8]   She additionally highlighted that

).[9]  Dr. Almeroth opined that

In his Expert Supplemental and Reply Report, Dr. McGarty questioned

.  Buchanan Decl., Ex. B (McGarty Reply Rpt., ¶¶ 29-33).   In response to Dr.

Almeroth's report, Dr. McGarty

. *Id.*, ¶¶ 44-46.[10]

[8] Dr. Weber also demonstrated that

. *Id.*, App. C, Exs. C-6 & C-7.

[9] Dr. Weber also put forward opinions regarding

.

[10] Buchanan Decl., Ex. C (McGarty Dep. Tr. 150:3-18) ("

; *see also id.* 151:22-152:19

.

## IV.  ARGUMENT

### A.  Dr. McGarty's opinion that Cox should have terminated more subscribers is irrelevant and otherwise inadmissible.

Unlike *BMG*, this case is not about whether Cox appropriately ***terminated*** repeat infringers. Cox has not asserted the DMCA safe harbor and Plaintiffs' liability theory does not depend on Cox having an obligation to terminate subscribers at any point.  Instead, Plaintiffs are seeking to hold Cox liable for the alleged infringement by Cox's subscribers after those subscribers received █████████████████—not after the point at which a subscriber was eligible for termination, *i.e.*, after 13 Notices.  *See, e.g.*, Am. Compl., ¶ 10 ("Plaintiffs seeks relief for claims of infringement that accrued from February 1, 2013 through November 26, 2014, with respect to works infringed by Cox subscribers *after* those particular subscribers were identified to Cox in multiple infringement notices.") (emphasis in original); Buchanan Decl., Ex. H (Report of George P. McCabe, Ph.D., dated April 10, 2019 ("McCabe Rpt."), ¶ 4) ("████████████████████████ ███████████████████████████████████████████████████████ ███████████████████████████████") (emphasis added).[11]

Despite that, Dr. McGarty admitted in his deposition ███████████████████ █████████████████████████████████████████████████████████ ███████████████████: "████████████████████████████████████ █████████████████████████████████████████████████████████

---

[11] While Plaintiffs allege that "by failing to terminate the accounts of specific recidivist infringers known to Cox, Cox obtained a direct benefit from its subscribers' infringing activity in the form of illicit revenue that it would not have received had it shut down those accounts," Am. Compl., ¶ 9, that allegation relates to damages, not liability.  It has nothing to do with Plaintiffs' theory of liability, which asserts that Cox is secondarily liable for alleged direct infringements by its subscribers who ███████████████████████████████████████.



"[13] This refrain by Dr. McGarty was offered in response to questions on all of his opinions regarding steps Cox took or did not take in its graduated infringement response, as all of those opinions are tied to termination.  *See, e.g.*, Buchanan Decl., Ex. A (McGarty Rpt., ¶ 33 ▐▐▐▐▐

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐"));  *see also id.*, ¶ 35 ▐▐▐

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐

▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐");  *id.*, ¶ 36

("▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐")

(emphases added).

But under Plaintiffs' liability theory, all of these opinions are irrelevant.  Plaintiffs are not seeking to hold Cox liable only for those acts of alleged infringement by its subscribers *after* those subscribers were eligible for termination under Cox's policy.  They are seeking to hold Cox liable ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐, long before they became eligible for termination under Cox's policy.  *See, e.g.*, Am. Compl., ¶ 10; Buchanan Decl., Ex. H (McCabe Rpt., ¶ 4).  Thus, Dr. McGarty's opinion about what Cox could have, or should have, done *after* that point in time would is irrelevant, and would also be confusing to the jury and prejudicial to Cox.  Indeed, ▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐▐, (Buchanan Decl., Ex. D (Weber Rpt., ¶ 43, App. C, Ex. C-2)), and,

---

[12] Buchanan Decl., Ex. C (McGarty Dep. Tr. 70:8-15);  *see also id.* 73:1-3 ("▐▐▐▐▐▐▐▐▐▐
▐▐▐▐▐▐▐▐▐▐▐▐▐▐)

[13] *Id.* 214:13-16.

thus, "should" have been terminated according to Dr. McGarty.  Accordingly, his testimony relates to only a minute fraction of the infringement alleged in this case and can only serve to confuse the jury as to the extent to which Cox engaged in conduct which Dr. McGarty believes to have been culpable.

Moreover, to the extent that Dr. McGarty is opining , he has no expertise to provide such testimony.[14]  Dr. McGarty has never implemented a response to an ISP receiving copyright infringement notices, has never advised regarding one, and has absolutely no experience or knowledge of what is required under the law.[15]  Even if this opinion were relevant, Dr. McGarty is not qualified to provide it.

**B.**    **Any testimony by Dr. McGarty about the effectiveness and reasonableness of Cox's infringement response lacks foundation and is otherwise inadmissible.**

Dr. McGarty states in his opening report that . *See* Buchanan Decl., Ex. A (McGarty Rpt., § VI(B)).  Yet at his deposition, Dr.

---

[14] He further admitted that, as far as he can discern from the data, ▮▮▮▮▮▮▮▮▮▮. Buchanan Decl., Ex. C (McGarty Dep. Tr. 92:4-10, 93:13-21).  However, he also seems to imply that ▮▮▮▮. *Id.* 129:10-22 ("

▮▮▮▮").

[15] *Id.* 53:5-21 ("▮▮▮▮"); *see also id.* 60:7-61:4, 21:6-20, 24:4-11, 26:6-27:7, 28:19-22.

McGarty conceded ███████████████████████████████.[16]  He also admitted (as noted above) that he has no opinion about ██████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████.[17]   Because Dr. McGarty made no attempt to assess the effectiveness of Cox's infringement response, and admitted that he has no opinion ████████ ███████████████████████████, any testimony he might offer on the effectiveness or reasonableness of Cox's policies—including any purportedly factual testimony he might offer to create the impression that Cox's policies are ineffective or unreasonable—is inadmissible for lack of foundation.

For example, Dr. McGarty makes several assertions that ███████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████████.  Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 33-36).  To the extent Dr, McGarty intends to testify (explicitly or by implication) that these steps limit the effectiveness or reasonableness of Cox's infringement response, his conceded failure to actually assess Cox's effectiveness and lack of any opinion on its reasonableness renders such testimony inadmissible.  And to the extent Dr. McGarty intends to testify about these steps without characterizing their effectiveness or reasonableness, then his

---

[16] Buchanan Decl., Ex. B (McGarty Reply Rpt., ¶ 3) ██████████████████████████ ██████████████████████); Buchanan Decl., Ex. C (McGarty Dep. Tr. 66:13-67:5, 125:20-127:3).

[17] *Id.* 213:12-16 (" ███████████████████████████████████████████ █████████ ").

observations are merely **_facts_**—cumulative of the testimony from the fact witnesses and the documents which he will be summarizing for the jurors.[18]

Any factual exposition of the steps in Cox's graduated response and the policies it implemented, including any technical effect they may have had on how notices are counted, is not appropriate "expert" testimony unless it is used as foundation for exactly the sort of opinion testimony that Dr. McGarty has declined to propound.  It should be excluded for that reason.  _Slaby v. Holder_, No. 112CV1235AJTIDD, 2013 WL 12147698, at *2 (E.D. Va. July 24, 2013) (excluding proposed expert opinion because it "is not expert testimony at all, but rather a summary of the evidence, developed during the litigation and provided to him, followed by his own factual commentary, observations, inferences, arguments and conclusions that are not based on or do not require any particular expertise and are equally within the capabilities and kin of the jury") (citing _United States v. Dorsey_, 45 F.3d 809, 815 (4th Cir. 1995)); _Eghnayem v. Bos. Sci. Corp._, 57 F. Supp. 3d 658, 699 (S.D.W. Va. 2014) (excluding an expert who purports to opine "on what course of action [the defendant] should have taken … [but] … simply recites what [the defendant] did or did not do"); _Keystone Transportation Sols., LLC v. Nw. Hardwoods, Inc._, No. 5:18-CV-00039, 2019 WL 1756292, at *7 (W.D. Va. Apr. 19, 2019) (excluding proposed expert testimony that is "merely [the plaintiff's] narrative of the events at issue offered in the guise of expert testimony.").[19]

---

[18] Further, as demonstrated below, _see infra_ § IV.C, the ████████████████████████ ████████████████████, so any opinion regarding this limit is flawed and irrelevant.

[19] _See also Scentsational Techs., LLC v. Pepsi, Inc._, No. 13-CV-8645 (KBF), 2018 WL 1889763, at *4 (S.D.N.Y. Apr. 18, 2018), _aff'd sub nom. ScentSational Techs. LLC v. PepsiCo, Inc._, 773 F. App'x 607 (Fed. Cir. 2019) ("It is inappropriate for experts to act as a vehicle to present a factual narrative of interesting or useful documents for a case, in effect simply accumulating and putting together one party's 'story.'") (citing _Highland Capital Mgmt., L.P. v. Schneider_, 551 F. Supp. 2d 173, 187 (S.D.N.Y. 2008)); _In re M/V MSC FLAMINIA_, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *4 (S.D.N.Y. July 28, 2017) (holding that experts may "not supplant the role of the

The same is true of Dr. McGarty's two "analyses" (Attachments 4 and 5 of his opening report) and any related analyses, which are inadmissible for the same reasons. Buchanan Decl., Ex. A (McCabe Rpt., Attach. 4 & 5). 

Because Dr. McGarty has no opinion on whether these Cox policies were reasonable, when Cox should have terminated a particular subscriber, or regarding the alleged infringement by the customers who should have been terminated (if any), *see supra* § IV.A, there is no basis for Dr. McGarty to attempt to use these or any similar analyses to imply—without actually opining—that what Cox did was unreasonable, improper, or inappropriate. Moreover, to the extent these

---

factfinder by reciting factual narratives or by weighing the evidence to reach factual determinations."); *Luitpold Pharms., Inc. v. Ed. Geistlich Sohne A.G. Fur Chemische Industrie*, 2015 WL 5459662, at *3 (S.D.N.Y. Sept. 16, 2015) ("Acting simply as a narrator of the facts does not convey opinions based on an expert's knowledge and expertise; nor is such a narration traceable to a reliable methodology. Mere narration thus fails to fulfill *Daubert*'s most basic requirements.").

[20] Dr. McGarty admitted at his deposition that ███████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████. Buchanan Decl., Ex. C (McGarty Dep. Tr. 272:19-273:13). Dr. McGarty also testified that ████████████████ ████████████" *Id.* at 271:9-12. This unrepresentative selection greatly undermines the weight of this opinion. However, it should be excluded in its entirety for the reasons outlined in this section.

analyses are focused on the sole question of termination, which they appear to be, and not on the question of whether Cox's policy was effective at reducing infringement, they are also irrelevant. These and any related analyses must therefore be excluded.

Finally, Dr. McGarty asserts that Cox ███████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████. *See* Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 40-45).  To the extent these assertions are intended to, or have the effect of, impunging either the effectiveness or the reasonableness of Cox's copyright infringement policies, Dr. McGarty's refusal to opine that Cox's policies were unreasonable or ineffective means that he has no basis for testifying about them.  And if they are not directed to an opinion about effectiveness or reasonableness, they are merely factual observations about which Cox's fact witnesses can testify, to the extent relevant; they are not proper subjects of expert testimony.  *See Slaby*, 2013 WL 12147698, at *2; *Eghnayem*, 57 F. Supp. 3d at 699; *Keystone Transportation Sols., LLC*, No. 5:18-CV-00039, 2019 WL 1756292, at *7.

**C.    Dr. McGarty's opinions regarding Cox's technical capabilities in responding to copyright notices are not relevant.**

In what appears to be a vestige of Dr. McGarty's report from *BMG*, Dr. McGarty opines here that Cox is "██████████████████████████████████████ ████████████████████████████████████████████" Buchanan Decl., Ex. A (McGarty Rpt., ¶ 29); *see also id.*, ¶ 30 ("███████████████████████████ ████████████████████████████████████████████ ██████████████████") ; *see also id.*, ¶ 34 (opining regarding █████████████

██████).[21]   While such an opinion was arguably appropriate in *BMG*, where the question of whether Cox's systems was capable of processing the tens of millions of notices Rightscorp sent was at issue, it has no relevance here as demonstrated below.  Accordingly, any opinion related to it must also be excluded.

Here, it is undisputed that on April 18, 2013, Cox agreed with the RIAA's request to accept up to 600 notices per day.[22]  It is also undisputed that at no point after that date (which was only two months into the 22-month claim period) did the RIAA request that Cox accept additional notices per day.[23]  In addition, despite Cox's willingness to accept up to 600 notice per weekday, the RIAA only sent Cox on average 450 notices a weekday.[24]  Indeed, on only 6 occasions did the RIAA actually exceed the 600 notices per day (and those instances appear to have been processing mistakes).[25]  Thus, unlike in *BMG*, there is no issue here as to whether Cox could or should have accepted more notices relating to the works in suit or the claims at issue because the RIAA failed to even send the volume Cox was willing to accept.

Furthermore, there is no evidence in this case of any other instances of infringement of Plaintiffs' works by Cox's subscribers outside of what is allegedly represented by the notices at issue.  In other words, there are no MarkMonitor databases of observations of infringement by Cox's subscribers except for the RIAA notices covering the works in suit (the "RIAA Notices");

---

[21] Indeed, Dr. McGarty acknowledged as much during his deposition: "██████████████████████████████████████████████████████████" *Id.* 9:5-10.

[22] Buchanan Decl., Ex. G (Plaintiffs' Responses to Cox's Second Set of Requests for Admission, Response No. 107).

[23] *Id.*

[24] Buchanan Decl., Ex. D (Weber Rpt., ¶ 118 & App. C, Ex. C-4).

[25] *Id.*, ¶ 118 & App. C, Ex. C-4.

there are no repositories of unsent RIAA Notices; and there is no evidence that notices sent to Cox were not processed by it.[26]  Again, for the great majority of the claim period, Cox stood ready and able to process more notices than the RIAA deigned to send.

Based on the foregoing undisputed facts, and Plaintiffs' claims in this case, any opinions as to what Cox's system was capable of doing are irrelevant.  These opinions should therefore be excluded from this case.

### D.      A significant number of Dr. McGarty's "opinions" are pure factual exposition and are not proper subjects of expert testimony.

Rule 702 permits an expert to testify either "in the form of an opinion *or otherwise* … ." Fed. R. Evid. 702 (emphasis added).  The "or otherwise" clause has been interpreted as authorizing the practice of an expert "educat[ing] the fact finder about general principles, without ever attempting to apply these principles to the specific facts of the case."  Advisory Committee Note to Fed. R. Evid. 702 (2000); *see also Jesa Enterprises Ltd. v. Thermoflex Corp.*, 268 F. Supp. 3d 968, 973 (E.D. Mich. 2017) (the "or otherwise" of FRE 702 "means that the expert may share his or her special knowledge with the jury in areas that might extend beyond the information known to an average juror.").

---

[26] Dr. McGarty (like Plaintiffs' other expert, Dr. Lehr) made a reference to ███████████████████████████████████████████████████████████████████████████████████████████████████████████.  *See* Buchanan Decl., Ex. C (McGarty Dep. Tr. 241:5-242:12).  The implication being that ███████████████████████████████████████████████████████████████████████████████████████. But neither Dr. McGarty nor Dr. Lehr put forward an opinion regarding this purported "pulse check" in their reports (and they failed to supplement) and both lack any understanding of what MarkMonitor did and what that may mean for this case.  Critically, Plaintiffs, MarkMonitor, and the RIAA also refused to produce any information or data relating to this notion of a "pulse check"—despite multiple requests throughout the discovery period.  Accordingly, to the extent Plaintiffs intend to introduce any "evidence" regarding these "pulse checks," or any of their experts attempt to rely on it in forming an opinion, Cox respectfully requests the Court preclude it in its entirety.

Here, however, much of Dr. McGarty's testimony consists neither of opinions nor of "special knowledge" otherwise unavailable to jurors, but instead of exposition of facts that can be (and properly are) elicited from fact witnesses and documents. Testimony as to these purely factual issues is not appropriate expert testimony and should be excluded. *Slaby*, 2013 WL 12147698, at *2; *Eghnayem*, 57 F. Supp. 3d at 699; *Keystone Transportation Sols., LLC*, No. 5:18-CV-00039, 2019 WL 1756292, at *7.[27]

*First*, a substantial portion of Dr. McGarty's opening report is dedicated to a high-level exposition of broadband Internet and the concept of ISP network management practices. Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 18-27). Dr. McGarty does not provide an opinion with respect to either of these topics, however. Rather, this proposed testimony appears to be that of an expert who intends to explain concepts that the propounding party believes to be "beyond the ken" of the jury. *See* Advisory Committee Note to Fed. R. Evid. 702 (2000) (an expert may "educate the fact finder about general principles, without ever attempting to apply these principles to the specific facts of the case."). However, as outlined below, fact witnesses can provide the relevant testimony, rendering this generalized and non-specialized testimony, about which he has no first-hand knowledge, at best cumulative and at worst irrelevant.[28] But in either case, it is inadmissible.

- Dr. McGarty explains how data is transferred over the Internet. Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 18, 22-23). This information is relevant only to the extent

---

[27] *See also Scentsational Techs., LLC*, 2018 WL 1889763, at *4; *In re M/V MSC FLAMINIA*, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *4; *Luitpold Pharms., Inc.*, 2015 WL 5459662, at *3.

[28] Cumulative expert testimony, even if deemed proper and relevant, can be excluded pursuant to Federal Rule of Evidence 403. Fed. R. Evid. 403 (allowing the exclusion of "needlessly cumulative evidence"); *see also Bay Country Consumer Fin., Inc. v. Fid. Sec. Life Ins. Co.*, 311 F. App'x 580, 581–82 (4th Cir. 2008) (affirming trial court's decision to exclude expert because the proffered opinion was cumulative of other experts' offered opinions); *United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 324 (4th Cir. 1982) (affirming trial court's decision to exclude expert because it was cumulative of testimony provided by fact witnesses).

it relates to how the works at issue were or were not transferred by Cox's subscribers during the Claim Period, as alleged by Plaintiffs. The parties each have an expert (Cox's Dr. Feamster of Princeton University and Plaintiffs' Ms. Frederickson-Cross) who have put forward specific and detailed opinions with respect to this. Thus, to the extent Dr. McGarty's proposed testimony is relevant, it would be cumulative of the testimony of Plaintiffs' other expert.

- Dr. McGarty also outlines Cox's various Internet service tiers. *Id.*, ¶ 19. But this also is irrelevant to any of his opinions. Moreover, this is information that is cumulative of what will be provided by fact witnesses; and, in any event, Internet rates and tiers is not a concept "beyond the ken" of the jurors, most of whom probably have such broadband subscriptions.

- Dr. McGarty spends several pages of his opening report describing, in very general terms, what he refers to as "network management practices and procedures." *Id.*, ¶¶ 24-27. This testimony is also superfluous, as Dr. McGarty has no opinion with respect to any of the information he covers. Rather, he attempts only "███████ ████████████████████████████████████████████████████ ███████████████████████" *Id.*, ¶ 24. But the questions of what Cox did, what it is capable of doing, and why are answerable by Cox witnesses.[29] Dr. McGarty's

---

[29] *See Eghnayem.*, 57 F. Supp. 3d at 699 (excluding an expert who purports to opine "on what course of action [the defendant] should have taken … [but] … simply recites what [the defendant] did or did not do") (citing *In re Fosamax Prod. Liab. Litig.*, 645 F. Supp. 2d 164, 192 (S.D.N.Y. 2009) (excluding expert whose "report presents a narrative of select … events through the summary or selective quotation from internal Merck documents, regulatory filings, and the deposition testimony of Merck employees … to the extent such evidence is admissible, it should be presented to the jury directly.")).

untethered generalizations are therefore, once again, either cumulative or unnecessary or both.

*Second*, Dr. McGarty states in his report that that Cox's system could have █████ ███████████████████████████████████████████████████████████████████ ██████████" *Id.*, ¶ 30.  In response to Dr. Almeroth's critique of this opinion (Dr. Almeroth opined ████████████████████████████████████), Dr. McGarty stated: "█████████ ████████████████████████████████████████████" Buchanan Decl., Ex. B (McGarty Reply Rpt., ¶ 36) (emphasis added).  Thus, Dr. McGarty does not have an opinion but only a proffered factual observation.  The jury does not need an "expert" to explain "how Cox proceeded" or how Cox could have theoretically proceeded without some testimony as to whether doing so would have been advisable.  Cox could also have resorted to a Magic 8 ball or the study of sacrificial entrails in deciding how to respond to subscribers accused of infringement, but absent some opinion that these would have been sound strategies, that possibility is no more relevant to any issue in this case than is Dr. McGarty's opinion that automatic termination was an option.

To the extent relevant to this case, the steps to Cox's graduated response program, why it made certain changes to it over time, what other options it considered and rejected, how certain changes did or did not increase customer contacts or infringement notices, and anything else related to what Cox did during the Claim Period can be explained by Cox's witnesses or documents in the record.  Dr. McGarty's proposed recitation of Cox's options divorced from any opinion as to what options were advisable adds nothing to the factual record.  Dr. McGarty's backwards-looking, factual recitation of Cox's procedures is not appropriate "expert" testimony and should be excluded.

20

*Third*, as noted above, *see supra* § IV.B, Dr. McGarty makes several observations regarding Cox's response to receiving infringement notices, including that it ███████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████. Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 32-36). To the extent relevant, Dr. McGarty's recitations on these points are again merely *facts* about how Cox's systems and policies worked. At the best, he is simply summarizing evidence that will be introduced in fact witness testimony or demonstrated by documents. Any testimony from Dr. McGarty explaining them is cumulative, unnecessary, and inadmissible.

*Fourth*, also as noted above, Dr. McGarty states that Cox acted differently with respect to ████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████. *See id.*, ¶¶ 40-45. These are yet again factual observations about which Cox's fact witnesses can testify, to the extent relevant.

*Fifth*, as described in more detail below, Dr. McGarty's report makes factual statements regarding Cox's ████████████████████████████████████████████████████████ ████████████████████████████████████████████. *Id.*, ¶¶ 46-49. As he acknowledged at his deposition, these statements are untethered to any opinion and, if relevant to anything, can be brought before the jury using fact witnesses and documentary evidence.[30]

The Federal Rules do not permit a party to use an expert witness to construct a factual narrative of its case in this manner, whether in lieu of or in addition to the fact witnesses and record evidence properly brought forth to establish facts. To the extent Dr. McGarty's testimony consists of pure factual exposition, it should be excluded.

---

[30] Buchanan Decl., Ex. C (McGarty Dep. Tr. 150:3-18, 151:22-152:19).

**E.      Dr. McGarty should be precluded from opining that Cox could have, or should have, utilized deep-packet inspection (*e.g.*, Procera).**

In his opening report, Dr. McGarty "████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████" Buchanan Decl., Ex. A (McGarty Rpt., ¶ 49).  But McGarty's factual recitation

of "available documents and testimony" is unnecessary, as documents and witnesses can provide

this evidence—as he admits.

Moreover, Dr. McGarty's purported opinion that Cox ██████████████████

████████████████████████████████████████████████████████

█████████████████████. Dr. McGarty opined on reply that: "████████████████

████████████████████████████████████████████████████████

██████████████████████████" Buchanan Decl., Ex. B (McGarty

Reply Rpt., ¶ 44).  In his deposition Dr. McGarty went further, ████████████████████

████████████████████████████████████████████████████████

███.[31]

Any testimony from Dr. McGarty paraphrasing record evidence and testimony related to

this issue, and any opinion from him that Cox ████████████████████████████

---

[31] Buchanan Decl., Ex. C (McGarty Dep. Tr. 150:3-18) ("██████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████"); *see also id.* 151:22-152:19 ("████████████████

████████████████████████████████████████████████████████

███████████████████").

████████████████████████████████████████, is both inadmissible as improper expert testimony and (as Dr. McGarty has conceded) irrelevant.  The Court should therefore exclude Dr. McGarty from testifying with respect to these issues.

**F.      Dr. McGarty should be precluded from offering any analyses that utilize information purportedly generated by Rightscorp.**

While Dr. McGarty does question in his reply report whether Dr. Weber performed an appropriate analysis, he did not specifically challenge any of Dr. Weber's numerous detailed calculations regarding the effectiveness of Cox's response to infringement notices and ticket data. Buchanan Decl., Ex. B (McGarty Reply Rpt., ¶¶ 23-24).[32]  Moreover, Dr. McGarty focused much of his response on an inadmissible document purporting to ██████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████████.  *See id.*, ¶¶ 25-26.  Putting aside the admissibility of this document, any testimony based on it is improper and should be excluded for the following reasons.[33]

As a preliminary matter, Dr. McGarty rejects ████████████████████████████████ ████████████████.  *Id.*, ¶¶ 9-26; *see also* Buchanan Decl., Ex. C (McGarty Dep. Tr. 125:20-127:3).  And for this reason he does not do one himself.  Accordingly, the most he can say with respect to ██████████████████████████████████████████.  Buchanan Decl., Ex. B (McGarty Reply Rpt., ¶¶ 25-26).  That is true.  But Dr. McGarty offers no *opinion*

---

[32] He also agreed ████████████████████████████████████████████████. Buchanan Decl., Ex. C (McGarty Dep. Tr. 198:11-199:2).

[33] Cox has objected to this admissibility of this document.  *See* ECF No. 282.  Cox additionally intends to move *in limine* to preclude the admission of this document and any testimony related to it.

about how ███████████████████████████████████████████████████

████████████████████████████████.

Moreover, because Dr. McGarty has no opinion about the meaning of the Rightscorp data,

any testimony from him regarding this data is unnecessary.  And even if this Rightscorp data were

admissible (which it is not), Plaintiffs could attempt to cross-examine Dr. Weber about it.

Accordingly, the Court should exclude Dr. McGarty from rebutting (or putting forward in

Plaintiffs' case in chief) any analyses regarding the effectiveness of Cox's system (an opinion he

does not purport to have) that relies on this Rightscorp data.

## V.      CONCLUSION

Based on the foregoing, Cox respectfully requests the Court exclude, in their entirety and

for any purpose, the opinions and testimony of Dr. McGarty because his opinions are not relevant

to any issue in this case and are not otherwise proper expert testimony and thus would be highly

misleading and confusing to the jury.


Dated: August 30, 2019

> Respectfully submitted,
>
> /s/ Thomas M. Buchanan
> Thomas M. Buchanan (VSB No. 21530)
> WINSTON & STRAWN LLP
> 1700 K Street, NW
> Washington, DC 20006-3817
> Tel: (202) 282-5787
> Fax: (202) 282-5100
> Email: tbuchana@winston.com
>
> *Attorney for Cox Communications, Inc.*
> *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice* pending)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750
Email:  dhleiden@winston.com

**CERTIFICATE OF SERVICE**

I certify that on August 30, 2019, a copy of the foregoing COX'S MEMORANDUM OF

LAW IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF PUTATIVE

EXPERT DR. TERRENCE P. McGARTY was filed electronically with the Clerk of Court using

the ECF system, which will send notifications to ECF participants.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*