# Exhibit F

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---------------------------------:
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
            Plaintiffs,          :
                                 : Case No. 1:14-cv-1611
     vs.                         :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
            Defendants.          :
---------------------------------:


HEARING ON MOTIONS

November 20, 2015

Before:  Liam O'Grady, USDC Judge



APPEARANCES:

Walter D. Kelley, Jr., John M. Caracappa, Jeremy D. Engle,
Jeffrey M. Theodore, William G. Pecau, and Michael J. Allan,
Counsel for the Plaintiffs

Andrew P. Bridges, Brian D. Buckley, Jed Wakefield, and
Craig C. Reilly, Counsel for the Defendants



Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626

Case 1:18-cv-00950-PTG-JFA Document 304-7 Filed 08/30/19 Page 3 of 6 PageID# 9626
Case 1:14-cv-01611-LO-JFA Document 676 Filed 11/23/15 Page 30 of 113 PageID# 17888

30

1 calculating.  He should be trying to figure out that it doesn't
2 displace physical sales.  How many physical sales does it
3 display?  How many digital downloads?  How many streams?
4 That's what the research should be directed at.  He's just
5 assuming those numbers.  And as a result, he is assuming his
6 conclusion.
7           THE COURT:  Okay.  All right.  Thank you.
8           MR. BUCKLEY:  Your Honor, can I make one very brief
9 point?
10          THE COURT:  Yes, very briefly.
11          MR. BUCKLEY:  Mr. Theodore said that the jury is
12 supposed to take Dr. Lehr's number, top end number and multiply
13 it by Mr. Bardwell's data.  That's exactly what Sullivan did.
14 And for whatever reason, they didn't have their own expert do
15 that.
16          Your Honor, would you like me to address Dr. McGarty
17 briefly because it came up in Mr. Theodore's argument.  I'm
18 happy to handle that now.  Or do you want to wait?
19          THE COURT:  Let's just keep rolling.  Go ahead.
20          MR. BUCKLEY:  So we moved to exclude Dr. McGarty's
21 testimony.  He is basically -- so he has no direct information
22 about Cox.  He doesn't really know how Cox's systems operate.
23 He is essentially opining on the reasonableness of our repeat
24 infringer termination policy.
25          So based on your ruling last night and your comments

Case 1:18-cv-00950-PTG-JFA Document 304-7 Filed 08/30/19 Page 4 of 6 PageID# 9627
Case 1:14-cv-01611-LO-JFA Document 676 Filed 11/23/15 Page 31 of 113 PageID# 17889

31

1    today, I think he's out.

2            THE COURT:  Okay.

3            MR. BUCKLEY:  Thank you, Your Honor.

4            MR. ENGLE:  Your Honor, if I could just address Dr.
5    McGarty.

6            THE COURT:  Yes.

7            MR. ENGLE:  Your Honor, he didn't opine about whether
8    Cox met the safe harbor.  We listed in our reply brief a list
9    of opinions that Dr. McGarty gave.  And those -- and intends to
10   give.  And those aren't related to the DMCA safe harbor.  I
11   mean, he is an industry expert.  He didn't read the DMCA, they
12   pointed that out in their briefs.  He didn't opine on what
13   reasonableness is.  He didn't opine that they met the safe
14   harbor.

15           THE COURT:  What do you want him to testify about?

16           MR. ENGLE:  So he is going to testify that Cox
17   provides its subscribers the means by which to use BitTorrent.
18   That Cox routinely monitors and controls its subscribers'
19   access to the Internet services.  That Cox treats copyright
20   infringement abuse violations differently than they treat other
21   abuse violations, such as spam violations.

22           THE COURT:  Well, why is that relevant anymore?

23           MR. ENGLE:  Again, this goes to willfulness, and to
24   the degree that Cox was benefiting from this infringement on
25   their network.

Case 1:18-cv-00950-PTG-JFA Document 304-7 Filed 08/30/19 Page 5 of 6 PageID# 9628
Case 1:14-cv-01611-LO-JFA Document 676 Filed 11/23/15 Page 32 of 113 PageID# 17890

32

1       He makes other opinions about the operation and
2  logistical reasons, including that Cox had no operation or
3  logistical reason to reject the notices from Rightscorp. And
4  that's certainly relevant. I mean, they're trying to argue
5  that we couldn't take these notices from Rightscorp. And based
6  on his experience in the ISP industry, he set up systems
7  whether it's customer service or something else, they have ways
8  to address those.
9       And one of the major arguments they make against Dr.
10 McGarty is they say, you know, look, he didn't review the CATS
11 source code line by line. And let me just grab a document.
12      They say he didn't review the source code line by
13 line, and that means he knows absolutely nothing about CATS.
14 Well, no, he didn't review it line by line. He is not a coder,
15 he doesn't purport to be. He is approaching this as a chief
16 operating officer of an ISP.
17      And what he did look at was all the deposition
18 testimony about CATS, dozens of documents about CATS. And he
19 looked at this, it is a 171-page manual called the CATS Abuse
20 Automation System Implementation Plan. And this tells you how
21 CATS operates. It tells you how the code works. It tells you
22 how CATS was set up. It tells about its capabilities. And he
23 became very familiar with this.
24      So it's just not true that his opinions don't fit the
25 case.

33

1       THE COURT: Okay. Thank you.
2       MR. BUCKLEY: Your Honor, just briefly.
3       THE COURT: Please.
4       MR. BUCKLEY: Every point Mr. Engle just mentioned is a question they can ask a Cox witness, and they can argue whatever they want from that in their closing.
7       Putting Dr. McGarty up because, again, he is well-credentialed, he's an impressive guy, just to be a mouthpiece for their factual arguments, which is what every one of those was, is improper. That's exactly what Daubert says, you don't get to bring an expert in just to sound smart and convince the jury that he is right.
13      So they are certainly free to ask Cox about all of the operational issues he just brought up and his conclusion that there was no logistical reason to reject Rightscorp's notices. We've said all along we could have taken those notices in, we just chose not to because they were extortionate. So Mr. McGarty adds nothing to that analysis.
19      THE COURT: Okay. All right, I will look at it.
20      Joe, let's get our people back together and give them a copy of this note. Okay.
22      All right. Where are we going now?
23      MR. KELLEY: Well, we have got three more Daubert motions. All of which were filed by Cox.
25      THE COURT: Yes.