# Exhibit G

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

## PLAINTIFFS' RESPONSES TO DEFENDANTS'
## SECOND SET OF REQUESTS FOR ADMISSION

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Local Civil Rule 26(C), Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, and Zomba Recordings LLC (the "Sony Music Plaintiffs");  Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., and Stone Diamond Music Corp. (the "SATV-EMI Plaintiffs"); Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Roadrunner Records, Inc., and Warner Records Inc. (f/k/a Warner Bros. Records Inc.) (the "Warner Music Plaintiffs"); Warner Chappell Music, Inc. (f/k/a Warner/Chappell Music, Inc.), Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., and Intersong U.S.A., Inc. (the "Warner-Chappell Plaintiffs"); UMG Recordings, Inc. and Capitol Records, LLC (the "UMG Plaintiffs"), Universal Music Corp.,

Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., and Songs of Universal, Inc. (the "UPMG Plaintiffs," and collectively with all of the foregoing, "Plaintiffs"), by and through their attorneys, hereby submit their responses to the Second Requests for Admissions ("Requests" or "RFAs") that Defendants Cox Communications, Inc. and CoxComm, LLC. (collectively, "Cox" or "Defendants") served upon Plaintiffs.

## **GENERAL OBJECTIONS**

Each of Plaintiffs' responses is subject to, and incorporates, the following general objections.

1.     Plaintiffs will make reasonable efforts to respond to Defendants' Requests to the extent that no objection is made and as Plaintiffs understand and interpret each request.  If Defendants subsequently assert any interpretation of any request that differs from Plaintiffs' interpretation, Plaintiffs reserve the right to supplement and amend their objections and responses. All objections and responses are based on information presently known to Plaintiffs after reasonable investigation.  Plaintiffs' objections and responses as set forth herein are made without prejudice to Plaintiffs' right to assert any different, additional, or supplemental objections and responses as additional information becomes known to Plaintiffs.

2.     Plaintiffs object to any definition, instruction, or request to the extent it is overbroad or unduly burdensome, or purports to impose upon Plaintiffs any duty or obligation that is inconsistent with or in excess of the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or any other applicable rule.

2

3.      Plaintiffs object to any request to the extent it would impose a duty on Plaintiffs to undertake a search for information for which Defendants are equally able to search.  In particular, Plaintiffs object to each request to the extent it seeks information that is publicly available to Defendants, or information that is more accessible to Defendants than Plaintiffs.

4.      Plaintiffs object to any request that seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.  The inadvertent disclosure by Plaintiffs of such privileged or protected information shall not constitute a waiver by Plaintiffs of any applicable privilege or immunity.

5.      Plaintiffs object to any request to the extent it seeks confidential information or information that is subject to an obligation of confidentiality to a non-party.  Plaintiffs will provide such information only in accordance with their confidentiality obligations and the Protective Order entered in this case.

6.      Plaintiffs object to any request to the extent it is not limited to the relevant time period or, indeed, any time period, as overly broad, unduly burdensome, and disproportionate to the needs of the case.  Plaintiffs therefore interpret such Requests to include a reasonable time period of January 1, 2012 to December 31, 2014, unless stated otherwise.

7.      In Plaintiffs' responses and objections, the terms "and" and "or" are intended to be construed conjunctively or disjunctively as necessary to make the objections inclusive rather than exclusive.

8.      Nothing contained herein is an admission relative to the existence of any information sought, to the relevance or admissibility of any response, or to the truth or accuracy of any statement or characterization contained in any particular request.

9.      Plaintiffs object to the definition of "Plaintiff(s)," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it purports to require Plaintiffs to collect and provide information relating to undefined "representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies" and "all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing [sic] entities," many of whom or which are outside of Plaintiffs' knowledge, possession, custody, or control.  Plaintiffs further object to the definition as disproportionate to the needs of the case.  By including "all past and present… employees" of every corporate affiliate, parent, and predecessor of each Plaintiff, Cox is seeking information relating to tens of thousands of persons.  Read literally, Cox's definition would encompass former human resources and facilities management employees who have not worked for any Plaintiff in decades.

10.     Plaintiffs object to the definition of "peer-to-peer file sharing sites" as so overly broad as to be meaningless.  For example, despite the words used, Cox's definition does not limit the term to BitTorrent or similar peer-to-peer file-sharing networks, and instead includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."

11.     Plaintiffs object to the definition of "Audible Magic" to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control.   Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case.  For example, by including "all past and present directors, officers, partners, employees…" of Audible Magic, Cox seeks an admission as to an unknown number of persons, all of whom are outside of Plaintiffs' control.  Read literally, Cox's definition

4

would encompass former employees and personnel who have not worked for Audible Magic in a decade.

12.     Plaintiffs object to the definition of "CCI" to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definition as vague and ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case.  For example, by including "past and present employees …" of the CCI, Cox seeks an admission as to an unknown number of persons, all of whom are outside of Plaintiffs' control.  In addition, CCI was dissolved several years ago and therefore, as far as Plaintiffs are aware, has no present employees.

13.     Plaintiffs object to the definition of "RIAA" to the extent it encompasses entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definition as overbroad, unduly burdensome, and disproportionate to the needs of the case.  For example, by including "all past and present employees …" of the RIAA, Cox seeks an admission to an unknown number of persons, all of whom are outside of Plaintiffs' control.  Read literally, Cox's definition would encompass former human resources and facilities management employees who have not worked for the RIAA in decades.

## PLAINTIFFS' RESPONSES TO REQUESTS FOR ADMISSION

**Request No. 20:**

Admit that the only copyrights of which You are asserting infringement in this litigation are listed on either Second Amended Exhibits A or B to Your Second Amended Complaint, true and correct copies of which were filed on the Docket at Nos. 148-1 and 148-2.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the meaning of the phrase "the only copyrights of which You are

asserting infringement in this litigation" is unclear.  In addition, Plaintiffs have not filed a Second Amended Complaint in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that in this case Plaintiffs are asserting claims on the works listed on Second Amended Exhibits A and B to Plaintiffs' First Amended Complaint, true and correct copies of which are filed at ECF Nos. 148-1 and 148-2.  Plaintiffs otherwise deny this RFA, including to the extent that many other of Plaintiffs' copyrighted works have been infringed, beyond those identified in the aforementioned Exhibits.

**Request No. 21:**

Admit that there are non-infringing uses of peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "peer-to-peer file sharing sites" and "non-infringing uses" are vague and ambiguous.  Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.  For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.  Plaintiffs further object to this RFA insofar as

it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA No. 22.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that theoretically peer-to-peer technology can be used for non-infringing purposes, but that it is widely known to be used overwhelmingly for piracy and that there is no evidence in this case of its use for non-infringing purposes.  Plaintiffs otherwise deny this RFA.

**Request No. 22:**

Admit that there are non-infringing uses of the BitTorrent technology.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "BitTorrent technology" and "non-infringing uses" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA No. 21.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that theoretically BitTorrent can be used for non-infringing purposes, but that it is widely known to be used overwhelmingly for piracy and that there is no evidence in this case of its use for non-infringing purposes.  Plaintiffs otherwise deny this RFA.

**Request No. 23:**

Admit that You utilize the Internet to promote the Copyright Works and/or any of your other copyrighted works.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "utilize the Internet" and "promote" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26. For example, this Request is not limited to the copyrighted works at issue in this litigation.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that Plaintiffs generally sell and license legitimate physical and digital copies of their copyrighted works online.  Plaintiffs otherwise deny this RFA.

**Request No. 24:**

Admit that You utilize peer-to-peer file sharing sites to promote the Copyright Works and/or any of your other copyrighted works.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "utilize" and "promote" are undefined, vague, and ambiguous.

8

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26. For example, this Request is not limited to the copyrighted works at issue in this litigation.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 25 and 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 25:**

Admit that You utilize peer-to-peer file sharing sites to promote the artists who created the Copyright Works and/or any of your other copyrighted works.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "utilize," "promote," and "artists who created" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26. For example, this Request is not limited to the copyrighted works at issue in this litigation.

9

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 24 and 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**<u>Request No. 26:</u>**

Admit that You utilize BitTorrent technology to promote the artists who created the Copyright Works and/or any of your other copyrighted works.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "utilize BitTorrent technology," "promote," and "artists who created" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26. For example, this Request is not limited to the copyrighted works at issue in this litigation.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 24 and 25.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**<u>Request No. 27:</u>**

Admit that Cox is an ISP that provides its customers access to the Internet.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "access to the Internet" is undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable

matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

**Request No. 28:**

Admit that the Internet can be used to obtain and/or provide healthcare services.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "can be used" and "obtain and/or provide healthcare services" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 29 and 30-34.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the Internet can be used for many generic purposes, including to obtain and/or provide healthcare services.  Plaintiffs otherwise deny this RFA.

**Request No. 29:**

Admit that the Internet can be used to obtain employment.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "can be used" and "obtain employment" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

11

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 28 and 30-34.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the Internet can be used for many generic purposes, including to seek employment.  Plaintiffs otherwise deny this RFA.

**Request No. 30:**

Admit that the Internet can be used to obtain and/or provide educational services.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "can be used" and "obtain and/or provide educational services" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 28, 29, and 31-34.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the Internet can be used for many generic purposes, including to obtain and/or provide educational services.  Plaintiffs otherwise deny this RFA.

**Request No. 31:**

Admit that the Internet can be used to obtain and/or provide financial services.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "can be used" and "obtain and/or provide financial

12

services" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 28, 29, 30 and 32-34.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the Internet can be used for many generic purposes, including to obtain and/or provide financial services.  Plaintiffs otherwise deny this RFA.

**Request No. 32:**

Admit that the Internet can be used to buy and sell goods and services.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "can be used" and "buy and sell goods and services" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 28, 29-31, 33 and 34.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the Internet can be used for many generic purposes, including to buy and sell goods and

services.  Plaintiffs otherwise deny this RFA.

**Request No. 33:**

Admit that the Internet can be used to obtain and/or provide news and entertainment.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "can be used" and "obtain and/or provide news and entertainment" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 28-32 and 34.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the Internet can be used for many generic purposes, including to obtain and/or provide news and entertainment as well as to legally purchase and listen to Plaintiffs' music.  Plaintiffs otherwise deny this RFA.

**Request No. 34:**

Admit that Internet users can transmit and/or receive private and/or sensitive information over the Internet.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "Internet users," "can transmit and/or receive," and "private and/or sensitive information" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable

14

matters under Federal Rule of Civil Procedure 26, including, but not limited to, RFA Nos. 28 and 29-33.

**Response:   Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that Internet users can use the Internet to transmit and/or receive many different types information.  Plaintiffs otherwise deny this RFA.

**Request No. 35:**

Admit that Cox provides Internet access to businesses.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "provides Internet access" and "businesses" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

**Request No. 36:**

Admit that Cox provides Internet access to local or regional ISPs.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "provides Internet access," "local," and "regional" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.  Plaintiffs also object to this RFA insofar as it asks Plaintiffs to interpret discovery provided by Cox that was not comprehensive.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs are without sufficient information to admit or deny the information in this RFA.

**Request No. 37:**

Admit that Cox provides Internet access to universities.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "provides Internet access" and "universities" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.  Plaintiffs also object to this RFA insofar as it asks Plaintiffs to interpret discovery provided by Cox that was not comprehensive.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs are without sufficient information to admit or deny the information in this RFA.

**Request No. 38:**

Admit Cox provides Internet access to multi-dwelling units, such as apartment buildings or dormitories.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "provides Internet access," "multi-dwelling units," and "dormitories" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

16

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs are without sufficient information to admit or deny the information in this RFA.

**Request No. 39:**

Admit that Cox cannot detect the specific content that its customers access or share on the Internet.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "detect," "specific content," and "access or share" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.  Plaintiffs also object to this RFA insofar as it asks Plaintiffs to interpret discovery provided by Cox that was not comprehensive.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 40:**

Admit that Cox cannot remove third-party material from the Internet unless that material is stored on Cox's own servers.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because it is overly broad, vague, and ambiguous, including because the

17

terms "remove," "third-party material," and "Cox's own servers" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that Cox can and does prevent users of its network from accessing certain websites and material on the Internet.  Plaintiffs otherwise deny this RFA.

**Request No. 41:**

Admit that Cox cannot control what its customers store on their own or others' computers.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "control," "store," and "their own or others' computers" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

**Request No. 42:**

Admit that Cox cannot detect whether it is one of its customers who is accessing the Internet through Cox's network or someone who is not a customer.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "detect," "accessing the Internet," "through Cox's network," and "someone who is not a customer" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 43:**

Admit that Cox cannot detect whether a particular individual is using a particular device to access the Internet through Cox's network.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "detect," "particular individual is using a particular device," "access the Internet," and "through Cox's network" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 44:**

Admit that Cox cannot detect whether someone is accessing Cox's network through a Cox customer's account but without that customer's permission.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "detect," "someone," "accessing Cox's network,"

"through a Cox's customer's account," and "without permission" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied

**Request No. 45:**

Admit that Cox cannot itself detect copyright infringement that may be occurring on its network.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "detect" and "may be occurring on its network" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 46:**

Admit that Cox cannot determine whether a user of its network has permission to possess a music file that is stored on that user's computer.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "determine," "user of its network," "permission,"

"possess," and "stored on that users' computer" are undefined, vague, and ambiguous. The hypothetical does not contain sufficient information regarding the music file or the user to respond appropriately to the RFA.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 47:**

Admit that Cox cannot determine whether a user of its network has permission to transmit a music file from that user's computer.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "determine," "user of its network," "permission," "transmit," and "from that user's computer" are undefined, vague, and ambiguous.  The hypothetical does not contain sufficient information regarding the music file, the user, or the transmission to respond appropriately to the RFA.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

21

**Request No. 48:**

Admit that Cox cannot verify whether the information on a copyright infringement notice is accurate.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "verify" and "information on a copyright infringement notice" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 49:**

Admit that Cox cannot verify whether the sender of a copyright infringement notice actually owns the copyright alleged to have been infringed.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "verify," "sender," and "actually owns the copyright" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 50:**

Admit that Cox cannot verify whether the sender of a copyright infringement notice is authorized to send the notice on behalf of the true owner of the infringed copyright.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "verify," "sender," "authorized," and "the true owner of the infringed copyright" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 51:**

Admit that You are not seeking relief for any claims of copyright infringement of Your Copyright Works and/or any of Your other copyrighted works arising from activities that took place through Cox's network prior to February 1, 2013.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "arising from activities that took place" and "through Cox's network" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it is not limited to the copyrighted works at issue in this litigation and therefore seeks information not relevant to any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that Plaintiffs' First Amended Complaint (ECF No. 130-1) states that "Plaintiffs seek relief for claims of infringement that accrued from February 1, 2013 through November 26, 2014, with respect to works infringed by Cox's subscribers after those particular subscribers were identified to Cox in multiple infringement notices."  Plaintiffs otherwise deny this RFA.

**Request No. 52:**

Admit that You are not seeking relief for any claims of copyright infringement of Your Copyright Works and/or any of Your other copyrighted works arising from activities that took place through Cox's network after November 26, 2014.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "arising from activities that took place" and "through Cox's network" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it is not limited to the copyrighted works at issue in this litigation and therefore seeks information not relevant to any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that Plaintiffs' First Amended Complaint (ECF No. 130-1) states that "Plaintiffs seek relief for claims of infringement that accrued from February 1, 2013 through November 26, 2014, with respect to works infringed by Cox's subscribers after those particular subscribers were identified to Cox in multiple infringement notices."  Plaintiffs otherwise deny this RFA.

**Request No. 53:**

Admit that You, or someone on Your behalf, sent copyright infringement notices to Cox.

24

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the meaning of the term "someone on Your behalf" is unclear.  In addition, the RFA is not limited to the relevant time period.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that RIAA sent copyright infringement notices to Cox on behalf of the Sony Music Plaintiffs, the Warner Music Plaintiffs, and the UMG Plaintiffs.  Plaintiffs otherwise deny this RFA.

<u>**Request No. 54:**</u>

Admit that You are aware of instances in which Cox informed a single sender of copyright infringement notices that represented multiple copyright owners that it would increase the daily limit of copyright infringement notices that it would process from that sender.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "informed," "single sender," "daily limit," and "process" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to any issues in the case, nor proportional to the needs of the case, and therefore exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that, during the relevant time period, the Sony Music Plaintiffs, Warner Music Plaintiffs, and UMG Plaintiffs authorized RIAA to communicate with Cox regarding requests to increase the number of copyright infringement notices Cox would accept from RIAA.  Plaintiffs otherwise deny this RFA, including to the extent that Cox does not "process" every copyright infringement notice sent to Cox.

**Request No. 55:**

Admit that You believe that between 2011 and the present, Your revenue has declined due, in part, to the infringement of Your Copyright Works on peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "believe" and "peer-to-peer file sharing sites" are vague and ambiguous.  Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.  For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA insofar as it is not limited to the relevant time period in this case and therefore seeks information not relevant to any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

**Request No. 56:**

Admit that You did not attempt to calculate any decline in Your revenue caused by the infringement of Your Copyright Works on peer-to-peer file sharing sites between 2011 and the present.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other

26

locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "attempt to calculate" and "any decline in Your revenue" are overly broad, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs object to this RFA insofar as it is not limited to the relevant time period in this case and therefore is not proportional to the needs of the case and exceeds the scope of discoverable matters under Federal Rule of Civil Procedure 26.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 58, 60, and 62.

**Response:** Without waiving the foregoing general and specific objections, denied.

**Request No. 57:**

Admit that You are not aware of any other entity attempting to calculate any decline in Your revenue caused by the infringement of Your Copyright Works on peer-to-peer file sharing sites between 2011 and the present.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other

locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "attempt to calculate," "any decline in Your revenue," and "caused" are overly broad, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs object to this RFA insofar as it is not limited to the relevant time period in this case and therefore seeks information not relevant to any issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 59, 61, and 63.

**Response:** Without waiving the foregoing general and specific objections, denied.

**Request No. 58:**

Admit that You did not attempt to calculate any decline in Your revenue caused by the infringement of Your Copyright Works by Cox's subscribers during the Claim Period.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempt to calculate" and "any decline in Your revenue" are undefined, vague, and ambiguous. In addition, the term "Cox's subscribers" is vague and ambiguous. In other requests, Defendants use the term "user" and "customer" and it is not clear how Defendants differentiate between users, customers, and subscribers, if at all.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 56, 60, and 62.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 59:**

Admit that You are not aware of any other entity attempting to calculate any decline in Your revenue caused by the infringement of Your Copyright Works by Cox's subscribers during the Claim Period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempting to calculate" and "any decline in Your revenue" are undefined, vague, and ambiguous.  In addition, the term "Cox's subscribers" is vague and ambiguous. In other requests, Defendants use the term "user" and "customer" and it is not clear how Defendants differentiate between users, customers, and subscribers, if at all.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 57, 61, and 63.

**Response:**  Without waiving the foregoing general and specific objections, denied.

## Request No. 60:

Admit that You did not attempt to estimate any decline in Your revenue caused by the infringement of Your Copyright Works between 2011 and the present.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempt to estimate" and "any decline in Your revenue" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs object to this RFA insofar as it is not limited to the relevant time period in this case and therefore seeks information not relevant to any issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 56, 58, and 62.

**Response:**  Without waiving the foregoing general and specific objections, denied.

## Request No. 61:

Admit that You are not aware of any other entity attempting to estimate any decline in Your revenue caused by the infringement of Your Copyright Works between 2011 and the present.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempting to estimate" and "any decline in Your revenue" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs object to this RFA insofar as it is not limited to the relevant time period in this case and therefore seeks information not relevant to any issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 57, 59, and 63.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 62:**

Admit that You did not attempt to estimate any decline in Your revenue caused by the infringement of Your Copyright Works by Cox's subscribers during the Claim Period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempt to estimate" and "any decline in Your revenue" are undefined, vague, and ambiguous.  In addition, the term "Cox's subscribers" is vague and ambiguous. In other requests, Defendants use the term "user" and "customer" and it is not clear how Defendants differentiate between users, customers, and subscribers, if at all.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 56, 58, and 60.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 63:**

Admit that You are not aware of any other entity attempting to estimate any decline in Your revenue caused by the infringement of Your Copyright Works by Cox's subscribers during the Claim Period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempting to estimate" and "any decline in Your revenue" are undefined, vague, and ambiguous.  In addition, the term "Cox's subscribers" is vague and ambiguous. In other requests, Defendants use the term "user" and "customer" and it is not clear how Defendants differentiate between users, customers, and subscribers, if at all.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of Defendants' other discovery requests, including, but not limited to, RFA Nos. 57, 59, and 61.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 64:**

Admit that the consumer demand for the compact disc ("CD") format decreased from 1999 to the present.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "consumer demand" and "decreased" are undefined, vague, and ambiguous.  In particular, it is difficult to understand what period of time is being considered and what the measurement of consumer demand is.  Plaintiffs also are not aware what the totality of the consumption of CDs is across different industries and different geographies.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that generally the recorded music industry in the United States sells fewer CDs presently than it did in certain years prior to 1999.  Plaintiffs also admit that the music industry in the United States lost roughly half of its annual revenues between roughly 1999 and 2014 as a result of piracy. Plaintiffs otherwise deny this RFA.

**Request No. 65:**

Admit that this decrease in consumer demand for CD format from 1999 to the present has caused a decline in Your revenue from physical sales.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "this decrease," "consumer demand," and "Your revenue from physical sales" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that generally the recorded music industry in the United States sells fewer CDs presently than it did in certain years prior to 1999 and that has led to less revenues from those absent CD sales. Plaintiffs otherwise deny this RFA.

**Request No. 66:**

Admit that You did not attempt to calculate the amount of any decline in Your revenue from the decrease in consumer demand for the CD format between 2011 and the present.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempt to calculate," "any decline in Your revenue," and "the decrease in consumer demand" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the music industry in the United States lost roughly half of its annual revenues between roughly 1999 and 2014 as a result of piracy.  Plaintiffs otherwise deny this RFA.

**Request No. 67:**

Admit that no other entity attempted to calculate the amount of any decline in Your revenue from the decrease in consumer demand for the CD format between 2011 and the present.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempted to calculate," "any decline in Your revenue," and "the decrease in consumer demand" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the music industry in the United States lost roughly half of its annual revenues between roughly 1999 and 2014 as a result of piracy.  Plaintiffs otherwise deny this RFA.

**Request No. 68:**

Admit that Your revenue from physical sales declined from 1999 to 2015 because, in part, people began to prefer to listen to music in non-physical formats, such with digital downloads or through streaming services.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "Your revenue from physical sales," "people," "began to prefer," and "non-physical formats" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the music industry in the United States lost roughly half of its annual revenues between roughly 1999 and 2014 as a result of piracy.  Plaintiffs otherwise deny this RFA.

**Request No. 69:**

Admit that You never attempted to calculate the number of consumers who stopped consuming Your Copyright Works and/or any of your other copyrighted works in physical formats, such as CDs, and began to consume through digital downloads or streaming.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "attempted to calculate," "stopped consuming," and "began to consume" are undefined, vague, and ambiguous.  Plaintiffs also object to this RFA because it assumes inaccurate facts.  For example, many consumers listen to Plaintiffs' copyrighted works both on physical formats and through digital downloads and streams.  Also, there has been a resurgence of the vinyl format.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the music industry in the United States lost roughly half of its annual revenues between roughly 1999 and 2014 as a result of piracy.  Plaintiffs otherwise deny this RFA.

**Request No. 70:**

Admit that You do not know how much of any decline in Your revenue between 1999 and 2015 is due to changes in popularity of the legitimate formats through which people consumed music, as opposed to from piracy or infringement.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "any decline in Your revenue," "changes in popularity,"

"legitimate formats," "people," "piracy," "infringement," and "consumed music" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that the music industry in the United States lost roughly half of its annual revenues between roughly 1999 and 2014 as a result of piracy. Plaintiffs otherwise deny this RFA.

## Request No. 71:

Admit that between 2010 and 2015, You engaged in anti-piracy or anti-infringement measures.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "engaged in" and "anti-piracy or anti-infringement measures" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:** Without waiving the foregoing general and specific objections, admitted.

## Request No. 72:

Admit that between 2010 and 2015, You engaged in anti-piracy or anti-infringement

measures intended to reduce the infringement of Your Copyright Works and/or any of your other copyrighted works on peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is undefined, vague, and ambiguous.  Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.  For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "engaged in" and "anti-piracy or anti-infringement measures" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

**Request No. 73:**

Admit that You incurred a cost from the anti-piracy or anti-infringement measures in which You engaged between 2010 and 2015.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "incurred a cost" and "anti-piracy or anti-infringement measures" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that, during the relevant time period, Plaintiffs expended resources on anti-piracy efforts.  Plaintiffs otherwise deny this RFA.

**Request No. 74:**

Admit that between 2010 and 2015, Your expenditures on anti-piracy or anti-infringement measures decreased.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "Your expenditures" and "anti-piracy or anti-infringement measures" are undefined, vague, and ambiguous.  In addition, in this context the term "decreased" is also vague and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 75:**

Admit that between 2010 and 2015, Your expenditures on anti-piracy or anti-infringement measures intended to reduce the infringement of Your Copyright Works and/or any of your other copyrighted works on peer-to-peer file sharing sites decreased.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is undefined, vague, and ambiguous.  Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.  For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "Your expenditures" and "anti-piracy or anti-infringement measures" are undefined, vague, and ambiguous.  In addition, in this context the term "decreased" is also vague and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 76:**

Admit that between 2010 and 2015, the RIAA engaged in anti-piracy measures on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "engaged in" and "anti-piracy measures" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

### Request No. 77:

Admit that the RIAA incurred a cost from the anti-piracy or anti-infringement measures in which it engaged between 2010 and 2015 on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "incurred a cost," "anti-piracy or anti-infringement measures," and "engaged" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

41

**Request No. 78:**

Admit that the RIAA's budget relating to anti-piracy measures is wholly funded by its members, including You.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the RIAA's budget," "anti-piracy measures," "wholly funded," and "members" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that RIAA's budget relating to anti-piracy measures is wholly funded by its members, including the Sony Music Plaintiffs, Warner Music Plaintiffs, and UMG Plaintiffs.

**Request No. 79:**

Admit that the RIAA does not engage in anti-piracy or anti-infringement measures on its own behalf, but on behalf of its members and/or other content owners.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "engage," "anti-piracy or anti-infringement measures," and "members and/or other content owners" are undefined, vague, and ambiguous.  Plaintiffs also object to this RFA as asking for information not within the possession, custody, or control of Plaintiffs.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 80:**

Admit that between 2010 and 2015, the RIAA's expenditures on anti-piracy measures decreased.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the RIAA's expenditures" and "anti-piracy measures" are undefined, vague, and ambiguous.  In addition, in this context the term "decreased" is also vague and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 81:**

Admit that between 2010 and 2015, the RIAA's expenditures on anti-piracy measures

43

intended to reduce the infringement of Your Copyright Works and/or any of your other copyrighted works on peer-to-peer file sharing sites decreased.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "the RIAA's expenditures" and "anti-piracy measures" are undefined, vague, and ambiguous. In addition, in this context the term "decreased" is also vague and ambiguous. Plaintiffs further object to this RFA to the extent it seeks information not within Plaintiffs' possession, custody, or control.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:** Without waiving the foregoing general and specific objections, denied.

## Request No. 82:

Admit that the RIAA engaged MarkMonitor (formerly DtecNet, Inc.) in or around December 20, 2011, on Your behalf, to send copyright infringement notices to ISPs, including to Cox.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "engaged MarkMonitor" and "on Your behalf" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that RIAA was authorized by the Sony Music Plaintiffs, Warner Music Plaintiffs, and UMG Plaintiffs to conduct certain anti-piracy activities.  Plaintiffs also admit that RIAA contracted with MarkMonitor (formerly known as DtecNet, Inc.) to monitor online infringement of certain of such Plaintiffs' copyrighted works and send infringement notices to ISPs such as Cox.  Plaintiffs otherwise deny this RFA.

## Request No. 83:

Admit that a true and correct copy of the RIAA's agreement on Your behalf with MarkMonitor was produced in this case at RIAA_00000003-16.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the RIAA's agreement with MarkMonitor" and "on Your behalf" are undefined, vague, and ambiguous.   Plaintiffs object that the referenced document is incomplete as it does not include the Statements of Work.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the document produced with Bates number RIAA_00000003-16 is a true and correct copy of an agreement between DtecNet, Inc. and RIAA.  Plaintiffs otherwise deny this RFA.

**Request No. 84:**

Admit that when the RIAA engaged MarkMonitor on Your behalf in or around December 20, 2011, You anticipated, at that point in time, filing a lawsuit for copyright infringement against Cox and/or other ISPs that received notices pursuant to that agreement.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "engaged Mark Monitor on Your behalf," "anticipated," and "point in time" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA as overly broad and unduly burdensome because it seeks information not relevant or important to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 85:**

Admit that the RIAA's agreement with MarkMonitor on Your behalf, dated December 20, 2011, covers both MarkMonitor's services related to sending notices to CAS-participating ISPs and non-CAS-participating ISPs.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the RIAA's agreement with MarkMonitor on Your behalf," "covers," "MarkMonitor's services," "CAS-participating ISPs," and "non-CAS-participating ISPs" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA as overly broad and unduly burdensome because it seeks information not relevant or important to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the document produced with Bates number RIAA_00000003-16 is a true and correct copy of an agreement between DtecNet, Inc. and the RIAA, though it does not include the related Statements of Work.  Plaintiffs otherwise deny this RFA.

**Request No. 86:**

Admit that MarkMonitor never informed You of any instances of a Cox subscriber uploading files to peer-to-peer file sharing sites that contain Your Copyright Works and/or any of your other copyrighted works other than the copyright infringement notices that it generated and the RIAA sent to Cox on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.

For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "informed You," "Cox subscriber," "uploading," "contain," and "other than the copyright infringement notices …" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:** Without waiving the foregoing general and specific objections, denied.

## Request No. 87:

Admit that the RIAA never informed You of any instances of a Cox subscriber uploading files on peer-to-peer file sharing sites that contain Your Copyright Works and/or any of your other copyrighted works other than the copyright infringement notices that MarkMonitor generated and the RIAA sent to Cox on Your behalf.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "informed You," "Cox subscriber," "uploading," "contain," and "other than the copyright infringement notices …" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs further object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Plaintiffs refuse to respond to this RFA on the basis that it would require disclosure of privileged communications.  Plaintiffs otherwise deny this RFA.

## Request No. 88:

Admit that You never informed Cox of instances of infringement of Your Copyright Works and/or any of Your other copyrighted works on Cox's network other than through the copyright infringement notices that the RIAA sent to Cox on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "informed," "instances of infringement," and "on Your behalf" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

## Request No. 89:

Admit that You never asked the RIAA to inform Cox of instances of infringement of Your Copyright Works and/or any of Your other copyrighted works on Cox's behalf other than through the copyright infringement notices that the RIAA sent to Cox on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "informed," "instances of infringement," and "on Your behalf" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs further object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Plaintiffs refuse to respond to this RFA on the basis that it would require disclosure of privileged communications and because it is so vague, ambiguous, and confusing that Plaintiffs lack sufficient information to admit or deny it.

**<u>Request No. 90:</u>**

Admit that You do not believe that a subscriber of an ISP should have Internet service terminated after that subscriber receives one copyright infringement notice within a 12-month period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "believe," "subscriber," and "receives" is undefined, vague, and ambiguous.  Plaintiffs also object to the notion that a subscriber receives a copyright infringement notice.  RIAA sent notices to Cox, not to Cox's subscribers.  Plaintiffs also object to this RFA on the grounds that it is based on a hypothetical.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that they believe that when an ISP is put on notice that one of its subscribers is infringing one or more of Plaintiffs' copyrights, the ISP has an obligation to stop contributing to and profiting from such infringement that it has the right and ability to control.  Plaintiffs otherwise deny this RFA.

**Request No. 91:**

Admit that You do not believe that a subscriber of an ISP should have Internet service terminated after that subscriber receives two copyright infringement notices within a 12-month period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "believe," "subscriber," and "receives" is undefined, vague, and ambiguous.  Plaintiffs also object to the notion that a subscriber receives a copyright infringement notice.  RIAA sent notices to Cox, not to Cox's subscribers. Plaintiffs also object to this RFA on the grounds that it is based on a hypothetical.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that they believe that when an ISP is put on notice that one of its subscribers is infringing one or more of Plaintiffs' copyrights, the ISP has an obligation to stop contributing to and profiting from such infringement that it has the right and ability to control.  Plaintiffs otherwise deny this RFA.

**Request No. 92:**

Admit that You do not believe that a subscriber of an ISP should have Internet service terminated after that subscriber receives three copyright infringement notices within a 12-month period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "believe," "subscriber," and "receives" is undefined, vague, and ambiguous.  Plaintiffs also object to the notion that a subscriber receives a copyright infringement notice.  RIAA sent notices to Cox, not to Cox's subscribers. Plaintiffs also object to this RFA on the grounds that it is based on a hypothetical.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that they believe that when an ISP is put on notice that one of its subscribers is infringing one or more of Plaintiffs' copyrights, the ISP has an obligation to stop contributing to and profiting from such infringement that it has the right and ability to control.  Plaintiffs otherwise deny this RFA.

<u>**Request No. 93:**</u>

Admit that You do not believe that a subscriber of an ISP should have Internet service terminated after that subscriber receives four copyright infringement notices within a 12-month period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "believe," "subscriber," and "receives" is undefined, vague, and ambiguous.  Plaintiffs also object to the notion that a subscriber receives a copyright infringement notice.  RIAA sent notices to Cox, not to Cox's subscribers. Plaintiffs also object to this RFA on the grounds that it is based on a hypothetical.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that they believe that when an ISP is put on notice that one of its subscribers is infringing one or more of Plaintiffs' copyrights, the ISP has an obligation to stop contributing to and profiting from such infringement that it has the right and ability to control. Plaintiffs otherwise deny this RFA.

**Request No. 94:**

Admit that You do not believe that a subscriber of an ISP should have Internet service terminated after that subscriber receives five copyright infringement notices within a 12-month period.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "believe," "subscriber," and "receives" is undefined, vague, and ambiguous. Plaintiffs also object to the notion that a subscriber receives a copyright infringement notice. RIAA sent notices to Cox, not to Cox's subscribers. Plaintiffs also object to this RFA on the grounds that it is based on a hypothetical.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that they believe that when an ISP is put on notice that one of its subscribers is infringing one or more of Plaintiffs' copyrights, the ISP has an obligation to stop contributing to and profiting from such infringement that it has the right and ability to control. Plaintiffs otherwise deny this RFA.

**Request No. 95:**

Admit that You do not believe that a subscriber of an ISP should have Internet service terminated after that subscriber receives six copyright infringement notices within a 12-month period.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "believe," "subscriber," and "receives" is undefined, vague, and ambiguous.  Plaintiffs also object to the notion that a subscriber receives a copyright infringement notice.  RIAA sent notices to Cox, not to Cox's subscribers. Plaintiffs also object to this RFA on the grounds that it is based on a hypothetical.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that they believe that when an ISP is put on notice that one of its subscribers is infringing one or more of Plaintiffs' copyrights, the ISP has an obligation to stop contributing to and profiting from such infringement that it has the right and ability to control.  Plaintiffs otherwise deny this RFA.

**Request No. 96:**

Admit that the MarkMonitor program that sent notices to Cox between 2012 and 2015 did not distinguish between Cox's customers that were educational institutions, medical care facilities, multi-dwelling units, or other non-residential entities.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the MarkMonitor program that sent notices" "distinguish," "educational institutions," "medical care facilities," "multi-dwelling units," and "other non-residential entities" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the copyright infringement notices sent to Cox by RIAA referenced an IP address that was

assigned to Cox, as well as a time and date.  Plaintiffs also admit that only Cox knows which subscribers correspond to which IP addresses and any publicly available information on that is made available by Cox.  Plaintiffs otherwise deny this RFA.

**Request No. 97:**

Admit that the RIAA engaged MarkMonitor, on Your behalf, to send notices to universities.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "engaged," "on Your behalf," and "notices" are undefined, vague, and ambiguous.  Plaintiffs also object to this RFA to the extent that it presumes that MarkMonitor, not RIAA, was sending notices.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that RIAA engaged MarkMonitor to generate infringement notices for RIAA to send to universities.  Plaintiffs otherwise deny this RFA.

**Request No. 98:**

Admit that a true and correct copy of the RIAA's agreement on Your behalf with MarkMonitor to send copyright infringement notices to universities was produced in this case at MM000120-121.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the RIAA's agreement on Your behalf with MarkMonitor" is undefined, vague, and ambiguous.

55

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that the document produced by MarkMonitor with Bates number MM000120-121 is a true and correct copy of a Statement of Work executed by RIAA and DtecNet, Inc. on February 15, 2012. Plaintiffs otherwise deny this RFA.

**Request No. 99:**

Admit that MarkMonitor did not send notices to Cox pursuant to its agreement with the RIAA to send notices to universities.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "notices" and "agreement with the RIAA to send notices to universities" are undefined, vague, and ambiguous. Plaintiffs also object to this RFA to the extent that it presumes that MarkMonitor, not RIAA, was sending notices.

Plaintiffs object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:** Without waiving the foregoing general and specific objections, denied.

**Request No. 100:**

Admit that You did not expect universities that received copyright infringement notices related to actions by individual users of the university's network to terminate the provision of

Internet to all users of the university's network.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is nonsensical.  Just by way of example, the terms "expect," "actions," "individual users," and "provision of Internet" are undefined, vague, and ambiguous.  Plaintiffs also object to this RFA because it is based on a hypothetical.

 Plaintiffs object to this RFA as overly broad and unduly burdensome in that it seeks information completely untethered from the facts of this case, which are not remotely relevant to resolving any of the issues in the case because it is not tied to any particular copyright holder, notice program, or the works in suit.

Plaintiffs further object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs refuse to respond to this RFA on the basis that it would require disclosure of privileged information. Plaintiffs otherwise deny this RFA.

**Request No. 101:**

Admit that Cox was an ISP that agreed to accept copyright infringement notices from You between 2008 and 2015.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "agreed to accept copyright infringement notices" is undefined, vague, and ambiguous.

Plaintiffs further object to this RFA's false predicate that any person or entity other than Cox determined whether Cox would "accept" copyright infringement notices from the RIAA or Plaintiffs.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that between 2008 and 2015, Cox received copyright infringement notices sent by RIAA on behalf of the Sony Music Plaintiffs, Warner Music Plaintiffs, and UMG Plaintiffs.  Plaintiffs otherwise deny this RFA.

**Request No. 102:**

Admit that You never asked Cox to increase the number of notices that it would accept from the RIAA on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "notices," "accept from the RIAA," and "on Your behalf" are undefined, vague, and ambiguous.

Plaintiffs further object to this RFA's false predicate that any person or entity other than Cox determined whether Cox would "accept" copyright infringement notices from the RIAA or Plaintiffs.

**Response:**   Plaintiffs admit that RIAA repeatedly sought to increase the number of infringement notices that Cox would accept from it.  Plaintiffs otherwise deny this RFA.

**Request No. 103:**

Admit that You never asked MarkMonitor to ask Cox to increase the number of notices that it would accept from the RIAA on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "notices," "accept from the RIAA," and "on Your behalf"

are undefined, vague, and ambiguous.

Plaintiffs further object to this RFA's false predicate that any person or entity other than Cox determined whether Cox would "accept" copyright infringement notices from the RIAA or Plaintiffs.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

## Request No. 104:

Admit that You never asked the RIAA to ask Cox to increase the number of notices that it would accept from the RIAA on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "notices," "accept from the RIAA," and "on Your behalf" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA's false predicate that any person or entity other than Cox determined whether Cox would "accept" copyright infringement notices from the RIAA or Plaintiffs.

Plaintiffs further object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Plaintiffs refuse to respond to this RFA on the basis that it would require disclosure of privileged communications.  Plaintiffs otherwise deny this RFA.

## Request No. 105:

Admit that after Cox agreed to accept and process up to 600 notices per weekday, in or around April 2013, the RIAA and/or MarkMonitor failed to send up to 600 notices per weekday to Cox on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "agreed to accept," "process," "per weekday," and "failed to send up to 600 notices" are undefined, vague, and ambiguous.  Plaintiffs also object on the grounds that the RFA is vague and ambiguous as to time.

 Plaintiffs further object to this RFA's false predicates that any person or entity other than Cox determined whether Cox would "accept" copyright infringement notices from the RIAA or Plaintiffs, or that Cox "agreed to accept" (or would accept) up to 600 notices per weekday.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 106:**

Admit that between April 1, 2013 and March 31, 2015, the RIAA only sent 600 or more notices per weekday on Your behalf on six days.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "notices per weekday" and "on six days" are undefined, vague, and ambiguous.

 Plaintiffs further object to this RFA insofar as it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 107:**

Admit that after April 18, 2013, the RIAA did not again request that Cox increase the number of copyright infringement notices it would accept and process from the RIAA on Your behalf.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "request," "accept and process," and "on Your behalf"

are undefined, vague, and ambiguous.

Plaintiffs further object to this RFA's false predicate that any person or entity other than Cox determined whether Cox would "accept and process" copyright infringement notices from the RIAA or Plaintiffs.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that after repeatedly being told by Cox that it would only accept a limited number of notices, and conditionally indicating on April 18, 2013 that it would accept 600 notices per weekday, RIAA did not again seek to increase the cap.  Plaintiffs otherwise deny this RFA.

**Request No. 108:**

Admit that You executed the CAS MOU, a true and correct copy of which has been produced by Plaintiffs in this case at Plaintiffs_00286200-250.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "executed" is undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that Plaintiffs_00286200-250 is a true and correct copy of the CAS MOU.  Plaintiffs further admit this document was signed by Sony Music Entertainment, UMG Recordings, Inc., Warner Music Group Corp.  Plaintiffs otherwise deny this RFA.

**Request No. 109:**

Admit that You executed five "Implementation Agreements" pursuant to the CAS MOU, true and correct copies of which have been produced by Plaintiffs in this case at Plaintiffs_00286282-310,            Plaintiffs_00286311-343,            Plaintiffs_00286344-373, Plaintiffs_00286374-402, and Plaintiffs_00286403-429.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "executed" and "pursuant to the CAS MOU" are undefined, vague, and ambiguous.

Plaintiffs further object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA as overly broad and unduly burdensome in that it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that     Plaintiffs_00286282-310,        Plaintiffs_00286311-343,        Plaintiffs_00286344-373, Plaintiffs_00286374-402, and Plaintiffs_00286403-429 are true and correct copies of five Implementation Agreements pursuant to the CAS MOU.  Plaintiffs admit that UMG Recordings, Inc., Warner Music Group Corp., and Sony Music Entertainment executed the agreements produced at Plaintiffs_00286282-310, Plaintiffs_00286311-343, Plaintiffs_00286344-373, and Plaintiffs_00286374-402.  Plaintiffs also admit that UMG Recordings, Inc. signed the agreement produced at Plaintiffs_00286403-429.  Plaintiffs otherwise deny this RFA.

**Request No. 110:**

Admit that the RIAA executed the statements of work pursuant to the December 20, 2011 agreement between the RIAA and MarkMonitor on Your behalf, true and correct copies of which have been produced by Plaintiffs in this case at RIAA_00000017-29, RIAA_00000030-44, RIAA_00000001-02, and RIAA_00000045-58.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "executed," "the statements of work," and "on Your behalf" are undefined, vague, and ambiguous.  Plaintiffs also object to this request to the extent it seeks information not within Plaintiffs' custody, possession, or control.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the statements of work produced at RIAA_00000017-29, RIAA_00000030-44, RIAA_00000001-02, and RIAA_00000045-58 bear the signatures of Brad Buckles, EVP of Anti-Piracy at RIAA and Tom Ryden, SVP of Finance from MarkMonitor.  Plaintiffs otherwise deny this RFA.

**Request No. 111:**

Admit that the MarkMonitor system that generated the notices that were sent to Cox used an Audible Magic product.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the MarkMonitor system," "the notices that were sent to

Cox," "used," and "an Audible Magic product" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that MarkMonitor used Audible Magic to confirm the identity of certain copyrighted works. Plaintiffs otherwise deny this RFA.

**Request No. 112:**

Admit that the accuracy or reliability of the Audible Magic product used by the MarkMonitor system that generated the notices that were sent to Cox is integral to the accuracy of the MarkMonitor system.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the MarkMonitor system that generated the notices that were sent to Cox," "the Audible Magic product," "integral," "used," and "accuracy of the MarkMonitor system"are undefined, vague, and ambiguous.

Plaintiffs object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:** Without waiving the foregoing general and specific objections, denied.

**Request No. 113:**

Admit that You never analyzed or assessed the accuracy of the Audible Magic product used by the MarkMonitor system that generated the notices that were sent to Cox.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "analyzed or assessed," "accuracy of the Audible Magic product," and "the MarkMonitor system that generated the notices that were sent to Cox." are undefined, vague, and ambiguous.

Plaintiffs object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 114:**

Admit that You never asked Audible Magic to analyze or assess the accuracy of its product used by the MarkMonitor system that generated the notices that were sent to Cox.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is incomprehensible, and is overly broad, vague, and ambiguous, including because the terms "analyze or assess," "accuracy of its product," and "the MarkMonitor system that generated the notices that were sent to Cox." are undefined, vague, and ambiguous.

Plaintiffs object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 115:**

Admit that You never asked MarkMonitor to analyze or assess the accuracy of the Audible Magic product used by the MarkMonitor system that generated the notices that were sent to Cox.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "analyze or assess," "accuracy of the Audible Magic product," and "the MarkMonitor system that generated the notices that were sent to Cox." are undefined, vague, and ambiguous.

Plaintiffs object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, admitted.

**Request No. 116:**

Admit that You never asked the RIAA to analyze or assess the accuracy of the Audible Magic product used by the MarkMonitor system that generated the notices that were sent to Cox.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "analyze or assess," "accuracy of the Audible Magic product," and "the MarkMonitor system that generated the notices that were sent to Cox." are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Plaintiffs refuse to respond to this RFA on the basis that it would require the disclosure of privileged communications.

## Request No. 117:

Admit that You never asked the CCI to analyze or assess the accuracy of the Audible Magic product used by the MarkMonitor system that generated the notices that were sent to Cox.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "analyze or assess," "accuracy of the Audible Magic product," and "the MarkMonitor system that generated the notices that were sent to Cox" are undefined, vague, and ambiguous.  Plaintiffs also object to this RFA because it is misleading and assumes facts not in evidence.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that CCI had no involvement in or with the MarkMonitor system that generated the notices that were sent to Cox and that Plaintiffs were confident in the accuracy of Audible Magic's

identifications that were used to generate infringement notices to Cox.  Plaintiffs otherwise deny this RFA.

**Request No. 118:**

Admit that between at least 2011 and 2015, MarkMonitor offered the RIAA a service through which it would download an entire copy of an allegedly infringing file from a user of a peer-to-peer file sharing site to verify that the file being uploaded by that user contained Your Copyright Work.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms  "offered the RIAA," "user," "verify," "the file being uploaded," and "contained" are undefined, vague, and ambiguous.  Plaintiffs object to this RFA in that it calls for information not within Plaintiffs' possession, custody, or control.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 119:**

Admit that between at least 2011 and 2015, MarkMonitor offered the RIAA a service through which it would not download an entire copy of an allegedly infringing file from a user of a peer-to-peer file sharing site to verify that the file being uploaded by that user contained Your Copyright Work, but instead would verify the uploaded file contained Your Copyright Work by using a hash matching method.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "offered the RIAA," "user," "verify," "the file being uploaded," "contained," and "hash matching method" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 120:**

Admit that MarkMonitor's service through which it verified that a file contained Your Copyright Work by downloading an entire copy of the file cost more than its service through which it verified a file contained a Copyright Work by using a hash matching method.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "MarkMonitor's service," "verified," "contained Your Copyright Work," and "hash matching method" are undefined, vague, and ambiguous.  Plaintiffs object to this RFA in that it calls for information not within Plaintiffs' possession, custody, or control.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied

**Request No. 121:**

Admit that the RIAA elected, on Your behalf, the method of verification that did not require MarkMonitor to download an entire copy of the an allegedly infringed file.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "elected," "on Your behalf," "method of verification," and "entire copy of the an allegedly infringed file" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**<u>Request No. 122:</u>**

Admit that RIAA elected this method of verification on Your behalf because it cost less than the method through which MarkMonitor downloaded an entire copy.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "elected," "this method of verification," "on Your behalf," and "the method through which MarkMonitor downloaded an entire copy" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

**Request No. 123:**

Admit that You entered into the CAS MOU because You believed that it would help reduce infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is undefined, vague, and ambiguous.  Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.  For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."   In addition, the terms "entered into" and "help reduce infringement" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that Plaintiffs hoped the implementation of the CAS MOU would reduce infringement of Plaintiffs' copyrighted works on peer-to-peer networks, but that did not happen.   Plaintiffs otherwise deny this RFA.

**Request No. 124:**

Admit that You agreed to extend the term of the CAS MOU up and until at least September 9, 2016.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "extend the term" is undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that UMG Recordings, Inc., Warner Music Group Corp., and Sony Music Entertainment agreed to extend the CAS MOU until September 9, 2016.  Plaintiffs otherwise deny this RFA.

**Request No. 125:**

Admit that You agreed to extend the term of the CAS MOU because You believed, in part, that the CAS helped reduce infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is undefined, vague, and ambiguous.  Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.  For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps,

software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "You believed" and "helped reduce infringement" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs further object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the Sony Music, UMG, and Warner Music Plaintiffs hoped the implementation of the CAS MOU would reduce infringement of Plaintiffs' copyrighted works on peer-to-peer networks, but that did not happen.  Plaintiffs otherwise deny this RFA.

**<u>Request No. 126:</u>**

Admit that true and correct copies of Your agreements to amend terms of the CAS MOU were produced in this case at Plaintiffs_00286251-267, Plaintiffs_00286182-195, Plaintiffs_00286196-199, Plaintiffs_00286268-271, Plaintiffs_00286174-177, Plaintiffs_00286279, Plaintiffs_00286275-278, and Plaintiffs_00286178-181.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "Your agreements to amend" and "terms of the CAS MOU" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the documents produced at Plaintiffs_00286251-267, Plaintiffs_00286182-195, Plaintiffs_00286196-199, Plaintiffs_00286268-271, Plaintiffs_00286174-177, Plaintiffs_00286279, Plaintiffs_00286275-278, and Plaintiffs_00286178-181 are true and correct copies of unexecuted amendments to the CAS MOU.  Plaintiffs otherwise deny this RFA.

**Request No. 127:**

Admit that You viewed the CAS as a positive development in Your efforts to reduce the infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "viewed" and "positive development" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and

therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs further object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that the Sony Music, UMG, and Warner Music Plaintiffs hoped the implementation of the CAS MOU would reduce infringement of Plaintiffs' copyrighted works on peer-to-peer networks, but that did not happen.  Plaintiffs otherwise deny this RFA.

**Request No. 128:**

Admit that the CAS resulted in a reduction of infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is undefined, vague, and ambiguous.  Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.  For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the term "reduction of infringement" is undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

## Request No. 129:

Admit that You believe that educating Internet users who receive copyright infringement notices that their actions constitute infringement can be an effective deterrent of future acts of infringement by that user.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "believe," "educating," "Internet users who receive copyright infringement notices," "actions," "effective deterrent," and "future acts of infringement" are undefined, vague, and ambiguous.  Plaintiffs further object to this RFA because it is based on a hypothetical.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that when users are informed that their Internet service may be terminated by their ISP because they are engaged in infringement via peer-to-peer networks, that typically results in reduced infringement and increased legal sales.  Plaintiffs further admit that education, if done correctly and as part of a larger program that includes real consequences for engaging in infringement and legitimate alternative ways to consume music, may reduce infringement via peer-to-peer networks. Plaintiffs otherwise deny this RFA, including to the extent that Plaintiffs cannot predict the actions of hypothetical persons.

## Request No. 130:

Admit that You believe that educating Internet users who receive copyright infringement notices that there are other, legitimate sources for music can be an effective deterrent of future acts

of infringement by that user.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "believe," "educating," "Internet users who receive copyright infringement notices," "other, legitimate sources for music" "effective deterrent," and "future acts of infringement" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that when users are informed that their Internet service may be terminated by their ISP because they are engaged in infringement via peer-to-peer networks, that typically results in reduced infringement and increased legal sales.  Plaintiffs further admit that education, if done correctly and as part of a larger program that includes real consequences for engaging in infringement and legitimate alternative ways to consume music, may reduce infringement via peer-to-peer networks. Plaintiffs otherwise deny this RFA, including to the extent that Plaintiffs cannot predict the actions of hypothetical persons.

**Request No. 131:**

Admit that the act of sending a copyright infringement notice to a user can be an effective deterrent of future acts of infringement by that user.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "the act of sending a copyright infringement notice," "user," "effective deterrent," and "future acts of infringement" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that the act of sending a copyright infringement notice to a user may or may not have some deterrent effect on future acts of infringement by that user depending on that subscriber's specific circumstances.  Plaintiffs otherwise deny this RFA, including to the extent that Plaintiffs cannot predict the actions of hypothetical persons.

## Request No. 132:

Admit that the act of an ISP terminating its subscriber who receives a copyright infringement notice deprives the ISP the opportunity to continue to educate its subscriber about copyright infringement and the existence of other, legitimate sources for music.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "the act of an ISP," "terminating," "subscriber who receives a copyright infringement notice," "deprives," "opportunity to continue to educate its subscriber," and "the existence of other, legitimate sources for music" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, denied.

## Request No. 133:

Admit that the act of an ISP terminating its subscriber after that subscriber receives a copyright infringement notice does not prevent that terminated subscriber from obtaining an account from a different ISP.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the act of an ISP," "terminating," "subscriber," "receives," "prevent," "terminated subscriber," and "obtaining an account" are undefined, vague, and ambiguous.  Plaintiffs also object to this RFA because it is based on a hypothetical.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, a subscriber who is terminated by an ISP for repeatedly engaging in infringement may or may not be able to obtain an account from another ISP depending on that subscriber's specific circumstances. Plaintiffs otherwise deny this RFA.

<u>**Request No. 134:**</u>

Admit that the act of an ISP terminating its subscriber after that subscriber receives a copyright infringement notice does not prevent that terminated subscriber from accessing the Internet through a public Internet network.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the act of an ISP," "terminating," "subscriber," "receives," "prevent," "terminated subscriber," "accessing the Internet," and "a public Internet network" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit that individual Internet users may access the Internet through various public and private networks. Plaintiffs otherwise deny this RFA.

**Request No. 135:**

Admit that the act of an ISP terminating its subscriber after that subscriber receives a copyright infringement notices does not prevent that terminated subscriber from accessing the Internet through other private networks, such as through a neighbor's network, a friend's network, or a school or university network.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "the act of an ISP," "terminating," "subscriber," "receives," "prevent," "terminated subscriber," "accessing the Internet," and "other private networks" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:** Without waiving the foregoing general and specific objections, Plaintiffs admit that individual Internet users may access the Internet through various public and private networks. Plaintiffs otherwise deny this RFA.

**Request No. 136:**

Admit that You sued, or threatened suit against, individual Internet users for those users' acts of infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software,

hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "threatened suit against," "individual Internet users," "those users' acts of infringement" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs further object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Without waiving the foregoing general and specific objections, Plaintiffs admit to having enforced their rights against many types of infringers, both through litigation and non-litigation enforcement.  Plaintiffs have enforced their rights against large-scale distributors on peer-to-peer networks, among other types of infringers.  Notwithstanding Cox's opposition to such enforcement, Plaintiffs prevailed legally in all such efforts.  Plaintiffs otherwise deny this RFA.

**<u>Request No. 137:</u>**

Admit that You stopped suing, or considering suing, individual Internet users for those users' acts of infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other

locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing." In addition, the terms "stopped suing or considering suing," "individual Internet users," "those users' acts of infringement" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:** Plaintiffs refuse to respond to this RFA on the grounds that it would require disclosure of privileged information. Plaintiffs otherwise deny this RFA.

## Request No. 138:

Admit that You stopped suing, or considering suing, individual Internet users for those users' acts of infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites because You received negative or not favorable publicity or reactions regarding Your actions.

**Objections:** Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other

locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "stopped suing or considering suing," "individual Internet users," "those users' acts of infringement," "negative or not favorable publicity or reactions," and "Your actions" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Plaintiffs refuse to respond to this RFA on the grounds that it would require disclosure of privileged information.  Plaintiffs otherwise deny this RFA.

**Request No. 139:**

Admit that You stopped suing, or considering suing, individual Internet users for those users' acts of infringement of Your Copyright Works and/or any of Your other copyrighted works on peer-to-peer file sharing sites because some of Your recording artists or song writers objected to Your acts of suing individuals.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless.

For example, despite the nomenclature used, Defendants' definition includes any "websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "stopped suing or considering suing," "individual Internet users," "those users' acts of infringement," "objected," and "Your acts of suing individuals" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome insofar as it is not limited to the relevant time period, nor to the copyrighted works at issue in this case, and therefore seeks information not relevant to resolving any issues in the case.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA insofar as it is unreasonably cumulative or duplicative of other discovery sought and/or obtained by Defendants in this case.

**Response:**  Plaintiffs refuse to respond to this RFA on the grounds that it would require disclosure of privileged information.  Plaintiffs otherwise deny this RFA.

## Request No. 140:

Admit that between 2012 and 2015, You were able to sue entities that created, maintained, or hosted peer-to-peer file sharing sites.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the term "peer-to-peer file sharing sites" is vague and ambiguous. Defendants' definition of "peer-to-peer file sharing sites" is so overly broad as to be meaningless. For example, despite the nomenclature used, Defendants' definition includes any "websites, other

locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs or programming, code, computer-based products, and/or any similar or related thing."  In addition, the terms "able to sue" and "entities that created, maintained, or hosted" are undefined, vague, and ambiguous.

Plaintiffs also object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Plaintiffs refuse to respond to this RFA on the grounds that it would require disclosure of privileged information.  Plaintiffs otherwise deny this RFA.

## Request No. 141:

Admit that between 2012 and 2015, You had the ability to sue entities running BitTorrent networks, Gnutella networks, eDonkey networks, and/or Ares/Warez.

**Objections:**  Plaintiffs object to this RFA on the grounds that it is overly broad, vague, and ambiguous, including because the terms "ability to sue," "entities running," "BitTorrent networks, Gnutella networks, eDonkey networks, and/or Ares/Warez" are undefined, vague, and ambiguous.

Plaintiffs object to this RFA to the extent it is premised on and/or calls for a legal conclusion.

Plaintiffs object to this RFA to the extent it seeks information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or any other applicable privilege or immunity.

Plaintiffs further object to this RFA as overly broad and unduly burdensome to the extent it seeks information not relevant to resolving any of the issues in the case.

**Response:**  Plaintiffs refuse to respond to this RFA on the grounds that it would require disclosure of privileged information.  Plaintiffs otherwise deny this RFA.

Dated:  July 1, 2019                          Respectfully Submitted,

                                              */s/ Kerry M. Mustico*
                                              _____

                                              Scott A. Zebrak (38729)
                                              Matthew J. Oppenheim (*pro hac vice*)
                                              Jeffrey M. Gould (*pro hac vice*)
                                              Kerry M. Mustico (*pro hac vice*)
                                              OPPENHEIM + ZEBRAK, LLP
                                              4530 Wisconsin Avenue, NW, 5th Floor
                                              Washington, DC 20016
                                              Tel:  202-480-2999
                                              scott@oandzlaw.com
                                              matt@oandzlaw.com
                                              jeff@oandzlaw.com
                                              kerry@oandzlaw.com

                                              *Attorneys for Plaintiffs*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on this 1st day of July 2019, I caused a true and correct copy of the foregoing Plaintiffs' Responses to Defendants' Second Set of Requests for Admission to be served via email on counsel of record as follows:

Jennifer A. Golinveaux
Thomas Buchanan
Sean R. Anderson
WINSTON & STRAWN LLP
jgolinveaux@winston.com
tbuchana@winston.com
sranderson@winston.com

*/s/ Kerry M. Mustico*