# Exhibit M

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

SONY MUSIC ENTERTAINMENT, *et al.*,

      Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

      Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO
DEFENDANTS COX, INC. AND COXCOM, LLC'S
THIRD SET OF REQUESTS FOR PRODUCTION**

**PROPOUNDING PARTY:**    Defendants Cox Communications, Inc. and CoxCom, LLC

**RESPONDING PARTY:**    Plaintiffs

**SET NUMBER**:    Three (Nos. 185 - 201)

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the

Eastern District of Virginia's Local Rules, Plaintiffs Sony Music Entertainment, Arista Music,

Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music

Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV

Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music

Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing

Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI

Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI

Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-

EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records

LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., and Songs of Universal, Inc., (collectively, "Plaintiffs"), by and through their attorneys, hereby submit their objections to the Third Set of Requests for Production ("Request(s)") propounded by Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox").   As Plaintiffs' investigation into this matter is ongoing, Plaintiffs reserve the right to supplement or amend their objections and responses to the extent allowed by the Federal Rules of Civil Procedures, the Local Rules, and orders of this Court.

## **GENERAL OBJECTIONS**

1.      Plaintiffs object to Cox's definitions, instructions, rules of construction, and the individual Requests to the extent they seek to impose obligations other than those imposed or authorized by the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Virginia, and any applicable order of this Court. Plaintiffs will interpret and respond to the Requests in the manner prescribed by the same.

2.      Plaintiffs object to the Requests as unduly burdensome to the extent they seek information, documents, or things that are equally available to Cox or not in Plaintiffs' possession, custody, or control, as those terms are defined in Federal Rule of Civil Procedure 34(a).

2

3.  Plaintiffs object to the Requests to the extent they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or by any other privilege or immunity under federal or state law.  The inadvertent production of such information shall not constitute a waiver of any privilege or any ground for objection, or Plaintiffs' right to object to the use of such information during subsequent proceedings.  Plaintiffs will provide a log of responsive documents being withheld on the basis of privilege or immunity, subject to Plaintiffs' asserted objections below.  Cox has agreed that Plaintiffs need not identify or log responsive privileged documents between the parties-in-suit and their outside litigation counsel of record in this case created after January 29, 2016.  Therefore, Plaintiffs will not identify any such documents withheld on their privilege log.

4.  Plaintiffs object to the Requests to the extent they seek confidential or proprietary information pertaining to Plaintiffs' businesses, technology, or economic relationships. Plaintiffs will only provide such responsive information or documents pursuant to the stipulated protective order entered in this case, and the parties' agreement that such information shall be disclosed only as permitted by Local Rules of the District Court for the Eastern District of Virginia, and upon receipt of permission from third parties, if necessary.

5.  Plaintiffs object to the Requests as overly broad and unduly burdensome to the extent they require Plaintiffs to produce documents or information beyond what is available to Plaintiffs following a reasonable search of documents in their possession, custody, or control and a reasonable inquiry of their current employees.  Of Cox's 201 document requests, 145 (more than seventy percent of Requests) seek "all documents" regarding their respective subject matter. Plaintiffs object to Cox's failure to propound requests proportionately tailored to the relevance of the particular issues in and needs of the case.

6.     Plaintiffs' responses to Requests are made without waiver of, and with the intentional preservation of:

a.  All questions as to the competence, relevance, materiality, privilege, confidentiality, authenticity and admissibility as evidence in any aspect of this or any other legal proceeding;

b.  The right to object on any ground to the use of information or documents, or the subject matter thereof, in any aspect of this or any other legal proceeding;

c.  The right to object at any time to additional requests for production on any ground; and

d.  The right to revise, correct, supplement, or clarify the responses and objections propounded herein at any time.

7.     Identification or production of documents or information responsive to any discovery request should not be construed as:

a.  An admission or stipulation that the information or documents or their content or subject matter are properly discoverable or relevant;

b.  A waiver by Plaintiffs of their General Objections or of the specific objections asserted in response to a specific Request; or

c.  An agreement that requests for similar information will be treated in a similar manner.

8.     Plaintiffs object to the Requests as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent the Requests are not limited to the relevant time period or, indeed, any time period.  Plaintiffs therefore interpret the Requests to include a

reasonable time period of January 1, 2012 to December 31, 2014, unless stated otherwise, and will limit their responses to the Requests accordingly.

9. Plaintiffs object to the definition of "Plaintiff(s)," "You," and "Your" as overly broad, unduly burdensome, vague, and ambiguous, particularly to the extent that it purports to require Plaintiffs to collect and produce documents relating to undefined "representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies" and "all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing [sic] entities," many of whom or which are outside of Plaintiffs' knowledge, possession, custody, or control. Plaintiffs further object to the definition as disproportionate to the needs of the case. By including "all past and present… employees" of every corporate affiliate, parent, and predecessor of each Plaintiff, Cox is seeking information relating to tens of thousands of persons. Read literally, Cox's definition would encompass former human resources and facilities management employees who have not worked for any Plaintiff in decades.

10. Plaintiffs object to the definition of "Communication" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "telex" messages, which refers to messages sent on a public switched network of teleprinters that businesses used prior to the adoption of fax machines in the 1980s. Plaintiffs also object to the inclusion of "posts on social media platforms or blogs" to the extent publicly available and/or equally available or accessible to Cox. In addition, any limited or tangential relevance of such information would be outweighed by the burden of searching an undefined number of social media and blog sites for, potentially, tens of thousands of current and former employees.

11. Plaintiffs object to the definition of "Document" or "documents" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition

includes "blue-prints [sic]," even though engineering designs and architectural plans have no possible relevance to a case concerning digital copyright infringement.  Plaintiffs further object to inclusion of "any information stored or available on the Internet," as such information is generally publicly available and equally accessible to Cox.

12.     Plaintiffs object to the definition of "Electronic Storage Device" as overbroad, unduly burdensome, and disproportionate to the needs of the case. For example, the definition includes "SIM cards," which are small integrated circuits designed to authenticate subscribers on cellphone networks.  There is no reason to believe that SIM cards contain unique information that would justify the burden of locating and extracting data from, potentially, tens of thousands of cards.

13.     Plaintiffs object to the definitions of "MarkMonitor," "RIAA," "IFPI," and "NMPA" to the extent they encompass entities, individuals, and information outside of Plaintiffs' knowledge, possession, custody, or control.  Plaintiffs further object to the definitions as overly broad, unduly burdensome, and disproportionate to the needs of the case.  By including "past and present employees" and "consultants" of MarkMonitor, RIAA, IFPI, and NMPA, Cox is requesting that Plaintiffs search for information relating to an unknown number of persons, all of whom are outside of Plaintiffs' control.  Read literally, Cox's definition would encompass former human resources and facilities management employees who have not worked for these entities in years or even decades.  Furthermore, IFPI includes staff and members in over 60 countries, none of whom have any relevance to this litigation.

14.     Plaintiffs incorporate by reference the General Objections set forth above in the specific objections set forth below.  Plaintiffs may repeat a General Objection for emphasis or other reason.  The failure to repeat any General Objection does not waive any General Objection

to the Request.  Plaintiffs reserve their right to amend the General Objections or any specific objection.

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**Request No. 185:**

All Documents and Communications between You and the RIAA concerning the drafting of, negotiations over, and ultimate execution of the Master Service Agreement, dated December 20, 2011, and the related statements of work ("MSA and related SOWs"), which were produced in this case at RIAA_00000003-16, RIAA_00000017-29, RIAA_00000030-44, RIAA_00000001-02, and RIAA_00000045-58.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents and communications" concerning broad subject matter.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of Request Nos. 139, 153-155, 158, and 162-163, all of which were the subject of Defendants' January 18, 2019 Motion to Compel (the "Motion to Compel").  In particular, this request is duplicative of Request Nos. 154-155, for which the Court ordered Plaintiffs to produce only information sufficient to show which Plaintiffs have relationships with RIAA.  *See* ECF 93, Jan. 25, 2019 Hr'g Tr. ("Hr'g Tr."), at 80.  Plaintiffs have complied with the Court's order.  In addition, Plaintiffs conducted reasonable searches of their custodial files relating to RIAA and Cox and produced responsive, non-privileged documents.  Accordingly, no further response is required.

Plaintiffs further object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.   To the extent this request seeks communications between Plaintiffs and RIAA relating to Cox and this litigation, the request is directly aimed at privileged information and therefore appears intended to harass and unduly burden Plaintiffs and unnecessarily increase the cost of this litigation.  *See* Hr'g Tr. at 81-82 (THE COURT: "When you talk about [documents between RIAA and the plaintiffs relating to Cox and] this litigation, that does give one pause as to it would probably – given that [RIAA] were their agent, probably would involve a substantial amount of privileged documents. I am not sure that whatever might not fall within that net, however little it might be, would be the worth the time and effort to cull it out.").

To the extent this request seeks documents and communications with non-parties irrespective of any relevance to Cox or this litigation, it seeks information not relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce additional documents responsive only to this request.

**Request No. 186:**

All Documents and Communications between You and any other Plaintiff(s) concerning the drafting of, negotiations over, and ultimate execution of the MSA and related SOWs, which were produced in this case at RIAA_00000003-16, RIAA_00000017-29, RIAA_00000030-44, RIAA_00000001-02, and RIAA_00000045-58.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents and communications" concerning broad subject matter.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.  To the extent this request seeks communications among Plaintiffs about Cox and/or this litigation and the "MSA and related SOWs," the request seeks privileged information and therefore appears intended to harass and unduly burden Plaintiffs and unnecessarily increase the cost of this litigation.

To the extent this request seeks documents and communications irrespective of any relevance to Cox or this litigation, it seeks information not relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of Request Nos. 141 and 156, among others, both of which were the subject of Defendants' Motion to Compel.  In response to the Motion to Compel, the Court ordered Plaintiffs to produce only "the relationship agreements, not all communications, but the relationships between the plaintiff and MarkMonitor . . . With respect to . . . the program at issue in this case."  *See* Hr'g Tr. at 73-74. Plaintiffs have complied with the Court's order. In addition, Plaintiffs conducted reasonable searches of their custodial files relating to MarkMonitor and produced responsive, non-privileged documents.  Accordingly, no further response is required.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce additional documents responsive only to this request.

**Request No. 187:**

Documents and Communications between You and MarkMonitor concerning the drafting of, negotiations over, and ultimate execution of the MSA and related SOWs, which were produced in this case at RIAA_00000003-16, RIAA_00000017-29, RIAA_00000030-44, RIAA_00000001-02, and RIAA_00000045-58.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "documents and communications" concerning broad subject matter. To the extent this request seeks documents and communications irrespective of any relevance to Cox or this litigation, it seeks information not relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of Request Nos. 139, 141, 154, and 156, among others, all of which were the subject of Defendants' Motion to Compel. In response to the Motion to Compel, the Court ordered Plaintiffs to produce only "the relationship agreements, not all communications, but the relationships between the plaintiff and MarkMonitor . . . With respect to . . . the program at issue in this case." *See* Hr'g Tr. at 73-74. Plaintiffs have complied with the Court's order. In addition, Plaintiffs conducted reasonable searches of their custodial files relating to MarkMonitor and produced responsive, non-privileged documents. Accordingly, no further response is required.

10

**Request No. 188:**

All Documents and Communications between You and the RIAA concerning the method of verification utilized by MarkMonitor to observe instances of copyright infringement and generate notices therefrom, pursuant to the MSA and related SOWs, which were produced in this case at RIAA_00000003-516, RIAA_00000017-29, RIAA_00000030-44, RIAA_00000001-02, and RIAA_00000045-58.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents and communications," irrespective of time period, concerning broad subject matter.  Plaintiffs also object to the request because the term "method of verification" is vague and ambiguous.

Plaintiffs also object to this request as unreasonably cumulative and duplicative of Request Nos. 139, 147, 148, 154, 155, and 159-163, most of which were the subject of Defendants' January 18, 2019 Motion to Compel (the "Motion to Compel").  In particular, this request is duplicative of Request Nos. 154-155, for which the Court ordered Plaintiffs to produce only information sufficient to show which Plaintiffs have relationships with RIAA.  *See* ECF 93, Jan. 25, 2019 Hr'g Tr. ("Hr'g Tr."), at 80.  Plaintiffs have complied with the Court's order.  In addition, Plaintiffs conducted reasonable searches of their custodial files relating to RIAA and MarkMonitor and produced responsive, non-privileged documents.  Accordingly, no further response is required.

Plaintiffs further object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.  To the extent this request seeks communications between Plaintiffs and RIAA relating to Cox and this litigation, the request is

directly aimed at privileged information and therefore appears intended to harass and unduly burden Plaintiffs and unnecessarily increase the cost of this litigation. *See* Hr'g Tr. at 81-82 (THE COURT: "When you talk about [documents between RIAA and the plaintiffs relating to Cox and] this litigation, that does give one pause as to it would probably – given that [RIAA] were their agent, probably would involve a substantial amount of privileged documents. I am not sure that whatever might not fall within that net, however little it might be, would be the worth the time and effort to cull it out.").

To the extent this request seeks documents and communications with RIAA irrespective of any relevance to Cox or this litigation, it seeks information not relevant to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they have conducted a reasonable and diligent search of relevant custodians' files and have not located documents responsive to this request.

**Request No. 189:**

All Documents and Communications concerning the number of copyright infringement notices that Cox would accept from the RIAA between 2012 and 2015.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents and communications" concerning broad subject matter. In addition, the request is unduly burdensome insofar as it seeks discovery of

information equally available and/or accessible to Cox or from documents or other sources within Cox's possession, custody, or control.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of Request Nos. 64, 65, 125, 131, 135, among others.  Plaintiffs direct Cox to Plaintiffs' Supplemental Response to, e.g., Request No. 135 (agreeing to produce "documents concerning the number of infringement notices Cox would accept from Plaintiffs or on behalf of Plaintiffs").  Accordingly, no further response is required.

**Request No. 190:**

Documents sufficient to demonstrate the specific actions You undertook between 2010 and 2015 that were intended to reduce the infringement of Your Copyright Works and/or any of Your other copyrighted works.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for documents sufficient to demonstrate "the specific actions" that Plaintiffs undertook over a six-year period to reduce the infringement of *any* of their copyrighted works encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts and/or technical measures, which are unrelated to Cox, peer-to-peer networks, the works in suit, or to resolving any issues in this case.  Plaintiffs therefore also object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of Request Nos. 119-122 and 124, among others.  As Plaintiffs agreed in their opposition to Defendants' Motion to Compel, Plaintiffs conducted reasonable searches of their custodial files relating to MarkMonitor and a broad array of topics, including BitTorrent, P2P, copyright, Cox, piracy, and infringement and produced responsive, non-privileged documents.  Accordingly, no further response is required.

**Request No. 191:**

Documents sufficient to demonstrate the amount of money You expended on efforts intended to reduce the infringement of Your Copyright Works and/or any of Your other copyrighted works each year between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for documents sufficient to demonstrate the money Plaintiffs expended over a six-year period on efforts to reduce the infringement of *any* of their copyrighted works encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts and/or technical measures, which are unrelated to Cox, peer-to-peer networks, the works in suit, or to resolving any issues in this case.  It would be virtually impossible for Plaintiffs to produce documents "sufficient to show the amount of money" Plaintiffs expended on *all* of their anti-piracy and enforcement

efforts from 2010 to 2015.  Plaintiffs therefore also object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of Request Nos. 119-122, 124, and 190 among others.  As Plaintiffs agreed in their opposition to Defendants' Motion to Compel, Plaintiffs conducted reasonable searches of their custodial files relating to MarkMonitor and a broad array of topics, including BitTorrent, P2P, copyright, Cox, piracy, and infringement and produced responsive, non-privileged documents.  Accordingly, no further response is required.

**Request No. 192:**

Documents sufficient to demonstrate any analysis regarding the efficacy, or return on investment, of Your efforts intended to reduce the infringement of Your Copyright Works and/or any of Your other copyrighted works each year between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case.  The request for documents sufficient to demonstrate the efficacy or return on investment of Plaintiffs' efforts over a six-year period to reduce the infringement of *any* of their copyrighted works encompasses vast amounts of irrelevant information relating to potentially thousands of litigations, as well as non-litigation enforcement efforts and/or technical measures, which are unrelated to Cox, peer-to-peer networks, the works in

suit, or to resolving any issues in this case.  Plaintiffs therefore also object on the basis that the request appears intended to harass and/or unduly burden Plaintiffs.

Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of Request Nos. 119-122, 124, 190, and 191 among others.  As Plaintiffs agreed in their opposition to Defendants' Motion to Compel, Plaintiffs conducted reasonable searches of their custodial files relating to MarkMonitor and a broad array of topics, including BitTorrent, P2P, copyright, Cox, piracy, and infringement and produced responsive, non-privileged documents.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they have produced non-privileged documents responsive to this request to the extent such documents relate to the copyright infringement notices sent to Cox upon which Plaintiffs will rely in this litigation, or the MarkMonitor system used to generate such notices.

**Request No. 193:**

Documents sufficient to demonstrate the amount of money You paid to the RIAA between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. RIAA, a non-party, is a trade group for the record industry whose functions include advocacy relating to legislative issues at the federal and state level and regulatory matters with the

16

Copyright Office and other agencies such as the Federal Communications Commission, the U.S. Patent & Trademark Office, and the United States Trade Representative; conducting research and industry relations programs like Gold and Platinum awards based on artist sales; and coordinating with international organizations and governments on various issues; as well as conducting anti-piracy investigations and enforcement and copyright litigation.  Thus, the request encompasses information irrelevant to Cox, peer-to-peer networks, the works in suit, or to resolving any issues in this case.  Plaintiffs therefore also object on the basis that the request appears intended to harass Plaintiffs and/or RIAA.

Plaintiffs further object to this request insofar as it is unreasonably cumulative and duplicative of Request No. 191.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**Request No. 194:**

Documents sufficient to demonstrate the RIAA's budget, and any cost or spending allocations under the budget, for each year between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object that this request is so overly broad and disproportionate to the needs of the case as to be harassing.  For example, the request seeks documents unrelated to this litigation, Cox, the copyrighted works in suit, peer-to-peer networks, or resolving any issues in this case.  In addition, the six-year time period in the request is in and of itself overly broad and unduly burdensome.

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs further object to this request because the request for "any cost or spending allocations under the [RIAA's] budget" is vague and ambiguous.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**Request No. 195:**

Documents sufficient to demonstrate the amount of money You paid to the IFPI between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action.  In addition, the six-year time period in the request is in and of itself overly broad and unduly burdensome.  The IFPI, a non-party, is an international trade group for the record industry that largely operates abroad and that has myriad functions unrelated to this lawsuit.  Such functions include reporting worldwide sales statistics, working to increase performance rights revenues, advocating for fair tariffs, and managing global implementation of the International Standard Recording Code.  Thus, the request encompasses information irrelevant to Cox, peer-to-peer networks, the works in suit, or to resolving any issues in this case.  Plaintiffs therefore also object on the basis that the request appears intended to harass Plaintiffs and/or the IFPI.

Plaintiffs further object to this request insofar as it is unreasonably cumulative and duplicative of Request No. 191.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**Request No. 196:**

Documents sufficient to demonstrate the IFPI's budget, and any cost or spending allocations under the budget, for each year between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object that this request is so overly broad and disproportionate to the needs of the case as to be harassing.  For example, the request seeks documents unrelated to this litigation, Cox, the copyrighted works in suit, peer-to-peer networks, or resolving any issues in this case.  In addition, the six-year time period in the request is in and of itself overly broad and unduly burdensome.

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs further object to this request because the request for "any cost or spending allocations under the [IFPI's] budget" is vague and ambiguous.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**Request No. 197:**

Documents sufficient to demonstrate the amount of money You paid to the NMPA between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object to this request because it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any of the issues in the action. The NMPA, a non-party, is a trade group representing music publishers and individual songwriters. The NMPA's functions include advocacy relating to legislative and regulatory issues at the federal and state level; conducting research and industry relations programs like Gold and Platinum awards for songwriters; and funding educational programs; as well as conducting enforcement and copyright litigation. Thus, the request encompasses information irrelevant to Cox, peer-to-peer networks, the works in suit, or to resolving any issues in this case. Plaintiffs therefore also object on the basis that the request appears intended to harass Plaintiffs and/or the NMPA.

Plaintiffs further object to this request insofar as it is unreasonably cumulative and duplicative of Request No. 191.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**Request No. 198:**

Documents sufficient to demonstrate the NMPA's budget, and any cost or spending allocations under the budget, for each year between 2010 and 2015.

**OBJECTIONS:**

Plaintiffs object that this request is so overly broad and disproportionate to the needs of the case as to be harassing. For example, the request seeks documents unrelated to this litigation, Cox, the copyrighted works in suit, peer-to-peer networks, or resolving any issues in this case. In

addition, the six-year time period in the request is in and of itself overly broad and unduly burdensome.

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs further object to this request because the request for "any cost or spending allocations under the [NMPA's] budget" is vague and ambiguous.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**Request No. 199:**

All Documents and Communications concerning the intended effect or purpose of the CAS.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter.  Moreover, the request seeks documents irrespective of Cox, the copyrighted works in suit, or the relevant time period and therefore is not remotely tied to resolving the issues in the action.  The burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs further object to the request because it is unreasonably cumulative and duplicative of Request Nos. 126, 127, 131, 165-168, and 170, all of which were the subject of Defendants' Motion to Compel.  In order to address the Court's opinion that Cox's requests relating to CAS were "certainly overbroad, unduly burdensome, and [did not require] additional responses," Defendants told the Court that they narrowed their request "to capture and boil down what [Cox] thought was ultimately relevant."  *See* Hr'g Tr. at 61.  According to Cox, the only relevant documents are the MOU, the implementation agreements, and related correspondence.  *See id.*  The Court did not agree with Cox that any relevance CAS has extends that far and ordered Plaintiffs to produce the MOU, the implementation agreements, and information to show whether Plaintiffs were members of CAS between 2013 and 2014.  *See id.* at 62.  Plaintiffs have complied with the Court's order.  Accordingly, no further response is required.

**Request No. 200:**

All Documents and Communications concerning the impact, if any, on levels of infringement from the CAS, including data, reports, studies, or analyses.

**OBJECTIONS:**

Plaintiffs object to this request because CAS is irrelevant.  CAS was a private agreement in which Cox refused to participate.  It has no bearing on Cox's liability or damages for the claims alleged in this case.

Plaintiffs also object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents" concerning broad subject matter.  Moreover, the request seeks documents irrespective of Cox, the copyrighted works in suit, or the relevant time period and therefore is not remotely tied to resolving the issues in the action.  The burden and/or expense of the proposed discovery far outweighs the likely benefit, if any.

Plaintiffs also object to this request insofar as its purpose is to obtain evidence relating to non-parties' conduct in order to excuse Cox's own malfeasance.

In addition, Plaintiffs object to this request insofar as it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or the joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

Plaintiffs further object to the request because it is unreasonably cumulative and duplicative of Request Nos. 127, 165-168, 170, 172, and 173, all of which were the subject of Defendants' Motion to Compel.  In order to address the Court's opinion that Cox's requests relating to CAS were "certainly overbroad, unduly burdensome, and [did not require] additional responses," Defendants told the Court that they narrowed their request "to capture and boil down what [Cox] thought was ultimately relevant."  *See* Hr'g Tr. at 61.  According to Cox, the only relevant documents are the MOU, the implementation agreements, and related correspondence.  *See id.*  The Court did not agree with Cox that any relevance CAS has extends that far and ordered Plaintiffs to produce the MOU, the implementation agreements, and information to show whether Plaintiffs were members of CAS between 2013 and 2014.  *See id.* at 62.  Plaintiffs have complied with the Court's order.  Accordingly, no further response is required.

**Request No. 201:**

All Documents and Communications concerning the impact, if any, on infringement of Your Copyright Works and/or any of Your other copyrighted works from the MarkMonitor notice program pursuant to the MSA and related SOWs, which were produced in this case at RIAA_00000003-16, RIAA_00000017-29, RIAA_00000030-44, RIAA_00000001-02, and RIAA_00000045-58.

**OBJECTIONS:**

Plaintiffs object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case, including in that it seeks "all documents and communications" concerning broad subject matter. Moreover, the request seeks documents and communications with non-parties irrespective of Cox, the copyrighted works in suit, or the relevant time period. As such, the request seeks information not relevant or important to resolving the issues in the action and the burden and/or expense of the proposed discovery far outweighs any likely benefit.

Plaintiffs object that the term "impact . . . on infringement" is vague and ambiguous.

Plaintiffs also object to this request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, joint-defense or common-interest privilege, or under other privilege or immunity recognized by law.

Plaintiffs further object to this request as unreasonably cumulative and duplicative of Request Nos. 119-122 and 124, among others. In response to the Motion to Compel documents relating to MarkMonitor, the Court ordered Plaintiffs to produce only "the relationship agreements, not all communications, but the relationships between the plaintiff and MarkMonitor . . . With respect to . . . the program at issue in this case." *See* Hr'g Tr. at 73-74. Plaintiffs have complied with the Court's order. In addition, as Plaintiffs agreed in their opposition to Defendants' Motion

24

to Compel, Plaintiffs conducted reasonable searches of their custodial files relating to MarkMonitor and a broad array of topics, including BitTorrent, P2P, copyright, Cox, piracy, and infringement and produced responsive, non-privileged documents.   Accordingly, no further response is required.


Dated: July 1, 2019                              /s/ Kerry M. Mustico
_____

Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th floor
Washington, DC 20016
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of July 2019, I caused a true and correct copy of the

foregoing document to be served via email on counsel of record as follows:

Jennifer A. Golinveaux
Thomas Kearney
Sean R. Anderson
WINSTON & STRAWN LLP
jgolinveaux@winston.com
tkearney@winston.com
sranderson@winston.com


*/s/ Kerry M. Mustico*