# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## PLAINTIFFS' MOTION FOR SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under seal or temporary seal certain documents being filed in connection with Plaintiffs' Motion for Summary Judgment and motions to preclude certain testimony by Cox's purported experts (ECF Nos. 285, 287, 289, 291, 293, 312). These documents contain information that has been designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Stipulated Protective Order (ECF No. 60) (the "Protective Order").

For documents containing information designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Plaintiffs and, in one instance, MarkMonitor, sealing is warranted, as explained below. For documents designated confidential by Cox, Plaintiffs generally dispute or take no position as to whether sealing is warranted. Rather, to comply with the Protective Order, Plaintiffs are seeking the Court's leave to file those documents under temporary seal, to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

I.  **Plaintiffs' confidential or highly-confidential information**

Sealing is warranted for the documents identified below, which contain Plaintiffs' or MarkMonitor's or Audible Magic's highly sensitive, confidential business and trade secret information.

*Summary Judgment Filings*

- Exhibits 2, 4, 5, 7, 25, 31, 70, 71 to the Declaration of Jeffrey Gould in Support of Plaintiffs' Motion for Summary Judgment (filed via hard drive), and portions of the declaration and memorandum that cite to, discuss, or disclose Plaintiffs' confidential information contained therein;

- Declarations of Jeremy Blietz, David Kokakis, Wade Leak, Alasdair McMullan, Anish Patel, and Steven Poltorak (attached to ECF No. 325), including exhibits, filed in support of Plaintiffs' Motion for Summary Judgment;

- Certain portions of the Declarations of Sam Bahun, Barbara Frederiksen-Cross, William H. Lehr, and George P. McCabe (attached to ECF No. 325) in Support of Plaintiffs' Motion for Summary Judgment, which constitute or disclose Plaintiffs' or MarkMonitor's or Audible Magic's highly-confidential or confidential information, and portions of the memorandum that disclose or discuss Plaintiffs' confidential information contained therein;

*Daubert Filings*

- Exhibits 1-6 to the Declaration of Jeffrey Gould filed in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Nick Feamster (ECF No. 297), and portions of the declaration and memorandum that cite to, discuss, or disclose Plaintiffs' confidential information contained therein;

- Exhibits 1-4 to the Declaration of Jeffrey Gould filed in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Christian Tregillis (ECF No. 287), and portions of the declaration and memorandum that cite to, discuss, or disclose Plaintiffs' confidential information contained therein;

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,
>
> (2) consider less drastic alternatives to sealing the documents, and
>
> (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the October 18, 2019 hearing scheduled on the underlying motions, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Sealing is warranted for the Proposed Sealed Exhibits as described below.

### A. Certain documents evidencing Plaintiffs' ownership and control of their copyrights warrant sealing.

Most of the documents Plaintiffs seek to have the Court seal comprise contracts with recording artists or writers, contracts related to corporate transactions, and related documentation

3

evidencing Plaintiffs' ownership and/or control of the copyrighted recordings at issue in the case, as well as Plaintiffs' declarations discussing and describing the same.

The contracts contain numerous sensitive financial and business terms, including the amounts of advances and royalties to be paid, the way in which royalties will be calculated, and marketing commitments, among other terms. The terms of these agreements are proprietary, not available to the public, commercially sensitive, and/or subject to express confidentiality obligations in agreements with third parties.

In addition to artist contracts, Plaintiffs are seeking to maintain under seal intercompany licensing agreements and various merger & acquisition agreements they likewise filed to demonstrate ownership and/or control of the copyrighted recordings at issue in the case. The intercompany license agreements are highly confidential, and the disclosure of their terms would allow Plaintiffs' competitors, non-affiliated licensees, and artists, to assess how Plaintiffs internally structure and value their internal licensing, and to use that information to their financial advantage in their negotiations with the Plaintiffs. Plaintiffs maintain these agreements as strictly confidential in the ordinary course of business. Similarly, the public disclosure of the merger & acquisition agreements would also cause harm to Plaintiffs, as it would reveal to competitors and counterparties how the Plaintiffs and/or their contractual counterparties price and structure their transactions. Plaintiffs include confidentiality requirements in the contracts, do not disclose them to third parties, and permit the disclosure of the contracts in litigation only where there is a protective order in place.

Maintaining the artist, intercompany licensing, and mergers & acquisitions agreements under seal will not interfere with public access to information that is at the heart of this case. The documents provide evidentiary support for the necessary but routine exercise of establishing that

the record companies own or control the exclusive rights to the copyrighted sound recordings at issue. The documents establish the chain of title for each copyrighted work. But the confidential and proprietary information contained in the documents is not the fact of Plaintiffs' exclusive rights; rather, the confidential and proprietary information in the documents relates to issues such as the financial and other contractual terms of contracts between Plaintiffs and artists, which happen to be contained in the chain of title documents. Such information is tangential, if not entirely irrelevant, to the core issue in this case about whether Cox and its subscribers infringed Plaintiffs' copyrighted works.

Moreover, Plaintiffs anticipate that the issue of their ownership or control of the copyrighted recordings will be resolved pre-trial, either through motions practice or stipulations. That approach is standard practice in many infringement cases, as it avoids the need for lengthy testimony about the chain of title for each of over ten thousand of copyrighted works. Assuming that efficient practice is followed in this case, there will be no need to introduce the confidential and proprietary information in open court and maintaining the documents under seal will not interfere with the public conduct of the trial.

  **B. Technical Information Relating to MarkMonitor's System Reflects Trade Secret and Other Highly Confidential Information Warranting Sealing**

The remainder of Plaintiffs' and MarkMonitor's confidential information that is the subject of this motion relates to proprietary, commercially sensitive information regarding technical details of the MarkMonitor system or Audible Magic's fingerprinting technology employed by Plaintiffs. Plaintiffs have designated this information, including expert opinions that constitute or discuss this information, as highly-confidential or confidential under the Protective Order. Filing them under seal is warranted.

The operation of MarkMonitor's system is described in general terms in the parties' publicly-filed pleadings as well as in numerous declarations from MarkMonitor. Therefore, the public has sufficient access to information about the MarkMonitor system to satisfy the general public policy interest in making available records of judicial proceedings. But the public has no legitimate need to have access to the more detailed — and highly confidential and proprietary — aspects of MarkMonitor's system or Audible Magic's system as referenced in the reports or declarations of Ms. Frederiksen-Cross, Dr. Feamster or Samuel Bahun. If disclosed, others could use this highly confidential information and related trade secrets for illegal or unlawful purposes, or to unfairly compete with others in the industry by allowing them to employ the trade secrets of others. Cox has also designated the report of Dr. Feamster as highly confidential under the Protective Order, though most of the confidential information contained therein belongs to Plaintiffs or Audible Magic.

For the reasons above, Plaintiffs respectfully request that the documents at issue remain under seal.

## II. Documents or information Cox or third parties have designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential"

Plaintiffs also move the Court to enter an order allowing them to file under temporary seal certain documents and information that Cox designated as Highly Confidential – Attorneys' Eyes Only or Confidential under the stipulated protective order, which are noted below.

*Summary Judgment Filings*

- Exhibits 1, 3, 5-6, 8, 12, 14-24, 26-43, 45, 47, 49-69, and portions of exhibits 32, 36, and 38, to the Declaration of Jeffrey Gould in Support of Plaintiffs' Motion for Summary Judgment. Plaintiffs believe some of these may have been used as public trial exhibits in the *BMG v. Cox* case. Any such documents should not be sealed.

*Daubert Motions*

- Exhibits 1 and 6 to the Declaration of Jeffrey Gould filed in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Kevin C. Almeroth (ECF No. 295), and portions of the memorandum that cite to information designated by Cox under the protective order;

- Exhibit 1 to the Declaration of Jeffrey Gould filed in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by W. Christopher Bakewell (ECF No. 296), and portions of the memorandum that cite to information designated by Cox under the protective order;

- Exhibits 1 and 6 to the Declaration of Jeffrey Gould filed in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Lynne Weber (ECF No. 299), and portions of the memorandum that cite to information designated by Cox under the protective order.

Some of the documents Plaintiffs dispute Cox's contention that sealing is warranted for any of these documents that were used during the public trial of *BMG v. Cox*. Plaintiffs request temporary sealing to comply with the Court's Protective Order in this action and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

d. A proposed order.

Respectfully submitted,

Dated August 30, 2019

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*