## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

*Plaintiffs*,

v.

COX COMMUNICATIONS, INC., *et al.*,

*Defendants*.

Case No. 1:18-cv-00950-LO-JFA

## DEFENDANTS' OMNIBUS MOTION TO SEAL

### I.   Plaintiffs and Third-Party Documents

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under temporary seal a portion of Defendants' Memorandum of Law in Support of their Motion for Summary Judgment (ECF No. 330) ("Summary Judgment Motion"); portions of the Declaration of Thomas Kearney in Support of Defendants' Motion for Summary Judgment (ECF No. 330-1) ("Summary Judgment Declaration"); exhibits to the Summary Judgment Declaration; portions of Cox's Motion to Exclude the Testimony of Putative Expert William H. Lehr, Ph.D. (ECF No. 308) ("Lehr Motion"); exhibits to the Declaration of Thomas M. Buchanan in Support of the Lehr Motion (ECF No. 308-1) ("Lehr Motion Declaration Exhibits"), portions of Cox's Motion to Exclude the Testimony of Putative Expert George P. McCabe, Ph.D. (ECF No. 302) ("McCabe Motion"), exhibits to the Declaration of Thomas M. Buchanan in Support of the McCabe Motion (ECF No. 302-1) ("McCabe Motion Declaration Exhibits"), portions of Cox's Motion to Exclude the Testimony of Putative Expert Terrence P. McGarty (ECF No. 305) ("McGarty Motion"), exhibits to the Declaration of Thomas M. Buchanan in Support of the McGarty Motion (ECF No. 305-1) ("McGarty Motion Declaration Exhibits"), portions of Cox's Motion to Exclude the Testimony of Putative Expert Barbara Frederiksen-Cross (ECF No. 311) ("Frederiksen-

-1-

Cross Motion"), portions of the Declaration of Cesie C. Alvarez in Support of the Frederiksen-Cross Motion (ECF No. 311-1) ("Frederiksen-Cross Motion Declaration"), and exhibits to the Frederiksen-Cross Motion Declaration ("Frederiksen-Cross Motion Declaration Exhibits").

As detailed below, the Motions, Declarations, and Exhibits contain information that has been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Plaintiffs, Cox, and/or third parties as Highly Confidential – Attorneys' Eyes Only.

Specifically –

A. **Plaintiffs** designated the following documents as Highly Confidential – Attorneys' Eyes Only[1]:

- The deposition transcript of Alasdair McMullan
    - Summary Judgment Motion, Exhibit 6.[2]

- The deposition transcript of Steven Poltorak
    - Summary Judgment Motion, Exhibit 8

- The deposition transcript of Plaintiffs' Expert Barbara Frederiksen-Cross[3]
    - Summary Judgment Motion, Exhibit 2;
    - Frederiksen-Cross Motion Declaration, Exhibit F

- The Expert Report of Plaintiffs' Expert Barbara Frederiksen-Cross[4]

---

[1] To the extent the reports of Plaintiffs' experts William H. Lehr, George P. McCabe, Terrence B. McGarty, Barbara Frederiksen-Cross quotes from or otherwise discloses information from documents designated by Cox as Confidential or Highly Confidential – Attorneys' Eyes Only, Cox seeks to maintain these exhibits, and the underlying information, under seal for the reasons set forth in Section II.

[2] Cox makes reference to motion or motions to which the document has been attached.

[3] Excerpts from the deposition of Barbara Frederiksen-Cross were previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

[4] The Report of Barbara Frederiksen-Cross was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

- o  Summary Judgment Motion, Exhibit 13;

- o  McCabe Motion Declaration, Exhibit H;

- o  Frederiksen-Cross Motion Declaration, Exhibit D

- The Supplemental and Reply Report of Plaintiffs' Expert Barbara Frederiksen-Cross[5]

  - o  Summary Judgment Motion, Exhibit 14;

  - o  McCabe Motion Declaration, Exhibit K;

  - o  Frederiksen-Cross Motion Declaration, Exhibit E

- The deposition transcript of William H. Lehr, Ph.D.

  - o  Lehr Motion Declaration, Exhibit D

- The Expert Report of Plaintiffs' Expert William Lehr

  - o  Summary Judgment Motion, Exhibit 15;

  - o  Lehr Motion Declaration, Exhibit A

- The Expert Rebuttal Report of Plaintiffs' Expert William Lehr

  - o  Lehr Motion Declaration, Exhibit B

- The Expert Reply Report of Plaintiffs' Expert William Lehr

  - o  Lehr Motion Declaration, Exhibit C

- The deposition transcript of expert George McCabe

  - o  Summary Judgment Motion, Exhibit 5;

  - o  McCabe Motion Declaration, Exhibit D

---

[5] The Supplemental and Reply Report of Barbara Frederiksen-Cross was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

- The Expert Report of George P. McCabe[6]

  o Summary Judgment Motion, Exhibit 16;

  o McCabe Motion Declaration, Exhibit B;

  o McGarty Motion Declaration, Exhibit H

- The Expert Supplemental and Reply Report of George P. McCabe, Ph.D

  o McCabe Motion Declaration, Exhibit C

- The deposition transcript of Terrence P. McGarty, Ph.D.

  o McGarty Motion Declaration, Exhibit C

- The Expert Report of Plaintiffs' Expert Terrence P. McGarty

  o Summary Judgment Motion, Exhibit 17;

  o McGarty Motion Declaration, Exhibit A

- The Expert Supplemental and Reply Report of Plaintiffs' Expert Terrence P. McGarty

  o McGarty Motion Declaration, Exhibit B

- Plaintiffs_00286430

  o Summary Judgment Motion, Exhibit 26, 26A, 27, 28;

- Plaintiffs_00104130, Plaintiffs_00112675, Plaintiffs_00148396, Plaintiffs_00148541, and Plaintiffs_00200764

  o Summary Judgment Motion, Exhibit 29

- Plaintiffs_00113142

  o Summary Judgment Motion, Exhibit 30

---

[6] The Report of George P. McCabe was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

- Plaintiffs_00175863

    o Summary Judgment Motion, Exhibit 31

- Plaintiffs_00137124

    o Summary Judgment Motion, Exhibit 32

- Plaintiffs_00286431[7]

    o Summary Judgment Motion, Exhibit 39;

    o Frederiksen-Cross Motion Declaration, Exhibit A, B

B.  Third-party the **Recording Industry Association of America** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- The deposition transcript of Steven Marks

    o Summary Judgment Motion, Exhibit 4

- RIAA_00000003

    o Summary Judgment Motion, Exhibit 22

    o Frederiksen-Cross Motion Declaration, Exhibit K

- RIAA_00000017[8]

    o Summary Judgment Motion, Exhibit 23

- RIAA_00000030

    o Summary Judgment Motion, Exhibit 24A

- RIAA_00000045

    o Summary Judgment Motion, Exhibit 24B

---

[7] Plaintiffs_00286431 was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.
[8] RIAA_00000017 was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

- RIAA_00127769

    o Summary Judgment Motion, Exhibit 25;

    o McCabe Motion Declaration, Exhibit F

C. Third-party **MarkMonitor** designated the following documents as Highly Confidential –

Attorneys' Eyes Only:

- The deposition transcript of Sam Bahun

    o Summary Judgment Motion, Exhibit 1

- The deposition transcript of Slawomir Paszkowski[9]

    o Summary Judgment Motion, Exhibit 7, 38;

    o McCabe Motion Declaration, Exhibit E;

    o Frederiksen-Cross Motion Declaration, Exhibit H

- MM000236[10]

    o Summary Judgment Motion, Exhibit 37, 37A;

    o McCabe Motion Declaration, Exhibit G

    o Frederiksen-Cross Motion Declaration, Exhibit C

- MM000189[11]

    o Summary Judgment Motion, Exhibit 41;

    o Frederiksen-Cross Motion Declaration, Exhibit J

---

[9] Excerpts from the deposition transcript of Slawomir Paszkowski were previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.
[10] MarkMonitor only designated this document "Confidential."  MM000236 was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.
[11] MM000189 was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

D.  Third-party **Audible Magic** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- The deposition transcript of Vance Ikezoye[12]

    o  Summary Judgment Motion, Exhibit 3;

    o  McCabe Motion Declaration, Exhibit I;

    o  Frederiksen-Cross Motion Declaration, Exhibit I

- Audible-Magic-0000003

    o  Summary Judgment Motion, Exhibit 36;

    o  Frederiksen-Cross Motion Declaration, Exhibit M

- REV00003444/AUDIBLE-MAGIC-0007657[13]

    o  Summary Judgment Motion, Exhibit 40

Except as otherwise noted with respect to information designated by Cox as Confidential or Highly Confidential – Attorneys' Eyes Only that is referenced in Plaintiffs' experts' reports, Cox takes no position on whether the above-referenced documents and information that are the subject of this motion are confidential.  Rather, Cox files this Motion for the above-referenced documents based on Plaintiffs' and third-party designations pursuant to the Protective Order.  Thus, Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

---

[12] Excerpts from the deposition transcript of Vance Ikezoye were previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

[13] REV00003444/AUDIBLE-MAGIC-0007657 was previously granted sealing protection by this Court in its August 29, 2019 Order, ECF No. 279.

1. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."  L. Civ. R. 5(C)(2).

2. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."  L. Civ. R. 5(C)(3).

3. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."  L. Civ. R. 5(C)(4).

4. A proposed order.

## II. <u>Cox's Documents</u>

Separately, Cox moves the Court to enter an order allowing Cox to file under seal a portion of Defendants' Summary Judgment Motion, portions of the Summary Judgment Declaration, exhibits to the Summary Judgment Declaration, portions of the Lehr Motion, Lehr Motion Declaration Exhibits, portions of the McCabe Motion, portions of the McCabe Motion Declaration, McCabe Motion Declaration Exhibits, portions of the McGarty Motion, McGarty Motion Declaration Exhibits, portions of the Frederiksen-Cross Motion, portions of the Frederiksen-Cross Motion Declaration, and the Frederiksen-Cross Declaration Exhibits.

The specific documents designated by Cox as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order are outlined below:

- The deposition transcript of Matthew Carothers[14]

    o Summary Judgment Motion, Exhibit 9

---

[14] Excerpts from the deposition transcript of Matthew Carothers were previously granted sealing protection in this Court's July 23, 2019 Order, ECF No. 225 and 226.

- The deposition transcript of Paul Jarchow

    o Summary Judgment Motion, Exhibit 10

- The deposition transcript of Sanford Mencher[15]

    o Summary Judgment Motion, Exhibit 11

- The deposition transcript of Sidd Negretti

    o Summary Judgment Motion, Exhibit 12;

    o Lehr Motion Declaration, Exhibit J

- The deposition transcript of Linda Trickey

    o Summary Judgment Motion, Exhibit 43;

- The Rebuttal Expert Report of Cox's Expert Dr. Nick Feamster[16]

    o Summary Judgment Motion, Exhibit 18;

    o McCabe Motion Declaration, Exhibit J

    o Frederiksen-Cross Motion Declaration, Exhibit G

- The Rebuttal Expert Report of Cox's Expert Dr. Kevin Almeroth[17]

    o Summary Judgment Motion, Exhibit 19;

    o McGarty Motion Declaration, Exhibit E

- COX_SONY_00515537

    o Lehr Motion Declaration, Exhibit E

---

[15] Excerpts from the deposition transcript of Sanford Mencher were previously granted sealing protection in this Court's July 23, 2019 Order, ECF No. 225 and 226.

[16] Excerpts of Dr. Nick Feamster's Rebuttal Report were previously granted sealing protection in this Court's May 28, 2019 Order, ECF. No. 165.

[17] The Rebuttal Expert Report of Dr. Kevin Almeroth was previously granted sealing protection in this Court's July 23, 2019 Order, ECF No. 226.

- The Rebuttal Expert Report of Lynne J. Weber, Ph.D.[18]

  - Lehr Motion Declaration, Exhibit G;

  - McGarty Motion Declaration, Exhibit D

- Reply Report of Christian Tregillis, CPA, ABV, CFF, CLP

  - Lehr Motion Declaration, Exhibit H

- COX_SONY_00097360

  - Summary Judgment Motion, Exhibit 44

- COX_SONY_00097361

  - Summary Judgment Motion, Exhibit 45

- COX_SONY_00097362

  - Summary Judgment Motion, Exhibit 46

- COX_SONY_00097363

  - Summary Judgment Motion, Exhibit 47

- COX_SONY_00097364

  - Summary Judgment Motion, Exhibit 48

- COX_SONY_00097365

  - Summary Judgment Motion, Exhibit 49

- COX_SONY_00097366

  - Summary Judgment Motion, Exhibit 50

- COX_SONY_00097367

  - Summary Judgment Motion, Exhibit 51

---

[18] The Rebuttal Expert Report of Lynne J. Weber, Ph.D. was previously granted sealing protection in this Court's July 23, 2019 Order, ECF No. 226.

As noted above, while Plaintiffs have designated as Highly Confidential – Attorneys' Eyes Only the reports of their experts William H. Lehr, George P. McCabe, Terrence B. McGarty, Barbara Frederiksen-Cross, these reports quote from or otherwise disclose information designated by Cox as being either Confidential or Highly Confidential – Attorneys' Eyes Only in this case, as the underlying documents constitute or discuss confidential business information belonging to Cox and/or personal subscriber information.  Thus, Cox also seeks to keep portions of these documents under seal as well for the reasons set forth below.

As explained below, the procedural prerequisites for sealing have been met.

1.      Under the local rules, a party may file a motion to seal together with the sealed filings.  E.D. VA. CIV. R. 5(D).  Thereafter, the Court will determine whether the sealing is proper. Cox follows that practice in this motion.

2.      Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Cox's sealing motion.

3.      To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding

the issue." *Id*.  In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing, satisfying the first requirement.

4.      To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Cox used limited sealing measures—viz., only certain Cox exhibits and limited portions of the supporting documents, but not the entire filing.

5.      To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard.  Cox meets the third requirement because the exhibits contain confidential proprietary information concerning Cox's business decisions, computer systems, and financial information.

Based on the foregoing, the motion to seal should be granted. A proposed order is submitted herewith.

Dated: August 30, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice* pending)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users and to the RIAA, MarkMonitor, and Audible Magic, through their respective counsel, via electronic-mail.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*