UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**NONPARTY AUDIBLE MAGIC'S MEMORANDUM IN SUPPORT OF
<u>THE PARTIES' MOTIONS TO FILE UNDER SEAL</u>**

Nonparty Audible Magic Corporation ("Audible Magic"), through counsel, and pursuant to L.R. Civ. 5(C), submits this memorandum in support of Plaintiffs' Motion for Sealing (ECF No. 327) ("Plaintiffs' Motion"), submitted with Plaintiffs' August 30, 2019 Motion for Summary Judgment and motions to preclude certain testimony by Defendants' experts (ECF Nos. 285, 287, 289, 291, 293, 312), and in support of Defendants' Omnibus Motion to Seal (ECF No. 331) ("Defendants' Motion"), submitted with Defendants' August 30, 2019 Motion for Summary Judgment and motions to preclude certain testimony by Plaintiffs' experts (ECF Nos. 302, 305, 308, 311, 330).

**I.      FACTUAL BACKGROUND**

Audible Magic is not a party to this lawsuit. Its primary business is to automatically identify and match copyrighted content in music, film, television, and radio. Audible Magic was subpoenaed in this case on April 12, 2019 by Defendants. (ECF No. 238-15). In response to this subpoena, Audible Magic began producing documents and provided a witness for a deposition on May 6, 2019.

Relevant to Audible Magic, Plaintiffs seek to seal the following documents:

- Exhibit 2 to Plaintiffs' Memorandum in Support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Nick Feamster (the "Feamster Motion") (ECF No. 292-3), which contains excerpts from the deposition of Dr. Nick Feamster ("Feamster Deposition Excerpts"),

- Exhibit 5 to Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' MSJ") (filed via hard drive), and Exhibit 1 to the Feamster Motion (ECF No. 292-2), both of which contain excerpts from an expert report by Dr. Feamster that discusses and contains confidential Audible Magic information ("Audible Magic Feamster Report Excerpts"),

- Exhibit 6 to the Feamster Motion (ECF No. 292-7), which contains excerpts from the deposition of Mr. Vance Ikezoye, Audible Magic's Chief Executive Officer ("Plaintiffs' Ikezoye Deposition Excerpts"), and

- Portions of the Feamster Motion (ECF No. 292) and Plaintiffs' MSJ (ECF No. 313) (collectively, "Plaintiffs Audible Magic Briefs"), that reference one or more of the Feamster Deposition Excerpts, the Audible Magic Feamster Report Excerpts, and Plaintiffs' Ikezoye Deposition Excerpts.

Relevant to Audible Magic, Defendants seek to seal the following documents:

- Exhibit 3 to Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment ("Defendants' MSJ") (ECF No. 329-1); Exhibit I to Defendants' Memorandum in Support of Defendants' Motion to Exclude the Testimony of Putative Expert George P. McCabe ("McCabe Motion") (ECF No. 301-10); and Exhibit I to Defendants' Memorandum in Support of Defendants' Motion to Exclude the Testimony of Putative Expert Barbara Frederiksen-Cross ("Frederiksen-Cross Motion") (ECF No. 310-10), which all contain excerpts from the deposition of Mr. Vance Ikezoye, Audible Magic's Chief Executive Officer ("Defendants' Ikezoye Deposition Excerpts"),

- Exhibit M to the Frederiksen-Cross Motion (ECF No. 310-14) and Exhibit 36 to Defendants' MSJ (filed via hard drive), both of which contain a detailed programming guide for Audible Magic's software for its customers ("Programming Guide"),

- Exhibit 40 to Defendants' MSJ (filed via hard drive), which contains a detailed log of technical information exchanged between Audible Magic and Mark Monitor regarding Audible Magic's software ("Transaction Log"), and

- Portions of the McCabe Motion (ECF No. 301), the Frederiksen-Cross Motion (ECF No. 310), and Defendants' MSJ (ECF No. 329) (collectively, "Defendants' Audible Magic Briefs") that reference one or more of Defendants' Ikezoye Deposition Excerpts, the Programming Guide, and the Transaction Log.

## II. ARGUMENT

Prior to allowing documents to be filed under seal, the Court should "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). As presented in more detail below, filing unredacted copies of the Feamster Deposition Excerpts, Plaintiffs' Ikezoye Deposition Excerpts, Plaintiffs' Audible Magic Briefs, Defendants' Ikezoye Deposition Excerpts, the Programming Guide, the Transaction Log, and Defendants' Audible Magic Briefs (collectively, the "Proposed Sealed Audible Magic Documents") under seal in this case is appropriate.

### A. Public Notice Is Provided

Pursuant to L.R. Civ. 5, Plaintiffs' Notice of Filing Sealing Motion (ECF No. 326) and Defendants' Notice of Filing Sealing Motion (ECF No. 333) has notified members of the public of the fact that the Court will be considering the permissibility of sealing unredacted copies of the Proposed Sealed Audible Magic Documents and will provide sufficient time for objection. *See In re Knight*, 743 F.2d at 235 (stating that the "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision"); *see also* L.R. Civ. 5. The hearing, if necessary, will occur after the filing of this pleading, and after the filing of both parties' Notice of Filing a Motion to Seal, so that members of the public have sufficient time to note any objections that they might have to the motion.

### B. There Are No Less Drastic Alternatives

Audible Magic does not seek a blanket protective order that would seal all of the pleadings or documents filed in this case, nor does it seek to seal even the entirety of the Plaintiffs' Audible Magic Briefs or Defendants' Audible Magic Briefs. A "less drastic" alternative is sought, namely that only unredacted copies of the Proposed Sealed Audible Magic Documents be placed under seal while the parties publicly file redacted copies of the Proposed Sealed Audible Magic Documents.

### C. Specific Reasons Why the Documents Should Be Filed under Seal

The Proposed Sealed Audible Magic Documents contain technically sensitive information relating to the business of Audible Magic. Such information should be kept confidential because its disclosure could provide competitors with an unfair advantage in their efforts to compete, and therefore would be harmful to Audible Magic. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

Specifically, based on representations made by Plaintiffs' counsel, the Feamster Deposition Excerpts contain substantial discussion and testimony regarding Audible Magic, its source code, and other documents mixed with the confidential information of other parties. Similarly, the Audible Magic Feamster Report Excerpts provide the factual basis for Dr. Feamster's opinions, at least as to Audible Magic, and include a detailed recitation of Dr. Feamster's understanding of Audible Magic's source code, its organization, and its operation.

Plaintiffs' Ikezoye Deposition Excerpts and Defendants' Ikezoye Deposition Excerpts contain a narrative description of Audible Magic's copyright identification software and process. Portions of these same excerpts have already been granted sealing protection by the Court. (ECF No. 279). The Transaction Log contains a voluminous and detailed technical record of communications and data exchanged between Audible Magic's servers and nonparty Mark Monitor's servers concerning Audible Magic's copyright identification software. Here too the Court has already granted sealing protection. (*Id.*). The Programming Guide contains information about how Audible Magic's customers can create interfaces with Audible Magic's copyright identification software and otherwise interact with Audible Magic's servers.

Taken in total, the Proposed Sealed Audible Magic Documents contain information relating to Audible Magic's proprietary processes for receiving data from its customers, analyzing the data to determine if the data contain various types of copyrighted content, and then notifying the customer of the result of this analysis on the data, including expert analysis and commentary on the same. Such information has never been shared outside of Audible Magic except with its customers or otherwise pursuant to a non-disclosure agreement. And some of the information regarding the inner workings of Audible Magic's source code has *never* been shared outside Audible Magic. Indeed, Audible Magic regards its source code as its single most important set of trade secrets.

With this information, competitors could use Audible Magic's confidential, competitively sensitive, and proprietary information to unfairly compete with Audible Magic. Therefore, sealing is necessary because this information is particularly sensitive, and its disclosure would create a substantial risk of competitive harm to Audible Magic if compromised. *See* ECF No. 58 (Stipulated Protective Order).

**III.     CONCLUSION**

Based on the foregoing, Audible Magic requests that this Court grant Plaintiffs' Motion at least as to the Feamster Deposition Excerpts, Audible Magic Feamster Report Excerpts, Plaintiffs' Ikezoye Deposition Excerpts, and the portions of Plaintiffs' Audible Magic Briefs that reference the same; and grant Defendants' Motion at least as to Defendants' Ikezoye Deposition Excerpts, the Programming Guide, the Transaction Log, and the portions of Defendants' Audible Magic Briefs that reference the same.

Dated:  September 6, 2019                                      Respectfully submitted,

/s/ Michael H. Jacobs

Michael H. Jacobs
Virginia Bar No. 41006
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:    (202) 624-2500
Facsimile:     (202) 628-5116
mjacobs@crowell.com

Gabriel Ramsey (*pro hac vice*)
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:    (415) 986-2800
Facsimile:     (415) 986-2827
gramsey@crowell.com

*Attorneys for Nonparty Audible Magic Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

 /s/ Michael H. Jacobs
Michael H. Jacobs (Va. Bar No. 41006)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
(202) 628-5116 (fax)
mjacobs@crowell.com

*Attorney for Nonparty Audible Magic Corp.*