**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, ) ) Plaintiffs, ) ) v. ) ) COX COMMUNICATIONS, INC., *et al.* ) ) Defendants. ) ) | Case No. 1:18-cv-00950-LO-JFA |

**NONPARTY MARKMONITOR, INC.'S**
**RESPONSE TO DEFENDANTS' MOTION TO SEAL**

Nonparty MarkMonitor, Inc. ("MarkMonitor"), through counsel, and pursuant to L. R. Civ.

5(C), hereby submits its response to Plaintiffs' Motion to Seal (ECF No. 327) requesting that

MarkMonitor's information and materials remain under seal, and in support states as follows:

**I.     APPLICABLE STANDARD**

"When a party moves to file material under seal because another party has designated that

material as confidential, the party designating the material as confidential must file a response to

the motion complying with requirements (2), (3), and (4) above along with a proposed order."  L.

R. Civ. 5(C).  "The non-confidential memorandum shall include: …

> (2) A statement why sealing is necessary, and why another
> procedure will not suffice, as well as appropriate evidentiary support
> for the sealing request;
> (3) References to the governing case law, an analysis of the
> appropriate standard to be applied for that specific filing, and a
> description of how that standard has been satisfied;
> (4) Unless permanent sealing is sought, a statement as to the period
> of time the party seeks to have the matter maintained under seal and
> how the matter is to be handled upon unsealing.

*Id.*

1

## II.     ANALYSIS

Plaintiffs' Motion requests that the Court seal the following documents that contain information designated by MarkMonitor as Highly Confidential – Attorneys' Eyes Only: Exhibits 2, 4, 5, 7, 12, 25, 70, and 71 (filed via hard drive), the Declaration of Sam Bahun (ECF No. 316), and Declaration of Barbara Frederiksen-Cross (ECF No. 317) to Plaintiffs' Motion for Summary Judgment ("Plaintiffs' MSJ"), Exhibits 1 (ECF No. 292-2), 2 (ECF No. 292-3), and 4 (ECF No. 292-5) to Plaintiffs' Motion to Preclude Feamster ("Feamster Motion"); Exhibits 1 (ECF No. 294-2) and 2 (ECF No. 294-3) to Plaintiffs' Motion to Exclude Weber ("Weber Motion"); and the memoranda in support of Plaintiffs' MSJ (ECF No. 313), Feamster Motion (ECF No. 292), and Weber Motion (ECF No. 294) (collectively, the "Proposed Sealed Exhibits").  The Proposed Sealed Exhibits contain information that MarkMonitor has designated Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order (ECF No. 60).

### A.     Non-Confidential Description of Material Filed Under Seal.

Plaintiffs' MSJ Exhibit 2 (filed via hard drive) is an Excel spreadsheet containing highly confidential information related to MarkMonitor's proprietary verification process for showing evidence of infringement.

Plaintiffs' MSJ Exhibit 4 (filed via hard drive) are excerpts of MarkMonitor's Case Packages, which contain highly confidential information related to MarkMonitor's proprietary verification process for showing evidence of infringement.

Plaintiffs' MSJ Exhibit 5 (filed via hard drive) is the Rebuttal Expert Report of Dr. Nick Feamster, which contains discussion of MarkMonitor's proprietary verification process for showing evidence of infringement and MarkMonitor's proprietary source code.

Plaintiffs' MSJ Exhibit 7 (filed via hard drive) is an Excel spreadsheet showing the hash values in MarkMonitor's notices of infringement to Cox, which constitute the product of

MarkMonitor's proprietary verification process for showing infringement.

Plaintiffs' MSJ Exhibit 12 (filed via hard drive) is the Supplemental/Rebuttal Report of Christian Tregillis, which discusses information related to and as a product of MarkMonitor's proprietary verification process for showing evidence of infringement.

Plaintiffs' MSJ Exhibit 25 (filed via hard drive) are summary data of RIAA infringement notices to Cox and Cox Responses.

Plaintiffs' MSJ Exhibit 70 (filed via hard drive) is a text file containing highly confidential information related to MarkMonitor's proprietary verification process for showing evidence of infringement.

Plaintiffs' MSJ Exhibit 71 (filed via hard drive) is an Excel spreadsheet containing highly confidential information related to MarkMonitor's proprietary verification process for showing evidence of infringement.

Bahun's Declaration (ECF No. 316) and Frederiksen-Cross's Declaration (ECF No. 317) discuss MarkMonitor's proprietary verification process for showing evidence of infringement and the foregoing exhibits.

Feamster Motion Exhibit 1 (ECF No. 294-2) is the Rebuttal Expert Report of Dr. Nick Feamster, which contains discussion of MarkMonitor's proprietary verification process for showing evidence of infringement and MarkMonitor's proprietary source code.

Feamster Motion Exhibit 2 (ECF No. 294-3) is the Report of George P. McCabe, which contains discussion of MarkMonitor's proprietary verification process for showing evidence of infringement.

Feamster Motion Exhibit 4 (ECF No. 294-5) contains excerpts of the transcript from the deposition of Nick Feamster, which discuss MarkMonitor's proprietary verification process for

showing evidence of infringement and MarkMonitor's proprietary source code.

Weber Motion Exhibit 1-2 (ECF No. 294-2) discusses highly confidential information related to MarkMonitor's relationship with the RIAA.

B.      **Sealing the Proposed Sealed Exhibits is Necessary to Protect MarkMonitor's Confidential, Proprietary Source Code and Verification Processes Upon Which Its Business is Built and Maintains a Competitive Advantage.**

MarkMonitor is a technology company that develops software intended to protect intellectual property owners from infringement, counterfeiting, fraud, piracy, and cybersquatting. Relevant to this action, MarkMonitor was retained by the RIAA to detect, report, and facilitate notification for infringement in the form of unauthorized downloads of songs on peer-to-peer file sharing sites. MarkMonitor's source code was developed to perform MarkMonitor's verification processes that MarkMonitor's customers pay MarkMonitor to perform. MarkMonitor's source code and verification processes are proprietary and kept confidential to maintain its competitive advantage in intellectual property protection. Data generated from MarkMonitor's source code and verification process are also proprietary and confidential as it is the end product used by MarkMonitor's customers.

The Proposed Exhibits contain descriptions of MarkMonitor's proprietary verification processes and trade secrets, excerpts from MarkMonitor's proprietary source code, data resulting from its proprietary verification process. The disclosure of the contents of the Proposed Exhibits would create a substantial risk of harm to MarkMonitor. MarkMonitor requests that the Proposed Sealed Exhibits be permanently sealed.

C.      **Sealing Confidential, Proprietary, and Competitive Information Outweighs the Public Interest in Disclosure.**

Disclosure of "sources of business information that might harm a litigant's competitive standing" outweigh the common law right of public inspection. *See Nixon v. Warner*

4

*Communications*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5-6, 48 N. W. 201, 202 (1891); *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J.)). *See also Woven Elecs. Corp. v. Advance Group, Inc.*, Nos. 89-1580, 89-1588, 1991 U.S. App. 6004, at *17 (4th Cir. Apr. 15, 1991); *East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information").

MarkMonitor's source code, verification processes, and resulting data from running the source code are the sources of information that establish MarkMonitor's competitive advantage as a technology resource for its customers and potential customers to protect their intellectual property. Disclosure of the Proposed Sealed Exhibits would have severe financial repercussions to MarkMonitor's business and ability to attract and maintain customers.

**D.     MarkMonitor Requests Permanent Sealing of the Proposed Sealed Exhibits.**

MarkMonitor seeks permanent sealing of the Proposed Sealed Exhibits.

**III.     CONCLUSION**

For the foregoing reasons, Nonparty MarkMonitor, Inc. respectfully requests that this Court grant Plaintiffs' Motion to Seal (ECF No. 327).

Dated: September 6, 2019                    Respectfully submitted,

                                              */s/ Julia K. Whitelock*
                                             Julia K. Whitelock, Esq. (VSB #79328)
                                             Gordon Rees Scully Mansukhani, LLP
                                             1101 King Street, Suite 520
                                             Alexandria, VA 22314
                                             202.399.1009
                                             202.800.2999 (Facsimile)
                                             jwhitelock@grsm.com

                                             *Counsel for Nonparty MarkMonitor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Julia K. Whitelock*
Julia K. Whitelock, Esq. (VSB #79328)
Gordon Rees Scully Mansukhani, LLP
1101 King Street, Suite 520
Alexandria, VA 22314
202.399.1009
202.800.2999 (Facsimile)
jwhitelock@grsm.com

*Counsel for Nonparty MarkMonitor, Inc.*