UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:18-cv-00950-LO-JFA |
| COX COMMUNICATIONS, INC., *et al.* ) | |
| Defendants. ) | |

**NONPARTY MARKMONITOR, INC.'S**
**RESPONSE TO DEFENDANTS' MOTION TO SEAL**

Nonparty MarkMonitor, Inc. ("MarkMonitor"), through counsel, and pursuant to L. R. Civ. 5(C), hereby submits its response to Defendants' Omnibus Motion to Seal (ECF No. 331) requesting that MarkMonitor's information and materials remain under seal, and in support states as follows:

**I.    APPLICABLE STANDARD**

"When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order." L. R. Civ. 5(C). "The non-confidential memorandum shall include: …

> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

1

*Id.*

## II.  ANALYSIS

Defendants' Motion requests that the Court seal the following documents that contain information designated by MarkMonitor as Highly Confidential – Attorneys' Eyes Only: Exhibits 1, 7, 37, 37A, 38, and 41 (filed via hard drive) to Defendants' Motion for Summary Judgment ("Defendants' MSJ"); Exhibits E (ECF No. 301-6) and G (ECF No. 301-8) to Defendants' Motion to Exclude the Testimony of Putative Expert George P. McCabe ("McCabe Motion"); Exhibits C (ECF No. 310-4), H (ECF No. 310-9), and J (ECF No. 310-11) to Defendants' Motion to Exclude the Testimony of Putative Expert Barbara Frederiksen-Cross ("Frederiksen-Cross Motion"); and the portions of the memoranda in support of Defendants MSJ (ECF No. 329), McCabe Motion (ECF No. 301), and Frederiksen-Cross Motion (ECF No. 310) that reference the same material (collectively, the "Proposed Sealed Exhibits").  The Proposed Sealed Exhibits contain information that MarkMonitor and Plaintiff have designated Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order (ECF No. 60).

### A.  Non-Confidential Description of Material Filed Under Seal.

<u>Defendants' MSJ Exhibit 1</u> (filed via hard drive) contains excerpts of the transcript from the deposition of Sam Bahun, a MarkMonitor employee, containing highly confidential testimony regarding MarkMonitor's proprietary verification process for showing evidence of infringement.

<u>Defendants' MSJ Exhibit 7</u> (filed via hard drive), <u>Defendants' MSJ Exhibit 38</u> (filed via hard drive), <u>McCabe Exhibit E</u> (ECF No. 301-6), and <u>Frederiksen-Cross Motion Exhibit H</u> (ECF No. 310-9) contain and reference excerpts of the transcript from the deposition of Slawomir Paszkowski, a MarkMonitor employee, containing highly confidential testimony regarding MarkMonitor's proprietary source code, proprietary verification process for showing evidence of infringement, and the highly confidential Excel spreadsheet Bates stamped MM000236.  Portions

of Mr. Paszkowski's deposition and the spreadsheet Bates stamped MM000236 were previously granted sealing protection by this Court in its August 29, 2019 Order (ECF No. 279).

Defendants' MSJ Exhibit 37 (filed via hard drive), Defendants' MSJ Exhibit 37A (filed via hard drive), McCabe Exhibit G (ECF No. 301-8), and Frederiksen-Cross Motion Exhibit C (ECF No. 310-4) is the Excel spreadsheet Bates stamped MM000236 or includes discussion of the spreadsheet, which contains highly confidential data showing evidence of infringement, which was compiled by MarkMonitor's proprietary verification process. The spreadsheet Bates stamped MM000236 were previously granted sealing protection by this Court in its August 29, 2019 Order (ECF No. 279).

Defendants' MSJ Exhibit 41 (filed via hard drive) and Frederiksen-Cross Motion Exhibit J (ECF No. 310-11) is the Excel spreadsheet Bates stamped MM000189 or includes discussion of the spreadsheet, which contains highly confidential data concerning MarkMonitor's proprietary verification process.

> **B.   Sealing the Proposed Sealed Exhibits is Necessary to Protect MarkMonitor's Confidential, Proprietary Source Code and Verification Processes Upon Which Its Business is Built and Maintains a Competitive Advantage.**

MarkMonitor is a technology company that develops software intended to protect intellectual property owners from infringement, counterfeiting, fraud, piracy, and cybersquatting. Relevant to this action, MarkMonitor was retained by the RIAA to detect, report, and facilitate notification for infringement in the form of unauthorized downloads of songs on peer-to-peer file sharing sites. MarkMonitor's source code was developed to perform MarkMonitor's verification processes that MarkMonitor's customers pay MarkMonitor to perform. MarkMonitor's source code and verification processes are proprietary and kept confidential to maintain its competitive advantage in intellectual property protection. Data generated from MarkMonitor's source code and verification process are also proprietary and confidential as it is the end product used by

MarkMonitor's customers. The disclosure of the contents of the Proposed Exhibits would create a substantial risk of harm to MarkMonitor. MarkMonitor requests that the Proposed Sealed Exhibits be permanently sealed.

### C. Sealing Confidential, Proprietary, and Competitive Information Outweighs the Public Interest in Disclosure.

Disclosure of "sources of business information that might harm a litigant's competitive standing" outweigh the common law right of public inspection. *See Nixon v. Warner Communications*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5-6, 48 N. W. 201, 202 (1891); *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J.)). *See also Woven Elecs. Corp. v. Advance Group, Inc.*, Nos. 89-1580, 89-1588, 1991 U.S. App. 6004, at *17 (4th Cir. Apr. 15, 1991); *East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information").

MarkMonitor's source code, verification processes, and resulting data from running the source code are the sources of information that establish MarkMonitor's competitive advantage as a technology resource for its customers and potential customers to protect their intellectual property. Disclosure of the Proposed Sealed Exhibits would have severe financial repercussions to MarkMonitor's business and ability to attract and maintain customers.

### D. MarkMonitor Requests Permanent Sealing of the Proposed Sealed Exhibits.

MarkMonitor seeks permanent sealing of the Proposed Sealed Exhibits.

## III. CONCLUSION

For the foregoing reasons, Nonparty MarkMonitor, Inc. respectfully requests that this Court grant Defendants' Omnibus Motion to Seal (ECF No. 331).

Dated: September 6, 2019	Respectfully submitted,

    */s/ Julia K. Whitelock*
Julia K. Whitelock, Esq. (VSB #79328)
Gordon Rees Scully Mansukhani, LLP
1101 King Street, Suite 520
Alexandria, VA 22314
202.399.1009
202.800.2999 (Facsimile)
jwhitelock@grsm.com

*Counsel for Nonparty MarkMonitor, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Julia K. Whitelock*
Julia K. Whitelock, Esq. (VSB #79328)
Gordon Rees Scully Mansukhani, LLP
1101 King Street, Suite 520
Alexandria, VA 22314
202.399.1009
202.800.2999 (Facsimile)
jwhitelock@grsm.com

*Counsel for Nonparty MarkMonitor, Inc.*