UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
COX'S MOTION TO FILE UNDER SEAL**

    Pursuant to Local Civil Rule 5, Plaintiffs and nonparty Recording Industry Association of America ("RIAA"), submit this memorandum in support of Cox's motion to seal (ECF No. 331, the "Motion"), which Cox submitted with its Motion for Summary Judgment (ECF No. 330) ("Summary Judgment Motion") and its Motion to Exclude the Testimony of William H. Lehr (ECF No. 308, the "Lehr Motion"), Motion to Exclude the Testimony of George P. McCabe (ECF No. 302, the "McCabe Motion"), Motion to Exclude the Testimony of Terrence P. McGarty (ECF No. 305, the "McGarty Motion"), and Motion to Exclude the Testimony of Barbara Frederiksen-Cross (ECF No. 311, the "Frederiksen-Cross Motion") (collectively, the "Motions").

    As detailed below, certain exhibits to the Motions, and portions of the supporting memoranda and declarations that cite to or discuss those exhibits, comprise documents and information that Plaintiffs or RIAA have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order"). Plaintiffs and RIAA, where applicable, request these materials and the information contained therein remain under seal.

Under current Fourth Circuit law, the district court may properly seal court records after meeting the following requirements:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

(2) consider less drastic alternatives to sealing the documents, and

(3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). As detailed below, each requirement has been met.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled for October 18, 2019, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Cox has used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Plaintiffs provide the bases that warrant sealing each document as follows.

### I. Plaintiffs' Highly Confidential Financial and Business Information Should be Sealed

As detailed below, sealing is warranted for the following documents, which Plaintiffs have designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order.

> The deposition transcript of Alasdair McMullan
> *Summary Judgment Motion, Exhibit 6*
>
> The deposition transcript of Steven Poltorak
> *Summary Judgment Motion, Exhibit 8.*
>
> The deposition transcript of William H. Lehr, Ph.D.
> *Lehr Motion Declaration, Exhibit D*
>
> The Expert Report of Plaintiffs' Expert William Lehr
> *Summary Judgment Motion, Exhibit 15;*
> *Lehr Motion Declaration, Exhibit A*
>
> The Expert Rebuttal Report of Plaintiffs' Expert William Lehr
> *Lehr Motion Declaration, Exhibit B*
>
> The Expert Reply Report of Plaintiffs' Expert William Lehr
> *Lehr Motion Declaration, Exhibit C*

These documents should be sealed because they discuss or disclose internal business decisions and sensitive contractual arrangements – all of which are maintained as strictly confidential in the ordinary course of business. For example, these documents discuss or disclose royalties to be paid, licensing arrangements, and internal structuring of Plaintiffs' businesses, all of which is proprietary, not available to the public, commercially sensitive, and/or subject to express confidentiality obligations in agreements with third parties. Disclosure of such information would allow competitors, non-affiliated licensees, and artists, to assess how Plaintiffs internally structure and value their assets, which would give them an unfair financial advantage in their negotiations with Plaintiffs. Similarly, the public disclosure of corporate transactions and merger and acquisition information would cause harm to Plaintiffs by revealing to competitors and

counterparties how they price and structure their transactions. Plaintiffs do not disclose this information to third parties and permit their disclosure in litigation only where there is a protective order in place.

## II. Plaintiffs' and RIAA's Highly Confidential Anti-Piracy Documents Should be Sealed

Sealing is also warranted for the following documents, which Plaintiffs and the RIAA have designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order.

The deposition transcript of Plaintiffs' Expert Barbara Frederiksen-Cross[1]
*Summary Judgment Motion, Exhibit 2;*
*Frederiksen-Cross Motion Declaration, Exhibit F*

The Expert Report of Barbara Frederiksen-Cross[2]
*Summary Judgment Motion, Exhibit 13;*
*McCabe Motion Declaration, Exhibit H;*
*Frederiksen-Cross Motion Declaration, Exhibit D*

The Supplemental and Reply Report of Plaintiffs' Expert Barbara Frederiksen-Cross[3]
*Summary Judgment Motion, Exhibit 14;*
*McCabe Motion Declaration, Exhibit K;*
*Frederiksen-Cross Motion Declaration, Exhibit E*

The deposition transcript of expert George P. McCabe
*Summary Judgment Motion, Exhibit 5;*
*McCabe Motion Declaration, Exhibit D*

The Expert Report of George P. McCabe[4]
*Summary Judgment Motion, Exhibit 16;*
*McCabe Motion Declaration, Exhibit B;*
*McGarty Motion Declaration, Exhibit H*

The Expert Supplemental and Reply Report of George P. McCabe, Ph.D
*McCabe Motion Declaration, Exhibit C*

---

[1] Excerpts from the deposition of Barbara Frederiksen-Cross were previously granted sealing by the Court. ECF No. 279.
[2] The Report of Barbara Frederiksen-Cross was previously granted sealing by the Court. ECF No. 279.
[3] The Supplemental and Reply Report of Barbara Frederiksen-Cross was previously granted sealing by the Court. ECF No. 279.
[4] The Report of George P. McCabe was previously granted sealing by the Court. ECF No. 279.

<u>The Deposition Transcript of Terrence P. McGarty, Ph.D.</u>
*McGarty Motion Declaration, Exhibit C*

<u>The Expert Report of Plaintiffs' Expert Terrence P. McGarty[5]</u>
*Summary Judgment Motion, Exhibit 17;*
*McGarty Motion Declaration, Exhibit A*

<u>The Expert Supplemental and Reply Report of Plaintiffs' Expert Terrence P. McGarty</u>
*McGarty Motion Declaration, Exhibit B*

<u>Plaintiffs_00286430</u>
*Summary Judgment Motion, Exhibit 26, 26A, 27, 28*

<u>Plaintiffs_00104130, Plaintiffs_00112675, Plaintiffs_00148396, Plaintiffs_00148541, and Plaintiffs_00200764</u>
*Summary Judgment Motion, Exhibit 29*

<u>Plaintiffs_00113142</u>
*Summary Judgment Motion, Exhibit 30*

<u>Plaintiffs_00175863</u>
*Summary Judgment Motion, Exhibit 31*

<u>Plaintiffs_00137124</u>
*Summary Judgment Motion, Exhibit 32*

<u>Plaintiffs_00286431[6]</u>
*Summary Judgment Motion, Exhibit 39*
*Frederiksen-Cross Motion Declaration, Exhibit A, B*

<u>The deposition transcript of Steven Marks</u>
*Summary Judgment Motion, Exhibit 4*

<u>RIAA00000003</u>
*Summary Judgment Motion, Exhibit 22*

<u>RIAA00000017[7]</u>
*Summary Judgment Motion, Exhibit 23*

<u>RIAA00000030</u>
*Summary Judgment Motion, Exhibit 24A*

---

[5] Plaintiffs designated the Expert Report of Plaintiffs' Expert Terrence P. McGarty as "Highly Confidential – Attorneys' Eyes Only" based upon its references to Cox's documents and take no position on those designations.
[6] Plaintiffs_00286431 was previously granted sealing protection by this Court. ECF No. 279.
[7] RIAA_00000017 was previously granted sealing protection by this Court. ECF No. 279.

>  <u>RIAA00000045</u>
>  *Summary Judgment Motion, Exhibit 24B*
>
>  <u>RIAA00127769</u>
>  *Summary Judgment Motion, Exhibit 25*
>  *McCabe Motion Declaration, Exhibit F.*

These documents contain information related to MarkMonitor's proprietary technology for gathering evidence of infringement, Audible Magic's fingerprinting technology, and Plaintiffs' anti-piracy operations conducted with the RIAA, all of which is extremely sensitive, proprietary, not available to the public, and in many cases subject to express confidentiality obligations in agreements with third parties. In addition, the documents designated by the RIAA detail the terms of highly sensitive contractual agreements between the RIAA, Plaintiffs, and MarkMonitor, all of which are kept strictly confidential in the ordinary course of business. If disclosed, others could use the highly confidential information and related trade secrets contained in these documents for illegal or unlawful purposes, or to unfairly compete with others in the industry. Further, the public has no legitimate need for this detailed, highly confidential, and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly-filed pleadings and numerous declarations from parties and nonparties.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs and non-party the RIAA respectfully request that the Court enter an order granting Cox's Motion to Seal (ECF No. 332) with respect to Plaintiffs' and the RIAA's documents and information and order that they remain under seal.

//

//

//

                                Respectfully submitted,

Dated September 11, 2019                          <u>/s/ Scott. A Zebrak</u>
                                                  Scott A. Zebrak (38729)
                                                  Matthew J. Oppenheim (*pro hac vice*)
                                                  Jeffrey M. Gould (*pro hac vice*)
                                                  OPPENHEIM + ZEBRAK, LLP
                                                  4530 Wisconsin Avenue, NW, 5th Floor
                                                  Washington, DC 20015
                                                  Tel: 202-480-2999
                                                  scott@oandzlaw.com
                                                  matt@oandzlaw.com
                                                  jeff@oandzlaw.com

                                                  *Attorneys for Plaintiffs and the Recording Industry Association of America*