**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al*., | |
| *Plaintiffs*, | |
| v. | Case No. 1:18-cv-00950-LO-JFA |
| COX COMMUNICATIONS, INC., *et al*., | |
| *Defendants*. | |

## COX'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL

On August 30, 2019, Plaintiffs filed their Motion for Summary Judgment (ECF No. 312) and several *Daubert* Motions (ECF Nos. 285, 289, 293) attaching or referencing documents that Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") designated as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 58) (the "Protective Order").  Plaintiffs moved to seal in connection therewith (ECF No. 327).

Under Rule 26 of the Federal Rules of Civil Procedure and E.D. Va. Local Civil Rule 5(C), Cox respectfully submits this Response in partial support of Plaintiffs' motion to seal, seeking to maintain certain exhibits under seal, as described below. Pursuant to Local Civil Rule 5(C), Cox must provide the Court with:

a.   **"A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."**

- Exhibit 5 to the Declaration of Jeffrey Gould in Support of Plaintiffs' Summary Judgment Motion ("Plaintiffs' Summary Judgment Motion") was previously afforded sealing protection by Order granted. *See* ECF Nos. 165, 279. If exposed to the public, it would reveal expert opinions on source code and proprietary

information about how Mark Monitor and Audible Magic function that is highly confidential under the Protective Order.

- Exhibit 23 to Plaintiffs' Summary Judgment Motion was previously afforded sealing protection by Order granted. *See* ECF No. 91. It is Cox's discovery responses in another litigation. If exposed, it would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's response to copyright infringement notices, how Cox operates internally, and Cox's financial information.

- Exhibits 1, 12, 49-53, 68 to Plaintiffs' Summary Judgment Motion and Exhibit 1 to the Declaration of Jeffrey Gould in Support of Plaintiffs' Motion Seeking to Exclude Certain Expert Testimony by W. Christopher Bakewell each contain Cox's sensitive financial information, which if publically exposed could provide competitors with an unfair advantage and therefore would harm Cox. *See East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

- Exhibits 37, 39, 40, 43, 45, 47 contain personal identifying information such as the names, addresses, and phone numbers of certain Cox subscribers. *See id.* The exhibits also contain billing and payment information for Cox subscribers as well as details concerning their accounts. Cox requests that these financial details and arrangements remain private.

- Exhibits 19-21, 26-28, 31, 32, 34, 36, 38, 58, 59, 66, 69 Plaintiffs' Summary Judgment Motion, Exhibit 1 to the Declaration of Jeffrey Gould in Support of Plaintiffs' Motion to Exclude Certain Expert Testimony by Dr. Kevin C. Almeroth, and Exhibits 1 and 2 of the Declaration of Jeffrey Gould in Support of Plaintiffs' Motion to Exclude Certain Expert Testimony by Dr. Lynn Weber each contain non-public, commercially sensitive Cox information, which specifically detail Cox's internal procedures. It is "highly sensitive business" information that if publically exposed, would harm Cox's "competitive position." *See id.* The exhibits contain information that Cox's competitors do not presently have access to that, if revealed, would cause Cox competitive injury. If disclosed, the exhibits would reveal information about internal Cox policies and procedures, private communications concerning subscriber accounts, and details about how Cox subscribers use its network.

Cox does not seek to maintain under seal those exhibits subject to Plaintiffs' seal motion (i) for which prior sealing motions have been denied, (ii) which have been publicly disclosed, or (iii) for which there is no legitimate claim for sealing.

**b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and

(3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Plaintiffs' sealing motion was publicly docketed before the hearing on Plaintiffs' Summary Judgment Motion, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only those limited identified exhibits and redacting only a portion of Plaintiffs' Motion for Summary Judgment, Plaintiffs' Motion Seeking to Exclude Certain Expert Testimony by W. Christopher Bakewell, Plaintiffs' Motion to Exclude Certain Expert Testimony by Dr. Kevin C. Almeroth, and Plaintiffs' Motion to Exclude Certain Expert Testimony by Dr. Lynn Weber.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the documents at issue as Highly Confidential or Confidential pursuant to the Protective Order in this case. Cox also meets the third requirement because the documents contain confidential proprietary

information that, if exposed, could provide competitors in the market with an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party"). The documents also contain identifying personal information and account details of Cox's subscribers.

   c.   **"Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

   Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm Cox or reveal personal details about its subscribers.

   d.   **A proposed order attached hereto.**


Dated: September 13, 2019

                                        Respectfully submitted,

                                        */s/ Thomas M. Buchanan*
                                        Thomas M. Buchanan (VSB No. 21530)
                                        WINSTON & STRAWN LLP
                                        1700 K Street, NW
                                        Washington, DC 20006-3817
                                        Tel: (202) 282-5787
                                        Fax: (202) 282-5100
                                        Email: tbuchana@winston.com

                                        *Attorney for Cox Communications, Inc.*
                                        *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tekearney@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.
and CoxCom, LLC*