UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00950-LO-JFA<br><br>**CONTAINS HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** |

## DECLARATION OF STEVEN MARKS

I, Steven Marks, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

### Introduction

1.    I am the former General Counsel and Chief of Digital Business for the Recording Industry Association of America ("RIAA"), where I worked from 1997 until January 2019. I have personal knowledge of the facts set forth herein and, if necessary, I would and could competently testify thereto if called as a witness in this matter. I submit this declaration in support of Plaintiffs' Opposition to Cox's Motion For Discovery Sanctions And To Preclude Plaintiffs' Use Of MarkMonitor Evidence.

2.    RIAA is the trade organization that supports and promotes the creative and financial vitality of the major recording companies, including the Record Company Plaintiffs in this case. Among other things, RIAA works to protect the intellectual property and First

Amendment rights of artists and music labels; conducts consumer, industry and technical research; and monitors and reviews state and federal laws, regulations and policies.

3. MarkMonitor provided antipiracy services to RIAA for many years, including from 2008 through at least March 2015.

4. For a period of years prior to 2008, the music industry had a well-known litigation program that involved lawsuits against individuals infringing on P2P services. Once that program ended in roughly 2007 or early 2008, RIAA and its members shifted focus and were trying to work with ISPs to combat P2P piracy by their subscribers. This was approximately the same time that RIAA began discussing with ISPs, including Cox, a proposed experiment to work together to combat online piracy. That experiment would become known as the Copyright Alert System.

5. Consistent with that approach, from 2008 through at least March 2015, MarkMonitor's efforts to monitor peer-to-peer ("P2P") networks and detect instances of infringement were part of a notice program, not a litigation program. The purpose of the program was to provide ISPs – including Cox – with notice of their subscribers' infringement, so that the ISPs could take steps to address it.

6. During the Claim Period (February 2013 through November 2014) and before, litigation against Cox and the other ISPs involved with the RIAA notice program was not contemplated. The agreements with Mark Monitor made clear that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇,

███████████████████████ This is standard language; it does not suggest that litigation was expected.

7. Plaintiffs' case against Cox filed in July 2018 is the first lawsuit since MarkMonitor began sending infringement notices to ISPs on behalf of RIAA, in which the data MarkMonitor collected for RIAA has been used for litigation.

Executed this 12th day of September, 2019 in Los Angeles, CA

_____
Steven Marks

3