UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**DECLARATION OF JEFFREY M. GOULD**

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am Senior Counsel Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case.

2. I submit this declaration in support of Plaintiffs' Opposition to Cox's Motion For Discovery Sanctions And To Preclude Plaintiffs' Use Of MarkMonitor Evidence. I have knowledge of the facts stated herein based on personal knowledge or information learned in the course of my involvement in this case. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. On December 12, 2018, Plaintiffs served their initial disclosures in accordance with Rule 26(a)(1). Plaintiffs' disclosures included all information required by Rule 26(a)(1). Plaintiffs and third parties produced documents identifying Audible Magic as early as February 2019. Cox then served a subpoena on Audible Magic in April, received document productions from Audible Magic on April 26 and May 1, 2019, and deposed its Rule 30(b)(6) designee on May 6, 2019.

4. On February 26, 2019, Plaintiffs produced to Cox a hard drive with copies of the infringing audio files that Cox subscribers downloaded and distributed. These files were ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5. MarkMonitor entered into a Statement of Work ("SOW") with RIAA in 2012 concerning a ▮▮▮▮▮▮▮. The contract defined the ▮▮▮▮▮ services MarkMonitor was to provide, and expressly provided that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ A true and correct copy of the 2012 SOW is attached to the Leiden Declaration in support of Cox's Motion as Exhibit T.

6. Cox's contention that MarkMonitor and/or Plaintiffs somehow obstructed Cox's ability to take discovery from MarkMonitor is contradicted by the record. Cox served document and deposition subpoenas on MarkMonitor. When Cox demanded to inspect MarkMonitor's proprietary/trade secret source code, MarkMonitor objected. When the U.S. District for the Northern District of California overruled MarkMonitor's objection, MarkMonitor made its source code available to Cox's expert for inspection.

7. When Cox served a facially invalid deposition subpoena on MarkMonitor, MarkMonitor moved to quash it. The U.S. District for the Northern District of California sustained the objection and quashed Cox's deposition subpoena on multiple grounds. Cox then served an amended subpoena and tried to insist that MarkMonitor education a U.S.-based employee on certain highly technical issues as a Rule 30(b)(6) designee. Cox then agreed to take the deposition of MarkMonitor's Lithuanian witness by video and then refused to honor that agreement, forcing yet another dispute before the California court. The court rejected Cox's request to order that the

deposition occur in person, in Lithuania, on the last day of discovery, when three other depositions were already scheduled that day, and Cox had previously agreed to take that deposition by video. What Cox paints as MarkMonitor's obstruction, in fact, reflects Cox's overly aggressive approach to discovery third-party discovery. The Northern District of California court agreed and, after describing a specific email from a Winston & Strawn partner as "needlessly hostile," admonished the parties' counsel to "practice civilly." A true and correct copy of the Northern District of California's April 25, 2019 Order is attached hereto as Exhibit 1.

8.  Exhibit 2 is a true and correct copy of Stroz Friedberg's October 14, 2012 report assessing MarkMonitor' methodologies for monitoring, verifying, and enforcing online copyright infringement on P2P file sharing networks.

9.  Exhibit 3 is a true and correct copy of relevant excerpts from the May 6, 2019 deposition transcript of Vance Ikezoye, Audible Magic's 30(b)(6) corporate designee. The Audible Magic Spreadsheet (REV00003444) was not identified during any questions or answers during Mr. Ikezoye's deposition, and it was not entered as an exhibit. Cox did not authenticate the Audible Magic Spreadsheet during that deposition.

10. Exhibit 4 is a true and correct copy of the August 30, 2019 Declaration of Barbara Frederiksen-Cross, Plaintiffs' technical expert (ECF No. 235-7).

11. Exhibit 5 is a true and correct copy of relevant excerpts from the May 23, 2019 deposition transcript of Alasdair McMullan, Senior Vice President of Business & Legal Affairs at UMG Recordings, Inc.

12. Exhibit 6 is a true and correct copy of relevant excerpts from the May 29, 2019 deposition transcript of Dr. Nick Feamster, Cox's technical expert.

13. Exhibit 7 is a true and correct copy of relevant excerpts from the June 13, 2019 deposition transcript of Sam Bahun, MarkMonitor's 30(b)(6) corporate designee.

14. I have reviewed the 236 spreadsheet to check whether the information Cox provides the Court in its brief and the Leiden Declaration are correct. I found numerous errors or misrepresentations by Cox in the chart at paragraph 12 of the Leiden Declaration. I filtered each of the ▮▮▮▮▮ observed the following:

- Ms. Leiden claims that the ▮▮▮▮▮ That is wrong. ▮▮▮▮▮

- Ms. Leiden claims that ▮▮▮▮▮ That is wrong. ▮▮▮▮▮

- Ms. Leiden claims that ▮▮▮▮▮ That is wrong. ▮▮▮▮▮

15. Audible Magic produced nearly ▮▮▮ documents on April 26 and May 1, 2019, collectively.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 13, 2019 in Washington, District of Columbia.

_____
Jeffrey M. Gould
Counsel for Plaintiffs

4