UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' AND NONPARTY RIAA'S MOTION FOR SEALING**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5, Plaintiffs and nonparty Recording Industry Association of America ("RIAA") move the Court to enter an order allowing Plaintiffs to file under seal or temporary seal a portion of Plaintiffs' Opposition to Cox's Motion for Discovery Sanctions and to Preclude Plaintiffs' Use of MarkMonitor Evidence (ECF No. 352) (the "Opposition"), a portion of the Declaration of Jeffrey Gould in support of the Memorandum (ECF No. 352-4) (the "Gould Declaration"), certain exhibits attached to the Gould Declaration (ECF Nos. 352-5 through 352-11) and portions of third-party declarations submitted by Sam Bahun (the "Bahun Declaration") (ECF No. 352-1), Vance Ikezoye (the "Ikezoye Declaration") (ECF No. 352-2), and Steven Marks (the "Marks Declaration") (ECF No. 352-3). The Memorandum and accompanying Declarations and Exhibits contain documents and information that have been designated by Plaintiffs, Cox, and/or other third parties as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order").

For documents containing information designated as "Highly Confidential – Attorneys'

Eyes Only" or "Confidential" by Plaintiffs, RIAA, Audible Magic, or MarkMonitor, sealing is warranted as explained below. For documents designated confidential by Cox, Plaintiffs take no position as to whether sealing is warranted. Rather, Plaintiffs are seeking the Court's leave to file those documents under temporary seal to comply with the Protective Order and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

I. **Plaintiffs' and RIAA's "Highly Confidential – Attorneys' Eyes Only" and "Confidential" information warrant sealing.**

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. Va. Local Rule 5(c). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

(2) consider less drastic alternatives to sealing the documents, and

(3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub*. Co., 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the October 18, 2019 hearing scheduled on the underlying motions, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited

sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As explained below, sealing is warranted for the following documents, which cite to, discuss, or disclose Plaintiffs', MarkMonitor's, or Audible Magic's highly sensitive, confidential business and trade secret information.

- Certain portions of the May 6, 2019 deposition transcript of Vance Ikezoye, Audible Magic's 30(b)(6) corporate designee;

- Certain portions of the May 23, 2019 deposition transcript of Alasdair McMullan, Senior Vice President of Business & Legal Affairs at UMG Recordings, Inc;

- Certain portions of the June 13, 2019 deposition transcript of Sam Bahun, MarkMonitor's 30(b)(6) corporate designee;

- Certain portions of the August 30, 2019 Declaration of Barbara Frederiksen-Cross, Plaintiffs' technical expert;

- Certain portions of the Declaration of Sam Bahun, in support of Plaintiffs' Opposition to Cox's Motion for Sanctions;

- Certain portions of the Declaration of Steven Marks, in support of Plaintiffs' Opposition to Cox's Motion for Sanctions;

- Certain portions of the Declaration of Vance Ikeyoze, in support of Plaintiffs' Opposition to Cox's Motion for Sanctions;

The sealed or redacted portions of the above documents detail highly-sensitive and proprietary aspects of MarkMonitor's system for identifying and gathering evidence of infringement on peer-to-peer networks, in addition to non-public aspects of Audible Magic's fingerprinting technology and confidential business decisions of plaintiffs and non-parties. The Court has already granted sealing protection for excerpts from the deposition of Mr. Bahun and Mr. Ikezoye. *See* ECF 279.

The information described above is all kept strictly confidential in the ordinary course of business and, if publicly disclosed, a serious risk of harm would result. For example, others could use the confidential information of Plaintiffs and/or nonparties for unlawful or illegal purpose, or to unfairly compete with Plaintiffs or nonparties by benefiting from the trade secrets of others or gaining an unfair advantage in negotiating position. Further, the public has no legitimate need to access this highly confidential and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly filed pleadings and numerous declarations from parties and nonparties.

## II.  Documents designated by Cox as "Highly Confidential – Attorneys' Eyes Only" or "Confidential"

Plaintiffs also move the Court to enter an order allowing them to file under seal certain documents and information that Cox designated as Highly Confidential – Attorneys' Eyes Only or Confidential under the stipulated protective order (noted below).

- Certain portions of the May 29, 2019 Deposition Transcript of Dr. Nick Feamster, which Defendants ("Cox") has designated as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order.

Plaintiffs take no position as to whether these documents and information should be sealed. Nonetheless, Plaintiffs request sealing to comply with the Court's Protective Order in this action and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

b. "References to the governing case law, an analysis of the appropriate standard to be

applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

d. A proposed order.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs and non-party the RIAA respectfully request that the Court grant Plaintiffs' and RIAA's Motion for Sealing.

Respectfully submitted,

Dated September 13, 2019

*/s/ Scott. A Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs and the Recording Industry Association of America*