# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC.<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## COX'S OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. ARGUMENT ......................................................................................................................... 3

    A. Plaintiffs Failed to Establish that Judicial Notice is Appropriate Here. ................... 3

        1. Plaintiffs cite no authority for the Court to take judicial notice of hundreds of documents covering thousands of works in suit. .................... 3

        2. Plaintiffs' failure to produce hundreds of certificates, covering thousands of works and delay in seeking judicial notice is inexcusable. ............................................................................................................. 3

        3. Plaintiffs failed to comply with Federal Rule of Evidence 201(c)(2). ................................................................................................................ 5

    B. If the Court Takes Judicial Notice, the Subject Documents Do Not Establish Prima Facie Validity and Ownership of the Impacted Works-in-Suit. ................................................................................................................................ 6

III. CONCLUSION ...................................................................................................................... 8

I.      INTRODUCTION

Plaintiffs' request for judicial notice is deficient and should be denied for the following reasons.

*First*, while the Court took judicial notice in *BMG* of information from the Copyright Office's website relating to only *two* registration certificates covering *two* works (out of the more than 1,100 works asserted in that case), Plaintiffs ask the Court here to take judicial notice of *hundreds* of unidentified documents that cover *thousands* of unidentified works. Plaintiffs cite no support for the Court doing so in a case such as this. Moreover, in *BMG*, information from the Copyright Office's website was offered to *remedy* facial deficiencies with respect to these two Copyright Office registration certificates that BMG had produced during discovery. Here, Plaintiffs have not produced a single Copyright Office registration certificate for the impacted works. Instead, the unidentified documents of which Plaintiffs ask the Court take judicial notice constitute their *only* purported proof of copyright validity and ownership for thousands of works.

*Second*, judicial notice of these documents at this stage in the litigation would prejudice Cox. Plaintiffs, which characterize themselves as the "leading record companies and music publishers of the world, and [] the owners and stewards of the copyrighted works of the most legendary artists and songwriters of our time,"[1] decided to bring this case in which they assert infringement of more than 10,000 works allegedly owned by more than 50 separate entities. Yet they completely fail to explain in their two-and-a-half-page memorandum why they do not possess the most basic proof of their claims—registration certificates for all of the works in this case. They also entirely fail to acknowledge that they could have easily requested these certificates from the Copyright Office. Yet they did not do so at any point in time, including after Cox flagged this

---

[1] ECF No. 325, ¶ 1.

deficiency at the very commencement of discovery. It is irrelevant that summary judgment is pending: Plaintiffs could have sought clarity on this issue at any point in time. Plaintiffs should not be rewarded for their failure to take these basic actions in a case of this magnitude.

*Third*, contrary to Plaintiffs' assertion, they have not provided the Court with the "necessary information" to support judicial notice as required by Federal Rule of Evidence 201(c)(2). Instead, Plaintiffs simply point to declarations filed in support of their motion for summary judgment to which thousands of documents were attached. As a preliminary matter, it is improper to rely on information submitted with one motion in another. More critically, Plaintiffs do not specify which of these thousands of documents they ask the Court to judicially notice. Thus, the Court (like Cox) is left to wade through thousands of documents to determine which are subject to *this motion*. Plaintiffs' motion should be denied for this reason alone.

*Finally*, even if the Court decides to take judicial notice of these documents, the documents should not be deemed to constitute *prima facie* evidence of copyrights' validity, or Plaintiffs' ownership of them. Such a reading would be contrary to the plain language of the Copyright Act, which provides that "*the certificate* of a registration … shall constitute prima facie evidence of the validity of the copyright and of the facts stated *in the certificate*." 17 U.S.C. § 410(c) (emphases added). Plaintiffs cite no authority that would support the Court holding that the mere presence of entries in the Copyright Office's database is tantamount to providing "the certificate[s]" covering thousands of works for which Plaintiffs failed to provide proper documentation.

For these reasons, Plaintiffs' motion should be denied in its entirety or, in the alternative, the documents should not be deemed to constitute *prima facie* evidence of validity and ownership.

## II. ARGUMENT

### A. Plaintiffs Failed to Establish that Judicial Notice is Appropriate Here.

#### 1. Plaintiffs cite no authority for the Court to take judicial notice of hundreds of documents covering thousands of works in suit.

Plaintiffs misleadingly argue that "[c]ourts, including this one, have consistently found that U.S. Copyright Office's Public Copyright Database records meet the requirements of Rule 201 and take judicial notice thereof." ECF No. 284 at 2. In *BMG*, Cox opposed BMG's motion for partial summary judgment on ownership of more than 1,100 works in suit by highlighting, in part, that just two of BMG's produced registration certificates were facially deficient—one had handwriting regarding the identity of the claimant and the other was missing multiple pages. *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 646-647 (E.D. Va. 2015). On reply, BMG pointed the Court to the Copyright Office's directory, the information from which the Court took judicial notice to remedy these facial defects for these two registration certificates (which covered only two works). *Id.* While other courts have taken judicial notice of information from the Copyright Office's directory, including in the cases cited by this Court in its decision on summary judgment in *BMG*, *see id.*, Plaintiffs cite no authority for a court taking judicial notice of the hundreds of documents covering thousands of works, as requested here. They also cite no support for a court taking blind judicial notice, as requested here, where the documents subject to the request are not even identified.

#### 2. Plaintiffs' failure to produce hundreds of certificates covering thousands of works and delay in seeking judicial notice is inexcusable.

Plaintiffs consider themselves "stewards of the copyrighted works of the most legendary artists and songwriters of our time." ECF 325, ¶ 1. They also claim that "[a]s a matter of corporate practice and policy, Plaintiffs protect their copyrights, including through registrations with the U.S. Copyright Office …." *Id.*, ¶ 2. But Plaintiffs nevertheless failed to produce hundreds of

3

registration certificates impacting thousands of their works. While Plaintiffs claim that Cox "would not suffer any prejudice from granting this request," they do not explain why they do not possess this basic information or why they decided not to seek it from the Copyright Office during (or before) discovery. For the reasons below, Plaintiffs' failure to produce these certificates is inexcusable and Plaintiffs' motion should be denied.

The Copyright Office provides (albeit for a fee) that "[a]nyone can request additional certificates of copyright registration …." Circular 6, *Obtaining Access to and Copies of Copyright Office Records and Deposits*; *see also* 37 C.F.R. § 201.2(d)(iv).[2] The Copyright Office further explains that an "additional *certificate* has the same legal or evidentiary effect as the original certificate" but it does not reference printouts from its website. *See id.* (emphasis added). Plaintiffs fail to explain in their motion why they did not possess these certificates in the first place or why they decided not to pay the fee to obtain additional certificates from the Copyright Office. Indeed, Plaintiffs had ample time do so, as they discovered in December 2018 (at the latest) that they lacked hundreds of certificates.[3]

Moreover, while Plaintiffs claim "taking judicial notice of this information … will conserve resources, foster resolution at summary judgment, and narrow issues for clearer presentation at trial," they fail to explain what resources might be conserved, why this would foster resolution at summary judgment, what issues would be narrowed, or, critically, why they did not request that the Court take judicial notice of these documents before discovery ended in this case. As discussed above, it is indisputably each Plaintiff's burden to establish its standing to sue Cox

---

[2] *Available at* https://www.copyright.gov/circs/circ06.pdf  (last visited Sept. 10, 2019).
[3] Plaintiffs stated in December 2018 that "if a certificate is not readily accessible," they were instead producing "a look-up page evidencing registration printed from the U.S. Copyright Office's website."

for the alleged infringement of the more than 10,000 works these 50-plus entities assert. Only a copyright registration certificate serves as *prima facie* evidence of validity and ownership. 17 U.S.C. § 401(c). Thus, had Plaintiffs intended to rely solely on these documents to attempt to establish as much, they should have sought clarity from the Court to do so before the end of discovery.

Plaintiffs—a collection of the most established companies in the music industry—should not be rewarded for these failures. The decision to take judicial notice is squarely in the discretion of the Court and it should be denied here. *See Haavistola v. Cmty. Fire Co. of Rising Sun*, 6 F.3d 211, 218 (4th Cir. 1993) (decision to take judicial notice within the court's discretion).

### 3. Plaintiffs failed to comply with Federal Rule of Evidence 201(c)(2).

Federal Rule of Evidence 201(c)(2) states that "[t]he court … must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A court may decline to take judicial notice where the necessary information is *not* provided. *See, e.g.*, *Murray v. Dobyns*, No. 1:12-CV-214, 2013 WL 3326661, at *4 (M.D.N.C. July 1, 2013) ("The court does not have enough 'necessary information' to sufficiently determine the accuracy of the exhibits for the purposes of judicial notice.").

Here, Plaintiffs do not identify *any* of the documents for which they ask the Court to take judicial notice. Plaintiffs also fail to disclose in their motion that they ask the Court do so with respect to hundreds of documents that impact thousands of works. Rather, Plaintiffs request that the Court "take judicial notice of copyright registration information from the U.S. Copyright Office's Public Copyright Database" and vaguely and misleadingly explain that "copies of the registrations that are the subject of this Request have been supplied to the Court as exhibits to the declarations of Jeremy Blietz, David Kokakis, Wade Leak, Alasdair McMullan, Anish Patel, and

Steven Poltorak," which were filed in support of Plaintiffs' motion for summary judgment. ECF No. 284 at 2. Even if it were proper to look to these declarations and the thousands of documents attached thereto (which it is not), the declarations themselves do not identify which documents are subject to Plaintiffs' motion.[4] The declarations simply lump together copies of Copyright Office registration certificates with purported printouts from the Copyright Office's website. Plaintiffs have therefore failed to provide the Court with the "necessary information" with which to take judicial notice. Plaintiffs' request should be denied for this reason alone.

### B. If the Court Takes Judicial Notice, the Subject Documents Do Not Establish Prima Facie Validity and Ownership of the Impacted Works-in-Suit.

If the Court decides to take judicial notice of the hundreds of unidentified printouts from the Copyright Office's website covering thousands of unidentified works, it should reject Plaintiffs' request that these documents constitute *prima facie* evidence of validity and ownership. *See* ECF 284 at 3; *see also* ECF 235 at 18, n.6 (requesting judicial notice of the same).

The Copyright Act provides that "the *certificate* of a registration made before or within five years after first publication shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the *certificate*." 17 U.S.C. § 410(c) (emphases added); *see also* ECF 235 at 17-18. But Plaintiffs urge the Court to ignore the statute's plain language, sift through their thousands of documents to locate printouts from the Copyright Office's website, and give them an evidentiary weight far exceeding anything contemplated by Congress or permitted under the Federal Rules of Evidence.

---

[4] Neither the declarations nor the exhibits thereto were filed on the docket. Rather, per the Court's order, Plaintiffs were permitted to file these documents via hard drive. *See* ECF 246. There are six separate declarations. Attached to each one are thousands of documents located in dozens of sub-folders.

In doing so, Plaintiffs also fail to acknowledge that "[t]he consequences of a court taking judicial notice are significant …. [A] 'tradition of circumspection' surrounds judicial notice of adjudicative facts, and courts should exercise caution in taking judicial notice, doing so only when the matter is beyond reasonable controversy." *Loftus v. F.D.I.C.*, 989 F. Supp. 2d 483, 490 (D.S.C. 2013) (quoting Advisory Committee Notes to Rule 201).[5]

Plaintiffs' request here is not "beyond reasonable controversy" warranting judicial notice. Indeed, while Plaintiffs cite no case in which a court has taken judicial notice of this magnitude of documents to establish standing, other courts have found that printouts from the Copyright Office's website do not constitute *prima facie* evidence of validity and ownership, particularly where no other proof is provided, as is the case here. *See, e.g.*, *Patrick Collins, Inc. v. Suter*, No. CV 12-971 (BAH), 2013 WL 12324538, at *3 (D.D.C. Sept. 1, 2013) ("This Court is skeptical that the proffered screen shots of the Copyright Office's database of registered copyrights, which is all the plaintiff has provided in this case, is sufficient proof of a certificate of copyright registration to cloak the plaintiff with the attendant benefits regarding *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate, under 17 U.S.C. § 410(c)."); *Malibu Media v. Parsons*, No. 12-cv-1331, ECF No. 27, (D.D.C. May 31, 2013) ("A screen shot of the Copyright Office's database of registered copyrights, which is all the plaintiff has provided in this case, does not constitute a certificate of copyright registration, with the attendant benefits regarding *prima facie* evidence of the validity and ownership of the copyright.").

---

[5] In describing the potential prejudice from a court taking judicial notice, the *Loftus* court explained that "[w]here the trial court has taken judicial notice of a fact in a civil matter, the judge must instruct the jury to accept that fact as conclusive. A court taking judicial notice may also preclude the introduction of evidence to disprove the noticed fact." *See id.* (citing Fed. R. Evid. 201(g)).

7

Plaintiffs also ignore the fact that certificates of registration do not constitute *prima facie* evidence of ownership or validity where they are obtained more than five years after the date of first publication. *See* 17 U.S.C. § 401(c). Instead, the Copyright Act states that "[t]he evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." *Id.* Even if a printout from the Copyright Office's website satisfied the Copyright Act's plain language, which it does not, Plaintiffs make no effort to identify which, if any, of the printouts they produced are entitled to this presumption.

For these reasons, even if the Court took judicial notice of these documents, the documents should not be deemed to constitute *prima facie* evidence of validity and ownership.

### III. CONCLUSION

For the foregoing reasons, Cox respectfully requests the Court deny Plaintiffs' motion for judicial notice of the unidentified printouts from the Copyright Office's website. In the alternative, should the Court take judicial notice of these documents, these documents should not be deemed to constitute *prima facie* evidence of validity and ownership. Such a determination in this case would be contrary to the Copyright Act's plain language.

Dated: September 13, 2019

*s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorneys for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ /*Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*