**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

SONY MUSIC ENTERTAINMENT, *et al.*,

Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

Defendants.

Case No. 1:18-cv-00950-LO-JFA

**REPLY MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

ARGUMENT ........................................................................................................ 1

I. Cox Provides No Reason to Refrain From Taking Judicial Notice of the Copyright Office's Records Showing that Plaintiffs' Works Are Registered. .................................... 1

A. The Requirements of FED. R. EVID. 201(b) Are Satisfied. .................................... 1

B. The Number of Documents is Irrelevant to Whether the Court Should Take Judicial Notice. ........................................................................................ 2

C. Cox Cannot Identify Any Prejudice from the Court Taking Judicial Notice. ........ 3

D. Plaintiffs Have Supplied the Court with the Necessary Information to Grant the Motion Under FED. R. EVID. 201(c)(2). ........................................................ 3

II. The Copyright Office Catalog Registration Records Qualify for 17 U.S.C. § 410(c)'s Presumption of Validity. ........................................................................................ 5

CONCLUSION ........................................................................................................ 6

# TABLE OF AUTHORITIES

## Cases

*ATPAC, Inc. v. Aptitude Sols., Inc.*,
No. CIV. 2:10-294 (WBS) (KJM), 2010 WL 1779901 (E.D. Cal. Apr. 29, 2010) .................... 2

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
149 F. Supp. 3d 634 (E.D. Va. 2015) ........................................................................ 1, 2, 6

*Brooks-Ngwenya v. Indianapolis Pub. Sch.*,
564 F.3d 804 (7th Cir. 2009) .................................................................................... 2

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*,
616 F.3d 413 (4th Cir. 2010) .................................................................................... 1

*Hybrid Promotions, LLC v. Zaslavsky*,
No. CV 16-02227 (RAO), 2016 WL 10988656 (C.D. Cal. Oct. 5, 2016)................................. 2

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*,
413 F.3d 257 (2d Cir. 2005) ..................................................................................... 2

*Kaseberg v. Conaco, LLC*,
360 F. Supp. 3d 1026 (S.D. Cal. 2018)....................................................................... 2

*M. Kramer Mfg. Co. v. Andrews*,
783 F.2d 421 (4th Cir. 1986) .................................................................................... 5

*Murray v. Dobyns*,
No. 1:12CV214, 2013 WL 3326661 (M.D.N.C. July 1, 2013) ............................................ 4

*Sloane v. Karma Enterprises, Inc.*,
No. CV 08-05094 (MMM) (VBKx), 2008 WL 11342657 (C.D. Cal. Nov. 3, 2008) ................ 2

*Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*,
196 F. App'x 166 (4th Cir. 2006)............................................................................... 6

*Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*,
618 F.3d 417 (4th Cir. 2010) .................................................................................... 5

*White v. Alcon Film Fund, LLC*,
52 F. Supp. 3d 1308 (N.D. Ga. 2014)......................................................................... 6

## Statutes

17 U.S.C. § 410.................................................................................................... 5, 6

## Rules

FED. R. EVID. 201 ............................................................................................... 1, 2, 4

## INTRODUCTION

Once again, Cox seeks to litigate an issue that should be beyond dispute in order to avoid resolving issues on the merits and hide behind technicalities. Plaintiffs have requested the Court take judicial notice of copyright registration records for Plaintiffs' works in the U.S. Copyright Office's Online Catalog. Plaintiffs have supplied the Court with information necessary to rule—including a description of the information and copies of print-outs from the Catalog. The requirements of FED. R. EVID. 201(b) are clearly satisfied and Cox does not even try to contest them. Under FED. R. EVID. 201(c), judicial notice is therefore mandatory. The facts contained in the Copyright Office's Catalog are clear. In light of the judicial system's "time-worn commitment to the resolution of disputes on their merits," *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 420 (4th Cir. 2010), there is no reason for the Court to ignore them.

## ARGUMENT

### I. Cox Provides No Reason to Refrain From Taking Judicial Notice of the Copyright Office's Records Showing that Plaintiffs' Works Are Registered.

#### A. The Requirements of FED. R. EVID. 201(b) Are Satisfied.

Cox concedes that in *BMG*, this Court took judicial notice of the U.S. Copyright Office's publicly available registration records for the purpose of establishing that certain of plaintiffs' works were registered. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 646-47 and n.5 (E.D. Va. 2015), aff'd in part, rev'd in part on other grounds, 881 F.3d 293 (4th Cir. 2018). Plaintiffs make the identical request here. Cox points to no reason why the outcome should be different.

Cox offers no reason why FED. R. EVID. 201(b) is inapplicable. FED. R. EVID. 201(b)(2) provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." In opposing Plaintiffs' request, Cox does not challenge either the accuracy of the Copyright Office's Catalog or the ease of finding the relevant information there. Accordingly, Cox cannot provide any reason why the facts at issue in this request are subject to reasonable dispute. That is all FED. R. EVID. 201(b) requires. Recognizing their unquestionable accuracy, courts regularly take judicial notice of registration records in the Copyright Office's Catalog.[1] And Cox does not dispute that the kind of documents for which Plaintiffs request judicial notice here are the identical kind of documents of which the Court took judicial notice in *BMG*. That should be the end of the matter.

**B. The Number of Documents is Irrelevant to Whether the Court Should Take Judicial Notice.**

Cox complains that Plaintiffs have requested the Court take judicial notice of substantially more documents than it did in *BMG*. But Cox does not explain why the number of documents should affect whether the Court takes judicial notice. FED. R. EVID. 201 does not limit the quantity of facts of which the Court can take judicial notice so long as its requirements are satisfied. And Cox cites no authority that a court can take judicial notice of only a few documents but not many more attesting to the identical type of fact.

[1] *See, e.g., Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 808 (7th Cir. 2009) (taking judicial notice of records from the Copyright Office website); *Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (holding that "[t]he district court was entitled to take judicial notice of Microsoft's federal copyright registrations, as published in the Copyright Office's registry"); *Kaseberg v. Conaco, LLC*, 360 F. Supp. 3d 1026, 1029 n.2 (S.D. Cal. 2018) (taking judicial notice of printouts from the Copyright Office online registration database); *Hybrid Promotions, LLC v. Zaslavsky*, No. CV 16-02227 (RAO), 2016 WL 10988656, at *6 (C.D. Cal. Oct. 5, 2016) (same); *ATPAC, Inc. v. Aptitude Sols., Inc.*, No. CIV. 2:10-294 (WBS) (KJM), 2010 WL 1779901, at *3 (E.D. Cal. Apr. 29, 2010) (same); *Sloane v. Karma Enterprises, Inc.*, No. CV 08-05094 (MMM) (VBKx), 2008 WL 11342657, at *3 (C.D. Cal. Nov. 3, 2008) (same).

### C. Cox Cannot Identify Any Prejudice from the Court Taking Judicial Notice.

Plaintiffs provided Cox the Copyright Office Catalog records for which Plaintiffs now request judicial notice. Cox had a full and thorough opportunity to test the accuracy of those records and develop any countervailing evidence if it wished to do so, but Cox's Opposition offers nothing of the kind. Cox's Opposition adopts a tone of faux-surprise, but in fact Cox has known since December 2018 that Plaintiffs intended to rely on the Copyright Office Catalog's registration records. Thus, Cox cannot point to any undue prejudice it will suffer if the Court takes judicial notice of them.

Unable to point to any prejudice, Cox instead complains that Plaintiffs did not produce the relevant registration certificates in discovery. But Cox cannot explain why the fact that Plaintiffs did not produce the relevant registration certificates in discovery should prevent the Court from taking judicial notice of the Copyright Office Catalog's records. And Cox cites no authority holding that the failure to produce a registration certificate in discovery bars the Court from taking judicial notice of the fact of registration. Indeed, the authority runs the other way: in the many cases Plaintiffs have cited in which courts have taken judicial notice of Copyright Office Catalog registration records, no certificate was produced; after all, if a certificate had been produced, judicial notice would not have been necessary.

### D. Plaintiffs Have Supplied the Court with the Necessary Information to Grant the Motion Under FED. R. EVID. 201(c)(2).

In their request, Plaintiffs identified the facts of which they seek judicial notice as copyright registration records from the U.S. Copyright Office's Catalog for certain of Plaintiffs' copyrighted works at issue. Plaintiffs also supplied the Court with copies of the relevant records as attachments to the ownership declarations Plaintiffs filed in support of their motion for summary judgment. Specifically, Plaintiffs stated that "copies of the registrations that are the subject this Request have

been supplied to the Court as exhibits to the declarations of Jeremy Blietz, David Kokakis, Wade Leak, Alasdair McMullan, Anish Patel, and Steven Poltorak, filed contemporaneously with this motion." Pls.' Mem. of Law in Supp. of Pls.' Request for Judicial Notice, ECF No. 284, at 2. There can be no question that those submissions satisfy FED. R. EVID. 201(c)(2)'s "necessary information" requirement. Cox cites no authority for its apparent contention that any more "necessary information" is required.[2] It is not.

Plaintiffs did not attach the documents to this Request in order to spare the Court the unnecessary burden of handling this large volume of materials a second time when the Court has already been provided all of the relevant documents as attachments to Plaintiffs' summary judgment declarations. There are three types of documents attached to those declarations: (i) copyright registration certificates, (ii) contract documents demonstrating the chain of title connecting a named claimant to a named Plaintiff, and (iii) print-outs from the Copyright Office Catalog. This third category is the subject of this motion and the documents in it are unmistakable from even a cursory glance. Cox's argument that Fed. R. Evid. 201(c)(2) required Plaintiffs to attach a duplicate set of documents to their Request elevates empty formalism over practical realities. Regardless, to assist the Court and streamline resolution of this issue, Plaintiffs attach as Exhibit A to this Reply a chart identifying with specificity the exhibits to the declarations identified above that are the subject of this Request. In the event the Court, for its own convenience, would like a second set of those documents in connection with this motion, Plaintiffs would be happy to

---

[2] The one case Cox cites where a Court found "not enough 'necessary information'" to take judicial notice is irrelevant here. *See* Opp. at 5. There, the movant asked the court "to take judicial notice of certain factual exhibits filed in other cases which he contends are related to the issues in this litigation." *Murray v. Dobyns*, No. 1:12CV214, 2013 WL 3326661, at *4 (M.D.N.C. July 1, 2013). Unlike the Copyright Office's Catalog, the accuracy of which cannot be reasonably questioned, the *Murray* court had no basis to assess the accuracy or reliability of exhibits filed in a separate case that the movant had not clearly identified for the court. *Id.*

provide them. Exhibit A identifies each relevant exhibit by copyright registration number and includes the file path on the hard drive of exhibits filed in connection with Plaintiffs' Summary Judgment Motion where each exhibit can be found.

## II. The Copyright Office Catalog Registration Records Qualify for 17 U.S.C. § 410(c)'s Presumption of Validity.

In its Opposition, Cox argues that 17 U.S.C. § 410(c)'s presumption of validity should not extend to any Copyright Office Catalog registration records of which the Court takes judicial notice. Importantly, this argument does not bear on the issue raised by Plaintiffs' Request—whether the Court should take judicial notice of the registration records. Distracting from the issue at hand, Cox instead seeks an additional forum to press its summary judgment arguments. Nevertheless, Cox is wrong.

The Copyright Office Catalog registration records are functionally equivalent to certificates of registration. They contain the same information identifying the claimant, registration number, title of the work, date of registration, etc. They carry the Copyright Office's same imprimatur of accuracy and validity as registration certificates do; indeed, as discussed above, Cox has not challenged the accuracy of any of these records.

Further, it is the fact of registration, and not the copyright owner's possession of a piece of paper, that carries legal significance. Indeed, the Fourth Circuit regularly treats the certificate and the fact of registration interchangeably. *See, e.g.*, *Universal Furniture Int'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 429 (4th Cir. 2010), as amended (Aug. 24, 2010) (Defendant "misunderstands that it bears the burden of rebutting the presumption of ownership established by the copyright *registrations*.") (emphasis added); *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 434 (4th Cir. 1986) ("Such *copyright*, thus granted by the Copyright Office, is prima facie proof of the validity of plaintiff's copyright.") (emphasis added); *Universal Furniture Int'l, Inc. v.*

*Collezione Europa USA, Inc.*, 196 F. App'x 166, 169 (4th Cir. 2006) ("Registration of a copyright constitutes prima facie evidence of the validity of a copyright . . . ."). Any reason for extending a presumption to the copyright registration certificate applies equally to the Copyright Office Catalog records of having issued that certificate.

The Court recognized as much in *BMG*, where it held that taking judicial notice of the Copyright Office Catalog registration records was sufficient on its own, in the absence of any rebuttal evidence, to warrant summary judgment on ownership for BMG. *BMG*, 149 F. Supp. 3d at 647. Other courts have similarly agreed that judicial notice of Copyright Office Catalog records triggers the § 410(c) presumption. *White v. Alcon Film Fund, LLC*, 52 F. Supp. 3d 1308, 1316 n.9 (N.D. Ga. 2014) (rejecting defendant's argument that § 410(c) presumption does not apply when taking judicial notice of Copyright Office registration records).[3]

Cox's only argument to the contrary is that the word "certificate" in § 410(c) means that the physical certificate must be presented to trigger the presumption. But Cox's argument confuses the Copyright Office's action in issuing the certificate with the physical certificate itself. It is the Copyright Office's action that creates the presumption, not the paper indicia of that action. Accordingly, the presumption of validity in 17 U.S.C. § 410(c) should extend to any Copyright Office database registration records of which the Court takes judicial notice.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' respectfully request that the Court take judicial notice of the facts contained in the Copyright Office Catalog registration records referenced in the attached Exhibit A.

[3] Cox relies on two outlier cases by a single out-of-circuit district court judge, who presumed, with no citation to any authority, that a print-out from the Copyright Office's Catalog did not establish *prima facie* evidence of ownership and validity. Opp. at 7. Plaintiffs respectfully submit those two decisions are wrong, as evidenced by the wealth of decisions to the contrary. *See supra* n.1.

Respectfully submitted,

Dated September 18, 2019

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiff*