UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

### DECLARATION OF THOMAS KEARNEY IN SUPPORT OF COX'S REPLY BRIEF IN SUPPORT OF MOTION TO PRECLUDE PLAINTIFFS' USE OF CERTAIN EVIDENCE

I, Thomas Kearney, hereby declare:

1. I am Of Counsel with the firm of Winston & Strawn LLP, attorneys of record for Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox"). I have personal knowledge of all facts stated in this declaration, except those that are stated on information and belief. If called upon as a witness, I could and would competently testify thereto.

2. On information and belief, on February 25, 2019, Plaintiffs sent a hard disk drive to the New York office of Winston & Strawn. I was informed by a member of Winston & Strawn's litigation support team that this hard disk drive appeared to be partially corrupted and that certain folders and files on it could not be opened.

3. In a letter sent via email the following day, February 26, 2019, my colleague Jennifer Golinveaux informed Plaintiffs of these issues, and requested a functioning version of the hard disk drive.

4. We received another hard disk drive from Plaintiffs (the "Hard Drive") on February

27, 2019. My review is based on this Hard Drive.

5. Based on my review, the files on the Hard Drive fall into two main categories:

(1) 

(2) 

6. A Winston & Strawn paralegal, working under my direction, used standard Windows command-line commands to retrieve the following metadata for all the files on the Hard Drive:

- The date and time the file was created;
- The date and time the file was last modified.

7. Based on my review of this metadata:

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This is the day before we received the Hard Drive in our office.



8. I understand that the ▮▮▮▮▮▮▮▮ generally reflects the date when the physical

copy of the file was created, i.e. when it was placed on the medium where it resides (████████████). I also understand that the ████████████ generally reflects when the format or contents of the file were last altered, ████████████████████████.

9.  I am readily familiar with the discovery process and the documents produced in discovery in this matter. Plaintiffs did not produce authorized copies of their allegedly infringed works-in-suit in the course of discovery.

10. Attached hereto as **Exhibit A** is a true and correct copy of excerpts from the June 13, 2019 deposition of MarkMonitor's 30(b)(6) witness Sam Bahun.

11. Attached hereto as **Exhibit B** is a true and correct copy of excerpts from the May 14, 2019 deposition of Plaintiffs' 30(b)(6) designee Wade Leak, Senior Vice President, Deputy General Counsel, and Chief Compliance Ethics and Privacy Officer at Sony Music Entertainment.

12. Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the May 23, 2019 deposition of Plaintiffs' 30(b)(6) designee Alasdair McMullan, Senior Vice President Business & Legal Affairs for UMG Recordings, Inc.

13. Attached hereto as **Exhibit D** is a true and correct copy of excerpts from the June 28, 2019 deposition of Plaintiffs' expert witness Barbara Frederiksen-Cross.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of September, 2019 in San Francisco, California.

                       <u>/s/ /Thomas Kearney/</u>
                       Thomas Kearney
                       tkearney@winston.com
                       WINSTON & STRAWN LLP
                       101 California St., 35th Fl.
                       San Francisco, CA 94111
                       Telephone: (415) 591-1000
                       Facsimile: (415) 591-1400