UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL**

On September 13, 2019, Plaintiffs filed their Opposition to Defendants' Motion for Discovery Sanctions and to Preclude Plaintiffs' Use of MarkMonitor Evidence ("Opposition Motion") (ECF No. 353) and the supporting Declaration of Jeffrey M. Gould (ECF No. 353-4) which attached and referenced a portion of the deposition transcript of Dr. Nick Feamster that that Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") designated as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 58) (the "Protective Order").  Plaintiffs moved to seal in connection therewith (ECF No. 355).

Under Rule 26 of the Federal Rules of Civil Procedure and E.D. Va. Local Civil Rule 5(C), Cox respectfully submits this Response in support of Plaintiffs' motion to seal, seeking to maintain certain this exhibit under seal, as described below. Pursuant to Local Civil Rule 5(C), Cox must provide the Court with:

a. **"A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."**

If exposed to the public, Exhibit 6 to the Declaration of Jeffrey M. Gould would reveal expert testimony on source code and proprietary information about how third parties MarkMonitor and Audible Magic function that is highly confidential under the Protective Order.

b. **"References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Plaintiffs' sealing motion was publicly docketed before the hearing on Plaintiffs' Opposition, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only one exhibit and redacting only those portions of Plaintiffs' Opposition that disclose the information contained within the exhibit. The entirety of

Dr. Feamster's testimony included by Plaintiffs is on the topic of MarkMonitor and Audible Magic's source code and proprietary information and therefore warrants sealing.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the transcript at issue as Highly Confidential pursuant to the Protective Order in this case. Cox also meets the third requirement because the document contains confidential third-party proprietary information that, if exposed, could provide competitors in the market with an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party"). The document also contains expert opinion concerning highly confidential information of third parties MarkMonitor and Audible Magic.

c. **"Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm third parties MarkMonitor and Audible Magic.

d. **A proposed order attached hereto.**

Dated: September 20, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*