# Exhibit 4

Case 1:18-cv-00950-PTG-JFA   Document 270-5   Filed 09/24/19   Page 2 of 10 PageID# 12969
Case 1:14-cv-01611-LO-JFA   Document 733   Filed 12/14/15   Page 1 of 135 PageID# 20727

1699

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
---------------------------------:
                                 :
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
            Plaintiffs,          :
                                 : Case No. 1:14-cv-1611
     vs.                         :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
            Defendants.          :
---------------------------------:
```

VOLUME 8 (P.M. portion)

TRIAL TRANSCRIPT

December 11, 2015

Before: Liam O'Grady, USDC Judge

And a Jury

R. Sullivan - Cross

1763

| | |
|---|---|
| 1 | Q.   In countries like India and Third World countries, you're |
| 2 | saying there would be no -- |
| 3 | A.   I did not say there would be none. |
| 4 | Q.   All right.  The percentage of the United States is higher, |
| 5 | correct? |
| 6 | A.   5.3 percent. |
| 7 | Q.   All right.  And the percentage in front of the 10,000 |
| 8 | homes that Cox goes past, Cox providing Internet service is |
| 9 | about 45 percent? |
| 10 | A.   That sounds about right.  It has no relevance yet sounds |
| 11 | about right. |
| 12 | Q.   All right.  You're aware that in this case, that BMG is |
| 13 | seeking to recover statutory damages, correct? |
| 14 | A.   Yes, I do understand that. |
| 15 | Q.   All right.  And so your whole testimony about the harm to |
| 16 | BMG focused on what you thought was either lost revenue or lost |
| 17 | profit, correct? |
| 18 | A.   On the harm to BMG side, yes, it is my understanding that |
| 19 | is a relevant consideration. |
| 20 | Q.   All right.  And you're aware that on statutory damages, |
| 21 | those damages can range from 750 to 150,000 dollars? |
| 22 |             MR. BUCKLEY:  Your Honor, scope.  Legal opinion. |
| 23 |             THE COURT:  Let's approach the sidebar. |
| 24 | (Bench conference on the record.) |
| 25 |             THE COURT:  Well, so the value to Cox or the |

Case 1:18-cv-00950-PTG-JFA Document 330-5 Filed 09/24/19 Page 4 of 10 PageID# 12971
Case 1:14-cv-01611-LO-JFA Document 733 Filed 12/14/15 Page 66 of 135 PageID# 20792
R. Sullivan - Cross

1764

1 infringements, the value to BMG, infringements, the amount is
2 in contest, and it is relevant, right?
3         MR. WARIN:  I agree.  I mean, I didn't dispute them
4 putting on that evidence.  I'm just trying to make the point
5 that BMG under the statute is not limited to whatever their
6 lost profits may or may not be.  The statutory damages --
7 statutory damages are available, and the case law indicates
8 that statutory damages can differ from actual loss, and he's
9 only calculated what he believes is actual loss, and I think
10 the jury is entitled to know that we're seeking statutory
11 damages and not seeking actual loss.
12         THE COURT:  They're apples and oranges.
13         MR. WARIN:  Right, right.
14         THE COURT:  Or they're different calculations.
15         MR. BUCKLEY:  They made a preemptive motion yesterday
16 that I shouldn't be allowed to talk about the law, so I didn't
17 even ask him about how it fits into statutory damages.
18         THE COURT:  I understand.
19         MR. BUCKLEY:  I couldn't say anything.  I wasn't
20 allowed to, so now he's getting into it.
21         THE COURT:  I don't know that he's going to ask him
22 whether it fits into the statutory damages.
23         MR. WARIN:  No, I'm not.
24         THE COURT:  He's just going to ask him is he aware
25 that they are two different --

Case 1:18-cv-00950-PTG-JFA Document 330-5 Filed 02/24/19 Page 5 of 10 PageID# 12972
Case 1:14-cv-01611-LO-JFA Document 733 Filed 12/14/15 Page 67 of 135 PageID# 20793
R. Sullivan - Cross

1765

| | |
|---|---|
| 1 | MR. WARIN: Two different approaches. |
| 2 | MR. BUCKLEY: Will it be okay for me to follow up? |
| 3 | THE COURT: Well, on redirect you can. |
| 4 | MR. BUCKLEY: Because I'm going to redirect on that, |
| 5 | on the legal standards. |
| 6 | MR. WARIN: Well, that's different. Legal standards |
| 7 | is different. |
| 8 | MR. BUCKLEY: Well, I'm assuming he's going to ask |
| 9 | him about the legal standards associated with statutory |
| 10 | damages. |
| 11 | MR. WARIN: No, I'm not. |
| 12 | THE COURT: He's just going to say, would you agree |
| 13 | that statutory damages are a different form of damages relief? |
| 14 | MR. BUCKLEY: That's all you're going to ask? |
| 15 | MR. WARIN: I'm going to ask him, are you aware -- |
| 16 | did any part of your calculations factor in the deterrence |
| 17 | effect? |
| 18 | THE COURT: That's way outside the scope, and I don't |
| 19 | think he's the appropriate witness. You can ask him if there |
| 20 | are different functions, but that last question is a legal |
| 21 | question. |
| 22 | MR. WARIN: Can I ask him did he consider the |
| 23 | deterrent effect in making his calculation? |
| 24 | THE COURT: Again, that's not part of his assignment. |
| 25 | It wasn't discussed on direct examination, and it's really |

Case 1:18-cv-00950-PTG-JFA Document 330-5 Filed 02/24/19 Page 6 of 10 PageID# 12973
Case 1:14-cv-01611-LO-JFA Document 733 Filed 12/14/15 Page 68 of 135 PageID# 20794

R. Sullivan - Cross

1766

```
1   outside of his testimony.  I don't know whether there's
2   somebody, you know, that's just --
3             MR. WARIN:  Well, see, I think --
4             THE COURT:  Yeah, you're right.
5             MR. WARIN:  I'm entitled to show what he didn't
6   consider.
7             MR. BUCKLEY:  There's going to be a jury instruction
8   on this.
9             THE COURT:  You're right.  You can ask him whether in
10  any part of his calculation, was any deterrent -- he's assumed
11  that there was infringement.  Did he assume that there is --
12  did he include in that assumption any -- did he consider
13  deterrence reasonable -- the deterrence effect, one question.
14            MR. WARIN:  That's fine, Your Honor.
15            THE COURT:  Form it a little better if you want.
16            MR. WARIN:  I'll try.
17            THE COURT:  All right.  And you hang with me for a
18  second.
19            MR. BUCKLEY:  Of course.
20            THE COURT:  You-all can leave.
21  (End of bench conference.)
22            THE COURT:  Anytime you're ready, Mr. Warin.
23            MR. WARIN:  Thank you, Your Honor.
24  Q.   Dr. Sullivan, did any part of your report when you were
25  analyzing the lost profits or lost income to BMG consider a
```

Case 1:18-cv-00950-PTG-JFA Document 330-5 Filed 02/24/19 Page 7 of 10 PageID# 12974
Case 1:14-cv-01611-LO-JFA Document 733 Filed 12/14/15 Page 69 of 135 PageID# 20795
R. Sullivan - Cross
1767

1  deterrent effect?
2  A.   Can you explain what you mean by deterrent effect?
3  Q.   Do you know what those words mean?
4  A.   Well, I'm an economist, not a lawyer. Yet my
5  understanding is that under the law, there can be something
6  requested for deterrent effect.
7  Q.   I'll accept that definition. So with that definition, did
8  any part of your report mention or describe deterrent effect?
9  A.   Not by name. Certainly --
10 Q.   That calls for a yes-or-no answer.
11 A.   I don't think I can quite answer that yes or no. I can
12 come close.
13           THE COURT: Why don't you rephrase?
14 BY MR. WARIN:
15 Q.   Do the words "deterrence" or "deterrent effect" appear
16 anywhere in your report?
17 A.   I do not believe so.
18 Q.   All right. You criticized Dr. Lehr with respect to the
19 length of time he used for the presumption as to how long a
20 customer would remain at Cox. Do you remember that?
21 A.   For a couple of reasons, yes.
22 Q.   All right. I'd like to show you Exhibit 1515, PX 1515.
23 Do you remember what number of months Dr. Lehr used?
24 A.   Excuse me?
25 Q.   Do you remember how many months Dr. Lehr used?

Case 1:18-cv-00950-PTG-JFA   Document 270-5   Filed 09/24/19   Page 8 of 10 PageID# 12975
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 1 of 165 PageID# 21330

2117

```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division




----------------------------------:
                                  :
                                  :
BMG RIGHTS MANAGEMENT (US) LLC,   :
et al.,                           :
              Plaintiffs,         :
                                  : Case No. 1:14-cv-1611
      vs.                         :
                                  :
                                  :
COX ENTERPRISES, INC., et al.,    :
              Defendants.         :
----------------------------------:
```

                              VOLUME   10
                              ‾‾‾‾‾‾‾‾‾‾‾‾

                             TRIAL TRANSCRIPT

                            December 16, 2015

                    Before:  Liam O'Grady, USDC Judge

                               And a Jury

Case 1:18-cv-00950-PTG-JFA Document 370-5 Filed 08/24/19 Page 9 of 10 PageID# 12976
Case 1:14-cv-01611-LO-JFA Document 751 Filed 12/10/15 Page 33 of 165 PageID# 21382

2149

1  favor of the plaintiff from a preponderance of the evidence in
2  the case in accordance with the other instructions.
3          If you find that Cox is liable for contributory
4  infringement, or if you find Cox is liable for vicarious
5  infringement, then you should consider the amount of money to
6  award BMG.
7          If you find that Cox is neither liable for
8  contributory or vicarious infringement, you should not consider
9  this issue.
10         BMG seeks an award of statutory damages under the
11 Copyright Act.  Statutory damages are damages that are
12 established by Congress in the Copyright Act because actual
13 damages in copyright cases are often difficult to establish
14 with precision.  The purposes are to compensate the copyright
15 owner, penalize the infringer, and deter future copyright law
16 violations.
17         The amount awarded must be between 750 and $30,000
18 for each copyrighted work that you found to be infringed.  If
19 BMG proves that Cox acted willfully in contributorily or
20 vicariously infringing BMG's copyrights, you may, but are not
21 required to, increase the statutory damage award to a sum as
22 high as $150,000 per copyrighted work.
23         You should award as statutory damages an amount that
24 you find to be fair under the circumstances.  In determining
25 the appropriate amount to award, you may consider the following

Case 1:18-cv-00950-PTG-JFA   Document 370-5   Filed 09/24/19   Page 10 of 10 PageID# 12937
Case 1:14-cv-01611-LO-JFA   Document 751   Filed 12/16/15   Page 34 of 165 PageID# 21383

2150

1   factors:  The profits that Cox earned because of the
2   infringement; the expenses Cox saved because of the
3   infringement; the revenues that BMG lost because of the
4   infringement; the difficulty of proving BMG's damages; the
5   circumstances of the infringement; whether Cox acted willfully
6   or intentionally in contributorily or vicariously infringing
7   BMG's copyrights; deterrence of future infringement; and the
8   amount of harm, in the form of monetary loss, that BMG could
9   reasonably have avoided but for the failure to mitigate
10  damages, if you find that BMG did fail to mitigate.
11           You should award statutory damages whether or not
12  there is evidence of the actual damage suffered by BMG, and
13  your statutory damage award need not be based on the actual
14  damages suffered by BMG.
15           Cox's contributory or vicarious infringement is
16  considered willful if BMG proves by a preponderance of the
17  evidence that Cox had knowledge that its subscribers' actions
18  constituted infringement of BMG's copyrights, acted with
19  reckless disregard for the infringement of BMG's copyrights, or
20  was willfully blind to the infringement of BMG's copyrights.
21           In this case, Cox asserts the affirmative defense of
22  failure to mitigate damages.  Cox must prove each element of
23  this defense by a preponderance of the evidence.
24           Plaintiff has a duty to use reasonable efforts to
25  mitigate damages.  To "mitigate" means to avoid or reduce