UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

   Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

   Defendants.

Case No. 1:18-cv-00950-LO-JFA

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
COX'S MOTION TO EXCLUDE THE TESTIMONY OF PUTATIVE EXPERT
<u>DR. TERRENCE P. McGARTY</u>**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1

BACKGROUND ............................................................................................................................. 2

ARGUMENT .................................................................................................................................. 4

I.  LEGAL STANDARD ......................................................................................................... 4

II. DR. McGARTY'S PROPOSED TESTIMONY IS RELEVANT AND WILL ASSIST THE JURY IN RESOLVING ISSUES IN THE CASE ....................................................... 5

    A. Dr. McGarty's Proposed Testimony on the Functional and Technical Ability of Cox's System and Cox's Inconsistent Actions Requires Specialized Knowledge and Experience and Provides Analysis, Not Mere Exposition, of the Facts ................. 5

    B. Dr. McGarty's Proposed Testimony Provides Helpful Technical Background on Broadband Network Architecture and Management Practices That Is Beyond the Everyday Knowledge and Experience of Jurors ...................................................... 8

    C. Dr. McGarty's Proposed Testimony Is Relevant to Issues of Secondary Liability and Damages ............................................................................................................ 9

III. DR. McGARTY PROVIDES PROPER TESTIMONY CRITICIZING THE "REASONABLENESS" AND "EFFECTIVENESS" OPINIONS OF COX'S PROFERRED EXPERTS ..................................................................................................... 10

CONCLUSION .............................................................................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Bresler v. Wilmington Tr. Co.*, 855 F.3d 178 (4th Cir. 2017) .................................................. 5, 12

*Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) ...................................................... 4, 5

*DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*,
  No. 3:11-MD-2244-K, 2014 WL 3557345 (N.D. Tex. July 18, 2014) ..................................... 7

*Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*,
  No. 2:12-CV-4301, 2014 WL 186872 (S.D. W. Va. Jan. 15, 2014) ......................................... 6

*Halaoui v. Renaissance Hotel Operating Co.*,
  No. 6:13-CV-1839-ORL-40T, 2015 WL 2250941 (M.D. Fla. May 13, 2015) ........................ 7

*Kidder, Peabody & Co. v. IAG Int'l Acceptance Grp. N.V.*,
  14 F. Supp. 2d 391 (S.D.N.Y. 1998) ...................................................................................... 10

*Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993) ............................................................................. 6, 8

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*,
  988 F. Supp. 2d 395 (S.D.N.Y. 2013) ...................................................................................... 7

*Structural Polymer Grp. v. Zoltek Corp.*, 543 F.3d 987 (8th Cir. 2008) ........................................ 5

*United States v. Moore*, 532 F. App'x 336 (4th Cir. 2013) .......................................................... 11

*United States v. Offill*, 666 F.3d 168 (4th Cir. 2011) ............................................................. 4, 10

*United States v. Perkins*, 470 F.3d 150 (4th Cir. 2006) ................................................................ 6

*Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ................................................. 4

**RULES**

Fed. R. Evid. 702 ............................................................................................................ 1, 4, 5, 6, 8

Fed. R. Civ. P. 26 ......................................................................................................................... 11

# INTRODUCTION

Cox's motion to preclude the proposed testimony of Dr. Terrence P. McGarty is meritless. Dr. McGarty has a Ph.D. in electrical engineering and computer science, more than thirty years of faculty experience with various universities, and over forty years in the telecommunications industry. He has worked with major Internet service providers ("ISPs") and other companies on designing and implementing telecommunications networks, including Internet protocol data networks, and their management, operations, and systems for regulatory compliance. Dr. McGarty intends to testify in this case on Cox's functional and technical ability to receive, process, and respond to copyright infringement notices, including those from MarkMonitor on behalf of the music industry, and the degree to which Cox's actions in response to infringement notices were consistent with this ability. Dr. McGarty's proffered testimony will also provide the jury a general but important understanding of broadband network architecture and management practices. His opinions are not an exposition of facts, but an expert analysis of Cox's technical capabilities and deviations from those capabilities. These matters are technical, complex, and beyond the everyday knowledge and experience of jurors. Dr. McGarty proffers these opinions based on his extensive experience with Internet networks and their management and operations, and his opinions will help the jury determine issues of secondary liability and damages in this case. His testimony squarely falls within the bounds and purpose of Rule 702.

Cox's challenges to Dr. McGarty's testimony are premised on its cramped view of what this case is about. His opinions here are different than those in *BMG* and, as Cox concedes, proffered for different purposes. Unlike Cox's experts, whose testimony on undefined and improper topics such as "reasonableness" and "effectiveness" blatantly invades the province of the jury, Dr. McGarty does not proffer impermissible opinions on what Cox "should have done"

1

or whether its actions were justified.  That Dr. McGarty does not do what Cox's experts improperly attempt to do is not a reason to exclude his testimony.

Cox's motion to exclude the proffered testimony of Dr. McGarty should be denied.

## BACKGROUND

Dr. McGarty provides opinions in the following areas: (1) the technologies underlying the networks of ISPs; (2) the functionality and capability of Cox's system to receive, process, and respond to copyright infringement notices; and (3) Cox's practices and policies that were inconsistent with its functional and technical ability.  *See* Declaration of Thomas M. Buchanan in Support of Defendants' Motion to Exclude the Testimony of Putative Expert Dr. Terrence P. McGarty ("Buchanan Decl."), Ex. A, ¶ 13 (Expert Report of Dr. Terrence P. McGarty, dated April 10, 2019 ("McGarty Rept.")).  Because a basic understanding of the underlying technology is important to understanding his opinions and Cox's internal documents and communications, Dr. McGarty provides an overview of broadband network architecture and management practices that allow ISPs to monitor and control traffic over the network.  *See id*. ¶¶ 18-27.  Based on his background and experience in analyses of industry reports and data and documents produced by the parties, he opines that:



Case 1:18-cv-00950-PTG-JFA   Document 379   Filed 09/24/19   Page 6 of 16 PageID# 13842

- 

*Id.* ¶ 15 (footnotes omitted).

Dr. McGarty's affirmative reports do not contain any analyses or opinions on the reasonableness or effectiveness of Cox's policy for addressing repeated infringement notices. *See* Buchanan Decl. Ex. B, ¶ 3 (Expert Supplemental and Reply Report of Dr. Terrence P. McGarty, dated June 13, 2019 ("McGarty Reply Rept.")); Gould Decl. Ex. 1, 204:12-212:6 (Deposition Transcript of Terrence McGarty, Ph.D., July 2, 2019 ("McGarty Tr.")).  Instead, he responds to two rebuttal expert reports submitted on behalf of Cox purportedly opining on these subjects: (1) Rebuttal Expert Report of Kevin C. Almeroth, Ph.D., dated May 15, 2019 and (2) Rebuttal Expert Report of Lynne J. Weber, Ph.D., dated May 15, 2019.  He concludes that Dr. Alemeroth's opinions on "reasonableness" and Dr. Weber's opinions on "effectiveness" are

3

flawed for various reasons, including, for lacking foundation and failing to apply sound scientific principles and techniques. *See*, *e.g.*, Buchanan Decl. Ex. B, ¶¶ 6(i), 7(i) (McGarty Reply Rept.).

Dr. McGarty's opinions are based on his educational and academic background, as well as years of professional experience working with major telecommunications companies. *See* Buchanan Decl. Ex. A, ¶¶ 1-9 (McGarty Rept.). Through his work with NYNEX Mobile Communications Company (now Verizon), Warner Cable, and other companies, he developed decades of experience with Internet networks and their management, operations, and systems for regulatory compliance. *See id.*; Gould Decl. Ex. 1, 37:10-46:3, 53:10-56:18, 60:7-15 (McGarty Tr.).

## ARGUMENT

### I. LEGAL STANDARD

Federal Rule of Evidence 702 permits an expert to provide opinions on scientific matters, technical matters, or matters involving other specialized knowledge if the testimony "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The "touchstone of the rule is whether the testimony will assist the jury." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011).

Trial courts act as gatekeepers to ensure that expert testimony is reliable and relevant. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). "The inquiry to be undertaken by the district court is 'a flexible one' focusing on the 'principles and methodology' employed by the expert, not on the conclusions reached." *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 261 (4th Cir. 1999) (quoting *Daubert*, 509 U.S. at 594-95). Courts "should be mindful that Rule 702 was intended to liberalize the introduction of relevant expert evidence" and that, "[a]s with all other admissible evidence, expert testimony is subject to being tested by

'[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof.'" *Id.* (quoting *Daubert*, 509 U.S. at 596); *see also* Fed. R. Evid. 702 advisory committee's note to 2000 amendment ("[R]ejection of expert testimony is the exception rather than the rule."). As a rule, "questions regarding the factual underpinnings of the [expert witness'] opinion affect the weight and credibility" of the witness' assessment, "not its admissibility." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 195 (4th Cir. 2017) (quoting *Structural Polymer Grp. v. Zoltek Corp.*, 543 F.3d 987, 997 (8th Cir. 2008)).

## II. DR. MCGARTY'S PROPOSED TESTIMONY IS RELEVANT AND WILL ASSIST THE JURY IN RESOLVING ISSUES IN THE CASE

Dr. McGarty proffers opinions requiring specialized knowledge and experience, and his opinions will help the jury determine issues of secondary liability and damages in this case. The subject matter of Dr. McGarty's opinions is technical, complex, and beyond the common knowledge of the average juror. His testimony should be permitted.

### A. Dr. McGarty's Proposed Testimony on the Functional and Technical Ability of Cox's System and Cox's Inconsistent Actions Requires Specialized Knowledge and Experience and Provides Analysis, Not Mere Exposition, of the Facts

Dr. McGarty's affirmative report opines on [REDACTED] Buchanan Decl. Ex. A, ¶ 13 (McGarty Rept.). Understanding the functional and technical ability of Cox's system and Cox's deviations from that capability requires specialized experience with and knowledge of the standard techniques and technologies used in network operations, as well as a detailed analysis of Cox's technical documents and communications.

5

Dr. McGarty is highly qualified to provide testimony in these areas. Dr. McGarty has a Ph.D. in electrical engineering and computer science from the Massachusetts Institute of Technology and has over thirty years of faculty experience with various universities. *Id.* ¶ 1. In addition, he has extensive experience spanning over forty years in the telecommunications industry. *See id.* ¶¶ 2-9. He has worked with major ISPs and other companies on designing and implementing telecommunications networks, including Internet protocol data networks, and their management, operations, and systems for regulatory compliance. Gould Decl. Ex. 1, 37:10-46:3, 53:10-56:18, 60:7-15 (McGarty Tr.). Thus, Dr. McGarty possesses precisely the type of "specialized knowledge or skill or education that is not in the possession of the jurors." *See United States v. Perkins*, 470 F.3d 150, 155-56 (4th Cir. 2006).

Cox contends that Dr. McGarty is not qualified to provide his opinions because he has not developed or implemented a system to respond to copyright infringement notices. *See* Cox Mot. 11. But his opinions on Cox's functional and technical capability and inconsistent actions do not require specialized expertise with infringement notices specifically. *See Kopf v. Skyrm*, 993 F.2d 374, 377 (4th Cir. 1993) ("The witness' qualifications to render an expert opinion are . . . liberally judged by Rule 702. . . . One knowledgeable about a particular subject need not be precisely informed about all details of the issues raised in order to offer an opinion.").

Cox's characterization of Dr. McGarty's opinions as "pure factual exposition" is similarly misplaced. *See, e.g.*, Cox Mot. 13-15, 17-21. An expert is permitted to provide the factual basis of his opinions so that the jury can understand his opinions. *See, e.g., In re Ethicon, Inc., Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 186872, at *16 (S.D. W. Va. Jan. 15, 2014) (rejecting "factual narrative" argument where expert's "statements provide the factual basis for [her] opinions and are therefore helpful for the jury to understand [her]

6

opinions"); *Halaoui v. Renaissance Hotel Operating Co.*, No. 6:13-CV-1839-ORL-40T, 2015 WL 2250941, at *5 (M.D. Fla. May 13, 2015) ("Where an expert relies on certain facts or data in forming an opinion, the expert is certainly allowed to explain the basis of his opinion in light of these facts or data."); *Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*, 988 F. Supp. 2d 395, 404 (S.D.N.Y. 2013) (allowing expert to present facts as predicate for his opinion testimony). This is especially so where, as here, "the documents and other information the expert is reviewing are complicated, voluminous, or involve scientific or technical data and such narrative summary would assist the trier of fact in understanding the documents." *See In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-MD-2244-K, 2014 WL 3557345, at *7 (N.D. Tex. July 18, 2014).

Certainly, Dr. McGarty considered and referred to certain facts in his reports. But, unlike the cases cited by Cox, Dr. McGarty does not merely narrate facts but also provides expert analysis of the facts that inform his opinions. For example, Dr. McGarty analyzed technical documents and communications concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Buchanan Decl. Ex. A, ¶ 29 (McGarty Rept.). Based on that analysis, he opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶ 30. He also analyzed Cox's system and the ways in which Cox employed management control and intervention to opine that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* ¶¶ 31-45. Contrary to Cox's contentions,

7

these analyses are proper expert testimony and cannot be presented solely through Cox's witnesses and documents.

### B. Dr. McGarty's Proposed Testimony Provides Helpful Technical Background on Broadband Network Architecture and Management Practices That Is Beyond the Everyday Knowledge and Experience of Jurors

Rule 702 specifically contemplates that an expert witness may be used to provide "important" testimony to "educate the factfinder on general principles." *See* Fed. R. Evid. 702 advisory committee's note to 2000 amendment. "Testimony from an expert is presumed to be helpful unless it concerns matters within the everyday knowledge and experience of a lay juror." *See Kopf*, 993 F.2d at 377.

Broadband network architecture and management practices are not within the common knowledge or everyday experience of a lay juror. Dr. McGarty's proffered testimony will provide the jurors a general understanding of the technology underlying ISP networks such as Cox's by providing an overview of the architecture, operations, and management of the networks used to provide broadband Internet services to consumers. *See* Buchanan Decl. Ex. A, ¶¶ 18-27 (McGarty Rept.). Dr. McGarty's testimony will also assist the jury with understanding the functional and technical ability of Cox's system and the degree to which Cox's actions in response to infringement notices were consistent with this ability.

Notably, Cox does not seriously dispute the relevance of this testimony but instead quibbles with who can provide such testimony. *See* Cox Mot. 18-19. As explained *supra*, Dr. McGarty is more than qualified by his education and experience to opine on ISPs and Cox's network management system. And Plaintiffs are entitled to present their case with proper expert testimony.

8

### C. Dr. McGarty's Proposed Testimony Is Relevant to Issues of Secondary Liability and Damages

Dr. McGarty's proposed testimony is directly relevant to issues of secondary liability and damages, such as Cox's right and ability to control the infringement, failure to exercise that right and ability, material contribution to infringement, and deterrence of infringement. Cox does not, and cannot, credibly argue otherwise.

After casting aside the obvious relevance of those issues, Cox refers to the issues in *BMG* and draws comparisons to Dr. McGarty's proposed testimony there in the hope that the Court similarly will exclude his opinion here (or, more precisely, limit it to rebuttal testimony). *See* Cox Mot. 1, 15-16. While Cox's system and processes for responding to repeated copyright infringement notices are the subject of Dr. McGarty's proposed testimony in both cases, the similarities stop there. Unlike *BMG*, Plaintiffs here do not proffer Dr. McGarty's opinions on issues relating to Cox's entitlement to the DMCA safe harbor. Plaintiffs retained Dr. McGarty for a different scope of work directed to Cox's functional and technical ability and actions inconsistent with that ability. *See* Buchanan Decl. Ex. A, ¶ 13 (McGarty Rept.).

Cox's relevance arguments are also misguided by its misconceptions of Dr. McGarty's testimony. Cox tries to hand-wave away all of Dr. McGarty's opinions by essentially arguing that "nothing matters" (*i.e.*, Cox's technical capabilities, how it did or did not exercise them, and the need for deterrence) because Plaintiffs self-imposed a limit on how many infringement notices to submit per day. *See id.* 16. Needless to say, this argument is specious and ginned up for litigation. Cox's refusal to accept notices is relevant to Cox's knowledge on Plaintiffs' contributory infringement claim. And, of course, Cox's technical capabilities matter to a jury who must evaluate whether Cox failed to exercise its control and was willful. These are but examples. Cox also contends that Dr. McGarty's testimony concerns only termination and

Cox's actions after subscribers are eligible for termination under its policy. *See, e.g.*, Cox Mot. 2, 9-11. This constrained view is contrary to his reports and deposition testimony. As discussed *supra*, Dr. McGarty's opinions address numerous aspects of Cox's system and processes for addressing repeated infringement notices, including, but not limited to, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dr. McGarty's opinions are not rendered irrelevant simply because they do not fit within Cox's contorted themes of the case.

### III. DR. McGARTY PROVIDES PROPER TESTIMONY CRITICIZING THE "REASONABLENESS" AND "EFFECTIVENESS" OPINIONS OF COX'S PROFERRED EXPERTS

Cox tries to make hay about the fact that Dr. McGarty does not opine on the "effectiveness" of Cox's process in addressing infringement, the "reasonableness" of Cox's actions, or what Cox "should have done." *See* Cox Mot. 2, 6-7, 12-15. To be clear, Dr. McGarty provides no affirmative opinion on these topics because doing so would have impermissibly invaded the province of the jury and risked jury nullification.[1] *See Kidder, Peabody & Co. v. IAG Int'l Acceptance Grp. N.V.*, 14 F. Supp. 2d 391, 398, 403-04 (S.D.N.Y. 1998) (excluding expert report on reasonableness of plaintiff's conduct where it told jury what result to reach on ultimate issue); *Offill*, 666 F.3d at 175 ("[I]t does not help the jury for an expert to give testimony that states a legal standard or draws a legal conclusion by applying law to the facts,

---

[1] Cox points to Dr. McGarty's reference to "effectiveness" on page 12 of his opening report (Cox Mot. 11), but he did not do an "effectiveness" analysis (*see, e.g.*, Buchanan Decl. Ex. B, ¶ 3 (McGarty Reply Rept.); Gould Ex. 1, 204:12-212:6 (McGarty Tr.)). Instead, that reference merely pertained to his opinions on Cox's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ using the word "effectiveness" colloquially. *See* Buchanan Decl. Ex. A, ¶¶ 31-45 (McGarty Rept.). Cox also repeatedly mischaracterizes Dr. McGarty's testimony on what Cox "could have" done, i.e., its capability, as testimony on what Cox "should have" done. *See, e.g.*, Cox Mot. 2, 8-11, 22-23 & n.10. He does not pass judgment on those issues.

because it supplies the jury with no information other than the witness's view of how the verdict should be read." (internal quotation marks and citations omitted)). Plaintiffs thus have moved to preclude testimony on these topics by Cox's proffered experts Drs. Almeroth and Weber. *See* Dkt. Nos. 295, 299.

However, to the extent the Court allows either Dr. Almeroth or Dr. Weber to testify on the "effectiveness" or "reasonableness," Dr. McGarty should be permitted to provide rebuttal testimony as described in his reply report. Even in rebuttal, Dr. McGarty does not opine on whether Cox acted reasonably or effectively. Instead, he opines that Dr. Weber's opinions on "effectiveness" are "not based on sound scientific principles or any customer studies or research," "lack a control group," and are "without sufficient foundation." *See* Buchanan Decl. Ex. B, ¶ 6(i) (McGarty Reply Rept.). He also opines that Dr. Almeroth's opinions on "reasonableness" are "nebulous, entirely subjective, and lack[] foundation" and do not "apply any recognized standards, techniques or scientific principles." *Id.* ¶ 7(i). He also provides a reply to both proffered experts' responses to his affirmative opinions. *Id.* ¶¶ 6(ii)-(iii), 7(ii)-(v), 8. There is nothing unusual or improper about a qualified expert criticizing another expert's purported "methodology" and application of that methodology. *See United States v. Moore*, 532 F. App'x 336, 338 (4th Cir. 2013) (defining rebuttal testimony as testimony "given to explain, repel, counteract, or disprove facts given in evidence by the opposing party"); Fed. R. Civ. P. 26(a)(2)(D)(ii).

Cox does not challenge the vast majority of Dr. McGarty's reply report. Instead, Cox criticizes just two paragraphs of that report. Those criticisms are flawed. Cox argues that Dr. McGarty's rebuttal opinion on Dr. Weber's failure to consider the effect of the Rightscorp notices blacklisted by Cox is unnecessary because he did not opine on how those notices may

11

have affected her analysis. *See* Cox Mot. 23 (citing ¶¶ 25-26 of McGarty's reply report). Cox miscomprehends his opinion. Dr. McGarty specifically opined that the blacklisting of Rightscorp reduced the total number of tickets opened for infringing subscribers and also provided a sense of the magnitude of the effect of that blacklisting. Buchanan Decl. Ex. B, ¶¶ 25-26 (McGarty Reply Rept.). If anything, Cox's argument goes to the weight of his opinions, not their admissibility. *See Bresler*, 855 F.3d at 195. Cox's criticism of this aspect of Dr. McGarty's reply report is not a basis to exclude it in its entirety. Dr. McGarty's reply report is proper rebuttal testimony and should be permitted.

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court deny Cox's motion to preclude the proffered testimony of Dr. McGarty.


Respectfully submitted,

Dated September 24, 2019              /s/ Scott A. Zebrak
                                       Scott A. Zebrak (38729)
                                       Matthew J. Oppenheim (*pro hac vice*)
                                       Jeffrey M. Gould (*pro hac vice*)
                                       Kerry Mustico (*pro hac vice*)
                                       OPPENHEIM + ZEBRAK, LLP
                                       4530 Wisconsin Avenue, NW, 5th Floor
                                       Washington, DC 20015
                                       Tel: 202-480-2999
                                       scott@oandzlaw.com
                                       matt@oandzlaw.com
                                       jeff@oandzlaw.com
                                       kerry@oandzlaw.com

                                       *Attorneys for Plaintiffs*