# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
TO STRIKE PORTIONS OF THE DECLARATION OF THOMAS KEARNEY**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................2

ARGUMENT ..........................................................................................................................4

    I.    THE AUDIBLE MAGIC SPREADSHEET IS NOT ADMISSIBLE BECAUSE IT HAS NOT BEEN AUTHENTICATED AND IT IS HEARSAY ................................4

    II.    THE KEARNEY SUMMARIES MUST BE STRICKEN BECAUSE MR. KEARNEY CANNOT TESTIFY AS A SUMMARY WITNESS ..............................5

        A.    Summary Exhibits Sponsored by Counsel Are Inadmissible .................................5

        B.    The Advocate-Witness Rule Prevents Mr. Kearney From Testifying About the Kearney Summaries ................................................................................................6

        C.    The Kearney Summaries Are Inadmissible Hearsay ...............................................7

    III.    MR. KEARNEY'S TESTIMONY NOT BASED ON PERSONAL KNOWLEDGE MUST BE STRICKEN ................................................................................................8

        A.    Mr. Kearney's Testimony Based On "Information and Belief" Must Be Stricken Because He Lacks Personal Knowledge to Testify to Those Issues ........................8

        B.    Mr. Kearney's Testimony Regarding Documents Must Be Stricken Because He Lacks Personal Knowledge to Testify Regarding These Documents ......................9

        C.    Mr. Kearney's Testimony Regarding Documents Must Be Stricken Because It Is Inadmissible Hearsay ............................................................................................11

CONCLUSION .....................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**

*Antonio v. Barnes*, 464 F.2d 584 (4th Cir. 1972) ..................................................................10

*Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827 (1950) ........................................8

*Bluiett v. Pierre M. Sprey, Inc.*, No. CV AW-05-1244, 2009 WL 10685350
   (D. Md. Jan. 27, 2009) ....................................................................................................6

*Boitnott v. Corning Inc.*, No. 7:06-CV-00330, 2010 WL 2465490
   (W.D. Va. June 15, 2010) ..............................................................................................11

*Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334 (4th Cir. 1992) ............................10

*Harmer v. Virginia Elec. & Power Co.*, 831 F. Supp. 1300 (E.D. Va. 1993) ..............................10

*Panoqicz v. Hancock*, No. CIV.A. DKC 11-2417, 2015 WL 4231712
   (D. Md. July 9, 2015) ....................................................................................................11

*Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*,
   378 F.3d 269 (2d Cir. 2004) ............................................................................................7

*Sutton v. Roth, LLC*, 361 F. App'x 543 (4th Cir. 2010) ..............................................................10

*United States v. Branch*, 970 F.2d 1368 (4th Cir. 1992) ..............................................................4

*United States v. Bray*, 139 F.3d 1104 (6th Cir. 1998) ..................................................................5

*United States v. Fogel*, 901 F.2d 23 (4th Cir. 1990) ....................................................................6

*United States v. Grajales-Montoya*, 117 F.3d 356 (8th Cir. 1997) ..............................................6

*United States v. Gupta*, 747 F.3d 111 (2d Cir. 2014) ..................................................................5

*United States v. Kim*, 595 F.2d 755 (D.C. Cir. 1979) ..................................................................8

*United States v. Nyman*, 649 F.2d 208 (4th Cir. 1980) ................................................................7

*Ward v. Branch Banking & Tr.*, No. CIV.A. ELH-13-1968, 2015 WL 4661851
   (D. Md. Aug. 4, 2015) ..................................................................................................11

*Wells v. Liddy*, 37 F. App'x 53 (4th Cir. 2002) ............................................................................4

# TABLE OF AUTHORITIES
(Continued)

**CASES**

*Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831 (E.D. Va. 2007) ....................................... 6

**RULES**

Fed. R. Civ. P. 56 ............................................................................................................... 1, 10

Fed. R. Evid. 104 ....................................................................................................................... 5

Fed. R. Evid. 602 ................................................................................................................. 9, 10

Fed. R. Evid. 801, 802 ...................................................................................................... 5, 7, 12

Fed. R. Evid. 901 ....................................................................................................................... 4

Fed. R. Evid. 1006 ........................................................................................................ 5, 6, 7-8

Va. R. Prof. Conduct. 3.7(a) ..................................................................................................... 7

**TREATISES**

10B Charles Alan Wright et al., *Federal Practice & Procedure* § 2738
(4th ed. Aug. 2019 update) .................................................................................................... 8-9

27 Charles Alan Wright et al., *Federal Practice & Procedure* § 6012
(2d ed. Aug. 2019 update) ........................................................................................................ 7

31 Charles Alan Wright et al., *Federal Practice & Procedure* § 8043
(1st ed. Aug. 2019 update) ....................................................................................................... 8

# INTRODUCTION

It is axiomatic that a Court may consider only admissible evidence in deciding a motion for summary judgment. Cox runs afoul of this basic rule by relying heavily on inadmissible documents and testimony presented in a declaration from one of its outside counsel of record, Thomas Kearney. Of course, a party's lawyer cannot testify on his or her client's behalf and a witness must have personal knowledge in order to testify. Evidence must be authenticated to be properly considered and, absent some exception, hearsay is inadmissible. The Declaration of Thomas Kearney (ECF No. 329-1) offends all of these bedrock principles and, accordingly, substantial portions of it, including documents cited therein, should be stricken from the record that the Court considers on Cox's motion for summary judgment.

Thomas Kearney is Of Counsel with Winston & Strawn LLP, the firm that is Counsel of Record for Cox in this matter. Mr. Kearney has entered an appearance in this case. Kearney Decl. ¶ 1; ECF No. 357. The Kearney Declaration goes well beyond merely establishing that the exhibits Cox attaches to its summary judgment motions are true and correct copies of what they purport to be. It attaches hearsay documents that have not been authenticated. It offers multiple new exhibits summarizing other documents and offers hearsay on subjects about which Mr. Kearney lacks sufficient personal knowledge to testify. This testimony is inadmissible. As a lawyer for one of the parties, Mr. Kearney cannot testify, and hearsay testimony about which the witness lacks personal knowledge is inadmissible.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Accordingly, the Court should strike from the summary judgment record the offending

testimony and documents described below and give it no consideration in considering Cox's summary judgment motion.

## BACKGROUD

The Kearney Declaration attaches as Exhibit 40 a spreadsheet produced by Audible Magic with the Bates No. AUDIBLE-MAGIC-0007657 that is sometimes referred to as "REV00003444" or the "Audible Magic Spreadsheet." Kearney Decl. ¶ 48, Ex. 40. At no time during the deposition of Audible Magic's 30(b)(6) was the witness asked to identify, describe or otherwise authenticate REV000003444. Decl. of Jeffrey M. Gould in Supp. of Pls.' Mot. to Strike the Decl. of Thomas Kearney ("Gould Decl.") ¶ 3. In fact, the document was not even used at the deposition. *Id.* The closest Cox can come to authenticating the document is referencing when Audible Magic's corporate designee testified generically regarding its ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *Id.* Ex. 3 at 173:21–177:2 (May 6, 2019 deposition transcript of Vance Ikezoye, Audible Magic's 30(b)(6) corporate designee). The Audible Magic witness testified that, to respond to Cox's subpoena, ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and Cox has not and cannot show that the Audible Magic Spreadsheet is the document the witness had in mind when answering questions. *Id.* ¶ 4.

The Kearney Declaration purports to authenticate, lay a foundation for, and offer testimony about several new exhibits Mr. Kearney attaches that purport to summarize documents produced by parties other than Cox. Kearney Decl. Exs. 27, 28, 33, 33A, 34. Mr. Kearney describes each of these exhibits as a "document created under my direction . . . ." *Id.* ¶¶ 29, 35, 37, 40. In addition, the Kearney Declaration includes a chart purporting to summarize and

analyze data produced by third-party MarkMonitor. *Id.* ¶ 44 (with Kearney Decl. Exs. 27, 28, 33, 33A, 34, collectively, the "Kearney Summaries").

The Kearney Summaries excerpt, filter, and manipulate data from documents produced by other parties. *Id.* ¶¶ 29, 35, 37, 40, 44. Mr. Kearney then offers analysis based on his review of the recalculated, recontextualized data contained in the summaries. *Id.* For example, Exhibit 33 purports to "summariz[e] copyright registration information Plaintiffs have produced in discovery for the sound recording works-in-suit." *Id.* ¶ 35. Mr. Kearney uses Exhibit 33 to analyze the data contained therein and offers testimony regarding his analysis of the numbers of Plaintiffs' works-in-suit that fall into certain categories. *Id.*

Similarly, in Paragraph 44, Mr. Kearney purports to analyze and summarize data in a spreadsheet produced by third-party MarkMonitor. *Id.* ¶ 44. The spreadsheet referenced in Paragraph 44 is the same MarkMonitor spreadsheet (the so-called 236 spreadsheet) that is the subject of Cox's spoliation and preclusion motion. *See* ECF No. 238. Mr. Kearney describes what he "observed" from "sorted" columns in three separate tabs of the MarkMonitor spreadsheet. Kearney Decl. ¶ 44. He then provides a chart summarizing his analysis by providing an incorrect accounting. Specifically, Mr. Kearney attests that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.*; Gould Decl. ¶ 8. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Gould Decl. ¶ 8

Kearney also testifies repeatedly in the Kearney Declaration based on his "review" of documents produced by other parties about which he has no personal knowledge. Kearney Decl. ¶¶ 28, 29, 31, 32, 33, 34, 36, 38, 39, 40. 41, 44, 46, 47, 48, 53. For example, Mr. Kearney

3

reviews the copyright registrations Plaintiffs produced for certain works and then testifies that, "[b]ased on my review, none of these six song titles was identified in an RIAA Notice during the Claims Period." *Id.* ¶ 41. Further, the Kearney Declaration offers testimony based "on information and belief" about multiple subjects. *Id.* ¶¶ 23, 33, 39, 51, 52. For example, Mr. Kearney testifies that, "on information and belief, based on my research including a review of Copyright Office records available online, the title 'Another One Rides the Bus' does not refer to any Weird Al Yankovic album. *Id.* ¶ 39.

## ARGUMENT

### I. The Audible Magic Spreadsheet is not admissible because it has not been authenticated and it is hearsay.

The Audible Magic Spreadsheet cannot be considered on summary judgment because it has not been authenticated and it lacks foundation. For evidence to be admissible, the proponent must authenticate it by "produc[ing] evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Before the evidence is admitted . . . 'the district court must determine whether its proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" *Wells v. Liddy*, 37 F. App'x 53, 63 (4th Cir. 2002) (quoting *United States v. Branch*, 970 F.2d 1368, 1370 (4th Cir. 1992). The most direct way to authenticate evidence is with "[t]estimony of a [w]itness with [k]nowledge . . . that an item is what it is claimed to be." Fed. R. Evid. 901(b)(1).

Cox cannot authenticate the Audible Magic Spreadsheet because there is no testimony from a witness with knowledge that the Audible Magic Spreadsheet is what Cox claims it to be. Audible Magic's 30(b)(6) witness was never shown the Audible Magic Spreadsheet nor asked any questions about. *See supra* pg. 2. Cox has not identified any other witness—Mr. Kearney certainly does not count —with sufficient knowledge of the document to authenticate it. Audible

4

Magic produced nearly ▮▮▮▮ documents and Cox's outside counsel's assertion that REV00003444 must be the so-called "transaction log" it wants it to be does not make it so.

Cox also cannot establish any foundation for the Audible Magic Spreadsheet's relevance. To establish the document's relevance, Cox must introduce testimony explaining what the Audible Magic Spreadsheet is, how it was created, where its data comes from, what its various fields mean, etc. Fed. R. Evid. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist."). The record is barren of any such evidence. Accordingly, the Audible Magic Spreadsheet must be stricken. S*ee United States v. Gupta*, 747 F.3d 111, 138 (2d Cir. 2014) (affirming exclusion of documents as irrelevant where proponent "cho[se] not to call a witness or to present other evidence to lay a foundation" for their relevance).

The Audible Magic Spreadsheet is inadmissible hearsay. Fed. R. Evid. 801, 802. It is a third-party document being offered for its truth, and no witness has laid any foundation for the application of any of the hearsay exceptions. Accordingly, it is inadmissible.

## II. The Kearney Summaries must be stricken because Mr. Kearney cannot testify as a summary witness.

### A. Summary exhibits sponsored by counsel are inadmissible.

For a summary exhibit to be admissible in evidence, it must comport with Fed. R. Evid. 1006. "In order to lay a proper foundation for a [Rule 1006] summary, the proponent should present the testimony of the witness who supervised its preparation." *United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir. 1998). Cox cannot offer the Kearney Summaries without providing a witness who can testify to what the summaries are and how they were prepared. That is no less true at summary judgment than at trial.

The Kearney Summaries and Mr. Kearney's testimony about them and based on them must be stricken because summaries are inadmissible when offered by a party's attorney. The Kearney Declaration identifies Mr. Kearney, a lawyer with Defendants' counsel of record, as the proponent of the Kearney Summaries. Kearny Decl. ¶¶ 29, 35, 37, 40, 44. This renders the Kearney Summaries inadmissible because a Rule 1006 summary's sponsoring witness cannot be the attorney litigating the case. *Bluiett v. Pierre M. Sprey, Inc.*, No. CV AW-05-1244, 2009 WL 10685350, at *5 (D. Md. Jan. 27, 2009) (striking attorney declaration offering Rule 1006 summary in support of summary judgment). "Rule 1006 'appears to contemplate . . . that a summary . . . will have been prepared by a witness available for cross-examination, not by the lawyers trying the case.'" *Id.* (quoting *United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997)). *Grajales-Montoya* held it was error to admit a summary "that was prepared by a lawyer trying the case and that restates and distills other properly admitted exhibits" because "such a summary is written argument," not evidence. *Grajales-Montoya*, 117 F.3d at 361. At trial, Cox would not able to offer the Kearney Summaries as evidence through Mr. Kearney, nor can it here. Accordingly, the Kearney Summaries must be stricken.

### B. The Advocate-Witness Rule prevents Mr. Kearney from testifying about the Kearney Summaries.

The rule against a lawyer testifying in his or her client's case also prevents Mr. Kearney from offering the Kearney Summaries as evidence. *See United States v. Fogel*, 901 F.2d 23, 26 (4th Cir. 1990) (affirming exclusion of lawyer as witness because "to have put [the attorney] on the stand may have unduly influenced the jury . . . . .); *Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 839 n.8 (E.D. Va. 2007) ("[I]f the [plaintiffs] wish to rely upon an affidavit from their current counsel, such counsel would generally have to withdraw from the case, because counsel cannot also serve as a witness for a client . . . ."). While "there is no rule of evidence

6

absolutely excluding the testimony of a lawyer on behalf of his client," *United States v. Nyman*, 649 F.2d 208, 211 (4th Cir. 1980), several important fairness considerations justify excluding such testimony:

> (1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client. Most important, when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined.

*Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282–83 (2d Cir. 2004) (internal citations and quotations omitted); *see also* 27 Charles Alan Wright et al., *Federal Practice & Procedure* § 6012 (2d ed. Aug. 2019 update) ("[T]he conflicting roles of the advocate witness make it difficult for the jury to distinguish between the logic of the advocate and the credibility of the witness."). Additionally, the Virginia Rules of Professional Conduct provide that "[a] lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness . . . ." Va. R. Prof. Conduct. 3.7(a). These undeniable concerns make clear that permitting Mr. Kearney to offer testimony on the Kearney summaries would prejudice the adjudicatory process by allowing Cox to bolster its arguments with the extra credibility sworn testimony provides. Accordingly, the Kearney Summaries and Mr. Kearney's testimony in connection with them must be excluded.

### C. The Kearney Summaries are inadmissible hearsay.

Because Mr. Kearney has not been deposed and cannot testify at trial,[1] the Kearney Summaries must be stricken as inadmissible hearsay under Fed. R. Evid. 801 and 802. A Rule

---

[1] Additionally, Cox cannot call Mr. Kearney to testify because Cox did not name Mr. Kearney as a witness when it submitted Defendants' Witness List/Rule 26(a)(3) Disclosures in accordance with the Court's Pretrial Schedule. ECF No. 221.

1006 summary is admissible "only if the written summary or chart and the source materials ***each*** are within an exception to the hearsay rule." 31 Charles Alan Wright et al., *Federal Practice & Procedure* § 8043 (1st ed. Aug. 2019 update) (emphasis added); *see also United States v. Kim*, 595 F.2d 755, 759 (D.C. Cir. 1979) (excluding summary as hearsay even where underlying source documents satisfied hearsay exception). Cox offers the Kearney Summaries for the truth of the matters asserted therein and nothing in the record establishes that they meet any of the hearsay exceptions. That some of Mr. Kearney's summaries are provably incorrect at a glance demonstrates why hearsay is unreliable and highlights the dangers of admitting hearsay testimony not subject to cross-examination. *See supra* note 1 (discussing errors in Mr. Kearney's Paragraph 44 summary).

### III. Mr. Kearney's testimony not based on personal knowledge must be stricken.

#### A. Mr. Kearney's testimony based on "information and belief" must be stricken because he lacks personal knowledge to testify to these issues.

In five instances in the Kearney declaration, Mr. Kearney testifies based on "information and belief." Kearney Decl. ¶¶ 23, 33, 39, 51, 52. For example, the Kearney declaration states, "[b]ased on my research, including a search of online Copyright Office registration records, on information and belief the Copyright Office has registered at least 29 musical works titled "Motivation" since 1978; none of them were authored by Kelly Rowland." *Id.* ¶ 33. Mr. Kearney's testimony based on "information and belief" must be stricken because he lacks sufficient personal knowledge to offer it.

Testimony offered based on information and belief is not testimony based on personal knowledge and so cannot be considered for purposes of summary judgment. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831 (1950), overruled on other grounds, *Lear, Inc. v. Adkins*, 395 U.S. 653 (1969); *see also* 10B Charles Alan Wright et al., *Federal Practice &*

*Procedure* § 2738 (4th ed. Aug. 2019 update) ("[S]tatements made on belief or 'on information and belief,' cannot be utilized on a summary-judgment motion."). Such testimony would also be inadmissible at trial under Fed. R. Evid. 602.

Testimony based on information and belief is not admissible because it is unreliable. *See* Fed. R. Evid. 602 advisory comm.'s note (the personal knowledge requirement is a "most pervasive manifestation of the common law insistence upon the most reliable sources of information") (internal quotation marks omitted). Basic errors in Mr. Kearney's "information and belief" testimony shows why such testimony is unreliable. Contrary to Mr. Kearney's testimony that online Copyright Office registration records do not contain a registration for the song "Motivation" by Kelly Rowland, Kearney Decl. ¶ 33, a search of the Copyright Office Catalog for the keywords "rowland motivation" shows the registration in question as the very first hit, with Kelly Rowland listed as "Artist." Gould Decl. ¶¶ 5-6, Exs. 2-3. Plaintiffs produced the registration certificate for this work as UMG_00000005. *Id.* ¶ 7, Ex. 4.

In his declaration, Mr. Kearney admits that he lacks personal knowledge with regard to the testimony he offers on information and belief. The first paragraph of his declaration states, "I have personal knowledge of all facts stated in this declaration, *except where facts are stated on information and belief,* and as to such facts I believe them to be true." Kearney Decl. ¶ 1 (emphasis added). Because Mr. Kearney lacks personal knowledge sufficient to testify to the facts he asserts "on information and belief," all such testimony must be stricken and given no consideration on summary judgment.

### B. Mr. Kearney's testimony regarding documents must be stricken because he lacks personal knowledge to testify regarding these documents.

The Kearney Declaration attaches documents produced by Plaintiffs and third parties and then discusses their meaning and significance based on Mr. Kearney's "review" of those

documents. Kearny Decl. ¶¶ 28, 29, 31, 32, 33, 34, 36, 38, 39, 40. 41, 44, 46, 47, 48, 53. For example, Mr. Kearney testifies that, "Exhibit 35 is a true and correct copy of Plaintiffs' production concerning copyright registrations for those works. Based on my review, none of these six song titles was identified in an RIAA Notice during the Claims Period." *Id.* ¶ 41. This testimony is inadmissible because Mr. Kearney lacks sufficient personal knowledge to testify about these documents.

  Fed. R. Civ. P. 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge . . . ." Similarly, under Fed. R. Evid. 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." "The absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of the affidavits and, accordingly, summary disposition based thereon [is] improper." *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1342 (4th Cir. 1992) (quoting *Antonio v. Barnes*, 464 F.2d 584, 585 (4th Cir. 1972); *Harmer v. Virginia Elec. & Power Co.*, 831 F. Supp. 1300, 1307 (E.D. Va. 1993) (striking affidavit's "conclusory opinions, which are not based on personal knowledge").

  Nothing in the Kearney Declaration points to evidence sufficient to support a finding that Mr. Kearney has personal knowledge of the documents about which he offers testimony, for example, the notices the RIAA sent, Kearney Decl. ¶ 41, or how Plaintiffs registered the works-in-suit, *id.* ¶ 36, or MarkMonitor's data. *Id.* ¶ 44; *see Sutton v. Roth, LLC*, 361 F. App'x 543, 550 n.7 (4th Cir. 2010) (stating in dicta that an "affidavit is of questionable value [where] the affiant's 'personal knowledge' is based on a review of files rather than direct, personal knowledge of the underlying facts"). If simply having reviewed a document were sufficient to

permit a witness to testify to the underlying facts referenced in the document, the personal knowledge requirement would be a dead letter.

Mr. Kearney claims at the beginning of the Kearney Declaration that, "I have personal knowledge of all facts stated in this declaration, except where facts are stated on information and belief . . . ." Kearney Decl. ¶ 1. But this entirely conclusory assertion is not sufficient to lay foundation for Mr. Kearney's personal knowledge of these issues. For example, in *Boitnott v. Corning Inc.*, the court struck an affidavit even where the affiant stated his testimony was "based on my personal knowledge and/or information contained in the business records of [the defendant]." No. 7:06-CV-00330, 2010 WL 2465490, at *4 (W.D. Va. June 15, 2010). The court concluded the affidavit was "not properly considered to be based on personal knowledge because [the affiant] is merely parroting what these documents show." *Id.*; *see also Ward v. Branch Banking & Tr.*, No. CIV.A. ELH-13-1968, 2015 WL 4661851, at *7 (D. Md. Aug. 4, 2015) (disregarding declaration despite declarant's averment that statements were made on personal knowledge where declaration provided no factual support for claim of personal knowledge); *Panoqicz v. Hancock*, No. CIV.A. DKC 11-2417, 2015 WL 4231712, at *1 n.1 (D. Md. July 9, 2015) (crediting only portions of affidavit for which affiant provided evidence to support finding of personal knowledge despite affidavit's averment that "[e]ach and every statement . . . [is] true and accurate based on my personal knowledge").

### C. Mr. Kearney's testimony regarding documents must be stricken because it is inadmissible hearsay.

To the extent Mr. Kearney has personal knowledge about anything when testifying about documents, it is only what he has learned by reading those documents. His testimony reflects not his own knowledge of any underlying facts, but the documents' statements regarding the underlying facts. As discussed above, Mr. Kearney has not been deposed and cannot testify at

11

trial. That renders his testimony about those documents inadmissible hearsay under Fed. R. Evid. 801 and 802.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' respectfully request that the Court strike from the summary judgment record and give no consideration in deciding the parties' summary judgment motions to:

- The Audible Magic Spreadsheet (Kearney Decl. Ex. 40);

- The Kearney Summaries (Kearney Decl. Exs. 27, 28, 33, 33A, 34 and ¶ 44);

- All testimony in the Kearney Declaration about, and based on, the Kearney Summaries (Kearney Decl. ¶¶ 29, 35, 37, 40, 44);

- All testimony in the Kearney Declaration based on information and belief (Kearney Decl. ¶¶ 23, 33, 39, 51, 52); and

- All testimony in the Kearney declaration based on Mr. Kearney's review of documents about which he has no personal knowledge (Kearney Decl. ¶¶ 28, 29, 31, 32, 33, 34, 36, 38, 39, 40. 41, 44, 46, 47, 48, 53).

Respectfully submitted,

Dated September 24, 2019

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiff*

12