UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

### DECLARATION OF JON GLASS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I, Jon Glass, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

    1.    I am Senior Vice President, Digital Legal Affairs for Warner Music Group ("WMG"). I have worked in Digital Legal Affairs at WMG for over 9 years. I am a senior negotiator of global digital distribution agreements for WMG's sound recordings to generate revenue for the company and our artists. Through my work, I am generally familiar with WMG's practices and procedures for developing, exploiting, and distributing sound recordings and its efforts to enforce its copyrights covering its sound recordings. I have personal knowledge of the facts set forth below and/or have learned of these facts as a result of my position and responsibilities at WMG. If called upon and sworn as a witness, I could and would testify competently as to the matters set forth herein. I submit this Declaration in support of Plaintiffs' opposition to Cox's Motion for Summary Judgment to demonstrate that sound recordings have an economic life and value separate and apart from the musical compositions embodied within them.

1

2. The Warner Music Plaintiff group is comprised of Atlantic Recording Corporation; Bad Boy Records LLC; Elektra Entertainment Group Inc.; Fueled by Ramen LLC; Roadrunner Records, Inc.; and Warner Records Inc. (f/k/a Warner Bros. Records Inc.).

3. The Warner Music Plaintiff group is part of WMG's recorded music division whose primary business is to own or exclusively license copyrighted sound recordings, not musical compositions.

4. In this litigation, the Warner Music Plaintiff group is claiming infringement of the sound recordings identified as owned or exclusively controlled by them in the current Exhibit A to the Amended Complaint, ECF No. 172-1, for the period of February 1, 2013 through November 26, 2014 (the "Claim Period").

5. As a general matter and routine business practice, the Warner Music Plaintiff group releases and monetizes its sound recordings individually even when they are part of an album, and often promotes and markets tracks individually as well. This practice has become particularly important within the past decade, given the emergence of digital downloading and streaming technology as the principal method by which fans consume music.

6. Specifically, during the Claim Period, the Warner Music Plaintiff group distributed all or virtually all of its claimed copyrighted sound recordings as individual tracks available online through sources such as iTunes, Spotify, and YouTube, among others. Indeed, individual tracks are often available for streaming or downloading before a full album is released in order to maximize their independent economic value.

7. Moreover, the Warner Music Plaintiff group generally licenses sound recordings to be included in a film, TV show, or other audiovisual work on an individual track basis, not as an album. These licenses are commonly referred to as synchronization licenses.

8. Each individual track on an album may have several different contributors who are compensated separately. These could include, for example, different studio musicians, side artists or producers.

9. The Warner Music Plaintiff group routinely enforces its sound recording copyrights without the participation of the copyright owner of the underlying musical composition embodied in a sound recording. Although in this case, the Warner Music Plaintiff group has asserted claims simultaneously with the music publishing entities that own or control some of the underlying musical compositions, the Warner Music Plaintiff group could have asserted its sound recording claims independent of any claims by the music publishers. *See, e.g., UMG Recordings, Inc., et al., v. Grande Communications Networks LLC et al.*, Case No. 17-cv-00365-DAE-AWA (filed Apr. 21, 2017 W.D. Tex); *UMG Recordings, Inc., et al., v. RCN Telecom Services, LLC*, Civ. No. 19-17272 (filed Aug. 27, 2019 D.N.J.).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____

Executed this 23rd day of September, 2019 in New York, NY.