UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## DECLARATION OF WADE LEAK IN SUPPORT OF
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

I, Wade Leak, hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am Senior Vice President, Deputy General Counsel, and Chief Compliance Officer at Sony Music Entertainment. As in-house counsel, I manage and supervise litigation for SME and its affiliates that own or control copyrights in sound recordings, including Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment, Sony Music Entertainment US Latin LLC, and Volcano Entertainment III, LLC (collectively, the "Sony Music Plaintiffs"). I submit this Declaration in further support of Plaintiffs' Motion for Summary Judgment, and in opposition to Cox's Motion for Summary Judgment, to demonstrate that sound recordings have an economic life and value separate and apart from the musical compositions embodied within them.

2. SME is a record company, which owns or exclusively licenses copyrighted sound recordings. SME does not own or exclusively license compositions.

1

3. In this litigation, SME is claiming infringement of the sound recordings identified as owned or exclusively controlled by it in the current Exhibit A to the Amended Complaint, ECF No. 172-1, for the period of February 1, 2013 through November 26, 2014 (the "Claim Period").

4. SME develops, exploits and distributes sound recordings through various unincorporated record label divisions.

5. As a general matter and routine business practice, SME releases and monetizes its sound recordings individually even when they are part of an album, and often promotes and markets tracks individually as well. This practice has become particularly important now, given the emergence of digital downloading and streaming technology as the principal method by which fans consume music now.

6. Specifically, during the Claim Period, SME exploited all or virtually all of its claimed copyrighted sound recordings as individual tracks available online through sources such as iTunes, Spotify, and YouTube, among others. Indeed, tracks are often available for purchase or streaming individually at different times, including before a full album is released, in order to maximize their independent economic value.

7. SME generally licenses sound recordings to be included in a film, TV show, or other audiovisual work on an individual track basis, not as an album. These licenses are commonly referred to as synchronization licenses.

8. Each individual track on an album may have several different contributors who are compensated separately. These could include, for example, different studio musicians, side artists or producers.

9. The rights in a sound recording are entirely separate from the rights in a musical composition. SME usually enforces its sound recording copyrights without any involvement of

2

the musical publisher who has music publishing rights embodied in a sound recording. Although in this case, we have asserted claims simultaneously with the music publishing entities that own or control some of the underlying musical compositions, SME could have asserted its sound recording claims independent of any claims by the music publishers. *See, e.g., UMG Recordings, Inc., et al., v. Grande Communications Networks LLC et al.*, Case No. 17-cv-00365-DAE-AWA (filed Apr. 21, 2017 W.D. Tex); *UMG Recordings, Inc., et al., v. RCN Telecom Services, LLC*, Civ. No. 19-17272 (filed Aug. 27, 2019 D.N.J.).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_[signature]_

Executed this 24th day of September, 2019 in New York, New York

3