# Exhibit K2

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
---------------------------------:
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
           Plaintiffs,           :
                                 : Case No. 1:14-cv-1611
    vs.                          :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
           Defendants.           :
---------------------------------:
```

VOLUME 1 (a.m. portion)

TRIAL TRANSCRIPT

December 2, 2015

Before:  Liam O'Grady, USDC Judge

And a Jury

Norman B. Linnell /Julie A. Goodwin OCR-USDC/EDVA   (703)549-4626

Case 1:18-cv-00950-PTG-JFA Document 400-2 Filed 09/25/19 Page 3 of 5 PageID# 16621
Case 1:14-cv-01611-LO-JFA Document 709 Filed 12/03/15 Page 196 of 150 PageID# 19236

230

1    MR. BUCKLEY: And the second issue, Your Honor, we're
2    clearly going to get into that, and we're going to want
3    limiting instruction on the hearsay issues that they're not
4    being offered for the truth. I don't believe they are, but as
5    soon as they start to come in and there's an expert talking
6    about them, I think the jury ought to hear that.
7    THE COURT: All right. Do you have any objection to
8    that from BMG's side of things? It's what I talked about doing
9    from the very start. The evidence of the infringement is not
10   going to be the notice itself. It's going to be the
11   Rightscorp's software system identifying what -- you know, the
12   hits that are received based on its code. Right?
13   MR. CARACAPPA: That's correct. She's going to talk
14   about the software. She's going to say this is what it does,
15   this is how it works, and then it spits out a notice.
16   THE COURT: So it's an accusation?
17   MR. CARACAPPA: Exactly.
18   THE COURT: Okay. All right. Then I'll give that
19   limiting instruction that it's an accusation only and that it's
20   not -- that portion of it is not offered for the truth of
21   the -- whether or not there was an infringement.
22   MR. CARACAPPA: Yeah. I mean, the notices themselves
23   are -- they're evidence of actual notice and we think -- we
24   think the software works and it is an accurate identification
25   of infringement.

Case 1:18-cv-00950-PTG-JFA Document 400-2 Filed 09/25/19 Page 4 of 5 PageID# 16622
Case 1:14-cv-01611-LO-JFA Document 709 Filed 12/03/15 Page 137 of 150 PageID# 19237

231

1            THE COURT:  Yes, it accurately identifies, you know,
2    infringements -- well, the jury doesn't know whether -- the
3    jury is going to have to make the decision as to whether it
4    accurately identifies infringements.  Clearly that's a center
5    foundation of the case.  For now, you're going to admit the
6    notices for -- for what purpose, to demonstrate that that
7    software system that Rightscorp used was able to identify what
8    it believed were infringing downloads by using the BitTorrent
9    system by Cox customers?
10           MR. CARACAPPA:  That's right, Your Honor.  So the
11   software goes out and it identifies an IP address and a song
12   and a port and the fact that it's a Cox customer.  And if the
13   jury --
14           THE COURT:  She's going to testify to that?
15           MR. CARACAPPA:  Yes.  And if the jury believes that
16   the code works, then those 1.8 million notices are accurate
17   records of infringement.  And if it doesn't, they may say,
18   well, only 1.7 of them or 1.6 or 1.5 or none of them are
19   accurate evidence of infringement.
20           THE COURT:  So you do want to use the notices and the
21   information in the notices as proof of infringement?
22           MR. CARACAPPA:  The notices are a manifestation of
23   the system.  So we're not taking the notice itself and saying,
24   here, it's accurate evidence of infringement.
25           THE COURT:  Right.

Case 1:18-cv-00950-PTG-JFA Document 400-2 Filed 09/25/19 Page 5 of 5 PageID# 16623
Case 1:14-cv-01611-LO-JFA Document 709 Filed 12/03/15 Page 145 of 150 PageID# 19245

239

1   information, so here we go.
2           Put it in a -- in a pleading tonight; give it to me
3   in the morning. And both of you supplement your motion in
4   limine that you've filed already and tell me why the document
5   is independently admissible as a business record, if you
6   believe that it is; and if not, how it should be used.
7           If -- if we have not proven infringement yet, that's
8   a jury decision, then I believe Mr. Buckley is correct. The
9   testimony of Ms. Frederiksen-Cross should be limited to her
10  talking about the accuracy of the system and the information it
11  generates and not going to the ultimate question of
12  infringement. That's not her job. She doesn't have firsthand
13  information. She's not a lawyer. It's a -- as Mr. Buckley
14  pointed out, it's an issue that the jury should decide that I
15  rarely ever give to an expert to make an ultimate
16  determination, and I did not mean by my questioning tonight to
17  suggest it should be. I was merely asking about how far you
18  intended to go.
19          So there's two issues. One is is it hearsay, should
20  we have a limiting instruction. Is it independently -- are
21  they all independently admissible. But at the end of the day
22  this is -- Ms. Frederiksen-Cross is not going to be testifying
23  about whether they're infringement or not. It's just about
24  whether the information in the notices is accurate based on her
25  investigation.