UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DEFENDANTS' OMNIBUS MOTION TO SEAL**

## I.     Plaintiffs and Third-Party Documents

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under temporary seal a portion of Defendants' Motion in Opposition to Plaintiffs' Motion for Summary Judgment (ECF No. 394) ("Summary Judgment Opposition"); portions of the Declaration of Thomas Kearney in Support of Defendants' Summary Judgment Opposition ("Kearney Declaration"); certain exhibits to the Kearney Declaration; the Declaration of Thomas Patrick Lane in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment on the Issue of Copyright Validity and Ownership ("Lane Declaration") in its entirety; all exhibits to the Lane Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Expert Testimony by Dr. Nick Feamster (ECF No. 385); portions of the Declaration of Cesie C. Alvarez in Support of Cox's Opposition to Plaintiffs' Motion to Preclude Expert Testimony by Dr. Nick Feamster ("Alvarez Declaration"); certain exhibits to the Alvarez Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Christian Tregillis (ECF No. 371); portions of the Declaration of Thomas P. Lane in Support of Cox's Opposition to Plaintiffs' Plaintiffs' Motion to Preclude Certain Expert Testimony by Christian Tregillis ("Lane Tregillis Declaration"); certain exhibits to the Lane Tregillis Declaration; portions of Cox's Opposition

to Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Kevin C. Almeroth (ECF No. 380); the Declaration of Diana Hughes Leiden in Support of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Kevin C. Almeroth ("Leiden Declaration"); certain exhibits to the Leiden Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by W. Christopher Bakewell (ECF No. 383); portions of the Declaration of Thomas M. Buchanan in Support of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by W. Christopher Bakewell ("Buchanan Bakewell Declaration"); and certain exhibits to the Buchanan Bakewell Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Lynne J. Weber (ECF No. 387); portions of the Declaration of Thomas M. Buchanan in Support of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Lynne J. Weber ("Buchanan Weber Declaration"); and certain exhibits to the Buchanan Weber Declaration.

As detailed below, the Motions, Declarations, and Exhibits contain information that has been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Plaintiffs, Cox, and/or third parties as Highly Confidential – Attorneys' Eyes Only.

Specifically –

a) **Plaintiffs** designated the following documents as Highly Confidential – Attorneys' Eyes Only[1]:

- Plaintiffs_00288740
  - Exhibit K8 to the Summary Judgment Opposition
- Plaintiffs_00286430

---

[1] To the extent the reports of Plaintiffs' experts William H. Lehr, George P. McCabe, Terrence B. McGarty, Barbara Frederiksen-Cross quotes from or otherwise discloses information from documents designated by Cox as Confidential or Highly Confidential – Attorneys' Eyes Only, Cox seeks to maintain these exhibits, and the underlying information, under seal for the reasons set forth in Section II.

- o   Exhibit K13_A to the Summary Judgment Opposition
- o   Exhibit K13_B to the Summary Judgment Opposition
- June 28, 2019 deposition transcript of Plaintiffs' expert Barbara Frederiksen-Cross
  - o   Exhibit K14 to the Summary Judgment Opposition
  - o   Exhibit 10 to the Alvarez Declaration
- Expert Report of Plaintiffs' expert Barbara Frederiksen-Cross, served on April 10, 2019
  - o   Exhibit K15 to the Summary Judgment Opposition
  - o   Exhibit 3 to the Alvarez Declaration
  - o   Exhibit 2 to the Leiden Declaration
- Reply Report of Barbara Frederiksen-Cross, served on June 13, 2019
  - o   Exhibit 11 to the Alvarez Declaration
- Expert Report of Plaintiffs' expert Dr. George P. McCabe, served on April 10, 2019
  - o   Exhibit K16 to the Summary Judgment Opposition
  - o   Exhibit 5 to the Buchanan Weber Declaration
- Rebuttal Report of Dr. George P. McCabe, served on May 15, 2019
  - o   Exhibit 11 to the Buchanan Weber Declaration
- June 20, 2019 deposition of Dr. George P. McCabe.
  - o   Exhibit 3 to the Buchanan Weber Declaration
- Expert Report of Plaintiffs' expert, Dr. Terrence P. McGarty served April 10, 2019
  - o   Exhibit K39 to the Summary Judgment Opposition
  - o   Exhibit 3 to the Lieden Declaration
  - o   Exhibit 2 to the Buchanan Weber Declaration

- July 2, 2019 Deposition of Dr. Terrence McGarty.
    - Exhibit 4 to the Buchanan Weber Declaration
- June 25, 2019 deposition of Plaintiffs' Expert William Lehr
    - Exhibit K20 to the Summary Judgment Opposition
    - Exhibit 16 to the Lane Tregillis Declaration
    - Exhibit 2 to the Buchanan Bakewell Declaration
- Expert Report of Plaintiffs' Expert William Lehr, served on April 19, 2019
    - Exhibit K21 to the Summary Judgment Opposition
    - Exhibit 14 to the Lane Tregillis Declaration
- Expert Reply Report of Plaintiffs' Expert William Lehr, served on June 13, 2019
    - Exhibit 15 to the Lane Tregillis Declaration
- June 28, 2019 deposition transcript of Steven Poltorak
    - Exhibit K23 to the Summary Judgment Opposition
- Plaintiffs' "Disclosure of Information Relating to Digital Download Revenue," served on January 23, 2019
    - Exhibits 6-9 to the Lane Tregillis Declaration
- May 2, 2019 deposition of Thomas Foley
    - Exhibit 10 to the Lane Tregillis Declaration
- May 14, 2019 deposition Wade Leak
    - Exhibit 11 to the Lane Tregillis Declaration
- May 21, 2019 deposition of Jason Gallien.
    - Exhibit 12 to the Lane Tregillis Declaration
- May 7, 2019 deposition of Paul Kahn

- o   Exhibit 13 to the Lane Tregillis Declaration

b) **Plaintiffs** also filed the Declaration of Jeremy Blietz (ECF No. 325-10), the Declaration of David Kokakis (ECF No. 325-8), the Declaration of Wade Leak (ECF No. 325-3), the Declaration of Alasdair McMullan (ECF No. 325-9), the Declaration of Anish Patel (ECF No. 325-4), and the Declaration of Steven Poltorak (ECF No. 325-5) entirely under seal. Thus, Cox seeks temporary sealing protection for the entire Lane Declaration and Exhibits L1-L14 of the Lane Declaration because they extensively discuss and/or extract information disclosed in Plaintiffs' declarations.

c) Third-party the **Recording Industry Association of America** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- RIAA_00000045
    - o   Exhibit K3 to the Summary Judgment Opposition
- RIAA_00127769
    - o   Exhibit K6 to the Summary Judgment Opposition
    - o   Exhibit 8 to the Alvarez Declaration
- RIAA_00128042
    - o   Exhibit K12 to the Summary Judgment Opposition
- RIAA_00128043
    - o   Exhibit K12 to the Summary Judgment Opposition
- RIAA_00128044
    - o   Exhibit K12 to the Summary Judgment Opposition
- RIAA_00000017
    - o   Exhibit 7 to the Alvarez Declaration

d) Third-party **MarkMonitor** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- June 13, 2019 deposition transcript of Sam Bahun
    - Exhibit K17 to the Summary Judgment Opposition
- July 2, 2019 deposition transcript of Slawomir Paszkowski
    - Exhibit K18 to the Summary Judgment Opposition
    - Exhibit 5 to the Alvarez Declaration
- MM000189
    - Exhibit 9 to the Alvarez Declaration

e) Third-party **Audible Magic** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- May 6, 2019 deposition transcript of Vance Ikezoye
    - Exhibit K19 to the Summary Judgment Opposition
    - Exhibit 6 to the Alvarez Declaration

f) Third-party **inCode Consulting** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- April 29, 2019 deposition of Jorge Fuenzalida
    - Exhibit K22 to the Summary Judgment Opposition

Except as otherwise noted with respect to information designated by Cox as Confidential or Highly Confidential – Attorneys' Eyes Only that is referenced in Plaintiffs' experts' reports, Cox takes no position on whether the above-referenced documents and information that are the subject of this motion are confidential. Rather, Cox files this Motion for the above-referenced documents based on Plaintiffs' and third-party designations pursuant to the Protective Order. Thus, Local Civil Rule 5(C)

provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

    1.    "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."  L. Civ. R. 5(C)(2).

    2.    "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."  L. Civ. R. 5(C)(3).

    3.    "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."  L. Civ. R. 5(C)(4).

    4.    A proposed order.

## II.     Cox's Documents

Separately, Cox moves the Court to enter an order allowing Cox to file under seal a portion of Defendants' Summary Judgment Opposition, portions of the Kearney Declaration, exhibits to the Kearney Declaration, portions of Cox's Opposition to Plaintiffs' Motion to Preclude Expert Testimony by Dr. Nick Feamster; portions of the Alvarez Declaration in Support of Cox's Opposition to Plaintiffs' Motion to Preclude Expert Testimony by Dr. Nick Feamster; certain exhibits to the Alvarez Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Christian Tregillis; portions of the Lane Tregillis Declaration; certain exhibits to the Lane Tregillis Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Kevin C. Almeroth; the Leiden Declaration; certain exhibits to the Leiden Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by W. Christopher Bakewell portions of the Buchanan Bakewell Declaration; certain exhibits to the Buchanan Bakewell Declaration; portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Lynne J. Weber; portions of the Buchanan Weber Declaration; and certain exhibits to the Buchanan Weber Declaration.

The specific documents were designated by Cox as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order are outlined below:

- Rebuttal Expert Report of Cox's expert Dr. Kevin C. Almeroth, served on May 15, 2019
    - Exhibit K24 to the Summary Judgment Opposition
    - Exhibit 1 to the Leiden Declaration
- Rebuttal Expert Report of Cox's Expert of Cox's expert Lynne Weber, served on May 15, 2019

- Exhibit K25 to the Summary Judgment Opposition
- Rebuttal Expert Report of Cox's Expert Dr. Nick Feamster, served on May 15, 2019
  - Exhibit K26 to the Summary Judgment Opposition
  - Exhibit 1 to the Alvarez Declaration
- Report of Christian Tregillis, CPA, ABV, CFF, CLP, served April 10, 2019
  - Exhibit 1 to the Lane Tregillis Declaration
- Supplemental & Rebuttal Expert Report of Cox's Expert Christian Tregillis, served on May 15, 2019
  - Exhibit K27 to the Summary Judgment Opposition
  - Exhibit 2 to the Lane Tregillis Declaration
- Reply Report of Christian Tregillis served June 13, 2019
  - Exhibit 17 to the Lane Tregillis Declaration
- May 31, 2019 deposition of Dr. Kevin Almeroth
  - Exhibit 4 to the Leiden Declaration
- July 1, 2019 deposition transcript of Marcus Delgado
  - Exhibit K28 to the Summary Judgment Opposition
- June 24, 2019 deposition transcript of Cox's expert Christian Tregillis
  - Exhibit K29 to the Summary Judgment Opposition
- May 29, 2019 deposition transcript of Cox's expert Dr. Nick Feamster
  - Exhibit K30 to the Summary Judgment Opposition
  - Exhibit 4 to the Alvarez Declaration
- June 7, 2019 deposition of Dr. Lynne Weber.
  - Exhibit 1 to the Buchanan Weber Declaration

- June 4, 2019 deposition of Randall Cadenhead
    - Exhibit K31 to the Summary Judgment Opposition
    - Exhibit 7 to the Buchanan Weber Declaration
- April 25, 2019 deposition of Matthew Carothers
    - Exhibit 9 to the Buchanan Weber Declaration
- April 15, 2019 deposition transcript of Linda Trickey
    - Exhibit K32 to the Summary Judgment Opposition
- April 5, 2019 deposition transcript of Sanford Mencher
    - Exhibit K33 to the Summary Judgment Opposition
- June 5, 2019 deposition transcript of Brent Beck
    - Exhibit K34 to the Summary Judgment Opposition
    - Exhibit 8 to the Buchanan Weber Declaration
- June 14, 2019 deposition transcript of Sidd Negretti
    - Exhibit K35 to the Summary Judgment Opposition
- May 8, 2019 deposition of Clint Summers
    - Exhibit K36 to the Summary Judgment Opposition
- July 2, 2019 deposition of Jason Zabek
    - Exhibit K37 to the Summary Judgment Opposition
- May 15, 2019 deposition of Joseph Sikes
    - Exhibit K38 to the Summary Judgment Opposition
- June 4, 2019 deposition of W. Christopher Bakewell
    - Exhibit 1 to the Buchanan Bakewell Declaration
- COX_SONY_00003503

- - Exhibit 5 to the Leiden Declaration
- COX_SONY_00519137
  - Exhibit K5 to the Summary Judgment Opposition
- COX_SONY_00000508
  - Exhibit K9 to the Summary Judgment Opposition
- COX_SONY_00523050
  - Exhibit 7 to the Buchanan Weber Declaration
- COX_SONY_00974461
  - Exhibit 10 to the Buchanan Weber Declaration
- COX_SONY_00959447, COX_SONY_00959466, COX_SONY_00959932, COX_SONY_00962134, COX_SONY_00962242, COX_SONY_00962648, COX_SONY_00962781, COX_SONY_00962859, COX_SONY_00962864, COX_SONY_00965922, COX_SONY_00966338, COX_SONY_00967293, COX_SONY_00967573, COX_SONY_00967660, COX_SONY_00969510, COX_SONY_00970643
  - Exhibit K11 to the Summary Judgment Opposition

As noted above, while Plaintiffs have designated as Highly Confidential – Attorneys' Eyes Only, the reports of their experts William H. Lehr, George P. McCabe, Terrence B. McGarty, Barbara Frederiksen-Cross, these reports quote from or otherwise disclose information designated by Cox as being either Confidential or Highly Confidential – Attorneys' Eyes Only in this case, as the underlying documents constitute or discuss confidential business information belonging to Cox and/or personal subscriber information. Thus, Cox also seeks to keep portions of these documents under seal as well for the reasons set forth below.

As explained below, the procedural prerequisites for sealing have been met.

1. Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D). Thereafter, the Court will determine whether the sealing is proper. Cox follows that practice in this motion.

2. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Cox's sealing motion.

3. To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing, satisfying the first requirement.

4. To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Cox used limited sealing measures—viz., only certain Cox exhibits and limited portions of the supporting documents, but not the entire filing.

5. To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the exhibits specified above as Highly Confidential pursuant to the Protective Order in this case. If exposed, some exhibits would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's response to copyright infringement notices, how Cox operates internally, and Cox's financial information. They also contain Cox's sensitive financial information, which if publically exposed could provide competitors with an unfair advantage and therefore would harm Cox. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *see also East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party"). Additionally, several exhibits contain personal identifying information such as the names, addresses, and phone numbers of certain Cox subscribers. *See id.*

Based on the foregoing, the motion to seal should be granted. A proposed order is submitted herewith.

Dated: September 24, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787

Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users and to the RIAA, MarkMonitor, Audible Magic, and inCode Consulting through their respective counsel, via electronic-mail.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*