UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

### PLAINTIFFS' AND NONPARTY RIAA'S MOTION FOR SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5, Plaintiffs and nonparty Recording Industry Association of America ("RIAA") move the Court to enter an order allowing Plaintiffs to file under seal certain exhibits, portions of declarations, and portions of memoranda that cite to, discuss, or disclose information designated by a party or nonparty as Highly-Confidential – Attorneys' Eyes Only under the Stipulated Protective Order (ECF No. 58, the "Protective Order").

Plaintiffs take no position as to documents and information designated by Cox under the Protective Order. Rather, Plaintiffs are seeking the Court's leave to file those documents under temporary seal to comply with the Protective Order and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

For documents and information designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Plaintiffs, the RIAA, MarkMonitor, or Audible Magic, sealing is warranted as explained below.

## I. Plaintiffs' and RIAA's "Highly Confidential – Attorneys' Eyes Only" and "Confidential" information

Sealing is warranted for the documents identified below, which contain Plaintiffs', RIAA's, MarkMonitor's or Audible Magic's highly sensitive, confidential business, proprietary and/or trade secret information.

- Frederiksen-Cross Daubert Opp. (redacted portions)          (ECF 374)
- Bahun Decl. in Opp. to Mot. for Sanctions (redacted portions)          (ECF 374-1)
- Ikezoye Decl. in Opp. to Mot for Sanctions (redacted portions)          (ECF 374-2, 378-3)
- Pls.' McCabe Daubert Opp. (redacted portions)          (ECF 378)
- Bahun Decl. in Supp. Pls.' Summ. J. Mot. (redacted portions)          (ECF 378-2)
- Pls.' Memo in Supp. of Pls. Motion to Strike (redacted portions)          (ECF 391)
- Gould Decl. in Supp. of Pls.' Motion to Strike (redacted portions)          (ECF 391-1)
- Pls.' SJ Opp. (redacted portions)          (ECF 392)
- Frederiksen-Cross Decl. in Supp. of Pls.' SJ Opp. (redacted portions)          (ECF 392-7)
- Exhibits 6, 8, 10 – 12, 14, 16 – 18, 20, 37 to Gould Decl. in Opp. to Cox's Mot. for SJ (redacted portions)[1]          (ECF 392)

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. Va. Local Civil Rule 5. Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,
> (2) consider less drastic alternatives to sealing the documents, and

---

[1] Plaintiffs' previously requested sealing of these exhibits in connection with their August 30, 2019 Motion to Seal (ECF No. 327), with the exception of Exhibits 17 and 18, which were the subject of Plaintiffs' September 13, 2019 Motion to Seal (ECF No. 355).

>  (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the October 18, 2019 hearing scheduled on the underlying motions, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As explained below, sealing is warranted for the above documents, which discuss or disclose internal business decisions, sensitive contractual arrangements, and highly-confidential and proprietary trade secrets –all of which are maintained as strictly confidential in the ordinary course of business.

Specifically, most of the documents Plaintiffs are seeking to maintain under seal contain information related to Plaintiffs' anti-piracy operations conducted with the RIAA, MarkMonitor's proprietary technology for gathering evidence of infringement, and Audible Magic's fingerprinting technology – all of which is extremely sensitive, proprietary, not available to the public, and in many cases subject to express confidentiality obligations in agreements with third

parties. If disclosed, others could use the highly confidential, proprietary information contained in these documents for illegal or unlawful purposes, or it would allow competitors and other non-affiliated entities to assess how Plaintiffs internally structure, value, and protect their assets, which would give others an unfair advantage in their negotiations with Plaintiffs and third parties.

Further, the public has no legitimate need for this detailed, highly confidential, and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly filed pleadings and numerous declarations from parties and nonparties. The information described above is all kept strictly confidential in the ordinary course of business and, if publicly disclosed, a serious risk of harm would result.

**II.     Documents and information designated by Cox under the Protective Order**

Plaintiffs also move the Court to enter an order allowing them to file under temporary seal certain documents and information that Cox designated as Highly Confidential – Attorneys' Eyes Only or Confidential under the stipulated protective order, which are noted below.

- Portions of Pls.' Lehr Daubert Opp.                                    (ECF 376)
- Portions of Pls.' McGarty Daubert Opp.                              (ECF 381
- Excerpts from July 2, 2019 McGarty deposition                  (ECF 381-2)
- Exhibits 1 – 5, 7, 9, 13, 15, 19, 21-36, 38-55 to Gould        (ECF 392)
  Decl. in Opp. to Cox's Mot. for SJ.[2]

**III.    CONCLUSION**

For the foregoing reasons, Plaintiffs and non-party the RIAA respectfully request that the Court grant Plaintiffs' and RIAA's Motion for Sealing.

---

[2] Plaintiffs' previously requested sealing of these exhibits in connection with their August 30, 2019 Sealing Motion (ECF No. 327).

                                              Respectfully submitted,

Dated September 25, 2019                         <u>*/s/ Scott. A Zebrak*</u>
                                              Scott A. Zebrak (38729)
                                              Matthew J. Oppenheim (*pro hac vice*)
                                              Jeffrey M. Gould (*pro hac vice*)
                                              Kerry Mustico (*pro hac vice*)
                                              OPPENHEIM + ZEBRAK, LLP
                                              4530 Wisconsin Avenue, NW, 5th Floor
                                              Washington, DC 20015
                                              Tel:  202-480-2999
                                              scott@oandzlaw.com
                                              matt@oandzlaw.com
                                              jeff@oandzlaw.com
                                              kerry@oandzlaw.com

                                              *Attorneys for Plaintiffs and the Recording Industry Association of America*