# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
# TO STRIKE THE DECLARATION OF THOMAS PATRICK LANE
# AND PORTIONS OF THE DECLARATION OF THOMAS KEARNEY

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ......................................................................................................................1

BACKGROUND .........................................................................................................................2

ARGUMENT ...............................................................................................................................5

    I.     The Lane Declaration and parts of the Kearney Declaration are inadmissible attorney argument that must be stricken ......................................................................................5

    II.    The Lane and Kearney Summaries must be stricken because Mr. Lane and Mr. Kearney cannot testify as summary witnesses ...............................................................6

          A.  Summary exhibits sponsored by counsel are inadmissible .....................................6

          B.  The Advocate-Witness Rule prevents Mr. Lane and Mr. Kearney from testifying about the Lane and Kearney Summaries ..................................................................7

          C.  The Lane and Kearney Summaries are inadmissible hearsay .................................8

    III.   Exhibits Mr. Lane attaches to his declaration that purport to show album track listings musts be excluded as inadmissible hearsay ...................................................................9

    IV.   Kearney Exhibit K5 purporting to show the effectiveness of Cox's interventions is inadmissible hearsay .......................................................................................................9

    V.    Mr. Lane's and Mr. Kearney's testimony not based on personal knowledge must be stricken .........................................................................................................................10

          A.  Mr. Kearney's testimony based on "information and belief" must be stricken because he lacks personal knowledge to testify to these issues ..............................10

          B.  Mr. Lane's and Mr. Kearney's testimony regarding documents must be stricken because they lack personal knowledge to testify regarding these documents .......11

          C.  Mr. Lane and Mr. Kearney's testimony regarding documents must be stricken because it is inadmissible hearsay .........................................................................13

CONCLUSION ........................................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**

*Antonio v. Barnes*, 464 F.2d 584, 585 (4th Cir. 1972) ..................................................................12

*Automatic Radio Mfg. Co. v. Hazeltine Research,* 339 U.S. 827 (1950) .......................................10

*Bluiett v. Pierre M. Sprey, Inc.*, No. CV AW-05-1244, 2009 WL 10685350
    (D. Md. Jan. 27, 2009) ...........................................................................................................7

*Boitnott v. Corning Inc.*, No. 7:06-CV-00330, 2010 WL 2465490
    (W.D. Va. June 15, 2010) ....................................................................................................13

*Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334 (4th Cir. 1992) ............................12

*Fed. Trade Comm'n v. Vantage Point Servs., LLC*, 266 F. Supp. 3d 648
    (W.D.N.Y. 2017) ....................................................................................................................5

*Harrelson v. Stride Rite Children's Grp., LLC*, No. CIVA. 4:10-02048, 2012 WL 694033,
    (D.S.C. Mar. 5, 2012) .............................................................................................................5

*Harmer v. Virginia Elec. & Power Co.*, 831 F. Supp. 1300 (E.D. Va. 1993) ...............................12

*Hollander v. Am. Cyanamid Co.*, 172 F.3d 192 (2d Cir. 1999) ......................................................5

*Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343 (4th Cir. 1995) .......................................................5

*Panoqicz v. Hancock*, No. CIV.A. DKC 11-2417, 2015 WL 4231712
    (D. Md. July 9, 2015) ...........................................................................................................13

*Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269
    (2d Cir. 2004) .........................................................................................................................8

*Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000) .......................................................................5

*Smeraldo v. City of Jamestown*, 512 F. App'x 32 (2d Cir. 2013) ..................................................5

*Sutton v. Roth, LLC*, 361 F. App'x 543, 550 n.7 (4th Cir. 2010) .................................................12

*United States v. Bray*, 139 F.3d 1104 (6th Cir. 1998) ...................................................................6

*United States v. Fogel*, 901 F.2d 23 (4th Cir. 1990) ......................................................................7

*United States v. Grajales-Montoya*, 117 F.3d 356 (8th Cir. 1997) ................................................7

*United States v. Kim*, 595 F.2d 755 (D.C. Cir. 1979) ..................................................................9

*United States v. Nyman*, 649 F.2d 208 (4th Cir. 1980) ................................................................7

*Ward v. Branch Banking & Tr.*, No. CIV.A. ELH-13-1968, 2015 WL 4661851
   (D. Md. Aug. 4, 2015) ............................................................................................................13

*Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831(E.D. Va. 2007) ......................................7

**STATUTES**

17 U.S.C § 512............................................................................................................3, 4, 11

**RULES**

Fed. R. Civ. P. 56......................................................................................................................2, 12

Fed. R. Evid. 403 ...........................................................................................................................10

Fed. R. Evid. 602 ....................................................................................................................11, 12

Fed. R. Evid. 702 ...........................................................................................................................10

Fed. R. Evid. 801 and 802 ............................................................................................8, 9, 10, 14

Fed. R. Evid. 1006 .................................................................................................................6, 7, 8

Va. R. Prof. Conduct. 3.7(a) ...........................................................................................................8

**TREATISES**

10B Charles Alan Wright et al., *Federal Practice & Procedure* § 2738
   (4th ed. Aug. 2019 update) ............................................................................................. 10-11

27 Charles Alan Wright et al., *Federal Practice & Procedure* § 6012
   (2d ed. Aug. 2019 update) .......................................................................................................8

31 Charles Alan Wright et al., *Federal Practice & Procedure* § 8043
   (1st ed. Aug. 2019 update) ......................................................................................................9

**INTRODUCTION**

It is axiomatic that a Court may consider only admissible evidence in deciding a motion for summary judgment. Cox runs afoul of this basic rule by relying heavily on inadmissible documents and testimony presented in declarations from two of its outside counsel of record, Thomas Patrick Lane and Thomas Kearney. A party's lawyer cannot testify on his or her client's behalf and a witness must have personal knowledge in order to testify. Equally fundamentally, sworn testimony must be limited to offering evidence, not legal argument. Absent some exception, hearsay is inadmissible. The Declaration of Thomas Patrick Lane (ECF No 397) and the Declaration of Thomas Kearney (ECF No. 400) offend all of these bedrock principles. Accordingly, the entirety of the Lane Declaration and substantial portions of the Kearney Declaration, including documents cited therein, should be stricken from the record that the Court considers on Plaintiffs' motion for summary judgment.

Patrick Thomas Lane is a Partner and Thomas Kearney is Of Counsel with Winston & Strawn LLP, the firm that is Counsel of Record for Cox in this matter. Lane Decl. ¶ 1; Kearney Decl. ¶ 1. The Lane and Kearney Declarations go well beyond merely establishing that the exhibits Cox attaches to its opposition papers are true and correct copies of what they purport to be. They attach hearsay documents that have not been authenticated. They offer multiple new exhibits summarizing other documents and offer hearsay on subjects about which Mr. Lane and Mr. Kearney lack sufficient personal knowledge to testify. This testimony is inadmissible. In a blatant attempt to evade the Court's page-limit limitations, the Lane and Kearney Declarations offer dozens of pages of argument thinly disguised as factual testimony. Mr. Lane and Mr. Kearney cannot offer additional legal arguments via their declarations. As lawyers for one of the

parties, Mr. Lane and Mr. Kearney cannot testify, and hearsay testimony about which the witness lacks personal knowledge is inadmissible.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Accordingly, the Court should strike from the summary judgment record the offending testimony and documents described below and give it no consideration in considering Plaintiffs' summary judgment motion.[1]

## BACKGROUD

The Lane Declaration offers no admissible testimony based on Lane's personal knowledge; instead, its 50 pages are classic legal argument summarizing, analyzing and commenting on evidence. To highlight a few representative examples:

- Lane states his declaration is "to complete the record" following "Cox's review" of "Plaintiffs' declarations and the documents attached thereto or the lack thereof" and he then opines that "Plaintiffs have failed to produce, attach, and/or cite documents regarding either copyright validity or their ownership of them in many cases." Lane Decl. ¶ 2-3.

- Lane attempts to challenge the legal sufficiency of Plaintiffs' copyright registrations, arguing, "[t]here are instances in which the registration certificate produced, attached and/or cited does not relate to either validity or ownership. For example, the certificate may not state that the claimant is the party asserting the work." Lane Decl. ¶ 4.

- Lane argues that Plaintiffs' copyright registrations have deficiencies. Lane Decl. ¶10.

- Lane argues that "Plaintiffs' works suffer from a common issue." Lane Decl. ¶ 13.

- Lane analyzes Plaintiffs' arguments, describing the evidence Plaintiffs "appear to rely on," and then interprets contractual language. Lane Decl. ¶ 25.

---

[1] Plaintiffs previously moved to strike (ECF No. 391) portions of the Declaration of Thomas Kearney in Support of Cox's Motion for Summary Judgment. (ECF No. 329-1). The Lane and Kearney Declarations here raise similar issues.

2

- Lane argues for legal conclusions based on Plaintiffs' evidence. *See, e.g.* Lane Decl. ¶¶ 29, 30, 146, 148-150 (arguing based on Plaintiffs' declarations who owns the rights to certain works).

- Lane draws conclusions that he claims are "evidenced by Plaintiffs' declarations and exhibits . . . ." *See, e.g.*, Lane Decl. ¶¶ 29, 60, 70, 82, 91, 104, 117, 160.

- Lane reviews Plaintiffs' copyright registrations and argues whether the registration covers the work Plaintiffs assert. *See, e.g.*, Lane Decl. ¶¶ 23, 26, 33-48, 50-59, 69, 131, 137, 140.

- Lane argues that Plaintiffs have not sufficiently substantiated some of their ownership claims. *See, e.g.*, Lane Decl. ¶¶ 15-21, 28-31, 63-68, 71-81, 83-90, 92-103, 105-116, 118-124. 126-129, 132-136, 138, 141-143, 145-159, 161-165.

The Kearney Declaration similarly engages in improper legal argument. The Kearney Declaration argues that Plaintiffs' Statement of Undisputed Fact ("SUF") "is factually incorrect in a number of particulars" and is "highly misleading." Kearney Decl. ¶¶ 13, 13(a). In so arguing, Kearney analyzes, among other things, whether the RIAA's notices complied with the Digital Millennium Copyright Act's notice requirements in 17 U.S.C. § 512(c)(3)(A). *Id.* ¶¶ 13(b), 14. And the Kearney Declaration makes arguments, based on Kearney's review of certain documents, as to MarkMonitor and the RIAA's knowledge of particular facts at a given time. *Id.* ¶ 20.

The Lane and Kearney Declaration also purport to authenticate, lay a foundation for, and offer testimony about several newly created exhibits which purport to summarize documents produced by parties other than Cox. Lane Decl. Exs. L1-L6, L14 (the "Lane Summaries"); Kearney Decl. Exs. K13_A, K13_B (the "Kearney Summaries").[2] Mr. Lane does not say who

---

[2] The Lane Summaries also contain numerous errors. By way of example, Exhibit L3 purports to summarize works where the copyright registration Plaintiffs produced showed "the work was registered more than 5 years after the date of first publication." Lane Decl. ¶ 11. But the face of the registration certificate makes clear that, for a number of the works included in Exhibit L3, the work was registered within five years of the date of first publication. Decl. of Jeffrey M. Gould in Supp. of Pls.' Mot. to Strike the Decl. of Thomas Patrick Lane and Portions of the Declaration of Thomas Kearney ¶¶ 4-8, Exs. 1-5.

3

created the Lane Summaries; Mr. Kearney describes each of the Kearney Summaries as a "document created under my direction . . . ." Kearney Decl. ¶ 22.

The Lane and Kearney Summaries excerpt, filter, and manipulate data from documents produced by other parties. Lane Decl. ¶¶ 9-13, 166, Kane Decl. ¶ 22. Mirroring the Lane Declaration's fundamentally argumentative character, the Lane Summaries reflect Mr. Lane's legal analysis. For example, Exhibit L5 reflects the works Mr. Lane argues "suffer from a common issue." Lane Decl. ¶ 13.

The Lane Declaration attaches several new exhibits from third-party internet sources purporting to show the track lists for various albums. Lane Decl. Exs. L7-L10.

Mr. Lane and Mr. Kearney testify repeatedly in their Declarations based on their "review" of documents produced by other parties about which they have no personal knowledge. Kearney Decl. ¶¶ 13-22. For example, Mr. Kearney reviews the copyright registrations Plaintiffs produced for certain works and then argues based on his review that, "the RIAA notices fail to provide the required information" under the 17 U.S.C. § 512(c)(3)(A) of the Digital Millennium Copyright Act. *Id.* ¶¶ 13(b), 14. In doing so, Mr. Kearney sets forth a three-point legal argument on why he believes that. *Id.*

The Kearney Declaration offers testimony based "on information and belief" about multiple subjects. *Id.* ¶¶ 9-12. For example, Mr. Kearney testifies that, "[o]n information and belief, Plaintiffs did not bring legal actions against any of the Cox subscribers who were the subject of Plaintiffs' notices in this case. *Id.* ¶ 12.

4

# ARGUMENT

### I. The Lane Declaration and parts of the Kearney Declaration are inadmissible attorney argument that must be stricken.

The entirety of the Lane Declaration and portions of the Kearney Declaration should be stricken because they are legal briefs masquerading as sworn testimony. "Legal memoranda, in the summary judgment context, are not evidence . . . ." *Harrelson v. Stride Rite Children's Grp., LLC*, No. CIV.A. 4:10-02048, 2012 WL 694033, at *2 (D.S.C. Mar. 5, 2012) (citing *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1358 (4th Cir. 1995) (affirming jury instruction that "counsel's statements were not evidence"). An attorney declaration should properly be stricken where it is "riddled with inadmissible hearsay, conclusory statements and arguments, and information clearly not made on the affiant's personal knowledge, and more resemble[s] an adversarial memorandum than a bona fide affidavit." *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) (affirming trial court's striking portions of attorney affidavit) (internal quotation marks omitted), *abrogated on other grounds by Schnabel v. Abramson*, 232 F.3d 83 (2d Cir. 2000). Courts regularly strike or disregard argumentative affidavits or declarations from attorneys. *See, e.g.*, *Smeraldo v. City of Jamestown*, 512 F. App'x 32, 34 (2d Cir. 2013) (affirming treating attorney affidavits as attorney argument and "relying only upon exhibits attached to them . . . that [the trial court] was otherwise entitled to consider on its own motion"); *Fed. Trade Comm'n v. Vantage Point Servs., LLC*, 266 F. Supp. 3d 648, 654 (W.D.N.Y. 2017) (disregarding legal argument in attorney declaration).

The Lane Declaration hardly disguises its true function as an argumentative memorandum. Lane states upfront in Paragraph 2 that "I submit this declaration . . . on issues of copyright validity and ownership to reference Plaintiffs' declarations and the documents attached thereto or lack thereof." Lane Decl. ¶ 2. Lane thus makes clear that his declaration only

5

discusses and analyzes evidence provided by other witnesses. The Lane Declaration even cites to Cox's brief opposing Plaintiffs' summary judgment motion *145* times. This supposed sworn testimony citing an argumentative brief reveals the true nature of Cox's endeavor: to introduce additional argument on Plaintiffs' ownership in the guise of an attorney declaration.

Parts of the Kearney Declaration suffer from similar defects. *See supra* at 3. The Kearney Declaration's claims that Plaintiffs' SUF "is factually incorrect in a number of particulars," Kearney Decl. ¶ 13, and that the RIAA's notices did not comply with the Digital Millennium Copyright Act's notice requirements, *id.* ¶¶ 13(b), 14, are argument, not evidence. How to apply a statutory scheme to a set of facts is archetypally argument.

## II. The Lane and Kearney Summaries must be stricken because Mr. Lane and Mr. Kearney cannot testify as summary witnesses.

### A. Summary exhibits sponsored by counsel are inadmissible.

For a summary exhibit to be admissible in evidence, it must comport with Fed. R. Evid. 1006. "In order to lay a proper foundation for a [Rule 1006] summary, the proponent should present the testimony of the witness who supervised its preparation." *United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir. 1998). Cox cannot offer the Lane and Kearney Summaries without providing a witness who can testify to what the summaries are and how they were prepared. That is no less true at summary judgment than at trial.

The Lane and Kearney Summaries must be stricken because summaries are inadmissible when offered by a party's attorney. The Kearney Declaration identifies Mr. Kearney, a lawyer with Defendants' counsel of record, as the proponent of the Kearney Summaries. Kearny Decl. ¶ 22. The Lane Declaration does not identify who created, or directed the creation of, the Lane Summaries, but Mr. Lane is the only witness in the summary judgment record to offer them. This renders the Lane and Kearney Summaries inadmissible because a Rule 1006 summary's

sponsoring witness cannot be the attorney litigating the case. *Bluiett v. Pierre M. Sprey, Inc.*, No. CV AW-05-1244, 2009 WL 10685350, at *5 (D. Md. Jan. 27, 2009) (striking attorney declaration offering Rule 1006 summary in support of summary judgment). "Rule 1006 'appears to contemplate . . . that a summary . . . will have been prepared by a witness available for cross-examination, not by the lawyers trying the case.'" *Id.* (quoting *United States v. Grajales-Montoya*, 117 F.3d 356, 361 (8th Cir. 1997)). *Grajales-Montoya* held it was error to admit a summary "that was prepared by a lawyer trying the case and that restates and distills other properly admitted exhibits" because "such a summary is written argument," not evidence. *Grajales-Montoya*, 117 F.3d at 361. At trial, Cox would not able to offer the Lane and Kearney Summaries as evidence through Mr. Lane and Mr. Kearney, nor can it here. Accordingly, the Lane and Kearney Summaries must be stricken.

### B. The Advocate-Witness Rule prevents Mr. Lane and Mr. Kearney from testifying about the Lane and Kearney Summaries.

The rule against a lawyer testifying in his or her client's case also prevents Mr. Lane and Mr. Kearney from offering the Lane and Kearney Summaries as evidence. *See United States v. Fogel*, 901 F.2d 23, 26 (4th Cir. 1990) (affirming exclusion of lawyer as witness because "to have put [the attorney] on the stand may have unduly influenced the jury . . . . .); *Williams v. Equity Holding Corp.*, 498 F. Supp. 2d 831, 839 n.8 (E.D. Va. 2007) ("[I]f the [plaintiffs] wish to rely upon an affidavit from their current counsel, such counsel would generally have to withdraw from the case, because counsel cannot also serve as a witness for a client . . . ."). While "there is no rule of evidence absolutely excluding the testimony of a lawyer on behalf of his client," *United States v. Nyman*, 649 F.2d 208, 211 (4th Cir. 1980), several important fairness considerations justify excluding such testimony:

> (1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to

7

>   vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client. Most important, when one individual assumes the role of both advocate and witness it may so blur the line between argument and evidence that the jury's ability to find facts is undermined.

*Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, 378 F.3d 269, 282–83 (2d Cir. 2004) (internal citations and quotations omitted); *see also* 27 Charles Alan Wright et al., *Federal Practice & Procedure* § 6012 (2d ed. Aug. 2019 update) ("[T]he conflicting roles of the advocate witness make it difficult for the jury to distinguish between the logic of the advocate and the credibility of the witness."). Additionally, the Virginia Rules of Professional Conduct provide that "[a] lawyer shall not act as an advocate in an adversarial proceeding in which the lawyer is likely to be a necessary witness . . . ." Va. R. Prof. Conduct. 3.7(a). These undeniable concerns make clear that permitting Mr. Lane and Mr. Kearney to offer testimony on the Lane and Kearney summaries would prejudice the adjudicatory process by allowing Cox to bolster its arguments with the extra credibility sworn testimony provides. The fundamentally argumentative character of the summaries further bolsters this conclusion. Accordingly, the Lane and Kearney Summaries and Mr. Lane's and Mr. Kearney's testimony in connection with them must be excluded.

### C. The Lane and Kearney Summaries are inadmissible hearsay.

Because Mr. Lane and Mr. Kearney have not been deposed and cannot testify at trial,[3] the Lane and Kearney Summaries must be stricken as inadmissible hearsay under Fed. R. Evid. 801 and 802. A Rule 1006 summary is admissible "only if the written summary or chart and the

---

[3] Additionally, Cox cannot call Mr. Lane or Mr. Kearney to testify because Cox did not name either as a witness when it submitted Defendants' Witness List/Rule 26(a)(3) Disclosures in accordance with the Court's Pretrial Schedule. ECF No. 221. Nor did Cox designate Mr. Lane or Mr. Kearney as an expert witness before the deadline for doing so.

source materials *each* are within an exception to the hearsay rule." 31 Charles Alan Wright et al., *Federal Practice & Procedure* § 8043 (1st ed. Aug. 2019 update) (emphasis added); *see also United States v. Kim*, 595 F.2d 755, 759 (D.C. Cir. 1979) (excluding summary as hearsay even where underlying source documents satisfied hearsay exception). Cox offers the Lane and Kearney Summaries for the truth of the matters asserted therein and nothing in the record establishes that they meet any of the hearsay exceptions. That some of the Lane Summaries contain obvious errors demonstrates the inherent unreliability hearsay and highlights the dangers of admitting hearsay testimony not subject to cross-examination. *See supra* note 2 (discussing errors in Lane Decl. Ex. L3).

### III. Exhibits Mr. Lane attaches to his declaration that purport to show album track listings from Internet websites must be excluded as inadmissible hearsay.

The Lane Declaration attaches several new exhibits from third-party internet sources purporting to show the track listings for various albums. Lane Decl. Exs. L7-L10. For example. Exhibit L7 purports to be the track listing from the website www.discogs.com for Ledisi's album, "Pieces of Me." These exhibits are hearsay and must be excluded. Fed. R. Evid. 801, 802. The track listing are third-party out-of-court statements. Discogs.com has not been deposed in this case. The track listings are being offered for their truth: to show what tracks were included on the album at issue. The Lane Declaration does not lay any foundation to show the applicability of any hearsay exception.

### IV. Kearney Exhibit K5 purporting to show the effectiveness of Cox's interventions is inadmissible hearsay.

The Kearney Declaration attaches a third-party email with two PowerPoint presentations attached and then includes two slides from the presentation as images in the declaration. Kearney Decl. ¶ 6, Ex. 5. Cox relies on these slides to argue in the Introduction to its Opposition to Plaintiffs' Motion for Summary Judgment that ███████████████████████████

███████████████ Cox's Opp. to Pls.' Mot. for Summ. Judg. at 2 and n.1. This data should be stricken because it is inadmissible hearsay. Fed. R. Evid. 801, 802. The data on which Cox's claim relies derives from the slides excerpted in the Kearney Declaration. This data is a classic out-of-court statement being offered for its truth; accordingly, it is inadmissible. Nothing in the Kearney Declaration even provides any foundation for this data, let alone establishes the applicability of any hearsay exception. Accordingly, Exhibit 5 must be stricken and argument based thereon disregarded.[4]

### V.   Mr. Lane's and Mr. Kearney's testimony not based on personal knowledge must be stricken.

#### A.   Mr. Kearney's testimony based on "information and belief" must be stricken because he lacks personal knowledge to testify to these issues.

In several instances in the Kearney declaration, Mr. Kearney testifies based on "information and belief." Kearney Decl. ¶¶ 9-12. For example, the Kearney Declaration states, "[o]n information and belief, Plaintiffs did not bring legal actions against any of the Cox subscribers who were the subject of Plaintiffs' notices in this case. *Id.* ¶ 12. Mr. Kearney's testimony based on "information and belief" must be stricken because he lacks sufficient personal knowledge to offer it.

Testimony offered based on information and belief is not testimony based on personal knowledge and so cannot be considered for purposes of summary judgment. *Automatic Radio Mfg. Co. v. Hazeltine Research*, 339 U.S. 827, 831 (1950), overruled on other grounds, *Lear, Inc. v. Adkins*, 395 U.S. 653 (1969); *see also* 10B Charles Alan Wright et al., *Federal Practice &*

---

[4] In addition to being inadmissible hearsay, Exhibit 5 is also inadmissible because it lacks foundation for its data. Further, the analysis underlying the data is so flawed as to require excluding the exhibit and the entire ███████████ argument as unfairly prejudicial under Fed. R. Evid. 403 and to render any expert testimony relying on it unreliable under Fed. R. Evid. 702, as Plaintiffs will explain further in a forthcoming motion *in limine*.

*Procedure* § 2738 (4th ed. Aug. 2019 update) ("[S]tatements made on belief or 'on information and belief,' cannot be utilized on a summary-judgment motion."). Such testimony would also be inadmissible at trial under Fed. R. Evid. 602.

Testimony based on information and belief is not admissible because it is unreliable. *See* Fed. R. Evid. 602 advisory comm.'s note (the personal knowledge requirement is a "most pervasive manifestation of the common law insistence upon the most reliable sources of information") (internal quotation marks omitted).

In his declaration, Mr. Kearney admits that he lacks personal knowledge with regard to the testimony he offers on information and belief. The first paragraph of his declaration states, "I have personal knowledge of all facts stated in this declaration, ***except where facts are stated on information and belief,*** and as to such facts I believe them to be true." Kearney Decl. ¶ 1 (emphasis added). Because Mr. Kearney lacks personal knowledge sufficient to testify to the facts he asserts "on information and belief," all such testimony must be stricken and given no consideration on summary judgment.

### B. Mr. Lane's and Mr. Kearney's testimony regarding documents must be stricken because they lack personal knowledge to testify regarding these documents.

The Kearney Declaration attaches documents produced by Plaintiffs and then discusses their meaning and significance based on Mr. Kearney's "review" of those documents. Kearney Decl. ¶¶ 13-22. For example, Mr. Kearney reviews the copyright registrations Plaintiffs produced for certain works and then argues that, "the RIAA notices fail to provide the required information" under the 17 U.S.C. § 512(c)(3)(A) of the Digital Millennium Copyright Act. *Id.* ¶ 13(b). Similarly, Mr. Kearney reviews RIAA emails and argues based on his review that ███████████████████████████████████████████████████████████████." *Id.* ¶ 20.

11

This testimony is inadmissible because Mr. Lane and Mr. Kearney lack sufficient personal knowledge to testify about these documents.  Because Mr. Lane and Mr. Kearney lack personal knowledge to testify about the documents (which speak for themselves), their testimony is nothing more than attorney argument.  Fed. R. Civ. P. 56(c)(4) requires that "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge . . . ."  Similarly, under Fed. R. Evid. 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."  "The absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of the affidavits and, accordingly, summary disposition based thereon [is] improper." *Catawba Indian Tribe of S.C. v. State of S.C.*, 978 F.2d 1334, 1342 (4th Cir. 1992) (quoting *Antonio v. Barnes*, 464 F.2d 584, 585 (4th Cir. 1972); *Harmer v. Virginia Elec. & Power Co.*, 831 F. Supp. 1300, 1307 (E.D. Va. 1993) (striking affidavit's "conclusory opinions, which are not based on personal knowledge").

Nothing in the Lane or Kearney Declarations points to evidence sufficient to support a finding that Mr. Lane and Kearney has personal knowledge of the documents about which they offer testimony, for example, Plaintiffs' registration certificates, Lehr Decl. ¶ 52, which entity owns a particular copyright, *id.* ¶ 146, the notices the RIAA sent, Kearney Decl. ¶ 13, or what telephone calls MarkMonitor received, *id.* ¶ 20; *see Sutton v. Roth, LLC*, 361 F. App'x 543, 550 n.7 (4th Cir. 2010) (stating in dicta that an "affidavit is of questionable value [where] the affiant's 'personal knowledge' is based on a review of files rather than direct, personal knowledge of the underlying facts").  If simply having reviewed a document were sufficient to permit a witness to testify to the underlying facts referenced in the document, the personal knowledge requirement would be a dead letter.

Mr. Lane and Mr. Kearney both claim in their declarations that, "I have personal knowledge of all facts stated in this declaration, except where facts are stated on information and belief . . . ." Lane Decl. ¶ 1; Kearney Decl. ¶ 1.  But these entirely conclusory assertions are not sufficient to lay foundation for Mr. Lane and Mr. Kearney's personal knowledge of these issues.  For example, in *Boitnott v. Corning Inc.*, the court struck an affidavit even where the affiant stated his testimony was "based on my personal knowledge and/or information contained in the business records of [the defendant]."  No. 7:06-CV-00330, 2010 WL 2465490, at *4 (W.D. Va. June 15, 2010).  The court concluded the affidavit was "not properly considered to be based on personal knowledge because [the affiant] is merely parroting what these documents show." *Id.*; *see also Ward v. Branch Banking & Tr.*, No. CIV.A. ELH-13-1968, 2015 WL 4661851, at *7 (D. Md. Aug. 4, 2015) (disregarding declaration despite declarant's averment that statements were made on personal knowledge where declaration provided no factual support for claim of personal knowledge); *Panoqicz v. Hancock*, No. CIV.A. DKC 11-2417, 2015 WL 4231712, at *1 n.1 (D. Md. July 9, 2015) (crediting only portions of affidavit for which affiant provided evidence to support finding of personal knowledge despite affidavit's averment that "[e]ach and every statement . . . [is] true and accurate based on my personal knowledge").

### C. Mr. Lane and Mr. Kearney's testimony regarding documents must be stricken because it is inadmissible hearsay.

To the extent Mr. Lane and Mr. Kearney have personal knowledge about anything when testifying about documents, it is only what he has learned by reading those documents.  Their testimony reflects not their own knowledge of any underlying facts, but the documents' statements regarding the underlying facts.  As discussed above, Mr. Lane and Mr. Kearney have

not been deposed and cannot testify at trial. That renders their testimony about those documents inadmissible hearsay under Fed. R. Evid. 801 and 802.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' respectfully request that the Court strike from the summary judgment record and give no consideration in deciding the parties' summary judgment motions to:

- The Lane Declaration and all exhibits;

- Exhibits K13_A and K13_B to the Kearney Declaration;

- Exhibit K5 to the Kearney Declaration and all of Kearney's testimony regarding Exhibit K5 (Kearny Decl. ¶ 6, Ex. K5)

- All testimony in the Kearney Declaration based on information and belief (Kearney Decl. ¶¶ 9-12); and

- All testimony in the Kearney declaration based on Mr. Kearney's review of documents about which he has no personal knowledge (Kearney Decl. ¶¶ 13-22).

Respectfully submitted,

Dated October 3, 2019

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiff*