UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**DECLARATION OF JEFFREY M. GOULD IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE THE DECLARATION OF THOMAS PATRICK LANE AND PORTIONS <u>OF THE DECLARATION OF THOMAS KEARNEY</u>**

I, Jeffrey M. Gould, hereby declare:

1. I am Senior Counsel Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case. I have personal knowledge of all facts stated in this declaration, and if called upon as a witness, I could and would competently testify thereto.

2. I submit this declaration in support of Plaintiffs' Motion to Strike the Declaration of Thomas Patrick Lane and Portions of the Declaration of Thomas Kearney filed contemporaneously herewith.

3. The Lane Declaration attaches as Exhibit L3 a list of works that Mr. Lane asserts were "registered more than 5 years after the date of first publication." Lane Decl. ¶ 3.

4. Lane contends "I Can Transform Ya," claimed by Warner-Tamerlane Publishing Corp., was registered more than five years after the date of first publication. Lane Decl. Ex. L3 at 1. Attached as Exhibit 1 is a true and correct copy of the registration certificate for "I Can

Transform Ya" Plaintiffs produced, with Registration No. PA0001744956 and Bates No. WCP_00000597.  According to Exhibit 1, "I Can Transform Ya" was first published on December 8, 2009 and registered on June 6, 2011.

5.  Lane contends "U Know What's Up," claimed by WB Music Corp., was registered more than five years after the date of first publication.  Lane Decl. Ex. L3 at 2.  Attached as Exhibit 2 is a true and correct copy of the registration certificate for "U Know What's Up" Plaintiffs produced, with Registration No. PA0001087583 and Bates No. WCP_00000711.  According to Exhibit 2, "U Know What's Up" was first published on October 12, 1999 and was registered on June 12, 2002.

6.  Lane contends "SexyBack," claimed by W.B.M. Music Corp., was registered more than five years after the date of first publication.  Lane Decl. Ex. L3 at 2.  Attached as Exhibit 3 is the Copyright Office Catalog record for "SexyBack" Plaintiffs produced, with Registration No. PA0001368818 and Bates No. Plaintiffs_00002072.  According to Exhibit 3, "U Know What's Up" was first published on August 29, 2006 and was registered on March 2, 2007.

7.  Lane contends "Big Pimpin'/Papercut," claimed by WB Music Corp., was registered more than five years after the date of first publication.  Lane Decl. Ex. L3 at 2.  Attached as Exhibit 4 is the registration certificate for "Big Pimpin'/Papercut" Plaintiffs produced, with Registration No. PA0001080612 and Bates No. Plaintiffs_00001188.  According to Exhibit 4, "Big Pimpin'/Papercut" was first published on December 28, 1999 and was registered on April 25, 2002.

8.  Lane contends "Acapella/by Karmin," claimed by Sony Music Entertainment, was registered more than five years after the date of first publication.  Lane Decl. Ex. L3 at 5.

Attached as Exhibit 5 is the registration certificate "Acapella/by Karmin" Plaintiffs produced, with Registration No. SR0000746675 and Bates No. SME_00004082. According to Exhibit 5, "Big Pimpin'/Papercut" was first published on July 9, 2013 and was registered on April 16, 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 3, 2019 in Washington, District of Columbia.

_____
Jeffrey M. Gould
Counsel for Plaintiffs