# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

### PLAINTIFFS' OBJECTIONS AND COUNTER-DESIGNATIONS TO DEFENDANTS' DEPOSITION DESIGNATIONS

Pursuant to the Court's July 22, 2019 Order Modifying the Pretrial Schedule (Docket No. 223), Plaintiffs Sony Music Entertainment, et al. ("Plaintiffs") hereby submit their objections and counter-designations to Cox's Opening Deposition Testimony Designations (Docket No. 359).

Plaintiffs respectfully submit their counter-designations attached hereto as Exhibit A. Plaintiffs' counter-designations reflect deposition testimony which Plaintiffs may offer if Defendants' designated testimony is permitted to be offered at trial. Plaintiffs reserve the right to challenge Defendants' use of any designated deposition testimony at trial depending on its use by Cox, including but not limited to relevance and admissibility. Plaintiffs' specific counter-designations are not intended to waive Plaintiffs' right to counter other testimony that Defendants designated or may designate. Plaintiffs' counter-designations may apply to multiple designations by Cox, and assertion of a counter-designation to a specific line designation is not exclusive or exhaustive. Plaintiffs' counter-designations are made without prejudice to their objections and, to the extent an objection is sustained, Plaintiffs reserve the right to supplement, amend or withdraw a counter-designation(s). Plaintiffs also reserve the right to present their own

affirmative designations in conjunction with counter-designations presented in Defendants' case in chief.

Plaintiffs include in their current designations and counter-designations testimony that may be subject to the Court's rulings on *Daubert* motions, motions for summary judgment, or forthcoming motions *in limine*. Plaintiffs reserve the right to amend their counter-designations in light of the Court's rulings.

Plaintiffs incorporate by reference as if stated fully herein their objections to Defendants' Rule 26(a)(3) witness list, which identifies numerous witnesses Cox intends to or may call by deposition at trial (Docket No. 229). In particular, and for the reasons stated in Plaintiffs' objections to Cox's witness list, Plaintiffs object to Cox presenting any affirmative deposition testimony from Brian Stifel, Clint Summer, Paul Jarchow, Jason Zabek, Joseph Sikes, Slawomir Paszkowski, Christopher Monson, Seth Nielsen, Jill Lesser, Samuel Rubin, Barbara Frederiksen-Cross, George McCabe, Terrence McGarty, or William Lehr. Plaintiffs specifically object to Cox presenting by affirmative designation or cross-designation its direct deposition examination of Jason Zabek (pp. 303–361). Plaintiffs also object to Cox presenting deposition testimony from Marcus Delgado, who was not identified on Cox's Rule 26(a)(3) Witness List disclosure (Docket No. 221).

In addition, Plaintiffs object to Cox presenting affirmative deposition testimony from any witness who appears live at trial. Witnesses should appear once at trial, whether live or by deposition.

Plaintiffs further object to any designated testimony that is made irrelevant or is excluded by the Court's rulings on the motions for summary judgment, *Daubert* motions, and/or motions *in limine*.

Plaintiffs' specific objections to Cox's Opening Deposition Testimony Designations are contained in the attached Exhibit A and follow the abbreviations indicated below:

| Fed. R. Evid. | Objection | Abbreviation |
|---|---|---|
| 103(c), 602 | Attorney argument; not evidence | AA |
| 104(a), 602 | Lack of foundation | F |
| 104(b) | Conditional relevance | CR |
| 106 | Incomplete | Inc |
| 401/402 | Not relevant | NR |
| 403 | Probative value substantially outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence | 403 |
| 602 | Lacks personal knowledge | PK |
| 701 | Improper opinion testimony by lay witness | 701 |
| 801, 802 | Hearsay | H |
| 1002 | Best evidence | BE |
| 1006 | Improper summary | IS |
|  | Subject to Plaintiffs' forthcoming motions *in limine* | MIL |
| Local Civil Rule 5(H) | Highly confidential – subject to sealing | HC |
|  | Assumes facts not in evidence | AF |
|  | Compound | C |
|  | Calls for legal conclusion | CLC |
|  | Mischaracterizes prior testimony or exhibit | Mis |
|  | Nonresponsive | NResp |
|  | Calls for speculation | Spec |
|  | Beyond the scope of witnesses' 30(b)(6) designation | Scope |
|  | Vague, ambiguous, confusing, unclear as to time | VA |
|  | Argumentative | Arg |
|  | Narrative | N |

3

| Local Civil Rule 30(F) | Includes Objections and Statements of Counsel | Obj |
|---|---|---|
| | Improper/Incomplete Hypothetical | IH |
| | Leading | L |

Dated: October 7, 2019

Respectfully submitted,

*/s/ Scott A. Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry M. Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Fl.
Washington, DC 20016
Tel: 202-480-2999
matt@oandzlaw.com
scott@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*