UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S OBJECTIONS AND COUNTER-DESIGNATIONS
TO PLAINTIFFS' DEPOSITION DESIGNATIONS**

**GENERAL OBJECTIONS**

Pursuant to the Court's July 22, 2019 Pretrial Scheduling Order, ECF No. 223, the Federal Rules of Evidence, Federal Rules of Civil Procedure 26(a)(3) and 32, and the Local Rules, Defendants Cox Communications, Inc. and CoxCom, LLC (collectively "Cox") submit their objections and counter-designations to Plaintiffs' Deposition Designations (ECF No. 358). Following these general objections, Cox's specific objections and counter-designations are attached hereto as Exhibit A.

Cox's counter-designations reflect deposition testimony Cox may offer into evidence at trial to the extent Plaintiffs are permitted to offer their designated testimony into evidence at trial. Cox reserves the right to challenge and object on any appropriate grounds to Plaintiffs' use of any designated testimony at trial, including but not limited to any objections as to relevance and admissibility. Cox further incorporates all objections made to Plaintiffs' exhibits during the course of the respective depositions. Cox's specific counter-designations are not intended to waive Cox's

1

right to counter other testimony that Plaintiffs designated or may designate. Certain of Cox's counter-designations apply to multiple designations by Plaintiffs, and assertion of a counter-designation as to a specific designation by Plaintiffs is not exclusive or exhaustive.

Additionally, Cox includes in its current designations testimony that may be subject to: (1) the Court's ruling on Cox's anticipated and forthcoming motions *in limine*; (2) the Court's rulings on Plaintiffs' and Cox's pending summary judgment and *Daubert* motions; and (3) any further rulings, instructions, or actions by the Court relating to those orders and the underlying motions. Cox therefore reserves the right to amend its counter-designations and objections if appropriate in light of any of the Court's forthcoming rulings.

## GENERAL OBJECTIONS WITH RESPECT TO CERTAIN DESIGNATED TESTIMONY

Cox objects to the entirety of Plaintiffs' extensive designations of deposition and trial testimony from the separate litigation, *BMG Rights Management (US) LLC v. Cox Communications, Inc.*, 1:14-cv-01611 (LO) (JFA) ("*BMG*"). Remarkably, Plaintiffs seek to introduce extensive deposition testimony from numerous witnesses from the *BMG* case while also designating extensive deposition testimony taken from those very same witnesses in this case. And this is not a matter of simply identifying impeachment material from prior sworn testimony; instead Plaintiffs' *BMG* designations appear focused on duplicating testimony and increasing cost and prejudice in a manner utterly unsupported by the Federal Rules of Civil Procedure or Rules of this Court. Indeed, the facts, timeline, parties, 30(b)(6) topics, and counsel in *BMG* were largely different from that in the present litigation and, as such, Plaintiffs' use of the *BMG* testimony is highly prejudicial and inadmissible under Fed. R. Civ. P. 32(a)(8).

Plaintiffs' extensive designation of testimony from a different case is a transparent attempt to double the time allotted for depositions in a single case, as Cox produced to Plaintiffs' these

*BMG* transcripts prior to Plaintiffs' depositions of these very same witnesses. Plaintiffs could have covered any appropriate issue or territory in the numerous depositions they took in the instant litigation of these very same witnesses. Plaintiffs could have readily examined and/or attempted to impeach those witnesses in this case with that prior testimony.[1] Instead, Plaintiffs took these highly confidential depositions from another case and seek to insert them here—while already having had the opportunity of deposing them now twice each (and in one circumstance three times). Indeed, certain of these transcripts and the exhibits referenced within them, are designated Highly Confidential – Attorneys' Eyes Only by Cox pursuant to the Protective Order in *BMG*. *See* Exhibit B. Cox objects to the use of these transcripts and exhibits as "documents and things exchanged during the [*BMG*] litigation," which cannot be used in this case pursuant to the *BMG* Protective Order. *See* Exhibit B §6.2.2.

Plaintiffs have designated extensive testimony from the following *BMG* transcripts, which Cox objects to in their entirety:

- June 5, 2015 deposition of Brent Beck;
- June 9, 2015 deposition of Randall Cadenhead;
- June 3 and 16, 2015 depositions of Matthew Carothers:[2]
- June 14, 2015 deposition of Sidd Negretti;
- May 20, 2015 deposition of Joseph Sikes;
- June 17, 2015 deposition of Linda Trickey;
- July 28, 2015 deposition of Roger Vredenburg;
- December 7, 2015 trial testimony of Roger Vredenburg;

---

[1] Plaintiffs deposed all but one of these witnesses, Roger Vredenburg, in the instant litigation.
[2] Plaintiffs designated *three* deposition transcripts from Matthew Carothers, two from *BMG* and one from this litigation.

- June 6, 2015 trial testimony of Jason Zabek; and

- August 13, 2015 deposition of William Basquin.

Cox additionally objects to Plaintiffs' designation of testimony from the *BMG* trial, as it is not deposition testimony and is therefore not admissible under Federal Rule of Evidence 32(a)(8). Moreover, to the extent Plaintiffs seek to admit testimony from *BMG* under the Federal Rules of Evidence, as either a party admission, a prior inconsistent statement, or otherwise, doing so through "deposition designations" is palpably improper, and in light of the circumstances here highly prejudicial. Cox's current counsel was not present at the depositions and the trial and did not have the opportunity to examine these witnesses, interpose objections, or otherwise defend the examinations, as it was able to with respect to the witnesses whose testimony has been designated from this case.

Cox also objects to Plaintiffs' designation of testimony from *BMG* as and to the extent it is cumulative of testimony from this case, whether presented through deposition designations or live testimony at trial. Cox additionally objects to Plaintiffs' designation of testimony from *BMG* to the extent Plaintiffs have failed to establish that any witness whose testimony has been designated is unavailable, as required under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 32(a)(4).

Out of an abundance of caution, Cox hereby additionally interposes specific objections to Plaintiffs' designation of testimony from these *BMG* transcripts in addition to counter-designations. By doing so, Cox in no way waives, but expressly reserves, its objection to Plaintiffs' designations and their admission at trial. None of these transcripts should have been designated, and having to go through thousands of pages of testimony from *BMG*, has been an arduous and costly task for Cox but that cost is far less than the prejudice that Cox will endure should these

4

transcripts be considered when Plaintiffs have had the opportunity to depose these witnesses in this matter.

Cox also objects in their entirety to Plaintiffs' designation of deposition testimony by Jorge Fuenzalida, inCode Consulting's 30(b)(6) designee, as irrelevant and wasteful under Fed. R. Evid. 403 because the work inCode completed for Cox is not relevant to any of Plaintiffs' claims in this litigation.

Cox objects to Plaintiffs' Deposition Designations subject to the following objection codes:

| Code | Objection | Rule |
|---|---|---|
| ARG | Argumentative | |
| ASF | Assumes Facts Not in Evidence | |
| ATT | Attorney Argument; Not Evidence | Fed. R. Evid. 103(c), 602 |
| BEV | Best Evidence | Fed. R. Evid. 1002 |
| CP | Compound | |
| HSY | Hearsay | Fed. R. Evid. 802 |
| HYPO | Incomplete Hypothetical | |
| INC | Incomplete Document | Fed. R. Evid. 106 |
| IOT | Improper opinion testimony by a lay witness | Fed. R. Evid. 701 |
| LEG | Calls for Legal Conclusion | |
| LFN | Lacks Foundation | Fed. R. Evid. 602 |
| LPK | Lack of Personal Knowledge | Fed. R. Evid. 602 |
| MIL | Subject to exclusion based on Cox's anticipated motions *in limine* | |
| MSC | Mischaracterizes Prior Testimony or Exhibit | |
| NR | Nonresponsive | |
| PRJ | Probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, needlessly presenting cumulative evidence | Fed. R. Evid. 403 |
| PRV | Attorney-client privilege, work product, limits on waiver | Fed. R. Evid. 502 |
| REL | Relevance | Fed. R. Evid. 401/402 |
| SCP | Beyond the scope of the witnesses' testimony as a 30(b)(6) designee | |
| SP | Calls for Speculation | |
| VA | Vague, Ambiguous, Overbroad, Confusing, Unclear as to time | |


Dated: October 7, 2019

    Respectfully submitted,

    /s/ Thomas M. Buchanan
    Thomas M. Buchanan (VSB No. 21530)
    WINSTON & STRAWN LLP
    1700 K Street, NW
    Washington, DC 20006-3817
    Tel: (202) 282-5787
    Fax: (202) 282-5100
    Email: tbuchana@winston.com

    *Attorney for Cox Communications, Inc.*
    *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on October 7, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*