# Exhibit B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

|  |  |  |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:14-cv-1611(LOG/JFA) |
| | ) | |
| COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., COXCOM, LLC | ) ) ) | |
| Defendants. | ) | |
| | ) | |

# STIPULATED PROTECTIVE ORDER ✽

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation

of BMG Rights Management (US) LLC and Round Hill Music LP ("Plaintiffs"), Cox

Enterprises, Inc., Cox Communications, Inc., and CoxCom, LLC (collectively "Defendants"),

(Plaintiffs and Defendants are collectively referred to as the "Parties" and each individually

referred to as a "Party"), good cause having been shown, the Court hereby orders that the

following procedures are to be employed in this action for the protection of the Parties and others

from whom information may be obtained in connection with this action against disclosure or any

improper use of confidential information produced in discovery or filed with this Court:

## 1. INTRODUCTION AND SCOPE

This Order shall govern all documents and things (whether or not embodied in any

physical medium) exchanged during this action, including but not limited to documents produced

by the parties or third-parties, testimony taken at a hearing or other proceeding, and discovery,

including but not limited to deposition testimony, interrogatory answers, and responses to

* No provision in this Protective Order is intended to provide for the prospective filing of material
under seal with the Court. Any party intending to file material under seal with the Court must
comply with the requirements of Local Civil Rule 5.

requests for admission. In this action for alleged copyright infringement, the parties expect to be producing confidential business information, both technical and financial, the public disclosure of which may injure the Producing Party's competitive standing. In the event a Party wishes to use any Protected Information in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this action, the filing Party shall seek an order from the Court to file the document (or a portion of the document) under seal pursuant to Local Rule CV-5. The parties shall file any such Protected Information in sealed containers labeled with the case caption, the appropriate confidentiality designation, and a statement that the container contains confidential information filed under seal pursuant to an existing sealing order, or that it is the subject of a motion for such an order, and should not be disclosed except by Order of the Court or agreement of the parties. Production or disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" information under this Order shall not prejudice the right of any Party making that production or disclosure to maintain the trade secret status or confidentiality of that information in other contexts.

## 2. DISCOVERY RULES REMAIN UNCHANGED

Nothing herein shall alter or change in any way the discovery provisions set forth by the Federal Rules of Civil Procedure ("Federal Rules"), the Local Rules for the Eastern District of Virginia, or this Court. Identification of any individual pursuant to this Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and the Court's Deadlines set out in the applicable Scheduling Order. Nothing in this Order shall be construed to require a Party to

produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

## 3. DEFINITIONS

### 3.1. Court Staff

"Court Staff" is defined in this Order as the Court and its personnel, including official court reporters, as well as independent shorthand reporters, and their staffs, and videographers, interpreters, or translators engaged for depositions or proceedings necessary to this case.

### 3.2. Discovery Material

The term "Discovery Material" shall refer to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

### 3.3. Inside Counsel

The term "Inside Counsel" shall mean attorneys who are employed by a named Party to this action, including support personnel, paralegals, legal secretaries, and legal clerks involved with maintaining, defending or evaluating this case.

### 3.4. Outside Consultant

The term "Outside Consultant" shall mean any outside person (and their support personnel) who is not an employee of a Party or any Related Entity, and who is identified as an expert whose opinions may be presented at trial in this case, or who is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to, a proposed outside person or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects

3

of this case for the preparation or trial thereof. This term is to be construed within the meaning of Federal Rule 26(b)(4)(A)-(D).

### 3.5. Outside Counsel

The term "Outside Counsel" shall mean attorneys who are not employees of any named Party to this action or any Related Entity, but who are retained as counsel by a named Party to this action or any Related Entity, including support personnel; contract attorneys; paralegals; consultants; legal secretaries; legal clerks; employees of outside vendors providing copy services, document, graphics, and exhibit preparation services; and jury consultant and jury research services.

### 3.6. Producing Party

The term "Producing Party" shall mean a Party or third-party that produces Discovery Material, including Protected Information, in this action.

### 3.7. Protected Information

The term "Protected Information" shall mean any Discovery Material that the Producing Party in good faith designates as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE." Protected Information also includes any information copied or extracted from such designated Discovery Material, as well all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Information.

> 3.7.1. **Confidential Information.** A Producing Party, including any Party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may designate Discovery Material as "CONFIDENTIAL"

where such Discovery Material relates to non-public, sensitive or confidential information, that qualifies for protection under Federal Rule of Civil Procedure 26(c), including but not limited to confidential technical, sales, marketing, financial, or other commercially sensitive informations.

3.7.2.   **Highly Confidential — Attorneys' Eyes Only Information.**   A Producing Party, including any Party to this action and any third-party producing information or material voluntarily or pursuant to a subpoena or a court order, may alternatively designate Discovery Material as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" where such Discovery Material contains either: (a) particularly sensitive information that the Producing Party believes in good faith cannot be disclosed to another Party or third-party without creating a substantial risk of harm to the competitive position of the Producing party or (b) other proprietary or commercially sensitive information, including but not limited to customer or subscriber confidential information including personally identifiable information (*e.g.* name, physical address, telephone numbers, social security number, driver's license number, and email addresses). HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY includes but is not limited to proprietary marketing, financial, sales, research and development, or technical data/information or commercially sensitive competitive information, including, without limitation, information relating to future products, strategic plans, settlement agreements or communications, and customers' or subscribers' personally identifiable information.

3.7.3.  **Highly Confidential — Outside Counsels' Eyes Only Computer Source Code Information**.  A Producing Party, including any Party to this action and any third-

party producing information or material voluntarily or pursuant to a subpoena or a court order, may alternatively designate Discovery Material "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" where such Discovery Material contains non-public computer object code or other executable code or source code or similar programming statements or instructions that in general are converted into machine language by compilers, assemblers, or interpreters.

        **3.7.4. Non-Confidential Information.** The following is not "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY INFORMATION," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" Discovery Material:

    a.    any information which, at the time of disclosure to a Receiving Party, is public knowledge;

    b.    any information which, after disclosure to a Receiving Party, becomes public knowledge as a result of publication not involving a violation of this Order;

    c.    any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information under no obligation of confidentiality; and

    d.    any information that a Receiving Party can show was independently developed by it or its personnel who have not had access to the Producing Party's Protected Information.

**3.8. Receiving Party**

The term "Receiving Party" shall mean a Party that receives Discovery Material from a Producing Party.

6

### 3.9. Related Entity

The term "Related Entity" shall mean any parent, subsidiary or other legal business entity owned or controlled by a common parent.

### 4. SCOPE OF DISCOVERY

Discovery in this matter is limited in scope as set forth in this Order and in no event shall exceed the scope set forth under the Federal Rules of Civil Procedure, the Local Rules, or other Order of this Court.

### 5. TIME AND MANNER OF DESIGNATION

A Producing Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards so that material, documents, items, or oral or written communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

### 5.1. Time of Designation

Designation of Discovery Material shall be made at the following times:

5.1.1. For documents and things, prior to or at the time of the production of the document or thing;

5.1.2. For declarations, written discovery responses, and pleadings, at the time of the service or filing, whichever occurs first;

5.1.3. For any form of testimony, either (a) on the record at the time that such testimony is given, or (b) within seven (7) calendar days after the receipt of a final draft (i.e., not rough draft) transcript of such testimony by the Producing Party, providing that the Producing Party has ordered a transcript. If the Producing Party has not ordered a transcript, the time shall run from the date any Party first receives a final draft of the

transcript. From the time of the testimony until the expiration of seven (7) calendar days after receipt of the transcript of such testimony by the Producing Party, all testimony will be treated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." In the event that expedited disclosure may be required by a Party due to an impending deadline regarding preparation of any filing or submission that requires consideration of the Protected Information in question, the concerned Party shall negotiate in good faith for a shortened expiration period, and, if agreement regarding a shortened expiration period cannot be reached, then the concerned Party agrees to submit the matter to the Court for its determination of the appropriate expiration period. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

      5.1.4. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend clearly upon each page that contains Protected Information.

**5.2.**   **Manner of Designation**

Designation of Discovery Material shall be made by placing the notation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or

"HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" on the Discovery Material in the following manner:

5.2.1. For documents, on each page of such document;

5.2.2. For tangible items, on the object or container thereof; or, if not practicable, as otherwise agreed by the parties;

5.2.3. For declarations, written discovery responses, court filing or pleadings, on the face of such document;

5.2.4. For testimony, Outside Counsel for either Party may designate on the record at the deposition any testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" under this Order. Each page of the designated testimony and any exhibit on which a witness gives testimony designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" shall be treated in accordance with the terms of this Order;

5.2.5. Computer source code may be so designated by affixing the legend "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" on the media itself;

5.2.6. All "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in

9

Sections 5.2.1. - 5.2.5., shall be designated by informing the Receiving Party of the designation in writing; and

5.2.7. To the extent the Receiving Party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the Producing Party shall include the confidentiality designation on the medium containing the documents. In the event that the Receiving Party prints documents from such medium, the Receiving Party shall mark each such page of the documents with the appropriate designation.

**5.3.     Third-Party Discovery**

5.3.1. The parties recognize that, during the course of this case, third-parties may be called upon to produce "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" Discovery Materials. In such a case, the third-party that must produce such Discovery Material is considered to be a Producing Party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its Discovery Materials as Protected Information.

5.3.2. Information originating with a third-party and in a Producing Party's custody or control that a Producing Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" and the

Protected Information shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a Producing Party has a good faith belief that production of the requested Discovery Material is objectionable on the grounds that the requested Discovery Material is subject to a third-party confidentiality obligation, the Producing Party shall confer with that third-party to resolve the confidentiality issue. If this confidentiality issue cannot be resolved, then the Producing Party shall immediately notify the Requesting Party and to the extent consistent with its confidentiality obligation (1) identify the third-party; (2) identify the bases for the confidentiality obligation; and (3) provide a brief description of the types of documents and things being withheld. All Parties shall attempt to resolve all disputes promptly, informally, and in good faith. If the Parties are unable to resolve the matter, the prospective Receiving Party may seek judicial relief. No disclosure is required until the objection is resolved.

      5.3.3. A third-party's production of Protected Information under this Order does not entitle that third-party to access any other Protected Information or Discovery Materials produced by any Party or other third-party in this case.

**5.4.    Changing the Designation of Discovery Material**

      In the event any Party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE," or from one such designation to another, such Party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation. In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this

Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

### 5.5. Resolution of Disputes Regarding Designation

The Parties will use reasonable care in designating information as Protected Information under this Order. In the event that a Receiving Party disagrees with any designation (or changed designation) by the Producing Party, the Receiving Party shall serve a written challenge on the Producing Party, identifying with particularity the Discovery Material and the bases for why the Discovery Material should be designated differently. A Receiving Party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, served on counsel for the Producing Party, and particularly identify the documents or information that the Receiving Party contends should be differently designated. The Receiving Party and Producing Party shall use their best efforts to resolve promptly and informally such disputes. If the Parties are unable to resolve such a dispute informally, either party may apply to the Court for relief. The Producing Party will bear the burden of establishing that the challenged designation is appropriate. Any such disputed Discovery Material shall be treated as designated by the Producing Party and subject to the protections of this Order unless and until the Court determines otherwise.

### 5.6. No Presumption of Protected Status

This Order does not address discovery objections nor preclude either Party from moving for any relief cognizable under the Federal Rules of Civil Procedure, the Local Rules, or this Court's inherent power. Failure of any Party to challenge any designation under this Order shall

12

not constitute an admission that any Discovery Material designated as Protected Information is, in fact, Protected Information.

## 6. USE OR DISCLOSURE OF PROTECTED INFORMATION

### 6.1. Use of Discovery Materials

Except as provided for in Section 6.4 below, in no event shall an employee, officer, or director or Inside Counsel of any Party to this action have access to Protected Information marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE."

### 6.2. Duty to Return or Destroy Discovery Material

Within sixty (60) calendar days after conclusion of the above-captioned case (including all appeals and further proceedings resulting therefrom), all Discovery Material containing Protected Information, including all notes of Outside Consultants or others (apart from counsel of record), that incorporate in whole or in part information from Protected Information, shall be either returned to the Producing Party or shall be destroyed. Counsel for any Party or third-party receiving Protected Information shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the Producing Party within ninety (90) calendar days after the conclusion of the above-captioned case.

6.2.1. Notwithstanding the foregoing, and subject to the restrictions in Section 6.3, Outside Counsel of record and Inside Counsel shall be entitled at the termination of this case, including all appeals, to maintain copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, exhibits offered or introduced into evidence at trial,

13

attorney notes, and any work-product containing Protected Information, provided however that any Protected Information contained in any such documents retained by Outside Counsel of record or Inside Counsel shall remain subject to the protections of this Order. Notwithstanding this provision, Outside Counsel and Inside Counsel are not required to delete information that may reside on their respective back-up systems; however, the counsel for the Parties agree that no Protected Information shall be retrieved from the electronic back-up systems after conclusion of this litigation, including all appeals.

6.2.2. Documents and things exchanged during this litigation shall only be used in this case, and their use shall be governed by this Order. A Receiving Party may use Protected Information that is disclosed or produced by another Party or by a third-party in connection with this case only for litigating, defending, or attempting to settle this litigation. Such Protected Information may be disclosed only to the categories of persons and under the conditions described in this Order.

**6.3.    Disclosure of Discovery Materials**

No Receiving Party or other person receiving any Protected Information in accordance with this Order shall disclose or permit the disclosure of any such Protected Information to any other person or entity, except the following:

6.3.1. Protected Information that has been designated "CONFIDENTIAL" and such copies as are reasonably necessary for maintaining, defending, or evaluating this case, may be furnished and disclosed to Court Staff, Outside Counsel, up to ten (10) Outside Consultants per Party, and up to three (3) Inside Counsel per Party. Outside Consultants and Inside Counsel for a Receiving Party must execute a copy of Attachment

14

A before reviewing "CONFIDENTIAL" Protected Information. If one of the permitted Inside Counsel is no longer employed by a Party, or will no longer participate in any aspect of the case, that Party may designate a replacement Inside Counsel who must also execute a copy of Attachment A before reviewing "CONFIDENTIAL" Protected Information.

6.3.2. Disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be made only to Court Staff, Outside Counsel, and Outside Consultants (subject to the same numerical limitation as in section 6.3.1). Outside Consultants must comply with the provisions of Section 6.4.1., below, before reviewing "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Protected Information. Furthermore, Inside Counsel who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting Outside Counsel in preparation for proceedings in this case may receive access to or disclosure of Protected Information marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only with the prior written consent of the Producing Party, and then, upon execution of Attachment A before reviewing "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" information. In all events, Protected Information marked "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" will be limited to two (2) Inside Counsel for each Party.

6.3.3. Disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY SOURCE CODE" may be made only to Court Staff, Outside Counsel, and Outside Consultants and only so long as the disclosure of Protected Information that is designated "HIGHLY CONFIDENTIAL

15

— OUTSIDE COUNSELS' EYES ONLY SOURCE CODE" is necessary for their consultation with respect to this litigation. Outside Consultants must comply with the provisions of Section 6.4.1., below, before reviewing "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY SOURCE CODE" Protected Information.

**6.4.    General Disclosures**

Notwithstanding the restrictions set forth above, the following disclosures may be made in accordance with this Order:

6.4.1. **Outside Consultants.**  Prior to the disclosure of any of the Producing Party's Protected Information to an Outside Consultant, and for each Outside Consultant to whom disclosure is proposed, the Receiving Party shall give at least two (2) business days written notice to the Producing Party, providing:

a)      the name, business title and business address of the Outside Consultant;

b)      a copy of the proposed Outside Consultant's executed Attachment A;

c)      a copy of the proposed Outside Consultant's current curriculum vitae showing the proposed Outside Consultant's education;

d)      the Outside Consultant's current employer;

e)      a list of any previous or current relationships (personal, professional, financial, or otherwise) with any of the Parties; and

f)      a list of all other cases by name, case number, and location of court in which the Outside Consultant has testified (at trial or deposition), and to the extent permissible under any currently existing and active confidentiality agreements, all companies for which the individual has provided consulting services, either directly or through a consulting firm,

16

and all companies by which the individual has been employed, or from whom it has otherwise received compensation, within the last five years. Such a listing, as appropriate, may itself be designated as Protected Information. If such a listing is not permissible due to any currently existing and active confidentiality agreements that the individual has with other companies, that fact will be disclosed to the Producing Party.

6.4.2. Prior to disclosing any Protected Information to any Outside Consultant, Outside Counsel for the Receiving Party shall determine that disclosure of the particular Protected Information to an Outside Consultant is, in that counsel's good faith judgment, reasonably necessary to the Party's representation. If, during the two (2) business day notice period, the Producing Party serves, in writing, a good faith objection to the proposed disclosure to showing the Outside Consultant Protected Information, there shall be no disclosure of said Protected Information to such Outside Consultant pending resolution of the objection. Consent to the disclosure of Protected Information to the Outside Consultant shall not be unreasonably withheld. The Producing Party objecting to disclosure of Protected Information to the Outside Consultant shall, within two (2) business days of receiving the written notice contemplated under section 6.4.1, provide a written explanation of the basis of its objection. If a Producing Party objects to the disclosure of Protected Information to an Outside Consultant, the Parties must meet and confer regarding the objection within two (2) business days after such objection is served. The objecting Party's consent to the disclosure of Protected Information to an Outside Consultant shall not be unreasonably withheld, and its objection must be based on that

17

Party's good faith belief that disclosure of its Protected Information to the Outside Consultant will result in business or economic harm to that Party.

6.4.3. If the Parties cannot resolve their dispute during this meet-and-confer, the Producing Party shall have three (3) business days from the date of the meet-and-confer to file an objection with the Court and seek a motion for protection or disqualification of the Outside Consultant or other appropriate relief. No Protected Information shall be provided to the proposed Outside Consultant until after resolution of the objection either by the Parties or by the Court.

6.4.4. **Disclosure to Author or Recipient.** Notwithstanding any other provision, nothing in this Order shall prohibit Outside Counsel for a Party from disclosing Protected Information to any person whom the Discovery Material containing the Protected Information clearly identifies as an author, addressee, or copy (cc or bcc) recipient of such Discovery Material. In addition, regardless of its designation, if Discovery Material makes reference to the actual or alleged conduct or statement of a person, Outside Counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other Protected Information.

6.4.5. **Disclosure of Party's Own Information.** The restrictions on the use of Discovery Material established by the Order are applicable only to Discovery Material received by a Party from another Party or from a third-party as a direct result of this litigation. Any Party is free to use its own Discovery Material for any purpose, and no use by the Producing Party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

**6.5.    Disclosure During Depositions**

Subject to the requirement that the person(s) receiving the Protected Information duly execute Attachment A, and except as otherwise approved by the Producing Party or by an order of this Court, a Party may use Protected Information in deposing only: (a) an individual who has had or who is eligible to have access to the Protected Information by virtue of their employment with the Producing Party; (b) an individual identified in the Protected Information as an author, addressee, or other recipient (including cc and bcc) of such information; or (c) an Outside Consultant that has executed Attachment A.

No one may attend or review the portions of transcripts or of any depositions at which Protected Information is shown or discussed other than those individuals qualified to see such Protected Information as set forth in this Order.

**6.6.    Disclosure Pursuant to Subpoena**

If any entity subpoenas or seeks production of Protected Information from a Receiving Party that a Receiving Party has obtained subject to this Order, such Receiving Party shall promptly notify the Producing Party of the subpoena or order in writing and shall not produce the information until the Producing Party has had reasonable notice (which shall be not less than ten (10) business days) to object or take other appropriate steps to protect the information. If a Producing Party does not take steps to prevent disclosure of such documents within the notice period given, or within ten (10) business days, whichever is longer, the Party to whom the referenced subpoena is directed may produce such documents in response. Nothing in this order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

19

### 6.7. Inadvertent Disclosure of Protected or Privileged Information

In addition to Federal Rule of Evidence 502, the parties agree that the inadvertent production or disclosure of documents or information subject to the attorney–client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is Protected Information, privileged, or protected by the work product immunity or any other applicable privilege, provided that the Producing Party promptly notifies the Receiving Party in writing after discovery of such inadvertent production or disclosure. Such inadvertently-produced or disclosed documents or information, including all copies thereof, shall be returned to the Producing Party or destroyed immediately upon request. The Receiving Party shall also immediately destroy any notes or other writing or recordings that summarize, reflect, or discuss the content of such privileged or Protected Information. No use shall be made of such documents or information in discovery, in deposition, in court filings or at trial. Nor shall such documents or information be shown to anyone, after a request for their return, who is not entitled to have access to them. In the case of an inadvertently produced or disclosed document, the Producing Party shall include the inadvertently produced or disclosed Discovery Material in a privilege log identifying such document. The Receiving Party may move the Court for an Order compelling production of any inadvertently produced or disclosed document or information, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure, nor shall the motion disclose, summarize, characterize, or otherwise use the content of the inadvertently produced document or information (beyond any information appearing on the above-referenced privilege log).

## 7.    SOURCE CODE

### 7.1.    Notice

In the event that source code is made available for inspection in this action, access to such source code will be given only to those individuals for the Receiving Party who are authorized under this Order to have access to Discovery Material designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY SOURCE CODE." Prior to any inspection of the Producing Party's source code, the Receiving Party shall give at least three (3) business days written notice to the Producing Party, providing the names of all individuals to have access to the source code and the information identified under Section 6.4.1 for each non-attorney proposed to attend a source code inspection. No such individual shall have access to the source code until after the expiration of the foregoing three (3) business day notice period. If, during the three (3) business day notice period, the Producing Party serves, in writing, a good faith objection to the access of any such individual to the source code, that individual shall not have access to the source code or any information deriving from access to the source code pending resolution of the objection. Consent to such access shall not be unreasonably withheld.  The Producing Party objecting to the any such individual's having access to the source code shall provide a written explanation of the basis of its objection within the three (3) business day notice period.  The Parties shall meet and confer to resolve any such dispute within three (3) business days of service of such an objection.  If the Parties are unable to resolve such a dispute informally within three (3) business days of having met and conferred, the Receiving Party may apply to the Court for relief.  The Producing Party will bear the burden of establishing that its objection request is in good faith and that good cause exists for denying access of the individual

to the source code. Such individual shall not have access to the source code until after resolution of the dispute either by the Parties or by the Court.

**7.2.    Review of Source Code**

In the event that source code is produced in this action:

7.2.1.   The Producing Party will produce or otherwise make its source code available for inspection in the form as kept in the ordinary course of business or other format suitable for review, except that the Producing Party may produce a copy of the source code in an encrypted format, so long as the Producing Party provides means to decrypt at the time of production or making the source available for inspection.

7.2.2.   Unless otherwise agreed to in writing between the Producing Party and the Receiving Party, a Receiving Party may only review a Producing Party's Source Code on "stand alone" Source Code Review computers (i.e., individual computers or multiple computers that may be networked together by a private wired network but are not connected to any other network, Internet, or peripheral device, except that a Source Code Review computer may be connected to a printer).   Source Code Review computers will be configured to prevent additional peripheral devices (e.g., USB thumb drives) from being connected to it.

7.2.3.   Source code will be made available for inspection only at a designated site within the continental United States that is reasonably accessible to the Receiving Party and/or its Outside Counsel or Outside Consultants (at the Receiving Party's election).   At the Receiving Party's expense, and to accommodate review by an Outside Consultant, source code may instead be made available at a suitable neutral location within reasonable proximity to the Outside Consultant's home or office.

22

7.2.4.  Unless agreed by the parties or ordered by the Court, access will be made available during regular business hours (8:00 a.m. to 5:00 p.m. local time on weekdays, excluding court holidays).

7.2.5.  No portions of the source code may be downloaded.

7.2.6.  The Parties will produce Source Code in computer searchable format on the stand-alone Source Code Review computer.  The Receiving Party, at its own expense, may request that the Producing Party install software on a Source Code Review computer to perform searches of, or to otherwise operate or analyze, the Producing Party's source code, provided that such other software is reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Receiving Party must provide the Producing Party with appropriate access to such software tool(s) at least four (4) days in advance of the date upon which the Receiving Party wishes to have the additional software available for use on the Source Code Review computer.  Timely requests for the installation of such software will not be unreasonably denied so long as the requested software is compatible with the operating system, and other software necessary to make the source code available for inspection, installed on a Source Code Review computer, does not prevent or impede the Receiving Party's access to the source code produced for inspection on a Source Code Review computer, and does not side-step any of the security features enabled on a Source Code Review computer (e.g., enable connection and use of USB thumb drives).

7.2.7. The Producing Party shall make available a laser printer for on-site printing during inspection of the source code.  No paper printouts shall be made of source code except for: (i) portions reasonably anticipated by the Receiving Party to be necessary for

23

use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" information of the Producing Party; and (ii) such other uses to which the Parties may agree or that the Court may order.

       7.2.8.  Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time. In no event may the Receiving Party print more than 50 consecutive pages without prior written approval by the Producing Party or order of the Court. The Receiving Party will log the original name and location (i.e., directory path) of each printed source code file and provide this log to the Producing Party at the conclusion of each day's inspection. The Producing Party may object to any portion of any printed source code files as not relevant to any claim or defense in this litigation, and accordingly deny printing of any such source code files pending resolution of the Producing Party's objection. The Parties shall meet and confer to resolve any such dispute within five (5) days of the source code inspection when the source code at issue was printed. If the Parties are unable to resolve such a dispute informally within three (3) business days of having met and conferred, the Receiving Party may apply to the Court for relief at any time. The Receiving Party will bear the burden of establishing that its request is in good faith and good cause exists for disclosure of the Protected Information sought.

       7.2.9.  Each page of any printed copies of source code shall be printed on non-white, colored paper. After printing, the Producing Party shall clearly label each page of any printed copies "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES

ONLY COMPUTER SOURCE CODE" and give each page a unique identification number. The Producing Party shall make a good faith effort to provide (via overnight delivery with signature required or hand delivery with signature required) a copy of the labeled and numbered copies on yellow or other colored paper to Outside Counsel of the Receiving Party within three (3) business days.

7.2.10. The Receiving Party may make one (1) copy of the printed source code pages after delivery for internal use on non-white, colored paper. Printed copies of source code shall be securely maintained in locked rooms or cabinets at the offices of Outside Counsel of the Receiving Party only. Printed copies shall be destroyed as soon as they are no longer needed. No electronic copies (e.g., Adobe PDF files) of any of the printed source code pages may be created, except as necessary for any filings with the Court.

7.2.11. Printed copies of source code may be reviewed by persons or entities permitted to access "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" information at either the offices of Outside Counsel of the Receiving Party or the offices of the Receiving Party's Outside Consultants, but may not be removed from such offices, except that copies may be made for and used in Court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" information of the Producing Party.

7.2.12. The Outside Counsel or Outside Consultants of a Receiving Party may take notes during any source code inspection but may not copy portions of the source code into such notes. Any such notes must be marked on each page with "HIGHLY

25

CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE." In addition, Outside Counsel or Outside Consultants of a Receiving Party may not bring into the room housing a Source Code Review computer any analogue or electronic recording devices, including, but not limited to, laptops or other portable computers; audio, image or video recorders; or wireless devices with data transmission capabilities, unless agreed otherwise by the Producing Party in writing. Outside Counsel or Outside Consultants of a Receiving Party may not leave work product or other materials to which the Receiving Party claims privilege in the room used to inspect the Producing Party's source code or on a Producing Party's Source Code Review computer.

7.2.13. All paper copies of source code shall be securely destroyed if they are no longer necessary in the Litigation (e.g., extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the court reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

## 8.    MISCELLANEOUS

### 8.1.    Right to Further Relief

Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

### 8.2.    Jurisdiction

This Protective Order shall be binding upon the Parties, and their respective attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control. The United States District Court for the Eastern

District of Virginia, Alexandria Division, or any court to which this action is transferred, is responsible for the interpretation and enforcement of this Order. All disputes concerning documents or information covered under this Order (however designated) and produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Virginia, Alexandria Division, or the court to which this action may be transferred.

### 8.3.   Continuing Jurisdiction

After the conclusion of the above-captioned case, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Protected Information pursuant to this Order, in order to enforce the Order's provisions.

### 8.4.   Interpretation

Should the Parties have any issues concerning the interpretation of this Order, before any Party moves for this Court's assistance, they shall first promptly meet and confer to resolve the dispute. The headings used in this Order are supplied for convenience only and shall not be taken into account in the interpretation of this Order.

### 8.5.   Modification

This Order may be modified by this Court for good cause shown or by mutual written agreement between (or among) the Parties and this Court's approval of such agreement. The Court may enter a subsequent order addressing the use of Protected Information at trial or at the conclusion of the above-captioned case.

### 8.6.   Outside Counsel's Communication with Client

Nothing in this Order shall preclude or impede Outside Counsel's ability to communicate with or advise their client based on their review and evaluation of Protected Information

27

produced by the opposing Party, provided that such communications or advice shall not disclose or reveal Protected Information in violation of this Order.

### 8.7. No Probative Value

The Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any Party or person with respect to any Protected Information. The fact that information is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be the appropriate designation. This Order shall be without prejudice to the right of any Party to bring before the Court questions regarding (a) whether any particular material is or is not properly designated or (b) whether any particular information or material is or is not entitled to a greater or lesser degree of protection under the terms of this Order, provided that in doing so, the Party complies with the procedures set forth herein. The fact that any information is disclosed, used, or produced in any court proceeding in this case shall not be offered in any action proceeding before any court, agency, or tribunal as evidence of or concerning whether or not such information is admissible, confidential, or proprietary.

### 8.8. Logging Post-Litigation Materials

No attorney client privileged communications and/or attorney work product exchanged solely between each Party and its Outside Counsel acting as counsel for that Party, or solely between employees of a Party and that Party's or a Related Party's Inside Counsel, after and including November 26, 2014, need be identified on a privilege log. In addition, no common interest privileged communications and/or attorney work product exchanged between the parties

to the common interest privilege, including the parties' employees and/or personnel, and the parties' respective Inside Counsel and Outside Counsel acting as counsel for the party in relation to this case, after and including November 26, 2014, need be identified on a privilege log.

### 8.9. Use of Protected Information in Court

Before disclosing Protected Information in an open courtroom at trial or other court hearings in this case, a Party must provide notice to the Producing Party so that the Producing Party has a reasonable opportunity to take appropriate action to prevent or limit disclosure of the Protected Information in the open courtroom. The Producing Party bears the burden of showing that the Court should prevent or limit disclosure of the Protected Information in the open courtroom; otherwise, the Protected Information may be used in an open courtroom at trial or other court hearings in this case without regard to the other provisions in this Order. The Parties agree that the use of Protected Information at trial or other court hearings in this case shall not constitute a waiver of or operate in prejudice to any claim of confidentiality in the Protected Information.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

**SO ORDERED** this ⟋ day of March 2015.

Alexandria, Virginia

/s/
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

29

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, and ROUND HILL MUSIC LP | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:14-cv-1611(LOG/JFA) |
| COX ENTERPRISES, INC., COX COMMUNICATIONS, INC., COXCOM, LLC | ) ) ) | |
| Defendants. | ) ) | |

## ATTACHMENT A

## WRITTEN ACKNOWLEDGEMENT
## TO ABIDE BY THE TERMS OF THE PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the above listed case. I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Eastern District of Virginia with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Discovery Materials marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSELS' EYES ONLY COMPUTER SOURCE CODE" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials. I also understand that, in the event that I fail to abide by the terms of

this Undertaking or the Order, I may be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected Producing Party.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name               of               Individual:

_____

Company or Firm:

_____

Address:

_____

Telephone No.:

_____

Relationship to this action and its parties:

_____

_____

—

_____

—

Dated: _____

_____
Signature