UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC.<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF
<u>PUTATIVE EXPERT DR. TERRENCE P. McGARTY</u>**

## **TABLE OF CONTENTS**

                                                    **Page**

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT .......................................................................................................................... 2

    A. Dr. McGarty's proposed testimony regarding Cox's functional ability, broadband technology, and ISP network management is purely factual. ............... 2

    B. Dr. McGarty's proposed testimony regarding whether Cox's response to infringement notices was consistent with its technical capabilities is purely factual and otherwise improper. ............................................................................ 6

    C. Dr. McGarty's proposed testimony is irrelevant here like it was in *BMG*. ............ 9

    D. Dr. McGarty lacks a foundation for his opinions on Cox's policies and how it implemented them. ...................................................................................... 11

III. CONCLUSION ..................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bay Country Consumer Fin., Inc. v. Fid. Sec. Life Ins.*,
   311 F. App'x 580 (4th Cir. 2004) .................................................................................................5

*In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*,
   No. 3:11-MD-2244-K, 2014 WL 3557345 (N.D. Tex. July 18, 2014)........................................4

*Eghnayem v. Bos. Sci. Corp.*,
   57 F. Supp. 3d 658 (S.D.W. Va. 2014) ....................................................................................6, 9

*In re Enthicon, Inc. v. Pelvic Repair Sys. Prod Liab. Litig.*,
   No. 2:12-CV-4301, 2014 WL 186872 (S.D. W. Va. Jan. 15, 2014).......................................6, 7

*Halaoui v. Renaissance Hotel Operating Co.*,
   No. 6:13-CV-1839-ORL-40T, 2015 WL 2250941 (M.D. Fla. May 13, 2015) .........................7

*In re M/V MSC FLAMINIA*,
   No. 12-CV-8892 (KBF), 2017 WL 3208598 (S.D.N.Y. July 28, 2017).............................5, 7, 9

*Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*,
   988 F. Supp. 2d 395 (S.D.N.Y. 2013).........................................................................................7

*Scentsational Technologies, LLC v. Pepsi, Inc.*,
   No. 13-CV08645, 2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018), *aff'd sub
   nom. ScentSational Techs. LLC v. PepsiCo., Inc.*, 773 F. App'x 607 (Fed Cir.
   2019) .......................................................................................................................................7, 9

*Scott v. Sears, Roebuck & Co.*,
   789 F.2d 1052 (4th Cir. 1986) .....................................................................................................5

*United States v. Portsmouth Paving Corp.*,
   694 F.2d 312 (4th Cir. 1982) .......................................................................................................5

**Other Authorities**

Fed. R. Evid. 403 ..............................................................................................................................5

Fed. R. Evid. 702 ..............................................................................................................................4

**I.      INTRODUCTION**

Plaintiffs do not dispute that the majority of Dr. McGarty's proposed testimony is pure factual narration. Plaintiffs claim this is permissible because it is necessary for his related opinions. But the "opinions" Plaintiffs identify are no more than Dr. McGarty's verbatim recitation and stringing together of Cox's own statements from internal documents, employee emails, or the deposition transcripts he has reviewed. In other words, Plaintiffs claim Dr. McGarty provides factual narration in order to summarize those same facts under the guise of "opinion." This is not proper expert testimony.

To the extent Plaintiffs claim Dr. McGarty also forms opinions about *why* Cox made certain changes to its policies apart from the facts stated in documents or testimony he has reviewed, he improperly opines on Cox's state of mind. For example, Dr. McGarty claims that Cox *intentionally* or *deliberately* altered its policies *in order to* keep its subscribers longer. It is black letter law that such state of mind testimony is palpably improper. Thus, to the extent these "opinions" differ from factual narration, they should be excluded as improper state of mind testimony.

Further, Plaintiffs also fail to explain how Dr. McGarty's testimony would not be unnecessarily cumulative, as it is undeniably pure factual narration about which fact witnesses can testify. All of Cox's statements that Dr. McGarty quotes and paraphrases in his reports can be explored with fact witnesses who have firsthand knowledge and through documents. Plaintiffs also falsely claim that the materials Dr. McGarty has reviewed are complex and technical. That is plainly untrue. The documents upon which he mainly relies are non-technical, consisting of basic outlines utilized by Cox's customer service representatives, related email correspondence, and prior testimony.

Plaintiffs also fail to acknowledge that Dr. McGarty's reports in this case are largely the same as his reports from *BMG*. The Court excluded all of Dr. McGarty's proposed affirmative expert testimony in *BMG* because it was not relevant. While Plaintiffs claim Dr. McGarty has performed different analyses here and drawn different conclusions, they do not explain how. The record is clear: he has not. His report should be excluded for the same reasons it was in *BMG*. To the extent it is proper expert testimony, it is irrelevant.

Cox respectfully requests the court exclude Dr. McGarty's proposed affirmative expert opinions in their entirety as they are either improper or irrelevant.

## II. ARGUMENT

### A. Dr. McGarty's proposed testimony regarding Cox's functional ability, broadband technology, and ISP network management is purely factual.

Plaintiffs claim that Dr. McGarty's opinions regarding Cox's technical ability to respond to notices of copyright infringement and background on ISP and broadband technology are "technical, complex, and beyond the everyday knowledge and experience of jurors." Opp. at 1,5. They also claim that understanding this "requires specialized experience with and knowledge of the standard techniques and technologies used in network operations, as well as a detailed analysis of Cox's technical documents and communications." *Id.* As demonstrated below, that is untrue.

The assessments Dr. McGarty makes regarding Cox's system are mere recitations of basic concepts from non-technical Cox documents. For example, Plaintiffs explain that Dr. McGarty intends to opine regarding the following:

- ████████████████████████████████████████████

  ████████████████████████████████████████████

  ██████████████████████████."[1]; and

- "███████████████████████████████████████████

  ████████████████████████████████████████████

  ████████████████████████████████████████████

  ███████████████████████████████████████."[2]

Plaintiffs also outlined several broader factual observations Dr. McGarty makes regarding "the technologies underlying ISPs" and broadband networks generally, which they characterize as follows:

- "███████████████████████████████████████████

  ████████████████████████████████████████████

  █████████████████████████."[3];

- "███████████████████████████████████████████

  ███████████████████████████████████."[4]; and

- Plaintiffs also explain that Dr. McGarty "will provide the jurors a general understanding of the technology underlying ISP networks such as Cox's by providing

---

[1] Opp. at 3. "AUP" stands for Cox's Acceptable Use Policy and "HSI" stands for high-speed Internet.
[2] Opp. at 3.
[3] Opp. at 2.
[4] Opp. at 2. To the extent that Plaintiffs intend to include Dr. McGarty's opinions regarding Cox's potential use of Procera within this category, Dr. McGarty has dropped that opinion, as Cox demonstrates in its motion. *See* Mot. at 23-24. Plaintiffs do not address this in their opposition.

3

an overview of the architecture, operation, and management of the networks used to provide broadband Internet services to consumers."[5]

To support their claim that Dr. McGarty's proposed *factual* narration is proper, Plaintiffs cite only the advisory committee's note to the 2000 amendment of Federal Rule of Evidence 702. Opp. at 8. But Dr. McGarty's proposed testimony is nothing like the concepts contemplated therein, which involve complex technical issues that need to be explained to the jury so that the jury can make related factual findings.[6]

Contrary to Plaintiffs' conclusory assertion, Dr. McGarty's proposed testimony does not require any technical expertise, nor is it the proper subject of expert opinion. While Plaintiffs do not elaborate in their opposition as to *how* Dr. McGarty clarifies these otherwise basic documents he references, his reports make clear he does nothing more than extensively quote what they plainly state. *See, e.g.*, Buchanan Decl., Ex. A (McGarty Rpt., ¶ 29). These basic, non-controversial, and largely undisputed documents will likely be authenticated through Cox's fact witnesses, as they were in *BMG*, and can be easily explained by witnesses who have first-hand knowledge of their contents.[7] It is axiomatic that expert testimony is admissible only if it will aid the jury. *See* Fed.

---

[5] Opp. at 8 (citing Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 18-27)).

[6] The advisory committee notes explain that "it might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case. For example, experts might instruct the factfinder on the principles of thermodynamics, or bloodclotting, or on how financial markets respond to corporate reports, without ever knowing about or trying to tie their testimony into the facts of the case." Fed. R. Evid. 702 advisory committee's note to 2000 amendment (emphases added). Plaintiffs do not demonstrate how explaining the basic functionality of the Internet and network management practices is relevant, let alone akin to the types of technical concepts that may properly be the subject of expert testimony as contemplated by the rules.

[7] Plaintiffs cite *In re DePuy Orthopaedics, Inc. Pinnacle Hip Implant Prod. Liab. Litig.*, No. 3:11-MD-2244-K, 2014 WL 3557345, at *7 (N.D. Tex. July 18, 2014) for the proposition that Dr. McGarty's proposed factual exposition is appropriate because "the documents and other information the expert is reviewing are complicated, voluminous, or involve scientific or technical data and such narrative summary would assist the trier of fact in understanding the documents."

R. Evid. 702.[8] Further, fact testimony from witnesses with first-hand knowledge is preferred to cumulative expert testimony. *United States v. Portsmouth Paving Corp.*, 694 F.2d 312, 324 (4th Cir. 1982) (affirming trial court's decision to exclude expert because it was cumulative of testimony provided by fact witnesses).

In addition, Plaintiffs fail to explain how Dr. McGarty's proposed testimony would not be wholly cumulative. Plaintiffs claim that they are "entitled to present their case with proper expert testimony." Opp. at 8. But that is not the law. Cumulative, irrelevant, and purely factual recitation is *not proper* expert testimony and Plaintiffs are not entitled to put it on. Fed. R. Evid. 403.[9] Indeed, aside from the numerous Cox fact witnesses who can explain these basic issues, Plaintiffs' expert Barbara Frederickson-Cross is also being offered to opine on some of the same factual background. Plaintiffs fail to justify Dr. McGarty's proposed factual narration and it should therefore be excluded.

---

Opp. at 7. There, the expert summarized other complex scientific studies and the data he reviewed in reaching his conclusions. Again, to be permissible, such testimony requires a standalone opinion. Not only are the documents and information reviewed by Dr. McGarty neither voluminous nor complex (indeed, he did not even review source code), he does not have a standalone opinion.

[8] *See also Scott v. Sears, Roebuck & Co.*, 789 F.2d 1052, 1055 (4th Cir. 1986) ("Rule 702 makes inadmissible expert testimony as to a matter which obviously is within the common knowledge of jurors because such testimony, almost by definition, can be of no assistance.").

[9] *See also Bay Country Consumer Fin., Inc. v. Fid. Sec. Life Ins.*, 311 F. App'x 580, 581-82 (4th Cir. 2004) (affirming trial court's decision to exclude expert because the proffered opinion was cumulative of other experts' offered opinions); *In re M/V MSC FLAMINIA*, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *17 (S.D.N.Y. July 28, 2017) ("Like other kinds of otherwise admissible evidence, expert testimony is excludable if its probative value is substantially outweighed by a danger of … needlessly presenting cumulative evidence.") (internal quotation marks and citation omitted).

**B. Dr. McGarty's proposed testimony regarding whether Cox's response to infringement notices was consistent with its technical capabilities is purely factual and otherwise improper.**

Plaintiffs also intend to present Dr. McGarty at trial to opine regarding "Cox's practices and policies that were inconsistent with its functional and technical ability" to respond to infringement notices. Opp. at 2. The only "opinion" Plaintiffs highlight in their opposition that falls within this category is the following:



Opp. at 3 (quoting Buchanan Decl., Ex. A (McGarty Rpt., ¶ 15)); *see also id.* at 7 ▋

▋ .") (quoting Buchanan Decl., Ex. A (McGarty Rpt., ¶¶ 31-45)).

This proposed testimony, too, is a purely factual recitation, as it amounts to nothing more than "Cox's system can do A, B, and C, but Cox only implemented it to do A and B." A case cited by Cox, but unaddressed by Plaintiffs in their opposition, is instructive as to why such testimony is of no use to the jury, and is improper and inadmissible. *See, e.g., Eghnayem v. Bos. Sci. Corp.*, 57 F. Supp. 3d 658, 699 (S.D.W. Va. 2014) (excluding an expert's opinion where the expert performed "a narrative review of corporate documents" and "simply recites what [the defendant] did or did not do.").[10]

---

[10] Plaintiffs cite several cases in which courts declined to exclude an expert from testifying with respect to facts in support of the expert's expert analysis. Opp. at 6-7. But each of those cases are inapposite *because the expert actually formed a proper opinion*, unlike here. However, in *In re Enthicon, Inc. v. Pelvic Repair Sys. Prod Liab. Litig.*, No. 2:12-CV-4301, 2014 WL 186872, at

6

To the extent Plaintiffs separately claim Dr. McGarty should be able to opine as to Cox's motivations or intentions in configuring its response to receiving infringement notices in order to delay termination, *see* Opp. at 7, that is plainly not the proper subject of expert testimony either. Notably, Plaintiffs also fail to distinguish any of the cases Cox cited in support of this basis to exclude Dr. McGarty's proposed testimony, but they are instructive as well. In *Scentsational Technologies, LLC v. Pepsi, Inc.*, No. 13-CV08645, 2018 WL 1889763 (S.D.N.Y. Apr. 18, 2018), *aff'd sub nom. ScentSational Techs. LLC v. PepsiCo., Inc.*, 773 F. App'x 607 (Fed Cir. 2019), the court excluded an expert's testimony because it "recounts events that occurred—using deposition testimony and documents for support—[and] also purports to assign motives and draw conclusions wholly outside her expertise." *Id.* at *8. The court held "[i]nferences about the intent or motive of parties or others lie outside of the bounds of expert testimony." *Id.* (quotation marks and citation omitted). In *In re M/V MSC FLAMINIA*, No. 12-CV-8892 (KBF), 2017 WL 3208598, the court struck several experts whose reports were replete with factual narration and opinions regarding a party's knowledge, intent, and motive because "[a]n expert does not 'find' facts, an expert does not opine on a party's state of mind … ." *Id.* at *9; *see also id.* at *37 ("[F]actual determinations regarding the … state of mind … must be left to the factfinder.").

---

*16 (S.D. W. Va. Jan. 15, 2014), the court actually excluded a party's proposed expert from providing "knowledge or state of mind testimony," which was based on the putative expert's review of documents in the record. *Id.* To the extent the court declined to exclude the expert from testifying regarding a handful of facts, those facts were plainly in support of the expert's actual opinion. In that case, it had to do with the effectiveness of a medical device. *Id.* Further, *Halaoui v. Renaissance Hotel Operating Co.*, No. 6:13-CV-1839-ORL-40T, 2015 WL 2250941, at *5 (M.D. Fla. May 13, 2015) is entirely inapposite, as the expert in that case performed his own factual investigation (interviewing people, reviewing documents, etc.) in forming his opinion. In *Reach Music Pub., Inc. v. Warner Chappell Music, Inc.*, 988 F. Supp. 2d 395, 404 (S.D.N.Y. 2013), the court permitted the expert to opine on the "custom and practice" in the music industry, as it relates to an issue that was in dispute in that case. Thus, in forming this expert opinion, the court allowed the expert to cite facts from the record that were relevant to forming that opinion. *Id.*

7

Here, while Plaintiffs largely shy away from quoting Dr. McGarty's reports in their opposition (as opposed to paraphrasing his proposed testimony), a review of his actual reports make clear that his opinions consist of him: (1) identifying an internal Cox document that notes a Cox policy with a stated reason for that policy by the Cox employee who drafted the document; and (2) Dr. McGarty's resulting "opinion" that Cox's policy is what the document states and that it was implemented for the reason the document states. For example, in connection with Dr. McGarty's opinion that Cox "███████████████████████████████████," he notes that, in 2010, ███████████████████████████████████████████████████████████████████████." Buchanan Decl., Ex. A (McGarty Rpt., ¶ 36). In so "opining," Dr. McGarty quotes a Cox email chain in which Cox employees discuss the *reasons* for implementing this change. *Id.* (quoting internal Cox emails). Thus, Dr. McGarty's "conclusion" is identical to the statements in the Cox emails from which he quotes. *Id.* Dr. McGarty does this same type of "analysis" with respect to Cox's decision to increase the number of copyright offenses required before Cox considers termination, Cox's six-month "abuse cycle," what automatic actions it undertakes, and when and how often Cox reactivates its subscribers. *See id.* at 17-21. With respect to each of these Cox policies about which he purportedly opines, Dr. McGarty merely quotes from Cox's internal documents and states that Cox took deliberate or intentional actions because its employees stated as much.[11]

If concepts such as Cox's motivation and intent in making changes to its policy and whether its implemented policy was consistent with its abilities are deemed relevant to the jury's

---

[11] Because these "opinions" are improper, Dr. McGarty's related factual expositions, some of which are addressed in Section II.A, should be excluded for the additional reason that they purportedly support an improper opinion. Contrary to Plaintiffs' claim, Dr. McGarty is not entitled to provide these factual recitations where the "expert opinion" they are tied to is otherwise improper.

8

determination of Cox's liability and/or statutory damages, as Plaintiffs claim they are, *see* Opp. at 9-10, any *facts* that such support findings by the jury can be elicited through Cox's witnesses and documents. Plaintiffs' counsel may also attempt to highlight to the jury in argument any elicited facts they think relevant to these concepts. However, to the extent Dr. McGarty is merely "present[ing] a factual narrative of interesting or useful documents for a case [and] simply accumulating and putting together one party's story," these opinions should be excluded. *See Scentsational Technologies, LLC*, No. 13-CV08645, 2018 WL 1889763, at *4. And to the extent he is opining as to Cox's intent or motivation, those opinions should also be excluded. *See Eghnayem v Boston Scientific Corp.*, 57 F. Supp. 3d 658, 670 (S.D.W. Va. 2014) ("Although an expert may testify about his or her review of internal corporate documents solely for the purpose of explaining the basis for his or her opinions—assuming the opinions are otherwise admissible—a party's knowledge, state of mind, or other matters related to corporate conduct and ethics are not appropriate subjects of expert testimony because opinions on these matters will not assist the jury."); *see also In re M/V MSC FLAMINIA*, No. 12-CV-8892 (KBF), 2017 WL 3208598, at *9.

### C. Dr. McGarty's proposed testimony is irrelevant here like it was in *BMG*.

Plaintiffs largely ignore Cox's arguments that the bulk of Dr. McGarty's testimony regarding whether Cox implemented policies in response to receiving infringement notices consistent with its systems' technical capabilities are irrelevant to Plaintiffs' claims and Cox's defenses in this case. *See* Mot. at 9-11. Instead of addressing this head-on, Plaintiffs pronounce that Dr. McGarty performed a *different* analysis in this case. Opp. at 9 ("Unlike *BMG* … Plaintiffs retained Dr. McGarty for a different scope of work directed to Cox's functional and technical

ability and actions inconsistent with that ability.").[12] But they do not attempt to explain *how* Dr. McGarty's opinions in this case differ in substance from those the Court excluded in *BMG* as irrelevant once the DMCA safe-harbor was removed from the case (an analogous legal posture to this case).

The publicly-available briefing in *BMG* from Cox's motion to exclude Dr. McGarty makes clear, however, that Dr. McGarty's *BMG* reports also mainly addressed Cox's technical abilities and whether Cox's policies as implemented were consistent with those abilities. *See* Buchanan Reply Decl., Ex. A (*BMG*, ECF 464 at 9-13) (paraphrasing and quoting Dr. McGarty's opinions in which he describes Cox's technical capabilities in responding to infringement notices and what Cox could have but declined to do more); Buchanan Reply Decl., Ex. B (*BMG*, ECF 645 at 5-7) (same).[13]

In addition to the briefing, BMG's counsel argued the purported relevance of Dr. McGarty's opinion despite the absence of a DMCA safe-harbor defense at the hearing on Cox's motion from *BMG* as follows:

> Cox provides its subscribers the means by which to use BitTorrent. That Cox routinely monitors and controls its subscribers' access to Internet services. That Cox treats copyright infringement abuse violations differently than they treat other abuse violations.

Buchanan Decl., Ex. F (*BMG* Nov. 20, 2015 Hr'g Tr. 31:16-21, ECF 676). BMG's counsel also claimed that Dr. McGarty would testify that "Cox had no operation or logistical reason" to limit the number of notices it received. *Id.* 31:16-32:8. When the Court asked why these topics were

---

[12] It is unclear how Plaintiffs can make this claim, as Dr. McGarty's reports from *BMG* were not produced by Cox to Plaintiffs, were not *BMG* trial exhibits, and are subject to the *BMG* protective order, which would preclude their transmittal to Plaintiffs, even by Dr. McGarty himself. *See BMG*, ECF 46.

[13] Indeed, Dr. McGarty admitted at this deposition in this case that his reports in both cases largely concerned the same issues. Buchanan Decl., Ex. C (McGarty Dep. Tr. 9:5-10) ( ███████████████████████████████████████████████████████████████.").

10

any longer relevant, BMG's counsel stated it "goes to willfulness, and to the degree that Cox was benefitting from this infringement on their network." *Id.* The Court excluded this testimony, however. Buchanan Reply Decl., Ex. C (*BMG*, ECF 691).

Notably, these are the same arguments Plaintiffs make in opposition to Cox's motion to exclude here. *See* Opp. at 9-10. Like in *BMG*, this proposed testimony is largely irrelevant and otherwise improper. And to the extent any of the subjects of Dr. McGarty's proposed testimony are deemed relevant, they can be explored through fact witnesses. *See supra* § II.A. Dr. McGarty's proposed affirmative opinions should therefore be excluded.[14]

### D. Dr. McGarty lacks a foundation for his opinions on Cox's policies and how it implemented them.

Plaintiffs make clear that Dr. McGarty does not opine as to either the "effectiveness" or "reasonableness" of Cox's policies in response to receiving infringement notices "because doing so would have impermissibly invaded the province of the jury and risked jury nullification." Opp. at 10. Yet in justifying Dr. McGarty's use of the word "effectiveness" in his report, (*i.e.*, that Cox ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■), Plaintiffs claim he did so only "colloquially" because it "merely pertained to his opinions on Cox's actions inconsistent with its functionality and capability." *Id.* at 10, n.1. Remarkably, Plaintiffs do not explain how Dr. McGarty's self-proclaimed "colloquial" use of this same word would not "impermissibly invade[] the province of the jury and risk[] jury nullification." Indeed, this entire discussion is relegated to a single footnote in Plaintiffs' opposition. *Id.*

---

[14] Plaintiffs claim that Cox challenges only two paragraphs of Dr. McGarty's reply report. Opp. at 11. That is incorrect, a sizeable portion of that report is a recitation of his factual findings (couched as expert opinions) from his opening report, which Cox challenges. *See, e.g.*, Buchanan Decl., Ex. B (McGarty Reply Rpt., ¶¶ 14-15, 25, 27, 29).

What Plaintiffs' argument truly demonstrates, however, is that, despite their claims to the contrary, Dr. McGarty's opinions regarding Cox's technical capabilities and the extent to which its policies were consistent with those capabilities are intended to *imply* that Cox acted *ineffectively* with respect to responding to copyright infringement notices. Indeed, Dr. McGarty opines that Cox took deliberate and intentional steps to avoid terminating its subscribers. Plaintiffs concede as much when arguing that these opinions can be used to support their claim that Cox acted willfully and should be penalized monetarily in order to be deterred. Opp. at 9-10. But Dr. McGarty admits that he did not perform the type of analysis that provides him the actual foundation to form such an opinion. As outlined above, his opinion is merely a superficial recitation of Cox's statements in documents and testimony. This is why Cox argued that Dr. McGarty's proposed testimony in which he implies Cox acted ineffectively should be excluded for lack of a foundation. *See* Opp. at 11-15.[15] Plaintiffs entirely fail to address this argument in their opposition and Dr. McGarty's opinion should be excluded for this reason as well.

### III. CONCLUSION

Based on the foregoing, Dr. McGarty's proposed affirmative testimony should be excluded in its entirety.

Dated: October 11, 2019

Respectfully submitted,

/s/ *Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817

---

[15] Cox pointed out in its motion that Dr. McGarty opines that Cox ▮▮▮ " and that " ▮▮▮ " *See, e.g.*, Mot. at 5-6; *see also id.* at 12-13.

12

Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on October 11, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notifications to ECF participants.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*