UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PRECLUDE CERTAIN EXPERT TESTIMONY BY W. CHRISTOPHER BAKEWELL**

Cox offers no reason why it would be appropriate for its expert, W. Christopher Bakewell, to present argument to the jury rather than his actual analysis only. Cox can only defend Mr. Bakewell's underlying analysis, which misses the point. Cox also tries to kick the can down the road, arguing that Plaintiffs' concern should be addressed in a motion *in limine* rather than a Daubert motion. But Cox presents no legitimate reason why its expert can argue to the jury about the need to avoid "a financial windfall to Plaintiffs." Mr. Bakewell should not be allowed to invade the jury's province to award statutory damages by testifying to his legal conclusions as to a proper amount of damages and misleading the jury about the relevant statutory damages factors.

Cox offers four defenses of Mr. Bakewell's opinion, all of which fail. First, Cox tries to pretend that, in attempting to instruct the jury how to determine statutory damages, Mr. Bakewell merely offers a "financial and economic perspective." Defs.' Opp. 1. But this is simply not accurate. Cox's attempt to stick a more benign label on Mr. Bakewell's legal opinions cannot obscure their fundamental character of telling the jury what it should do. Mr. Bakewell's deposition testimony made this clear: he defined "windfall" as something that "would overcompensate, tend towards overcompensating . . . ." Decl. of Thomas M. Buchanan in Supp. of Defs.' Opp. to Pls.' Mot. to Preclude Certain Expert Testimony by W. Christopher Bakewell, ECF 382-1, Ex. 1 154:1-2. Mr. Bakewell's testimony that a large damages award would "overcompensate" Plaintiffs does not assist the jury because it "supplies the jury with no information other than the witness's view of how the verdict should read." *United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011) (quoting *Weinstein's Federal Evidence* § 704.04[2][a] (2d ed. 2003).

Second, Cox argues that there is no difference between Mr. Bakewell's criticisms of Dr. Lehr's analysis and Mr. Bakewell's instructions to the jury. But there is a difference, and it is crucial: in Mr. Bakewell's instructions to the jury, he tells the jury what legal conclusions to draw from his criticisms of Dr. Lehr. The caselaw Plaintiffs have cited, *see* Pls.' Mem. 3-4 and n.1, makes clear this is a step too far, and Cox cites no contrary authority (indeed, remarkably, Cox's Opposition does not affirmatively cite *any* legal authority). Mr. Bakewell is free to offer his criticisms of Dr. Lehr, however misguided they may be; what he cannot do is tell the jury what legal conclusion to draw from those criticisms when awarding statutory damages.

Cox's third argument reveals the problem with Mr. Bakewell's testimony. Cox argues that, because Cox expects Plaintiffs to use Dr. Lehr's calculations in their statutory damages argument to the jury, Cox is entitled to use Mr. Bakewell to rebut that argument. Defs.' Opp. 5. But Cox cannot feed the jury its closing argument from its expert witness's mouth. *See* Pls. Mem. 4. Here, Cox admits this is exactly its plan. Cox can, of course, attempt to rebut Plaintiffs' statutory damages arguments in its own closing argument, but the Court should not permit Cox to give its arguments the imprimatur of sworn expert witness testimony.

Further, as Plaintiffs showed in their opening brief, Mr. Bakewell's legal conclusion rests on an overly cramped view of statutory damages that does not consider all the relevant statutory damages factors. Pls.' Mem. 4-5. In its Opposition, Cox does not dispute that the jury's statutory damages analysis can consider factors besides the defendant's profits from the alleged infringement. Crucially, Cox does not dispute that the jury can consider a defendant's total profits. Defs.' Opp. 5 n.4. Mr. Bakewell's testimony that a large award would "overcompensate" Plaintiffs will mislead the jury into thinking it cannot consider other factors.

Fourth, and finally, Cox's claim that Plaintiffs' motion is better addressed in a motion *in limine* misses the point.  The problem with Mr. Bakewell's testimony is not his choice of any particular words like "remedy" or "windfall"; it is his opining to misleading legal conclusions.  Substantively equivalent testimony using different words would neither cure the prejudice created by Mr. Bakewell's testimony nor make his testimony helpful for the jury.  Accordingly, that testimony is properly the subject of a *Daubert* motion, and the Court should preclude Mr. Bakewell from offering it.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' respectfully request that the Court preclude Mr. Bakewell from testifying to how the jury should determine statutory damages.

Respectfully submitted,

Dated October 11, 2019

/s/ Scott A. Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiff*