# Exhibit 55

| | |
|---|---|
| **From:** | Leiden, Diana Hughes |
| **To:** | Andrew Castricone |
| **Cc:** | Golinveaux, Jennifer A.; Lane, Thomas Patrick; Brody, Michael L. |
| **Subject:** | Cox - MarkMonitor Subpoena |
| **Date:** | Friday, July 12, 2019 11:34:00 AM |
| **Attachments:** | image001.jpg |

Andy,

I write to follow up about MarkMonitor's production in response to Cox's document subpoena in light of recent deposition testimony.

First, we did not receive MarkMonitor's transaction logs relating to Plaintiffs' alleged works, which track every time MarkMonitor had Audible Magic conduct a look-up in its "fingerprint" database. As you know, MarkMonitor agreed to produce non-privileged documents responsive to a number of RFPs in Cox's document subpoena, including:

- RFP 9: "Any databases, indices, or other repositories of information concerning the identification of a Cox IP address in connection with alleged infringement of the Copyright Works."
- RFP 11: "All Documents concerning any files, or portions thereof, concerning the Copyright Works, that You downloaded from a Cox subscriber, account holder, or customer."

Because these logs (1) documented whether there were "matches" between downloaded files and Audible Magic's database, and (2) were used to connect a Cox IP address to an alleged infringement, they are responsive to both RFPs 9 and 11. We have reviewed MarkMonitor's document production and cannot locate the transaction logs. Please note that we also asked for these logs from Audible Magic, but their 30(b)(6) deponent testified that Audible Magic was unable to locate them for a period of time within the relevant timeframe.

Furthermore, the spreadsheets that MarkMonitor produced, Bates No. MM000236-244, are not the transaction logs I describe in this email. Mr. Paszkowski testified during his deposition that he was involved in creating at least MM000236 in the last year, for purposes of a litigation, by querying a MarkMonitor database. However, he also testified that there is no way to tell when the files listed in the spreadsheets were verified and, in particular, no way to verify whether the works were verified as of the date that the relevant infringement notices were sent because the spreadsheet was not created until mid-2018 and reflects the verification status of these files as of that date. Further, he testified that MarkMonitor did not capture certain data fields from Audible Magic until after 2015. He also testified that the spreadsheet contains only the positive id's, and not the failed look-ups, making it impossible to test the consistency of the Audible Magic results. The full set of returns would be in the relevant database. Finally, the MM000236 spreadsheet does not list all of the author/title pairs identified in the Audible Magic transaction logs. Audible Magic's witness testified that MarkMonitor had a copy of all transactions with Audible Magic. Likewise, MM000237-244 do not contain the relevant information from the Audible Magic transaction logs.

In addition, MarkMonitor agreed to produce documents in response to RFP 6 ("All Communications

between You and any of Cox's subscribers, account holders, or customers.") and RFP 22 ("All Communications with or concerning any Cox subscriber, account holder, or customer relating to alleged copyright infringement."). We did not receive any such communications, despite the fact that MarkMonitor's email address was provided on the relevant notices. Please confirm whether MarkMonitor retained and searched for these communications. Additionally, please let us know if data from the email address riaa.antipiracy@dtecnet.com was retained, and if so, whether it (and any other DtecNet or MarkMonitor email address provided on the notices) was searched in response to these RFPs.

Finally, MarkMonitor's Statements of Work with the RIAA required that MarkMonitor provide the RIAA with weekly Excel reports with information about infringement, notices, and repeat infringers, with "detailed statistics on users."  See Feb. 15, 2012 SOW. We did not receive any such reports from MarkMonitor, despite the fact that MarkMonitor agreed to produce documents responsive to RFP 15 ("All Communications between You and the RIAA concerning Your Systems."). Please confirm whether MarkMonitor retained and searched for these reports provided to the RIAA.

We would appreciate a response to these questions no later than close of business on Tuesday, July 16.

Sincerely,
Diana

**Diana Hughes Leiden**
**Partner**

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

D: +1 213-615-1924

F: +1 213-615-1750

Bio | VCard | Email | winston.com

