UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## DECLARATION OF JEFFREY M. GOULD

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am Senior Counsel Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case.

2. I submit this declaration in support of Plaintiffs' Reply in Support of its Motion for Summary Judgment. I have knowledge of the facts stated herein based on personal knowledge or information learned in the course of my involvement in this case. If called upon to do so, I am able to testify competently to the matters as stated herein.

3. Plaintiffs moved to compel production of data underlying Cox's alleged effectiveness study. *See* ECF No.176. In its opposition, Cox represented to the Court that it would produce the data. *See* ECF No. 181 at 2. Attached hereto as **Exhibit 1(a)** is a true and correct copy of the single document Cox produced, Bates Numbered COX_SONY_00974461, without

any accompanying data.  Attached as **Exhibit 1(b)** are true and correct excerpts from the April 25, 2019 deposition of Cox's 30(b)(6) designee Matthew Carothers.

4. Attached hereto as **Exhibit 2** are true and correct copies of copyright registration documents produced during discovery.  These registration records are a subset of those (incorrectly) identified by Mr. Lane as copyright registrations issued more than 5 years from the publication date.  *See* Lane Decl. ¶ 11, Ex. L3.  For the Court's convenience, the dates of publication and registration are highlighted.

5. Attached hereto as **Exhibit 3** are true and correct copies of copyright registration documents produced during discovery.  These registration records are being provided to the Court in response to Exhibit L2 of Mr. Lane's declaration, in which he purports to identify illegible copyright registration records or those with missing pages.

6. Attached hereto as **Exhibit 4** are true and correct copies of examples of multiple registrations for the same composition.  These records were produced in discovery.

7. The Lane Declaration states that the chain of title for 216 works relates back to the author and not the named claimant.  *See* Lane Decl. ¶ 13.  Attached hereto as **Exhibit 5** are true and correct copies of copyright registration records produced in discovery for a number of these works.  For the Court's convenience, a claimant(s) to whom a Plaintiffs' chain of title traces is highlighted as described in the ownership declarations Mr. Lane cites.

8. The Lane Declaration states that the chain of title for 216 works relates back to the author and not the named claimant.  *See* Lane Decl. ¶ 13.  Attached hereto as **Exhibit 6** are true and correct copies of copyright registration records produced in discovery for a number of these works.  For the Court's convenience, a Plaintiff (other than the one addressed in the Lane Declaration) that asserts rights tracing back to a named claimant on the registration is highlighted.

9. The Lane Declaration indicates that Plaintiffs have not produced registrations for 49 works. *See* Lane Decl. ¶¶ 22, 26, 33-60, 69-70, 82, 90-91, 104, 117, 126, 130, 160. Attached hereto as **Exhibit 7** are true and correct copies of copyright registration records produced during discovery for the vast majority of these works.

10. Attached hereto as **Exhibit 8** is a true and correct copy of an excerpt of the May 23, 2019 deposition of Alasdair McMullan, showing the list of exhibits used. For the Court's convenience, exhibits relating to ownership issues are highlighted.

11. Mr. Lane states in his declaration that the copyright registrations for 238 works are for individual sound recordings registered as works made for hire. Attached hereto as **Exhibit 9** are true and correct copies of 4 such registrations. For the Court's convenience, the field that indicates they were not registered as works for hire is highlighted.

12. Attached hereto as **Exhibit 10** are true and correct copies of other registration records for a subset of the 238 works that Mr. Lane lists as works made for hire, which indicate on their face they cover more than a single recording.

13. The Lane Declaration states that 78 works were not registered prior to the infringement in this case. *See* Lane Decl. ¶ 166. Attached hereto as **Exhibit 11** are true and correct copies of examples of copyright registrations Mr. Lane cites for this proposition. For the Court's convenience, the registration date and the publication date are highlighted on each.

14. Attached hereto as **Exhibit 12** is a true and correct copy of the Court's *BMG v. Cox* summary judgment opinion reported at 149 F. Supp. 3d 634 (E.D. Va. 2015). Pertinent factual findings have been highlighted.

15. Attached hereto as **Exhibit 13** is a true and correct copy of excerpts from the transcript of the discovery sanctions hearing before Magistrate Judge Anderson held on September 27, 2019 (ECF No. 433).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 11th day of October 2019 in Washington, DC


/s/ *Jeffrey M. Gould*
Jeffrey M. Gould