UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## PLAINTIFFS' MOTION FOR SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under seal or temporary seal certain documents being filed in connection with Plaintiffs' Reply Memorandum in support of their Motion for Summary Judgment and replies to motions to preclude certain testimony by Cox's purported experts (ECF Nos. 444, 446, 450, 450-1, 456, 456-1, 456-2). These documents contain information that has been designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under the Stipulated Protective Order (ECF No. 60) (the "Protective Order").

For documents containing information designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Plaintiffs, sealing is warranted, as explained below. For documents designated confidential by Cox, Plaintiffs generally take no position as to whether sealing is warranted. Rather, to comply with the Protective Order, Plaintiffs are seeking the Court's leave to file those documents under temporary seal, to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

I.  **Plaintiffs' confidential or highly-confidential information**

Sealing is warranted for the documents identified below, which contain Plaintiffs' highly sensitive, confidential business and trade secret information.

*Summary Judgment Filings*

- Certain portions of the Reply Memorandum in support of Plaintiffs' Motion for Summary Judgment ("Reply") (ECF No. 456).

*Daubert Filings*

- Certain portions of the Reply Memorandum in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Nick Feamster (ECF No. 444);

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

(2) consider less drastic alternatives to sealing the documents, and

(3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5, this sealing motion was publicly docketed in advance of the October 18, 2019 hearing scheduled on the underlying motions, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. In accordance with this requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Sealing is warranted for the Proposed Sealed Exhibits as described below.

### A. Technical Information Relating to MarkMonitor's System Reflects Trade Secret and Other Highly Confidential Information Warranting Sealing

Plaintiffs' Reply discusses confidential information that is the subject of this motion concerning proprietary, commercially sensitive information regarding technical details of the MarkMonitor system or Audible Magic's fingerprinting technology employed by Plaintiffs. Plaintiffs have designated this information, including expert opinions that constitute or discuss this information, as highly-confidential or confidential under the Protective Order. Filing them under seal is warranted.

The operation of MarkMonitor's system is described in general terms in the parties' publicly-filed pleadings as well as in numerous declarations from MarkMonitor. Therefore, the public has sufficient access to information about the MarkMonitor system to satisfy the general public policy interest in making available records of judicial proceedings. But the public has no legitimate need to have access to the more detailed — and highly confidential and proprietary — aspects of MarkMonitor's system or Audible Magic's system as referenced in the documents filed under seal. If disclosed, others could use this highly confidential information and related trade secrets for illegal or unlawful purposes, or to unfairly compete with others in the industry by allowing them to employ the trade secrets of others.

**II.     Documents or information Cox or third parties have designated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential"**

Plaintiffs also move the Court to enter an order allowing them to file under temporary seal certain documents and information that Cox designated as Highly Confidential – Attorneys' Eyes Only or Confidential under the stipulated protective order, which are noted below.

*Summary Judgment Filings*

- Certain portions of the Reply that cite to information designated by Cox under the protective order (ECF No. 456); and

- Exhibits 1(a) and 1(b) to the Gould Declaration in their entirety, which contain a Cox presentation on the alleged effectiveness of its graduated response program and related deposition testimony. (ECF Nos. 456-1, 456-2).

*Daubert Filings*

- Certain portions of the Reply Memorandum in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Nick Feamster, which cite to information designated by Cox under the protective order (ECF No. 444);

- Certain portions of the Reply Memorandum in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Christian Tregillis, which cite to information designated by Cox under the protective order (ECF No. 446); and

- Certain portions of the Reply Memorandum in support of Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Lynne Weber, which cite to information designated by Cox under the protective order (ECF No. 450).

Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

a.  "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."  L. Civ. R. 5(C)(2).

b.  "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

4

    c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

    d. A proposed order.

Dated October 11, 2019

Respectfully submitted,

*/s/ Scott A. Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
Kerry Mustico (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com
kerry@oandzlaw.com

*Attorneys for Plaintiffs*