UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**DEFENDANTS' OMNIBUS MOTION TO SEAL**

### I.      Plaintiffs and Third-Party Documents

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under seal a portion of Defendants' Memorandum of Law in Further Support of its Motion for Summary Judgment (ECF No. 454) ("Summary Judgment Reply Memorandum"); certain exhibits to the Reply Declaration of Thomas Kearney in Further Support of Defendants' Motion for Summary Judgment ("Kearney Reply Decl.") (ECF No. 454-2-3); portions of the Declaration of Nick Feamster in Support of Cox's Reply in Support of its Motion for Summary Judgment ("Feamster Reply Decl.") (ECF No. 454-1); portions of Cox's Memorandum of Law in Further Support of its Motion to Exclude the Testimony of Putative Expert William H. Lehr, Ph.D. ("Lehr Reply Memorandum") (ECF No. 452); certain exhibits to the Reply Declaration of Thomas M. Buchanan in Further Support of Cox's Motion to Exclude the Testimony of Putative Expert William H. Lehr, Ph.D. ("Buchanan Lehr Reply Decl.") (ECF No. 452-1); portions of Cox's Memorandum of Law in Further Support of its Motion to Exclude the Testimony of Putative Expert George P. McCabe, Ph.D. ("McCabe Reply Memorandum") (ECF No. 449); certain exhibits to the Reply Declaration of Thomas M. Buchanan in Further Support of Cox's Motion to Exclude the Testimony of Putative Expert George P. McCabe, Ph.D. (Buchanan McCabe Reply Decl.") (ECF No.

449-1-3); portions of Cox's Memorandum of Law in Further Support of its Motion to Exclude the Testimony of Putative Expert Terrence P. McGarty ("McGarty Reply Memorandum") (ECF No. 438); portions of Cox's Memorandum of Law in Further Support of its Motion to Exclude the Testimony of Putative Expert Barbara Frederiksen-Cross ("Frederiksen-Cross Reply Memorandum") (ECF No. 440); and certain exhibits to the Reply Declaration of Cesie C. Alvarez in Further Support of its Motion to Exclude the Testimony of Putative Expert Barbara Frederiksen-Cross (ECF No. 440-1-3) (Alvarez Frederiksen-Cross Reply Decl.").

As detailed below, these Memoranda, Declarations, and Exhibits contain information that has been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Plaintiffs, Cox, and/or third parties as either Confidential or Highly Confidential – Attorneys' Eyes Only.  To the extent these documents quote from or reference information contained in documents that were so designated and were also attached to the parties' moving or opposition papers, which were filed on August 30, 2019 and September 24, 2019, respectively, Cox does not independently seek to keep those underlying documents under seal with this motion, as those documents are not re-attached to the instant filings and are subject to Cox's pending sealing motions.  ECF Nos. 331 & 413.  With this motion, Cox seeks to keep under seal (i) portions of the Memoranda and Declarations that quote from or otherwise reference those documents subject to pending sealing motions, (ii) portions of the Memoranda or Declarations that quote from or otherwise reference documents not previously attached to the parties' moving or opposition papers that are designated pursuant to the Protective Order, and (iii) the underlying documents themselves.

Specifically, with this motion –

a) **Plaintiffs** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- The deposition transcript of Barbara Frederiksen-Cross, taken on June 28, 2019, portions of which are attached as follows:
    - Exhibit E to the Alvarez Frederiksen-Cross Reply Decl.
- Exhibit B to the Expert Report of Barbara Frederiksen-Cross:
    - Exhibit F to the Alvarez Frederiksen-Cross Reply Decl.
- The deposition transcript of George P. McCabe, Ph.D., taken on June 20, 2019, portions of which are attached as follows:
    - Exhibit C to the Buchanan McCabe Reply Decl.

b) Pursuant to ECF 433, the parties were given 30 calendar days to make necessary redactions of the September 27, 2019 hearing before Mag. Judge Anderson. Cox takes no position on the confidentiality of the contents of the transcript. As the transcript is not yet publically available, Cox moves to file portions of it under seal. Portions of the transcript are attached as follows:

- Exhibit G to the Alvarez Frederiksen-Cross Reply
- Exhibit 56 to the Kearney Reply Decl.
- Exhibit B to the Buchanan McCabe Reply Decl.

c) Third-party **MarkMonitor** designated the following document as Highly Confidential – Attorneys' Eyes Only:

- The deposition transcript of Slawomir Paszkowski, taken on July 2, 2019, portions of which are attached as follows:
    - Exhibit A to the Alvarez Frederiksen-Cross Reply Decl.

- o   Exhibit 52 to the Kearney Reply Decl.

d) Cox also seeks to seal portions of the Feamster Reply Declaration, as it references information that either Plaintiffs or third-parties may deem confidential.

Cox takes no position on whether the above-referenced documents and information that are the subject of this motion are confidential, except as otherwise noted herein and in its pending sealing motions with respect to information designated by Cox as Confidential or Highly Confidential – Attorneys' Eyes Only that is referenced in Plaintiffs' experts' reports. Rather, Cox files this Motion for the above-referenced documents based on Plaintiffs and third-party designations pursuant to the Protective Order. Thus, Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

1. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

2. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." L. Civ. R. 5(C)(3).

3. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." L. Civ. R. 5(C)(4).

4. A proposed order.

## II.    <u>Cox's Documents</u>

Separately, Cox moves the Court to enter an order allowing Cox to file under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C) documents that were designated by Cox as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order, as outlined below:

a) Supplemental/Rebuttal Report of Christian Tregillis, CPA, ABV, CFF, CLP, dated May 15, 2019

    a. Exhibit A to the Buchanan McCabe Reply Decl.

b) Deposition transcript of Sidd Negretti, taken on June 14, 2019, portions of which are attached as follows:

    a. Exhibit C to the Buchanan Lehr Reply Decl.

The procedural prerequisites for sealing have been met, as explained below.

1.     Under the local rules, a party may file a motion to seal together with the sealed filings.  E.D. VA. CIV. R. 5(D).  Thereafter, the Court will determine whether the sealing is proper.  Cox follows that practice in this motion.

2.     Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Cox's sealing motion.

3.      To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing, satisfying the first requirement.

4.      To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Cox used limited sealing measures—viz., only certain Cox exhibits and limited portions of the supporting documents, but not the entire filing.

5.      To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the exhibits specified above as Highly Confidential pursuant to the Protective Order in this case. If exposed, some exhibits would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's response to copyright infringement notices, how Cox operates internally, and Cox's financial information. They also contain Cox's sensitive financial information, which if publically exposed could provide competitors with an unfair advantage and therefore would harm Cox. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *see also East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal

information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

Based on the foregoing, the motion to seal should be granted. A proposed order is submitted herewith.

Dated: October 11, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 11, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

>*/s/ Thomas M. Buchanan*
>Thomas M. Buchanan (VSB No. 21530)
>1700 K Street, NW
>Washington, DC 20006-3817
>Tel: (202) 282-5787
>Fax: (202) 282-5100
>Email: tbuchana@winston.com
>
>*Attorney for Cox Communications, Inc. and CoxCom, LLC*