IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| SONY MUSIC ENTERTAINMENT, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COX COMMUNICATIONS, INC., et al., )<br>)<br>Defendants. )<br>) | Case No. 1:18-cv-950 |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Judicial Notice. Dkt. 283. Plaintiff seeks judicial notice of certain copyright ownership evidence, including public entries in the United States Copyright Office's Copyright Database online ("Copyright Catalog"). The matter is fully briefed. For the following reasons, the Court hereby **GRANTS** the motion.

Federal Rule of Evidence 201 states, in relevant part, that "the Court may judicially notice a fact that is not subject to reasonable dispute because it...can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Further, the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id.* at 201(c)(2).

The Court may also take judicial notice of matters of public record. *Phillips v. Pitt Cnty Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). This is true whether or not a party seeks such recognition. *See, e.g., Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel*, 309 F.Supp.3d 414, 417 n.2 (E.D. Va. 2018) ("Although the following facts . . . are not alleged in the complaint, it is appropriate to take judicial notice of these facts as they are in the public record as

a part of the [Trademark Trial and Appeal Board] proceedings."). Additionally, public records regarding intellectual property rights have been the subject of judicial notice from both pre- and post-registration phases. *See, e.g., Carlucci v. Han*, 886 F.Supp.2d 497, 521 (E.D. Va. 2012) (recognizing validity of judicial notice of public records for both patents and patent applications).

"A certificate of registration issued by the Copyright Office is 'prima facie evidence of the validity of the copyright and of the facts stated in the certificate, such as ownership.'" *Univers. Furniture Intn'l, Inc. v. Collezione Europa USA, Inc.*, 618 F.3d 417, 428 (4th Cir. 2010) (quoting 17 U.S.C. § 410(c)). In addition to certificates of registration, United States Courts of Appeals recognize that District Courts are free to take notice of facts in the online Copyright Catalog. *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 808 (7th Cir. 2009) (citing *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005)). Indeed, judicial notice of the Copyright Catalog is established among District Courts. *See Kaseberg v. Conaco, LLC*, 360 F.Supp.3d 1026, 1029 n.2 (S.D. Cal. 2018) ("The Court may take judicial notice of the printouts from the copyright catalog provided by Plaintiff."); *White v. Alcon Film Fund, LLC*, 52 F.Supp.3d 1308, 1316 n.9 (N.D. Ga. 2014) ("[C]ourts have taken judicial notice of true and correct copies of the Copyright Office's online record of registration."); *Obodai v. YouTube LLC*, 840 F.Supp.2d 714, 715 n.1 (S.D.N.Y. 2011) ("[T]he Court took judicial notice of a true and correct copy of the Copyright Office's online record of plaintiff's May 26, 2009 copyright registration, downloaded by defense counsel.").

The Fourth Circuit notes that "the Copyright Office's practice of summarily issuing registrations . . . counsels against placing too much weight on registration as proof of a valid copyright." *Univers. Furniture*, 618 F.3d at 428. Indeed, evidence of registration is rebuttable, and Courts "should assess other indicia of ownership." *Id.*

Here, Plaintiffs provide copyright ownership evidence from the Copyright Catalog as valid ownership evidence from the public record. Further, the registration entries from the Copyright Catalog are accompanied by additional indicia of ownership in the form of sworn declarations in support of ownership, as well as business agreements with third parties consistent with copyright ownership. Dkt. 284 at 2 (citing, as attached to Dkt. 325, Blietz Decl., Kokakis Decl., Leak Decl., McMullan Decl., Patel Decl., Poltorak Decl.).

Defendants object in volume and style, but not in substance. Defendants challenge the format of the evidence, criticizing Plaintiff's proffer based on timing and organization. Yet Defendants concede there is precedent for this type of judicial notice, both in this Court in *BMG Rights Mgmt LLC v. Cox Commc'ns, Inc.*, 149 F.Supp.3d 634, 647 (E.D. Va. 2015), and in other courts as well. Dkt. 356 at 3. While urging the Court to find fault with Plaintiff's procedure, Defendants fail to provide any evidence that causes the Court to doubt the reliability of the underlying ownership information.

The Court finds the Copyright Catalog to contain information eligible for judicial notice, and sufficient indicia of ownership to support judicial notice in this instance. The record is devoid of evidence to rebut a presumption of ownership in this case. For these reasons and pursuant to Federal Rule of Evidence 201, the Court hereby takes judicial notice of the relevant copyright registration information as set forth in the United States Copyright Office's Public Copyright Database. Accordingly, Plaintiff's motion is hereby **GRANTED**.

It is **SO ORDERED**.

October 18, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge