UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL (ECF 417 & 464)**

On September 24, 2019, Plaintiffs filed their Opposition to Cox's Motion for Summary Judgment (ECF 392) and oppositions to Cox's *Daubert* Motions (ECF 381, 378, 376, 374). On October 11, Plaintiffs filed their Reply in Further Support of their Motion for Summary Judgment (ECF 456) and Replies in Further Support of their *Daubert* Motions (ECF 444, 446, 450). In connection with these filings, Plaintiffs attached or referenced documents that Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") designated as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 58) (the "Protective Order"). Plaintiffs moved to seal in connection therewith (ECF No. 417 & 464).

Under Rule 26 of the Federal Rules of Civil Procedure and E.D. Va. Local Civil Rule 5(C), Cox respectfully submits this Response in partial support of Plaintiffs' motions to seal, seeking to maintain certain materials under seal, as described below. Pursuant to Local Civil Rule 5(C), Cox must provide the Court with:

a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."

- Exhibit 1(a) and 1(b) to the Gould Declaration (ECF 456-1 and 456-2), if exposed, would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's response to copyright infringement notices and how Cox operates internally. Exhibit 1(a) includes internal Cox data regarding Cox's processing of notices of alleged infringement. Exhibit 1(b) is an excerpt of a deposition transcript of a Cox employee discussing the same.

- Cox requests sealing of limited portions of Plaintiffs' Memorandum in Support of Plaintiffs' Opposition to Cox's Motion to Exclude the Testimony of Putative Expert William H. Lehr, PhD. (ECF 376). Specifically, the bottom two bullet-points on pages 2-3 of the document, which reference the purported "value" of Cox's subscribers and how much Cox billed them over a period of time, if exposed, would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's financials.

- Plaintiff state in one of their sealing motions (ECF 417) that they previously requested sealing of Exhibits 1-5, 7, 9, 13, 15, 19, 21-36, 38-55 to Gould Decl. in Opp. to Cox's Mot. for Summary Judgment (ECF 392) in connection with their motion to seal filed on August 30, 2019 (ECF 327). Cox filed a response to that motion on September 13, 2019, in which it supported sealing certain of those exhibits. ECF 351. To the extent those same exhibits for which Cox supported sealing on September 13, 2019 are re-attached to Plaintiffs' Opposition to Cox's Motion for Summary Judgment, Cox herein incorporates the same bases for requesting sealing as it asserted in its previously-filed response.

Cox does not seek to maintain under seal those exhibits subject to Plaintiffs' seal motions (i) for which prior sealing motions have been denied, (ii) which have been publicly disclosed, or (iii) for which there is no legitimate claim for sealing.

**b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Plaintiffs' sealing motions were publicly docketed before the hearing on the parties' motions for summary judgment and *Daubert* motions, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only those limited identified exhibits and redacting only a portion of Plaintiffs' Memorandum in Support of Plaintiffs' Opposition to Cox's Motion to Exclude the Testimony of Putative Expert William H. Lehr, PhD. (ECF 376).

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the documents and/or information at issue as Highly Confidential or Confidential pursuant to the Protective Order in this case. Cox also meets the third requirement because the documents contain confidential proprietary information that, if exposed, could provide competitors in the market with an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

c. **"Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm Cox or reveal personal details about its subscribers.

d. **A proposed order attached hereto.**

Dated: October 18, 2019                     Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.
and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tekearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 18, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*