## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

      Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

      Defendants.

Case No. 1:18-cv-00950-LO-JFA

### PLAINTIFFS' AND NONPARTY RIAA'S MEMORANDUM OF LAW
### IN SUPPORT OF COX'S MOTIONS TO SEAL

Pursuant to the Court's September 9, 2019 Order (ECF No. 349, the "Order"), and Local Civil Rule 5(C), Plaintiffs and non-party Recording Industry Association of America ("RIAA") submit this memorandum in support of maintaining under seal certain documents and information containing information Plaintiffs' and/or the RIAA have designated as Highly-Confidential – Attorneys' Eyes Only or Confidential under the Stipulated Protective Order (ECF No. 58). This supporting memorandum responds to Cox's motion to seal in connection with its briefing on summary judgment (ECF Nos. 385, 454), Daubert motions (ECF Nos. 371, 380, 385, 387, 438, 440, 449, 452), and its rejected discovery sanctions motion (ECF No. 365).

The specific documents Plaintiffs and the RIAA are asking the Court to maintain under seal are identified below:

**Sanctions Briefing**

- Portions of Cox's Reply Memorandum of Law in Support of Their Motion for Discovery Sanctions and to Preclude Plaintiffs' Use of MarkMonitor Evidence (ECF No. 365) ("Sanctions Reply")

- Exhibits A-D to the supporting Declaration of Thomas Kearney ("Sanctions Reply Kearney

Decl.")

- Exhibit A to the Declaration of Michael L. Brody

- Exhibit B to the supporting Declaration of Lynne J. Weber, Ph.D. ("Sanctions Reply Weber Decl.")

- Portions of the Declarations citing these exhibits

- Portions of the supporting Declaration of Dr. Nick Feamster ("Sanctions Reply Feamster Decl.")

**<u>Daubert Briefing</u>**

- Portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Christian Tregillis (ECF No. 371) ("Tregillis Daubert Opposition")

- Portions of the Declaration of Thomas P. Lane in Support of the Tregillis Daubert Opposition ("Lane Tregillis Decl.") and Exhibits 6-15 of the Lane Tregillis Decl.

- Portions of Cox's Opposition to Plaintiffs' Motion to Preclude Certain Expert Testimony by Dr. Kevin C. Almeroth (ECF No. 380) ("Almeroth Daubert Opposition") and Exhibit 2 to the Declaration of Diana Hughes Leiden in Support of the Almeroth Daubert Opposition ("Leiden Almeroth Decl.")

- Portions of Cox's Opposition to Plaintiffs' Motion to Preclude Expert Testimony by Dr. Nick Feamster (ECF No. 385) ("Feamster Daubert Opposition")

- Portions of Cox's Opposition to Plaintiffs' Motion to Preclude Expert Testimony by Dr. Lynne Weber (ECF No. 387)

- Portions of the Declaration of Cesie C. Alvarez in Support of the Feamster Daubert Opposition ("Alvarez Feamster Decl.") and Exhibits 2, 3, 5-7, and 9-11 to the Alvarez Feamster Decl.

- Portions of Cox's Memorandum of Law in Further Support of its Motion to Exclude the Testimony of Putative Expert Terrence P. McGarty (ECF No. 438)

- Portions of Cox's Memorandum of Law in Further Support of its Motion to Exclude the Testimony of Putative Expert Barbara Frederiksen-Cross ("Frederiksen-Cross Daubert Reply") (ECF No. 440)

- Exhibit A and Exhibit E to the Declaration of Cesie C. Alvarez in support of the Frederiksen-Cross Daubert Reply ("Alvarez Frederiksen-Cross Decl.")

- Portions of Cox's Memorandum of Law in Further Support of its Motion to Exclude the Testimony of Putative Expert George P. McCabe, Ph.D. (ECF No. 449)

**Summary Judgment Briefing**

- Portions of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment (ECF No. 394) ("Summary Judgment Opposition");

- Portions of the Declaration of Thomas Kearney in Support of Cox's Summary Judgment Opposition ("Kearney Opposition Decl."), and exhibits K12, K13_A, K13_B, K14 – K19, K21, and K23 to the Kearney Opposition Decl.

- Declaration of Thomas Patrick Lane in Support of Defendants' Summary Judgment Opposition ("Lane Opposition Decl.") in its entirety, and all exhibits to the Lane Opposition Decl.

- Portions of Defendants' Memorandum of Law in Further Support of its Motion for Summary Judgment (ECF No. 454) ("Summary Judgment Reply") and Exhibit 52 to the Declaration of Thomas Kearney in support of Defendants' Summary Judgment Reply ("Kearney Reply Decl.")

- Portions of the Declaration of Nick Feamster in support of Defendants' Summary Judgment Reply ("Feamster Reply Decl.")

Sealing is warranted for all of these documents.  Under the local rules, a party may file a motion to seal together with the sealed filings.  E.D. Va. Local Rule 5(c). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,
>
> (2) consider less drastic alternatives to sealing the documents, and
>
> (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub*. Co., 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In

accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearings scheduled on the underlying motions, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Defendants used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Sealing is warranted for each of these documents, as set forth below.

## I.     Plaintiffs' Highly Confidential Financial and Business Information Should be Sealed

The Expert Report of Plaintiffs' Expert William Lehr
*Exhibit 14 to the Lane Tregillis Decl.*
*Exhibit K21 to the Kearney Opposition Decl.*

Excerpts from the deposition transcript of Steven Poltorak
*Exhibit K23 to the Kearney Opposition Decl.*

Disclosure of Information Relating to Digital Download Revenue
*Exhibits 6-9 to the Lane Tregillis Decl.*

Excerpts from the deposition transcript of Thomas Foley
*Exhibit 10 to the Lane Tregillis Decl.*

Excerpts from the deposition transcript of Wade Leak
*Exhibit 11 to the Lane Tregillis Decl.*

Excerpts from the deposition transcript e deposition transcript of Jason Gallien
*Exhibit 12 to the Lane Tregillis Decl.*

The deposition transcript of Paul Kahn
*Exhibit 13 to the Lane Tregillis Decl.*

The Expert Reply Report of Plaintiffs' Expert William Lehr
*Exhibit 15 to the Lane Tregillis Decl.*

The Lane Opposition Declaration and Exhibits L1-L14
*ECF No. 399*

Kearney Opposition Declaration Exs. K13_A, K13_B
*ECF No. 412*

Portions of the Feamster Reply Decl.
*ECF No. 454-1*

The documents identified above should be sealed because they discuss or disclose highly confidential and proprietary business information, all of which are maintained as strictly confidential in the ordinary course of business.  For example, these documents discuss or disclose revenues, royalties to be paid, licensing arrangements, and internal structuring of Plaintiffs' businesses, all of which is proprietary, not available to the public, commercially sensitive, and/or subject to express confidentiality obligations in agreements with third parties. Disclosure of this information would allow competitors and non-affiliated licensees to assess how Plaintiffs internally structure and value their assets, which would give them an unfair financial advantage in their negotiations with Plaintiffs.  Plaintiffs do not disclose this information to third parties and permit their disclosure in litigation only where there is a protective order in place.

II.     **Plaintiffs' and RIAA's Highly Confidential Anti-Piracy Documents Should be Sealed**

Excerpts from the deposition transcript of Plaintiffs' Expert Barbara Frederiksen-Cross[1]
*Exhibit E to the Alvarez Frederiksen-Cross Decl.*
*Exhibit K14 to the Kearney Opposition Decl.*
*Exhibit 10 to the Alvarez Feamster Decl.*
*Exhibit D to the Kearney Sanctions Reply Decl.*

The Expert Report of Barbara Frederiksen-Cross[2]
*Exhibit K15 to the Kearney Opposition Decl.*
*Exhibit 3 to the Alvarez Feamster Decl.*
*Exhibit 2 to the Leiden Almeroth Decl.*

---

[1] Excerpts from the Frederiksen-Cross deposition transcript were previously granted sealing protection by this Court. *See* ECF No. 279.
[2] This report was previously granted sealing protection by this Court. *See* ECF No. 279

The Supplemental and Reply Report of Barbara Frederiksen-Cross[3]
*Exhibit 11 to the Alvarez Feamster Decl.*

The Expert Report of George P. McCabe, Ph.D. [4]
*Exhibit K16 to the Kearney Opposition Decl.*
*Exhibit 5 to the Buchanan Weber Decl.*

The Expert Rebuttal Report of George P. McCabe, Ph.D
*Exhibit 11 to the Buchanan Weber Decl.*

Excerpts from the deposition transcript of Samuel Bahun[5]
*Exhibit K17 to the Kearney Opposition Decl.*
*Exhibit A to the Kearney Sanctions Reply Decl.*

Excerpts from the deposition transcript of Slawomir Paszkowski[6]
*Exhibit K18 to the Kearney Opposition Decl.*
*Exhibit 52 to the Kearney Reply Decl.*
*Exhibit A to the Alvarez Frederiksen-Cross Decl.*
*Exhibit 5 to the Alvarez Feamster Decl.*

Excerpts from the deposition transcript of Vance Ikezoye[7]
*Exhibit K19 to the Kearney Opposition Decl.*
*Exhibit 6 to the Alvarez Feamster Decl.*

RIAA_00000017[8]
*Exhibit K12 to the Kearney Opposition Decl.*
*Exhibit 7 to the Alvarez Feamster Decl.*

RIAA_00128042 - RIAA_00128044
*Exhibit K12 to the Kearney Opposition Decl.*

MM_000189[9]
*Exhibit 9 to the Alvarez Feamster Decl.*

The Expert Rebuttal Report of Dr. Nick Feamster

---

[3] This report was previously sealing protection by this Court. *See* ECF No. 279
[4] This report was previously granted sealing protection by this Court. *See* ECF No. 279
[5] Excerpts from the Bahun deposition transcript were previously granted sealing protection by this Court. *See* ECF No. 279.
[6] Excerpts from the Paszkowski deposition transcript were previously granted sealing protection by this Court. *See* ECF No. 279.
[7] Excerpts from the Ikezoye deposition transcript were previously granted sealing protection by this Court. *See* ECF No. 279.
[8] This document was previously granted sealing protection by this Court. *See* ECF No. 279
[9] These documents were previously granted sealing protection by this Court. *See* ECF No. 279

*Exhibit 2 to the Alvarez Feamster Decl.*

<u>Portions of the Feamster Sanctions Reply Decl.</u>
*ECF No. 365-11*

<u>Excerpts from the deposition transcript of Wade Leak</u>
*Exhibit B to the Kearney Sanctions Reply Decl.*

<u>Excerpts from the deposition transcript of Alasdair McMullan</u>
*Exhibit C to the Kearney Sanctions Reply Decl.*

<u>Excerpts from MM_000236</u>
*Exhibit A to the Brody Sanctions Reply Decl.*

<u>Mapping of Files in the '431 Spreadsheet to the '432 Spreadsheet</u>
*Exhibit B to the Weber Sanctions Reply Decl.*

Sealing is warranted for the above documents and information because they disclose specific details regarding Plaintiffs', RIAA's, MarkMonitor's, and Audible Magic's highly sensitive processes, related trade secrets, and internal decisions concerning the detection and gathering evidence of infringement through peer-to-peer networks.

Specifically, these documents reveal technical details regarding MarkMonitor's proprietary system for gathering evidence of infringement, Audible Magic's fingerprinting technology, and Plaintiffs' internal business decisions regarding the ways in which they investigate and address online infringement of their works through peer-to-peer networks. All of this information is extremely sensitive, proprietary, not available to the public, and in many cases subject to express confidentiality obligations in agreements with third parties. Further, the public has no legitimate need for this detailed, highly confidential, and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly filed pleadings and numerous declarations from parties and nonparties.

In addition, the documents designated by the RIAA reveal the terms of highly-sensitive contractual agreements between the RIAA, Plaintiffs, and MarkMonitor, all of which are kept

strictly confidential in the ordinary course of business.  If disclosed, others could use the highly confidential information and related trade secrets contained in these documents for illegal or unlawful purposes, or to unfairly compete with others in the industry.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs and the Recording Industry Association of America request that the Court enter an order granting Cox's Motions to Seal (ECF Nos. 366, 405, 413, 459, 464) with respect to Plaintiffs' and the RIAA's documents and information and order that they remain under seal.

Respectfully submitted,

Dated October 18, 2019

/s/ Scott. A Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs and the Recording Industry Association of America*