# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC.<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

# COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE NO. 1 TO PRECLUDE EVIDENCE AND TESTIMONY RELATING TO THE *BMG* LITIGATION

**TABLE OF CONTENTS**

**Page**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | LEGAL AUTHORITY | | 1 |
| III. | ARGUMENT | | 2 |
| | A. | Findings and judgments from BMG are inadmissible hearsay. | 2 |
| | B. | Evidence of a prior infringement determination is inadmissible under Rule 404(b). | 3 |
| | C. | Deposition testimony from BMG is inadmissible under Federal Rule of Civil Procedure 32(a). | 4 |
| | D. | Evidence of findings, judgments, and deposition testimony from BMG would be unfairly prejudicial to Cox. | 6 |
| IV. | CONCLUSION | | 7 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
   199 F. Supp. 3d 958 (E.D. Va. 2016), *aff'd in part, rev'd in part*, 881 F.3d 293
   (4th Cir. 2018) ............................................................................................................................7

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293 (4th Cir.
   2018) .........................................................................................................................................7

*Carter v. Burch*,
   34 F.3d 257 (4th Cir. 1994) ......................................................................................................2

*Herrick v. Garvey*,
   298 F.3d 1184 (10th Cir. 2002) ............................................................................................2, 7

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
   No. 2:12-CV-525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015), *aff'd sub
   nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x
   767 (Fed. Cir. 2016) .................................................................................................................1

*Kinan v. City of Brockton*,
   876 F.2d 1029 (1st Cir. 1989) ..................................................................................................3

*Lanham v. Whitfield*,
   805 F.2d 970 (11th Cir. 1986) ..................................................................................................3

*Nipper v. Snipes*,
   7 F.3d 415 (4th Cir. 1993) ....................................................................................................2, 6

*Palmer v. Big Lots Stores, Inc.*,
   No. 3:14-CV-276, 2015 WL 165315 (E.D. Va. Jan. 12, 2015) ............................................1, 2

*Powertrain, Inc. v. Ma*,
   640 F. App'x 263 (5th Cir. 2016) .............................................................................................6

*U.S. Steel, LLC. v. Tieco, Inc.*,
   261 F.3d 1275 (11th Cir. 2001) ................................................................................................6

*United States v. Capers*,
   61 F.3d 1100 (4th Cir. 1995) ....................................................................................................2

*United States v. Jefferson*,
   2009 WL 2447845 (E.D. Va. 2009) .........................................................................................3

*United States v. Sine*,
    493 F.3d 1021 (9th Cir. 2007) ..................................................................................2, 6

*Witcher v. Bayer Cropscience USA LP*,
    2008 WL 7137185 (S.D. W.Va. April 14, 2008).......................................................5

**Other Authorities**

Federal Rule of Civil Procedure 32(a) ...............................................................................4

Federal Rule of Civil Procedure 32(a)(8) ..........................................................................5

Federal Rule of Evidence Rule 403 ...............................................................................6, 7

Federal Rule of Evidence Rule 404 ...............................................................................3, 6

Federal Rule of Evidence Rule 404(b).................................................................................3

Federal Rule of Evidence Rule 803(8)................................................................................2

## I.      INTRODUCTION

At every opportunity, in exhibits, in deposition excerpts, and in argument, Plaintiffs seek to tie this case to the unrelated litigation in *BMG*, hoping to rely on findings and conclusions from that case to mitigate deficiencies in their own proof here.  *See, e.g.*, ECF 325 (Pls.' MSJ at 9-12, 14-15, 18-19, 23-30, 36-38) (citing one or more opinions from *BMG* 23 times as support for summary judgment); ECF 325-1 (Gould Decl., Ex. 42).  The Court should preclude them from doing so.  The findings and judgments in *BMG* are hearsay, inadmissible for their truth and not covered by any hearsay exception.  Even if evidence of the *BMG* litigation or depositions taken in that case were relevant and otherwise admissible, its introduction would confuse and unduly influence the jury, making it unfairly prejudicial to Cox's defense.

If Plaintiffs are to prove copyright infringement, they must do so with evidence related to this case, not evidence from the *BMG* case that involved very different facts—particularly where, as in *BMG*, the relevant judgment was reversed on appeal and the case settled on remand.  All evidence of *BMG* should be precluded from use at trial.

## II.     LEGAL AUTHORITY

"The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider."  *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citing *United States v. Verges,* No. 1:13-CR-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)).  The motion *in limine* is a party's avenue to "exclude evidence prior to the commencement of trial."  *Palmer v. Big Lots Stores, Inc.*, No. 3:14-CV-276, 2015 WL 165315, at *1 (E.D. Va. Jan. 12, 2015).  And

the admissibility of evidence "rests within the sound discretion of the trial court." *United States v. Capers,* 61 F.3d 1100, 1106 (4th Cir. 1995); *see also Palmer*, No. 3:14-CV-276, 2015 WL 165315, at *1.

### III. ARGUMENT

#### A. Findings and judgments from *BMG* are inadmissible hearsay.

Even if relevant to Plaintiffs' claims in this case, the findings of fact and judgments rendered in the unrelated *BMG* litigation are inadmissible here under the hearsay rule. As the Fourth Circuit has explained, court judgments and the findings within them are "hearsay evidence … which is not admissible unless it falls within one of the exceptions" provided in the Rules of Evidence. *Nipper v. Snipes*, 7 F.3d 415, 417 (4th Cir. 1993); *see also, e.g., United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) (joining the Fourth Circuits and other Courts of Appeals in holding that "that judicial findings of fact are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists"). The findings of fact, opinions, and judgments rendered in *BMG* are therefore inadmissible here to prove their truth.

Nor is Cox aware of any hearsay exception that would permit the admission of findings or judgments from *BMG*. As the Tenth Circuit has explained in a similar context, "[o]nly one hearsay exception might possibly apply" to a judicial opinion—"the exception for public records and reports" in Rule 803(8). *Herrick v. Garvey*, 298 F.3d 1184, 1191-1192 (10th Cir. 2002). But it is well established in this Circuit, as in others, that judicial opinions do not qualify under the public-records exception provided in Rule 803(8). *See Nipper,* 7 F.3d at 417 ("there is not the slightest hint, from either the text of the rule or the advisory committee notes, that the rule [803(8)] applies to judicial findings of fact"); *see also, e.g., Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994); *Herrick*, 298 F.3d at 1192.

2

To the extent Plaintiffs wish to introduce any evidence derived from *BMG*, they must carry their burden to establish that every part of that evidence is covered by some other hearsay exception. *See, e.g., United States v. Jefferson*, 2009 WL 2447845, at *1 n.5 (E.D. Va. 2009) (the "proponent of hearsay evidence offered pursuant to [a] hearsay exception has 'the burden of proving that [the statement comes] within [the] … exception.'" (quoting Wright & Miller, 21A Federal Practice and Procedure §5053.6 (2d ed. 2005)).

### B. Evidence of a prior infringement determination is inadmissible under Rule 404(b).

Whatever purpose Plaintiffs claim justifies the use of findings or judgments from *BMG* in this case, there is little doubt that the desired *effect* of such evidence would be to paint Cox as a repeat infringer. Evidence of the infringement determination in *BMG* is thus the kind of "prior bad acts" evidence that is inadmissible under Rule 404 to prove conformity with the prior acts. Rule 404(b) bars such evidence because it is likely to "confus[e] the issues" and "mislead[ ] the jury" about the decisions they are asked to make. *Lanham v. Whitfield*, 805 F.2d 970, 972 (11th Cir. 1986). This is particularly true where, as here, the previous litigation resulted in reversal of the relevant judgment followed by settlement. For example, in affirming a trial court's exclusion of evidence of previous litigation against a defendant that ultimately settled, the First Circuit explained that "introducing evidence of the two other cases would inevitably result in trying those cases, or at least portions of them, before the jury," and "[t]he merits of the two other cases would become inextricably intertwined with the case at bar" resulting in "confusion and the consumption of a great deal of unnecessary time." *Kinan v. City of Brockton*, 876 F.2d 1029, 1034 (1st Cir. 1989). The same concerns apply here, and should result in preclusion of any evidence of the findings and judgments in *BMG*.

### C.   Deposition testimony from *BMG* is inadmissible under Federal Rule of Civil Procedure 32(a).

Plaintiffs also seek to introduce extensive deposition testimony from witnesses in *BMG* while also designating extensive deposition testimony taken from those very same witnesses in this case. Plaintiffs designated excerpts from both *BMG* and this case for witnesses Brent Beck, Randall Cadenhead, Matthew Carothers, Joseph Sikes, Sidd Negretti, Linda Trickey, Roger Vredenberg, and William Baskin. *See* ECF 358, Ex. A (Pls.' Deposition Designations). Indeed, as to Carothers and Negretti, Plaintiffs designated *more* excerpts from their *BMG* depositions than from their current ones. *See id*. at 8-15 (Carothers), 18-19 (Negretti).

Much of the designated testimony relates to Cox's blocking of infringement notices from Rightscorp, an issue that (as explained in Cox's Motion *in Limine* No. 2) is irrelevant to this case and unfairly prejudicial to Cox. It is also cumulative in light of similar testimony provided in this case. For example, Plaintiffs designated testimony from Cox witness Brent Beck's deposition in *BMG* regarding the deletion of Rightscorp notices:

> Q: What does Cox do today with notices that it receives from Rightscorp?
>
> A: Notices from Rightscorp are currently automatically deleted. They are rejected.
>
> Q: Okay. I guess I don't understand the answer. It says – I'm sorry. You said, "Notices from Rightscorp are currently automatically deleted. They are rejected." Isn't that two different things?
>
> A: Yes, I believe – I believe "deleted" would be a less appropriate expression. I believe "rejected" would be a more appropriate description.

Deposition of Brent Beck (Vol. 01), June 5, 2015, at 338:3-339:1.

Plaintiffs' use of a four-year-old deposition from another case for that material makes no sense in light of substantively identical testimony Beck gave in this case just a few months ago, which Plaintiffs did not designate:

4

> Q: "Do you recall that Cox blacklisted Rightscorp in a manner that deleted its notices at the mail server level?"
>
> A: "Agreed. It is my understanding the mail serve rejected the messages, as opposed to deleting them."

Deposition of Brent Beck, June 5, 2019, at 60:17-25.

There are many more examples.[1] This is not a matter of simply identifying impeachment material from prior sworn testimony; instead, Plaintiffs' *BMG* designations appear focused on either needlessly duplicating testimony readily available in the current case or, conversely, smuggling into this case testimony from *BMG* that they failed to elicit in their own depositions. In either case, Plaintiffs' use of the *BMG* testimony is highly prejudicial and inadmissible under Federal Rule of Civil Procedure 32(a)(8). That Rule provides that "[a] deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action" only if it "involv[es] the same subject matter between the same parties, or their representatives or successors in interest." Fed. R. Civ. P. 32(a)(8).

Because Plaintiffs did not participate in the *BMG* litigation, this case plainly does not involve the "same parties" as *BMG*. That difference renders the *BMG* testimony inadmissible here under Rule 32(a)(8). *See, e.g., Witcher v. Bayer Cropscience USA LP*, 2008 WL 7137185, at *9

---

[1] For another of myriad examples, Plaintiffs designated an excerpt of the *BMG* deposition of Cox witness Joseph Sikes in which Sikes was asked about a 2010 email chain referencing a "spike in complaints" from Rightscorp and discussing, among other things, placing daily limits on infringement notices. Deposition of Joseph Sikes (Vol. 01), May 25, 2015 at 285:14-292:21. Plaintiffs' deposition of Sikes in the current litigation addressed the same email chain and produced substantially identical responses. Deposition of Joseph Sikes, May 15, 2019 at 153:17-156:19. In this instance, Plaintiffs designated both the *BMG* deposition excerpt *and* the corresponding, effectively identical excerpt in Sikes' deposition in this case. *See* ECF 358, Ex. A at 22 (Pls.' Deposition Designations) (designating pages 285:14-292:21 of Sikes' *BMG* deposition) and 24 (designating pages 153:17-154:12 and 155:12-156:20 of Sikes' May 2019 deposition). These overlapping designations were not made for impeachment purposes; there is nothing inconsistent in the two excerpts. They are simply duplicative.

5

(S.D. W.Va. April 14, 2008). Nor does this case involve the "same subject matter" as *BMG*: although both involve allegations of copyright infringement, the issues presented in this case are materially different than those in *BMG*. In particular, the issue of the "blacklisted" Rightscorp notices—the very issue to which most of Plaintiffs' *BMG* designations relate—is not present here. Because the subject matter of the two cases is not the same, the *BMG* deposition material is inadmissible. *See, e.g.*, *Powertrain, Inc. v. Ma*, 640 F. App'x 263, 265 (5th Cir. 2016) (affirming decision excluding depositions from prior case, where "the previous action did not involve the same subject matter or parties").

Plaintiffs' attempt to double up with extensive deposition testimony from *BMG* into this case, while also designating extensive deposition testimony that they took in this case from the very same witnesses, in order to take advantage of what they deem to be less favorable facts for Cox in the previous case is improper, and the Court should exclude all such deposition from evidence.

### D. Evidence of findings, judgments, and deposition testimony from *BMG* would be unfairly prejudicial to Cox.

Even if Plaintiffs could establish that findings, judgments, depositions, or other evidence based on the *BMG* litigation were relevant and admissible under a specific hearsay exception, and even if Plaintiffs could identify a valid purpose for admitting that evidence under Rule 404, the Court should exclude it as unfairly prejudicial under Rule 403. Many of the court decisions holding that judicial findings of fact are inadmissible hearsay also note that "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a danger of unfair prejudice." *Nipper*, 7 F.3d at 418; *see also, e.g., Sine*, 493 F.3d at 1034-1035; *U.S. Steel, LLC. v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001). So too here. A jury told that this very Court has determined (for example)

6

that "there was sufficient evidence that Cox deliberately looked the other way and, at minimum, had reason to know that its users were infringing BMG's works," *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 979 (E.D. Va. 2016), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018), or that the Fourth Circuit has stated that "a reasonable jury could find that Cox willfully blinded itself to specific instances of infringement by its subscribers," *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc*, 881 F.3d 293, 312 (4th Cir. 2018), could not be expected to fairly assess Cox's conduct in this unrelated but superficially similar case.  *See, e.g., Herrick*, 298 F.3d at 1192 ("Juries are likely to give disproportionate weight to [judicial] findings of fact because of the imprimatur that has been stamped upon them by the judicial system."). Because of the potential for prejudice, "[c]ourts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties." 2 Weinstein & Berger, Weinstein's Federal Evidence § 403.05[3][b], at 403-66.2.

The *BMG* depositions should also be excluded under Rule 403.  To the extent they include testimony that relates to the distinct facts and circumstances of that case, they create undue risk of "confusing the issues [and] misleading the jury"; and to the extent they involve testimony about facts and circumstances relevant to this case, they risk causing "undue delay, wasting time, or needlessly presenting cumulative evidence" that is redundant in light of live testimony at trial. Fed. R. Evid. 403.

Allowing the jury to be influenced by court findings and evidence from a different case involving materially different facts would be archetypal unfair prejudice, and the Court should not permit it.

### IV.     CONCLUSION

Plaintiffs chose to bring this litigation.  It is their burden to prove all the elements of copyright infringement using evidence relating to the infringements they actually allege.  To the

7

extent Plaintiffs intend to prove elements of infringements using evidence of litigation involving different parties and materially different facts, the Court should preclude them from doing so. The Court should exclude all evidence and testimony relating to the *BMG* litigation, including findings of fact, judgments, orders, opinions, documents, and deposition testimony (including, for the avoidance of doubt, all Plaintiffs' designations of depositions taken in that case, as set forth in Exhibit A of their Deposition Designations (ECF 358)).

Dated: October 19, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2019, a copy of the foregoing was served by email to Jeffrey Gould at jeff@oandzlaw.com, by party agreement, due to technical issues with the ECF system.

      *s/ Sean R. Anderson*
Sean R. Anderson
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com