# Exhibit 14

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
---------------------------------:
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
            Plaintiffs,          :
                                 : Case No. 1:14-cv-1611
      vs.                        :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
            Defendants.          :
---------------------------------:
```

HEARING ON MOTIONS

November 20, 2015

Before:  Liam O'Grady, USDC Judge

APPEARANCES:

Walter D. Kelley, Jr., John M. Caracappa, Jeremy D. Engle,
Jeffrey M. Theodore, William G. Pecau, and Michael J. Allan,
Counsel for the Plaintiffs

Andrew P. Bridges, Brian D. Buckley, Jed Wakefield, and
Craig C. Reilly, Counsel for the Defendants

Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626

Case 1:18-cv-00950-PTG-JFA Document 473-17 Filed 10/21/19 Page 3 of 5 PageID# 20600
Case 1:14-cv-01611-LO-JFA Document 676 Filed 11/23/15 Page 68 of 113 PageID# 17926

68

1      THE COURT:  All right.
2      MR. CARACAPPA:  We think we do have support in the
3 date, but we understand the Court's position.
4      THE COURT:  It goes back way before that.  So that
5 certainly is proper impeachment.
6      MR. KELLEY:  Okay.  Moving right along, we have the
7 Copyright Alert System, about keeping that out.  Mr. Engle will
8 address that.
9      THE COURT:  Well, why don't we have --
10     MR. KELLEY:  Do you have --
11     THE COURT:  Copyright alert, is that still relevant?
12 Why don't we have -- well, all right, we'll continue in the
13 same order.  You believe it is.
14     MR. BRIDGES:  Yes, sir.
15     THE COURT:  Okay.  Then let's have the argument.
16     MR. ENGLE:  Your Honor, just briefly, because I think
17 we've sort of touched on this with some of the other arguments.
18     Cox wants to hold out the Copyright Alert System and
19 whether ISPs -- as this benchmark for Cox and say, look, jury,
20 this is what other people were doing, and so Cox was fine to do
21 this.
22     Well, there is a big problem with that.  That is,
23 there is no evidence about how other ISPs actually handle
24 infringement notices.  I mean, everybody is just looking at
25 what they say they do.  We already know what an ISP says it

Case 1:18-cv-00950-PTG-JFA Document 473-17 Filed 10/21/19 Page 4 of 5 PageID# 20601
Case 1:14-cv-01611-LO-JFA Document 676 Filed 11/23/15 Page 69 of 113 PageID# 17927

69

1  does in the public --
2         THE COURT: So nobody was disposed, no other ISPs
3  were deposed to determine when they took action on notices?
4         MR. ENGLE: That's absolutely right. They could have
5  taken third party discovery. They didn't do that.
6         THE COURT: Okay.
7         MR. ENGLE: Thank you, Your Honor.
8         THE COURT: All right.
9         MR. BRIDGES: Your Honor, on this, I think the
10 Copyright Alert System has actually become more relevant since
11 the Court's decision last night for this reason. The
12 plaintiffs originally filed this motion saying that it's
13 irrelevant to the DMCA. And if it's irrelevant to the DMCA,
14 with the DMCA out, it's all the more obviously relevant for
15 other reasons.
16        Your Honor, no other ISP got deposed, but we do have
17 evidence of how other ISPs responded to Rightscorp's notices.
18 And in testimony --
19        THE COURT: How are you going to get that in? What
20 competent evidence is there of that that you are going to try
21 to admit?
22        MR. BRIDGES: Admissions from Rightscorp, Your Honor,
23 deposition testimony. I asked: Does AT&T still ignore your
24 notices? Yes. Does Verizon still ignore your notices? Yes.
25 More questions about Cablevision and others.

Case 1:18-cv-00950-PTG-JFA Document 473-17 Filed 10/21/19 Page 5 of 5 PageID# 20602
Case 1:14-cv-01611-LO-JFA Document 676 Filed 11/23/15 Page 70 of 113 PageID# 17928

70

1               THE COURT:  How is that relevant?  That they also
2   choose to put themselves at risk for infringement because they
3   don't comply with the notice requirement?
4               MR. BRIDGES:  Your Honor, we're not talking about a
5   notice requirement anymore because the DMCA is out of the case.
6   We are now talking about purely willful blindness and whether
7   what Cox does is something that is inducing or materially
8   contributing to infringement.
9               The basic thrust of the case here -- let's talk about
10  what the case is about.  The case is Cox provides a general
11  Internet service, just like AT&T, just like Verizon --
12              THE COURT:  You keep saying the DMCA is out of the
13  case.  I'm sorry, I mean --
14              MR. BRIDGES:  I thought that was the thrust of the
15  Court's summary judgment decision last night.
16              THE COURT:  It was.  So tell me again why is it
17  relevant that AT&T or others ignore --
18              MR. BRIDGES:  And as well, Rightscorp got detailed
19  correspondence from many of these.  A number of ISPs wrote back
20  in explaining the flaws in Rightscorp's notices.  They wrote to
21  both of the actual plaintiffs in the case.
22              And the plaintiffs get these letters from ISPs
23  saying, your letters, your notices are flawed.  And the
24  plaintiffs didn't do anything.  They just sent them over to
25  Rightscorp and said, you deal with it.  And Rightscorp didn't