Saturday, October 19, 2019 at 7:01:58 PM Eastern Daylight Time

| | |
|---|---|
| **Subject:** | Re: Request |
| **Date:** | Tuesday, October 15, 2019 at 4:26:20 PM Eastern Daylight Time |
| **From:** | Jeff Gould |
| **To:** | Buchanan, Tom |
| **CC:** | Scott Zebrak, Matt Oppenheim, Golinveaux, Jennifer A., Elkin, Michael S., Andrew Guerra |

Tom – As you know, there is a strong preference for live testimony and trials should efficient. Witnesses that appear live should do so once and the full scope of their examinations and cross examinations should occur at that time, regardless of which party calls that witness and without the need for additional designations.  Judge O'Grady has discretion and authority to control the presentation of this trial and we believe he will favor an efficient trial, not the disjointed one that Cox seems to envision.

You seem to acknowledge that both Carothers and Beck will testify live and are open to Plaintiffs examining one but not both in their affirmative case.  You have not provided any justification for handling them differently.  Plaintiffs plan to present both Carothers and Beck in their case in chief and the jury should hear them live, rather than by video in our case and then live in Cox's.

Sikes and Zabek are key witnesses that Cox controls and the same principles apply.  If they are not available live in our case, they should not be permitted to testify live in Cox's case.  Nor should Cox be permitted to present either witness affirmatively by deposition when it controls both witnesses and could bring them to trial.  (This is also true for other witnesses Cox controls.)  We will move in limine accordingly.

We can agree to forego affirmative designations for the above witnesses in the event we can examine them live in our case.  We reserve the right to use their depositions for any other proper purpose (i.e. impeachment etc).
Please let me know promptly if we can resolve these issues as to Carothers, Beck, Sikes, Zabek or scope of examinations for witnesses who appear live.

Regards,
Jeff

Jeffrey M. Gould
**Oppenheim + Zebrak, LLP**
202.851.4526 (direct)
jeff@oandzlaw.com

---

**From:** "Buchanan, Tom" <TBuchana@winston.com>
**Date:** Tuesday, September 17, 2019 at 3:41 PM
**To:** Jeff Gould <Jeff@oandzlaw.com>
**Cc:** Scott Zebrak <Scott@oandzlaw.com>, Matt Oppenheim <Matt@oandzlaw.com>, "Golinveaux, Jennifer A." <JGolinveaux@winston.com>, "Elkin, Michael S." <MElkin@winston.com>
**Subject:** Request

Jeff, as you know, Cox has no legal obligation to deliver its witnesses for your case in

chief. While this might work for Plaintiffs, it is not advantageous to Cox to have to put on an important part of its case during your case in chief. It also can be confusing to the jury.

That being said, in order to avoid bringing yet another a seemingly unnecessary dispute before the court, we are willing to consider producing one of our witnesses during your case in chief, if you can explain to us why you cannot use their deposition testimony as would normally be the case. Moreover, even if we agree to do so, we will not agree that you can also use that witness's deposition in your case in chief. You will have to choose between relying on their deposition testimony or relying on their live testimony. Obviously, if you elect live testimony, you can use depositions or any other appropriate means to the extent that impeachment is proper. The most appropriate of the candidates you identified would be either Beck or Carothers.

As to Sikes and Zabek, we have not made a decision to call them, so we are not agreeable to producing them in your case in chief.

As to other Cox employees you identified, we will not agree that you can cross them beyond their direct testimony. There is absolutely no precedent or authority for such a process.

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.