# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC.<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 2 TO PRECLUDE EVIDENCE AND TESTIMONY RELATING TO THIRD-PARTY INFRINGEMENT NOTICES

███████████████

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ...................................................................................................... 1

II.     LEGAL AUTHORITY ............................................................................................. 1

III.    ARGUMENT .............................................................................................................. 2

        A.      Plaintiffs should be precluded from introducing evidence relating to third-
                party infringement notices. ......................................................................... 2

                1.      Evidence of third-party infringement notices is irrelevant to
                        Plaintiffs' infringement claims. .................................................... 2

        a.      The Rightscorp Notices are not relevant............................................... 3

        b.      Other third-party infringement notices are not relevant. ....................... 5

                2.      Evidence of the third-party infringement notices would be unfairly
                        prejudicial to Cox........................................................................ 6

                3.      Even if relevant, evidence of the Rightscorp Notices is
                        inadmissible for a host of other reasons.................................... 7

        a.      The Court's findings of fact regarding the Rightscorp Notices in *BMG*, like other
                court findings of fact, are inadmissible hearsay.................................... 8

        b.      Plaintiffs' only evidence of the Rightscorp Notices is an unauthenticated hearsay
                document and an improper summary................................................... 8

IV.     CONCLUSION............................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
 199 F. Supp. 3d 958 (E.D. Va. 2016), *aff'd in part, rev'd in part*, 881 F.3d 293
 (4th Cir. 2018).....................................................................................................................3, 6

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293 (4th Cir.
 2018) ..........................................................................................................................................3

*U.S. ex rel. Bunk v. Birkart Globistics GmbH & Co.*,
 No. 1:02CV1168 ......................................................................................................................10

*Carter v. Burch*,
 34 F.3d 257 (4th Cir. 1994) .......................................................................................................8

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
 No. 2:12-CV-525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015), *aff'd sub
 nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x
 767 (Fed. Cir. 2016)...................................................................................................................1

*Nipper v. Snipes*,
 7 F.3d 415 (4th Cir. 1993) ......................................................................................................6, 8

*Palmer v. Big Lots Stores, Inc.*,
 No. 3:14-CV-276, 2015 WL 165315 (E.D. Va. Jan. 12, 2015) ................................................2

*U.S. Steel, LLC. v. Tieco, Inc.*,
 261 F.3d 1275 (11th Cir. 2001) .................................................................................................6

*United States v. Capers*,
 61 F.3d 1100 (4th Cir. 1995) .....................................................................................................2

*United States v. Sine*,
 493 F.3d 1021 (9th Cir. 2007) ................................................................................................6, 8

*United States v. Verges*,
 No. 1:13-CR-222, 2014 WL 559573 (E.D. Va. Feb. 12, 2014)................................................2

*United States v. Zayyad*,
 741 F.3d 452 (4th Cir. 2014) .................................................................................................2, 3

*Wells v. Liddy*,
 37 F. App'x 53 (4th Cir. 2002) ..................................................................................................9

**Other Authorities**

Federal Rule of Evidence 401 ................................................................................2

Federal Rule of Evidence Rule 402 .........................................................................5

Federal Rule of Evidence Rule 403 ......................................................................5, 6

Federal Rule of Evidence Rule 703 .........................................................................9

Federal Rule of Evidence Rule 802 .........................................................................9

Federal Rule of Evidence Rule 803(6) .....................................................................9

Federal Rule of Evidence Rule 803(8) .....................................................................8

Federal Rule of Evidence Rule 901 .........................................................................9

Federal Rule of Evidence Rule 1006 ...............................................................8, 9, 10

## I.    INTRODUCTION

It is apparent that Plaintiffs plan to attempt to bolster deficiencies in their proof with evidence of infringement notices sent to Cox by third parties alleging infringement of third-parties' copyrights.  The Court should preclude them from doing so.  The issue in this case is alleged infringement of _Plaintiffs'_ copyrights, as purportedly identified in infringement notices sent by Plaintiffs' agents the RIAA and MarkMonitor.  Plaintiffs cannot use allegations that Cox subscribers infringed third-parties' copyrights to prove that Cox infringed Plaintiffs' copyrights.  Moreover, Plaintiffs' evidence of third-party infringement notices is fraught with factual disputes, such that their use would necessitate a full-blown trial within the trial to determine their provenance, authenticity, and reliability.  This exercise would waste the Court's and the jury's time, and cause unnecessary juror confusion.

In short, allegations of infringement by non-parties unrelated to the works-in-suit are irrelevant to any issue presented in this case.  Plaintiffs' evidence of third party allegations is flawed and inadmissible for a variety of other reasons.  Even if relevant and otherwise admissible, introduction of that evidence would be unfairly prejudicial to Cox.   All such evidence should be precluded from use at trial, including PX 34[1], PX 35, PX 36, PX 38, PX 279, PX 285, PX 299, PX 300 (Rightscorp Spreadsheet and related exhibits), PX 19-22 (Ticket Action data and related exhibits).

## II.    LEGAL AUTHORITY

"The purpose of a motion _in limine_ is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider."  _Intelligent Verification Sys., LLC v. Microsoft Corp._, No. 2:12-CV-

---

[1] PX 34 is herein referred as the "Rightscorp Spreadsheet."

525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification*

*Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citing *United States v.*

*Verges,* No. 1:13-CR-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)).   The motion *in*

*limine* is a party's avenue to "exclude evidence prior to the commencement of trial."   *Palmer v.*

*Big Lots Stores, Inc.*, No. 3:14-CV-276, 2015 WL 165315, at *1 (E.D. Va. Jan. 12, 2015).   And

the admissibility of evidence "rests within the sound discretion of the trial court."   *United States*

*v. Capers,* 61 F.3d 1100, 1106 (4th Cir. 1995); *see also Palmer*, No. 3:14-CV-276, 2015 WL

165315, at *1.

## III.   ARGUMENT

### A.   Plaintiffs should be precluded from introducing evidence relating to third-party infringement notices.

Plaintiffs' summary judgment submissions make clear their intention to introduce at trial

evidence of infringement notices alleging infringements of copyrights asserted by non-parties,

including evidence—in the form of a spreadsheet (the Rightscorp Spreadsheet)—of notices

generated by Rightscorp for the plaintiffs in *BMG*.  *See, e.g.*, ECF 325 (Pls.' MSJ, SUF, ¶¶ 34, 35

and pp. 27, 35).   The Court should preclude any such evidence.   The proposed evidence is

irrelevant to the infringements alleged in this case, and is otherwise inadmissible for a host of

reasons, including lack of authentication, improper summary of unavailable evidence, and

untimely disclosure.   It would be unduly prejudicial to Cox.

#### 1.   Evidence of third-party infringement notices is irrelevant to Plaintiffs' infringement claims.

Evidence is relevant "only if 'it has any tendency to make a fact more or less probable than

it would be without the evidence" and "the fact is of consequence in determining the action.'"

*United States v. Zayyad*, 741 F.3d 452, 459 (4th Cir. 2014) (quoting Rule 401).   Relevancy

determinations are "fundamentally a matter of trial management," which fall within the Court's

discretion.  *Id*.  Plaintiffs have identified two kinds of evidence of third-party infringement notices that they intend to bring into this case: the Rightscorp Notices from the *BMG* litigation (evidence of and from which is itself improper as Cox's motion *in limine* No. 1 demonstrates) and data from Cox's own copyright-management system identifying alleged infringements involving other *non-party* rights holders.  Neither form of third-party infringement allegation is relevant here.

### a.    The Rightscorp notices are not relevant.

In *BMG*, the Rightscorp Notices—and Cox's decision to block them because they included "settlement offers" that Cox believed were improper—served as the plaintiffs' evidence that Cox had willfully blinded itself to infringement of BMG's copyrights.  *See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 979 (E.D. Va. 2016), *aff'd in part, rev'd in part*, 881 F.3d 293 (4th Cir. 2018).  It is apparent from Plaintiffs' summary judgment briefing that they intend to offer evidence of the Rightscorp Notices for the same purpose in *this* case.  But whatever relevance the Righstcorp Notices had to Cox's mental state as to alleged infringement of the BMG copyrights, they have no relevance at all to the alleged infringement of Plaintiffs' copyrights here, which were the subject of entirely different infringement notices that Cox did *not* block.  Nor are they probative of any other consequential fact at issue in this litigation; *BMG* was a different case, with different copyrights, different counsel, and different evidentiary and witness issues.

As the Fourth Circuit has explained, "contributory infringement … require[s] that Cox knew of *specific* instances of infringement or was willfully blind to *such instances*."  *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 312 (4th Cir. 2018) (emphases added); *see id.* at 311 ("Cox maintains that such 'generalized knowledge—that infringement was occurring somewhere on its network—is exactly what falls short under *Sony*.'  We must agree.").  Even if the mere receipt of copyright infringement allegations could suffice to give Cox legally sufficient

knowledge of *any* infringements, under the governing legal standard, Cox's awareness of alleged infringements of third party works is irrelevant to whether Cox had actual knowledge of or was willfully blind to <u>specific infringements</u> of *Plaintiffs'* works.  Here, Cox's purported "willful blindness" to an alleged infringement of a particular BMG copyright is simply not probative of Cox's state of mind with respect to an alleged infringement of one of Plaintiffs' copyrights.  The irrelevance of the Rightscorp Notices is particularly clear, given that the key attribute of the Rightscorp Notices with respect to willful blindness—the fact that Cox blocked those notices—is not true of the MarkMonitor notices at issue in this case.  It would be wrong and prejudicial if Plaintiffs were permitted to introduce the blocking of the Rightscorp Notices as evidence to attempt to demonstrate Cox's willful blindness to infringement notices that Cox did *not* block. Evidence of the Rightscorp Notices is irrelevant to this case, and should be excluded from trial.

Indeed, the Rightscorp Notices are irrelevant to any other claim or defense that will be raised in this case.  It appears that Plaintiffs intend to use third-party infringement notices to show that other rights owners sent infringement notices concerning ██████████████████████ ███████████████████████████████████████.  *See* ECF 325 (Pls.' MSJ) (citing Pls.' SUF, ¶¶ 33-34, 35-36).  Plaintiffs suggest that this information demonstrates that Cox "look[ed] the other way in the face of the ongoing infringement by known recidivist subscribers," arguing that it is relevant to the "knowledge requirement" for contributory infringement.  *Id*. at 28. As demonstrated above, under *BMG* Cox's knowledge of third-party infringement allegations is irrelevant to its knowledge of infringements of Plaintiffs' works.  Plaintiffs' true purpose in seeking admission of the Rightscorp Notices is to improperly argue to the jury that Cox's liability for infringement is in fact vastly broader than the specific infringements alleged in Plaintiffs' own infringement notices.  It is a classic bootstrap attempt.  Any use of the Rightscorp Notices for that

4

purpose would be irrelevant, because the only infringement liability for which Cox can be liable to Plaintiffs is liability for infringement of Plaintiffs' copyrights.

> **b.      Other third-party infringement notices are not relevant.**

Similar considerations preclude admission of other evidence of third-party infringement notices.  Plaintiffs' summary judgment motion introduces data derived from Cox's own copyright-management system, CATS ("Ticket Action data"), which they argue ███████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████ ECF 325 (Pls' MSJ SUF, ¶ 35) (citing SUF, ¶¶ 33-34).  Plaintiffs point to the ████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ███████  *Id*. at SUF, ¶35.  But as explained above, Cox's alleged blindness to the blocked Rightscorp Notices is not probative of Cox's mental state with respect to unrelated, unblocked infringement notices identified in the Ticket Action data.  Nor is Cox's knowledge or lack of knowledge of other third-party infringement notices probative of Cox's mental state with respect to Plaintiffs' infringement notices, which is all that is at issue here.

As noted with respect to the Rightscorp Notices, Plaintiffs may hope to introduce infringement notice data from the Ticket Action data to suggest to the jury that Cox should be liable for alleged infringements beyond those claimed by Plaintiffs.  For the same reasons the Rightscorp Notices are irrelevant and prejudicial to Cox's potential liability for infringing Plaintiffs' copyrights, Ticket Action data relating to other third-party rights holders are also irrelevant and prejudicial.

All evidence of third-party infringement notices is therefore irrelevant and unfairly prejudicial, and should be precluded as inadmissible under Rules 402 and 403.

       2.       **Evidence of the third-party infringement notices would be unfairly prejudicial to Cox.**

Even if evidence of the Rightscorp Notices or Ticket Action data were relevant and otherwise admissible, it should be precluded as unfairly prejudicial under Rule 403.

First, to the extent Plaintiffs seek to introduce evidence of the Court's findings relating to Rightscorp in *BMG* and somehow avoid the hearsay problem, introducing those findings in this separate litigation would be highly prejudicial to Cox's defense.  Many of the court decisions holding that judicial findings of fact are inadmissible hearsay also note that "judicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a danger of unfair prejudice." *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993); *see also, e.g., United States v. Sine*, 493 F.3d 1021, 1034-1035 (9th Cir. 2007); *U.S. Steel, LLC. v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001).  So too here. A jury told that this very Court has determined (for example) that "Cox took the step to blacklist Rightscorp," such that "for the approximately 1.8 million notices Rightscorp sent to Cox on BMG's behalf during the period relevant to this lawsuit, Cox received exactly zero," or that "Cox could not … turn a blind eye to specific infringement occurring on its network" by blacklisting Rightscorp's notices, could only conclude that the Court views Cox as a bad actor.  *BMG*, 199 F. Supp. 3d at 968.  Allowing the jury to draw such an inference based on court findings in a different case—involving materially different facts—would be archetypal unfair prejudice, and should not be permitted.

Second, admission of the Rightscorp Spreadsheet or data from the Ticker Action data (or similar evidence or testimony relating to it) would similarly result in unfair prejudice to Cox.  The Spreadsheet would present the jury with evidence of millions of allegations of infringement against Cox and its subscribers—evidence that Cox could not easily evaluate, never mind refute, in the

absence of the underlying infringement notices on which the Spreadsheet is based.  Admission of data from the Ticket Action data would present the jury with thousands of more allegations, all irrelevant and prejudicial here.  Introduction of all that evidence would require considering the huge volume of Rightscorp Notices, a very large trial on the validity of the allegations of infringement they represent.  And there are serious questions about those allegations.

The factual dispute over third-party notices would require trial proceedings to establish (for example) the provenance of the Spreadsheet and the data within it; the accuracy of the entries relative to the underlying notices on which it is purportedly based; the methodologies used for collecting and compiling the underlying data; the prevalence of duplicate entries and other false positives in the data, and the methodologies (if any) used to eliminate or reduce them; the justification for Cox's decision to "blacklist" Rightscorp; and so on.  There is no way to resolve these issues without a full-blown further hearing—and even such a hearing would be inadequate without the underlying Rightscorp Notices, which are not in evidence.

 Forcing Cox to defend both the allegations of infringement of Plaintiffs' works and the allegations of infringement in third-party notices from a prior trial would seriously impair Cox's ability to mount an effective defense.

### 3.   Even if relevant, evidence of the Rightscorp Notices is inadmissible for a host of other reasons.

The irrelevance of the Rightscorp Notices to any issue for which Plaintiffs might attempt to introduce them is an absolute bar to their admission.  Even if Plaintiffs were to identify some issue to which they could be relevant, however, they would still be inadmissible for several independent reasons, whether offered in the form of fact-findings from the *BMG* litigation, or in the form of the summary spreadsheet identified in Plaintiffs' summary judgment submissions.

    **a.**    **The Court's findings of fact regarding the Rightscorp Notices in *BMG*, like other court findings of fact, are inadmissible hearsay.**

To the extent Plaintiffs seek to introduce evidence of the Court's fact-findings regarding the Rightscorp Notices in *BMG*, those findings are inadmissible hearsay.[2]  As the Fourth Circuit has explained, court judgments and the findings within them are "hearsay evidence … which is not admissible unless it falls within one of the exceptions" provided in the Rules of Evidence. *Nipper*, 7 F.3d at 417; *see also, e.g., Sine*, 493 F.3d at 1036 (joining the Fourth Circuit and other Courts of Appeals in holding that "that judicial findings of fact are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists").  Nor do judicial findings qualify under the public-records exception provided in Rule 803(8).  *See Nipper,* 7 F.3d at 417; *see also, e.g., Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994).  Any findings of fact regarding the Rightscorp notices from previous litigation are therefore inadmissible.

    **b.**    **Plaintiffs' only evidence of the Rightscorp Notices is an unauthenticated hearsay document and an improper summary.**

Plaintiffs' inability to rely on the *BMG* fact-findings leaves them without admissible evidence of the Rightscorp Notices.  Plaintiffs do not possess the actual notices that were at issue in *BMG*.  Their only evidence of those notices is "a 7 gigabyte file containing 14.8 million records and generally requiring specialized software to open," which was used as an exhibit by the plaintiffs in that unrelated litigation (the Rightscorp Spreadsheet).  *See* ECF 325-1 (Gould Decl. ¶¶44, 46, 48 and n.1).  That evidence is inadmissible for a host of reasons: it cannot be authenticated, it is hearsay offered for its truth, it is an improper summary under Rule 1006.

---

[2] It is clear Plaintiffs seek to do so, as they attempted to read closing statements from *BMG* into a deposition record.  *See* Ex. 1 (Zabek Dep. Tr. 297:16-298:3).

First, Plaintiffs have no way to authenticate or lay a foundation for the Rightscorp Spreadsheet. As they admit, they obtained it from Cox in discovery. *Id.* They did not attempt to depose Rightscorp to establish what the Spreadsheet shows, and none of their experts treated it as Rule 703 evidence on which they could rely. Plaintiffs have absolutely no foundation for showing its provenance, by whom it was prepared, what methods were used to prepare it, whether its characteristics match those of authentic Rightscorp data, how many of its records are duplicates, or whether it was produced by a reliable process. Indeed, they have no knowledge about it at all, except that it was produced to them by Cox and bears an exhibit number from the *BMG* litigation. Plaintiffs thus cannot "make a prima facie showing that the exhibit is what the proponent claims it to be," rendering it inadmissible under Rule 901. *Wells v. Liddy*, 37 F. App'x 53, 63 (4th Cir. 2002) (quoting Weinstein's Federal Evidence, §901.02[3] (2d. ed. 2001)).

Second, the Spreadsheet is inadmissible hearsay. It represents an out-of-court statement by an <u>unknown</u> declarant offered for its truth—specifically, to demonstrate that Cox "received millions of copyright infringement notices" from parties other than Plaintiffs, some of which

███████████████████████████████████████████████████████████████

████████████████ ECF 325 (Pls.' MSJ, SUF ¶¶, 24(f), ¶¶34, 35); *see also id.*, SUF 23, n.5. Plaintiffs have no witness (on either may call or will call lists) who could be cross-examined at trial regarding the provenance, accuracy, and reliability of the Rightscorp Spreadsheet, or who could certify that the Spreadsheet satisfies the conditions of the business-record exception of Rule 803(6). It is thus inadmissible under Rule 802.

Third, whether offered in the form of excerpts or in its entirety, the Rightscorp Spreadsheet is an impermissible summary under Rule 1006. Plaintiffs assert that the Spreadsheet is a compilation of data representing actual Rightscorp infringement notices sent to Cox, but they have

not produced them in this case, nor otherwise sought them in discovery.  Plaintiffs thus cannot use the Spreadsheet "to prove the content of" those notices.  *See, e.g.*, *U.S. ex rel. Bunk v. Birkart Globistics GmbH & Co.*, No. 1:02CV1168 AJT/TRJ, 2011 WL 5005313, at *8 (E.D. Va. Oct. 19, 2011) (plaintiff failed to satisfy the requirement of Rule 1006 because it could not produce the "underlying documents that supported the exhibits" and defendants "had no real opportunity to test their accuracy or reliability").

## IV.    CONCLUSION

Plaintiffs chose to bring this litigation.  It is their burden to prove all the elements of copyright infringement using evidence relating to the infringements they actually allege.  To the extent Plaintiffs intend to prove elements of infringements using evidence of third-party allegations of copyrights held by non-parties to this case, the Court should preclude them from doing so.

Dated: October 19, 2019                                    Respectfully submitted,

                                                           */s/ Thomas M. Buchanan*
                                                           Thomas M. Buchanan (VSB No. 21530)
                                                           WINSTON & STRAWN LLP
                                                           1700 K Street, NW
                                                           Washington, DC 20006-3817
                                                           Tel: (202) 282-5787
                                                           Fax: (202) 282-5100
                                                           Email: tbuchana@winston.com

                                                           *Attorney for Cox Communications, Inc.*
                                                           *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750
Email:  dhleiden@winston.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 19, 2019, a copy of the foregoing was served by email to Jeffrey Gould at jeff@oandzlaw.com, by party agreement, due to technical issues with the ECF system.

          *s/ Sean R. Anderson*
          Sean R. Anderson
          Winston & Strawn LLP
          200 Park Avenue
          New York, NY 10166
          Tel: (212) 294-6700
          Fax: (212) 294-4700
          Email: sranderson@winston.com