# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC.<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 3 TO PRECLUDE EVIDENCE AND TESTIMONY RELATING TO EMAILS AND COMMUNICATIONS WITH NO CONNECTION TO ALLEGED INFRINGEMENT OF <u>PLAINTIFFS' WORKS</u>**

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL AUTHORITY .......................................................................................................... 1

III. ARGUMENT ......................................................................................................................... 2

    A. The Cox emails are irrelevant to Cox's knowledge and willful blindness. ............ 2

    B. The Cox emails are not relevant to willful infringement. ....................................... 4

    C. The Cox emails are improper "propensity" evidence, inadmissible under Rule 404(b). ............................................................................................................. 5

IV. CONCLUSION ...................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
  881 F.3d 293 (4th Cir. 2018) ................................................................................................2

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
  No. 2:12-CV-525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015), *aff'd sub
  nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x
  767 (Fed. Cir. 2016) ..............................................................................................................1

*Johnson v. Rankin*,
  547 F. App'x 236 (4th Cir. 2013) .........................................................................................6

*Lyons Partnership, LP v. Morris Costumes, Inc.*,
  243 F.3d 789 (4th Cir. 2001) ................................................................................................4

*Palmer v. Big Lots Stores, Inc.*,
  No. 3:14-CV-276, 2015 WL 165315 (E.D. Va. Jan. 12, 2015) ............................................2

*United States v. Capers*,
  61 F.3d 1100 (4th Cir. 1995) ................................................................................................2

*United States v. Sanders*,
  964 F.2d 295 (4th Cir. 1992) ................................................................................................6

*United States v. Verges*,
  No. 1:13-CR-222, 2014 WL 559573 (E.D. Va. Feb. 12, 2014) ............................................1

**Other Authorities**

Federal Rule of Evidnce 402 ........................................................................................................3

Federal Rule of Evidnce 403 ........................................................................................................6

Federal Rule of Evidnce 404 ........................................................................................................6

Federal Rule of Evidnce 404(b) ................................................................................................5, 6

**I.     INTRODUCTION**

As part of their multi-pronged campaign to replicate the *BMG* litigation, Plaintiffs intend to introduce into the trial internal Cox emails that the Court declined to exclude in *BMG* (over Cox's objection). These emails which have marginal, if any, relevance in the very different circumstances of this case—and any relevance that they may have is substantially outweighed by the prejudice that these out-of-context communications would cause to Cox.

Plaintiffs' motion for summary judgment clearly indicates their intention to use the employee emails as evidence that Cox knew of, or was willfully blind to, its subscribers' alleged infringements of Plaintiffs' copyrights. Plaintiffs seem to intend to offer those emails, as the *BMG* plaintiffs did, as evidence that Cox's alleged contributory infringement was willful. Plaintiffs should be precluded from so doing. Although the Court declined to exclude some of the employee emails in *BMG*, the significant factual differences between the two cases—most notably, the absence from this case of any evidence that Cox attempted to block Plaintiffs' infringement notices—requires a completely different result here. On the facts here, the emails are not probative of either knowledge or willfulness. They are improper "propensity" evidence offered to prove conduct, and are unfairly prejudicial to Cox. Plaintiffs should be barred from introducing them at trial.

**II.    LEGAL AUTHORITY**

"The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citing *United States v.*

*Verges,* No. 1:13-CR-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)). The motion *in limine* is a party's avenue to "exclude evidence prior to the commencement of trial." *Palmer v. Big Lots Stores, Inc.*, No. 3:14-CV-276, 2015 WL 165315, at *1 (E.D. Va. Jan. 12, 2015). And the admissibility of evidence "rests within the sound discretion of the trial court." *United States v. Capers,* 61 F.3d 1100, 1106 (4th Cir. 1995); *see also Palmer*, No. 3:14-CV-276, 2015 WL 165315, at *1.

### III.    ARGUMENT

#### A.    The Cox emails are irrelevant to Cox's knowledge and willful blindness.

To hold Cox liable for contributory infringement of its copyrights, Plaintiffs must show that Cox had either actual knowledge of, or willfully blinded itself to, "specific instances of infringement" of Plaintiffs' works. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 311 (4th Cir. 2018). Plaintiffs must show "that Cox knew of specific instances of infringement" of the works at issue, "or was willfully blind to such instances"); *id.* at 312 (showing willful blindness requires proof "that Cox consciously avoided learning about specific instances of infringement"). In their summary judgment brief, Plaintiffs point to certain Cox emails as alleged evidence that Cox had actual knowledge of, or was willfully blind to, infringement of Plaintiffs' works. *See* ECF 325 (Pls.' MSJ at 26) (citing Gould Decl., Exs. 15-18). Yet there is no evidence that any of these Cox employee emails relates to "specific instances of infringement" of Plaintiffs' works. At most, the emails are evidence that Cox understood that the few specific subscribers mentioned in the emails engaged in file-sharing. And as discussed below, the emails cannot be plausibly read to show that even for those specific subscribers.

For example, the Cox employee email stating that "Bittorrent [sic] is used for one thing only," (*see* Gould Decl., Ex. 16), is *at most* evidence of general knowledge that BitTorrent users could use the program to infringe copyrights in general—not to infringe any <u>specific</u> copyright.

2

(And in any event, the author of that email subsequently explained that he was joking, as indicated by the winking-smiley-face emoji that appeared at the end of the sentence, and that he was aware that BitTorrent is used for a variety of legitimate purposes.) *See* Ex. 2 (Zabek Dep. Tr. 63:9-66:21. The same is true of an employee email describing a customer who was "aware of his actions" and "upset that 'after years of doing this' he is now getting caught.'" ECF 325-1 (Gould Decl., Ex. 17). It is undisputed that Cox's network, like any network, *can be* used to infringe copyrights, unbeknownst specifically to Cox. But under the legal standard set by the Fourth Circuit, this kind of "generalized knowledge" that "infringement was occurring somewhere on [Cox's] network" is <u>not</u> probative of Cox's knowledge of any <u>specific</u> infringement of Plaintiffs' works. Cox employee emails that Plaintiffs claim show such "generalized knowledge" of infringement should be precluded from evidence under Rule 402.[1]

In addition, many of the emails upon which Plaintiffs intend to rely pre-date the alleged infringements by many years. *See* ECF 325-1 (Gould Decl., Exs. 14-18, 22, 30-31, 34, 41, 54-55, 61-62, 64-66) (all dating to 2010 while the claims period in this case is February 2013 to November 2014). By definition, the emails cannot relate to any specific infringement alleged years after they occurred. Indeed, they are so removed in time from the infringements alleged here that their probative value (even as to Cox's generalized awareness of infringement) is completely attenuated.[2]

---

[1] In addition, some of the emails relate to Cox's decision to block what it deemed to be "blackmail-style" notices from Rightscorp. *See, e.g.*, ECF 325-1 (Gould Decl. Exs. 30). As Cox explains in its separate motion *in limine* to preclude evidence relating to Rightscorp notices, those notices (and Cox's decision to block them) are irrelevant to Cox's knowledge of or blindness to alleged infringement of *Plaintiffs'* works and Plaintiffs' lack any foundational evidence whatsoever regarding the reliability of Rightscorp's notices in any event. *See* Cox's motion *in limine* No. 2.

[2] The temporal gap between the emails and the alleged infringement presents a strong contrast with *BMG*, in which the 2010 emails were much closer in time to the event that provided the

3

The Court admitted these emails in *BMG* into evidence as relevant to BMG's claim of willful blindness. The very different circumstances of this case warrant a completely different result. *See BMG* Docket, ECF 1018 at 1 ("The court finds that the emails at issue are highly probative on the issue[s] of willfulness and willful blindness"). In *BMG*, the Court determined that the emails were evidence that "Cox did not want to see infringement notices because it did not want to take action against subscribers." *Id*. at 2. But in *BMG*, the evidence that "Cox did not want to see infringement notices" was Cox's decision to blacklist and then block the Rightscorp notices—a key factor that does not exist here as to the MarkMonitor notices at issue. It is undisputed Cox received those and processed them in accordance with its policies. Plaintiffs' only evidence here that Cox tried to avoid knowledge of alleged infringement is the limit Cox placed on the number of RIAA notices it would process. But the undisputed evidence unequivocally shows that: (1) the RIAA asked for and *agreed* to that very limit, *see* ECF 325-1 (Gould Decl., Ex. 30); and (2), the RIAA rarely, *if ever*, generated enough notices to trigger the limit. In short, Plaintiffs have no plausible case of willful blindness here, thus making Cox's internal communications purportedly relating to that issue irrelevant.

Accordingly, Cox respectfully asks the Court to preclude Plaintiffs' use of internal Cox employee communications whose purported relevance is to Cox's general knowledge or willful blindness, but which do not concern <u>any</u> of Plaintiffs' works at issue here.

B. **The Cox emails are not relevant to willful infringement.**

To prove that Cox's alleged infringements were willful, Plaintiffs must prove that Cox "ha[d] knowledge, either actual or constructive, that its actions constitute[d] an infringement." *Lyons Partnership, LP v. Morris Costumes, Inc.*, 243 F.3d 789, 799-800 (4th Cir. 2001). Nothing

---

plaintiffs' primary evidence of willful blindness: Cox's 2011 decision to block Rightscorp's notices.

in the Cox employee emails even arguably suggests that Cox had knowledge that Cox's actions might constitute copyright infringement with nothing more.  At the very most, the emails may be evidence of Cox's general knowledge that some of *its subscribers* might be engaged in direct copyright infringement years before the claims period and unrelated to Plaintiffs' works.  Such evidence is not probative of the suggestion that Cox knew that *Cox itself* might be guilty of *contributorily* infringing Plaintiffs' works.  Mere knowledge of possible direct infringement cannot be sufficient to establish the knowledge necessary to prove willful infringement.  To rule otherwise, all contributory infringers would necessarily be willful infringers.  There is no authority for that sweeping proposition.

Thus, even if the Cox emails were relevant to Cox's knowledge for purposes of proving Plaintiffs' contributory infringement claims—and they are not—those emails are not relevant for purposes of proving Plaintiffs' willful infringement claim here.  They should be excluded on that basis.

      **C.**    **The Cox emails are improper "propensity" evidence, inadmissible under Rule 404(b).**

Even if these emails were relevant, certain of the employee emails that Plaintiffs hope to introduce should be excluded under Rule 404(b) as "evidence of a …wrong, or other act" intended "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  Emails discussing the blocking of Rightscorp notices, expressing frustration with the DMCA, or joking sarcastically about the uses of peer-to-peer software, do not relate directly to, and in all cases substantially predate, the alleged infringement of Plaintiffs' works.  Plaintiffs plainly intend to improperly use those emails as evidence of prior "bad acts" related to other copyright holders from which the jury can infer that Cox likely committed similar acts with respect to Plaintiffs' works.  But this is "exactly the kind

5

of propensity inference that Rule 404(b)'s built-in limitation was designed to prevent." *United States v. Sanders*, 964 F.2d 295, 299 (4th Cir. 1992). In light of their minimal relevance, the inflammatory Cox emails are unfairly prejudicial to Cox.

Even if Plaintiffs could establish that the Cox emails were relevant and otherwise admissible, which they are not, and even if Plaintiffs could identify a valid purpose for admitting that evidence under Rule 404, the Court should exclude it as unfairly prejudicial under Rule 403. There is no serious question that Plaintiffs intend to introduce email statements like "F the DMCA" and "F the DRC" [Rightscorp] (*see* Gould Decl., Ex. 30), not for their probative value to any issue in the case. Plaintiffs intend to use these to inflame the jury and to paint Cox in a bad light. Such statements have no direct bearing on Cox's liability for specific copyright infringements, and are unquestionably inflammatory. Where evidence of "limited relevance to … liability" has "high prejudicial value," the appropriate remedy is exclusion. *Johnson v. Rankin*, 547 F. App'x 236, 270 (4th Cir. 2013). Although in *BMG* the Court found that the probative value of these emails outweighed their prejudicial effect, their probative value in this case—which involves neither the same time period, a DMCA safe harbor defense, nor Rightscorp—is substantially lower, while their prejudicial impact remains the same. Those changes in circumstances from the BMG case to this one massively tilts the relevance/prejudice calculus squarely in favor of unfair prejudice. The emails should be excluded under Rule 403.

## IV.   CONCLUSION

For all the reasons given, Cox respectfully requests that the Court preclude Plaintiffs from using at trial as evidence the internal Cox communications listed in Exhibit 1, including exhibits containing similar content that Plaintiffs may seek to admit at trial.

|  |  |
|---|---|
| Dated: October 19, 2019 | Respectfully submitted,<br><br>*/s/ Thomas M. Buchanan*<br>Thomas M. Buchanan (VSB No. 21530)<br>WINSTON & STRAWN LLP<br>1700 K Street, NW<br>Washington, DC 20006-3817<br>Tel: (202) 282-5787<br>Fax: (202) 282-5100<br>Email: tbuchana@winston.com<br><br>*Attorney for Cox Communications, Inc. and CoxCom, LLC* |

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2019, a copy of the foregoing was served by email to Jeffrey Gould at jeff@oandzlaw.com, by party agreement, due to technical issues with the ECF system.

      *s/ Sean R. Anderson*
Sean R. Anderson
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com