UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>　　　Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>　　　Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## PLAINTIFFS' AND RIAA'S MOTION FOR SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs and the Recording Industry Association of America ("RIAA") move the Court to enter an order allowing Plaintiffs to file under seal or temporary seal certain documents and information that have been designated as Highly-Confidential – Attorneys' Eyes Only or Confidential under the Stipulated Protective Order (ECF No. 58) (the "Protective Order"). The specific documents that pertain to this motion are identified below by ECF No.:

| ECF No. | Description |
|---|---|
| 476 | Portions of Plaintiffs' Memorandum in Support of Their Omnibus Motion *in Limine* (the "Motion") |
| 476-3 | Portions of the Declaration of Jeffrey Gould in Support of the Motion ("Gould Declaration"), and Exs. 2-5, 8, 10-12, 17-19, 21-28 to the Gould Declaration |
| 476-1 | Portions of the Declaration of Samuel Bahun in Support of the Motion |
| 476-2 | Portions of the Declaration of Vance Ikezoye in Support of the Motion (previously submitted in opposition to Cox's sanction motion) |

For documents designated confidential by Cox, Plaintiffs take no position as to whether sealing is warranted. Rather, Plaintiffs are seeking the Court's leave to file those documents under temporary seal to comply with the Protective Order and to allow Cox, as the designating party, to respond and explain why such sealing is necessary.

I.  **Plaintiffs and RIAA's "Highly Confidential – Attorneys' Eyes Only" and "Confidential" information warrant sealing.**

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. Va. Local Rule 5(C). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,
>
> (2) consider less drastic alternatives to sealing the documents, and
>
> (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled on the underlying motion, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the

entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Sealing is warranted for the documents and information designated by Plaintiffs, MarkMonitor, RIAA and Audible Magic under the Protective Order (identified below):

| | |
|---|---|
| Gould Ex. 12: | Excerpts from the Report of Christian Tregillis |
| Gould Ex. 17: | DX0100 (MM000236, also known as the '236 Spreadsheet) |
| Gould Ex. 18: | Excerpts from the deposition of Slawomir Paszkowski |
| Gould Ex. 19: | Excerpts from the deposition of Steve Marks |
| Gould Ex. 21: | Filtered PDF of 75 entries in the '236 Spreadsheet |
| Gould Ex. 22: | Rebuttal Expert Report of Dr. Nick Feamster |
| Gould Ex. 23: | Excerpts from the deposition transcript of Vance Ikezoye |
| ECF 476-2: | Portions of the Declaration of Vance Ikezoye (previously submitted in opposition to Cox's sanction motion) |
| ECF 476-1: | Portions of the Declaration of Samuel Bahun |
| ECF 476-3 | Portions of the Declaration of Jeffrey Gould |

The documents and information identified above, and sealed portions of the Motion and Gould Declaration that cite to or discuss them, disclose highly sensitive and proprietary aspects of MarkMonitor's system for identifying and gathering evidence of infringement on peer-to-peer networks, in addition to non-public aspects of Audible Magic's fingerprinting technology and confidential business decisions of plaintiffs and non-parties. In addition, the documents designated by the RIAA discuss the terms and application of highly-sensitive inter-industry arrangements, which are strictly confidential. If made publicly available, others could use this information for illegal purposes, or to unfairly compete with Plaintiffs, the RIAA, MarkMonitor, Audible Magic, or non-affiliated third parties. For example, others could gain an unfair advantage in negotiating position, or could unfairly benefit from using trade secrets developed by others. Further, the public

has no legitimate need to access this highly confidential and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly filed pleadings and numerous declarations from parties and nonparties. Indeed, this Court has granted Plaintiffs' past requests to seal several of these documents. *See* ECF No. 279 (granting motion to seal with respect to excerpts from the Bahun, Ikezoye, and Paszkowski deposition transcripts).

In addition, Gould Exhibit 12 (excerpts from the Report of Christian Tregillis) discloses highly sensitive financial information belonging to Plaintiffs, including track-level revenues and other competitively sensitive business information. This information is proprietary, not available to the public, commercially sensitive, and should be kept under seal.

## II. Information Cox Designated Under the Protective Order

Plaintiffs also move the Court to enter an order allowing them to file under seal the following documents, which Cox designated under the Protective Order:

| | |
|---|---|
| Gould Ex. 2: | DX0074 (the MarkMonitor '236 Spreadsheet) |
| Gould Ex. 3: | Excerpts from the deposition of Randall Cadenhead, Cox's 30(b)(6) designee |
| Gould Ex. 4: | Excerpts from the deposition of Matthew Carothers, Cox's 30(b)(6) designee |
| Gould Ex. 5: | DX0140 (March 9-10, 2010 B. Beck email to R. Cadenhead) |
| Gould Ex. 8: | Excerpts from the deposition of Brent Beck, Cox's 30(b)(6) designee |
| Gould Ex. 10: | Excerpts from the Rebuttal Expert Report of Lynne J. Weber, Ph.D. |
| Gould Ex. 11: | Excerpts from the Rebuttal Expert Report of Kevin C. Almeroth, Ph.D. |
| Gould Ex. 24: | Cox subscriber email responses to infringement notices |

| | | |
|---|---|---|
| Gould Ex. 25: | | Separation Agreement of Jason Zabek[1] |
| Gould Ex. 26: | | Separation Agreement of Joseph Sikes |
| Gould Ex. 27: | | Excerpts from the deposition transcript of Jason Zabek |
| Gould Ex. 28: | | Excerpts from the deposition transcript of Joseph A. Sikes |

Plaintiffs take no position as to whether these documents and information should be sealed. Rather, Plaintiffs request sealing to comply with the Court's Protective Order in this action and to allow Cox, as the designating party, to respond and explain why such sealing is necessary. Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

d. A proposed order.

---

[1] Exhibits 25 and 26 were produced by individual third parties, Jason Zabek and Joseph Sikes, both of whom are former Cox employees. Though the documents were produced without confidentiality designations, the documents reference a confidentiality agreement. Plaintiffs take no position on the matter but have included these exhibits in their temporary seal motion as a courtesy to Mr. Zabek, Mr. Sikes and Cox so they can address the issue with the Court.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs and non-party RIAA respectfully request that the Court grant Plaintiffs' and RIAA's Motion for Sealing.

Respectfully submitted,

Dated October 19, 2019

*/s/ Scott. A Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs and the Recording Industry Association of America*