# Exhibit 4

2117

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
----------------------------------:
                                  :
BMG RIGHTS MANAGEMENT (US) LLC,   :
et al.,                           :
               Plaintiffs,        :
                                  : Case No. 1:14-cv-1611
      vs.                         :
                                  :
                                  :
COX ENTERPRISES, INC., et al.,    :
               Defendants.        :
----------------------------------:
```

VOLUME  10

TRIAL TRANSCRIPT

December 16, 2015

Before:  Liam O'Grady, USDC Judge

And a Jury

2149

1   favor of the plaintiff from a preponderance of the evidence in

2   the case in accordance with the other instructions.

3           If you find that Cox is liable for contributory

4   infringement, or if you find Cox is liable for vicarious

5   infringement, then you should consider the amount of money to

6   award BMG.

7           If you find that Cox is neither liable for

8   contributory or vicarious infringement, you should not consider

9   this issue.

10          BMG seeks an award of statutory damages under the

11  Copyright Act.  Statutory damages are damages that are

12  established by Congress in the Copyright Act because actual

13  damages in copyright cases are often difficult to establish

14  with precision.  The purposes are to compensate the copyright

15  owner, penalize the infringer, and deter future copyright law

16  violations.

17          The amount awarded must be between 750 and $30,000

18  for each copyrighted work that you found to be infringed.  If

19  BMG proves that Cox acted willfully in contributorily or

20  vicariously infringing BMG's copyrights, you may, but are not

21  required to, increase the statutory damage award to a sum as

22  high as $150,000 per copyrighted work.

23          You should award as statutory damages an amount that

24  you find to be fair under the circumstances.  In determining

25  the appropriate amount to award, you may consider the following

2150

1  factors:  The profits that Cox earned because of the

2  infringement; the expenses Cox saved because of the

3  infringement; the revenues that BMG lost because of the

4  infringement; the difficulty of proving BMG's damages; the

5  circumstances of the infringement; whether Cox acted willfully

6  or intentionally in contributorily or vicariously infringing

7  BMG's copyrights; deterrence of future infringement; and the

8  amount of harm, in the form of monetary loss, that BMG could

9  reasonably have avoided but for the failure to mitigate

10 damages, if you find that BMG did fail to mitigate.

11        You should award statutory damages whether or not

12 there is evidence of the actual damage suffered by BMG, and

13 your statutory damage award need not be based on the actual

14 damages suffered by BMG.

15        Cox's contributory or vicarious infringement is

16 considered willful if BMG proves by a preponderance of the

17 evidence that Cox had knowledge that its subscribers' actions

18 constituted infringement of BMG's copyrights, acted with

19 reckless disregard for the infringement of BMG's copyrights, or

20 was willfully blind to the infringement of BMG's copyrights.

21        In this case, Cox asserts the affirmative defense of

22 failure to mitigate damages.  Cox must prove each element of

23 this defense by a preponderance of the evidence.

24        Plaintiff has a duty to use reasonable efforts to

25 mitigate damages.  To "mitigate" means to avoid or reduce