# Exhibit 1

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 986-5900
Facsimile:    (415) 262-3726

Attorneys for NonParty
MARKMONITOR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, et al. | CASE NO. 18-CV-00950-LO-JFA |
| Plaintiffs, | **NONPARTY MARKMONITOR, INC.'S OBJECTIONS AND RESPONSE TO COX COMMUNICATIONS, INC. AND COXCOM LLC'S MAY 10, 2019 SUBPOENA TO TESTIFY IN A CIVIL ACTION** |
| vs. | |
| COX COMMUNICATIONS, INC. and COXCOM LLC, | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE BE ADVISED that Nonparty MARKMONITOR, INC. ("MMI" or "Responding Non Party") submits the following written objections to Defendant Cox Communications, Inc. and CoxCom LLC's May 10, 2019 Subpoena to Testify in a Civil Action ("Subpoena"), pursuant to Federal Rule of Civil Procedure ("FRCP") 45.  Through meet and confer efforts, counsel for MMI and Cox have modified the Subpoena, in part, but Cox has not served an Amended or Modified Subpoena (or deposition notice) to address those modifications. As such, MMI responds to the original Subpoena, subject to the informal modifications and agreements reached to date.

## GENERAL OBJECTIONS

1.     As required by the Subpoena, MMI is directed to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf

1 about the following matters, or those set forth in an attachment," and is then directed to "See
2 Attachment A." In accordance with that directive, MMI has identified for Cox four persons to
3 testify on its behalf regarding the 10 topics of examination, including (a) Sam Bahun, who
4 resides and works in *Ohio*; (b) Curtis Eisenberger, who resides and works in *Idaho*; (c)
5 Slawomir Paszkowski, who resides and works in *Lithuania*; and (d) Jacob Svalastoga, who
6 resides and works in *Denmark*.

7     2.    In light of the residential and work locations of these corporate designees, MMI
8 objected to the Subpoena as being defective on the grounds that the proposed deposition date
9 (May 23, 2019), time (9:30 a.m.) and location (Veritext Legal Solutions, 334 S. Main St.,
10 Dayton, OH 45402) creates an undue burden and significant expense on the part of non-party
11 MMI and the non-party natural persons who would be testifying on MMI's behalf. In serving
12 the Subpoena via email on May 10, 2019, the issuing party acknowledged that the location was
13 "to accommodate Mr. Bahun. However, we understand that MarkMonitor will likely be
14 designating additional witnesses in other locations, and Cox will ensure that those depositions
15 are taken within 100 miles of each and on a date and time convenient for those witnesses. We
16 are also happy to discuss alternative dates and times reasonably close to May 23 for Mr. Bahun's
17 deposition if May 23 does not work."

18     3.    Since service of the Subpoena, the parties have met and conferred on the date and
19 location for Mr. Bahun to testify. By agreement, the deposition for the areas of examination
20 upon which Mr. Bahun will testify, is set to take place on June 13, 2019 at Winston & Strawn's
21 Los Angeles, California office, located at 333 S. Grand Avenue, Suite 3800, Los Angeles, CA
22 90071.

23     4.    In addition, on May 22, 2019, Cox' counsel agreed that any dispute regarding the
24 Subpoena, or any need for judicial intervention, would be venued in the USDC (ND Cal.) before
25 U.S. Magistrate Judge Sallie Kim, who has already handled disputes regarding Cox' various
26 subpoenas to MMI. During the meet and confer, Cox' counsel further agreed to extend MMI's
27 "time to seek protection from the court, though we do not think that will be necessary." To date,
28 no motions have been filed.

Page 2
MARKMONITIOR'S OBJECTIONS AND RESPONSE TO SUBPOENA TO TESTIFY IN A CIVIL MATTER

5. During the week of June 3, 2019, counsel agreed that Mr. Bahun will be educated by MMI to testify on matters originally intended to be addressed by Mr. Eisenberger, and that "this eliminates the need for Cox to depose Mr. Eisenberger."

6. MMI has also made arrangements for Mr. Paszkowski to be educated, as necessary, to address topics for examination that would have been addressed by Mr. Svalastoga. However, he has not consented to and is unavailable to travel to the United States, and is unavailable to testify for the balance of June and most of July due to prior work commitments and his pre-planned vacation calendar. Cox has *not* made arrangements to depose him within the geographical limitations set forth in FRCP 45, or as previously confirmed would be the case by Cox. *See* Par.2, *supra*.

7. MMI has advised Cox, as recently as June 6, 2019 that to take the deposition within the requisite geographical limitations, Cox must comply with any procedures under "the Hague Convention and local laws in Lithuania (and previously Denmark for Mr. Svalastoga) [that] relate to the process by which the deposition (while noticed/subpoenaed under the FRCP) can proceed in a foreign country or a citizen of that country." To date, MMI has not been provided with "any indication of your [Cox'] efforts to determine what protocol must be followed, as well as to seek the requisite authorization, etc., to conduct the deposition of either of these foreign witnesses within the applicable geographical limitations." MMI has "have offered to cooperate with a deposition by written questions under FRCP 31, but you [Cox] have rejected that offer. MMI also agreed to "inquire as to Mr. Paszkowski's ability to modify his calendar, if at all possible, for a possible video deposition. However, any requirements under the Hague Convention and local laws will still need to be addressed."

8. Cox' counsel did not respond to MMI's June 6 meet and confer communication, which also addressed Cox' repeated request for MMI to designate an alternate designee to testify in place of Mr. Paszkowski in the United States. In the June 6 communication, MMI reminded Cox that in addition to its "ability to select its own designee, we [MMI] have already informed you, and the Court, that there are no qualified MarkMonitor representatives who live in the United States that can answer questions regarding that subject matter, and that, as such, there are

no representatives who can be educated to testify as MarkMonitor's designee. Judge Kim has already ruled on this issue, so it is unclear why it is being revisited. Unlike the subject matter in the *Wultz* case where the Court determined that a local witness could be educated on a non-complex issue, Judge Kim has already expressly ruled that MarkMonitor does not have such obligations with respect to this subject matter ("Source code") in this case:

> Cox's suggestion that MarkMonitor comply with the subpoena by selecting alternative designees is contrary to law. Cox contends that MarkMonitor has deliberately selected designees who live and work far from its headquarter in order to avoid deposition. Cox simultaneously suggests that, if MarkMonitor finds producing its designees burdensome, it should designate and educate for deposition designees who can appear in the United States. A nonparty corporate witness is entitled to designate persons to be deposed on its behalf. *See McIntyre v. BF Capital Holding, LLC*, 2016 U.S. Dist. LEXIS 127873, *4 ("an important facet of Rule 30(b)(6): the noticed organization is empowered with the right – and obligation – to designate the person(s) to testify on its behalf.") It is unreasonable for a nonparty witness to be forced to educate an alternative designee on a highly technical topic such as source code. *See, e.g., In re Intel Corp.*, 2018 U.D. Dist. LEXIS 81906, at *1-4 (N.D. Cal. May 14, 2018) (holding that where "the source code at issue is complicated" it is "unreasonable to expect [the third party corporate witness] to educate another witness on technical topics"). Similarly, here, complex source code forms a large part of the subject matter underlying the subpoena. The complexities of testifying on such a technical topic make requiring a nonparty to educate an alternative witness unreasonable.

*See* Order Granting Motion to Quash (dkt.31), filed May 9, 2019, p.4:10-23. The only two witnesses qualified to testify as to the source code are Mr. Paszkowski and Mr. Svalastoga, and Mr. Paszkowski can address all source code-related topic for examination, whereas Mr. Svalastoga lacks historical knowledge regarding versions, revisions, etc. There are no alternative choices." Again, there has been no response to the June 6 communication, which included an inquiry on service of any further modified subpoena or deposition notice for June 13.

9. To date, with respect to witnesses other than Mr. Bahun, Cox has refused to take any reasonable steps to avoid imposing such undue burden or expense on MMI (or the natural persons). As such, the Subpoena is subject to motion to quash or modify under FRCP 45(d) on the grounds that it fails to allow a reasonable time to comply (FRCP(d)(3)(A)(i)), requires a person to appear beyond the geographical limits specified in Rule 45(c) (FRCP(d)(3)(A)(ii)); and subjects a person to undue burden (and expense) (FRCP(d)(1), (3)(A)(iii).

10. The Subpoena is also objectionable in that the topics listed for the scope of

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

examination set forth below are vague, ambiguous, and overbroad, and compliance with the Subpoena within the time specified, in addition to the deposition location for designees other than Mr. Bahun, would be unduly burdensome, oppressive, time consuming, expensive, and harassing. The Subpoena also fails to describe the areas for examination with reasonable particularity.

11. MMI also objects on the grounds that the categories of examination seek information protected from disclosure under the attorney-client privilege and/or work product doctrine, as well as proprietary, trade secret and other confidential information.

12. In addition to privileges, much of the broad scope of the deposition areas of examination are not relevant to any party's claims or defenses, nor is the scope of the Subpoena reasonably calculated to lead to the discovery of admissible evidence in this action.

13. These objections are made without prejudice to MMI's supplement or amend these objections in the event that any information may have been omitted by oversight, inadvertence, or good faith error or mistake.

14. Except for the facts explicitly stated herein, no incidental or implied admissions are intended.

15. These objections are signed by counsel only as to the objections set forth in the responses, and MMI expressly reserves:

    9.1 All objections regarding the competency, relevance, materiality, probative value and admissibility of all information provided, documents produced and the contents thereof;

    9.2 All objections as to vagueness, ambiguity, unintelligibility and overbreadth.

16. Nothing herein shall be construed as an admission regarding the admissibility or relevance of any fact or document or of the truth or accuracy of any characterization contained in the document requests.

17. Any response herein should not be construed to be a waiver of any objection to the area of examination or any discovery request.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Page 5
MARKMONITIOR'S OBJECTIONS AND RESPONSE TO SUBPOENA TO TESTIFY IN A CIVIL MATTER

18. MMI responds to the areas of examination subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

## RESPONSE TO TOPIC AREAS OF EXAMINATION

**Area of Examination 1:**

Your process for searching for, reviewing, and producing Documents in response to Cox's Subpoena *Duces Tecum* served on January 9, 2019 (the "Document Subpoena")

**Objection/Response Area of Examination 1:**

Objection. The entire scope of this area of examination, and the defined and undefined terms and phrases "Your," "process," "searching for, reviewing, and producing" and "Documents" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the area of examination seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the area of examination also seeks proprietary, trade secret and other confidential information.

Without waiving and subject to said objections, this Responding Non Party states: MMI has designated Samuel Bahun to testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination on June 13, 2019.

**Area of Examination 2:**

Your retention policies as they relate to Documents, Your Systems, and any associated source code or technical materials.

**Objection/Response Area of Examination 2:**

Objection. The entire scope of this area of examination, and the defined and undefined terms and phrases "Your," "retention policies," "as they relate to," "Documents," "Your Systems," and "any associated source code or technical materials." are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly

1 burdensome, time consuming and expensive.  Further, the scope lacks foundation, assumes facts
2 not in evidence, and seeks information that is not "relevant to any party's claim or defense and
3 proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the
4 area of examination seeks information protected from disclosure under the attorney-client
5 privilege and/or attorney work product doctrine.  As phrased, the area of examination also seeks
6 proprietary, trade secret and other confidential information.
7     Without waiving and subject to said objections, this Responding Non Party states:  MMI
8 has designated Samuel Bahun to testify on its behalf regarding the relevant and non-privileged
9 scope of this Area of Examination on June 13, 2019.  MMI has designated Mr. Paszkowski to
10 testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination
11 that may pertain to source code or computer engineering at a mutually agreeable date, time and
12 location, subject to these objections and payment of witness fees and other expenses under FRCP
13 45 and 28 U.S.C §1821.  With respect to Mr. Paszkowski, his presentation as a witness for
14 deposition is also completely subject to The Hague Convention and/or other applicable rules,
15 regulations and restrictions on taking a foreign deposition in the country that is within the
16 geographical limitations.

17 **Area of Examination 3:**
18     Your preservation of Documents and other materials responsive to the Document
19 Subpoena, including the manner and extent to which Your System(s), revision history, and
20 associated source code has been maintained and preserved from 2010 to the present.
21 **Objection/Response Area of Examination 3:**
22     Objection.  The entire scope of this area of examination, and the defined and undefined
23 terms and phrases "Your." "preservation." "Documents and other materials responsive to the
24 Document Subpoena," "the manner and extent to which," "Your System(s)," "revision history,"
25 "associated source code," and "maintained and preserved" are vague, ambiguous, and subject to
26 varying interpretations.  The scope (and time) is also overbroad and compliance would be unduly
27 burdensome, time consuming and expensive.  Further, the scope lacks foundation, assumes facts
28 not in evidence, and seeks information that is not "relevant to any party's claim or defense and

MARKMONITIOR'S OBJECTIONS AND RESPONSE TO SUBPOENA TO TESTIFY IN A CIVIL MATTER

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1 proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the
2 area of examination seeks information protected from disclosure under the attorney-client
3 privilege and/or attorney work product doctrine. As phrased, the area of examination also seeks
4 proprietary, trade secret and other confidential information.

5 Without waiving and subject to said objections, this Responding Non Party states: MMI
6 has designated Samuel Bahun to testify on its behalf regarding the relevant and non-privileged
7 scope of this Area of Examination on June 13, 2019. MMI has designated Mr. Paszkowski to
8 testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination
9 that may pertain to source code or computer engineering at a mutually agreeable date, time and
10 location, subject to these objections and payment of witness fees and other expenses under FRCP
11 45 and 28 U.S.C §1821. With respect to Mr. Paszkowski, his presentation as a witness for
12 deposition is also completely subject to The Hague Convention and/or other applicable rules,
13 regulations and restrictions on taking a foreign deposition in the country that is within the
14 geographical limitations.

**Area of Examination 4:**

16 Your software revision policies from 2012 to the present, including any policies that
17 explain how revisions are made to software, where prior versions are stored, and how revisions
18 are to be documented.

**Objection/Response Area of Examination 4:**

20 Objection. The entire scope of this area of examination, and the defined and undefined
21 terms and phrases "Your." "software revision policies," "explain how revisions are made to
22 software," "prior versions," "stored," and "are to be documented" are vague, ambiguous, and
23 subject to varying interpretations. The scope is also overbroad and compliance would be unduly
24 burdensome, time consuming and expensive. Further, the scope lacks foundation, assumes facts
25 not in evidence, and seeks information that is not "relevant to any party's claim or defense and
26 proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the
27 area of examination seeks information protected from disclosure under the attorney-client
28 privilege and/or attorney work product doctrine. As phrased, the area of examination also seeks

proprietary, trade secret and other confidential information.

Without waiving and subject to said objections, this Responding Non Party states: MMI has designated Slawomir Paszkowski to testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination at a mutually agreeable date, time and location, subject to these objections and payment of witness fees and other expenses under FRCP 45 and 28 U.S.C §1821, and completely subject to the Hague Convention and/or other applicable rules, regulations and restrictions on taking a foreign deposition in the country that is within the geographical limitations.

**Area of Examination 5:**

Your System's available Configurations during Plaintiffs' Claim Period.

**Objection/Response Area of Examination 5:**

Objection. The entire scope of this area of examination is vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope lacks foundation, assumes facts not in evidence, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the area of examination seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the area of examination also seeks proprietary, trade secret and other confidential information.

Without waiving and subject to said objections, this Responding Non Party states: MMI has designated Slawomir Paszkowski to testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination at a mutually agreeable date, time and location, subject to these objections and payment of witness fees and other expenses under FRCP 45 and 28 U.S.C §1821 and completely subject to the Hague Convention and/or other applicable rules, regulations and restrictions on taking a foreign deposition in the country that is within the geographical limitations.

**Area of Examination 6:**

Your anti-piracy services for the RIAA and/or any Plaintiff between 2010 and present,

1 including without limitation the services that resulted in notices being sent to Cox, and including

2 the specific Configurations utilized by the RIAA as related to any Peer-to-Peer Notice Program.

3 and RIAA's contracts with you and payments to you associate with such services.

4 **Objection/Response Area of Examination 6:**

5 Objection. The entire scope of this area of examination and the defined and undefined
6 words and phrases "Your," "anti-piracy services for the RIAA and/or any Plaintiff," "the
7 services that resulted in notices being sent to Cox," "the specific Configurations utilized by the
8 RIAA," "related to any Peer-to-Peer Notice Program" and "and RIAA's contracts with you and
9 payments to you associate with such services" are vague, ambiguous, and subject to varying
10 interpretations. The scope is also overbroad and compliance would be unduly burdensome, time
11 consuming and expensive. Further, the scope lacks foundation, assumes facts not in evidence,
12 and seeks information not within this party's possession, custody, or control and/or which is
13 equally available to propounding party from other sources and/or that is not "relevant to any
14 party's claim or defense and proportional to the needs of the case" within the meaning of FRCP
15 26(b)(1). In addition, the area of examination seeks information protected from disclosure under
16 the attorney-client privilege and/or attorney work product doctrine. As phrased, the area of
17 examination also seeks proprietary, trade secret and other confidential information.

18 Without waiving and subject to said objections, this Responding Non Party states: MMI
19 has designated Samuel Bahun to testify on its behalf regarding the relevant and non-privileged
20 scope of this Area of Examination on June 13, 2019.

21 **Area of Examination 7:**

22 Your services for CCI or in connection with the CAS.

23 **Objection/Response Area of Examination 7:**

24 Objection. The entire scope of this area of examination and the defined and undefined
25 words and phrases "Your services," and "for CCI or in connection with the CAS" are vague,
26 ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance
27 would be unduly burdensome, time consuming and expensive. The scope is also overbroad and
28 compliance would be unduly burdensome, time consuming and expensive. Further, the scope

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1  lacks foundation, assumes facts not in evidence, and seeks information not within this party's
2  possession, custody, or control and/or which is equally available to propounding party from other
3  sources and/or that is not "relevant to any party's claim or defense and proportional to the needs
4  of the case" within the meaning of FRCP 26(b)(1). In addition, the area of examination seeks
5  information protected from disclosure under the attorney-client privilege and/or attorney work
6  product doctrine. As phrased, the area of examination is not relevant or calculated to lead to the
7  discovery of admissible evidence and also seeks proprietary, trade secret and other confidential
8  information.
9      Without waiving and subject to said objections, this Responding Non Party states: MMI
10 has designated Samuel Bahun to testify on its behalf regarding the relevant and non-privileged
11 scope of this Area of Examination on June 13, 2019.
12 **Area of Examination 8:**
13     The differences, if any, between Your System(s) utilized in connection with the CAS and
14 to send infringement notices to Cox and between Your Systems used to target Residential ISP
15 Customers and Non-Residential ISP Customers.
16 **Objection/Response Area of Examination 8:**
17     Objection. The entire scope of this area of examination and the defined and undefined
18 words and phrases "The differences, if any," "Your System(s)," "utilized in connection with the
19 CAS," "to send infringement notices to Cox," "used to target," and "Residential ISP Customers
20 and Non-Residential ISP Customers" are vague, ambiguous, and subject to varying
21 interpretations. The scope is also overbroad and compliance would be unduly burdensome, time
22 consuming and expensive. Further, the scope calls for speculation, lacks foundation, assumes
23 facts not in evidence, and seeks information that is not "relevant to any party's claim or defense
24 and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the
25 area of examination seeks information protected from disclosure under the attorney-client
26 privilege and/or attorney work product doctrine. As phrased, the area of examination also seeks
27 proprietary, trade secret and other confidential information.
28     Without waiving and subject to said objections, this Responding Non Party states: MMI

has designated Samuel Bahun to testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination on June 13, 2019.

**Area of Examination 9:**

The processes and methods by which Your System generated and/or sent notices of claimed infringement to Cox or any of Cox's subscribers, account holders, or customers in connection with alleged infringement of the Copyright Works, including, without limitation the "evidence packages" You produced in this litigation as Bates No. MM000306.

**Objection/Response Area of Examination 9:**

Objection. The entire scope of this area of examination, and the defined and undefined terms and phrases "The processes and methods by which," "Your System," "generated and/or sent notices of claimed infringement," "to Cox or any of Cox's subscribers, account holders, or customers" and "in connection with alleged infringement of the Copyright Works" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope is argumentative, lacks foundation and assumes facts not in evidence. In addition, the area of examination seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the area of examination also seeks proprietary, trade secret and other confidential information.

Without waiving and subject to said objections, this Responding Non Party states: MMI has designated Samuel Bahun and Slawomir Paszkowski to testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination at a mutually agreeable date, time and location, subject to these objections and payment of witness fees and other expenses under FRCP 45 and 28 U.S.C §1821. Mr. Bahun will testify on June 13, 2019. With respect to Mr. Paszkowski, his presentation as a witness for deposition is also completely subject to The Hague Convention and/or other applicable rules, regulations and restrictions on taking a foreign deposition in the country that is within the geographical limitations.

**Area of Examination 10:**

Analyses, reviews, assessments, criticisms, or critiques of Your System(s), including but

not limited to and Your responses thereto.

**Objection/Response Area of Examination 20:**

Objection. The entire scope of this area of examination and the defined and undefined words and phrases "Analyses, reviews, assessments, criticisms, or critiques," "Your System(s)," and "Your responses thereto" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope is argumentative, calls for speculation, lacks foundation, assumes facts not in evidence, and seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the area of examination seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the area of examination also seeks proprietary, trade secret and other confidential information.

Without waiving and subject to said objections, this Responding Non Party states: MMI has designated Samuel Bahun to testify on its behalf regarding the relevant and non-privileged scope of this Area of Examination on June 13, 2019.

Dated: June 12, 2019

GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Andrew D. Castricone
Attorneys for Nonparty
MARKMONITOR, INC.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1180517/45594647v.1

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:   (415) 986-5900
Facsimile:   (415) 262-3726

Attorneys for NonParty
MARKMONITOR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>COX COMMUNICATIONS, INC. and COXCOM LLC,<br><br>    Defendants. | CASE NO. 18-CV-00950-LO-JFA<br><br>CERTIFICATE OF SERVICE OF:<br>Nonparty MarkMonitor, Inc.'s Objections and Responses to May 10, 2019 Subpoena to Testify in a Civil Action |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP, 275 Battery Street, Suite 2000, San Francisco, CA 94111.

On June 12, 2019 I served the document listed below:

**NONPARTY MARKMONITOR, INC.'S OBJECTIONS AND RESPONSE TO COX COMMUNICATIONS, INC. AND COXCOM LLC'S MAY 10, 2019 SUBPOENA TO TESTIFY IN A CIVIL ACTION**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

☐ by placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx as part of the ordinary business practices of Gordon & Rees LLP described

Page 1

CERTIFICATE OF SERVICE OF MARKMONITOR'S OBJECTIONS                Case No. 18-00950-LO-JFA
TO MAY 10, 2019 SUBPOENA TO TESTIFY IN A CIVIL ACTION

below, addressed as follows:

[X] By transmitting the document listed above to the email addresses stated below.

| Counsel for Plaintiffs<br>Matthew J. Oppenheim<br>Scott A. Zebrak<br>Jeff Gould<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue, NW, Ste. 500<br>Washington, DC 20016<br>Tel: 202-480-2999; Fax: 866-766-1678<br>Emails: matt@oandzlaw.com;<br>scott@oandzlaw.com; jeff@oandzlaw.com | Counsel for Defendants Cox Communications, Inc. and CoxCom LLC<br>Thomas M. Buchanan<br>WINSTON & STRAWN LLP<br>1700 K Street, NW<br>Washington, DC 20006<br>Tel: 202-282-5000<br>Email: tbuchanan@winston.com |
|---|---|
| Of Counsel for Defendants Cox Communications, Inc. and CoxCom LLC<br>Diana Hughes Leiden<br>WINSTON & STRAWN LLP<br>333 S. Grand Ave., Fl. 38<br>Los Angeles, CA 90071<br>Tel: (213) 615-1700; Fax: 213-615-1750<br>dhleiden@winston.com | Of Counsel for Defendants Cox Communications, Inc. and CoxCom LLC<br>Michael S. Elkin<br>Thomas Patrick Lane<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY 10166<br>Tel: (212) 294-6700; Fax: 294-4700<br>Email: melkin@winston.com<br>tlane@winston.com |
| Of Counsel for Defendants Cox Communications, Inc. and CoxCom LLC<br>Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California St., 35th Fl.<br>San Francisco, CA 94111<br>Tel: (415) 591-1000; Fax: 591-1400<br>Email: jgolinveaux@winston.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service and FedEx on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on June 12, 2019, at San Francisco, California.

*/s/ Dyanne Hammerquist*
_____
Dyanne Hammerquist

Page 2