# Exhibit 17

| | |
|---|---|
| **From:** | Andrew Castricone <acastricone@grsm.com> |
| **Sent:** | Thursday, June 06, 2019 1:30 PM |
| **To:** | Leiden, Diana Hughes |
| **Cc:** | Golinveaux, Jennifer A.; Lane, Thomas Patrick; Andrew Castricone |
| **Subject:** | RE: Sony v. Cox - MarkMonitor Subpoena |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Diana:

Thank you for your email.  Please advise if you are going to formally modify the subpoena and provide us with a copy of any amended deposition notice.  In addition to Mr. Bahun covering any topics for examination that were anticipated to be addressed by Mr. Eisenberger, this will also confirm that, in addition to source code history and revisions, Mr. Paszkowski is able to address examination that was originally anticipated to be addressed by Mr. Svalastoga (who, while we have been unable to establish contact, previously indicated to me personally that he was unable to travel to the United States for deposition).  While Mr. Paszkowski will agree to be deposed, he is not subject to personal jurisdiction in the United States, and does not consent to travel to the United States for his deposition.  Moreover, he has advised MarkMonitor that his pre-existing work and pre-planned vacation calendar eliminate his ability to be deposed in June and most, if not all, of July.

To address your client's position below, we find several substantively flaws.  Initially, most of the cases you cite below relate to a party, not a non-party.  Moreover, MarkMonitor (as is the case with much of your authority) is not resisting the subpoena, but is, instead, exercising its rights under FRCP 45.  Moreover, contra to the discussion in some of the cited authority, it is not our position that the scope of permissible discovery is governed by the Hague Convention as opposed to the Federal Rules of Civil Procedure ("FRCP").  Judge Kim has already ruled that "'the plain language of Rule 45(c) indicates that the court cannot compel a witness – as an individual or as a corporate representative – to travel more than 100 miles from a place of residence, employment, or regular business to testify at a deposition.' . . . This is true regardless of location of the corporate entity's headquarter, because 'Rule 45's goal is to prevent inconvenience to the flesh-and-blood human being who are asked to testify, not the legal entity for whom those human beings work.'' [Citations omitted.] *See* Order Granting Motion to Quash (dkt.31), filed May 9, 2019, pp.3:27-4:7.  As such, absent his consent to a more distant location, i.e. a U.S. venue, and in addition to an agreed upon date and time, Mr. Paszkowski's deposition must be taken within the geographical limitations set forth in the FRCP.  Our reference to the Hague Convention and local laws in Lithuania (and previously Denmark for Mr. Svalastoga) relate to the process by which the deposition (while noticed/subpoenaed under the FRCP) can proceed in a foreign country or a citizen of that country.  I have not seen any indication of your efforts to determine what protocol must be followed, as well as to seek the requisite authorization, etc., to conduct the deposition of either of these foreign witnesses within the applicable geographical limitations.  We have offered to cooperate with a deposition by written questions under FRCP 31, but you have rejected that offer.  We will also inquire as to Mr. Paszkowski's ability to modify his calendar, if at all possible, for a possible video deposition.  However, any requirements under the Hague Convention and local laws will still need to be addressed.

In light of Mr. Paszkowsi's schedule and location, you have, once again, suggested that MarkMonitor educate an alternative designee to testify on the subject matter that is anticipated to be addressed by M. Paszkowski – all of which relates to the source code, and source code history, versions, revisions, etc. pertaining to MarkMonitor's "system."  In addition to our client's ability to select its own designee, we have already informed you, and the Court, that there are no qualified MarkMonitor representatives who live in the United States that can answer questions regarding that subject matter, and that, as such, there are no representatives who can be educated to testify as MarkMonitor's

designee.  Judge Kim has already ruled on this issue, so it is unclear why it is being revisited.  Unlike the subject matter in the *Wultz* case where the Court determined that a local witness could be educated on a non-complex issue, Judge Kim has already expressly ruled that MarkMonitor does not have such obligations with respect to this subject matter ("Source code") in this case:

> Cox's suggestion that MarkMonitor comply with the subpoena by selecting alternative designees is contrary to law.  Cox contends that MarkMonitor has deliberately selected designees who live and work far from its headquarter in order to avoid deposition.  Cox simultaneously suggests that, if MarkMonitor finds producing its designees burdensome, it should designate and educate for deposition designees who can appear in the United States.  A nonparty corporate witness is entitled to designate persons to be deposed on its behalf.  *See McIntyre v. BF Capital Holding, LLC*, 2016 U.S. Dist. LEXIS 127873, *4 ("an important facet of Rule 30(b)(6):  the noticed organization is empowered with the right – and obligation – to designate the person(s) to testify on its behalf.")  It is unreasonable for a nonparty witness to be forced to educate an alternative designee on a highly technical topic such as source code.  *See, e.g., In re Intel Corp.*, 2018 U.D. Dist. LEXIS 81906, at *1-4 (N.D. Cal. May 14, 2018) (holding that where "the source code at issue is complicated" it is "unreasonable to expect [the third party corporate witness] to educate another witness on technical topics").  Similarly, here, complex source code forms a large part of the subject matter underlying the subpoena.  The complexities of testifying on such a technical topic make requiring a nonparty to educate an alternative witness unreasonable.

*See* Order Granting Motion to Quash (dkt.31), filed May 9, 2019, p.4:10-23.  The only two witnesses qualified to testify as to the source code are Mr. Paszkowski and Mr. Svalastoga, and Mr. Paszkowski can address all source code-related topic for examination, whereas Mr. Svalastoga lacks historical knowledge regarding versions, revisions, etc.  There are no alternative choices.

With respect to your concerns on deadlines in your case, Judge Kim has already expressed her position on that subject as well.  "the Court recognizes that the parties feel pressed for time in this matter due to the speed at which the underlying action in the Eastern District of Virginia is progressing . . . . if the parties find that this expedited briefing schedule still impinges too closely on the upcoming deadlines in the underlying action, the Court suggests that the parties move the Eastern District of Virginia for relief from its scheduling order."   *See* Order Granting Motion to Quash (dkt.28), filed April 25, 2019, pp.1:26-2:9-12.

Perhaps much of this issue will be resolved during Mr. Bahun's deposition, despite his inability to address technical source code/engineering issues.  I am available later today (1:00-5:00) by telephone on my cell 650-722-2736, or we can try to set a time to speak tomorrow.

Regards,

Andy

---

**ANDREW D. CASTRICONE**  |  Partner

**GORDON REES SCULLY MANSUKHANI**
**YOUR 50 STATE PARTNER™**

275 Battery Street, Suite 2000
San Francisco, CA 94111
D: 415-875-3183  |  P: 415-986-5900  |  F: 415-262-3726  |  F: 415-986-8054  |  acastricone@grsm.com

www.grsm.com
vCard  |  LinkedIn  |  Twitter