UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 7 TO PRECLUDE PLAINTIFFS FROM RELYING ON
<u>COPYRIGHT NOTICES AS PROOF OF DIRECT INFRINGEMENT</u>**

I. INTRODUCTION

Each of Plaintiffs' secondary liability claims in this case are predicated on alleged direct infringements by subscribers of Cox's Internet service. As such, Plaintiffs will have the burden at trial to prove that Cox subscribers unlawfully reproduced or distributed each of the works in suit. The primary evidence of this copying that Plaintiffs have pointed to is that their agent, MarkMonitor, determined that Cox subscribers were making copies of the works in suit available for sharing on peer-to-peer networks. But, as set forth in detail in Cox's summary judgment papers and in accompanying motions *in limine*, that evidence is fundamentally and fatally flawed and unreliable. Plaintiffs have indicated that they will also rely on over 160,000 notices of alleged copyright infringement that MarkMonitor sent to Cox during the claims period as evidence of direct infringement. However, this Court has already held that such notices are not, in and of themselves, evidence that a plaintiff's work was infringed. Therefore, in the event that Plaintiffs' claims survive summary judgment, Plaintiffs should be precluded from relying on these notices as proof of direct infringement or referring to them in any way that implies that they prove that Cox's subscribers infringed the works in suit. In addition, the Court should issue a limiting instruction when the notices are introduced into evidence that the notices do not prove that any Cox subscriber directly infringed any of Plaintiffs' works.

II. LEGAL STANDARD

"The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citing *United States v.*

*Verges,* No. 1:13-CR-222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)). The motion *in limine* is a party's avenue to "exclude evidence prior to the commencement of trial." *Palmer v. Big Lots Stores, Inc.*, No. 3:14-CV-276, 2015 WL 165315, at *1 (E.D. Va. Jan. 12, 2015). A motion *in limine* is the proper vehicle to request that the Court preclude a party from making specific representations about the nature of trial evidence. *Id*.

### III. ARGUMENT

In their summary judgment papers, Plaintiffs note that "[f]rom January 2012 through November 26, 2014, MarkMonitor detected hundreds of thousands of instances of infringement by Cox's subscribers and sent Cox 260,873 infringement notices. In the Claim Period alone, MarkMonitor sent Cox 163,148 infringement notices."[1] Plaintiffs argue that their notices are circumstantial evidence that the Cox subscribers identified in these notices directly infringed Plaintiffs' works.[2] They claim that these notices, in conjunction with the following *additional* evidence, lead to the "reasonable inference" that Cox subscribers directly infringed their works. They do not.

(1) MarkMonitor's "file verification[s] confirming that the audio file the Cox subscriber downloaded or distributed contains one of Plaintiffs' copyrighted works" and copies of the allegedly validated audio files;

(2) MarkMonitor's "infringement verification[s] confirming that the Cox subscriber was online, running and file sharing program, and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] *See* Plaintiffs' Opp. to Cox's Mot. for Summary Judgment, ECF No. 392 at 9, ¶ 20; *see also* Plaintiffs' Mot. for Summary Judgment, at 7, ¶ 14.
[2] *See* ECF No. 392 at 17.

███ [3]

It is unsurprising that Plaintiffs are relying on the totality of this evidence to attempt to prove the underlying infringements, as their own cited authorities recognize that notices such as Plaintiffs'—consisting of mere allegations of infringement—are insufficient, without more, to make a *prima facie* case of infringement. *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1105 n.9 (W.D. Wash. 2004) ("[N]otices alone do not … conclusively determine that the user is an infringer."); *see also, e.g., Capitol Records, Inc. v. MP3tunes, LLC*, 821 F. Supp. 2d 627, 639 (S.D.N.Y. 2011) (DMCA "notices themselves are not evidence of blatant infringement … .").

This Court recognized the same principle in ruling on the parties' summary judgment motions in the *BMG v. Cox* case. In determining that BMG had presented "enough evidence to raise a genuine issue of material fact as to whether Cox account holders directly infringed its exclusive rights," the Court credited BMG's evidence of 2.5 million infringement notices *in addition to* its evidence that "Rightscorp itself downloaded approximately 100,000 full copies of BMG's works using Cox's service." *BMG Rights Management (US) LLC v. Cox Commc'ns*, 149 F. Supp. 3d 634, 663 (E.D. Va. 2015). In so ruling, the Court credited a number of cases in which downloads by the plaintiff's agent of the allegedly infringing works—not merely accusations contained within an infringement notice—were used as circumstantial evidence of direct infringement. *Id*. at 664 (citing, *e.g., Warner Bros. Records, Inc. v. Walker*, 704 F. Supp. 2d 460, 467 (W.D. Penn. 2010) ("It is undisputed that MediaSentry … downloaded actual copies of nine of the Copyrighted Recordings from Defendant's computer, establishing unauthorized distribution as to those nine recordings) *and Interscope Records v. Leadbetter*, No. C05-1149, 2007 WL 1217705, at *4 (W.D. Wash. Apr. 23, 2007) (finding proof that MediaSentry downloaded

---

[3] *Id*. at 17-18.

copyrighted works was evidence of direct infringement)).

This Court reaffirmed this principle when the issue arose at the *BMG v. Cox* trial. Cox initially sought to preclude BMG from introducing Rightcorp's infringement notices into evidence at all because they were unreliable and constituted inadmissible hearsay, and, in the alternative, asked the Court to preclude BMG from "offering the notices as evidence or proof that infringements occurred" and "testifying or arguing that those notices show that Cox or its account holders infringed any copyrights."[4] The Court deferred its decision on Cox's motion *in limine* on the basis that "[i]t appears the notices may be business records or admissible with a limiting instruction, as the notices are relevant to several issues in Cox's case as well."[5]

Importantly, before BMG attempted to introduce the notices as evidence at trial, however, the Court affirmed that "[t]he evidence of the infringement is not going to be the notice itself," noting that the notices were "accusation[s] only" and "not offered for the truth of … whether or not there was an infringement."[6] The Court agreed with BMG that its direct infringement case would hinge on the functionality and accuracy of the Rightscorp system, and further held that "[t]he notices are a manifestation of the system. So we're not taking the notice itself and saying, here, it's accurate evidence of infringement."[7] The Court then set specific boundaries on BMG's introduction of the notices, ruling that its expert, Barbara Frederiksen-Cross, would not "be testifying about whether they're infringement or not. It's just about whether the information in the notices is accurate based on her investigation."[8] The Court also did not permit BMG to introduce

---

[4] Ex. 1 (*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, Case No. 1:14-cv-01611-LO-JFA, Docket ("*BMG* Dkt."), ECF 533).
[5] Ex. 2, *BMG* Dkt., ECF 676.
[6] Ex. 3, *BMG* Dkt., ECF 709; *see also* Ex. 4, *BMG* Trial Tr. at 230:1-21.
[7] *Id*. at 235:15-23.
[8] *Id*. at 239.

4

the entire volume of notices to the jury. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 199 F. Supp. 3d 958, 991 (E.D. Va. 2016). However, when the issue arose again during Frederiksen-Cross's testimony, the Court interrupted her "to instruct the jury of the distinction between the expert's use of the term infringement and the jury's ultimate decision." *Id.*; *see also* BMG Dkt. 709, BMG Trial Tr. 338:1-8 ("Infringement is one of the issues that you'll resolve on the basis of the testimony and the facts in the law that I give you[.]… [Y]ou'll be making the ultimate decision.").

While Cox's position is that a similar limiting instruction would remedy the issue in this case, it is appropriate that the Court rule on this issue at the motion *in limine* stage rather than waiting to instruct the jury during the trial.

*First*, Plaintiffs are in some respects following BMG's roadmap in their quest to hold Cox secondarily liable for copyright infringement, including hiring many of the same experts that were used by BMG. As in *BMG v. Cox*, Plaintiffs here have hired Frederiksen-Cross to opine on, among other things, how MarkMonitor generated and sent infringement notices to Cox. Given that her testimony in this case will be similar to her testimony in *BMG v. Cox*, it would promote judicial efficiency for the Court to set appropriate boundaries on the testimony of Frederiksen-Cross and other witnesses now rather than wait until they are called at trial.

*Second*, one significant difference between this case and *BMG v. Cox* is that here, Plaintiffs . Instead, Plaintiffs are relying on _____ .[9] However, this MarkMonitor evidence is both fatally flawed and inadmissible under Federal Rule of Evidence 1006, as set forth

---

[9] Dkt, 329, Cox's Motion for Summary Judgment, Statement of Undisputed Facts, ¶¶ 17-19.

in detail in Cox's summary judgment papers and in Cox's separate motion *in limine* to exclude this evidence. Because this evidence will either be excluded wholesale or strenuously cross-examined by Cox at trial, Plaintiffs here will likely rely more heavily (or entirely) on the notices as evidence of direct infringement by Cox subscribers—making it all the more appropriate that the Court rule on this issue now rather than wait for it to arise at trial.

*Third*, Plaintiffs have repeatedly argued that the notices sent to Cox by the RIAA "were made under penalty of perjury," complied with the DMCA, and included some amount of data, including "the identification of the Cox subscriber by IP address, the specific date and time of the infringing act, a cryptographic hash value pertaining to the file, a representative sample of what was infringed, and the P2P networked used."[10] This in and of itself is misleading (*i.e.*, because the only statement actually made under penalty of perjury was that "the RIAA is authorized to act on behalf of its member companies in matters involving the infringement of their sound recordings"),[11] and there is a danger that Plaintiffs' mischaracterization of the RIAA's notices as inherently trustworthy will lead the jury to mistakenly conflate the notices with evidence of direct infringement without an appropriate limiting instruction. A ruling and limiting instruction is therefore appropriate pursuant to Federal Rule of Evidence 403 to prevent "confusing the issues" and "misleading the jury."

## IV.     CONCLUSION

This Court has already held—and Plaintiffs have implicitly conceded—that notices such as those sent to Cox are merely allegations of infringement and insufficient, without more, to make a *prima facie* case of direct infringement. Therefore, Plaintiffs should be precluded from relying on these notices as proof of direct infringement or referring to them in any way that implies that

---

[10] *Id.* ¶ 20; *see also* Dkt, 313, Plaintiffs' Motion for Summary Judgment at 7, ¶ 14.
[11] *See* Cox's Opp'n to Plaintiffs' MSJ at 29 n. 22 and Response to SUF 14.

they prove that Cox's subscribers infringed the works in suit. In addition, the Court should issue a limiting instruction when the notices are introduced into evidence that the notices do not prove that any Cox subscriber directly infringed any of Plaintiffs' works.

Dated: October 19, 2019

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2019, a copy of the foregoing was served by email to Jeffrey Gould at jeff@oandzlaw.com, by party agreement, due to technical issues with the ECF system.

<u>*s/ Sean R. Anderson*</u>
Sean R. Anderson
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com
