# Exhibit 4

Case 1:18-cv-00950-PTG-JFA Document 404-4 Filed 10/21/19 Page 2 of 5 PageID# 22454
Case 1:14-cv-01611-LO-JFA Document 709 Filed 12/09/15 Page 1 of 150 PageID# 19101

95

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
---------------------------------:
                                 :
BMG RIGHTS MANAGEMENT (US) LLC,  :
et al.,                          :
            Plaintiffs,          :
                                 : Case No. 1:14-cv-1611
     vs.                         :
                                 :
                                 :
COX ENTERPRISES, INC., et al.,   :
            Defendants.          :
---------------------------------:
```

VOLUME 1 (p.m. portion)

TRIAL TRANSCRIPT

December 2, 2015

Before:  Liam O'Grady, USDC Judge

And a Jury

Norman B. Linnell/Julie A. Goodwin OCR-USDC/EDVA  (703)549-4626

230

1 MR. BUCKLEY: And the second issue, Your Honor, we're
2 clearly going to get into that, and we're going to want
3 limiting instruction on the hearsay issues that they're not
4 being offered for the truth. I don't believe they are, but as
5 soon as they start to come in and there's an expert talking
6 about them, I think the jury ought to hear that.
7 THE COURT: All right. Do you have any objection to
8 that from BMG's side of things? It's what I talked about doing
9 from the very start. The evidence of the infringement is not
10 going to be the notice itself. It's going to be the
11 Rightscorp's software system identifying what -- you know, the
12 hits that are received based on its code. Right?
13 MR. CARACAPPA: That's correct. She's going to talk
14 about the software. She's going to say this is what it does,
15 this is how it works, and then it spits out a notice.
16 THE COURT: So it's an accusation?
17 MR. CARACAPPA: Exactly.
18 THE COURT: Okay. All right. Then I'll give that
19 limiting instruction that it's an accusation only and that it's
20 not -- that portion of it is not offered for the truth of
21 the -- whether or not there was an infringement.
22 MR. CARACAPPA: Yeah. I mean, the notices themselves
23 are -- they're evidence of actual notice and we think -- we
24 think the software works and it is an accurate identification
25 of infringement.

Case 1:18-cv-00950-PTG-JFA Document 494-4 Filed 10/21/19 Page 4 of 5 PageID# 22456
Case 1:14-cv-01611-LO-JFA Document 709 Filed 12/03/15 Page 141 of 150 PageID# 19241

235

1  tables that are created with the data that's collected.  These
2  notices say, here's what that evidence is.  That is hearsay.
3  The notice itself is not proof of what the notice talks about.
4  Your Honor already ruled that.
5         So all we're asking for -- and this is what Rule 105
6  says -- is if they're going to wave the notices around, which
7  they've already been doing, and they said in their opening the
8  DMCA is shorthand for infringement.  They've already had their
9  expert on the stand referring to infringements, which she
10 shouldn't be doing.  Those are legal conclusions.  If they're
11 going to use them in that way, we're entitled to an instruction
12 under Rule 105 that says the notice itself isn't evidence of
13 anything.  It's not proof of an infringement.  If they want to
14 go and prove that up, they should do that.
15         THE COURT:  Well, they certainly are relevant in
16 their totality to the decision a jury will be making, and they
17 should come in in their complete form so the jury understands
18 what the Rightscorp system does.  And at the end of her
19 testimony, she -- well, in her direct she clearly is going to
20 testify that the system works and is accurate, and as a result
21 her opinion is, as she's already given, that these copyrighted
22 materials were all downloaded through the Cox system and are
23 infringing.
24         MR. BUCKLEY:  Your Honor, she shouldn't be able to
25 say that.  She can talk about facts.  She can talk about what

Case 1:18-cv-00950-PTG-JFA Document 494-4 Filed 10/21/19 Page 5 of 5 PageID# 22457
Case 1:14-cv-01611-LO-JFA Document 709 Filed 12/03/15 Page 145 of 150 PageID# 19245

239

1  information, so here we go.
2         Put it in a -- in a pleading tonight; give it to me
3  in the morning.  And both of you supplement your motion in
4  limine that you've filed already and tell me why the document
5  is independently admissible as a business record, if you
6  believe that it is; and if not, how it should be used.
7         If -- if we have not proven infringement yet, that's
8  a jury decision, then I believe Mr. Buckley is correct.  The
9  testimony of Ms. Frederiksen-Cross should be limited to her
10 talking about the accuracy of the system and the information it
11 generates and not going to the ultimate question of
12 infringement.  That's not her job.  She doesn't have firsthand
13 information.  She's not a lawyer.  It's a -- as Mr. Buckley
14 pointed out, it's an issue that the jury should decide that I
15 rarely ever give to an expert to make an ultimate
16 determination, and I did not mean by my questioning tonight to
17 suggest it should be.  I was merely asking about how far you
18 intended to go.
19        So there's two issues.  One is is it hearsay, should
20 we have a limiting instruction.  Is it independently -- are
21 they all independently admissible.  But at the end of the day
22 this is -- Ms. Frederiksen-Cross is not going to be testifying
23 about whether they're infringement or not.  It's just about
24 whether the information in the notices is accurate based on her
25 investigation.