# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

### COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### MOTION *IN LIMINE* NO. 8 TO EXCLUDE CERTAIN EVIDENCE RELATING
### TO  <u>PEER-TO-PEER TRAFFIC ON COX'S NETWORK</u>

■■■■■■■■■■■■■■

TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTUAL BACKGROUND ..................................................................... 1

III. LEGAL STANDARD ...................................................................................................... 7

IV. ARGUMENT ................................................................................................................... 7

    A. Cox's Use of Procera and Network Management Tools is No Longer a Live Issue in this Case ................................................................................... 7

    B. Excluding this Evidence Will Significantly Streamline the Trial ........................... 8

V. CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Intelligent Verification Sys., LLC v. Microsoft Corp.*,
   No. 2:12-CV-525, 2015 WL 1518099 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) .............................................................................................................. 7

*Palmer v. Big Lots Stores, Inc.*,
   No. 3:14-CV-276, 2015 WL 165315 (E.D. Va. Jan. 12, 2015) .................................................. 7

I.  INTRODUCTION

Despite taking significant discovery on these issues, Plaintiffs were unable to develop any evidence to show that Cox had the ability to (1) determine the content of any files uploaded or downloaded on peer-to-peer traffic on its network, or (2) block, shape, or otherwise manipulate peer-to-peer traffic. The only fact that emerged was that Cox used a network management tool called Procera to determine the volume of different types of traffic on its network, including the category of peer-to-peer traffic. Most importantly, Plaintiffs' expert ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, leaving no doubt that these are no longer live issues in the case. Because none of these issues are relevant to Plaintiffs' claims, and because excluding this evidence would significantly streamline the trial, Cox respectfully requests that the Court grant this motion *in limine*.

II.  RELEVANT FACTUAL BACKGROUND

In the discovery period, Plaintiffs attempted to develop evidence that Cox had the ability to identify infringing content and limit BitTorrent and other peer-to-peer traffic on its network, but failed to do so—presumably to buttress its vicarious infringement proof. In his opening report, Plaintiffs' expert Dr. Terrence P. McGarty ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1]

But in his June 13, 2019 reply report, Dr. McGarty ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Ex. 1 Expert Report of Terrence P. McGarty (Apr. 10, 2019), ¶ 46.

███████████.[2] Indeed, Dr. McGarty's only references to network management at all in this report were to clarify that ███████████████████████ and that the opinion in his opening report was limited to stating that Cox had the ███████████████████████.[3] He stated that he had ███████████████ with that information.[4]

At his deposition, Dr. McGarty went even further when questioned about his opinions on Procera. While he testified that ███████████████████████████████████████████████████████████████████ Dr. McGarty later testified that █████████████████████████████████████████████████"[6]

---

[2] Ex. 2, June 13, 2019 Expert Supplemental and Reply Report of Dr. Terrence P. McGarty.
[3] *Id.*, ¶¶ 44-45.
[4] *Id.*, ¶ 46.
[5] Ex. 3, Deposition of Dr. Terrence P. McGarty, 150:3-18.
[6] *Id.* at 151:22-152:19.

Dr. McGarty's abandonment of these opinions is unsurprising in light of the remainder of the evidentiary record, which did not support his initial opinions in the slightest.

First, on May 15, 2019, Cox's expert rebutted this portion of Dr. McGarty's report, laying out multiple reasons why it would have been implausible for Cox to take the action that Dr. McGarty suggested:

*First*, Dr. Almeroth  Operating a network tool like Procera "inline" means that the tool is directly in the path of packet flow and that each time a packet is received, it has to be analyzed and a decision has to be made on what should be done with the packet—which can be a huge strain on the network.[8] Because Cox deployed Procera "out-of-line" for network performance reasons ███████████████
███████████[9]

*Second*, Dr. Almeroth described several reasons why Cox did not have the ability to determine the content of any peer-to-peer traffic on its network, and specifically determine whether such content was infringing copyright:

---

[7] *Id.*, ¶¶ 107-08.
[8] *Id.*, ¶ 106. A "packet" is a unit of data that travels across the Internet.
[9] *Id.*, ¶¶ 106-08.
[10] Ex. 4, Expert Rebuttal Report of Dr. Kevin C. Almeroth (May 15, 2019), ¶¶ 98, 168, 170.

3



---

[11] *Id.*, ¶ 100.
[12] *Id.*, ¶ 109.
[13] *Id.*, ¶ 101, 168.

4

Dr. Almeroth concluded that ███████████████████████████████████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████[14]

Additional discovery taken by Plaintiffs affirms Dr. Almeroth's conclusion that ████

███████████████████████████████████████████████████████. For example, Plaintiffs took the deposition of Clint Summers, Cox's Director of Advanced Network Platforms who was designated as Cox's 30(b)(6) witness on topics relating to network management and monitoring and Cox's use of Procera specifically.[15]  Mr. Summers testified that █████

███████████████████████████████████████████████████████████████████

██████████████████████[16]  However, Mr. Summers confirmed that Cox ████████

███████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

██████[17]

Plaintiffs also took the deposition of Procera (now Sandvine (USA), Inc.), whose corporate representative also ██████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████

████████████████████████████[18]

Finally, Plaintiffs took the deposition of InCode, a firm that provides management consulting to companies in the telecommunications industry, including Cox.  At Cox's request, InCode ████████████████████████████████████████████████████████████

---

[14] *Id.*, ¶ 173.
[15] Ex. 5, May 8, 2019 Clint Summers Dep. Tr. at 7:18-9:14.
[16] *Id.* at 66:11-20.
[17] Ex. 4 Almeroth Report, ¶¶ 34, 105-108; Summers Dep. Tr. at 126:19-127:17.
[18] Ex. 6, Deposition of William Basquin at 67:10-68:2.

███████████████████████████████████████████████

███████████████████████████████████ Plaintiffs also questioned the InCode witness about Cox's knowledge and awareness of its subscribers uploading or downloading through peer-to-peer networks such as BitTorrent during or before their claims period and Cox's use of the Procera products. InCode testified that it ████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████

As noted above, after Plaintiffs' took this discovery, Dr. McGarty abandoned his initial opinions ████████████████████████████████████████████████ And in their summary judgment papers, Plaintiffs did not argue that Cox could have or should have used network management tools such as Procera. Indeed, their argument that Cox had the right and ability to supervise infringement occurring on its network was limited to claiming that "Cox expressly retained the right … to suspend or terminate its subscribers' access to Internet service."[21] Nor did Plaintiffs argue that Cox's use of network management tools was relevant to its knowledge of alleged infringements or any other aspect of contributory liability.[22]

However, Plaintiffs have indicated that they intend to call Dr. McGarty at trial, and that they may call the Procera and InCode witnesses, in addition to Mr. Summers.[23] Plaintiffs have

---

[19] Ex. 7, Deposition of Jorge Fuenzalida at 27:14-28:13.
[20] *Id.*
[21] *See* ECF No. 313, Plaintiffs' Motion for Summary Judgment at 29-30; *see also* Plaintiffs' Opp'n to Cox's MSJ at 37.
[22] *See id.* at 24-29.
[23] *See* ECF No. 222 (Plaintiffs' Witness List).

also designated a number of exhibits and deposition testimony relating to Procera and network management tools for trial.[24]

## III. LEGAL STANDARD

"The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), *aff'd sub nom. Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citing *United States v. Verges,* No. 1:13cr222, 2014 WL 559573, at *2 (E.D. Va. Feb. 12, 2014)). The motion *in limine* is a party's avenue to "exclude evidence prior to the commencement of trial." *Palmer v. Big Lots Stores, Inc.*, No. 3:14-CV-276, 2015 WL 165315, at *1 (E.D. Va. Jan. 12, 2015).

## IV. ARGUMENT

### A. Cox's Use of Procera and Network Management Tools is No Longer a Live Issue in this Case

As demonstrated above in Section II, despite taking significant discovery on these issues, Plaintiffs were not able to gather any evidence to show that Cox had the ability to (1) determine the content of any files uploaded or downloaded on peer-to-peer traffic on its network, or (2) block, shape, or otherwise manipulate peer-to-peer traffic. This is further evidenced by the fact that Dr. McGarty admitted that ███████████████████████████████████████ ████████████████████████████████████ Plaintiffs should be limited to presenting testimony from Dr. McGarty on the opinions that he actually proffered in his report and at deposition, and it is clear from these materials that he is not offering any opinion on Cox's ability

---

[24] ECF No. 231.

to determine the content of files traded on peer-to-peer networks or on what Cox should have done with respect to network management.

And to the extent that Plaintiffs intend to elicit testimony from any witness or present evidence with respect to Cox's general ability to determine the volume of peer-to-peer traffic on its network, the Court should preclude this evidence as well because it is completely irrelevant to Plaintiffs' claims and Cox's defenses. Plaintiffs have not (and could not) argue that Cox's generalized knowledge that a certain percentage of traffic on its network was peer-to-peer traffic could possibly give Cox actual knowledge of specific instances of infringement or the right and ability to supervise infringement occurring on its network—particularly given that BitTorrent and other peer-to-peer protocols can and are used to *legally* share content. And the fact that Plaintiffs' expert has explicitly backed away from his initial opinions on these issues alone demonstrates that this is no longer a live issue in this case.

### B. Excluding this Evidence Will Significantly Streamline the Trial

Precluding Plaintiffs from introducing this evidence will obviate the need to call Mr. Summers, InCode, or Sandvine (Procera) as trial witnesses because their deposition testimony was entirely limited to the topics described above. It will also significantly narrow the testimony both of Dr. Almeroth and Dr. McGarty. In light of the significant number of witnesses and the volume of evidence that *will* be necessary for Plaintiffs and Cox to present at trial, it is appropriate to eliminate this issue.

### V. CONCLUSION

For all of the foregoing reasons, Cox respectfully requests that the Court grant this motion *in limine* and preclude Plaintiffs from presenting evidence at trial that Cox has the ability to (1) determine the content of any files uploaded or downloaded on peer-to-peer traffic on its network,

or (2) block, shape, or otherwise manipulate peer-to-peer traffic, or evidence of Cox's general knowledge of the volume of peer-to-peer traffic on its network.

Dated: October 19, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 19, 2019, a copy of the foregoing was served by email to Jeffrey Gould at jeff@oandzlaw.com, by party agreement, due to technical issues with the ECF system.

      *s/ Sean R. Anderson*
Sean R. Anderson
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com