UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION *IN LIMINE* TO EXCLUDE COX PERFORMANCE EVALUATIONS AND
EVIDENCE RELATING TO FORMER EMPLOYEES' SEPARATION FROM COX**

I. **INTRODUCTION**

Plaintiffs intend to introduce at trial numerous employee performance evaluations relating to former Cox employees Joseph Sikes, Jason Zabek, and Roger Vredenburg, separation agreements relating to Sikes and Zabek, and testimony from Sikes and Zabek relating to the circumstances of their separation from Cox. Because any marginal relevance of these materials is outweighed by a significant possibility of confusing the jury and causing prejudice to Cox, the following evidence should be excluded pursuant to Federal Rule of Evidence 403:

- Plaintiffs' Trial Exhibits 371-428 (performance evaluations and self-evaluations);
- Plaintiffs' Trial Exhibit 429 (Letter Separation Agreement to J. Zabek); and
- Plaintiffs' Trial Exhibit 430 (Letter Separation Agreement to J. Sikes); and
- Trial testimony relating to the circumstances of Mr. Sikes and Mr. Zabek's separation from Cox.

Plaintiffs apparently intend to use the performance evaluations as evidence that Cox approved of the conduct of these employees in "declining to terminate repeat infringers" and have taken the position that this is relevant to the issues of willfulness and Plaintiffs' damages. *See* ECF No. 177 at 11 (Memorandum in Support of Plaintiffs' Motion to Compel); *see also* ECF No. 185 at 8-9 (Reply in Support of Plaintiffs' Motion to Compel).[1] Plaintiffs seek to introduce these performance evaluations, along with Cox employee emails taken out of context (which are the subject of a separate Cox motion *in limine*), as evidence that Cox endorsed certain communications or actions.[2] But Plaintiffs' reliance on these materials at trial would be prejudicial and would waste time and confuse the jury. They are also irrelevant to the issues in this case and lack any probative value. They should be excluded.

---

[1] *See also* Ex. 1 at 39:1-5 (June 28, 2019 Hearing Transcript on Plaintiffs' Motion to Compel).
[2] *See id.* at 39:7-20.

## II. PROCEDURAL HISTORY

During discovery, Plaintiffs sought the "[p]erformance reviews for Joseph Sikes, Jason Zabek, and Roger Vredenburg, three of Cox's former employees.[3] Cox objected to the production of these reviews as "not relevant to any party's claim or defense, including because it seeks information outside of Plaintiffs' Claim Period."[4] The Court subsequently ordered Cox to produce the performance evaluations, and Plaintiffs designated them and the separation agreements as trial exhibits as set forth above.[5]

## III. LEGAL STANDARD

"The purpose of a motion *in limine* is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015), aff'd sub nom. *Intelligent Verification Sys., LLC v. Majesco Entm't Co.*, 628 F. App'x 767 (Fed. Cir. 2016) (citing *United States v. Verges,* No. 1:13cr222, 2014 WL 559573, at *2 (E.D.Va. Feb. 12, 2014)). The motion *in limine* is a party's avenue to "exclude evidence prior to the commencement of trial." *Palmer v. Big Lots Stores, Inc.*, No. 3:14-CV-276, 2015 WL 165315, at *1 (E.D. Va. Jan. 12, 2015). Under Fed. R. Evid. 401, evidence is relevant if it has the tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Rule 402 states that "[i]rrelevant evidence is not admissible." And under Rule 403, even where evidence is relevant, "[t]he court may exclude [it] if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue

---

[3] *See* Ex. 2 (Plaintiffs' Third RFPs, Request No. 8).
[4] *See* Ex. 3 (Cox's objections to Plaintiffs' Third RFPs).
[5] *See* Ex. 1 at 39:1-5 (June 28, 2019 Hearing Transcript on Plaintiffs' Motion to Compel).

2

delay, wasting time, or needlessly presenting cumulative evidence." *See also Stetter v. Shalala*, 13 F. App'x 79, 86 (4th Cir. 2001) (affirming district court's exclusion of evidence because "its probative value was substantially out-weighed by the danger of unfair prejudice"); *see also Garraghty v. Jordan*, 830 F.2d 1295, 1298 (4th Cir. 1987) (finding that the district court properly excluded evidence as prejudicial because it was "clearly irrelevant as well as confusing").

### IV. PLAINTIFFS SHOULD BE PRECLUDED FROM RELYING ON THE PERFORMANCE EVALUATIONS AND EVIDENCE RELATING TO THE FORMER EMPLOYEES' SEPARATION FROM COX

#### A. The Evidence at Issue Is Not Relevant to Plaintiffs' Claims.

The performance evaluations and separation agreements are not relevant to any of Plaintiffs' claims. Plaintiffs seek to hold Cox liable for alleged acts of copyright infringement committed by various Cox Internet subscribers. Am. Compl., ¶ 10. To do so, Plaintiffs must prove that Cox had "actual knowledge of specific acts of infringement'" or, at a minimum, "[w]illful blindness of specific facts." *BMG Rights Mgt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F. 3d 293, 306, 310 (4th Cir. 2018); *see also Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072–73 (9th Cir. 2013); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1176 (9th Cir. 2007) (contributory infringement requires "*actual* knowledge that *specific* infringing material is available using its system") (emphases in original, citation omitted). Alternatively, Plaintiffs must establish that Cox had the right and ability to supervise the alleged actions of its subscribers and that infringement was a draw for subscribing to Cox's service. *BMG Rights Mgt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 673 (E.D. Va. 2015). How certain Cox employees evaluated themselves in their Self Evaluations, or were evaluated, is not relevant to Plaintiffs' claims of secondary infringement. Nor are the circumstances of certain Cox employees' separation from Cox relevant.

### B. Introduction of the Performance Evaluations Would Prejudice Cox and Mislead the Jury.

Even if this evidence was relevant to any issue in the case, any such value is outweighed by the substantial danger of confusing the jury, wasting time, and causing prejudice to Cox. *See* Fed. R. Evid. 403; *see also Kelly v. Boeing Petroleum Services, Inc.,* 61 F.3d 350 (5th Cir. 1995) ("even assuming some marginal relevance, such evidence has the substantial potential to confuse and mislead the jury and is calculated to arouse jury sympathy of the unfairly prejudicial genre").

As noted above, Plaintiffs apparently intend to use the performance evaluations to argue that Cox sanctioned or approved of certain statements made by former employees in emails taken out of context. There is no evidence in the record bearing out Plaintiffs' theory that Cox sanctioned or approved these statements, and the performance evaluations say no such thing. Introducing them to make a broad, generalized point that Cox sanctioned everything these former employees said or did will encourage the jury to impute these statements and conduct to Cox and make unwarranted and baseless inferences about Cox's actual position with respect to its response to infringement notices. The Fourth Circuit has held that evidence is unfairly prejudicial where it would "excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it." *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988). Instead of judging Cox's response to alleged copyright infringement based on the evidence in the record, the jury would be encouraged to base their judgment on Cox's system and response to alleged copyright infringement on its purported approval of the communications of certain former Cox employees. This is not the appropriate lens through which the jury should be judging Cox's liability for secondary infringement.

4

Moreover, Plaintiffs' introduction of evidence relating to the separation of Mr. Sikes and Mr. Zabek from Cox would be unfairly prejudicial for the same reason that the internal Cox emails referenced above would prejudice the jury against Cox if permitted to be introduced at trial. As set forth in detail in Cox's Motion *in Limine* No. 3, those communications do not relate to any of the alleged infringements in this case or Plaintiffs' works in this case, and Plaintiffs seek to introduce them not for their probative value but to inflame the jury.

## V. CONCLUSION

Based on the foregoing, the Court should exclude the following exhibits because any relevance is outweighed by a substantial danger of unfair prejudice to Cox and confusing the jury:

- Plaintiffs' Trial Exhibits 371-428 (performance evaluations and self-evaluations);

- Plaintiffs' Trial Exhibit 429 (Letter Separation Agreement to J. Zabek); and

- Plaintiffs' Trial Exhibit 430 (Letter Separation Agreement to J. Sikes); and

- Trial testimony relating to the circumstances of Mr. Sikes and Mr. Zabek's separation from Cox.

Dated: October 19, 2019

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2019, a copy of the foregoing was served by email to Jeffrey Gould at jeff@oandzlaw.com, by party agreement, due to technical issues with the ECF system.

*s/ Sean R. Anderson*
Sean R. Anderson
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: sranderson@winston.com
