# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANTS COX COMMUNICATIONS, INC.
AND COXCOM, LLC.**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs serve their First Set of Requests for Production of Documents and Things to Defendants Cox Communications, Inc. and CoxCom, LLC.  Plaintiffs request that Defendants respond in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court, and produce the documents hereinafter described at the offices of Oppenheim + Zebrak, LLP, 4530 Wisconsin Ave., 5th Floor, Washington, DC 20016, or at such other time and place as the parties may agree upon.

**DEFINITIONS**

Unless otherwise indicated, the following definitions apply to these requests:

1.    The term "Plaintiffs" refers collectively to Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI

April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc., Roadrunner Records, Inc., Warner Bros. Records Inc., Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., W.B.M. Music Corp., Unichappell Music Inc., Rightsong Music Inc., Cotillion Music, Inc., Intersong U.S.A., Inc., UMG Recordings, Inc., Capitol Records, LLC, Universal Music Corp., Universal Music – MGB NA LLC, Universal Music Publishing Inc., Universal Music Publishing AB, Universal Music Publishing Limited, Universal Music Publishing MGB Limited, Universal Music – Z Tunes LLC, Universal/Island Music Limited, Universal/MCA Music Publishing Pty. Limited, Universal – Polygram International Tunes, Inc., Universal – Songs of Polygram International, Inc., Universal Polygram International Publishing, Inc., Music Corporation of America, Inc. d/b/a Universal Music Corp., Polygram Publishing, Inc., Rondor Music International, Inc., and Songs of Universal, Inc. "Plaintiff" means any one or more of the Plaintiffs, as defined herein.

2.  The terms "you," "your," "Cox," "Defendant," or "Defendants" refer to Cox Communications, Inc. and CoxCom, LLC, their parents, subsidiaries, affiliates, officers, directors, agents, employees, and/or any other person or entity currently or previously acting or purporting to act on behalf of either defendant.

3.  The term "MarkMonitor" refers to MarkMonitor Inc., its parents, subsidiaries, affiliates, officers, directors, agents, consultants, employees, attorneys and accountants, and/or any

other person or entity currently or previously acting or purporting to act on its behalf. The term MarkMonitor also specifically includes DtecNet Inc. and Clarivate Analytics.

4. The term "BMG Litigation" refers to the litigation captioned as *BMG Rights Management (US) LLC, et al. v. Cox Enterprises, Inc., et al.* in the United States District Court for the Eastern District of Virginia (Case 1:14-cv-01611-LO-JFA).

5. The term "Customer Comments" refers to the notes in the "free form field in ICOMS that people can type information into" that reflect "notes from agents that interact with customers." April 10, 2019 Deposition of P. Jarchow at 21, 87.

6. The term "COPYOTHER" refers to allegations of copyright infringement as that termed is used by Cox in its abuse ticket handling procedure documents.

7. The term "ISP" means any business or organization that is an internet service provider.

8. The term "Subscriber" refers to any account holder or subscriber of your internet services.

9. The term "User" refers to any person that uses your internet services.

10. The term "Plaintiffs' Copyrighted Work" means any one or more of the works listed in Exhibit A and/or Exhibit B to the Complaint, including any future additions or revisions to Exhibit A and/or Exhibit B in subsequent pleadings or discovery responses.

11. The terms "person" or "persons" is defined as any natural person or business, legal or governmental entity or association. Unless otherwise stated, "person" or "persons" shall also include any individuals and entities which are separately defined in these Definitions. Any reference to a person shall also include that person's successors, assigns, personal representatives, and heirs, by operation of law or otherwise.

12. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a nonidentical copy is a separate document within the meaning of this term. "Document" specifically includes electronically stored information as defined in Rule 34(a).

13. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

14. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

15. "Any" should be understood to include and encompass "all," "all" should be understood to include and encompass "any," "or" should be understood to include and encompass "and," and "and" shall be understood to include and encompass "or."

16. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

17. The use of the singular form of any word shall include the plural and vice versa.

## INSTRUCTIONS

1. These requests shall be deemed to be continuing to the extent permitted by Rule

26(e) of the Federal Rules of Civil Procedure.

2.  Defendant is to produce documents comprising electronically stored information pursuant to the an agreed-upon protocol governing the production of electronically stored information and paper documents.

3.  Defendant is to produce entire documents, including attachments, enclosures, cover letters, memoranda, and appendices as they are kept in the usual course of business or, alternatively, organized and labeled to correspond to the category of documents requested.

4.  In response to each request, Defendant shall affirm whether responsive documents exist and have been, or shall be, produced.

5.  If Defendant deems any information, document, or communication requested by any of the following requests to be protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, doctrine, or immunity, please identify or describe: (a) the information, document, or communication you claim to be so protected by author, subject matter, date, number of pages, attachments, and appendices; (b) the names and job titles of all recipients of the information, document, or communication, including blind copy recipients and any individual to whom the information, document, or communication was distributed, shown, or explained; (c) the information, document, or communication's current custodian; and (d) all bases, factual and legal, upon which such protection allegedly rests. If you contend that only a portion of the information contained in a document is privileged, provide the portion that you do not contend is privileged.

6.  In the event that more than one copy of a document exists, Defendants shall produce the original and each non-identical copy of each document or other tangible thing requested herein, which is in Defendants' possession, custody, or control, or that of persons or entities under the

control of Defendants.

7.  Each discovery request shall be fully responded to unless it is in good faith objected to.  An objection must state with specificity the grounds for the objection and whether any responsive materials are being withheld on the basis of that objection.  An objection to part of a request (or a word, phrase, or clause contained in the request) must specify the part objected to and Defendants shall produce or permit inspection of the rest.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**     Cox Communications, Inc.'s complete audited financial statements for 2011-2014.  This request includes the full auditor reports, notes, letters, opinions and narrative discussions and explanations concerning the financial statements from which COX_SONY_00974168 through COX_SONY_00974176 are excerpted.

**REQUEST NO. 2**     Documents sufficient to show Cox's policies and procedures for charging customers reactivation fees after disconnecting or terminating high-speed internet service based on allegations of copyright infringement, from 2010 through 2014.

**REQUEST NO. 3**     Weekly or monthly abuse reports generated by abuse category (i.e., showing how many tickets concern DMCA/copyright infringement vs. phishing vs. spam, etc), described by Jason Zabek and Joseph Sikes in their depositions in the BMG Litigation.

**REQUEST NO. 4**     Documents sufficient to show all Customer Comments, from 2012 through 2014, concerning allegations of copyright infringement or COPYOTHER abuse complaints for the Cox Business customers identified in the ICOMS billing reports produced at COX_SONY_00973760 through COX_SONY_00973767, including the date and ICOMS ID associated with those Customer Comments.

**REQUEST NO. 5**     The expert reports of William Rosenblatt in the BMG Litigation,

served on behalf o Cox.

**REQUEST NO. 6**   All Documents concerning the circumstances under which Jason Zabek's, Joseph Sikes', Randall Cadenhead's and Roger Vredenburg's employment with Cox concluded, including but not limited to documents sufficient to show the date each's employment with Cox ended.

**REQUEST NO. 7**   All Documents concerning the conclusion of Jason Zabek's, Joseph Sikes', Randall Cadenhead's and Roger Vredenburg's employment with Cox, including but not limited to any agreements, notices of termination, resignation, severance, or payments.

**REQUEST NO. 8**   Performance reviews for Joseph Sikes, Jason Zabek, and Roger Vredenburg from 2010-2016.

Dated: May 24, 2019                                    Respectfully submitted,

*/s/ Jeffrey M. Gould*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
5225 Wisconsin Avenue, NW, Suite 503
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the foregoing was served via Electronic Mail on the 24th day of May, 2019, upon counsel of record.

Dated: May 24, 2019

                                                         */s/ Jeffrey M. Gould*