# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

*Plaintiffs*,

v.

COX COMMUNICATIONS, INC., *et al.*,

*Defendants*.

Case No. 1:18-cv-00950-LO-JFA

## COX'S MOTION TO SEAL

## I.      Plaintiffs and Third-Party Documents

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under temporary seal Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 2 to Preclude Evidence and Testimony Relating to Third-Party Infringement Notices (ECF No. 477); Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 4 to Preclude Evidence and Testimony of Infringement and Harm Other than that Allegedly Represented by the RIAA Notices (ECF No. 486), Exhibits 1-4, 6-14 to Cox's Motion *in Limine* No. 4 (ECF Nos. 486-1-4, 6-14);  Portions of Cox's Memorandum in Support of Its Motion *in Limine* No. 5 to Exclude Plaintiffs' Exhibit Number 39 (ECF No. 489); Exhibits 1-4 to Cox's Motion *in Limine* No. 5 (ECF No. 489-1-4); Portions of the Declaration of Thomas Kearney in Support of Cox's Motion *in Limine* No. 5 (ECF No. 489-5); Portions of Cox's Memorandum in Support of Its Motion *in Limine* No. 6 to Exclude Certain MarkMonitor Evidence (ECF No. 492); Exhibits 2-5, 7-13, 18  to Cox's Motion *in Limine* No. 6. (ECF No. 492-2-5, 7-13, 18); Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 8 to Exclude Certain Evidence Relating to Peer-to-Peer Traffic on Cox's Network (ECF

498), and Exhibits 1-3, 6-7 of Cox's *Motion in Limine* No. 8 (ECF No. 498-1-3, 6-7). As detailed below, these Memoranda, Declarations, and Exhibits contain information that has been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Plaintiffs, Cox, and/or third parties as either Confidential or Highly Confidential – Attorneys' Eyes Only.

Specifically, with this motion –

a) **Plaintiffs** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- Exhibits 1, 3-4 to Cox's Motion *in Limine* No. 5

- The hard drive referenced in Portions of the Declaration of Thomas Kearney in Support of Cox's Motion *in Limine* No. 5

- Exhibit 5, 11, 12 to Cox's Motion *in Limine* No. 6

- Exhibits 1-3, 5 to Cox's *Motion in Limine* No. 8

b) Pursuant to ECF 433, the parties were given 30 calendar days to make necessary redactions of the September 27, 2019 hearing before Mag. Judge Anderson.  Cox takes no position on the confidentiality of the contents of the transcript.  As the transcript is not yet publically available, Cox moves to file portions of it under temporary seal.  Portions of the transcript are attached as Exhibit 2 to Cox's Motion *in Limine* No. 6

c) The **Recording Industry Association of America** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- Exhibit 2 to Cox's Motion *in Limine* No. 5

- Exhibit 3, 8 to Cox's Motion *in Limine* No. 6

d) **MarkMonitor, Inc.** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- Exhibit 4, 9-11, 18 to Cox's Motion *in Limine* No. 6

e) **Audible Magic** designated the following documents as Highly Confidential – Attorneys' Eyes Only:

- Exhibits 7, 8, 13 to Cox's Motion *in Limine* No. 6

f) **Sandvine** designated the following document as Highly Confidential – Attorneys' Eyes Only:

- Exhibit 6 to Cox's Motion *in Limine* No. 8

g) **inCode** designated the following document as Highly Confidential – Attorneys' Eyes Only:

- Exhibit 7 to Cox's Motion *in Limine* No. 8

Cox takes no position on whether the above-referenced documents and information that are the subject of this motion are confidential, except with respect to information designated by Cox as Confidential or Highly Confidential – Attorneys' Eyes Only that is referenced in Plaintiffs' experts' reports and testimony, which were filed as Exhibits 1-3, 5, 13-14 to Cox's Motion *in Limine* No. 4, Exhibits 1, 4 to Cox's Motion *in Limine* No. 5, and Exhibit 5 to Cox's Motion *in Limine* No. 6. Cox files this Motion for the above-referenced documents based on Plaintiffs and third-party designations pursuant to the Protective Order. Thus, Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

1. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

2.      "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."  L. Civ. R. 5(C)(3).

3.      "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."  L. Civ. R. 5(C)(4).

4.      A proposed order.

## II.   <u>Cox's Documents</u>

Separately, Cox moves the Court to enter an order allowing Cox to file under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C) documents that were designated by Cox as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order, as outlined below:

- Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 2

- Exhibit 1 to Cox's Motion *in Limine* No. 2

- Exhibit 2 to Cox's Motion *in Limine* No. 3

- Portions of Cox's Memorandum in Support of its *Motion in Limine* No. 4

- Exhibit 6 to Cox's Motion *in Limine* No. 6

- Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 8

- Exhibit 4-5 to Cox's Motion *in Limine* No. 8

- Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 9 to Preclude Evidence Relating to Terminations for Non-Payment (ECF No. 501)

### a.   **"A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."**

- Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 2 contain highly confidential information concerning Cox's receipt of notices of alleged infringement from rights holders that are not at issue in this case, as captured by Cox's internal databases.

- Exhibit 1 to Cox's Motion *in Limine* No. 2 and Exhibit 3 to Cox's Motion *in Limine* No. 3 excerpt deposition testimony from former Cox employee Jason

Zabek concerning Cox's actions in responding to notices of alleged copyright infringement. If exposed, the testimony would reveal certain details about Cox's internal policies that are not available to the public.

- Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 4 contains highly confidential information concerning Cox's subscriber revenue and billing data that, if exposed, would reveal highly confidential and sensitive information unavailable to the public.

- Exhibit 6 to Cox's Motion *in Limine* No. 6 is Dr. Nick Feamster's Rebuttal Expert Report. Cox designated this document as Highly-Confidential – Attorneys' Eyes Only because it contains information designated by Audible Magic and MarkMonitor as highly-confidential.

- Portions of Cox's Memorandum in Support of its Motion *in Limine* No. 8 quote from or reference opinions by Plaintiffs' expert Dr. Terrence P. McGarty, which address Cox's graduated response, including its operation and internal processes. If exposed, it would reveal details about certain of Cox's internal business practices that are unavailable to the public.

- Exhibit 4 to Cox's Motion *in Limine* No. 8 is the Rebuttal Expert Report Dr. Kevin Almeroth, who was engaged, in part, to review Cox's graduated response system, including specific information about internal Cox processes and threats to the Cox network. Exhibit 5 to Cox's Motion *in Limine* No. 8 excerpt deposition testimony from Cox employee Clint Summers regarding Cox's subscribers and network activity. If exposed, they would reveal internal Cox business practices concerning Cox's graduated response and Cox's network not available to the public.

- Cox's Memorandum in Support of its Motion *in Limine* No. 9 references information regarding the number of subscribers Cox terminated for non-payment during the Claim Period that, if exposed, would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's financials and related sensitive business information.

**b.   "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Cox's sealing motion was publicly docketed before the hearing on the Cox's Motions *in Limine*.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only those limited identified exhibits and redacting only portions of the specified Motions *in Limine*.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the documents and/or information at issue as Highly Confidential or Confidential pursuant to the Protective Order in this case. Cox also meets the third requirement because the documents contain confidential proprietary information that, if exposed, could provide competitors in the market with an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

**c.   "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm Cox or reveal personal details about its subscribers.

**d.   A proposed order attached hereto.**

Dated: October 21, 2019                    Respectfully submitted,

                                           */s/ Thomas M. Buchanan*
                                           Thomas M. Buchanan (VSB No. 21530)
                                           WINSTON & STRAWN LLP
                                           1700 K Street, NW
                                           Washington, DC 20006-3817
                                           Tel: (202) 282-5787
                                           Fax: (202) 282-5100
                                           Email: tbuchana@winston.com

                                           *Attorney for Cox Communications, Inc.*
                                           *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tekearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on October 21, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users and by Email to counsel for Sandvine and inCode Consulting.

<u>*/s/ Thomas M. Buchanan*</u>
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*
