IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| SONY MUSIC ENTERTAINMENT, et al.,  ) | |
| ) | |
| *Plaintiffs*,  ) | |
| ) | |
| v.  ) | Case No. 1:18-cv-950 |
| ) | |
| COX COMMUNICATIONS, INC., et al.,  ) | |
| ) | |
| *Defendants*.  ) | |
| ) | |

## ORDER

This matter comes before the Court on Plaintiff's Motions to Strike Portions of the Declarations of Thomas Kearney and the Declaration of Thomas Patrick Lane (Dkts. 388, 420). The matter is fully briefed on a consolidated briefing schedule, and the Court finds that oral argument will not aid in the resolution of the motions.

Defendant Cox attached a Declaration from Mr. Kearney, Of Counsel at Winston & Strawn LLP, to its Motion for Summary Judgment (Dkt. 328). Similarly, it attached a Declaration from Mr. Lane, Partner at Winston & Strawn LLP, as well as another Declaration from Mr. Kearney to its Opposition to Plaintiff's Motion for Summary Judgment (Dkt. 393).

While an attorney affidavit or declaration is permissible at summary judgment, that is so "only if the facts stated are matters of which the attorney has knowledge." *Clark v. Cty. of Tulare*, 755 F.Supp.2d 1075, 1084 (E.D. Cal. 2010) (citing *Rountree v. Fairfax County Sch. Bd.*, 933 F.2d 219, 223 (4th Cir. 1991)). Regarding all potential declarants, "statements made on belief or 'on information and belief,' cannot be utilized on a summary judgment motion. Similarly, the mere reargument of a party's case or the denial of an opponent's allegations will

be disregarded." 10B CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2738 (4th ed. 2019). The Fourth Circuit holds that "[t]he absence of an affirmative showing of personal knowledge of specific facts vitiates the sufficiency of the affidavits" when considering summary disposition. *Antonio v. Barnes*, 464 F.2d 584, 585 (4th Cir. 1972).

Defendants offer these attorney declarations in direct conflict with governing law, regardless of how the parties characterize the proffered testimony and incorporated exhibits under the Federal Rules of Evidence. Indeed, the Lane Declaration and the arguments and summaries identified by Plaintiffs in Mr. Kearney's Declarations are barred in large part under Federal Rule of Civil Procedure 56(c). They are also inadmissible for several other reasons stated in Plaintiffs' filings, including improper attorney argument and lack of personal knowledge as required by the Fourth Circuit.

The pending motions request that the Court strike the Lane Declaration in its entirety, as well as portions of Mr. Kearney's first and second declarations as delineated in list form at the conclusion of Plaintiff's Consolidated Reply Brief (Dkt. 506 at 14-15). Based on the above reasoning, Plaintiffs' motions are hereby **GRANTED** as requested.

While the Court will not consider them with respect to summary judgment, the exhibits named in this dispute may be reconsidered for admissibility at trial if the parties deem it appropriate.

It is **SO ORDERED.**

October 23, 2019  
Alexandria, Virginia

Liam O'Grady  
United States District Judge

2