## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

     Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

     Defendants.

Case No. 1:18-cv-00950-LO-JFA

### DECLARATION OF JEFFREY M. GOULD

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1.     I am Senior Counsel at Oppenheim + Zebrak, LLP, and am admitted to practice law in the District of Columbia, among other jurisdictions.  I am counsel for Plaintiffs in the above-captioned case.

2.     I submit this declaration in support of Plaintiffs' Omnibus Memorandum in Opposition to Cox's Motions *in Limine* Numbers 1-10.

3.     A true and correct copy of an excerpt from the transcript of the August 13, 2015 deposition of William Basquin is attached hereto as **Exhibit 1**.

4.     A true and correct copy of excerpts from the Expert Supplemental and Reply Report of Dr. Terrence P. McGarty is attached hereto as **Exhibit 2**.

5.     A true and correct copy of the Fourth Circuit's February 1, 2018 Order in *BMG* ("*BMG III*," published as *BMG Rights Mgmt. (US) LLC v. Cox Communications, Inc.*, 881 F.3d 293 (4th Cir. 2018)) is attached hereto as **Exhibit 3**.

6.      A true and correct copy of this Court's Aug. 21, 2018 Order in *BMG* ("*BMG II*," BMG ECF No. 1018) is attached hereto as **Exhibit 4**.

7.      A true and correct copy of excerpts from the December 7, 2015 *BMG* trial transcript is attached hereto as **Exhibit 5**.

8.      A true and correct copy of excerpts from the December 1, 2015 *BMG* hearing transcript is attached hereto as **Exhibit 6**.

9.      A true and correct copy of excerpts from the April 5, 2019 deposition transcript of Sanford A. Mencher is attached hereto as **Exhibit 7**.

10.     A true and correct copy of excerpts from the Expert Reply Report of William H. Lehr, Ph.D. is attached hereto as **Exhibit 8**.

11.     A true and correct copy of excerpts from the May 3, 2019 deposition transcript of Michael Abitbol is attached hereto as **Exhibit 9**.

12.     A true and correct copy of excerpts from the May 24, 2019 deposition transcript of David Kokakis is attached hereto as **Exhibit 10**.

13.     A true and correct copy of excerpts from the June 13, 2019 deposition transcript of Sam Bahun is attached hereto as **Exhibit 11**.

14.     The '431 Spreadsheet (DX 141, PX 11), which is the subject of Cox's MIL No. 6, is large, by both volume and physical size as it contains more than 56,000 entries spanning four separate worksheets.  To avoid burdening the Court with yet another motion seeking an exemption from filing via ECF, and re-submitting yet another voluminous exhibit outside of ECF, Plaintiffs respectfully refer the Court to ECF No. 329-1 (Ex. 39), submitted by Cox on portable drives, for a native copy of the complete '431 Spreadsheet.  For the Court's convenience, Plaintiffs also attach hereto a true and correct copy of Exhibit G to the Declaration of Diana Hughes Leiden (ECF No.

239-5) as **Exhibit 12**, submitted in support of Cox's sanctions motion, containing a screenshot of columns A-S of the '431 Spreadsheet.  I have reviewed these screenshots and confirm that they accurately reflect the columns in the '431 Spreadsheet.

15.     A compilation of true and correct copies of Plaintiffs' trial exhibits that are the subject of Cox's MIL No. 2 is attached hereto as **Exhibit 13**.  Cox moves to exclude these and other exhibits, but did not submit the exhibit for the Court's review.  These exhibits are identified in Plaintiffs' Rule 26(a)(3) Trial Exhibit List (ECF No. 234) as PX 20–22 (excerpts of PX 19), PX 35–PX 36 (excerpts of PX 34), PX 38, PX 279, PX 285, PX 299, and PX 300.  Plaintiffs do not attach PX 19 and PX 34, which are voluminous documents that would require another exemption from filing through ECF.  PX 19 is a spreadsheet with 570,263 rows of data, and has been previously submitted via hard drive as Exhibit 39 to Plaintiffs' Motion for Summary Judgment (ECF No. 312).  PX 34 is a 7-gigabyte file containing 14.8 million records and generally require specialized software to open; if the Court would like a copy of the entire file, Plaintiffs can provide it.

16.     A compilation of true and correct copies of Plaintiffs' trial exhibits that are the subject of Cox's MIL No. 3 is attached hereto as **Exhibit 14**.  Cox moves to exclude these and other exhibits, but did not submit any of the exhibits for the Court's review.  The exhibits are identified in Plaintiffs' Trial Exhibit List as PX 245, PX 253, PX 254, PX 262, PX 263, PX 265, PX 277, PX 278, PX 279, PX 283, PX 287, PX 293, PX 294, PX 303, PX 304, PX 305, PX 306, PX 307, PX 308, PX 321, PX 322, PX 335, PX 336, PX 340, PX 341, PX 342, PX 345, PX 346, and PX 347.

17.     A compilation of true and correct excerpts of Plaintiffs' trial exhibits that are the subject of Cox's MIL No. 10 is attached hereto as **Exhibit 15**.  Cox moves to exclude these and

other exhibits, but did not submit the exhibit for the Court's review.  These exhibits are identified in Plaintiffs' Trial Exhibit List as PX 375, PX 381, PX 382, PX 392, PX 417, PX 428, PX 429, and PX 430 and highlighted excerpts are included in Exhibit 15.

18.     A true and correct copy of excerpts from a presentation titled "Cox High Speed Internet Data Usage Assessment" dated April 2, 2011 (PX 212) is attached hereto as **Exhibit 16**. For the Court's convenience, the relevant portions are highlighted.


Executed on October 30, 2019 in Washington, District of Columbia.


_____
                              */s/ Jeffrey M. Gould*