# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| BMG RIGHTS MANAGEMENT (US) LLC, *et al.*, | )<br>)<br>) |
| *Plaintiffs*, | ) Civil No. 1:14-cv-1611 |
| v. | )<br>) Hon. Liam O'Grady |
| COX ENTERPRISES, INC., *et al.*, | ) |
| *Defendants*. | ) |

## ORDER

This matter comes before the Court on Cox's Motion to Preclude Evidence and Testimony as to Certain Internal Cox Emails and Communications Concerning Cox's Termination Policies and Treatment of Alleged Infringers (Dkt. 936). For the reasons explained below, the motion is **DENIED**.

Cox seeks to preclude BMG from introducing certain emails that Cox considers irrelevant. Cox argues that the Fourth Circuit has "clarified the legal standards for knowledge and willful blindness to focus the inquiry on 'specific instances of infringement.'" Dkt. 937 at 1. Because "[n]one of the emails at issue . . . concerns any BMG work at issue," Cox argues, "none is relevant to actual knowledge." *Id.* at 2. Cox also argues that the emails are not relevant to "any deliberate action Cox took that could have willfully blinded it to specific instances of infringement of any works at issue here." *Id.*

The Court finds that the emails at issue are highly probative on the issue of willfulness and willful blindness, and that their probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

1

needlessly presenting cumulative evidence. Fed. R. Evid. 403. Evidence of Cox's overall system for addressing infringement (including evidence showing that Cox knew of a high probability that users identified in infringement notices were in fact infringers and evidence showing that Cox did not want to see infringement notices because it did not want to take action against subscribers) is relevant to whether Cox consciously avoided learning about specific instances of infringement.

The Court finds, as it has found before, that the emails Cox seeks to preclude contribute to a complete understanding of Cox's policies regarding infringement, which includes Cox's decision to blacklist Rightscorp, and that Cox should not be able to characterize its response to infringement notices as made in good faith while preventing the jury from seeing evidence to the contrary. *See* Dkt. 977 at 10 ("It is not appropriate to separate out the blacklisting of Rightscorp and assume as a matter of law that it was motivated by intentions different from those underlying the rest of Cox's system for ignoring infringement.").[1]

Perhaps anticipating this ruling, Cox alternatively asks the Court to limit the admission of emails to those sent between February 5, 2012 (when Rightscorp sent the first notices for BMG's works at issue) and November 26, 2014 (when BMG filed suit). Dkt. 937 at 7. Cox argues that such a time limitation is warranted because "[t]his is the period during which *all* relevant alleged infringements occurred, and the only period during which Cox could, even in theory, have willfully blinded itself to relevant specific instances of relevant [sic] infringement." *Id.* But Cox's internal policies and procedures related to infringement were of course established prior to February 5, 2012, and it is those policies and procedures that Cox applied when it received

---

[1] Cox states, "Cox believes that the evidence will show that the notices were blocked in good faith and for legitimate reasons. BMG disagrees. The jury will decide who is right." Dkt. 982 at 1. The jury is entitled to see evidence supporting both parties' positions before it makes its decision.

2

notices of infringement for BMG's work at issue. The emails are therefore relevant to the question of whether Cox blinded itself to infringement of specific BMG works.

As to Cox's position that "arguments based on evidence from outside the relevant time period, for works not at issue, amounts to the type of improper 'propensity' character evidence" that is prohibited by the Federal Rules of Evidence (Dkt. 937 at 9), the Court finds that the emails would demonstrate not that Cox is liable for infringing BMG's copyrights because it infringed other works, but rather would go to show whether Cox consciously avoided learning about specific instances of infringement.

Finally, in regard to the specific emails from Jason Zabek and Joe Sikes, which Cox characterizes as containing "coarse, intemperate, or sensationalized language," the Court finds that any prejudicial impact of the emails is insufficient to outweigh their probative value.

Therefore, having considered the parties' arguments and the record in this case, and for good cause shown, the Court hereby **DENIES** Cox's Motion to Preclude Evidence and Testimony as to Certain Internal Cox Emails (Dkt. 936).

It is **SO ORDERED.**

August 21, 2018
Alexandria, Virginia

Liam O'Grady
United States District Judge

3