UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**PLAINTIFFS' MOTION FOR SEALING**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing them to file under seal or temporary seal certain documents or portions of documents (identified below), which cite to, discuss, or disclose information that has been designated as Highly-Confidential – Attorneys' Eyes Only or Confidential under the Stipulated Protective Order (ECF No. 58) (the "Protective Order"), as identified below:

- Portions of Plaintiffs' Omnibus Memorandum in Opposition to Cox's Motions in Limine Nos. 1-10 (the "Opposition") (ECF No. 538)

- Portions of the Declaration of Vance Ikezoye in Support of the Opposition ("Ikezoye Declaration") (ECF No. 538-2)

- Portions of the Declaration of Samuel Bahun in Support of the Opposition ("Bahun Declaration") (ECF No. 538-1)

- Exhibits 1, 2, and 7 through 16 of the Declaration of Jeffrey Gould (ECF Nos. 538-3 through 538-14)

For documents designated confidential by Cox, third party Sandvine (USA), Inc. (formerly Procera), or third party InCode (a division of Ericsson), Plaintiffs take no position as to whether

sealing is warranted. Rather, Plaintiffs are seeking the Court's leave to file those documents under temporary seal to comply with the Protective Order and to allow the designating party to respond and explain why such sealing is necessary.

> I. **Plaintiffs' and MarkMonitor's "Highly Confidential – Attorneys' Eyes Only" and "Confidential" information warrant sealing.**

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. Va. Local Rule 5(C). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,
>
> (2) consider less drastic alternatives to sealing the documents, and
>
> (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled on the underlying motion, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. The following documents, and portions of the Opposition and Gould Declaration that cite to or discuss them, contain information designated by Plaintiffs, MarkMonitor and/or Audible Magic under the Protective Order and should be sealed:

| | |
|---|---|
| Gould Ex. 9: | Excerpts from the deposition transcript of Michael Abitbol |
| Gould Ex. 10: | Excerpts from the deposition transcript of David Kokakis |
| Gould Ex. 11: | Excerpts from the deposition transcript of Samuel Bahun[1] |
| Gould Ex. 12: | Screenshot of columns A-S of the '431 spreadsheet[2] |
| ECF No. 538-1: | Portions of the declaration of Samuel Bahun[3] |
| ECF No. 538-2: | Portions of the declaration of Vance Ikezoye[4] |

Specifically, the Michael Abitbol and David Kokakis deposition transcript excerpts discuss or disclose non-public and commercially sensitive aspects of how their companies' value their assets and mitigate business risk. In addition, the deposition transcript of Samuel Bahun, the declaration of Samuel Bahun, and the screenshot of columns A-S of the '431 spreadsheet disclose highly sensitive and proprietary aspects of MarkMonitor's system for identifying and gathering evidence of infringement on peer-to-peer networks, non-public aspects of Audible Magic's fingerprinting technology and confidential business decisions of plaintiffs and non-parties. This information is not available to the public, commercially sensitive, and subject to express confidentiality obligations in agreements with third parties. Further, the public has no legitimate need to access this highly confidential and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly filed

---

[1] Excerpts from the deposition transcript of Samuel Bahun have been previously granted sealing protection by this Court. ECF Nos. 279, 517, 518, 522.
[2] This exhibit has been previously granted sealing protection by this Court. ECF No. 517.
[3] This exhibit has been previously granted sealing protection by this Court. ECF Nos. 517, 518, 522.
[4] This exhibit has been previously granted sealing protection by this Court. ECF Nos. 517, 518.

pleadings and numerous declarations from parties and nonparties.

If made publicly available, this information could be used to unfairly compete with Plaintiffs, MarkMonitor, and/or Audible Magic, such as by giving non-affiliated third parties in advantage in negotiating position or the opportunity to use trade secrets developed by others.

## II.     Information Designated by Cox and/or Third Parties Under the Protective Order

Plaintiffs also move the Court to enter an order allowing them to file under seal the following documents, and portions of the Opposition and Gould Declaration that cite to or discuss them, which Cox and/or third parties designated under the Protective Order:

| | |
|---|---|
| Gould Ex. 1: | Excerpts from the Aug. 13, 2015 deposition of William Basquin, Procera's 30(b)(6) designee in BMG v. Cox |
| Gould Ex. 2: | Excerpts from the Expert Supplemental and Reply Report of Dr. Terrence P. McGarty – Plaintiffs designate this report confidential due to inclusion of information designated confidential by Cox. |
| Gould Ex. 7: | Excerpts from the April 5, 2019 deposition transcript of Sanford A. Mencher, Cox's 30(b)(6) designee |
| Gould Ex. 8: | Excerpts from the Expert Reply Report of William H. Lehr, Ph.D. - Plaintiffs designate this report confidential due to inclusion of information designated confidential by Cox. |
| Gould Ex. 13: | PX-19, PX-20, PX-21, PX-22, PX-34, PX-35, PX-36, PX-38, PX-279, PX-285, PX-299, and PX-300 |
| Gould Ex. 14: | PX-245, PX-253, PX-254, PX-262, PX-263, PX-265, PX-277, PX-278, PX-279, PX-283, PPX-287, PX-293, PX-294, PX-303, PX-304, PX-305, PX-306, PX-307, PX-308, PX-321, PX-322, PX-335, PX-336, PX-340, PX-341, PX-342, PX-345, PX-346, and PX-347 |
| Gould Ex. 15: | PX-375, PX-381, PX-382, PX-392, PX-417, PX-428, PX-429, and PX-430 |
| Gould Ex. 16: | PX-212 |

Plaintiffs take no position as to whether the documents above should be sealed. Rather, Plaintiffs request sealing to comply with the Court's Protective Order in this action and to allow the designating party or parties to respond and explain why such sealing is necessary. Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party

4

has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

    a.    "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

    b.    "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).

    c.    "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).

    d.    A proposed order.

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Seal.

Respectfully submitted,

Dated October 30, 2019

*/s/ Scott. A Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*

Case 1:18-cv-00950-PTG-JFA   Document 541   Filed 10/30/19   Page 6 of 6 PageID# 23921