# Exhibit L

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
           Plaintiffs,           :
                                 :
     -vs-                        :   Case No. 1:18-cv-950
                                 :
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
           Defendants.           :
                                 :
---------------------------------:
```

HEARING ON MOTIONS

January 25, 2019

Before:  John F. Anderson, U.S. Mag. Judge

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, Jeffrey M. Gould,
and Kerry M. Mustico, Counsel for the Plaintiffs

Thomas M. Buchanan, Jennifer A. Golinveaux, and
Sean R. Anderson, Counsel for the Defendants

Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626

Case 1:18-cv-00950-RTG-JFA Document 542-12 Filed 10/30/19 Page 3 of 5 PageID# 24000
Case 1:18-cv-00950-LO-JFA Document 93-1 Filed 02/01/19 Page 20 of 87 PageID# 2081

20

```
 1            MR. OPPENHEIM:  Anyway.  You understand -- we
 2   appreciate Your Honor understands that.  Very well.
 3            THE COURT:  I was confused, you were confused, but we
 4   are going to deal with these issues directly.
 5            MR. OPPENHEIM:  Very well.  So the defendants want
 6   this information, they say, because they want to put an actual
 7   damages analysis in front of a jury.  So they say, let us get
 8   the historical revenue information.  That, Your Honor, however,
 9   it's a non sequitur.  Right.  The fact that they want an actual
10   damages analysis has nothing to do with the historical revenue
11   streams.  Right.  Historical revenue streams won't help anybody
12   do an actual damages analysis.
13            If you want to do an actual damages analysis and you
14   want to figure out what the lost revenues were, you would say,
15   okay, what would be the revenues per, per lost digital download
16   or per lost stream, multiplied times the number of losses.
17   Right.  How many distributions did each of their subscribers
18   make.  And it's a calculus, it's a simple mathematical
19   equation.  And there are two -- there are two variables.
20            So the historical information doesn't help inform
21   either one of those variables.
22            THE COURT:  It may.  I mean, if there is a
23   copyrighted work in which there has been no revenue for four
24   years, don't you think that's going to be significant?
25            MR. OPPENHEIM:  No, Your Honor, because if there is
```

Case 1:18-cv-00950-PTG-JFA Document 542-12 Filed 10/30/19 Page 4 of 5 PageID# 24001
Case 1:18-cv-00950-LO-JFA Document 93-1 Filed 02/01/19 Page 61 of 87 PageID# 2122

61

```
 1  is very simple.  It's just the master agreement, the individual
 2  agreements, and any correspondence that relates to it.  And
 3  that's what we said in the meet and confer.  That's what we
 4  want.  It can't be that many documents.
 5           We don't want the whole history of every phone call
 6  and every e-mail.  What we want is what ultimately happened
 7  because in their complaint, as I said before --
 8           THE COURT:  All right.
 9           MR. BUCHANAN:  -- they constantly say, we're
10  arbitrary, unreasonable in the way we handled complaints and
11  notices.
12           So it is pretty narrow, and we narrowed it in our
13  reply to try to capture and boil down what we thought was
14  ultimately relevant.
15           Thank you, Your Honor.
16           THE COURT:  All right.  Well, I think many of the
17  document requests that were served relating to this are
18  certainly overbroad, unduly burdensome, and I wouldn't require
19  additional responses.
20           The ones that do have some more, I would say,
21  reasonable basis for consideration or narrowing are 167 and 168
22  and 169.  Taking those ones into consideration, I am going to
23  require that the plaintiffs produce a copy of the memorandum of
24  understanding concerning CAS, which I assume is this July 6,
25  2011 memorandum of understanding, their -- if it's in their
```

Case 1:18-cv-00950-PTG-JFA Document 542-12 Filed 10/30/19 Page 5 of 5 PageID# 24902
Case 1:18-cv-00950-LO-JFA Document 93-1 Filed 02/01/19 Page 62 of 87 PageID# 2123

62

```
 1  possession, custody, or control.
 2          Any implementation agreements that they may have had
 3  with CAS.  So if the individual plaintiffs had any other
 4  implementation agreements with CAS, they should be provided.
 5          And documents that would be sufficient to show.  And
 6  that is not all documents relating to, but documents sufficient
 7  to show whether they were a signatory or member of this CAS
 8  organization from 2013 and 2014, at any time during that time
 9  period.
10          Yes, sir.
11          MR. OPPENHEIM:  Your Honor, we -- they already have
12  the memorandum of understanding, we provided it.
13          But with respect to the last point you made, whether
14  they were a participant, you are referring to the plaintiff
15  parties, not the defendant -- I'm just trying to understand.
16          THE COURT:  No, I know the defendant wasn't a party
17  to it.  And there are multiple plaintiffs in the case.  So we
18  need -- each plaintiff needs to get on the record as to whether
19  they were or weren't part of this.  Okay.
20          MR. OPPENHEIM:  Understood, Your Honor, we will
21  provide that in the form of an interrogatory type affirmation,
22  be all right, Your Honor?
23          THE COURT:  I think so.  The documents, obviously,
24  you need to -- the implementation agreements and the memorandum
25  of understanding, if there are any implementations.
```