UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

*Plaintiffs*,

v.

COX COMMUNICATIONS, INC., *et al.*,

*Defendants*.

Case No. 1:18-cv-00950-LO-JFA

**DEFENDANTS' MOTION TO SEAL**

I. **Plaintiffs and Third-Party Documents**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under temporary seal an unredacted version of Cox's Memorandum of Law in Support of its Opposition to Plaintiffs' Omnibus Motion *in Limine* ("Opp. Mem.") and certain exhibits thereto ("Exhibits"). Cox does not seek to seal those exhibits attached to the Opp. Mem. for which the Court has already granted or denied sealing protection.

As detailed below, the Opp. Mem. and Exhibits contain information that has been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Plaintiffs, Cox, and/or third parties as Highly Confidential – Attorneys' Eyes Only.

Specifically –

a) **Plaintiffs** designated the following document as Highly Confidential – Attorneys' Eyes Only:

- **Exhibit U** – Excerpts from the Deposition Transcript of Barbara Frederiksen-Cross.

b) Third-party the Recording Industry Association of America ("RIAA) designated the following document as Highly Confidential – Attorneys' Eyes Only:

- **Exhibit I** – Excerpts from the Deposition of Steven Marks.

c) Third-party Jill Lesser designated the following document as Highly Confidential – Attorneys' Eyes Only:

- **Exhibit J** – Excerpts from the Deposition of Jill Lesser.

d) Third-party Stroz Friedberg designated the following document as Highly Confidential – Attorneys' Eyes Only:

- **Exhibit M** – Excerpts from the Deposition of Samuel Rubin.

e) Third-party Audible Magic designated the following document as Highly Confidential – Attorneys' Eyes Only:

- **Exhibit X** – Excerpts from the Deposition of Vance Ikezoye.

f) Third-party Audible Magic designated the following document as Highly Confidential – Attorneys' Eyes Only:

- **Exhibit S** – Excerpts from the Deposition of Slawomir Paszkowski.

g) Cox designated the following documents as Highly Confidential – Attorneys' Eyes Only because they may contain information deemed confidential by Plaintiffs and/or third parties.

- **Exhibit F** – FAQ's on The Center for Copyright Information and Copyright Alert System, Bates No. COX_SONY_00006140.  This document may contain information deemed confidential by Plaintiffs and/or third-parties.

- **Exhibit T** – Dr. Nick Feamster's Rebuttal Expert Report. This document may contain information deemed confidential by Audible Magic and MarkMonitor.

Pursuant to ECF 433 and 535, the parties were given 30 calendar days to make necessary redactions to the September 24, 2019 and October 25, 2019 hearing transcripts. Cox takes no position on the confidentiality of the portions of the transcripts in the Opp. Mem. or attached as Exhibits. As the transcripts are not yet publically available, Cox moves to file portions of them under temporary seal. Portions of the transcripts are attached as **Exhibits K and R**.

Cox takes no position on whether the above-referenced documents and information that are the subject of this motion are confidential. Rather, Cox files this Motion for the above-referenced documents based on Plaintiffs' and third-party designations pursuant to the Protective Order. Thus, Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

1. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

2. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." L. Civ. R. 5(C)(3).

3. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." L. Civ. R. 5(C)(4).

4. A proposed order.

Separately, Cox moves the Court to enter an order allowing Cox to file under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C) **Exhibit B**, excerpts from the deposition of Randall Cadenhead, and **Exhibit D**, excerpts from the deposition of Matthew Carothers, which were designated by Cox as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Cox has met the requirements of the Local Rule as follows:

a. **"A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."**

Exhibits B and D contain sensitive and confidential information concerning Cox's actions in responding to notices of alleged copyright infringement. If exposed, the testimony would reveal certain details about Cox's internal policies that are not available to the public.

b. **"References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub.*

*Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Cox's sealing motion was publicly docketed before the hearing on Cox's Opposition to Plaintiffs' Motion *in Limine*.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only those limited identified exhibits and redacting only portions of Motion.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the documents and/or information at issue as Highly Confidential or Confidential pursuant to the Protective Order in this case. Cox also meets the third requirement because the documents contain confidential proprietary information that, if exposed, could provide competitors in the market with an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

- c. **"Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm Cox or reveal personal details about its subscribers.

**d.  A proposed order is attached hereto.**

Dated: October 30, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users and to Stroz Friedberg and Jill Lesser through their respective counsel, via electronic-mail.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*