# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br><br>        Plaintiffs,<br><br>   v.<br><br>COX COMMUNICATIONS, INC. and<br>COXCOM, LLC.<br><br><br>       Defendants. | Case No. 1:18-cv-00950-LO-JFA |

## COX'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
## MOTION *IN LIMINE* NO. 1 TO PRECLUDE EVIDENCE AND TESTIMONY
## <u>RELATING TO THE *BMG* LITIGATION</u>

In response to Cox's Motion *in Limine* No. 1 to Preclude Evidence Relating to the *BMG* Litigation, Plaintiffs concede that they may not "offer[ ] as evidence the fact that the Court already determined x, y, or z" in *BMG*.  Opp. at 1.  But they continue to insist on larding these already complex trial proceedings with massive quantities of deposition and trial testimony from witnesses in *BMG*, despite having separately deposed all but one of those witnesses in this case.  Indeed, Plaintiffs have offered more than 800 pages of further testimony from the four-year-old *BMG* depositions.  The Court should reject Plaintiffs' attempt to try this case using facts elicited in connection with prior litigation to which they were not a party, and which involved materially different facts.

**A.**     **It is now undisputed that the Court's findings, judgments, and opinions in** ***BMG*** **are inadmissible here.**

As Cox explained in its motion, the findings, judgments, opinions, and settlement in the *BMG* litigation are inadmissible hearsay—and even if otherwise admissible would be excludible under Federal Rule of Evidence 403 because they would cause jury confusion and unfairly prejudice Cox's defense.  Mot. at 1-3, 6-7.

The same principles, together with Federal Rule of Evidence 404(b), preclude admission of any evidence of a prior determination that Cox infringed the *BMG* plaintiffs' copyrights.  Plaintiffs make no attempt to dispute any of this.  There is therefore no basis for denying Cox's motion.  The Court should grant the motion to ensure that Plaintiffs abide by their promise not to raise the *BMG* litigation at trial.

**B.**     **Plaintiffs' attempt to bootstrap their trial evidence with massive designations from** ***BMG*** **testimony should be rejected.**

Cox's motion also demonstrated that Plaintiffs' extensive designations of trial and deposition testimony from *BMG* for use in this case are inadmissible under Federal Rule of Civil Procedure 32(a)(8).  They are also inadmissible as irrelevant, cumulative, and unfairly prejudicial

under Federal Rules of Evidence 401 and 403.   Plaintiffs' only response is to argue for admissibility under Federal Rules of Evidence 801 and 804.   But those provisions are irrelevant here: both merely provide exceptions to the hearsay rule, and Cox does not seek exclusion on hearsay grounds.   Because it is undisputed that Plaintiffs' designations are inadmissible under Federal Rule of Civil Procedure 32(a)(8), and because they are not separately admissible under the Rules of Evidence, the Court should grant Cox's motion to preclude them.

1.    **Plaintiffs do not dispute that *BMG* depositions and trial testimony are inadmissible under Federal Rule of Civil Procedure 32(b)(8).**

As Cox explained in its motion, depositions from prior litigation are not admissible under the special admissibility rule of Federal Rule of Civil Procedure 32(a)(8), which provides that "[a] deposition lawfully taken and, if required, filed in any federal- or state-court action may be used in a later action" only if it "involv[es] the same subject matter between the same parties, or their representatives or successors in interest."   Fed. R. Civ. P. 32(a)(8).   Plaintiffs do not dispute that Rule 32(b)(8) applies here, and they concede that this case involves neither the "same subject matter," nor the "same parties."   The *BMG* depositions are thus inadmissible here unless there are otherwise admissible under the Federal Rules Evidence.

2.    **The *BMG* depositions are not admissible under the Federal Rules of Evidence.**

Cox explained in its motion that the *BMG* depositions are inadmissible not only under the specific admissibility rule of Federal Rule of Civil Procedure 32(a)(8), but also under the Federal Rules of Evidence.   Specifically, the *BMG* deposition excerpts are irrelevant.   For example, many of them relate to Cox's blocking of the Rightscorp notices and other issues not presented here, and are unfairly prejudicial.   They are unnecessarily cumulative of testimony given in this case and because they relate to facts and circumstances specific to *BMG* and thus create an undue risk of confusing the jury.   Mot. 4-5, 7.

2

Plaintiffs fail to respond to Cox's arguments for exclusion under Federal Rules of Evidence 401 and 403.  Instead, they argue only that the depositions are admissible under the hearsay exceptions set forth in Federal Rules of Evidence 801 and 804.  But those hearsay exceptions are irrelevant here: Cox's motion to preclude the *BMG* deposition testimony is based on grounds of irrelevance and unfair prejudice—not exclusively hearsay.  As for Cox's demonstration that much of the designated testimony is irrelevant, Plaintiffs offer no response at all.  As for Cox's demonstration that the *BMG* testimony would be "needlessly cumulative under Rule 403," Plaintiffs offer nothing but a vague assertion that they "have no intention" of offering duplicative or cumulative testimony.  Opp. at 1.  That claim is hollow in light of Plaintiffs' designations, which—as Cox has demonstrated in detail—repeatedly include testimony that is substantively identical to testimony given by the same witnesses in this case.  *See* Mot. at 4-5.  As but one of many examples, Plaintiffs designated two nearly identical question-and-answer exchanges from the 2015 and 2019 depositions of Joseph Sikes, both of which addressed the same email chain and discussed, among other things, Cox's practice of placing daily limits on copyrights notices.  *See* Mot. at 5, n.1 (comparing Plaintiffs' designations of Sikes' 2015 and 2019 depositions).  Plaintiffs notably offer no rebuttal to Cox's demonstration of the extensive duplication of testimony at issue here.

Fundamentally, Plaintiffs' attempt to introduce vast swathes of testimony from *BMG*— literally more than 800 pages—flies in the face of their obligation to prove their claims with evidence from this case, not from unrelated litigation.  All but one of the witnesses whose *BMG* testimony Plaintiffs have designated were separately deposed in this case.[1]  If those witnesses'

---

[1] Roger Vredenberg is the only witness who was not re-deposed in this case, but that was Plaintiffs' choice.

*BMG* testimony is irrelevant to an issue presented here, it is inadmissible under Federal Rule of Evidence 402.  If a witness's testimony from 2015 is relevant to a current issue and consistent with his or her testimony in 2019, it is needlessly cumulative and inadmissible under Federal Rule of Evidence 403.  And if that witness's 2015 testimony is relevant and inconsistent with his or her 2019 testimony, it is admissible for impeachment, not as direct evidence.  And finally, if a witness's *BMG* testimony addresses a relevant issue that Plaintiffs failed to address in their deposition in this case, Plaintiffs should not be permitted to bootstrap their own failure of proof by turning to testimony elicited by other counsel in a different case involving different facts.

This Court has "substantial discretion in making rulings on the admissibility of evidence," which is "fundamentally a matter of trial management."  *United States ex rel. Davis v. U.S. Training Center Inc.*, 498 F. App'x 308, 316 (4th Cir. 2012).  The Court should exercise that discretion here to ensure that the jury resolves Plaintiffs' $1.6 billion infringement claim on the basis of its own merits, not those of the *BMG* case.


Dated: November 6, 2019                          Respectfully submitted,

                                                 */s/ Thomas M. Buchanan*
                                                 Thomas M. Buchanan (VSB No. 21530)
                                                 WINSTON & STRAWN LLP
                                                 1700 K Street, NW
                                                 Washington, DC 20006-3817
                                                 Tel: (202) 282-5787
                                                 Fax: (202) 282-5100
                                                 Email: tbuchana@winston.com

                                                 *Attorney for Cox Communications, Inc.*
                                                 *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on November 6, 2019, a copy of the foregoing was filed electronically with

the Clerk of Court using the ECF system, which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

Attorney for Cox Communications, Inc.
and CoxCom, LLC