UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC.<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE*
NO. 3 TO PRECLUDE EVIDENCE AND TESTIMONY RELATING TO CERTAIN
<u>INTERNAL COX EMAILS AND COMMUNICATIONS</u>**

Plaintiffs' Opposition to Cox's Motion *in Limine* to Preclude Evidence and Testimony Relating to Emails and Communications with No Connection to Alleged Infringement of Plaintiffs' Works confirms Plaintiffs' persistent effort to avoid proving their own case against Cox by instead re-litigating *BMG*. But the admissibility of evidence is considered case-by-case, and the fact that the Court declined to exclude these emails in *BMG* does not render them admissible in this case. The purposes for which many of these communications were admitted and relied upon in *BMG*—including Cox's DMCA safe harbor defense and its treatment of the Rightscorp notices— are simply not relevant here, and whatever attenuated probative value they may have, it is substantially outweighed by their unfairly prejudicial effect.

### A. The Cox communications are irrelevant to the alleged infringement in this case.

Plaintiffs do not dispute that to prevail on their infringement claims, they must show that Cox had either actual knowledge of, or willfully blinded itself to, "specific instances of infringement" of Plaintiffs' works. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 311 (4th Cir. 2018). Nor do Plaintiffs dispute that none of the Cox communications at issue here relates to a "specific instance[ ] of infringement" alleged in this case. Yet again, their primary argument opposing exclusion here is that "this Court has already examined almost all of these very same emails in *BMG*" and admitted them as relevant to "the issue of willfulness and willful blindness" and whether "Cox consciously avoided learning about specific instances of infringement." Opp. at 10. But the quotations Plaintiffs pull from various *BMG* opinions almost universally relate to Cox's DMCA safe harbor defense (*see* Gould Ex. 3 at 16, cited at Opp. at 11) or allegations of willful blindness based on Cox's decision to block notices from Rightscorp (*see* Gould Ex. 4 at 1-2, cited at Opp. at 10). An inflammatory email like the one stating "F the DRC" (that is, Digital Rightscorp) may have been relevant to Cox's decision to "blacklist" Rightscorp in

2011 and thus to Cox's state of mind with respect to the infringements alleged in *BMG*, but it has nothing at all to do with Cox's state of mind with respect to the infringements noticed by Plaintiffs in 2013-2014, every single one of which was acted upon by Cox.

### B. Even if relevant, the internal Cox communications are improper propensity evidence and unfairly prejudicial, and should be excluded.

If the Cox communications were relevant, it could only be because statements they made about accused infringers and third-parties' copyrights in and around 2010 are probative of Cox's attitude about accused infringers and Plaintiffs' copyrights in 2013-2014. But as Cox has explained, this is "exactly the kind of propensity inference that Federal Rule of Evidence 404(b)'s built-in limitation was designed to prevent." *United States v. Sanders*, 964 F.2d 295, 299 (4th Cir. 1992). Plaintiffs' only response is to claim, implausibly, that they would "offer the emails to show Cox's intent in forming and implementing the system and policies it applied to handle specific infringement notices regarding Plaintiffs' works." Opp. at 12. They do not explain how off-the-cuff statements like "F the DRC" and "F the DMCA" made years earlier in a discussion about another provider of notices (Rightscorp) serves that purpose. *See* Gould Decl., Ex. 30 (PX 335). Even if Plaintiffs could justify offering a small subset of the Cox communications for some secondary purpose, which they cannot, there is no reasonable dispute that their primary intent is to encourage jurors to conclude that when Cox was presented with notices alleging infringement of Plaintiffs' copyrights, it must have responded the way it did with respect to the Rightscorp ("DRC") notices, years before. That is propensity evidence, and its use is improper.

Finally, the internal Cox communications should be excluded as unfairly prejudicial under Federal Rule of Evidence 403. They are unquestionably inflammatory, and their admission is intended not to advance the jury's understanding of Cox's response to Plaintiffs' contributory infringement claims in this case but to paint Cox as a bad actor. Plaintiffs' only response is to

point yet again at *BMG* and observe that the Court there found that the probative value of this evidence outweighed the prejudice it would cause. But the balancing of probative value and prejudice in this case is not the same as it was in *BMG*. In that case, many of these communications bore more directly on issues squarely presented there, including the DMCA safe harbor defense and Cox's "blocking" of the Rightscorp notices and its alleged willful blindness to the allegations contained in them. *See, e.g.,* Gould Decl., Exs. 30 and 41 (email chains addressing Rightscorp notice issues). None of those issues is presented here. Even if the Court concludes that the communications have some probative value, that value is plainly less than it was in *BMG*—but the prejudice to Cox is (at best) unchanged, and may be worse. The reduction in probative value of this evidence alters the calculus under Federal Rule of Evidence 403, and requires that this evidence be excluded.

For all the reasons given, Cox respectfully requests that the Court preclude from evidence the internal Cox communications identified in Exhibit 1 to Cox's Motion in *Limine* No. 3, including exhibits containing similar content that Plaintiffs may seek to admit at trial.

Dated: November 6, 2019　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Thomas M. Buchanan*
　　　　　　　　　　　　　　　　　　　　　Thomas M. Buchanan (VSB No. 21530)
　　　　　　　　　　　　　　　　　　　　　WINSTON & STRAWN LLP
　　　　　　　　　　　　　　　　　　　　　1700 K Street, NW
　　　　　　　　　　　　　　　　　　　　　Washington, DC 20006-3817
　　　　　　　　　　　　　　　　　　　　　Tel: (202) 282-5787
　　　　　　　　　　　　　　　　　　　　　Fax: (202) 282-5100
　　　　　　　　　　　　　　　　　　　　　Email: tbuchana@winston.com

　　　　　　　　　　　　　　　　　　　　　*Attorney for Cox Communications, Inc.*
　　　　　　　　　　　　　　　　　　　　　*and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:   (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on November 6, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notifications to ECF participants.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*
