# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC. and COXCOM, LLC, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION *IN LIMINE* NO. 5 TO EXCLUDE PLAINTIFFS' EXHIBIT NUMBER 39**

▬▬▬▬▬▬▬▬▬▬▬▬

i

Plaintiffs' opposition to Cox's motion *in limine* to exclude from evidence a hard drive purportedly containing approximately ▮▮▮▮▮▮▮▮▮▮ is notable for what it does not contain—<u>any</u> reference to <u>any</u> witness who could properly authenticate it at trial.

*First*, Plaintiffs claim that a MarkMonitor employee, Sam Bahun, "has already authenticated and explained that the hard drive contains digital files that were the basis of MarkMonitor's infringement notices to Cox" and that Mr. Bahun has "further explained that Audible Magic has identified the contents of those files as containing Plaintiffs' works in suit." See ECF No. 539, Opp. at 22. The problem with this is simple and fundamental: Mr. Bahun does not have any personal knowledge of either of these statements and he cannot lay an adequate foundation for the hard drive. His declaration includes a single paragraph out of 26 relating to the hard drive:



See ECF No. 539-1, Bahun Decl., ¶ 24. Plaintiffs misleadingly cite to several other paragraphs of Mr. Bahun's declaration. Paragraphs 15-17 are his statements generally describing the work that MarkMonitor did for the RIAA and MarkMonitor's general process for locating allegedly ▮▮▮▮▮▮▮▮▮▮ and have nothing to do with the hard drive. Paragraph 25 relates to an entirely different document, PX 16, an Excel file ▮▮▮▮▮▮▮▮▮▮ However, Mr. Bahun does not purport to have done anything to match the audio files to this ▮▮▮▮▮▮ nor

1

does he explain how anyone could use PX 16 to confirm whether PX 39 ▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Given that Mr. Bahun has not even listened to the audio recordings, it is unclear how he could possibly have personal knowledge that it contains ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ And Mr. Bahun certainly could not testify that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Opp'n at 23 (emphasis added).

At bottom, Plaintiffs do not (and cannot) rebut Cox's point that not a <u>single</u> witness who will testify at trial has ever claimed to have done what Plaintiffs and Mr. Bahun propose: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Opp'n at 22.[1]  And, notably, despite submitting a number of declarations in support of Plaintiffs' various discovery and pretrial motions, Audible Magic's President and CEO does not say a single word about the hard drive or its provenance in any of his sworn statements—nor does he discuss how any file ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Because this is Plaintiffs' evidence, Plaintiffs bear the burden of laying a foundation for this exhibit at trial, and they cannot possibly do so.  Cryptic responses such as "Cox … never asked any witnesses in depositions about whether they listened to the recordings on the hard drive," Opp'n at 23, are irrelevant and do nothing to discharge Plaintiffs' burden.

*Second*, Plaintiffs do not dispute that, if Cox or any of its witnesses (or the Court or the jury) wanted to listen to the audio files, they could not ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬—which were never produced.  Instead, Plaintiffs claim that they gave Cox "a

---

[1] As Cox noted in its opening brief, Plaintiffs' expert Barbara Frederiksen-Cross testified ▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬

representative sample set" of a tiny percentage of the works in suit, and that "Cox could have gone to any number of publicly available sources (including YouTube, Apple Music or Spotify) to listen to the [remaining] recordings." Opp'n at 23. This is a puzzling, and nonsensical response. Cox has only been provided with the artist and title of the works in suit, which would potentially return results including a work in issue, a studio recording of the same song by the same artist, a subsequent cover of the same song by the same artist, or a concert recording of the same song by the same artist—all of which would be separate sound recordings and therefore separate works. Plaintiffs' complaint that Cox has not produced "evidence" that there could be multiple sound recordings with the same "artist" and "title" is, again, an inappropriate attempt to flip the burden onto Cox. *See* Opp'n at 23.[2] Plaintiffs have the burden to lay an adequate foundation for the hard drive by establishing that ████████████████████████████████████████████ ████████████████████████████████████████████████████████████ They cannot do so.

Nor have Plaintiffs done anything to attempt to establish that the files on the hard drive are, in fact, the files that ████████████ during or prior to the claims period. They have scrupulously and completely avoided adducing any evidence showing the date on which the hard drive files were created or modified,[3] a fact that is within Plaintiffs' control and which would actually provide

---

[2] There are multiple versions of these artist/title pairs. For example, the hard drive contains an ████████████████████████████████████████████████████████████ ████████████████████████████████████ If Cox attempted to use Spotify to listen to ████████████████████ it would be confronted with more than 80 different versions of the song. And, of course, Plaintiffs do not suggest that the Court or the jury should be tasked with searching for the songs on Spotify or Apple Music.

[3] Instead, Plaintiffs successfully struck the Declaration of Thomas Kearney insofar as it adduced this evidence. The creation and modification dates will come in at trial, but for the purposes of this motion, the point is that Plaintiffs have elected not to provide evidence of this nature in support of their burden.

3

a way of demonstrating that the hard drive files are indeed the files that were allegedly downloaded and sent to Audible Magic, given that the ███████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████████████████████.

It is clear from Plaintiffs' opposition that what they intend to do is attempt to elicit general testimony from Mr. Bahun that the hard drive contains ████████████████████████ ███████████████████████████████████, and then dump tens of thousands of unanalyzed sound files on the jury as "evidence" that ████████████████ by MarkMonitor ██████████████████████████████████. Not only does Mr. Bahun lack personal knowledge of the hard drive's contents and Audible Magic's processes that would allow him to lay a foundation for this evidence, but the jury will not possibly have time to listen to the audio files, nor should they be forced to do so, and would have to rely on Mr. Bahun's unfounded and speculative testimony alone. This would be highly prejudicial to Cox. Cox's motion *in limine* should be granted.

Dated: November 6, 2019

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

4

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on November 6, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*