# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC. and COXCOM, LLC,<br><br>Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 8 TO EXCLUDE CERTAIN EVIDENCE RELATING TO <u>PEER-TO-PEER TRAFFIC ON COX'S NETWORK</u>**

███████████████

Cox asked the Court to preclude Plaintiffs from presenting evidence at trial that: (1) Cox has the ability to determine the content of any files uploaded or downloaded on peer-to-peer traffic on its network; (2) that Cox can block, shape, or otherwise manipulate peer-to-peer traffic; and (3) Cox has general knowledge of the volume of peer-to-peer traffic on its network. Cox has done so for two very basic reasons. First, there is no indication that any of these are live issues that Plaintiffs intend to pursue at trial. Second, excluding this evidence and testimony would significantly streamline the trial. Plaintiffs do not dispute either, and Cox's motion should be granted.

As a preliminary matter, Plaintiffs do not oppose Cox's motion to preclude any evidence that Cox has the ability to determine the content of any files uploaded or downloaded on peer-to-peer traffic on its network. Cox's motion should therefore be granted in that respect. With respect to the remaining evidence, Plaintiffs state that Dr. McGarty might testify that "Cox had the capability to identify and may have facilitated limiting P2P file sharing traffic at the subscriber level." *See* ECF No. 539, Opp. at 31. However, given that Dr. McGarty unequivocally testified that ████████████████████████████████████████████████████████████████████████████████████████████████████████████ it would be misleading and confusing for Dr. McGarty to (erroneously) testify that Cox could have essentially "turned off" peer-to-peer traffic, either generally or for specific subscribers. This would also require Cox to then present testimony that will prove that Cox could *not* have done this for a number of reasons, including due to the complexity of its network and concerns about net neutrality, ████████████████████████████████████████████████████████████████████████████████ It would waste time and confuse the issues to permit Plaintiffs to lead the jury down this rabbit-hole.

Plaintiffs also claim that Cox's generalized knowledge that a certain percentage of traffic on its network was peer-to-peer is relevant because "P2P was notorious for infringing activity" which "makes it more probable that Cox subscribers who were the subject of MarkMonitor's infringement notices infringed." Opp. at 31-32. This statement alone demonstrates the certain prejudice that will result if Plaintiffs are permitted to argue to the jury that the *mere existence* of peer-to-peer traffic (which can be, and is, used for legal, non-infringing purposes) on Cox's network makes it more probable that Cox was aware that *specific Cox subscribers* reproduced or distributed *Plaintiffs' works in suit* during the claims period. Such generalized purported "knowledge" of infringement is exactly what the Fourth Circuit deemed inappropriate in its *BMG* opinion. *BMG v. Cox*, 881 F.3d 293, 306, 310 (4th Cir. 2018) (contributory liability requires proof of "actual knowledge of specific acts of infringement" or, at a minimum, "[w]illful blindness of specific facts.") (quoting *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072-73 (9th Cir. 2013)). And, given the complex links in the evidentiary chain that Plaintiffs will have to establish in order to prove direct infringement—and the serious problems with Plaintiffs' proof of direct infringement—it is all the more likely that Plaintiffs *will* resort to this type of prejudicial argument at trial.

Plaintiffs also assert that Cox's generalized knowledge of peer-to-peer traffic on its network is relevant to its vicarious infringement claims because "P2P indisputably consumes substantial bandwidth that pushes subscribers into higher priced service plans." Opp. at 32. There is no evidence that subscribers use higher-tiered plans to use peer-to-peer networks. Again, this argument is legally inappropriate and overwhelmingly prejudicial to Cox given that peer-to-peer protocols can and are used to *legally* share content. Nor does this evidence come anywhere close to providing a direct financial benefit linked to the alleged infringements in the case, which is what

2

the vicarious liability standard requires. *BMG Rights Mgmt. (US) LLC v. Cox Comms., Inc.*, 149 F. Supp. 3d 634, 675-76 (E.D. Va. 2015) (vicarious liability standard requires proof of a "causal relationship" between "the infringing activities *at issue in th[e] case* and a direct financial benefit to the defendant") (emphasis in original) (quotation omitted).

Finally, Plaintiffs claim that granting this motion *in limine* will not significantly streamline the trial because the witnesses relevant to these issues (Cox's Clint Summers, William Basquin of Sandvine, and Jorge Fuenzalida of inCode) "have valuable testimony concerning … the technical tools available to Cox that it could have used to better understand and act on the P2P activity on its network." Opp. at 33. However, this testimony summarized by Plaintiffs is *precisely* the testimony that Cox seeks to exclude, and Plaintiffs identify no topics at all covered by any of these witnesses that fall outside the scope of Procera and the volume of peer-to-peer traffic on Cox's network. *See* Opp. at 33-34.[1] Cox's motion should be granted.

Dated: November 6, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

---

[1] Cox notes that Plaintiffs misrepresent Mr. Fuenzalida's testimony. He did not testify that "Cox knowingly fulfilled its customers' massive demand for P2P activity, well aware that heavy P2P use pushed subscribers into purchasing higher data plans." Opp. at 33-34. This is pure attorney argument. Mr. Fuenzalida testified that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Opp. at 34.

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:   (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I certify that on November 6, 2019, a copy of the foregoing was filed electronically with the Clerk of Court using the ECF system, which will send notifications to ECF participants.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*