# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

        Plaintiffs,

   v.

COX COMMUNICATIONS, INC. and
COXCOM, LLC,

        Defendants.

Case No. 1:18-cv-00950-LO-JFA

**COX'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION**
***IN LIMINE* NO. 10 TO EXCLUDE COX PERFORMANCE EVALUATIONS AND**
**EVIDENCE RELATING TO FORMER EMPLOYEES' SEPARATION FROM COX**

## A.     The Evidence at Issue Is Not Relevant to Plaintiffs' Claims.

The performance evaluations and separation agreements are not relevant to any of Plaintiffs' claims or Cox's defenses in the present litigation.  As discussed in Cox's initial motion, Plaintiffs' claims concern secondary copyright infringement against Cox through alleged direct acts of copyright infringement by its subscribers.  Am. Compl., ¶ 10.  Plaintiffs' claims do not concern how certain Cox employees evaluated themselves, through their self-evaluations, nor how Cox evaluated its employees.  Plaintiffs also briefly claim that the evidence would assist with the statutory damages determination but do not explain how. These witnesses' decisions to leave Cox does not bear on Cox's actions in response to Plaintiffs' infringement notices.

Plaintiffs' entire argument rests on attorney statements from *BMG* that emails sent by Jason Zabek and Joseph Sikes did not reflect Cox's policies and did not relate to the specific infringements in the case.  Then Plaintiffs claim that Cox similarly intends to throw these witnesses "under the bus" in this case—which Plaintiffs want to then rebut by pointing to generally positive performance evaluations.  Yet how the case was litigated in *BMG* should not determine what evidence should and should not be excluded in the present litigation, and Plaintiffs' argument for the relevance of these documents is based on pure speculation.  The present litigation involves allegations of copyright infringement detected through an entirely different monitoring service from that used in *BMG* and involves entirely different actions taken in response to the infringement notices Cox received.  Thus, Plaintiffs' claims and Cox's defenses are based on different facts, witnesses, and arguments than what was considered in *BMG*.  Any argument concerning what occurred in *BMG* is irrelevant to what has and will occur in the present litigation.

Messrs. Sikes and Zabek's departures are irrelevant to Plaintiffs' claims and Plaintiffs have not stated otherwise.  Their departures are wholly unrelated to Cox's perception of alleged copyright infringement on its network.  Furthermore, the separation agreements do not reveal a

bias within these witnesses' testimony as both Sikes and Zabek gave their deposition testimony under oath and would have to give an oath should they testify at trial.

**B.    Introduction of the Performance Evaluations and Separation Agreements Would Prejudice Cox and Mislead the Jury.**

Any value of the performance evaluations and separation agreements adds to the case is outweighed by the confusion it would cause of the issues, the time it would waste, and the prejudicial effect it would have on Cox.  Plaintiffs' reliance on this evidence would lead to a mini-trial on Cox's employment decisions instead of a trial on the claims underlying this litigation. *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (holding that evidence is unfairly prejudicial where it would "excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it").

Furthermore, Plaintiffs are seeking to take Messrs. Sikes and Zabek's emails out of context and snippets of their performance evaluations to paint a narrative that any positive performance evaluation meant that Cox had a negative view towards policing copyright infringement and endorsed the language and the conduct referred to in their emails.[1]  There is no evidence that Cox's position towards alleged copyright infringement on its network was reflected by positive performance evaluations or by the emails by these two former employees.  Moreover, Plaintiffs argue that the evaluations ███████████████████████████████████████████ ███████████    they cite language from PX 428 which refers to ███████████████████████ ███████    in Mr. Zabek's performance, thereby undermining the reason Plaintiffs argue the evidence is relevant and contradicting their theory that Cox approved of Messrs. Zabek and Sikes' actions.  *See* ECF No. 539, Opp. at 38.  Introducing the evaluations to make a broad, generalized

---

[1] The emails Plaintiffs would seek to take out to context are subject to Cox's separate Motion *in Limine* No. 3.

point that Cox sanctioned everything these former employees said or did will encourage the jury to impute these statements and conduct to Cox and make unwarranted and baseless inferences about Cox's actual position with respect to its response to infringement notices.  This would unfairly prejudice Cox and serve to inflame the jury.

Dated: November 6, 2019                     Respectfully submitted,

                                            */s/ Thomas M. Buchanan*
                                            Thomas M. Buchanan (VSB No. 21530)
                                            WINSTON & STRAWN LLP
                                            1700 K Street, NW
                                            Washington, DC 20006-3817
                                            Tel: (202) 282-5787
                                            Fax: (202) 282-5100
                                            Email: tbuchana@winston.com

                                            *Attorney for Cox Communications, Inc.*
                                            *and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone:  (212) 294-6700
Facsimile:  (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:  (415) 591-1000
Facsimile:  (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750
Email:  dhleiden@winston.com

**CERTIFICATE OF SERVICE**

I certify that on November 6, 2019, a copy of the foregoing was filed electronically with

the Clerk of Court using the ECF system, which will send notifications to ECF participants.


*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*