UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' MOTION FOR SEALING**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and Local Civil Rule 5(C), Plaintiffs and the Recording Industry Association of America ("RIAA") move the Court to enter an order allowing Plaintiffs to file under seal portions of Plaintiffs' Reply Memorandum in Support of their Omnibus *Motion in Limine* (the "Reply") (ECF No. 568), and Exhibits 2, 3, and 5 to the Declaration of Jeffrey Gould ("Gould Declaration") in Support of the Reply (ECF Nos. 568-1, 2, and 3), which contain information that has been designated as Highly-Confidential – Attorneys' Eyes Only or Confidential under the Stipulated Protective Order (ECF No. 58) (the "Protective Order").

For documents designated confidential by Cox, Plaintiffs take no position as to whether sealing is warranted. Rather, Plaintiffs are seeking the Court's leave to file those documents under temporary seal to comply with the Protective Order and to allow the designating party to respond and explain why such sealing is necessary.

    **I.**     **"Highly Confidential – Attorneys' Eyes Only" and "Confidential" information designated by Plaintiffs and RIAA warrant sealing.**

Under the local rules, a party may file a motion to seal together with the sealed filings.

E.D. Va. Local Rule 5(C). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,
>
> (2) consider less drastic alternatives to sealing the documents, and
>
> (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled on the underlying motion, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Sealing is warranted for Exhibit 2 to the Gould Declaration, which consists of deposition transcript excerpts from Steve Marks, RIAA's 30(b)(6) witness. These excerpts discuss or disclose highly sensitive business decisions relating to negotiations for a private inter-industry agreement. This information is ordinarily kept strictly confidential, and, if publicly filed, could be used by others for unlawful purposes or to unfairly

compete with Plaintiffs or nonparties.

## II.     Information Designated by Cox Under the Protective Order

Plaintiffs also move the Court to enter an order allowing them to file under temporary seal the exhibits identified below, which cite to or discuss Cox's information designated under the Protective Order.

> Gould Ex. 3: August 4, 2010 Cox internal email chain (PX 264)
> Gould Ex. 5: Excerpts from the deposition of Matthew Carothers, Cox's 30(b)(6) designee

Plaintiffs take no position as to whether this information should be sealed. Rather, Plaintiffs request sealing to comply with the Court's Protective Order in this action and to allow the designating party or parties to respond and explain why such sealing is necessary. Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

> a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).
>
> b. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." *Id.* 5(C)(3).
>
> c. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." *Id.* 5(C)(4).
>
> d. A proposed order.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion to Seal.

Respectfully Submitted,

Dated: November 6, 2019

/s/ *Scott A. Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*