UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

### DEFENDANTS' MOTION TO SEAL

#### I.     Plaintiffs and Third-Party Documents

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") move the Court to enter an order allowing Cox to file under temporary seal unredacted versions of certain Reply Memoranda and certain exhibits thereto ("Exhibits"). As detailed below, the Reply Memoranda and Exhibits contain information that has been designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Plaintiffs, Cox, and/or third parties as Highly Confidential – Attorneys' Eyes Only.

Specifically –

a) Portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* Nos. 5 (ECF No. 557) and 6 (ECF No. 559) each contain information that **Plaintiffs** designated as Highly Confidential – Attorneys' Eyes Only.

b) Portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 4 (ECF No. 555) and No. 6 (ECF No. 559) each contain information that **MarkMonitor** designated as Highly Confidential – Attorneys' Eyes Only.

    c) **Exhibit 20** to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 6 contains excerpts from the deposition of Slawomir Paszkowski, which **MarkMonitor** designated as Highly Confidential – Attorneys' Eyes Only.

    d) **Exhibit 21** to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 6 contains excerpts from the deposition of Sam Bahun, which **MarkMonitor** designated as Highly Confidential – Attorneys' Eyes Only.

Pursuant to ECF No. 535, the parties were given 30 calendar days to make necessary redactions to the October 25, 2019 hearing transcript. Cox takes no position on the confidentiality of the portions of the transcripts in the Memorandums or attached as Exhibits. As the transcripts are not yet publically available, Cox moves to file portions of them under temporary seal. Portions of the transcripts are attached as **Exhibit 19** to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 6.

Cox takes no position on whether the above-referenced documents and information that are the subject of this motion are confidential. Rather, Cox files this Motion for the above-referenced documents based on Plaintiffs' and third-party designations pursuant to the Protective Order. Thus, Local Civil Rule 5(C) provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

    1.    "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

    2.    "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." L. Civ. R. 5(C)(3).

3. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." L. Civ. R. 5(C)(4).

4. A proposed order.

Separately, Cox moves the Court to enter an order allowing Cox to file under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C) the following, which were designated by Cox as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order:

- Portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 4 (ECF No. 555), which reference Cox's sensitive financial data as analyzed by Plaintiffs' expert Dr. Lehr;

- (1) Exhibits 10-13 to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 2 (ECF No. 552), (2) portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 8 (ECF No. 562), and (3) Exhibits 2-3 to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 9 (ECF No. 564), which contain excerpts from the depositions of former Cox employees Joseph Sikes and Randall Cadenhead. Each of these materials reveal Cox's treatment of infringement notices and related internal processes;

- Portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 10 (ECF No. 566), which quote from Cox's former employees' internal performance evaluations.

Cox has met the requirements of the Local Rule as follows:

a. **"A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."**

The Reply Memoranda and Exhibits contain sensitive and confidential information concerning Cox's actions in responding to notices of alleged copyright infringement. If exposed, the testimony would reveal certain details about Cox's internal policies that are not available to the public. The Reply Memoranda also reveals Cox's sensitive internal financial information. In addition, Exhibits 10-13 to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 2 contain potentially personal identifying information of certain of Cox's subscribers.

b. **"References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at

the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Cox's sealing motion was publicly docketed before the hearing on Cox's Reply Motions *in Limine*.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only those limited identified exhibits and redacting only portions of memorandums of law.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the documents and/or information at issue as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order in this case. Cox also meets the third requirement because the documents contain confidential proprietary information that, if exposed, could provide competitors in the market with an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party"). Specifically, Exhibits 10-13 to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 2, portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 8, Exhibits 2-3 to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 9, and portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 10 each discuss Cox's internal procedure for responding to infringement notices. Cox has an interest in keeping that information

out of the public record to prevent users from potentially subverting its systems. Exhibits 11-13 to Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 2 also contain information that could be used to reveal Cox's subscribers' identities. *See id.* Portions of Cox's Reply Memorandum of Law in Support of its Motion *in Limine* No. 4 reveal Cox's proprietary financial information.

c. **"Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm Cox or reveal personal details about its subscribers.

d. **A proposed order attached hereto.**

Dated: November 6, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*
