UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S RESPONSE TO PLAINTIFFS' MOTIONS TO SEAL (ECF 484, 541, and 570 )**

On October 21, 2019, Plaintiffs filed their Memorandum in Support of Their Omnibus Motion *in Limine*, Declaration of Jeffrey Gould and Exs. 2-5, 8, 10-12, 17-19, and 21-28, Declaration of Samuel Bahun, and Declaration of Vance Ikezoye (ECF 476, 476-3, 476-1, 476-2). On October 30, 2019, Plaintiffs filed their Omnibus Memorandum in Opposition to Cox's Motions *in Limine* Nos. 1-10, Declaration of Vance Ikezoye, Declaration of Samuel Bahun, and Exs. 1, 2, and 7-16 to the Declaration of Jeffrey Gould (ECF 538, 538-2, 538-1, and 538-3 through 538-14). On November 6, 2019, Plaintiffs filed their Reply Memorandum in Support of their Omnibus Motion *in Limine* and Exs. 2, 3, and 5 to the Declaration of Jeffrey Gould (ECF 568, 568-1 through 568-3). In connection with these filings, Plaintiffs attached or referenced documents that Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox") designated as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 58) (the "Protective Order"). Plaintiffs moved to seal in connection therewith (ECF 484, 541, and 570).

Under Rule 26 of the Federal Rules of Civil Procedure and E.D. Va. Local Civil Rule 5(C), Cox respectfully submits this Response in partial support of Plaintiffs' motions to seal, seeking to

maintain certain materials under seal, as described below. Pursuant to Local Civil Rule 5(C), Cox must provide the Court with:

a. **"A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."**

- Plaintiffs' Motion *in Limine* ("Plaintiffs' MIL") Gould Ex. 3, 4, 8, 27, 28; Plaintiffs' Opposition to Cox's Motion *in Limine* ("Plaintiffs' MIL Opp.") Gould Ex. 1; and Plaintiffs' Reply in Further Support of their Motion *in Limine* ("Plaintiffs' MIL Reply") Gould Ex. 5 are excerpts of depositions of Cox employees or former employees. Plaintiffs' MIL Gould Ex. 5, 10, 11, 24, 25, 26 and Plaintiffs' MIL Opp. Gould Ex. 2 are internal Cox documents and expert reports that reference internal Cox documents. If exposed, these exhibits would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's response to copyright infringement notices and how Cox operates internally.

- Gould MIL Opp. Ex. 13, 14, 15, and 16 contain numerous proposed Plaintiffs trial exhibits, some of which Cox supports sealing; they are: PX-19, PX-20, PX-21, PX-22, PX-254, PX-262, PX-277, PX-305, PX-342, PX-375, PX-381, PX-382, PX-392, PX-417, PX-428, PX-429, PX-430. If exposed, these exhibits too would reveal highly confidential and sensitive information unavailable to the public, including details on Cox's response to copyright infringement notices and how Cox operates internally.

- Plaintiffs' MIL Opp. Gould Ex. 7 and 8 reference Cox's financial data. If exposed, these exhibits would reveal highly confidential and sensitive information unavailable to the public.

b. **"References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Plaintiffs' sealing motions were publicly docketed before the hearing on the parties' motions *in limine*, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only those limited identified exhibits.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the documents and/or information at issue as Highly Confidential or Confidential pursuant to the Protective Order in this case. Cox also meets the third requirement because the documents contain confidential proprietary information that, if exposed, could provide competitors in the market with an unfair advantage. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

c.  **"Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm Cox or reveal personal details about its subscribers.

d.  **A proposed order attached hereto.**

Dated: November 13, 2019

Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tekearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

## CERTIFICATE OF SERVICE

    I hereby certify that on November 13, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*