UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**PLAINTIFFS' AND NONPARTY RIAA'S MEMORANDUM OF LAW
IN SUPPORT OF COX'S MOTIONS TO SEAL**

Pursuant to the Court's October 29, 2019 Order (ECF No. 537, the "Order"), and Local Civil Rule 5(C), Plaintiffs and non-party Recording Industry Association of America ("RIAA") submit this memorandum in support of maintaining under seal certain documents and information containing information Plaintiffs' and/or the RIAA have designated as Highly-Confidential – Attorneys' Eyes Only or Confidential under the Stipulated Protective Order (ECF No. 58). This supporting memorandum responds to Cox's motions to seal (ECF Nos. 509, 546, 569), filed in connection with its briefing on motions *in limine,* specifically:

- Cox's Motions in Limine Nos. 1-10 ("Cox's MIL Nos. 1-10") (ECF Nos. 471, 474, 478, 482, 487, 490, 493, 496, 499, 502)

- Cox's Opposition to Plaintiffs' Omnibus Motions in Limine ("Cox's MIL Opp.") (ECF No. 543); and

- Cox's Reply Memoranda in Support of their Motions in Limine Nos. 1-10 (ECF Nos. 550, 551, 553, 555, 557, 559, 560, 562, 563, 565).

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. Va. Local Rule 5(c). Thereafter, the Court will determine whether the sealing is proper. Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,
>
> (2) consider less drastic alternatives to sealing the documents, and
>
> (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearings scheduled on the underlying motions, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by sealing certain exhibits rather than the entire filing and redacting limited portions of documents when reasonable to do so.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Sealing is warranted for the following documents, as explained below.

I. **Plaintiffs' and RIAA's Highly Confidential Anti-Piracy Documents Should be Sealed**

Sealing is warranted for the below documents and information because they comprise specific details regarding Plaintiffs', RIAA's, MarkMonitor's, and Audible Magic's highly confidential information and proprietary, competitively sensitive information concerning the detection and gathering evidence of infringement through peer-to-peer networks.

- The Expert Report of Plaintiffs' Expert George P. McCabe
  *Exhibit 1 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of Sam Bahun
  *Exhibit 12 to Cox's MIL No. 4*
  *Exhibit 18 to Cox's MIL No. 6*
  *Exhibit 21 to Cox's MIL No. 6*

- The Expert Report of Plaintiffs' Expert Barbara Frederiksen-Cross
  *Exhibit 1 to Cox's MIL No. 6*
  *Exhibit 5 to Cox's MIL No. 6*

- Excerpts from the deposition transcript of Plaintiffs' Expert Barbara Frederiksen-Cross
  *Exhibit I to Cox's MIL Opp.*

- RIAA_00000030 (Statement of Work between MarkMonitor and RIAA)
  *Exhibit 2 to Cox's MIL No. 5*

- RIAA_00000003 (Master Agreement between MarkMonitor and RIAA)
  *Exhibit 3 to Cox's MIL No. 6*

- MM000189 (P2P Enforcement Process)
  *Exhibit 4 to Cox's MIL No. 6*

- Rebuttal Expert Report of Cox's Expert Dr. Nick Feamster
  *Exhibit 6 to Cox's MIL No. 6*
  *Exhibit T to its MIL Opposition*

- Excerpts from the deposition transcript of Vance Ikezoye
  *Exhibit 7 to Cox's MIL No. 6*

- Excerpts from the deposition transcript of Samuel Rubin (managing director of Stroz Friedberg LLC)
  *Exhibit M to Cox's MIL Opp.*

- REV00003444
  *Exhibit 8 to Cox's MIL No. 6*

- Excerpts from the deposition transcript of Slawomir Paszkowski
  *Exhibit 9 to Cox's MIL No. 6*
  *Exhibit S to its MIL Opp.*
  *Exhibit 20 to Cox's Reply in support of MIL No. 6*

- MM_000236
  *Exhibit 10 to Cox's MIL No. 6*

- 431 and 236 Spreadsheet Metadata Screenshot
  *Exhibit 11 to Cox's MIL No. 6*

- Plaintiffs_00286431
  *Exhibit 12 to Cox's MIL No. 6*

- AUDIBLE-MAGIC-00000003
  *Exhibit 13 to Cox's MIL No. 6*

- Portions of Cox's Memorandum in Support of MIL No. 4

- Portions of Cox's Memorandum in Support of MIL No. 9

- Portions of Cox's Reply in Support of MIL No. 4

- Portions of Cox's Reply in Support of MIL No. 5

These documents reveal technical details regarding MarkMonitor's proprietary system for gathering evidence of infringement, Audible Magic's fingerprinting technology, and Plaintiffs' internal business decisions regarding the ways in which they address online infringement of their works through peer-to-peer networks. All of this information is extremely sensitive, proprietary, not available to the public, and in many cases subject to express confidentiality obligations in agreements with third parties. Further, the public has no legitimate need for this detailed, highly confidential, and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly-filed pleadings and numerous declarations from parties and nonparties.

In addition, the documents designated by the RIAA reveal the terms of highly-sensitive contractual agreements between the RIAA and MarkMonitor, all of which are kept strictly confidential in the ordinary course of business. If disclosed, others could use the highly confidential information and related trade secrets contained in these documents for illegal or unlawful purposes, or to unfairly compete with others in the industry.

## II. Plaintiffs' Highly Confidential Financial and Business Information Should be Sealed

- The Expert Report of Plaintiffs' Expert William H. Lehr
    *Exhibit 2 to Cox's MIL No. 4*

- The Reply Report of Plaintiffs' Expert William H. Lehr
    *Exhibit 3 to Cox's MIL No. 4*

- The Rebuttal Report of Plaintiffs' Expert William H. Lehr
    *Exhibit 5 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of Michael Abitbol
    *Exhibit 6 to Cox's MIL No. 4*

- Excerpts from the deposition transcript deposition transcript of Neil Carfora
    *Exhibit 7 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of Jason Gallien
    *Exhibit 8 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of Paul Kahn
    *Exhibit 9 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of David Kokakis
    *Exhibit 10 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of Matthew Flott
    *Exhibit 11 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of Plaintiffs' Expert William H. Lehr

    *Exhibit 13 to Cox's MIL No. 4*

- Excerpts from the deposition transcript of Jill Lesser
    *Exhibit J to Cox's MIL Opp.*

The documents identified above should be sealed because they discuss or disclose highly confidential and proprietary business information, including sensitive financial information and internal business decisions – all of which are maintained as strictly confidential in the ordinary course of business.  For example, these documents discuss or disclose revenues, financial impact of piracy, and internal structuring of Plaintiffs' businesses, all of which is proprietary, not available to the public, commercially sensitive, and/or subject to express confidentiality obligations in agreements with third parties. Disclosure of this information would allow competitors and non-affiliated licensees to assess how Plaintiffs internally structure and value their assets, which could give them an unfair financial advantage in their negotiations with Plaintiffs.  Plaintiffs do not disclose this information to third parties and permit their disclosure in litigation only where there is a protective order in place.

In addition, the documents designated by the RIAA reveal the terms of highly-sensitive contractual agreements between the RIAA and MarkMonitor, all of which are kept strictly confidential in the ordinary course of business.  If disclosed, others could use the highly confidential information and related trade secrets contained in these documents for illegal or unlawful purposes, or to unfairly compete with others in the industry.

### III.   Conclusion

For the foregoing reasons, Plaintiffs and non-party the RIAA respectfully request that the Court enter an order granting Cox's Motions to Seal (ECF Nos. 509, 546, 569) with respect to Plaintiffs' and the RIAA's documents and information and order that they remain under seal.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated November 13, 2019 | */s/ Scott. A Zebrak*<br>Scott A. Zebrak (38729)<br>Matthew J. Oppenheim (*pro hac vice*)<br>Jeffrey M. Gould (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue, NW, 5th Floor<br>Washington, DC 20015<br>Tel:  202-480-2999<br>scott@oandzlaw.com<br>matt@oandzlaw.com<br>jeff@oandzlaw.com<br><br>*Attorneys for Plaintiffs and the Recording Industry Association of America* |