IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> COX COMMUNICATIONS, INC., *et al.*, ) <br> ) <br> *Defendants*. ) <br> ) <br> ) | Case No. 1:18-cv-950 <br> Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Parties' *Daubert* motions to exclude certain expert testimony. The motions are fully briefed. The Court heard oral argument on October 24, 2019, regarding the testimony of Dr. William H. Lehr for Plaintiffs, and Mr. Christian Tregillis and Dr. Nick Feamster for Defendants. Oral argument was not required for the remaining motions.

The Court considers the motions under Federal Rule of Evidence 702, governing the admissibility of expert testimony: "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In carrying out its "gatekeeping role," the Court is mindful of additional applicable rules and the risks of misleading or confusing the jury with certain expert testimony. *See Daubert v. Merrell*

*Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595-96 (1993); Fed. R. Evid. 403. Proposed expert testimony must not be based "on belief or speculation, and inferences must be derived using scientific or other valid methods." *Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194, 200 (4th Cir. 2001) (quoting *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999)).

Upon due consideration, the Court finds the following regarding the pending *Daubert* motions:

Plaintiffs move to Exclude Certain Expert Testimony by Dr. Lynne Weber. Dkt. 293. That motion is **GRANTED IN PART AND DENIED IN PART**. It is granted as to the argument that Dr. Weber should not be allowed to opine on the "effectiveness" of Cox's graduated response program. Dr. Weber uses a subset of data that does not capture the full extent of Cox's receipt of infringing notices in forming her opinion, and she is also not an expert in the field. Moreover, her opinion unfairly usurps the factfinding role of the jury on issues of fact.

The motion is denied regarding collateral estoppel, because Cox's overall treatment of notices from these Plaintiffs is different from that in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634 (E.D. Va. 2015). Dr. Weber may testify about her calculations concerning Cox's responses and the statistical information therein.

Plaintiffs' Motions to Exclude Certain Expert Testimony by Dr. Kevin C. Almeroth (Dkt. 285) is also **GRANTED IN PART AND DENIED IN PART**. The motion is denied regarding collateral estoppel, again because Cox's overall treatment of notices from these Plaintiffs is different from that in *BMG*. The motion to exclude testimony regarding the reasonableness of the ISP infringement policies is granted, as Dr. Almeroth is not qualified to give that opinion. Opining on questions of reasonableness would usurp the jury's factfinding role. As previously

ordered in response to Plaintiffs' Motion *in Limine* – Issue III, testimony related to the CAS system and Stroz Friedberg Reports regarding ISP compliance is admissible.

Plaintiffs' Motion to Exclude Certain Expert Testimony by W. Christopher Bakewell (Dkt. 289) is **GRANTED IN PART AND DENIED IN PART**. Mr. Bakewell will be permitted to testify and to address and critique Dr. Lehr's profitability analysis. Mr. Bakewell may not, however, testify outside of the statutory damages framework, or to what goes into statutory damages as a matter of law. Further, he shall not offer any opinions as to whether certain damages should be characterized as a "windfall" or if they would tend to overcompensate Plaintiffs. Those are questions for the jury. Mr. Bakewell's rebuttal testimony shall address Dr. Lehr's actual testimony at trial.

Plaintiffs' Motion to Exclude Certain Expert Testimony by Dr. Nick Feamster (Dkt. 291) is **GRANTED IN PART AND DENIED IN PART**. Dr. Feamster's testimony will be limited to the substance of his reports, and further amended to exclude his opinions concerning MarkMonitor's use of Audible Magic data pursuant to the Court's Order in response to Plaintiffs' Motion *in Limine* – Issue VI.

Plaintiffs' Motion to Exclude Certain Expert Testimony by Christian Tregillis (Dkt. 287) is **GRANTED IN PART AND DENIED IN PART**. Defendants may present a good faith theory of damages, and provide proper rebuttal testimony. Mr. Tregillis' testimony may not use legal definitions to limit statutory damages. Further, he is not sufficiently qualified to testify to the efficacy of Cox's anti-piracy procedures, and will be precluded from doing so.

Defendants' Motion to Exclude Expert Testimony of Putative Expert George P. McCabe (Dkt. 300) is **DENIED**. Mr. McCabe's testimony will be allowed in full, and Defendants' arguments may go to the weight of the evidence.

Defendants' Motion to Exclude Expert Testimony of Putative Expert Barbara Frederiksen-Cross (Dkt. 309) is **DENIED**. The proposed testimony is admissible and within her relevant qualifications. For each of the reasons noted in Plaintiffs' pleadings, Defendants' arguments go to weight, not admissibility of the testimony.

Defendants' Motion to Exclude Expert Testimony of Putative Expert Dr. Terrence P. McGarty (Dkt. 303) is **GRANTED IN PART AND DENIED IN PART**. Dr. McGarty's testimony will be allowed as to Cox's functional and technical abilities, and general network architecture. Testimony will not be allowed regarding reasonableness or effectiveness of Cox's procedures, or why Cox made certain decisions, without a proper foundation. Plaintiff will not be allowed to offer expert testimony related to Cox's procedures to the extent that it is cumulative at trial.

Defendants' Motion to Exclude Expert Testimony of Putative Expert Dr. William H. Lehr (Dkt. 306) is **GRANTED IN PART AND DENIED IN PART**. Testimony will be excluded as to actual damages outside of the Claim Period and works in suit as identified in the Court's Order on Cox's Motion *in limine* No. 4, and will be permitted otherwise. After careful consideration of the Parties' filings and governing law, the Court finds that Cox's remaining objections go to the weight of the evidence.

It is **SO ORDERED**.

November 19, 2019  
Alexandria, Virginia

Liam O'Grady  
United States District Judge