UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:18-cv-00950-LO-JFA |
| COX COMMUNICATIONS, INC., *et al.* | ) |
| Defendants. | ) |

**NONPARTY MARKMONITOR, INC.'S**
**RESPONSE TO DEFENDANTS' MOTION TO SEAL**

Nonparty MarkMonitor, Inc. ("MarkMonitor"), through counsel, and pursuant to L. R. Civ. 5(C) and this Court's October 25, 2019 Order (ECF No. 534), hereby submits its response to Plaintiffs' Motions to Seal (ECF Nos. 484, 541) and Defendants' Motions to Seal (ECF No. 509, 546, 569) requesting that MarkMonitor's information and materials filed in support of Plaintiffs' Omnibus Motion *in Limine* (ECF No. 476), Defendants' Motion *in Limine* No. 6 (ECF No. 492), Plaintiffs' Omnibus Opposition to Defendants' Motions *in Limine* (ECF No. 538), Defendants' Opposition to Plaintiffs' Omnibus Motion *in Limine* (ECF No. 545), and Defendants' Reply in Support of Motion *in Limine* No. 6 (ECF No. 559) remain under seal, and in support states as follows:

**I.    APPLICABLE STANDARD**

"When a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion complying with requirements (2), (3), and (4) above along with a proposed order." L. R. Civ. 5(C).

> "The non-confidential memorandum shall include: …
>
> > (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
> > (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;
> > (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

*Id.*

## II. ANALYSIS

Defendants' Motion requests that the Court seal the following documents that contain information designated by MarkMonitor as Highly Confidential – Attorneys' Eyes Only: Exhibits 4, 9-11, and 18 and Memorandum of Law in Support of Defendants' Motion *in Limine* No. 6 (ECF No. 492); Exhibit T and Memorandum in Opposition to Plaintiffs' Omnibus Motion *in Limine* (ECF No. 542); and Exhibits 20 and 21 and Reply Memorandum in Support of Defendants' Motion *in Limine* No. 6 (ECF No. 559) (collectively, the "Proposed Sealed Exhibits"). The Proposed Sealed Exhibits contain information that MarkMonitor has designated Highly Confidential – Attorneys' Eyes Only pursuant to the Stipulated Protective Order (ECF No. 60).

### A. Non-Confidential Description of Material Filed Under Seal.

Plaintiffs' Omnibus MiL Bahun Declaration (ECF No. 476-1) and Plaintiffs' Opposition to Defendants' MiLs (ECF No. 538-1) are the declarations of Sam Bahun, a MarkMonitor employee, containing highly confidential testimony regarding MarkMonitor's software, confidential and proprietary information regarding MarkMonitor's business, and MarkMonitor's proprietary verification process for showing evidence of infringement.

Plaintiffs' Omnibus MiL Gould Declaration (ECF No. 476-3) is a declaration of Jeffrey M. Gould, counsel for Plaintiffs, containing discussion of MarkMonitor's Spreadsheets Bates stamped

'236 and '431, which contain data related to MarkMonitor's proprietary verification process.

Plaintiffs' Omnibus MiL Exhibit 17 (ECF No. 476-13), Plaintiffs' Omnibus MiL Exhibit 21 (ECF No. 476-16), and Plaintiffs' Omnibus Opposition to Defendants' MiLs Exhibit 12 (ECF No. 538-10) are spreadsheets that contains data related to MarkMonitor's proprietary verification process.

Plaintiffs' Omnibus MiL Exhibit 18 (ECF No. 476-14), Defendants' MiL No. 6 Exhibit 9 (ECF No. 492-7) and Defendants' Reply in Support of MiL No. 6 Exhibit 20 (ECF No. 559-2) contain portions of the transcript from the deposition of Slawomir Paszkowski, a MarkMonitor employee, containing highly confidential testimony regarding MarkMonitor's proprietary source code, proprietary verification process for showing evidence of infringement, and the highly confidential Excel spreadsheet Bates stamped MM000236.

Defendants' MiL No. 6 Exhibit 4 (ECF No. 492-3) is a highly confidential report MarkMonitor prepared for the Motion Picture Association of America and the Recording Industry Association of America that provides a detailed overview of MarkMonitor's proprietary processes for monitoring, verifying, and enforcing intellectual property infringements.

Defendants' MiL No. 6 Exhibit 10 (ECF No. 491-10) is an Excel spreadsheet showing the hash values in MarkMonitor's notices of infringement to Cox, which constitute the product of MarkMonitor's proprietary verification process for showing infringement.

Defendants' MiL No. 6 Exhibit 11 (ECF No. 492-8) contains screenshots showing metadata from Exhibit 10.  The metadata identifies elements of MarkMonitor's proprietary verification process, such as creation and modification dates.

Defendants' MiL No. 6 Exhibit 18 (ECF No. 492-10), Plaintiffs' Omnibus Opposition to Defendants' MiLs Exhibit 11 (ECF No. 538-9), and Defendants' Reply in Support of MiL No. 6

Exhibit 21 (ECF No. 559-3) contain portions of the transcript from the deposition of Sam Bahun, a MarkMonitor employee, containing highly confidential testimony regarding MarkMonitor's software.

Defendants' Memorandum in Opposition to Plaintiffs' Omnibus MiL Exhibit T (ECF No. 545-5) is the Rebuttal Expert Report of Dr. Nick Feamster, which contains discussion of MarkMonitor's proprietary verification process for showing evidence of infringement and MarkMonitor's proprietary source code.

Plaintiffs' Memorandum in Support of Omnibus MiL (ECF No. 476), Defendants' Memorandum of Law in Support of MiL No. 6 (ECF No. 492), Plaintiffs' Omnibus Opposition to Defendants' MiLs (ECF No. 538), Defendants' Memorandum in Opposition to Plaintiffs' Omnibus MiL (ECF No. 545), and Defendants' Reply Memorandum of Law in Support of MiL No. 6 (ECF No. 559) contain discussion of the contents of the above-referenced exhibits.

### Sealing the Proposed Sealed Exhibits is Necessary to Protect MarkMonitor's Confidential, Proprietary Source Code and Verification Processes Upon Which Its Business is Built and Maintains a Competitive Advantage.

MarkMonitor is a technology company that develops software intended to protect intellectual property owners from infringement, counterfeiting, fraud, piracy, and cybersquatting. Relevant to this action, MarkMonitor was retained by the RIAA to detect, report, and facilitate notification for infringement in the form of unauthorized downloads of songs on peer-to-peer file sharing sites. MarkMonitor's source code was developed to perform MarkMonitor's verification processes that MarkMonitor's customers pay MarkMonitor to perform. MarkMonitor's source code and verification processes are proprietary and kept confidential to maintain its competitive advantage in intellectual property protection. Data generated from MarkMonitor's source code and verification process are also proprietary and confidential as it is the end product used by MarkMonitor's customers.

The Proposed Exhibits contain descriptions of MarkMonitor's proprietary verification processes and trade secrets, excerpts from MarkMonitor's proprietary source code, data resulting from its proprietary verification process. The disclosure of the contents of the Proposed Exhibits would create a substantial risk of harm to MarkMonitor. MarkMonitor requests that the Proposed Sealed Exhibits be permanently sealed.

### B.  Sealing Confidential, Proprietary, and Competitive Information Outweighs the Public Interest in Disclosure.

Disclosure of "sources of business information that might harm a litigant's competitive standing" outweigh the common law right of public inspection. *See Nixon v. Warner Communications*, 435 U.S. 589, 598, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (citing *Schmedding v. May*, 85 Mich. 1, 5-6, 48 N. W. 201, 202 (1891); *Flexmir, Inc. v. Herman*, 40 A.2d 799, 800 (N.J.)). *See also Woven Elecs. Corp. v. Advance Group, Inc.*, Nos. 89-1580, 89-1588, 1991 U.S. App. 6004, at *17 (4th Cir. Apr. 15, 1991); *East West, LLC v. Rahman*, 2012 U.S. Dist. LEXIS 126242, at *7-8 (E.D. Va. Sept. 4, 2012) (granting motion to seal expert reports containing "confidential business information and other trade secret protected information").

MarkMonitor's source code, verification processes, and resulting data from running the source code are the sources of information that establish MarkMonitor's competitive advantage as a technology resource for its customers and potential customers to protect their intellectual property. Disclosure of the Proposed Sealed Exhibits would have severe financial repercussions to MarkMonitor's business and ability to attract and maintain customers.

### C.  MarkMonitor Requests Permanent Sealing of the Proposed Sealed Exhibits.

MarkMonitor seeks permanent sealing of the Proposed Sealed Exhibits.

### III. CONCLUSION

For the foregoing reasons, Nonparty MarkMonitor, Inc. respectfully requests that this Court grant Plaintiffs' Motions to Seal (ECF Nos. 484, 541) and Defendants' Motions to Seal (ECF No. 509, 546, 569).

Dated: November 20, 2019          Respectfully submitted,

                                       */s/ Julia K. Whitelock*
                                       Julia K. Whitelock, Esq. (VSB #79328)
                                       Gordon Rees Scully Mansukhani, LLP
                                       1101 King Street, Suite 520
                                       Alexandria, VA 22314
                                       202.399.1009
                                       202.800.2999 (Facsimile)
                                       jwhitelock@grsm.com

                                       *Counsel for Nonparty MarkMonitor, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2019, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

                                       */s/ Julia K. Whitelock*
                                       Julia K. Whitelock, Esq. (VSB #79328)
                                       Gordon Rees Scully Mansukhani, LLP
                                       1101 King Street, Suite 520
                                       Alexandria, VA 22314
                                       202.399.1009
                                       202.800.2999 (Facsimile)
                                       jwhitelock@grsm.com

                                       *Counsel for Nonparty MarkMonitor, Inc.*