UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**NONPARTY AUDIBLE MAGIC'S MEMORANDUM IN SUPPORT OF
PLAINTIFFS' AND DEFENDANTS' MOTIONS TO FILE UNDER SEAL**

Pursuant to the Court's October 25, 2019 Order (ECF No. 534, the "Order"), and Local Civil Rule 5(C), Nonparty Audible Magic Corporation ("Audible Magic"), through counsel, and pursuant to L.R. Civ. 5(C), submits this memorandum in support of maintaining under seal certain documents and information containing information Audible Magic has designated as Highly Confidential – Attorneys' Eyes Only or Confidential under the Stipulated Protective Order (ECF No. 58).

This motion is in support of the following motions by the Parties: Plaintiffs' Motions to Seal, (ECF Nos. 484, 541) ("Plaintiffs' Sealing Motions") and Defendants' Motion to Seal (ECF No. 509, 546) ("Defendants' Sealing Motion").

**I.    FACTUAL BACKGROUND**

Audible Magic is not a party to this lawsuit. Its primary business is to automatically identify and match copyrighted content in music, film, television, and radio. Audible Magic was subpoenaed on April 12, 2019. (ECF No. 238-15). Pursuant to this subpoena, Audible Magic began producing documents and provided a witness for a deposition on May 6, 2019.

For the Court's convenience, Audible Magic identifies the documents in the parties' motions in limine ("MIL") briefing relevant to Audible Magic (collectively, "AM MIL documents") that at least one of the parties has requested the Court to maintain under seal below:

- Portions of Plaintiffs' MIL opening brief (ECF No. 476) that reference the Declaration of Vance Ikezoye (ECF 476-2) or excerpts from the Deposition of Vance Ikezoye (ECF 476-26) ("Plaintiffs' MIL Excerpts"), and the Declaration and Plaintiffs' MIL Excerpts themselves. Mr. Ikezoye is the CEO of Audible Magic, and Plaintiffs' MIL Excerpts as well as his Declaration have already been granting sealing protection by the Court. *See, e.g.,* ECF Nos. 518 (sealing Plaintiffs' MIL Excerpts), 522 (sealing the declaration).

- Portions of Defendants' MIL No. 6 (ECF No. 492) that reference either (1) excerpts from the Deposition of Vance Ikezoye (ECF No. 492-6) ("Defendants' MIL Excerpts"), (2) an Audible Magic Spreadsheet (filed via hard drive), or (3) an Audible Magic technical manual known as a Programming Guide (ECF No. 492-9), and Defendants' MIL Excerpts, the spreadsheet, and the Programming Guide themselves. The Court has already granted sealing protection to Defendants' MIL Excerpts as well as the other documents. *See, e.g.*, E.C.F. No. 517 (sealing Defendants' MIL Excerpts, the Programming Guide, and the spreadsheet).

- Portions of Plaintiffs' Response to Defendants' MILs (ECF No. 538) that reference the Declaration of Vance Ikezoye (ECF No. 538-2), as well as the declaration itself. This is the same declaration referenced above that the Court has already sealed.

- Portions of Defendants' Response to Plaintiffs' MILs (ECF No. 542) that reference excerpts from the Deposition of Vance Ikezoye (ECF No. 542-24), excerpts from the

2

Deposition of Slawomir Paszkowski (ECF No. 542-19) or Dr. Nick Feamster's Rebuttal Report (ECF No. 542-20), as well as the deposition excerpts and Rebuttal Report themselves. The Court has already granted sealing protection to these documents. *See, e.g.,* ECF No. 517.

**II. ARGUMENT**

Prior to allowing documents to be filed under seal, the Court should "(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984). As presented in more detail below, filing unredacted copies of the AM MIL documents under seal in this case is appropriate.

**A. Public Notice Is Provided**

Pursuant to L.R. Civ. 5, the parties have filed numerous Notice of Filing of Sealing Motions (*e.g.*, ECF No. 507) in connection with their MIL briefing, which have put members of the public on notice that the Court will be considering the permissibility of sealing unredacted copies of the AM MIL documents, and will provide sufficient time for objection. *See In re Knight*, 743 F.2d at 235 (stating that the "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision"); *see also* L.R. Civ. 5. Any hearing, if necessary, will occur after the filing of this pleading, and after the notices filed by the parties, so that members of the public have sufficient time to note any objections that they might have to the motion.

### B. There Are No Less Drastic Alternatives

Audible Magic does not seek a blanket protective order that would seal all of the pleadings or documents filed in this case, nor does it seek to seal even the entirety of the AM MIL documents. A "less drastic" alternative is sought, namely that only unredacted copies of the AM MIL documents be placed under seal while the parties publicly file the redacted copies of the AM MIL documents.

### C. Specific Reasons Why the Documents Should Be Filed under Seal

The AM MIL documents contain technically sensitive information relating to the business of Audible Magic. Such information should be kept confidential because its disclosure could provide competitors with an unfair advantage in their efforts to compete, and therefore would be harmful to Audible Magic. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as … unfairly gaining a business advantage"); *East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party").

Specifically, the AM MIL documents reference a narrative description and other detailed confidential details of the operation of Audible Magic's copyright-identification software and processes. Audible Magic designated this material as "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (ECF No. 58).

With this information, competitors could use Audible Magic's confidential, competitively sensitive, and proprietary information to unfairly compete with Audible Magic. Sealing is, therefore, necessary to protect Audible Magic's business. *See* ECF No. 58 (Stipulated Protective Order).

Case 1:18-cv-00950-PTG-JFA   Document 593   Filed 11/20/19   Page 5 of 6 PageID# 25217

## III. CONCLUSION

Based on the foregoing, Audible Magic requests that this Court grant Plaintiffs' Motions and Defendants' Motion at least as to the AM MIL documents.

Dated:  November 20, 2019

Respectfully submitted,

/s/ Michael H. Jacobs_____

Michael H. Jacobs
Virginia Bar No. 41006
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:     (202) 624-2500
Facsimile:      (202) 628-5116
mjacobs@crowell.com

Gabriel Ramsey (*pro hac vice*)
CROWELL & MORING LLP
3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Telephone:     (415) 986-2800
Facsimile:      (415) 986-2827
gramsey@crowell.com

*Attorneys for Nonparty Audible Magic Corp.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

    /s/ Michael H. Jacobs
Michael H. Jacobs (Va. Bar No. 41006)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
(202) 628-5116 (fax)
mjacobs@crowell.com

*Attorney for Nonparty Audible Magic Corp.*