IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> COX COMMUNICATIONS, INC., *et al.*, ) <br> ) <br> *Defendants*. ) <br> ) | Case No. 1:18-cv-950-LO-JFA <br> Hon. Liam O'Grady |

## ORDER

Before the Court is Plaintiffs' Motion for Summary Judgment (Dkt. 312) regarding Defendants' (or "Cox's") affirmative defenses as identified in Plaintiffs' brief (Dkt. 325 Section VI). The remainder of Plaintiffs' Motion for Summary Judgment is addressed in the Court's Memorandum Opinion and Order of November 15, 2019. Dkt. 586. The matter is fully briefed.

Cox asserted numerous "Affirmative and Other Defenses" in its Answer, filed September 24, 2018. Dkt. 21. Here, Plaintiffs move the Court to find that each of Cox's sixteen remaining affirmative defenses fail as a matter of law. The Court does not find that it is precluded from considering any portion of the motion based on untimeliness, as Defendants argue. Plaintiffs have the burden of demonstrating that there is "no genuine dispute as to any material fact" regarding each of these defenses to prevail in summary judgment. Fed. R. Civ. P. 56(a). If Defendants have failed to show a basis in fact for its Affirmative and Other Defenses, Plaintiffs must prevail, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Because the Court has ruled on all other pre-trial motions to date, several of Cox's asserted defenses are now moot. Ownership issues are decided by the Court's Grant of Judicial Notice (Dkt. 467) and Summary Judgment (Dkt. 586), thus Defenses Nos. 16, 18, 19, and 20 are resolved in Plaintiffs' favor. The Summary Judgment opinion also established the element of knowledge within the contributory liability claim, which resolves Defense No. 7. These arguments are thus DENIED as moot.

As such, the Court will address Plaintiffs' arguments that remain in dispute. Plaintiffs present their arguments in five categories: (1) Several Defenses are not Defenses at All; (2) There is No Basis for Alleged Failure to Join Indispensable Parties; (3) Cox is Not Entitled to Innocent Infringer Defense; (4) Failure to Mitigate Damages is Not a Proper Defense Here; and (5) Constitutionality of Statutory Damages is Not an Affirmative Defense.

In Category 1, the Court finds that the remaining Defenses must fail for the reasons Plaintiffs set out in their briefs. Each of these asserted Defenses align with an element of Plaintiffs' prima facie case, and they will be appropriately considered as such at trial. The burden remains on Plaintiffs to satisfy the elements of their claims, and the motion is thus GRANTED as to the remaining Defenses in Category 1.

Category 2 alleges a failure to join indispensable parties to the suit, but this is a bare assertion with no support and no proposed indispensable party. Cox filed its Answer more than one year ago, and the Court is not aware of any factual support for this Defense, let alone a genuine dispute of fact. Accordingly, the motion is GRANTED for Category 2.

The third category addresses the alleged innocent infringer defense. Plaintiffs argue, *inter alia*, that the Fourth Circuit's holding in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 313 (4th Cir. 2018) ("*BMG II*") and the language of 17 U.S.C. §§ 401(d),

402(d), and 504(c)(2) govern here. Without addressing whether Defendants are collaterally estopped from arguing this, or whether Defendants had access to the copyrighted works as required by §§ 401(d) and 402(d), the Court reiterates its prior finding that the infringement notices Cox undisputedly received in this case are sufficient to establish knowledge for purposes of secondary liability. Dkt. 586 at 19. These circumstances preclude innocent infringer status, as they do not materially resemble facts where courts have found it appropriate; Defendants had no basis to reasonably believe it had a right to engage in the infringing conduct, such as "under an agreement with the copyright holder." *BMG II*, 881 F.3d at 313 (citing *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 143 (2d Cir. 2010)). For these reasons, Cox may not rely on an innocent infringer defense, and Plaintiffs' motion is GRANTED as to Category 3.

In Category 4, Cox says Plaintiffs' failure to mitigate damages is grounds for defense. In opposition, Cox offers certain examples of Plaintiffs' alleged failure to mitigate: "(1) they did not pursue direct infringers; (2) did not ask Cox to terminate any subscribers; and (3) did not utilize the full allotment of 600 notices a day." Defs.' Opp'n 38-39. Defendants rely heavily on the Court's holding in *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 149 F. Supp. 3d 634, 677 (E.D. Va. 2015) ("*BMG I*"), where the Court found a genuine issue of fact and allowed mitigation-related evidence. But *BMG I's* holding that election of statutory damages does not "invalidate[] a failure-to-mitigate defense" does not mean that Defendants are relieved of their burden to provide a basis in fact. *BMG I*, 149 F. Supp. 3d at 677. Cox fails to show a legitimate basis in fact related to (2) Cox's termination decisions regarding its subscribers, and (3) the quantity of notices that Cox allowed from Plaintiffs. These arguments can only unfairly prejudice Plaintiffs for Defendants' conduct. Defendants may offer evidence related to (1)

pursuit of direct infringers. Plaintiffs' motion regarding Defense No. 13, therefore, is GRANTED IN PART AND DENIED IN PART as stated herein.

Finally, the Court finds that the defenses asserted in the fifth category are premature. Defendants object to the constitutionality of the damages sought, and any application of the Copyright Act to Defendants' conduct. These defenses, Nos. 21 and 22, assume facts not in evidence and certain outcomes of this litigation. Accordingly, Plaintiffs' motion is GRANTED as to Category 5.

In sum, the Court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion for Summary Judgment (Dkt. 312) on Cox's affirmative defenses.

It is **SO ORDERED**.

November 25, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge