# APPENDIX B

## <u>COX'S PROPOSED JURY INSTRUCTIONS</u>

Defendants Cox Communications, Inc. and CoxCom, LLC ("Cox"), submit these proposed jury instructions. Cox reserves the right and requests the opportunity to supplement these proposed jury instructions with additional instructions in the event that issues arise in pretrial rulings or during trial and for all other purposes contemplated by the Local Rules and Federal Rules of Civil Procedure.

# TABLE OF CONTENTS

Page

1.   General Introduction ................................................................................... 1

2.   Evidence in the Case .................................................................................. 2

3.   Questions Are Not Evidence ....................................................................... 3

4.   Judge's Questions to Witnesses .................................................................. 4

5.   Judge's Comments to Lawyer ...................................................................... 5

6.   Objections and Rulings ............................................................................... 6

7.   Judging the Evidence .................................................................................. 7

8.   Jury's Recollection Controls ....................................................................... 8

9.   Evidence Admitted for a Limited Purpose Only ........................................... 9

10.  Standard of Proof—Preponderance of the Evidence ................................. 10

11.  Direct and Circumstantial Evidence ......................................................... 11

12.  Inferences ................................................................................................ 12

13.  Credibility of Witnesses ........................................................................... 13

14.  Impeachment—Inconsistent Statement or Conduct .................................. 15

15.  Expert Witnesses ..................................................................................... 16

16.  Use of Depositions as Evidence ................................................................ 17

17.  Answers to Interrogatories ....................................................................... 18

18.  Testimony and Documents by Lawyers ..................................................... 19

19.  The Digital Millennium Copyright Act ....................................................... 20

20.  Exhibits During Deliberations .................................................................. 21

21.  Copyright—Definition .............................................................................. 22

22.  Plaintiffs and Defendants ........................................................................ 23

23.  Plaintiffs' Claims ..................................................................................... 25

i

24.     Direct Infringement...........................................................................................26

25.     Infringement Notices.......................................................................................28

26.     Vicarious Liability...........................................................................................29

27.     Contributory Infringement...............................................................................30

28.     Contributory Infringement—Willful Blindness................................................31

29.     Agency.............................................................................................................32

30.     Effect of Instruction as to Damages.................................................................33

31.     Damages—Generally.......................................................................................34

32.     Statutory Damages—Generally.......................................................................35

33.     Statutory Damages - Number of Works - Compilations...................................37

34.     Statutory Damages - Number of Works – Recordings and Compositions........38

35.     Statutory Damages—Innocent Infringement....................................................39

36.     Statutory Damages—Willfulness.....................................................................40

37.     Damages—Failure to Mitigate.........................................................................41

38.     Final Instructions.............................................................................................42

## <u>Cox's Proposed Jury Instruction No. 1</u>

### 1.    General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

<u>**Cox's Proposed Jury Instruction No. 2**</u>

**2.      Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

<u>**Cox's Proposed Jury Instruction No. 3**</u>

**3.      Questions Are Not Evidence**

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**Cox's Proposed Jury Instruction No. 4**

**4.      Judge's Questions to Witnesses**

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

<u>**Cox's Proposed Jury Instruction No. 5**</u>

**5.      Judge's Comments to Lawyer**

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

**<u>Cox's Proposed Jury Instruction No. 6</u>**

**6.      Objections and Rulings**

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

<u>**Cox's Proposed Jury Instruction No. 7**</u>

**7.      Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

## <u>Cox's Proposed Jury Instruction No. 8</u>

### 8.      Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

<u>**Cox's Proposed Jury Instruction No. 9**</u>

**9.      Evidence Admitted for a Limited Purpose Only**

Sometimes evidence may be admitted for a particular purpose and not generally for all purposes. You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

## Cox's Proposed Jury Instruction No. 10

### 10.  Standard of Proof—Preponderance of the Evidence

Plaintiffs have the burden in a civil action, such as this, to prove every essential element of their claims by a preponderance of the evidence. If the plaintiffs should fail to establish any essential element of a claim by a preponderance of the evidence, you should find for Cox as to that claim.

The defendant Cox has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means that the evidence, as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds the belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

### Cox's Proposed Jury Instruction No. 11

**11.     Direct and Circumstantial Evidence**

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect" or "circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## Cox's Proposed Jury Instruction No. 12

### 12.    Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. From the facts you find have been proved, you may draw such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Cox's Proposed Jury Instruction No. 13

### 13.    Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

**Cox's Proposed Jury Instruction No. 14**

**14.   Impeachment—Inconsistent Statement or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

<u>**Cox's Proposed Jury Instruction No. 15**</u>

**15.     Expert Witnesses**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or con-clusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

## <u>Cox's Proposed Jury Instruction No. 16</u>

### 16.     Use of Depositions as Evidence

During the trial, certain testimony has been presented to you by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witnesses in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath, or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Cox's Proposed Jury Instruction No. 17**

**17.     Answers to Interrogatories**

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

**Cox's Proposed Jury Instruction No. 18**

**18.     Testimony and Documents by Lawyers**

You have heard testimony in this case from certain witnesses who are lawyers: Michael Abitbol, David Benjamin, Randall Cadenhead, Jon Glass, David Kokakis, Wade Leak, Jill Lesser, Steven Marks, Alasdair McMullan, Victoria Sheckler, Linda Trickey, and Jeff Walker. You have also seen documents in this case that discuss and take different positions about the law. The law is what I tell you it is in these instructions. It is not what has been stated in any document from either party, in any testimony by any lay or attorney witness, or in any statements by the attorneys in this case.

**Cox's Proposed Jury Instruction No. 19**

**19.      The Digital Millennium Copyright Act**

As I indicated at the beginning of the case, you may have heard some testimony and seen some documents that refer to the Digital Millennium Copyright Act, commonly known by its initials "DMCA." The DMCA is a federal law relating to copyrights that is not relevant here. All references to it should be disregarded.

**Cox's Proposed Jury Instruction No. 20**

**20.      Exhibits During Deliberations**

I am sending the exhibits that have been received in evidence during the trial with you as you retire for your deliberations.

**Cox's Proposed Jury Instruction No. 21**

### 21.    Copyright—Definition

Owning a "copyright" for a work gives the owner certain exclusive rights. The exclusive rights that are relevant in this case are the rights to:

1.    Reproduce the copyrighted work, and

2.    Distribute copies of the copyrighted work to the public by sale or other transfer of ownership or by rental, lease, or lending.

There are two types of copyrighted works at issue in this case: musical compositions, which include melodies and lyrics, and sound recordings, which are recorded musical performances.

<u>**Cox's Proposed Jury Instruction No. 22**</u>

**22.      Plaintiffs and Defendants**

<u>**Plaintiffs**</u>.   There are 53 plaintiffs in this case, consisting of two broad groups: Record

Label Plaintiffs and Music Publisher Plaintiffs.

The Record Label Plaintiffs include Arista Music; Arista Records LLC; LaFace Records

LLC; Provident Label Group, LLC; Sony Music Entertainment; Sony Music Entertainment US

Latin; Volcano Entertainment III, LLC; and Zomba Recordings LLC; UMG Recordings, Inc. and

Capitol Records, LLC; Atlantic Recording Corporation; Bad Boy Records LLC; Elektra Entertain-

ment Group Inc.; Fueled by Ramen LLC; Roadrunner Records, Inc.; and Warner Bros. Records

Inc.

The Music Publisher Plaintiffs include  Sony/ATV Music Publishing LLC; EMI Al Gallico

Music Corp.; EMI Algee Music Corp.; EMI April Music Inc.; EMI Blackwood Inc.; Colgems-

EMI Music, Inc.; EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music; EMI Con-

sortium Songs, Inc., individually and d/b/a EMI Longitude Music; EMI Feist Catalog Inc.; EMI

Miller Catalog Inc.; EMI Mills Music, Inc.; EMI Unart Catalog Inc.; EMI U Catalog Inc.; Jobete

Music Co. Inc.; Stone Agate Music (a division of Jobete Music Co., Inc.); Screen Gems-EMI

Music Inc.; Stone Diamond Music Corp; Music Corporation of America, Inc. dba Universal Music

Corp.; Polygram Publishing, Inc.; Songs of Universal, Inc.; Universal Music - MGB NA LLC;

Universal Music - Z Tunes LLC; Universal Music Corp.; Universal Music Publishing AB; Uni-

versal Music Publishing Limited; Universal Music Publishing MGB Limited; Universal Music

Publishing, Inc.; Universal/Island Music Limited; and Universal/MCA Music Publishing Pty.

Limited; Warner/Chappell Music, Inc.; Warner-Tamerlane Publishing Corp.; WB Music Corp.;

W.B.M. Music Corp.; Unichappell Music Inc.; Rightsong Music Inc.; Cotillion Music, Inc.; and Intersong U.S.A., Inc.

**Defendants**.  There are two defendants in this case: Cox Communications, Inc. and Cox-com, LLC.

**<u>Cox's Proposed Jury Instruction No. 23</u>**

### 23.      Plaintiffs' Claims

Plaintiffs own copyrights for 10,017 works at issue in this case, consisting of 6,734 sound recordings owned by the Record Company Plaintiffs and 3,283 musical compositions owned by the Music Publisher Plaintiffs. Plaintiffs contend that Cox's subscribers infringed their copyrighted musical compositions and sound recordings, and seek to hold Cox contributorily and vicariously liable for the alleged infringement by Cox's subscribers.

Cox challenges Plaintiffs' evidence of direct infringement by Cox's subscribers, and denies that Cox is contributorily or vicariously liable for any such infringement.

### Cox's Proposed Jury Instruction No. 24

### 24.    Direct Infringement

In order to hold Cox liable for contributory or vicarious infringement, Plaintiffs first must establish by a preponderance of the evidence that subscribers of Cox's Internet service used that service to infringe Plaintiffs' copyrighted works during the Claims Period.  There are two Claims Periods at issue in this case:

- For Plaintiffs Sony/ATV Music Publishing LLC; EMI Al Gallico Music Corp.; EMI Algee Music Corp.; EMI April Music Inc.; EMI Blackwood Inc.; Colgems-EMI Music, Inc.; EMI Consortium Music Publishing Inc., d/b/a EMI Full Keel Music; EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music; EMI Feist Catalog Inc.; EMI Miller Catalog Inc.; EMI Mills Music, Inc.; EMI Unart Catalog Inc.; EMI U Catalog Inc.; Jobete Music Co. Inc.; Stone Agate Music, a division of Jobete Music Co., Inc.; Screen Gems-EMI Music Inc.; and Stone Diamond Music Corp., the Claims period is between August 1, 2013 and November 26, 2014.

- For all other Plaintiffs, the Claims Period is between February 1, 2013 and November 26, 2014.

It is not enough for Plaintiffs to show that some of their works were being infringed by means of Cox's Internet service; rather, Plaintiffs must prove specific instances of infringement of the particular works at issue during the applicable time period.

A copyright owner's exclusive right to reproduce its copyrighted work is infringed when a copy of the work is copied without authorization.

A copyright owner's exclusive right to distribute its copyrighted work is infringed when a copy of the copyrighted work is actually disseminated to the public without authorization. However, merely making a copyrighted work available for downloading or uploading by others does not infringe the copyright.

If you find that a subscriber of Cox's Internet service copied or distributed a specific copyrighted work of Plaintiffs' without authorization, then Plaintiffs have established that such subscriber directly infringed Plaintiffs' copyrighted work. You must make this determination for each of Plaintiffs' sound recordings and musical compositions at issue.

## Cox's Proposed Jury Instruction No. 25

### 25.    Infringement Notices

As I indicated at the beginning of the case, you have heard about notices of claimed infringement that the RIAA and MarkMonitor sent to Cox on behalf of the Record Label Plaintiffs. Those notices may have sometimes been referred to as "infringement notices." Infringement, however, is one of the issues that you will resolve on the basis of the testimony and the facts and the law that I give you. You will be making the ultimate decision based upon all of the evidence.

## <u>Cox's Proposed Jury Instruction No. 26</u>

### 26.    Vicarious Liability

A person may be held vicariously liable for direct copyright infringement committed by another, whether or not the person knew of the infringement, if the person has a direct financial interest in the infringement, combined with the right and practical ability to supervise the infringing activity.

In order to hold Cox vicariously liable for copyright infringement committed by its subscribers, Plaintiffs have the burden of proving each of the following by a preponderance of the evidence for each of Plaintiffs' copyrighted works at issue:

- First: There was direct infringement of a specific copyrighted work of Plaintiffs' by subscribers of Cox's Internet service;

- Second: Cox had a direct financial interest in the direct infringement of that specific work; and

- Third: Cox had the right and practical ability to supervise the direct infringement of that specific work.

### Cox's Proposed Jury Instruction No. 27

### 27.    Contributory Infringement

A copyright may be infringed by contributory infringement. With certain exceptions, which I will explain below, a person is liable for copyright infringement by another if the person, acting with the intent to cause direct copyright infringement of specific works, materially contributes to such infringement. Plaintiff has the burden of proving each of the following by a preponderance of the evidence for each of Plaintiffs' copyrighted works at issue.

- First, that there was direct infringement of Plaintiffs' copyrighted work by subscribers using Cox's Internet service;

- Second, that Cox actually knew of the specific act of direct infringement of Plaintiffs' copyrighted work; and

- Third, that Cox induced, caused, or materially contributed to the infringement of Plaintiffs' copyrighted work.

To establish contributory infringement, it is not enough for Plaintiffs to prove that Cox *should* have known of direct infringement of a specific copyrighted work at issue. It is also not enough for Plaintiffs to prove that Cox actually knew that direct infringement of Plaintiffs' works was occurring *in general* on its network. If you find that Plaintiffs proved that a specific act of direct infringement occurred, then a copyright notice sent to Cox by Plaintiffs or their agent that specifically identifies the time, subscriber, and copyrighted work with respect to that act of infringement provides sufficient knowledge of it.

However, if you find that Cox's service has substantial non-infringing uses, you may not hold Cox liable unless you find that Cox promoted or encouraged the use of its service to infringe Plaintiffs' copyrights.

**Cox's Proposed Jury Instruction No. 28**

**28.      Contributory Infringement—Willful Blindness**

In copyright law, willful blindness is considered to be knowledge. Cox acted with willful blindness if it was aware of a high probability that Cox subscribers were directly infringing Plaintiffs' particular copyrighted works at issue in this case, but Cox consciously avoided learning about any specific instances of such infringement. It is not enough for Plaintiffs to prove that Cox consciously avoided learning that Cox's subscribers were directly infringing Plaintiffs' copyrights in general.

You have heard evidence concerning Cox's actions in blacklisting or blocking certain notices sent by third parties other than Plaintiffs, concerning alleged infringement of works owned by others.  To establish willful blindness to works owned by Plaintiffs, Plaintiffs must prove that Cox consciously avoided learning that Cox's subscribers were directly infringing Plaintiffs' works. Evidence that Cox was willfully blind to alleged infringement of third parties' works is not sufficient to prove that Cox was willfully blind to alleged infringement of Plaintiffs' works.

## <u>Cox's Proposed Jury Instruction No. 29</u>

### 29.    Agency

RIAA and MarkMonitor were agents of the Record Label Plaintiffs for purposes of sending copyright infringement notices to Cox. Any act or omission by RIAA or MarkMonitor within the scope of their authority is considered to be an act or omission of the Record Label Plaintiffs. RIAA and MarkMonitor were not agents of the Music Publisher Plaintiffs, and acts or omissions by RIAA or MarkMonitor are not considered to be acts or omissions of the Music Publisher Plaintiffs.

## Cox's Proposed Jury Instruction No. 30

### 30.    Effect of Instruction as to Damages

The fact that I am instructing you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiffs from a preponderance of the evidence in the case, in accordance with the other instructions.

**Cox's Proposed Jury Instruction No. 31**

**31.    Damages—Generally**

If you find that Cox is liable for contributory or vicarious infringement, then you should consider the amount of money to award to Plaintiffs. If you find that Cox is not liable for contributory or vicarious infringement, then you should not consider this issue.

## Cox's Proposed Jury Instruction No. 32

### 32.      Statutory Damages—Generally

Plaintiffs seek an award of statutory damages under the United States Copyright Act. "Statutory damages" are damages that are established by Congress in the Copyright Act because actual damages in copyright cases are often difficult to establish with precision. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright-law violations.

If you find that Cox contributorily or vicariously infringed any of Plaintiffs' copyrighted works, then Plaintiffs are entitled to an award of between $750 and $30,000 for each copyrighted work that you found to be infringed.

However, if Cox proves by a preponderance of evidence that it acted innocently in contributorily or vicariously infringing Plaintiffs' copyrights you may, but are not required to, decrease the statutory damage award to a sum as low as $200 per copyrighted work. In a moment, I will explain what the term "innocent" means in this context.

If Plaintiffs prove by a preponderance of evidence that Cox acted willfully in contributorily or vicariously infringing Plaintiffs' copyrights you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work.[1] In a moment, I will explain what the term "willful" means in this context.

You should award as statutory damages an amount that you find to be fair under the circumstances. In determining the appropriate amount to award, you may consider the following factors:

---

[1] By stating in this instruction the statutory maximums for copyright infringement and willful copyright infringement, Cox does not waive its right to challenge any statutory damages award as excessive under the Due Process Clause or otherwise.

- The profits Cox earned because of the infringement

- The expenses Cox saved because of the infringement

- The revenues that Plaintiffs lost because of the infringement

- The difficulty of proving Plaintiffs' actual damages

- The circumstances of the infringement

- Whether Cox acted innocently in contributorily or vicariously infringing Plaintiffs' copyrights

- Whether Cox acted willfully in contributorily or vicariously infringing Plaintiffs' copyrights

- Deterrence of future infringement

- The amount of harm, in the form of monetary loss, that Plaintiffs could reasonably have avoided but for the failure to mitigate damages, if you find that Plaintiffs did fail to mitigate. In a moment, I will explain what it means to mitigate damages.

## Cox's Proposed Jury Instruction No. 33

### 33.     Statutory Damages - Number of Works - Compilations

A copyright owner may receive only one award of statutory damages for infringement of any one copyrighted work.  For purposes of determining statutory damages, all the parts of a copyrighted compilation constitute one work. Thus, Plaintiffs may receive one award of statutory damages for each copyright registration that covers a compilation.

An album is a type of compilation. If you find that some of Plaintiffs' sound recordings were registered together as a compilation, or that the sound recordings were first released as part of an album, then you should grant only one award of statutory damages for that album or compilation, even if it includes multiple sound recordings.

**Cox's Proposed Jury Instruction No. 34**

**34.    Statutory Damages - Number of Works – Recordings and Compositions**

A sound recording and the musical composition it embodies are a single work for purposes of calculating statutory damages.  This is true even if the sound recording and musical composition copyrights are held by different Plaintiffs.  For example, if you award statutory damages for contributory or vicarious infringement of a sound recording of a particular song, you may not also separately award statutory damages for contributory or vicarious infringement of the musical composition of that song.

<u>**Cox's Proposed Jury Instruction No. 35**</u>

**35.    Statutory Damages—Innocent Infringement**

Infringement is considered innocent if the defendant was not aware and had no reason to believe that its acts constituted copyright infringement. If you find that Cox is liable for contributory or vicarious infringement, Cox must prove by a preponderance of evidence that it was not aware and had no reason to believe that its own acts infringed Plaintiffs' copyrights.

## Cox's Proposed Jury Instruction No. 36

### 36.     Statutory Damages—Willfulness

Infringement is considered willful if the defendant had knowledge that its actions consti-
tuted copyright infringement. If you find that Cox is liable for contributory or vicarious infringe-
ment, such infringement is considered willful if Plaintiffs prove by a preponderance of the evi-
dence that either:

- Cox knew that its actions constituted contributory or vicarious infringement of Plaintiffs'
  copyrights; or

- Cox acted with reckless disregard for its contributory or vicarious infringement of Plain-
  tiffs' copyrights.

## Cox's Proposed Jury Instruction No. 37

### 37.    Damages—Failure to Mitigate

Plaintiffs have a duty to use reasonable efforts to mitigate their damages. To mitigate means to avoid or reduce damages. Plaintiffs cannot recover for losses that they could have prevented if they had used reasonable efforts to mitigate their damages.

In this case, Cox asserts the affirmative defense of failure to mitigate damages.   Cox has the burden of proving both of the following elements of this defense by a preponderance of the evidence:

1.      that Plaintiffs failed to use reasonable efforts to mitigate damages; and

2.      the amount by which the harm to Plaintiffs would have been reduced if Plaintiffs had done so.

If you find Cox has proved that Plaintiffs failed use reasonable efforts to mitigate the harm to them from Cox's contributory infringement, then you should reduce the amount of Plaintiffs' damages by the amount Plaintiffs could have reduced such harm.

## Cox's Proposed Jury Instruction No. 38

### 38.    Final Instructions

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. *[The form reads: [quote]].* You will take this form to the jury room, and when each of you

has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the

marshal or bailiff that you are ready to return to the courtroom.