Instruction No. 1

General Introduction

Now that you have heard the evidence, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers may refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and these instructions, you must follow my instructions.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

Instruction No. 2

Evidence in the Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses, including deposition testimony, regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

If I have taken judicial notice of a fact or if the Court instructs you that certain facts have already been established, you must accept it as true.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

Instruction No. 3

Questions Not Evidence

If a lawyer asks a witness a question containing an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

Instruction No. 4

Judge's Questions to Witnesses

During the trial, I may sometimes ask a witness questions. Please do not think I have any opinion about the subject matter of my questions. I may ask a question simply to clarify a matter, not to help one side of the case or harm another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

Instruction No. 5

Judge's Comments to Lawyer

It is my duty to caution or warn an attorney who does something I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side I may caution or warn during the trial.

Instruction No. 6

Objections and Rulings

Testimony and exhibits may be admitted into evidence during a trial only if they meet certain criteria or standards. It is a lawyer's duty to object when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Instruction No. 7

Judging the Evidence

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Instruction No. 8

Jury's Recollection Controls

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

Instruction No. 9

Evidence Admitted for a Limited Purpose Only

Sometimes evidence may be admitted for a particular purpose and not generally for all purposes. You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

<u>Instruction No. 10</u>

Standard of Proof—Preponderance of the Evidence

Plaintiffs have the burden of proving their case by what is called the preponderance of the evidence.  That means Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not so.  To say it differently: if you were to put the evidence favorable to Plaintiffs and the evidence favorable to Defendant Cox on opposite sides of a scale, Plaintiffs would have to make the scales tip somewhat on their side.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Instruction No. 11

Direct and Circumstantial Evidence

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true. As an example, direct evidence that it is raining is testimony from the witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  A greater degree of certainty is not required of circumstantial evidence. In reaching your verdict, you should consider all the evidence in the case, including both direct and circumstantial evidence.

<u>Instruction No. 12</u>

Inferences

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find that have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

<u>Instruction No. 13</u>

Credibility of Witnesses

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness's ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of

any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Instruction No. 14

Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

Instruction No. 15

Expert Witnesses

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

<u>Instruction No. 16</u>

Use of Depositions as Evidence

During the trial, certain testimony has been presented to you by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witnesses in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath, or on a videotape.

Such testimony is entitled to the same consideration and is to be judged as to credibility, weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

Instruction No. 17

Answers to Interrogatories

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

<u>Instruction No. 18</u>

The Digital Millennium Copyright Act

As I indicated at the beginning of the case, you have heard testimony and seen documents that refer to the Digital Millennium Copyright Act, known as the DMCA. The DMCA provides that an internet service provider, like Cox, may have a defense to liability arising from infringement on its network and that there is a defense called a safe harbor defense, which is included in the DMCA in part of the statute. It is not a defense for Cox in this case. However, the fact that the safe harbor provision does not apply does not bear adversely on the consideration of a defense by Cox that Cox's conduct is not infringing under the Copyright Act or any other defense.

Instruction No. 19

Exhibits During Deliberations

I am sending the exhibits that have been received in evidence during the trial with you as you retire for your deliberations.

Instruction No. 20

Copyright—Definition

A "copyright" is a set of rights granted by federal law to the owner of an original work of authorship.  The owner of a copyright has the exclusive right to:

1. Reproduce the copyrighted work.

2. Prepare derivative works based upon the copyrighted work.

3. Distribute copies or phonorecords of the copyrighted to the public by sale or other transfer of ownership or by rental, lease, or lending.

4. Perform publicly a copyrighted literary work, musical work, dramatic work, choreographic work, pantomime work, or motion picture.

5. Display publicly a copyrighted literary work, musical work, dramatic work, choreographic work, pantomime work, pictorial work, graphic work, sculptural work, or the individual images of a motion picture.

The term "owner" includes the author of the work, an assignee, and an exclusive licensee.

This case involves two kinds of copyrighted works: "sound recordings" (i.e. recorded music) and "musical compositions," which include music and lyrics.

Instruction No. 21

Plaintiffs' Claims

In this case, Plaintiffs contend that Cox is contributorily and vicariously liable for the infringement of Plaintiffs' 10,017 copyrighted works by users of Cox's internet service.

Instruction No. 22

Issues Already Established

Plaintiffs have already established that they are the owners of the 10,017 copyrighted works at issue in this case, and that the copyright and its registration in each of these 10,017 works is valid.

Plaintiffs have also established the knowledge element of their contributory infringement claim.  That is, Plaintiffs have established that Cox had specific enough knowledge of infringement occurring on its network that Cox could have done something about it.

Instruction No. 23

Direct Infringement

In order to prove contributory or vicarious copyright infringement, Plaintiffs first must establish by a preponderance of the evidence that users of Cox's internet service used that service to infringe Plaintiffs' copyrighted works.

Plaintiffs are not required to prove the specific identities of the infringing users.

A copyright owner's exclusive right to distribute, reproduce, and copy its copyrighted work is infringed by the downloading or uploading of the copyrighted work without authorization.

If you find that users of Cox's internet service uploaded or downloaded all or part of Plaintiffs' copyrighted works at issue without authorization, then Plaintiffs have established that users of Cox's internet service have infringed Plaintiffs' copyrighted works.

<u>Instruction No. 24</u>

Contributory Infringement

A copyright may be infringed by contributory infringing. With certain exceptions, a person is liable for copyright infringement by another if the person knows or was willfully blind to the infringing activity and induces, causes, or materially contributes to the activity.

Plaintiff has the burden of proving each of the following by a preponderance of the evidence:

First:  There was direct infringement of Plaintiffs' copyrighted works at issue by users of Cox's internet service;

Second:  Cox knew of specific instances of infringement or was willfully blind to such instances; and

Third:  Cox induced, caused, or materially contributed to the infringing activity.

The second element—that Cox knew of specific instances of infringement—has already been established.  As such, there is no need to consider this knowledge element in your deliberations.

<u>Instruction No. 25</u>

Vicarious Infringement

A copyright may also be infringed by vicariously infringing. A person is liable for copyright infringement by another if the person has a financial interest and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

In order to prove vicarious copyright infringement, Plaintiffs have the burden of proving each of the following by a preponderance of the evidence:

First: There was direct infringement of Plaintiffs' copyrighted works by users of Cox's internet service;

Second: Cox had a direct financial interest in the infringing activity of its users; and

Third: Cox had the right and ability to supervise such infringing activity.

Instruction No. 26

Effect of Instruction as to Damages

The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the plaintiffs from a preponderance of the evidence in the case in accordance with the other instructions.

Instruction No. 27

Damages—Generally

If you find that Cox is liable for contributory infringement or if you find that Cox is liable for vicarious infringement, then you should consider the amount of money to award to Plaintiffs. If you find that Cox is neither liable for contributory infringement nor liable for vicarious infringement, then you should not consider this issue.

<u>Instruction No. 28</u>

Statutory Damages—Generally

Plaintiffs seek an award of statutory damages under the United States Copyright Act. "Statutory damages" are damages that are established by Congress in the Copyright Act because actual damages in copyright cases are often difficult to establish with precision. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright-law violations.

The amount awarded must be between $750 and $30,000 for each copyrighted work that you found to be infringed. If Plaintiffs prove that Cox acted willfully in contributorily or vicariously infringing Plaintiffs' copyrights you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

You should award as statutory damages an amount that you find to be fair under the circumstances. In determining the appropriate amount to award, you may consider the following factors:

- The profits Cox earned because of the infringement

- The expenses Cox saved because of the infringement

- The revenues that Plaintiffs lost because of the infringement

- The difficulty of proving Plaintiffs' actual damages

- The circumstances of the infringement

- Whether Cox acted willfully or intentionally in contributorily or vicariously infringing Plaintiffs' copyrights

- Deterrence of future infringement

- In the case of willfulness, the need to punish Cox.

In considering what amount would have a deterrent effect, you may consider Cox's total profits and the effect the award may have on Cox in the marketplace.

Plaintiffs are not required to prove any actual damage suffered by Plaintiffs to be awarded statutory damages.  You should award statutory damages whether or not there is evidence of the actual damage suffered by Plaintiffs, and your statutory damage award need not be based on the actual damages suffered by Plaintiffs.

<u>Instruction No. 29</u>

Statutory Damages—Willfulness

Cox's contributory or vicarious infringement is considered willful if Plaintiffs prove by a preponderance of the evidence that Cox had knowledge that its subscribers' actions constituted infringement of Plaintiffs' copyrights, acted with reckless disregard for the infringement of Plaintiffs' copyrights, or was willfully blind to the infringement of Plaintiffs' copyrights.

Instruction No. 30

Final Instructions

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone— including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  [The form reads: [quote]].  You will take this form to the jury room, and when each of you

has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the

marshal or bailiff that you are ready to return to the courtroom.