# Exhibit E

# Seventh Circuit - Model Civil Jury Instr. 12.8.4

# FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT

---

**Prepared By
The Committee on Pattern Civil Jury Instructions
of the Seventh Circuit**

(2017 rev.)

**12.8.4 DAMAGES — STATUTORY DAMAGES**

You may award as [statutory] damages an amount that you find to be fair under the circumstances. The amount must be between $750 and $30,000 for each copyrighted work that you found to be infringed.

In determining the appropriate amount to award, you may consider the following factors:

[- the expenses that Defendant saved and the profits that he earned because of the infringement;

- the revenues that Plaintiff lost because of the infringement;

- the difficulty of proving Plaintiff's actual damages;

- the circumstances of the infringement;

- whether Defendant intentionally infringed Plaintiff's copyright; and

- deterrence of future infringement.]

[If Plaintiff proves that Defendant willfully infringed Plaintiff's copyright, then you may, but are not required to, increase the statutory damage award to a sum as high as $150,000 per copyrighted work. Infringement is considered willful if Plaintiff proves that Defendant knew that his actions constituted infringement of Plaintiff's copyright [or acted with reckless disregard of Plaintiff's copyright].]

[If Defendant proves that he innocently infringed Plaintiff's copyright, then you may, but are not required to, reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is considered innocent if Defendant proves that he did not know, and had no reason to know, that his acts constituted infringement.]

[You may not find that Defendant was an innocent infringer if a notice of copyright appeared in the correct form and position on the published [copy; copies] of Plaintiff's work to which Defendant had access. A notice is in correct form if it includes [the symbol © (the

letter C in a circle); the word "Copyright"; the abbreviation "Copr."], [the name of the copyright owner; an abbreviation by which the copyright owner's name can be recognized; a generally known designation of the copyright's owner]; and the year of first publication of the work.] A notice is in the correct position if it appears in a manner and location that gives reasonable notice of the claim of copyright.]

### Committee Comments

1.  **Authority.** Under 17 U.S.C. § 504(c), a plaintiff may obtain statutory damages in lieu of actual damages and profits. Even though the statute suggests that statutory damages are awarded by the court, the Seventh Amendment requires that the determination be made by the jury. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353 (1998). The word "statutory" in the first paragraph is bracketed; it need not be used if the damages instructions include only statutory damages, and not actual damages and profits.

2.  **Factors to be considered.** *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233 (1952) (deterrence of future infringement); *Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229 (7th Cir. 1991) (difficulty or impossibility of proving actual damages; circumstances of infringement; efficacy of the damages as a deterrent to future infringement); *N.A.S. Import Corp. v. Chenson Enters., Inc.,* 968 F.2d 250, 252 (2d Cir. 1992) (expenses saved and profits gained by infringer; revenue lost by copyright holder; state of mind of infringer; citing 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 14.04[B], at 14-41 (1991)).

3.  **Increase for willful infringement; decrease for innocent infringement.** *See Video Views, Inc. v. Studio 21, Ltd.,* 925 F.2d 1010, 1020 (7th Cir. 1991) (infringement is willful if infringer knew its conduct was an infringement or acted in reckless disregard of copyright owner's right); 17 U.S.C. § 504(c)(2) (if infringer proves it was unaware and had no reason to believe its acts constituted copyright infringement, award may be reduced to $200). These paragraphs are bracketed because some cases may not involve claims of either willful or innocent infringement.

4.  **Unavailability of innocent infringement defense in certain cases.** The final bracketed paragraph of the instruction describes a category of cases in which the defense of innocent infringement is unavailable. *See* 17 U.S.C. § 401.

    a.  **"Proper form."** Under section 401, for the notice to be in proper form, three requirements typically must be met – the proper symbol or word, the year of first publication, and identification of the copyright owner. The year of first publication may be omitted "where a pictorial, graphic, or sculptural work, with accompanying text matter, if any, is reproduced in or on greeting cards, postcards, stationery, jewelry, dolls, toys, or any

useful articles," *see id.* § 401(b)(2), and for that reason this particular element is bracketed. The symbol/word and identification requirements each may be met by one of several alternatives. Because only one such alternative is likely to apply in a particular case, the alternative methods of satisfying the exception are bracketed.

      **b.**     **Compilations / derivative works.** Under section 401(b)(2), in a case involving a compilation or derivative work incorporating previously published material, the year date of first publication of the compilation or derivative work is sufficient. In such a case, the instruction should be modified accordingly.

      **c.**     **Unavailability of exception.** Section 401's limitation on the availability of the defense of innocent infringement does not apply in a case in which:

> an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use . . . , if the infringer was: (I) an employee or agent of a nonprofit educational institution, library, or archives acting within the scope of his or her employment who, or such institution, library, or archives itself, which infringed by reproducing the work in copies or phonorecords; or (ii) a public broadcasting entity which or a person who, as a regular part of the nonprofit activities of a public broadcasting entity (as defined in subsection (g) of section 118) infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

*See* 17 U.S.C. §§ 401(d) & 504(c)(2). In a case in which this exception-to-the-exception applies, the instruction should be modified accordingly.

     **5.**     **Availability of statutory damages for pre-registration infringement.** Under 17 U.S.C. § 412, statutory damages are unavailable for copyright infringement that commenced prior to registration of an unpublished work or for infringement that commenced before registration of a published work unless the work was registered within three months of its publication. In a case in which the issue of when infringement commenced presents a jury question, the instruction should be modified accordingly.

# Ninth Circuit – Model Civil Jury Instr. 17.35

# Manual of Model Civil Jury Instructions

## For the District Courts of the Ninth Circuit

Prepared by the
Ninth Circuit
Jury Instructions Committee

———————

2017 Edition

*Last Updated December 2019*

# 17.35  COPYRIGHT—DAMAGES—STATUTORY DAMAGES
## (17 U.S.C. § 504(c))

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff seeks a statutory damage award, established by Congress for [[the work infringed] [each work infringed]].  Its purpose is not only to compensate the plaintiff for [his] [her] [its] losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

[However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.]

[However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.]

[Instruction[s] [*insert number of pertinent instruction, e.g., Instruction 17.36 (Copyright—Damages—Innocent Infringement), Instruction 17.37 (Copyright—Damages—Willful Infringement)*]] will tell you [what constitutes innocent infringement] [and] [what constitutes willful infringement]].

### Comment

The jury should be provided with a special interrogatory form in order to report its findings on the issue of statutory damages.  The minimum for statutory damages is $750 per work infringed and the maximum is $30,000 per work infringed. 17 U.S.C. § 504(c)(1).

The Seventh Amendment provides for the right to a jury trial on statutory damage issues, including the amount of such award.  *See Feltner v. Columbia Pictures Television, Inc*., 523 U.S. 340, 355 (1998).

There is wide discretion in determining the amount of statutory damages, constrained only by the specified statutory maximum and minimum.  *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009); *L.A. News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996 (9th Cir. 1998); *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (noting that trier of fact must be guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like," restrained only by qualification that amount be within prescribed maximum or minimum).

Because statutory damages serve both compensatory and punitive purposes, plaintiff can recover statutory damages whether or not there is adequate evidence of the actual damage suffered by plaintiff or the profits reaped by the defendant.  *See L.A. News Serv.*, 149 F.3d at 996; *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990); *Harris*, 734 F.2d at

452

1335. "Even for uninjurious and unprofitable invasions of copyright the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory policy" of discouraging infringement. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 334 U.S. 228, 233 (1952). When an injury can be shown, but neither profits nor damages can be proven, statutory profits are mandatory. *See Russell v. Price,* 612 F.2d 1123 (9th Cir. 1979); *Pye v. Mitchell*, 574 F.2d 476, 481 (9th Cir. 1978).

Statutory damages are precluded when the copyright holder does not register the copyright before commencement of the infringement. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 707 n.5 (9th Cir. 2004); *Mackie v. Rieser*, 296 F.3d 909, 912 n.3 (9th Cir. 2002). Nor are statutory damages awarded if the infringing activity started after the date of first publication but before the effective date of registration of the work, unless the copyright for the infringed work was registered within three months after the work was first published. 17 U.S.C. § 412.

The plaintiff has the right to make an election before final judgment to recover statutory damages instead of actual damages and defendant's profits. 17 U.S.C. § 504(c)(1). If the plaintiff is unable to meet its burden of proving actual damages, it may still seek statutory damages. *See L.A. News Serv.*, 149 F.3d at 995 & n.8. However, the converse is not true. Once the copyright owner elects to recover statutory damages, the owner may not recover actual damages as well. *See Nintendo of America, Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994). Apportionment of damages to reflect profits other than those derived from the infringement is not available when the plaintiff elects statutory damages. *See id*. at 1012.

If statutory damages are assessed against one defendant or a group of defendants who are jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) (citing *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997)*, rev'd on other grounds sub nom by Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998). However, if separate copyright infringements are attributed to two or more defendants (in the same action) and those defendants are not jointly liable, separate awards of statutory damages are appropriate. *See id.* at 946-47 ("[A] plaintiff may receive a single statutory award for all infringements of any one copyrighted work from either (1) any one defendant, where that defendant is separately liable or (2) multiple defendants, where those defendants are jointly and severally liable."); *Columbia Pictures Television*, 106 F.3d at 294 (holding that television stations owned by same owner and broadcasting episodes of same work, were separate copyright infringers for purposes of determining statutory damages).

The proper test for assessing what is a separate work when the infringement involves episodes of a broadcast series focuses on whether each episode has an independent economic value and is, in itself, viable. *Columbia Pictures Television*, 106 F.3d at 295-96.

# Eleventh Circuit – Model Civil Jury Instr. 9.32

# JUDICIAL COUNCIL
# OF
# THE UNITED STATES ELEVENTH JUDICIAL CIRCUIT

**JAMES P. GERSTENLAUER**
CIRCUIT EXECUTIVE

TEL. 404/335-6535
56 FORSYTH STREET, NW
ATLANTA, GEORGIA  30303

1 February 2019

On 29 May 2013, the Judicial Council approved the Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 revision). Since that date, the Council has approved revisions on 19 July 2017 and 2 January 2018, which are listed at the bottom of this memorandum.

On 24 January 2019, the Council also approved the following revised instructions for the Pattern Jury Instructions, Civil Cases:

**ADVERSE EMPLOYMENT ACTION CLAIMS INSTRUCTIONS**

- 4.1    Public Employee – First Amendment Claim – Discharge or Failure to Promote – Free Speech on Matter of Public Concern

- 4.2    Public Employee – First Amendment Claim – Discharge or Failure to Promote – Political Disloyalty or Key Employee

- 4.6    Title VII – Civil Rights Act – Workplace Harassment by Supervisor – No Tangible Employment Action Taken (with Affirmative Defense by Employer)

- 4.7    Title VII – Civil Rights Act – Workplace Harassment by Co-worker or Third Party – No Tangible Employment Action Taken

All other instructions in the 2013 Pattern Jury Instructions for Civil Cases and previous revisions remain in effect, including the following revisions:

- On 19 July 2017, the Judicial Council approved, and announced in a memorandum on 28 August 2017, revisions to instructions 9.1, 9.3, 9.4, 9.5, 9.7, 9.8, 9.9, 9.10, 9.11, 9.12, 9.14, 9.15, 9.16, 9.18, 9.19, 9.20,

**9.32 Copyright – Damages – Statutory Damages**

[Name of plaintiff] seeks a statutory damage award. "Statutory damages" are damages that are established by Congress in the Copyright Act. The purposes are to compensate the copyright owner, penalize the infringer, and deter future copyright law violations. The amount awarded must be between $750 and $30,000 for each copyrighted work that you found to be infringed, unless one of the exceptions applies, as I'll explain later.

To determine the appropriate amount to award, you can consider the following factors:

- the profits [name of defendant] earned because of the infringement;
- the revenues that [name of plaintiff] lost because of the infringement;
- the difficulty of proving [name of plaintiff]'s actual damages;
- the circumstances of the infringement;
- whether [name of defendant] intentionally infringed [name of plaintiff]'s copyright; and
- deterrence of future infringement.

If [name of plaintiff] proves that [name of defendant] willfully infringed [his/her/its] copyright, you may – but are not required to – increase the statutory damage award to a sum as high as $150,000 per copyrighted work.

Infringement is "willful" if [name of plaintiff] proves that [name of defendant] knew that [his/her/its] actions constituted infringement of [name of

1

5.13

plaintiff]'s copyright or that [name of defendant] recklessly disregarded the possibility that [his/her/its] actions infringed a copyright.

If you the Jury find infringement, you must award [name of plaintiff] not less than $750 for each copyrighted work that [name of defendant] has infringed.

There is an exception to the $750 minimum statutory damages you must award if you find infringement by [name of defendant] was an "innocent infringement." If [name of defendant] proves that he innocently infringed [name of plaintiff]'s copyright, you may – but are not required to – reduce the statutory damage award to a sum as low as $200 per copyrighted work. Infringement is "innocent" if [name of defendant] proves that [he/she/it] didn't know, and had no reason to know, that [his/her/its] acts constituted infringement.

You can't find that [name of defendant] was an "innocent infringer" if a notice of copyright appeared in the correct form and position on the published [copy/copies] of [name of plaintiff]'s [name of infringed work] to which [name of defendant] had access.

A notice is in correct form if it includes [the symbol © (the letter C in a circle)/the word "Copyright"/or, in the case of phonorecords, abbreviation "℗" (the letter p in a circle)], [the name of the copyright owner/an abbreviation by which the copyright owner's name can be recognized/a generally known designation of the copyright's owner] [and, in the case of a phonorecord, in

5.13

addition to the foregoing, if the producer of the sound recording is named on the phonorecord labels or containers, and if no other name appears in conjunction with the notice, the producer's name must be considered part of the notice], and the year of first publication of the work. A notice is in the correct position if it appears in a manner and location that gives reasonable notice of the claim of copyright.]

<u>**S**PECIAL **I**NTERROGATORIES TO THE **J**URY</u>

You should answer the following questions for each work infringed:

1. Do you find by a preponderance of the evidence that [<u>name of defendant</u>] infringed on [name of infringed work]?

    Answer Yes or No   _____

If yes, proceed to question 2. If no, skip Questions No. 2 and No. 3, and proceed to the next alleged infringing work. [**If no other alleged infringing works:** If no, sign the verdict form.]

2. Do you find by a preponderance of the evidence that [<u>name of defendant</u>]'s infringement was "innocent?"

    Answer Yes or No   _____

If your answer to this question is "No," then proceed to Question No. 3.

If your answer to this question is "Yes," then proceed to Question No. 2B.

5.13

2B.  Given that you the jury have found [name of defendant] is an innocent infringer as to [name of infringed work], what amount of statutory damages do you award between $200 and $30,000?

$_____

After calculating statutory damages, skip Question No. 3 and proceed to the next alleged infringing work.  [**If no other alleged infringing works:**  After calculating statutory damages, sign the verdict form.]

3.    Do you find by a preponderance of the evidence that [name of defendant]'s infringement was willful?

Answer Yes or No    _____

If your answer to this question is "No," then you must award statutory damages between $750 and $30,000 per work. If your answer to this question is "Yes," then you must award statutory damages between $750 and $150,000 per work.

3B.  What is the amount of statutory damages you award for this work?

$_____

After calculating statutory damages, proceed to the next alleged infringing work.  [**If no other alleged infringing works:**  After calculating statutory damages, sign the verdict form.]

5.13

**ANNOTATIONS AND COMMENTS**

Under 17 U.S.C. § 504(c), a plaintiff may obtain statutory damages in lieu of actual damages and profits. Even though the statute suggests that statutory damages are awarded by the court, the Seventh Amendment requires that the determination, including the amount of such award, be made by the jury. *See Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 353, 118 S. Ct. 1279, 1287, 140 L. Ed. 2d. 438, 353 (1998). The jury should be provided with a special interrogatory form in order to report its findings on the issue of statutory damages. The minimum for statutory damages is not less than

1. $750 per work the defendant has infringed, unless the infringement was innocent, in which case the minimum statutory damages award is $200. 17 U.S.C. § 504 (c). *See* note 7 below regarding the minimum award for innocent infringement.

Because statutory damages serve both compensatory and punitive purposes, plaintiff can recover statutory damages whether or not there is evidence of any actual damage suffered by plaintiff or any profits reaped by the defendant. *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S. Ct. 222, 225, 97 L. Ed. 2d. 281 (1952) ("Even for uninjurious and unprofitable invasions of copyright the court may, if it deems just, impose a liability within statutory limits to sanction and vindicate the statutory policy" of discouraging infringement.).

2. Presenting both actual and statutory damages to Jury: A plaintiff may elect to seek a verdict of damages in the form of both actual and statutory damages. However, the Jury must be instructed that if it makes findings as to both actual and statutory damages, the plaintiff may elect only one or the other, but not both. *Yellow Pages Photos, Inc. v. Ziplocal,* 795 F.3d. 1255, 1284 (11th Cir. 2015).

3. Defining "work." Only one measure of statutory damages is allowed *per work* infringed for *all infringements* of that work. 17 U.S.C. § 504(c); *MCA Television Ltd. V. Feltner*; 89 F.3d 766, 768-69. All of the parts of a compilation or derivative work constitute one work. 17 U.S.C. § 504(c).

4. Factors to be considered. *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990) (difficulty or impossibility of providing actual damages, attitude and conduct of parties, willfulness of defendant's conduct, deterrence of future infringement); *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S. Ct. 222, 225, 97 L. Ed. 2d. 281 (1952) (deterrence of future infringement).

5. Increase for willful infringement. If copyright owner proves the infringement was committed willfully, award may be increased to not more than $150,000. 17 U.S.C. § 504(c)(2); *Yellow Pages Photos,* 795 F.3d at 1272 ("willful copyright infringement encompasses reckless disregard of the possibility that one's actions are infringing a

copyright"); *see also MCA Television*, 89 F.3d at 768 (stating that "'[i]t seems clean that as here used 'willfully' means with knowledge that the defendant's conduct constitutes copyright infringement'" (quoting 3 Nimmer on Copyright (199), § 14.04[B], 14-58-60)).

6. In *Yellow Pages Photos, Inc. v. Ziplocal LP*, 795 F.3d at 1272, the Eleventh Circuit agreed with other circuits in holding that willfulness encompasses "reckless disregard of the possibility that one's actions are infringing a copyright." Although *Yellow Pages Photos* does not enunciate a clear test for what constitutes "reckless disregard," the Eleventh Circuit, in an unpublished decision, held that reckless disregard can rise to the level of willfulness where "'the infringer acted despite an objectively high likelihood that its actions constituted infringement.'" *Olem Shoe Corp. v. Washington Shoe Corp.*, 591 F. App'x 873, 877 (11th Cir. 2015) (quoting *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007)).

7. Decrease for innocent infringement. 17 U.S.C. § 504(c)(2) (If infringer proves it was not aware and had no reason to believe that its acts constituted an infringement of copyright, the award may be reduced to not less than $200.).

8. Unavailability of reduction for innocent infringement in certain cases. The final bracketed paragraph of the instruction describes a category of cases in which the defense of innocent infringement is unavailable. *See* 17 U.S.C. §§ 401-02.

a. "Proper form." Under section 401, for the notice to be in proper form, three requirements typically must be met – the proper symbol or word, the year of first publication, and identification of the copyright owner. The year of first publication may be omitted "where a pictorial, graphic, or sculptural work, with accompanying text matter, if any, if reproduced in or on greeting cards, postcards, stationery, jewelry, dolls, toys, or any useful articles," see *id*. § 401(b)(2), and for that reason this particular element is bracketed. The symbol/word and identification requirements each may be met by one of several alternatives. Because only one such alternative is likely to apply in a particular case, the alternative methods of satisfying the exception are bracketed.

b. "Proper form" – sound recordings. Section 402 provides the notice requirements for publicly distributed copies of sound recordings. Under section 402, for the notice to be in proper form, three requirements typically must be met – the proper symbol or word, the year of first publication, and identification of the copyright owner. In addition to the identification of the copyright owner, section 402 allows identification of the producer of the sound recording to suffice if no other name of the copyright owner appears in conjunction with the notice. *See* 17 U.S.C. § 402(b)(3). The symbol/word and identification requirements each may be met by one of several alternatives. Because only one such alternative is likely to apply in a particular case, the alternative methods of satisfying the exception are bracketed.

5.13

     c. Compilations/derivative works/collective works. Under section 401(b)(2), in a case involving a compilation or derivative work incorporating previously published material, the year of first publication of the compilation or derivative work is sufficient. In such a case, the instruction should be modified accordingly. Section 404 provides special rules as to collective works, and should be considered and the instruction modified as needed, where collective works are at issue.

     d. Unavailability of exception. Section 401's limitation on the availability of the defense of innocent infringement does not apply in a case in which: an infringer believed and had reasonable grounds for believing that his or her use of the copyrighted work was a fair use, if the infringer was: (i) an employee or agent of a non-profit educational institution, library, or archives acting within the scope of his or her employment who infringed by reproducing the work in copies or phonorecords; (ii) a nonprofit educational institution, library, or archives itself that infringed by reproducing the work in copies or phonorecords; or (iii) a public broadcasting entity that, or a person who as a regular part of the nonprofit activities of a public broadcasting entity (as defined in subsection (g) of section 118), infringed by performing a published nondramatic literary work or by reproducing a transmission program embodying a performance of such a work.

     *See* U.S.C. § § 401(d) & 504(c)(2). In a case in which this exception to the exception applies, the instruction should be modified accordingly.

     9. Availability of statutory damages for pre-registration infringement. Under 17 U.S.C. § 412, statutory damages are unavailable for copyright infringement that commenced prior to registration of an unpublished work or for infringement that commenced before registration within three months of its publication. In a case in which the issue of when infringement commenced presents a jury question, the instruction should be modified accordingly.