# Exhibit G

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' BENCH MEMO REGARDING STATUTORY DAMAGES**

In accordance with the Court's request for additional authority, Plaintiffs submit this bench memo regarding statutory damages. The law is clear that punishment is a core function of statutory damages, that statutory damages need not be proportional to actual damages, and that a defendant's total profits are relevant to deterrence.

## I. Punishing the infringer is a core function of statutory damages.

Statutory damages for copyright infringement clearly encompass punishment because statutory damages are not limited to compensating the plaintiff, but include a jury's discretionary evaluation of the defendant's culpability. The Supreme Court has made clear that statutory damages do "not merely compel[] restitution of profit and reparation for injury but also [are] designed to discourage wrongful conduct." *F. W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 233 (1952). Statutory damages' non-compensatory functions are sufficiently significant that the jury can impose damages for "uninjurious and unprofitable invasions of copyright . . . to sanction and vindicate the statutory policy." *Id.* Tellingly, in *Woolworth*, the dissent complained the Supreme Court was affirming a "judgment for statutory damages in an amount that smacks of punitive qualities." *Id.* at 236 (Black, J., dissenting).

The Fourth Circuit adopted *Woolworth*'s rationale in affirming a statutory damages award in *Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co.* 74 F.3d 488, 496 (4th Cir. 1996). There, the Fourth Circuit endorsed instructing the jury to consider the following factors in awarding statutory damages:

> [A]ny evidence that the defendants have a history of copyright infringement; any evidence that the defendants are apparently impervious to either deterrence or rehabilitation; the extent of the defendant's knowledge of the copyright laws; any misleading or false statements made by the defendants; . . . and any factor which the jury believes evidences the defendants knew, had reason to know, or recklessly disregarded the fact that its conduct constituted copyright infringement.

1

*Id.* (citing *Woolworth*). Importantly, these considerations are all directed to the defendant's culpability, reflecting that the assessment is punitive in nature. Further, *Superior Farm Builders* recognized the jury's "discretionary authority" to award damages. *Id.*

The punitive view of statutory damages in *Woolworth* and *Superior Form Builders* aligns with the Fourth Circuit's recent opinion in *Gonzalez v. Sessions* that "a monetary assessment amounts to a 'punishment' or 'penalty'. . . if it is principally intended to serve a punitive purpose—that is, if a judge orders the monetary assessment to advance a punitive goal tethered to the defendant's degree of culpability in light of her specific actions." 894 F.3d 131, 137 (4th Cir. 2018). *Gonzalez* elaborated that several factors mark a monetary assessment as punishment: that the sanction is not solely compensatory, that the sanction is tied to the defendant's culpability, and that the adjudicator has discretion to determine the sanction. *Id.* at 138-40 (holding that "[t]his definition [of punishment] accords with dictionary definitions [and] common understanding . . . ."). Statutory damages, as delineated in *Woolworth* and *Superior Form Builders*, display all of these characteristics of punishment.

Nearly every court to consider the issue has recognized that statutory damages serve a punitive function. The Supreme Court, in holding that the Seventh Amendment required statutory damages be determined by a jury, relied on its observation that "an award of statutory damages may serve purposes traditionally associated with legal relief, such as compensation and ***punishment***." *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) (emphasis added). The First Circuit recognized that "statutory damages . . . have both a compensatory and ***punitive*** element." *Sony BMG Music Entm't v. Tenenbaum*, 660 F.3d 487, 514 (1st Cir. 2011) (emphasis added) (reversing district court's reduction of jury's statutory damages award and reinstating original award). The Second Circuit has held that "[t]he purpose

2

of punitive damages—to punish and prevent malicious conduct—is generally achieved under the Copyright Act through the provisions of 17 U.S.C. § 504(c)(2), which allow increases to an award of statutory damages in cases of willful infringement." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001), as amended (May 15, 2001); *see also Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986) ("Awards of statutory damages serve two purposes—compensatory and punitive.").

The Eighth Circuit has taken a similar view, stating that, "it is plain that another role has emerged for statutory damages in copyright infringement cases: that of a punitive sanction on infringers." *Cass Cty. Music Co. v. C.H.L.R., Inc.*, 88 F.3d 635, 643 (8th Cir. 1996). The Eight Circuit further stated, in affirming a statutory damages award in favor of music companies:

> [S]tatutory damages have evolved and now are intended not only to put the plaintiff in the position he would have been but for the infringement, but also, and arguably preeminently, to punish the defendant (especially where, as here, the music companies had very little actual damage and C.H.L.R. reaped few profits from the infringements), we think it especially appropriate to leave the decision to the jury's "discretion and sense of justice.

*Id.* In more recently reinstating a statutory damages award in favor of music companies, the Eighth Circuit held, "[b]ecause the damages award 'is imposed as a punishment for the violation of a public law, the Legislature may adjust its amount to the public wrong rather than the private injury, just as if it were going to the state.'" *Capitol Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 909 (8th Cir. 2012) (vacating district court's reduction of jury's statutory damages award and reinstating award) (quoting *St. Louis, I.M. & S. Ry. Co. v. Williams*, 251 U.S. 63, 66 (1919)).

The Ninth Circuit has reached the same conclusion, holding that "[s]tatutory damages further 'compensatory and punitive purposes,' and help 'sanction and vindicate the statutory policy of discouraging infringement.'" *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009) (quoting *L.A. News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996

3

(9th Cir. 1998)). In so recognizing, the Ninth Circuit held that it was not an abuse of discretion to exclude evidence of the plaintiffs' illegality because "such evidence might improperly influence the jury to reduce the statutory damages award. Such reduction would have been improper because [plaintiffs'] illegal operation does not diminish copyright protections or undermine the *punitive* purposes of the statutory damages provision." *Id.* at 993 (emphasis added). Thus, instructing the jury to consider punishment when awarding statutory damages accords with clearly established law.

## II. Statutory damages need not be proportional to actual damages.

At the charge conference, Cox argued that statutory damages must be proportional to actual damages. Trial Tr. 2312:5-2314:10. Cox even suggested that, where a plaintiff does not attempt to prove actual damages, it can recover only minimum statutory damages. Trial Tr. 2312:15-23. The clearly established law of the Supreme Court and this Circuit directly contradicts Cox.

As cited above, the Supreme Court in *Woolworth* held that statutory damages can be imposed even for "uninjurious and unprofitable invasions of copyright," *i.e.*, where no actual damages exist. Relying on *Woolworth*, the Fourth Circuit flatly rejected Cox's argument in *Superior Form Builders*. There, the defendant argued that "statutory damages must bear some reasonable relationship to the amount of actual damages and 'should not amount to a windfall' or punishment." *Superior Form Builders*, 74 F.3d at 496. The Fourth Circuit rejected this argument, holding that the extensive evidence of the defendant's willfulness could properly justify the jury's award of $400,000 for four infringements (the maximum then allowable), even though defendant's gross revenue from the infringement was at most $10,200 and the plaintiff had not proven any actual damages. *Id.*

4

The Fourth Circuit reached a similar result in *Tattoo Art Inc. v. TAT Int'l LLC*. 498 F. App'x 341, 348 (4th Cir. 2012). There, the Fourth Circuit rejected a challenge to a statutory damages award of $20,000 per work for a total of $480,000. *Id.* The Fourth Circuit rejected the defendant's argument that, because the award was purportedly either 25 times or 68 times greater than the plaintiff's actual damages (depending on the measure), the award was "grossly disproportional," holding that the award was not an abuse of discretion. *Id.*

The Fourth Circuit's holdings that statutory damages need not be proportional to actual damages, and that actual damages need not be proven at all to recover statutory damages, accord with the holdings in other circuits. *See Sony BMG Music Entm't v. Tenenbaum*, 719 F.3d 67, 70–71 (1st Cir. 2013) ("[A] plaintiff seeking statutory damages under the Copyright Act need not prove actual damages."); *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 127 (2d Cir. 2014) (rejecting any requirement of a "direct correlation between statutory damages and actual damages"); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998), as amended on denial of reh'g and reh'g *en banc* (Aug. 25, 1998) ("Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant to sanction and vindicate the statutory policy' of discouraging infringement.") (internal quotation marks and citations omitted).

In response to this clearly established authority, Cox cites two unreported district court cases for the proposition that "statutory damages should bear some relation to the actual damages suffered." *Seoul Broad. Sys. Int'l, Inc. v. Young Min Ro*, No. 1:09CV433 LMB/IDD, 2011 WL 3207024, at *8 (E.D. Va. July 27, 2011); *Dae Han Video Production, Inc. v. Chun*, No. CIV. A. 89-1470-A, 1990 WL 265976, at *7 (E.D. Va. June 18, 1990). Even if these two cases supported

5

Cox's position, they could not outweigh the contravening controlling authority cited above. But, while both opinions contain the general observation Cox cites, neither holding actually supports Cox's position.

In *Seoul*, the court cited *Woolworth* and *Superior Building Forms* and concluded that it must consider other factors besides actual damages, such as deterrence and willfulness. *Seoul Broad. Sys. Int'l*, 2011 WL 3207024, at *8. It found "the actual damages and profits in this case are somewhat difficult to determine" and concluded that deterrence justified an award significantly greater than the proof of actual damages "given the willful and repeated nature of the defendants' violations." *Id.* at 9. Nothing in *Seoul* required a strict proportionality between actual and statutory damages.

In *Dae Han Video*, no evidence of actual damages was presented and the Court awarded minimum statutory damages after "plaintiff has conceded that an award of the statutory minimum would adequately satisfy the statute's deterrent purposes and would not be opposed." *Dae Han Video Production*, 1990 WL 265976 at *6, *9. Obviously, a case where the plaintiffs did not oppose minimum statutory damages has little relevance.

### III.     A defendant's total profits are relevant to deterrence.

At the charge conference, Cox objected to instructing the jury to consider Cox's total profits. Trial Tr. 2311:2-2312:4. The jury should be instructed to consider Cox's total profits because its total profits are relevant to the statutory damages objective of deterrence. Self-evidently, the wealthier the defendant is, the greater the sanction must be to have a deterrent effect. *Universal City Studios, Inc. v. Nintendo Co.*, 615 F. Supp. 838, 863 (S.D.N.Y. 1985) (holding that "deterrent effect of a punitive damages award will depend upon the wealth of the defendant" and upholding high punitive damages award on grounds of deterrence in light of

6

…

defendant's wealth). A billionaire would not even notice the effect of an award that would bankrupt a pauper. For this reason, courts regularly consider the defendant's total resources in weighing deterrence. *See, e.g., John Wiley & Sons, Inc. v. Book Dog Books*, LLC, 327 F. Supp. 3d 606, 634 (S.D.N.Y. 2018) (rejecting remittitur of statutory damages award where jury was instructed to consider, *inter alia*, "[d]efendants' total profits"); *Basic Books, Inc. v. Kinko's Graphics Corp.*, 758 F. Supp. 1522, 1545 (S.D.N.Y. 1991) (considering defendant's net income of $3 million and assets of $15 million in concluding that "substantial damages are necessary to deter [defendant] from repeating the conduct proved in this case"); *Sara Lee Corp. v. Bags of N.Y., Inc.*, 36 F. Supp. 2d 161, 169 (S.D.N.Y. 1999) (justifying trademark statutory damages award on deterrence grounds after observing that defendant's "counterfeiting operation is profitable enough for [the defendant] to tolerate six-figure losses in order to continue it.).

Respectfully submitted,

Dated December 16, 2019

/s/ *Scott A. Zebrak*
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiff*