## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:18-cv-00950-LO-JFA |
| COX COMMUNICATIONS, INC., *et al.*, | |
| *Defendants*. | |

## <u>COX'S MOTION TO SEAL</u>

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants ("Cox") file this Motion to seal portions of its Memorandum of Law in Support of Cox's Motion for Remittitur or, in the Alternative, A New Trial Under Federal Rule of Civil Procedure 59(a) (ECF No. 685) ("Motion for Remittitur") and Exhibits B and C thereto.  The information sought to be sealed discloses Cox's revenues, profits, profit margins, and related highly-sensitive financial information.  This information was designated under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order") by Cox as Highly Confidential – Attorneys' Eyes Only.   As explained below, the procedural prerequisites for sealing have been met as follows:

**a. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request."**

Exhibit C to Cox's Motion for Remittitur is collection of trial demonstratives, including those relied on by expert witness Dr. William Lehr, that reveal highly confidential information concerning cash dividends Cox paid in addition to Cox's total revenue, profits, and profit margins. Similarly, Exhibit B contains excerpts from Dr. Lehr's trial testimony in which he discusses, in detail, the

confidential information, including the confidential information summarized in these demonstratives. Cox also seeks to seal the portion of the trial transcript in which Plaintiffs' counsel addresses this and related information in closing arguments.

Sealing these exhibits is necessary because it reveals highly confidential financial information. It is information that Cox, as a private company, does not release to the public and, if disclosed, may harm Cox's competitive standing in the marketplace.

**b.   "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied."**

Under current Fourth Circuit law, the district court must do the following before sealing any court records:

> (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Cox has met each procedural requirement.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice either by "notifying the persons present in the courtroom of the request to seal" at the time of the hearing, or by "docketing [the sealing request] in advance of deciding the issue." *Id.* In accordance with Local Civil Rule 5 procedure, Cox's sealing motion was publicly docketed before the hearing on Cox's Motion for Remittitur.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox meets this requirement because it requests sealing only Exhibits B and C and redacting those limited portions of the Motion for Remittitur that reference the confidential information within the exhibits.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. As set forth above, Cox designated the documents and/or information at issue as Highly Confidential pursuant to the Protective Order in this case. Good cause exists to seal the information within the exhibits and Motion for Remittitur because they contain sensitive financial information which, before this trial, has not been publicly disclosed. If made public, the information would expose highly confidential information directly to Cox's market competitors and harm its competitive and financial interests.  As outlined more fully in the Motion for Remittitur, the disclosed information is irrelevant to the claims in this case, erroneously described by Plaintiffs in some respects, and highly prejudicial to Cox.

Courts have sealed similarly sensitive financial information where, as here, it would harm Cox's competitive standing in the market. *See East West, LLC v. Rahman*, No. 1:11-cv-1380, 2012 WL 3843657 (E.D. Va. Sept. 4, 2012) (sealing documents concerning "highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business competitive position of the designating party"); *see also Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes...[such] as sources of business information that might harm a litigant's competitive standing...."); *SMD Software, Inc. v. EMove, Inc.,* No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (granting request to seal documents "which reference

confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information" under the good cause standard); *see also In re Electronic Arts*, 298 Fed. Appx. 568, 569 (2008) (observing that "business information that might harm a litigant's competitive strategy" is sealable information).

The information would harm Cox's competitive market standing because it discloses Cox's total profits and revenue, including its profits for specific product lines and profit margins relating to the same. *See SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (granting request to seal documents "which reference confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information" under the good cause standard); *see also Adams v. Object Innovation, Inc.*, No. 3:11CV272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, No. 3:11CV272, 2012 WL 135428 (E.D. Va. Jan. 17, 2012) (recommending to seal certain documents because they disclosed "the proprietary and confidential information" of "a closely held corporation, and disclosure to the public could result in significant damage to the company"). Similarly, the information concerning the dividends Cox paid within the specified exhibits and Motion for Remittitur is non-public information that is not germane to the case and relates to Cox's total business as opposed to any of the specific issues relevant to the Motion for Remittitur and the case at large. *See Johnson v. Oracle Am., Inc.*, No. 17-CV-05157-EDL, 2017 WL 11493479, at *1 (N.D. Cal. Oct. 4, 2017) (sealing portions of an agreement which contained sensitive information because they were "not germane to this dispute but could be used by business competitors to obtain an unfair advantage").

Lastly, although the documents and testimony were made public at trial, they should still be afforded sealing protection as the "common law right of public access to judicial proceedings" is not an absolute right particularly where, as here, a party seeks to protect "commercially sensitive information." *See LifeNet Health v. LifeCell Corp.*, No. 2:13CV486, 2015 WL 12516758, at *1 (E.D. Va. Jan. 9, 2015) (citing *Nixon v. Warner Commc'ns. Inc.*, 435 U.S. 589, 598 (1978)); *see also Stone v. Univ. of Md. Medical Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988) (noting that the First Amendment guarantees access only to "particular judicial records and documents" and denial of that access is within the sound discretion of the court).

**c.   "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing."**

Cox seeks permanent sealing of these documents because there is no future date in which the disclosure of this information would not competitively harm Cox.

**d.   A proposed order attached hereto.**

Dated: January 31, 2020                              Respectfully submitted,

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.
and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tekearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 31, 2020, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

<u>/s/ Thomas M. Buchanan</u>
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.*
*and CoxCom, LLC*