UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
COX'S MOTION TO SEAL (ECF NO. 690)**

Cox improperly asks the Court to permanently seal evidence admitted at the public trial in this matter that it took no steps to protect during trial and that was admitted without limitation on its disclosure or use. As the Court recognized in denying Cox's post hoc motion to seal public trial evidence from the *BMG* case, trial evidence should remain in the public domain and sealing is therefore unwarranted. ECF Nos. 113, 146. The same is true here.

Cox seeks to seal trial evidence regarding "Cox's revenues, profits, profit margins, and related highly-sensitive financial information." ECF No. 690 at 1. But Cox waived any right to seal the information when it was admitted in open court without objection, and, in any event, Cox cannot provide a "compelling governmental interest" to justify sealing it. *Virginia Department of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

First, "[i]t is a well-established principle of American jurisprudence that the release of information in open trial is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its further use." *Level 3 Commc'ns, LLC v. Limelight Networks, LLC*, 611 F. Supp. 2d 572, 583 (E. D. Va. 2009). Prior to

the *BMG* trial, the Court warned Cox to "count on virtually nothing being kept confidential." *BMG Rights Management v. Cox Communications, Inc.*, 1:14-cv-1611, Dec. 1, 2015 Motions Hearing Tr. at 41:5. The Court warned Cox again before the trial in this case, correcting Cox's misapprehension that they had 15 days[1] under the discovery protective order to designate material as confidential. Trial Tr. at 216:13-217:1 ("[W]hen we get to trial, the confidentiality agreements no longer apply.").

Despite these warnings, and despite objections to use of evidence on other grounds, Cox never once objected on the basis of confidentiality to the use, admission or public disclosure of the material they now seek to seal. *See* Trial Tr. 1719:14-1729:16 (objections to Dr. Lehr's demonstrative slides only on the basis of relevance and scope, but never based on disclosure of numbers). Far from objecting, Cox questions its own witnesses regarding the same materials, including some of the very same slides and financial figures. *See, e.g.,* Trial Tr. 2406:22-2435:21 (Bakewell Direct); 2715:4-2734:16 (Mencher Direct). Defendants have clearly waived any opportunity they may have once had to seal the information they now contend is confidential.

Second, trial transcripts, trial exhibits, and materials presented openly at trial are judicial records that trigger First Amendment protection, *Benedict v. Hankook Tire Co. Ltd.*, 323 F. Supp. 3d 747, 760 (E.D. Va. 2018), and Cox has failed to articulate a "compelling governmental interest" to seal them. *See Virginia Department of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). Cox claims that it will suffer competitive harm if the information becomes public, but does not and cannot explain how disclosure of 5-year-old financial information would cause that. Cox fails to explain *any legitimate interest* in filing under seal materials that have already been made public, let alone a compelling government interest.

---

[1] Regardless, Cox's Motion to Seal was filed far longer than 15 days after the close of trial.

3

                    Respectfully submitted,

Dated February 7, 2020                <u>*/s/ Scott. A Zebrak*</u>
                                            Scott A. Zebrak (38729)
                                            Matthew J. Oppenheim (*pro hac vice*)
                                            Jeffrey M. Gould (*pro hac vice*)
                                            OPPENHEIM + ZEBRAK, LLP
                                            4530 Wisconsin Avenue, NW, 5th Floor
                                            Washington, DC 20015
                                            Tel:  202-480-2999
                                            scott@oandzlaw.com
                                            matt@oandzlaw.com
                                            jeff@oandzlaw.com

                                            *Attorneys for Plaintiffs*