UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

# COX'S REPLY MEMORANDUM
# IN FURTHER SUPPORT OF ITS MOTION TO SEAL

Cox seeks to seal a limited amount of highly confidential financial information that was undisputedly designated as "Highly Confidential—Attorneys' Eyes Only" under the Protective Order, that was admitted at trial only over Cox's repeated objections, and the admission of which forms one basis for Cox's motion for remittitur or, in the alternative, a new trial. In these narrow circumstances, Cox did not waive its right to prevent further dissemination of its confidential information, and Cox's interest in preserving the confidentiality of that information outweighs any public interest in accessing the proprietary financial data of a private company.

**A.  Cox objected to the admission of its confidential financial information, and therefore did not waive its right to preserve its confidentiality.**

Plaintiffs' primary argument opposing Cox's motion to seal is that "Cox waived any right to seal the information when it was admitted in open court without objection." Doc. 691 at 1. Plaintiffs' premise is wrong: contrary to their assertion, Cox *repeatedly* objected to the admission and disclosure of its proprietary financial information, both before and during trial. *See* Doc. 485 (Cox's Motion *in Limine* No. 4, seeking to preclude evidence of revenues and profits); *see also* Trial Tr. 1719:20-1720:18 (objecting to Lehr slides); Doc. 306 (Cox's Motion to Exclude the

Testimony of Putative Expert William H. Lehr, Ph.D. concerning Cox's revenue for certain subscribers).

Those objections prevented any waiver. As Plaintiffs, acknowledge, the principle that "the release of information in open trial is a publication of that information … [that] operates as a waiver of any rights a party had to restrict its further use" applies *only* when "no effort is made to limit its disclosure." *Level 3 Commc'ns, LLC v. Limelight Networks, LLC*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009) (cited by Plaintiffs at 1). Consistent with that principle, the waiver cases cited by Plaintiffs involve attempts to seal documents or information that "were admitted into evidence and presented publicly at trial, *without objection.*" *Benedict v. Hankook Tire Co.*, 323 F. Supp. 3d 747, 764 (E.D. Va. 2018) (emphasis added) (cited by Plaintiffs at 2); *see also, e.g., Level 3 Commc'ns*, 611 F. Supp. 2d at 576 (finding waiver where "the documents currently at issue were also subsequently offered and entered into evidence, *without prior or contemporaneous objections by any party or nonparty, at the jury trial in this matter*") (emphasis added).

The overwhelming weight of authority holds that it is the failure to object to the admission of confidential information, not its admission alone, that waives a party's right to protect its confidentiality. *See, e.g., Littlejohn v. BIC Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) ("BIC's failure to object to the admission into evidence of the documents, absent a sealing of the record, constituted a waiver of whatever confidentiality interests might have been preserved"); *see also Nat'l Polymer Prods., Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981) ("the release of information in open trial is a publication of that information and, *if no effort is made to limit its disclosure*, operates as a waiver of any rights a party had to restrict its further use") (emphasis added); *Weiss v. Allstate Ins. Co.*, 2007 WL 2377119, at *3 (E.D. La. Aug. 16, 2007) ("The Court therefore finds that, by virtue of Allstate's failure to move to place these exhibits under seal or

otherwise object to entry of these exhibits before or during trial, Allstate has waived the confidentiality protections afforded under the Protective Order as to the documents contained in these exhibits.").

Plaintiffs have cited no cases, and we are aware of none, in which a litigant was found to have waived the confidentiality of information based on disclosure at trial that occurred over its objection. No waiver occurred here.[1]

> **B.   The Fourth Circuit recognizes that a private litigant's interest in protecting proprietary information may outweigh any public interest in disclosure.**

"Although the common law presumes a right of public access to all judicial records and documents," that presumption is not absolute. *Level 3 Comm'cns*, 611 F. Supp. 2d at 577. A public right of access is not guaranteed and requires a "balance[] against other compelling interests." *In re Knight Pub. Co.*, 743 F.2d 231, 234 (4th Cir. 1984); *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) ("The mere existence of a First Amendment right of access or of a common law right of access to a particular kind of document does not entitle the press and the public to access in every case."); *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) ("The right of access in any given case may vary depending on the nature of the case and the specific item under review"). And contrary to Plaintiffs' assertion (at 2) that only a "compelling *government* interest" can suffice to overcome the presumption, the courts widely recognize that "*private* interests might also implicate higher

---

[1] Plaintiffs' citation of the Court's statement that "when we get to trial, the confidentiality agreements no longer apply" is misleading. The confidentiality agreements in question were the Plaintiffs' agreements with the ISPs relating to CAS; the Court was not making a general statement that no information published at trial could be subject to redaction. *See* Trial Tr. 215:10-217:4. And even with respect to the CAS agreements, the Court specifically noted that Plaintiffs could "redact certain portions" of those agreements to keep them out of the public record—which is all Cox is seeking here.

values sufficient to override . . . the First Amendment presumption of public access." *Level 3 Comm'cns*, 611 F. Supp. 2d at 580 (emphasis added); *see also, e.g.*, *In re Iowa Freedom of Information Council*, 724 F.2d 658, 664 (8th Cir.1983) (rejecting the argument that only compelling governmental interests can override the First Amendment right of access).

One of the "private interests" that can overcome the presumption of public access is proprietary business information. The Fourth Circuit has explained that "[a] corporation may possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records [under the First Amendment]." *Doe v. Pub. Citizen*, 749 F.3d 246, 269 (4th Cir. 2014); *see also, e.g., Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (2d Cir. 1984) (noting that one of the "exceptions to the presumptive openness of judicial proceedings" is "the protection of a party's interest in confidential commercial information"); *see also Woven Elecs. Corp. v. Advance Grp., Inc.*, 930 F.2d 913 (4th Cir. 1991) (ordering the district court to "review the entire record of the trial, including the exhibits and transcripts if any" to seal "those portions necessary to prevent the disclosure of trade secrets."

A partial sealing of court filings that contain confidential business information or trade secrets "strikes an appropriate balance between the public's right of access to judicial records and proceedings and the parties' legitimate interest in the protection of sensitive proprietary information." *Id.* Notably, as here, "[r]estrictions on the public's right of access may be appropriate when access to judicial records could provide a 'source of business information that might harm a litigant's competitive standing.'" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (citations omitted); *see also Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214,

1218, 1228-29 (Fed. Cir. 2013) (sealing narrow selection of records that contained product-specific financial information and other information that, if public, would cause competitive harm).

Here, Cox has articulated a compelling interest to overcome the public's right to access the demonstratives and testimony at issue. The information would harm Cox's competitive market standing because it discloses Cox's total profits and revenue, including its profits for specific product lines and profit margins relating to the same. *See* Declaration of Sanford Mencher ¶5 (Feb. 13, 2020) (attached as Exhibit A). Many courts have recognized that such information is sufficiently important to warrant placing it under seal. *See SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (granting request to seal documents "which reference confidential information such as plaintiffs' pricing methods, projected costs and profit margin, the parties' revenue and revenue growth information, and customer loyalty information" under the good cause standard); *see also Adams v. Object Innovation, Inc.*, No. 3:11CV272-REP-DWD, 2011 WL 7042224, at *4 (E.D. Va. Dec. 5, 2011), *report and recommendation adopted*, No. 3:11CV272, 2012 WL 135428 (E.D. Va. Jan. 17, 2012) (recommending to seal certain documents because they disclosed "the proprietary and confidential information" of "a closely held corporation, and disclosure to the public could result in significant damage to the company").

For the reasons stated herein, Cox requests that the court seal the portions of testimony and limited demonstratives which reveal highly sensitive financial Cox information.

Dated: February 13, 2020                                         Respectfully submitted,

                                                                 */s/ Thomas M. Buchanan*
                                                                 Thomas M. Buchanan (VSB No. 21530)
                                                                 WINSTON & STRAWN LLP

1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
Thomas Patrick Lane (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: melkin@winston.com
Email: tlane@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com
Email: tekearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

-7-

## CERTIFICATE OF SERVICE

  I hereby certify that on February 13, 2020, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*/s/ Thomas M. Buchanan*
Thomas M. Buchanan (VSB No. 21530)
1700 K Street, NW
Washington, DC 20006-3817
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc.
and CoxCom, LLC*
