IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SONY MUSIC ENTERTAINMENT, *et al.*,   )
                                      )
                  Plaintiffs,         )
                                      )   Civil Action No. 1:18cv0950 (LO/JFA)
        v.                            )
                                      )
COX COMMUNICATIONS, INC., *et al.*,   )
                                      )
                  Defendants.         )
_____)

## ORDER

This matter is before the court on defendants' motions to seal. (Docket nos. 687, 688). These motions to seal request that portions of the trial transcript be filed under seal along with several demonstrative exhibits used during the public trial testimony of Lehr and McCabe. Plaintiffs have filed an opposition to the motion to seal noting that the trial transcript and exhibits sought to be sealed were all part of the public trial in this matter and that prior to the filing of these motions, the defendants took no efforts to protect the alleged confidentiality of this information as it was presented during the trial. (Docket no. 691). On February 13, 2020, defendants filed a reply along with a declaration from Sanford Mencher in which he makes the conclusory statement that financial information for the period 2012-14 would seriously harm Cox if it were made public.[1]

Defendants seek to file under seal various portions of the trial transcript contained in exhibit B to their memorandum in support of their motion for remittitur or new trial. A review of those portions of the trial transcript reveal that a substantial portion of the testimony they now

---

[1] Mr. Mencher fails to address the issue that this information has already been disclosed to the public during the trial of this case without any attempt to restrict the public from hearing and using that information.

want to have filed under seal does not even relate to financial information but concerns certain artificial limits the defendants placed on the number of notices it would accept and their procedures in handling those notices. Defendants fail to address the need for this information to be sealed, particularly in light of the extensive public disclosure of that information in pretrial proceedings in this case and in the earlier BMG matter. It is also clear that defendants have taken no action to have the trial transcripts redacted prior to public disclosure and the thirty-day period provided for doing so has long expired.[2]

As to the financial information in the trial transcripts and the exhibits that were presented at trial, the defendants have failed to establish any credible reason for the court to have that information filed under seal. First, the entire trial was conducted in public with no restrictions on access to the testimony or exhibits used by the jurors, the witnesses, the public, or the press watching and reporting on this trial. Obviously, the transcript is the official recording of the public trial. The exhibits were published to the jury and to everyone present in the courtroom during the trial without limitation.

It is defendants' burden to establish a compelling governmental interest for the court to allow material to be filed under seal. *See Virginia Dept. of State Police v. The Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). In addition to not showing a compelling government interest based on the fact that the information has already been disclosed to the public, there is insufficient information to support the conclusory statement that the amount of dividends paid,

---

[2] Each entry for the daily transcripts of the testimony during the trial of this case contained the following: **NOTICE RE REDACTION OF TRANSCRIPTS: The parties have thirty(30) calendar days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.vaed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the court reporter before the deadline for Release of Transcript Restriction.**

revenue, profit, and margin information for 2012-2014 (six to eight years ago) could cause any commercial harm or would be of any value to a competitor in 2020.

For the reasons stated above, it is hereby

ORDERED that the motions to seal are denied and defendants shall file an unredacted version of the memorandum and the exhibit B and C in the public record.

Entered this 21st day of February, 2020.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia