# Exhibit B

```
                                                                1
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division




---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
              Plaintiffs,        :
                                 :
       -vs-                      :   Case No. 1:18-cv-950
                                 :
COX COMMUNICATIONS, INC., et al.,:
              Defendants.        :
                                 :
---------------------------------:




                      STATUS CONFERENCE

                      November 26, 2019

               Before:  Liam O'Grady, USDC Judge




APPEARANCES:


Matthew J. Oppenheim, Scott A. Zebrak, Jeffrey M. Gould, and
Jia Ryu, Counsel for the Plaintiffs

Thomas M. Buchanan, Michael S. Elkin, Jennifer A. Golinveaux,
Thomas P. Lane, Sean R. Anderson, and Cesie C. Alvarez,
Counsel for the Defendants




                              Norman B. Linnell  OCR-USDC/EDVA  (703)549-4626
```

41

1   There is no mention of any of them on those notices.  They
2   never sent any.
3           So that's another way to streamline this case, is
4   because those, as we moved, and based on your Court's ruling
5   applying the same logic, they should be out.
6           So we really should just be talking about the notices
7   that went on behalf of the record label companies and those
8   works in suit.  Which, actually, when you reduce them down,
9   there is like 2,000 because the notices with regard to those
10  contain references to songs in which they have Bruce
11  Springsteen, Born to Run, and embedded within that is somebody
12  that's gone out there and added all sorts of other works that
13  don't relate in like a zip and we're suppose to have notice of
14  that.  Those were two issues that we raised.
15          But the one right now is, clearly, under the Court's
16  logic and reasoning in the summary judgment decision, there is
17  no way we could be put on notice of the musical compositions of
18  the music publishers.
19          THE COURT:  Okay.  So this is a motion to reconsider?
20          Yes, sir.
21          MR. OPPENHEIM:  There is a little -- too cute by
22  halves in there, Your Honor.  I mean, I do agree with Mr.
23  Buchanan that the opinion does say, notices from record
24  companies and music publishers, that is certainly true.
25          It was clear that the Court rejected Cox's argument

42

1 that every notice had to specify every work that was being
2 infringed in it. The Court followed what the Fourth Circuit
3 said. Which is, was it sufficient notice for Cox to do
4 something about it? And that's what those notices were.
5      So here, compositions are contained with sound
6 recordings. Right? And so, Mr. Buchanan saying, well, there
7 was no notice as to the compositions, well, of course there
8 was. There was no need to send a separate notice, which would
9 be the exact same notice, only specify the composition. It
10 would be the exact same infringer, the exact same date and
11 time, on the exact same network. It would be exactly the same.
12      So the Court -- the Court has made a finding, which
13 was undisputed, that Cox had knowledge of the infringing acts
14 such that they could do something about it. And nothing that
15 Mr. Buchanan has said should disturb that. He's just pointing
16 to the one phrase within the opinion which, you know, he thinks
17 is a little inelegant. But the point of the decision is very
18 clear and should be undisturbed.
19      THE COURT: All right. Yes, sir.
20      MR. BUCHANAN: Just briefly, Your Honor. I mean,
21 it's under Rule 54(b), and it is a timely motion. We haven't
22 filed it. We haven't it filed, but we are arguing it now.
23 There is no dispute that there is a mistake of fact. The
24 plaintiffs just admitted that.
25      THE COURT: I will look at it, Mr. Buchanan.