# Exhibit E

1

```
1            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO
2
     Case No. 19-cv-00874-RBJ-MEH
3    _____

4    WARNER BROS. RECORDS, INC., et al.,

5         Plaintiffs,
     vs.
6

7    CHARTER COMMUNICATIONS, INC.

8         Defendant.
     _____
9

10            Proceedings before MICHAEL E. HEGARTY, United

11   States Magistrate Judge, United States District Court for the

12   District of Colorado, commencing at 3:03 p.m., February 19,

13   2020, in the United States Courthouse, Denver, Colorado.

14   _____

15            WHEREUPON, THE ELECTRONICALLY RECORDED PROCEEDINGS

16   ARE HEREIN TYPOGRAPHICALLY TRANSCRIBED. . .

17   _____

18                       APPEARANCES

19            NEEMA SAHNI, JONATHAN SPERLING and MATT OPPENHEIM,

20   Attorneys at Law, appearing for the Plaintiffs.

21            ERIN RANAHAN, SEAN ANDERSON, CRAIG JOYCE and

22   JENNIFER GOLINVEAUX (via phone), Attorneys at Law, appearing

23   for the Defendant.

24   _____

25                    DISCOVERY CONFERENCE
```

1   not challenged on things like this and they will go to the

2   end still claiming a right when they -- if they look deeper.

3           THE COURT:  Are you doing anything to challenge

4   that, then, in Cox?

5           MS. RANAHAN:  I would hope so.  I'm not on the Cox

6   team, unfortunately or fortunately, depending on how you look

7   at it, but I believe that's a subject of -- I mean, that --

8   it just happened here, right, and we're looking at it, you

9   know, it's interesting that it would -- and they were ordered

10  to produce the work-for-hire agreements in that case.

11          So I don't know what the reason was that they

12  pursued damages claims which now, looking at the face of the

13  registration so obvious, if it's obvious, why was it in this

14  case.

15          THE COURT:  Let me ask you something.

16          MR. SPERLING:  Yes, Your Honor.

17          THE COURT:  Are you counsel in Cox?

18          MR. SPERLING:  I am not, Your Honor, Mr. Oppenheim.

19          MR. OPPENHEIM:  I was lead counsel for Cox.

20          THE COURT:  Can I ask you this?

21          MR. OPPENHEIM:  Happy to.

22          THE COURT:  Is it acceptable in a federal court

23  after a jury renders a verdict that there may be a 5

24  percent -- I'm going to throw out a number, a 5 percent rate

25  that the collective plaintiffs had no right to the works so

28

1    that that's $50 million?  Is that an acceptable way to

2    proceed in federal court in a damages case, that you get that

3    $50 million, even though as a technical matter you weren't

4    entitled to it?  Is that proper?

5            MR. OPPENHEIM:  So the answer, I have no idea that

6    that's not the situation in the slightest.

7            THE COURT:  No, but hypothetically, is that proper?

8            MR. OPPENHEIM:  I can't -- Your Honor, I'm not in a

9    position to opine on that.  The plaintiffs in that case were

10   sued works that we had every rights to pursue.  The

11   defendant, counsel on the other side, Winston & Strawn,

12   defended vigorously on the ownership issue, on the

13   registration working, on the work-for-hire issue.  They lost

14   those issues.  We won those issues.

15           THE COURT:  You mean on the discovery?

16           MR. OPPENHEIM:  Not only on discovery, Your Honor,

17   but on summary judgment.  We won summary judgment of

18   ownership on everyone of the works that we moved on.

19   Actually, I take that back, there were a handful of works

20   that we dropped found at the end because of issues, but we're

21   talking about 10 or 12, I believe.

22           On the work-for-hire issue, we had an entire

23   briefing and there was a decision by the Court on the

24   work-for-hire issue, and the Court decided that if a -- if a

25   company -- the designation of a copyright registration, of a

1    registered and they were before the jury.

2          THE COURT:  Right, and by -- you don't need to

3    stand, but you can.  Have you seen the outcome of this 110

4    sample?

5          MR. OPPENHEIM:  I have, Your Honor.

6          THE COURT:  Okay.  And do you believe now that

7    every plaintiff that prevailed in the Virginia case actually

8    was the correct legal entity, having the correct ownership

9    right, every single one, was the correct legal entity having

10   the correct legal ownership right and is entitled to that

11   money as a matter of law?  Do you believe that sitting here

12   today?

13         MR. OPPENHEIM:  Your Honor, I believe that the

14   judgment --

15         THE COURT:  No, no, that's not what I'm asking you.

16   If you can't answer the question, say you can't answer the

17   question.

18         MR. OPPENHEIM:  Your Honor, I'm not sure -- I

19   can't -- I believe that the judgment that was rendered there

20   on every single work was an appropriate judgment.  I believe

21   that the -- not only by the jury, but by the judge.

22         To the extent that they're now suggesting because

23   certain works were dropped that we did not -- appear to not

24   own the works, there is no evidence to suggest that.

25         THE COURT:  That's not the question I asked you.

1    If you can't answer my question, I appreciate that.

2            MR. OPPENHEIM:  I can't answer your question.

3            THE COURT:  Okay.

4            MS. RANAHAN:  Can I just say one thing about what

5    happened on this issue?

6            THE COURT:  Yes.

7            MS. RANAHAN:  In the Cox case, we didn't have the

8    work-for-hire agreements, so it wasn't before the judge, and

9    the discovery court didn't allow it, but it wasn't raised

10   like I'm raising it now.  It was kind of a side issue that

11   wasn't really emphasized.  Once we got to trial, we realized

12   we needed this, we didn't have them, so now we're going to

13   try to get them in this case.

14           Separately what happened on the Cox rulings for

15   these issues that were presented on summary judgment, is the

16   Court struck our declarations finding them to be getting

17   around the page limit, the attorney declarations trying to

18   make this argument, so just disregarded all of the chain of

19   title issues that we found just as a procedural matter saying

20   these are trying to get around the page number, I'm not going

21   to read it.  I understand it's dry and boring and long stuff,

22   but we had a lot of arguments there that were disregarded

23   procedural.

24           On top of that, plaintiffs were able to cure any --

25   they were able to submit declarations that said, Well, we may