UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF
## COX'S MOTION TO SEAL

Pursuant to Local Civil Rule 5, Plaintiffs submit this memorandum in support of Cox's motion to seal (ECF No. 713, the "Motion"), which Cox submitted with its Post-Trial Response Brief Regarding Derivative and Dropped Works (ECF No. 711, the "Response").

As detailed below, Exhibits C and D to the Response (ECF Nos. 711-10, 11), and portions of the Response that cite to or discuss those exhibits, comprise documents and information that Plaintiffs have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order").  In addition, the portions of the Response discussing Plaintiffs' contracts with artists and writers contain highly sensitive proprietary business information.  Plaintiffs request these materials and the information contained therein remain permanently under seal.

Under current Fourth Circuit law, the district court may properly seal court records after meeting the following requirements:

(1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

>    (2) consider less drastic alternatives to sealing the documents, and
>
>    (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  As detailed below, each requirement has been met.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*.  This requirement is satisfied, as Cox's Motion was publicly docketed with a notice of filing, informing parties and non-parties that they may submit responses to the Motion within seven days of the filing, in accordance with Local Civil Rule 5.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Cox has satisfied the second requirement by using limited sealing measures, i.e. by sealing two exhibits rather than the entire filing and redacting limited portions of the Response.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard.  Plaintiffs provide the bases that warrant sealing each document as follows.

### I.  Plaintiffs' Highly Confidential Anti-Piracy Documents Should Be Sealed.

Sealing is warranted for Exhibits C and D, and portions of the Response that cite to or discuss those exhibits.  These documents contain information related to MarkMonitor's proprietary technology for gathering evidence of infringement and Audible Magic's fingerprinting technology, all of which is sensitive, proprietary, not available to the public, and in many cases subject to

express confidentiality obligations in agreements with third parties. If disclosed, others could use the highly confidential information and related trade secrets contained in these documents for illegal or unlawful purposes, or to unfairly compete with others in the industry. Further, the public has no legitimate need for this detailed, highly confidential, and proprietary information. The infringement evidence underlying Plaintiffs' claims is already described in general terms in the parties' publicly-filed pleadings and numerous declarations from parties and nonparties.

## II.   Information Evidencing Plaintiffs' Ownership and Control of Their Copyrights Should Be Sealed.

Sealing is also warranted for the portions of the Response that discuss certain documents and information evidencing Plaintiffs' ownership and control of their copyrights. This Court has already previously granted sealing of the same documents and information as constituting or discussing confidential business information (ECF No. 516). Specifically, this information relates to contracts with recording artists or writers and related documentation evidencing Plaintiffs' ownership and/or control of the copyrighted recordings at issue in the case, as well as Plaintiffs' declarations discussing and describing them. The language from the documents referenced or quoted in the Response contains sensitive business terms within the artist contracts, which are proprietary, not available to the public, and commercially sensitive. The public has no legitimate need for details regarding the specific terms of licensing or administration agreements between artists and Plaintiffs. The general context and propositions for which this information has been cited is described in the Response in detail.

## III.   Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order granting Cox's Motion to Seal (ECF No. 713) with respect to Plaintiffs' documents and information and order that they remain under seal.

                                                                                  Respectfully submitted,

Dated August 10, 2020                                   */s/ Scott. A Zebrak*
                                                                                  Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: 202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs and the Recording Industry Association of America*