UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC, *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

### COX'S EMERGENCY MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION PENDING APPEAL

Defendants Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox"), respectfully move under Rule 62(b) of the Federal Rules of Civil Procedure[1] to approve a supersedeas bond and thereby stay execution of the final judgment pending resolution of Cox's forthcoming appeals. Cox files this Motion on an emergency basis to ensure that the Court has adequate time to consider the motion and rule prior to the expiration of the automatic stay under Rule 62(a) on February 11, 2021. In the event the Court has not approved the bond prior to the expiration of the automatic stay, Cox requests that the Court stay execution of the judgment until this motion is resolved plus, in the event the motion is for any reason denied, an additional 14 days to allow Cox to submit a revised bond acceptable to the Court.

Cox has met and conferred with counsel for Plaintiffs in this action, who declined to consent to the approval of the proposed bond.

---

[1] Unless otherwise stated, all references to "Rules" from here forward are to the Federal Rules of Civil Procedure.

## BACKGROUND

On December 19, 2019, the jury returned a verdict against Cox of $1 billion in statutory damages. Dkt. No. 669. On January 12, 2021, the Court entered judgment on that verdict, Dkt. No. 723, triggering the 30-day automatic stay of execution. The automatic stay will expire after February 11, 2021, requiring Cox to obtain a stay to prevent execution on the judgment while Cox's appeal is pending.

## ARGUMENT

Under Rule 62(b), Cox may obtain a stay pending appeal upon providing "a bond or other security." *See* Fed. R. Civ. P. 62(b). Where a party posts a supersedeas bond sufficient to secure a money judgment, stay of execution is not discretionary but is available as "a matter of right." *Arban v. West Publishing Co.*, 345 F.3d 390, 409 (6th Cir. 2003); *see also, e.g., Deutsche Bank Nat'l Trust Co. v. Corni*sh, 759 F. Appx. 503, 507 (7th Cir. 2019). That is, "a judgment debtor wishing to appeal a judgment is *entitled* to a stay of the judgment if the debtor provides a supersedeas bond." *Alexander v. Chesapeake, Potomac, and Tidewater Books, Inc.*, 190 F.R.D. 190, 191-192 (E.D. Va. 1999) (emphasis added); *see also ActiveVideo Networks, Inc v. Verizon Communications, Inc.*, 2011 WL 13114930, at *1 (E.D. Va. Oct. 25, 2011). A defendant seeking a stay may obtain one by providing a bond "at any time after judgment is entered." Fed. R. Civ. P. 62(b).

The purpose of the supersedeas bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *ActiveVideo Networks*, 2011 WL 13114930, at *1. The amount and form of the bond are matters within the court's discretion. District courts typically require the bond to cover the amount of the judgment plus any pre-judgment interest or costs awarded and statutory post-judgment interest. *See id.*

Here, the Court entered judgment in the amount of $1,000,000,000. It has not awarded pre-judgment interest or taxed costs.[2] Accordingly, Cox has arranged for a full supersedeas bond to secure the full amount of the judgment plus two years of statutory post-judgment interest, to compensate Plaintiffs for the delay in execution while appeals are pending. The bond, the form of which is attached as Exhibit A, is issued in the amount of $1,002,001,000, which represents the judgment amount of $1,000,000,000 plus two years of post-judgment interest at the rate designated under 28 U.S.C. §1961(a), compounded annually.[3]

The bond is issued by Liberty Mutual Insurance Company, Federal Insurance Company, and Pacific Indemnity Company—three reputable commercial sureties who are licensed to do business in Virginia[4] and hold certificates of authority from the Secretary of the Treasury of the United States,[5] in compliance with Local Rule 65(A). The form of bond is substantively identical to the bond agreed by the parties and approved by this Court in the predecessor *BMG* litigation. *See BMG Rights Management (US), LLC v. Cox Communications, Inc.*, No. 1:14-cv-1611 (E.D. Va.), Dkt. Nos. 890 and 890-1 (submitting bond for approval) and Dkt. No. 891 (approving bond).

The amount and form of the proposed supersedeas bond are sufficient to reliably secure Plaintiffs' interests in the judgment pending resolution of Cox's appeals.

---

[2] If the Court ultimately taxes Cox for Plaintiffs' costs, Cox will seek to stay the enforcement of any payment of those taxed costs based on the current proposed bond or, if necessary, a supplemental bond.

[3] Judgment was entered on January 12, 2021. Section 1961(a) specifies that the applicable interest rate is "a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The applicable rate for the week ending January 8, 2021 was 0.1%. *See* https://fred.stlouisfed.org/series/DGS1.

[4] The sureties' Virginia business licenses issued by the State Corporation Commission, Bureau of Insurance, are attached as Exhibit B.

[5] The list of federally certified sureties is available at https://www.fiscal.treasury.gov/surety-bonds/list-certified-companies.html.

## CONCLUSION

Cox respectfully asks the Court to promptly approve the form of bond and enter the stay of execution pending resolution of Cox's appellate remedies. Upon receipt of such approval, Cox will lodge the fully executed bond with the Court. If for any reason the Court has not approved the bond prior to the expiration of the automatic stay provided by Rule 62(a), Cox requests that the Court stay execution of the judgment until this motion is resolved plus, in the event the motion is for any reason denied, an additional 14 days to allow Cox to submit a revised bond acceptable to the Court.

Dated:  January 27, 2021

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20006
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice)*
Sean R. Anderson (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  sranderson@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor

San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Geoffrey P. Eaton (*pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20006
Tel: (202) 282-5705
Fax: (202) 282-5100
Email: geaton@winston.com

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2021, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1901 L Street NW
Washington, D.C. 20006
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*