UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>    Defendants. | Case No. 1:18-cv-00950-LO-JFA |

**PLAINTIFFS' REPSONE TO COX'S EMERGENCY MOTION TO APPROVE
SUPERSEDEAS BOND AND STAY EXECUTION PENDING APPEAL**

Cox seeks (i) approval of a supersedeas bond securing the $1 billion judgment entered against it on January 12, 2021, and, (ii) pursuant to Rule 62, a stay of execution on that judgment pending appeal. But Cox has not yet noticed an appeal and under Rule 62 there is no other basis for a stay. While Plaintiffs do not object to the form of the bond proposed—over which they have conferred with Cox—no stay should be entered absent a timely notice of appeal.

As Cox's motion makes clear, "[t]he purpose of the supersedeas bond is to 'preserve the status quo while protecting the non-appealing party's rights pending appeal.'" Mot. 2 (quoting *ActiveVideo Networks, Inc v. Verizon Communications, Inc.*, 2011 WL 13114930, at *1 (E.D. Va. Oct. 25, 2011)). Under Rule 62(b), an appeal is the only legitimate basis to stay execution of the Judgment, and Cox's motion gives no other basis to justify its request: as Cox itself acknowledges, "[t]he automatic stay will expire after February 11, 2021, requiring Cox to obtain a stay to prevent execution on the judgment *while Cox's appeal is pending*." Mot. 2 (emphasis added). Until Cox actually notices an appeal, there is no basis for the requested stay.

Nor does Cox have any basis to delay its notice of appeal. While the judgment on the December 2019 verdict was entered on January 12, 2021, the Court resolved all outstanding issues save one on June 2, 2020. ECF No. 707. Thus, Cox has already had ample time to consider its options and plan its appeal.

Accordingly, any stay should only take effect if Cox formally notices an appeal and should last only for the duration of the appeal. If the Court approves the bond and enters a stay at this time, such stay should automatically dissolve, without requiring further action from this Court, on (i) February 11, 2021—the deadline under Fed. R. App. P. 4(a)(1)(A) for filing such a notice—if no appeal is noticed, or (ii) when any such appeal is resolved.

Respectfully submitted:

| | |
|---|---|
| Dated February 3, 2021 | /s/ Scott A. Zebrak<br>Scott A. Zebrak (38729)<br>Matthew J. Oppenheim (*pro hac vice*)<br>Jeffrey M. Gould (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue, NW, 5th Floor<br>Washington, DC 20015<br>Tel:  202-480-2999<br>scott@oandzlaw.com<br>matt@oandzlaw.com<br>jeff@oandzlaw.com<br><br>*Attorneys for Plaintiff* |