# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC, *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**COX'S REPLY IN SUPPORT OF COX'S EMERGENCY MOTION TO APPROVE SUPERSEDEAS BOND AND STAY EXECUTION PENDING APPEAL (DKT. NO. 725)**

Cox Communications, Inc. and CoxCom, LLC (collectively, "Cox" or "Defendants") respectfully submit this reply memorandum in further support of Cox's Emergency Motion to Approve Supersedeas Bond and Stay Execution Pending Appeal (Dkt. No. 725) ("Motion").

As a preliminary matter, Plaintiffs do not object to Cox's proposed bond form, including the amount. The form of bond should therefore be approved. Unable to fault the bond itself, Plaintiffs assert two meritless procedural objections, which Cox addresses in turn.

*First*, Plaintiffs seem to assert that a Rule 62(b) motion for stay is improper before Cox has filed its notice of appeal. Plaintiffs are wrong. Nothing in the current Rule precludes a party from seeking a stay before noticing its appeal. Prior to 2018, the Rule provided that a bond could be posted "at or after the time of the filing of the notice of appeal." The 2018 amendment eliminated that language, and the Rule now expressly permits a party to "obtain a stay by providing a bond or other security" "*[a]t any time.*" *See* Fed. R. Civ. P. 62(b) (emphasis added). The Advisory Committee notes to the 2018 amendment confirm that a pending appeal is not a prerequisite to a stay of enforcement. They explain that "a party may wish to secure a stay pending disposition of post-judgment proceedings after expiration of the automatic stay, *not yet knowing whether it will want to appeal*." Fed. R. Civ. P. 62(b) advisory committee's note (2018) (emphasis added). The courts agree. *See, e.g.*, *Vahora v. Valley Diagnostics Lab., Inc.*, No. 1:16-CV-01624-SKO, 2019 WL 5960204, at *2 (E.D. Cal. Nov. 13, 2019) (approving bond prior to the filing of a notice of appeal); *Raymond v. Wilcox Mem'l Hosp.*, No. CV 15-00212 ACK-RLP, 2019 WL 1966095, at *1 (D. Haw. May 2, 2019) (same). In any event, Cox intends to file its notice of appeal on or before February 11, 2021, and Cox's Proposed Order expressly provides that the stay prevents execution "while any appeal or petition is pending"—such that if Cox were to fail to appeal, the stay would be inoperative. Thus, there is no basis to deny Cox's requested relief.

*Second*, Plaintiffs assert, without support, that the stay should dissolve upon the resolution of the "appeal." Dkt. No. 728 at 1. But Rule 62(b) states that a stay "remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Here, Cox's proposed bond would remain in effect unless the judgment is vacated or the appeal is dismissed or affirmed in whole or in part and Cox satisfies the judgment. Dkt. No. 725-1 at 2. Thus, the Court is permitted to enter a stay that remains in effect through the resolution of Cox's petition for certiorari, if necessary.

Further, Cox has posted a bond that includes two years' worth of post-judgment interest. As of 2020, the average duration of an appeal in the Fourth Circuit was 6.2 months.[1] Thus, the amount of post-judgment interest posted by Cox is more than sufficient to cover the time during which a petition for certiorari would be pending, if necessary.

Cox respectfully requests the Court approve Cox's proposed form of bond, which Plaintiffs do not contest, and enter a stay of the enforcement of the judgment during the pendency of Cox's anticipated appeal to the Fourth Circuit and, if necessary, while a petition for certiorari is pending.

Dated: February 4, 2021

Respectfully submitted,

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20006
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*

---

[1] *See* https://www.ca4.uscourts.gov/docs/pdfs/publicstats.pdf?sfvrsn=5524a238_221.

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice)*
Sean R. Anderson (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email:  melkin@winston.com
Email:  sranderson@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
Thomas J. Kearney (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email:  jgolinveaux@winston.com
Email: tkearney@winston.com

Michael L. Brody (*pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Dr.
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
Email: mbrody@winston.com

Geoffrey P. Eaton (*pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, D.C. 20006
Tel: (202) 282-5705
Fax: (202) 282-5100
Email: geaton@winston.com

4

Diana Hughes Leiden (*pro hac vice*)
WINSTON & STRAWN LLP
333 S. Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email:  dhleiden@winston.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

/s/ Thomas M. Buchanan
Thomas M. Buchanan (VSB No. 21530)
1901 L Street NW
Washington, D.C. 20006
Tel: (202) 282-5787
Fax: (202) 282-5100
Email: tbuchana@winston.com

*Attorney for Cox Communications, Inc. and CoxCom, LLC*