# Exhibit 10

```
                                                                    1

                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF VIRGINIA
                        Alexandria Division




--------------------------------:
                                :
SONY MUSIC ENTERTAINMENT, et al.,:
            Plaintiffs,         :
                                :
     -vs-                       :   Case No. 1:18-cv-950
                                :
                                :
                                :
COX COMMUNICATIONS, INC., et al.,:
            Defendants.         :
                                :
--------------------------------:




                        HEARING ON MOTIONS

                       September 27, 2019

              Before:  John F. Anderson, U.S. Mag. Judge
```

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, and Jeffrey M. Gould, Counsel for the Plaintiffs

Thomas M. Buchanan, Michael L. Brody, and
Jennifer A. Golinveaux, Counsel for the Defendants

49

1  tax returns for five years and, you know, you don't keep your
2  tax returns for five years, that's an independent obligation.
3          If there is an obligation that you've entered into a
4  contract to do something for litigation purposes, that's a
5  little bit different.  I mean, that's dancing around the edges
6  with that.
7          But, I mean, I think I understand your position on
8  this.  Is that there was -- even reading the Master Agreement,
9  taking into consideration what is said in the Statement of
10 Work, MarkMonitor had a duty to preserve specific information
11 that was actually preserved and has been produced.
12         MR. OPPENHEIM:  Yes, Your Honor.  Yes, Your Honor.  I
13 think that the Comments go further than what you just
14 described, but we need not debate that.
15         So there is another Comment that I think is useful.
16 I've spent a lot of time on the Comments.  I really like this
17 2015 amendment.
18         THE COURT:  They are helpful.
19         MR. OPPENHEIM:  And that's paragraph 9, Your Honor.
20 And it says that the Rule 37(e):  Applies only if the
21 information was lost because the party failed to take
22 reasonable steps to preserve the information.  Due to the
23 ever-increasing of electronically-stored information and the
24 multitude of devices that generate such information, the
25 perfection in preserving all relevant electronically-stored

analysis.

So all I'm saying, Your Honor, is we can debate, you know, this evidence, but the idea that they could say, well, we decided to start collecting it in 2015, we didn't keep it before then, Audible Magic collected it, it's not relevant, you didn't ask them the right questions, I just -- I think that in this case, that it would have been very easy for them to retain that.

And as I just read from the Statement of Work, I mean, it talks about keeping evidence files, case files. That's what their experts relied on, these case files, evidence files to prove their case, which includes this, the '431 spreadsheet. The '236, they didn't rely on, and neither did they rely on the Audible Magic spreadsheet.

So that's our position, Your Honor.

THE COURT: All right. Thank you.

I don't need to hear any more.

You know, I have read these materials. I've heard fairly lengthy argument from counsel. And, you know, it's an interesting issue. It's one that has, obviously, some real significance in the matter.

And I think given the relief that is requested, that is striking an exhibit that is as central to the expert's testimony as both sides seem to agree that it is, that this would fall into the 37(e)(2) category as opposed to the

76

1  37(e)(1) category, the request to strike the exhibit, because
2  it could in fact result in the damages case being excluded
3  because they wouldn't have the testimony of that.
4          So I have to look at that, I think, through those --
5  through that pair of glasses.
6          Initially, you know, I'm -- you have to have a duty
7  to preserve the information in anticipation of the conduct of
8  the litigation.  You know, I do not find at this point in time
9  that in the 2013/2014 time frame, that there was necessarily an
10 anticipation of this litigation or this type of litigation that
11 would require one to keep every piece of information relating
12 to every examination, work, verification, or whatever of the
13 various notices that were sent out during that time period.
14         The argument having to do with the Master Agreement
15 and the Statement of Work, you know, provides certain
16 information that was to be retained.  My understanding, based
17 on what has been presented here today from the plaintiff -- the
18 plaintiffs, is that the information outlined in the Statement
19 of Work, which is Exhibit T on pages 27 and 28, which specify
20 what was to be data captured and stored for the relevant
21 information contained in that, that it was captured, stored,
22 and produced to the defendant in response to the discovery
23 requests for the time period relating to there.
24         So as an initial matter, I find at this point in time
25 that there really wasn't a duty to preserve any more of the

1  information than what was outlined in the Statement of Work,
2  and that has been produced.
3         I think, you know, the reasonableness of the party in
4  this, state they had an agreement, they expected MarkMonitor to
5  agree by it.  They did do it, it seems reasonable.  So I think
6  it has been reasonable.
7         I also find that there is no -- if we get to the
8  point of where we have to deal with whether it's (e)(2), with
9  the intent to deprive another party of information in the use
10 in the litigation, there is no evidence that, you know, this
11 was specifically not retained for the intent to deprive Cox for
12 the use of that information in this litigation.
13        You know, I understand the arguments, and I
14 appreciate the arguments that this spreadsheet, you know, may
15 be subject to some attack, either whether it gets excluded or
16 whether it gets -- the weight of it gets reduced at the trial
17 of the case when the experts and various people come in and
18 provide testimony as to what this column means, what this
19 column doesn't mean, or who did this, and what this information
20 is, you know, that's -- that will be information that the jury
21 can assess and make a determination as to what weight it should
22 give to that particular spreadsheet.
23        But at this point in time, I don't think sanctions
24 are appropriate.
25        So I am going to deny the motion to exclude the

78

1  exhibit based on a violation of a failure to comply with a
2  discovery obligation to preserve discoverable information.
3           Thank you very much.  I appreciate it.  You all have
4  a good weekend.
5           Court will be adjourned.
6           MR. OPPENHEIM:  Thank you, Your Honor.
7           MR. BUCHANAN:  Thank you, Your Honor.
8           NOTE:  The hearing concluded at 3:53 p.m.