# Exhibit 24

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Virginia

| | |
|---|---|
| Sony Music Entertainment, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 1:18-cv-00950-LO-JFA |
| Cox Communications, Inc. and CoxCom LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Recording Industry Association of America c/o Jeffrey M. Gould, Oppenheim & Zebrak LLP, 5225 Wisconsin Ave. NW, Ste. 503, Washington, DC 20015

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Winston & Strawn LLP | Date and Time: |
|---|---|
| 1700 K St., N.W. Washington, DC 20006 | 01/21/2019 5:00 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2019

|  CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | s/ Diana Hughes Leiden |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

Cox Communications, Inc. and CoxCom LLC _____ , who issues or requests this subpoena, are:

Diana Hughes Leiden, Winston & Strawn LLP, 333 S. Grand Ave., Fl. 38, Los Angeles, CA 90071, (213) 615-1700

**Notice to the person who issues or requests this subpoena**   DHLeiden@winston.com

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:18-cv-00950-LO-JFA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                                *Server's signature*

                                                      _____
                                                                *Printed name and title*

                                                      _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> COX COMMUNICATIONS, INC., *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00950-LO-JFA |

**ATTACHMENT A TO THE SUBPOENA TO**
**THE RECORDING INDUSTRY ASSOCIATION OF AMERICA**

## GENERAL DEFINITIONS AND RULES OF CONSTRUCTION

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.      "You," or "Your" shall mean any or all of the Recording Industry Association of America (hereinafter, "RIAA"), and/or any of its representatives, all past and present predecessors, successors, subsidiaries, affiliates, and parent companies, and all past and present directors, officers, partners, employees, agents, representatives, or persons acting on behalf of the forgoing entities.

2.      "Cox" shall refer to Defendants Cox Communications, Inc. and/or CoxCom, LLC.

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally, in writing, or otherwise, including but not limited to written correspondence, reports, mailings, conversations, meetings, letters, notes, recordings, and telegraphic, facsimile, telex or computer-assisted electronic messages (including but not limited to e-mail, text messaging, instant messaging, VoIP calls, video conferencing, and posts on social media platforms or blogs).

4.      "Complaint" shall refer to Plaintiffs' complaint filed on or about July 31, 2018, in the above-captioned matter.

5.      "Document" or "Documents" as used herein shall have the broadest possible construction under the Federal Rules of Civil Procedure, and shall include, but is not limited to, all original written, recorded, or graphic materials of any nature whatsoever, all mechanical or electronic sound or video recordings or transcripts thereof, and all copies thereof, including without limitation, letters, notes, memoranda, reports, minutes or records of meetings, orders, diaries, statistics, source code, statements, publications or articles, transcripts, manuscripts,

summaries, circulars, books, pamphlets, bulletins, notations of conversations, manuals, speeches, drawings, blue-prints, telephone calls, emails, text messages, and instant or internet messaging sessions, meetings or other communications or electronic communications of any kind, as well as any information or material stored in electronic, mechanical or magnetic media, such as tapes, cassettes, computer or floppy disks, email, archived or deleted email, log files, CD-ROM, DVD-ROM, personal data organizers, network share drives, electronic mirror-images of hard drives, flash drives, flash memory, any information stored on any Electronic Storage Device or in any Cloud Storage Account, and any information stored or available on the Internet, or on any hosted service provider, or other remote storage facility.   A draft or non-identical copy is a separate document within the meaning of this term.

6. "ISP" shall refer to Internet Service Provider.

7. "CAS" shall refer to the Copyright Alert System, or this system prior to the adoption of such nomenclature.

8. "MarkMonitor" shall refer to MarkMonitor, Inc. and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting, or purporting to act, on MarkMonitor's behalf, including but not limited to DtecNet Software and Clarivate Analytics.

9. The "MarkMonitor System" shall refer to MarkMonitor's system for monitoring and/or detecting alleged copyright infringement, generating copyright infringement notices, and sending copyright infringement notices.

10. The term "peer-to-peer file sharing sites" shall include websites, other locations on the Internet or other networks, services, products, applications, apps, software, hardware, programs

or programming, code, computer-based products, and/or any similar or related thing, including those utilizing the BitTorrent technology or protocol.

11.     "Person" shall mean any natural person, firm, association, partnership, government agency, or other entity and its officers, directors, partners, employees, former employees, representatives and agents.

12.     "Stroz Friedberg" shall refer to Stroz Friedberg, an Aon company, and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting, or purporting to act, on Stroz Friedberg's behalf.

13.     "Harbor Labs" shall refer to Harbor Labs and its predecessors, successors, subsidiaries, affiliates, members, shareholders, directors, officers, past and present employees, agents, representatives, consultants, and any other person or entity acting, or purporting to act, on Harbor Labs' behalf.

14.     As used herein, the terms "this lawsuit," "this litigation," and "this case" refer to *Sony Music Entertainment, et al. v. Cox Communications, Inc., et al.,* Case No. 1:18-cv-00950-LO-JFA, pending in the United States District Court for the Eastern District of Virginia.

15.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa.

16.     "Any" and "all" shall mean one or more.

17.     The term "date" means the exact day, month and year, if ascertainable; and if not ascertainable, the closest approximation that can be made by means of relationship to other events, locations or matters.

18.     The terms "reflecting," "referring," "relating to," "concerning" or any derivation thereof shall mean, without limitation, consisting of, constituting, containing, mentioning, describing, summarizing, evidencing, listing, indicating, analyzing, explaining, supporting, undermining, contradicting, concerning, pertaining to, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected with the matter discussed.

19.     "Including" shall mean without limitation.

20.     The term "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001.

21.     Unless the request specifically states otherwise, references to the singular shall include the plural and vice versa; references to one gender shall include the other gender; references to the past including the present and vice versa; and disjunctive terms include the conjunctive and vice versa.

## **INSTRUCTIONS**

1.     Each requested document shall be produced in its entirety, including all attachments and enclosures.  If a portion of a document is responsive to a request, produce the entire document, including all attachments, enclosures, "post-it"-type notes, and any other matter physically attached to the document.  If a document responsive to any request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

2.      Furnish all available documents in Your possession, custody, or control.  You must search computerized files, emails, voice mails, work files, desk files, calendars and diaries, and any other locations and sources if the requested materials might plausibly exist there.

3.      If You do not possess information to answer any request for documents, You are under a duty to make a reasonable effort to obtain such information.

4.      Produce electronic records and computerized information in an intelligible format, together with a description of the system from which they came, sufficient to permit rendering the records and information intelligible.

5.      Select and number the documents with sufficient information to ensure identification of the source and sequence of each document.

6.      If, in responding these document requests, You assert a privilege to any particular request, You must identify the nature of the privilege (including attorney work product) that is being claimed, and, if the privilege is governed by state law, indicate the state's privilege rule being invoked.  In addition, You must sufficiently describe and identify the privilege to permit Cox and the Court to make an informed decision as to whether the matter is indeed privileged.

7.      If You seek to withhold any information based on some limitation of discovery (including, but not limited to, a claim of privilege) applicable to any document, provide all parts of the document within the scope of the requests that are not subject to privilege.  For each item of information contained in a document to which You claim privilege, provide at least the following:

      a)      the privilege You are asserting and the factual basis;

      b)      the names and positions of the author of the document and all other persons participating in the preparation of the document;

c)      the name and position of each individual or other person who received the information in the document;

d)      the date of the document;

e)      a description of any accompanying material transmitted with or attached to such document;

f)      the number of pages in the document;

g)      the particular request to which the document is responsive;

h)      whether the document has any discussion of business or non-legal matters; and

i)      the steps You took to ensure the confidentiality of the document.

For email or message threads that contain multiple emails/messages, provide the above information for each email/message.

8.      If Your response to a particular request is a statement that You lack the ability to furnish documents in that request, You must specify whether the inability to comply is because the particular item of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer in Your possession, custody, or control, in which case identify the name and address of any person or entity You know or believe to have possession, custody, or control of that information.

9.      If a document once existed and has later been lost, destroyed, or otherwise missing, please identify the document and state the details concerning the disposition of the document.

10.      If, in responding to these document requests, You claim any ambiguity in interpreting either a request or a definition or instruction applicable thereto, such claim shall not be utilized by You as a basis for refusing to respond, but You shall set forth as part of Your

response to the request the language deemed to be ambiguous and the interpretation You choose to use in responding to the request.

11.     If You have a good-faith objection to any request or any part of any request, state the specific nature of the objection and whether it applies to the entire request or to specific parts of a request.  If the objection relates to only a part or parts of a request, identify the objectionable part or parts and identify or produce any and all documents responsive to the remaining parts.

12.     These Requests shall be deemed continuing within the meaning of Rules 26(e)(1) and (2) of the Federal Rules of Civil Procedure so as to require supplemental production of Documents if You discover responsive Documents after the date for response hereto despite a diligent effort to produce all responsive Documents within the time specified.

## REQUESTS FOR PRODUCTION

1.     All Documents and Communications concerning any agreement between You and any Plaintiff(s), including but not limited to agreements concerning Your management of MarkMonitor's sending of notices of alleged copyright infringement.

2.     All Communications between You and any Plaintiff(s) concerning Cox or Cox subscribers, account holders, or customers.

3.     All Communications between You and MarkMonitor concerning Cox or Cox subscribers, account holders, or customers.

4.     All Documents and Communications concerning any agreement between You and Stroz Friedberg concerning any work, service, or other performance related to MarkMonitor.

5.     All Communications between You and Stroz Friedberg concerning MarkMonitor or the identification of copyright infringement over peer-to-peer file sharing sites.

6.      All Documents and Communications concerning any agreement between You and Harbor Labs concerning any work, service, or other performance related to MarkMonitor.

7.      All Communications between you and Harbor Labs concerning MarkMonitor or the identification of copyright infringement over peer-to-peer file sharing sites.

8.      All Communications with MarkMonitor concerning this litigation.

9.      All Communications with MarkMonitor concerning the MarkMonitor System.

10.      All Documents and Communications concerning the MarkMonitor System.

11.      All Documents and Communications concerning the considerations that informed the decision to send notices of alleged copyright infringement, including but not limited to MarkMonitor notices, to Cox or Cox subscribers, account holders, or customers.

12.      All Documents and Communications concerning the features, functionality, capabilities, or operation of the MarkMonitor System.

13.      All Documents or Communications, whether internal or with third parties, concerning any limit on the number of copyright infringement notices accepted by any ISP.

14.      All Documents or Communications, whether internal or with third parties, concerning the MarkMonitor System, including but not limited to documents or communications concerning the efficacy of the MarkMonitor System, flaws, weaknesses, or potential improvements to the MarkMonitor System, and any proposed and/or implemented remediation of any such flaws or weaknesses.

15.      All Documents or Communications, whether internal or with third parties, concerning any entity other than MarkMonitor that engaged in monitoring and/or detection of copyright infringement and sent copyright infringement notices to Cox, with regard to that entity's system for observing and detecting alleged copyright infringement, generating copyright

infringement notices, and sending copyright infringement notices to ISPs, including but not limited to documents or communications concerning the efficacy of the entity's system, flaws, weaknesses, potential improvements to the system, and any proposed and/or implemented remediation of any such flaws or weaknesses.

16.     All Documents reflecting Communications between You and any third party concerning Cox.

17.     All Documents and Communications concerning Communications between You and Cox as it relates to copyright infringement over the Internet, the receipt of copyright infringement notices, the technical systems used to monitor and/or detect infringement and generate copyright infringement notices, and actions an ISP may take in response to allegations of copyright infringement.

18.     All Communications between You and any Cox subscriber, account holder, or customer concerning alleged copyright infringement.

19.     All Documents and Communications concerning the implementation of the CAS by ISPs and the impact, if any, on the scope of copyright infringement through BitTorrent or other peer-to-peer networks, the number of copyright infringement notices being sent by You, on Your behalf, or on behalf of any of the Plaintiffs, and the number of terminations by ISPs based on their receipt of notices.

20.     All Documents concerning CAS or any proposed inter-industry agreement concerning the handling of notices of copyright infringement.

21.     All Documents concerning any payment received by MarkMonitor from You or any Plaintiff or Plaintiffs in connection with notices of alleged copyright infringement.

22.     All Documents concerning any payment received by You in connection with notices of alleged copyright infringement.

23.     All Documents concerning any financial interest, whether actual or contingent, You have in an actual or potential recovery by any Plaintiff or group of Plaintiffs in this litigation.

24.     All Documents and Communications concerning any decision concerning legal action against any Cox subscriber, account holder, or customer for alleged copyright infringement.

25.     All Documents and Communications concerning any decision concerning legal action against any person or entity, including but not limited to peer-to-peer file sharing sites or websites, for alleged copyright infringement.

26.     All non-privileged Documents and Communications concerning the copyright infringement action entitled *BMG Rights Management (US) LLC et al. v. Cox Communications Inc. and CoxCom, LLC*, Case No. 1:14-cv-1611 (E.D. Va.).