# Exhibit 26

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
          Plaintiffs,            :
                                 :
     -vs-                        :   Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
          Defendants.            :
                                 :
---------------------------------:

HEARING ON MOTIONS

January 25, 2019

Before:  John F. Anderson, U.S. Mag. Judge

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, Jeffrey M. Gould,
and Kerry M. Mustico, Counsel for the Plaintiffs

Thomas M. Buchanan, Jennifer A. Golinveaux, and
Sean R. Anderson, Counsel for the Defendants

Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626

Case 1:18-cv-00950-PTG-JFA Document 738-27 Filed 12/27/21 Page 3 of 7 PageID# 32906
Case 1:18-cv-00950-LO-JFA Document 93-4 Filed 02/01/19 Page 68 of 87 PageID# 2129

68

1 have asked for.

2 THE COURT: Okay. So you have provided them with the
3 notices. What other information have you provided to them that
4 is responsive to their requests relating to MarkMonitor.

5 MR. OPPENHEIM: So on page 24, Your Honor, we
6 describe -- we either have produced or are going to produce
7 downloads of the unauthorized copies of the copyrighted works
8 infringed by Cox's subscribers. Documents sufficient to --

9 THE COURT: What does that have to do with
10 MarkMonitor? I mean, MarkMonitor says these are the
11 downloaded -- this is what our investigation has resulted in
12 this work having been improperly downloaded. And then you are
13 providing them with a copy of the downloaded work, right?

14 MR. OPPENHEIM: It's the evidence that MarkMonitor
15 has captured for purposes of the case. It's great, they get to
16 play all the music.

17 THE COURT: Okay.

18 MR. OPPENHEIM: Documents to show the information
19 concerning the infringement of the copyrighted works in suit by
20 their subscribers. Documents concerning the reliability of the
21 MarkMonitor system. Documents relating to Cox's response to
22 receiving infringement notices.

23 All right. So, we -- MarkMonitor would forward the
24 notice. We would get responses back from Cox, we have those.
25 And documents concerning the number of infringement notices

69

1 that Cox was taking.

2 So, you know, if there are other search terms and
3 categories, narrowed categories that they want to discuss,
4 happy to have that ESI discussion, Your Honor. I really -- I
5 come back to, I think this isn't the way to do this. We're
6 trying our best.

7 THE COURT: I don't see anything in here that talks
8 about your agreement or relationship -- documents sufficient to
9 describe your relationship with MarkMonitor.

10 MR. OPPENHEIM: One moment, Your Honor.

11 So, Your Honor, it's not listed, but we have agreed
12 and I believe told them in the meet and confer, that the
13 agreement concerning this program with MarkMonitor either has
14 been or will be produced. Okay.

15 So, Your Honor, we actually had a two-step process in
16 our responding to their requests on MarkMonitor. We initially
17 agreed to produce certain documents. We then met and
18 conferred. We then provided a supplemental response and agreed
19 in the supplemental response to provide the six categories
20 here.

21 So the agreement to provide the underlying agreement
22 was in our initial response, not the supplemental response.
23 More detailed than Your Honor probably wanted.

24 THE COURT: Okay. Mr. Buchanan, what --

25 MR. BUCHANAN: Just briefly, Your Honor. The

73

1         THE COURT: Well, on this one -- and again, I really
2 try not to do this very often, but I think this is another one
3 in which I think other than making it clear that I am requiring
4 a production of the documents that are sufficient to show the
5 relationship between MarkMonitor and each individual plaintiff.
6         So again, I don't know -- you know, we have a number
7 of different plaintiffs here. And so, if there are individual
8 agreements with MarkMonitor or understandings.
9         But, you know, there has to be some documents that
10 are sufficient to show the relationship, which would be I think
11 probably 156 is the one that -- the relationship agreements,
12 not all communications, but the relationships and agreements
13 between the plaintiff and MarkMonitor. So --
14         MR. OPPENHEIM: I am sorry, can I ask -- I feel like
15 I am always getting --
16         THE COURT: It's like your contractual obligation. I
17 mean, if you signed a contract with them, if you have a written
18 agreement, if you have an understanding, you know, a letter
19 agreement that says you're going to do this, we will pay you
20 this, you provide me with these services, these are your
21 obligations, these are my obligations, that kind of agreement
22 or description of the relationship between MarkMonitor and your
23 clients.
24         MR. OPPENHEIM: As it respect -- with respect --
25         THE COURT: With respect to --

Case 1:18-cv-00950-PTG-JFA Document 738-27 Filed 12/27/21 Page 6 of 7 PageID# 22909
Case 1:18-cv-00950-LO-JFA Document 93-4 Filed 02/01/19 Page 74 of 87 PageID# 2135

74

```
 1               MR. OPPENHEIM:  -- to the program at issue in this
 2   case.
 3               THE COURT:  -- the program at issue in this case,
 4   right.
 5               MR. OPPENHEIM:  Very well, Your Honor.
 6               THE COURT:  All right.  The other issues I think are
 7   really at this point more of a moving target than something
 8   that I can deal with.  I mean, I think they are doing the
 9   search.  They again need to be transparent in what they are
10   producing as far as the results of the search terms and what it
11   is that they are and aren't producing as a result of those
12   search terms.
13               And if there is a need to, you know, I -- they have
14   at least indicated in their opposition some of the search terms
15   that they are having.  I didn't hear that you have actually
16   suggested anything more to them at this point in time.  But you
17   all are going to need to talk about that one some more before I
18   do that.
19               So other than the documents specifying, which I don't
20   think are included in items 1 through 6 in the opposition on
21   page 24, obviously they need to produce what they agreed to
22   produce in this opposition, including the information that goes
23   beyond the 2012-2014 range for the reliability or issues, plus
24   the agreement and relationship.  Okay?
25               MR. BUCHANAN:  The next component, Your Honor, is a
```

87

C E R T I F I C A T E  of  T R A N S C R I P T I O N

I hereby certify that the foregoing is a true and accurate transcript that was typed by me from the recording provided by the court. Any errors or omissions are due to the inability of the undersigned to hear or understand said recording.

Further, that I am neither counsel for, related to, nor employed by any of the parties to the above-styled action, and that I am not financially or otherwise interested in the outcome of the above-styled action.

/s/ Norman B. Linnell

Norman B. Linnell

Court Reporter - USDC/EDVA

Norman B. Linnell   OCR-USDC/EDVA   (703)549-4626