# Exhibit A

**From:** Andrew Castricone <acastricone@grsm.com>
**Sent:** Wednesday, March 27, 2019 4:59 PM
**To:** Leiden, Diana
**Cc:** Golinveaux, Jennifer; Susan Campagne; Andrew Castricone
**Subject:** RE: MarkMonitor

**Follow Up Flag:** Follow up
**Flag Status:** Completed

Diana:

As you know, the oft-stated reason we have provided you for our request for a telephone call with Feamster was so that all parties are "on the same page" with respect to the scope of production, inspection, parameters, and logistics. For unknown reasons, you did not want that call to go forward. We have exchanged a lot of emails.

In your email of March 25 at 4:05 p.m. PT, you sought confirmation that Dr. Feamster will be provided access to "(1) each version of the system used during the plaintiffs' claim period; (2) all documents regarding the revision history; and (3) all associated source code" and how it would be made available, so you could provide more information.
I responded on March 25 at 4:21 p.m. PT indicating "As for the parameters and logistics on the "source code" related production/inspection, our client needs further information from Dr. Feamster as to his expectations, and a direct discussion with appropriate MarkMonitor personnel would expedite a resolution of this dialogue. I will see if I can get some additional specifics for now to put in writing, but for the last 12 days since my March 13 letter, we have been seeking the same information."

At 4:49 PT, you wrote back with a similar message to your earlier one. "Dr. Feamster's expectations are that he will be provided access to (1) each version of the system used during the plaintiffs' claim period; (2) all documents regarding the revision history; and (3) all associated source code. Please clarify if MarkMonitor will be making these three categories available on April 2, and how MarkMonitor will be doing so. Once we know what MarkMonitor is planning to make available, we can provide the logistical information."

At 5:55 p.m. PT, I followed up that "For April 2, our client advises they will make everything available that they have for those three categories [listed in your 3/25 email above]. The source code will be made available in electronic form on Visual Studio or Text Editor. Feamster can have either or both. Please advise if he needs any specific materials and equipment in order to conduct his analysis and provide us with estimate of the duration of the inspection."

Later that day, at 8:21 p.m., you changed the language regarding the scope of our response to three items set forth in "Dr. Feamster's expectations" by stating "[t]hank you for confirming that MarkMonitor will make everything available that they have for the three categories ordered by the Court. We have discussed with Dr. Feamster and provide the following additional details to facilitate his review." However, your modifier, "everything available that they have" is accurate. Your message continued as follows:

Dr. Feamster has asked to review the source code in a version-control system that will permit him to view all versions of the system used during Plaintiffs' claim period, in addition to any changes made during that period and the associated time-stamps and change logs. He would like to review the source code on a laptop with certain basic tools installed, such as "Understand" (which allows tracing of static source code). If that is not possible, Dr. Feamster would like a basic development environment that would allow him to read the code, in either a Mac or Linux operating system. If Windows is used, Dr. Feamster would like Cygwin to be installed so that basic search operations over text files can be performed.

Dr. Feamster would also like to review each running version of the software used during Plaintiffs' claim period that can be demonstrated by a MarkMonitor engineer.

With respect to timing, we should budget the entire day on April 2. If additional time is required, we can address while we are onsite for the review. Dr. Feamster would like a brief orientation and walk-through from the MarkMonitor engineer at the outset, and for him or her to be available throughout the day for check-ins and to answer questions that arise.

Please let us know if you have any questions on the above.

Prior to my responding further, on March 26 at 6:30 a.m., you sent another "reply" to my March 25/5:55 p.m. email, which said,

Thank you for the additional information. Dr. Feamster would like the source code to be made available on both Visual Studio and Text Editor.

And further to my email yesterday, the tools that Dr. Feamster would like available on the laptop he uses for the review are:

https://www.cygwin.com/
https://scitools.com/  (this is the "Understand" tool I referenced in my prior email, and it has a free trial version)

Just to be clear and reiterate what MarkMonitor does have available and is agreeing to produce on April 2 for Feamster's inspection, we wanted to confirm the scope, and to provide logistics and protocol:

    1.  The production and inspection will take place on April 2, 2019, time to be determined, at MarkMonitor's Washington, DC area Security Operations Center ("SOC"), which is located at 1455 Research Blvd, Suite 215, Rockville MD 20850.

    2.  Cox must pre-identify all proposed Cox attendees by name, and each, including Feamster, will be required to execute a Nondisclosure Agreement, and provide a copy of the executed "Attachment A" to the Protective Order in the Sony, et al.v. Cox, et al. litigation,  in advance of April 2.

    3.  Feamster and all attendees should be prepared to be screened by security personnel on site, if necessary, prior to admittance to the secure location of the production/inspection.

    4.  No outside laptop, tablet, or other smart devices, cameras or other types of recording devices or media will be allowed into the production/inspection area; a single laptop will be provided for Feamster's use. MarkMonitor does not and will not agree to provide "paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, etc." or to allow a laptop in the secure room to "take notes."  MarkMonitor will maintain and secure the laptop following the inspection until further notice.

    5.  The MarkMonitor provided laptop, that will not be connected to the internet, will be pre-loaded with the applicable source code in electronic form on both Visual Studio and Text Editor; we are working on also loading Cygwin and       Scitools ("Understand") per your/his request.  Pursuant to the Protective Order, Par.6, "The source code shall be made available for inspection on a secured computer in a secured room, and the inspecting party shall not copy, remove,         or otherwise transfer any portion of the source code onto any recordable media or recordable device."

    6.  There is no revision history (i.e. Item No. 2 of "Dr. Feamster's expectations" is inapplicable) as MarkMonitor was only running one version during the relevant time period.

      7. The source code represents the source code for the version of MarkMonitor's system during the relevant time period.

      8. The source code is in its original executable form without revision or modification; however, the code is not presently truly executable in that it "points" to locations, servers, hardware, etc. that no longer exist and/or are no longer in place, so there is no "running version of the software," nor do we or MarkMonitor agree to provide any other information or demonstration of any running system or operations; i.e. the production and inspection will be consistent with Feamster's reply declaration, as the source code is not in a form that permits a "dynamic" analysis, but rather only the "static" analysis he described.  Mr. Bahun's declaration indicated that it would be an undue burden and significant expense (the time and cost of which are presently unknown, but the time estimate could be several months) to construct a mock system and re-program or otherwise modify the source code to provide a working/running applicable version of the software;

      9. The inspection will be monitored by a MarkMonitor engineer and other personnel, as well as counsel.

      10. Other than any necessary and brief explanation on the operational use of the laptop, there will be no further "orientation" provided, or any ability for Feamster or other attendees to ask questions of MarkMonitor ("check-ins and to answer questions that arise").

Let me know if you have any questions.

Andy

From: Leiden, Diana Hughes <DHLeiden@winston.com>
Sent: Monday, March 25, 2019 8:11 PM
To: Andrew Castricone <acastricone@grsm.com>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com>; Susan Campagne <scampagne@grsm.com>
Subject: RE: MarkMonitor

Andy,

Thank you for confirming that MarkMonitor will make everything available that they have for the three categories ordered by the Court. We have discussed with Dr. Feamster and provide the following additional details to facilitate his review.

Dr. Feamster has asked to review the source code in a version-control system that will permit him to view all versions of the system used during Plaintiffs' claim period, in addition to any changes made during that period and the associated time-stamps and change logs.  He would like to review the source code on a laptop with certain basic tools installed, such as "Understand" (which allows tracing of static source code).  If that is not possible, Dr. Feamster would like a basic development environment that would allow him to read the code, in either a Mac or Linux operating system. If Windows is used, Dr. Feamster would like Cygwin to be installed so that basic search operations over text files can be performed.

Dr. Feamster would also like to review each running version of the software used during Plaintiffs' claim period that can be demonstrated by a MarkMonitor engineer.

With respect to timing, we should budget the entire day on April 2.  If additional time is required, we can address while we are onsite for the review. Dr. Feamster would like a brief orientation and walk-through from the MarkMonitor engineer at the outset, and for him or her to be available throughout the day for check-ins and to answer questions that arise.

Please let us know if you have any questions on the above.

Sincerely,
Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttp-3A__www.winston.com%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3D3zZMuxhgNFfUu_kipRWmM1JmW1frhTEh5xLVH1algRs%26s%3DqdJbfrlKR5d94ny1sHF8akM2xjeSodH9rJG8cC0CDII%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512725731&sdata=ESzVXbuYguxf6ZgYsWHWMwekULV9%2FEOepI8SqF6whIc%3D&reserved=0>

[Winston & Strawn LLP]
From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Monday, March 25, 2019 8:55 PM
To: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Diana:

For April 2, our client advises they will make everything available that they have for those three categories. The source code will be made available in electronic form on Visual Studio or Text Editor. Feamster can have either or both. Please advise if he needs any specific materials and equipment in order to conduct his analysis and provide us with estimate of the duration of the inspection.

Thanks

Andy

From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Monday, March 25, 2019 4:21 PM
To: 'Leiden, Diana Hughes' <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Diana:

On the last part first, we are processing documents that we received which were not produced by the Sony plaintiffs. The Bates Nos. I gave you from their production original from the same files we received, and we have no native files. The "new" documents will be produced this evening, which we are advised are the only other non-privileged and responsive documents in our client's custody, possession, or control.

As for the parameters and logistics on the "source code" related production/inspection, our client needs further information from Dr. Feamster as to his expectations, and a direct discussion with appropriate MarkMonitor personnel would expedite a resolution of this dialogue. I will see if I can get some additional specifics for now to put in writing, but for the last 12 days since my March 13 letter, we have been seeking the same information.

Andy

From: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Sent: Monday, March 25, 2019 4:05 PM
To: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>
Subject: RE: MarkMonitor

Andy,

We can confirm the April 2 date for Dr. Feamster's inspection.

Please clarify what MarkMonitor is proposing to make available on that date, and specifically whether MarkMonitor will be making available to Dr. Feamster: (1) each version of the system used during the plaintiffs' claim period; (2) all documents regarding the revision history; and (3) all associated source code. Please also let us know how MarkMonitor plans to make the system and source code available. Once you answer those questions, we can let you know if Dr. Feamster needs specific materials and equipment in order to conduct his analysis and provide an estimate of the duration of the inspection.

Separately, we have not yet received the documents responsive to the remainder of the subpoena. Can you please let us know where you sent them?

Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMGaQ-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253DQsvNIhhtQBXoVSDQZwJ7nHg-2DFTjQv6hv9I8EVHH0n2w-2526s-253DydT7TAtTAQ3iS9CkeT0RDa2eJ8QDg7jfljJyZNIGF-5Fc-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257C65bfaa42503342ae3d4208d6b185d5bc-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636891585731698267-26sdata-3DCR6CmUhypTS28zL5H0cxjIvfHMyOlD0PoaiDt0G0kD0-253D-26reserved-

3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3D3zZMuxhgNFfUu_kipRWmM1JmW1frhTEh5xLVH1algRs%26s%3DWrvrOxwxsWDrwTbMRUwXjVyFhXeQjuKtxMN63Oor3fI%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512725731&sdata=UUlh90t%2F%2F7Yof5sHbLKD0HuoOnGl0Czqq6yv6hCakDU%3D&reserved=0>

[Winston & Strawn LLP]
From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Monday, March 25, 2019 4:10 PM
To: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Diana:

Our engineer is available on April 2, 2019 to make a production and permit Dr. Feamster's inspection of the source-code related requests at MarkMonitor's Washington, D.C. facility. Please confirm as soon as possible so the engineer can apply for an secure the requisite visa.

Moreover, we need more information from Dr. Feamster regarding the parameters and logistics of his intended inspection, including, but not limited to the anticipated duration, attendees, any equipment, materials, required for his review. We renew our request for a telephone call to confirm. If you insist on putting it in writing, please do so now to allow sufficient preparation.

Thank you.

Andy

From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Friday, March 22, 2019 3:57 PM
To: 'Leiden, Diana Hughes' <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Thanks. As indicated, the only facility available for the inspection is in DC and the attendees include an engineer who must make visa/travel arrangements, to it is impossible to conduct the inspection as requested in San Francisco on March 25.

We will check with the engineer on the ability to secure the visa and travel to Washington on those dates. I presume that of the two, and the need to secure the visa, only April 2 is an option, but will confirm.

From: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Sent: Friday, March 22, 2019 3:04 PM

To: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>
Subject: RE: MarkMonitor

Andy,

To follow up on Dr. Feamster's availability – if MarkMonitor cannot accommodate the inspection on March 25, Dr. Feamster can do the inspection on Tuesday March 26 or Tuesday April 2.  Please advise.

Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMGaQ-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253D7k6-2D0Twh4hzvkTrkGvQqbaGZQodQ5Wg8EuqMumC3Ubo-2526s-253Dd-2Dr-5FYQnVKIyUi0ng2yiEQaUoxwewdVTiB8WZtQgvB28-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257C90789c8d6cdf4b62d5cd08d6b15e1244-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636891414961697428-26sdata-3D0d7ikleCV1hSFKA3sryFVwgzDx3taLoDc7jqn7ae39s-253D-26reserved-3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DQsvNIhhtQBXoVSDQZwJ7nHg-FTjQv6hv9I8EVHH0n2w%26s%3D1SMAQd1HDfJ2CYmh-xJMNqxMTpbMfINdeWBdNEcGpQg%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512735744&sdata=Z6Jv7PcflpbFNeHsTVe8Qfk3xWYT7Txv3jT7CqK7QNc%3D&reserved=0>

[Winston & Strawn LLP]
From: Leiden, Diana Hughes
Sent: Friday, March 22, 2019 9:48 AM
To: 'Andrew Castricone' <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>
Subject: RE: MarkMonitor

Andy,

We have already addressed the points in your email from late last night.  However, I will reiterate:

The court ordered that MarkMonitor provide Dr. Feamster access to "each version of the system in use during the claim period, all documents regarding the revision history, and associated source code."  Your repeated attempts to claim that Dr. Feamster stated that he only requires access to the source code is a mischaracterization of his declaration, and irrelevant in light of the court's clear order.  MarkMonitor must comply with the court order and Cox reserves all rights in that regard.

We understand that the purpose of your proposed call with Dr. Feamster is to “get on the same page with respect to the scope and content of production.” That discussion is unnecessary in light of the clarity of the court’s order and we do not now intend to renegotiate the scope of the Court’s order. With respect to “logistics, limitations, travel and inspection date,” as I requested yesterday please provide proposed dates for the inspection next week. Cox will not agree to extend the March 25 deadline in the absence of an agreement on a specific date. Dr. Feamster is likely available on Thursday or Friday (3/28 and 3/29); we are confirming that now. Please do the same with respect to the availability of the MarkMonitor personnel. If there are specific questions that you or the MarkMonitor engineer has for Dr. Feamster with respect to logistics, please provide those in an email so that we can get you answers asap. Please also specify how the ordered systems, source code, and revision history, which I have bolded in the prior paragraph will be made available so that we can provide that information to Dr. Feamster.

With respect to MarkMonitor’s document production, thank you for confirming that you will be producing documents other than those previously produced to Cox by the Sony plaintiffs by Monday. However, we remain concerned about the completeness of MarkMonitor’s production given your representation yesterday that “much, if not all of the responsive and non-privileged information to be produced” by MarkMonitor was the same as the Sony plaintiffs’ production ranges you identified. And, although my email yesterday was clear in this respect, I will reiterate that Cox does need MarkMonitor to produce the two spreadsheets and related downloads from Cox subscribers from its own files.

Please get back to us as soon as possible with the dates you are proposing for Dr. Feamster’s inspection next week in DC, any specific questions your client has for Dr. Feamster, and the additional details we have requested. Until and unless you do so and we confirm the date, Cox expects MarkMonitor to comply with the Court order and reserves all rights.

Sincerely,
Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMGaQ-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253D7k6-2D0Twh4hzvkTrkGvQqbaGZQodQ5Wg8EuqMumC3Ubo-2526s-253Dd-2Dr-5FYQnVKIyUi0ng2yiEQaUoxwewdVTiB8WZtQgvB28-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257C90789c8d6cdf4b62d5cd08d6b15e1244-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636891414961697428-26sdata-3D0d7ikleCV1hSFKA3sryFVwgzDx3taLoDc7jqn7ae39s-253D-26reserved-3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DQsvNIhhtQBXoVSDQZwJ7nHg-FTjQv6hv9I8EVHH0n2w%26s%3D1SMAQd1HDfJ2CYmh-xJMNqxMTpbMfINdeWBdNEcGpQg%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512745744&sdata=8%2FCq6ESm10f6UQaiMiI%2Fy1lIJb5G1k4ZOFdTf6iw3nE%3D&reserved=0>

[Winston & Strawn LLP]
From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Friday, March 22, 2019 12:45 AM
To: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>

Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Diana:

We have specified the information in our emails and in my March 13 letter in which I specifically indicated

Prior to undertaking what we believe is now being asked of MarkMonitor, and prior to MarkMonitor incurring and/or at least identifying the estimated time and expense we anticipate will be necessary, as well as to clarify specifically what Mr. Feamster wants, needs, or expects, it is essential that we get on the same page with respect to the scope and content of production.  With respect to the latter, we would request that we schedule a telephone conference between you and Mr. Feamster and me and MarkMonitor representatives to delineate a scope of production that is at least an agreed upon scope of the present "ask."  Our client can then project and calculate the expense that would be required to respond and produce the information subject to the court's order to determine if Cox is in agreement to reimburse MarkMonitor for all or a portion of its costs, to avoid the necessity of further judicial intervention.

The Conclusion in the Court's Order you quote below is inconsistent with Mr. Feamster's reply declaration, where he expressly distinguishes the breadth of the anticipated inspection (set forth in Mr. Bahun's declaration) by stating, under penalty of perjury

[cid:image006.jpg@01D4E49A.323FB740]

[cid:image007.jpg@01D4E49A.323FB740]
If your expert does not need to execute the system, your "ask" in your several post-Order communications is what is further unclear as it is the expert, not the attorneys who will be performing the inspection and analysis.  And the language of the Order in its conclusion is not reflective of the scope of the expert opinion it relies upon.  Reverting back to my March 13 letter, MarkMonitor wants to get on the same page with your expert to understand the scope of what he is asking for.  That purpose of the call has always been clear in our communications, which can also include a discussion of logistics, limitations, travel and inspection date proposals.  Despite its objection to the subpoena and the order, as well as the issue on cost-shifting, MarkMonitor is prepared to comply with its obligations, but we need to get on the same page.

As for the dates of inspection, we cannot provide alternative dates to you, but are asking you for both agreement (which you have generally communicated)  and proposed dates from Mr. Feamster.  As indicated in my earlier messages, the international engineer is required to include actual (not proposed) dates of travel for business in the United States, which requires that we first agree on when that date or dates might be.  Getting dates from the engineer that are approved for travel that end up being unavailable to Mr. Feamster or others makes little sense, and, depending on what countries or processes are involved might conceivably jeopardize travel if the visa application needs to be modified.

With respect to the balance of the production, we will be producing documents other than those produced by plaintiffs on or before March 25.  As we discussed, several of the document categories do not have documents that are responsive.  We will identify those requests that fall under that category.  As for the versions of the documents produced by plaintiff that we inquired about, it is our understanding that the production originated from the same source documents we have received.  Moreover, we are advised that these are the only files in our client's possession.  Please advise if you want them reproduced again though it is redundant.

Please advise us of Mr. Feamster's availability for a call today, so we can make arrangements for all attendee's availability.  We are also reserving all rights.

Thank you for your attention to this matter.

Andy

From: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Sent: Thursday, March 21, 2019 3:50 PM
To: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>
Subject: RE: MarkMonitor

Andy,

We are not clear on what additional guidance your client needs on what to make available for inspection.  As you know, the Court ordered MarkMonitor to "comply fully with the subpoena Requests 12 and 13 by allowing Plaintiff's expert to inspect each version of the system in use during the claim period, all documents regarding the revision history, and associated source code by March 25, 2019."  The Order is clear on its face. If your client requires additional information, please specify that information in an email first.  Our understanding was that the purpose of this call was to discuss the logistics of Dr. Feamster's review.

With respect to dates for the inspection, we are open to working with you to set up a date next week other than March 25 in light of your representation that MarkMonitor requires some additional time to make arrangements for the engineer to enter the U.S.  But, in order to agree to a date beyond March 25 for the inspection, we need you to propose alternative dates and times next week as I requested.  Please do so.  We are checking Dr. Feamster's availability to travel to D.C. next week.

Finally, we are concerned with the completeness of MarkMonitor's anticipated document production in response to the remaining requests in light of the representations in your last email.  The Bates ranges you reference in your email relate solely to:  (1) two spreadsheets and related downloads from Cox subscribers (Plaintiffs' 286280-286281); and (2) infringement notifications sent to Cox (Plaintiffs_8698-285772 and Plaintiffs_285773-286173).  As a preliminary matter, Cox does need MarkMonitor to produce the spreadsheets and downloads in its possession because the versions of these documents produced by Plaintiffs were missing certain metadata and it is important that Cox receive these documents as they are maintained in MarkMonitor's files.

Moreover, Cox's subpoena called for several categories of documents beyond the handful of documents that you have identified, such as certain categories of correspondence between MarkMonitor and the RIAA and between MarkMonitor and Plaintiffs, guidelines and manuals relating to the MarkMonitor system, communications relating to the Stroz Friedberg and Harbor Labs' assessments of the MarkMonitor system, and documents relating to CAS.  Cox's subpoena was served in early January, MarkMonitor agreed to produce documents responsive to all of the Requests except Nos. 12 and 13 over five weeks ago, and MarkMonitor was ordered to produce all responsive documents two weeks ago. However, it appears from your correspondence that MarkMonitor may only now be "checking" for other responsive documents.  That is unacceptable.  MarkMonitor should fully comply with the subpoena by March 25 as ordered by the Court.  Cox reserves all rights in the event it does not.

Sincerely,
Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2
%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-
252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMGaQ-
2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-
253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-
253DdY0y9Wq7ljAF9fHNgzgOkhxmkh1sHejbzuDVv9WjwAQ-2526s-253Dpap9VP7sblZWAB0-5FrMJ-5F-5F7TPOsnE-2DYk-
2DEo3Lqt4ZiLQ-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-
257C5d7fbccd7a234711639608d6ae9a7937-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-
257C636888375851204446-26sdata-3DKAz0Q4NWEyIP05bStteOtHip3fTOYi3q4NH5MmrJQp4-253D-26reserved-
3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-
j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3D7k6-
0Twh4hzvkTrkGvQqbaGZQodQ5Wg8EuqMumC3Ubo%26s%3De2PAL23mXh6uzlqm6mGQyLQrVrM8EiMDVdXkfKD3GpE
%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4
ad8adab9375a84aa3e5%7C0%7C0%7C636893172512755756&sdata=a6HkXr5J4iIPR8Dc%2FLqMecc6XdnLc43j1gK7EKIFp
Pc%3D&reserved=0>

[Winston & Strawn LLP]
From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Thursday, March 21, 2019 1:10 PM
To: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Susan Campagne <scampagne@grsm.com<mailto:scampagne@grsm.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Diana:

With respect to your question on clarity, that is exactly what we are trying to accomplish.

The Court's order was based on your client's claimed need for the information, and based on the declarations of your expert. As we pointed out, your letter of March 18 (to us and our client) is different than what your expert claims to need, so our request for the call (as set forth in our letter of March 13) continues to be an effort to get on the same page regarding the scope of what Cox is seeking for Mr. Feamster's review.

With respect to your request for "dates and times next week that MarkMonitor is available for Dr. Feamster's inspection at the Washington, DC facility," I addressed that in my email below, but perhaps something was unclear. I said, "I presume that can be discussed during the call, but I want to be sure that you are in agreement that we will need to schedule the inspection/production for a date other than March 25." Your query for other dates suggests you are in agreement that the DC-based inspection can occur after March 25 on a mutually convenient date and time, but you have not affirmatively confirmed that. Please do so to avoid the need for a request for extension of time from the Court.

The reason I suggested having the discussion of the inspection date on the call for tomorrow is (1) the final scope of the "ask" relates to timing for the production/inspection; and (2) the people who are most interested in and relevant to the date of the inspection, and need to be there, will be participating on the call, and any scope or visa-associated time issues (which we are informed and believe cannot be completed until the dates and locations are finalized), can be addressed directly instead of trying to do so in a vacuum.

With respect to the other document requests, it is our intent to comply by Monday, though we wanted to see if you wanted us to reproduce what we understand has already been produced by plaintiffs.  Our understanding is that much, if not all of the responsive and non-privileged information to be produced with respect to the other requests have been produced as follows:  December 20, 2018 (Bates Nos. Plaintiffs_8698-285772), January 4, 2019 (Plaintiffs_285773-286173); February 22, 2019 (Plaintiffs' 286280-286281 and unnumbered downloads of unauthorized files, which were reproduced on February 26, 2019 apparently due to a corrupted hard drive).  We are checking with MarkMonitor for any additional responsive non-privileged documents that are not included in plaintiffs' productions (which we have not yet received) for production or to advise you that there are no documents to produce – again, by Monday.

Regards,

Andy


From: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Sent: Thursday, March 21, 2019 12:33 PM
To: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>
Subject: RE: MarkMonitor

Andy,

We are checking with Dr. Feamster about his availability for a call at a different time tomorrow.  We also need clarity on what you mean by your "need to delineate the full scope of Mr. Feamster's request in the call."  Cox expects MarkMonitor to comply fully with the subpoena by providing access to the system, source code, and change logs, which is what Dr. Feamster needs for his analysis.

Please provide dates and times next week that MarkMonitor is available for Dr. Feamster's inspection at the Washington, DC facility.

Finally, please confirm that MarkMonitor will be producing documents in response to all of the other RFPs no later than Monday.

Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMGaQ-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253D1MuF697u3h5Gm8ess-2DaDRCbhlBXRukjVKIkOzUlbtFA-2526s-253DJceorv6xjAR6VOy-2DKPROdw-5FRM-2Do-2DOwPR8M1oxQ16UNI-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257C713f391bfbf64ff23b6808d6ae396dd9-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636887959021816192-26sdata-3DpE77vfQjxT5qHVNyqonELksJ0iDuQgkl2k0yGH2rS80-253D-26reserved-3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DdY0y9Wq7ljAF9fHNg

zgOkhxmkh1sHejbzuDVv9WjwAQ%26s%3DjlHfNYV35TWHqNORodjaik8_mBpl7RYyCzAdEZvM4Mw%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512765764&sdata=K%2BeC9pKwHxghkQG3AZ7S485%2FTdUR010EV6QYp5j7CX0%3D&reserved=0>

[Winston & Strawn LLP]
From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Thursday, March 21, 2019 11:05 AM
To: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Diana:

We have some conflicts at that time.  It could be after 9:00 a.m. PT or earlier than 8:00, but the former is preferable.  We also have an international engineer planning to join the call.

With respect to the source code, we are informed that the use of a disassembler may not be necessary, subject to what Mr. Feamster provides in our telephone call.  However, MarkMonitor's SF facilities cannot accommodate the inspection described by Mr. Feamster.  The only domestic location that would work is MarkMonitor's Washington, DC facility, and we will also have to make arrangements for the engineer's visa to enter the U.S. (including dates/locations).  Since Mr. Feamster is based in Princeton, NJ, the DC location will presumably more convenient for him as well.

With these things in mind, and the need to delineate the full scope of Mr. Feamster's request in the call, we need to agree upon a mutually convenient date and time for the inspection to occur.  I presume that can be discussed during the call, but I want to be sure that you are in agreement that we will need to schedule the inspection/production for a date other than March 25.  Please confirm, so that we do not need to make an unnecessary motion to the Magistrate for additional time.  If we are required to move forward on Monday, that would only serve to significantly increase the burden and expense to our non-party client.

While we understand the timing on the response to the subpoena is related to deadlines in the VA matter, we presume the VA court would find good cause to extend those deadlines if necessary for the various parties' compliance.

Please advise asap.

Thanks

Andy


From: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Sent: Wednesday, March 20, 2019 11:53 AM
To: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>
Subject: RE: MarkMonitor

Andy,

Dr. Feamster is available for a call with MarkMonitor on Friday at 8:15am PT.  Does that work?  If not, please provide some other Friday times.

Best,
Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMGaQ-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253DqU90VkrKBddYQ-2DnZRhKtP-5FJ31mCNUH-5FJPtLIx-5F4-5FBaM-2526s-253DwSUYPE22ZklMcFJX6UWNMF3YHN1oEh5NZIZOCymLQco-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257Cfaef554074824645fe4308d6ae27fa95-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636887884087388061-26sdata-3Da4E-252Fjzm-252F99RC-252B8UotVbRkXu8zvyZQI25ZLjQ3WfhM9o-253D-26reserved-3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3D1MuF697u3h5Gm8ess-aDRCbhlBXRukjVKIkOzUlbtFA%26s%3DtyJdqea1K4nc7WDL_1C5_9hMOe1H0f2Kp2tXGuaFOoo%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512775773&sdata=bh6%2F%2Fp6jV3CQUpmchEa1faIh%2BHrCH2yLyu2aamsYZck%3D&reserved=0>

[Winston & Strawn LLP]
From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Tuesday, March 19, 2019 6:22 PM
To: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Diana:

Please see attached.

Thanks

Andy


From: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Sent: Tuesday, March 19, 2019 5:56 AM
To: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>
Subject: RE: MarkMonitor

Andy,

Please see the correspondence attached.

Diana

Diana Hughes Leiden

Winston & Strawn LLP

D: +1 213-615-1924

winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMGaQ-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253DVyMIZMAb-2DukByIlKOv4ZBeIs-2DKIsEGtEsvqI7rcQY3U-2526s-253DSwPIBxsuelBVsS9spyYP7DWV4BKyVaFzVE27zivdn7Y-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257Cf3ae919eb0ed43be0fad08d6acd2ab51-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636886418695024714-26sdata-3DTQQh-252B4woi-252BnWb3S60VVxoL2REBLkhojQ8rOV-252FiY5J1Q-253D-26reserved-3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DqU90VkrKBddYQ-nZRhKtP_J31mCNUH_JPtLIx_4_BaM%26s%3DYAE4ptZ7F6hT9sSC72xhSKTktgcK6c_z0BpRKRgVovA%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512775773&sdata=P9wnVqUwDXeIxWAOEPF40fsjzKEXRpTfhnrRGM5ByaU%3D&reserved=0>

[Winston & Strawn LLP]
From: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Sent: Wednesday, March 13, 2019 11:15 AM
To: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>; Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Subject: RE: MarkMonitor

Hi Diana.  Prior to receiving your email, I had prepared (but had not been able to send) the attached letter to discuss MarkMonitor's compliance with the subpoena and in response to the Court's Order.  Once you have had the opportunity to review it, please contact me to discuss further.

With respect to what Sony has and has or has not produced, that should be addressed with them.  We are reviewing the information provided to our office in response to the subpoena (other than the source code-related requests which we do not have) to prepare for production in response to the subpoena, per our written responses and the Court's order.

Best regards,

Andy


From: Leiden, Diana Hughes <DHLeiden@winston.com<mailto:DHLeiden@winston.com>>
Sent: Tuesday, March 12, 2019 5:22 PM
To: Andrew Castricone <acastricone@grsm.com<mailto:acastricone@grsm.com>>
Cc: Golinveaux, Jennifer A. <JGolinveaux@winston.com<mailto:JGolinveaux@winston.com>>
Subject: MarkMonitor

Andy,

In light of the court's ruling last week, we wanted to touch base regarding the status of MarkMonitor's production of documents and materials responsive to the subpoena.  Regarding documents responsive to Request Nos. 1-2, 6-11, and 14-24, please advise when they will be produced and if we should be dealing with you or the Sony plaintiffs' counsel on those as MarkMonitor's briefing appeared to indicate that the responsive documents had already been produced to those lawyers. While Mr. Bahun's declaration said that non-privileged, responsive documents "have already been produced to Cox or are in the process of being produced by the Sony Plaintiffs," to be clear we have yet to receive the documents.

Separately, please advise on dates and times by March 25 that will work for your client to have Dr. Feamster review the relevant MarkMonitor system, source code, and change log as ordered by the Court.  We should also work out the logistics of the review, including how the materials will be made available, in advance.

Diana

Diana Hughes Leiden

Partner

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

D: +1 213-615-1924

F: +1 213-615-1750

Bio<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-5Fen-5Fwho-2D2Dwe-2D2Dare-5Fattorneys-5Fhughes-2D2Ddiana-2D2Dl.html-2526d-253DDwMFAg-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253D9KPYNxCbvbnvcv9-2Drp5u2NBOZ-2DUi1wM-2DIVTiJy6dXvs-2526s-253DQ-5F4ppG52PBnkSoCb28m8rb4hlNl-5FqLrj-5FukSkOI8ibE-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257C2e2ef31329674d75007508d6a7e00eaa-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636880978661254410-26sdata-3DVgTU58VptQ-252FTbIkhfB-252FuFCwVffb3o5HOKyyWVY2iWNE-253D-26reserved-3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DVyMIZMAb-ukByIlKOv4ZBeIs-KIsEGtEsvqI7rcQY3U%26s%3DmYNxDx9kf6ZfL3PScEbt_Eho9d6O9y0ZfqLd5a2QiuQ%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512785781&sdata=GuKq6ZAB45UnrogONNSfokm%2F1gP2VnexUDCk1Nmhx%2BQ%3D&reserved=0> | VCard<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-5Fvcards-5F1059.vcf-2526d-253DDwMFAg-2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253D9KPYNxCbvbnvcv9-2Drp5u2NBOZ-2DUi1wM-2DIVTiJy6dXvs-2526s-253DV8UF8wpVtsF7CBBM0iKPafmcGHZ1fkv8jriQ5TJlwpM-2526e-253D-26data-3D02-257C01-257CDHLeiden-2540winston.com-257C2e2ef31329674d75007508d6a7e00eaa-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636880978661264427-26sdata-3DfP-

252BIRvvcXWwrxC9dKkOVIzYMAwyc3Y3eccjdbP6aS6E-253D-26reserved-
3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-
j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DVyMIZMAb-
ukByIlKOv4ZBeIs-
KIsEGtEsvqI7rcQY3U%26s%3DA0iCFCyAPNDbQTSgJFuqzl4Rh37VZyj8YrAcB5vFGWg%26e%3D&data=02%7C01%7CDHLei
den%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7
C636893172512795789&sdata=pXSaLesiPvN90aYSCh%2BHn4zp%2B9JVKVsmYPBh%2FXOT5o8%3D&reserved=0> |
Email<mailto:dhleiden@winston.com> |
winston.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2
%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttps-253A-252F-
252Furldefense.proofpoint.com-252Fv2-252Furl-253Fu-253Dhttp-2D3A-5F-5Fwww.winston.com-2526d-253DDwMFAg-
2526c-253Df-5Fa5GUMXoHxU9qrd-5FNsg1PnqS-2Dj5caRJn92wWy7kEGQ-2526r-
253DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo-2526m-253D9KPYNxCbvbnvcv9-2Drp5u2NBOZ-
2DUi1wM-2DIVTiJy6dXvs-2526s-253Di7c8JL9TdvO52xUtb3SQBkWxPmBvn9M7TUbt0h1QL70-2526e-253D-26data-3D02-
257C01-257CDHLeiden-2540winston.com-257C2e2ef31329674d75007508d6a7e00eaa-
257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636880978661274432-26sdata-
3DHU0IOgCbDrGo2jbefYqV8fFtnc38hxU-252BNHkXWLcmVo4-253D-26reserved-
3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-
j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DVyMIZMAb-
ukByIlKOv4ZBeIs-
KIsEGtEsvqI7rcQY3U%26s%3Dqf1ntNn2DIPdOCRIjT_CUdsJC2DLdi6HEAEQ9e9uxpc%26e%3D&data=02%7C01%7CDHLeid
en%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C
636893172512805789&sdata=kOV2AK%2FIl2iJWv1nwqUCntkUcIKKWP18WQnbwG5TGoc%3D&reserved=0>

[Winston & Strawn LLP]

________________________________

The contents of this message may be privileged and confidential. If this message has been received in error, please delete it without reading it. Your receipt of this message is not intended to waive any applicable privilege. Please do not disseminate this message without the permission of the author. Any tax advice contained in this email was not intended to be used, and cannot be used, by you (or any other taxpayer) to avoid penalties under applicable tax laws and regulations.

________________________________

Alabama * Arizona * California * Colorado * Connecticut * Florida * Georgia * Illinois * Kentucky * Louisiana * Maryland * Massachusetts * Missouri * Nebraska * Nevada * New Jersey * New York * North Carolina * Ohio * Oklahoma * Oregon * Pennsylvania * South Carolina * South Dakota * Texas * Utah * Virginia * Washington * Washington, DC * West Virginia * Wisconsin

This email communication may contain CONFIDENTIAL INFORMATION WHICH ALSO MAY BE LEGALLY PRIVILEGED and is intended only for the use of the intended recipients identified above. If you are not the intended recipient of this communication, you are hereby notified that any unauthorized review, use, dissemination, distribution, downloading, or copying of this communication is strictly prohibited. If you are not the intended recipient and have received this communication in error, please immediately notify us by reply email, delete the communication and destroy all copies.

GORDON REES SCULLY MANSUKHANI, LLP

http://www.grsm.com<https://nam01.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.proofpoint.com%2Fv2%2Furl%3Fu%3Dhttps-3A__nam01.safelinks.protection.outlook.com_-3Furl-3Dhttp-253A-252F-252Fwww.grsm.com-26data-3D02-257C01-257CDHLeiden-2540winston.com-257C2e2ef31329674d75007508d6a7e00eaa-257C12a8aae45e2f4ad8adab9375a84aa3e5-257C0-257C0-257C636880978661284445-26sdata-3D0e7hoi-252FohSzEdDIXHpIwZrlReRAUwcL7f5wFkolkvR8-253D-26reserved-3D0%26d%3DDwMGaQ%26c%3Df_a5GUMXoHxU9qrd_Nsg1PnqS-j5caRJn92wWy7kEGQ%26r%3DuGHgpQSIWF4QQFEHUeNKkHbrQm37we6AIZkp8Cd6kyo%26m%3DVyMIZMAb-ukByIlKOv4ZBeIs-KIsEGtEsvqI7rcQY3U%26s%3DLxScjczBSgcH5o-OP-NccMCvUXegJPJzlIOFLrYXYJI%26e%3D&data=02%7C01%7CDHLeiden%40winston.com%7Cf7cab9f5bd1c42c9e58708d6b2f74915%7C12a8aae45e2f4ad8adab9375a84aa3e5%7C0%7C0%7C636893172512815802&sdata=QkVZOWaFQHh8rwgzAMnDkiiMPtdogYTcReDaK60dvII%3D&reserved=0>