# Exhibit F

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:     (415) 986-5900
Facsimile:      (415) 262-3726

Attorneys for NonParty
MARKMONITOR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, et al. | CASE NO. 18-CV-00950-LO-JFA |
| Plaintiffs, | **NONPARTY MARKMONITOR, INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS BY DEFENDANTS COX COMMUNICATIONS, INC. AND COXCOM LLC** |
| vs. | |
| COX COMMUNICATIONS, INC. and COXCOM LLC, | |
| Defendants. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE BE ADVISED that Nonparty MARKMONITOR, INC. ("MMI" or "Responding Non Party") submits the following written objections and responses to the subpoena to produce documents from Defendants Cox Communications, Inc. and CoxCom LLC, pursuant to Federal Rule of Civil Procedure ("FRCP") 45.

## **GENERAL OBJECTIONS**

1.      MMI objects to the subpoena on the grounds that the proposed production date, time and location create an undue burden and expense.

2.      The subpoena is also objectionable in that the scope of the document requests, as set forth below are vague, ambiguous, and overbroad, and compliance would be unduly burdensome, time consuming, expensive, and harassing.

3.      MMI also objects on the grounds that the categories of document requests seek

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 18-00950-LO-JFA

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1   information protected from disclosure under the attorney-client privilege and/or work product

2   doctrine.

3       4.      The subpoena is also objectionable on the grounds that it seeks proprietary, trade

4   secret and other confidential information, and the actual or potential harm and damages that may

5   and/or would likely result from the production or inspection of such information from this

6   nonparty is irreparable and not adequately addressed or safeguarded by the protective order

7   presently in place in this matter.

8       5.      In addition to privilege, the broad scope of the document requests is not relevant

9   to any party's claims or defenses, nor is the scope of the subpoena reasonably calculated to lead

10  to the discovery of admissible evidence in this action.

11      6.      Finally, information sought by the subpoena, including any non-privileged

12  documents that are responsive to the various document requests, is already within the

13  subpoenaing party's possession, custody, or control – or is equally available from other sources.

14      7.      These objections are made without prejudice to MMI's supplement or amend

15  these objections in the event that any information may have been omitted by oversight,

16  inadvertence, or good faith error or mistake.

17      8.      Except for the facts explicitly stated herein, no incidental or implied admissions

18  are intended.

19      9.      These objections are signed by counsel only as to the objections set forth in the

20  responses, and MMI expressly reserves:

21          8.1     All objections regarding the competency, relevance, materiality, probative

22  value and admissibility of all information provided, documents produced and the contents

23  thereof;

24          8.2     All objections as to vagueness, ambiguity, unintelligibility and

25  overbreadth.

26      10.     Nothing herein shall be construed as an admission regarding the admissibility or

27  relevance of any fact or document or of the truth or accuracy of any characterization contained in

28  the document requests.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

11. The fact that part or all of any request has been answered should not be construed to be a waiver of any objection to any discovery request.

12. MMI responds to the areas of examination and document requests subject to the foregoing, and each of the foregoing statements and objections is incorporated by reference into each of the following responses:

**<u>RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

1. All Documents and Communications concerning any agreement between You and any Plaintiff(s).

<u>Response to Request No. 1</u>:

Objection. The request and the defined and undefined terms and phrases "You," "Documents," "Communications," "concerning" and "agreement" are vague, ambiguous, and subject to varying interpretations. The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive. Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1). In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine. As phrased, the request also seeks proprietary, trade secret and other confidential information. The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states: MMI will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

2. All Documents and Communications concerning any agreement between YOU and the RIAA.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 18-00950-LO-JFA

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1     <u>Response to Request No. 2</u>:

2         Objection.  The request and the defined and undefined terms and phrases "You,"

3 "Documents," "Communications," "concerning" and "agreement" are vague, ambiguous, and

4 subject to varying interpretations.  The scope is also overbroad and compliance would be unduly

5 burdensome, time consuming and expensive.  Further, the scope of the request seeks information

6 that is not "relevant to any party's claim or defense and proportional to the needs of the case"

7 within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information

8 protected from disclosure under the attorney-client privilege and/or attorney work product

9 doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential

10 information. The request further seeks information that may not be within this party's

11 possession, custody, or control and/or which is equally available to propounding party from other

12 sources.

13         Without waiving and subject to said objections, this Responding Non Party states:  MMI

14 will produce (or make available for inspection and copying) all relevant and non-privileged

15 documents, to the extent they exist, in its possession, custody or control, that are responsive to a

16 reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

17 mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

18 subsequent agreed upon date (subject to the Court's approval, if necessary).

19     3.     All Documents concerning any financial interest, whether actual or contingent,

20 You have in any of the Plaintiffs or their copyrights.

21     <u>Response to Request No. 3</u>:

22         Objection.  The request and the defined and undefined terms and phrases "Documents,"

23 "concerning," "financial interest, whether actual or contingent," and "You" are vague,

24 ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance

25 would be unduly burdensome, time consuming and expensive.  Further, the scope of the request

26 seeks information that is not "relevant to any party's claim or defense and proportional to the

27 needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

28 seeks information protected from disclosure under the attorney-client privilege and/or attorney

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA     Case No. 18-00950-LO-JFA

work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  MMI does not have a "financial interest" as described herein, and, as such, is unaware of and does not possess any documents that would be responsive to this request.

4.      All Documents concerning any financial interest, whether actual or contingent, You have in an actual or potential recovery by any Plaintiff or group of Plaintiffs in this litigation.

<u>Response to Request No. 4</u>:

Objection.  The request and the defined and undefined terms and phrases "Documents," "concerning," "financial interest, whether actual or contingent," "You," and "actual or potential recovery by any Plaintiff or group of Plaintiffs" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  MMI does not have a "financial interest" as described herein, and, as such, is unaware of and does not possess any documents that would be responsive to this request.

5.      All Documents concerning any ownership interest that the RIAA or any Plaintiff has in You or any of Your affiliated, parent, or subsidiary companies.

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA      Case No. 18-00950-LO-JFA

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    <u>Response to Request No.5</u>:

2        Objection.  The request and the defined and undefined terms and phrases "Documents,"

3    "concerning," "ownership interest," "RIAA," "You," and "Your" are vague, ambiguous, and

4    subject to varying interpretations.  The scope is also overbroad and compliance would be unduly

5    burdensome, time consuming and expensive.  Further, the scope of the request seeks information

6    that is not "relevant to any party's claim or defense and proportional to the needs of the case"

7    within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information

8    protected from disclosure under the attorney-client privilege and/or attorney work product

9    doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential

10   information.  The request further seeks information that may not be within this party's

11   possession, custody, or control and/or which is equally available to propounding party from other

12   sources.

13       Without waiving and subject to said objections, this Responding Non Party states:  MMI

14   does not have an "ownership interest" as described herein, and, as such, is unaware of and does

15   not possess any documents that would be responsive to this request.

16       6.       All Communications between You and any of Cox's subscribers, account holders,

17   or customers.

18   <u>Response to Request No.6</u>:

19       Objection.  The request and the defined and undefined terms and phrases

20   "Communications," "You," and "subscribers, account holders, or customers" are vague,

21   ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance

22   would be unduly burdensome, time consuming and expensive.  Further, the scope of the request

23   seeks information that is not "relevant to any party's claim or defense and proportional to the

24   needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

25   seeks information protected from disclosure under the attorney-client privilege and/or attorney

26   work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

27   confidential information.  The request further seeks information that may not be within this

28   party's possession, custody, or control and/or which is equally available to propounding party

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA      Case No. 18-00950-LO-JFA

1   from other sources.

2     Without waiving and subject to said objections, this Responding Non Party states:  MMI

3   will produce (or make available for inspection and copying) all relevant and non-privileged

4   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

5   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

6   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

7   subsequent agreed upon date (subject to the Court's approval, if necessary).

8     7. All Documents concerning any presentation, solicitation, or proposal to the RIAA

9   and/or Plaintiffs regarding Your System.

10     <u>Response to Request No. 7</u>:

11     Objection.  The request and the defined and undefined terms and phrases "Documents,"

12   "concerning," "presentation, solicitation, or proposal," "RIAA," and/ "Your System" are vague,

13   ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance

14   would be unduly burdensome, time consuming and expensive.  Further, the scope of the request

15   seeks information that is not "relevant to any party's claim or defense and proportional to the

16   needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

17   seeks information protected from disclosure under the attorney-client privilege and/or attorney

18   work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

19   confidential information.  The request further seeks information that may not be within this

20   party's possession, custody, or control and/or which is equally available to propounding party

21   from other sources.

22     Without waiving and subject to said objections, this Responding Non Party states:  MMI

23   will produce (or make available for inspection and copying) all relevant and non-privileged

24   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

25   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

26   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

27   subsequent agreed upon date (subject to the Court's approval, if necessary).

28     8. Any databases, indices, or other repositories of information concerning notices of

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA  Case No. 18-00950-LO-JFA

1  claimed infringement that were created with Your System and that were sent to Cox or any of

2  Cox's subscribers, account holders, or customers in connection with alleged infringement of the

3  Copyright Works.

4      <u>Response to Request No. 8</u>:

5      Objection.  The request and the defined and undefined terms and phrases "databases,

6  indices, or other repositories of information," "concerning," "created," "Your System,"

7  "subscribers, account holders, or customers," and "in connection with" are vague, ambiguous,

8  and subject to varying interpretations.  The scope is also overbroad and compliance would be

9  unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks

10  information that is not "relevant to any party's claim or defense and proportional to the needs of

11  the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks

12  information protected from disclosure under the attorney-client privilege and/or attorney work

13  product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

14  confidential information.  The request further seeks information that may not be within this

15  party's possession, custody, or control and/or which is equally available to propounding party

16  from other sources.

17      Without waiving and subject to said objections, this Responding Non Party states:  MMI

18  will produce (or make available for inspection and copying) all relevant and non-privileged

19  documents, to the extent they exist, in its possession, custody or control, that are responsive to a

20  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

21  mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

22  subsequent agreed upon date (subject to the Court's approval, if necessary).

23      9.    Any databases, indices, or other repositories of information concerning the

24  identification of a Cox IP address in connection with alleged infringement of the Copyright

25  Works.

26      <u>Response to Request No. 9</u>:

27      Objection.  The request and the defined and undefined terms and phrases "databases,

28  indices, or other repositories of information," "concerning," "a Cox IP address" and "in

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA    Case No. 18-00950-LO-JFA

1  connection with" are vague, ambiguous, and subject to varying interpretations.  The scope is also

2  overbroad and compliance would be unduly burdensome, time consuming and expensive.

3  Further, the scope of the request seeks information that is not "relevant to any party's claim or

4  defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In

5  addition, the scope of the request seeks information protected from disclosure under the attorney-

6  client privilege and/or attorney work product doctrine.  As phrased, the request also seeks

7  proprietary, trade secret and other confidential information.  The request further seeks

8  information that may not be within this party's possession, custody, or control and/or which is

9  equally available to propounding party from other sources.

10  Without waiving and subject to said objections, this Responding Non Party states:  MMI

11  will produce (or make available for inspection and copying) all relevant and non-privileged

12  documents, to the extent they exist, in its possession, custody or control, that are responsive to a

13  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

14  mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

15  subsequent agreed upon date (subject to the Court's approval, if necessary).

16  10.  All copies of files, or portions or derivatives thereof (including any hashes or

17  checksums of files or portions of files), concerning the Copyright Works, that You downloaded

18  or caused to be downloaded from a Cox subscriber, account holder, or customer.

19  Response to Request No. 10:

20  Objection.  The request and the defined and undefined terms and phrases "files, or

21  portions or derivatives thereof (including any hashes or checksums of files or portions of files),"

22  "concerning," "You," "downloaded or caused to be downloaded," and "subscriber, account

23  holder, or customer" are vague, ambiguous, and subject to varying interpretations.  The scope is

24  also overbroad and compliance would be unduly burdensome, time consuming and expensive.

25  Further, the scope of the request seeks information that is not "relevant to any party's claim or

26  defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In

27  addition, the scope of the request seeks information protected from disclosure under the attorney-

28  client privilege and/or attorney work product doctrine.  As phrased, the request also seeks

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA      Case No. 18-00950-LO-JFA

1  proprietary, trade secret and other confidential information.  The request further seeks

2  information that may not be within this party's possession, custody, or control and/or which is

3  equally available to propounding party from other sources.

4      Without waiving and subject to said objections, this Responding Non Party states:  MMI

5  will produce (or make available for inspection and copying) all relevant and non-privileged

6  documents, to the extent they exist, in its possession, custody or control, that are responsive to a

7  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

8  mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

9  subsequent agreed upon date (subject to the Court's approval, if necessary).

10      11.    All Documents concerning any files, or portions thereof, concerning the

11  Copyright Works, that You downloaded from a Cox subscriber, account holder, or customer.

12      <u>Response to Request No. 11</u>:

13      Objection.  The request and defined terms and phrases "Documents," "concerning,"

14  "files, or portions thereof," "You," "downloaded," and "subscriber, account holder, or customer"

15  are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and

16  compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of

17  the request seeks information that is not "relevant to any party's claim or defense and

18  proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the

19  scope of the request seeks information protected from disclosure under the attorney-client

20  privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary,

21  trade secret and other confidential information.  The request further seeks information that may

22  not be within this party's possession, custody, or control and/or which is equally available to

23  propounding party from other sources.

24      Without waiving and subject to said objections, this Responding Non Party states:  MMI

25  will produce (or make available for inspection and copying) all relevant and non-privileged

26  documents, to the extent they exist, in its possession, custody or control, that are responsive to a

27  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

28  mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA    Case No. 18-00950-LO-JFA

1    subsequent agreed upon date (subject to the Court's approval, if necessary).

2        12.    One copy of each version of Your System that was in use during Plaintiffs' Claim

3    Period, including all versions of the source code for each, that was used to monitor and/or detect

4    copyright infringement, generate copyright infringement notices, or send copyright infringement

5    notices.

6        Response to Request No. 12:

7        Objection.  The request and defined terms and phrases "version," "Your System," "in

8    use," "during Plaintiffs' Claim Period," "source code," "used to monitor and/or detect,"

9    "generate," "notices," and "send" are vague, ambiguous, and subject to varying interpretations.

10   The scope is also overbroad and compliance would be unduly burdensome, time consuming and

11   expensive.  Further, the scope of the request seeks information that is not "relevant to any party's

12   claim or defense and proportional to the needs of the case" within the meaning of FRCP

13   26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under

14   the attorney-client privilege and/or attorney work product doctrine.  The request is also

15   objectionable on the grounds that it seeks proprietary, trade secret and other confidential

16   information, and the actual or potential harm and damages that may and/or would likely result

17   from the production or inspection of such information from this nonparty is irreparable and not

18   adequately addressed or safeguarded by the protective order presently in place in this matter.

19       13.    All Documents concerning the revision history of Your System and the associated

20   source code.

21       Response to Request No. 13:

22       Objection.  The request and defined terms and phrases "revision history," "Your

23   System," and "associated source code" are vague, ambiguous, and subject to varying

24   interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time

25   consuming and expensive.  Further, the scope of the request seeks information that is not

26   "relevant to any party's claim or defense and proportional to the needs of the case" within the

27   meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected

28   from disclosure under the attorney-client privilege and/or attorney work product doctrine.  The

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA     Case No. 18-00950-LO-JFA

request is also objectionable on the grounds that it seeks proprietary, trade secret and other confidential information, and the actual or potential harm and damages that may and/or would likely result from the production or inspection of such information from this nonparty is irreparable and not adequately addressed or safeguarded by the protective order presently in place in this matter.

14.     All guidelines, manuals, and other documents concerning the operation of Your System.

Response to Request No. 14:

Objection.  The request and the defined and undefined terms and phrases "guidelines, manuals, and other documents," "concerning," and "operation of Your System" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  MMI does not believe any such documents exist, but will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they do exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary).

15.     All Communications between You and the RIAA concerning Your Systems.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 18-00950-LO-JFA

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Response to Request No. 15:

2    Objection.  The request and the defined and undefined terms and phrases

3    "Communications," "You," "RIAA," and "Your System" are vague, ambiguous, and subject to

4    varying interpretations.  The scope is also overbroad and compliance would be unduly

5    burdensome, time consuming and expensive.  Further, the scope of the request seeks information

6    that is not "relevant to any party's claim or defense and proportional to the needs of the case"

7    within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information

8    protected from disclosure under the attorney-client privilege and/or attorney work product

9    doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential

10   information.  The request further seeks information that may not be within this party's

11   possession, custody, or control and/or which is equally available to propounding party from other

12   sources.

13   Without waiving and subject to said objections, this Responding Non Party states:  MMI

14   will produce (or make available for inspection and copying) all relevant and non-privileged

15   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

16   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

17   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

18   subsequent agreed upon date (subject to the Court's approval, if necessary).

19   16.    All Communications between You and any Plaintiff or group of Plaintiffs

20   concerning Your System.

21   Response to Request No. 16:

22   Objection.  The request and the defined and undefined terms and phrases

23   "Communications," "You," "concerning," and "Your System" are vague, ambiguous, and

24   subject to varying interpretations.  The scope is also overbroad and compliance would be unduly

25   burdensome, time consuming and expensive.  Further, the scope of the request seeks information

26   that is not "relevant to any party's claim or defense and proportional to the needs of the case"

27   within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information

28   protected from disclosure under the attorney-client privilege and/or attorney work product

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA     Case No. 18-00950-LO-JFA

1   doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential

2   information.  The request further seeks information that may not be within this party's

3   possession, custody, or control and/or which is equally available to propounding party from other

4   sources.

5          Without waiving and subject to said objections, this Responding Non Party states:  MMI

6   will produce (or make available for inspection and copying) all relevant and non-privileged

7   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

8   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

9   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

10  subsequent agreed upon date (subject to the Court's approval, if necessary).

11         17.      All Communications between You and Stroz Friedberg concerning Your System.

12         <u>Response to Request No. 17</u>:

13         Objection.  The request and the defined and undefined terms and phrases

14  "Communications," "You," "Stroz Friedberg," "concerning," and "Your System" are vague,

15  ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance

16  would be unduly burdensome, time consuming and expensive.  Further, the scope of the request

17  seeks information that is not "relevant to any party's claim or defense and proportional to the

18  needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

19  seeks information protected from disclosure under the attorney-client privilege and/or attorney

20  work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

21  confidential information.  The request further seeks information that may not be within this

22  party's possession, custody, or control and/or which is equally available to propounding party

23  from other sources.

24         Without waiving and subject to said objections, this Responding Non Party states:  MMI

25  does not believe it possesses any documents that are "relevant to any party's claim or defense

26  and proportional to the needs of the case," but will produce (or make available for inspection and

27  copying) all relevant and non-privileged documents, to the extent they exist, in its possession,

28  custody or control, that are responsive to a  reasonable interpretation of this request and within

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA       Case No. 18-00950-LO-JFA

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to

2   the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the

3   Court's approval, if necessary).

4         18.     All Communications between You and Harbor Labs concerning Your System.

5         <u>Response to Request No. 18</u>:

6         Objection.  The request and the defined and undefined terms and phrases

7   "Communications," "You," "Harbor Labs," "concerning," and "Your System" are vague,

8   ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance

9   would be unduly burdensome, time consuming and expensive.  Further, the scope of the request

10   seeks information that is not "relevant to any party's claim or defense and proportional to the

11   needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request

12   seeks information protected from disclosure under the attorney-client privilege and/or attorney

13   work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other

14   confidential information.  The request further seeks information that may not be within this

15   party's possession, custody, or control and/or which is equally available to propounding party

16   from other sources.

17         Without waiving and subject to said objections, this Responding Non Party states:  MMI

18   does not believe it possesses any documents that are "relevant to any party's claim or defense

19   and proportional to the needs of the case," but will produce (or make available for inspection and

20   copying) all relevant and non-privileged documents, to the extent they exist, in its possession,

21   custody or control, that are responsive to a  reasonable interpretation of this request and within

22   the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to

23   the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the

24   Court's approval, if necessary).

25         19.     All Documents and Communications concerning the efficacy of Your System

26   including its flaws, weaknesses, the need for potential improvements, and any proposed and/or

27   implemented remediation of any such flaws or weaknesses.

28

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA    Case No. 18-00950-LO-JFA

Response to Request No. 19:

Objection.  The request and the defined and undefined terms and phrases "Documents," "Communications," "concerning," "efficacy," "Your System," "flaws, weaknesses, the need for potential improvements," and "proposed and/or implemented remediation" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of the request seeks information that is not "relevant to any party's claim or defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential information.  The request further seeks information that may not be within this party's possession, custody, or control and/or which is equally available to propounding party from other sources.

Without waiving and subject to said objections, this Responding Non Party states:  MMI does not believe it possesses any documents that are "relevant to any party's claim or defense and proportional to the needs of the case," but will produce (or make available for inspection and copying) all relevant and non-privileged documents, to the extent they exist, in its possession, custody or control, that are responsive to a  reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a subsequent agreed upon date (subject to the Court's approval, if necessary)..

20.     All Documents concerning CAS or any proposed inter-industry agreement concerning the handling of notice of copyright infringement.

Response to Request No. 20:

Objection.  The request and the defined and undefined terms and phrases "Documents," "concerning," "CAS or any proposed inter-industry agreement," and "the handling of notice of copyright infringement" are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time consuming and expensive.

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA     Case No. 18-00950-LO-JFA

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Further, the scope of the request seeks information that is not "relevant to any party's claim or

2   defense and proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In

3   addition, the scope of the request seeks information protected from disclosure under the attorney-

4   client privilege and/or attorney work product doctrine.  As phrased, the request also seeks

5   proprietary, trade secret and other confidential information.  The request further seeks

6   information that may not be within this party's possession, custody, or control and/or which is

7   equally available to propounding party from other sources.

8         Without waiving and subject to said objections, this Responding Non Party states:  MMI

9   will produce (or make available for inspection and copying) all relevant and non-privileged

10   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

11   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

12   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

13   subsequent agreed upon date (subject to the Court's approval, if necessary).

14         21.     All Documents or Communications, whether internal or with third parties,

15   concerning any limit on the number of copyright infringement notices accepted by any ISP.

16         Response to Request No. 21:

17         Objection.  The request and the defined and undefined terms and phrases "Documents,"

18   "Communications," "concerning," "limit," and "accepted by any ISP" are vague, ambiguous, and

19   subject to varying interpretations.  The scope is also overbroad and compliance would be unduly

20   burdensome, time consuming and expensive.  Further, the scope of the request seeks information

21   that is not "relevant to any party's claim or defense and proportional to the needs of the case"

22   within the meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information

23   protected from disclosure under the attorney-client privilege and/or attorney work product

24   doctrine.  As phrased, the request also seeks proprietary, trade secret and other confidential

25   information.  The request further seeks information that may not be within this party's

26   possession, custody, or control and/or which is equally available to propounding party from other

27   sources.

28         Without waiving and subject to said objections, this Responding Non Party states:  MMI

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA      Case No. 18-00950-LO-JFA

1   will produce (or make available for inspection and copying) all relevant and non-privileged

2   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

3   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

4   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

5   subsequent agreed upon date (subject to the Court's approval, if necessary).

6        22.     All Communications with or concerning Cox or any Cox subscriber, account

7   holder, or customer relating to alleged copyright infringement.

8        <u>Response to Request No. 22</u>:

9        Objection.  The request and the defined and undefined terms and phrases

10   "Communications," "concerning," "subscriber, account holder, or customer," and "relating to"

11   are vague, ambiguous, and subject to varying interpretations.  The scope is also overbroad and

12   compliance would be unduly burdensome, time consuming and expensive.  Further, the scope of

13   the request seeks information that is not "relevant to any party's claim or defense and

14   proportional to the needs of the case" within the meaning of FRCP 26(b)(1).  In addition, the

15   scope of the request seeks information protected from disclosure under the attorney-client

16   privilege and/or attorney work product doctrine.  As phrased, the request also seeks proprietary,

17   trade secret and other confidential information.  The request further seeks information that may

18   not be within this party's possession, custody, or control and/or which is equally available to

19   propounding party from other sources.

20        Without waiving and subject to said objections, this Responding Non Party states:  MMI

21   will produce (or make available for inspection and copying) all relevant and non-privileged

22   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

23   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

24   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

25   subsequent agreed upon date (subject to the Court's approval, if necessary).

26        23.     All Documents constituting, comprising, or evidencing Your software revision

27   policies, including any policies that explain how revisions are made to software, where prior

28   versions are stored, and how revisions are to be documented.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA        Case No. 18-00950-LO-JFA

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    <u>Response to Request No. 23</u>:

2       Objection.  The request and the defined and undefined terms and phrases "Documents

3    constituting, comprising, or evidencing," "Your," "software revision policies," prior versions,"

4    "stored," and "documented" are vague, ambiguous, and subject to varying interpretations.  The

5    scope is also overbroad and compliance would be unduly burdensome, time consuming and

6    expensive.  Further, the scope of the request seeks information that is not "relevant to any party's

7    claim or defense and proportional to the needs of the case" within the meaning of FRCP

8    26(b)(1).  In addition, the scope of the request seeks information protected from disclosure under

9    the attorney-client privilege and/or attorney work product doctrine.  As phrased, the request also

10   seeks proprietary, trade secret and other confidential information.  The request further seeks

11   information that may not be within this party's possession, custody, or control and/or which is

12   equally available to propounding party from other sources.

13      Without waiving and subject to said objections, this Responding Non Party states:  MMI

14   will produce (or make available for inspection and copying) all relevant and non-privileged

15   documents, to the extent they exist, in its possession, custody or control, that are responsive to a

16   reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

17   mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

18   subsequent agreed upon date (subject to the Court's approval, if necessary).

19      24.     All Documents constituting, comprising, or evidencing Your policies for

20   document management, preservation, storage, indexing, and disposal.

21      <u>Response to Request No. 24</u>:

22      Objection.  The request and the defined and undefined terms and phrases "Documents

23   constituting, comprising, or evidencing," "Your," and "policies for document management,

24   preservation, storage, indexing, and disposal" are vague, ambiguous, and subject to varying

25   interpretations.  The scope is also overbroad and compliance would be unduly burdensome, time

26   consuming and expensive.  Further, the scope of the request seeks information that is not

27   "relevant to any party's claim or defense and proportional to the needs of the case" within the

28   meaning of FRCP 26(b)(1).  In addition, the scope of the request seeks information protected

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA      Case No. 18-00950-LO-JFA

1    from disclosure under the attorney-client privilege and/or attorney work product doctrine.  As

2    phrased, the request also seeks proprietary, trade secret and other confidential information.  The

3    request further seeks information that may not be within this party's possession, custody, or

4    control and/or which is equally available to propounding party from other sources.

5         Without waiving and subject to said objections, this Responding Non Party states:  MMI

6    will produce (or make available for inspection and copying) all relevant and non-privileged

7    documents, to the extent they exist, in its possession, custody or control, that are responsive to a

8    reasonable interpretation of this request and within the permissible scope of FRCP 26(b)(1), at a

9    mutually agreeable date, time and location prior to the fact discovery completion deadline, or at a

10   subsequent agreed upon date (subject to the Court's approval, if necessary).

11   Dated:  February 14, 2019          GORDON REES SCULLY MANSUKHANI, LLP

12

13

14                                      By: _____
                                             Andrew D. Castricone
15                                      Attorneys for Nonparty
                                        MARKMONITOR, INC.
16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

8010120/43328737v.1

MARKMONITOR'S OBJECTIONS AND RESPONSES TO SUBPOENA          Case No. 18-00950-LO-JFA

ANDREW D. CASTRICONE (SBN: 154607)
acastricone@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:    (415) 986-5900
Facsimile:    (415) 262-3726

Attorneys for NonParty
MARKMONITOR, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, et al. | CASE NO. 18-CV-00950-LO-JFA |
| Plaintiffs, | <u>CERTIFICATE OF SERVICE OF:</u><br>Nonparty MarkMonitor, Inc.'s Objections and Responses to Subpoena By Cox Defendants |
| vs. | |
| COX COMMUNICATIONS, INC. and COXCOM LLC, | |
| Defendants. | |

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is: Gordon Rees Scully Mansukhani,  LLP, 275 Battery Street, Suite 2000, San Francisco, CA 94111.

On February 14, 2018 I served the document listed below:

**NONPARTY MARKMONITOR, INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA TO PRODUCE DOCUMENTS BY DEFENDANTS COX COMMUNICATIONS, INC. AND COXCOM LLC**

by placing the document listed above in sealed envelopes with postage thereon fully prepaid, in United States mail in the State of California at San Francisco, addressed as set forth below.

| **Counsel for Plaintiffs** | **Counsel for Defendants Cox Communications, Inc. and CoxCom LLC** |
|---|---|
| Matthew J. Oppenheim | Thomas M. Buchanan |
| Scott A. Zebrak | WINSTON & STRAWN LLP |
| Jeff Gould | 1700 K Street, NW |
| OPPENHEIM + ZEBRAK, LLP | Washington, DC  20006 |
| 5225 Wisconsin Avenue, NW, Ste. 503 | Tel:  202-282-5000 |
| Washington, DDC  20015 | |

CERTIFICATE OF SERVICE OF MARKMONITOR'S OBJECTIONS          Case No. 18-00950-LO-JFA
TO SUBPOENA BY COX DEFENDANTS

| | |
|---|---|
| Tel: 202-480-2999; Fax: 866-766-1678<br>Emails:  matt@oandzlaw.com;<br>scott@oandzlaw.com; jeff@oandzlaw.com | Email:  tbuchanan@winston.com |
| **Of Counsel for Defendants Cox**<br>**Communications, Inc. and CoxCom LLC**<br>Diana Hughes Leiden<br>WINSTON & STRAWN LLP<br>333 S. Grand Ave., Fl. 38<br>Los Angeles, CA  90071<br>Tel: (213) 615-1700; Fax: 213-615-1750<br>dhleiden@winston.com | **Of Counsel for Defendants Cox**<br>**Communications, Inc. and CoxCom LLC**<br>Michael S. Elkin<br>Thomas Patrick Lane<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY  10166<br>Tel: (212) 294-6700; Fax: 294-4700<br>Email:  melkin@winston.com<br>tlane@winston.com |
| **Of Counsel for Defendants Cox**<br>**Communications, Inc. and CoxCom LLC**<br>Jennifer A. Golinveaux<br>WINSTON & STRAWN LLP<br>101 California St., 35th Fl.<br>San Francisco, CA  94111<br>Tel:  (415) 591-1000; Fax: 591-1400<br>Email:  jgolinveaux@winston.com | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service and FedEx on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on February 14, 2019, at San Francisco, California.

Dyanne Hammerquist

CERTIFICATE OF SERVICE OF MARKMONITOR'S OBJECTIONS
TO SUBPOENA BY COX DEFENDANTS

Case No. 18-00950-LO-JFA

PG1300/43392317v.1

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111