# Exhibit H

ORIGINAL

1  Jennifer A. Golinveaux (SBN: 203056)
   JGolinveaux@winston.com
2  WINSTON & STRAWN LLP
   101 California Street, 35th Floor
3  San Francisco, CA 94111-5840
   Telephone: (415) 591-1000
4  Facsimile: (415) 591-1400

5  Diana Hughes Leiden (SBN: 267606)
   DHLeiden@winston.com
6  WINSTON & STRAWN LLP
   333 S. Grand Ave., 38th Fl.
7  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
8  Facsimile: (213) 615-1750

9  Attorney for Movants
   COX COMMUNICATIONS, INC.
10 and COXCOM, LLC

FILED

FEB 22 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12                 **SAN FRANCISCO DIVISION**

13  COX COMMUNICATIONS, INC. and       )
    COXCOM, LLC,                        )  Case No. CV 19-80-MISC 0050 MISC
14                                      )
        Movants,                        )
15                                      )  **Declaration of Dr. Nick Feamster in**
        v.                              )  **Support of Cox's Motion to Compel**
16                                      )  **MarkMonitor's Compliance with**
    MARKMONITOR, INC.                   )  **Subpoena *Duces Tecum***
17                                      )
        Respondent.                     )
18

19

20

21

22

23

24

25

26

27

28

---
1
**DECLARATION OF DR. NICK FEAMSTER**

# DECLARATION OF DR. NICK FEAMSTER

I, Dr. Nick Feamster, hereby declare:

    1.    I am a professor in the Computer Science department at Princeton University. I have personal knowledge of the facts stated in this Declaration, and if called as a witness, could testify competently to the matters contained herein.

    2.    I have an undergraduate degree in Electrical Engineering and Computer Science, and a Masters and Ph.D. in Computer Science, all from MIT. A copy of my current CV is attached hereto as **Exhibit 1**.

    3.    I have been retained by Cox Communications, Inc. and CoxCom, LLC ("Cox") in *Sony Music Entm't, et al. v. Cox Commc'ns, Inc., et al.* as a testifying technical expert to opine on, among other things, the functionality and reliability of the MarkMonitor system, which I understand was used to detect and generate notices relating to alleged BitTorrent downloads by Cox's internet subscribers of works that the plaintiffs claim.

    4.    In order to adequately conduct my analysis, I must review each version of the MarkMonitor system that was in use during the relevant time period and the revision history of the MarkMonitor system, including all versions of related source code.

    5.    While MarkMonitor's technical and design documentation and assessments of MarkMonitor's system will also be helpful to my analysis, they are not sufficient, for several reasons. First, technical specifications often do not correspond directly to the implementation of the system in source code. Sometimes, not all of the features described in a technical specification are implemented; in other cases, software engineers can change the functionality of the software without updating the technical documentation.

    6.    Even in the best-case scenario, source code and technical documentation are rarely in sync. If the technical documentation serves as a specification of a design document, there may be features described in the documentation that were not implemented at the time the document was written. Conversely, if the technical documentation was written according to a snapshot of the system implementation at a particular time and subsequently not updated, features may exist in the source code that are not reflected in the technical documentation at that time.

7. The only way to review and analyze the functionality of MarkMonitor's system at each relevant point in time is to access the actual system and the source code, which is version-controlled and time-stamped. I understand that the plaintiffs assert claims for alleged infringements occurring in 2013 and 2014, and therefore it is critical to understand exactly how the code was operating during this period. The technical documentation is likely not only to be an imprecise description of the functioning of the software, but there is a significant possibility that, given the evolving nature of software, it may not accurately or precisely reflect the functioning of the software during the period relevant to the case.

8. I understand that opening expert reports in this case are due on April 10, 2019. Therefore, it is imperative that I review MarkMonitor's materials, system, revision history, and source code as soon as possible in order to have sufficient time to prepare my analysis.

9. I am willing to travel to MarkMonitor's offices in San Francisco in order to review MarkMonitor's system and source code. I have signed the "Exhibit A" to the Stipulated Protective Order provided to me by attorneys at Winston & Strawn LLP (a copy of which is attached hereto as **Exhibit 2**), and I agree to abide by all of the requirements set forth therein, including those relating to the protection of source code.

///
///
///
///
///
///
///
///
///
///
///
///

1         I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3

4         Executed this __21__ day of February, 2019 in ___Princeton___, ___New Jersey___.

5

6                                               Dr. Nick Feamster

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DR. NICK FEAMSTER**

**CERTIFICATE OF SERVICE**

I hereby certify that I have made service of the foregoing DECLARATION OF DR. NICK FEAMSTER by U.S. Mail and e-mail on February 22, 2019, addressed to:

Andrew D. Castricone
acastricone@grsm.com
GORDON & REES
275 Battery Street, Suite 2000
San Francisco, California
*Counsel for Respondent MarkMonitor, Inc.*

Jeffrey M Gould
jeff@oandzlaw.com
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, D.C. 20016
*Counsel for Plaintiffs in the Sony Litigation*

Diana Hughes Leiden
*Counsel for Cox Communications, Inc. and CoxCom, LLC*