UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>COX COMMUNICATIONS, INC., *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-00950-LO-JFA |

### DECLARATION OF JEFFREY M. GOULD
### IN SUPPORT OF PLAINTIFFS' OPPOSITION TO COX'S MOTION
### FOR RELIEF FROM THE JUDGMENT UNDER RULE 60(B)(3)
### AND REQUEST FOR INDICATIVE RULING UNDER RULE 62.1

I, Jeffrey M. Gould, hereby declare pursuant to 28 U.S.C. § 1746 that the following statements are true and correct to the best of my personal knowledge and belief:

1. I am a partner at Oppenheim + Zebrak, LLP, and I am admitted to practice law in the District of Columbia, among other jurisdictions. I am counsel for Plaintiffs in the above-captioned case.

2. I submit this declaration in support of Plaintiffs' Opposition to Cox's Motion for Relief from the Judgment Under Rule 60(b)(3) and Request for Indicative Ruling Under Rule 62.1.

3. Attached are true and correct copies of the following exhibits:

| Plaintiffs' Exhibit | Description |
|---|---|
| 1 | Transcript of January 25, 2019 hearing on Cox's motions to compel in this case, filed at ECF 93 |

| 2 | Excerpts of the trial transcript in this case, filed at ECF 627–630, 637–642, 649–650, 653–660, 672–675 |
|---|---|
| 3 | A February 22, 2019 email from J. Gould to Cox's counsel |
| 4 | Excerpts of the June 10, 2019 Rule 30(b)(6) Deposition of the Recording Industry Association of America |
| 5 | An excerpt of Cox's Aug. 29, 2019 Corrected Trial Exhibit List in this case, filed at ECF 278-1, identifying DX 85 as a document Bates numbered MM120 – MM125 |

4.     During discovery, Cox received at least the following materials from the Notice Program.  For file verification, records were extracted from MarkMonitor's internal database of confirmed infringing files and produced to Cox in a spreadsheet referred to as the "MarkMonitor Spreadsheet" (PX 11).  Those records include, among other things, the hash value for confirmed infringing files and Audible Magic's identification of the artist, album, and track for those copyrighted works.  For infringement verification, Cox received copies of evidence packages available from MarkMonitor's File Database that contained, among other things, the steps of MarkMonitor's investigation, MarkMonitor's communications with infringing Cox subscribers, the list of files shared, and the trace route mapping the flow of connections between MarkMonitor and the infringing Cox subscriber (PX 33).  Cox received further raw data from MarkMonitor's database as to the infringement detections, including as to hundreds of thousands of notices generated as the output of MarkMonitor's process (PX 13, 14, 17).  Cox also received copies of the 2011 MSA, as well as the SOWs for the Notice Program.

5.     On March 26, 2019, Cox's counsel provided to Plaintiffs copies of documents that it had received from MarkMonitor in response to a document subpoena.  MarkMonitor's

production consisted of 33 documents, comprising a total of 240 pages. The 2016 SOW was included in the production and designated with Bates numbers MM131 – MM133. The 2016 SOW is attached to Cox's motion as Exhibit 16.

6. Extensive fact and expert depositions occurred between April 5 and July 2, 2019. Cox deposed two MarkMonitor Rule 30(b)(6) witnesses. Cox also took Rule 30(b)(6) depositions of the RIAA, Audible Magic, and all Plaintiffs. Cox deposed multiple other third parties, as well as all of Plaintiffs' experts. In total, Cox deposed 28 witnesses—all of which took place after the production of the Notice Program SOWs, the Hard Drive with 2016 metadata, and the 2016 SOW—and, to the best of my understanding, memory and review of the depositions, Cox never asked a single witness a single question about the Hard Drive files or the 2016 SOW.

7. RIAA and MarkMonitor produced copies of agreements between RIAA and MarkMonitor concerning P2P monitoring and detection in response to Rule 45 subpoenas from Cox.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed in Silver Spring, MD, this 9th day of February, 2022.

*Jeffrey M. Gould*

Jeffrey M. Gould