# Exhibit 4

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 1

```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF VIRGINIA

- - - - - - - - - - - - - - -+
                              |
SONY MUSIC ENTERTAINMENT,     |
et al,                        |
                              |
         Plaintiffs,          |  Case Number:
                              |
  vs.                         |  1:18-cv-00950-LO-JFA
                              |
COX COMMUNICATIONS, INC.      |
AND COXCOM, LLC,              |
                              |
         Defendants.          |
                              |
- - - - - - - - - - - - - - -+


  HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER
                  Rule 30(b)(6)
              Videotaped Deposition of
    THE RECORDING INDUSTRY ASSOCIATION OF AMERICA
     by and through its designated representative
                 STEVEN MARKS, ESQ.
                 in Washington, D.C.
               on Monday, June 10, 2019
                    10:47 a.m.


  Job No. 3404443
  Reported by:  Laurie Donovan, RPR, CRR, CLR
```

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 2

1  **HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
2                    Rule 30(b)(6)
3                Videotaped Deposition of
4     THE RECORDING INDUSTRY ASSOCIATION OF AMERICA
5     by and through its designated representative
6                  STEVEN MARKS, ESQ.
7
8  Held at the offices of:
9            Winston & Strawn, LLP
10           1700 K Street, NW
11           Washington, D.C. 20006
12           (202)282-5000
13
14
15
16
17
18
19           Taken pursuant to notice, before
20     Laurie Donovan, Registered Professional
21     Reporter, Certified Realtime Reporter, and
22     notary public for the District of Columbia.
23
24
25

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 3

1         A P P E A R A N C E S
2  ON BEHALF OF THE PLAINTIFFS:
3         Oppenheim & Zebrak, LLP
4         4530 Wisconsin Avenue, NW
5         Suite 503
6         Washington, D.C. 20016
7         (202)480-2999
8         By:  Jeffrey M. Gould, Esq.
9              jeff@oandzlaw.com
10 ON BEHALF OF THE DEFENDANTS:
11        Winston & Strawn, LLP
12        200 Park Avenue
13        New York, New York 10166
14        (212)294-6729
15        By:  Michael S. Elkin, Esq.
16             melkin@winston.com
17             Diana Hughes Leiden, Esq.
18             dhleiden@winston.com
19 ALSO PRESENT:
20        Dan Reidy, Videographer
21        Kenneth L. Doroshow, in-house for RIAA
22
23
24
25

Page 4

1           EXAMINATION INDEX
2                                                              PAGE
3    EXAMINATION BY MR. ELKIN  . . . . . . . . . . . .   10
4    EXAMINATION BY MR. GOULD  . . . . . . . . . . . .  230
5
6
7
8
9
10              E X H I B I T S
11    EXHIBIT     DESCRIPTION                               PAGE
12    Exhibit 1   First Amended Complaint and
13                Jury Demand . . . . . . . . . . . .   37
14    Exhibit 2   Email from antipiracy2@RIAA to
15                saves@outpost.dtecnet.com, dated
16                January 24, 2012 . . . . . . . . .   58
17    Exhibit 3   Email chain, Bates number
18                RIAA-00127815 . . . . . . . . . . .   75
19    Exhibit 4   Email chain, Bates number
20                COX-SONY-00510850 . . . . . . . . .   87
21    Exhibit 5   Email chain, Bates number
22                COX-SONY-00519017 . . . . . . . . .   93
23    Exhibit 6   Email chain, Bates number
24                COX-SONY-00519137 . . . . . . . . .  113
25

1  (Exhibits continued)

2  EXHIBIT        DESCRIPTION                                    PAGE

3  Exhibit 7     PowerPoint presentation entitled
4                "RIAA Education," Bates number
5                COX-SONY-00519178 . . . . . . . .   114

6  Exhibit 8     Memorandum of Understanding,
7                Bates PLAINTIFFS-00286200 . . . .   129

8  Exhibit 9     Implementation Agreement between
9                RIAA and AT&T, Bates number
10               PLAINTIFFS-00286282 . . . . . . .   190

11 Exhibit 10    Stroz Friedberg Initial AT&T
12               Report, Bates number
13               STROZMARKMONITOR-0000224 . . . .    194

14 Exhibit 11    Implementation Agreement between
15               RIAA and Comcast, Bates number
16               PLAINTIFFS-00286311 . . . . . . .   197

17 Exhibit 12    Stroz Friedberg Initial Comcast
18               Report, Bates number
19               STROZMARKMONITOR-0000175 . . . .    199

20 Exhibit 13    Implementation Agreement between
21               RIAA and Cablevision, Bates number
22               PLAINTIFFS-00286344 . . . . . . .   205

23

24

25

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 6

1   (Exhibits continued)

2   EXHIBIT        DESCRIPTION                                PAGE

3   Exhibit 14    Stroz Friedberg Initial
4                 Cablevision Report, Bates number
5                 STROZMARKMONITOR-0000287  . . . .   207

6   Exhibit 15    Implementation Agreement between
7                 RIAA and Time Warner Cable, Bates
8                 PLAINTIFFS-00286374 . . . . . . .   209

9   Exhibit 16    Stroz Friedberg Initial
10                Time Warner Cable Report, Bates
11                STROZMARKMONITOR-0000200  . . . .   212

12  Exhibit 17    Implementation Agreement between
13                RIAA and Verizon, Bates number
14                PLAINTIFFS-00286403 . . . . . . .   214

15  Exhibit 18    Stroz Friedberg Initial Verizon
16                Report, Bates number
17                STROZMARKMONITOR-0000264  . . . .   216

18  Exhibit 19    Agreement between DtecNet and
19                RIAA for provision of services
20                related to monitoring and
21                identification of infringement on
22                peer-to-peer and other online
23                sites and platforms, Bates
24                RIAA-00000003 . . . . . . . . . .   219

25

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 7

(Exhibits continued)

| EXHIBIT | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit 20 | Statement of Work detailing work to be done by DtecNet for RIAA, Bates number RIAA-00000017 . . . | 221 |
| Exhibit 21 | Statement of Work detailing work to be done by MarkMonitor for RIAA, Bates RIAA-00000030 . . . . | 222 |
| Exhibit 22 | Statement of Work detailing work to be done by MarkMonitor for RIAA, Bates RIAA-00000045 . . . . | 223 |
| Exhibit 23 | Statement of Work detailing work to be done by DtecNet for RIAA, Bates number MM000120 . . . . . . | 227 |

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 8

1           P R O C E E D I N G S
2                 THE VIDEOGRAPHER:  Good morning.
3       We are going on the record at 10:47 a.m. on
4       Monday, June 10, 2019.  Please note that the
5       microphones are sensitive and may pick up
6       whispering, private conversations, and
7       cellular interference.  Please turn off all
8       cell phones or place them away from the
9       microphones, as they can interfere with the
10      deposition audio.  Audio and video recording
11      will continue to take place unless all
12      parties agree to go off the record.
13                This is media unit 1 of the
14      video-recorded deposition of Steven Marks
15      taken by counsel for the defendant in the
16      matter of SonyMusic Entertainment, et al,
17      versus Cox Communications, Inc. and Coxcom,
18      LLC.  This case is filed in the United States
19      District Court for the Eastern District of
20      Virginia, case number 1:18-CV-00950-LO-JFA.
21                This deposition is being held at
22      the law offices of Winston & Strawn LLP
23      located at 1700 K Street, Northwest,
24      Washington, D.C., 20006.
25                My name is Dan Reidy from the firm

1    Veritext Legal Solutions, and I'm the
2    videographer.  The court reporter is Laurie
3    Donovan from the firm Veritext Legal
4    Solutions.  I'm not authorized to administer
5    an oath, I'm not related to any party in this
6    action, nor am I financially interested in
7    the outcome.
8             Counsel and all present in the room
9    and everyone attending remotely will now
10   state their appearances and affiliations for
11   the record.  If there are any objections to
12   proceeding, please state them at the time of
13   your appearance, beginning with the noticing
14   attorney.
15            MR. ELKIN:  Good morning.  Michael
16   Elkin and Diana Leiden from Winston & Strawn,
17   I believe Tom Lane may be either on the line
18   or via LiveNote.  We represent Cox.
19            MR. GOULD:  I'm jeff Gould from
20   Oppenheim & Zebrak on behalf of the RIAA and
21   the witness, Steve Marks, and with me is Ken
22   Doroshow from the RIAA.
23            THE VIDEOGRAPHER:  Would the court
24   reporter please swear in the witness.
25            (Witness duly sworn.)

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 10

1                        * * * * *
2                   STEVEN MARKS, ESQ.,
3         having been first duly sworn, testified
4         upon his oath as follows:
5         EXAMINATION BY COUNSEL FOR DEFENDANT COX
6    BY MR. ELKIN:
7         Q    Good morning, Mr. Marks.
8         A    Good morning.
9         Q    Thank you for appearing.
10        A    A pleasure.
11        Q    Who is Victoria Sheckler?
12        A    She is deputy general counsel at the
13   Recording Industry Association of America.
14        Q    And how long has she been working at the
15   Recording Industry Association of America?  I'm
16   going to refer to that as "RIAA" if that's okay
17   with you.
18        A    Sure.
19             She has been there a little more than a
20   decade, I think.
21        Q    And do you know what her duties and
22   responsibilities are?
23        A    Yes.
24        Q    What are they?
25        A    She handles a variety of legal issues in

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 227

1    to the, to the extent that there were discussions,
2    which I wasn't involved in and don't know, so I
3    can't, you know, detail, wouldn't want to
4    speculate about it.
5        Q    If they were privileged, do you have
6    reason to believe it would be on a privilege log?
7              MR. GOULD:  Object to this line of
8        questioning as outside the scope and an
9        incomplete hypothetical.
10             If the question is did RIAA
11       communicate with the record companies about
12       that, you could answer that question if you
13       know.  If the answer is what was the nature
14       of those types of communications, and it
15       implicates a privilege issue, then I caution
16       you to be careful in not disclosing that.
17             THE WITNESS:  So I, I wasn't party
18       to the discussions.  Mr. Buckles would have
19       handled that, you know, with the companies,
20       if he had them.  I just wasn't involved in
21       them, so I can't say specifically.
22             (Exhibit 23 was marked for
23             identification.)
24   BY MR. ELKIN:
25       Q    Mr. Marks, the court reporter has handed

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 228

1   to you a document marked for identification as
2   Marks Exhibit 23.
3           Is this a document between the RIAA --
4   an agreement between RIAA and DtecNet, dated
5   December 20, 2011 [sic]?
6       A   February 15, 2012.
7       Q   2012.  Apologies.  Let me, let me start
8   over.
9           Is this an agreement between RIAA and
10  DtecNet dated February 15, 2012?
11      A   Yes.
12      Q   And I call to your attention page 5 of
13  the exhibit.
14          Is that Mr. Buckles' signature?
15      A   Yes.
16      Q   And was he authorized to sign this on
17  behalf of RIAA?
18      A   Yes, he would have been.
19      Q   Are you -- you can put that down unless
20  you want to refer to it.  I'm happy to take more
21  testimony on it if you want to provide it.
22          Are you aware of the process by which
23  the RIAA searched for and produced documents in
24  response to these requests, the requests that we
25  propounded?

HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER

Page 229

1   A   Yes, generally.
2   Q   What was the process, excluding any
3   attorney/client privileged content?
4   A   There was pulled email logs and
5   documents associated with the emails from a number
6   of different people at RIAA that were involved in
7   the issues that we're discussing.
8   Q   Did you search by custodian?
9   A   Yes, the individual email logs that
10  were . . .
11  Q   Do you remember the search terms?
12  A   I don't remember them.
13  Q   Who, who would know them?
14  A   Our counsel would know them.
15  Q   Do you know how much time was spent by
16  the RIAA searching for and collecting the
17  documents responsive to the document request?
18  A   I don't know exactly.
19  Q   Are you aware of the RIAA's document
20  retention policy for employee emails?
21  A   Yes.
22  Q   What is it?
23  A   There should be everything there.
24              MR. ELKIN:  Okay.  Let's go off the
25      record.