UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

### PLAINTIFFS' MOTION FOR SEALING

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under seal limited portions of their Memorandum In Opposition To Cox's Motion For Relief From The Judgment Under Rule 60(B)(3) and Request For Indicative Ruling Under Rule 62.1.  The sealed information contains information designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order.  (ECF No. 58).

Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D).  Thereafter, the Court will determine whether the sealing is proper.

Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

    (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

    (2) consider less drastic alternatives to sealing the documents, and

    (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). Each procedural requirement has been met here by Plaintiffs' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*. In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled for March 18, 2022, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by redacting certain limited portions of their brief rather than the entire filing.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard. Plaintiffs provide the bases that warrant sealing portions of their memorandum:

The sealed portions are quotations or descriptions of materials from Exhibits 4 and 16 to Cox's Motion, that are currently subject to sealing order by this Court at ECF 607 (Ex. 4) and ECF 745 (Exs. 4 and 16). The sealed materials contain commercially sensitive business information of Plaintiffs' agent, Recording Industry Association of America ("RIAA"), and Plaintiffs' antipiracy vendor, MarkMonitor. Disclosure of this information would cause competitive harm to Plaintiffs, RIAA, and MarkMonitor through the disclosure of the manner and details of MarkMonitor's retention. For these and all the reasons this material was previously ordered sealed, this confidential and highly confidential information should remain sealed

For the reasons above, Plaintiffs respectfully request that the portions of Plaintiffs brief at issue be sealed.

Respectfully submitted,

Dated February 9, 2022

/s/ Scott. A Zebrak
Scott A. Zebrak (38729)
Matthew J. Oppenheim (*pro hac vice*)
Jeffrey M. Gould (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel:  202-480-2999
scott@oandzlaw.com
matt@oandzlaw.com
jeff@oandzlaw.com

*Attorneys for Plaintiffs*