# Exhibit 5

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANTS COX, INC. AND COXCOM, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION**

**PROPOUNDING PARTY:**     Defendants Cox Communications, Inc. and CoxCom, LLC

**RESPONDING PARTY:**     Plaintiffs

**SET NUMBER**:     One (Nos. 1-175)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Eastern District of Virginia's Local Rules, Plaintiffs Sony Music Entertainment, Arista Music, Arista Records LLC, LaFace Records LLC, Provident Label Group, LLC, Sony Music Entertainment US Latin, Volcano Entertainment III, LLC, Zomba Recordings LLC, Sony/ATV Music Publishing LLC, EMI Al Gallico Music Corp., EMI Algee Music Corp., EMI April Music Inc., EMI Blackwood Music Inc., Colgems-EMI Music Inc., EMI Consortium Music Publishing Inc. d/b/a EMI Full Keel Music, EMI Consortium Songs, Inc., individually and d/b/a EMI Longitude Music, EMI Feist Catalog Inc., EMI Miller Catalog Inc., EMI Mills Music, Inc., EMI Unart Catalog Inc., EMI U Catalog Inc., Jobete Music Co. Inc., Stone Agate Music, Screen Gems-EMI Music Inc., Stone Diamond Music Corp., Atlantic Recording Corporation, Bad Boy Records LLC, Elektra Entertainment Group Inc., Fueled By Ramen LLC, Nonesuch Records Inc.,

1

request imposes no obligation on Plaintiffs to produce a log of responsive documents withheld on the basis of privilege or other protection or immunity.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 147:**

All documents concerning any computer code, computer program, software, hardware, system, process, or device through which copyright infringement was monitored and/or detected and related copyright infringement notices were prepared and sent by You or on Your behalf to Cox for the Copyright Works.

**OBJECTIONS:**

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs also object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents," irrespective of time period, concerning broad subject matter, including hardware and software systems, computer code, and any "process" or "device." The request encompasses vast amounts of information not remotely related to this action including, for example, operating manuals and sales receipts for every computer that was used to monitor or detect infringement.

The burden and/or expense of the proposed discovery far outweighs any possible benefit or relevance.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 148:**

All documents concerning any computer code, computer program, software, hardware, system, process, or device utilized to monitor or detect copyright infringement through BitTorrent or peer-to-peer file sharing sites that resulted in the copyright infringement notices upon which You are relying in this litigation.

**OBJECTIONS:**

Plaintiffs object to this request to the extent it seeks documents not in Plaintiffs' possession, custody, or control.

Plaintiffs also object to this request as vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case in that it seeks "all documents," irrespective of time period, concerning broad subject matter, including hardware and software systems, computer code, and any "process" or "device." The request encompasses vast amounts of information not remotely related to this action including, for example, operating manuals and sales receipts for every computer that was used to monitor or detect infringement.

The burden and/or expense of the proposed discovery far outweighs any possible benefit or relevance.

In addition, Plaintiffs object to this request because it is unreasonably cumulative and duplicative of Request No. 147.

**RESPONSE:**

Pursuant to the foregoing objections, Plaintiffs respond that they will not produce documents responsive only to this request.

**REQUEST NO. 149:**

All documents constituting, comprising, or evidencing Your policies for document management, preservation, storage, indexing, and disposal.

**OBJECTIONS:**

Plaintiffs object to this request as premature because it seeks to obtain expert opinions or communications prior to the period for expert discovery. Plaintiffs also object to this request to the extent it seeks to impose duties or obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Eastern District of Virginia.

Additionally, Plaintiffs object to this request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or joint defense or common-interest privilege, as trial preparation materials, or under other privilege or immunity recognized by law.

**RESPONSE:**

Subject to the foregoing objections, Plaintiffs will produce responsive, non-privileged documents consistent with their obligations relating to expert discovery under the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia.

| | |
|---|---|
| Dated: December 19, 2018 | */s/ Jeffrey M. Gould* |
| | Scott A. Zebrak (38729) |
| | Matthew J. Oppenheim (*pro hac vice*) |
| | Jeffrey M. Gould (*pro hac vice*) |
| | OPPENHEIM + ZEBRAK, LLP |
| | 4530 Wisconsin Avenue, NW, 5th floor |
| | Washington, DC 20016 |
| | Tel: 202-480-2999 |
| | scott@oandzlaw.com |
| | matt@oandzlaw.com |
| | jeff@oandzlaw.com |
| | |
| | *Attorneys for Plaintiffs* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December I caused a true and correct copy of the foregoing document to be served via email on counsel of record as follows:

Jennifer A. Golinveaux
WINSTON & STRAWN LLP
Email: jgolinveaux@winston.com

Dated: December 19, 2018   */s/ Jeffrey M. Gould*