# Exhibit 6

Case 1:Case-0095-FT12GFADDacument 257 2Filed Ford 05/207023 in TXSD Page 1 of 2 PageID # 34383

United States District Court
Southern District of Texas
FILED

MAY 20 1998

Michael N. Milby, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAY 21 1998

MICHAEL N. MILBY

| | |
|---|---|
| MMAR GROUP, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-95-1262 |
| § | |
| DOW JONES & COMPANY, INC. and § | |
| LAURA JERESKI, § | |
| § | |
| Defendants. § | |

O R D E R

The Court declines the request of Dow Jones & Co., Inc. and Laura Jereski for an ex parte presentation of Defendants' Motion for Discovery Regarding Rule 60(b) Motion and for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction Preserving Evidence. It is

ORDERED that consideration of this matter is set for conference on May 22, 1998, at 2:00 p.m., in chambers, providing that Plaintiff's counsel shall have been promptly served this day with a copy of the motion. It is expected that counsel for both sides will respect the status quo until the Court has the opportunity to confer with counsel for both sides on May 22.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas, this 20th day of May, 1998.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

258

ClibPDF - www.fastio.com

Case 1:13ase-00950-FOI2GFAD Document 2507 2Filed Ferd 0527/7823 in TxSD 8 Page 3 of 8# 34384

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
FILED
5/27/98
MICHAEL N. MILBY, CLERK
BY DEPUTY Beverly White

HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED
MAY 27 1998
Michael N. Milby, Clerk

MMAR GROUP, INC.,

Plaintiff,

**Sealed**
Public and unofficial staff access to this instrument are prohibited by court order.

C. A. NO. 95-1262

v.

DOW JONES & CO., INC., and LAURA JERESKI,

Defendants.

JURY TRIAL DEMANDED

# ORDER

The Court, having held a conference concerning (i) DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT AND ORDER AND FOR NEW TRIAL PURSUANT TO RULE 60(b) ("Motion No. 1"); (ii) DEFENDANTS' MOTION FOR DISCOVERY REGARDING RULE 60(b) MOTION AND FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION PRESERVING EVIDENCE ("Motion No. 2"); and (iii) DEFENDANTS' MOTION FOR COURT ORDER COMMANDING PRODUCTION OF AUDIOTAPES TO COURT ("Motion No. 3"), ORDERS as follows:

1. Defendants may serve a subpoena on William R. Fincher ("Fincher") that requires Fincher to deliver any or all of the following (the "Subpoenaed Materials") to Tom A. Cunningham, 1000 Louisiana, Suite 6900, Houston, Texas 77002 (telephone: (713) 659-5522) (facsimile: (713) 659-4466) (the "Special Master") on or before 5:00 p.m. on May 28, 1998:

260



a. all audiotapes and copies thereof in Fincher's possession or subject to his control that were copied at any time from MMAR Group, Inc.'s audio-recording system and all transcripts, or copies thereof, of said audiotapes (the "MMAR Materials"), subject to Fincher's right to assert any objections pursuant to FED. R. CIV. P. 45(c).

2. Plaintiff may serve a subpoena on William R. Fincher that requires Fincher to deliver any or all of the following (the "Subpoenaed Materials") to Tom A. Cunningham, the Special Master, at 1000 Louisiana, Suite 6900, Houston, Texas 77002 on or before 5:00 p.m. on May 28, 1998:

   a. all audiotapes and copies thereof and a copy of all documents in Fincher's possession or subject to his control that evidence any communications between Fincher, his agents, representatives, or attorneys, and Defendants, their officers, agents, representatives, or attorneys from November 7, 1997, through the present (the "Non-MMAR Materials"), subject to Fincher's right to assert any objections pursuant to FED. R. CIV. P. 45(c).

3. The Special Master shall have a copy of the MMAR Materials expeditiously made and delivered to Plaintiff's counsel.

   a. Plaintiff's counsel shall deliver a list to the Special Master and Defendants' counsel within seven days after their receipt of a copy of the MMAR Materials that designates each item as "Non-Objected to MMAR Materials" or "Objected to MMAR Materials."

   b. As to each item designated as "Objected to MMAR Materials," Plaintiff shall designate the objection or objections in writing that Plaintiff asserts. The Special Master shall not deliver a copy of the "Objected to MMAR Materials" to Defendants without further order of this Court.

   c. As to each item designated as "Non-Objected to MMAR Materials," the Special Master shall expeditiously copy those materials and deliver the copy to Defendants' counsel.

4. The Special Master shall have two copies of the Non-MMAR Materials expeditiously made and shall deliver one copy to Plaintiff's counsel and one copy to Defendants' counsel.

5. Defendants shall serve a subpoena on Fincher that requires Fincher to appear for his oral deposition at 9:00 a.m. within ten days after Defendants' receipt of the Non-Objected to MMAR Materials at a place that Defendants select in Harris County, Texas:

   a. Defendants shall have three hours to question Fincher and Plaintiff shall have three hours to question Fincher at Fincher's oral deposition; and

   b. the parties shall limit their questioning of Fincher to matters reasonably related to the Subpoenaed Materials, Fincher's communications with Defendants, if any, from November 7, 1997, through the present, and the issues raised in Motion No. 1.

6. Defendants shall take the oral deposition of Cory J. Miner ("Miner") starting at 9:00 a.m. on the day after Fincher's oral deposition at the offices of Morris & Campbell, 600 Jefferson, Suite 1617, Houston, Texas 77002 (or such other time and place as agreed upon in writing by counsel for the parties):

   a. Defendants shall have three hours to question Miner at his oral deposition; and

   b. Defendants shall limit their questioning of Miner to the Subpoenaed Materials and the issues raised in Motion No. 1.

7. Defendants shall deliver to Plaintiff's counsel on or before June 1, 1998, a copy of any documents or audiotapes in Defendants' possession or subject to their control that evidence any communications between Fincher, his agents, representatives, or attorneys, and Defendants, their officers, agents, representatives, or attorneys, from November 7, 1997, through the present, subject to Defendants' entitlement to assert any applicable privilege.

8. Plaintiff shall deliver to Defendants' counsel on or before June 1, 1998, a copy of any documents or audiotapes in Plaintiff's possession or subject to its control that evidence any communications between Fincher, his agents, representatives, or attorneys, and Plaintiff, its officers, agents, representatives, or attorneys, from

November 7, 1997, through the present that relate to (i) the above-captioned lawsuit; (ii) MMAR's audio-recording system; or (iii) any audiotapes recorded from MMAR's audio-recording system, subject to Plaintiff's entitlement to assert any applicable privilege.

9. Defendants shall amend Motion No. 1 (the "Amended Motion"), within twelve days after the completion of Court-authorized discovery, to include any information (the "Information") derived from the Subpoenaed Materials or the oral depositions that Defendants then contend entitle Defendants to a new trial and state the reasons, with supporting law, that Defendants contend that the Information, or circumstances surrounding the Information, entitles Defendants to a new trial or other relief.

10. Plaintiffs shall file a response (the "Response") to the Amended Motion on or before twelve days after the filing of the Amended Motion.

11. Defendants may file a reply to the Response within five days after the filing of the Response.

12. Any motions, pleadings, or other documents filed in this case that relate to Motion No. 1, Motion No. 2, or Motion No. 3 shall be filed under seal and appropriately labeled "Filed Under Seal Pursuant to the Court's Order dated May 27, 1998."

13. Each party shall pay the Special Master for any copies that the Special Master delivers to said party; the Special Master shall be paid in accordance with further order of this court; and any fees or expenses paid to the Special Master shall be considered taxable costs.

14. The Clerk will enter this Order and send copies to all parties of record and the Special Master.

SIGNED at Houston, Texas, this 27th day of May, 1998.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

- 5 -

**APPROVED AS TO FORM:**

*/s/ Kenneth M. Morris*

Kenneth M. Morris
Texas Bar No. 14491500
600 Jefferson, Suite 1617
Houston, TX 77002
Telephone: (713) 659-8697
Facsimile: (813) 659-3020

Attorney for Plaintiff

    and

*/s/ Rusty Hardin*

Rusty Hardin
Texas Bar No. 08972800
1201 Louisiana, Suite 3300
Houston, TX 77002
Telephone: (713) 652-9000
Facsimile: (713) 652-9800

Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SEP 03 1998

Michael N. Milby, Clerk

MMAR GROUP, INC., )
)
      Plaintiff, )
)
vs. ) CIVIL ACTION NO. 95-1262
)
DOW JONES & CO., INC. and ) **JURY TRIAL DEMANDED**
LAURA JERESKI, )
)
      Defendants. )

# ORDER

The Court has before it the agreed motion with regard to a master reel in the hands of the Federal Bureau of Investigation and, in response to the motion, hereby orders that:

Defendants are authorized to issue a subpoena to the Federal Bureau of Investigation for the master reel provided by William R. Fincher to Ray Oglesby with direction that the master reel be delivered to the Special Master, Tom Cunningham.

The Special Master is authorized to employ experts to analyze the master reel and to resolve any discovery issues related to the master reel.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED 3d day of Sept, 1998.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE