UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

SONY MUSIC ENTERTAINMENT, *et al.*,

    Plaintiffs,

v.

COX COMMUNICATIONS, INC., *et al.*,

    Defendants.

Case No. 1:18-cv-00950-LO-JFA

## **PLAINTIFFS' MOTION FOR SEALING**

    Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Plaintiffs move the Court to enter an order allowing Plaintiffs to file under seal two exhibits and limited portions of their Memorandum in Opposition to Cox's Motion for Relief from the Judgment Under Rules 60(B)(2) and 60(B)(3) and Request for Indicative Ruling Under Rule 62.1 (ECF No. 774). The sealed information contains information designated as "Highly Confidential—Attorneys' Eyes Only" or "Confidential" under the stipulated protective order. (ECF No. 58).

    Under the local rules, a party may file a motion to seal together with the sealed filings. E.D. VA. CIV. R. 5(D). Thereafter, the Court will determine whether the sealing is proper.

    Under current Fourth Circuit law, the district court must do the following prior to sealing any court records:

    (1) give public notice of the request to seal and allow interested parties a reasonable opportunity to object,

    (2) consider less drastic alternatives to sealing the documents, and

(3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000).  Each procedural requirement has been met here by Plaintiffs' sealing motion.

To satisfy the first requirement, the Court must provide notice of a request for sealing in the court record and provide interested persons with "an opportunity to object." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).  Individual notice is not required, and the Court may give adequate notice by "docketing [the sealing request] in advance of deciding the issue." *Id*.  In accordance with Local Civil Rule 5 procedure, this sealing motion was publicly docketed in advance of the hearing scheduled for March 18, 2022, satisfying the first requirement.

To meet the second requirement, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. To satisfy the second requirement, Plaintiffs used limited sealing measures, by redacting certain limited portions of their brief rather than the entire filing.

To meet the third requirement, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard.  Plaintiffs provide the bases that warrant sealing portions of their memorandum:

Exhibit 2 is the April 10, 2019 expert report of Dr. George McCabe, which has been designated Highly Confidential under the Protective Order, and is currently the subject of a sealing order in this case at ECF No. 517.

Exhibit 3 is an excerpt from the May 29, 2019 deposition of Dr. Nicholas Feamster, which has been designated Highly Confidential under the Protective Order, portions of which are currently subject to sealing orders issued in this case.  ECF Nos. 516, 758.

The sealed portions of Plaintiffs' opposition memorandum refer to, cite, or quote portions of Exhibits 2 and 3.

For the reasons above, Plaintiffs respectfully request that the portions of Plaintiffs brief at issue be sealed.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated February 16, 2022 | /s/ Scott. A Zebrak<br>Scott A. Zebrak (38729)<br>Matthew J. Oppenheim (*pro hac vice*)<br>Jeffrey M. Gould (*pro hac vice*)<br>OPPENHEIM + ZEBRAK, LLP<br>4530 Wisconsin Avenue, NW, 5th Floor<br>Washington, DC 20015<br>Tel:  202-480-2999<br>scott@oandzlaw.com<br>matt@oandzlaw.com<br>jeff@oandzlaw.com<br><br>*Attorneys for Plaintiffs* |