# Exhibit 34

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

```
---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
            Plaintiffs,          :
                                 :
     -vs-                        :    Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
            Defendants.          :
                                 :
---------------------------------:
```

HEARING ON MOTIONS

January 25, 2019

Before:  John F. Anderson, U.S. Mag. Judge

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, Jeffrey M. Gould, and Kerry M. Mustico, Counsel for the Plaintiffs

Thomas M. Buchanan, Jennifer A. Golinveaux, and Sean R. Anderson, Counsel for the Defendants

Norman B. Linnell  OCR-USDC/EDVA  (703)549-4626

Case 1:18-cv-00950-PTG-JFA   Document 739-4   Filed 03/02/23   Page 3 of 5 PageID# 34585
Case 1:18-cv-00950-LO-JFA   Document 93   Filed 02/01/19   Page 65 of 87 PageID# 2126

65

1 moving target. We would love to have a bilateral discussion
2 about search terms and ESI, Your Honor. We come back to that
3 over and over again.
4       Again, the requests that they issued here were
5 prolific and broad. We made an effort to describe categories
6 that -- of documents that we were going to produce, and that's
7 on page 24 of our opposition brief, Your Honor. We laid out
8 six, six categories.
9       We said that we would produce documents for the
10 period of 2012 to 2014, but we extended that period for one
11 category, and that was to the extent that the defendants wanted
12 documents about the reliability of the MarkMonitor system, that
13 we would not time restrict that.
14       To the extent that, obviously, that we can get access
15 to those old documents. But, yes, we -- so that's the time
16 frame that we've agreed to produce, Your Honor.
17       As you noted, I mean, many of these requests should
18 probably better be directed to MarkMonitor, who has their own
19 counsel, and I presume is responding to the subpoena that was
20 issued to them.
21       So -- but to be clear, Your Honor, kind of,
22 MarkMonitor, these requests seek a lot of things, a lot of
23 documents that have nothing to do with the MarkMonitor program
24 that was involved in sending notices to Cox.
25       So MarkMonitor has been involved in a variety of

66

1 different enforcement programs over the years for the
2 plaintiffs. And so, just searching kind of generically for
3 MarkMonitor documents pulls up a lot of -- a lot of documents
4 that are wholly irrelevant and, frankly, would reveal
5 anti-piracy efforts that would be highly confidential, Your
6 Honor.
7 So we have tried to -- to target what is appropriate
8 here. If the defendants want to have a bilateral ESI
9 discussion, I think that would be great. We ought to do that.
10 Maybe Your Honor would encourage that to happen. I don't -- I
11 am not in a position to do what Mr. Buchanan asks and have a
12 discussion through Your Honor of our ESI search terms here
13 today.
14 THE COURT: Well, why -- help me understand why you
15 limited the expansion of the results of your search to 2010
16 only having to do with the reliability issue.
17 Is that what you indicated? That otherwise you were
18 going from 2012 to 2014, but for documents relating to the
19 reliability of the way that MarkMonitor generated the notices
20 and sent the notices, you were going back to 2010. Is that
21 what you are saying?
22 MR. OPPENHEIM: So on the issue of -- I don't know
23 word to use other than reliability, but how effective the
24 MarkMonitor system was, we recognize that that's a generic,
25 overall, over-encompassing issue and agreed to produce that

Case 1:18-cv-00950-PTG-JFA   Document 739-4   Filed 03/02/23   Page 5 of 5 PageID# 24587
Case 1:18-cv-00950-LO-JFA   Document 93   Filed 02/01/19   Page 87 of 87 PageID# 2148

87

```
 1
 2            C E R T I F I C A T E  of  T R A N S C R I P T I O N
 3
 4
 5          I hereby certify that the foregoing is a true and
 6   accurate transcript that was typed by me from the recording
 7   provided by the court.  Any errors or omissions are due to the
 8   inability of the undersigned to hear or understand said
 9   recording.
10
11          Further, that I am neither counsel for, related to,
12   nor employed by any of the parties to the above-styled action,
13   and that I am not financially or otherwise interested in the
14   outcome of the above-styled action.
15
16
17
18
19
20                             /s/ Norman B. Linnell
21                             Norman B. Linnell
22                             Court Reporter - USDC/EDVA
23
24
25
```