# Exhibit 36

```
                                                              1

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division




---------------------------------:
                                 :
SONY MUSIC ENTERTAINMENT, et al.,:
              Plaintiffs,        :
                                 :
     -vs-                        :   Case No. 1:18-cv-950
                                 :
                                 :
COX COMMUNICATIONS, INC., et al.,:
              Defendants.        :
                                 :
---------------------------------:




                         HEARING ON MOTIONS

                         September 27, 2019

               Before:  John F. Anderson, U.S. Mag. Judge
```

APPEARANCES:

Matthew J. Oppenheim, Scott A. Zebrak, and Jeffrey M. Gould,
Counsel for the Plaintiffs

Thomas M. Buchanan, Michael L. Brody, and
Jennifer A. Golinveaux, Counsel for the Defendants

75

```
 1  analysis.
 2          So all I'm saying, Your Honor, is we can debate, you
 3  know, this evidence, but the idea that they could say, well, we
 4  decided to start collecting it in 2015, we didn't keep it
 5  before then, Audible Magic collected it, it's not relevant, you
 6  didn't ask them the right questions, I just -- I think that in
 7  this case, that it would have been very easy for them to retain
 8  that.
 9          And as I just read from the Statement of Work, I
10  mean, it talks about keeping evidence files, case files.
11  That's what their experts relied on, these case files, evidence
12  files to prove their case, which includes this, the '431
13  spreadsheet.  The '236, they didn't rely on, and neither did
14  they rely on the Audible Magic spreadsheet.
15          So that's our position, Your Honor.
16          THE COURT:  All right.  Thank you.
17          I don't need to hear any more.
18          You know, I have read these materials.  I've heard
19  fairly lengthy argument from counsel.  And, you know, it's an
20  interesting issue.  It's one that has, obviously, some real
21  significance in the matter.
22          And I think given the relief that is requested, that
23  is striking an exhibit that is as central to the expert's
24  testimony as both sides seem to agree that it is, that this
25  would fall into the 37(e)(2) category as opposed to the
```

76

1   37(e)(1) category, the request to strike the exhibit, because
2   it could in fact result in the damages case being excluded
3   because they wouldn't have the testimony of that.
4           So I have to look at that, I think, through those --
5   through that pair of glasses.
6           Initially, you know, I'm -- you have to have a duty
7   to preserve the information in anticipation of the conduct of
8   the litigation.  You know, I do not find at this point in time
9   that in the 2013/2014 time frame, that there was necessarily an
10  anticipation of this litigation or this type of litigation that
11  would require one to keep every piece of information relating
12  to every examination, work, verification, or whatever of the
13  various notices that were sent out during that time period.
14          The argument having to do with the Master Agreement
15  and the Statement of Work, you know, provides certain
16  information that was to be retained.  My understanding, based
17  on what has been presented here today from the plaintiff -- the
18  plaintiffs, is that the information outlined in the Statement
19  of Work, which is Exhibit T on pages 27 and 28, which specify
20  what was to be data captured and stored for the relevant
21  information contained in that, that it was captured, stored,
22  and produced to the defendant in response to the discovery
23  requests for the time period relating to there.
24          So as an initial matter, I find at this point in time
25  that there really wasn't a duty to preserve any more of the