UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, *et al.*,<br>*Plaintiffs*,<br><br>v.<br><br>COX COMMUNICATIONS, INC, *et al.*,<br><br>*Defendants*. | Civil No. 1:18-cv-950 (LO / JFA) |

## MOTION TO SEAL

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Civil Rule 5(C), Defendants Cox Communications, Inc. and CoxCom, LLC ("Cox") file this motion to seal portions of Cox's Reply Memorandum Of Law In Support Of Its Motion For Relief From the Judgment Under Rule 60(B)(3) And Request For Indicative Ruling Under Rule 62.1 ("Cox's Reply Memorandum of Law") (ECF No. 780). The portions of Cox's Reply Memorandum of Law to be filed under seal quote from and refer to documents designated Confidential and Highly Confidential – Attorneys' Eyes Only by Plaintiffs and third-party MarkMonitor, Inc. under the Stipulated Protective Order in this case (ECF No. 58) (the "Protective Order").

Specifically, the sealed portions of Cox's Reply Memorandum of Law refer to sealed material from Ex. 4, the Declaration of Sam Bahun in Support of Plaintiffs' Opposition to Cox's Motions In Limine, previously filed under seal at ECF 538-1. The sealed portions of Cox's Reply Memorandum of Law also refer to sealed material from Ex. 29, a document produced by Plaintiffs bearing Bates number Plaintiffs_00286272. These exhibits were previously sealed in this case per the order filed at ECF No. 745.

Cox takes no position on whether the redacted material is confidential. Rather, Cox moves to seal these documents based on MarkMonitor's designations. Thus, Local Civil Rule 5(C)

provides that "[w]hen a party moves to file material under seal because another party has designated that material as confidential, the party designating the material as confidential must file a response to the motion," which includes:

1. "A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request." L. Civ. R. 5(C)(2).

2. "References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied." L. Civ. R. 5(C)(3).

3. "Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing." L. Civ. R. 5(C)(4).

4. A proposed order.

Dated: March 2, 2022

Respectfully submitted,

*s/ J. Tyler McGaughey*
J. Tyler McGaughey (VSB No. 78809)
WINSTON & STRAWN LLP
1901 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
Email: TMcGaughey@winston.com

*Attorney for Defendants Cox Communications, Inc. and CoxCom, LLC*

*Of Counsel for Defendants*

Michael S. Elkin (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
Email: MElkin@winston.com

Jennifer A. Golinveaux (*pro hac vice*)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Tel: (415) 591-1000
Fax: (415) 591-1400
Email: JGolinveaux@winston.com

Geoffrey P. Eaton (*pro hac vice*)
WINSTON & STRAWN LLP
1900 L Street NW
Washington, DC 20036
Tel: (202) 282-5000
Fax: (202) 282-5100
Email: GEaton@winston.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 2, 2022, the foregoing was filed and served electronically by the Court's CM/ECF system upon all registered users.

*s/ J. Tyler McGaughey*
J. Tyler McGaughey
