IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SONY MUSIC ENTERTAINMENT, ET AL., ) | |
| ) | |
| *Plaintiffs*, ) | |
| v. ) | Civil Action No. 1:18-cv-00950 |
| ) | Hon. Liam O'Grady |
| COX COMMUNICATIONS, INC., ET AL., ) | |
| ) | |
| *Defendants*. ) | |

## ORDER

Before the Court are two Motions for Relief from the Judgment filed by Defendants. Dkt. 737 and Dkt. 748. The matter has been fully briefed and the Court heard oral arguments on March 18, 2022. For the reasons that follow, Defendants' motions are **DENIED**.

## I. BACKGROUND

### A. Procedural Background

On December 19, 2019, after a multi-week jury trial, the jury found Cox liable both for contributory and vicarious copyright infringement, found that Cox infringed willfully, and awarded statutory damages per work infringed for a total damages award of $1 billion. *See* Verdict Form, Dkt. 669. Cox filed extensive post-trial motions, all of which this Court denied. *See* Dkt. 721. Cox is actively pursuing its Fourth Circuit appeal. *See* Dkt. 732, Dkt. 774.

Cox now brings two Motions for Relief from Judgment under Federal Rule of Civil Procedure 60(b)(2) and (b)(3). Dkt. 737 and Dkt. 748. Cox requests an indicative ruling under Rule 62.1 and, in its latter motion, asks for leave to take discovery in support of its motion. Dkt. 750 at 16.

### B. Factual Background

The facts most relevant to the two motions now before the Court are summarized as follows. Plaintiffs, record companies that generally produce, manage, acquire, sell, and license sound recordings and musical compositions and their copyrights, are part of a trade association – the Recording Industry Association of America ("RIAA"). RIAA hired an anti-piracy company, MarkMonitor, to scan the internet for potentially infringing file-sharing on peer-to-peer ("P2P") networks and to notify Defendants of infringement ("the Notice Program"). MarkMonitor used digital fingerprint technology from Audible Magic, a leading content recognition service, to identify the file's contents by artist name and sound recording title. *See* Dkt. 586.

From January 2012 – March 31, 2015, RIAA and MarkMonitor entered into a Statement of Work ("SOW"), setting forth the services that MarkMonitor would perform under the P2P Notice Program. MarkMonitor conformed with the Notice Program during this time period and sent notices to ISPs, including Cox. Dkt. 768 at 10-11.

The P2P Notice Program proceeded in three steps: file verification, infringement verification, and notice. First, at the file verification stage, MarkMonitor downloaded the potentially infringing file and then used digital fingerprint technology from Audible Magic to identify the file's contents. For each file that Audible Magic verified as one of Plaintiff's copyrighted works, MarkMonitor logged in its database: (i) the file's unique hash value (the "Verified Hash Database") and, (ii) information from Audible Magic identifying the artist, track, and album for the copyrighted work contained in the infringing file (the "File Database"). *Id.* at 11. Crucially, because hash values are a function of the bits and bytes of a file, a file with a hash value of XYZ123 is identical to any other copy of a file with that same XYZ123 hash value regardless of when downloaded. *Id.* at 13. Second, at the infringement verification stage,

MarkMonitor's proprietary system connected with P2P users – including Cox subscribers – to confirm that the subscriber was in the process of distributing a confirmed infringing file. MarkMonitor relied upon the file's unique hash value to confirm its identical identity. MarkMonitor captured this material in "evidence packages" and stored records of these infringement detections in its internal databases. Third, at the notice stage, MarkMonitor sent notices to ISPs, including Cox, from January 2012 through March 31, 2015. *Id.* at 11-12.

The Notice Program SOWs did not call for MarkMonitor to retain copies of the infringing files themselves. Instead, as described above, Audible Magic verified their contents and MarkMonitor recorded those verifications – with the files' hash values – in a database of known infringing titles. *Id.* at 12.

On January 29, 2016, RIAA and MarkMonitor entered into a new SOW in anticipation of litigation ("2016 SOW"). Unlike the prior Notice Program SOW, the 2016 SOW did not involve identifying infringements or sending notices. Rather, over a 30-day period in 2016, MarkMonitor was to attempt to download files associated with certain hash values in anticipation of litigation. *Id.* at 14.

In response to Cox's motion to compel and seek discovery before trial, the Court required the production of RIAA-related documents from 2011 to 2014. *Id.* at 15-16. Cox received the aforementioned "Verified Hash Database," the "File Database," and the "evidence packages," as well as raw data including notices sent, the 2011 Master Agreement, and the Notice Program SOWs. *Id.* at 16. On or before March 26, 2019, Cox received the 2016 SOW. *Id.* at 17.

## II. LEGAL STANDARD

Defendants bring the Motions for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(2) and (b)(3). This rule provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" where, among other things, there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)," Fed. R. Civ. P. 60(b)(2), or where there is "fraud…, misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3). Rule 60(b) relief from judgment is an "extraordinary remedy that should not be awarded except under exceptional circumstances." *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).

Under Rule 60(b)(2) a party may be relieved from judgment where: "(1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended." *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989).

Under Rule 60(b)(3): "(1) the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case." *Schultz v. Butcher*, 24 F.3d 626, 630 (4th Cir. 1994).

## III. DISCUSSION

In the Motions for Relief from Judgment, Cox argues that evidence produced in a similar litigation currently ongoing in the United States District Court for the District of Colorado against another ISP, Charter Communications, Inc., reveals that the evidence presented at trial

before this Court was unreliable and inadmissible. Dkt. 739 at 6. Plaintiffs' Notice Program vendor, MarkMonitor, recently found a piece of source code (along with its revision history, collectively the "Charter Code") that it apparently did not make available for inspection when responding to Cox's subpoena and discovery order in this case. Dkt. 774 at 7. Cox argues that the Charter case record demonstrates that Plaintiffs here compiled a hard drive of the infringing files in 2016 and subjected those files to verification in 2016 – two years after the 2013-2014 Claims Period in this case. Cox claims that Plaintiffs therefore misrepresented the evidence and prejudiced Cox, which was not able to fully defend its case. Dkt. 739 at 6.

The Court finds this argument without merit. The Charter Code relates to how MarkMonitor stored data from Audible Magic's identification of the contents of suspected infringing files. As discussed above, MarkMonitor utilized Audible Magic so that MarkMonitor could develop a database of known infringing files, identified by their unique hash value. Thereafter, MarkMonitor would identify ISP subscribers engaging in infringement by observing them distributing a known infringing file, identified by its unique hash value. Dkt. 774 at 7. That these files may have been downloaded and verified in 2016 – after the Claims Period – is of no consequence. Indeed, the dates of the file downloads do not matter in the context of this case because, as fully explained at trial, files with matching hash values are identical regardless of when downloaded. *See United States v. Thomas*, 2013 WL 6000484, at *3 (D. Vt. Nov. 8, 2013) (Noting that hash values are "more reliable than DNA (in that the likelihood of two individuals coincidentally sharing the same DNA is greater than the likelihood that more than one file with have the same [hash] value."). Furthermore, Cox received the 2016 SOW and knew that the Hard Drive files contained 2016 metadata. Dkt. 768 at 16. Cox previously had every opportunity to

explore these issues and ample evidence by which to put on a defense. The Court finds that the Charter code is not material here.

Given the ongoing litigation in the similar case in the District of Colorado, Defendants may well be rethinking and reevaluating their previous trial strategies. Even still, the Court does not doubt that Defendants received a full and fair trial here. The jury had ample and relevant evidence by which to render their verdict. The Court finds that there is no need to "relieve a party… from a final judgment" because the newly discovered evidence is not material, nor is it likely to produce a new outcome if the case were retried. *See* Fed. R. Civ. P 60(b)(2); *Boryan*, 884 F.2d at 771 (4th Cir. 1989). Moreover, there was no misconduct on the part of Plaintiffs. *See* Fed. R. Civ. P. 60(b)(3); *Schultz*, 24 F.3d at 630 (4th Cir. 1994). Therefore, Defendants are not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(2) or (b)(3).

## IV. CONCLUSION

Based on the foregoing analysis, Defendants' Motions, Dkt. 737 and Dkt. 748, are **DENIED**.

It is **SO ORDERED**.

March 23, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge